(101)  CITATION: PETITION FOR DAMAGES AND INJUNCTIVE RELIEF;        190225-7594-8

## 24TH JUDICIAL DISTRICT COURT
## PARISH OF JEFFERSON
## STATE OF LOUISIANA

CHARLES LEE ANDERSON, ASHLEY AUGUSTINE,
BYRON BARKER, KIMBERLY BARKER, TERRELL
RODRIGUE, DIONNE BARNES
　　versus
LOUISIANA REGIONAL LANDFILL COMPANY

Case: 792-502     Div: "O"
P 1 CHARLES LEE
ANDERSON

To:  WASTE CONNECTIONS US INC
Through its Agent for Service of Process:
CORPORATION SERVICE COMPANY
251 LITTLE FALLS DRIVE
WILMINGTON, DE 19808

**THROUGH LONG ARM STATUTE**

PARISH OF JEFFERSON

You are hereby summoned to comply with the demand contained in the **PETITION** of which a
true and correct copy accompanies this citation, or make an appearance either by filing a
pleading or otherwise, in the 24th Judicial District Court in and for the Parish of Jefferson, State
of Louisiana, within T**HIRTY (30) CALENDAR** days after the return of service hereof, under
penalty of default.

This service was requested by attorney S ELIZA JAMES and was issued by the Clerk of Court
on the 25th day of February, 2019.

　　　　　　　　　　　　　/s/ Joann M Gasper
　　　　　　　　　　　　　Joann M Gasper, Deputy Clerk of Court for
　　　　　　　　　　　　　Jon A. Gegenheimer, Clerk of Court

_____SERVICE INFORMATION_____

(101)  CITATION: PETITION FOR DAMAGES AND INJUNCTIVE RELIEF;        190225-7594-8

Received:_____   Served:_____   Returned:_____

Service was made:
　　___ Personal　　　　　　　___ Domicilary _____

Unable to serve:
　　___ Not at this address　　___ Numerous attempts _____ times
　　___ Vacant　　　　　　　___ Received too late to serve
　　___ Moved　　　　　　　___ No longer works at this address
　　___ No such address　　　___ Need apartment / building number
　　___ Other _____

Service: $_____   Mileage: $_____   Total: $_____

Completed by:_____ # _____
　　　　　　　　　　　Deputy Sheriff
Parish of: _____

(101)  CITATION: PETITION FOR DAMAGES AND INJUNCTIVE RELIEF;    190225-7594-8

## 24TH JUDICIAL DISTRICT COURT
## PARISH OF JEFFERSON
## STATE OF LOUISIANA

CHARLES LEE ANDERSON, ASHLEY AUGUSTINE,
BYRON BARKER, KIMBERLY BARKER, TERRELL
RODRIGUE, DIONNE BARNES
    versus
LOUISIANA REGIONAL LANDFILL COMPANY

Case: 792-502     Div: "O"
P 1 CHARLES LEE
ANDERSON

To:  WASTE CONNECTIONS US INC
Through its Agent for Service of Process:
CORPORATION SERVICE COMPANY
251 LITTLE FALLS DRIVE
WILMINGTON, DE 19808

**THROUGH LONG ARM STATUTE**

PARISH OF JEFFERSON

You are hereby summoned to comply with the demand contained in the **PETITION** of which a
true and correct copy accompanies this citation, or make an appearance either by filing a
pleading or otherwise, in the 24th Judicial District Court in and for the Parish of Jefferson, State
of Louisiana, within **THIRTY (30) CALENDAR** days after the return of service hereof, under
penalty of default.

This service was requested by attorney S ELIZA JAMES and was issued by the Clerk of Court
on the 25th day of February, 2019.

/s/ Joann M Gasper
Joann M Gasper, Deputy Clerk of Court for
Jon A. Gegenheimer, Clerk of Court

_____ SERVICE INFORMATION _____

(101)  CITATION: PETITION FOR DAMAGES AND INJUNCTIVE RELIEF;    190225-7594-8

Received:_____    Served:_____    Returned:_____

Service was made:
   ___ Personal       ___ Domicilary _____

Unable to serve:
   ___ Not at this address    ___ Numerous attempts _____ times
   ___ Vacant          ___ Received too late to serve
   ___ Moved          ___ No longer works at this address
   ___ No such address      ___ Need apartment / building number
   ___ Other _____

Service: $_____    Mileage: $_____    Total: $_____

Completed by:_____ #_____
             Deputy Sheriff
Parish of: _____

FILED FOR RECORD 02/25/2019 13:16:16
Michelle S. Bruner, DY CLERK
JEFFERSON PARISH, LA

**24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON**

**STATE OF LOUISIANA**

**NO: 792-502**                    **DIVISION**

**CHARLES LEE ANDERSON; ASHELEY AUGUSTINE; BYRON BARKER; KIMBERLY BARKER Individually and on Behalf of Her Minor Child, TERRELL RODRIGUE; DIONNE BARNES; JAMES C. BARNES, Jr.; JAMES C. BARNES III; JAYLN BARNES; DEBRA BROWN; MICHAEL BROWN; JEFF CARTER; CALVIN CARTER; DOLLY CROSLEY; LEKESHA DAVIS Individually And On Behalf Of Her Minor Child, SHYNA JOHNSON; PAUL DAVIS, Jr.; EDNA DOBSON; GLEN DUBONE; CHERYL DUFRENE; BETTY DUMAS; PATRICE DUNBAR; BETTY FERRELL Individually And On Behalf Of Her Minor Child, SHAWNDIA FERRELL; BRENDA FERRELL; LAWRENCE FERRELL; RANDY FRICKEY; LINDA FRICKEY In Her Individual Capacity And As The Parent Of Her Minor Child, PRUDENCE CAMARDELLA; RICKEY FRICKEY; SANDRA GARNER, In Her Individual Capacity And On Behalf Of Her Minor Children, DEWITT SOLOMON and DEWIGHT SOLOMON; CLAUDETTA GOLSTON; ALVIN GORDON, Jr.; GABRIELLE GORDON, Individually And On Behalf Of Her Minor Child, GAVIN GORDON; D'LISA GREEN; ETHEL GREEN; FELTON GREEN; DANIEL GUILBEAU; FELTON GUILBEAU; GLENDA GUILBEAU; SHEILA GUILBEAU; CALISA HAMMOND, In Her Individual Capacity And On Behalf Of Her Minor Child, MIRACLE HAMMOND; ALFREDA HARDIN; BRENDA HARRIS; MICHAEL HARRIS, Sr.; AMBER HYBART, In Her Individual Capacity And As Parent Of Her Minor Children, ABIGAIL HYBART, AUBREE HYBART, DECAL HYYBART, and JAXON HYBART; NICHOLAS HYBART; TEDRICK JACKSON; JESSE KOEHL; KATIE KOEHL; SHELETHA LEBRANCH, individually and on behalf of her minor children, MARCUS LANIEUX, ARMAN NUNNERY, DIZNEE LEBRANCH and CHEVRONE WILLIAMS; MICHELLE LEE, In Her Individual Capacity And On Behalf Of Her Minor Children, KARLIE WELLS, JACAYLA KELLY and JYIA KELLY; LEO LESTRICK; TUSCANOW LEWIS; CIARRA MAGEE, Individually And On Behalf Of Her Minor Children, RONKIEA JOHNSON and MELVIN MCCLINTON; LATOYA MANSON, In Her Individual Capacity And On Behalf Of Her Minor Child, KIARA GIBSON; MICHELLE MEYER; CHANCE PALAZZOLO; BERTHA REED; BRADY REED; WILLIS REED; VERNA REED; WILLIS REED, Jr.; BARBARA RIDGLEY; MINDY BERTUCCI RIGNEY, Individually And On Behalf Of Her Minor Children, GRAHAM RIGNEY, GABE RIGNEY and GRANT RIGNEY; WILLIAM DUFRENE STANLEY; CARROLL THIBODEAUX, Jr., In His Individual Capacity And As Parent Of His Minor Child, AIDAN STEFFENS; DEBORAH URSIN; MONTERIO VAUGHN; and KERNER WEATHERSBY.**

**VERSUS**

**LOUISIANA REGIONAL LANDFILL COMPANY (LRLC), f/k/a IESI LA LANDFILL CORPORATION; WASTE CONNECTIONS BAYOU, INC., f/k/a/ PROGRESSIVE WASTE SOLUTIONS OF LA, INC; WASTE CONNECTIONS US, INC; APTIM CORP; PARISH OF JEFFERSON; ABC CORP; DEF CORP; GHI CORP; JKL CORP; and MNO CORP.**

**FILED:** _____          _____

                                         **DEPUTY CLERK**

## PETITION FOR DAMAGES AND INJUNCTIVE RELIEF

This action arises from the continuing, significant and unabated harm suffered by each of the named Petitioners as a result of the ongoing – and admitted – failure of each of the Defendants to ensure that the design, operation and maintenance of the Jefferson Parish Landfill (the "J.P. Landfill") complies with applicable environmental laws and adequately protects Petitioners' human health and environment. At all relevant times, the J.P. Landfill and has persistently emitted harmful and toxic odors and chemicals into the surrounding areas, including where each of the Petitioners resides.

These unlawful, harmful and toxic releases have caused Petitioners substantial loss of the use and enjoyment of their homes and immovable property, and have caused physical harms including, among other things: difficulties breathing, coughing, nausea, burning eyes, ears, noses and throats, dizziness loss of appetite and lethargy, as well as fear, anguish, discomfort and inconvenience. These emissions also have caused diminution in the value of Petitioners' homes.

Accordingly, Petitioners seek redress from the Defendants for the direct and consequential injury and damage they have suffered and will continue to suffer as a direct result of the releases of noxious odors and chemicals from the J.P. Landfill.

### I.

Petitioners respectfully allege as follows:

### PETITIONERS

Named Petitioners herein are:

**CHARLES LEE ANDERSON,** an individual of full age of majority residing at 1332 S. Dilton St., Metairie, LA 70003, and owner of said immovable property.

**ASHELEY AUGUSTINE,** an individual of full age of majority residing at 308 27TH St., Kenner, LA 70062 and owner of said immovable property.

**BYRON BARKER,** an individual of full age of majority residing at 24 Richelle Street, Westwego, LA 70064, and owner of said immovable property.

2

**KIMBERLY BARKER,** an individual of full age of majority residing at 24 Richelle St., Westwego, LA 70094, and owner of said immovable property, individually and on behalf of her minor child, **TERRELL RODRIGUE.**

**DIONNE BARNES,** an individual of full age of majority residing at 140 Willswood Lane, Waggaman, LA 70094, and owner of a leasehold interest in said premises.

**JAMES C. BARNES, JR.,** an individual of full age of majority residing at 140 Willswood Lane, Waggaman, LA 70094 and owner of said immovable property.

**JAMES C. BARNES III** is an individual of full age of majority residing at 140 Willswood Lane, Waggaman, LA 70094.

**JAYLN BARNES,** an individual of full age of majority residing at 140 Willswood Lane, Waggaman, LA 70094.

**DEBRA BROWN,** an individual of full age of majority residing at 31 Richelle Street, Westwego, LA 70064 and owner of said immovable property.

**MICHAEL BROWN,** an individual of full age of majority residing at 31 Richelle Street, Westwego, LA 70064, and owner of said immovable property.

**JEFF CARTER,** an individual of full age of majority, residing at 181 Bishop Drive, Avondale, LA 70094, and owner of said immovable property.

**CALVIN CARTER,** an individual of full age of majority residing at 181 Bishop Drive, Avondale, LA 70094, and owner of said immovable property.

**DOLLY CROSLEY,** an individual of full age of majority residing at 181 Bishop Dr., Avondale, LA 70094, and owner of said immovable property.

**LEKESHA DAVIS,** an individual of full age of majority residing at 341 Providence Lane, Kenner LA 70062, individually and on behalf of her minor child, **SHYNA JOHNSON**.

**PAUL DAVIS, Jr.,** an individual of full age of majority residing at 649 Clay Street, Kenner, LA 70062, and owner of a leasehold interest in said immovable property.

3

**EDNA DOBSON**, an individual of full age of majority residing at 312 Judiciary Drive, Avondale, LA 70094, and owner of said immovable property.

**GLEN DUBONE**, an individual of full age of majority residing at 136 Jasmine Ln., Waggaman, LA 70094, and owner of a leasehold interest in said immovable property.

**CHERYL DUFRENE**, an individual of full age of majority residing at 8933 Camille Ct., River Ridge LA 70123, and owner of said immovable property.

**BETTY DUMAS**, an individual of full age of majority, residing at 316 Rotunda Drive, Avondale, LA 70094, and owner of said immovable property.

**PATRICE DUNBAR**, an individual of full age of majority residing at 309 Wilker Neal Ave., River Ridge, LA 70123, and owner of said immovable property.

**BETTY FERRELL**, an individual of full age of majority residing at 645 Richard Ave., River Ridge, LA 70123, and owner of said immovable property, individually and on behalf of her minor child, **SHAWNDIA FERRELL**.

**BRENDA FERRELL**, and individual of full age of majority residing at 707 Richard Ave., River Ridge, LA 70123, and owner of said immovable property.

**LAWRENCE FERRELL**, and individual of full age of majority residing at 707 Richard Ave., River Ridge, LA 70123.

**RANDY FRICKEY**, an individual residing at 141 Daffodil Lane Westwego, LA 70094.

**LINDA FRICKEY**, an individual of full age of majority residing at 141 Daffodil Lane Westwego, LA 70094 and owner of said immovable property, in her individual capacity and as the parent of her minor child, **PRUDENCE CAMARDELLA**.

**RICKEY FRICKEY**, an individual of full age of majority residing at 141 Daffodil Lane Westwego, LA 70094 and owner of said immovable property.

**SANDRA GARNER**, an individual of full age of majority residing at 120 Rosalie Dr., Avondale, LA 70094, in her individual capacity and on behalf of her minor children, **DEWITT SOLOMON** and **DEWIGHT SOLOMON**.

4

**CLAUDETTA GOLSTON,** an individual of full age of majority residing at 7937 Macon St., Metairie, LA 70003, and owner of said immovable property.

**ALVIN GORDON, Jr.,** an individual of full age of majority residing at 37 Duffy St., Waggaman, LA 70094, and owner of said immovable property.

**GABRIELLE GORDON,** an individual of full age of majority residing at 37 Duffy St., Waggaman, LA 70094, and owner of said immovable property, individually and on behalf of her minor child, **GAVIN GORDON.**

**D'LISA GREEN,** an individual of full age of majority residing at 341 Providence Lane, Kenner, LA 70062.

**ETHEL GREEN,** an individual of full age of majority residing at 341 Providence Lane, Kenner, LA 70062, and owner of said immovable property.

**FELTON GREEN,** an individual of full age of majority, residing at 341 Providence Lane, Kenner, LA 70062.

**DANIEL GUILBEAU,** an individual of full age of majority residing at 3150 Washington St., Kenner, LA 70065.

**FELTON GUILBEAU,** an individual of full age of majority residing at 3150 Washington St., Kenner, LA 70065.

**GLENDA GUILBEAU,** an individual of full age of majority residing at 3150 Washington St., Kenner, LA 70065 and owner of said immovable property.

**SHEILA GUILBEAU,** an individual of full age of majority residing at 3150 Washington St., Kenner, LA 70065 and owner of said immovable property.

**CALISA HAMMOND,** an individual of full age of majority residing at 120 Rosalie Drive, Avondale, LA 70094, in her individual capacity and on behalf of her minor child, **MIRACLE HAMMOND.**

**ALFREDA HARDIN,** an individual of full age of majority residing at 621 South Cumberland, Apt. C., River Ridge, LA 70123 and owner of a leasehold interest in said premises.

5

**BRENDA HARRIS,** an individual of full age of majority residing at 621 South Cumberland, Apt. C., River Ridge, LA 70123 and owner of a leasehold interest in said premises.

**MICHAEL HARRIS, SR.,** an individual of full age of majority residing at 415 Hanson Place, Kenner, LA 70062, and owner of a leasehold interest in said premises.

**AMBER HYBART,** an individual of full age of majority residing at 247 Dilton St,. River Ridge, LA 70123, and owner of said immovable property, in her individual capacity and as parent of her minor children, **ABIGAIL HYBART, AUBREE HYBART, DECAL HYYBART,** and **JAXON HYBART.**

**NICHOLAS HYBART,** an individual of full age of majority residing at 247 Dilton St. River Ridge, LA 70123, and owner of said immovable property.

**TEDRICK JACKSON,** an individual of full age of majority residing at 346 Azalea Dr., Waggaman, LA 70094, and owner of a leasehold interest in said premises.

**JESSE KOEHL,** an individual of full age of majority residing at 10411 Pear St., River Ridge, LA 70123, and owner of said immovable property.

**KATIE KOEHL,** an individual of full age of majority residing at 10411 Pear St., River Ridge, LA 70123, and owner of said immovable property.

**SHELETHA LEBRANCH,** an individual of full age of majority residing at 718 South Starrett Rd., River Ridge, LA 70123 and owner of a leasehold interest in said premises, individually and on behalf of her minor children, **MARCUS LANIEUX, ARMAN NUNNERY, DIZNEE LEBRANCH** and **CHEVRONE WILLIAMS.**

**MICHELLE LEE,** an individual of full age of majority residing at 52 Wilker Neal Ave., Apt. A, River Ridge, LA 70123, and owner of a leasehold interest in said premises, in her individual capacity and on behalf of her minor children, **KARLIE WELLS, JACAYLA KELLY** and **JYIA KELLY.**

**LEO LESTRICK,** an individual of full age of majority residing at 133 Jasmine Ln., Waggaman, LA 70094.

6

**TUSCANOW LEWIS,** an individual of full age of majority residing at 226 Coleman, Kenner, LA 70062, and owner of a leasehold interest in said premises.

**CIARRA MAGEE,** an individual of full age of majority residing at 4113 Trenton St. Apt. 2, Metairie, LA 70002, and owner of a leasehold interest in said premises, individually and on behalf of her minor children, **RONKIEA JOHNSON** and **MELVIN MCCLINTON**.

**LATOYA MANSON,** an individual of full age of majority residing at 44 Megehee Ct Waggaman, LA 70094 and owner of a leasehold interest in said premises, in her individual capacity and on behalf of her minor child, **KIARA GIBSON**.

**MICHELLE MEYER,** an individual of full age of majority residing at 612 Hester Ave., River Ridge LA 70123.

**CHANCE PALAZZOLO,** an individual of full age of majority residing at 141 Daffodil Lane Westwego, LA 70094.

**BERTHA REED,** an individual of full age of majority, residing at 249 Coretta Dr. Avondale, LA 70094, and owner of said immovable property.

**BRADY REED,** an individual of full age of majority, residing at 249 Coretta Dr., Avondale, LA 70094.

**WILLIS REED,** an individual of full age of majority, residing at 249 Coretta Dr. Avondale, LA 70094, and owner of said immovable property.

**VERNA REED,** an individual of full age of majority residing at 133 Jasmine Lane, Waggaman, LA 70094.

**WILLIS REED, JR.,** an individual of full age of majority residing at 133 Jasmine Lane, Westwego, LA 70094, and owner of said immovable property.

**BARBARA RIDGLEY,** an individual of full age of majority residing at 516 S. Cumberland, River Ridge, LA 70123, and owner of a leasehold interest in said premises.

7

**MINDY BERTUCCI RIGNEY**, an individual of full age of majority residing at 9608 Justin Place., River Ridge, LA 70123 and owner of said immovable property, individually and on behalf of her minor children, **GRAHAM RIGNEY, GABE RIGNEY** and **GRANT RIGNEY**.

**WILLIAM DUFRENE STANLEY**, an individual of full age of majority residing at 8933 Camille Ct., River Ridge LA 70123, and owner of said immovable property.

**CARROLL THIBODEAUX, Jr.**, an individual of full age of majority, residing at 315 Citrus Road River Ridge, LA 70123, and owner of said immovable property, in his individual capacity and as parent of his minor child, **AIDAN STEFFENS**.

**DEBORAH URSIN**, an individual of full age of majority residing at 500 Cumberland St., River Ridge, LA 70123, and owner of said immovable property.

**MONTERIO VAUGHN**, an individual of full age of majority residing at 500 Cumberland St., River Ridge, LA 70123.

**KERNER WEATHERSBY**, an individual of full age of majority residing at 604 Hester Ave., River Ridge, LA 70123.

**II.**

Made Defendants herein are:

a. **LOUISIANA REGIONAL LANDFILL COMPANY (LRLC)**, f/k/a **IESI LA LANDFILL CORPORATION (IESI")**, a foreign corporation domiciled in Delaware authorized to do and doing business in this Parish and State. On information and belief, LRLC is a wholly owned subsidiary of Defendant Waste Connections Bayou, Inc., Inc., which in turn was acquired by Defendant Waste Connections US, Inc. On information and belief, Defendant LRLC is controlled by Defendants Waste Connections Bayou, Inc., and/or Waste Connections, US, Inc., and is the "alter ego" of those Defendants, operating without autonomy and only pursuant to the direction, policies and procedures of its parent corporations;

8

b.  **WASTE CONNECTIONS BAYOU, INC., f/k/a/ PROGRESSIVE WASTE SOLUTIONS OF LA, INC.,** a foreign corporation authorized to do and doing business in this Parish and State;

c.  **WASTE CONNECTIONS US, INC.,** a foreign corporation authorized to do and doing business in this Parish and State; and

d.  **APTIM CORP.,** a foreign corporation domiciled in Delaware authorized to do and doing business in this Parish and State;

e.  **PARISH OF JEFFERSON,** a Louisiana municipal parish in and political subdivision of the State of Louisiana (the "Parish";

f.  **ABC CORPORATION,** a foreign or domestic insurance company whose identity is unknown to the Petitioners, who upon information and belief wrote a policy of insurance coverage for Defendant **LOUISIANA REGIONAL LANDFILL COMPANY (LRLC), F/K/A IESI LA LANDFILL CORPORATION ("IESI"),** that may provide coverage for acts, occurrences, and/or omissions more specifically described herein;

g.  **DEF CORPORATION** a foreign or domestic insurance company whose identity is unknown to the Petitioners, who upon information and belief wrote a policy of insurance coverage for Defendant, **WASTE CONNECTIONS BAYOU, INC., f/k/a/ PROGRESSIVE WASTE SOLUTIONS OF LA, INC.** that may provide coverage for acts, occurrences, and/or omissions more specifically described herein;

h.  **GHI CORPORATION** a foreign or domestic insurance company whose identity is unknown to the Petitioners, who upon information and belief wrote a policy of insurance coverage for Defendant, **WASTE CONNECTIONS BAYOU, INC., f/k/a/ PROGRESSIVE WASTE SOLUTIONS OF LA, INC.,** that may provide coverage for acts, occurrences, and/or omissions more specifically described herein;

**III.**

**JURISDICTION AND VENUE**

Venue is proper in accordance with La. R.S. 13:5104(B), which states, in part, that "[a]ll suits filed against a political subdivision of the state ... shall be instituted before the district court

9

of the judicial district in which the political subdivision is located or in the district court having jurisdiction in the parish in which the cause of action arises." Venue is further proper as to all other defendants as the wrongful conduct giving rise to the Petitioner's claims occurred within the jurisdictional limits of Jefferson Parish, State of Louisiana.

IV.

FACTS

The Parish is the owner of the Jefferson Parish Landfill (the "J.P. Landfill"), located at 5800 Highway 90 West in Avondale, Jefferson Parish, LA.

V.

At all relevant times, the J.P. Landfill has been used as a Type I/II landfill permitted to accept municipal and commercial solid waste, non-hazardous industrial waste, trash, construction debris, vegetative waste, dewatered municipal wastewater sludge, and compatible non-hazardous industrial waste pursuant to the Louisiana Environmental Quality Act, La. R.S. 30:2001, *et seq.* (the "Act") as well as federal laws and regulations implemented by the United States Environmental Protection Agency ("USEPA").

VI.

The J.P. Landfill is authorized to operate pursuant to and only in accordance with the terms and conditions of, among other things, Standard Permit P-0297R1(the "Standard Permit") as issued, approved, and subject to periodic review and renewal by the Louisiana Department of Environmental Quality ("LDEQ") pursuant to the Act. The Standard Permit was most recently renewed by the LDEQ on or about January 22, 2010.

VII.

On or about May 17, 2012, the Parish entered into a contract with the Defendant IESI (since renamed the Louisiana Regional Landfill Company) under which IESI agreed, among other things, to "manage all tasks of the operation, management and maintenance" of the J.P. Landfill (the "IESI Operating Contract"). Among other things, the IESI Operating Contract provides that:

10

(a) Operation of the J.P. Landfill will be conducted "in strict compliance and conformity with all Federal, State and local laws, ordinances, and regulations, including the rules and regulations of the USEPA, LDEQ, and all State of Louisiana agencies, and in accordance with the Permit Documents."

(b) "IESI shall be responsible for compliance with all Federal, State and local regulations, laws and ordinances in its performance of the Service/Work associated with the operation [and maintenance] of the Landfill."

(c) IESI is required to "provide all labor, equipment, materials and incidentals to assume all daily operations of the Landfill."

(d) The Parish Engineer has the authority to "decide any and all questions as to...the manner of performance and rate of progress of the Services/Work...the interpretation of the Contract Documents, and all questions as to the acceptable Completion" of the Contract "in his reasonable and good faith opinion." The Parish Engineer is further authorized to "suspend operations at any time when the Service/Work, in his good faith and reasonable opinion, is not being carried out in conformity with the Contract Documents and all permits."

## VIII.

Defendant APTIM is and at all relevant times has been a co-operator of the gas and leachate collection system of the J.P. Landfill.

## IX.

Jefferson Parish, in addition to being an owner of the J.P. Landfill, is and at all relevant times has been a co-manager and co-operator of the J.P. Landfill with IESI/LRLP and APTIM.

## X.

The Parish has admitted that improper operation of the J.P. Landfill is a major source of the odors suffered by Petitioners as well as the adverse consequences thereof. At a public press conference on July 23, 2018, Parish President Mike Yenni stated that:

(a) The J.P. Landfill's system designed to "contain and deodorize landfill gases" has not been in "proper working order."

11

(b) The landfill's leachate collection system has not been operated properly.

(c) "Properly operated landfills do not operate persistent off-site odors and corrective actions…are essential."

(d) The Parish has notified IESI that it is in breach of its contract to properly operate the J.P. Landfill.

## XI.

At the same press conference, Parish Sheriff Mark Conley stated that the J.P. Landfill gas collection system has been collecting only twenty percent of the gas emitted from landfill operations, whereas a properly operating system would collect ninety-seven to ninety-eight percent of gas emissions, "[s]o that is why the Parish president is stressing that we realize we have problems…right now, a lot of our priority, in the name of public safety and our police powers, is to address the existing system, get it operational, and to pull as much gas out of that landfill as we can."

## XII.

At the same press conference, Parish Councilman Paul Johnson stated that the odor from the J.P. Landfill

"has gotten really bad in the past for our five months…we are all going to experience odors from the landfill because it's a landfill. But, not those we have been having for the past three or five months. It's been really bad. I have been woken up at night with my nose burning and couldn't breathe at three or four o'clock in the morning. This has happened to me more than one time…we know the landfill is causing problems and we know it is a big source of problems…."

## XIII.

At the same press conference, Doctor Joseph Cantor, Medical Director and Administrator for Region 1 of the Louisiana Department of Health, warned that when the odors are at "a high level, residents should, if they are able to, leave the area and particularly if they have certain chronic conditions which put them at increased risk mainly pulmonary disease and asthma COPD."[1]]

## XIV.

---

[1] A video recording of the July 23 press conference can be accessed at https://www.facebook.com/NOLAnews/videos/10155793116437060/ (last visited Aug. 4, 2018).

On or about June 22, 2018, the LDEQ issued a Compliance Order to the Parish which, among other things, found that the Parish has violated its Landfill Permit and applicable environmental regulations by (i) failing to provide daily cover and (ii) failing to properly operate the system that is intended to collect leachate – the liquid brew that drains from a landfill and carries with it numerous harmful chemicals.

## XV.

The LDEQ inspectors found areas of pooled leachate and leachate flowing downhill from the pooled leachate.

## XVI.

The United States Environmental Protection Agency ("EPA") has established general screening levels for various pollutants. These screening levels are chemical-specific concentrations for individual contaminants in air that may warrant further investigation or site cleanup. https://www.epa.gov/risk/regional-screening-levels-rsls-users-guide (last visited, Nov. 21, 2018). A chronic screening level addresses potential chronic exposure to a chemical.

## XVII.

Air samples collected by the LDEQ in the communities of River Ridge, Harahan and Waggaman between July 20, 2018 through approximately July 28, 2018 were found to contain numerous chemical compounds at concentrations that exceed EPA's chronic screening levels, including acrolein, 1, 2-dichloroethane, benzene, carbon tetrachloride, and naphthalene. All of these compounds are multimodal toxicants, in that they are potential or actual human carcinogens and also have other toxic effects. The air samples collected by LDEQ also contained hydrogen sulfide at concentrations that exceed EPA's chronic screening levels. Hydrogen sulfide is a potentially toxic compound. All of these compounds are typically found in the gases generated by landfills like the Jefferson Parish Landfill.

## XVIII.

In a report dated August 15, 2018, prepared for the Parish by its environmental consultant, Carson Environmental Consulting ("CEC"), CEC made several findings, including, among other

13

things, that there are numerous deficiencies in "the landfill gas condensate and leachate collection pumping systems[,]" and that the infrastructure for these systems requires immediate improvement "to meet the Parish's performance objectives." In addition, CEC concluded that improved operation and maintenance of the J.P. Landfill requires the Parish's "focused attention."

## XX.

On information and belief, on or about December 5, the Commissioner of the LDEQ informed the Parish that there is "no doubt" in his mind that the JP Landfill is the primary source the odors experienced by residents of the communities in which Petitioners reside.

## XXI.

On information and belief, Defendant ABC Corporation has issued a policy of insurance to Defendant Louisiana Regional Landfill Company that covers the acts and omissions alleged herein. Petitioners will amend this Petition to identify ABC Corporation once its identity is known.

## XXII.

On information and belief, Defendant DEF Corporation has issued a policy of insurance to Defendant Waste Connections Bayou, Inc. that covers the acts and omissions alleged herein. Petitioners will amend this Petition to identify DEF Corporation once its identity is known.

## XXIII.

On information and belief, Defendant GHI Corporation has issued a policy of insurance to Defendant Waste Connections US, Inc. that covers the acts and omissions alleged herein. Petitioners will amend this Petition to identify GHI Corporation once its identity is known.

## XXIV.

On information and belief, Defendant JKL Corporation has issued a policy of insurance to Defendant Aptim Corporation that covers the acts and omissions alleged herein. Petitioners will amend this Petition to identify JKL Corporation once its identity is known.

## XXV.

14

On information and belief, Defendant MNO Corporation has issued a policy of insurance to Defendant Parish of Jefferson that covers the acts and omissions alleged herein. Petitioners will amend this Petition to identify JKL Corporation once its identity is known.

## XXVI.

## **PROXIMATE CAUSE AND BAD ACTS**

The Defendants' failure to properly design, operate and maintain the J.P. Landfill, including its gas and leachate collection systems, have caused harmful, noxious and repulsive odors and chemicals to be released from the J.P. Landfill into the surrounding environment on and in to Petitioners' homes and immovable property, resulting in Petitioners' continuing exposure to these odors and chemicals.

## XXVII.

These odors and chemicals have also caused these Petitioners to suffer physical and other harm including, but not limited to difficulties breathing, coughing, nausea, burning eyes, ears, noses and throats, dizziness, loss of appetite, fatigue and lethargy, as well as fear, anguish, anxiety and mental pain and suffering. In addition:

i.      Petitioner **Charles Lee Anderson** suffers from asthma for which he is treated by a medical doctor, and which is exacerbated by the odors emanating from the Landfill. Mr. Anderson also suffers from coughing, headaches, fatigue, flue-like symptoms and loss of appetite as a result of odors emanating from the Landfill.

ii.     Petitioner **Asheley Augustine** suffers from asthma. She has been treated by a physician for this illness. Her asthma is exacerbated by the odors emanating from the Landfill.

iii.    Petitioner **Dionne Barnes** suffers from asthma, which is exacerbated by the odors emanating from the Landfill.

iv.     Petitioner **Jalyn Barnes** suffers from asthma, which is exacerbated by the odors emanating from the Landfill.

v.      Petitioner **Prudence Camardella** suffers from asthma, which is exacerbated by the odors emanating from the Landfill.

15

vi.     Petitioner **LeKesha Davis** suffers from polymyositis, an inflammation of the lungs. She receives treatment from a physician for this condition. Her illness is exacerbated by the odors emanating from the Landfill, which also cause her to feel nausea.

vii.    Petitioner **Paul Davis, Jr.** suffers from asthma. This illnes is exacerbated by the odors emanating from the Landfill. Mr. Davis is treated by a physician for his asthma.

viii.   Petitioner **Betty Dumas** suffers from chronic bronchitis. She is treated by a physician for this illness. Her bronchitis is exacerbated by the odors emanating from the Landfill.

ix.     Petitioner **Betty Ferrell** suffers from asthma. She is treated by a physician for this illness. Her asthma is exacerbated by the odors emanating from the Landfill.

x.      Petitioner **Linda Frickey** suffers from chronic bronchitis. This illness is exacerbated by the odors emanating from the Landfill. She is treated by a physician for this illness.

xi.     Petitioner **Kiara Gibson** suffers from asthma. She is treated by a physician for this illness. Her asthma is exacerbated by the odors emanating from the Landfill.

xii.    Petitioner **Sheila Guilbeau** suffers from asthma. She is under a physician's care for this illness. Her asthma is exacerbated by the odors emanating from the Landfill.

xiii.   Petitioner **Claudetta Golston** suffers from asthma. She is treated by a physician for this illness. Her asthma is exacerbated by the odors emanating from the Landfill.

xiv.    Petitioner **Michael Harris, Sr.** suffers from asthma and COPD. He is treated by a physician for these illnesses. These illnesses are exacerbated by the odors emanating from the Landfill. In fact, his physician has advised Mr. Harris to move away from the area due to the severity of the symptoms he suffers from the odors emanating from the Landfill.

xv.     Petitioner **Jaxon Hybart** suffers from asthma. He has been treated by a physician for this illness. His asthma is exacerbated by the odors emanating from the Landfill.

xvi.    Petitioner **Tedrick Jackson** suffers from asthma. He has been treated by a physician for this illness. His asthma is exacerbated by the odors emanating from the Landfill.

xvii.   Petitioner **Shyna Johnson** suffers from asthma. She is treated by a physician for this illness. Her asthma is exacerbated by the odors emanating from the Landfill.

xviii.  Petitioner **Markus Lanieaux** suffers from asthma. He has been treated by a physician for this illness. His asthma is exacerbated by the odors emanating from the Landfill, on occasion so severely that he must be admitted to the hospital.

16

xix.    Petitioner **Tuscanow Lewis** suffers from asthma. The odors exacerbate his asthma. He is treated by a physician for this illness.

xx.    Petitioner **Ciarra Magee** suffers from asthma.  She is treated by a physician for this illness.  Her asthma is exacerbated by the odors emanating from the Landfill.

xxi.    Petitioner **Kerner Weathersby**, suffers from asthma and COPD.  He is treated by a physician for these illnesses.  The odors emanating from the Landfill exacerbate these illnesses.

## XXVIII.

Defendants' actions and omissions with respect to the design, operation and maintenance of the J.P. Landfill are the direct and proximate cause of the injuries and harm suffered by each of the Petitioners as alleged above.

## XXVIX.

Defendants' actions and omissions as outlined above also have caused a diminution in the value of Petitioners' immovable property.

## XXX.

These odors have been pervasive and persistent.  They have continued to the present and are likely to continue for the foreseeable future.  The emissions constitute a continuing tort.

## XXXI.

Defendants' acts and omissions in owning, designing, operating and/or maintaining the J.P. Landfill as described above constitute an unreasonable interference with each of the Petitioners' comfortable use and enjoyment of their homes.

## XXXII.

Defendants are liable to the Petitioners for all damages they have suffered, including bodily harm, diminution of property value and fear, anguish, and mental pain and suffering, on account of nuisance.

## XXXIII.

17

These physical invasions of noxious odors and chemicals constitute a trespass causing Petitioners to suffer physical harm, diminution in property value and rental value, inconvenience, loss of enjoyment of property, as well as fear, anguish and mental pain and suffering.

## XXXV.

The emissions of these harmful odors and chemicals have been pervasive and persistent, and constitute a continuing tort.

## XXXVI.

The Defendants' illegal actions and omissions in owning and operating the J.P. Landfill continue to this day and, unless enjoined by this Court, will continue for the indefinite future. Accordingly, Petitioners are entitled to a permanent injunction ordering the Defendants to abate the continuing nuisance and cease the trespasses caused and created by the J.P. Landfill, including the emission of noxious odors and chemicals, and to take all necessary reasonable actions required to accomplish same.

## XXXVII.

Each of the Defendants had a duty to Petitioners to exercise reasonable care in the design, ownership and/or operation of the Landfills, including without limitation the duty to comply with applicable environmental laws and regulations and otherwise to ensure that the Landfills were operated in a manner that does not jeopardize their health, immovable property, environment, and quality of life.

## XXXVIII.

Each of the Defendants breached such duties of care to the Petitioners by, among other things:

    i.    Failing to properly design, operate and maintain the J.P. Landfill, thus allowing noxious and harmful odors and chemicals to be released from the J.P. Landfill and introduced in the atmosphere and surrounding neighborhoods;

    ii.    Failing to take careful and prudent precautionary measures to ensure that these releases would not occur;

iii.   Failing to design, operate and maintain the J.P. Landfill in a manner that does not cause harm to others and, in particular, its neighbors;

iv.   Failing to comply with applicable regulations governing the design, operation and maintenance of the J.P. Landfill;

v.   Being inattentive and careless in the overall design, operation and maintenance of the J.P. Landfill;

vi.   Failing to remediate and repair the failures in design, operation and maintenance of the J.P. Landfill as they became known to the Defendants;

vii.   Any and all other acts of negligence which may be revealed between now and the time of trial.

## XXXIX.

The Defendants' failure to comply with their duties of care to the Petitioners were and are a cause in fact and a legal cause of Petitioners' injuries, and each of the Petitioners has suffered damages as a result thereof, including physical harm, diminution in property value and fear, anguish and mental pain and suffering as well as loss of use and enjoyment of their immovable property and diminution in the value of said property.

## XL.

The Parish's ownership and operation of the J.P. Landfill has caused substantial damage to the value of Petitioners' respective interests in their immovable property.

## XLI.

The Parish knew, or in the exercise of reasonable care, should have known, that its failure to properly design, operate and maintain the J.P. Landfill would cause damage to Petitioners, and such damage could have been prevented by the exercise of reasonable care. The Parish, as owner of the J.P. Landfill, failed to exercise such reasonable care.

## XLII.

In committing the acts and omissions described above, the Defendants have breached their contractual obligations, of which Petitioners are third party beneficiaries, arising under the

19

contracts between the Parish and all other Defendants herein pertaining to the design, operation and maintenance of the J.P. Landfill.

## XLIII.

In committing the foregoing acts and omissions, Defendants have violated, *inter alia*, Civil Code Articles 667, 669, 2315, 2316, and 2317.1, which has caused and continues to cause each of the Petitioners damages including nuisance damages; physical harm and mental fear, anguish, pain and suffering; and diminution in property value.

## XLIV.

Further, Petitioners' interest is their immovable property is a property right protected by the Louisiana Constitution.

## XLV.

Petitioners' interest in their real property has been taken and damaged by the actions of Jefferson Parish as set forth above.

## XLVI.

Such taking and damage was for a public purpose – to wit, the operation of a public landfill for the purpose of handling and disposing of waste generated by the citizens of Jefferson Parish and others.

## XLVII.

The Parish is liable to the Petitioners for damages caused by the Parish's unconstitutional taking of their immovable property without paying just compensation pursuant to Article I, Section 4(B) of the Louisiana Constitution.

## XLVIII.

The Parish's taking of Petitioners' property without just compensation constitutions a deprivation of their property without due process of law pursuant to Article I, Section 2 of the Louisiana Constitution.

## XLIX.

20

The Parish is liable to the Petitioners for damages caused by the Parish's violation of Petitioners' due process rights.

## L.

## REQUEST FOR TRIAL BY JURY

**PETITIONERS REQUEST A JURY TRIAL AS TO ALL CLAIMS TRIABLE BY JURY.**

## LI.

## PRAYER FOR RELIEF

**WHEREFORE,** Petitioners pray that:

(a) Judgment be entered declaring each of the Defendants jointly, severally and *in solido* liable to each of the Petitioners for all damages (and awarding all such damages), including physical and bodily harm, loss of use and enjoyment of their homes, diminution in property value, lost wages, medical expenses and mental pain and suffering;

(b) Judgment be entered against the Parish declaring it liable for inverse condemnation, and awarding to each of the Petitioners just compensation for the unconstitutional taking of their interests in real property and/or a deprivation of due process;

(c) Judgment be entered against all Defendants for all additional damages as are just and reasonable under the circumstances, including but not limited to the cost of alternative housing and medical testing;

(d) The Defendants be permanently enjoined and ordered to abate the nuisances and trespasses, and to take all reasonable and necessary measures to cease the harmful emissions from the J.P. Landfill.

(e) The Defendants be required to provide medical monitoring for all Petitioners as appropriate;

(f) Prejudgment and post-judgment interest on all damages be awarded;

(g) Petitioners be awarded all costs for prosecution of this action and attorney fees;

21

(h) Damages be awarded for all other injuries that may be proved at trial; and

(i) This Court award such other and further relief as it may deem just and proper.

Respectfully submitted,

**FORREST CRESSEY & JAMES, LLC**

Byron Forrest (La. Bar No. 35481)
Nicholas Cressey (La. Bar No. 35725)
S. Eliza James (La. Bar No. 35182)
One Canal Place
365 Canal Street, Suite 1475
New Orleans, Louisiana 70130
Eliza@fcjlaw.com
Tele: 504.605.0777
Fax:   504.322.3884

**OF COUNSEL:**
Barry S. Neuman
Erik Bolog
C. Allen Foster
Adrian Sneed
WHITEFORD TAYLOR PRESTON, LLP
1800 M Street, NW
Suite 450N
Washington, DC 20036
(202) 659-6800
(Applications for Admission *Pro Hac Vice*
Pending)

**PLEASE SERVE:**

**LOUISIANA REGIONAL LANDFILL COMPANY**
Through its Agent for Service
Corporation Service Company
501 Louisiana Avenue
Baton Rouge, LA 70802

**WASTE CONNECTIONS BAYOU, INC.**
Through its Agent for Service
Corporation Service Company
501 Louisiana Ave.
Baton Rouge, LA 70802

**WASTE CONNECTIONS US, INC.**
Via long-arm service through FedEx
Through its Agent for Service
Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808

**APTIM Corp.**
Through its Agent for Service

22

TRUE COPY OF THE ORIGINAL
ON FILE IN THIS OFFICE.

DEPUTY CLERK
24TH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, LA.

CT Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

**PARISH OF JEFFERSON**
Through its Agent for Service
Parish Attorney for the Parish of Jefferson
1221 Elmwood Park Blvd., Suite 701
Jefferson, LA 70123



ORIGIN ID:NEWA   (504) 605-0777
ELIZA JAMES

365 CANAL STREET
SUITE 1475
NEW ORLEANS, LA 70130
UNITED STATES US

SHIP DATE: 25FEB19
ACTWGT:
CAD: 1195099022/NET4102

BILL SENDER

TO WASTE CONNECTIONS US INC
THROUGH ITS AGENT FOR SERVICE
CORPORATION SERVICE CAMPANY
251 LITTLE FALLS DRIVE
WILMINGTON DE 19808
(000) 000-0000

FedEx
Express

THU - 28 FEB 4:30P
EXPRESS SAVER
ASR
19808
DE-US   PHL

TRK#  7745 5443 3946

SB ILGA

FedEx carbon-neutral
envelope shipping

1403

24TH JUDICIAL DISTRICT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

NO. 792-502                                                    DIVISION "O"

CHARLES LEE ANDERSON, et al.

VERSUS

LOUISIANA REGIONAL LANDFILL COMPANY, et al.

### THE WASTE CONNECTIONS DEFENDANTS' MOTION TO TRANSFER

Defendants Waste Connections US, Inc. ("WCUS"), Waste Connections Bayou, Inc. ("WCB"), and Louisiana Regional Landfill Company ("LRLC") (collectively, the "Waste Connections Defendants"), through undersigned counsel, respectfully move this Court pursuant to La. C.C.P. art. 253.2 for entry of an order transferring this action to Division J of this judicial district so that it may be consolidated with the related action No. 790-369, bearing the caption *Frederick Addison, et. al. versus Louisiana Regional Landfill Company, et. al.,* given that the *Addison* action involves the same allegations of fact and law as the present action, as set forth more fully in the attached memorandum.

Counsel for plaintiffs in both this action and the related *Addison* action, Barry S. Neuman, has indicated that he opposes this motion.

WHEREFORE, the Waste Connections Defendants respectfully request that this motion be granted, transferring this action to Division J of this judicial district.

Respectfully submitted,

BRADLEY MURCHISON KELLY & SHEA LLC

By: _____
David R. Taggart
(Louisiana Bar Roll No. 12626)
401 Edwards Street, Suite 1000
Shreveport, Louisiana 71101
Telephone: (318) 227-1131
Facsimile: (318) 227-1141

Michael C. Mims
(Louisiana Bar Roll No. 33991)
John B. Stanton
(Louisiana Bar Roll No. 36036)
1100 Poydras St., Suite 2700
New Orleans, Louisiana 70163

Telephone: (504) 596-6300
Fax: (504) 596-6301

BEVERIDGE & DIAMOND, P.C.
Michael G. Murphy (*pro hac vice to be submitted*)
Megan R. Brillault (*pro hac vice to be submitted*)
John H. Paul (*pro hac vice*)
477 Madison Avenue, 15th Floor
New York, NY 10022
(212) 702-5400

James B. Slaughter (*pro hac vice to be submitted*)
1350 I Street, N.W., Suite 700
Washington, DC 20005
(202) 789-6000

Counsel for Defendants Waste Connections US,
Inc., Waste Connections Bayou, Inc., and Louisiana
Regional Landfill Company

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above pleading on the following counsel of record via PDF email this ___ day of March, 2019.

Byron M. Forrest
Nicholas V. Cressey
S. Eliza James
Forrest Cressey & James, LLC
One Canal Place
365 Canal Street, Suite 1475
New Orleans, Louisiana 70130

Barry S. Neuman
Adrian Snead
C. Allen Foster
Erik Bolog
Whiteford Taylor Preston, LLP
1800 M Street, NW
Suite 450N
Washington, DC 20036

OF COUNSEL

3

24TH JUDICIAL DISTRICT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

NO. 792-502                                                                          DIVISION "O"

CHARLES LEE ANDERSON, et al.

VERSUS

LOUISIANA REGIONAL LANDFILL COMPANY, et al.

## **ORDER**

Considering the above and foregoing Motion to Transfer submitted by the Waste Connections Defendants,

IT IS ORDERED BY THE COURT that Petitioners show cause on the _____ day of _____ at _____ a.m. why the Waste Connections Defendants' Motion to Transfer should not be granted.

Gretna, Louisiana, this _____ day of _____ 2019.


_____
DISTRICT JUDGE


**SHERIFF, PLEASE SERVE:**
**CHARLES LEE ANDERSON, ET AL.**
**THROUGH THEIR COUNSEL OF RECORD:**
Byron M. Forrest
Nicholas V. Cressey
S. Eliza James
Forrest Cressey & James, LLC
One Canal Place
365 Canal Street, Suite 1475
New Orleans, Louisiana 70130

1

24TH JUDICIAL DISTRICT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

NO. 792-502                                                DIVISION "O"

CHARLES LEE ANDERSON, et. al.

VERSUS

LOUISIANA REGIONAL LANDFILL COMPANY, et. al.

**MEMORANDUM IN SUPPORT OF
THE WASTE CONNECTIONS DEFENDANTS' MOTION TO TRANSFER**

Defendants Waste Connections US, Inc. ("WCUS"), Waste Connections Bayou, Inc. ("WCB"), and Louisiana Regional Landfill Company ("LRLC") (collectively, the "Waste Connections Defendants"), through undersigned counsel, submit this memorandum in support of their Motion to Transfer, requesting entry of an order transferring this action to Division J of this judicial district so that it may be consolidated with the related action No. 790-369, bearing the caption *Frederick Addison, et. al. versus Louisiana Regional Landfill Company, et al.,*[1] given that the *Addison* action involves the same allegations of fact and law as the present action.

**A. PROCEDURAL BACKGROUND**

On July 25, 2018, the first of four putative class actions was filed in the 24th Judicial District Court on behalf of a proposed class of persons seeking damages for alleged "noxious odors" emanating from the Jefferson Parish Landfill ("Landfill"). *See Ictech-Bendeck v. Progressive Waste Solutions,* No. 2:18-cv-07889 (E.D. La.) (filed in 24th Jud. Dist. July 25, 2018).[2] On August 17, 2018, the Waste Connections Defendants removed the *Ictech-Bendeck* action to federal court pursuant to the Class Action Fairness Act ("CAFA").[3] Over the next month, three additional putative class actions were filed in the 24th Judicial District Court, *Thompson v. Louisiana Regional Landfill Company,* No. 2:18-cv-08071 (E.D. La.) (July 30, 2018), *Bernard v. Progressive Waste Solutions of LA, Inc.,* 2:18-cv-08218 (E.D. La.) (Aug. 10, 2018), and *Landry-Boudreaux v. Progressive Waste Solutions of LA, Inc.,* 2:18-cv-09312 (E.D.

---

[1] *See* Ex. A-1.
[2] Ex. B-1.
[3] Ex. B-2.

2

La.) (Aug. 27, 2018).[4] The Waste Connections Defendants also removed these subsequent actions to federal court pursuant to CAFA.[5] All four proposed class actions name the same set of defendants – Jefferson Parish,  Louisiana Regional Landfill Company f/k/a IESI LA Landfill Corporation (a Waste Connections subsidiary), Waste Connections Bayou, Inc. f/k/a/ Progressive Waste Solutions of LA, Inc., Waste Connections US, Inc., and Aptim Corporation.

On December 13, 2018, the *Addison* plaintiffs filed action No. 790-369, brought on behalf of 86 residents of Jefferson Parish and seeking damages for alleged odors emanating from the Landfill.[6] The *Addison* suit also involves defendants Jefferson Parish, the Waste Connections Defendants, and Aptim Corporation. The *Addison* plaintiffs are represented by Barry S. Neuman, based in Washington, D.C., with the firm of Forrest, Cressy & James, LLC serving as local counsel. The *Addison* matter was not removable under CAFA, which provides jurisdiction for cases that are either styled as a class action, or that involve 100 or more plaintiffs. *Addison* meets neither of those criteria.

WCUS and Jefferson Parish responded to the *Addison* action with declinatory exceptions of lis pendens.[7] After those matters were fully briefed, the Honorable Stephen C. Grefer held a hearing on January 24, 2019. At the conclusion of argument, Judge Grefer held that La. C.C.P. art. 532 dictated that the exceptions of lis pendens be granted as *Addison* was duplicative of the four related class actions pending in federal court.[8] Judge Grefer further ordered that *Addison* would be stayed until such time as the Eastern District of Louisiana ordered a remand of any one of the related class actions, or until such time as the Eastern District of Louisiana ruled on class certification in any one of those actions. On February 6, 2019, Judge Grefer signed a judgment reflecting this ruling.[9]

On February 25, 2019, Mr. Neuman and the Forrest, Cressy, and James firm filed the present *Anderson* suit on behalf of 91 additional residents of Jefferson Parish, also complaining

---

[4] Exs. C-1, D-1, E-1.
[5] Exs. C-2, D-2, E-2.
[6] Ex. A-1.
[7] The *Addison* action was stayed before the other Waste Connections Defendants appeared. Presently, WCUS is the only one of the Waste Connections Defendants that has made an appearance in *Addison.*
[8] Ex. A-2.
[9] *See* Exhibit A-3. On March 21, 2019, the *Addison* plaintiffs filed an application for supervisory writs, which the Fifth Circuit Court of Appeal has not yet ruled on. That application lacks any merit, as Judge Grefer properly held that *Addison* was duplicative of the four related class actions pending in federal court.

3

of odors allegedly emanating from the Landfill. That matter also names defendants Jefferson Parish, the Waste Connections Defendants, and Aptim Corporation.

On March 14, 2019, Mr. Neuman and the Forrest, Cressy, and James firm filed a third such suit in this district, this time on behalf of 93 additional residents of Jefferson Parish, also complaining of odors allegedly emanating from the Landfill. That matter also names defendants Jefferson Parish, the Waste Connections Defendants, and Aptim Corporation, and is captioned *Michael Brunet et al. versus Louisiana Regional Landfill Company, et al.,* Civil Action No. 793-088, currently pending on the docket of Division O in this district.[10]

On March 14, 2019, the Eastern District of Louisiana denied the various motions to remand pending in the four putative class actions, holding that the actions would remain in federal court.[11]

The Waste Connections Defendants now request that the present *Anderson* matter be transferred from Division O to Division J, for purposes of consolidating it with the *Addison* action, given that the two actions involve the same allegations of fact and law. The transfer will serve several vital interests: prevent the appearance of judge shopping by plaintiffs; promote efficiency and judicial expediency; and avoid the possibility of inconsistent rulings.

Simultaneous with this motion, the Waste Connections Defendants have filed a declinatory exception of lis pendens in the present *Anderson* matter, on the basis that it is duplicative of the related class actions filed in the summer of last year (i.e., the same basis on which Judge Grefer ordered that the *Addison* matter be stayed). The Waste Connections Defendants submit that Judge Grefer should hear the exception of lis pendens after the present *Anderson* action is transferred to Division J. Additionally, WCUS filed a similar motion to the present one in Division J in the *Addison* action, requesting that Judge Grefer exercise his authority under La. C.C.P. article 1561 to order that the present *Anderson* action be transferred to Division J and consolidated with *Addison*. While Judge Grefer may properly resolve this issue

---

[10] Ex. F.
[11] *Ictech-Bendeck,* __F.Supp.3d__, 2019 WL 1199105; *Thompson,* __F.Supp.3d__, 2019 WL 1199103; *Landry-Boudreaux,* __F.Supp.3d__, 2019 WL 1199104; *Bernard,* __F.Supp.3d__, 2019 WL 1199102.

under La. C.C.P. article 1561,[12] the present motion was filed in an abundance of caution, given

that the *Addison* matter is stayed pursuant to Judge Grefer's order dated February 6, 2019.

## B. ARGUMENT

Louisiana Code of Civil Procedure article 253.2 allows for transfer of a case from one

division of a judicial district to another division within the same district to effect a consolidation,

as follows:

> After a case has been assigned to a particular section or division of the court, it
> may not be transferred from one section or division to another section or division
> within the same court, unless agreed to by all parties, or unless it is being
> transferred to effect a consolidation for purpose of trial[13] pursuant to Article 1561.
> However, the supreme court, by rule, may establish uniform procedures for
> reassigning cases under circumstances where an expeditious disposition of cases
> may be effectuated.

The Louisiana Supreme Court has confirmed that transfer for consolidation purposes is

appropriate when two suits allege common issues of fact and law. *See Cotton v. Gaylord*

*Chemical Corporation*, 96-1823 (La. 7/18/96), 678 So. 2d 532 (cases involved same alleged

incident, same defendants, and similar allegations against the defendants). A request to transfer a

case for consolidation purposes should be granted to avoid multiplicity and duplication of

actions.[14] The purpose of consolidation is to discourage judge shopping[15] and to promote judicial

efficiency and expediency.[16] Further, an objection to transfer is valid only when the objecting

---

[12] Although Louisiana Code of Civil Procedure article 1561 provides that the division in which the first-filed action is pending is the proper division to order a consolidation, article 253.2 also grants this Court the authority to order a transfer of this matter "to effect a consolidation."

[13] Despite article 253.2's reference to trial, Louisiana courts have observed that a trial court has wide discretion to order a transfer for consolidation purposes at any stage of the proceedings, even if consolidation would obviate the need for a trial. *See Bonnette v. Tunica-Biloxi Indians,* 2002-919 (La.App. 3 Cir. 5/28/03, 2), 873 So. 2d 1, 4, on reh'g (Mar. 24, 2003). There, the trial court dismissed the first-filed action for lack of subject matter jurisdiction; it then ordered consolidation of a later filed action, and subsequently dismissed it for lack of subject matter jurisdiction for same reasons as first-filed action. The court of appeal rejected the appellant's argument that the trial court erred in dismissing the later-filed action immediately after consolidation, when consolidation should be for trial only. *Id; see also Ferguson v. Sugar,* 2000-2528 (La.App. 4 Cir. 12/19/01, 3), 804 So.2d 844, 846 (permitting the consolidation of a petition for discovery only pending in one division with the underlying negligence claim pending in another, even though the discovery petition was not consolidated "for trial.")

[14] *See e.g., In re Miller,* 95-1051 (La. App. 1 Cir. 12/15/95), 665 So. 2d 774, 776; *Reynaud v. Champagne,* 14 Orleans App. 179, 181 (La. 1917) ("The law abhors a multiplicity of actions against the same person.").

[15] *See* Rule 9.4(b) of the Uniform Rules for Louisiana District Courts, which provides:
> (b) Judge or forum shopping is prohibited. To achieve continuity of case management and avoid the appearance of judge or forum shopping, all subsequent actions asserting the same claim by the same parties, except for cases filed in juvenile courts with concurrent jurisdiction, shall be transferred to the division to which the first case filed was allotted, whether or not the first case is still pending. Any attorney or party who files more than one petition for the same party on the same cause of action shall attach to any subsequent petition a "Notice of Prior Filing or Multiple Filing," regardless of whether any of the previous petitions were dismissed. This notice shall comply with La. Code Civ. Proc. art. 853.

[16] *See St. Pe v. Neal*, 534 So. 2d 993, 994 (La.App. 4th Cir. 1988) (consolidation appropriate when it "achieves judicial economy and results in the reduction of transactional costs."); *Aaron & Turner, L.L.C. v. Perret*, 2007-1425

party demonstrates with "specificity" that it will be unduly prejudiced. *Abadie v. Metro. Life Ins. Co.*, 00-344 (La.App. 5th Cir. 3/28/01, 11), 784 So. 2d 46, 62.

Here, transfer for consolidation purposes is warranted because both *Anderson* and *Addison* allege the same events and alleged wrongdoing (ongoing odors which are allegedly emanating from the Landfill); the two suits involve at least one common plaintiff (Ms. Ethel Green);[17] all plaintiffs in both suits belong to the same proposed class of plaintiffs in four previously filed proposed class actions; both suits name identical defendants; and both suits seek the same relief from the same defendants.[18]

Further, transfer for consolidation purposes should be granted as several more similar actions are likely to be filed in the near future, and without transfer, those various suits would cause a drain on this district's resources and create a risk of inconsistent judgments.

**1. Same alleged events, same alleged wrongdoing.**

First, transfer for consolidation purposes is appropriate because the two suits arise from the same alleged events and involve the same alleged acts of wrongdoing. Namely, both the *Anderson* and *Addison* suits allege that odors have emanated and continue to emanate from the Landfill, and that such odors are caused by the Landfill's insufficient leachate and gas collection systems. This is made abundantly clear by the "Introduction" sections of the *Anderson* and *Addison* petitions – which contain the same, identical provision:

> This action arises from the continuing, significant and unabated harm suffered by each of the named Petitioners as a result of the ongoing – and admitted – failure of each of the Defendants to ensure that the design, operation and maintenance of the Jefferson Parish Landfill (the "J.P. Landfill") complies with applicable environmental laws and adequately protects Petitioners' human health and environment. At all relevant times, the J.P. Landfill and has persistently emitted harmful and toxic odors and chemicals into the surrounding areas, including where each of the Petitioners resides.
>
> These unlawful, harmful and toxic releases have caused Petitioners substantial loss of the use and enjoyment of their homes and immovable property, and have caused physical harms including, among other things: difficulties breathing, coughing, nausea, burning eyes, ears, noses and throats, dizziness loss of appetite

---

(La.App. 1 Cir. 5/4/09), 2009 WL 2857974 (consolidation warranted "in the interests of judicial efficiency"); *Johnson v. First Nat. Bank of Shreveport*, 2000-870 (La.App. 3 Cir. 6/20/01, 6), 792 So. 2d 33, 43 ("Judicial economy dictates that such similar matters arising out of the same set of facts and circumstances and against the same set of Defendants be tried together.").

[17] *See* Ex. A-1, *Addison* petition, p. 4; *Anderson* petition, p. 5.

[18] Those defendants are Jefferson Parish, Louisiana Regional Landfill Company ("LRLC") f/k/a IESI LA Landfill Corporation, Waste Connections Bayou, Inc. f/k/a/ Progressive Waste Solutions of LA, Inc., Waste Connections US, Inc., and Aptim Corporation.

and lethargy, as well as fear, anguish, discomfort and inconvenience. These emissions also have caused diminution in the value of Petitioners' homes.

Accordingly, Petitioners seek redress from the Defendants for the direct and consequential injury and damage they have suffered and will continue to suffer as a direct result of the releases of noxious odors and chemicals from the J.P. Landfill.[19]

Likewise, the remainder of both petitions set forth nearly identical allegations regarding the events giving rise to the litigation and the harms allegedly suffered.[20] In short, there is no meaningful distinction in the facts and law alleged in the two suits that would cut against transferring this action.

### 2.  Same plaintiffs

Transfer is also appropriate as *Addison* and *Anderson* both involve at least one common plaintiff,[21] and more importantly, the *Addison* and *Anderson* plaintiffs share a legal identity as both sets of plaintiffs belong to the same proposed class of plaintiffs in four previously filed proposed class actions which are pending in federal court.

As Judge Grefer already recognized when he granted WCUS' exception of lis pendens, the *Addison* plaintiffs are, as a matter of law, deemed to share an identity with the proposed class of plaintiffs in the *Ictech* and other related proposed class actions.[22] The Court's ruling was based, in part, on Louisiana Supreme Court authority which makes it clear that when plaintiffs in a later-filed action are putative class members of an earlier-filed pending class action, there is a shared legal identity among all members of the putative class until at least such time as class certification is ruled upon. *Aisola v. Louisiana Citizens Property Ins. Corp.,* 2014-1708 (La. 10/14/15), 180 So. 3d 266, 270 (finding that there was an "identity of parties" where plaintiffs

---

[19] *See* Ex. A-1, *Addison* petition, p. 2; *Anderson* petition, p. 2.
[20] *Compare, e.g.,* Ex. A-1, *Addison* petition, para. XXXV(a) (alleging that defendants were negligent in "Failing to properly design, operate and maintain the J.P. Landfill, thus allowing noxious and harmful odors and chemicals to be released from the J.P. Landfill and introduced in the atmosphere and surrounding neighborhoods.") with *Anderson* petition, para. XXXVIII(i) (same); Ex. A-1, *Addison* petition, para.  XXXV [sic] at p. 17 ("The Defendants' failure to comply with their duties of care to the Petitioners were and are a cause in fact and a legal cause of Petitioners' injuries, and each of the Petitioners has suffered damages as a result thereof, including physical harm, diminution in property value and fear, anguish and mental pain and suffering as well as loss of use and enjoyment of their immovable property and diminution in the value of said property.") with *Anderson* petition, para. XXXIX (same).
[21] *See* Ex. A-1, *Addison* petition, p. 4; *Anderson* petition, p. 5 (both naming Ethel Green of 341 Providence Lane, Kenner, LA 70062).
[22] Ex. A-2, pp. 31:30-32:12 (holding that given "the proposed class definition [in *Ictech-Bendeck* and the related actions] and the allegations alleged in the plaintiffs' petition in the Addison matter that there is no way that this Court can envision that [the Addison plaintiffs] wouldn't be members of the class if a class is so certified [in *Ictech-Bendeck* or the related actions]. That doesn't mean that they can't opt out [at a later date], obviously, but that's not the question now.").

7

were putative class members of four earlier-filed class action suits). The *Addison* plaintiffs conceded that they fall within the definition of the class proposed in the *Ictech* and related actions,[23] and there is not yet an available procedure for opting out of the proposed class.[24] Accordingly, Judge Grefer correctly held that the *Addison* plaintiffs share an identity with the plaintiffs in four previously filed proposed class actions.

The *Anderson* plaintiffs, just like the *Addison* plaintiffs, all allege to be residents of Jefferson Parish who have been harmed by odors allegedly emanating from the Landfill.[25] Therefore, for the same reasons as the *Addison* plaintiffs, the *Anderson* plaintiffs fall within the proposed class definition[26] and share an identity with the plaintiffs in four previously filed proposed class actions – and by extension, the *Addison* and *Anderson* plaintiffs share an identity with each other.

Finally, the *Addison* and *Anderson* plaintiffs are represented by the same attorneys, which also weighs in favor of transfer.[27]

For these reasons, transfer is appropriate as *Addison* and *Anderson* both involve at least one common plaintiff, and the *Addison* and *Anderson* plaintiffs share a legal identity.

### 3. Same defendants

Transfer is also warranted because the *Addison* and *Anderson* actions involve the same defendants – namely, Jefferson Parish, the Waste Connections Defendants, and Aptim Corporation.

### 4. Transfer is necessary to prevent the appearance of judge shopping

Additionally, transfer to Division J is necessary to prevent the appearance of judge shopping. Rule 9.4(b) of the Uniform Rules for Louisiana District Courts explicitly calls for transfers when necessary to prevent the appearance of judge shopping, as follows:

---

[23] Ex. A-2, p. 19, lines 8–21.

[24] *See Duckworth v. La. Farm Bureau Mut. Ins. Co.*, 2011-2835 (La. 11/2/12), 125 So. 3d 1057, 1070 ("The decision to request exclusion or to 'opt out' is made, not at the time of filing a class action petition, but after the class is certified, notice is issued, and a timely election form is submitted."); *Quinn v. La. Citizens Prop. Ins. Corp.*, 2012-0152 (La. 11/2/12), 118 So.3d 1011, 1016 ("when a class action is certified in Louisiana, all persons who fall within the class definition are class members. The only avenue for requesting exclusion from a class once it is certified is by the timely submission of an election form.").

[25] *Anderson* petition, paras. I, III, XXVI.

[26] The proposed class in each action is defined as all residents of Jefferson Parish that suffered harm as a result of the alleged emission of noxious odors from the Landfill. *See* Ex. B-1, Petition at 4; Ex. C-1, Petition at 2; Ex. D-1, Petition at 5; and E-1, Petition at 5.

[27] *Rapp v. City of New Orleans*, 95-1638 (La.App. 4 Cir. 9/18/96, 46), 681 So. 2d 433, 455 ("common representation on both sides" was one reason that consolidation was warranted).

> Judge or forum shopping is prohibited. To achieve continuity of case management and avoid the appearance of judge or forum shopping, all subsequent actions asserting the same claim by the same parties, except for cases filed in juvenile courts with concurrent jurisdiction, shall be transferred to the division to which the first case filed was allotted, whether or not the first case is still pending. Any attorney or party who files more than one petition for the same party on the same cause of action shall attach to any subsequent petition a "Notice of Prior Filing or Multiple Filing," regardless of whether any of the previous petitions were dismissed.

As set forth above, the *Addison* and *Anderson* actions involve the same defendants, at least one common plaintiff, and the remaining plaintiffs share a legal identity. Under these circumstances, Uniform Rule 9.4(b) required plaintiffs' counsel to attach a "Notice of Prior Filing or Multiple Filing" to the *Anderson* petition, which presumably would have prompted the Clerk of Court to transfer the *Anderson* action to Division J. Yet, plaintiffs' counsel failed to submit the required notice, and when contacted by undersigned counsel, plaintiffs' counsel indicated that he would oppose any motion requesting that *Anderson* be transferred to Division J.

Regardless of plaintiffs' counsel's true motives for opposing transfer of *Anderson* to Division J, it certainly creates the appearance that plaintiffs' counsel would prefer to avoid Division J, in which Judge Grefer already held that the similar *Addison* action be stayed under lis pendens. Uniform Rule 9.4(b) is designed to prevent such appearances of judge shopping and thus transfer is warranted.

### 5. Transfer is necessary to prevent a drain on this district's resources and the risk of inconsistent judgments.

A transfer should also be granted to avoid wasting judicial resources and inconsistent rulings. Several more similar actions are likely to be filed in the near future— indeed, just weeks after filing *Anderson*, the same counsel filed another related action, *Brunet*.[28] Without transfer, the various related suits would waste judicial resources and create a risk of inconsistent judgments. So far, Mr. Neuman and the Forrest, Cressy, & James firm have filed three mass actions concerning alleged odors emanating from the Landfill. Mr. Neuman has already indicated to Judge Grefer that his legal team "has been inundated with over a thousand phone calls" from prospective clients and that he is indeed working to enlist additional plaintiffs.[29]

---

[28] Ex. F.
[29] Ex. A-2, pp. 14:30–15:12.

Given Mr. Neuman's suggestion that thousands more potential plaintiffs are lying in wait, there is a very real possibility that many – 10 or more – related actions could be filed alleging the same issues of fact and law, and that each would be lodged in a different division of this judicial district. That number could balloon considerably if other attorneys adopt Mr. Neuman's strategy, especially in consideration of the staggering geographic scope of those allegedly suffering harm[30] and Jefferson Parish's population in excess of 400,000 people. Without transfer, those various suits would create a significant drain on this district's resources and create a risk of inconsistent judgments on *lis pendens* and other issues that may arise.

**6. Transfer would not cause undue prejudice.**

Finally, a transfer for consolidation purposes is warranted as it would not cause jury confusion, prevent a fair and impartial trial, give any party an undue advantage, or prejudice the rights of any party. *See* La. C.C.P. art. 1561(B). The Louisiana Fifth Circuit has recognized that transfer for consolidation purposes should not be denied based on vague or nonspecific objections; rather, an objection to transfer is valid only when the objecting party demonstrates with "specificity" that it will be unduly prejudiced. *Abadie v. Metro. Life Ins. Co.*, 00-344 (La.App. 5th Cir. 3/28/01, 11), 784 So. 2d 46, 62.

Here, a transfer for consolidation purposes would not only be fair to all parties but would be the most efficient and common-sense approach to managing the related actions. It would allow the same judge to issue rulings on lis pendens in the various cases, which is appropriate given that the exceptions of lis pendens in *Addison* and *Anderson* involve virtually the same factual allegations and issues of law. And if and when the stays are lifted, all of the actions would be before a single division, ensuring consistent discovery and case management rulings.

As for the risk of jury confusion and the likelihood of an impartial trial, any such concerns are entirely speculative at this point. Pursuant to the exceptions of lis pendens – which has already been granted as to *Addison*, and is likely to be granted as to *Anderson* – the *Addison*

---

[30] On the northwest end of the spectrum, Mr. Neuman has filed suit on behalf of plaintiffs residing north of Louis Armstrong airport in Kenner. *See Anderson* petition, p. 5 (naming plaintiffs living at 3150 Washington St., Kenner, LA 70065). On the southeast end of the spectrum, he has filed suit on behalf of plaintiffs residing almost as far south as Lapalco Boulevard in Marrero. *See* Ex. F, *Brunet* petition, p. 4 (naming a plaintiff living at 1534 Mansfield Ave., Marrero, LA 70072).

and *Anderson* actions will not proceed to trial in this district unless class certification is denied or the plaintiffs chose to opt out of a certified class.

Even if the Court assumes that *Addison* and *Anderson* will eventually proceed to trial in this district, transfer for consolidation purposes is deemed to be unlikely to cause jury confusion or undue prejudice when the cases are "closely connected by the facts and theories of recovery" alleged in the petitions, as is the case here. *See Bridwell v. Louisiana Patients' Comp. Fund*, 2003-0683 (La.App. 4 Cir. 5/7/03, 2), 847 So. 2d 686, 688. Given the common issues alleged in *Anderson* and *Addison,* there is no basis to conclude that transfer would impair the plaintiffs' right to a fair trial. *See also Riggin v. Watson-Aven Ice Cream Co.*, 192 La. 469, 476, 188 So. 144, 146 (1939) (consolidation would not unduly prejudice plaintiffs when the allegations "arise from one and the same accident and are of a similar nature.").

While the above objections would lack any merit, the most obvious objection the *Anderson* plaintiffs might have to transfer is that Judge Grefer would presumably apply the same rationale in ruling on the issue of lis pendens as he did in *Addison*, resulting in a stay of the *Anderson* suit. However, a party's desire for a second bite at the apple before a different judge is not a valid reason for opposing transfer.[31]

## C. CONCLUSION

For all of these reasons, the Waste Connections Defendants respectfully request that this motion be granted, transferring Civil Action No. 792-502 from Division O to Division J.

Respectfully submitted,

BRADLEY MURCHISON KELLY & SHEA LLC

By: _____

David R. Taggart
(Louisiana Bar Roll No. 12626)
401 Edwards Street, Suite 1000
Shreveport, Louisiana 71101
Telephone: (318) 227-1131
Facsimile: (318) 227-1141

Michael C. Mims
(Louisiana Bar Roll No. 33991)
John B. Stanton
(Louisiana Bar Roll No. 36036)

---

[31] *See* Rule 9.4(b) of the Uniform Rules for Louisiana District Courts, which orders that cases involving the same parties and same causes of action be tried in the same division in order to "achieve continuity of case management and avoid the appearance of judge or forum shopping."

11

1100 Poydras St., Suite 2700
New Orleans, Louisiana 70163
Telephone: (504) 596-6300
Fax: (504) 596-6301

BEVERIDGE & DIAMOND, P.C.
Michael G. Murphy (*pro hac vice to be submitted*)
Megan R. Brillault (*pro hac vice to be submitted*)
John H. Paul (*pro hac vice to be submitted*)
477 Madison Avenue, 15th Floor
New York, NY 10022
(212) 702-5400

James B. Slaughter (*pro hac vice to be submitted*)
1350 I Street, N.W., Suite 700
Washington, DC 20005
(202) 789-6000

Counsel for Defendants Waste Connections US,
Inc., Waste Connections Bayou, Inc., and Louisiana
Regional Landfill Company

12

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above pleading on the following counsel

of record via PDF email this ___ day of March, 2019.

Byron M. Forrest
Nicholas V. Cressey
S. Eliza James
Forrest Cressey & James, LLC
One Canal Place
365 Canal Street, Suite 1475
New Orleans, Louisiana 70130

Barry S. Neuman
Adrian Snead
C. Allen Foster
Erik Bolog
Whiteford Taylor Preston, LLP
1800 M Street, NW
Suite 450N
Washington, DC 20036

                                        OF COUNSEL

24TH JUDICIAL DISTRICT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

NO. 792-502                                                                    DIVISION "O"

CHARLES LEE ANDERSON, et al.

VERSUS

LOUISIANA REGIONAL LANDFILL COMPANY, et al.

**THE WASTE CONNECTIONS DEFENDANTS'**
**DECLINATORY EXCEPTION OF LIS PENDENS**

Defendants Waste Connections US, Inc., Waste Connections Bayou, Inc., and Louisiana

Regional Landfill Company (collectively, the "Waste Connections Defendants"), through

undersigned counsel, hereby except to the Petition for Damages and Request For Injunctive

Relief ("Petition") by submitting this declinatory exception of lis pendens pursuant to La. C.C.P.

arts. 532, and 925(A)(3). As set forth more fully in the attached memorandum, the Petition is

duplicative of four proposed class actions currently pending in federal court.

WHEREFORE, the Waste Connections Defendants respectfully request that the

foregoing declinatory exception of lis pendens be sustained and that this matter be stayed.

Respectfully submitted,

BRADLEY MURCHISON KELLY & SHEA LLC

By: _____
David R. Taggart
(Louisiana Bar Roll No. 12626)
401 Edwards Street, Suite 1000
Shreveport, Louisiana 71101
Telephone: (318) 227-1131
Facsimile: (318) 227-1141

Michael C. Mims
(Louisiana Bar Roll No. 33991)
John B. Stanton
(Louisiana Bar Roll No. 36036)
1100 Poydras St., Suite 2700
New Orleans, Louisiana 70163
Telephone: (504) 596-6300
Fax: (504) 596-6301

BEVERIDGE & DIAMOND, P.C.

Michael G. Murphy (*pro hac vice* to be submitted)
Megan R. Brillault (*pro hac vice* to be submitted)
John H. Paul (*pro hac vice* to be submitted)
477 Madison Avenue, 15th Floor
New York, NY 10022
(212) 702-5400

James B. Slaughter (*pro hac vice* to be submitted)
1350 I Street, N.W., Suite 700
Washington, DC 20005
(202) 789-6000

Counsel for Defendant Waste Connections US, Inc.,
Waste Connections Bayou, Inc. and Louisiana
Regional Landfill Company

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above pleading on the following counsel

of record via PDF email this 29th day of March, 2019.

Byron M. Forrest
Nicholas V. Cressey
S. Eliza James
Forrest Cressey & James, LLC
One Canal Place
365 Canal Street, Suite 1475
New Orleans, Louisiana 70130

Barry S. Neuman
Adrian Snead
C. Allen Foster
Erik Bolog
Whiteford Taylor Preston, LLP
1800 M Street, NW
Suite 450N
Washington, DC 20036

OF COUNSEL

3

24TH JUDICIAL DISTRICT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

NO. 792-502                                                    DIVISION "O"

CHARLES LEE ANDERSON, et al.

VERSUS

LOUISIANA REGIONAL LANDFILL COMPANY, et al.

**ORDER**

Considering the above and foregoing exception submitted by Waste Connections US,

Inc., Waste Connections Bayou, Inc. and Louisiana Regional Landfill Company,

IT IS ORDERED BY THE COURT that Petitioners show cause on the _____ day of

_____ at _____ a.m./p.m. why the Declinatory Exception Of Lis Pendens should not

be sustained.

Gretna, Louisiana, this _____ day of _____ 2019.


_____
DISTRICT JUDGE


**SHERIFF, PLEASE SERVE:**
**CHARLES LEE ANDERSON, ET AL.**
**THROUGH THEIR COUNSEL OF RECORD:**
Byron M. Forrest
Nicholas V. Cressey
S. Eliza James
Forrest Cressey & James, LLC
One Canal Place
365 Canal Street, Suite 1475
New Orleans, Louisiana 70130

24TH JUDICIAL DISTRICT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

NO. 792-502                                                                    DIVISION "O"

CHARLES LEE ANDERSON, et. al.

VERSUS

LOUISIANA REGIONAL LANDFILL COMPANY, et. al.

**THE WASTE CONNECTIONS DEFENDANTS' MEMORANDUM IN SUPPORT
OF DECLINATORY EXCEPTION OF LIS PENDENS**

Defendants Waste Connections US, Inc., Waste Connections Bayou, Inc., and Louisiana Regional Landfill Company (collectively, the "Waste Connections Defendants"), through undersigned counsel, submit the following memorandum in support of their declinatory exception of lis pendens.

**I.       INTRODUCTION**

This mass action is a carbon-copy of *Addison v. Louisiana Regional Landfill Company,* No. 760-369 (filed in 24th JDC Dec. 13, 2018), an earlier-filed mass action seeking relief for damages allegedly caused by odors and fumes emanating from the Jefferson Parish Landfill ("Landfill") located in Waggaman, Louisiana. Pursuant to Louisiana's doctrine of lis pendens codified in Articles 531 and 532 of the Louisiana Code of Civil Procedure, Judge Stephen Grefer stayed the *Addison* case on February 6, 2019, because four class actions for the same plaintiffs asserting similar claims for the same alleged odors emanating from the Landfill against the same defendants are pending before Judge Susie Morgan in the Eastern District of Louisiana. The *Anderson* action, which is essentially identical to *Addison* and includes at least one overlapping Plaintiff, should also be stayed for the same reasons set forth in the *Addison* decision.[1]

The *Anderson* Plaintiffs, represented by the same counsel as the *Addison* Plaintiffs, ignored Judge Grefer's decision and commenced this duplicative action seeking the same relief against the very same defendants. This is precisely the scenario the doctrine of lis pendens is intended to prevent: "a series of vexatious suits by the same plaintiff against the same defendant

---

[1] *See* Exs. A-1, A-2, A-3.

in the same transaction or occurrence in different forums." *Sw. Elec. Power Co. v. Amax, Inc.,*

621 So. 2d 615 (La. 1993) (Lemmon, J. concurring).

Like *Addison*, the criteria for lis pendens are satisfied here because (i) all of the *Anderson*

Plaintiffs are members of the putative classes in the four previously filed class actions, (ii) all of

the Plaintiffs' claims arise from the same alleged odors complained of in those putative class

action suits, and (iii) all actions involve the same Defendants. As Judge Grefer explained in

*Addison,* allowing these cases to move forward at the same time as the class actions are being

litigated would waste judicial resources, lead to inconsistent discovery and merit rulings, and be

fundamentally unfair to the Defendants by subjecting them to burdensome and duplicative

lawsuits in multiple forums. This Court should grant the Waste Connections Defendants'

exception of lis pendens and stay this action.

## II.     BACKGROUND AND PROCEDURAL HISTORY

### A.     Four putative class actions relating to alleged odors from the Landfill are pending in federal district court.

On July 25, 2018, the first of four putative class actions was filed in the 24th Judicial

District Court on behalf of a proposed class of persons seeking damages for alleged "noxious

odors" emanating from the Landfill. *See Ictech-Bendeck v. Progressive Waste Solutions,* No.

2:18-cv-07889 (E.D. La.) (filed in 24th JDC July 25, 2018). On August 17, 2018, Defendants

removed the *Ictech-Bendeck* action to federal court pursuant to the Class Action Fairness Act

("CAFA"). Over the next month, three additional putative class actions were filed in the 24th

Judicial District Court, *Thompson v. Louisiana Regional Landfill Company,* No. 2:18-cv-08071

(E.D. La.) (filed in 24th JDC July 30, 2018); *Bernard v. Progressive Waste Solutions of LA, Inc.,*

2:18-cv-08218 (E.D. La.) (filed in 24th JDC Aug. 10, 2018); and *Landry-Boudreaux v.*

*Progressive Waste Solutions of LA, Inc.,* 2:18-cv-09312 (E.D. La.) (filed in 24th JDC Aug. 27,

2018).[2] Defendants also removed these subsequent actions to federal court pursuant to CAFA.[3]

Together, the four putative class actions seek damages against the owner of the Landfill,

Jefferson Parish, and several of its contractors (and related entities): the Waste Connections

Defendants (Louisiana Regional Landfill Company f/k/a IESI LA Landfill Corporation, Waste

---

[2] *See* Exs. B-1, C-1, D-1 and E-1.
[3] *See* Exs. B-2, C-2, D-2 and E-2. *Anderson* is not removable to federal court under the Class Action Fairness Act because it is not asserted as a class action and because it includes fewer than 100 plaintiffs.

Connections Bayou, Inc. f/k/a/ Progressive Waste Solutions of LA, Inc., and Waste Connections US, Inc.) and Aptim Corporation. The proposed class in each action is defined as "[a]ll persons domiciled of and/or within the Parish of Jefferson" that suffered harm as a result of the alleged emission of noxious odors from the Landfill. The representative plaintiffs allege damages from diminution in property value and personal injuries and also seek permanent injunctive relief.

Plaintiffs in all four putative class actions moved to remand the cases to state court, which Defendants opposed. Judge Morgan of the Eastern District denied all four remand motions on March 14, 2019.[4] Defendants anticipate that the class actions will be consolidated.

### B.   *Addison* – a nearly identical mass action – already has been stayed.

On December 13, 2018, just months after the fourth class action complaint was filed, 86 residents of Jefferson Parish – represented by the same counsel now representing the *Anderson* Plaintiffs and using a nearly-identical petition – filed suit against the same defendants named here and in the putative class actions and sought damages for the same alleged odors emanating from the Landfill. *See* Complaint, *Addison v. Louisiana Regional Landfill Company,* No. 760-369 (filed in 24th JDC Dec. 13, 2018) *See* Ex. A-1.

Like the putative class action plaintiffs, the *Addison* Plaintiffs alleged that:

> "[t]he Defendants' failure to properly design, operate, manage, and maintain the J.P. Landfill, including its gas and leachate collection systems, have caused harmful, noxious and repulsive odors and chemicals to be released from the J.P. Landfill into the surrounding environment on and in to Petitioners' homes and immovable property, resulting in Petitioners' continuing exposure to these odors and chemicals."

Ex. A-1 at 14.

As they are forced to do yet again in the present action, Defendants responded to the *Addison* complaint by filing an exception of lis pendens. Defendants argued that lis pendens applied because the *Addison* action was commenced during the pendency of the earlier-filed putative class actions; arose out of the same transaction or occurrence as the putative class actions; involved the same defendants as the putative class actions; and, critically, involved the same plaintiffs as the putative class actions because the *Addison* Plaintiffs were all included in the putative classes as defined in each of the four putative class actions. Finding that the

---

[4] *Ictech-Bendeck*, __F.Supp.3d__, 2019 WL 1199105; *Thompson*, __F.Supp.3d__, 2019 WL 1199103; *Landry-Boudreaux*, __F.Supp.3d__, 2019 WL 1199104; *Bernard*, __F.Supp.3d__, 2019 WL 1199102.

requirements of lis pendens were fully satisfied, Judge Grefer stayed the *Addison* action pending class certification or remand of one of the putative class actions and noted that it was "fundamentally fair" to allow Defendants to defend themselves in a single forum. Ex. A-2, Tr. at 33.

C. **Like *Addison*, the *Anderson* Plaintiffs' lawsuit is a copycat of the existing nuisance class actions.**

On February 25, 2019, less than three weeks after Judge Grefer stayed *Addison,* the *Anderson* Plaintiffs commenced this duplicative action seeking damages for alleged odors emanating from the Landfill. Just like the *Addison* Plaintiffs, the 91 *Anderson* Plaintiffs (including at least one *Addison* Plaintiff, Ethel Green) are residents of Jefferson Parish, and therefore, as counsel for *Addison* conceded to Judge Grefer, they are necessarily members of the proposed class. Ex. A-2, Tr. at 19. Plaintiffs assert their claims against the same group of defendants that are named in the four complaints: Jefferson Parish, the Waste Connections Defendants, and Aptim Corporation, and have also named unidentified insurance companies of the Waste Connections Defendants. Like the putative class action plaintiffs, the *Anderson* Plaintiffs allege that the Landfill is emitting odor that have damaged Plaintiffs and their properties:

> "[t]he Defendants' failure to properly design, operate, manage, and maintain the J.P. Landfill, including its gas and leachate collection systems, have caused harmful, noxious and repulsive odors and chemicals to be released from the J.P. Landfill into the surrounding environment on and in to Petitioners' homes and immovable property, resulting in Petitioners' continuing exposure to these odors and chemicals."

*Anderson* Petition at 15; *see also* Ex. C-1, Petition at VIII ("The improper emission of noxious odors from the Jefferson Parish Landfill into and onto neighboring properties . . . has been pervasive and persistent" and "constitute[s] a nuisance to neighboring persons and properties."); Ex. B-1, Petition at 3 (alleging Defendants' "[f]ailure to properly operate and/or manage a solid waste 'sanitary' landfill in a manner that does not cause harm to others, and in particular, to its neighbors" is the cause of "emanations of noxious odors and gases."). There is no material difference in the allegations of the *Anderson* Petition and the four related class actions, compelling the application of lis pendens and staying the case, as Judge Grefer did in *Addison*.

## III.   ARGUMENT

### A.   The *Anderson* action should be stayed because Plaintiffs commenced the action after four prior actions alleged the same injuries against the same group of defendants.

Pursuant to La. Code Civ. Proc. art. 532, Louisiana courts typically grant an exception of lis pendens and stay an action when defendants demonstrate "(1) that a suit was brought in a Louisiana state court during the pendency of a suit in a federal court or a court of a state other than Louisiana; (2) that the two suits are based on the same transaction or occurrence; and (3) that the two suits are between the same parties in the same capacities." *Brooks Well Servicing, Inc. v. Cudd Pressure Control, Inc.*, 36,723 (La. App. 2 Cir. 6/27/03); 850 So. 2d 1027, 1031 (lis pendens granted in case involving personal injury, property damage, and wrongful death claims related to oil-well explosion); *accord Aisola v. La. Citizens Prop. Ins. Corp.*, 14-1708 (La. 10/14/15); 180 So. 3d 266, 269 (lis pendens granted in case involving the alleged mishandling of insurance claims following Hurricane Katrina); *cf. Stone Man, Inc. v. Green*, 265 Ga. 877, 463 S.E. 2d 1 (1995) (court applied parallel doctrine of res judicata to bar claim for damages arising from same alleged nuisance as earlier case seeking to abate the nuisance). Courts grant stays in order to promote judicial economy, avoid inconsistent rulings, and prevent the undue harassment of defendants. *See Fincher v. Ins. Corp. of Am.*, 521 So. 2d 488, 489 (La. App. 4th Cir. 1988). Judge Grefer applied these principles and stayed the *Addison* case based on considerations of judicial economy and fundamental fairness to Defendants to allow them to defend the actions in one forum. Ex. A-2, Tr. at 33. The *Anderson* action meets and exceeds all of the criteria of article 532, and therefore should be stayed. [5]

### 1.   *Anderson* was filed while four other suits were pending in federal court.

The first element of the exception of lis pendens is amply satisfied because the instant action was filed while *four* other suits were pending in federal court. *See* La. Code Civ. Proc. art. 532 (2018). *Anderson* was filed on February 25, 2019. The putative class actions were filed in the 24th Judicial District Court on July 23, July 30, August 10, and August 27, 2018, and were all

---

[5] The criteria set forth in La. Code Civ. Proc. art. 531 and 532 closely mirror the criteria for *res judicata*, so courts often characterize the "test" for an exception of lis pendens as whether a final judgment in the earlier filed suit would be *res judicata* in the later filed suit. *Aisola*, 180 So. 3d at 269; *see also United Gen. Title Ins. Co. v. Casey Title, Ltd.*, 01-600 (La. App. 5 Cir. 10/30/01), 800 So. 2d 1061, 1067 (reviewing *res judicata* cases to determine how La. Code Civ. Proc. art. 532 is interpreted).

subsequently removed to the Eastern District of Louisiana by October 5, 2018. Thus, at the time this action was filed, four nearly identical suits were—and still are—pending in the Eastern District.

> **2.   All five suits are based on the same transaction or occurrence because they are based on the alleged emission of odors or noxious fumes from the Landfill.**

The exception of lis pendens requires also that the action arise from the same transaction or occurrence as the earlier-filed suit(s). La. Code Civ. Proc. art. 532 (2018). Louisiana courts apply a broad meaning to the phrase "transaction or occurrence," ranging from "the subject matter of the litigation" to "all logically related events entitling a person to institute legal action against another." *In re Succession of Bernat,* 13-277 (La. App. 3 Cir. 10/9/13); 123 So. 3d 1277, 1284 (the execution and interpretation of a will constituted a single transaction or occurrence) (citing *Hy-Octane Invs., Ltd. v. G & B Oil Prods., Inc.,* 97-28 (La. App. 3 Cir. 10/29/97); 702 So. 2d 1057 (action for wrongful termination of a contract and a suit for breach of contract arose from the same transaction or occurrence)); *Bailey v. Oakbourne Country Club, Inc.,* Civil No. 6:14-2546, 2015 WL 4622418 (W.D. La. July 30, 2015) (for purposes of *res judicata,* defendant's prolonged course of allegedly discriminatory action constituted a single transaction or occurrence). As summarized by the Restatement (Second) of Judgments "[w]hat factual grouping constitutes a 'transaction,' and what groupings constitute a 'series,' are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." Restatement (Second) of Judgements, § 24(2) (1982).

An identity of legal claims is not required in order for lis pendens to apply; rather, the focus is on whether the subsequent lawsuit involves the same facts as the earlier suit. As the Third Circuit Court of Appeals explained in *Bandaries v. Cassidy,* "all causes of action arising out of the transaction or occurrence that is the basis of the suit are subject to challenge for lis pendens . . . ." 11-161 (La. App. 3 Cir. 6/1/11); 66 So. 3d 564, 567). The Official Comment to Article 532 further explains that Article 532 was amended to conform to *res judicata* codified in La. Stat. Ann. § 13:4231, which provides that "[f]or purposes of *res judicata* it would not matter

6

whether the cause of action asserted in the second action was the same as that asserted in the first or different as long as it arose out of the transaction or occurrence that was the subject matter of the first action." Official Comment to La. Code Civ. Proc. art. 532 (2018); § 13:4231, cmt. (a) (2018)).

Here, *Anderson* and the four pending class actions indisputably arise from the same transaction or occurrence. The "subject matter" or the "event" of each suit is the alleged emission of fumes or odors from the Landfill. *See Anderson* Petition at 2; Ex. B-1, Petition at 2; Ex. C-1, Petition at 2; Ex. D-1, Petition at 2; Ex. E-1, Petition at 2. These allegedly continuing emissions from the same alleged source are logically related to, and constitute the basis of, the claims asserted in all five pending lawsuits. *Id.* The *Anderson* claims readily satisfy the second element of the lis pendens exception.

### 3. Lis pendens applies because the five suits are between the same parties in the same capacities.

The final element of the exception of lis pendens requires that the present suit and earlier-filed suits involve the same parties in the same capacities. La. Code Civ. Proc. art. 532 (2018). The parties do not have to be the "same" in the literal sense (i.e., the identical individual or institution) so long as they are the same "in the legal sense of the word." *Black*, 14-524, 165 So. 3d at 1016 (internal quotation marks omitted); *see also Jensen Constr. Co. v. Dep't of Transp. & Dev.*, 542 So. 2d 168, 171 (La. App. 1st Cir. 1989) ("The 'identity of parties' requirement is met whenever 'the same parties, their successors, or others appear so long as they share the same 'quality' as parties.'"). Here, all five suits plainly involve the same parties in the same capacities.

#### a. The *Anderson* Plaintiffs are also putative class members in the pending class actions.

The "identity of the parties" requirement for the exception of lis pendens is satisfied when plaintiffs in the present action are putative class members of an earlier-filed pending class action, unless and until class certification is denied. *Aisola*, 14-1708, 180 So. 3d at 270 ("identity of parties" found and upholding exception of lis pendens where plaintiffs were putative class members of four earlier-filed class action suits); *Elfer v. Murphy Oil U.S.A., Inc.*, 02-0020 (La. 3/15/02); 811 So. 2d 892 (same). As noted by Judge Grefer, the critical inquiry under *Aisola* is

not whether plaintiffs *claim* to be putative class members, but simply whether plaintiffs *are* putative class members. Ex. A-2, Tr. at 32.

Applying the same reasoning underlying *res judicata*, Louisiana courts hold that putative class members that file a subsequent action individually are the "same" for purposes of article 532 because a final judgment in a class action would have a preclusive effect on all subsequent suits filed by class members. In *Harris v. La. Citizens Prop. Ins. Co.*, the Fifth Circuit Court of Appeal wrote that "[B]ecause any judgment on those class actions in which plaintiff is an alleged putative class member would be conclusive and binding as to plaintiff under La. C.C.P. art. 597, it necessarily follows that the requirements of *lis pendens* are satisfied." 14-120 (La. App. 5 Cir. 10/29/14); 164 So. 3d 216, 221; *see also* La. Code of Civ. Proc. art. 597 (2018) ("A definitive judgment on the merits rendered in a class action concludes all members of the class, whether joined in the action or not, if the members who were joined as parties fairly insured adequate representation of all members of the class."); *Duckworth v. La. Farm Bureau Mut. Ins. Co.*, 2011–2835 (La. 11/2/12); 125 So. 3d 1057, 1069-1070 ("[u]nder the articles governing Louisiana's class action, all persons possessing claims arising out of transactions or occurrences described in a class action petition . . . are bound by any judgment in the action.").

In his application of this law to facts indistinguishable from those presented here, Judge Grefer ruled in *Addison* that plaintiffs were putative class members and thus represented the "same parties" for purposes of lis pendens. Ex. A-2, Tr. at 32. Judge Grefer rejected the notion that plaintiffs must affirmatively allege class membership to be considered putative class members. Ex. A-2, Tr. at 31-32. He similarly noted that a future opportunity to opt out of a class was irrelevant to the issue before him. Ex. A-2, Tr. at 32. Rather, the question before Judge Grefer (and presently before this Court) was simply whether plaintiffs fell within the proposed class definition. *Id.* Upon comparing the proposed class definitions and plaintiffs' allegations, Judge Grefer found "there is no way that [the] Court can envision that those same plaintiffs wouldn't be members of the class if a class is so certified" in any one of the four putative

8

actions. *Id.* Indeed, the *Addison* plaintiffs conceded that they fall within the definition of the proposed classes.[6]

The *Anderson* Plaintiffs are, likewise, putative members of the proposed classes in the four pending class actions: residents of Jefferson Parish who have allegedly been injured as a result of odors allegedly emanating from the Landfill. Specifically, *Ictech-Bendeck* and *Bernard* define the proposed class as:

> "All persons domiciled of and/or within the Parish of Jefferson, (except Defendants' employees and appropriate court personnel involved in the subject action at the district and appellate levels), who sustained legally cognizable damages in the form of nuisance, interference with the enjoyment of their properties and/or diminution in value of their properties as a result of the Defendant(s)' acts that caused the emission of noxious odors and gases into and unto their persons and properties."

Ex. B-1, Petition at 4; Ex. D-1, Petition at 5; *accord* Exs. C-1, Petition at 2 and E-1, Petition at 5 (providing nearly identical class definitions in the *Thompson* and *Landry-Boudreaux* Petitions).

Just like the *Addison* plaintiffs, the *Anderson* Plaintiffs fall squarely within the proposed class definitions. They are all residents of Jefferson Parish and allege injuries – including physical harm, diminution of property value, and loss of use and enjoyment of their property – caused by the alleged emission of odors and gases from the Landfill. *See Anderson* Petition, pp. 2–7. Moreover, class certification has not been decided, and therefore not been denied, in any of the putative class actions. Because the *Anderson* Plaintiffs are putative members of the proposed classes in all four of the actions currently pending before the Eastern District of Louisiana, they constitute the "same parties in the same capacities" as the named plaintiffs in those actions. *Aisola,* 14-1708, 180 So. 3d at 269.

> **b.   Defendants are the "same parties" across all five suits.**

Defendants in this action are the same defendants named in the pending putative class actions: Louisiana Regional Landfill Company (f/k/a IESI LA Landfill Corporation), Waste Connections Bayou, Inc. (f/k/a Progressive Waste Solutions of LA, Inc.), Waste Connections US, Inc., Aptim Corporation, and Jefferson Parish. *See* Exs F-1 through F-4. Plaintiffs' inclusion of several unidentified insurance companies in *Anderson* that are not named in the putative class actions (ABC Corp., DEF Corp., GHI Corp., JKL Corp. and MNO Corp.) does not disturb the

---

[6] Ex. A-2, Transcript, p. 19, lines 8–21.

"identity of the parties" requirement of lis pendens. When an insured entity and its insurance company appear in the action in the "same quality or capacity," they share an identity of parties because "their identities are virtually merged into one." *United Gen. Title Ins.*, 01-600, 800 So. 2d at 1067 (insurer and insured were the same "person" for purposes of the suit). Here, the various unnamed insurance companies would be appearing in the same capacity as, and therefore sharing an identity with, the named Defendants (all of whom are named in the pending class actions). The identity of the parties requirement for lis pendens is satisfied.

## IV.   CONCLUSION

All of the elements of lis pendens are satisfied here and it would be patently unfair for the Defendants to have to litigate the *Anderson* claims, particularly in light of the stay of *Addison*. The same Defendants have been sued four separate times for the same odors allegedly emanating from the Landfill in the putative class actions pending in federal court. Until certification has been denied in all four actions, the *Anderson* Plaintiffs should be precluded from litigating this case under Article 532. Just weeks before Plaintiffs filed this action, Judge Grefer of Division J of this district stayed the nearly identical *Addison* action pursuant to the doctrine of lis pendens. The *Anderson* filing represents little more than an unscrupulous attempt to take yet another bite of the apple. This Court should grant the Waste Connection Defendants' exception of lis pendens to prevent inconsistent rulings on discovery and merit issues, the waste of judicial resources, and the vexatious, duplicative litigation in multiple forums the doctrine of lis pendens is intended to guard against.

Respectfully submitted,

BRADLEY MURCHISON KELLY & SHEA LLC

By: _____
David R. Taggart
(Louisiana Bar Roll No. 12626)
401 Edwards Street, Suite 1000
Shreveport, Louisiana 71101
Telephone: (318) 227-1131
Facsimile: (318) 227-1141

Michael C. Mims
(Louisiana Bar Roll No. 33991)
John B. Stanton
(Louisiana Bar Roll No. 36036)

10

1100 Poydras St., Suite 2700
New Orleans, Louisiana 70163
Telephone: (504) 596-6300
Fax: (504) 596-6301


BEVERIDGE & DIAMOND, P.C.

Michael G. Murphy (*pro hac vice* to be submitted)
Megan R. Brillault (*pro hac vice* to be submitted)
John H. Paul (*pro hac vice* to be submitted)
477 Madison Avenue, 15th Floor
New York, NY 10022
(212) 702-5400

James B. Slaughter (*pro hac vice* to be submitted)
1350 I Street, N.W., Suite 700
Washington, DC 20005
(202) 789-6000

Counsel for Defendant Waste Connections US, Inc.,
Waste Connections Bayou, Inc. and Louisiana
Regional Landfill Company

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above pleading on the following counsel of record via PDF email this 29th day of March, 2019.

Byron M. Forrest
Nicholas V. Cressey
S. Eliza James
Forrest Cressey & James, LLC
One Canal Place
365 Canal Street, Suite 1475
New Orleans, Louisiana 70130

Barry S. Neuman
Adrian Snead
C. Allen Foster
Erik Bolog
Whiteford Taylor Preston, LLP
1800 M Street, NW
Suite 450N
Washington, DC 20036

_____
OF COUNSEL

12

1435

24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON
STATE OF LOUISIANA

NO. 792-502                                            DIVISION: O

CHARLES LEE ANDERSON, ET AL

VERSUS

LOUISIANA REGIONAL LANDFILL COMPANY (LRLC), ET AL

FILED: _____         _____
                                        **DEPUTY CLERK**

**APTIM CORPORATIONS'S DECLINATORY EXCEPTION OF LIS PENDENS
OR, ALTERNATIVELY, MOTION TO STAY**

NOW INTO COURT, through undersigned counsel, comes defendant Aptim Corporation

(hereinafter sometimes referred to as "Aptim"), to file a declinatory exception of *lis pendens* or,

alternatively, motion to stay in response to the Petition for Damages and Injunctive Relief

("Petition") filed by Plaintiffs.

As explained in greater detail in a memorandum being filed contemporaneously with this

exception and motion, and which is incorporated as if copied *in extenso* in this exception and

motion (including all exhibits), this matter should be stayed at this time. Specifically, the instant

suit asserts claims arising from the same transactions or occurrences that form the bases for

claims asserted in four earlier-filed class action suits that were filed in the Twenty Fourth

Judicial District Court for the Parish of Jefferson and subsequently removed to, and currently

pending in, the United States Court for the Eastern District of Louisiana. Plaintiffs in the instant

suit are putative class members in the four earlier-filed class action suits. In addition, the instant

suit was filed against the same parties who are named as defendants in the four class actions

suits.  Consequently, this Court should stay the instant matter pending at this time under

Louisiana Code of Civil Procedure Article 532.

WHEREFORE, defendant Aptim Corporation respectfully requests that the foregoing

exception of *lis pendens* or, alternatively, motion to stay be sustained and that this matter be

stayed at this time.

1

Respectfully submitted,

ERNEST P. GIEGER, JR. (6154)
Email:        egieger@glllaw.com
WILLIAM A. BAROUSSE (29748)
Email:        wbarousse@glllaw.com
J. MICHAEL DIGIGLIA (24378)
Email:        mdigiglia@glllaw.com
JONATHAN S. ORD (35274)
Email:        jord@glllaw.com
GIEGER, LABORDE & LAPEROUSE, L.L.C.
One Shell Square
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139
Telephone:   (504) 561-0400
Facsimile:    (504) 561-1011
*Attorneys for Aptim Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon:

Byron Forrest, Esq.
Nicholas Cressey, Esq.
S. Eliza James, Esq.
Forrest Cressey & James, LLC
365 Canal Street, Suite 1475
New Orleans, LA  70130
        -- and –
Barry S. Neuman, Esq.
Erik Bolog, Esq.
C. Allen Foster, Esq.
Adrian Sneed, Esq.
Witeford Taylor Preston, LLP
1800 M Street, NW, Suite 450N
Washington, DC  20036
Attorneys for PLAINTIFFS

David R. Taggart, Esq.
Bradley Murchison Kelly & Shea, LLC
401 Edwards Street, Suite 1000
Shreveport, LA  71101
        -- and –
Michael C. Mims, Esq.
John B. Stanton, Esq.
Bradley Murchison Kelly & Shea, LLC
1100 Poydras Street, Suite 2700
New Orleans, LA  70163
        --and—
Megan R. Brillault, Esq.
Michael G. Murphy, Esq.
John H. Paul, Esq.
Beveridge & Diamond
477 Madison Avenue, 15th Floor
New York, NY  10022
        --and—
James B. Slaughter, Esq.
Beveridge & Diamond

2

1350 I St., N.W., Suite 700
Washington, DC  20005
Attorneys for WASTE CONNECTIONS US, INC.

William P. Connick, Esq.
Michael S. Futrell, Esq.
Matthew D. Moghis, Esq.
Connick and Connick, LLC
3421 N. Causeway Blvd., Suite 408
Metairie, LA  70002
Attorneys for PARISH OF JEFFERSON

via email, facsimile and/or by depositing same in the United States mail, postage prepaid and

properly addressed this 29th day of March, 2019.

3

24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON
STATE OF LOUISIANA

NO. 792-502

DIVISION: O

CHARLES LEE ANDERSON, ET AL

VERSUS

LOUISIANA REGIONAL LANDFILL COMPANY (LRLC), ET AL

FILED: _____

_____
DEPUTY CLERK

## MEMORANDUM IN SUPPORT OF APTIM CORPORATION'S DECLINATORY EXCEPTION OF LIS PENDENS OR, ALTERATIVELY, MOTION TO STAY

NOW INTO COURT, through undersigned counsel, comes defendant Aptim Corporation (hereinafter sometimes referred to as "Aptim"), to file a memorandum in support of its exception of *lis pendens* or, alternatively, motion to stay in response to the Petition for Damages and Injunctive Relief ("Petition") filed by Plaintiffs in the above captioned matter on February 25, 2019.[1]

### I.    Relevant Procedural background

This case involves claims of ninety residents of Jefferson parish seeking damages related to the alleged emission of odors from the Jefferson parish landfill located at 5800 Highway 90 West in Avondale, LA ("the landfill"). Plaintiffs have sued Jefferson parish as the owner of the landfill, Aptim as the alleged co-operator of the gas and leachate systems at the landfill, and Louisiana Regional Landfill Company f/k/a IESI LA Landfill Corporation as the manager of the landfill. Plaintiffs also sued Waste Connections Bayou, Inc., f/k/a Progressive Waste Solutions of LA, Inc. and Waste Connections US, Inc. as parent corporations of Louisiana Regional Landfill Company as well several fictitiously named defendants as insurers of the specifically named defendants.

Before Plaintiffs filed suit, four class action proceedings (hereinafter sometimes referred to as "the class action suits") were filed in this Court on behalf of all residents of Jefferson parish or persons present in Jefferson parish who have sustained injuries as a result of the operation of

---

[1]    See Petition, a copy of which is filed as Exhibit A, at clerk stamp on page 1.

4

the landfill since August 1, 2017.[2] The same defendants in the instant suit were named as defendants in the class actions suits. The class action suits were removed the United States District Court for the Eastern District of Louisiana and are currently pending in that Court.

## II.    Law and Argument

### A.    The requirements of *lis pendens* are met in this case

Louisiana Code of Civil Procedure Article 532, which appears in Chapter 3 of Title II of Book I of the Louisiana Code of Civil Procedure which is entitled "Lis Pendens", states as follows:

> When a suit is brought in a Louisiana court while another is pending in a court of another state or of the United States on the same transaction or occurrence, between the same parties in the same capacities, on motion of the defendant or on its own motion, the court may stay all proceedings in the second suit until the first has been discontinued or final judgment has been rendered. La. Code of Civ. Proc. art. 532 (West 2019.)

As explained by the Louisiana Fifth Circuit Court of Appeals in *Black v. Exxon Mobil Corp.*, 14-524 (La. App. 5 Cir. 11/25/14) 165 So.3d 1013: three requirements must be satisfied for the application of *lis pendens*: "(1) there must be two or more suits pending; (2) the suits must involve the same transaction or occurrence, and (3) the suits must involve the same parties in the same capacities." *Harris*, 165 So. 3d at 2014.

#### 1.    Two or more suits are pending

The class action suits were all filed in July and August of 2018 and pending at the time of the filing of the Petition in February of 2019. Consequently, the first requirement for the application of *lis pendens* is met in this case.

---

[2]      *Ictech-Bendeck v. Progressive Waste Solutions of LA, Inc. et. al.*, case number 785-955 (24th J.D.C.), case number 2:18-cv-07889 (U.S.D.C., E.D. La.) ("the *Ichtech-Bendeck* suit") filed on July 25, 2018. A copy of the Class Action Petition for Damages filed in the *Ichtech-Bendeck* suit is filed as Exhibit B.

    *Thompson v. Louisiana Regional Landfill Company, et. al.*, case number 786-137 (24th J.D.C.), case number 2:18-cv-08071 (U.S.D.C., E.D. La.)("the *Thompson* suit") filed on July 30, 2018. A copy of the Class Action Petition for Damages and Injunctive Relief filed in the *Thompson* suit is filed as Exhibit C.

    *Bernard v. Progressive Waste Solutions of LA, Inc. et. al.*, case number 786-541 (24th J.D.C.), case number 2:18-cv-8218 (U.S.D.C., E.D. La.) ("the *Bernard* suit") filed on August 10, 2018. A copy of the Class Action Petition for Damages in the *Bernard* suit is filed as Exhibit D.

    *Landry-Boudreaux v. Progressive Waste Solutions of LA., Inc. et. al.*; case number 787-081 (24th J.D.C.), case number 2:18-cv-09312 (U.S.D.C., E.D. La.) ("the *Landry-Boudreaux* suit") field on August 27, 2018. A copy of the Class Action Petition for Damages in the *Bernard* suit is filed as Exhibit E.

5

### 2. The claims in the instant suit arise out of the same transaction or occurrence that forms the bases of the class actions suits

The claims asserted in the Petition arise out of the landfill allegedly emitting "harmful and toxic odors and chemicals into the surrounding areas, including where each of the Petitioners reside" as a result of the "...ongoing...failure of each of the Defendants to ensure that the design, operation, and maintenance of the Jefferson Parish Landfill...complies with applicable environmental law and adequately protects [Plaintiffs'] human health and environment."[3] Three of the four class action suits allege that "... [the landfill] began to emit noxious odors...into areas surrounding [the landfill]..." and that "[t]he sole proximate cause of the above described emanations of noxious odors and gases is and was the strict liability, breach of contractual obligations and/or negligent acts of Defendants...[including]...violation of...applicable environmental rules and regulations...failure to properly operate and/or manage [the landfill]...."[4] The fourth class action suit alleges "Defendants (sic) actions/inactions are the sole cause of Plaintiff's...damages in the following non-exclusive respects...failing to maintain and/or design [the landfill] such that noxious odors would not occur...violation of the laws, rules, regulations and/or requirement of Louisiana, the LDEQ...."[5] The instant suit and all four of the class action suits all arise from alleged negligent operation of the landfill, alleged violation of environmental statutes or regulations, and alleged odors associated with the operation of the landfill. Consequently, the second requirement for the application of *lis pendens* is met in this case.

### 3. The instant suit and the class actions suits involve the same parties in the same capacities

#### a. The Plaintiffs in the instant suit are the same plaintiffs in the class action suits

All Plaintiffs in the present suit are alleged to be residents of Jefferson parish. The first filed suit class action suit, *Ictech-Bendeck v. Progressive Waste Solutions of LA, Inc. et. al.*, was filed on behalf of a class composed of

> [a]ll persons domiciled of and/or within the Parish of Jefferson (except Defendants' employees and appropriate court personnel involved in the subject action at the district and appellate levels), who sustained legally cognizable damages in the form of insurance, interference with the enjoyment of their

---

[3]   See Petition at Introduction on page 2.

[4]   See Exhibits B, D, and E paragraphs III and V.

[5]   See Exhibit C at page 8 at paragraph XIX.

properties and/or diminution in value of their properties as a result of the Defendant(s)' acts that cause the emission of noxious odors and gases unto their persons and properties.[6]

The *Thompson* suit, the *Bernard* suit, and the *Landry-Boudreaux* suits were all filed on behalf of similar classes defined as persons domiciled and/or within Jefferson Parish who sustained various types of damages as a result of operations at the landfill.[7]

The Louisiana Fifth Circuit Court of Appeals addressed the specific issue of whether a plaintiff who files suit while he or she is a putative class member in a pending class action is the "same party" in each suit for purposes of a *lis pendens* exception in *Harris v. Louisiana Citizens Prop. Ins. Co.*, 14-120 (La. App. 5 Cir. 10/29/14), 164 So. 3d 216, *writ denied*, 2014-2484 (La. 2/6/15). In *Harris*, a plaintiff filed suit against his insurer alleging improper claims handling in the wake of Hurricanes Katrina and Rita. The *Harris* plaintiff's insurer filed an exception of *lis pendens* because plaintiff's claims against arose from the same transactions or occurrences that formed the bases of several other earlier-filed class action suits in which plaintiff was a putative class member. The Louisiana Fifth Circuit Court of Appeals upheld the district court judgment granting the exception of *lis pendens* and held that the *Harris* suit and the class actions with active class allegations had the same plaintiff party for purposes of *lis pendens*.[8] *Harris* indicates that Plaintiffs statuses as putative class members in the class action suits satisfy the requirement of *lis pendens* that the Plaintiffs are the same parties as the plaintiffs in the class action suits.

        **b.**      **The defendants in the instant suit are the same defendants in the class action suits**

Jefferson Parish, Aptim, and some combination of the manager of the landfill, its predecessor(s), alter-ego(s), and/or its corporate parent(s) are all named as defendants in the instant suit and in each of the class action suits.[9] The Louisiana Fifth Circuit Court of Appeals

---

[6]     See Exhibit B, at page 5 at paragraph VII(a).

[7]     See Exhibit C at page 2 at paragraph III. See Exhibit D at paragraph VII(a) contained on page 4.  See Exhibit E at paragraph IX contained on page 5.

[8]     The Harris court stated "...we find that any judgment rendered in the *Oubre, Orrill, Press, Christenberry,* and *Chalona* class action suits would be res judicata to the identical claims raised by plaintiff in the instant individual suit. Because any judgment on those class actions in which plaintiff is an alleged putative class member would be conclusive and binding as to plaintiff under La. C.C.P. art. 597, it necessarily follows that the requirements of *lis pendens* are satisfied." *Harris*, 164 So.3d at 221.

[9]     See Exhibit A at paragraph II. See Exhibits B, C, D, and E at paragraph I.

7

addressed party identity in the context of *lis pendens* in *Black* and stated "[t]he jurisprudence does not demand that the parties in the two lawsuits be physically identical. The 'identity of parties' requirement is met whenever 'the same parties, their successors, or others appear so long as they share the same 'quality' as parties.'" *Black* at 1016 (internal citations omitted).

In the instant case, Louisiana Regional Landfill Company, f/k/a IESI LA Landfill Corporation is alleged to have operated the landfill without autonomy, and only pursuant, to the policies and procedures of Waste Connections Bayou, Inc., f/k/a Progressive Waste Solutions of LA, Inc., and/or Waste Connections US, Inc.[10] Consequently,  Waste Connections Bayou, Inc., f/k/a Progressive Waste Solutions of LA, Inc., and Waste Connections US, Inc. all have the same quality as parties. In addition, the fictitiously named insurer defendants all have the same quality as parties of their insureds as explained in *Funai v. Air Center, Inc.*, 499 So.2d 669 (La.App. 3 Cir. 1986).[11] Consequently, the defendants in the instant suit are the same defendants in the class actions suits for purposes of *lis pendens*.

####    4.      A judgment in any of the class action suits would be *res judicata* as to Plaintiffs' claims

The Louisiana Fifth Circuit Court of Appeals alternatively articulated a test to determine the application of *lis pendens* a month before the *Black* suit in the *Harris* suit by stating that "[t]he 'test' established to determine if an exception of *lis pendens* should be sustained is the same as that for *res judicata*; thus, an exception of *lis pendens* should be sustained if 'a final judgment in the first suit would be res judicata in the subsequently filed suit.'" *Harris* at 219. Louisiana Revised Statute 13:4231, entitled "Res Judicata" states as follows:

> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
>
> (1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.

---

In the present suit, Louisiana Regional Landfill Company f/k/a IESI LA Landfill Corporation, Waste Connections Bayou, Inc. f/k/a Progressive Waste Solutions of LA, Inc., and Waste Connections US, Inc., are all named as parent/children and/or "alter egos" of each other. See Exhibit A at page 8 at paragraph II, part a.

[10]     See Exhibit A at page 8 at paragraph II, part a.

[11]     In *Funai*, the court noted that "in essence [the identities of an insurer and insured] are virtually merged into one, to the extent of their policies" when both are named as parties in a suit. *Funai*, 499 So.2d at 673-674.

8

(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.

(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment. La. Rev. Stat. 13:4231 (West 2019).

Louisiana Code of Civil Procedure article 597 provides that "[a] definitive judgment on the merits rendered in a class action concludes all members of the class, whether joined in the action or not, if the members who were joined as parties fairly insured adequate representation of all members of the class." La. Code of Civ. Proc. art. 597 (West 2019).

Plaintiffs in the instant case are putative class members in the four class action suits. Consequently, the first judgment in any of the class action suits in which a class is approved would be *res judicata* as to Plaintiffs' claims in the present case pursuant to Louisiana Revised Statute 13:4231 and Louisiana Code of Civil Procedure article 597. Consequently, *lis pendens* is applicable in the instant matter.

**B.    This Court should exercise its discretion and stay this matter**

This Court has discretion whether to stay this matter under Louisiana Code of Civil Procedure article 532 at this time. Aptim respectfully suggests that judicial efficiency would be best achieved by staying this matter because the concurrent prosecution of claims related to the operation of the landfill in state and federal court could lead to inconsistent rulings against Aptim or other defendants and duplicative work by judges in state and federal court. In addition, Aptim notes that staying this matter will not affect any substantive rights of Plaintiffs because Plaintiffs' rights are protected as long as they remain putative or actual class members in the class action suits. If and when class certification is denied in all of the class action suits or Plaintiffs opt out from a certified class in any of the class action suits, articles 532 of the Louisiana Code of Civil Procedure would apply to Plaintiffs' claims and Plaintiffs would be free to pursue their claims against defendants.

## CONCLUSION

The same transactions and occurrences that are the bases of the claims brought by Plaintiffs in the instant suit are the bases for claims asserted in the class action suits that were filed before the Petition and in which Plaintiffs are putative class members. The same defendants

9

in this matter are the same defendants in the class action suits. Consequently, the instant suit should be stayed pending further developments in the earlier-filed four class action lawsuits.

WHEREFORE, defendant Aptim Corporation respectfully requests that the above captioned matter be stayed pending the disposition of class allegations in the *Ictech-Bendeck* suit, the *Thompson* suit, the *Bernard* suit, and the *Landry-Boudreaux* suit and for all other equitable relief appropriate under the circumstances.

Respectfully submitted,

ERNEST P. GIEGER, JR. (6154)
Email:        egieger@glllaw.com
WILLIAM A. BAROUSSE (29748)
Email:        wbarousse@glllaw.com
J. MICHAEL DIGIGLIA (24378)
Email:        mdigiglia@glllaw.com
JONATHAN S. ORD (35274)
Email:        jord@glllaw.com
GIEGER, LABORDE & LAPEROUSE, L.L.C.
One Shell Square
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139
Telephone:    (504) 561-0400
Facsimile:    (504) 561-1011
*Attorneys for Aptim Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon:

Byron Forrest, Esq.
Nicholas Cressey, Esq.
S. Eliza James, Esq.
Forrest Cressey & James, LLC
365 Canal Street, Suite 1475
New Orleans, LA  70130
          -- and –
Barry S. Neuman, Esq.
Erik Bolog, Esq.
C. Allen Foster, Esq.
Adrian Sneed, Esq.
Witeford Taylor Preston, LLP
1800 M Street, NW, Suite 450N
Washington, DC  20036
Attorneys for PLAINTIFFS

David R. Taggart, Esq.
Bradley Murchison Kelly & Shea, LLC
401 Edwards Street, Suite 1000
Shreveport, LA  71101
          -- and –
Michael C. Mims, Esq.
John B. Stanton, Esq.
Bradley Murchison Kelly & Shea, LLC

10

1100 Poydras Street, Suite 2700
New Orleans, LA  70163
  --and—
Megan R. Brillault, Esq.
Michael G. Murphy, Esq.
John H. Paul, Esq.
Beveridge & Diamond
477 Madison Avenue, 15th Floor
New York, NY  10022
  --and—
James B. Slaughter, Esq.
Beveridge & Diamond
1350 I St., N.W., Suite 700
Washington, DC  20005
Attorneys for WASTE CONNECTIONS US, INC.

William P. Connick, Esq.
Michael S. Futrell, Esq.
Matthew D. Moghis, Esq.
Connick and Connick, LLC
3421 N. Causeway Blvd., Suite 408
Metairie, LA  70002
Attorneys for PARISH OF JEFFERSON

via email, facsimile and/or by depositing same in the United States mail, postage prepaid and

properly addressed this 29th day of March, 2019.

11

24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON
STATE OF LOUISIANA

NO. 792-502                                             DIVISION: O

CHARLES LEE ANDERSON, ET AL

VERSUS

LOUISIANA REGIONAL LANDFILL COMPANY (LRLC), ET AL

FILED: _____         _____
                                                         DEPUTY CLERK

## RULE TO SHOW CAUSE

Considering the Declinatory Exception of Lis Pendens or, Alternatively, Motion to Stay

filed by Aptim Corporation,

IT IS ORDERED BY THE COURT that Plaintiffs show cause on the _____ day of

_____,2019 at _____ a.m./p.m. why Aptim Corporation's Declinatory Exception

of Lis Pendens or, Alternatively, Motion to Stay should not be sustained/ granted.

Gretna, Louisiana, this _____ day of _____ 2018.


                                _____
                                DISTRICT JUDGE, TWENTY FOURTH JUDICIAL
                                DISTIRCT COURT

**PLEASE SERVE:**
Byron M. Forrest
Nicholas V. Cressy
S. Eliza James
One Canal Place
365 Canal Street, Suite 1475
New Orleans, LA 70130
Attorneys for Plaintiffs

12

FILED FOR RECORD 04/22/2019 15:26:50
Sandra M. Hoeltle, DY CLERK
JEFFERSON PARISH, LA

**24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON**

**STATE OF LOUISIANA**

NO.   792-502                                               DIVISION: "O"

**CHARLES LEE ANDERSON, ET AL**

**VERSUS**

**LOUISIANA REGIONAL LANDFILL COMPANY, ET AL**

FILED: _____          _____
                                                          **DEPUTY CLERK**

### DECLINATORY EXCEPTION OF LIS PENDENS
### WITH INCORPORATED MEMORANDUM

**NOW INTO COURT,** through undersigned counsel, comes Defendant, the Parish of Jefferson, who adopts and incorporates the Exception of Lis Pendens filed in this matter by the Waste Connection Defendants and Aptim, as if copied *in extenso*. In further support of the Exception of Lis Pendens, the Parish of Jefferson submits the following:

Plaintiffs filed suit in this matter on February 25, 2019. The allegations in this suit are identical to those contained in the prior filed suit "*Frederick Addison, et al v. Louisiana Regional Landfill Company, et al*," bearing docket number 790-369 "J" and four subsequent filed suits *Michael Brunet, et al v. Louisiana Regional Landfill Company, et al*," bearing docket number 793-088 in division "O"; "*Mary Ann Winningkof, et al v. Louisiana Regional Landfill Company, et al*," bearing suit number 793-784 "M"; "*Rickey Calligan, et al v. Louisiana Regional Landfill Company, et al*," bearing suit number 793-908 "L"; and *Regenia Griffin, et al v. Louisiana Regional Landfill Company, et al*," bearing suit number 794-011 "A", as well as the proposed class action litigations which are currently pending in the Eastern District of Louisiana, (*Ictech-Bendeck v. Progressive Wast Solutions*, No. 2:18-cv-07889; *Thompson v. Louisiana Regional Landfill Company*, No. 2:18-cv-08071; *Bernard v. Progressive Wast Solutions of LA, Inc.*, 2:18-cv-08218; and *Landry-Boudreaux v. Progressive Waste Solutions of LA, Inc.*, 2:18-cv-09312).

A Motion to Consolidate all of the pending state lawsuits with *Addison* has been filed and is pending before Judge Steven Grefer. Judge Grefer recently heard and granted similar exceptions of lis pendens in the *Addison* matter.

Louisiana Code of Civil Procedure Article 531 provides in pertinent part:

Art. 531. Suits pending in Louisiana court or courts

1448

> When two or more suits are pending in a Louisiana court or courts
> on the same transaction or occurrence, between the same parties
> in the same capacities, the defendant may have all but the first suit
> dismissed by excepting thereto as provided in Article 925.

Louisiana Code of Civil Procedure Article 532 provides:

> Art. 532.   Motions to stay in suits pending in Louisiana and
> federal or foreign court
>
> When a suit is brought in Louisiana court while another is pending
> in a court of another state or of the United States on the same
> transaction or occurrence, between the same parties in the same
> capacities, on motion of the defendant or on its own motion, the
> court may stay all proceedings in the second suit until the first has
> been discontinued or final judgment has been rendered.

There is no doubt that the instant litigation arises out of the same transaction or occurrence in that all of the lawsuits allege damages caused by odors emanating from the Jefferson Parish Landfill.  There is also no doubt that the Defendants in all of the lawsuits are identical.  Based upon the proposed class certification of all Jefferson Parish residents affected by the alleged odors emanating from the Jefferson Parish Landfill, the Plaintiffs in this case would certainly fall within the proposed class.  As such, the requirements of Louisiana Code of Civil Procedure Articles 531 and 532 are met and this Declinatory Exception of Lis Pendens should be granted with Plaintiffs' case dismissed with prejudice or alternatively stayed until final judgment has been rendered in the suits currently pending in the Eastern District of Louisiana.

WHEREFORE the Parish of Jefferson prays that its Exception of Lis Pendens be set for hearing after the Motion to Consolidate is heard by Judge Greffer and that after hearing the Exception be granted with Plaintiffs' claims dismissed with prejudice or alternatively this matter being stayed pending final judgment as to class certification status in the currently pending suits in the Eastern District of Louisiana.

Respectfully submitted,

CONNICK AND CONNICK, L.L.C.

WILLIAM P. CONNICK (14158)
MICHAEL S. FUTRELL (20819)
MATTHEW D. MOGHIS (33994)
3421 N. Causeway Blvd., Suite 408
Metairie, Louisiana 70002
Telephone: (504) 681-6663
Attorney for Defendant, the Parish of Jefferson

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing pleading has been forwarded to all counsel of record via facsimile and/or by depositing same in the United States Mail, postage prepaid, this _15^TH_ day of April, 2019.

_____

**MICHAEL S. FUTRELL**

24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

NO.   792-502                                                DIVISION: "O"

CHARLES LEE ANDERSON, ET AL

VERSUS

LOUISIANA REGIONAL LANDFILL COMPANY, ET AL

FILED: _____      _____
                                                        DEPUTY CLERK

ORDER

Considering the foregoing Exception of Lis Pendens, it is Ordered that Plaintiffs show cause on the _26th_ day of _May_, 2019 at _9:30_ a.m. why the Exception of Lis Pendens should not be granted.

Gretna, Louisiana, this _24th_ day of _April_, 2019.

_____
                                    JUDGE

PLEASE SERVE:

**Plaintiffs**
*through their counsel*
Byron M. Forrest
Nicholas V. Cressy
S. Eliza James
One Canal Place Suite 1475
365 Canal Street
New Orleans, LA 70130
30100  N.o.ct # 14489

1451

# CONNICK AND CONNICK, L.L.C.
## ATTORNEYS AT LAW

WILLIAM PETER CONNICK
MICHAEL S. FUTRELL
MICHAEL F. NOLAN
-------------------
ELIZABETH O. CLINTON
MICHAEL J. MONISTERE
MATTHEW D. MOGHIS
BRENDAN P. CONNICK
ELIZABETH A. ZAVALA
NOAH R. BORER
DAVID M. WILLIAMS

3421 NORTH CAUSEWAY BOULEVARD
SUITE 408
METAIRIE, LOUISIANA 70002
TELEPHONE (504) 838-8777
FACSIMILE (504) 838-9903
Website: www.connicklaw.com

OF COUNSEL

PAUL D. CONNICK, JR.

Direct Dial: (504) 681-6663
Email: mfutrell@connicklaw.com

April 15, 2019

Clerk of Court
24th Judicial District Court
Post Office Box 10
Gretna, LA 70054-0010

> Re:   Charles Anderson, et al
>        v. Louisiana Regional Landfill Company, et al
>        24th JDC No.: 792-502 "O"

Dear Sir/Madam:

Enclosed please find the original and three copies of the Declinatory Exception of Lis Pendens which I ask that you file in connection with the above captioned matter. Please return a filed copy of same to my office in the enclosed envelope.

It is my understanding that no costs are due the Clerk at this time as we represent the Parish of Jefferson. I am enclosing a check in the amount of $30.00 payable to the Orleans Civil Sheriff for service.

Thanking you in advance for your cooperation, I remain

Sincerely yours,

CONNICK AND CONNICK, L.L.C.

MICHAEL S. FUTRELL

MSF/rmm

```
*  *  *  COMMUNICATION RESULT REPORT ( JUN. 4. 2019  4:31PM )  *  *  *
```

                                          FAX HEADER 1:  CONNICK AND CONNICK, L. L. C.
                                          FAX HEADER 2:  S. GUY DELAUP

```
TRANSMITTED/STORED : JUN. 4. 2019  4:18PM
FILE MODE            OPTION              ADDRESS                        RESULT      PAGE
-----------------------------------------------------------------------------------------
5202 MEMORY TX                           Clerk of Court                 OK          9/9
```

```
-----------------------------------------------------------------------------------------
REASON FOR ERROR
  E-1) HANG UP OR LINE FAIL                      E-2) BUSY
  E-3) NO ANSWER                                 E-4) NO FACSIMILE CONNECTION
```

## CONNICK AND CONNICK, L.L.C.
### ATTORNEYS AT LAW

WILLIAM PETER CONNICK
MICHAEL S. FUTRELL
MICHAEL F. NOLAN
ELIZABETH O. CLINTON
MICHAEL J. MONISTERE
MATTHEW D. MOGHIS
BRENDAN P. CONNICK
ELIZABETH A. ZAVALA
LAURA M. BLOUIN
NOAH R. BORER

3421 NORTH CAUSEWAY BOULEVARD SUITE 408
METAIRIE, LOUISIANA 70002

TELEPHONE: (504) 838-8777
FACSIMILE: (504) 838-9903
WEBSITE: www.connicklaw.com

OF COUNSEL:
PAUL D. CONNICK, JR.

DIRECT DIAL: (504) 881-8558
EMAIL: moghis@connicklaw.com

June 4, 2019

CLERK OF COURT
24TH JUDICIAL DISTRICT COURT
200 Derbigny Street
Gretna, Louisiana 70053
Phone: (504) 364-2900
Fax:    (504) 364-3780

Re:   *Charles Lee Anderson et al. v. Louisiana Regional Landfill Company, et al.*
      Court: 24TH JDC, Case No. 792-502, Division "O"
      File No.: 81.192879

Dear Sir/Madam,

        Please find attached Defendants' (1) Unopposed Motion and Incorporated Memorandum in Support to Transfer and (2) Order of Transfer, which I ask that you fax file in connection with the above-captioned matter.  Please advise as to the costs associated with this request so that a check to cover same can be forwarded with the original. Please return a filed copy of same to my office in the self-addressed stamped envelope.

        Thanking you in advance for your cooperation, I remain

                                    Sincerely,
                                    CONNICK AND CONNICK, L.L.C.

                                    MATTHEW D. MOGHIS

MDM/js
Attachments

1453

# CONNICK AND CONNICK, L.L.C.
## ATTORNEYS AT LAW

WILLIAM PETER CONNICK
MICHAEL S. FUTRELL
MICHAEL F. NOLAN
—————
ELIZABETH O. CLINTON
MICHAEL J. MONISTERE
MATTHEW D. MOGHIS
BRENDAN P. CONNICK
ELIZABETH A. ZAVALA
LAURA M. BLOUIN
NOAH R. BORER

3421 NORTH CAUSEWAY BOULEVARD SUITE 408
METAIRIE, LOUISIANA 70002

TELEPHONE: (504) 838-8777
FACSIMILE: (504) 838-9903
WEBSITE: www.connicklaw.com

OF COUNSEL,

PAUL D. CONNICK, JR.

DIRECT DIAL: (504) 681-6658
EMAIL: moghis@connicklaw.com

June 4, 2019

CLERK OF COURT
**24TH JUDICIAL DISTRICT COURT**
200 Derbigny Street
Gretna, Louisiana 70053
Phone: (504) 364-2900
Fax:    (504) 364-3780

Re:   *Charles Lee Anderson et al. v. Louisiana Regional Landfill Company, et al.*
      Court:  24th JDC, Case No. 792-502, Division "O"
      File No.: 81.192879

Dear Sir/Madam,

Please find attached Defendants' (1) Unopposed Motion and Incorporated Memorandum in Support to Transfer and (2) Order of Transfer, which I ask that you fax file in connection with the above-captioned matter.  Please advise as to the costs associated with this request so that a check to cover same can be forwarded with the original. Please return a filed copy of same to my office in the self-addressed stamped envelope.

Thanking you in advance for your cooperation, I remain

Sincerely,

CONNICK AND CONNICK, L.L.C.

MATTHEW D. MOGHIS

MDM/js
Attachments

## 24TH JUDICIAL DISTRICT FOR THE PARISH OF JEFFERSON

## STATE OF LOUISIANA

NO. 792-502                                                    DIVISION "O"

## CHARLES LEE ANDERSON, et al.

## VERSUS

## LOUISIANA REGIONAL LANDFILL COMPANY, et al.

FILED: _____     _____
                                        **DEPUTY CLERK**

### UNOPPOSED MOTION AND INCORPORATED
### MEMORANDUM IN SUPPORT TO TRANSFER

**NOW INTO COURT,** through undersigned counsel, come Defendants, The Parish

of Jefferson, Waste Connections US, Inc., Waste Connections Bayou, Inc., Louisiana

Regional Landfill Company, and Aptim Corp., who respectfully move as follows:

**I.**

On May 9, 2019, a hearing was held before Judge Stephen C. Grefer on a Motion

to Consolidate five (5) pending cases (including the instant matter) with *Frederick

Addison, et al. v. Louisiana Regional Landfill Company, et al.* ("*Addison*"), Docket No.

790-369, Division "J."[1]

**II.**

After considering the pleadings, memoranda, and argument of counsel, Judge

Grefer granted the Motion to Consolidate, ruling that all five (5) cases would be

consolidated with *Addison*.

**III.**

The Judgment reflecting Judge Grefer's ruling was signed on May 22, 2019.[2]

---

[1] *Frederick Addison, et al. v. Louisiana Regional Landfill Company, et al.*, Docket No. 790-369, Division "J"; *Michael Brunet, et al. v. Louisiana Regional Landfill Company, et al.*, Docket No. 793-088, Division "O"; *Mary Ann Winningkof, et al. v. Louisiana Regional Landfill Company, et al.*, Docket No. 793-784, Division "M"; *Rickey Calligan, et al. v. Louisiana Regional Landfill Company, et al.*, Docket No. 793-908, Division "L"; and *Regenia Griffin, et al. v. Louisiana Regional Landfill Company, et al.*, Docket No. 794-011, Division "A."

[2] Judgment, executed on May 22, 2019, attached hereto and marked as "Exhibit A."

**1 of 4**

### IV.

As indicated by the Judgment, Judge Grefer ordered the filing of this Motion to Transfer, in order to transfer and re-allot this matter to Division "J" so that it is consolidated with *Addison*.

### V.

Counsel for Plaintiffs consent to this Motion to Transfer.[3]

**WHEREFORE**, Defendants, The Parish of Jefferson, Waste Connections US, Inc., Waste Connections Bayou, Inc., Louisiana Regional Landfill Company, and Aptim Corp., pray that this Motion to Transfer be granted, and that this matter be transferred to Division "J" of the 24th Judicial District Court and consolidated with *Frederick Addison, et al. v. Louisiana Regional Landfill Company, et al.,* Docket No. 790-369, Division "J."

Respectfully submitted,

**GEIGER, LABORDE & LAPEROUSE, LLC**

  /s/ William A. Barousse
ERNEST P. GEIGER, JR., LA. BAR NO. 6154
WILLIAM A. BAROUSSE, LA. BAR. NO. 29748
J. MICHAEL DIGIGLIA, LA BAR. NO. 24378
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139
Telephone:   (504) 561-0400
Facsimile:   (504) 561-1011
E-mail:   *wbarousse@glllaw.com*

*Counsel for Defendant, Aptim Corp.*

**CONNICK AND CONNICK, LLC**

WILLIAM P. CONNICK, LA. BAR NO. 14158
MICHAEL S. FUTRELL, LA. BAR. NO. 20819
MATTHEW D. MOGHIS, LA. BAR. NO. 33994
3421 N. Causeway Blvd., Suite 408
Metairie, Louisiana 70002
Telephone:   (504) 681-6658
Facsimile:   (504) 838-9903
E-mail:   *moghis@connicklaw.com*

*Counsel for Defendant, Jefferson Parish*

*(Continued on next page)*

---

[3] Email from Barry S. Neuman, dated May 16, 2019 at 11:06 AM, attached hereto and marked as "Exhibit B."

**2 of 4**

**BRADLEY MURCHISON KELLY & SHEA, LLC**

/s/ David R. Taggart
DAVID R. TAGGART, LA. BAR NO. 12626
401 Edwards Street, Suite 1000
Shreveport, Louisiana 71101
Telephone:   (318) 227-1131
Facsimile:    (318) 227-1141
Email:          dtaggart@bradleyfirm.com

*Counsel for Defendant,*
*Waste Connections US, Inc.*

/s/ Michael C. Mims
MICHAEL C. MIMS, LA. BAR NO. 33991
1100 Poydras Street Suite 2700
New Orleans, Louisiana 70163
Telephone:   (504) 596-6300
Facsimile:    (504) 596-6301
Email:          mmims@bradleyfirm.com

*Counsel for Defendant,*
*Waste Connections US, Inc.*

**BEVERIDGE & DIAMOND, P.C.**

/s/ Megan R. Brillault
MEGAN R. BRILLAULT (*PRO HAC VICE*)
MICHAEL G. MURPHY (*PRO HAC VICE*)
JOHN H. PAUL (*PRO HAC VICE*)
477 Madison Avenue, 15th Floor
New York, New York 10022
Telephone:   (212) 702-5400
Email:          mbrillault@bdlaw.com

*Counsel for Defendant,*
*Waste Connections US, Inc.*

/s/ James B. Slaughter
JAMES B. SLAUGHTER (*PRO HAC VICE*)
1350 I Street, Northwest, Suite 700
Washington, DC 20005
Telephone:   (202) 789-6000
Email:          jslaughter@bdlaw.com

*Counsel for Defendant,*
*Waste Connections US, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has this date been served on all known counsel of record in this proceeding by:

( )  Hand Delivery
(X)  Email

( )  Prepaid U.S. Mail
( )  Facsimile

Metairie, Louisiana this 4th day of June 2019.

MATTHEW D. MOGHIS

**24TH JUDICIAL DISTRICT FOR THE PARISH OF JEFFERSON**

**STATE OF LOUISIANA**

NO. 792-502                                                    DIVISION "O"

**CHARLES LEE ANDERSON, et al.**

**VERSUS**

**LOUISIANA REGIONAL LANDFILL COMPANY, et al.**

FILED: _____          _____
                                                                    **DEPUTY CLERK**

**ORDER OF TRANSFER**

   **IT IS ORDERED BY THE COURT** that the above numbered and entitled matter

be transferred to the docket of the Honorable Judge Stephen Grefer, Division "J" of the

24th Judicial District Court, in and for the Parish of Jefferson, State of Louisiana, for all

further proceedings and final disposition.

   Gretna, Louisiana, this _____ day of _____, 2019.


   _____
   **JUDGE DANYELLE M. TAYLOR**


**APPROVED AND ACCEPTED:**

Gretna, Louisiana, this _____ day of _____, 2019.


_____
**JUDGE STEPHEN GREFER**


**4 of 4**

Filed by: **Fax**

Date: _May 17, 2019_

Time: _11:48 AM_

Deputy Clerk: _____

(SEE ATTACHED LOG)

FILED FOR RECORD 05/22/2019 11:17:09
Jessica F. Matherne, DY CLERK
JEFFERSON PARISH, LA

DT 713
034

## 24TH JUDICIAL DISTRICT FOR THE PARISH OF JEFFERSON

## STATE OF LOUISIANA

NO. 790-369

DIVISION "J"

### FREDERICK ADDISON, et. al.

### VERSUS

### LOUISIANA REGIONAL LANDFILL COMPANY, et. al.

FILED: _____     _____

**DEPUTY CLERK**

### JUDGMENT ON DEFENDANT JEFFERSON PARISH'S MOTION TO TEMPORARILY LIFT STAY AND MOTION TO CONSOLIDATE AND ON PLAINTIFFS FREDERICK ADDISON ET. AL.'S MOTION TO PERMENANTLY LIFT STAY

**ON MAY 9, 2019,** hearing was held on Jefferson Parish's Motion to Temporarily Lift Stay and Motion to Consolidate, which was adopted by Waste Connections US, Inc and Plaintiffs Frederick Addison *et. al.*'s Motion to Permanently Lift Stay. Present at the hearing were:

MATTHEW D. MOGHIS, *counsel for Jefferson Parish*;

DAVID TAGGART, MICHAEL MIMS and MEGAN R. BRILLAULT, *counsel for Waste Connections US, Inc.*; and

BARRY S. NEUMAN, C. Allen Foster, S. Eliza James, Byron Forrest, and Nicholas Cressy *counsel for Plaintiffs*.

**CONSIDERING** the law, evidence, and argument of counsel, for the reasons orally assigned:

**IT IS ORDERED, ADJUDGED, AND DECREED** that Jefferson Parish's Motion to Temporarily Lift Stay and Motion to Consolidate be and is hereby **GRANTED**, consolidating and transferring the following matters to this Division with the above-titled matter:

1. *Charles Anderson, et al. v. Louisiana Regional Landfill Company, et al.*
   Docket No. 792-502
   Division "O"

2. *Michael Brunet, et al. v. Louisiana Regional Landfill Company, et al.*
   Docket No. 793-088
   Division "O"

**1 of 2**



EXHIBIT

**A**

3. *Mary Ann Winningkof, et al. v. Louisiana Regional Landfill Company, et al.*
   Docket No. 793-784
   Division "M"

4. *Rickey Calligan, et al. v. Louisiana Regional Landfill Company, et al.*
   Docket No. 793-908
   Division "L"

5. *Regenia Griffin, et al. v. Louisiana Regional Landfill Company, et al.*
   Docket No. 794-011
   Division "A"

(collectively, the "Related Actions")

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, upon execution of this Judgment, Jefferson Parish will submit Motions to Transfer, attaching this Judgment, in the respective Divisions where each of the above-listed cases is currently pending.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the parties shall have until and including May 16, 2019 to submit post-hearing memoranda with respect to Plaintiffs' Motion to Permanently Lift Stay, after submission of which the Court will issue a ruling on Plaintiffs' Motion.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that all Defendants shall have an extension of time to file responsive pleadings in the Related Actions pending further instructions by this Court.

Gretna, Louisiana, this __22nd__ day of __May_____, 2019.

_____
**JUDGE STEPHEN C. GREFER**

D7 owes GOVT

2 of 2

**Matthew Moghis**

| | |
|---|---|
| **From:** | Neuman, Barry S. <BNeuman@wtplaw.com> |
| **Sent:** | Thursday, May 16, 2019 11:06 AM |
| **To:** | Matthew Moghis |
| **Subject:** | RE: Joint/Unopposed Motion to Transfer (Addison; Anderson; etc.) |

We consent.

*Barry S. Neuman*
Whiteford, Taylor & Preston LLP
1800 M Street NW
Suite 450N
Washington, DC 20036
Tele: 202.659.6761
Fax:  202.327.6151

**From:** Matthew Moghis <moghis@connicklaw.com>
**Sent:** Thursday, May 16, 2019 10:42 AM
**To:** Neuman, Barry S. <BNeuman@wtplaw.com>
**Cc:** Eliza James <eliza@fcjlaw.com>; Byron Forrest <byron@fcjlaw.com>; Nicholas Cressy <nicholas@fcjlaw.com>
**Subject:** [EXTERNAL] RE: Joint/Unopposed Motion to Transfer (Addison; Anderson; etc.)

This is a different matter.

I am referring to the Motions to Transfer in the other cases, not the Order in Addison.

**From:** Neuman, Barry S. <BNeuman@wtplaw.com>
**Sent:** Thursday, May 16, 2019 9:38 AM
**To:** Matthew Moghis <moghis@connicklaw.com>
**Cc:** Eliza James <eliza@fcjlaw.com>; Byron Forrest <byron@fcjlaw.com>; Nicholas Cressy <nicholas@fcjlaw.com>
**Subject:** Re: Joint/Unopposed Motion to Transfer (Addison; Anderson; etc.)

We will have comments on your draft order today

Sent from my iPhone

On May 16, 2019, at 10:00 AM, Matthew Moghis <moghis@connicklaw.com> wrote:

> Barry,
>
> I left a voicemail earlier this morning, but to follow up:
>
> We are preparing the Motions to Transfer to transfer the subsequent cases to Judge Grefer's division in accordance with his orders. We would like to file them as either joint or unopposed motions. Do we have your consent to do so?
>
> Feel free to call me if you would like to discuss in greater detail.
>
> Thank you,

1



MATTHEW D. MOGHIS
CONNICK AND CONNICK, L.L.C.
3421 N. Causeway Blvd., Suite 408
Metairie, Louisiana 70002
Telephone: (504) 681-6658
Facsimile:   (504) 838-9903
E-mail:       moghis@connicklaw.com
Website:     www.connicklaw.com [connicklaw.com]

This e-mail transmission and any attachments it may contain is confidential information belonging to the sender which is protected by the attorney-client privilege. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this information is strictly prohibited.  If you have received this e-mail in error, please immediately notify us by telephone.

---

This transmission contains information from the law firm of Whiteford, Taylor & Preston LLP which may be confidential and/or privileged. The information is intended to be for the exclusive use of the planned recipient. If you are not the intended recipient, be advised that any disclosure, copying, distribution or other use of this information is strictly prohibited. If you have received this transmission in error, please notify the sender immediately.

2

(101) CITATION: PETITION FOR DAMAGES;                    190314-0296-9

24TH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON
STATE OF LOUISIANA

MICHAEL BRUNET, CHANDRA AUGUST, J C BATES
 versus
LOUISIANA REGIONAL LANDFILL COMPANY, IESI LA
LANDFILL CORPORATION, WASTE CONNECTIONS
BAYOU INC, PROGRESSIVE WASTE SOLUTIONS OF      Case: 793-088    Div: "O"
LA INC, WASTE CONNECTIONS US INC, APTIM CORP,  P 1 MICHAEL BRUNET
PARISH OF JEFFERSON, ABC CORPORATION, DEF
CORPORATION, GHI CORPORATION, JKL
CORPORATION, MNO CORPORATION

 To:  WASTE CONNECTIONS US INC
THROUGH AGENT CORPORATION SERVICE
COMPANY                                        LA Long Arm
251 LITTLE FALLS DRIVE
WILMINGTON DE 19808

PARISH OF JEFFERSON

You are hereby summoned to comply with the demand contained in the PETITION FOR
DAMAGES of which a true and correct copy accompanies this citation, or make an appearance
either by filing a pleading or otherwise, in the 24th Judicial District Court in and for the Parish of
Jefferson, State of Louisiana, within 30 THIRTY CALENDAR days after the return of service
hereof, under penalty of default.

This service was requested by attorney BYRON M. FORREST and was issued by the Clerk of
Court on the 14th day of March, 2019.

/s/ Rod A Schouest
Rod A Schouest, Deputy Clerk of Court for
Jon A. Gegenheimer, Clerk of Court

_____SERVICE INFORMATION_____

(101)  CITATION: PETITION FOR DAMAGES;                    190314-0296-9

Received:_____   Served:_____   Returned:_____

Service was made:
        ___ Personal            ___ Domicilary _____

Unable to serve:
        ___ Not at this address   ___ Numerous attempts _____ times
        ___ Vacant                ___ Received too late to serve
        ___ Moved                 ___ No longer works at this address
        ___ No such address       ___ Need apartment / building number
        ___ Other _____

Service: $_____   Mileage: $_____   Total: $_____

Completed by:_____ # _____
                       Deputy Sheriff
Parish of: _____

Thomas F. Donelon Courthouse : 200 Derbigny St. : Gretna LA 70053

Page 1 of 1

(101)  CITATION: PETITION FOR DAMAGES;                          190314-0296-9

## 24TH JUDICIAL DISTRICT COURT
## PARISH OF JEFFERSON
## STATE OF LOUISIANA

MICHAEL BRUNET, CHANDRA AUGUST, J C BATES
   versus
LOUISIANA REGIONAL LANDFILL COMPANY, IESI LA
LANDFILL CORPORATION, WASTE CONNECTIONS
BAYOU INC, PROGRESSIVE WASTE SOLUTIONS OF          Case: 793-088    Div: "O"
LA INC, WASTE CONNECTIONS US INC, APTIM CORP,      P 1 MICHAEL BRUNET
PARISH OF JEFFERSON, ABC CORPORATION, DEF
CORPORATION, GHI CORPORATION, JKL
CORPORATION, MNO CORPORATION

To:  WASTE CONNECTIONS US INC
THROUGH AGENT CORPORATION SERVICE
COMPANY                                             LA Long Arm
251 LITTLE FALLS DRIVE
WILMINGTON DE 19808


PARISH OF JEFFERSON

You are hereby summoned to comply with the demand contained in the PETITION FOR
DAMAGES of which a true and correct copy accompanies this citation, or make an appearance
either by filing a pleading or otherwise, in the 24th Judicial District Court in and for the Parish of
Jefferson, State of Louisiana, within 30 THIRTY CALENDAR days after the return of service
hereof, under penalty of default.


This service was requested by attorney BYRON M. FORREST and was issued by the Clerk of
Court on the 14th day of March, 2019.


                /s/ Rod A Schouest
                Rod A Schouest, Deputy Clerk of Court for
                Jon A. Gegenheimer, Clerk of Court


_____SERVICE INFORMATION_____

(101)  CITATION: PETITION FOR DAMAGES;                          190314-0296-9

Received:_____    Served:_____    Returned:_____

Service was made:
    ___ Personal              ___ Domicilary _____

Unable to serve:
    ___ Not at this address    ___ Numerous attempts _____ times
    ___ Vacant                ___ Received too late to serve
    ___ Moved                 ___ No longer works at this address
    ___ No such address        ___ Need apartment / building number
    ___ Other _____

Service: $_____    Mileage: $_____    Total: $_____

Completed by:_____ # _____
                       Deputy Sheriff
Parish of: _____

FILED FOR RECORD 03/14/2019 11:04:34
Stacy L. Roussel, DY CLERK
JEFFERSON PARISH, LA

## 24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

### STATE OF LOUISIANA

NO.:   793088                          DIVISION:

MICHAEL BRUNET, LAKEISHA ALLEN, CHANDRA AUGUST, J.C. BATES, ECHELLE BATES, LA'SHEA BATES, individually and on behalf of her minor child, O'SHEA BATES, ROSA BATES, JEREMY BELL, individually and on behalf of his minor children, CONNOR BELL and LONDON WATKINS, BREANNA BLANCHARD, individually and on behalf of her minor child, JAYDEN TATE, HOLLY BLANCHARD, individually and on behalf of her minor children BRIYA BLANCHARD and BRYCE BLANCHARD, CHARLES BLOODSWORTH, GINA BLOODSWORTH, individually and on behalf of her minor children CORD BLOODSWORTH, JILLIAN BLOODSWORTH and BRIN BLOODSWORTH, ASHLEY COLEMAN, individually and on behalf of her minor child SIDNEY ALEXANDER LIVIOUS, ERICA COLLINS, individually and on behalf of her minor child KADENCE BRIGNAC, PATTY CRIER, CAROL CROCKETT, COURTNEY CROCKETT, individually and on behalf of her minor child JONATHAN CROCKETT, CATHY DANIELS, LAKEISHA DANIELS, individually and on behalf of her minor child AMIR AUSTIN, LULA DARDEN, SHANTEL EVANS, individually and on behalf of her minor children DESTINY EVANS and FAITH EVANS, LIZ EVERSON, ELAINE FISHER, MARY FERRELL, individually and on behalf of her minor children JOHN V. KELLY III, SABYRON B. FERRELL, OLIVIA D. FERRELL and SYOUR D. FERRELL, DESELLE GUSTAIN, DONELL GUSTAIN, VIOLA HAWKINS, BARBARA HENDERSON, SHANNON HILL, JAKE JAMES, ZANE JANICKI, individually and on behalf of his minor children KATE JANICKI and SOPHIA JANICKI, DONNA JEFFERSON, TENNILLE JONES, individually and on behalf of her minor children TY'LEAH LANUS and CAILEE LANUS, LAWRENCE KIMBELL, CLARK LANUS, individually and on behalf of his minor children, TY'LEAH LANUS and CAILEE LANUS, CLARENCE LEBLANC, JESSICA MCKANICK, individually and on behalf of her minor children, HAIDEN MCKANIC and HAKEEM MCKANIC, BONNITTA MAGEE, JANAY MASON, individually and on behalf of her minor child individually and on behalf of her minor child DEMONE DETIEGE, JR., KAREN MORISE, ERNEST NEWELL, MELVIN RATCLIFF, KENNETH ROYAL, SUSIE ROUX, ANEESAH SABRE, LORETTA SEALS, DEBRA SHELVIN, EMMETTE SYLVE, JR., THOMAS STACKER, JAMES STERMER, DEBRA STROMAS, WILLIE STROMAS, HAROLD SUTTON, VERA SUTTON, individually and on behalf of her minor children CHELSIA STERMER-SUTTON, KAMERON STERMER-SUTTON and JAMES STERMER-SUTTON, DREYTON THOMAS, BRITNEY TORRES, JUANITA TORRES, PATRICIA WHITE, JOSEPH WILLIAMS, IV, individually and on behalf of his minor children JOSIAH WILLIAMS, JOSEPH WILLIAMS, and SINAYA WILLIAMS.

### VERSUS

LOUISIANA REGIONAL LANDFILL COMPANY (LRLC), f/k/a IESI LA LANDFILL CORPORATION; WASTE CONNECTIONS BAYOU, INC., f/k/a/ PROGRESSIVE WASTE SOLUTIONS OF LA, INC; WASTE CONNECTIONS US, INC; APTIM CORP; PARISH OF JEFFERSON; ABC CORP; DEF CORP; GHI CORP; JKL CORP; and MNO CORP.

FILED:_____        _____
                                        DEPUTY CLERK

_____

## PETITION FOR DAMAGES AND INJUNCTIVE RELIEF

This action arises from the continuing, significant and unabated harm suffered by each of the named Petitioners as a result of the ongoing – and admitted – failure of each of the Defendants to ensure that the design, operation and maintenance of the Jefferson Parish Landfill (the "J.P. Landfill") complies with applicable environmental laws and adequately protects Petitioners' human health and environment. At all relevant times, the J.P. Landfill and has persistently emitted harmful and toxic odors and chemicals into the surrounding areas, including where each of the Petitioners resides.

These unlawful, harmful and toxic releases have caused Petitioners substantial loss of the use and enjoyment of their homes and immovable property, and have caused physical harms including, among other things: difficulties breathing, coughing, nausea, burning eyes, ears, noses and throats, dizziness loss of appetite and lethargy, as well as fear, anguish, discomfort and inconvenience. These emissions also have caused diminution in the value of Petitioners' homes.

Accordingly, Petitioners seek redress from the Defendants for the direct and consequential injury and damage they have suffered and will continue to suffer as a direct result of the releases of noxious odors and chemicals from the J.P. Landfill.

Petitioners respectfully allege as follows:

## I.

Petitioners are:

**LAKEISHA ALLEN,** an individual of full age of majority residing at 9009 Rousseau St., Kenner, LA 70062 and owner of a leasehold interest in said premises.

**CHANDRA AUGUST,** an individual of full age of majority residing at 261 Capitol Dr., Avondale La 70084, and owner of said immovable property.

**J.C. BATES,** an individual of full age of majority residing at 307 Audubon Ct., Kenner, LA 70062, and owner of a leasehold interest in said premises.

**ECHELLE BATES,** an individual of full age of majority residing at 525 Taylor St. Apt. A, Kenner, LA 70062 and owner of a leasehold interest in said premises.

2

LA'SHEA BATES, an individual of full age of majority residing at 525 Taylor St. Apt. A, Kenner, LA 70062, and in her individual capacity and on behalf of her minor child, O'SHEA BATES.

ROSA BATES, an individual of full age of majority residing at 10950 Jefferson Hwy, Apt. R6, River Ridge, LA 70123, and an owner of a leasehold interest in said premises.

JEREMY BELL, an individual of full age of majority residing at 37 Imogene St., Westwego, LA 70094, and owner of a leasehold interest in said premises, in his individual capacity and as parent of his minor children, CONNOR BELL and LONDON WATKINS.

BREANNA BLANCHARD, an individual of full age of majority residing at 253 Azalea Dr., Waggaman LA 70094, in her individual capacity and as parent of her minor child, JAYDEN TATE.

HOLLY BLANCHARD, an individual of full age of majority residing at 253 Azalea Dr., Waggaman LA 70094, in her individual capacity and as parent of her minor children, BRIYA BLANCHARD and BRYCE BLANCHARD.

CHARLES BLOODSWORTH, an individual of full age of majority residing at 9125 5th St., River Ridge, La 70123 and owner of said immovable property.

GINA BLOODSWORTH, an individual of full age of majority residing at 9125 5th St., River Ridge, La 70123 and owner of said immovable property, in her individual capacity and on behalf of her minor children, CORD BLOODSWORTH, JILLIAN BLOODSWORTH and BRIN BLOODSWORTH.

MICHAEL BRUNET, an individual of full age of majority residing at 605 Hester Avenue, River Ridge, LA 70123 and owner of said immovable property.

ASHLEY COLEMAN, an individual of full age of majority residing at 5808 Cedar Creek Road, Apt 215, River Ridge, LA 70123 and owner of a leasehold interest in said premises, in her individual capacity and as parent of her minor child, SIDNEY ALEXANDER LIVIOUS.

ERICA COLLINS, an individual of full age of majority residing at 337 Glen Della Dr., Westwego, LA 70094, and owner of a leasehold interest in said premises, in her individual capacity and as parent of her minor child, KADENCE BRIGNAC.

3

**PATTY CRIER**, an individual of full age of majority residing at 744 Hooter Rd., Westwego, LA 70094, and owner of a leasehold interest in said premises.

**CAROL CROCKETT**, an individual of full age of majority residing at 1358 South Myrtle Street, Metairie LA 70003, and owner of a leasehold interest in said premises.

**COURTNEY CROCKETT**, an individual of full age of majority residing at 1358 South Myrtle Street, Metairie LA 70003, in her individual capacity and on behalf of her minor child, **JONATHAN CROCKETT.**

**CATHY DANIELS**, an individual of full age of majority residing at 228 Della Lane Avondale, LA 70094, and owner of said immovable property.

**LAKEISHA DANIELS**, an individual of full age of majority residing at 228 Della Lane Avondale, LA 70094, in her individual capacity and on behalf of her minor child, **AMIR AUSTIN.**

**LULA DARDEN**, an individual of full age of majority residing at 408 Upland Ave., River Ridge, LA 70123 and owner of said immovable property.

**SHANTEL EVANS**, an individual of full age of majority residing at 8021 Monett St Metairie LA 70003 and owner of a leasehold interest in said premises, in her individual capacity and as parent of her minor children, **DESTINY EVANS and FAITH EVANS**

**LIZ EVERSON**, an individual of full age of majority residing at 812 1/2 S. Cumberland, Metairie, LA 70003, and owner of a leasehold interest in said premises.

**ELAINE FISHER**, an individual of full age of majority residing at 1020 Starrett Rd., Metairie, LA 70003, and owner of said immovable property.

**MARY FERRELL**, an individual of full age of majority residing at 1534 Mansfield Ave. Marrero, LA 70072 and owner of a leasehold interest in said premises, individually and on behalf of her minor children, **JOHN V. KELLY III, SABYRON B. FERRELL, OLIVIA D. FERRELL and SYOUR D. FERRELL.**

**DESELLE GUSTAIN**, an individual of full age of majority residing at 10506 Jefferson Hwy., Apt. 3, River Ridge, LA 70123, and owner of a leasehold interest in said premises.

**DONELL GUSTAIN**, an individual of full age of majority residing at 10506 Jefferson Hwy., Apt. 3, River Ridge, LA 70123, and owner of a leasehold interest in said premises.

4

**VIOLA HAWKINS,** an individual of full age of majority residing at 353 Senate Dr., Avondale, LA 70094 and owner of a leasehold interest in said premises.

**BARBARA HENDERSON,** an individual of full age of majority residing at 1407 S. Dilton St., Metairie, LA 70003, and owner of said immovable property.

**SHANNON HILL,** an individual of full age of majority residing at 11104 Newton St., River Ridge, LA 70123, and owner of a leasehold interest in said premises.

**JAKE JAMES,** an individual of full age of majority residing at 136 Jasmine Ln., Waggaman, LA 70094, and owner of a leasehold interest in said premises.

**ZANE JANICKI,** an individual of full age of majority residing at 2033 Generes Drive, Harahn, LA 7012, in his individual capacity and as the parent of his minor children, **KATE JANICKI** and **SOPHIA JANICKI.**

**DONNA JEFFERSON,** an individual of full age of majority residing at 353 Senate Dr., Avondale, LA 70094 and owner of a leasehold interest in said premises.

**TENNILLE JONES,** an individual of full age of majority residing at 512 Clifford St., Waggaman, LA 70094 and owner of a leasehold interest in said immovable property, in her individual capacity and as parent of her minor children, **TY'LEAH LANUS** and **CAILEE LANUS.**

**LAWRENCE KIMBELL,** an individual of full age of majority residing at 621 S. Cumberland St, River Ridge, LA 70123 and owner of a leasehold interest in said immovable property.

**CLARK LANUS,** an individual of full age of majority residing at 512 Clifford St., Waggaman, LA 70094, in his individual capacity and as parent of his minor children, **TY'LEAH LANUS** and **CAILEE LANUS.**

**CLARENCE LEBLANC,** an individual of full age of majority residing at 1113 S. Starrett Rd., Metairie, LA 70003, and owner of a leasehold interest in said immovable property.

**JESSICA MCKANICK,** an individual of full age of majority residing at 629 Pat Dr, Avondale, LA 70094, in her individual capacity on behalf of her minor children, **HAIDEN MCKANIC** and **HAKEEM MCKANIC.**

5

**BONNITTA MAGEE,** an individual of full age of majority residing at 1325 S. Dilton St Metairie La 70003 and owner of said immovable property.

**JANAY MASON,** an individual of full age of majority residing at 528 Ruth Drive, Avondale, LA 70094, in her individual capacity and as parent of her minor child, **DEMONE DETIEGE, JR.**

**KAREN MORISE,** an individual of full age of majority residing at 253 Azalea Dr., Waggaman LA 70094, and owner of said immovable property.

**ERNEST NEWELL,** is an individual of full age of majority residing at 703 Richard, River Ridge, LA 70123, and owner of said immovable property.

**MELVIN RATCLIFF,** an individual of full age of majority residing at 10950 Jefferson Hwy, Apt. R6, River Ridge, LA 70123, and an owner of a leasehold interest in said premises.

**KENNETH ROYAL,** an individual of full age of majority residing at 644 Compromise Street, Kenner LA 70062, and owner of a leasehold interest in said premises.

**SUSIE ROUX,** is an individual of full age of majority residing at 703 Richard Ave., River Ridge, LA 70123, and owner of said immovable property.

**ANEESAH SABRE,** an individual of full age of majority residing at 8724 Sheldon St., Metairie, LA 70003 and owner of said immovable property.

**LORETTA SEALS,** an individual of full age of majority residing at 644 Compromise St Apt D, 644 Compromise St Apt D, Kenner, LA 70062, and owner of a leasehold interest in said premises.

**DEBRA SHELVIN,** an individual of full age of majority residing at 629 Pat Dr, Avondale, LA 70094, and owner of said immovable property.

**EMMETTE SYLVE, JR.,** an individual of full age of majority residing at 261 Capitol Dr., Avondale LA 70084 and owner of said immovable property.

**THOMAS STACKER,** an individual of full age of majority residing at 812 1/2 S. Cumberland, Metairie, LA 70003, and owner of a leasehold interest in said premises.

**JAMES STERMER,** an individual of full age of majority residing at 124 Rosalie Drive, Avondale, LA 70094.

6

**DEBRA STROMAS,** an individual of full age of majority residing at 337 Glen Della Dr., Westwego, LA 70094, and owner of said immovable property.

**WILLIE STROMAS,** an individual of full age of majority residing at 337 Glen Della Dr., Westwego, LA 70094, and owner of said immovable property.

**HAROLD SUTTON,** an individual of full age of majority residing at 124 Rosalie Drive, Avondale, LA 70094, and owner of said immovable property.

**VERA SUTTON,** an individual of full age of majority residing at 124 Rosalie Drive, Avondale, LA 70094, and owner of said immovable property, individually and on behalf of her minor children, **CHELSIA STERMER-SUTTON, KAMERON STERMER-SUTTON** and **JAMES STERMER-SUTTON.**

**DREYTON THOMAS,** an individual of full age of majority residing at 112 Mark Twain Dr. #23, River Ridge, LA 70123, and owner of a leasehold interest in said immovable property.

**BRITNEY TORRES,** an individual of full age of majority residing at 318 Federal Dr., Waggaman, LA 70094, as owner of a leasehold interest in said premises and as owner of the immovable property located at 208 Senate Drive, Avondale, LA 70094.

**JUANITA TORRES,** an individual of full age of majority residing at 208 Senate Dr., Avondale, LA 70094, and owner of said immovable property.

**PATRICIA WHITE,** an individual of full age of majority residing at 444 Liska St., Waggaman LA 70094, and owner of said immovable property.

**JOSEPH WILLIAMS, IV,** an individual of full age of majority residing at 8724 Sheldon St., Metairie, LA 70003, and owner of said immovable property, in his individual capacity and as parent of his minor children, **JOSIAH WILLIAMS, JOSEPH WILLIAMS,** and **SINAYA WILLIAMS.**

## II.

Made Defendants herein are:

a. **LOUISIANA REGIONAL LANDFILL COMPANY (LRLC), f/k/a IESI LA LANDFILL CORPORATION (IESI"),** a foreign corporation domiciled in Delaware authorized to do and doing business in this Parish and State.  On information and belief, LRLC is a wholly owned subsidiary of Defendant Waste Connections Bayou, Inc., Inc.,

7

which in turn was acquired by Defendant Waste Connections US, Inc. On information

and belief, Defendant LRLC is controlled by Defendants Waste Connections Bayou,

Inc., and/or Waste Connections, US, Inc., and is the "alter ego" of those Defendants,

operating without autonomy and only pursuant to the direction, policies and procedures

of its parent corporations;

b. **WASTE CONNECTIONS BAYOU, INC., f/k/a/ PROGRESSIVE WASTE
SOLUTIONS OF LA, INC.,** a foreign corporation authorized to do and doing business
in this Parish and State;

c. **WASTE CONNECTIONS US, INC.,** a foreign corporation authorized to do and
doing business in this Parish and State; and

d. **APTIM CORP.,** a foreign corporation domiciled in Delaware authorized to do and
doing business in this Parish and State;

e. **PARISH OF JEFFERSON,** a Louisiana municipal parish in and political subdivision
of the State of Louisiana (the "Parish";

f. **ABC CORPORATION,** a foreign or domestic insurance company whose identity is
unknown to the Petitioners, who upon information and belief wrote a policy of
insurance coverage for Defendant **LOUISIANA REGIONAL LANDFILL
COMPANY (LRLC), F/K/A IESI LA LANDFILL CORPORATION ("IESI"),**
that may provide coverage for acts, occurrences, and/or omissions more specifically
described herein;

g. **DEF CORPORATION** a foreign or domestic insurance company whose identity is
unknown to the Petitioners, who upon information and belief wrote a policy of
insurance coverage for Defendant, **WASTE CONNECTIONS BAYOU, INC., f/k/a/
PROGRESSIVE WASTE SOLUTIONS OF LA, INC.** that may provide coverage
for acts, occurrences, and/or omissions more specifically described herein;

h. **GHI CORPORATION** a foreign or domestic insurance company whose identity is
unknown to the Petitioners, who upon information and belief wrote a policy of
insurance coverage for Defendant, **WASTE CONNECTIONS BAYOU, INC., f/k/a/**
described herein;

8

1472

PROGRESSIVE WASTE SOLUTIONS OF LA, INC., that may provide coverage

for acts, occurrences, and/or omissions more specifically described herein;

i. **JKL CORPORATION** a foreign or domestic insurance company whose identity is

unknown to the Petitioners, who upon information and belief wrote a policy of

insurance coverage for Defendant, **APTIM CORP**, that may provide coverage for acts,

occurrences, and/or omissions more specifically described herein;

j. **MNO CORPORATIONS** foreign or domestic insurance company whose identity is

unknown to the Petitioners, who upon information and belief wrote a policy of

insurance coverage for Defendant, **PARISH OF JEFFERSON**, that may provide

coverage for acts, occurrences, and/or omissions more specifically described herein.

## III.

## JURISDICTION AND VENUE

Venue is proper in accordance with La. R.S. 13:5104(B), which states, in part, that "[a]ll

suits filed against a political subdivision of the state ... shall be instituted before the district court

of the judicial district in which the political subdivision is located or in the district court having

jurisdiction in the parish in which the cause of action arises." Venue is further proper as to all other

defendants as the wrongful conduct giving rise to the Petitioner's claims occurred within the

jurisdictional limits of Jefferson Parish, State of Louisiana.

## IV.

## FACTS

The Parish is the owner of the Jefferson Parish Landfill (the "J.P. Landfill"), located at

5800 Highway 90 West in Avondale, Jefferson Parish, LA.

## V.

At all relevant times, the J.P. Landfill has been used as a Type I/II landfill permitted to

accept municipal and commercial solid waste, non-hazardous industrial waste, trash, construction

debris, vegetative waste, dewatered municipal wastewater sludge, and compatible non-hazardous

industrial waste pursuant to the Louisiana Environmental Quality Act, La. R.S. 30:2001, *et seq.*

9

(the "Act") as well as federal laws and regulations implemented by the United States Environmental Protection Agency ("USEPA").

## VI.

The J.P. Landfill is authorized to operate pursuant to and only in accordance with the terms and conditions of, among other things, Standard Permit P-0297R1 (the "Standard Permit") as issued, approved, and subject to periodic review and renewal by the Louisiana Department of Environmental Quality ("LDEQ") pursuant to the Act. The Standard Permit was most recently renewed by the LDEQ on or about January 22, 2010.

## VII.

On or about May 17, 2012, the Parish entered into a contract with the Defendant IESI (since renamed the Louisiana Regional Landfill Company) under which IESI agreed, among other things, to "manage all tasks of the operation, management and maintenance" of the J.P. Landfill (the "IESI Operating Contract"). Among other things, the IESI Operating Contract provides that:

(a) Operation of the J.P. Landfill will be conducted "in strict compliance and conformity with all Federal, State and local laws, ordinances, and regulations, including the rules and regulations of the USEPA, LDEQ, and all State of Louisiana agencies, and in accordance with the Permit Documents."

(b) "IESI shall be responsible for compliance with all Federal, State and local regulations, laws and ordinances in its performance of the Service/Work associated with the operation [and maintenance] of the Landfill."

(c) IESI is required to "provide all labor, equipment, materials and incidentals to assume all daily operations of the Landfill."

(d) The Parish Engineer has the authority to "decide any and all questions as to...the manner of performance and rate of progress of the Services/Work...the interpretation of the Contract Documents, and all questions as to the acceptable Completion" of the Contract "in his reasonable and good faith opinion." The Parish Engineer is further authorized to "suspend operations at any time when the Service/Work, in his good faith and reasonable opinion, is not being carried out in conformity with the Contract Documents and all permits."

10

## VIII.

Defendant APTIM is and at all relevant times has been a co-operator of the gas and leachate collection system of the J.P Landfill.

## IX.

Jefferson Parish, in addition to being an owner of the J.P. Landfill, is and at all relevant times has been a co-manager and co-operator of the J.P. Landfill with IESI/LRLP and APTIM.

## X.

The Parish has admitted that improper operation of the J.P. Landfill is a major source of the odors suffered by Petitioners as well as the adverse consequences thereof.  At a public press conference on July 23, 2018, Parish President Mike Yenni stated that:

(a) The J.P. Landfill's system designed to "contain and deodorize landfill gases" has not been in "proper working order."

(b) The landfill's leachate collection system has not been operated properly.

(c) "Properly operated landfills do not operate persistent off-site odors and corrective actions…are essential."

(d) The Parish has notified IESI that it is in breach of its contract to properly operate the J.P. Landfill.

## XI.

At the same press conference, Parish Sheriff Mark Conley stated that the J.P. Landfill gas collection system has been collecting only twenty percent (20%) of the gas emitted from landfill operations, whereas a properly operating system would collect ninety-seven to ninety-eight percent of gas emissions, "[s]o that is why the Parish president is stressing that we realize we have problems…right now, a lot of our priority, in the name of public safety and our police powers, is to address the existing system, get it operational, and to pull as much gas out of that landfill as we can."

## XII.

At the same press conference, Parish Councilman Paul Johnson stated that the odor from the J.P. Landfill

11

"has gotten really bad in the past for our five months…we are all going to experience odors from the landfill because it's a landfill. But, not those we have been having for the past three or five months. It's been really bad. I have been woken up at night with my nose burning and couldn't breathe at three or four o'clock in the morning. This has happened to me more than one time…we know the landfill is causing problems and we know it is a big source of problems…."

### XIII.

At the same press conference, Doctor Joseph Cantor, Medical Director and Administrator for Region 1 of the Louisiana Department of Health, warned that when the odors are at "a high level, residents should, if they are able to, leave the area and particularly if they have certain chronic conditions which put them at increased risk mainly pulmonary disease and asthma COPD."[1]]

### XIV.

On or about June 22, 2018, the LDEQ issued a Compliance Order to the Parish which, among other things, found that the Parish has violated its Landfill Permit and applicable environmental regulations by (i) failing to provide daily cover and (ii) failing to properly operate the system that is intended to collect leachate – the liquid brew that drains from a landfill and carries with it numerous harmful chemicals.

### XV.

The LDEQ inspectors found areas of pooled leachate and leachate flowing downhill from the pooled leachate.

### XVI.

The United States Environmental Protection Agency ("EPA") has established general screening levels for various pollutants. These screening levels are chemical-specific concentrations for individual contaminants in air that may warrant further investigation or site cleanup.[2] A chronic screening level addresses potential chronic exposure to a chemical.

---

[1] A video recording of the July 23 press conference can be accessed at https://www.facebook.com/NOLAnews/videos/10155793116437060/ (last visited Aug. 4, 2018).
[2] https://www.epa.gov/risk/regional-screening-levels-rsls-users-guide (last visited, Nov. 21, 2018).

## XVII.

Air samples collected by the LDEQ in the communities of River Ridge, Harahan and

Waggaman between July 20, 2018 through approximately July 28, 2018 were found to contain

numerous chemical compounds at concentrations that exceed EPA's chronic screening levels,

including acrolein, 1, 2-dichloroethane, benzene, carbon tetrachloride, and naphthalene. All of

these compounds are multimodal toxicants, in that they are potential or actual human carcinogens

and also have other toxic effects. The air samples collected by LDEQ also contained hydrogen

sulfide at concentrations that exceed EPA's chronic screening levels. Hydrogen sulfide is a

potentially toxic compound. All of these compounds are typically found in the gases generated by

landfills like the Jefferson Parish Landfill.

## XVIII.

In a report dated August 15, 2018, prepared for the Parish by its environmental consultant,

Carson Environmental Consulting ("CEC"), CEC made several findings, including, among other

things, that there are numerous deficiencies in "the landfill gas condensate and leachate collection

pumping systems[,]" and that the infrastructure for these requires immediate improvement

"to meet the Parish's performance objectives." In addition, CEC concluded that improved

operation and maintenance of the J.P. Landfill requires the Parish's "focused attention."

## XX.

On information and belief, on or about December 5, 2018 the Commissioner of the LDEQ

informed the Parish that there is "no doubt" in his mind that the JP Landfill is the primary source

the odors experienced by residents of the communities in which Petitioners reside.

## XXI.

On information and belief, Defendant ABC Corporation has issued a policy of insurance

to Defendant Louisiana Regional Landfill Company that covers the acts and omissions alleged

herein. Petitioners will amend this Petition to identify ABC Corporation once its identity is known.

## XXII.

On information and belief, Defendant DEF Corporation has issued a policy of insurance to

Defendant Waste Connections Bayou, Inc. that covers the acts and omissions alleged herein.

Petitioners will amend this Petition to identify DEF Corporation once its identity is known.

13

On information and belief, Defendant GHI Corporation has issued a policy of insurance to Defendant Waste Connections US, Inc. that covers the acts and omissions alleged herein. Petitioners will amend this Petition to identify GHI Corporation once its identity is known.

### XXIV.

On information and belief, Defendant JKL Corporation has issued a policy of insurance to Defendant Aptim Corporation that covers the acts and omissions alleged herein. Petitioners will amend this Petition to identify JKL Corporation once its identity is known.

### XXV.

On information and belief, Defendant MNO Corporation has issued a policy of insurance to Defendant Parish of Jefferson that covers the acts and omissions alleged herein. Petitioners will amend this Petition to identify JKL Corporation once its identity is known.

### XXVI.

### PROXIMATE CAUSE AND BAD ACTS

The Defendants' failure to properly design, operate and maintain the J.P. Landfill, including its gas and leachate collection systems, have caused harmful, noxious and repulsive odors and chemicals to be released from the J.P. Landfill into the surrounding environment on and in to Petitioners' homes and immovable property, resulting in Petitioners' continuing exposure to these odors and chemicals.

### XXVII.

These odors and chemicals have also caused these Petitioners to suffer physical and other harm including, but not limited to difficulties breathing, coughing, nausea, burning eyes, ears, noses and throats, dizziness, loss of appetite, fatigue and lethargy, as well as fear, anguish, anxiety and mental pain and suffering. In addition:

k.      Petitioner **J.C. Bates** suffers from asthma. He is treated by a physician for this illness. His asthma is exacerbated by the odors emanating from the Landfill.

ii.      Petitioner **La'Shea Bates** suffers from asthma. Her asthma is exacerbated by the odors emanating from the Landfill.

14

iii.     Petitioner **Rosa Bates** suffers from asthma.  She is treated by a physician for this illness.  Her asthma is exacerbated by the odors emanating from the Landfill.

iv.     Petitioner **Jeremy Bell** suffers from asthma.  He is treated by a physician for this illness. His asthma is exacerbated by the odors emanating from the Landfill.

v.     Petitioner **Holly Blanchard** suffers from asthma.  She is treated by a physician for this illness.  Her asthma is exacerbated by the odors emanating from the Landfill.

vi.     Petitioner **Cord Bloodsworth** suffers from asthma.  He is treated by a physician for this illness. His asthma is exacerbated by the odors emanating from the Landfill.

vii.     Petitioner **Michael Brunet** suffers from asthma.  He is treated by a physician for this illness. His asthma is exacerbated by the odors emanating from the Landfill.

vii.     Petitioner **Patty Crier** suffers from asthma.  She is treated by a physician for this illness.  Her asthma is exacerbated by the odors emanating from the Landfill.

ix.     Petitioner **Carol Crockett** suffers from asthma.  She is treated by a physician for this illness.  Her asthma is exacerbated by the odors emanating from the Landfill.

x.     Petitioner **Courtney Crockett** suffers from asthma.  She is treated by a physician for this illness.  Her asthma is exacerbated by the odors emanating from the Landfill.

xi.     Petitioner **Jonathan Crockett** suffers from asthma.  He is treated by a physician for this illness. His asthma is exacerbated by the odors emanating from the Landfill.

xii.     Petitioner **Demone Deteige, Jr.** suffers from asthma. He is treated by a physician for this illness.  His asthma is exacerbated by the odors emanating from the Landfill.

xiii.     Petitioner **Destiny Evans** suffers from asthma.  She is treated by a physician for this illness.  Her asthma is exacerbated by the odors emanating from the Landfill.

xivv.     Petitioner **Faith Evans** suffers from asthma.  She is treated by a physician for this illness.  Her asthma is exacerbated by the odors emanating from the Landfill.

xv.     Petitioner **Shantel Evans** suffers from asthma.  She is treated by a physician for this illness.  Her asthma is exacerbated by the odors emanating from the Landfill.

xvi.     Petitioner **Elizabeth Everson** suffers from asthma and COPD.  She is treated by a physician for these conditions.  Her illnesses are exacerbated by the odors emanating from the Landfill.

xvii.        Petitioner **Deselle Gustain** suffers from asthma.  She is treated by a physician for this illness.  Her asthma is exacerbated by the odors emanating from the Landfill.

xviii.        Petitioner **Sophia Janicki** suffers from asthma.  She is treated by a physician for this illness.  Her asthma is exacerbated by the odors emanating from the Landfill.

xix.        Petitioner **Donna Jefferson** suffers from COPD.  She is treated by a physician for this illness.  Her COPD is exacerbated by the odors emanating from the Landfill.

xx.        Petitioner **Sidney Alexander Livious** suffers from asthma.  He is treated by a physician for this illness.  His asthma is exacerbated by the odors emanating from the Landfill.

xxi.        Petitioner **Bonnitta Magee** suffers from asthma.  She is treated by a physician for this illness.  Her asthma is exacerbated by the odors emanating from the Landfill.

xxii.   Petitioner **Haiden McKanick** suffers from asthma.  He is treated by a physician for this illness.  His asthma is exacerbated by the odors emanating from the Landfill.

xxiii.   Petitioner **Hakeem McKanick** has asthma.  He is treated by a physician for this illness.  His asthma is exacerbated by the odors emanating from the Landfill.

xxiv.   Petitioner **Ernest Newell** suffers from asthma.  He is treated by a physician for this illness.  His asthma is exacerbated by the odors emanating from the Landfill.

xxv.   Petitioner **Susie Roux** suffers from asthma.  She is treated by a physician for this illness.  Her asthma is exacerbated by the odors emanating from the Landfill.

xxvi.   Petitioner **Aneesah Sabre** suffers from asthma.  She is treated by a physician for this illness.  Her asthma is exacerbated by the odors emanating from the Landfill.

xxvii.  Petitioner **Harold Sutton** suffers from COPD.  He is treated by a physician for this illness.  His asthma is exacerbated by the odors emanating from the Landfill.

xxviii.    Petitioner **Britney Torres** suffers from asthma.  She is treated by a physician for this illness.  Her asthma is exacerbated by the odors emanating from the Landfill.

xxix.   Petitioner **Juanita Torres** suffers from asthma.  She is treated by a physician for this illness.  Her asthma is exacerbated by the odors emanating from the Landfill.

xxx.   Petitioner **Patricia White** suffers from asthma.  She is treated by a physician for this illness.  Her asthma is exacerbated by the odors emanating from the Landfill.

xxxi.   Petitioner Joseph Williams, IV suffers from COPD. He is treated by a physician

for this illness. His COPD is exacerbated by the odors emanating from the Landfill.

### XXVIII.

Defendants' actions and omissions with respect to the design, operation and maintenance

of the J.P. Landfill are the direct and proximate cause of the injuries and harm suffered by each of

the Petitioners as alleged above.

### XXVIX.

Defendants' actions and omissions as outlined above also have caused a diminution in the

value of Petitioners' immovable property.

### XXX.

These odors have been pervasive and persistent.  They have continued to the present and

are likely to continue for the foreseeable future.  The emissions constitute a continuing tort.

### XXXI.

Defendants' acts and omissions in owning, designing, operating and/or maintaining the J.P.

Landfill as described above constitute an unreasonable interference with each of the Petitioners'

comfortable use and enjoyment of their homes.

### XXXII.

Defendants are liable to the Petitioners for all damages they have suffered, including bodily

harm, diminution of property value and fear, anguish, and mental pain and suffering, on account

of nuisance.

### XXXIII.

These physical invasions of noxious odors and chemicals constitute a trespass causing

Petitioners to suffer physical harm, diminution in property value and rental value, inconvenience,

loss of enjoyment of property, as well as fear, anguish and mental pain and suffering.

### XXXV.

The emissions of these harmful odors and chemicals have been pervasive and persistent

and constitute a continuing tort.

### XXXVI.

## XXXV.

The Defendants' illegal actions and omissions in owning and operating the J.P. Landfill continue to this day and, unless enjoined by this Court, will continue for the indefinite future. Accordingly, Petitioners are entitled to a permanent injunction ordering the Defendants to abate the continuing nuisance and cease the trespasses caused and created by the J.P. Landfill, including the emission of noxious odors and chemicals, and to take all necessary reasonable actions required to accomplish same.

## XXXVII.

Each of the Defendants had a duty to Petitioners to exercise reasonable care in the design, ownership and/or operation of the Landfills, including without limitation the duty to comply with applicable environmental laws and regulations and otherwise to ensure that the Landfills were operated in a manner that does not jeopardize their health, immovable property, environment, and quality of life.

## XXXVIII.

Each of the Defendants breached such duties of care to the Petitioners by, among other things:

i. Failing to properly design, operate and maintain the J.P. Landfill, thus allowing noxious and harmful odors and chemicals to be released from the J.P. Landfill and introduced in the atmosphere and surrounding neighborhoods;

ii. Failing to take careful and prudent precautionary measures to ensure that these releases would not occur;

iii. Failing to design, operate and maintain the J.P. Landfill in a manner that does not cause harm to others and, in particular, its neighbors;

iv. Failing to comply with applicable regulations governing the design, operation and maintenance of the J.P. Landfill;

v. Being inattentive and careless in the overall design, operation and maintenance of the J.P. Landfill;

vi. Failing to remediate and repair the failures in design, operation and maintenance of the J.P. Landfill as they became known to the Defendants;

18

vii. Any and all other acts of negligence which may be revealed between now and the time of trial.

## XXXIX.

The Defendants' failure to comply with their duties of care to the Petitioners were and are a cause in fact and a legal cause of Petitioners' injuries, and each of the Petitioners has suffered damages as a result thereof, including physical harm, diminution in property value and fear, anguish and mental pain and suffering as well as loss of use and enjoyment of their immovable property and diminution in the value of said property.

## XL.

The Parish's ownership and operation of the J.P. Landfill has caused substantial damage to the value of Petitioners' respective interests in their immovable property.

## XLI.

The Parish knew, or in the exercise of reasonable care, should have known, that its failure to properly design, operate and maintain the J.P. Landfill would cause damage to Petitioners, and such damage could have been prevented by the exercise of reasonable care. The Parish, as owner of the J.P. Landfill, failed to exercise such reasonable care.

## XLII.

In committing the acts and omissions described above, the Defendants have breached their contractual obligations, of which Petitioners are third party beneficiaries, arising under the contracts between the Parish and all other Defendants herein pertaining to the design, operation and maintenance of the J.P. Landfill.

## XLIII.

In committing the foregoing acts and omissions, Defendants have violated, *inter alia*, Civil Code Articles 667, 669, 2315, 2316, and 2317.1, which has caused and continues to cause each of the Petitioners damages including nuisance damages; physical harm and mental fear, anguish, pain and suffering; and diminution in property value.

## XLIV.

Further, Petitioners' interest is their immovable property is a property right protected by the Louisiana Constitution.

19

## XLV.

Petitioners' interest in their real property has been taken and damaged by the actions of Jefferson Parish as set forth above.

## XLVI.

Such taking and damage was for a public purpose – to wit, the operation of a public landfill for the purpose of handling and disposing of waste generated by the citizens of Jefferson Parish and others.

## XLVII.

The Parish is liable to the Petitioners for damages caused by the Parish's unconstitutional taking of their immovable property without paying just compensation pursuant to Article I, Section 4(B) of the Louisiana Constitution.

## XLVIII.

The Parish's taking of Petitioners' property without just compensation constitutions a deprivation of their property without due process of law pursuant to Article I, Section 2 of the Louisiana Constitution.

## XLIX.

The Parish is liable to the Petitioners for damages caused by the Parish's violation of Petitioners' due process rights.

## L.

## REQUEST FOR TRIAL BY JURY

**PETITIONERS REQUEST A JURY TRIAL AS TO ALL CLAIMS TRIABLE BY JURY.**

## LI.

## PRAYER FOR RELIEF

**WHEREFORE,** Petitioners pray that:

    (a) Judgment be entered declaring each of the Defendants jointly, severally and *in solido* liable to each of the Petitioners for all damages (and awarding all such damages), including physical and bodily harm, loss of use and enjoyment of

their homes, diminution in property value, lost wages, medical expenses and mental pain and suffering;

(b) Judgment be entered against the Parish declaring it liable for inverse condemnation, and awarding to each of the Petitioners just compensation for the unconstitutional taking of their interests in real property and/or a deprivation of due process;

(c) Judgment be entered against all Defendants for all additional damages as are just and reasonable under the circumstances, including but not limited to the cost of alternative housing and medical testing;

(d) The Defendants be permanently enjoined and ordered to abate the nuisances and trespasses, and to take all reasonable and necessary measures to cease the harmful emissions from the J.P. Landfill.

(e) The Defendants be required to provide medical monitoring for all Petitioners as appropriate;

(f) Prejudgment and post-judgment interest on all damages be awarded;

(g) Petitioners be awarded all costs for prosecution of this action and attorney fees;

(h) Damages be awarded for all other injuries that may be proved at trial; and

(i) This Court award such other and further relief as it may deem just and proper.

**Respectfully submitted,**

FORREST CRESSEY & JAMES, LLC

Byron Forrest (La. Bar No. 35481)
Nicholas Cressey (La. Bar No. 35725)
S. Eliza James (La. Bar No. 35182)
One Canal Place
365 Canal Street, Suite 1475
New Orleans, Louisiana 70130
Byron@fcjlaw.com
Eliza@fcjlaw.com
Tele: 504.605.0777
Fax:  504.322.3884

OF COUNSEL:
Barry S. Neuman (*Pro Hac Vice* application
to be submitted)
Erik Bolog

A TRUE COPY OF THE ORIGINAL
ON FILE IN THIS OFFICE

DEPUTY CLERK
24TH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, LA.

21

C. Allen Foster
Adrian Sneed
WHITEFORD TAYLOR PRESTON, LLP
1800 M Street, NW
Suite 450N
Washington, DC 20036
(202) 659-6800

**PLEASE SERVE:**

**LOUISIANA REGIONAL LANDFILL COMPANY**
Through its Agent for Service
Corporation Service Company
501 Louisiana Avenue
Baton Rouge, LA 70802

**WASTE CONNECTIONS BAYOU, INC.**
Through its Agent for Service
Corporation Service Company
501 Louisiana Ave.
Baton Rouge, LA 70802

**WASTE CONNECTIONS US, INC.**
Through its Agent for Service
Via long arm through its Agent
Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808

**APTIM CORP.**
Through its Agent for Service
CT Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

**PARISH OF JEFFERSON**
Through its Agent for Service
Parish Attorney for the Parish of Jefferson
1221 Elmwood Park Blvd., Suite 701
Jefferson, LA 70123

**ABC CORP.**
*Address unknown at this time.*

**DEF CORP.**
*Address unknown at this time.*

**GHI CORP.**
*Address unknown at this time.*

**JKL CORP.**
*Address unknown at this time.*

**MNO CORP.**
*Address unknown at this time.*

22



ORIGIN ID:NEWA   (504) 605-0777
ELIZA JAMES

365 CANAL STREET
SUITE 1475
NEW ORLEANS, LA 70130
UNITED STATES US

SHIP DATE: 14MAR19
CAD: 115505922/INET4102

BILL SENDER

TO  WASTE CONNECTIONS US INC
    THROUGH AGENT CORPORATION
    SERVICE COMPANY
    251 LITTLE FALLS DRIVE
    WILMINGTON DE 19808
    (000) 000-0000          REF:
    INV:
    PO:                     DEPT:

FedEx
Express

**E**

TRK#
0201   7747 0667 9292

TUE - 19 MAR 4:30P
EXPRESS SAVER
                    ASR
19808
DE-US  PHL

SB ILGA

RT 496   6
        16:30   A
FZ          9292
            03.19

24TH JUDICIAL DISTRICT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

NO. 793-088                                                      DIVISION "O"

MICHAEL BRUNET, et. al.

VERSUS

LOUISIANA REGIONAL LANDFILL COMPANY, et. al.

**THE WASTE CONNECTIONS DEFENDANTS'**
**DECLINATORY EXCEPTION OF LIS PENDENS**

Defendants Waste Connections US, Inc., Waste Connections Bayou, Inc., and Louisiana

Regional Landfill Company (collectively, the "Waste Connections Defendants"), through

undersigned counsel, hereby except to the Petition for Damages and Request For Injunctive

Relief ("Petition") by submitting this declinatory exception of lis pendens pursuant to La. C.C.P.

arts. 532, and 925(A)(3). As set forth more fully in the attached memorandum, the Petition is

duplicative of four proposed class actions currently pending in federal court.

WHEREFORE, the Waste Connections Defendants respectfully request that the

foregoing declinatory exception of lis pendens be sustained and that this matter be stayed.

Respectfully submitted,

BRADLEY MURCHISON KELLY & SHEA LLC

By: _____

David R. Taggart
(Louisiana Bar Roll No. 12626)
401 Edwards Street, Suite 1000
Shreveport, Louisiana 71101
Telephone: (318) 227-1131
Facsimile: (318) 227-1141

Michael C. Mims
(Louisiana Bar Roll No. 33991)
John B. Stanton
(Louisiana Bar Roll No. 36036)
1100 Poydras St., Suite 2700
New Orleans, Louisiana 70163
Telephone: (504) 596-6300
Fax: (504) 596-6301

1

BEVERIDGE & DIAMOND, P.C.

Megan R. Brillault (*pro hac vice* to be submitted)
Michael G. Murphy (*pro hac vice* to be submitted)
John H. Paul (*pro hac vice* to be submitted)
477 Madison Avenue, 15th Floor
New York, NY 10022
(212) 702-5400

James B. Slaughter (*pro hac vice* to be submitted)
1350 I Street, N.W., Suite 700
Washington, DC 20005
(202) 789-6000

Counsel for Defendant Waste Connections US, Inc.,
Waste Connections Bayou, Inc. and Louisiana
Regional Landfill Company

2

**CERTIFICATE OF SERVICE**

I hereby certified that I served a copy of the above pleading on all known counsel of record via email this 18th day of April, 2019.

Byron M. Forrest
Nicholas V. Cressey
S. Eliza James
Forrest Cressey & James, LLC
One Canal Place
365 Canal Street, Suite 1475
New Orleans, Louisiana 70130

Barry S. Neuman
Adrian Snead
C. Allen Foster
Erik Bolog
Whiteford Taylor Preston, LLP
1800 M Street, NW
Suite 450N
Washington, DC 20036

OF COUNSEL

24TH JUDICIAL DISTRICT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

NO. 793-088                                                    DIVISION "O"

MICHAEL BRUNET, et. al.

VERSUS

LOUISIANA REGIONAL LANDFILL COMPANY, et. al.

**ORDER**

Considering the above and foregoing exception submitted by Waste Connections US,

Inc., Waste Connections Bayou, Inc. and Louisiana Regional Landfill Company,

IT IS ORDERED BY THE COURT that Petitioners show cause on the _____ day of

_____ at _____ a.m./p.m. why the Declinatory Exception Of Lis Pendens should not

be sustained.

Gretna, Louisiana, this _____ day of _____ 2019.


_____
DISTRICT JUDGE



**SHERIFF, PLEASE SERVE:**

**MICHAEL BRUNET, ET AL.**
**THROUGH THEIR COUNSEL OF RECORD:**
**Byron M. Forrest**
**Nicholas V. Cressey**
**S. Eliza James**
**Forrest Cressey & James, LLC**
**One Canal Place**
**365 Canal Street, Suite 1475**
**New Orleans, Louisiana 70130**

4

24TH JUDICIAL DISTRICT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

NO. 793-088                                                          DIVISION "O"

MICHAEL BRUNET, et. al.

VERSUS

LOUISIANA REGIONAL LANDFILL COMPANY, et. al.

**THE WASTE CONNECTIONS DEFENDANTS' MEMORANDUM IN SUPPORT
OF DECLINATORY EXCEPTION OF LIS PENDENS**

Defendants Waste Connections US, Inc., Waste Connections Bayou, Inc., and Louisiana

Regional Landfill Company (collectively, the "Waste Connections Defendants"), through

undersigned counsel, submit the following memorandum in support of their declinatory

exception of lis pendens.

**I.      INTRODUCTION**

This mass action is the seventh of ten nearly identical mass and class action lawsuits filed

against Defendants and pending in Louisiana state and federal court.[1] The petition is essentially a

carbon-copy of the mass action petitions filed in the other five actions by the same attorneys,

which seek relief on behalf of a total of more than 500 plaintiffs for damages allegedly caused by

odors and fumes emanating from the Jefferson Parish Landfill ("Landfill") located in

Waggaman, Louisiana. Pursuant to Louisiana's doctrine of lis pendens codified in Articles 531

and 532 of the Louisiana Code of Civil Procedure, Judge Stephen Grefer stayed the first state

mass action case, *Addison,* on February 6, 2019, because four class actions for the same class of

plaintiffs asserting similar claims for the same alleged odors emanating from the Landfill against

the same defendants are pending before Judge Susie Morgan in the Eastern District of Louisiana.

---

[1] The four class actions removed to and pending in federal court, were consolidated on April 5, 2019 and are now styled as *Ictech-Bendeck v. Progressive Waste Solutions of LA, Inc.*, Case No. 18-7889 c/w 18-8071, 18-8218, 18-9312 (E.D. La.).
Five other mass actions pending in this JDC are: *Addison v. Louisiana Regional Landfill Company,* No. 760-369 (filed in 24th JDC Dec. 13, 2018); *Anderson v. Louisiana Regional Landfill Company*, No. 792-502 (filed in 24th JDC Feb. 25, 2019); *Winningkof v. Louisiana Regional Landfill Company*, No. 793-784 (filed in 24th JDC April 2, 2019); *Calligan v. Louisiana Regional Landfill Company*, No. 793-908 (filed in 24th JDC April 5, 2019); *Griffin v. Louisiana Regional Landfill Company*, No. 794-011 (filed in 24th JDC April 9, 2019).

1

This lawsuit, which is practically identical to *Addison*, should also be stayed for the same reasons set forth in the *Addison* decision.[2]

Plaintiffs in this case, represented by the same counsel as the *Addison* plaintiffs, ignored Judge Grefer's decision and commenced this duplicative action seeking the same relief against the very same defendants.[3] This is precisely the scenario the doctrine of lis pendens is intended to prevent: "a series of vexatious suits by the same plaintiff against the same defendant in the same transaction or occurrence in different forums." *Sw. Elec. Power Co. v. Amax, Inc.,* 621 So. 2d 615 (La. 1993) (Lemmon, J. concurring).

Like *Addison*, the criteria for lis pendens are satisfied here because (i) all of the *Brunet* Plaintiffs are members of the putative classes in the four previously filed class actions, (ii) all of the Plaintiffs' claims arise from the same alleged odors complained of in those putative class action suits, and (iii) all actions involve the same Defendants. As Judge Grefer explained in *Addison,* allowing these cases to move forward at the same time as the class actions are being litigated would waste judicial resources, lead to inconsistent discovery and merit rulings, and be fundamentally unfair to the Defendants by subjecting them to burdensome and duplicative lawsuits in multiple forums. This Court should grant the Waste Connections Defendants' exception of lis pendens and stay this action.

## II.     BACKGROUND AND PROCEDURAL HISTORY

### A.     Four putative class actions relating to alleged odors from the Landfill are pending in federal district court.

On July 25, 2018, the first of four putative class actions was filed in the 24th Judicial District Court on behalf of a proposed class of persons seeking damages for alleged "noxious odors" emanating from the Landfill. *See Ictech-Bendeck v. Progressive Waste Solutions,* No. 2:18-cv-07889 (E.D. La.) (filed in 24th JDC July 25, 2018). On August 17, 2018, Defendants removed the *Ictech-Bendeck* action to federal court pursuant to the Class Action Fairness Act ("CAFA"). Over the next month, three additional putative class actions were filed in the 24th Judicial District Court, *Thompson v. Louisiana Regional Landfill Company,* No. 2:18-cv-08071 (E.D. La.) (filed in 24th JDC July 30, 2018); *Bernard v. Progressive Waste Solutions of LA, Inc.,*

---

[2] *See* Exs. A-1, A-2, A-3.
[3] The second mass action, *Anderson*, is the subject of a similar previously filed exception of lis pendens.

2

2:18-cv-08218 (E.D. La.) (filed in 24th JDC Aug. 10, 2018); and *Landry-Boudreaux v. Progressive Waste Solutions of LA, Inc.,* 2:18-cv-09312 (E.D. La.) (filed in 24th JDC Aug. 27, 2018).[4] Defendants also removed these subsequent actions to federal court pursuant to CAFA.[5] Plaintiffs in all four putative class actions moved to remand the cases to state court, which Defendants opposed. Judge Morgan of the Eastern District denied all four remand motions on March 14, 2019.[6]

Judge Morgan granted the parties' Joint Motion to Consolidate on April 3, 2019, and the plaintiffs filed a consolidated amended complaint on April 10, 2019.[7] The Consolidated Class Action Complaint seeks damages against the owner of the Landfill, Jefferson Parish, and several of its contractors (and related entities): the Waste Connections Defendants (Louisiana Regional Landfill Company f/k/a IESI LA Landfill Corporation, Waste Connections Bayou, Inc. f/k/a Progressive Waste Solutions of LA, Inc., and Waste Connections US, Inc.) and Aptim Corporation. The proposed class in the consolidated class action is defined as "[a]ll persons domiciled in and/or residing in the Parish of Jefferson, State of Louisiana who have sustained legally cognizable damages in the form of nuisance, trespass, interference with the enjoyment of their properties and/or diminution in the value of their properties as a result of the emission of noxious odors from the Jefferson Parish Landfill[.]"[8]

### B.   *Addison* – a nearly identical mass action – already has been stayed.

On December 13, 2018, just months after the fourth class action complaint was filed, 86 residents of Jefferson Parish – represented by the same counsel now representing the *Brunet* Plaintiffs and using a nearly-identical petition – filed suit against the same defendants named here and in the putative class actions and sought damages for the same alleged odors emanating from the Landfill. *See* Ex. A-1, Petition, *Addison v. Louisiana Regional Landfill Company,* No. 760-369 (filed in 24th JDC Dec. 13, 2018).

Like the putative class action plaintiffs, the *Addison* Plaintiffs alleged that:

---

[4] *See* Exs. B-1, C-1, D-1, and E-1.
[5] *See* Exs. B-2, C-2, D-2 and E-2. *Brunet* is not removable to federal court under the Class Action Fairness Act because it is not asserted as a class action and because it includes fewer than 100 plaintiffs.
[6] *Ictech-Bendeck,* __F.Supp.3d__, 2019 WL 1199105; *Thompson,* __F.Supp.3d__, 2019 WL 1199103; *Landry-Boudreaux,* __F.Supp.3d__, 2019 WL 1199104; *Bernard,* __F.Supp.3d__, 2019 WL 1199102.
[7] *Ictech-Bendeck v. Progressive Waste Solutions of LA, Inc.,* Case No. 18-7889 c/w 18-8071, 18-8218, 18-9312 (E.D. La.), Ex. F.
[8] *See* Ex. F, Consol. Compl. ¶ 17.

3

> "[t]he Defendants' failure to properly design, operate, manage, and maintain the J.P. Landfill, including its gas and leachate collection systems, have caused harmful, noxious and repulsive odors and chemicals to be released from the J.P. Landfill into the surrounding environment on and in to Petitioners' homes and immovable property, resulting in Petitioners' continuing exposure to these odors and chemicals."

Ex. A-1 at 14.

As they are forced to do yet again in the present action, Defendants responded to the *Addison* complaint by filing an exception of lis pendens. Defendants argued that lis pendens applied because the *Addison* action was commenced during the pendency of the earlier-filed putative class actions; arose out of the same transaction or occurrence as the putative class actions; involved the same defendants as the putative class actions; and, critically, involved the same plaintiffs as the putative class actions because the *Addison* Plaintiffs were all included in the putative classes as defined in each of the four putative class actions. Finding that the requirements of lis pendens were fully satisfied, Judge Grefer stayed the *Addison* action pending class certification or remand of one of the putative class actions and noted that it was "fundamentally fair" to allow Defendants to defend themselves in a single forum. Ex. A-2, Tr. at 33.

On March 21, 2019, Plaintiffs filed an Application for Supervisory Writ with the Louisiana Fifth Circuit Court of Appeals. On April 5, 2019, the Waste Connections Defendants and the Parish filed a joint opposition and that matter remains pending before the Fifth Circuit.

### C.   Like *Addison*, the *Brunet* Plaintiffs' lawsuit is a copycat of the existing nuisance class actions.

On March 14, 2019, just six weeks after Judge Grefer stayed *Addison,* the *Brunet* Plaintiffs commenced this duplicative action seeking damages for alleged odors emanating from the Landfill. Just like the *Addison* Plaintiffs, the 92 *Brunet* Plaintiffs are residents of Jefferson Parish, and therefore, as counsel for *Addison* conceded to Judge Grefer, they are necessarily members of the proposed class. Ex. A-2, Tr. at 19. Plaintiffs assert their claims against the same group of defendants that are named in the Consolidated Class Action Complaint--Jefferson Parish, the Waste Connections Defendants, and Aptim Corporation--and have also named unidentified insurance companies of the Waste Connections Defendants. Like the putative class action plaintiffs, and in language identical to the now-stayed *Addison* action, the *Brunet*

4

Plaintiffs allege that the Landfill is emitting odors that have damaged Plaintiffs and their properties:

> "[t]he Defendants' failure to properly design, operate, manage, and maintain the J.P. Landfill, including its gas and leachate collection systems, have caused harmful, noxious and repulsive odors and chemicals to be released from the J.P. Landfill into the surrounding environment on and in to Petitioners' homes and immovable property, resulting in Petitioners' continuing exposure to these odors and chemicals."

*Brunet* Petition at 15; *see also* Ex. F, Consol. Comp. ¶ 15(a) (alleging Defendants "[f]ail[ed] to maintain and/or operate the Jefferson Parish Landfill in such a manner that noxious odors would not emanate and create a nuisance for its surrounding neighbors of Jefferson Parish"), 15(d) (alleging Defendants "[f]ail[ed] to maintain, attain, and/or implement measures at the Jefferson Parish Landfill to minimize the existence of gaseous emissions and/or leachate"). There is no material difference in the allegations of the *Brunet* Petition and the Consolidated Class Action Complaint, compelling the application of lis pendens and staying the case, as Judge Grefer did in *Addison*.

III.   **ARGUMENT**

    A.    **The *Brunet* action should be stayed because Plaintiffs commenced the action after four prior actions alleged the same injuries against the same group of defendants.**

Pursuant to La. Code Civ. Proc. art. 532, Louisiana courts typically grant an exception of lis pendens and stay an action when defendants demonstrate "(1) that a suit was brought in a Louisiana state court during the pendency of a suit in a federal court or a court of a state other than Louisiana; (2) that the two suits are based on the same transaction or occurrence; and (3) that the two suits are between the same parties in the same capacities." *Brooks Well Servicing, Inc. v. Cudd Pressure Control, Inc.*, 36,723 (La. App. 2 Cir. 6/27/03); 850 So. 2d 1027, 1031 (lis pendens granted in case involving personal injury, property damage, and wrongful death claims related to oil-well explosion); *accord Aisola v. La. Citizens Prop. Ins. Corp.*, 14-1708 (La. 10/14/15); 180 So. 3d 266, 269 (lis pendens granted in case involving the alleged mishandling of insurance claims following Hurricane Katrina); *cf. Stone Man, Inc. v. Green,* 265 Ga. 877, 463 S.E. 2d 1 (1995) (court applied parallel doctrine of res judicata to bar claim for damages arising from same alleged nuisance as earlier case seeking to abate the nuisance). Courts grant stays in

5

order to promote judicial economy, avoid inconsistent rulings, and prevent the undue harassment of defendants. *See Fincher v. Ins. Corp. of Am.,* 521 So. 2d 488, 489 (La. App. 4th Cir. 1988). Judge Grefer applied these principles and stayed the *Addison* case based on considerations of judicial economy and fundamental fairness to Defendants to allow them to defend the actions in one forum. Ex. A-2, Tr. at 33. The *Brunet* action meets and exceeds all of the criteria of article 532, and therefore should be stayed.[9]

#### 1.    *Brunet* **was filed while four other suits were pending in federal court.**

The first element of the exception of lis pendens is amply satisfied because the instant action was filed while *four* other suits were pending in federal court. *See* La. Code Civ. Proc. art. 532 (2018). *Brunet* was filed on March 14, 2019. The putative class actions were filed in the 24th Judicial District Court on July 23, July 30, August 10, and August 27, 2018, and were all subsequently removed to the Eastern District of Louisiana by October 5, 2018. Thus, at the time this action was filed, four nearly identical suits were—and still are—pending in the Eastern District.

#### 2.    **All five suits are based on the same transaction or occurrence because they are based on the alleged emission of odors or noxious fumes from the Landfill.**

The exception of lis pendens requires also that the action arise from the same transaction or occurrence as the earlier-filed suit(s). La. Code Civ. Proc. art. 532 (2018). Louisiana courts apply a broad meaning to the phrase "transaction or occurrence," ranging from "the subject matter of the litigation" to "all logically related events entitling a person to institute legal action against another." *In re Succession of Bernat,* 13-277 (La. App. 3 Cir. 10/9/13); 123 So. 3d 1277, 1284 (the execution and interpretation of a will constituted a single transaction or occurrence) (citing *Hy-Octane Invs., Ltd. v. G & B Oil Prods., Inc.,* 97-28 (La. App. 3 Cir. 10/29/97); 702 So. 2d 1057 (action for wrongful termination of a contract and a suit for breach of contract arose from the same transaction or occurrence)); *Bailey v. Oakbourne Country Club, Inc.,* Civil No. 6:14-2546, 2015 WL 4622418 (W.D. La. July 30, 2015) (for purposes of *res judicata,*

---

[9] The criteria set forth in La. Code Civ. Proc. art. 531 and 532 closely mirror the criteria for *res judicata*, so courts often characterize the "test" for an exception of lis pendens as whether a final judgment in the earlier filed suit would be *res judicata* in the later filed suit. *Aisola,* 180 So. 3d at 269; *see also United Gen. Title Ins. Co. v. Casey Title, Ltd.,* 01-600 (La. App. 5 Cir. 10/30/01), 800 So. 2d 1061, 1067 (reviewing *res judicata* cases to determine how La. Code Civ. Proc. art. 532 is interpreted).

defendant's prolonged course of allegedly discriminatory action constituted a single transaction or occurrence). As summarized by the Restatement (Second) of Judgments "[w]hat factual grouping constitutes a 'transaction,' and what groupings constitute a 'series,' are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." Restatement (Second) of Judgements, § 24(2) (1982).

An identity of legal claims is not required in order for lis pendens to apply; rather, the focus is on whether the subsequent lawsuit involves the same facts as the earlier suit. As the Third Circuit Court of Appeals explained in *Bandaries v. Cassidy,* "all causes of action arising out of the transaction or occurrence that is the basis of the suit are subject to challenge for lis pendens . . . ." 11-161 (La. App. 3 Cir. 6/1/11); 66 So. 3d 564, 567). The Official Comment to Article 532 further explains that Article 532 was amended to conform to *res judicata* codified in La. Stat. Ann. § 13:4231, which provides that "[f]or purposes of *res judicata* it would not matter whether the cause of action asserted in the second action was the same as that asserted in the first or different as long as it arose out of the transaction or occurrence that was the subject matter of the first action." Official Comment to La. Code Civ. Proc. art. 532 (2018); La. R. S. § 13:4231, cmt. (a) (2018); *see also Citizens Sav. Bank v. G & C Dev., L.L.C.*, 2012-1034 (La. App. 1 Cir. 2/15/13), 113 So. 3d 1085, 1089 (lis pendens precluded action for deficiency judgment due to earlier filed actions seeking declaratory relief and rescission of sale.)

Here, *Brunet* and the pending consolidated class action indisputably arise from the same transaction or occurrence. The "subject matter" or the "event" of each suit is the alleged emission of fumes or odors from the Landfill. *See Brunet* Petition at 2; Consol. Compl. ¶ 15. These allegedly continuing emissions from the same alleged source are logically related to, and constitute the basis of, the claims asserted in all of the pending lawsuits. *Id.* For the purposes of *res judicata*, and therefore the exception of lis pendens, it is entirely immaterial that the causes of action asserted and the relief requested in *Brunet* are not perfectly identical to those asserted and requested in the federal class actions. La. R. S. § 13:4231, cmt.(a). The *Brunet* claims readily satisfy the second element of the lis pendens exception.

7

3.    **Lis pendens applies because the *Brunet* and Consolidated Class Action suits are between the same parties in the same capacities.**

The final element of the exception of lis pendens requires that the present suit and earlier-filed suits involve the same parties in the same capacities. La. Code Civ. Proc. art. 532 (2018). The parties do not have to be the "same" in the literal sense (i.e., the identical individual or institution) so long as they are the same "in the legal sense of the word." *Black*, 14-524, 165 So. 3d at 1016 (internal quotation marks omitted); *see also Jensen Constr. Co. v. Dep't of Transp. & Dev.*, 542 So. 2d 168, 171 (La. App. 1st Cir. 1989) ("The 'identity of parties' requirement is met whenever 'the same parties, their successors, or others appear so long as they share the same 'quality' as parties.'"). Here, all five suits plainly involve the same parties in the same capacities.

a.    **The *Brunet* Plaintiffs are also putative class members in the pending consolidated class action.**

The "identity of the parties" requirement for the exception of lis pendens is satisfied when plaintiffs in the present action are putative class members of an earlier-filed pending class action, unless and until class certification is denied. *Aisola*, 14-1708, 180 So. 3d at 270 ("identity of parties" found and upholding exception of lis pendens where plaintiffs were putative class members of four earlier-filed class action suits); *Elfer v. Murphy Oil U.S.A., Inc.*, 02-0020 (La. 3/15/02); 811 So. 2d 892 (same). As noted by Judge Grefer, the critical inquiry under *Aisola* is not whether plaintiffs *claim* to be putative class members, but simply whether plaintiffs *are* putative class members. Ex. A-2, Tr. at 32.

Applying the same reasoning underlying *res judicata*, Louisiana courts hold that putative class members that file a subsequent action individually are the "same" for purposes of article 532 because a final judgment in a class action would have a preclusive effect on all subsequent suits filed by class members. In *Harris v. La. Citizens Prop. Ins. Co.*, the Fifth Circuit Court of Appeal wrote that "[B]ecause any judgment on those class actions in which plaintiff is an alleged putative class member would be conclusive and binding as to plaintiff under La. C.C.P. art. 597, it necessarily follows that the requirements of *lis pendens* are satisfied." 14-120 (La. App. 5 Cir. 10/29/14); 164 So. 3d 216, 221; *see also* La. Code of Civ. Proc. art. 597 (2018) ("A definitive judgment on the merits rendered in a class action concludes all members of the class, whether joined in the action or not, if the members who were joined as parties fairly insured adequate

8

representation of all members of the class."); *Duckworth v. La. Farm Bureau Mut. Ins. Co.*, 2011–2835 (La. 11/2/12); 125 So. 3d 1057, 1069-1070 ("[u]nder the articles governing Louisiana's class action, all persons possessing claims arising out of transactions or occurrences described in a class action petition . . . are bound by any judgment in the action.").

In his application of this law to facts indistinguishable from those presented here, Judge Grefer ruled in *Addison* that plaintiffs were putative class members and thus represented the "same parties" for purposes of lis pendens. Ex. A-2, Tr. at 32. Judge Grefer rejected the notion that plaintiffs must affirmatively allege class membership to be considered putative class members. Ex. A-2, Tr. at 31-32. He similarly noted that a future opportunity to opt out of a class was irrelevant to the issue before him. Ex. A-2, Tr. at 32. Rather, the question before Judge Grefer (and presently before this Court) was simply whether plaintiffs fell within the proposed class definition. *Id.* Upon comparing the proposed class definitions and plaintiffs' allegations, Judge Grefer found "there is no way that [the] Court can envision that those same plaintiffs wouldn't be members of the class if a class is so certified" in any one of the four putative class actions. *Id.* Indeed, the *Addison* plaintiffs conceded that they fall within the definition of the proposed classes.[10]

The *Brunet* Plaintiffs are, likewise, putative members of the proposed class in the consolidated class action: residents of Jefferson Parish who have allegedly been injured as a result of odors allegedly emanating from the Landfill. Specifically, the Consolidated Class Action Complaint defines the proposed class as:

> All persons domiciled in and/or residing in the Parish of Jefferson, State of Louisiana who have sustained legally cognizable damages in the form of nuisance, trespass, interference with the enjoyment of their properties and/or diminution in the value of their properties as a result of the emission of noxious odors from the Jefferson Parish Landfill into and/or onto their persons and/or properties (except for Defendants' employees and relevant court personnel).

Consol. Compl. ¶ 17.

Just like the *Addison* plaintiffs, the *Brunet* Plaintiffs fall squarely within the proposed class definition. They are all residents of Jefferson Parish and allege injuries – including physical harm, diminution of property value, and loss of use and enjoyment of their property – caused by

---

[10] Transcript, p. 19, lines 8–21.

9

the alleged emission of odors and gases from the Landfill. *See Brunet*, Petition, pp. 2-7. Moreover, class certification has not been decided, and therefore not been denied, in the consolidated putative class action.

The court's analysis is not changed by the fact that the putative class action plaintiffs have promised to provide "[a] more precise definition of the proposed class, including its geographic boundaries" at some later date as evidence is developed. Consol Compl. ¶ 7. Not only does this vague promise provide no indication that the more precise class definition will exclude the *Brunet* Plaintiffs but also courts must consider the exception of lis pendens "in the procedural and factual climate that exists at the time of review." *Brooks Well Servicing Inc. v. Cudd Pressure Control, Inc.*, 36, 723 at 6 (La.App. 2 Cir. 6/27/03); 850 So.2d 1027, 1031. It would therefore be inappropriate for this court to base its decision on the procedural or factual climate as it *might be* in the future.

Because the *Brunet* Plaintiffs are currently putative members of the proposed class in the consolidated class action  pending before the Eastern District of Louisiana, they constitute the "same parties in the same capacities" as the named plaintiffs in that action. *Aisola*, 14-1708, 180 So. 3d at 269.

     b.  **Defendants are the "same parties" across all five suits.**

Defendants in this action are the same defendants named in the pending putative class actions: Louisiana Regional Landfill Company (f/k/a IESI LA Landfill Corporation), Waste Connections Bayou, Inc. (f/k/a Progressive Waste Solutions of LA, Inc.), Waste Connections US, Inc., Aptim Corporation, and Jefferson Parish. *See* Ex. F. Plaintiffs' inclusion of several unidentified insurance companies in *Brunet* that are not named in the putative class action (ABC Corp., DEF Corp., GHI Corp., JKL Corp. and MNO Corp.) does not disturb the "identity of the parties" requirement of lis pendens. When an insured entity and its insurance company appear in the action in the "same quality or capacity," they share an identity of parties because "their identities are virtually merged into one." *United Gen. Title Ins.*, 01-600, 800 So. 2d at 1067 (insurer and insured were the same "person" for purposes of the suit). Here, the various unnamed insurance companies would be appearing in the same capacity as, and therefore sharing an

10

identity with, the named Defendants (all of whom are named in the pending consolidated class action). The identity of the parties requirement for lis pendens is satisfied.

## IV.    CONCLUSION

All of the elements of lis pendens are satisfied here and it would be patently unfair for the Defendants to have to litigate the *Brunet* claims, particularly in light of the stay of *Addison*. The same Defendants already have been sued for the same odors allegedly emanating from the Landfill in the consolidated putative class action pending in federal court. Until certification has been denied, the *Brunet* Plaintiffs should be precluded from litigating this case under Article 532. Just weeks before Plaintiffs filed this action, Judge Grefer of Division J of this district stayed the nearly identical *Addison* action pursuant to the doctrine of lis pendens. The *Brunet* filing represents little more than an unscrupulous attempt to take yet another bite of the apple. This Court should grant the Waste Connection Defendants' exception of lis pendens to prevent inconsistent rulings on discovery and merit issues, the waste of judicial resources, and the vexatious, duplicative litigation in multiple forums the doctrine of lis pendens is intended to guard against.

Respectfully submitted,

BRADLEY MURCHISON KELLY & SHEA LLC

By: _____

David R. Taggart
(Louisiana Bar Roll No. 12626)
401 Edwards Street, Suite 1000
Shreveport, Louisiana 71101
Telephone: (318) 227-1131
Facsimile: (318) 227-1141

Michael C. Mims
(Louisiana Bar Roll No. 33991)
John B. Stanton
(Louisiana Bar Roll No. 36036)
1100 Poydras St., Suite 2700
New Orleans, Louisiana 70163
Telephone: (504) 596-6300
Fax: (504) 596-6301

11

BEVERIDGE & DIAMOND, P.C.

Megan R. Brillault (*pro hac vice* to be submitted)
Michael G. Murphy (*pro hac vice* to be submitted)
John H. Paul (*pro hac vice* to be submitted)
477 Madison Avenue, 15th Floor
New York, NY 10022
(212) 702-5400

James B. Slaughter (*pro hac vice* to be submitted)
1350 I Street, N.W., Suite 700
Washington, DC 20005
(202) 789-6000

Counsel for Defendant Waste Connections US, Inc.,
Waste Connections Bayou, Inc. and Louisiana
Regional Landfill Company

12

## CERTIFICATE OF SERVICE

I hereby certified that I served a copy of the above pleading on all known counsel of record via email this 18th day of April, 2019.

Byron M. Forrest
Nicholas V. Cressey
S. Eliza James
Forrest Cressey & James, LLC
One Canal Place
365 Canal Street, Suite 1475
New Orleans, Louisiana 70130

Barry S. Neuman
Adrian Snead
C. Allen Foster
Erik Bolog
Whiteford Taylor Preston, LLP
1800 M Street, NW
Suite 450N
Washington, DC 20036

OF COUNSEL

13

FILED FOR RECORD 12/13/2018 09:42:50
Michelle B Lumer, Dy CLERK
JEFFERSON PARISH, LA

24ᵀᴴ JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

NO.: 790-369                                    DIVISION: ___

FREDERICK ADDISON; BARBARA ADDISION; PERRY ANDRAS; SHEILA BASKIN;
WILLIE FAY BROOKS; ERIC BROWN; RAMONA BYRD; EDWARD CLOUDET;
MONICA COLEMAN-LESTRICK, individually and on behalf of her minor child
CHARLES LESTRICK III; DORIS COLLINS; LULA DARDEN; DEMONTE DETEIGE;
VINCENT EATON; KIMBERLY ENGEL; ADELAINE FITZPATRICK; CARLA FORD;
GERALD FORD; VERNA MAE GABRIEL; MERLENE GRANT; ETHEL GREEN;
WENDY GREMILLION, individually and on behalf of her minor children ADELYN S.
GREMILLION and BRAXTON C. GREMILLION; SCOTT GREMILLION; REGINA
PIERRE GRIFFIN; GLENDA BUILBEAU; ALBERTINE HARGRAVE; JOWE
HERNANDEZ, individually and on behalf of his minor children, MILES HERNANDEZ
AND LUCIANNA HERNANDEZ; LIZ HERNANDEZ; KIMBERLY HIMEL; CORY
HIMEL; ADA JACKSON; BRIDGETT JOHNSON; MARGARITE JOHNSON;
MELODIE JONES; RITA JONES; JESSE KOEHL; ELIZABETH LALA; LUCINDA
LIGHTELL; ELIZABETH LOWE; JOHN LOWE; GARY MEYER; RHONDA MEYER;
ALEXANDER MITCHELL; REGINA MITCHELL; JOSEPH PETE, JR.; TERRY
PEETE, individually and on behalf of her minor children JOSEPH PETE, III AND
AUGUST PEETE; ANDREA PICKNEY; WARREN PICKNEY; PEARL PINKLEY;
CAROLYN POLK; GERALD POLK; GLENDA PRIMUS; JULIANE RAYBURN; KIAN
RILEY; KAREN ROSS, individually and on behalf of her minor children JARED ROSS,
TYRENE ROSS and JERMAINE ROSS; TONY ROSS; ALETHA SCOTT; DAVID
SCOTT; CARI SERPAS, individually and on behalf of her minor children GRACE
SERPAS AND CHASE SERPAS; STEVEN SERPAS; JOHN THOMPSON; CHANDRA
TIGLER, individually and on behalf of her minor child OBRAINA TIGLER; OSCAR
TIGLER; GLORIA TOLODANO; ROY TOLODANO; MELVIN URSIN; SANTANA
UTHAISANG; KIRK WELLS, individually and on behalf of his minor children
ADDYSON WELLS and JOSEPH WELLS; REBECCA WELLS; KEVIN WOOD; and
MARY WOOD.

VERSUS

LOUISIANA REGIONAL LANDFILL COMPANY (LRLC), f/k/a IESI LA LANDFILL
CORPORATION; WASTE CONNECTIONS BAYOU, INC., f/k/a/ PROGRESSIVE
WASTE SOLUTIONS OF LA, INC; WASTE CONNECTIONS US, INC; APTIM CORP;
PARISH OF JEFFERSON; ABC CORP; DEF CORP; GHI CORP; JKL CORP; and
MNO CORP.

FILED: _____          _____
                                    DEPUTY CLERK

PETITION FOR DAMAGES AND REQUEST FOR INJUNCTIVE RELIEF

NOW INTO COURT, come Petitioners, who allege and aver the following in support of

their Petition for Damages and Request for Injunctive Relief:



EXHIBIT
A-1

## INTRODUCTION

This action arises from the continuing, significant and unabated harm suffered by each of the named Petitioners as a result of the ongoing – and admitted – failure of each of the Defendants to ensure that the design, operation and maintenance of the Jefferson Parish Landfill (the "J.P. Landfill") complies with applicable environmental laws and adequately protects Petitioners' human health and environment. At all relevant times, the J.P. Landfill and has persistently emitted harmful and toxic odors and chemicals into the surrounding areas, including where each of the Petitioners resides.

These unlawful, harmful and toxic releases have caused Petitioners substantial loss of the use and enjoyment of their homes and immovable property, and have caused physical harms including, among other things: difficulties breathing, coughing, nausea, burning eyes, ears, noses and throats, dizziness loss of appetite and lethargy, as well as fear, anguish, discomfort and inconvenience. These emissions also have caused diminution in the value of Petitioners' homes.

Accordingly, Petitioners seek redress from the Defendants for the direct and consequential injury and damage they have suffered and will continue to suffer as a direct result of the releases of noxious odors and chemicals from the J.P. Landfill.

## PETITIONERS

### III.

Named Petitioners herein are:

**FREDERICK ADDISON** an individual of full age of majority residing at 41 Morning Glory Lane, Waggaman, LA 70094, and owner of said immovable property.

**BARBARA ADDISON,** an individual of full age of majority residing at 41 Morning Glory Lane, Waggaman, LA 70094, and owner of said immovable property.

**PERRY ANDRAS,** an individual of full age of majority residing at 37 Morning Glory Lane, Waggaman, LA 70094, and owner of said immovable property.

**SHEILA BASKIN,** an individual of full age of majority residing at 648 Sweet Olive Lane, Waggaman, LA 70094, and owner of said immovable property.

2

**WILLIE FAYE BROOKS**, an individual of full age of majority residing at 20 Winifred St., Waggaman, LA, 70094, and owner of said immovable property.

**ERIC BROWN**, an individual of full age of majority residing at an individual of full age of majority residing at 275 Capitol Drive Avondale, LA 70094, and owner of said immovable property.

**RAMONA BYRD**, an individual of full age of majority residing at 322 Hanson Place, Kenner, LA 70062, and owner of said property.

**DORIS COLLINS**, an individual of full age of majority residing at 352 Deacon St., Avondale, LA . 70094, and owner of said immovable property.

**EDWARD CLOUDET**, an individual of full age of majority residing at 601 S. Bengal, River Ridge, LA 70123, and owner of said immovable property.

**MONICA COLEMAN-LESTRICK**, an individual of full age of majority residing at 2 Jasmine Lane, Waggaman, LA 70094, and owner of said immovable property, in her individual capacity and as parent of her minor child, **CHARLES LESTRICK III**.

**LULA DARDEN**, an individual of full age of majority residing at 408 Upland Ave., River Ridge, LA 70123 and owner of said immovable property.

**DEMONE DETEIGE**, an individual of full age of majority residing at 528 Ruth Dr., Avondale, LA 70094 and owner of said immovable property.

**VINCENT EATON**, an individual of full age of majority residing at 513 Hester Ave., River Ridge, LA 70123, and owner of said immovable property.

**KIMBERLY ENGEL**, an individual of full age of majority residing at 601 Hester Ave., River Ridge LA 70123, and owner of said immovable property.

**ADELAINE FITZPATRICK**, an individual of full age of majority residing at 324 Counsel Dr., Avondale, LA 70094 and owner of said immovable property.

**CARLA FORD**, an individual of full age of majority residing at 49 Judith St., Waggaman, LA 70094, and owner of said immovable property.

**GERALD FORD**, an individual of full age of majority residing at 49 Judith St., Waggaman, LA 70094, and owner of said immovable property.

3

**VERNA MAE GABRIEL**, an individual of full age of majority residing at 512 Avondale Garden Rd., Avondale LA 70094, and owner of said immovable property.

**MERLENE GRANT**, an individual of full age of majority residing at 1811 Moisant St., Kenner, LA 70062, and owner of said immovable property.

**ETHEL GREEN**, an individual of full age of majority residing at 341 Providence Lane, Kenner LA 70062, and owner of said immovable property.

**WENDY GREMILLION**, an individual of full age of majority residing at 9701 Robin Lane, River Ridge, LA 70123, and owner of said immovable property, in her individual capacity and as parent of her minor children, **ADELYN S. GREMILLION** and **BRAXTON C. GREMILLION.**

**SCOTT GREMILLION**, an individual of full age of majority residing at 9701 Robin Lane, River Ridge, LA 70123, and owner of said immovable property.

**REGINIA PIERRE GRIFFIN**, an individual of full age of majority residing at 612 Filmore St., Kenner, La 70062 and owner of said immovable property.

**GLENDA GUILBEAU**, an individual of full age of majority residing at 600 Wilker Neal Ave., River Ridge, LA 70123, and owner of said immovable property.

**ALBERTINE HARGRAVE**, an individual of full age of majority residing at 8721 Milan St., Metairie, LA 70003, and owner of said immovable property.

**JOSE HERNANDEZ**, an individual of full age of majority residing at 721 Randolph Ave., Harahan, LA 70123, and owner of said immovable property, in his individual capacity and as parent of his minor children, **MILES HERNANDEZ** and **LUCIANNA HERNANDEZ.**

**LIZ HERNANDEZ**, an individual of full age of majority residing at 721 Randolph Ave., Harahan, LA 70123, and owner of said immovable property.

**KIMBERLY HIMEL**, an individual of full age of majority residing at 642 Grove Avenue, Harahan, LA 70123, and owner of said immovable property.

**CORY HIMEL**, an individual of full age of majority residing at 642 Grove Ave., Harahan, LA 70123, and owner of said immovable property.

**ADA JACKSON**, an individual of full age of majority residing at 513 S. Bengal Rd., River Ridge, LA 70123, and owner of said immovable property.

4

**BRIDGETTE JOHNSON,** an individual of full age of majority residing at 325 Georgetown Dr., Westwago, LA 70094, and owner of said immovable property.

**MARGARITE JOHNSON,** an individual of full age of majority residing at 112 Marie Dr., Avondale, LA 70094, and owner of said immovable property.

**MELODIE JONES,** an individual of full age of majority residing at 413 Bengal Rd., River Ridge, LA 70123, and owner of said immovable property.

**RITA JONES,** an individual of full age of majority residing at 248 Glen Della Dr., Avondale, LA 70094, and owner of said immovable property.

**ELIZABETH LALA,** an individual of full age of majority residing at 8701 Steamboat Lane, River Ridge, LA 70123, and owner of said immovable property.

**BRUCE LIGHTELL,** an individual of full age of majority residing at 51 Winifred St., Waggaman, LA 70094, and owner of said immovable property.

**LUCINDA LIGHTELL,** an individual of full age of majority residing at 51 Winifred St., Waggaman, LA 70094, and owner of said immovable property.

**ELIZABETH LOWE,** an individual of full age of majority residing at 604 Hester Ave., River Ridge, LA 70123, and owner of said immovable property.

**JOHN LOWE,** an individual of full age of majority residing at 10120 St. Paul Ave., River Ridge, LA 70123, and owner of said immovable property.

**GARY MEYER,** an individual of full age of majority, residing at 612 Hester Ave., River Ridge, LA 70123, and owner of said immovable property.

**RHONDA MEYER,** an individual of full age of majority residing at 612 Hester Ave., River Ridge, LA 70123, and owner of said immovable property.

**ALEXANDER MITCHELL,** an individual of full age of majority residing at 204 Hanson Ave., Kenner, LA 70062, and owner of said immovable property.

**REGINA MITCHELL,** an individual of full age of majority residing at 204 Hanson Ave. Kenner, LA 70062.

**JOSEPH PETE, JR.,** an individual of full age of majority residing at 149 Southern Ct., Avondale, LA 70094, and owner of said immovable property.

5

**TERRY PETE,** an individual of full age of majority residing at 149 Southern Ct., Avondale, LA 70094 and owner of said immovable property, in her individual capacity and as parent of her minor children **JOSEPH PETE, III** and **AUGUST PETE.**

**ANDREA PICKNEY,** an individual of full age of majority residing at 657 Richard Ave., River Ridge, LA 70123, and owner of said immovable property.

**WARREN PICKNEY,** an individual of full age of majority residing at 657 Richard Ave., River Ridge, LA 70123, and owner of said immovable property.

**PEARL PINKLEY,** an individual of full age of majority residing at 511 Wilker Neal Ave., River Ridge, LA 701235, and owner of said immovable property.

**CAROLYN POLK,** an individual of full age of majority residing at 305 S. Bengal Rd., River Ridge, LA 70123, and owner of said immovable property.

**GERALD POLK,** an individual of full age of majority residing at 305 S. Bengal Rd., River Ridge, LA 70123, and owner of said immovable property.

**GLENDA PRIMUS,** an individual of full age of majority residing at 8521 Milan St., Metairie, LA 70003, and owner of said immovable property.

**JULIANE RAYBURN,** an individual of full age of majority residing at  513 Hester Ave., River Ridge, LA 70123, and owner of said immovable property.

**KIAN RILEY,** an individual of full age of majority residing at 6 Jasmine Lane, Waggaman, LA 70094, and owner of said immovable property.

**KAREN ROSS,** an individual of full age of majority residing at 52 Winifred St., Waggaman, LA70094, and owner of said immovable property, in her individual capacity and on behalf of her minor children, **JARED ROSS, JERMANIE ROSS** and **TYRESE ROSS.**

**TONY ROSS,** an individual of full age of majority residing at 52 Winifred St., Waggaman, LA 70094, and owner of said immovable property.

**ALETHA SCOTT,** an individual of full age of majority residing at 629 South Cumberland St., River Ridge, LA 70123, and owner of said immovable property.

**DAVID SCOTT,** an individual of full age of majority, residing at 629 South Cumberland St., River Ridge, LA 70123, and owner of said immovable property.

6

**CARI SERPAS**, an individual of full age of majority residing at 609 Hester Ave., River Ridge, LA 70123, and owner of said immovable property, in her individual capacity and as parent of her minor children, **GRACE SERPAS** and **CHASE SERPAS**.

**STEVEN SERPAS**, an individual of full age of majority residing at 609 Hester Ave., River Ridge, LA 70123, and owner of said immovable property.

**JOHN THOMPSON**, an individual of full age of majority residing at 412 Wilker Neal Ave., River Ridge, LA 70123 and owner of said immovable property.

**CHANDRA TIGLER**, an individual of full age of majority residing at 29 Richelle St., Waggaman, LA 70094, and owner of said immovable property, in her individual capacity and as parent of her minor child, **OBRAINA TIGLER.**

**OSCAR TIGLER**, an individual of full age of majority residing at 29 Richelle St., Waggaman, LA 70094, and owner of said immovable property.

**GLORIA TOLODANO**, an individual of full age of majority residing at 225 Helis Dr., Waggaman, LA 70094 and owner of said immovable property.

**ROY TOLODANO**, an individual of full age of majority residing at 225 Helis Dr., Waggaman, LA 70094 and owner of said immovable property.

**MELVIN URSIN**, an individual of full age of majority residing at 500 Cumberland Str., River Ridge, LA 70123, and owner of said immovable property.

**SANTANA UTHAISANG**, an individual of full age of majority residing at 2033 Generes Dr., Harahan, LA 70123 and owner of said immovable property.

**KIRK WELLS**, an individual of full age of majority residing at 153 Rebel Ave., River Ridge, LA 70123, and owner of said immovable property, in his individual capacity and as parent of his minor children, **ADDYSON WELLS** and **JOSEPH WELLS.**

**REBECCA WELLS**, an individual of full age of majority residing at 153 Rebel Ave., River Ridge, LA 70123, and owner of said immovable property.

**KEVIN WOOD**, an individual of full age of majority, residing at 824 Colonial Club Dr., Harahan, LA 70123, and owner of said immovable property.

**MARY WOOD**, an individual of full age of majority, residing at 824 Colonial Club Dr., Harahan, LA 70123, and owner of said immovable property.

7

II.

Made Defendants herein are:

a. **LOUISIANA REGIONAL LANDFILL COMPANY (LRLC), f/k/a IESI LA LANDFILL CORPORATION ("IESI"),** a foreign corporation domiciled in Delaware authorized to do and doing business in this Parish and State. On information and belief, LRLC is a wholly-owned subsidiary of Defendant Waste Connections Bayou, Inc., Inc., which in turn was acquired by Defendant Waste Connections US, Inc. On information and belief, Defendant LRLC is controlled by Defendants Waste Connections Bayou, Inc., and/or Waste Connections, US, Inc., and is the "alter ego" of those Defendants, operating without autonomy and only pursuant to the direction, policies and procedures of its parent corporations;

b. **WASTE CONNECTIONS BAYOU, INC., f/k/a/ PROGRESSIVE WASTE SOLUTIONS OF LA, INC.,** a foreign corporation authorized to do and doing business in this Parish and State;

c. **WASTE CONNECTIONS US, INC.,** a foreign corporation authorized to do and doing business in this Parish and State; and

d. **APTIM CORP.,** a foreign corporation domiciled in Delaware authorized to do and doing business in this Parish and State;

e. **PARISH OF JEFFERSON,** a Louisiana parish in and political subdivision of the State of Louisiana (the "Parish";

f. **ABC CORPORATION,** a foreign or domestic insurance company whose identity is unknown to the Petitioners, who upon information and belief wrote a policy of insurance coverage for Defendant **LOUISIANA ·REGIONAL LANDFILL COMPANY (LRLC), F/K/A IESI LA LANDFILL CORPORATION ("IESI"),** that may provide coverage for acts, occurrences, and/or omissions more specifically described herein;

g. **DEF CORPORATION** a foreign or domestic insurance company whose identity is unknown to the Petitioners, who upon information and belief wrote a policy of

8

insurance coverage for Defendant, **WASTE CONNECTIONS BAYOU, INC., f/k/a/ PROGRESSIVE WASTE SOLUTIONS OF LA, INC.** that may provide coverage for acts, occurrences, and/or omissions more specifically described herein;

h. **GHI CORPORATION** a foreign or domestic insurance company whose identity is unknown to the Petitioners, who upon information and belief wrote a policy of insurance coverage for Defendant, **WASTE CONNECTIONS BAYOU, INC., f/k/a/ PROGRESSIVE WASTE SOLUTIONS OF LA, INC.**, that may provide coverage for acts, occurrences, and/or omissions more specifically described herein;

i. **JKL CORPORATION;** a foreign or domestic insurance company whose identity is unknown to the Petitioners, who upon information and belief wrote a policy of insurance coverage for Defendant, **APTIM CORP,** that may provide coverage for acts occurrences, and/or omissions more specifically described herein;

j. **MNO CORPORATION** a foreign or domestic insurance company whose identity is unknown to the Petitioners, who upon information and belief wrote a policy of insurance coverage for Defendant, **PARISH OF JEFFERSON,** that may provide coverage for acts, occurrences, and/or omissions more specifically described herein.

III.

## JURISDICTION AND VENUE

Venue is proper in accordance with La. R.S. 13:5104(B), which states, in part, that "[a]ll suits filed against a political subdivision of the state ... shall be instituted before the district court of the judicial district in which the political subdivision is located or in the district court having jurisdiction in the parish in which the cause of action arises." Venue is further proper as to all other defendants as the wrongful conduct giving rise to the Petitioner's claims occurred within the jurisdictional limits of Jefferson Parish, State of Louisiana.

IV.

## FACTS

The Parish is the owner of the Jefferson Parish Landfill (the "J.P. Landfill"), located at 5800 Highway 90 West in Avondale, Jefferson Parish, State of Louisiana.

V.

9

At all relevant times, the J.P. Landfill has been used as a Type I/II landfill permitted to accept municipal and commercial solid waste, non-hazardous industrial waste, trash, construction debris, vegetative waste, dewatered municipal wastewater sludge, and compatible non-hazardous industrial waste pursuant to the Louisiana Environmental Quality Act, La. R.S. 30:2001, *et seq.* (the "Act") as well as federal laws and regulations implemented by the United States Environmental Protection Agency ("USEPA").

VI.

The J.P. Landfill is authorized to operate pursuant to and only in accordance with the terms and conditions of, among other things, Standard Permit P-0297R1 (the "Standard Permit") as issued, approved, and subject to periodic review and renewal by the Louisiana Department of Environmental Quality ("LDEQ") pursuant to the Act. The Standard Permit was most recently renewed by the LDEQ on or about January 22, 2010.

VII.

On or about May 17, 2012, the Parish entered into a contract with the Defendant IESI (since renamed the Louisiana Regional Landfill Company) under which IESI agreed, among other things, to "manage all tasks of the operation, management and maintenance" of the J.P. Landfill (the "IESI Operating Contract"). The IESI Operating Contract provides that:

a. Operation of the J.P. Landfill will be conducted "in strict compliance and conformity with all Federal, State and local laws, ordinances, and regulations, including the rules and regulations of the USEPA, LDEQ, and all State of Louisiana agencies, and in accordance with the Permit Documents."

b. "IESI shall be responsible for compliance with all Federal, State and local regulations, laws and ordinances in its performance of the Service/Work associated with the operation [and maintenance] of the Landfill."

c. IESI is required to "provide all labor, equipment, materials and incidentals to assume all daily operations of the Landfill."

d. The Parish Engineer has the authority to "decide any and all questions as to…the manner of performance and rate of progress of the Services/Work…the interpretation of the Contract Documents, and all questions as to the acceptable Completion" of the

10

Contract "in his reasonable and good faith opinion." The Parish Engineer is further authorized to "suspend operations at any time when the Service/Work, in his good faith and reasonable opinion, is not being carried out in conformity with the Contract Documents and all permits."

VIII.

Defendant APTIM is and at all relevant times has been a co-operator of the gas and leachate collection system of the J.P. Landfill.

IX.

Jefferson Parish, in addition to being an owner of the J.P. Landfill, is and at all relevant times has been a co-manager and co-operator of the J.P. Landfill with IESI/LRLP and APTIM.

X.

The Parish has admitted that improper operation of the J.P. Landfill is a major source of the odors suffered by Petitioners as well as the adverse consequences thereof.  At a public press conference on July 23, 2018, Parish President Mike Yenni stated that:

a.  The J.P. Landfill's system designed to "contain and deodorize landfill gases" has not been in "proper working order."

b.  The landfill's leachate collection system has not been operated properly.

c.  "Properly operated landfills do not operate persistent off-site odors and corrective actions…are essential."

d.  The Parish has notified IESI that it is in breach of its contract to properly operate the J.P. Landfill.

XI.

At the same press conference, Parish Deputy Sheriff Mark Conley stated that the J.P. Landfill gas collection system has been collecting only twenty percent of the gas emitted from landfill operations, whereas a properly operating system would collect ninety-seven to ninety-eight percent of gas emissions, "[s]o that is why the Parish president is stressing that we realize we have problems…right now, a lot of our priority, in the name of public safety and our police powers, is to address the existing system, get it operational, and to pull as much gas out of that landfill as we can."

11

XII.

At the same press conference, Parish Councilman Paul Johnson stated that the odor from the J.P. Landfill

"has gotten really bad in the past for our five months…we are all going to experience odors from the landfill because it's a landfill.  But, not those we have been having for the past three or five months.  It's been really bad.  I have been woken up at night with my nose burning and couldn't breathe at three or four o'clock in the morning.  This has happened to me more than one time…we know the landfill is causing problems and we know it is a big source of problems…."

XIII.

At the same press conference, Doctor Joseph Cantor, Medical Director and Administrator for Region 1 of the Louisiana Department of Health, warned that when the odors are at "a high level, residents should, if they are able to, leave the area and particularly if they have certain chronic conditions which put them at increased risk mainly pulmonary disease and asthma COPD."[1]

XIV.

On or about June 22, 2018, the LDEQ issued a Compliance Order to the Parish which, among other things, found that the Parish has violated its Landfill Permit and applicable environmental regulations by (i) failing to provide daily cover and (ii) failing to properly operate the system that is intended to collect leachate – the liquid brew that drains from a landfill and carries with it numerous harmful chemicals.

XV.

The LDEQ inspectors found areas of pooled leachate and leachate flowing downhill from the pooled leachate.

XVI.

---

[1] A video recording of the July 23 press conference can be accessed at
https://www.facebook.com/NOLAnews/videos/10155793116437060/ (last visited Aug. 4, 2018).

12

The United States Environmental Protection Agency ("EPA") has established general screening levels for various pollutants. These screening levels are chemical-specific concentrations for individual contaminants in air that may warrant further investigation or site cleanup. https://www.epa.gov/risk/regional-screening-levels-rsls-users-guide (last visited, Nov. 21, 2018). A chronic screening level addresses potential chronic exposure to a chemical.

XVII.

Air samples collected by the LDEQ in the Jefferson Parish communities of River Ridge, Harahan, and Waggaman between July 20, 2018 through approximately July 28, 2018 were found to contain numerous chemical compounds at concentrations that exceed EPA's chronic screening levels, including acrolein, 1.2-dichloroethane, benzene, carbon tetrachloride, and naphthalene. All of these compounds are multimodal toxicants, in that they are potential or actual human carcinogens and also have other toxic effects.

XVII.

The air samples collected by LDEQ also contained hydrogen sulfide at concentrations that exceed EPA's chronic screening levels. Hydrogen sulfide is a potentially toxic compound. All of these compounds are typically found in the gases generated by landfills like the J.P. Landfill.

XVIII.

In a report dated August 15, 2018, prepared for the Parish by its environmental consultant, Carson Environmental Consulting ("CEC"), CEC made several findings, including, among other things, that there are numerous deficiencies in "the landfill gas condensate and leachate collection pumping systems[,]" and that the infrastructure for these systems requires immediate improvement "to meet the Parish's performance objectives." In addition, CEC concluded that improved operation and maintenance of the J.P. Landfill requires the Parish's "focused attention."

XIX.

On information and belief, on or about December 5, 2018 the Commissioner of the LDEQ informed the Parish that there is "no doubt" in his mind that the JP Landfill is the primary source the odors experienced by residents of the communities in which Petitioners reside.

XX.

13

On information and belief, Defendant ABC Corporation has issued a policy of insurance to Defendant Louisiana Regional Landfill Company that covers the acts and omissions alleged herein. Petitioners will amend this Petition to identify ABC Corporation once its identity is known.

XXI.

On information and belief, Defendant DEF Corporation has issued a policy of insurance to Defendant Waste Connections Bayou, Inc. that covers the acts and omissions alleged herein. Petitioners will amend this Petition to identify DEF Corporation once its identity is known.

XXII.

On information and belief, Defendant GHI Corporation has issued a policy of insurance to Defendant Waste Connections US, Inc. that covers the acts and omissions alleged herein. Petitioners will amend this Petition to identify GHI Corporation once its identity is known.

XXIII.

On information and belief, Defendant JKL Corporation has issued a policy of insurance to Defendant Aptim Corporation that covers the acts and omissions alleged herein. Petitioners will amend this Petition to identify JKL Corporation once its identity is known.

XXIV.

On information and belief, Defendant MNO Corporation has issued a policy of insurance to Defendant Parish of Jefferson that covers the acts and omissions alleged herein. Petitioners will amend this Petition to identify JKL Corporation once its identity is known.

## PROXIMATE CAUSE AND BAD ACTS

XXV.

The Defendants' failure to properly design, operate, manage, and maintain the J.P. Landfill, including its gas and leachate collection systems, have caused harmful, noxious and repulsive odors and chemicals to be released from the J.P. Landfill into the surrounding environment on and in to Petitioners' homes and immovable property, resulting in Petitioners' continuing exposure to these odors and chemicals.

XXVI.

These odors and chemicals have also caused these Petitioners to suffer physical, mental, and other harm including, but not limited to difficulties breathing, coughing, nausea, burning eyes,

14

ears, noses and throats, dizziness, loss of appetite and lethargy, as well as fear, anguish, anxiety and mental pain and suffering.

XXVII.

Defendants' actions and omissions with respect to the design, operation and maintenance of the J.P. Landfill are the direct and proximate cause of the injuries and harm suffered by each of the Petitioners as alleged above.

XXVIII.

Defendants' actions and omissions as outlined above also have caused a diminution in the value of Petitioners' immovable property.

XXIX.

These odors have been pervasive and persistent. They have continued to the present and are likely to continue for the foreseeable future. The emissions constitute a continuing tort.

XXX.

Defendants' acts and omissions in owning, designing, operating and/or maintaining the J.P. Landfill as described above constitute an unreasonable interference with each of the Petitioners' comfortable use and enjoyment of their homes.

XXXI.

Defendants are liable to the Petitioners for all damages they have suffered, including bodily harm, diminution of property value and fear, anguish, and mental pain and suffering, on account of nuisance.

XXXII.

These physical invasions of noxious odors and chemicals constitute a trespass causing Petitioners to suffer physical harm, diminution in property value and rental value, inconvenience, loss of enjoyment of property, as well as fear, anguish and mental pain and suffering.

XXXIII.

The emissions of these harmful odors and chemicals have been pervasive and persistent and constitute a continuing tort.

XXXIV.

15

The Defendants' illegal actions and omissions in owning and operating the J.P. Landfill continue to this day and, unless enjoined by this Court, will continue for the indefinite future. Accordingly, Petitioners are entitled to a permanent injunction ordering the Defendants to abate the continuing nuisance and cease the trespasses caused and created by the J.P. Landfill, including the emission of noxious odors and chemicals, and to take all necessary reasonable actions required to accomplish same.

XXXV.

Each of the Defendants had a duty to Petitioners to exercise reasonable care in the design, ownership and/or operation of the Landfills, including without limitation the duty to comply with applicable environmental laws and regulations and otherwise to ensure that the Landfills were operated in a manner that does not jeopardize their health, immovable property, environment, and quality of life.

XXXVI.

Each of the Defendants breached such duties of care to the Petitioners by, among other things:

a. Failing to properly design, operate and maintain the J.P. Landfill, thus allowing noxious and harmful odors and chemicals to be released from the J.P. Landfill and introduced in the atmosphere and surrounding neighborhoods;

b. Failing to take careful and prudent precautionary measures to ensure that these releases would not occur;

c. Failing to design, operate and maintain the J.P. Landfill in a manner that does not cause harm to others and, in particular, its neighbors;

d. Failing to comply with applicable regulations governing the design, operation and maintenance of the J.P. Landfill;

e. Being inattentive and careless in the overall design, operation and maintenance of the J.P. Landfill;

f. Failing to remediate and repair the failures in design, operation and maintenance of the J.P. Landfill as they became known to the Defendants;

16

g.  Any and all other acts of negligence which may be revealed between now and the time of trial.

XXXV.

The Defendants' failure to comply with their duties of care to the Petitioners were and are a cause in fact and a legal cause of Petitioners' injuries, and each of the Petitioners has suffered damages as a result thereof, including physical harm, diminution in property value and fear, anguish and mental pain and suffering as well as loss of use and enjoyment of their immovable property and diminution in the value of said property.

XXXVII.

The Parish's ownership and operation of the J.P. Landfill has caused substantial damage to the value of Petitioners' respective interests in their immovable property.

XXVIII.

The Parish knew, or in the exercise of reasonable care, should have known, that its failure to properly design, operate and maintain the J.P. Landfill would cause damage to Petitioners, and such damage could have been prevented by the exercise of reasonable care.  The Parish, as owner of the J.P. Landfill, failed to exercise such reasonable care.

XXXVIII.

In committing the acts and omissions described above, the Defendants have breached their contractual obligations, of which Petitioners are third party beneficiaries, arising under the contracts between the Parish and all other Defendants herein pertaining to the design, operation and maintenance of the J.P. Landfill.

XXXIX.

In committing the foregoing acts and omissions, Defendants have violated, *inter alia*, Civil Code Articles 667, 669, 2315, 2316, and 2317.1, which has caused and continues to cause each of the Petitioners damages including nuisance damages; physical harm and mental fear, anguish, pain and suffering; and diminution in property value.

XL.

Further, Petitioners' interest is their immovable property is a property right protected by the Louisiana Constitution.

17

XLI.

Petitioners' interest in their real property has been taken and damaged by the actions of Jefferson Parish as pled herein.

XLII.

Such taking and damage was for a public purpose – to wit, the operation of a public landfill for the purpose of handling and disposing of waste generated by the citizens of Jefferson Parish and others.

XLIII.

The Parish is liable to the Petitioners for damages caused by the Parish's unconstitutional taking of their immovable property without paying just compensation pursuant to Article I, Section 4(B) of the Louisiana Constitution.

XLIV.

The Parish's taking of Petitioners' property without just compensation constitutions a deprivation of their property without due process of law pursuant to Article I, Section 2 of the Louisiana Constitution.

XLV.

The Parish is liable to the Petitioners for all damages caused by the Parish's violation of Petitioners' due process rights.

XLVI.

<u>**REQUEST FOR TRIAL BY JURY**</u>

Petitioners request a jury trial to all claims triable by a jury.

XLVII.

<u>**PRAYER FOR RELIEF**</u>

**WHEREFORE,** Petitioners pray that:

a.  Judgment be entered declaring each of the Defendants jointly, severally and *in solido* liable to each of the Petitioners for all damages (and awarding all such damages), including physical and bodily harm, loss of use and enjoyment of their homes, diminution in property value, lost wages, medical expenses and mental pain and suffering;

18

b.  Judgment be entered against the Parish declaring it liable for inverse condemnation, and awarding to each of the Petitioners just compensation for the unconstitutional taking of their interests in real property and/or a deprivation of due process;

c.  Judgment be entered against all Defendants for all additional damages as are just and reasonable under the circumstances, including but not limited to the cost of alternative housing and medical testing;

d.  The Defendants be permanently enjoined and ordered to abate the nuisances and trespasses, and to take all reasonable and necessary measures to cease the harmful emissions from the J.P. Landfill.

e.  The Defendants be required to provide medical monitoring for all Petitioners as appropriate;

f.  Prejudgment and post-judgment interest on all damages be awarded;

g.  Petitioners be awarded all costs for prosecution of this action including attorney's fees and costs;

h.  Damages be awarded for all other injuries that may be proved at trial; and

i.  This Court award such other and further relief as it may deem just and proper.

Respectfully submitted,

FORREST CRESSY & JAMES, LLC

Byron M. Forrest (La. Bar No. 35480)
Nicholas V. Cressy (La. Bar No. 35725)
S. Eliza James (La. Bar No. 35182)
One Canal Place
365 Canal Street, Suite 1475
New Orleans, Louisiana 70130
Tele: (504) 605.0777
Fax: (504) 322.3884
Email: eliza@fcjlaw.com

OF COUNSEL:
Barry S. Neuman
Erik Bolog
C. Allen Foster
Adrian Sneed
WHITEFORD    TAYLOR    PRESTON,
LLP
1800 M Street, NW
Suite 450N

19

Washington, DC 20036
Tele: (202) 659.6800
(Applications for Admission *Pro Hac Vice*
Pending)

SERVICE INSTRUCTIONS ON FOLLOWING PAGE.

20

<u>PLEASE SERVE:</u>

LOUISIANA REGIONAL LANDFILL COMPANY
Through its Agent for Service
Corporation Service Company
501 Louisiana Avenue
Baton Rouge, LA 70802

WASTE CONNECTIONS BAYOU, INC.
Through its Agent for Service
Corporation Service Company
501 Louisiana Ave.
Baton Rouge, LA 70802

WASTE CONNECTIONS US, INC.
Through its Agent for Service
Via long arm through its Agent
Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808

APTIM Corp.
Through its Agent for Service
CT Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

PARISH OF JEFFERSON
Through its Agent for Service
Michael J. Power
1221 Elmwood Park Blvd., Suite 701
Jefferson, LA 70123

21

1           24TH JUDICIAL DISTRICT COURT

2              PARISH OF JEFFERSON

3               STATE OF LOUISIANA

4

5     FREDERICK ADDISON, BARBARA      NO. 790-369
      ADDISON, PERRY ANDRAS, ET AL
6
      VERSUS
7
      LOUISIANA REGIONAL LANDFILL
8     COMPANY, IESI LA LANDFILL
      CORPORATION, WASTE CONNECTIONS
9     BAYOU, INC., ET AL

10

11           EXCEPTION OF LIS PENDENS

12

13     Taken in the above entitled and numbered cause,

14   before Honorable Stephen Grefer, presiding on the 24th day

15   of January, 2019.

16

17   APPEARANCES:

18

     BYRON FORREST, ESQUIRE
19   ELIZA JAMES, ESQUIRE
     NICK CRESSY, ESQUIRE
20   BARRY NEUMAN, ESQUIRE
         Counsel Representing Plantiffs
21

22   MICHAEL MIMS, ESQ.,
     MEGAN BRILLAULT, ESQ.,
23       Counsel representing Defendant,
         Waste Connections U.S, Inc.
24

25   MATT MOGHIS, ESQ.,
     PETER CONNICK, ESQ.,
26   MIKE FUTREL, ESQ.,
         Counsel representing Defendant,
27       Parish of Jefferson

28

29

30
     Reported by:
31       Rosa Manale
         Certified Court Reporter
32



**EXHIBIT**
A-2

```
 1          THE COURT:
 2               Case number four on today's docket 790-369,
 3          Addison versus Louisiana Regional Landfill.
 4               Counsel, step up, state your names and
 5          representations for the record, please.
 6          MR. FORREST:
 7               Good morning, Judge.  My name is Byron
 8          Forrest.  I'm here on behalf of plaintiffs.  With
 9          me I've got Eliza James, Nick Cressy and Barry
10          Neuman.  I'd like to introduce him.  He's from
11          D.C.
12          THE COURT:
13               Good morning.
14          MR. NEUMAN:
15               Good morning, Your Honor.
16          MR. MIMS:
17               Good morning, Your Honor.  Michael Mims on
18          behalf of Waste Connections U.S., Inc., also got
19          my co-counsel, Megan Brillault of the Beveridge &
20          Diamond firm.
21          MS. BRILLAULT:
22               Good morning, Your Honor.
23          THE COURT:
24               Good morning.
25          MR. MOGHIS:
26               Good morning, Judge.  Matt Moghis on behalf
27          of Jefferson Parish with co-counsel Peter Connick
28          and Mike Futrel.
29          THE COURT:
30               I hope nobody calls the office.  There's
31          nobody there.
32               All right, counselors, so it would appear to
```

2

```
 1          the Court to take up the Exception of Lis Pendens
 2          first because based upon that ruling, then the
 3          other matter I think is going to be moot.  If I
 4          grant the Exception of Lis Pendens, I don't think
 5          I have jurisdiction to rule on anything else.  If
 6          I deny it, then we can take up the Motion for
 7          Expedited Discovery.  So I guess, let's take up
 8          that Exception first and then we'll go from
 9          there.  All right.  Y'all can be seated.
10          MR. MIMS:
11               Good morning, Your Honor.  Michael Mims on
12          behalf of Waste Connections U.S., Inc.  I'll be
13          handling the Exception of Lis Pendens.  My
14          colleague, Megan Brillault, if necessary, will
15          address the issue of plaintiff's request for
16          discovery.
17               The Addison petition should be stayed or
18          dismissed because it is a copycat lawsuit of four
19          previously filed proposed class actions that are
20          currently pending in the Eastern District of
21          Louisiana.
22          THE COURT:
23               Can I ask a question just off the top?
24          MR. MIMS:
25               Yes.
26          THE COURT:
27               Why not moot this one like all the other
28          ones?  Why are we having this here?  Why wasn't
29          this one removed like the others?
30          MR. MIMS:
31               The four previously filed actions were
32          removed pursuant to the Class Action Fairness
```

3

1        Act.

2        THE COURT:

3            So you don't have jursi --

4        MR. MIMS:

5            This is not a class action.

6        THE COURT:

7            You don't have diversity and what not.  I

8        got you.  Now I'm with you.  All right, go ahead.

9        MR. MIMS:

10           The test for lis pendens in Louisiana is

11       whether a final judgment in the previously filed

12       action would be res judicata in the subsequently

13       filed actions and that is the case here because

14       we have the same parties and the action arises

15       from the same transaction or occurrence.

16       THE COURT:

17           Give you same transaction and occurrence,

18       you don't have to go into that.  Obviously, the

19       big fight is same parties, right?

20       MR. MIMS:

21           Yes.

22       THE COURT:

23           So you've got this putative class action

24       over here which may or may not include these

25       plaintiffs over here.  You've got identified

26       plaintiffs over here.  Why do they get lumped

27       into there when they're going to say, well,

28       Judge, we're going to opt out and then we're not

29       part of the class action?

30       MR. MIMS:

31           Right.  So they don't seem to dispute that

32       we've got the same defendants here.  The issue is

4

1    are these the same plaintiffs?  And, thankfully,

2    we've got a Louisiana Supreme Court opinion from

3    2015 that's right on point.  That's the IESI LA

4    case.  That case the trial court was looking at

5    an individually filed action, a Hurricane Katrina

6    insurance dispute.  There had previously been

7    filed a class action and the individual plaintiff

8    was a member, or at least they fit within the

9    definition of the proposed class.

10        Now, that plaintiff said, well, I'm not a

11    named plaintiff in the class action, so there's

12    not an identity of the parties and the trial

13    court denied the Exception of Lis Pendens.  Goes

14    to the Louisiana Supreme Court.  Louisiana

15    Supreme Court reverses and says, no, whether

16    you're a named plaintiff or not, you are a member

17    of the proposed class and you have not opted out

18    yet and because you have not opted out yet, you

19    are represented by that class and there is an

20    identity of the parties and the Supreme Court

21    said the Exception of Lis Pendens should be

22    granted.  That's exactly what we have here.

23        Now, the plaintiffs are trying to draw the

24    distinction that, well, in the IESI LA case, they

25    actually allege they were members of the class.

26    That's a distinction without a difference.

27    Whether these plaintiffs want to be members of

28    the class or whether they say they are members of

29    the class doesn't change the fact that they are

30    members of this proposed class.  If you look at

31    the proposed class actions, they define the class

32    as all residents of Jefferson Parish who have

5

1       been damaged by the odors emanating from the

2       Jefferson Parish Landfill.

3              If you look at the Addison plaintiffs'

4       petition, they allege that they are all residents

5       of Jefferson Parish who have been harmed by the

6       odors emanating from Jefferson Parish.  So they

7       may not claim that they're members of the class,

8       but in reality they are members of the class.

9              As far as opting out, first of all, if you

10      look at their pleadings here, they make it very

11      clear that they're reserving the right to join

12      that class.  But aside from that point, Louisiana

13      law is clear, and again, we've cited two

14      different Louisiana Supreme Court cases on the

15      point, Duckworth and Quinn, that say you can't

16      opt out until you go through the actual specific

17      Louisiana class action procedure, which has a

18      notice provision and a certification procedure

19      and then an opt out procedure.  But until you're

20      formally able to opt out, you're still a member

21      of that class.

22      THE COURT:

23             You can't opt out until there's a class to

24      opt out of.

25      MR. MIMS:

26             That's correct.  And as I mentioned, these

27      plaintiffs here apparently have not made up their

28      mind whether they will opt out or not.  So

29      pursuant to that IESI LA case, we do have an

30      identity of the plaintiffs.  We have an identity

31      of the defendants.  We've got the same

32      transaction or occurrence.  If there's a final

                                                        6

1        judgment in the first filed action, that's the

2        Ictech-Bendeck action in the Eastern District,

3        that would be res judicata here.  So clearly, the

4        lis pendens test would apply.

5            What plaintiffs seem to really hang their

6        hat on is this fairness argument that, well, even

7        if all the lis pendens factors apply, it would

8        just be unfair to not let us go forward.

9        THE COURT:

10            Yes.  I mean, at this point, counsel,

11        they're stuck, right?  So if your argument holds

12        and if your argument is correct, they can't do

13        anything until some Federal Court that they're

14        not a part of rules on some case that they're not

15        a member of and makes a decision and they just

16        have to sit here saying, Judge, okay, so I have

17        no rights until a case that I have nothing to do

18        with makes some decision and that does seem

19        unfair, right?

20        MR. MIMS:

21            Well, two things.  I don't know that I would

22        go as far as to say they have no rights.

23        THE COURT:

24            Well, you're telling them they can't go

25        forward because there's a lis pendens with this

26        other case going on.

27        MR. MIMS:

28            They can't go forward with this action, this

29        action for damages that they filed relating to

30        the same transaction or occurrence.  That's

31        right.

32            We're dealing with environmental issues

7

1        here.  There are administrative remedies here.
2        I'm not saying they have no rights here until
3        something happens in the earlier action, but I am
4        saying that they cannot bring a parallel
5        proceeding asking for damages when four other
6        class actions were filed five months before
7        their's.
8              If you look at the class action allegations,
9        they say these odors have been going on since
10       August of 2017, almost a year and a half ago.
11       This group of plaintiffs, for whatever reason,
12       sat on their hands while those odors started.
13       They sat on their hands when all the other
14       plaintiffs filed their class actions and for
15       whatever reason, just before the Christmas
16       holidays here, they filed their lawsuit.
17             Now, when we talk about fairness --
18       THE COURT:
19             Sitting on their hands may not be a fair
20       characterization.  Perhaps, they were
21       interviewing plaintiffs to make sure they had
22       plaintiffs that actually suffered damages before
23       they just grabbed anybody who wanted to come in
24       and sign the letter, right?
25       MR. MIMS:
26             Well, and they waited until they had --
27       THE COURT:
28             Perhaps they were doing their due diligence
29       to make sure they had good plaintiffs before they
30       actually filed a lawsuit.·
31       MR. MIMS:
32             Well, and they waited until they had 86

8

1533

```
1          plaintiffs --

2     THE COURT:

3            Yes.

4     MR. MIMS:

5            -- before they filed this action.

6     THE COURT:

7            Yes.

8     MR. MIMS:

9            But when we talk about fairness, you also

10    have to consider that the fairness not only to my

11    client, Waste Connections, a corporate entity,

12    but you've got Jefferson Parish.  This is a

13    landfill owned by the parish and the possibility

14    of duplicative litigation, defending itself in

15    multiple proceedings, conflicting judgments from

16    the Court.  It's a waste of resources when you

17    consider that at some point there's going to be a

18    final judgment in that Ictech-Bendeck action and

19    that's going to be res judicata here.

20    THE COURT:

21           So what they're really asking for right now

22    is, Judge, I don't want a judgment in favor of my

23    clients right now, right?  They're not asking for

24    me to award money at this point.  They're just

25    simply saying, Judge, let me do some immediate

26    discovery so I can lock down a few numbers ahead

27    of time so that when all these issues come up

28    later on down the road, we at least know this

29    baseline.  We know where we started.  What's the

30    harm in just letting them do that limited

31    discovery and then saying after you do that, I'm

32    going to grant the stay and everything is shut
```

9

1          down.  Why not do that?

2          MR. MIMS:

3                A couple things, Your Honor.  Again, when we

4          look at the proposed class actions, those were

5          filed by experienced, competent Louisiana

6          plaintiff attorneys, primarily Val Exnicios and

7          Anthony Irpino.  They've already proposed this

8          plaintiffs' steering committee.  The Addison

9          plaintiffs' counsel are not at the table for that

10         plaintiffs' steering committee.  Mr. Exnicos and

11         Irpino are going to want to do discovery of their

12         own.  So you're subjecting my client and the

13         parish to multiple rounds of discovery, the

14         potential for conflicting directives.

15               You know, we're talking about a physical

16         entry upon a landfill.  There's going to have to

17         be some sort of directives as to what is the

18         scope of this.  So there's almost the certainty

19         that we're going to have conflicting directives

20         about what is the scope of that discovery and the

21         waste of resources involved in doing this twice

22         when this action is going to be subject to res

23         judicata.  Why are we doing discovery in this

24         action that is not going to be going anywhere.

25         THE COURT:

26               Why is it wasted discovery if this group

27         gets subsumed into the class action, why can't

28         the class action group just simply use this

29         discovery, you know, to their advantage?

30         Perhaps, this group becomes part of the steering

31         committee, as well, because they hold this

32         discovery --

                                                        10

1       MR. MIMS:

2           Well, I think --

3       THE COURT:

4           -- that everybody wants.

5       MR. MIMS:

6           I think that's a fair point that the class

7       action can be discovery.  They have not asked for

8       discovery yet.  So we've got this group of

9       plaintiffs here claiming there's this emergency

10      at the landfill and we need this immediate

11      discovery at the landfill.  Again, we're talking

12      about Val Exnicios and Anthony Irpino.  If they

13      thought there was an emergency at the landfill, I

14      guarantee you they would have filed some motion

15      for emergency discovery at the landfill.  That

16      hasn't happened.

17          Now, maybe these attorneys are not happy

18      with the way that the class action plaintiffs are

19      running their case, but that's why you don't sit

20      on your hands for five months while all these

21      other lawsuits get filed first.  So they may not

22      be happy that they're not a part of that

23      plaintiffs' steering committee, but it's not this

24      Court's job to grant them that relief.

25      THE COURT:

26          No.  I'm not trying to put them on the

27      steering committee.  I guess my question is in

28      fairness to their clients, eighty or so, you

29      know, why is it fair to their clients, who at

30      this point again are not part of the class, at

31      least since the class hasn't been defined, that

32      they can't move forward with their case in the

11

1          direction they want to move forward with them?  I

2          guess that's -- where is the harm?  You're

3          talking about there's wasted resources.  So

4          you're not wasting your experts to go in and take

5          samples.  It's their experts, if they want to pay

6          for their experts to go in and take air samples

7          and do what they need to do, where's the harm to

8          your client to do that other than having someone

9          there to stand next to them while they do this?

10         MR. MIMS:

11              Your Honor, I'll let Ms. Brillault elaborate

12         on exactly what such an inspection would involve,

13         but I can guarantee you it would involve some

14         experts and resources on our end to oversee that

15         sort of discovery.  It would not be as simple as

16         come on over to the landfill and do what you got

17         to do.  It would be a very precise procedure that

18         we'd have to pin down ahead of time about what is

19         this discovery going to entail.

20              And, again, you've got this other group of

21         plaintiffs that are going to want discovery of

22         their own and, frankly, I think it would be a

23         potential prejudice to them that you would have

24         an inconsistent discovery ruling from this Court

25         when they were the first filed group.

26              One thing I think that needs to be made

27         clear is that we are not saying that these

28         plaintiffs should be denied access to the courts.

29         When you look at Louisiana's Class --

30         THE COURT:

31              Just now.

32         MR. MIMS:

                                                    12

1       Well, when you look at Louisiana's Class
2    Action Law, it says that when you're a member of
3    the proposed class, as they are, you have access
4    to the courts through the class action procedure.
5    And Louisiana law, this is a quote from the IESI
6    LA case, it says that the purpose and intent of
7    the class action procedure is to adjudicate and
8    obtain res judicata effect on all common issues
9    applicable not only to the representatives but
10   all other similarly situated.
11       You've got this plaintiff steering committee
12   that has already determined that the best way to
13   obtain relief for their clients is through the
14   class action procedure.  To allow these
15   plaintiffs to bypass that procedure results in
16   unfairness to my clients, to the parish, and also
17   to those plaintiffs that were the first filed.
18   So we're not trying to deny their access to the
19   courts.  They do have access through the class
20   action procedure.  Once there is a ruling on
21   class certification, they can choose either to
22   join that class, at which point there's no need
23   for another action, individual action, or at that
24   point they can opt out and they can bring their
25   own procedure in this court.
26       So, Your Honor, we think this issue is ripe
27   for a decision today and we would ask you to
28   decide on this that way we can avoid getting into
29   the technical discussion on the discovery issues.
30   THE COURT:
31       All right.  Mr. Moghis, you want to add
32   anything other than me too or --

13

1        MR. MOGHIS:

2            We'll just adopt that argument and save

3        our's for reply if the Court would allow.

4        THE COURT:

5            Sure.

6        MR. MOGHIS:

7            Thanks.

8        THE COURT:

9            Whoever is arguing.

10       MR. NEUMAN:

11           Thank you, Your Honor.  Good morning.

12       THE COURT:

13           Morning.

14       MR. NEUMAN:

15           Barry Newman on behalf of petitioners.

16           May it please the Court.  This is my maiden

17       argument in Louisiana State Court.  It's a

18       privilege to be here.

19       THE COURT:

20           Certainly.  Thank you.

21       MR. NEUMAN:

22           Appreciate the opportunity.

23           Your Honor, I'd like to begin with this

24       fairness notion that counsel addressed in terms

25       of questioning why we supposably sat on our hands

26       and Your Honor touched on it.  I think it's

27       important background for purposes of assessing

28       this motion and where the balance of equities

29       lie.

30           Mr. Forrest's law firm has been inundated

31       with over a thousand phone calls over the last

32       six months requesting that his firm and our firm

                                              14

1    represent those people in connection with the

2    problems associated with the Jefferson Parish

3    Landfill.  We have, indeed, been not sitting on

4    our hands, but vetting those individuals before

5    we file and before we file this case, in contrast

6    to class actions that were filed right out of the

7    gate after the parish held a press conference

8    naming one individual.  Our clients -- and we're

9    continuing to vet additional phone calls, and I

10   doubt very much that this will be the last number

11   of plaintiffs on whose behalf we will ultimately

12   be filing complaint with respect to this matter.

13        The pendency of the other actions obviously

14   did not affect these individuals' requests that

15   we -- that they retain their own counsel and

16   bring this action now and that's what we have

17   done and we've acted with alacrity and as quickly

18   as we can once we're sure that we've got a sound

19   basis to name these individuals as our clients

20   now and as petitioners in this action.

21        We've heard about res judicata and counsel

22   has acknowledged that the test here, the test is

23   whether those class actions will act as res

24   judicata with respect to our clients.  We won't

25   know that unless and until a class is certified

26   in those cases and until, unless and until any of

27   our clients chooses to opt in or out of those

28   classes.  And obviously, we cannot -- I cannot,

29   as counsel for my clients, tell Your Honor today

30   that our clients would opt out of those cases.

31   It wouldn't be appropriate.  It's like an

32   advanced waiver.  But what we know is that

                                                    15

1    presently no class has been certified and there's

2    no reason to assume, therefore, that those cases

3    would act as res judicata with respect to our

4    clients.

5         I would point out in this regard that I have

6    no doubt, unless counsel here is willing to

7    stipulate today that they're not going to oppose

8    class certification once the jurisdictional

9    issues get sorted out in those class actions, I

10   have no doubt that counsel will be opposing class

11   certification in those cases when the time comes,

12   and under the cases that we cited -- I don't

13   propose to give a dissertation on class action

14   law, which I'm sure Your Honor is familiar with,

15   but under the cases we've cited, there is at

16   least a substantial issue as to whether classes

17   will ever be certified in those cases or not

18   given the fact, as counsel has pointed out, that

19   these individuals who are members of this

20   putative class live all over at different

21   distances from the landfill.  Their situations

22   are going to be different.  Their damages are

23   going to be different.  And under the case law

24   we've cited, it's going to be a uphill battle I

25   would respectfully submit for the petitioners in

26   those cases to be able to certify the class.  And

27   in any event, that isn't going to happen for a

28   long time.

29        These cases now are myriad in procedural

30   limbo based upon the defendant's choice to send

31   those cases to Federal Court, presumably for

32   their own benefit and for their own purposes.  We

16

1541

1    don't know when those jurisdictional issues are

2    going to be determined and it's going to take a

3    long time after that before any class

4    certification issues are determined.

5        Now, because these actions are pending in

6    the Federal Courts at the election of these

7    defendants -- and by the way, I have read the

8    oral argument on the motions to remand that are

9    now pending in the Federal Court in at least one

10   of the cases, and they've made a very powerful

11   argument why those cases should stay in Federal

12   Court.  Because they are in Federal Court, it is

13   quite clear that if lis pendens applies at all

14   here, then it is Article 532 that applies and not

15   531, which means that at most, and the Court has

16   discretion whether or not to stay.  And it is

17   quite clear from the cases that the Court does

18   have that discretion and I would also point the

19   Court to a Louisiana Supreme Court decision,

20   Southwestern Electric Power Company versus Amax,

21   621 So.2d. 615, wherein a per curiam opinion the

22   Supreme Court reversed -- let me back up.  The

23   trial court had exercised its discretion not to

24   stay.  The appellate court reversed and on appeal

25   to the Supreme Court, the Supreme Court

26   reinstated the decision of the trial court to

27   allow the case to go forward saying even if the

28   predicate conditions of 532 are met, the decision

29   to stay a Louisiana suit rests in the sound

30   discretion of the trial court.

31   THE COURT:

32       All right.  So, counsel, given where we are

17

1542

```
 1        and given the IESI LA case and it's a Supreme
 2        Court case, obviously, that I'm required to
 3        follow, but given the IESI LA case, are you
 4        basically saying, Judge, we don't think its lis
 5        pendens, but it probably is under IESI LA and if
 6        it is under IESI LA, you still shouldn't grant
 7        the stay?
 8   MR. NEUMAN:
 9           We don't think it is under IESI LA either
10        and I'll tell you why.
11   THE COURT:
12           Okay.  Tell me why.
13   MR. NEUMAN:
14           Because IESI LA and the other cases that
15        they've cited all involve the question of whether
16        plaintiffs in a subsequently filed individual
17        action, who specifically allege that they are
18        members of a putative class in a previously filed
19        class action, in order to gain the benefit of the
20        suspension of prescription, should be allowed to
21        do that, or whether they should be deemed to be
22        members of the class and what the Court said in
23        IESI LA and what the Court said in Harris and the
24        other cases they've cited is that when the
25        petitioners choose to tell the Court that they
26        are members of the putative classes that are
27        pending in other actions, in order to gain the
28        benefit, in order to gain the benefit of the
29        suspension of prescription, then they can't have
30        it both ways.  They can't also say we're not
31        going to be bound by whatever happens in the
32        class action lawsuit.  So, in effect, in those
```

18

```
1        cases, the petitioners are telling a court we

2        want to be part of those cases.  And so it's

3        clear that those cases, those class actions would

4        act as res judicata.  That's not the situation

5        here.  As I said earlier, Your Honor, we don't

6        know -- we're not going to know for a long time

7        whether or not --

8   THE COURT:

9            And I'm with you and I understand we're a

10       long way away from class certification and how

11       that class would ultimately be defined, but can

12       you envision any scenario where your plaintiffs

13       wouldn't be a member of a class as it's proposed?

14       I mean, I can't think how your plaintiffs would

15       be different than those members of the class.

16  MR. NEUMAN:

17           I think that if a class is certified, it

18       delineated the way they've asked for it, yes, as

19       described in the complaint.  Then we would be

20       members of the -- then our clients would be

21       members of the class --

22  THE COURT:

23           Unless you opt out, obviously.

24  MR. NEUMAN:

25           -- unless they opt out.  But, again, these

26       cases that they've cited all have to do with the

27       application of Article 596(a), the suspension of

28       liberal prescription and the courts in those

29       cases made very clear, in Duckworth and others,

30       we're basing this on the fact that we have to

31       read 596(a) very literally and 596(a) talks about

32       a previously filed class action in which these
```

19

1          plaintiffs who filed a new suit would be member

2          of the described class.  And the Courts said that

3          we have to read that 596(a) very literally.  That

4          has nothing to do with our situation.

5              So that's our first point, we do not think

6          that this is a situation where res -- where the

7          Court can say now res judicata necessarily

8          applies to our clients and, therefore, lis

9          pendens applies.  But you're correct, even if the

10         Court were to say that, then we are under 532 and

11         it's a matter of discretion.  And in that regard,

12         Your Honor, I think that the Court should

13         exercise its discretion for the reasons we've

14         laid out in the brief.  I mean, the fact is it

15         says we can get administrative relief,

16         administrative relief doesn't provide damages.

17         We're here to, in large part, to collect damages

18         for past and continuing harm.  No administrative

19         relief grants that.

20         THE COURT:

21             And, counselor, I know this is off topic,

22         but just while you're up there, what is it --

23         I've read your expert's affidavit.  Quite

24         honestly, I guess I don't understand the

25         technical aspects of it.  But what is it he's

26         actually trying to do?  What is involved in this

27         expedited discovery that he wants to conduct?

28         MR. NEUMAN:

29             At the site, what we want to do is we want

30         to go out to specific limited set of locations on

31         the site, a couple of wells where the gas is

32         collected.  We want to go to the inlet, to the --

                                                      20

1        they're burning -- they're collecting gas and

2        occasionally burning it off in a flare.  And so

3        we want to go to the inlet, to the flare before

4        it's burned to get a sample there.  And we want

5        to get some samples of the leachate which is part

6        of the problem here and a sample at the edge of

7        the landfill to see if there's any migration

8        going out from the landfill.

9        THE COURT:

10            You can take the sample at the edge of the

11        landfill, regardless, right?  I mean, you can do

12        that from the street?

13        MR. NEUMAN:

14            Right on the property.  Right at the edge of

15        the property.

16        THE COURT:

17            You want to be inside the fence instead of

18        outside the fence?

19        MR. NEUMAN:

20            Right, inside the fence.  We want to take

21        samples there and analyze those samples for

22        specific suites of chemical compounds which are

23        typically found in landfill gases, which are

24        known to be toxic and which they haven't sought

25        to analyze for at all.

26        THE COURT:

27            So look down the road here a little bit,

28        right?  So here's, I guess, maybe a question that

29        I have and then just thinking down the road in

30        terms of damages.  Your clients aren't harmed if

31        the concentration at the flare level and the

32        concentration within the compound is at one

                                                          21

1546

1     level, but that level doesn't migrate off the

2     premises across the river to Harahan and River

3     Ridge and wherever else.  The question is what is

4     the level in Harahan and River Ridge --

5     MR. NEUMAN:

6         That's correct.

7     THE COURT:

8         -- and perhaps right off the fence.  Why

9     can't you just now, without any authority from

10    anybody, go take whatever air samples you want on

11    Highway 90 and go take whatever air sample you

12    want on top of the levee in Harahan and River

13    Ridge?  What's preventing you from doing that and

14    doesn't that -- isn't that really the question,

15    is how high are those levels there as opposed to

16    inside the compound, the landfill?

17    MR. NEUMAN:

18        And that's a great question and the answer

19    is, the answer is that we can take all the

20    samples we want out in the field at somebody's

21    house, but in order to nail down whether or not

22    what we measure there is coming from the landfill

23    or as they go at great lengths to point out,

24    there are other sources in the area of potential

25    pollution --

26    THE COURT:

27        I think River Birch would disagree with

28    that, but go ahead.

29    MR. NEUMAN:

30        -- you need to have an understanding --

31    basically, it's fingerprinting, Your Honor, what

32    it is in the science.  You fingerprint the

22

1     source at the landfill.  That's the first step.

2     You need to know what's the suite of compounds

3     coming out at the landfill so that, yet, then if

4     you're going to sample at the location in the

5     field, you can correlate apples to apples.

6     THE COURT:

7         I'm with you, but isn't that information

8     being captured by the regulatory agencies that

9     are actually doing the testing out there on it

10    seems like a daily basis from the things that

11    I've seen in here?

12    MR. NEUMAN:

13        Well, the answer either way is no, but I'm

14    not sure if you're asking about on the landfill

15    or in the community.

16    THE COURT:

17        I was talking about in the landfill.  It

18    appears that now the regulatory agencies are

19    aware of this issue and they seem to be doing

20    some increased testing at the landfill itself and

21    I don't know what they're taking at the flare

22    spot or somewhere else, but --

23    MR. NEUMAN:

24        No, Your Honor.  The data that has been

25    collected on the landfill pertains -- or at least

26    the publically available data is hydrogen sulfide

27    and odor impressions.  In other words, DEQ people

28    are going around they're taking field readings of

29    hydrogen sulfide, not necessarily the most

30    accurate way to do it, but they're taking

31    readings of hydrogen sulfide gas and they're

32    sniffing around.  I smell the odor here.  I don't

23

1        smell an odor here.  It's kind of strong.  It's

2        kind of weak.  I don't detect it here.  Hydrogen

3        sulfide --

4        THE COURT:

5             They seem to be looking at wind direction on

6        occasion.

7        MR. NEUMAN:

8             Pardon?

9        THE COURT:

10            They seem to be looking at wind direction,

11       too, depending on which way the wind's blowing.

12       The wind is blowing this way upon arrival and

13       this way upon departure.

14       MR. NEUMAN:

15            SCS engineers looked a little bit at wind,

16       but they're not -- again, we're talking about

17       hydrogen sulfide.  To understand the risks here,

18       we're talking about -- we have to be looking at a

19       lot more than hydrogen sulfide and that's really

20       the thrust of Dr. Chrostowski's affidavit.  Any

21       responsible, scientific analysis of the true

22       risks being posed by the landfill requires a

23       comprehensive source characterization as the

24       first step.  Nobody's done that.  Nobody's done

25       that.  And they can argue about how we want to do

26       it, what the methods are, whether the model that

27       we haven't even chosen yet is good or not, they

28       can argue about all of that, but that's all

29       diversion.  At the moment, we're the only --

30       we're the most important stakeholders in this

31       process.  We're the most directly impacted by

32       what's going on at the landfill.  We're ready,

                                                    24

1    willing, and able to do this initial basic

2    testing at our own costs.

3    THE COURT:

4         Okay.  Thank you, counsel.

5    MR. NEUMAN:

6         Thank you.

7    MR. MIMS:

8         Your Honor, briefly, I'd like to just

9    address some of the legal issues on lis pendens.

10   I know we started to bleed a little bit to the

11   discovery issues.  If you would like to hear from

12   Ms. Brillault in order to help you rule on lis

13   pendens --

14   THE COURT:

15        Well, I guess, let me just ask Ms. Brillault

16   just a couple questions.  Ms. Brillault, I don't

17   care if you do it from there.  That's fine.

18        In terms of the testing that has been

19   requested, if you don't specifically know what

20   the testing is and how the method is going to be

21   done in order to do the testing, why is it going

22   to be such a disruption?  Why is that such a

23   problem?  Why can't they just simply go in on one

24   day, take their air samples at the torch level,

25   take their air sample inside the compound, and

26   then say, okay, we're out of here?

27   MS. BRILLAULT:

28        I think, Your Honor, you put your thumb on

29   it earlier when you were indicating why can't

30   they go sample at their homes and right outside

31   the fence.  They're perfectly capable of doing

32   that.  And I think one of the prejudicial things

25

1      to defendants is they're not just asking for a

2      couple of compounds.  They're asking to sample a

3      whole list of alleged chemicals that come from

4      landfill gas, but they haven't even made a

5      threshold showing that they've been exposed to

6      those chemicals at their house.

7          You know, EPA and LDQ, LDEQ, regulate the

8      landfill.  They have a Title 5 permit.  You know,

9      they're required to comply with NSPS, New Source

10     Performance Standards, and one of the chem -- one

11     of the gases that they measure for is methane and

12     that's because it's the largest constituent in

13     the landfill gas.  So they set a level for

14     methane, which, you know, as long as the surface

15     emissions don't exceed that level, the levels of

16     methane are safe and all the tracer compounds

17     that come in much smaller concentrations are at

18     safe levels and that's how they, you know, ensure

19     that the landfill gas is not going to be toxic.

20         And so that's -- you know, they could.  They

21     could stand right outside the fence.  It wouldn't

22     be a burden on us if they're standing right

23     outside the fence and they want to conduct the

24     air samples.  You know, it's not the leachate

25     that's getting to the property.  It's what, you

26     know, being dispersed of in the air.

27         You also pointed to a really good fact that,

28     you know, once it's emitted on the landfill, by

29     the time it gets a mile, two miles, three miles,

30     I think the furthest plaintiff away is four mile,

31     you know, that concentration of whatever the gas

32     is is incredibly, you know, decreased at that

                                                      26

1        point.  It's magnitudes lower.

2        THE COURT:

3            All right.  Mr. Moghis, you wanted to say

4        something?

5        MR. MOGHIS:

6            Thank you, Judge.  We were going to wait

7        until the ruling of lis pendens, but while we're

8        touching on it, Jefferson Parish's position is

9        that in response to the Court's question about,

10       well, if we let them go in, how does it prejudice

11       us, we also brought a motion to continue the

12       consideration of the motion depending on the

13       judgment on the Exception of Lis Pendens based on

14       the fact that none of the requirements under

15       1461, which is what they're seeking the motion

16       under, for entry onto land, 1462 that says that

17       they have to identify with particularity the

18       items to be tested, how they want to test it, the

19       time, date, and manner.  As counsel just stated,

20       quoting him, we haven't even chosen that yet.  We

21       don't know particularly.  As Your Honor pointed

22       out, you read the affi -- a 17 page expert

23       affidavit and you still don't know what they

24       want, or we don't know, and defendants can't tell

25       what they want.  They have no complied with what

26       the requirements of 1462.

27           And two things that I want to point out that

28       were alluded to earlier, first of all, Your

29       Honor, the very first paragraph of the affidavit

30       section regarding what their plan is, which

31       again, 1462 states that they have to particularly

32       identify what it is that they want to do and it

                                                          27

```
 1          has to be limited in scope to be as little
 2          burdensome as possible, so that the details and
 3          extent of this plan may change depending on what
 4          is discovered once access to the site is obtained
 5          and conditions are examined firsthand.  So in
 6          other words, Judge, we want you to open up the
 7          door to the landfill and let us go in there and
 8          then we'll figure out what we want to do and
 9          that's just not in accordance with what the rules
10          set forth to avoid this type of ambush discovery
11          and inspection.
12               And the second thing out of that same
13          affidavit, again, from the section regarding what
14          data they're looking for, paragraph 19 of the
15          expert affidavit, theoretically, the best
16          possible evidence to determine such exposure that
17          harms have occurred would be the actual air
18          samples taken on a regular basis at each of
19          petitioner's home.  None of that has been done.
20          We don't even know if what these folks are
21          alleging, what they're complaining of is even --
22          if there's anything at their house, much less if
23          it's anything that can be produced by a landfill.
24          And as the Court alluded to earlier, there's
25          nothing stopping them from doing that, which is
26          the practical first step in this process which
27          again has not been done.  So we'll touch on that
28          more if we get pass the lis pendens, but --
29          THE COURT:
30               Are there any Louisiana cases in which the
31          expedited discovery rules have been applied or
32          allowed?  Is there any cited cases?
```

28

1       MR. MOGHIS:

2           Judge, they do not --

3       THE COURT:

4           Are there?

5       MR. MOGHIS:

6           They do not cite any cases in support of

7       what they're asking for.  In fact, to the

8       contrary, I think the law and argument section,

9       the second sentence of that section specifically

10      says we have not found any Louisiana cases on

11      point.

12          This is certainly not the first landfill

13      case, certainly not the first emissions case, not

14      the first air quality case, yet, there's not case

15      on point with what they're asking the Court to do

16      here today.  That's the first thing.  So they

17      take a step further and go look at federal cases,

18      one of which or all of which or half of which

19      that they cited the request was denied.  The

20      other ones, there had already been discovery

21      conferences.  There had been response of

22      pleadings filed.  There had been written

23      discovery.  There had been conferences among

24      counsel.  There had been conferences with the

25      judge, written requests, all of this to vet out

26      what it is that they're asking for.  Are they

27      entitled to it before we present it to the Court.

28      None of that has been done here.  So, no, Your

29      Honor, there is no support for what they're

30      asking the Court for today.

31      THE COURT:

32          Some years ago there was some legislation

29

1554

1        proposed to actually shut down the Jefferson

2        Parish Landfill and transfer all the waste stream

3        over to another landfill, as I recall.  Wouldn't

4        be here today had that happened.  Just a thought.

5            Mr. Neuman, I'm sorry, no, Mr. -- not Mr.

6        Neuman, sorry.  Counsel, anything else you want

7        to add?

8    MR. MIMS:

9            Yes, Judge.  I just wanted to clarify

10       quickly some points on the Louisiana law on lis

11       pendens.

12           There was a discussion from Mr. Neuman about

13       whether the res judicata test would apply here

14       given that the plaintiffs, the Addison plaintiffs

15       have not opted out yet.  Mr. Neuman says, well,

16       we just can't know until they opt out.  That's

17       not true and the IESI LA case makes that very

18       clear.  That was the same situation in IESI LA.

19       The IESI LA plaintiffs had not made a decision on

20       whether to opt out yet or not.

21   THE COURT:

22           Agreed, but in fairness and I think what Mr.

23       Neuman was pointing out is they sought basically

24       the protection of the class action statute so

25       that they could avoid the liberative prescription

26       issue.  I mean, they are actually alleging class

27       status so they wouldn't be -- their claims

28       wouldn't be prescribed.

29   MR. MIMS:

30           I understand that, Your Honor.  And when

31       you look at the IESI LA opinion, you'll see that

32       it was not limited.  That was not a

30

1555

1     distinguishing factor.  If you look at <u>IESI LA</u>,

2     it's 180 So.3rd and I'm looking at page 270, the

3     finding, it says, "We find the trial court erred

4     in finding there exists no identity of the

5     parties for lis pendens purposes when a putative

6     class member, such as plaintiffs herein, is not a

7     named plaintiff or joined as a party in the class

8     action."

9          It doesn't say when a plaintiff who alleges

10     to be a putative class member.  It says when they

11     are a putative class member.  You just heard Mr.

12     Neuman concede that under the definition proposed

13     by the class members, they are putative class

14     members.  So whether or not they have tried to

15     rely on that for prescription purposes doesn't

16     change the real question, which is do they fit

17     under the definition of the proposed class and

18     they clearly do.

19     THE COURT:

20          All right.  So I think as I indicated at the

21     beginning, I think it's incumbent upon the Court

22     to rule upon the Exception of Lis Pendens prior

23     to taking up any other issues as depending upon

24     that ruling there may be no other issues to be

25     addressed.  Obviously, the issues have been well

26     briefed and well argued and the law, I think, is

27     fairly settled in this area.  The relevant

28     articles include 531, 532 and the cases cited by

29     counsel for the plaintiff and defendant.

30          From a Court's perspective, and, obviously,

31     there's the requirement that I follow all binding

32     authority, and I just don't see a way around the

31

1      IESI LA case as far as the exception goes.  I

2      think given the class definition, the proposed

3      class definition and the allegations alleged in

4      the plaintiffs' petition in the Addison matter

5      that there is no way that this Court can envision

6      that those same plaintiffs wouldn't be members of

7      the class if a class is so certified.  That

8      doesn't mean that they can't opt out, obviously,

9      but that's not the question now.  The question is

10     whether they are basically putative class members

11     and, again, I can't see a way that they would not

12     be.

13         As such, I think the last elements with

14     regard to lis pendens, again, whether there's an

15     identity of parties or the same parties is

16     actually satisfied by virtue of that.  I don't

17     think there's any question it's the same

18     transaction and occurrence and the other issues I

19     think if not conceded, I think basically

20     understood by counsel for the plaintiffs that

21     those issues would be satisfied.

22         So because I think there is also the same

23     parties involved based upon the classes that are

24     proposed in the federal litigation at this point,

25     I don't see a way around these plaintiffs being

26     included in that class and as such, I think you

27     do have the same parties.  Accordingly, I think

28     the rules of lis pendens would apply and as such,

29     the Court would grant the Exception of Lis

30     Pendens.

31         I understand, Mr. Neuman, that I have the

32     right to exercise discretion in this particular

                                                      32

```
 1          matter.  I am reluctant, as always, to have
 2          similar cases or same cases traveling down
 3          different paths.  I think from a judicial
 4          efficiency standpoint and I think in fairness to
 5          the defendants to be able to defend these types
 6          of actions in one forum I think is just
 7          fundamentally fair.  So I'm not going to exercise
 8          the discretion and allow this matter to continue,
 9          as such.  Given that the federal action is
10          pending, it's incumbent upon the Court to stay
11          these proceedings, not to dismiss them, but to
12          simply stay them as I appreciate the law in this
13          matter.
14               So accordingly, the Court is going to grant
15          the Exception of Lis Pendens and stay the
16          proceedings in this case.  I'm not going to make
17          a ruling because I think at this point the issue
18          of whether or not the expedited discovery issue
19          is moot.  So I'm not going to make a ruling on
20          that particular issue.  However, if the Fifth
21          Circuit reverses me on lis pendens exception, I
22          will give you a hearing right away with regard to
23          that issue as soon as it comes back, if it comes
24          back, so that that issue can be addressed in a
25          timely fashion at that point.
26               That being said, counsel, if you'll prepare
27          a judgment to that effect, Exception of Lis
28          Pendens is granted granting a stay of these
29          proceedings until such time as -- as what?
30          That's the question.  Until such time as the
31          federal litigation is either remanded or a class
32          is certified.
```

33

1       MR. MIMS:

2            I think certification would be the key

3       issue, whether that would be in --

4       THE COURT:

5            Well, if it's remanded, then it's going to

6       come back and then at this point, actually, this

7       case wouldn't be here because this case would

8       then go to the lowest filed number in Jefferson

9       Parish, which I think is Division E case.

10      MR. MIMS:

11           Well, whether it's remanded or not, it'll

12      still be a class action and so we would still be

13      in the same place of waiting.

14      THE COURT:

15           I guess you're right.  I guess it would be

16      remanded as a class action.  It wouldn't -- yeah,

17      unless -- I guess it would still be remanded as a

18      class action.

19      MR. MIMS:

20           I believe certification in either scenario

21      is going to be the key here.

22      THE COURT:

23           Well, that raises an interesting question,

24      though, because if at this point because it's a

25      federal action I grant the Exception of Lis

26      Pendens and order the stay of these proceedings,

27      if it's remanded and then the class action

28      becomes a state court action, then the Lis

29      Pendens Exception would be that this matter would

30      be dismissed?

31      MR. MIMS:

32           Correct, Your Honor.  Dismissed without

34

```
 1        prejudice pending the class certification
 2        decision.
 3        THE COURT:
 4            That makes for a weird judgment.
 5        MR. MIMS:
 6            We'd be happy to work on that language and
 7        I'm sure Mr. Neuman and I can come to some sort
 8        of agreement on that.
 9        THE COURT:
10            Yes.  All right.  So at this point let's
11        just take it one step at a time and that way I
12        won't get ahead of myself.  So let's just -- the
13        judgment will be that the Court is granting the
14        Exception of Lis Pendens and that this matter is
15        stayed pending a resolution of the federal action
16        by remand or class certification.  If it's
17        remanded, then, Mr. Neuman, obviously, you're
18        going to have some different issues that are
19        there that we'll have to deal with and then we'll
20        deal with those at the appropriate time, if
21        necessary.  But I still say if it gets remanded
22        back to state court, then this action should be
23        consolidated with the lowest filed number in
24        state court and I don't think that's going to be
25        me.  I think that's Division E, as I appreciated
26        the filing numbers, but that'll be a different
27        question.
28        MR. MIMS:
29            I agree.  At this point it makes sense to do
30        a stay until either remand or class
31        certification--
32        THE COURT:
```

35

1560

1          Class certification.

2     MR. MIMS:

3          -- and we can revisit those issues if we

4     need to down the road.

5     THE COURT:

6          All right.  Thank you.

7              (END OF PROCEEDINGS)

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

29

30

31

32

36

<pre>
 1                      CERTIFICATE

 2         STATE OF LOUISIANA

 3         PARISH OF JEFFERSON

 4            I, GINA RUIZ PATIN, CDR, Certified Digital Reporter,

 5     in and for the State of Louisiana, employed as Official

 6     Court Reporter for he Twenty-Fourth Judicial District

 7     Court, for the State of Louisiana, was not the Court

 8     Reporter on this case, however, do hereby certify that the

 9     above was transcribed under my personal direction and

10     supervision, and is a true and correct transcription of

11     proceedings to the best of my ability and understanding

12     before Stephen Grefer, Presiding Judge, on January 24,

13     2019;

14            That I am not of counsel, nor related counsel or to

15     the parties hereto, nor am I otherwise interested in the

16     outcome of this matter.

17            This certification is valid only for a transcript

18     accompanied by my original signature and original seal on

19     this page.

20            Signed this 6th day of February, 2019.

21

22

23     GINA RUIZ PATIN

24     Certified Digital Reporter

25     Certificate #1032018

26

27

28

29

30

31

32
</pre>

37

1562

FILED

FEB – 6 2019

J. Mothene

**DEPUTY CLERK**

DS
1034

24TH JUDICIAL DISTRICT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

NO. 790-369                                                        DIVISION "J"

FREDERICK ADDISON, et. al.

VERSUS

LOUISIANA REGIONAL LANDFILL COMPANY, et. al.

<u>JUDGMENT</u>

This cause came before the Court for hearing on Thursday, January 24, 2019 on the

Declinatory Exceptions of Lis Pendens filed by defendants Waste Connections U.S., Inc. and

Jefferson Parish, and the Request For Expedited Discovery For The Purpose Of Entering And

Inspecting The Subject Landfill And Motion For Expedited Hearing filed by Plaintiffs, where the

following were present:

> Michael Mims and Megan Brillault, counsel for Waste Connections U.S., Inc.;
>
> Peter Connick, Michael Futrell, and Matthew Moghis, counsel for Jefferson Parish; and
>
> Barry Neuman, Byron Forrest, Nicholas Cressy, and S. Eliza James, counsel for Plaintiffs.

The Court, having considered the pleadings, memoranda and exhibits filed by the parties,

and the argument of counsel, and for the reasons orally assigned, does hereby:

**ORDER, ADJUDGE AND DECREE** that the Declinatory Exceptions of Lis Pendens

filed by defendants Waste Connections U.S., Inc. and Jefferson Parish are hereby **GRANTED**.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the above

captioned action is hereby **STAYED** until such time as the Eastern District of Louisiana orders a

remand of any one of the Related Class Actions, which are defined as *Ictech-Bendeck v.

Progressive Waste Solutions*, No. 2:18-cv-07889 (E.D. La.), *Thompson v. Louisiana Regional

Landfill Company*, No. 2:18-cv-08071 (E.D. La.), *Bernard v. Progressive Waste Solutions of LA,

Inc.*, 2:18-cv-08218 (E.D. La.), *Landry-Boudreaux v. Progressive Waste Solutions of LA, Inc.*,

2:18-cv-09312 (E.D. La.), or until such time as the Eastern District of Louisiana rules on class



EXHIBIT

A-3

certification in any one of the Related Class Actions, after which time the parties may seek appropriate relief from this Court consistent with the reasons orally assigned herein.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Request For Expedited Discovery For The Purpose Of Entering And Inspecting The Subject Landfill And Motion For Expedited Hearing filed by Plaintiffs is hereby DENIED as moot.

JUDGMENT RENDERED, READ AND SIGNED on this 6th day of February, 2019.

D7 owes
(gov't)

_____
Honorable Stephen C. Grefer, Division "J"

## RULE 9.5 CERTIFICATE

I certify that I circulated this proposed judgment to counsel for all parties by e-mail on January 28, 2019, and I have allowed at least five (5) working days before presentation to the Court. Counsel for Jefferson Parish indicated that it had no objection to this proposed judgment. Counsel for Plaintiffs requested that this proposed judgment be revised to add the sentence: "The Court finds that the holding of *Aisola v. Louisiana Citizens Property Ins. Corp.*, 180 So.3d 266 (La. 10/14/15) is binding authority on this Court and mandates that the exception of Lis Pendens be and hereby is sustained." Counsel for Waste Connections U.S., Inc. and counsel for Jefferson Parish both object to this revision, as it does not fully and accurately reflect the reasons orally assigned by the Court.

Certified this 4th day of February 2019.

_____
MICHAEL C. MIMS
Counsel for Waste Connections U.S., Inc.

 

(101) CITATION: CLASS ACTION PETITION FOR DAMAGES / REQUEST FOR WRITTEN NOTICE ; EX PARTE MOTION AND ORDER AND INCORPORATED MEMORANDUM IN SUPPORT OF X PARTE MOTION TO APPOINT INTERIM CLASS COUNSEL                    180726-4031-3

## 24TH JUDICIAL DISTRICT COURT
## PARISH OF JEFFERSON
## STATE OF LOUISIANA

ELIAS JORGE ICTECH-BENDECK, ELIAS GEORGE ICTECH-BENDICK
    versus
PROGRESSIVE WASTE SOLUTION OF LA INC, WASTE CONNECTIONS US INC, IESI LA LANDFILL CORPORATION, LOUISIANA REGIONAL LANDFILL COMPANY INC, APTIM CORPORATION, PARISH OF JEFFERSON

Case: 785-955   Div: "H"
P 1 ELIAS JORGE ICTECH-BENDECK

To:  LOUISIANA REGIONAL LANDFILL COMPANY INC
THRU ITS AGENT
CORPORATION SERVICE COMPANY
501 LOUISIANA AVE
BATON ROUGE LA 70802

EBR# 15955  $139.44

PARISH OF JEFFERSON

You are hereby summoned to comply with the demand contained in the CLASS ACTION PETITION FOR DAMAGES / REQUEST FOR WRITTEN NOTICE / EX PARTE MOTION AND ORDER AND INCORPORATED MEMORANDUM IN SUPPORT OF EX PARTE MOTION TO APPOINT INTERIM CLASS COUNSEL  of which a true and correct copy accompanies this citation, or make an appearance either by filing a pleading or otherwise, in the 24th Judicial District Court in and for the Parish of Jefferson, State of Louisiana, within FIFTEEN (15) CALENDAR days after the service hereof, under penalty of default.

This service was requested by attorney VAL P. EXNICIOS and was issued by the Clerk of Court on the 26th day of July, 2018.

/s/ Lisa M. Cheramie
Lisa M. Cheramie, Deputy Clerk of Court for
Jon A. Gegenheimer, Clerk of Court

_____ SERVICE INFORMATION _____

(101) CITATION: CLASS ACTION PETITION FOR DAMAGES / REQUEST FOR WRITTEN NOTICE ; EX PARTE MOTION AND ORDER AND INCORPORATED MEMORANDUM IN SUPPORT OF X PARTE MOTION TO APPOINT INTERIM CLASS COUNSEL                    180726-4031-3

Received:_____   Served:_____   Returned:_____

Service was made:
        ___ Personal          ___ Domiciliary _____

Unable to serve:
        ___ Not at this address      ___ Numerous attempts _____ times
        ___ Vacant                   ___ Received too late to serve
        ___ Moved                    ___ No longer works at this address
        ___ No such address          ___ Need apartment / building number
        ___ Other

EXHIBIT
B-1

Service: $_____   Mileage: $_____   Total: $_____

Completed by:_____  #_____
                        Deputy Sheriff
Parish of:_____

Thomas F. Donelon Courthouse : 200 Derbigny St. : Gretna LA 70053

Page 1 of 1

FILED FOR RECORD 07/25/2018 08:55:09
Michelle S. Bruner, DY CLERK
JEFFERSON PARISH LA

24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

NO. 785-955                                        DIVISION H

ELIAS JORGE "GEORGE" ICTECH-BENDECK
VERSUS
PROGRESSIVE WASTE SOLUTIONS OF LA, INC., WASTE CONNECTIONS, US,
INC., IESI LA LANDFILL CORPORATION, LOUISIANA REGIONAL LANDFILL
COMPANY, INC. , APTIM CORPORATION, AND PARISH OF JEFFERSON

FILED:_____        _____
                                            DEPUTY CLERK

CLASS ACTION PETITION FOR DAMAGES

The petition of **ELIAS JORGE "GEORGE" ICTECH-BENDECK**, a person of the full

age of majority and a resident of and domiciled in the Parish of Jefferson, State of Louisiana, on

behalf of himself and all other similarly situated persons residing in and/or domiciled in the effected

areas of Jefferson Parish, with respect represents that:

I.

Made Defendants in this cause of action are:

1. **PROGRESSIVE WASTE SOLUTIONS OF LA, INC.**, a foreign corporation authorized

to do and doing business in this Parish and State;

2. **WASTE CONNECTIONS, US, INC.**, a foreign corporation authorized to do and doing

business in this Parish and State;

3. **IESI LA LANDFILL CORPORATION**, a foreign corporation authorized to do and

doing business in this Parish and State;

4. **LOUISIANA REGIONAL LANDFILL COMPANY, INC.**, a foreign corporation

authorized to do and doing business in this Parish and State;

5. **APTIM CORPORATION**, a foreign corporation authorized to do and doing business in

this Parish and State;

6. **PARISH OF JEFFERSON**, a Louisiana municipal parish in the State of Louisiana.

II.

Defendants are jointly, severally and in solido indebted unto your Petitioner and all those

1

similarly situated, for general and special damages suffered by Petitioner and all those similarly

situated in a sum sufficient to fully compensate him/her/them for all of his/her/their damages,

together with legal interest, and for all costs, for this, to-wit:

### III.

### UNDERLYING FACTS

On or about August 1, 2017 the purported "sanitary solid waste" facility/landfill owned by

Defendant Jefferson Parish and known as the Jefferson Parish landfill (hereinafter JP Landfill) that

is located in Waggaman, LA began to emit noxious odors, believed to consist primarily of methane

and hydrogen sulfide gases, into areas surrounding the JP Landfill. The surrounding neighborhoods,

including but not limited to those located in Waggaman, LA., River Ridge, La. and Harahan, La.,

experienced said noxious odors on various days and at various times of the day and night depending

upon the then prevailing wind direction crossing over and/or otherwise emanating from the site of

the JP Landfill. The emission of said noxious odors continue to date of filing, continued into the past

approximate 11 month period and are asserted to likely continue into the foreseeable future such that

the emission has been and will be a continuous tort into the foreseeable future.

### IV.

### DEFENDANT PARTIES

The JP Landfill is, and/or was at relevant times, owned by Defendant JEFFERSON PARISH

and is, and/or was at all relevant times, being operated pursuant to contracts issued by Defendant

JEFFERSON PARISH to Defendants IESI LA LANDFILL CORPORATION, (hereinafter IESI-LA)

a wholly owned subsidiary of Defendant PROGRESSIVE WASTE SOLUTIONS OF LA, INC., that

was in turn acquired by Defendant WASTE CONNECTIONS, US, INC.

IESI-LA is controlled by its parent corporations PROGRESSIVE WASTE SOLUTIONS, OF

LA, INC. and/or  WASTE CONNECTIONS, US, INC. and is the "alter ego" of said parent

corporation(s) and operates without autonomy and only pursuant to the directions, policies and

procedures of its parent corporation(s); as such, said parent corporation(s) are liable for all negligent

and/or otherwise bad acts of its wholly owned subsidiary(ies), IESI-LA and/or LOUISIANA

REGIONAL LANDFILL COMPANY, INC..

IESI operated and managed (and/or mis-managed) the JP landfill from the date of the initial

omissions of noxious odors in August, 2017 and it is thus liable for all damages sustained from

2

August 1, 2017 to the date of its corporate name change, to wit: IESI recently changed its corporate name in June, 2018 to LOUISIANA REGIONAL LANDFILL COMPANY, INC. (hereinafter LRLC) and LRLC is the current operator and manager (and/or mis-manager) of the JP Landfill and is thus liable for all damages sustained since its corporate name change to date of just and equitable adjudication, and into such future date as the emissions cease, if ever.

.Defendant APTIM CORPORATION, based upon information and belief, manages, or in this case, mis-manages, pursuant to contract and/or subcontract, the gas and/or leachate collection system(s) of JP Landfill that, in addition to the site's liquid industrial waste, residential sewerage, commercial waste, and improperly covered solid waste is at least one "point source" of the noxious odors and gases emanating from the JP landfill.

## V.

## PROXIMATE CAUSE AND BAD ACTS

The sole proximate cause of the above described emanations of noxious odors and gases is and was the strict liability, breach of contractual obligations and/or negligent acts of Defendants, which strict liability, breach of contractual obligations  and/or negligence consists more particularly, but not exclusively, of the following:

1. Violation of Civil Code Articles 667, 669, 2315, 2316, 2317, 2317.1, 2322 and applicable environmental rules and regulations promulgated by the State of Louisiana and/or Louisiana Department of Environmental Quality (LDEQ) ;

2. Failure to properly operate and/or manage a solid waste "sanitary" landfill in a manner that does not cause harm to others, and in particular, to its neighbors;

3. Failure to take all reasonable action to avoid causing harm as set forth herein;

4. Failure to prevent the emission of noxious and harmful odors and gases into and onto the persons and properties of the surrounding neighborhoods;

5. Breach of contractual obligations of which Petitioner and all those similarly situated are third party beneficiaries of the contract(s) between Defendant Jefferson Parish and all other Defendants named herein that cause(d) harm to Petitioner and all those similarly situated that he seeks to represent.

## VI.

## DAMAGES

3

As a consequence of the acts and/or failures to act and/or breach of duties and/or obligations and resulting legally cognizable damages; Petitioner and all those similarly situated, sustained damages as follows:

    A.    Past, present and future nuisance damages;

    B.    Past, present and future diminution in property value.

VI (a).

ARTICLE 893

Pursuant to La. Code of Civil Procedure Article 893, Petitioner prays and/or asserts that the sum in damages sought by and for any individual petitioner herein be and is greater than the jurisdictional amount necessary for trial by jury.

VII.

CLASS ACTION PROCEDURAL PROVISIONS

Petitioner seeks to proceed as a Class Action pursuant to Louisiana Code of Civil Procedure Article 591, et seq., individually and as class representative on behalf of a class of Plaintiffs similarly situated but as yet fully identified, as Plaintiff herein represents that he has sustained legally cognizable damages common to all those similarly situated who incurred such damages arising from the direct and proximate result of the wrongful conduct of Defendants as set forth herein, and/or by those for whom they are legally responsible pursuant to the doctrine of respondiat superior, employer-employee, master-servant and/or as otherwise authorized by statutory law and/or jurisprudence.

VII (a)

Petitioner/Plaintiff proposes that the Class be defined as:

"All persons domiciled of and/or within the Parish of Jefferson, (except Defendants' employees and appropriate court personnel involved in the subject action at the district and appellate levels), who sustained legally cognizable damages in the form of nuisance, interference with the enjoyment of their properties and/or diminution in value of their properties as a result of the Defendant(s)' acts that caused the emission of noxious odors and gases into and unto their persons and properties".

VII (b)

This action is appropriate for determination through utilization of the Louisiana class action procedural device, to wit: Louisiana Class Action Procedure Articles (La. C.Civ.P. Art. 591, *et seq.*) for the following reasons:

4

1. **NUMEROSITY**

   While the exact number of and identities of the class members are unknown at this time, they may be ascertained through appropriate discovery and Plaintiff is of the information and belief that the class of Plaintiffs clearly consists of persons presenting a level of numerosity better handled through the class action procedural device;

2. **COMMON QUESTIONS OF LAW AND FACT**

   There are common questions of law and fact applicable to all class members and which predominate over individual questions, which include, but are not limited to: whether the damages were a result of the wrongful conduct of Defendant(s);

3. **TYPICALITY**

   The claims of the class representative as named herein are typical of the class members he seeks to represent and the defenses of Defendants are typical as to the Plaintiff and class members in that all seek damages arising from the wrongful conduct of Defendants as alleged herein;

4. **ADEQUACY OF REPRESENTATION**

   Plaintiff will fairly and adequately represent the interests of the class, and the class representative herein is represented by skilled attorneys who are experienced in the handling of mass tort class action litigation, and who will handle this action in an expeditious and economical manner, and all in the best interests of all members of the class; further, undersigned Counsel Val Patrick Exnicios, Esq. serves as Chairman of the Louisiana State Bar Association's Class Action, Mass Torts & Complex Litigation Section, and as Co-Chairman of the Louisiana Supreme Court's Class Action, Rules of Professional Conduct and MDL Committee and is pro bono ethics counsel to several plaintiff and defense law firms and is a frequent lecturer at CLE presentations and at area law schools on both ethics and professionalism in the practice of law in this State; as such, he is highly skilled in the prosecution and management of actions wherein the Court has determined that the class action procedural device is the most appropriate means to manage mass and/or complex litigation, and highly skilled as to the Louisiana Supreme Court's Rules of

5

Professional Conduct applicable to said procedural device and mass and individual client representation actions.

5.   **OBJECTIVE CLASS DEFINITION**

This Class is (or may be as this Honorable Court determines) defined objectively in terms of ascertainable criteria, such that the court may determine the constituency of the class for purposes of the conclusiveness of any judgment that may be rendered in this case.

6.   **RISK OF PROSECUTING SEPARATE ACTIONS**

The prosecution of separate actions by individual members of the class would create a risk of inconsistent and/or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party(ies) opposing the class, or adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

Lastly, the Louisiana Class Action Procedure affords a superior vehicle for the efficient disposition of the issues and claims herein presented, especially since individual joinder of each of the class members is impracticable. Individual litigation by each of the class members, besides being unduly burdensome to the Plaintiffs, would also be unduly burdensome and expensive to the court system, as well as to the Defendants.

## VIII

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff ELIAS JORGE "GEORGE" ICTECH-BENDECK prays that a copy of this Petition be served on each Defendant, and that they each be cited to answer same within the delays allowed by law and that, after due proceedings are had, that the class be certified and that appropriate Notice be issued, and that judgment against Defendants be granted in favor of Plaintiff and all those similarly situated be entered in an amount to be determined at trial by the trier of fact reasonable in the premises for injuries, harms, damages, and losses as set forth above, special damages, applicable penalties (if any), costs, expert witness fees, attorneys' fees, filing fees, pre- and post-judgment interest, all other injuries and damages as shall be proven at trial, and such other

6

further relief as the Court may deem appropriate, just, and proper as the law allows.

Respectfully submitted,

*Liska, Exnicios, & Nungesser*

**Val Patrick Exnicios, TA (LA Bar #19563)**
**Kelsey L. Zeitzer (LA Bar #37368)**
**Max N. Tobias, Jr. (LA Bar # 12837)**
*Liska, Exnicios & Nungesser*
1515 Poydras Street, Suite 1400
New Orleans, LA 70112
Telephone: (504) 410-9611
Facsimile: (504) 410-9937

*FAVRET, DEMAREST, RUSSO,*
*LUTKEWITTE & SCHAUMBURG*
A Professional Law Corporation
**Seth H. Schaumburg, No. 24636**
**Anthony J. Russo, No. 8806**
**Dean J. Favret, No. 20186**
**Angela C. Imbornone, No. 19631**
**Lauren A. Favret, No. 33826**
1515 Poydras Street, Suite 1400
New Orleans, Louisiana 70112
Telephone: (504) 561-1006
Facsimile: (504) 523-0699

**Douglas Hammel, LA BAR #( 26915)**
Attorney at Law
3129 Bore Street
Metairie, La. 70001
504.304.9952 phone
504.304.9964 fax
*Attorneys for Plaintiff and the Proposed Class*

<u>PLEASE SERVE:</u>

**PROGRESSIVE WASTE SOLUTIONS OF LA, INC.**
Through its Agent
Corporation Service Company
501 Louisiana Ave.
Baton Rouge, LA 70802

**WASTE CONNECTIONS, US, INC.**
Via long arm through its Agent
Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808

**IESI LA LANDFILL CORPORATION**
Through its Agent
Corporation Service Company
501 Louisiana Avenue
Baton Rouge, LA 70802

7

A TRUE COPY OF THE ORIGINAL
ON FILE IN THIS OFFICE.

*Lisa M. Cleemu*
DEPUTY CLERK
24TH JUDICIAL DISTRICT COURT

**LOUISIANA REGIONAL LANDFILL COMPANY, INC.**
Through its Agent
Corporation Service Company
501 Louisiana Avenue
Baton Rouge, LA 70802


**APTIM CORPORATION**
Through its Agent
CT Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

**JEFFERSON PARISH**
Through the Parish Attorney
Michael J. Power
1221 Elmwood Park Blvd., Suite 701
Jefferson, LA 70123

8

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ELIAS JORGE "GEORGE" ICHTECH-BENDECK, **Plaintiff** | CIVIL ACTION NO.:_____ |
| **VERSUS** | SECTION:_____ |
| PROGRESSIVE WASTE SOLUTIONS OF LA, INC., WASTE CONNECTIONS US, INC., IESI LA LANDFILL CORPORATION, LOUISIANA REGIONAL LANDFILL COMPANY, INC., APTIM CORPORATION, AND PARISH OF JEFFERSON, **Defendants.** | JUDGE: _____    MAGISTRATE JUDGE:_____ |

NOTICE OF REMOVAL
BY DEFENDANT WASTE CONNECTIONS US, INC.

Defendant Waste Connections US, Inc., hereby removes Case No. 785-955 from the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, Division H, to the United States District Court for the Eastern District of Louisiana pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, on the basis of diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), and as grounds for the case's removal state the following.

1.      On July 25, 2018, the Plaintiff filed a Class Action Petition for Damages ("Complaint") in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, Division H, styled *Elias Jorge "George" Ictech-Bendeck, v. Progressive Waste Solutions of LA, Inc., Waste Connections US, Inc., IESI LA Landfill Corporation, Louisiana Regional Landfill Company, Inc., Aptim Corporation, and Parish of Jefferson,* Case No. 785955.

EXHIBIT
B-2

2.      Defendant Waste Connections US, Inc. was served on July 30, 2018.  This Notice of Removal is timely under 28 U.S.C. § 1446(b).

3.      Under 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Defendants are attached as Exhibit A.

4.      This Court has subject matter jurisdiction over Plaintiff's claims under CAFA. Original jurisdiction in this Court exists under CAFA if the litigation is a "class action" as defined by CAFA, "the matter in controversy exceeds the sum or value of $5,000,000," and "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §1332(d)(2).

5.      CAFA defines a "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule or judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).  Plaintiff specifically alleges his Complaint to be asserted as a class action, citing Louisiana Code of Civil Procedure Article 591 *et seq*. *See* Ex. A, Compl., § VII. Actions seeking class treatment under such provision are "class actions" for purposes of CAFA.  *See, e.g.*, *In re Katrina Canal Litig. Breaches*, 524 F.3d 700, 705 (5th Cir. 2008) (complaint filed under Louisiana Code of Civil Procedure Article 591 is a class action for purposes of CAFA).

6.      Plaintiff is a resident of, and domiciled in, the Parish of Jefferson in the State of Louisiana. Exhibit A, Compl., at 1. Defendant Waste Connections US, Inc. is a Delaware corporation with its principal place of business in The Woodlands, Texas. *See* Ex. A, Compl., § I(2)".[1]  Thus, at least one plaintiff is diverse from at least one defendant in accord with 28 U.S.C. § 1332(d).

---

[1] Although Plaintiff correctly identifies Waste Connections US, Inc. as a foreign corporation, Plaintiff mistakenly claims that Waste Connections US, Inc. is authorized to do business in Louisiana.

2

7.      Plaintiff alleges that he represents and brings this action on behalf of a proposed class consisting of "[a]ll persons domiciled of and/or within the Parish of Jefferson, (except Defendants' employees and appropriate court personnel involved in the subject action at the district and appellate levels), who sustained legally cognizable damages in the form of nuisance, interference with the enjoyment of their properties and/or diminution in value of their properties as a result of the Defendant(s)' acts that caused the emission of noxious odors and gases into and unto their persons and properties." Ex. A, Compl., § VII(a). Plaintiff claims damages in the form of, among other things, "an amount to be determined at trial … reasonable in the premises for injuries, harms, damages, and losses as set forth above, special damages, applicable penalties (if any), costs, expert witness fees, attorneys' fees … [and] all other injuries and damages as shall be proven at trial …." Ex. A, Compl., § VIII. These pleadings implicate the jurisdictional minimum under CAFA.

8.      Original jurisdiction under CAFA exists where "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. 1332(d)(2).  In its notice of removal, Defendant "need[s] include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014); *see also Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 240 (5th Cir. 2015) ("[a] removing defendant can meet its burden of demonstrating the amount in controversy by showing that the amount is 'facially apparent' from the plaintiffs' pleadings alone … the court [may] make common-sense inferences about the amount put at stake by the injuries the plaintiffs claim"). The proposed class is undefined but, under the Complaint, may include any person domiciled within Jefferson Parish. Ex. A, Compl. § VII(a). On information and belief, the population of Jefferson Parish is greater than 400,000 people. Plaintiff's prayer for

3

relief on behalf of each member of the proposed class alleges damages that include past, present and future nuisance damages and past, present and future diminution in property value. Plaintiff also seeks special damages, applicable penalties (if any), and expert witness and attorneys' fees. As a result, even a modest alleged damage amount for each proposed class member, plus additional witness and attorneys' fees, would exceed $5,000,000.

9.      For these reasons, the $5,000,000 jurisdictional amount in controversy requirement is satisfied. 28 U.S.C. § 1332(d).

10.     The removal of this action to this Court is proper under 28 U.S.C. § 1441(a) because the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, where this action was originally filed, is within the federal judicial district for the Eastern District of Louisiana.

11.     Defendant respectfully requests that this Court assume jurisdiction over this matter and issue such orders and processes as may be necessary to bring before it all the parties necessary for the trial thereof.

12.     Defendant will file a true and correct copy of this Notice of Removal with the Clerk of the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana. Defendant has also served Plaintiff's counsel with a copy of this Notice of Removal.

**WHEREFORE**, Defendant Waste Connections US, Inc. hereby removes Case No. 785-955 from the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, Division H, to this Court pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

4

Respectfully submitted,

BRADLEY MURCHISON KELLY & SHEA LLC


By:   /s/ David R. Taggart
           David R. Taggart, T.A.
           Louisiana Bar Roll No. 12626

401 Edwards Street, Suite 1000
Shreveport, Louisiana 71101
Telephone: (318) 227-1131
Facsimile: (318) 227-1141

Michael C. Mims
Louisiana Bar Roll No. 33991
John B. Stanton
Louisiana Bar Roll No. 36036
1100 Poydras St., Suite 2700
New Orleans, Louisiana 70163
Telephone: (504) 596-6300
Fax: (504) 596-6301

Counsel for Defendant Waste Connections US, Inc.

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ELIAS JORGE "GEORGE" ICHTECH-BENDECK,<br>    Plaintiff | CIVIL ACTION NO.:_____ |
| VERSUS | SECTION:_____ |
| PROGRESSIVE WASTE SOLUTIONS OF LA, INC., WASTE CONNECTIONS US, INC., IESI LA LANDFILL CORPORATION, LOUISIANA REGIONAL LANDFILL COMPANY, INC., APTIM CORPORATION, AND PARISH OF JEFFERSON,<br>    Defendants. | JUDGE: _____<br><br>MAGISTRATE JUDGE:_____ |

## CERTIFICATE OF SERVICE

I hereby certify that I have, on this 17th day of August, 2018, served a copy of the foregoing pleading upon all counsel of record and the parties named herein by either serving the counsel through the Court's ECF system, facsimile transmission, email or by placing same in the U. S. mail, postage prepaid and properly addressed to the following:

Val Patrick Exnicios, TA
Kelsey L. Zeitzer
Max N. Tobias, Jr.
*Liska, Exnicios & Nungesser*
1515 Poydras Street, Suite 1400
New Orleans, Louisiana 70112

Seth H. Schaumburg
Anthony J. Russo
Dean J. Favret
Angela C. Imbornone
Lauren A. Favret
*Favret, Demarest, Russo, Lutkewitte & Schaumburg*
1515 Poydras Street, Suite 1400
New Orleans, Louisiana 70112

6

Douglas Hammel
Attorney at Law
3129 Bore Street
Metairie, Louisiana 70001

Shreveport, Louisiana this 17th day of August, 2018.

/s/ David R. Taggart
OF COUNSEL

7

1580

$7100
885

24th JUDICIAL DISTRICT FOR THE PARISH OP JEFFERSON
STATE OF LOUISIANA

NO. 786-137                                          DIVISION N

SAVANNAH THOMPSON

VERSUS

LOUISIANA REGIONAL LANDFILL COMPANY f/k/a IESI LA LANDFILL
CORPORATION, WASTE CONNECTIONS BAYOU, INC. f/k/a PROGRESSIVE WASTE
SOLUTIONS OF LA, INC., WASTE CONNECTIONS OF LOUISIANA, INC., APTIM
CORP., AND PARISH OF JEFFERSON

FILED: _____                    _____
                                                     DEPUTY CLERK

CLASS ACTION PETITION FOR DAMAGES and INJUNCTIVE RELIEF

The petition of Savannah Thompson, a person of the full age of majority and resident of

and domiciled in the Parish of Jefferson, State of Louisiana, individually and on behalf of all other

similarly situated, respectfully represent the following:

I.

That made Defendants herein are:

A)    LOUISIANA REGIONAL LANDFILL COMPANY f/k/a IESI LA LANDFILL

CORPORATION, a foreign corporation domiciled in Delaware, which at relevant times was

and/or is authorized to do and doing business in this Parish and State, which currently and/or at

relevant times has maintained, and has, an agent for service in Louisiana.

B)    WASTE CONNECTIONS BAYOU, INC. f/k/a PROGRESSIVE WASTE

SOLUTIONS OF LA, INC. & f/k/a IESI LA CORPORATION, a foreign corporation domiciled

in Delaware and authorized to do and doing business in this Parish and State, which currently and

at relevant times has maintained, and has, an agent for service in Louisiana.

C)    WASTE CONNECTIONS OF LOUISIANA, INC., a foreign corporation

domiciled in Delaware and authorized to do and doing business in this Parish and State, which

currently and at relevant times has maintained, and has, an agent for service in Louisiana.

D)    APTIM CORP., a foreign corporation domiciled in Delaware and authorized to do

and doing business in this Parish and State, which currently and at all relevant times has

maintained, and has, an agent for service in Louisiana.

E)    PARISH OF JEFFERSON (JEFFERSON PARISH), a Louisiana municipal parish

in the State of Louisiana, which at all pertinent times herein owned the landfill in question, and

which maintains the capacity to be sued as a proper party defendant.

24th E-Filed: 07/30/2016 16:52:49 Case: 786137 Div:N Atty:024727 ANTHONY D IRPINO

1

EXHIBIT

C-1

## CLASS ALLEGATIONS

### II.

Plaintiff seeks to have this matter proceed as a Class Action pursuant to La. C.C.P. Art. 591, *et seq*. on behalf of a class of plaintiffs similarly situated, as plaintiff herein represents that she has causes of action and damages common to all those similarly situated who incurred damages arising from the noxious emissions from the Jefferson Parish landfill, and/or such acts of negligence, nuisance, trespass and/or other issues as may be proven upon trial.

### III.

Plaintiffs allege and propose that the class be defined as:

> All persons domiciled of and/or within the Parish of Jefferson on or after August 1, 2017 (except for Defendants' employees and relevant court personnel), who sustained legally cognizable damages in the form of nuisance, trespass, interference with the enjoyment of their properties, and/or diminution in property value resulting from Defendants' acts that caused the emission of noxious odors into and unto their persons and properties.

### IV.

This action is appropriate for determination through the Louisiana Class Action Procedure (La. C.C.P. Art. 591, *et seq*.) for the following reasons:

1. NUMEROSITY

The exact number and identities of the class plaintiffs are unknown at this time, but may be ascertained through appropriate discovery; plaintiffs are of information and belief that the class of plaintiffs clearly consists of over a hundred persons presenting a level of numerosity handled through a class action procedure; moreover, upon information and belief, several facts prove that numerosity has been met, including but not limited to the facts that: a) there have already been thousands of complaints made by Jefferson Parish residents relative to the noxious odors at issue emanating from the Jefferson Parish Landfill, b) Jefferson Parish found it necessary to set up a hotline in order to handle the calls from so many people complaining because the noxious odors were so pervasive and affected so many people and properties; and c) on or about July 23, 2018, Jefferson Parish representatives found it necessary to hold a press in order to address the noxious odor problem which is affecting so many Jefferson Parish residents.

2

24th E-Filed: 07/30/2018 16:52:49 Case: 786137 Div:N Atty:024727 ANTHONY D IRPINO

2.   COMMON QUESTIONS OF LAW AND FACT

There are common questions of law and fact applicable to all class members and which predominate over individual questions, which include but are not limited to, whether the damages sustained by class members were a result of the wrongful conduct and negligence of the Defendants, which includes but is not necessarily limited to: a) failing to maintain and/or design the Jefferson Parish Landfill such that noxious odors would not occur; b) failing to maintain and/or design the Jefferson Parish Landfill such that noxious odors would not persist; c) failing to operate the Jefferson Parish Landfill in such a way to prevent the emission of noxious odors; d) failing to maintain, attain, and/or implement measures at the Jefferson Parish Landfill to minimize the existence of liquid runoff; e) failing to timely and/or efficiently correct the emission of noxious odors from the Jefferson Parish Landfill so as to not cause harm to others, and in particular, neighbors;

3.   ADEQUACY OF REPRESENTATION

Plaintiffs will fairly and adequately represent the interests of the class, and the class representatives herein are represented by skilled attorneys who have experience handling state-court class actions, as well as federal mass tort litigations, and who will handle this action in an expeditious and economic manner, all in the best interest of all members of the class;

4.   TYPICALITY

The claims of the class representatives as named herein are typical of the class members she/they seek to represent in that their claims all seek damages arising from the failure on the part of Defendants as alleged herein, and further, the claims of the class representatives are not antagonistic or in conflict with the claims of any putative class members;

5.   OBJECTIVITY

This class may be defined objectively in terms of ascertainable criteria, such that the court may determine the constituency of the class for purposes of the

3

24th E-Filed: 07/30/2018 16:52:49 Case: 786137 Div:N Atty:024727 ANTHONY D IRPINO

conclusiveness of any judgment that may be rendered in the case.  It is not necessary for the court to inquire into the merits of each potential class member's cause of action to determine whether an individual falls within the defined class;

6.      SUPERIORITY AND PREDOMINANCE

The Louisiana Class Action Procedure affords a superior vehicle for the efficient disposition of the issues and claims herein presented, especially since individual joinder of each of the class members is impracticable.  Individual litigation by each of the class members, besides being unduly burdensome to the plaintiffs would also be unduly burdensome and expensive to the court system, as well as the defendants. The prosecution of separate actions by individual members of the class would create a risk of: a) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the defendants, and/or b) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.  Additionally, defendants have acted and/or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; and/or questions of law and fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of this case, including but not necessarily limited to the following: a) the low interest of the members of the class individually controlling the prosecution of separate actions, b) the lack of any prior individual litigation by class members; c) the desirability of concentrating this litigation in this forum; d) the benefits and lack of difficulties in management of this matter as a class action, e) the lack of practical ability of individual class members to pursue their claims without the class action vehicle, and f) the cost, efficiency and other benefits which justify this matter proceeding as a class action.

4

24th E-Filed: 07/30/2018 16:52:49 Case: 786137 Div:N Atty:024727 ANTHONY D IRPINO

## FACTUAL ALLEGATIONS

### V. DEFENDANT PARTIES

PARISH OF JEFFERSON:

Defendant Jefferson Parish, at all times relevant herein, owned and/or co-operated (and continues to do so) the Jefferson Parish Landfill at issue. And, all times relevant herein, defendant Jefferson Parish was responsible for selecting vendors and contracting with vendors to assist and/or handle the operation of the Jefferson Parish Landfill. The relevant actions and/or inactions (at issue herein) of Defendant Jefferson Parish are equally applicable to all class members.

LOUISIANA REGIONAL LANDFILL COMPANY f/k/a IESI LA LANDFILL CORPORATION:

Defendant Louisiana Regional Landfill Company (LRLC) f/k/a IESI LA Landfill Corporation (IESI) has at least co-operated Phase IV of the Jefferson Parish Landfill since May 2012 (depending upon which corporate name is used), and at least during relevant times at issue herein. The relevant actions and/or inactions (at issue herein) of Defendant LRLC f/k/a IESI are equally applicable to all class members.

WASTE CONNECTIONS BAYOU, INC. f/k/a PROGRESSIVE WASTE SOLUTIONS OF LA, INC.:

Defendant Waste Connections Bayou, Inc., upon information and belief, at relevant times herein is and/or was a controlling "alter ego" and parent corporation of LRLC and IESI, controlling the conduct of LRLC and IESI such that it is liable for their negligent acts. The relevant actions and/or inactions of Defendant are equally applicable to all class members.

WASTE CONNECTIONS OF LOUISIANA, INC.:

Defendant Waste Connections of Louisiana, Inc., upon information and belief, at relevant times herein is and/or was a controlling "alter ego" and parent corporation of LRLC and IESI, controlling the conduct of LRLC and IESI such that it is liable for their negligent acts, and the conduct and status of this defendant is equally applicable to all class members.

APTIM CORPORATION:

Defendant APTIM Corporation, based upon information and belief and at relevant times herein, co-managed and/or co-operated the gas and/or leachate collection system of the Jefferson Parish Landfill that has been identified as a source of the noxious odors and gases improperly emanating from the Jefferson Parish Landfill. The relevant actions and/or inactions (at issue herein) of Defendant APTIM Corporation are equally applicable to all class members.

5

24th E-Filed: 07/30/2018 16:52:49 Case: 786137 Div:N Atty:024727 ANTHONY D IRPINO

VI.

At relevant times herein, Defendants LRLC and IESI have co-managed and/or co-operated the Jefferson Parish Landfill, and have been paid by Defendant Jefferson Parish to do so pursuant to the terms and conditions of a Contract to Provide Services to Operate, Manage, and Maintain the Jefferson Parish Sanitary Landfill Site between LRLC and Jefferson Parish (the "Landfill Operating Agreement").

VII.

The Landfill Operating Agreement requires that LRLC and/or IESI handle the bulk of the landfill's operations, including maintenance and correction of and to persistent offsite odors.

VIII.

On or about August 1, 2017, the Jefferson Parish Landfill began to emit noxious odors into the areas surrounding the Jefferson Parish Landfill, including, but not limited to, the neighborhoods in and around Waggaman, Louisiana, River Ridge, Louisiana, and Harahan Louisiana.

VIII.

Despite early complaints, as well as many complaints over the past many months, no initial steps were taken by the Defendants to mitigate and/or correct the release of the noxious gasses released from the Jefferson Parish Landfill.

IX.

The Louisiana Department of Environmental Quality (LDEQ) placed a mobile air monitoring lab in the area for seven days, and subsequently the LDEQ released a report that found higher-than-normal levels of methane and hydrogen sulfide near the landfill.

X.

In or around June of 2018, the LDEQ issued a report which indicated that a noxious odor plaguing Jefferson Parish neighborhoods could be coming from a Jefferson Parish landfill.

6

24th E-Filed: 07/30/2018 16:52:49 Case: 786137 Div:N Atty:024727 ANTHONY D IRPINO

XII.

On or about July 23, 2018, Jefferson Parish (JP) President Mike Yenni outlined actions the parish has taken to eliminate noxious odors that JP officials believe are coming from Jefferson Parish's landfill in Waggaman, including declaring the landfill's private operator [LRLC] to be in breach of its contract with JP, and accepting the resignation of the parish's landfill engineer.

XIII.

On or about July 23, 2018, Jefferson Parish President Mike Yenni was quoted as stating that "properly operated landfills do not (produce) persistent offsite odors, and the corrective actions ... are essential." Moreover, on or about the same date (and at the same news conference), Keith Conley (Yenni's chief aid) was quoted as admitting that the Jefferson Parish Landfill was a source of the noxious odors at issue.

XIV.

On information and belief, LRLC is able to collect only 20 percent of the gases produced by the landfill are being collected by the antiquated leachate collection system, leaving much, if not all, of the rest to escape through the ground and into the air.

XV.

The noxious odor has been so bad and/or persistent, on or about July 9, Jefferson Parish announced the creation of a hotline to report the stench.

XVI.

On or about July 9, 2018, in response to various complaints by residents, Jefferson Parish issued a formal news release, which stated in pertinent part as follows:

> Jefferson Parish recognizes there have been odor issues and complaints from residents in the River Ridge, Harahan and Waggaman area located along the river. As Jefferson Parish owns and operates one of the three landfills in Waggaman which services Jefferson Parish residents, we do realize we may be a contributory factor to the odor issue. Jefferson Parish is committed to take all steps necessary to identify the source or sources responsible and mitigate those sources. As of July 2, 2018, Jefferson Parish has advised our contractor to stop taking liquid waste and other material believed to have the potential over time to create an odor. Please report any obnoxious odors to the Jefferson Parish hot line…

7

24th E-Filed: 07/30/2018 16:52:49 Case: 766137 Div/N Atty:024727 ANTHONY D IRPINO

## XVII.

In response to the numerous complaints from area residents, Defendant, Jefferson Parish, has represented that it will soon begin pumping the liquid runoff (leachate) from the Jefferson Parish Landfill as a corrective measure, but the damage remains persistent and the action is not yet implemented.

## XVIII.

The improper emission of the noxious odors from the Jefferson Parish Landfill into and onto neighboring properties located in Waggaman, Harahan and River Ridge and/or other areas within Jefferson Parish, has occurred for approximately one year, has been pervasive and persistent, continues to occur, and is likely to continue into the foreseeable future such that the emission has been and will be a continuous tort into the foreseeable future. Upon information and belief, the Jefferson Parish Landfill has been and is still being owned and/or co-operated by defendants with inadequate and/or antiquated leachate and/or gas collection systems such that landfill leachates and gases are emanating from the site improperly, and at levels that constitute a nuisance to neighboring persons and properties. Further, upon information and belief, the Jefferson Parish Landfill has been cited by the LDEQ for violation of relevant environmental rules and/or regulations.

## XIX.

Defendants actions/inactions are the sole cause of Plaintiff's and numerous other similarly situated persons damages in the following non-exclusive respects:

    a)  Failing to maintain and/or design the Jefferson Parish Landfill such that noxious odors would not occur has created a nuisance for neighbors of the Jefferson Parish Lawsuit;

    b)  Failing to maintain and/or design the Jefferson Parish Landfill such that noxious odors would not persist has inconvenienced Plaintiffs and class members, which violates;

    c)  Failing to operate the Jefferson Parish Landfill in such a way to prevent the emission of noxious odors;

8

24th E-Filed: 07/30/2018 16:52:49 Case: 786137 Div:N Atty:024727 ANTHONY D IRPINO

d) Failing to maintain, attain, and/or implement measures at the Jefferson Parish Landfill to minimize the existence of liquid runoff;

e) Failing to timely and/or efficiently correct the emission of noxious odors from the Jefferson Parish Landfill so as to not cause harm to others, and in particular, neighbors;

f) Other action/inaction in violation of industry standards and/or in violation of the laws, rules, regulations and/or requirements of Louisiana, the LDEQ and/or Jefferson Parish, including but not limited those actions and/or inactions as outlined herein as well as others which will be proven at the adjudication of this matter.

The conduct of Defendants is equally applicable to all class members. Moreover, Defendants' actions/inactions are violations of La. C.C. arts. 490, 667, 669, 2315, 2316, 2317, 2317.1 and 2322.

XX.

Defendants are in violation of La. C. C. art. 667 and should be permanently enjoined to abate the nuisance described above. Pursuant to Louisiana law, including La. C.C.P. Arts. 3601, *et seq.*, Plaintiff seeks a permanent injunction ordering and enjoining Defendants to abate the nuisance (which includes the emission of noxious odors) caused by the operation of the Jefferson Parish Landfill as outlined herein. Moreover, this nuisance caused by the Jefferson Parish Landfill is depriving Plaintiff and the class members of the liberty of enjoying their homes and/or property, and/or which is causing damages to Plaintiff and the class, in violation of La. C. C. art. 667. Accordingly, Plaintiff hereby seeks this injunction in order to preventing Defendants from causing the emission of noxious odors from the Jefferson Parish Landfill, and to take all reasonable and necessary actions required in order to do same.

XXI.

Plaintiff and others similarly situated have sustained damages as a result of Defendants' actions/inactions and/or breach of duties that have resulted in legally cognizable damages For a period of approximately one year, since approximately August 1, 2017, noxious odors have been emitted from the Jefferson Parish Landfill into and onto the persons and properties of neighboring communities, including into and onto Plaintiff and Plaintiff's immovable property (as well as into and onto class members and class members' immovable property in Waggaman, Harahan, River

9

24th E-Filed: 07/30/2018 16:52:49 Case: 786137 Div:N Atty:024727 ANTHONY D IRPINO

Ridge and/or other areas in Jefferson Parish). The emissions of these noxious odors from the Jefferson Parish Landfill, which are believed to consist primarily of hydrogen sulfide and methane gases, have caused significant and recurring interference with the peaceful enjoyment of Plaintiff's property (as well as class members' properties). Accordingly, Plaintiff seek damages (on behalf of herself and the class members she represents), which damages include:

    a) Past, present and future nuisance damages;

    b) Past, present and future trespass damages;

    c) Past, present and future diminution in property value.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner prays:

    a) That the Defendants be served with a copy of this Petition and be cited to appear and answer same;

    b) That after due proceedings had, that this action be certified as a class action pursuant to the provisions of La. C.C. art. 591 *et seq.*, in the respect alleged herein above, for the purposes of determining the common issues of liability for compensatory damages, as well as other common issues;

    c) That upon certification of the class action, the court call for the formulation of a suitable management plan pursuant to Louisiana law;

    d) That after due proceedings had, there be a judgment in this matter in favor of Plaintiff and the class and against Defendants, declaring that the Defendants are liable to Plaintiff and all members of the class for all damages arising from the emission of noxious odors from the Jefferson Parish Landfill;

    e) That the rights of the members of the class to establish their entitlement to compensatory damages, and the amount thereof, be reserved for determination in their individual actions when appropriate;

    f) That the Defendants be permanently enjoined to abate the nuisance and trespass; and

    g) That Plaintiff recover the costs for prosecution of this class action, and for interest on all damages form the date of judicial demand until paid.

10

24th E-Filed: 07/30/2018 16:52:49 Case: 786137 Div:N Atty:024727 ANTHONY D IRPINO

Respectfully submitted.

IRPINO AVIN & HAWKINS

Anthony D. Irpino, La. Bar # 24727
Louise C. Higgins, La. Bar # 31780
Pearl Robertson, La. Bar # 34060
2216 Magazine Street
New Orleans, Louisiana 70130
Ph.    (504) 525-1500
Fax.   (504) 525-1501
airpino@irpinolaw.com
lhiggins@irpinolaw.com
probertson@irpinolaw.com

PLEASE SERVE:

LOUISIANA REGIONAL LANDFILL COMPANY, INC.
Through its Agent for Service:
Corporation Service Company
501 Louisiana Avenue
Baton Rouge, LA 70802

WASTE CONNECTIONS, BAYOU, INC:
Through its Agent for Service:
Corporation Service Company
501 Louisiana Avenue
Baton Rouge, LA 70802

WASTE CONNECTIONS OF LOUISIANA, INC.
Through its Agent for Service:
Corporation Service Company
501 Louisiana Avenue
Baton Rouge, LA 70802

APTIM CORPORATION
Through its Agent for Service:
CT Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

PARISH OF JEFFERSON
Through its Agent for Service:
Michael J. Power
1221 Elmwood Park Blvd., Suite 701
Jefferson, LA 70123

24th E-Filed: 07/30/2018 16:52:49 Case: 786137 Div:N Atty:024727 ANTHONY D IRPINO

11

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SAVANNAH THOMPSON**<br>    **Plaintiff** | **CIVIL ACTION NO.:**_____ |
| **VERSUS** | **SECTION:**_____ |
| **LOUISIANA REGIONAL LANDFILL COMPANY, F/K/A IESI LA LANDFILL CORPORATION, WASTE CONNECTIONS BAYOU, INC. F/K/A PROGRESSIVE WASTE SOLUTIONS OF LA, INC., WASTE CONNECTIONS OF LOUISIANA, INC., APTIM CORPORATION, AND PARISH OF JEFFERSON,**<br>    **Defendants.** | **JUDGE:**_____<br><br>**MAGISTRATE JUDGE:**_____ |

### NOTICE OF REMOVAL

Defendants Louisiana Regional Landfill Company,[1] Waste Connections of Louisiana, Inc., and Waste Connections Bayou, Inc.[2] hereby remove Case No. 786-137 from the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, Division N, to the United States District Court for the Eastern District of Louisiana pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, on the basis of diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), and as grounds for the case's removal state the following.

1.      On July 30, 2018, the Plaintiff filed a Class Action Petition for Damages and Injunctive Relief ("Complaint") in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, Division N, styled *Savannah Thompson v. Louisiana Regional Landfill Company f/k/a IESI LA Landfill Corporation, Waste Connections Bayou, Inc. f/k/a Progressive Waste Solutions of LA, Inc., Aptim Corporation, and Parish of Jefferson,* Docket No. 786-137.

---

[1] f/k/a IESI LA Landfill Corporation.
[2] f/k/a Progressive Waste Solutions of LA, Inc. & f/k/a IESI LA Corporation.

**EXHIBIT**
C-2

2.      Louisiana Regional Landfill Company was served on August 21, 2018. Waste Connections of Louisiana, Inc. and Waste Connections Bayou, Inc., were served on August 20, 2018. This Notice of Removal is timely under 28 U.S.C. § 1446(b).

3.      Under 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Defendants are attached as Exhibit A.

4.      This Court has subject matter jurisdiction over Plaintiff's claims under CAFA. Original jurisdiction in this Court exists under CAFA if the litigation is a "class action" as defined by CAFA, "the matter in controversy exceeds the sum or value of $5,000,000," and "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §1332(d)(2).

5.      CAFA defines a "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule or judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). Plaintiff specifically alleges her Complaint to be asserted as a class action, citing Louisiana Code of Civil Procedure Article 591 *et seq. See* Ex. A, Compl., § II. Actions seeking class treatment under such provision are "class actions" for purposes of CAFA. *See, e.g., In re Katrina Canal Litig. Breaches*, 524 F.3d 700, 705 (5th Cir. 2008) (complaint filed under Louisiana Code of Civil Procedure Article 591 is a class action for purposes of CAFA).

6.      Plaintiff is a resident of, and domiciled in, the Parish of Jefferson in the State of Louisiana. Exhibit A, Compl., p. 1. Defendants Louisiana Regional Landfill Company, Waste Connections of Louisiana, Inc., and Waste Connections Bayou, Inc. are Delaware corporations with principal places of business in The Woodlands, Texas. *See* Ex. A, Compl., § V. Thus, at least one plaintiff is diverse from at least one defendant in accord with 28 U.S.C. § 1332(d).

2

7.      Plaintiff alleges that she represents and brings this action on behalf of a proposed class consisting of "[a]ll persons domiciled of and/or within the Parish of Jefferson on or after August 1, 2017 (except for Defendants' employees and relevant court personnel) who sustained legally cognizable damages in the form of nuisance, trespass, interference with the enjoyment of their properties, and/or diminution in property value resulting from Defendants' acts that caused the emission of noxious odors into and unto their persons and properties." Ex. A, Compl., § III. Plaintiff seeks to hold Defendants liable "for all damages arising from the emission of noxious odors from the Jefferson Parish Landfill" including the costs for prosecution of the action and interest. Ex. A, Compl., p. 10. These pleadings implicate the jurisdictional minimum under CAFA.

8.      Original jurisdiction under CAFA exists where "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. 1332(d)(2).  In its notice of removal, Defendants "need[s] include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014); *see also Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 240 (5th Cir. 2015) ("[a] removing defendant can meet its burden of demonstrating the amount in controversy by showing that the amount is 'facially apparent' from the plaintiffs' pleadings alone … the court [may] make common-sense inferences about the amount put at stake by the injuries the plaintiffs claim"). The proposed class is undefined but, under the Complaint, may include any person domiciled within Jefferson Parish. Ex. A, Compl. § III. On information and belief, the population of Jefferson Parish is greater than 400,000 people. Plaintiff's prayer for relief on behalf of each member of the proposed class alleges damages that include past, present and future nuisance damages and past, present and future diminution in property value. Plaintiff also

3

seeks special damages, applicable penalties (if any), and expert witness and attorneys' fees. As a result, even a modest alleged damage amount for each proposed class member, plus additional witness and attorneys' fees, would exceed $5,000,000.

9.      For these reasons, the $5,000,000 jurisdictional amount in controversy requirement is satisfied. 28 U.S.C. § 1332(d).

10.     The removal of this action to this Court is proper under 28 U.S.C. § 1441(a) because the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, where this action was originally filed, is within the federal judicial district for the Eastern District of Louisiana.

11.     Defendants respectfully request that this Court assume jurisdiction over this matter and issue such orders and processes as may be necessary to bring before it all the parties necessary for the trial thereof.

12.     Defendants will file a true and correct copy of this Notice of Removal with the Clerk of the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana. Defendants have also served Plaintiff's counsel with a copy of this Notice of Removal.

**WHEREFORE**, Defendants Louisiana Regional Landfill Company, Waste Connections of Louisiana, Inc., and Waste Connections Bayou, Inc. hereby remove Case No. 786-137 from the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, Division N, to this Court pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

**[Signatures on following page.]**

4

Respectfully submitted,

BRADLEY MURCHISON KELLY & SHEA LLC

By: ___/s/Michael C. Mims_____
        David R. Taggart, T.A.
        Louisiana Bar Roll No. 12626

401 Edwards Street, Suite 1000
Shreveport, Louisiana 71101
Telephone: (318) 227-1131
Facsimile: (318) 227-1141

Michael C. Mims
Louisiana Bar Roll No. 33991
John B. Stanton
Louisiana Bar Roll No. 36036
1100 Poydras St., Suite 2700
New Orleans, Louisiana 70163
Telephone: (504) 596-6300
Fax: (504) 596-6301

Counsel for Defendants Louisiana Regional
Landfill Company, Waste Connections of
Louisiana, Inc., and Waste Connections Bayou, Inc.

5

## CERTIFICATE OF SERVICE

I hereby certify that I have, on this 23rd day of August, 2018, served a copy of the foregoing pleading upon all counsel of record and the parties named herein by either serving the counsel through the Court's ECF system, facsimile transmission, email or by placing same in the U. S. mail, postage prepaid and properly addressed to the following:

Anthony D. Irpino
Louise C. Higgins
Pearl Robertson
Irpino Avin & Hawkins
2216 Magazine Street
New Orleans, Louisiana 70130

New Orleans, Louisiana this 23rd day of August, 2018.

_____/s/ Michael C. Mims_____
OF COUNSEL

6

1597

$850
835
$139.44

## 24ᵗʰ JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

### STATE OF LOUISIANA

NO. _____                                    DIVISION: "   "

### LARRY BERNARD, SR. and MONA BERNARD

### VERSUS

### PROGRESSIVE WASTE SOLUTIONS OF LA, INC., WASTE CONNECTIONS, US, INC., IESA LA LANDFILL CORPORATION, LOUISIANA REGIONAL LANDFILL COMPANY INC., APTIM CORPORATION, AND PARISH OF JEFFERSON

FILED: _____          _____
                                                    DEPUTY CLERK

### CLASS ACTION PETITION FOR DAMAGES

The petition of LARRY BERNARD, SR. and MONA BERNARD, persons of the full age

of majority and residents of and domiciled in the Parish of Jefferson, State of Louisiana, on behalf

of themselves and all other similarly situated persons residing in and/or domiciled in the effected

areas of Jefferson Parish, with respect represent that:

I.

Made Defendants in this cause of action are:

1. **PROGRESSIVE WASTE SOLUTIONS OF LA, INC.**, a foreign corporation authorized

to do and doing business in this Parish and State;

2. **WASTE CONNECTIONS, US, INC.**, a foreign corporation authorized to do and doing

business in this Parish and State;

3. **IESI LA LANDFILL CORPORATION**, a foreign corporation authorized to do and

doing business in this Parish and State;

4. **LOUISIANA REGIONAL LANDFILL COMPANY, INC.**, a foreign corporation

authorized to do and doing business in this Parish and State;

5. **APTIM CORPORATION**, a foreign corporation authorized to do and doing business in

this Parish and State;

6. **PARISH OF JEFFERSON**, a Louisiana municipal parish in the State of Louisiana.

24th E-Filed: 08/10/2018 11:54:31 Case: 786541 Div:H Atty:026800 BRUCE C BETZER



EXHIBIT
D-1

II.

Defendants are jointly, severally and in solido indebted unto your Petitioners and all those similarly situated, for general and special damages suffered by Petitioners and all those similarly situated in a sum sufficient to fully compensate him/her/them for all of his/her/their damages, together with legal interest, and for all costs, for this, to-wit:

III.

### UNDERLYING FACTS

On or about August 1, 2017 the purported "sanitary solid waste" facility/landfill owned by Defendant Jefferson Parish and known as the Jefferson Parish landfill (hereinafter JP Landfill) that is located in Waggaman, LA began to emit noxious odors, believed to consist primarily of methane and hydrogen sulfide gases, into areas surrounding the JP Landfill. The surrounding cities, including but not limited to Waggaman, LA, River Ridge, LA, Harahan, LA, and Kenner, LA, experienced said noxious odors on various days and at various times of the day and night depending upon the then prevailing wind direction crossing over and/or otherwise emanating from the site of the JP Landfill. The emission of said noxious odors continue to date of filing and began several months ago, and are asserted to likely continue into the foreseeable future such that the emission has been and will be a continuous tort into the foreseeable future.

IV.

### DEFENDANT PARTIES

The JP Landfill is, and/or was at relevant times, owned by Defendant JEFFERSON PARISH and is, and/or was at all relevant times, being operated pursuant to contracts issued by Defendant JEFFERSON PARISH to Defendants IESI LA LANDFILL CORPORATION, (hereinafter IESI-LA) a wholly owned subsidiary of Defendant PROGRESSIVE WASTE SOLUTIONS OF LA, INC., that was in turn acquired by Defendant WASTE CONNECTIONS, US, INC.

IESI-LA is controlled by its parent corporations PROGRESSIVE WASTE SOLUTIONS, OF LA, INC. and/or WASTE CONNECTIONS, US, INC. and is the "alter ego" of said parent corporation(s) and operates without autonomy and only pursuant to the directions, policies and procedures of its parent corporation(s); as such, said parent corporation(s) are liable for all negligent

24th E-Filed: 08/10/2018 11:54:31 Case: 786541 Div:H Atty:026800 BRUCE C BETZER

and/or otherwise bad acts of its wholly owned subsidiary(ies), IESI-LA. and/or LOUISIANA REGIONAL LANDFILL COMPANY, INC.

IESI operated and managed (and/or mis-managed) the JP landfill from the date of the initial omissions of noxious odors in August, 2017 and it is thus liable for all damages sustained from August 1, 2017 to the date of its corporate name change, to wit: IESI recently changed its corporate name in June of 2018 to LOUISIANA REGIONAL LANDFILL COMPANY, INC. (hereinafter LRLC) and LRLC is the current operator and manager (and/or mis-manager) of the JP Landfill and is thus liable for all damages sustained since its corporate name change to date of just and equitable adjudication, and into such future date as the emissions cease, if ever.

Defendant APTIM CORPORATION, based upon information and belief, manages, or in this case, mis-manages, pursuant to contract and/or subcontract, the gas and/or leachate collection system(s) of JP Landfill that, in addition to the site's liquid industrial waste, residential sewerage, commercial waste, and improperly covered solid waste is at least one "point source" of the noxious odors and gases emanating from the JP landfill.

## V.

## PROXIMATE CAUSE AND BAD ACTS

The sole proximate cause of the above described emanations of noxious odors and gases is and was the strict liability, breach of contractual obligations and/or negligent acts of Defendants, which strict liability, breach of contractual obligation and/or negligence consists more particularly, but not exclusively, of the following:

1.    Violation of Civil Code Articles 667,669, 2315, 2316, 2317, 2317.1, 2322 and applicable environmental rules and regulations promulgated by the State of Louisiana and/or Louisiana Department of Environmental Quality (LDEQ) ;

2.    Failure to properly operate and/or manage a solid waste "sanitary" landfill in a manner that does not cause harm to others, and in particular, to its neighbors;

3.    Failure to take all reasonable action to avoid causing harm as set forth herein;

4.    Failure to prevent the emission of noxious and harmful odors and gases into and onto the persons and properties of the surrounding neighborhoods;

24th E-Filed: 08/10/2018 11:54:31 Case: 786541 Div:H Atty:026800 BRUCE C BETZER

5.     Breach of contractual obligations of which Petitioners and all those similarly situated are third party beneficiaries of the contract(s) between Defendant Jefferson Parish and all other Defendants named herein that cause(d) harm to Petitioners and all those similarly situated that they seek to represent.

## VI.

## DAMAGES

As a consequence of the acts and/or failures to act and/or breach of duties and/or obligations and resulting legally cognizable damages, Petitioners and all those similarly situated, sustained damages as follows:

A.     Past, present and future nuisance damages;

B.     Past, present and future diminution in property value.

## VI (a).

## ARTICLE 893

Pursuant to La. Code of Civil Procedure Article 893, Petitioners pray and/or assert that the sum in damages sought by and for any individual Petitioner herein be and is greater than the jurisdictional amount necessary for trial by jury.

## VII.

## CLASS ACTION PROCEDURAL PROVISIONS

Petitioners seek to proceed as a Class Action pursuant to Louisiana Code of Civil Procedure Article 591, et seq., individually and as class representatives on behalf of a class of Plaintiffs similarly situated but not yet fully identified, as Plaintiffs herein represent that they have sustained legally cognizable damages common to all those similarly situated who incurred such damages arising from the direct and proximate result of the wrongful conduct of Defendants as set forth herein, and/or by those for whom they are legally responsible pursuant to the doctrine of respondeat superior, employer-employee, master-servant and/or as otherwise authorized by statutory law and/or jurisprudence.

## VII (a)

Petitioners/Plaintiffs propose that the Class be defined as:

24th E-Filed: 08/10/2018 11:54:31 Case: 786541 Div:H Atty:026800 BRUCE C BETZER

"All persons domiciled of and/ or within the Parish of Jefferson, ( except Defendants' employees and appropriate court personnel involved in the subject action at the district and appellate levels), who sustained legally cognizable damages in the form of nuisance, interference with the enjoyment of their properties and/ or diminution in value of their properties as a result of the Defendant( s )' acts that caused the emission of noxious odors and gases into and unto their persons and properties."

VII (b)

This action is appropriate for determination through utilization of the Louisiana class action procedural device, to wit: Louisiana Class Action Procedure Articles (La. C. Civ. P. Art. 591, et seq.) for the following reasons:

1. **NUMEROSITY**

   While the exact number of and identities of the class members are unknown at this time, they may be ascertained through appropriate discovery and Plaintiffs are of the information and belief that the class of Plaintiffs clearly consists of persons presenting a level of numerosity better handled through the class action procedural device;

2. **COMMON QUESTIONS OF LAW AND FACT**

   There are common questions of law and fact applicable to all class members and which predominate over individual questions, which include, but are not limited to: whether the damages were a result of the wrongful conduct of Defendant(s);

3. **TYPICALITY**

   The claims of the class representatives as named herein are typical of the class members they seeks to represent and the defenses of Defendants are typical as to the Plaintiffs and class members in that they all seek damages arising from the wrongful conduct of Defendants as alleged herein;

4. **ADEQUACY OF REPRESENTATION**

   Plaintiffs will fairly and adequately represent the interests of the class, and the class representatives herein are represented by skilled attorneys who are experienced in the

24th E-Filed: 08/10/2018 11:54:31 Case: 786541 Div:H Atty:026800 BRUCE C BETZER

handling of mass tort class action litigation, and who will handle this action in an expeditious and economical manner, and all in the best interests of all members of the class; further, undersigned Counsel Bruce C. Betzer, Esq. who not only lives in this community, but also has served on several Plaintiff Steering Committees in similar environmental Class Actions, as well as multi-district litigation at a national level; as such, he is highly skilled in the prosecution and management of actions wherein the Court has determined that the class action procedural device is the most appropriate means to manage mass and/or complex litigation, and highly skilled as to the Louisiana Supreme Court's Rules of Professional Conduct applicable to said procedural device and mass and individual client representation actions.

5.  **OBJECTIVE CLASS DEFINITION**

This Class is (or may be as this Honorable Court determines) defined objectively in terms of ascertainable criteria, such that the Court may determine the constituency of the class for purposes of the conclusiveness of any judgment that may be rendered in this case.

6.  **RISK OF PROSECUTING SEPARATE ACTIONS**

The prosecution of separate actions by individual members of the class would create a risk of inconsistent and/or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party(ies) opposing the class, or adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

Lastly, the Louisiana Class Action Procedure affords a superior vehicle for the efficient disposition of the issues and claims herein presented, especially since individual joinder of each of the class members is impracticable. Individual litigation by each of the class members, besides being unduly burdensome to the Plaintiffs, would also be unduly burdensome and expensive to the court system, as well as to the Defendants.

24th E-Filed: 08/10/2018 11:54:31 Case: 786541 Div:H Atty:026800 BRUCE C BETZER

VIII

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, LARRY BERNARD, SR. and MONA BERNARD, pray that a

copy of this Petition be served on each Defendant, and that they each be cited to answer same within

the delays allowed by law and that, after due proceedings are had, that the class be certified and that

appropriate Notice be issued, and that judgment against Defendants be granted in favor of Plaintiffs

and all those similarly situated be entered in an amount to be determined at trial by the trier of fact

reasonable in the premises for injuries, harms, damages, and losses as set forth above, special

damages, applicable penalties (if any), costs, expert witness fees, attorneys' fees, filing fees, pre-and

post-judgment interest, all other injuries and damages as shall be proven at trial, and such other

further relief as the Court may deem appropriate, just, and proper as the law allows.

Respectfully submitted,

Bruce C. Betzer, Bar No. 26800
Jennifer S. Avallone, Bar No. 35613
*The Law Office of Bruce C. Betzer*
**A Professional Limited Liability Company**
3129 Bore Street
Metairie, Louisiana 70001
Telephone: (504) 832-9942
Facsimile: (504) 304-9964
*Attorney for Petitioners*

PLEASE SERVE:

PROGRESSIVE WASTE SOLUTIONS OF LA, INC.
Through its Agent
Corporation Service Company
501 Louisiana Ave.
Baton Rouge, LA 70802

WASTE CONNECTIONS, US, INC.
Via long arm through its Agent
Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808

CK#96058
$139.44
EBR

24th E-Filed: 08/10/2018 11:54:31 Case: 786541 Div:H Atty:026800 BRUCE C BETZER

1604

IESI LA LANDFILL CORPORATION
Through its Agent
Corporation Service Company
501 Louisiana Ave.
Baton Rouge, LA 70802

LOUISIANA REGIONAL LANDFILL COMPANY, INC.
Through its Agent
Corporation Service Company
501 Louisiana Ave.
Baton Rouge, LA 70802

APTIM CORPORATION
Through its Agent
CT Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

JEFFERSON PARISH
Through the Parish Attorney
Michael J. Power
1221 Elmwood Park Blvd.
Suite 701
Jefferson, LA 70123

24th E-Filed: 08/10/2018 11:54:31 Case: 786541 Div:H Atty:028800 BRUCE C BETZER

### UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LARRY BERNARD, SR. AND MONA BERNARD,**    **Plaintiffs** | **CIVIL ACTION NO.:**_____ |
| **VERSUS** | **SECTION:**_____ |
| **PROGRESSIVE WASTE SOLUTIONS OF LA, INC., WASTE CONNECTIONS US, INC. IESA [sic] LA LANDFILL CORPORATION, LOUISIANA REGIONAL LANDFILL COMPANY INC., APTIM CORPORATION, AND PARISH OF JEFFERSON,**    **Defendants.** | **JUDGE:**_____<br><br>**MAGISTRATE JUDGE:**_____ |

### NOTICE OF REMOVAL

Defendants Louisiana Regional Landfill Company, Progressive Waste Solutions of LA, Inc., and IESI LA Landfill Company[1] hereby remove Case No. 786-541 from the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, Division H, to the United States District Court for the Eastern District of Louisiana pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, on the basis of diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), and as grounds for the case's removal state the following.

    1.    On August 10, 2018, the Plaintiffs filed a Class Action Petition for Damages ("Complaint") in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, Division H, styled *Larry Bernard, Sr., and Mona Bernard v. Progressive Waste Solutions of LA,*

---

[1] The caption of Plaintiffs' petition incorrectly names (i) IESI LA Landfill Corporation as IESA LA Landfill Corporation, and (ii) Louisiana Regional Landfill Corporation as Louisiana Regional Landfill Corporation Inc. Further, Progressive Waste Solutions of LA, Inc. and IESI LA Landfill Corporation changed their names to Waste Connections Bayou, Inc. and Louisiana Regional Landfill Company, respectively.



EXHIBIT
D-2

*Inc., Waste Connections US, Inc. IESI LA Landfill Corporation, Louisiana Regional Landfill Company Inc., Aptim Corporation, and Parish of Jefferson,* Docket No. 786-541.

2.      Progressive Waste Solutions of LA, Inc. was served on August 21, 2018. IESI LA Landfill Corporation and Louisiana Regional Landfill Company were served on August 27, 2018. This Notice of Removal is timely under 28 U.S.C. § 1446(b).

3.      Under 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Defendants are attached as Exhibit A.

4.      This Court has subject matter jurisdiction over Plaintiffs' claims under CAFA. Original jurisdiction in this Court exists under CAFA if the litigation is a "class action" as defined by CAFA, "the matter in controversy exceeds the sum or value of $5,000,000," and "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §1332(d)(2).

5.      CAFA defines a "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule or judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). Plaintiffs specifically allege their Complaint to be asserted as a class action, citing Louisiana Code of Civil Procedure Article 591 *et seq. See* Ex. A, Compl., § VII. Actions seeking class treatment under such provision are "class actions" for purposes of CAFA. *See, e.g., In re Katrina Canal Litig. Breaches,* 524 F.3d 700, 705 (5th Cir. 2008) (complaint filed under Louisiana Code of Civil Procedure Article 591 is a class action for purposes of CAFA).

6.      Plaintiffs are residents of, and domiciled in, the Parish of Jefferson in the State of Louisiana. Exhibit A, Compl., p. 1. Defendants Louisiana Regional Landfill Company, Progressive Waste Solutions of LA, Inc., and IESI LA Landfill Company are Delaware

2

corporations with principal places of business in The Woodlands, Texas. *See* Ex. A, Compl., § II. Thus, at least one plaintiff is diverse from at least one defendant in accord with 28 U.S.C. § 1332(d).

7.     Plaintiffs allege that they represent and bring this action on behalf of a proposed class consisting of "[a]ll persons domiciled of and/or within the Parish of Jefferson on or after August 1, 2017 (except Defendants' employees and appropriate court personnel involved in the subject action at the district and appellate levels), who sustained legally cognizable damages in the form of nuisance, interference with the enjoyment of their properties and/or diminution in value of their properties as a result of the Defendant(s)' acts that caused the emission of noxious odors and gases into and unto their persons and properties." Ex. A, Compl., § VII(a). Plaintiffs seek to hold Defendants liable for all damages arising from the emission of noxious odors from the Jefferson Parish Landfill including the costs for prosecution of the action and interest. Ex. A, Compl., §§ III, VIII. These pleadings implicate the jurisdictional minimum under CAFA.

8.     Original jurisdiction under CAFA exists where "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. 1332(d)(2).  In its notice of removal, Defendants "need[s] include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014); *see also Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 240 (5th Cir. 2015) ("[a] removing defendant can meet its burden of demonstrating the amount in controversy by showing that the amount is 'facially apparent' from the plaintiffs' pleadings alone … the court [may] make common-sense inferences about the amount put at stake by the injuries the plaintiffs claim"). The proposed class is undefined but, under the Complaint, may include any person domiciled within Jefferson Parish. Ex. A, Compl. § VII(a). On information and

3

belief, the population of Jefferson Parish is greater than 400,000 people. Plaintiffs' prayer for relief on behalf of each member of the proposed class alleges damages that include past, present and future nuisance damages and past, present and future diminution in property value. Plaintiffs also seek special damages, applicable penalties (if any), and expert witness and attorneys' fees. As a result, even a modest alleged damage amount for each proposed class member, plus additional witness and attorneys' fees, would exceed $5,000,000.

9.      For these reasons, the $5,000,000 jurisdictional amount in controversy requirement is satisfied. 28 U.S.C. § 1332(d).

10.     The removal of this action to this Court is proper under 28 U.S.C. § 1441(a) because the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, where this action was originally filed, is within the federal judicial district for the Eastern District of Louisiana.

11.     Defendants respectfully request that this Court assume jurisdiction over this matter and issue such orders and processes as may be necessary to bring before it all the parties necessary for the trial thereof.

12.     Defendants will file a true and correct copy of this Notice of Removal with the Clerk of the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana. Defendants have also served Plaintiffs' counsel with a copy of this Notice of Removal.

**WHEREFORE**, Defendants Louisiana Regional Landfill Company, Progressive Waste Solutions of LA, Inc., and IESI LA Landfill Company hereby remove Case No. 786-541 from the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, Division H, to this Court pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

4

Respectfully submitted,

BRADLEY MURCHISON KELLY & SHEA LLC

By: ___/s/Michael C. Mims_____
   David R. Taggart, T.A.
   Louisiana Bar Roll No. 12626

401 Edwards Street, Suite 1000
Shreveport, Louisiana 71101
Telephone: (318) 227-1131
Facsimile: (318) 227-1141

Michael C. Mims
Louisiana Bar Roll No. 33991
John B. Stanton
Louisiana Bar Roll No. 36036
1100 Poydras St., Suite 2700
New Orleans, Louisiana 70163
Telephone: (504) 596-6300
Fax: (504) 596-6301

Counsel for Defendants Louisiana Regional
Landfill Company, Progressive Waste Solutions of
LA, Inc., and IESI LA Landfill Company

5

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that I have, on this 29th day of August, 2018, served a copy of the foregoing pleading upon all counsel of record and the parties named herein by either serving the counsel through the Court's ECF system, facsimile transmission, email or by placing same in the U. S. mail, postage prepaid and properly addressed to the following:

> Bruce C. Betzer
> Jennifer S. Avallone
> The Law Office of Bruce C. Betzer
> 3129 Bore Street
> Metarie, LA 70001

New Orleans, Louisiana this 29th day of August, 2018.



/s/ Michael C. Mims
OF COUNSEL

6



24th JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

No. 787-081  DIVISION K

NICOLE M. LANDRY-BOUDREAUX

VERSUS

PROGRESSIVE WASTE SOLUTIONS OF LA, INC., WASTE CONNECTIONS, US, INC., IESI LA LANDFILL CORPORATION, LOUISIANA REGIONAL LANDFILL COMPANY, INC. APTIM CORPORATION, AND JEFFERSON PARISH

FILED:_____    _____
                                         DEPUTY CLERK

CLASS ACTION PETITION FOR DAMAGES

The petition of Nicole M. Landry-Boudreaux, a person of the full age of majority and a resident of and domiciled in the Parish of Jefferson, State of Louisiana, on behalf of himself and all other similarly situated persons residing in and/or domiciled in Jefferson Parish, in the area near the Jefferson Parish landfill, herein represent:

I.

Made Defendants herein are:

1. PROGRESSIVE WASTE SOLUTIONS OF LA, INC., a foreign corporation authorized to do and doing business in this Parish and State;

2. WASTE CONNECTIONS, US, INC., a foreign corporation authorized to do and doing business in this Parish and State;

3. IESI LA LANDFILL CORPORATION, a foreign corporation authorized to do· and doing business in this Parish and State;

4. LOUISIANA REGIONAL LANDFILL COMPANY, INC., a foreign corporation authorized to do and doing business in this Parish and State;

5. APTIM CORPORATION, a foreign corporation authorized to do and doing business in this Parish and State;

6. JEFFERSON PARISH, a Louisiana municipal parish in the State of Louisiana.

24th E-Filed: 08/27/2018 17:43:21 Case: 787081 Div:K Atty:028421 EDWIN M SHORTY Jr



EXHIBIT
E-1

## II.

Defendants are jointly, severally and in solido indebted unto Plaintiff and all those similarly situated, for general and special damages suffered, with legal interest and all costs, resulting from the improper operation of the Jefferson Parish landfill. At all times pertinent the Jefferson Parish Landfill referred to in the instant litigation is located in Waggaman, Louisiana.

## III.

Under information and belief that the sanitary solid waste landfill owned and operated by the Defendants began to emit noxious odors. Said odors are believed to consist primarily of methane and hydrogen sulfide gases. Said odors are being emitted into areas surrounding the Jefferson Parish landfill. The noxious odors continue to date and are likely to continue into the future such that the emissions have been and will continue to be a continuous tort.

Plaintiffs allege that the noxious odors have emanated from the landfill since August of 2017 and further allege that discovery may reveal that the emissions started before the aforementioned date.

## IV.

The JP Landfill is owned by Defendant JEFFERSON PARISH and is, and/or was at all relevant times, being operated pursuant to contracts issued by JEFFERSON PARISH to Defendants IESI LA LANDFILL CORPORATION, (hereinafter IESI-LA) a wholly owned subsidiary of Defendant PROGRESSIVE WASTE SOLUTIONS OF LA, INC., that was in turn acquired by Defendant WASTE CONNECTIONS, US, INC.

IESI-LA is controlled by its parent corporations PROGRESSIVE WASTE SOLUTIONS, OF LA, INC. and/or WASTE CONNECTIONS, US, INC. and is the "alter ego" of said parent corporation(s) and operates without autonomy and only pursuant to the directions, policies and procedures of its parent corporation(s); as such, said parent corporation(s) are liable for all negligent and/or otherwise bad acts of its wholly owned subsidiary(ies), IESI-LA. and/or LOUISIANA REGIONAL LANDFILL COMPANY,

24th E-Filed: 08/27/2018 17:03:21 Case: 787081 Div:K Atty:028421 EDWIN M SHORTY Jr

INC..

IESI-LA operated and managed the JP landfill from the date of the initial omissions of noxious odors in August of 2017 and it is thus liable for all damages sustained from August of 2017 to the date of its corporate name change, to wit: IESI-LA recently changed its corporate name in June, 2018 to LOUISIANA REGIONAL LAND FILL COMPANY, INC.(hereinafter LRLC) and LRLC is the current operator and manager (and/or mis-manager) of the JP Landfill and is thus liable for all damages sustained since its corporate name change to date of just and equitable adjudication, and into such future date as the emissions cease, if ever.

Defendant APTIM CORPORATION, based upon information and belief  manages pursuant to contract and/or subcontract, the gas and/or leachate collection system(s) of JP Landfill that, in addition to the site's liquid industrial waste, residential sewerage, commercial waste, and improperly covered solid waste is at least one "point source" of the noxious odors and gases emanating from the JP landfill.

V.

The sole proximate cause of the above described emanations of noxious odors and gases is and was the strict liability, breach of contractual obligations and/or negligent acts of Defendants, which strict liability, breach of contractual obligations and/or negligence consists more particularly, but not exclusively, of the following:

1. Violation of Civil Code Articles 667, 669, 2315, 2316, 2317, 2317.1, 2322 and applicable environmental rules and regulations promulgated by the State of Louisiana and/or Louisiana Department of Environmental Quality (LDEQ);

2. Violation of rules and regulations promulgated by the Environmental Protection Agency and rules under the Clean Water Act;

3. Failure to properly operate and/or manage a solid waste "sanitary" landfill in a manner that does not cause harm to others, and in particular, to its neighbors;

4. Failure to take all reasonable action to avoid causing harm as set forth herein;

5. Failure to prevent the emission of noxious and harmful odors and gases into and onto

24th E-Filed: 08/27/2018 17:03:21 Case: 787081 Div:K Atty:028421 EDWIN M SHORTY Jr

the persons and properties of the surrounding neighborhoods;

6. Breach of contractual obligations of which Plaintiff and all those similarly situated are third party beneficiaries of the contract(s) between Defendant Jefferson Parish and all other Defendants named herein that cause(d) harm to Plaintiff and all those similarly situated that he seeks to represent.

VI.

As a consequence of the acts and/or failures to act and/or breach of duties and/or obligations and resulting legally cognizable damages, Plaintiff and all those similarly situated, sustained damages as follows:

A. Past, present and future nuisance damages;

B. Past, present and future diminution in property value;

C. Bodily injury;

D. Medical bills;

E. Lost wages.

VII.

Pursuant to La. Code of Civil Procedure Article 893, Plaintiff prays and/or asserts that the sum in damages sought by and for any individual Plaintiff herein· be and is greater than the jurisdictional amount necessary for trial by jury.

VIII.

Plaintiff seeks to proceed as a Class Action pursuant to Louisiana Code of Civil Procedure Article 591, et seq., individually and as class representative on behalf of a class of Plaintiffs similarly situated but as yet fully identified, as Plaintiff herein represents that he has sustained legally cognizable damages common to all those similarly situated who, incurred such damages arising from the direct and proximate result of the wrongful conduct of Defendants as set forth herein, and/or by those for whom they are legally responsible pursuant to the doctrine of respondiat superior, employer-employee, master-servant and/or as otherwise authorized by statutory law and/or jurisprudence.

IX.

Petitioner/Plaintiff proposes that the Class be defined as:

"All persons domiciled of and/or within the Parish of Jefferson, (except Defendants' employees and appropriate court personnel involved in the subject action at the district and appellate levels), who sustained legally cognizable damages in the form of personal injury, lost wages, nuisance, interference with the enjoyment of their properties and/or diminution in value of their properties as a result of the Defendant(s)' acts that caused the emission of noxious odors and gases into and unto their persons and properties".

X.

This class action is proper pursuant to La. C. Civil Procedure Article 591. While the exact number of and identities of the class members are unknown at this time, they may be ascertained through appropriate discovery and Plaintiff is of the information and belief that the class of Plaintiffs clearly consists of persons presenting a level of numerosity better handled through the class action procedural device. There are common questions of law and fact applicable to all class members and which predominate over individual questions, which include, but are not limited to: whether the damages were a result of the wrongful conduct of Defendant(s);The claims of the class representative as named herein are typical of the class members he seeks to represent and the defenses of Defendants are typical as to the Plaintiff and class members in that all seek damages arising from the wrongful conduct of Defendants as alleged herein. Plaintiff will fairly and adequately represent the interests of the class, and the class representative herein is represented by skilled attorneys who will handle this action in an expeditious and economical manner, and all in the best interests of all members of the class; The prosecution of separate actions by individual members of the class would create a risk of inconsistent and/or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party(ies) opposing the class, or adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their

24th E-Filed: 08/27/2018 17:03:21 Case: 787081 Div:K Atty:028421 EDWIN M SHORTY Jr

interests. Lastly, the Louisiana Class Action Procedure affords a superior vehicle for the efficient disposition of the issues and claims herein presented, especially since individual joinder of each of the class members is impracticable. Individual litigation by each of the class members, besides being unduly burdensome to the Plaintiffs, would also be unduly burdensome and expensive to the court system, as well as to the Defendants.

XI.

WHEREFORE, Petitioner prays:

1. That the Defendants be served with a copy of this petition and be cited to appear and answer the same.

2. That after due proceedings had, that this action be certified as a class action pursuant to the provisions of La. C. C. Art. 591 in the respect alleged herein above, for the purposes of determining the common issues of liability, damages and other common issues

3. That upon certification of the class action, the court call for the formulation of a suitable management plan

4. After due proceedings, there be judgment in this matter in favor of petitioners and the class against Defendants, determining that the Defendants are liable to Petitioners and all members of the class for all damages

5. That the rights of the members of the class to establish their entitlement to damages, and the amount thereof, be reserved for determination in their individual actions

6. Petitioners be allowed to recover the costs and interest of prosecution of this class action

Respectfully submitted,

**Edwin M. Shorty, Jr. & Associates**
Edwin M. Shorty, Jr. (LA Bar # 28421)
Dwayne P. Smith (LA Bar #21382)
Hope L. Harper (LA Bar # 33173)
650 Poydras Street, Suite 2515
New Orleans, LA 70112
Telephone: (504) 207-1370
Facsimile: (504) 207-2850

FREDDIE KING, III (LA Bar #33923)
**THE KING LAW FIRM**
300 Huey P. Long Avenue, Suite E
Gretna, LA 70053
Telephone: (504) 982-5464
Facsimile: (504) 617-7755

24th E-Filed: 08/27/2018 17:03:21 Case: 787081 Div:K Atty:028421 EDWIN M SHORTY Jr

PLEASE SERVE:

**PROGRESSIVE WASTE SOLUTIONS OF LA, INC.**
Through its Agent
Corporation Service Company
501 Louisiana Ave.
Baton Rouge, LA 70802

**WASTE CONNECTIONS, US, INC.**
Via long arm through its Agent Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808

**IESI LA LANDFILL CORPORATION**
Through its Agent Corporation Service Company
501 Louisiana Avenue
Baton Rouge, LA 70802

**LOUISIANA REGIONAL LANDFILL COMPANY, INC.**
Through its Agent Corporation Service Company
501 Louisiana Avenue
Baton Rouge, LA 70802

**APTIM CORPORATION**
Through its Agent
CT Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

**JEFFERSON PARISH**
Through the Parish Attorney
Michael J. Power
1221 Elmwood Park Blvd., Suite-701
Jefferson, LA 70123

24th E-Filed: 08/27/2018 17:03:21 Case: 787081 Div:K Atty:028421 EDWIN M SHORTY jr

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| NICHOLE M. LANDRY-BOUDREAUX<br>    Plaintiff | CIVIL ACTION NO.:_____ |
| VERSUS | SECTION:_____ |
| PROGRESSIVE WASTE SOLUTIONS OF<br>LA, INC., WASTE CONNECTIONS US, INC.<br>IESI LA LANDFILL CORPORATION,<br>LOUISIANA REGIONAL<br>LANDFILL COMPANY INC., APTIM<br>CORPORATION, AND<br>JEFFERSON PARISH,<br>    Defendants. | JUDGE:_____<br><br>MAGISTRATE JUDGE:_____ |

### NOTICE OF REMOVAL

Defendants Waste Connections US, Inc., Progressive Waste Solutions of LA, Inc., IESI LA Landfill Corporation, and Louisiana Regional Landfill Company[1] ("Waste Connections entities") hereby remove Case No. 787-081 from the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, Division K, to the United States District Court for the Eastern District of Louisiana pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, on the basis of diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), and as grounds for the case's removal state the following.

1.    On August 27, 2018, the Plaintiff filed a Class Action Petition for Damages ("Complaint") in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, Division K, styled *Nicole M. Landry-Boudreaux v. Progressive Waste Solutions of LA, Inc., Waste Connections, US, Inc., IESI LA Landfill Corporation, Louisiana Regional Landfill Company, Inc., Aptim Corporation, and Jefferson Parish,* Docket No. 787-081.

_____
[1] Incorrectly named in the petition as Louisiana Regional Landfill Company, Inc.

EXHIBIT
E-2

2.      Waste Connections US, Inc. was served on September 25, 2018. Progressive Waste Solutions of LA, Inc. was served on October 2, 2018.   Louisiana Regional Landfill Company and IESI LA Landfill Corporation were both served on October 4, 2018.  This Notice of Removal is timely under 28 U.S.C. § 1446(b).

3.      Under 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Defendant Waste Connections US, Inc. are attached as Exhibit A.

4.      This Court has subject matter jurisdiction over Plaintiff's claims under CAFA. Original jurisdiction in this Court exists under CAFA if the litigation is a "class action" as defined by CAFA, "the matter in controversy exceeds the sum or value of $5,000,000," and "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §1332(d)(2).

5.      CAFA defines a "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule or judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action."  28 U.S.C. § 1332(d)(1)(B).  Plaintiff specifically alleges the Complaint to be asserted as a class action, citing Louisiana Code of Civil Procedure Article 591 *et seq. See* Ex. A, Compl., § VIII. Actions seeking class treatment under such provision are "class actions" for purposes of CAFA.  *See, e.g., In re Katrina Canal Litig. Breaches*, 524 F.3d 700, 705 (5th Cir. 2008) (complaint filed under Louisiana Code of Civil Procedure Article 591 is a class action for purposes of CAFA).

6.      Plaintiff is a resident of, and domiciled in, the Parish of Jefferson in the State of Louisiana. Exhibit A, Compl., p. 1. Defendants Waste Connections US, Inc., Louisiana Regional Landfill Company, Progressive Waste Solutions of LA, Inc., and IESI LA Landfill Company are Delaware corporations with principal places of business in The Woodlands, Texas. *See* Ex. A,

2

Compl., § I. Thus, plaintiff is diverse from at least one Defendant in accord with 28 U.S.C. § 1332(d).

7.      Plaintiff alleges that she represents and bring this action on behalf of a proposed class consisting of "[a]ll persons domiciled of and/or within the Parish of Jefferson (except Defendants' employees and appropriate court personnel involved in the subject action at the district and appellate levels), who sustained legally cognizable damages in the form of personal injury, lost wages, nuisance, interference with the enjoyment of their properties and/or diminution in value of their properties as a result of the Defendant(s)' acts that caused the emission of noxious odors and gases into and unto their persons and properties." Ex. A, Compl., § IX. Plaintiff seeks to hold Defendants liable for all damages arising from the emission of noxious odors from the Jefferson Parish Landfill including the costs for prosecution of the action and interest. Ex. A, Compl., § XI. These pleadings implicate the jurisdictional minimum under CAFA.

8.      Original jurisdiction under CAFA exists where "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. 1332(d)(2).  In its notice of removal, Defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014); *see also Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 240 (5th Cir. 2015) ("[a] removing defendant can meet its burden of demonstrating the amount in controversy by showing that the amount is 'facially apparent' from the plaintiffs' pleadings alone … the court [may] make common-sense inferences about the amount put at stake by the injuries the plaintiffs claim"). The proposed class is undefined but, under the Complaint, may include any person domiciled within Jefferson Parish. Ex. A, Compl. § IX. On information and belief,

3

the population of Jefferson Parish is greater than 400,000 people. Plaintiff's prayer for relief on behalf of each member of the proposed class alleges damages that include past, present and future nuisance damages and past, present and future diminution in property value. Plaintiff also seeks special damages, applicable penalties (if any), and expert witness and attorneys' fees. As a result, even a modest alleged damage amount for each proposed class member, plus additional witness and attorneys' fees, would exceed $5,000,000.

9.      For these reasons, the $5,000,000 jurisdictional amount in controversy requirement is satisfied. 28 U.S.C. § 1332(d).

10.      The removal of this action to this Court is proper under 28 U.S.C. § 1441(a) because the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, where this action was originally filed, is within the federal judicial district for the Eastern District of Louisiana.

11.      Defendants respectfully request that this Court assume jurisdiction over this matter and issue such orders and processes as may be necessary to bring before it all the parties necessary for the trial thereof.

12.      Defendant will file a true and correct copy of this Notice of Removal with the Clerk of the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana. Defendant has also served Plaintiff's counsel with a copy of this Notice of Removal.

**WHEREFORE**, Defendant Waste Connections US, Inc., hereby removes Case No. 787-081 from the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, Division K, to this Court pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

4

Respectfully submitted,

BRADLEY MURCHISON KELLY & SHEA LLC

By:   /s/ David R. Taggart
      David R. Taggart, T.A.
      Louisiana Bar Roll No. 12626

401 Edwards Street, Suite 1000
Shreveport, Louisiana 71101
Telephone: (318) 227-1131
Facsimile: (318) 227-1141

Michael C. Mims
Louisiana Bar Roll No. 33991
John B. Stanton
Louisiana Bar Roll No. 36036
1100 Poydras St., Suite 2700
New Orleans, Louisiana 70163
Telephone: (504) 596-6300
Fax: (504) 596-6301

Counsel for Defendant Waste Connections US, Inc.,
Progressive Waste Solutions of LA, Inc., IESI LA
Landfill Corporation and Louisiana Regional
Landfill Company

5

## CERTIFICATE OF SERVICE

I hereby certify that I have, on this 5th day of October, 2018, served a copy of the foregoing pleading upon all counsel of record and the parties named herein by either serving the counsel through the Court's ECF system, facsimile transmission, email or by placing same in the U. S. mail, postage prepaid and properly addressed to the following:

Edwin M. Shorty, Jr.
Dwayne P. Smith
Hope L. Harper
Edwin M. Shorty, Jr. & Associates
650 Poydras Street, Suite 2515
New Orleans, LA 70112

Freddie King, III
The King Law Firm
300 Huey P. Long Avenue, Suite E
Gretna, LA 70053

Shreveport, Louisiana this 5thday of October, 2018.

_____/s/ David R. Taggart_____
OF COUNSEL

6

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

ELIAS JORGE "GEORGE"
ICTECH-BENDECK,
    Plaintiff

VERSUS

PROGRESSIVE WASTE SOLUTIONS
OF LA, INC., ET AL.,
    Defendants

CIVIL ACTION

NO. 18-7889
c/w 18-8071,
18-8218, 18-9312

SECTION: "E" (5)

*Applies to: All Cases*

### AMENDING AND SUPERCEDING MASTER CLASS ACTION COMPLAINT FOR DAMAGES

NOW COME Plaintiffs ELIAS JORGE "GEORGE" ICTECH-BENDECK and SAVANNAH THOMPSON and NICOLE M. LANDRY-BOURDREAUX, and LARRY BERNARD, SR. and MONA BERNARD ("PLAINTIFFS"), as individuals, and on behalf of themselves, all others similarly situated, who, pursuant to the Order of the Court, file this Amending and Superseding Class Action Master Complaint for Damages seeking class certification, and complain and allege on information and belief the following against Waste Connections Bayou, Inc. f/k/a Progressive Waste Solutions of LA, Inc., Waste Connections US, Inc., Louisiana Regional Landfill Company, Inc. f/k/a IESI LA Landfill Corporation and Aptim Corporation ("Waste Connection Defendants"); and Jefferson Parish:

### PARTIES

1.    PLAINTIFFS ELIAS JORGE "GEORGE" ICTECH-BENDECK and SAVANNAH THOMPSON and NICOLE M. LANDRY-BOURDREAUX, and LARRY

1



BERNARD, SR. and MONA BERNARD were at all relevant times persons of the full age of majority and residents of and domiciled in the Parish of Jefferson, state of Louisiana.

    2.    Made Defendants herein are:

        a.    WASTE CONNECTIONS BAYOU, INC., f/k/a PROGRESSIVE WASTE SOLUTIONS OF LA, INC., a foreign corporation authorized to do and doing business in the Parish of Jefferson, state of Louisiana;

        b.    WASTE CONNECTIONS, US, INC., a foreign corporation authorized to do and doing business in the Parish of Jefferson, state of Louisiana;

        c.    LOUISIANA REGIONAL LANDFILL COMPANY, f/k/a IESI LANDFILL CORPORATION, INC., a foreign corporation authorized to do and doing business in the Parish of Jefferson, state of Louisiana;

        d.    APTIM CORPORATION, a foreign corporation authorized to do and doing business in the Parish of Jefferson, state of Louisiana;

        e.    IESI-LA LANDFILL CORPORATION, a foreign corporation authorized to do and doing business in the Parish of Jefferson, state of Louisiana; and

        f.    PARISH OF JEFFERSON, a Louisiana municipal parish in the state of Louisiana.

    3.    Defendants are jointly, severally and in solido indebted unto Plaintiffs/Class Representatives and the persons they seek to represent, for general and special damages suffered by Petitioners and all those similarly situated in a sum sufficient to full compensate him/her/them for all of his/her/their damages, together with legal interest, and for all costs as described herein.

**JURISDICTION and VENUE**

    4.    This Honorable Court has ruled that it has subject matter jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), because the matter in controversy

2

exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action

brought by citizens of a State that is different from the State where at least one of the Defendants

is incorporated or does business., and because no relevant exception to CAFA exists.

5.      Venue is proper in this District as it is where the conduct complained of herein

occurred and is also where the injury occurred and where the Removing Defendants removed the

underlying actions filed in Louisiana state court.

**FACTUAL ALLEGATIONS**

6.      On or about August 1, 2017, the purported "sanitary solid waste" facility/landfill

owned by Defendant Jefferson Parish located in Waggaman, Louisiana began to emit noxious

odors, believed to consist primarily of methane and hydrogen sulfide gases, into areas

surrounding the Jefferson Parish Landfill ("JP Landfill").  The surrounding neighborhoods,

including but not limited to, those located in Waggaman, Louisiana, River Ridge, Louisiana and

Harahan, Louisiana experienced said noxious odors on various days and at various times of the

day and night depending upon the then prevailing wind direction crossing over and/or otherwise

emanating from the site of the JP Landfill.

7.      At relevant times herein, Defendants, Waste Connections Bayou, Inc. f/k/a

Progressive Waste Solutions of LA, Inc., Waste Connections US, Inc., Louisiana Regional

Landfill Company, Inc. f/k/a IESI LA Landfill Corporation and Aptim Corporation ("Waste

Connection Defendants") have co-managed and/or co-operated the JP Landfill and have been

paid by Defendant Jefferson Parish to do so pursuant to the terms and conditions of a Contract to

provide services to operate, manage, and/or maintain the Jefferson Parish Landfill (the "Landfill

Operating Agreement").

3

8.      Following complaints by residents and putative class members, the Louisiana Department of Environmental Quality ("LDEQ") placed one or more mobile air monitoring labs in the area, and subsequently the LDEQ released a report that found higher-than-normal levels of methane and hydrogen sulfide in the areas surrounding the JP landfill.

9.      On or about July 23, 2018, Jefferson Parish President Mike Yenni outlined a number of actions the parish has taken to eliminate noxious odors that Jefferson Parish officials believe are coming from Jefferson Parish's landfill in Waggaman, including declaring the landfill's private operator [LRLC] to be in breach of its contract with Jefferson Parish, and accepting the resignation of the parish's landfill engineer.

10.     On or about July 23, 2018, Jefferson Parish President Mike Yenni stated that "properly operated landfills do not (produce) persistent offsite odors, and the corrective actions … are essential." Moreover, on or about the same date (and at the same news conference), Keith Conley (Yenni's chief aid) admitted that the Jefferson Parish Landfill was a source of the noxious odors at issue.

11.     On information and belief, LRLC is able to collect only 20 percent of the gases produced by the landfill as a result of the antiquated leachate collection system, leaving much, if not all, of the rest to escape through the ground and into the air.

12.     The noxious odors have been so bad and/or persistent that on or about July 9, Jefferson Parish announced the creation of a hotline for citizens to report the stench.

13.     On or about July 9, 2018, in response to various complaints by residents, Jefferson Parish issued a formal news release, which stated in pertinent part as follows:

> Jefferson Parish recognizes there have been odor issues and complaints from residents in the River Ridge, Harahan and Waggaman area located along the river. As Jefferson Parish owns and operates one of the three landfills in Waggaman which services

4

> Jefferson Parish residents, we do realize we may be a contributory factor to the odor issue. Jefferson Parish is committed to take all steps necessary to identify the source or sources responsible and mitigate those sources. As of July 2, 2018, Jefferson Parish has advised our contractor to stop taking liquid waste and other material believed to have the potential over time to create an odor.

14.     The improper emission of the noxious odors from the Jefferson Parish Landfill into and onto neighboring properties located in Waggaman, Harahan and River Ridge since approximately August 1, 2017, has been pervasive and persistent, continues to occur, and is likely to continue into the foreseeable future such that the emission has been and will be a continuous tort into the foreseeable future.  Upon information and belief, the Jefferson Parish Landfill has been and is still being owned and/or co-operated by the defendant-operators with inadequate and/or antiquated leachate and/or gas collection systems such that landfill leachates and gases are emanating from the site improperly, and at levels that constitute a nuisance to neighboring persons and properties.  Further, the Jefferson Parish Landfill has been cited by the Louisiana Department of Environmental Quality (LDEQ for violation of relevant environmental rules and/or regulations.

15.     Defendants actions/inactions are the sole proximate cause of Plaintiff's and numerous other similarly situated persons' damages, which bad acts include but are not limited to the following:

   a)  Failing to maintain and/or operate the Jefferson Parish Landfill in such a manner such that noxious odors would not emanate and create a nuisance for its surrounding neighbors of Jefferson Parish;

   b)  Failing to maintain and/or operate and/or design the Jefferson Parish Landfill such that noxious odors would not interfere with the enjoyment of its neighbors' properties and be the cause of other legally cognizable damages to its neighbors;

5

c) Failing to operate the Jefferson Parish Landfill in such a way so as to prevent the emission of noxious odors into the surrounding areas;

d) Failing to maintain, attain, and/or implement measures at the Jefferson Parish Landfill to minimize the existence of gaseous emissions and/or leachate;

e) Failing to timely and/or efficiently correct the emission of noxious odors from the Jefferson Parish Landfill so as to not cause harm to others, and in particular, plaintiffs herein and those similarly situated;

f) Other action/inaction in violation of Louisiana Civil Code Article (La. C.C. art) 667 and Article 669's "rules of the police [LDEQ}", "customs of the place", and/or in violation of industry standards and/or in violation of the laws, rules, regulations and/or requirements of Louisiana as promulgated by the LDEQ and/or by Jefferson Parish, including but not limited to, those actions and/or inactions as outlined herein as well as others which will be proven at the adjudication of this matte

g) Defendants' actions/inactions are in violation of La. C.C. arts. 667, 669, 2315, 2316, 2317, 2317.1 and 2322..

The conduct of Defendants is equally applicable to all class members.

**CLASS ALLEGATIONS**

16.     Plaintiffs brought the underlying matters in State Court seeking class certification pursuant to La. C.C.P. Art. 591, *et seq.* on behalf of a class of plaintiffs similarly situated, as plaintiffs herein represents that they have sustained damages common to themselves and all those similarly situated who incurred legally cognizable harm arising from the noxious emissions from the Jefferson Parish landfill, and/or such acts of negligence, nuisance, and trespass as may be proven upon trial.

6

17.    The proposed Class Representative(s) herein seek to represent the following proposed Class:

> All persons domiciled in and/or residing in the Parish of Jefferson, State of Louisiana who have sustained legally cognizable damages in the form of nuisance, trespass, interference with the enjoyment of their properties, and/or diminution in the value of their properties as a result of the emission of noxious odors from the Jefferson Parish Landfill into and/or onto their persons and/or properties (except for Defendants' employees and relevant court personnel).
> A more precise definition of the proposed class, including its geographic boundaries, will be set forth in Petitioners/proposed Class Representatives' class certification motion and supporting evidence.

18.    The proposed Class is so numerous that joinder is impracticable. The disposition of the claims asserted herein through this proposed class action is the most efficient means of handling these claims and the best way to insure that the interests of the proposed Class Members are preserved, and class certification will also benefit the Court in the efficient adjudication of the claims asserted.

19.    There is a well-defined community of interest in that the questions of law and fact common to the Class predominate over questions affecting only individual Class Members and include, but are not limited to, the following:

a)    Whether Defendants negligently maintained and/or operated the JP Landfill;

b)    Whether Defendants caused and/or contributed to the emission of noxious gases from the JP Landfill;

c)    Whether Defendants negligently failed to take reasonable measures to prevent or otherwise minimize and contain the emission of noxious odors from the JP Landfill:

d)    Whether Defendants collectively and/or individually owed a duty to the proposed Class Representatives and the Class they seek to represent to maintain the JP Landfill and operate the Landfill in a prudent manner so as to prevent the

7

release/emission of noxious odors in and around the areas neighboring the JP
Landfill.

e) Whether Defendants breached their respective duties owed to Petitioners and the
Class they seek to represent;

f) Whether Defendants were negligent and whether such negligence was a proximate
cause of the damages sustained by Petitioners and the proposed Class;

g) Whether Defendants were grossly negligent and whether such gross negligence was
a proximate cause of the damages sustained by Petitioners and the proposed Class;

h) Whether Defendants violated applicable state and/or federal operating regulations;

i) Whether Defendants knew or should have known that their activities would cause
legally cognizable damage to Petitioners and the proposed Class; and

j) Whether Defendants (or any of them) are strictly liable and/or at fault and whether
their actions are the proximate cause of the damages complained herein.

20.     Defendants engaged in a common course of conduct that raises common questions
of law and fact applicable to all proposed class members and which predominate over individual
questions.

21.     Plaintiffs will fairly and adequately represent the interests of the class, and the class
representatives are represented by skilled attorneys who have experience handling class actions,
as well as federal mass tort litigations, and who will handle this action in an expeditious and
economic manner, and all in the best interests of all members of the class.

22.     Class Representatives and the Class Members have suffered similar harm as a result
of Defendants' actions and/or inactions.

8

23.     This class may be defined objectively in terms of ascertainable criteria, such that the court may determine the constituency of the class for purposes of the conclusiveness of any judgment that may be rendered.  It is not necessary for the court to inquire into the merits of each potential class member's cause of action to determine whether an individual falls within the defined class.

24.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation because individual litigation of the claims of all proposed Class Members is impracticable as there are believed to be thousands of similarly situated individuals and entities who sustained damages that were proximately caused by the negligence, fault, gross negligence, strict liability, willful misconduct, and/or other actions of one or more of the Defendants. Even if every Class Member could afford the cost of individual litigation, the judicial system could not. It would be unduly burdensome to this Court in which individual litigation of thousands of cases would proceed.  Individual litigation presents a potential for inconsistent or contradictory judgments, the prospect of a race for the courthouse and an inequitable allocation of recovery among those with equally meritorious claims. Individual litigation increases the expense and delay to all parties and the court system in resolving the legal and factual issues common to all claims related to the Defendants conduct alleged herein. By contrast, a class action presents far fewer management difficulties and provides the benefit of a single adjudication, economies of scale, and comprehensive supervision by a single court.

25.     The various claims asserted in this action are also certifiable under the provisions of Rules 23(b)(1), 23(b)(2), and/or 23(b)(3) of the Federal Rules of Civil Procedure because:

9

a)      The prosecution of separate actions by thousands of individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members, thus establishing incompatible standards of conduct for Defendants;

b)      The prosecution of separate actions by individual Class Members would also create the risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class Members who are not parties to such adjudications and would substantially impair or impede their ability to protect their interests;

c)      The Defendants opposing the class have acted or refused to act on grounds that apply generally to the class so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; and

d)      The questions of law or fact common to the Members of the Class predominate over any questions affecting only individual Members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION (NEGLIGENCE AND/OR GROSS NEGLIGENCE)

26.     The Defendants owed a duty to Plaintiffs and the proposed Class Members to refrain from action that causes damage to Plaintiffs' and Plaintiffs' property, and of those they seek to represent, including the right to use and enjoy their property. The incidents descried above that caused damage to Plaintiffs and Class Members were a proximate result of the negligence, fault, strict liability, gross negligence and/or misconduct of Defendants.

### SECOND CAUSE OF ACTION – NUISANCE

10

27.    Defendants created a nuisance through the emission of noxious odors into the air in and around the JP Landfill, which unreasonably interferes with Plaintiffs' use and enjoyment of their property.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that a copy of this Amending and Superseding Master Complaint be served on each Defendant, and that they each be cited to answer same within the delays allowed by law, and that, after due proceedings are had, that the class be certified and that appropriate Notice be issued, and that judgment against Defendants be granted in favor of Plaintiff and all those similarly situated be entered in an amount to be determined at trial by the trier of fact reasonable in the premises for harms, damages, and losses as set forth above, special damages, applicable penalties (if any), costs, expert witness fees, attorneys' fees, filing fees, pre- and post-judgment interest, all other injuries and damages as shall be proven at trial, and such other further relief as the Court may deem appropriate, just, and proper as the law allows.

Respectfully submitted,

/s/ Val P. Exnicios
**Val Patrick Exnicios, TA (LA Bar #19563)**
**Hon. Max N. Tobias, Jr. (LA Bar # 12837)**
**Frances Lacy Radcliff (LA Bar #38061)**
*Liska, Exnicios & Nungesser*
1515 Poydras Street, Suite 1400
New Orleans, LA 70112
Telephone: (504) 410-9611
Facsimile: (504) 410-9937

*FAVRET, DEMAREST, RUSSO,*
*LUTKEWITTE & SCHAUMBURG*

11

A Professional Law Corporation
**Seth H. Schaumburg, No. 24636**
**Anthony J. Russo, No. 8806**
**Dean J. Favret, No. 20186**
**Angela C. Imbornone, No. 19631**
**Lauren A. Favret, No. 33826**
1515 Poydras Street, Suite 1400
New Orleans, Louisiana 70112
Telephone: (504) 561-1006
Facsimile: (504) 523-0699

**Douglas Hammel, LA BAR #( 26915)**
Attorney at Law
3129 Bore Street
Metairie, La. 70001
504.304.9952 phone
504.304.9964 fax
*Attorneys for Plaintiff*


EDWIN M. SHORTY, JR. & ASSOC., APLC


By:     */s/* Edwin M. Shorty, Jr.
         Edwin M. Shorty, Jr., T.A.
         Louisiana Bar Roll No. 28421

Hope L. Harper
Louisiana Bar Roll No. 33173
Dwayne P. Smith
Louisiana Bar Roll No. 21382 650
Poydras Street, Suite 2515 New
Orleans, Louisiana 70130 Phone:
(504) 207-1370
Fax: (504) 207-2850

THE KING LAW FIRM
Freddie King, III
Louisiana Bar Roll No. 33923
300 Huey P. Long Avenue, Suite E
Gretna, Louisiana 70053
Phone: (504) 982-5464
Fax: (504) 617-7755

*Counsel for Nichole M. Landry-Boudreaux*


IRPINO AVIN & HAWKINS

12

By:    */s/* Pearl A. Robertson
          Pearl A. Robeltson
          Louisiana Bar Roll No. 34060

Anthony D. Irpino
Louisiana Bar Roll No. 24727
Pearl Robertson
Louisiana Bar Roll No. 34060
2216 Magazine Street
New Orleans, Louisiana 70130 Ph.
(504) 525-1500
Fax. (504) 525-1501

*Counsel for Savannah Thompson*

THE LAW OFFICE OF BRUCE C. BETZER A
PROFESSIONAL LIMITED LABILITY
COMPANY

By:    */s/* Bruce C. Betzer
          Bruce C. Betzer
          Louisiana Bar Roll No. 26800

3129 Bore Street
Metairie, Louisiana 70001
Telephone: (504) 832-9942
Facsimile: (504) 304-9964

*Counsel for Larry Bernard, Sr.*

13

24TH JUDICIAL DISTRICT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

NO. 793-088                                                    DIVISION "O"

MICHAEL BRUNET, et al.

VERSUS

LOUISIANA REGIONAL LANDFILL COMPANY, et al.

**THE WASTE CONNECTIONS DEFENDANTS' MOTION TO TRANSFER**

Defendants Waste Connections US, Inc. ("WCUS"), Waste Connections Bayou, Inc. ("WCB"), and Louisiana Regional Landfill Company ("LRLC") (collectively, the "Waste Connections Defendants"), through undersigned counsel, respectfully move this Court pursuant to La. C.C.P. art. 253.2 for entry of an order transferring this action to Division J of this judicial district so that it may be consolidated with the related action No. 790-369, bearing the caption *Frederick Addison, et. al. versus Louisiana Regional Landfill Company, et. al.,* given that the *Addison* action involves the same allegations of fact and law as the present action, as set forth more fully in the attached memorandum.

All defendants in this action consent to this motion. Counsel for plaintiffs in both this action and the related *Addison* action, Barry S. Neuman, has indicated that he opposes this motion.

WHEREFORE, the Waste Connections Defendants respectfully request that this motion be granted, transferring this action to Division J of this judicial district.

Respectfully submitted,

BRADLEY MURCHISON KELLY & SHEA LLC

By: _David R. Taggart_ _____

David R. Taggart
(Louisiana Bar Roll No. 12626)
401 Edwards Street, Suite 1000
Shreveport, Louisiana 71101
Telephone: (318) 227-1131
Facsimile: (318) 227-1141

Michael C. Mims
(Louisiana Bar Roll No. 33991)
John B. Stanton

1

(Louisiana Bar Roll No. 36036)
1100 Poydras St., Suite 2700
New Orleans, Louisiana 70163
Telephone: (504) 596-6300
Fax: (504) 596-6301

BEVERIDGE & DIAMOND, P.C.
Megan R. Brillault (*pro hac vice to be submitted*)
Michael G. Murphy (*pro hac vice to be submitted*)
John H. Paul (*pro hac vice*)
477 Madison Avenue, 15th Floor
New York, NY 10022
(212) 702-5400

James B. Slaughter (*pro hac vice to be submitted*)
1350 I Street, N.W., Suite 700
Washington, DC 20005
(202) 789-6000

Counsel for Defendants Waste Connections US,
Inc., Waste Connections Bayou, Inc., and Louisiana
Regional Landfill Company

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above pleading on the following counsel of record via PDF email this 18th day of April, 2019.

Byron M. Forrest
Nicholas V. Cressey
S. Eliza James
Forrest Cressey & James, LLC
One Canal Place
365 Canal Street, Suite 1475
New Orleans, Louisiana 70130

Barry S. Neuman
Adrian Snead
C. Allen Foster
Erik Bolog
Whiteford Taylor Preston, LLP
1800 M Street, NW
Suite 450N
Washington, DC 20036

OF COUNSEL

3

24TH JUDICIAL DISTRICT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

NO. 793-088                                                                DIVISION "O"

MICHAEL BRUNET, et al.

VERSUS

LOUISIANA REGIONAL LANDFILL COMPANY, et al.

### ORDER

Considering the above and foregoing Motion to Transfer submitted by the Waste Connections Defendants,

IT IS ORDERED BY THE COURT that Petitioners show cause on the _____ day of _____ at _____ a.m. why the Waste Connections Defendants' Motion to Transfer should not be granted.

Gretna, Louisiana, this _____ day of _____ 2019.


_____
DISTRICT JUDGE


**SHERIFF, PLEASE SERVE:**

**MICHAEL BRUNET, ET AL.**
**THROUGH THEIR COUNSEL OF RECORD:**
Byron M. Forrest
Nicholas V. Cressey
S. Eliza James
Forrest Cressey & James, LLC
One Canal Place
365 Canal Street, Suite 1475
New Orleans, Louisiana 70130

1

24TH JUDICIAL DISTRICT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

NO. 793-088                                                                    DIVISION "O"

MICHAEL BRUNET, et al.

VERSUS

LOUISIANA REGIONAL LANDFILL COMPANY, et al.

**MEMORANDUM IN SUPPORT OF**
**THE WASTE CONNECTIONS DEFENDANTS' MOTION TO TRANSFER**

Defendants Waste Connections US, Inc. ("WCUS"), Waste Connections Bayou, Inc. ("WCB"), and Louisiana Regional Landfill Company ("LRLC") (collectively, the "Waste Connections Defendants"), through undersigned counsel, submit this memorandum in support of their Motion to Transfer, requesting entry of an order transferring this action to Division J of this judicial district so that it may be consolidated with the related action No. 790-369, bearing the caption *Frederick Addison, et. al. versus Louisiana Regional Landfill Company, et al.,*[1] given that the *Addison* action involves the same allegations of fact and law as the present action.

**A. PROCEDURAL BACKGROUND**

On July 25, 2018, the first of four putative class actions was filed in the 24th Judicial District Court on behalf of a proposed class of persons seeking damages for alleged "noxious odors" emanating from the Jefferson Parish Landfill ("Landfill"). *See Ictech-Bendeck v. Progressive Waste Solutions,* No. 2:18-cv-07889 (E.D. La.) (filed in 24th Jud. Dist. July 25, 2018).[2] On August 17, 2018, the Waste Connections Defendants removed the *Ictech-Bendeck* action to federal court pursuant to the Class Action Fairness Act ("CAFA").[3] Over the next month, three additional putative class actions were filed in the 24th Judicial District Court, *Thompson v. Louisiana Regional Landfill Company,* No. 2:18-cv-08071 (E.D. La.) (July 30,

---

[1] *See* Exhibit attached to the Waste Connections Defendants' Motion to Transfer filed in *Charles Lee Anderson et al. versus Louisiana Regional Landfill Company, et al*., Civil Action No. 792-502 (24th JDC) ("*Anderson* Exhibit") marked A-1. The Waste Connections Defendants hereby incorporate by reference all of the exhibits attached to that motion. The Waste Connections Defendants decline to attach these exhibits once again, to avoid flooding the Court with voluminous paper exhibits in this action, and the several other duplicative actions, both filed and soon-to-be-filed by Mr. Neuman and the Forrest, Cressy & James firm. These exhibits have already been filed with this Court and they are public records; thus, the Court may take judicial notice of them. *See* La. C.E. art. 201(B)(2) (courts may take judicial notice of facts "whose accuracy cannot reasonably be questioned.").
[2] *Anderson* Exhibit B-1.
[3] *Anderson* Exhibit B-2.

2

2018), *Bernard v. Progressive Waste Solutions of LA, Inc.,* 2:18-cv-08218 (E.D. La.) (Aug. 10, 2018), and *Landry-Boudreaux v. Progressive Waste Solutions of LA, Inc.,* 2:18-cv-09312 (E.D. La.) (Aug. 27, 2018).[4] The Waste Connections Defendants also removed these subsequent actions to federal court pursuant to CAFA.[5] All four proposed class actions name the same set of defendants – Jefferson Parish,  Louisiana Regional Landfill Company f/k/a IESI LA Landfill Corporation (a Waste Connections subsidiary), Waste Connections Bayou, Inc. f/k/a/ Progressive Waste Solutions of LA, Inc., Waste Connections US, Inc., and Aptim Corporation.

On December 13, 2018, the *Addison* plaintiffs filed action No. 790-369, brought on behalf of 86 residents of Jefferson Parish and seeking damages for alleged odors emanating from the Landfill.[6] The *Addison* suit also involves defendants Jefferson Parish, the Waste Connections Defendants, and Aptim Corporation. The *Addison* plaintiffs are represented by Barry S. Neuman, of Whiteford Taylor Preston, LLP, based in Washington, D.C., with the firm of Forrest, Cressy & James, LLC serving as local counsel. The *Addison* matter was not removable under CAFA, which provides jurisdiction for cases that are either styled as a class action, or that involve 100 or more plaintiffs. *Addison* meets neither of those criteria.

WCUS and Jefferson Parish responded to the *Addison* action with declinatory exceptions of lis pendens.[7] After those matters were fully briefed, the Honorable Stephen C. Grefer held a hearing on January 24, 2019. At the conclusion of argument, Judge Grefer held that La. C.C.P. art. 532 dictated that the exceptions of lis pendens be granted as *Addison* was duplicative of the four related class actions pending in federal court.[8] Judge Grefer further ordered that *Addison* would be stayed until such time as the Eastern District of Louisiana ordered a remand of any one of the related class actions, or until such time as the Eastern District of Louisiana ruled on class certification in any one of those actions. On February 6, 2019, Judge Grefer signed a judgment reflecting this ruling.[9]

---

[4] *Anderson* Exhibits C-1, D-1, E-1.
[5] *Anderson* Exhibits C-2, D-2, E-2.
[6] *Anderson* Exhibit A-1.
[7] The *Addison* action was stayed before the other Waste Connections Defendants appeared. Presently, WCUS is the only one of the Waste Connections Defendants that has made an appearance in *Addison.*
[8] *Anderson* Exhibit A-2.
[9] *See Anderson* Exhibit A-3. On March 21, 2019, the *Addison* plaintiffs filed an application for supervisory writs, which the Fifth Circuit Court of Appeal has not yet ruled on. That application lacks any merit, as Judge Grefer properly held that *Addison* was duplicative of the four related class actions pending in federal court.

On February 25, 2019, Mr. Neuman and the Forrest, Cressy, and James firm filed *Charles Lee Anderson et al. versus Louisiana Regional Landfill Company, et al.,* Civil Action No. 792-502, on behalf of 91 additional residents of Jefferson Parish, also complaining of odors allegedly emanating from the Landfill. That matter also names defendants Jefferson Parish, the Waste Connections Defendants, and Aptim Corporation. *Anderson* is currently pending on the docket of Division O in this district, but the Waste Connections Defendants and Jefferson Parish have sought to have that matter transferred to Division J and consolidated with *Addison*.[10]

From March 14 until April 9, 2019, Mr. Neuman and the Forrest, Cressy, and James firm filed four additional mass actions,[11] including the present *Brunet* suit, all complaining of odors allegedly emanating from the Landfill – bringing the total to six related lawsuits all filed by the same counsel on behalf of over 500 plaintiffs. The present *Brunet* matter also names defendants Jefferson Parish, the Waste Connections Defendants, and Aptim Corporation.[12]

On March 14, 2019, the Eastern District of Louisiana denied the various motions to remand pending in the four putative class actions, holding that the actions would remain in federal court.[13] By agreement of the parties, the four putative class actions have now been consolidated, and the consolidated matter is actively proceeding in federal court.

The Waste Connections Defendants now request that the present *Brunet* matter be transferred from Division O to Division J, for purposes of consolidating it with the *Addison* action, because the two actions involve the same allegations of fact and law. The transfer will serve several vital interests: prevent the appearance of judge shopping by plaintiffs; promote efficiency and judicial expediency; and avoid the possibility of inconsistent rulings.

Simultaneous with this motion, the Waste Connections Defendants have filed a declaratory exception of lis pendens in the present *Brunet* matter, on the basis that it is

---

[10] The Waste Connections Defendants filed a Motion to Consolidate the *Anderson* and *Addison* actions. Pursuant to La. C.C.P. art. 1561, that motion was filed on the docket of the *Addison* action in Division J. Simultaneous with that motion, the Waste Connections Defendants filed a Motion to Transfer on the docket of *Anderson* in Division O. The latter motion was filed in an abundance of caution, given that the *Addison* matter is stayed by order of Judge Grefer dated February 6, 2019.

[11] *See Michael Brunet et al. versus Louisiana Regional Landfill Company, et al.,* Civil Action No. 793-088 (24th JDC, Div. O, filed on March 14, 2019); *Mary Ann Winngkof et al. versus Louisiana Regional Landfill Company, et al.* (24th JDC, Div. M, filed on April 2, 2019); *Rickey Calligan et al. versus Louisiana Regional Landfill Company, et al.* (24th JDC, Div. L, filed on April 5, 2019); *Regenia Griffin et al. versus Louisiana Regional Landfill Company, et al.* (24th JDC, Div. A, filed on April 9, 2019).

[12] *Anderson* Exhibit F.

[13] *Ictech-Bendeck,* __F.Supp.3d__, 2019 WL 1199105; *Thompson,* __F.Supp.3d__, 2019 WL 1199103; *Landry-Boudreaux,* __F.Supp.3d__, 2019 WL 1199104; *Bernard,* __F.Supp.3d__, 2019 WL 1199102.

duplicative of the related class actions filed in the summer of last year (i.e., the same basis on which Judge Grefer ordered that the *Addison* matter be stayed). The Waste Connections Defendants submit that Judge Grefer should hear the exception of lis pendens after the present *Brunet* action is transferred to Division J. Additionally, Jefferson Parish filed a similar motion to the present one in Division J in the *Addison* action, requesting that Judge Grefer effect a limited lifting of the stay of that litigation for purposes of exercising his authority under La. C.C.P. article 1561 to order that the present *Brunet* action and the other duplicative actions filed by Mr. Neuman and the Forrest, Cressy, and James firm be transferred to Division J and consolidated with *Addison*. The Waste Connections Defendants have filed a memorandum joining in the Parish's motion. While Judge Grefer may properly resolve this issue under La. C.C.P. article 1561,[14] the present motion was filed in an abundance of caution, given that the *Addison* matter is stayed pursuant to Judge Grefer's order dated February 6, 2019.

## B. ARGUMENT

Louisiana Code of Civil Procedure article 253.2 allows for transfer of a case from one division of a judicial district to another division within the same district to effect a consolidation, as follows:

> After a case has been assigned to a particular section or division of the court, it may not be transferred from one section or division to another section or division within the same court, unless agreed to by all parties, or unless it is being transferred to effect a consolidation for purpose of trial[15] pursuant to Article 1561. However, the supreme court, by rule, may establish uniform procedures for reassigning cases under circumstances where an expeditious disposition of cases may be effectuated.

The Louisiana Supreme Court has confirmed that transfer for consolidation purposes is appropriate when two suits allege common issues of fact and law. *See Cotton v. Gaylord Chemical Corporation*, 96-1823 (La. 7/18/96), 678 So. 2d 532 (cases involved same alleged

---

[14] Although Louisiana Code of Civil Procedure article 1561 provides that the division in which the first-filed action is pending is the proper division to order a consolidation, article 253.2 also grants this Court the authority to order a transfer of this matter "to effect a consolidation."

[15] Despite article 253.2's reference to trial, Louisiana courts have observed that a trial court has wide discretion to order a transfer for consolidation purposes at any stage of the proceedings, even if consolidation would obviate the need for a trial. *See Bonnette v. Tunica-Biloxi Indians*, 2002-919 (La.App. 3 Cir. 5/28/03, 2), 873 So. 2d 1, 4, on reh'g (Mar. 24, 2003). There, the trial court dismissed the first-filed action for lack of subject matter jurisdiction; it then ordered consolidation of a later filed action, and subsequently dismissed it for lack of subject matter jurisdiction for same reasons as first-filed action. The court of appeal rejected the appellant's argument that the trial court erred in dismissing the later-filed action immediately after consolidation, when consolidation should be for trial only. *Id; see also Ferguson v. Sugar*, 2000-2528 (La.App. 4 Cir. 12/19/01, 3), 804 So.2d 844, 846 (permitting the consolidation of a petition for discovery only pending in one division with the underlying negligence claim pending in another, even though the discovery petition was not consolidated "for trial.")

incident, same defendants, and similar allegations against the defendants). A request to transfer a case for consolidation purposes should be granted to avoid multiplicity and duplication of actions.[16] The purpose of consolidation is to discourage judge shopping[17] and to promote judicial efficiency and expediency.[18] Further, an objection to transfer is valid only when the objecting party demonstrates with "specificity" that it will be unduly prejudiced. *Abadie v. Metro. Life Ins. Co.*, 00-344 (La.App. 5th Cir. 3/28/01, 11), 784 So. 2d 46, 62.

Here, transfer for consolidation purposes is warranted because both *Brunet* and *Addison* allege the same events and alleged wrongdoing (ongoing odors which are allegedly emanating from the Landfill); transfer is necessary to prevent a drain on this district's resources and the risk of inconsistent judgments; both suits name identical defendants;[19] both suits involve at least one common plaintiff (Lula Darden);[20] and all plaintiffs in both suits belong to the same proposed class of plaintiffs in four previously filed proposed class actions.

### 1. Same alleged events, same alleged wrongdoing.

First, transfer for consolidation purposes is appropriate because the two suits arise from the same alleged events and involve the same alleged acts of wrongdoing. Namely, both the *Brunet* and *Addison* suits allege that odors have emanated and continue to emanate from the Landfill, and that such odors are caused by the Landfill's insufficient leachate and gas collection systems. This is made abundantly clear by the "Introduction" sections of the *Brunet* and *Addison* petitions – which contain the same, identical provision:

---

[16] *See e.g., In re Miller*, 95-1051 (La. App. 1 Cir. 12/15/95), 665 So. 2d 774, 776; *Reynaud v. Champagne*, 14 Orleans App. 179, 181 (La. 1917) ("The law abhors a multiplicity of actions against the same person.").

[17] *See* Rule 9.4(b) of the Uniform Rules for Louisiana District Courts, which provides:

(b) Judge or forum shopping is prohibited. To achieve continuity of case management and avoid the appearance of judge or forum shopping, all subsequent actions asserting the same claim by the same parties, except for cases filed in juvenile courts with concurrent jurisdiction, shall be transferred to the division to which the first case filed was allotted, whether or not the first case is still pending. Any attorney or party who files more than one petition for the same party on the same cause of action shall attach to any subsequent petition a "Notice of Prior Filing or Multiple Filing," regardless of whether any of the previous petitions were dismissed. This notice shall comply with La. Code Civ. Proc. art. 853.

[18] *See St. Pe v. Neal*, 534 So. 2d 993, 994 (La.App. 4th Cir. 1988) (consolidation appropriate when it "achieves judicial economy and results in the reduction of transactional costs."); *Aaron & Turner, L.L.C. v. Perret*, 2007-1425 (La.App. 1 Cir. 5/4/09), 2009 WL 2857974 (consolidation warranted "in the interests of judicial efficiency"); *Johnson v. First Nat. Bank of Shreveport*, 2000-870 (La.App. 3 Cir. 6/20/01, 6), 792 So. 2d 33, 43 ("Judicial economy dictates that such similar matters arising out of the same set of facts and circumstances and against the same set of Defendants be tried together.").

[19] Those defendants are Jefferson Parish, Louisiana Regional Landfill Company ("LRLC") f/k/a IESI LA Landfill Corporation, Waste Connections Bayou, Inc. f/k/a/ Progressive Waste Solutions of LA, Inc., Waste Connections US, Inc., and Aptim Corporation.

[20] *See Anderson* Exhibit A-1, *Addison* petition, p. 3; *Brunet* petition, p. 4.

6

This action arises from the continuing, significant and unabated harm suffered by each of the named Petitioners as a result of the ongoing – and admitted – failure of each of the Defendants to ensure that the design, operation and maintenance of the Jefferson Parish Landfill (the "J.P. Landfill") complies with applicable environmental laws and adequately protects Petitioners' human health and environment. At all relevant times, the J.P. Landfill and has persistently emitted harmful and toxic odors and chemicals into the surrounding areas, including where each of the Petitioners resides.

These unlawful, harmful and toxic releases have caused Petitioners substantial loss of the use and enjoyment of their homes and immovable property, and have caused physical harms including, among other things: difficulties breathing, coughing, nausea, burning eyes, ears, noses and throats, dizziness loss of appetite and lethargy, as well as fear, anguish, discomfort and inconvenience. These emissions also have caused diminution in the value of Petitioners' homes.

Accordingly, Petitioners seek redress from the Defendants for the direct and consequential injury and damage they have suffered and will continue to suffer as a direct result of the releases of noxious odors and chemicals from the J.P. Landfill.[21]

Likewise, the remainder of both petitions set forth nearly identical allegations regarding the events giving rise to the litigation and the harms allegedly suffered.[22] In short, there is no meaningful distinction in the facts and law alleged in the two suits that would cut against transferring this action.

> **2. Transfer is necessary to prevent a drain on this district's resources and the risk of inconsistent judgments.**

A transfer should also be granted to avoid wasting judicial resources and inconsistent rulings. Several more similar actions are likely to be filed in the near future— indeed, just days after filing *Brunet*, the same counsel filed three more related actions. Without transfer, the various related suits would waste judicial resources and create a risk of inconsistent judgments. So far, Mr. Neuman and the Forrest, Cressy, & James firm have filed six mass actions concerning alleged odors emanating from the Landfill. Mr. Neuman has already indicated to

---

[21] *See Anderson* Exhibit A-1, *Addison* petition, p. 2; *Brunet* petition, p. 2.
[22] *Compare, e.g., Anderson* Exhibit A-1, *Addison* petition, para. XXXV(a) (alleging that defendants were negligent in "Failing to properly design, operate and maintain the J.P. Landfill, thus allowing noxious and harmful odors and chemicals to be released from the J.P. Landfill and introduced in the atmosphere and surrounding neighborhoods.") with *Brunet* petition, para. XXXVIII(i) (same); *Anderson* Exhibit A-1, *Addison* petition, para. XXXV [sic] at p. 17 ("The Defendants' failure to comply with their duties of care to the Petitioners were and are a cause in fact and a legal cause of Petitioners' injuries, and each of the Petitioners has suffered damages as a result thereof, including physical harm, diminution in property value and fear, anguish and mental pain and suffering as well as loss of use and enjoyment of their immovable property and diminution in the value of said property.") with *Brunet* petition, para. XXXIX (same).

Judge Grefer that his legal team "has been inundated with over a thousand phone calls" from prospective clients and that he is indeed working to enlist additional plaintiffs.[23]

Given Mr. Neuman's suggestion that thousands more potential plaintiffs are lying in wait, there is a very real possibility that many – 10 or more – related actions could be filed alleging the same issues of fact and law, and that each would be lodged in a different division of this judicial district. That number could balloon considerably if other attorneys adopt Mr. Neuman's strategy, especially in consideration of the staggering geographic scope of those allegedly suffering harm[24] and Jefferson Parish's population in excess of 400,000 people. Without transfer, those various suits would create a significant drain on this district's resources and create a risk of inconsistent judgments on *lis pendens* and other issues that may arise.

### 3. Same defendants

Transfer is also warranted because the *Addison* and *Brunet* actions involve the same defendants – namely, Jefferson Parish, the Waste Connections Defendants, and Aptim Corporation.

### 4. Same plaintiffs

Further, transfer is appropriate as *Addison* and *Brunet* both involve at least one common plaintiff,[25] and more importantly, the *Addison* and *Brunet* plaintiffs share a legal identity as both sets of plaintiffs belong to the same proposed class of plaintiffs in four previously filed proposed class actions which are pending in federal court.

As Judge Grefer already recognized when he granted WCUS' exception of lis pendens, the *Addison* plaintiffs are, as a matter of law, deemed to share an identity with the proposed class of plaintiffs in the *Ictech* and other related proposed class actions.[26] The Court's ruling was based, in part, on Louisiana Supreme Court authority which makes it clear that when plaintiffs in

---

[23] *Anderson* Exhibit A-2, pp. 14:30–15:12.

[24] On the northwest end of the spectrum, Mr. Neuman has filed suit on behalf of plaintiffs residing north of Louis Armstrong airport in Kenner. *See Anderson* petition, p. 5 (naming plaintiffs living at 3150 Washington St., Kenner, LA 70065). On the southeast end of the spectrum, he has filed suit on behalf of plaintiffs residing almost as far south as Lapalco Boulevard in Marrero. *See Brunet* petition, p. 4 (naming a plaintiff living at 1534 Mansfield Ave., Marrero, LA 70072).

[25] *See Anderson* Exhibit A-1, *Addison* petition, p. 3; *Brunet* petition, p. 4 (both naming Lula Darden).

[26] *Anderson* Exhibit A-2, pp. 31:30-32:12 (holding that given "the proposed class definition [in *Ictech-Bendeck* and the related actions] and the allegations alleged in the plaintiffs' petition in the Addison matter that there is no way that this Court can envision that [the Addison plaintiffs] wouldn't be members of the class if a class is so certified [in *Ictech-Bendeck* or the related actions]. That doesn't mean that they can't opt out [at a later date], obviously, but that's not the question now.").

a later-filed action are putative class members of an earlier-filed pending class action, there is a shared legal identity among all members of the putative class until at least such time as class certification is ruled upon. *Aisola v. Louisiana Citizens Property Ins. Corp.*, 2014-1708 (La. 10/14/15), 180 So. 3d 266, 270 (finding that there was an "identity of parties" where plaintiffs were putative class members of four earlier-filed class action suits). The *Addison* plaintiffs conceded that they fall within the definition of the class proposed in the *Ictech* and related actions,[27] and there is not yet an available procedure for opting out of the proposed class.[28] Accordingly, Judge Grefer correctly held that the *Addison* plaintiffs share an identity with the plaintiffs in four previously filed proposed class actions.

The *Brunet* plaintiffs, just like the *Addison* plaintiffs, all allege to be residents of Jefferson Parish who have been harmed by odors allegedly emanating from the Landfill.[29] Therefore, for the same reasons as the *Addison* plaintiffs, the *Brunet* plaintiffs fall within the proposed class definition[30] and share an identity with the plaintiffs in four previously filed proposed class actions – and by extension, the *Addison* and *Brunet* plaintiffs share an identity with each other.

Finally, the *Addison* and *Brunet* plaintiffs are represented by the same attorneys, which also weighs in favor of transfer.[31]

For these reasons, transfer is appropriate as *Addison* and *Brunet* both involve at least one common plaintiff, and the *Addison* and *Brunet* plaintiffs share a legal identity.

### 5.  Transfer is necessary to prevent the appearance of judge shopping

Additionally, transfer to Division J is necessary to prevent the appearance of judge shopping. Rule 9.4(b) of the Uniform Rules for Louisiana District Courts explicitly calls for transfers when necessary to prevent the appearance of judge shopping, as follows:

---

[27] *Anderson* Exhibit A-2, p. 19, lines 8–21.

[28] *See Duckworth v. La. Farm Bureau Mut. Ins. Co.*, 2011-2835 (La. 11/2/12), 125 So. 3d 1057, 1070 ("The decision to request exclusion or to 'opt out' is made, not at the time of filing a class action petition, but after the class is certified, notice is issued, and a timely election form is submitted."); *Quinn v. La. Citizens Prop. Ins. Corp.*, 2012-0152 (La. 11/2/12), 118 So. 3d 1011, 1016 ("when a class action is certified in Louisiana, all persons who fall within the class definition are class members. The only avenue for requesting exclusion from a class once it is certified is by the timely submission of an election form.").

[29] *Brunet* petition, paras. I, III.

[30] The proposed class in each action is defined as all residents of Jefferson Parish that suffered harm as a result of the alleged emission of noxious odors from the Landfill. *See Anderson* Exhibit B-1, Petition at 4; *Anderson* Exhibit C-1, Petition at 2; *Anderson* Exhibit D-1, Petition at 5; and E-1, Petition at 5.

[31] *Rapp v. City of New Orleans*, 95-1638 (La.App. 4 Cir. 9/18/96, 46), 681 So. 2d 433, 455 ("common representation on both sides" was one reason that consolidation was warranted).

9

> Judge or forum shopping is prohibited. To achieve continuity of case management and avoid the appearance of judge or forum shopping, all subsequent actions asserting the same claim by the same parties, except for cases filed in juvenile courts with concurrent jurisdiction, shall be transferred to the division to which the first case filed was allotted, whether or not the first case is still pending. Any attorney or party who files more than one petition for the same party on the same cause of action shall attach to any subsequent petition a "Notice of Prior Filing or Multiple Filing," regardless of whether any of the previous petitions were dismissed.

As set forth above, the *Addison* and *Brunet* actions involve the same defendants, at least one common plaintiff, and the remaining plaintiffs share a legal identity. Under these circumstances, Uniform Rule 9.4(b) required plaintiffs' counsel to attach a "Notice of Prior Filing or Multiple Filing" to the *Brunet* petition, which presumably would have prompted the Clerk of Court to transfer the *Brunet* action to Division J. Yet, plaintiffs' counsel failed to submit the required notice, and when contacted by undersigned counsel, plaintiffs' counsel indicated that he would oppose any motion requesting that *Brunet* be transferred to Division J.

Regardless of plaintiffs' counsel's true motives for opposing transfer of *Brunet* to Division J, it certainly creates the appearance that plaintiffs' counsel would prefer to avoid Division J, in which Judge Grefer already held that the similar *Addison* action be stayed under lis pendens. Uniform Rule 9.4(b) is designed to prevent such appearances of judge shopping and thus transfer is warranted.

### 6. Transfer would not cause undue prejudice to plaintiffs.

Finally, a transfer for consolidation purposes is warranted as it would not cause jury confusion, prevent a fair and impartial trial, give any party an undue advantage, or prejudice the rights of any party. *See* La. C.C.P. art. 1561(B). All defendants in this action consent to this motion. As for any objections the plaintiffs may have, the Louisiana Fifth Circuit has recognized that transfer for consolidation purposes should not be denied based on vague or nonspecific objections; rather, an objection to transfer is valid only when the objecting party demonstrates with "specificity" that it will be unduly prejudiced. *Abadie v. Metro. Life Ins. Co.*, 00-344 (La.App. 5th Cir. 3/28/01, 11), 784 So. 2d 46, 62.

Here, a transfer for consolidation purposes would not only be fair to all parties but would be the most efficient and common-sense approach to managing the related actions. It would allow the same judge to issue rulings on lis pendens in the various cases, which is appropriate

10

because the exceptions of lis pendens in *Addison* and *Brunet* involve virtually the same factual allegations and issues of law. And if and when the stays are lifted, all of the actions would be before a single division, ensuring consistent discovery and case management rulings.

As for the risk of jury confusion and the likelihood of an impartial trial, any such concerns are entirely speculative at this point. Pursuant to the exceptions of lis pendens – which has already been granted as to *Addison*, and should also be granted as to *Anderson* and *Brunet* – these actions will not proceed to trial in this district unless class certification is denied or the plaintiffs chose to opt out of a certified class.

Even if the Court assumes that *Addison* and *Brunet* will eventually proceed to trial in this district, transfer for consolidation purposes is deemed to be unlikely to cause jury confusion or undue prejudice when the cases are "closely connected by the facts and theories of recovery" alleged in the petitions, as is the case here. *See Bridwell v. Louisiana Patients' Comp. Fund*, 2003-0683 (La.App. 4 Cir. 5/7/03, 2), 847 So. 2d 686, 688. Given the common issues alleged in *Brunet* and *Addison*, there is no basis to conclude that transfer would impair the plaintiffs' right to a fair trial. *See also Riggin v. Watson-Aven Ice Cream Co.*, 192 La. 469, 476, 188 So. 144, 146 (1939) (consolidation would not unduly prejudice plaintiffs when the allegations "arise from one and the same accident and are of a similar nature.").

While the above objections would lack any merit, the most obvious objection the *Brunet* plaintiffs might have to transfer is that Judge Grefer would presumably apply the same rationale in ruling on the issue of lis pendens as he did in *Addison*, resulting in a stay of the *Brunet* suit. However, a party's desire for a second (or third) bite at the apple before a different judge is not a valid reason for opposing transfer.[32]

## C. CONCLUSION

For all of these reasons, the Waste Connections Defendants respectfully request that this motion be granted, transferring Civil Action No. 793-088 from Division O to Division J.

---

[32] *See* Rule 9.4(b) of the Uniform Rules for Louisiana District Courts, which orders that cases involving the same parties and same causes of action be tried in the same division in order to "achieve continuity of case management and avoid the appearance of judge or forum shopping."

11

Respectfully submitted,

BRADLEY MURCHISON KELLY & SHEA LLC

By: _____

David R. Taggart
(Louisiana Bar Roll No. 12626)
401 Edwards Street, Suite 1000
Shreveport, Louisiana 71101
Telephone: (318) 227-1131
Facsimile: (318) 227-1141

Michael C. Mims
(Louisiana Bar Roll No. 33991)
John B. Stanton
(Louisiana Bar Roll No. 36036)
1100 Poydras St., Suite 2700
New Orleans, Louisiana 70163
Telephone: (504) 596-6300
Fax: (504) 596-6301

BEVERIDGE & DIAMOND, P.C.
Megan R. Brillault (*pro hac vice to be submitted*)
Michael G. Murphy (*pro hac vice to be submitted*)
John H. Paul (*pro hac vice to be submitted*)
477 Madison Avenue, 15th Floor
New York, NY 10022
(212) 702-5400

James B. Slaughter (*pro hac vice to be submitted*)
1350 I Street, N.W., Suite 700
Washington, DC 20005
(202) 789-6000

Counsel for Defendants Waste Connections US,
Inc., Waste Connections Bayou, Inc., and Louisiana
Regional Landfill Company

12

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that I have served a copy of the above pleading on the following counsel

of record via PDF email this 18th day of April, 2019.

Byron M. Forrest
Nicholas V. Cressey
S. Eliza James
Forrest Cressey & James, LLC
One Canal Place
365 Canal Street, Suite 1475
New Orleans, Louisiana 70130

Barry S. Neuman
Adrian Snead
C. Allen Foster
Erik Bolog
Whiteford Taylor Preston, LLP
1800 M Street, NW
Suite 450N
Washington, DC 20036

OF COUNSEL

13

**24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON**
**STATE OF LOUISIANA**

**NO. 793-088**                                                              **DIVISION: O**

**MICHAEL BRUNET, ET AL**

**VERSUS**

**LOUISIANA REGIONAL LANDFILL COMPANY (LRLC), ET AL**

**FILED: _____**          **_____**
                                                                    **DEPUTY CLERK**

**APTIM CORP.'S DECLINATORY EXCEPTION OF LIS PENDENS**
**OR, ALTERNATIVELY, MOTION TO STAY**

NOW INTO COURT, through undersigned counsel, comes defendant Aptim Corp. (hereinafter sometimes referred to as "Aptim"), to file a declinatory exception of *lis pendens* or, alternatively, motion to stay in response to the Petition for Damages and Injunctive Relief ("Petition") filed by Plaintiffs.

As explained in greater detail in a memorandum being filed contemporaneously with this exception and motion, and which is incorporated as if copied *in extenso* in this exception and motion (including all exhibits), this matter should be stayed at this time. Specifically, the instant suit asserts claims arising from the same transactions or occurrences that form the bases for claims asserted in four earlier-filed class action suits that have been consolidated and are currently pending in the United States Court for the Eastern District of Louisiana ("the class action suits"). Plaintiffs in the instant suit are putative class members in the class actions suits. In addition, the instant suit was filed against the same parties who are named as defendants in the class actions suits. Consequently, this Court should stay the instant matter pending at this time under Louisiana Code of Civil Procedure Article 532.

WHEREFORE, defendant Aptim Corp. respectfully requests that the foregoing exception of *lis pendens* or, alternatively, motion to stay be sustained / granted and that this matter be stayed at this time.

1

Respectfully submitted,

ERNEST P. GIEGER, JR. (6154)
Email:        egieger@glllaw.com
WILLIAM A. BAROUSSE (29748)
Email:        wbarousse@glllaw.com
J. MICHAEL DIGIGLIA (24378)
Email:        mdigiglia@glllaw.com
JONATHAN S. ORD (35274)
Email:        jord@glllaw.com
GIEGER, LABORDE & LAPEROUSE, L.L.C.
One Shell Square
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139
Telephone:    (504) 561-0400
Facsimile:    (504) 561-1011
*Attorneys for Aptim Corp.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon:

Byron Forrest, Esq.
Nicholas Cressey, Esq.
S. Eliza James, Esq.
Forrest Cressey & James, LLC
365 Canal Street, Suite 1475
New Orleans, LA  70130
        -- and –
Barry S. Neuman, Esq.
Erik Bolog, Esq.
C. Allen Foster, Esq.
Adrian Sneed, Esq.
Witeford Taylor Preston, LLP
1800 M Street, NW, Suite 450N
Washington, DC  20036
Attorneys for PLAINTIFFS

David R. Taggart, Esq.
Bradley Murchison Kelly & Shea, LLC
401 Edwards Street, Suite 1000
Shreveport, LA  71101
        -- and –
Michael C. Mims, Esq.
John B. Stanton, Esq.
Bradley Murchison Kelly & Shea, LLC
1100 Poydras Street, Suite 2700
New Orleans, LA  70163
        --and—
Megan R. Brillault, Esq.
Michael G. Murphy, Esq.
John H. Paul, Esq.
Beveridge & Diamond
477 Madison Avenue, 15th Floor
New York, NY  10022
        --and—

2

James B. Slaughter, Esq.
Beveridge & Diamond
1350 I St., N.W., Suite 700
Washington, DC  20005
Attorneys for WASTE CONNECTIONS US, INC.

William P. Connick, Esq.
Michael S. Futrell, Esq.
Matthew D. Moghis, Esq.
Connick and Connick, LLC
3421 N. Causeway Blvd., Suite 408
Metairie, LA  70002
Attorneys for PARISH OF JEFFERSON

via email, facsimile and/or by depositing same in the United States mail, postage prepaid and

properly addressed this 18th day of April, 2019.



3

**24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON**
**STATE OF LOUISIANA**

NO. 793-088                                                    DIVISION: O

**MICHAEL BRUNET, ET AL**

**VERSUS**

**LOUISIANA REGIONAL LANDFILL COMPANY (LRLC), ET AL**

FILED: _____          _____
                                                    DEPUTY CLERK

**MEMORANDUM IN SUPPORT OF APTIM CORP.'S DECLINATORY**
**EXCEPTION OF LIS PENDENS OR, ALTERATIVELY, MOTION TO STAY**

NOW INTO COURT, through undersigned counsel, comes defendant Aptim Corp.

(hereinafter sometimes referred to as "Aptim"), to file a memorandum in support of its exception

of *lis pendens* or, alternatively, motion to stay in response to the Petition for Damages and

Injunctive Relief ("Petition") filed by Plaintiffs in the above captioned matter on March 14,

2019.[1]

I.      **Relevant Procedural background**

This case involves claims of ninety-three residents of Jefferson Parish seeking damages

related to the alleged emission of odors from the Jefferson Parish landfill located at 5800

Highway 90 West in Avondale, LA ("the landfill"). Plaintiffs have sued Jefferson Parish as the

owner of the landfill, Aptim as the alleged co-operator of the gas and leachate systems at the

landfill, and Louisiana Regional Landfill Company f/k/a IESI LA Landfill Corporation as the

manager of the landfill.[2] Before Plaintiffs filed suit, four class action proceedings (hereinafter

sometimes referred to as "the class action suits") were filed in this Court on behalf of all

residents of Jefferson Parish asserting claims arising out the operation of the landfill since

---

[1]      See Petition, a copy of which is filed as Exhibit A, at clerk stamp on page 1.

[2]      Plaintiffs also sued Waste Connections Bayou, Inc., f/k/a Progressive Waste Solutions of
LA, Inc. and Waste Connections US, Inc. as parent corporations of Louisiana Regional Landfill
Company as well several fictitiously named defendants as insurers of the specifically named
defendants.

4

August 1, 2017.[3]   The class action suits were removed the United States District Court for the Eastern District of Louisiana where they are currently pending and have been consolidated by the court.

## II.   Law and Argument

### A.   The requirements of *lis pendens* are met in this case

Louisiana Code of Civil Procedure Article 532, which appears in Chapter 3 of Title II of Book I of the Louisiana Code of Civil Procedure which is entitled "Lis Pendens", states as follows:

> When a suit is brought in a Louisiana court while another is pending in a court of another state or of the United States on the same transaction or occurrence, between the same parties in the same capacities, on motion of the defendant or on its own motion, the court may stay all proceedings in the second suit until the first has been discontinued or final judgment has been rendered. La. Code of Civ. Proc. art. 532 (West 2019.)

As explained by the Louisiana Fifth Circuit Court of Appeals in *Black v. Exxon Mobil Corp.*, 14-524 (La. App. 5 Cir. 11/25/14) 165 So.3d 1013: three requirements must be satisfied for the application of *lis pendens*: "(1) there must be two or more suits pending; (2) the suits must involve the same transaction or occurrence, and (3) the suits must involve the same parties in the same capacities." *Harris v. Louisiana Citizens Prop. Ins. Co.*, 14-120 (La. App. 5 Cir. 10/29/14), 164 So. 3d 216, *writ denied*, 2014-2484 (La. 2/6/15).

### 1.   Two or more suits are pending

The class action suits were all filed in July and August of 2018 and pending at the time of the filing of the Petition in March of 2019. Consequently, the first requirement for the application of *lis pendens* is met in this case.

---

[3]      *Ictech-Bendeck v. Progressive Waste Solutions of LA, Inc. et. al.*, case number 785-955 (24th J.D.C.), case number 2:18-cv-07889 (U.S.D.C., E.D. La.) ("the *Ichtech-Bendeck* suit") filed on July 25, 2018.

*Thompson v. Louisiana Regional Landfill Company, et. al.*, case number 786-137 (24th J.D.C.), case number 2:18-cv-08071 (U.S.D.C., E.D. La.)("the *Thompson* suit") filed on July 30, 2018.

*Bernard v. Progressive Waste Solutions of LA, Inc. et. al.*, case number 786-541 (24th J.D.C.), case number 2:18-cv-8218 (U.S.D.C., E.D. La.) ("the *Bernard* suit") filed on August 10, 2018.

*Landry-Boudreaux v. Progressive Waste Solutions of LA., Inc. et. al.*; case number 787-081 (24th J.D.C.), case number 2:18-cv-09312 (U.S.D.C., E.D. La.) ("the *Landry-Boudreaux* suit") field on August 27, 2018.

5

## 2.   The claims in the instant suit arise out of the same transaction or occurrence that forms the bases of the class actions suits

The claims asserted in the Petition arise out of the landfill allegedly emitting "harmful and toxic odors and chemicals into the surrounding areas, including where each of the Petitioners reside" as a result of the "…ongoing…failure of each of the Defendants to ensure that the design, operation, and maintenance of the Jefferson Parish Landfill…complies with applicable environmental law and adequately protects [Plaintiffs'] human health and environment."[4]

The Amending and Superceding (sic) Master Class Action Complaint for Damages ("the master complaint") filed in the class action suits alleges "… [the landfill] began to emit noxious odors…into areas surrounding [the landfill]…"[5] and that

Defendants['] actions/inactions are the sole proximate cause of Plaintiff's and numerous other similarly situated persons' damages, which bad acts include but are not limited to the following:

a) Failing to maintain and/or operate the Jefferson Parish Landfill in such a manner such that noxious odors would not emanate and create a nuisance for its surrounding neighbors of Jefferson Parish;

b) Failing to maintain and/or operate and/or design the Jefferson Parish Landfill such that noxious odors would not interfere with the enjoyment of its neighbors' properties and be the cause of other legally cognizable damages to its neighbors;

c) Failing to operate the Jefferson Parish Landfill in such a way so as to prevent the emission of noxious odors into the surrounding areas;

d) Failing to maintain, attain, and/or implement measures at the Jefferson Parish Landfill to minimize the existence of gaseous emissions and/or leachate;

e) Failing to timely and/or efficiently correct the emission of noxious odors from the Jefferson Parish Landfill so as to not cause harm to others, and in particular, plaintiffs herein and those similarly situated;

f) Other action/inaction in violation of Louisiana Civil Code Article (La. C.C. art) 667 and Article 669's "rules of the police [LDEQ}'", "customs of the place", and/or in violation of industry standards and/or in violation of the laws, rules, regulations and/or requirements of Louisiana as promulgated by the LDEQ and/or by Jefferson Parish, including but not limited to, those actions and/or inactions as outlined herein as well as others which will be proven at the adjudication of this matte[r]….[6]

The instant suit and the class action suits both arise from alleged failures associated with operation of the landfill, alleged violation of environmental statutes or regulations, and alleged

---

[4]     See Exhibit A at Introduction on page 2.

[5]     See Amending and Superceding (sic) Master Class Action Complaint for Damages, a copy of which is filed as Exhibit B, at page 3 at paragraph 6.

[6]     See Exhibit B at pages 5 and 6 at paragraph 15.

6

odors associated with the operation of the landfill. Consequently, the second requirement for the

application of *lis pendens* is met in this case.

>    3.    **The instant suit and the class actions suits involve the same parties in the same capacities**

>        a.    **The Plaintiffs in the instant suit are the same plaintiffs in the class action suits**

All Plaintiffs in the present suit are alleged to be residents of Jefferson Parish.[7]    The

mater complaint filed in the consolidated class action suits defines the proposed class as follows:

> All persons domiciled in and/or residing in the Parish of Jefferson, State of
> Louisiana who have sustained legally cognizable damages in the form of
> nuisance, trespass, interference with the enjoyment of their properties, and/or
> diminution in the value of their properties as a result of the emission of noxious
> odors from the Jefferson Parish Landfill into and/or onto their persons and/or
> properties (except for Defendants' employees and relevant court personnel).
> A more precise definition of the proposed class, including its geographic
> boundaries, will be set forth in Petitioners/proposed Class Representatives' class
> certification motion and supporting evidence.[8]

The Louisiana Fifth Circuit Court of Appeals addressed the specific issue of whether a plaintiff

who files suit while he or she is a putative class member in a pending class action is the "same

party" in each suit for purposes of a *lis pendens* exception in *Harris*. In *Harris*, a plaintiff filed

suit against his insurer alleging improper claims handling in the wake of Hurricanes Katrina and

Rita. The *Harris* plaintiff's insurer filed an exception of *lis pendens* because plaintiff's claims

against arose from the same transactions or occurrences that formed the bases of several other

earlier-filed class action suits in which plaintiff was a putative class member. The Louisiana

Fifth Circuit Court of Appeals upheld the district court judgment granting the exception of *lis

pendens* and held that the *Harris* suit and the class actions with active class allegations had the

same plaintiff party for purposes of *lis pendens*.  The Louisiana Supreme Court reached the same

conclusion in *Aisola v. Louisiana Citizens Property Ins. Corp.*. 2124-1708 (La. 10/14/15) 180

So.3d 266 at 269 finding that that *lis pendens* applied to claims brought by putative class

members because a judgment in the relevant class action would have had *res judicata* effect on

the class member's claims because "[u]nder the articles governing Louisiana's class action, all

persons possessing claims arising out of transactions or occurrences described in a class action

petition ... are bound by any judgment in the action" citing *Duckworth v. Louisiana Farm Bureau*

---

[7]    See Exhibit A at pages 2 through 7 at paragraph 1.

[8]    See Exhibit B at page 7 at paragraph 17.

7

*Mut. Ins. Co.*, 11–2835 (La.11/2/12), 125 So.3d 1057, 1069. Both *Harris* and *Aisola* indicate that

Plaintiffs statuses as putative class members in the class action suits satisfy the requirement of *lis*

*pendens* that the Plaintiffs are the same parties as the plaintiffs in the class action suits.

**b.      The defendants in the instant suit are the same defendants in the class action suits**

Jefferson Parish, Aptim, and some combination of the manager of the landfill, its

predecessor(s), alter-ego(s), and/or its corporate parent(s) are all named as defendants in the

instant suit and in each of the class action suits.[9] The Louisiana Fifth Circuit Court of Appeals

addressed party identity in the context of *lis pendens* in *Black* and stated "[t]he jurisprudence

does not demand that the parties in the two lawsuits be physically identical. The 'identity of

parties' requirement is met whenever 'the same parties, their successors, or others appear so long

as they share the same 'quality' as parties.'" *Black* at 1016 (internal citations omitted).

In the instant case, Louisiana Regional Landfill Company, f/k/a IESI LA Landfill

Corporation is alleged to have operated the landfill without autonomy, and only pursuant, to the

policies and procedures of Waste Connections Bayou, Inc., f/k/a Progressive Waste Solutions of

LA, Inc., and/or Waste Connections US, Inc.[10] In the class action suits, Waste Connections

Bayou, Inc. f/k/a Progressive Waste Solutions of LA, Inc., Waste Connections US, Inc., and

Louisiana Regional Landfill Company, Inc. f/k/a IESI LA Landfill Corporation are all alleged to

have co-managed or co-operated the landfill.[11] Consequently, Louisiana Regional Landfill

Company, Waste Connections Bayou, Inc., f/k/a Progressive Waste Solutions of LA, Inc., IESI

LA Landfill Corporation, and Waste Connections US, Inc. all have the same quality as parties. In

addition, the fictitiously named insurer defendants all have the same quality as parties of their

---

[9]      See Exhibit A at pages 7 to 9 paragraph II naming Louisiana Regional Landfill Company (LRLC), f/k/a IESI La Landfill Corporation (IESI), Waste Connections Bayou, Inc. f/k/a Progressive Waste Solution of LA, Inc., Waste Connections US, Inc., Aptim Corp. and Parish of Jefferson as defendants.

See also Exhibit B at page 2 at paragraph 2 naming Waste Connections Bayou, Inc. f/k/a Progressive Waste Solution of LA, Inc., Waste Connections US, Inc., Louisiana Regional Landfill Company, f/k/a IESI La Landfill Corporation (IESI), Aptim Corp. and IESI-LA-Landfill Corporation, Parish of Jefferson as defendants.

[10]     See Exhibit A at page 8 at paragraph II, part a.

[11]     See Exhibit B at page 3 at paragraph 7.

8

insureds as explained in *Funai v. Air Center, Inc.*, 499 So.2d 669 (La.App. 3 Cir. 1986).[12]

Consequently, the defendants in the instant suit are the same defendants in the class actions suits

for purposes of *lis pendens*.

> **4.    A judgment in any of the class action suits would be *res judicata* as to Plaintiffs' claims**

The Louisiana Fifth Circuit Court of Appeals alternatively articulated a test to determine

the application of *lis pendens* a month before the *Black* suit in the *Harris* suit by stating that

"[t]he 'test' established to determine if an exception of *lis pendens* should be sustained is the

same as that for *res judicata*; thus, an exception of *lis pendens* should be sustained if 'a final

judgment in the first suit would be res judicata in the subsequently filed suit.'" *Harris* at 219.

Louisiana Revised Statute 13:4231, entitled "Res Judicata" states as follows:

> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
>
> (1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
>
> (2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
>
> (3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment. La. Rev. Stat. 13:4231 (West 2019).

Louisiana Code of Civil Procedure article 597 provides that "[a] definitive judgment on the

merits rendered in a class action concludes all members of the class, whether joined in the action

or not, if the members who were joined as parties fairly insured adequate representation of all

members of the class." La. Code of Civ. Proc. art. 597 (West 2019).

Plaintiffs in the instant case are putative class members in the class action suits.

Consequently, the first judgment in any of the class action suits in which a class is approved

would be *res judicata* as to Plaintiffs' claims in the present case pursuant to Louisiana Revised

---

[12]    In *Funai,* the court noted that "in essence [the identities of an insurer and insured] are virtually merged into one, to the extent of their policies" when both are named as parties in a suit. *Funai,* 499 So.2d at 673-674.

Statute 13:4231 and Louisiana Code of Civil Procedure article 597. Consequently, *lis pendens* is applicable in the instant matter.

**B.      This Court should exercise its discretion and stay this matter**

This Court has discretion whether to stay this matter under Louisiana Code of Civil Procedure article 532. Aptim respectfully suggests that judicial efficiency would be best achieved by staying this matter because the concurrent prosecution of claims related to the operation of the landfill in state and federal court could lead to inconsistent rulings against Aptim or other defendants and duplicative work by judges in state and federal court. In addition, Aptim notes that staying this matter will not affect any substantive rights of Plaintiffs because Plaintiffs' rights are protected as long as they remain putative or actual class members in the class action suits. If and when class certification is denied in the class action suits or Plaintiffs opt out from a certified class in the class action suits, article 532 of the Louisiana Code of Civil Procedure would no longer apply and Plaintiffs would be free to pursue their claims against defendants.

**CONCLUSION**

The same transactions and occurrences that are the bases of the claims brought by Plaintiffs in the instant suit are the bases for claims asserted in the class action suits that were filed before the Petition and in which Plaintiffs are putative class members. The same defendants in this matter are the same defendants in the class action suits. Consequently, the instant suit should be stayed pending further developments in the earlier-filed class action suits.

WHEREFORE, defendant Aptim Corp. respectfully requests that the above captioned matter be stayed pending the disposition of class allegations in the consolidated *Ictech-Bendeck, Thompson, Bernard* suit, and *Landry-Boudreaux* suits and for all other equitable relief appropriate under the circumstances.

10

Respectfully submitted,


ERNEST P. GIEGER, JR. (6154)
Email:        egieger@glllaw.com
WILLIAM A. BAROUSSE (29748)
Email:        wbarousse@glllaw.com
J. MICHAEL DIGIGLIA (24378)
Email:        mdigiglia@glllaw.com
JONATHAN S. ORD (35274)
Email:        jord@glllaw.com
GIEGER, LABORDE & LAPEROUSE, L.L.C.
One Shell Square
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139
Telephone:    (504) 561-0400
Facsimile:    (504) 561-1011
*Attorneys for Aptim Corp.*


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon:

      Byron Forrest, Esq.
      Nicholas Cressey, Esq.
      S. Eliza James, Esq.
      Forrest Cressey & James, LLC
      365 Canal Street, Suite 1475
      New Orleans, LA 70130
         -- and –
      Barry S. Neuman, Esq.
      Erik Bolog, Esq.
      C. Allen Foster, Esq.
      Adrian Sneed, Esq.
      Witeford Taylor Preston, LLP
      1800 M Street, NW, Suite 450N
      Washington, DC 20036
      Attorneys for PLAINTIFFS

      David R. Taggart, Esq.
      Bradley Murchison Kelly & Shea, LLC
      401 Edwards Street, Suite 1000
      Shreveport, LA 71101
         -- and –
      Michael C. Mims, Esq.
      John B. Stanton, Esq.
      Bradley Murchison Kelly & Shea, LLC
      1100 Poydras Street, Suite 2700
      New Orleans, LA 70163
         --and—
      Megan R. Brillault, Esq.
      Michael G. Murphy, Esq.
      John H. Paul, Esq.
      Beveridge & Diamond
      477 Madison Avenue, 15th Floor
      New York, NY 10022
         --and—

11

James B. Slaughter, Esq.
Beveridge & Diamond
1350 I St., N.W., Suite 700
Washington, DC  20005
Attorneys for WASTE CONNECTIONS US, INC.

William P. Connick, Esq.
Michael S. Futrell, Esq.
Matthew D. Moghis, Esq.
Connick and Connick, LLC
3421 N. Causeway Blvd., Suite 408
Metairie, LA  70002
Attorneys for PARISH OF JEFFERSON

via email, facsimile and/or by depositing same in the United States mail, postage prepaid and

properly addressed this 18th day of April, 2019.



12

**24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON**
**STATE OF LOUISIANA**

**NO. 793-088**                                                 **DIVISION: O**

**MICHAEL BRUNET, ET AL**

**VERSUS**

**LOUISIANA REGIONAL LANDFILL COMPANY (LRLC), ET AL**

**FILED: _____**
                                          **_____**
                                          **DEPUTY CLERK**

<u>**RULE TO SHOW CAUSE**</u>

Considering the Declinatory Exception of Lis Pendens or, Alternatively, Motion to Stay

filed by Aptim Corp.,

IT IS ORDERED BY THE COURT that Plaintiffs show cause on the _____ day of

_____,2019 at _____ a.m./p.m. why Aptim Corp.'s Declinatory Exception of Lis

Pendens or, Alternatively, Motion to Stay should not be sustained/ granted.

Gretna, Louisiana, this _____ day of _____ 2019.


                                          _____
                                          DISTRICT JUDGE, TWENTY FOURTH JUDICIAL
                                          DISTIRCT COURT

<u>**PLEASE SERVE:**</u>
Byron M. Forrest
Nicholas V. Cressy
S. Eliza James
One Canal Place
365 Canal Street, Suite 1475
New Orleans, LA 70130
Attorneys for Plaintiffs

13



**JON A. GEGENHEIMER**

# JEFFERSON PARISH CLERK OF COURT

*24th Judicial District Court Civil Records Division – FAX Filing*
P.O. BOX 10 ● GRETNA LA 70054-0010 ● (504) 364-2971



# FACSIMILE FILING RECEIPT OF TRANSMISSION

To: MICHAEL S FUTRELL
FAX # 504-838-9903
Email: MFUTRELL@CONNICKLAW.COM

May 01 , 20 19

From: s/ Sandra M Hoeltke , *Deputy Clerk of Court*
**24th JDC FAX Filing ● (504) 364-2971**

Re: Case #: 793-088   Div.: O
Case Title: MICHAEL BRUNET, Et Al vs LOUISIANA REGIONAL LANDFILL COMPANY, Et Al

Total Number of Pages: 5
Document Type: DECLINATORY EXCEPTION OF LIS PENDENS WITH INCORPORATED MEMORANDUM

Receipt is hereby acknowledged of the above described document, which was filed at 01:22 ☐ A.M. ☒ P.M. on May 01 , 20 19 .

Per La. R.S. 13:850 as amended by Act 109 of the 2016 Regular Legislative Session, filer **shall deliver** the original pleading within 7 days, exclusive of legal holidays, after the clerk of court has received the transmission, with funds in the amounts listed below. The original pleading and/or other documents submitted must be IDENTICAL to that which was faxed.

***NOTE: Per La. R.S. 13:850, these fees are incurred at the time the clerk receives the fax transmission. They are due and payable regardless of further activity in matter.***

☒ Check or money order payable to "Jefferson Parish Clerk of Court": $ $0.00
☐ Check or money order payable to "East Baton Rouge Sheriff": $ _____
☐ Check or money order payable to "Jefferson Parish Sheriff": $ _____
☐ Check or money order payable to "Orleans Parish Civil Sheriff": $ _____
☐ Check or money order payable to "Louisiana Secretary of State": $ _____
☐ Check or money order payable to _____ : $ _____
☐ Check or money order payable to _____ : $ _____
☐ Send the La. Civil Case Reporting form required per La. R.S. 13:4688.
☒ Other: GOVERNMENT

# ***PLEASE ENCLOSE A COPY OF THIS ACKNOWLEDGMENT WHEN ORIGINAL PLEADING IS SUBMITTED.***

Received: May 01 2019 13:22:02 Pages: 5  JobID:401d5004ac5ec11

24th JDC Civil Fax Filed:05/01/2019 13:22:02 Case:793088 Div:0 ID:28775

MAY. 1. 2019  1:31PM    CONNICK AND CONNICK, L.L.C.                    NO. 4696   P. 1

## CONNICK AND CONNICK, L.L.C.
### ATTORNEYS AT LAW

WILLIAM PETER CONNICK
MICHAEL S. FUTRELL
MICHAEL F. NOLAN
--------------------
ELIZABETH O. CLINTON
MICHAEL J. MONISTERE
MATTHEW D. MOGHIS
BRENDAN P. CONNICK
ELIZABETH A. ZAVALA
NOAH R. BORER
DAVID M. WILLIAMS

3421 NORTH CAUSEWAY BOULEVARD
SUITE 408
METAIRIE, LOUISIANA 70002
TELEPHONE (504) 838-8777
FACSIMILE (504) 838-9903
Website: www.connicklaw.com

OF COUNSEL

PAUL D. CONNICK, JR.

Direct Dial: (504) 681-6663
Email: mfutrell@connicklaw.com

May 1, 2019

**Via Fax: 364-3780**
Clerk of Court
24th Judicial District Court
Post Office Box 10
Gretna, LA 70054-0010

      Re:    Michael Brunet, et al
              v. Louisiana Regional Landfill Company, et al
              24th JDC No.: 793-088 "O"

Dear Sir/Madam:

      Please find attached the Declinatory Exception of Lis Pendens which I ask that you fax file in connection with the above captioned matter.

      It is my understanding that no costs are due at this time as we represent the Parish of Jefferson.

      Thanking you in advance for your cooperation, I remain

                     Sincerely yours,

                     CONNICK AND CONNICK, L.L.C.

                     MICHAEL S. FUTRELL

MSF/rmm
cc:    Byron Forrest via fax: 322-3884
       Barry S. Neuman via fax: (202) 327-6151
       Michael C. Mims via fax: 596-6301
       William Barousse via fax: 561-1101

24th JDC Civil Fax Filed:05/01/2019 13:22:02 Case:793088 Div:0 ID:28775

24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

NO.    793-088                                          DIVISION: "O"

MICHAEL BRUNET, ET AL

VERSUS

LOUISIANA REGIONAL LANDFILL COMPANY, ET AL

FILED: _____        _____
                                            DEPUTY CLERK

## DECLINATORY EXCEPTION OF LIS PENDENS
## WITH INCORPORATED MEMORANDUM

NOW INTO COURT, through undersigned counsel, comes Defendant, the Parish of Jefferson, who adopts and incorporates the Exception of Lis Pendens filed in this matter by the Waste Connection Defendants, as if copied *in extenso*. In further support of the Exception of Lis Pendens, the Parish of Jefferson submits the following:

Plaintiffs filed suit in this matter on March 14, 2019. The allegations in this suit are identical to those contained in five other filed suits "*Frederick Addison, et al v. Louisiana Regional Landfill Company, et al*," bearing docket number 790-369 "J"; *Charles Anderson, et al v. Louisiana Regional Landfill Company, et al*," bearing docket number 792-502 "O"; "*Mary Ann Winningkof, et al v. Louisiana Regional Landfill Company, et al*," bearing suit number 793-784 "M"; "*Rickey Calligan, et al v. Louisiana Regional Landfill Company, et al*," bearing suit number 793-908 "L"; and *Regenia Griffin, et al v. Louisiana Regional Landfill Company, et al*," bearing suit number 794-011 "A". Further, proposed class action litigations are currently pending in the Eastern District of Louisiana, (*Ictech-Bendeck v. Progressive Wast Solutions*, No. 2:18-cv-07889; *Thompson v. Louisiana Regional Landfill Company*, No. 2:18-cv-08071; *Bernard v. Progressive Wast Solutions of LA, Inc.*, 2:18-cv-08218; and *Landry-Boudreaux v. Progressive Waste Solutions of LA, Inc.*, 2:18-cv-09312) which also involve almost identical claims.

A Motion to Consolidate all of the pending state lawsuits with *Addison* has been filed and is pending before Judge Steven Grefer.[1] Judge Grefer recently heard and granted similar exceptions of lis pendens in the *Addison* matter.

---

[1] Hearing on the Motion to Consolidate is set for May 9, 2019.

Louisiana Code of Civil Procedure Article 531 provides in pertinent part:

> Art. 531.  Suits pending in Louisiana court or courts
>
> When two or more suits are pending in a Louisiana court or courts on the same transaction or occurrence, between the same parties in the same capacities, the defendant may have all but the first suit dismissed by excepting thereto as provided in Article 925.

Louisiana Code of Civil Procedure Article 532 provides:

> Art. 532.  Motions to stay in suits pending in Louisiana and federal or foreign court
>
> When a suit is brought in Louisiana court while another is pending in a court of another state or of the United States on the same transaction or occurrence, between the same parties in the same capacities, on motion of the defendant or on its own motion, the court may stay all proceedings in the second suit until the first has been discontinued or final judgment has been rendered.

There is no doubt that the instant litigation arises out of the same transaction or occurrence in that all of the lawsuits allege damages caused by odors emanating from the Jefferson Parish Landfill. There is also no doubt that the Defendants in all of the lawsuits are identical. Based upon the proposed class certification of all Jefferson Parish residents affected by the alleged odors emanating from the Jefferson Parish Landfill, the Plaintiffs in this case would certainly fall within the proposed class. As such, the requirements of Louisiana Code of Civil Procedure Articles 531 and 532 are met and this Declinatory Exception of Lis Pendens should be granted with Plaintiffs' case dismissed with prejudice or alternatively stayed until final judgment has been rendered in the suits currently pending in the Eastern District of Louisiana.

**WHEREFORE** the Parish of Jefferson prays that its Exception of Lis Pendens be set for hearing after the Motion to Consolidate is heard by Judge Greffer and that after hearing the Exception be granted with Plaintiffs' claims dismissed with prejudice or alternatively this matter being stayed pending final judgment as to class certification status in the currently pending suits in the Eastern District of Louisiana.

24th JDC Civil Fax Filed:05/01/2019 13:22:02 Case:793088 Div:O ID:28775



Respectfully submitted,

**CONNICK AND CONNICK, L.L.C.**

**WILLIAM P. CONNICK (14158)**
**MICHAEL S. FUTRELL (20819)**
**MATTHEW D. MOGHIS (33994)**
3421 N. Causeway Blvd., Suite 408
Metairie, Louisiana 70002
Telephone: (504) 681-6663
Attorney for Defendant, the Parish of Jefferson

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing pleading has been forwarded to all counsel of record via facsimile and/or by depositing same in the United States Mail, postage prepaid, this _1 ST_ day of May, 2019.

**MICHAEL S. FUTRELL**

24th JDC Civil Fax Filed:05/01/2019 13:22:02 Case:793088 Div:O ID:28775



### 24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

### STATE OF LOUISIANA

NO.  793-088                                          DIVISION: "O"

### MICHAEL BRUNET, ET AL

### VERSUS

### LOUISIANA REGIONAL LANDFILL COMPANY, ET AL

FILED: _____      _____

                                                     **DEPUTY CLERK**

### ORDER

Considering the foregoing Exception of Lis Pendens, it is Ordered that Plaintiffs show cause on the _____ day of_____, 2019 at _____ a.m. why the Exception of Lis Pendens should not be granted.

Gretna, Louisiana, this _____ day of _____, 2019.


                              _____

                                        **J U D G E**


**PLEASE SERVE:**

**Plaintiffs**
*through their counsel*
Byron M. Forrest
Nicholas V. Cressy
S. Eliza James
One Canal Place Suite 1475
365 Canal Street
New Orleans, LA 70130

```
x  x  x   COMMUNICATION RESULT REPORT ( JUN.  4.2019   4:37PM )  x  x  x

                                          FAX HEADER 1:  CONNICK AND CONNICK, L. L. C.
                                          FAX HEADER 2:  S. GUY DELAUP

TRANSMITTED/STORED : JUN.  4. 2019   4:24PM
FILE MODE            OPTION              ADDRESS                      RESULT        PAGE
--------------------------------------------------------------------------------------------
5205 MEMORY TX                           Clerk of Court              OK            9/9
```

--------------------------------------------------------------------------------------------
```
REASON FOR ERROR
E-1) HANG UP OR LINE FAIL                      E-2) BUSY
E-3) NO ANSWER                                 E-4) NO FACSIMILE CONNECTION
```

## CONNICK AND CONNICK, L.L.C.
### ATTORNEYS AT LAW

WILLIAM PETER CONNICK
MICHAEL S. FUTRELL
MICHAEL F. NOLAN
ELIZABETH O. CLINTON
MICHAEL J. MONISTERE
MATTHEW D. MOGHIS
BRENDAN P. CONNICK
ELIZABETH A. ZAVALA
LAURA M. BLOUIN
NOAH R. BORER

3421 NORTH CAUSEWAY BOULEVARD SUITE 408
METAIRIE, LOUISIANA 70002

TELEPHONE: (504) 838-8777
FACSIMILE: (504) 838-9903
WEBSITE: www.connicklaw.com

OF COUNSEL,
PAUL D. CONNICK, JR.

DIRECT DIAL: (504) 681-6658
EMAIL: moghis@connicklaw.com

June 4, 2019

CLERK OF COURT
24TH JUDICIAL DISTRICT COURT
200 Derbigny Street
Gretna, Louisiana 70053
Phone: (504) 364-2900
Fax:   (504) 364-3780

Re:   *Michael Brunet et al. v. Louisiana Regional Landfill Company, et al.*
      Court: 24th JDC, Case No. 793-088, Division "O"
      File No.: 81.192893

Dear Sir/Madam,

    Please find attached Defendants' (1) Unopposed Motion and Incorporated Memorandum in Support to Transfer and (2) Order of Transfer, which I ask that you fax file in connection with the above-captioned matter.  Please advise as to the costs associated with this request so that a check to cover same can be forwarded with the original. Please return a filed copy of same to my office in the self-addressed stamped envelope.

    Thanking you in advance for your cooperation, I remain

                                    Sincerely,
                                    CONNICK AND CONNICK, L.L.C.

                                    MATTHEW D. MOGHIS

MDM/js
Attachments

**CONNICK AND CONNICK, L.L.C.**
**ATTORNEYS AT LAW**

WILLIAM PETER CONNICK
MICHAEL S. FUTRELL
MICHAEL F. NOLAN

ELIZABETH O. CLINTON
MICHAEL J. MONISTERE
MATTHEW D. MOGHIS
BRENDAN P. CONNICK
ELIZABETH A. ZAVALA
LAURA M. BLOUIN
NOAH R. BORER

3421 NORTH CAUSEWAY BOULEVARD SUITE 408
METAIRIE, LOUISIANA 70002

TELEPHONE: (504) 838-8777
FACSIMILE: (504) 838-9903
WEBSITE: www.connicklaw.com

OF COUNSEL,

PAUL D. CONNICK, JR.

DIRECT DIAL: (504) 681-6658
EMAIL: moghis@connicklaw.com

June 4, 2019

CLERK OF COURT
**24TH JUDICIAL DISTRICT COURT**
200 Derbigny Street
Gretna, Louisiana 70053
Phone: (504) 364-2900
Fax:   (504) 364-3780

Re:   *Michael Brunet et al. v. Louisiana Regional Landfill Company, et al.*
Court:  24th JDC, Case No. 793-088, Division "O"
File No.: 81.192893

Dear Sir/Madam,

Please find attached Defendants' (1) Unopposed Motion and Incorporated Memorandum in Support to Transfer and (2) Order of Transfer, which I ask that you fax file in connection with the above-captioned matter.  Please advise as to the costs associated with this request so that a check to cover same can be forwarded with the original. Please return a filed copy of same to my office in the self-addressed stamped envelope.

Thanking you in advance for your cooperation, I remain

Sincerely,

CONNICK AND CONNICK, L.L.C.

MATTHEW D. MOGHIS

MDM/js
Attachments

**24TH JUDICIAL DISTRICT FOR THE PARISH OF JEFFERSON**

**STATE OF LOUISIANA**

**NO. 793-088**                                                              **DIVISION "O"**

**MICHAEL BRUNET, et al.**

**VERSUS**

**LOUISIANA REGIONAL LANDFILL COMPANY, et al.**

**FILED:** _____

                                        **DEPUTY CLERK**

### UNOPPOSED MOTION AND INCORPORATED MEMORANDUM IN SUPPORT TO TRANSFER

**NOW INTO COURT,** through undersigned counsel, come Defendants, The Parish of Jefferson, Waste Connections US, Inc., Waste Connections Bayou, Inc., Louisiana Regional Landfill Company, and Aptim Corp., who respectfully move as follows:

**I.**

On May 9, 2019, a hearing was held before Judge Stephen C. Grefer on a Motion to Consolidate five (5) pending cases (including the instant matter) with _Frederick Addison, et al. v. Louisiana Regional Landfill Company, et al._ ("_Addison_"), Docket No. 790-369, Division "J."[1]

**II.**

After considering the pleadings, memoranda, and argument of counsel, Judge Grefer granted the Motion to Consolidate, ruling that all five (5) cases would be consolidated with _Addison._

**III.**

The Judgment reflecting Judge Grefer's ruling was signed on May 22, 2019.[2]

---

[1] _Frederick Addison, et al. v. Louisiana Regional Landfill Company, et al.,_ Docket No. 790-369, Division "J"; _Michael Brunet, et al. v. Louisiana Regional Landfill Company, et al.,_ Docket No. 793-088, Division "O"; _Mary Ann Winningkof, et al. v. Louisiana Regional Landfill Company, et al.,_ Docket No. 793-784, Division "M"; _Rickey Calligan, et al. v. Louisiana Regional Landfill Company, et al.,_ Docket No. 793-908, Division "L"; and _Regenia Griffin, et al. v. Louisiana Regional Landfill Company, et al.,_ Docket No. 794-011, Division "A."

[2] Judgment, executed on May 22, 2019, attached hereto and marked as "Exhibit A."

**1 of 4**

**IV.**

As indicated by the Judgment, Judge Grefer ordered the filing of this Motion to Transfer, in order to transfer and re-allot this matter to Division "J" so that it is consolidated with *Addison*.

**V.**

Counsel for Plaintiffs consent to this Motion to Transfer.[3]

**WHEREFORE**, Defendants, The Parish of Jefferson, Waste Connections US, Inc., Waste Connections Bayou, Inc., Louisiana Regional Landfill Company, and Aptim Corp., pray that this Motion to Transfer be granted, and that this matter be transferred to Division "J" of the 24th Judicial District Court and consolidated with *Frederick Addison, et al. v. Louisiana Regional Landfill Company, et al.*, Docket No. 790-369, Division "J."

Respectfully submitted,

GEIGER, LABORDE & LAPEROUSE, LLC

/s/ William A. Barousse
ERNEST P. GEIGER, JR., LA. BAR NO. 6154
WILLIAM A. BAROUSSE, LA BAR. NO. 29748
J. MICHAEL DIGIGLIA, LA BAR. NO. 24378
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139
Telephone:    (504) 561-0400
Facsimile:    (504) 561-1011
E-mail:    wbarousse@glllaw.com

*Counsel for Defendant, Aptim Corp.*

CONNICK AND CONNICK, LLC

WILLIAM P. CONNICK, LA. BAR NO. 14158
MICHAEL S. FUTRELL, LA. BAR. NO. 20819
MATTHEW D. MOGHIS, LA BAR. NO. 33994
3421 N. Causeway Blvd., Suite 408
Metairie, Louisiana 70002
Telephone:    (504) 681-6658
Facsimile:    (504) 838-9903
E-mail:    moghis@connicklaw.com

*Counsel for Defendant, Jefferson Parish*

(Continued on next page)

---

[3] Email from Barry S. Neuman, dated May 16, 2019 at 11:06 AM, attached hereto and marked as "Exhibit B."

**2 of 4**

**BRADLEY MURCHISON KELLY & SHEA, LLC**

  /s/ David R. Taggart
DAVID R. TAGGART, LA. BAR NO. 12626
401 Edwards Street, Suite 1000
Shreveport, Louisiana 71101
Telephone:   (318) 227-1131
Facsimile:    (318) 227-1141
Email:        dtaggart@bradleyfirm.com

*Counsel for Defendant,*
*Waste Connections US, Inc.*

  /s/ Michael C. Mims
MICHAEL C. MIMS, LA. BAR NO. 33991
1100 Poydras Street Suite 2700
New Orleans, Louisiana 70163
Telephone:   (504) 596-6300
Facsimile:    (504) 596-6301
Email:        mmims@bradleyfirm.com

*Counsel for Defendant,*
*Waste Connections US, Inc.*


**BEVERIDGE & DIAMOND, P.C.**

  /s/ Megan R. Brillault
MEGAN R. BRILLAULT (*PRO HAC VICE*)
MICHAEL G. MURPHY (*PRO HAC VICE*)
JOHN H. PAUL (*PRO HAC VICE*)
477 Madison Avenue, 15th Floor
New York, New York 10022
Telephone:   (212) 702-5400
Email:        mbrillault@bdlaw.com

*Counsel for Defendant,*
*Waste Connections US, Inc.*

  /s/ James B. Slaughter
JAMES B. SLAUGHTER (*PRO HAC VICE*)
1350 I Street, Northwest, Suite 700
Washington, DC 20005
Telephone:   (202) 789-6000
Email:        jslaughter@bdlaw.com

*Counsel for Defendant,*
*Waste Connections US, Inc.*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has this date been served on all known counsel of record in this proceeding by:

( )   Hand Delivery                ( )   Prepaid U.S. Mail
(X)   Email                        ( )   Facsimile

Metairie, Louisiana this 4th day of June, 2019.

_____
MATTHEW D. MOGHIS

**3** of **4**

**24TH JUDICIAL DISTRICT FOR THE PARISH OF JEFFERSON**

**STATE OF LOUISIANA**

**NO. 793-088**                                                    **DIVISION "O"**

**MICHAEL BRUNET, et al.**

**VERSUS**

**LOUISIANA REGIONAL LANDFILL COMPANY, et al.**

FILED: _____          _____
                                         **DEPUTY CLERK**

**ORDER OF TRANSFER**

　　**IT IS ORDERED BY THE COURT** that the above numbered and entitled matter

be transferred to the docket of the Honorable Judge Stephen Grefer, Division "J" of the

24th Judicial District Court, in and for the Parish of Jefferson, State of Louisiana, for all

further proceedings and final disposition.

　　Gretna, Louisiana, this _____ day of _____, 2019.

_____
**JUDGE DANYELLE M. TAYLOR**

**APPROVED AND ACCEPTED:**

Gretna, Louisiana, this _____ day of _____, 2019.

_____
**JUDGE STEPHEN GREFER**

**4 of 4**

Filed by: **Fax**

Date: May 17, 2019

Time: 11:46 AM

Deputy Clerk: _____

(SEE ATTACHED LOG)

FILED FOR RECORD 05/22/2019 11:17:09
Jessica F. Matherne, DY CLERK
JEFFERSON PARISH, LA

**24TH JUDICIAL DISTRICT FOR THE PARISH OF JEFFERSON**

**STATE OF LOUISIANA**

NO. 790-369                                               DIVISION "J"

**FREDERICK ADDISON, et. al.**

**VERSUS**

**LOUISIANA REGIONAL LANDFILL COMPANY, et. al.**

FILED: _____        _____

                                        **DEPUTY CLERK**

**JUDGMENT ON DEFENDANT JEFFERSON PARISH'S MOTION TO TEMPORARILY
LIFT STAY AND MOTION TO CONSOLIDATE AND ON PLAINTIFFS FREDERICK
ADDISON ET. AL.'S MOTION TO PERMENANTLY LIFT STAY**

**ON MAY 9, 2019,** hearing was held on Jefferson Parish's Motion to Temporarily

Lift Stay and Motion to Consolidate, which was adopted by Waste Connections US, Inc

and Plaintiffs Frederick Addison *et. al.*'s Motion to Permanently Lift Stay. Present at the

hearing were:

MATTHEW D. MOGHIS, *counsel for Jefferson Parish*;

DAVID TAGGART, MICHAEL MIMS and MEGAN R. BRILLAULT, *counsel for Waste
Connections US, Inc.*; and

BARRY S. NEUMAN, C. ALLEN FOSTER, S. ELIZA JAMES, Byron Forrest, and Nicholas
Cressy *counsel for Plaintiffs.*

**CONSIDERING** the law, evidence, and argument of counsel, for the reasons orally

assigned:

**IT IS ORDERED, ADJUDGED, AND DECREED** that Jefferson Parish's Motion to

Temporarily Lift Stay and Motion to Consolidate be and is hereby GRANTED,

consolidating and transferring the following matters to this Division with the above-titled

matter:

1. *Charles Anderson, et al. v. Louisiana Regional Landfill Company, et al.*
   Docket No. 792-502
   Division "O"

2. *Michael Brunet, et al. v. Louisiana Regional Landfill Company, et al.*
   Docket No. 793-088
   Division "O"

**1 of 2**



EXHIBIT

A

1679

3.  *Mary Ann Winningkof, et al. v. Louisiana Regional Landfill Company, et al.*
    Docket No. 793-784
    Division "M"

4.  *Rickey Calligan, et al. v. Louisiana Regional Landfill Company, et al.*
    Docket No. 793-908
    Division "L"

5.  *Regenia Griffin, et al. v. Louisiana Regional Landfill Company, et al.*
    Docket No. 794-011
    Division "A"

(collectively, the "Related Actions")

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, upon execution of this Judgment, Jefferson Parish will submit Motions to Transfer, attaching this Judgment, in the respective Divisions where each of the above-listed cases is currently pending.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the parties shall have until and including May 16, 2019 to submit post-hearing memoranda with respect to Plaintiffs' Motion to Permanently Lift Stay, after submission of which the Court will issue a ruling on Plaintiffs' Motion.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that all Defendants shall have an extension of time to file responsive pleadings in the Related Actions pending further instructions by this Court.

Gretna, Louisiana, this 22ⁿᵈ day of _May_____, 2019.

_____
JUDGE STEPHEN C. GREFER

DT owes GOVT

**Matthew Moghis**

| | |
|---|---|
| **From:** | Neuman, Barry S. <BNeuman@wtplaw.com> |
| **Sent:** | Thursday, May 16, 2019 11:06 AM |
| **To:** | Matthew Moghis |
| **Subject:** | RE: Joint/Unopposed Motion to Transfer (Addison; Anderson; etc.) |

We consent.

*Barry S. Neuman*
Whiteford, Taylor & Preston LLP
1800 M Street NW
Suite 450N
Washington, DC 20036
Tele: 202.659.6761
Fax:  202.327.6151

**From:** Matthew Moghis <moghis@connicklaw.com>
**Sent:** Thursday, May 16, 2019 10:42 AM
**To:** Neuman, Barry S. <BNeuman@wtplaw.com>
**Cc:** Eliza James <eliza@fcjlaw.com>; Byron Forrest <byron@fcjlaw.com>; Nicholas Cressy <nicholas@fcjlaw.com>
**Subject:** [EXTERNAL] RE: Joint/Unopposed Motion to Transfer (Addison; Anderson; etc.)

This is a different matter.

I am referring to the Motions to Transfer in the other cases, not the Order in Addison.

**From:** Neuman, Barry S. <BNeuman@wtplaw.com>
**Sent:** Thursday, May 16, 2019 9:38 AM
**To:** Matthew Moghis <moghis@connicklaw.com>
**Cc:** Eliza James <eliza@fcjlaw.com>; Byron Forrest <byron@fcjlaw.com>; Nicholas Cressy <nicholas@fcjlaw.com>
**Subject:** Re: Joint/Unopposed Motion to Transfer (Addison; Anderson; etc.)

We will have comments on your draft order today

Sent from my iPhone

On May 16, 2019, at 10:00 AM, Matthew Moghis <moghis@connicklaw.com> wrote:

> Barry,
>
> I left a voicemail earlier this morning, but to follow up:
>
> We are preparing the Motions to Transfer to transfer the subsequent cases to Judge Grefer's division in accordance with his orders. We would like to file them as either joint or unopposed motions. Do we have your consent to do so?
>
> Feel free to call me if you would like to discuss in greater detail.
>
> Thank you,

1



EXHIBIT
B

MATTHEW D. MOGHIS
CONNICK AND CONNICK, L.L.C.
3421 N. Causeway Blvd., Suite 408
Metairie, Louisiana 70002
Telephone:   (504) 681-6658
Facsimile:   (504) 838-9903
E-mail:   *moghis@connicklaw.com*
Website:   www.connicklaw.com [connicklaw.com]

This e-mail transmission and any attachments it may contain is confidential information belonging to the sender which is protected by the attorney-client privilege. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this information is strictly prohibited.  If you have received this e-mail in error, please immediately notify us by telephone.

This transmission contains information from the law firm of Whiteford, Taylor & Preston LLP which may be confidential and/or privileged. The information is intended to be for the exclusive use of the planned recipient. If you are not the intended recipient, be advised that any disclosure, copying, distribution or other use of this information is strictly prohibited. If you have received this transmission in error, please notify the sender immediately.

2

(101) CITATION: PETITION FOR DAMAGES AND INJUNCTIVE RELIEF; 190412-5338-6

## 24TH JUDICIAL DISTRICT COURT
## PARISH OF JEFFERSON
## STATE OF LOUISIANA

RICKEY CALLIGAN, ABENI ALEXANDER, AUBREE ALEXANDER, BREJEANNE ANDERSON, CHANDRA AUGUST, MABLE IRENE BRADLEY, KIEOKA BARCONEY, MARAHJ BARCONEY, JORDAN TAYLOR, VICTORIA BARNES, SHAKITA BATES, LEE BATES, KYRON BATES, LEON BRADLEY SR, KIZZIE CAGE, DARRELL ROBINSON, DONTRELL EDGERSON, DESTINI TRICE, DANEY CAGE, RICKEY CALLIGAN, JESSICA CAMPBELL, JOURNIE CAMPBELL, MISTY CAPO, VINCENT CAPO IV, KAITLIN CAPO, MARK CHAMPAGNE, JEANELLE CROCKETT, JEANIE CROCKETT, BRITTANY CROCKETT, TIMOTHY DAIGLE, DESIRAE DAIGLE, DERRICK DANDRIDGE, CORNEAL DAWSON, CORNELL DELANEY JR, DUSTIN DELAUNE, ALYSIA DIMAGGIO, ALEXANDER MEDINA JR, CHERYL DUFRENE, MARYBETH EATON, THOMAS EATON, DONALD EDGERSON, DANIELLE FERRELL, EVAN FRAZIER, GEORGE GAMBINO, KIMBERLY GAMBINO, RHONDA GLANTON, LERONIESHA HARTFORD, SAIGE HARTFORD, CHASE HARTFORD, CHARM HARTFORD, LISA HAWKINS, DONALD HENRY, ISIAH HILL, SHEILA THOMPSON JAMES, SHEILA THOMPSON, JHI JASMIN, ANDRE JOLIVETT, ZANAI COLLINS, AISHA JONES, JOVONTA JONES, ERIC JONES, LEO JONES, HELENA JEFFERSON, CHAYLA LESTRICK, BRITTANY LIGHTELL, BRUCE LIGHTELL, ELIZABETH LOWE, LAUREN LOWE, CHARLOTTE LOWE, KATHI MAGRI, AUGUSTA MARTIN, DEBRA MARTIN, NICOLE MCINNIS, EMMERSON MCINNIS, JAKE MCINNIS, RAY PENDELTON, JALISA PINKLEY, MIALA PINKLEY, WILEY PINKLEY, RESHAUN RICHARDSON, KIM RILEY, CHARLES ROBERTSON, REBECCA ROTH, JAVON SINGLETON, J C SINGLETON, MOZELLA SINGLETON, ROSALYN SINGLETON, JOSHUA JOHNSON, AMIAYA JASON, DWIGHT SOLOMON, VELLIS TILLMAN, ALICIA TOLEDANO, JAHREMY TROTTER, DEMETRICE VALL, CARLETTA WALKER, FRANCINE WALKER, REBECCA WELLS, ADDYSON WELLS, JOSEPH WELLS
 versus
LOUISIANA REGIONAL LANDFILL COMPANY, IESI LA LANDFILL CORPORATION, WASTE CONNECTIONS BAYOU INC, PROGRESSIVE WASTE SOLUTIONS OF LA INC, WASTE CONNECTIONS US INC, APTIM CORP, PARISH OF JEFFERSON, ABC CORPORATION, DEF CORPORATION, GHI CORPORATION, JKL CORPORATION, MNO CORPORATION

Case: 793-908     Div: "L"
P 1 RICKEY CALLIGAN

To: LOUISIANA REGIONAL LANDFILL COMPANY
THROUGH CORPORATION SERVICE COMPANY
501 LOUISIANA AVENUE
BATON ROUGE LA 70802

EBR CK# 1318 - $106.08

PARISH OF JEFFERSON

You are hereby summoned to comply with the demand contained in the PETITION FOR DAMAGES AND INJUNCTIVE RELIEF of which a true and correct copy accompanies this citation, or make an appearance either by filing a pleading or otherwise, in the 24th Judicial District Court in and for the Parish of Jefferson, State of Louisiana, within FIFTEEN (15) CALENDAR days after the service hereof, under penalty of default.

Thomas F. Donelon Courthouse : 200 Derbigny St. : Gretna LA 70053

Page 1 of 2

1683

This service was requested by attorney S ELIZA JAMES and was issued by the Clerk of Court on the 12th day of April, 2019.

/s/ Lanie B. Bryant
Lanie B. Bryant, Deputy Clerk of Court for
Jon A. Gegenheimer, Clerk of Court

_____SERVICE INFORMATION_____

(101)  CITATION: PETITION FOR DAMAGES AND INJUNCTIVE RELIEF;      190412-5338-6

Received:_____   Served:_____   Returned:_____

Service was made:
      ___ Personal              ___ Domiciliary _____

Unable to serve:
      ___ Not at this address   ___ Numerous attempts _____ times
      ___ Vacant                ___ Received too late to serve
      ___ Moved                 ___ No longer works at this address
      ___ No such address       ___ Need apartment / building number
      ___ Other _____

Service: $_____   Mileage: $_____   Total: $_____

Completed by:_____ # _____
                        Deputy Sheriff
Parish of: _____

Thomas F. Donelon Courthouse : 200 Derbigny St. : Gretna LA 70053

FILED FOR RECORD 04/05/2019 12:01:59
Michelle S. Bruner, DY CLERK
JEFFERSON PARISH, LA

## 24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

### STATE OF LOUISIANA

NO.: 793.908                                    DIVISION: L

**RICKEY CALLIGAN; ABENI ALEXANDER,** in her individual capacity and as parent of her minor child, **AUBREE ALEXANDER; BREJEANNE ANDERSON; CHANDRA AUGUST; MABLE IRENE BRADLEY; KIEOKA BARCONEY,** in her individual capacity and as parent of her minor children, **MARAHJ BARCONEY** and **JORDAN TAYLOR; VICTORIA BARNES; SHAKITA BATES,** in her individual capacity and on behalf of her minor children: **LEE BATES** and **KYRON BATES; LEON BRADLEY, SR.; KIZZIE CAGE,** in her individual capacity and on behalf of her minor children, **DARRELL ROBINSON, DONTRELL EDGERSON, DESTINI TRICE** and **DANEY CAGE; RICKEY CALLIGAN; JESSICA CAMPBELL,** in her individual capacity and on behalf of her minor child, **JOURNIE CAMPBELL; MISTY CAPO,** in her individual capacity and as parent of her minor children, **VINCENT CAPO IV** and **KAITLIN CAPO; MARK CHAMPAGNE; JEANELLE CROCKETT; JEANIE CROCKETT,** in her individual capacity and as parent of her minor child **BRITTANY CROCKETT; TIMOTHY DAIGLE,** in his individual capacity and as parent of his minor child **DESIRAE DAIGLE; DERRICK DANDRIDGE; CORNEAL DAWSON; CORNELL DELANEY, JR.; DUSTIN DELAUNE; ALYSIA DIMAGGIO,** in her individual capacity and as parent of her minor child, **ALEXANDER MEDINA, JR.; CHERYL DUFRENE; MARYBETH EATON; THOMAS EATON; DONALD EDGERSON; DANIELLE FERRELL; EVAN FRAZIER; GEORGE GAMBINO; KIMBERLY GAMBINO; RHONDA GLANTON; LERONIESHA HARTFORD,** in her individual capacity and as parent of her minor children, **SAIGE HARTFORD, CHASE HARTFORD, and CHARM HARTFORD; LISA HAWKINS; DONALD HENRY; ISIAH HILL; SHEILA THOMPSON JAMES; JHI JASMIN; ANDRE JOLIVETT,** in his individual capacity and as parent of his minor child, **ZANAI COLLINS; AISHA JONES,** in her individual capacity and as parent of her minor child **JO'VONTA JONES; ERIC JONES; LEO JONES; HELENA JEFFERSON; CHAYLA LESTRICK; BRITTANY LIGHTELL; BRUCE LIGHTELL; ELIZABETH LOWE; LAUREN LOWE,** in her individual capacity and as parent of her minor child, **CHARLOTTE LOWE; KATHI MAGRI; AUGUSTA MARTIN; DEBRA MARTIN; NICOLE MCINNIS,** in her individual capacity and as parent of her minor children, **EMMERSON MCINNIS** and **JAKE MCINNIS; RAY PENDELTON; JALISA PINKLEY,** in her individual capacity and as parent of her minor child, **MIALA PINKLEY; WILEY PINKLEY; RESHAUN RICHARDSON; KIM RILEY; CHARLES ROBERTSON; REBECCA ROTH; JAVON SINGLETON; J.C. SINGLETON; MOZELLA SINGLETON; ROSALYN SINGLETON,** in her individual capacity and on behalf of her minor children, **JOSHUA JOHNSON** and **AMIAYA JASON; DWIGHT SOLOMON; VELLIS TILLMAN; ALICIA TOLEDANO; JAHREMY TROTTER; DEMETRICE VALL; CARLETTA WALKER; FRANCINE WALKER;** and **REBECCA WELLS,** in her individual capacity and as parent of her minor children, **ADDYSON WELLS** and **JOSEPH WELLS.**

### VERSUS

**LOUISIANA REGIONAL LANDFILL COMPANY (LRLC), f/k/a IESI LA LANDFILL CORPORATION; WASTE CONNECTIONS BAYOU, INC., f/k/a/ PROGRESSIVE WASTE SOLUTIONS OF LA, INC; WASTE CONNECTIONS US, INC; APTIM CORP; PARISH OF JEFFERSON; ABC CORP; DEF CORP; GHI CORP; JKL CORP;** and **MNO CORP.**

FILED:_____          _____
                                                    **DEPUTY CLERK**

_____

### PETITION FOR DAMAGES AND INJUNCTIVE RELIEF

1

This action arises from the continuing, significant and unabated harm suffered by each of the named Petitioners as a result of the ongoing – and admitted – failure of each of the Defendants to ensure that the design, operation and maintenance of the Jefferson Parish Landfill (the "J.P. Landfill") complies with applicable environmental laws and adequately protects Petitioners' human health and environment. At all relevant times, the J.P. Landfill and has persistently emitted harmful and toxic odors and chemicals into the surrounding areas, including where each of the Petitioners resides.

These unlawful, harmful and toxic releases have caused Petitioners substantial loss of the use and enjoyment of their homes and immovable property, and have caused physical harms including, among other things: difficulties breathing, coughing, nausea, burning eyes, ears, noses and throats, dizziness loss of appetite and lethargy, as well as fear, anguish, discomfort and inconvenience. These emissions also have caused diminution in the value of Petitioners' homes.

Accordingly, Petitioners seek redress from the Defendants for the direct and consequential injury and damage they have suffered and will continue to suffer as a direct result of the releases of noxious odors and chemicals from the J.P. Landfill.

Petitioners are:

**RICKEY CALLIGAN,** an individual of full age of majority residing at 8701 Steamboat Lane, River Ridge, LA 70123.

**ABENI ALEXANDER,** an individual of full age of majority residing at 352 Plantation Dr., Kenner, LA 70062 and owner of a leasehold interest in said premises, in her individual capacity and as parent of her minor child, **AUBREE ALEXANDER.**

**BREJEANNE ANDERSON,** an individual of full age of majority residing at 1332 South Dilton Street Metairie, LA 70003.

**CHANDRA AUGUST,** an individual of full age of majority residing at 261 Capitol Dr., Avondale, LA 70084 and owner of said immovable property.

**MABLE IRENE BRADLEY,** an individual of full age of majority residing at 612 S. Upland Ave., River Ridge LA 70123 and owner of a leasehold interest in said premises.

**KIEOKA BARCONEY,** an individual of full age of majority residing at 400 Federal Dr., Avondale, LA 70094, in her individual capacity and as parent of her minor children, **MARAHJ BARCONEY** and **JORDAN TAYLOR.**

**VICTORIA BARNES,** an individual of full age of majority residing at 10950 Jefferson Hwy., Apt. B14, River Ridge, LA 70123 and owner of a leasehold interest in said premises.

**SHAKITA BATES,** an individual of full age of majority residing at 10950 Jefferson Hwy., Apt J4, River Ridge, LA 70123, and owner of a leasehold interest in said premises, in her individual capacity and on behalf of her minor children: **LEE BATES** and **KYRON BATES.**

**LEON BRADLEY, SR.,** an individual of full age of majority residing at 612 S. Upland Ave., River Ridge, LA 70123 and owner of a leasehold interest in said premises.

**KIZZIE CAGE,** an individual of full age of majority residing at 863 3rd St., Kenner, LA 70062, in her individual capacity and on behalf of her minor children, **DARRELL ROBINSON, DONTRELL EDGERSON, DESTINI TRICE** and **DANEY CAGE.**

**JESSICA CAMPBELL,** an individual of full age of majority residing at 861 Reverend Richard Wilson Dr., Kenner, LA 70062, in her individual capacity and on behalf of her minor child, **JOURNIE CAMPBELL.**

**MISTY CAPO,** an individual residing at 116 Gardenia Lane, Westwego, LA 70094 and owner of a leasehold interest in said premises, in her individual capacity and as parent of her minor children, **VINCENT CAPO IV** and **KAITLIN CAPO.**

**MARK CHAMPAGNE,** an individual residing at 120 Daffodil Lane, Waggaman, LA and owner of said immovable property.

**JEANELLE CROCKETT,** an individual of full age of majority residing at 7916 Warsaw St., Metairie, LA 70003.

**JEANIE CROCKETT,** an individual of full age of majority residing at 7916 Warsaw St., Metairie, LA 70003, in her individual capacity and as parent of her minor child **BRITTANY CROCKETT.**

**TIMOTHY DAIGLE,** an individual of full age of majority residing at 100 4 O'Clock Lane, Westwego, LA 70094, in his individual capacity and as parent of his minor child **DESIRAE DAIGLE.**

**DERRICK DANDRIDGE,** an individual of full age of majority residing at 346 Azalea Dr., Westwego, LA 70094.

**CORNEAL DAWSON,** an individual of full age of majority residing at 518 Wilker Neal Ave., River Ridge, LA 70123.

**CORNELL DELANEY, JR.,** an individual of full age of majority residing at 21 Dolores Dr., Waggaman, LA 70094.

**DUSTIN DELAUNE,** an individual of full age of majority residing at 109 Roux Lane, Westwego, LA 70094.

**ALYSIA DIMAGGIO,** an individual of full age of majority residing at 49 Judith St., Waggaman, LA 70094, in her individual capacity and as parent of her minor child, **ALEXANDER MEDINA, JR.**

**CHERYL DUFRENE,** an individual of full age of majority residing at 8933 Camille Ct., River Ridge, LA 70123 and owner of said immovable property.

**MARYBETH EATON,** an individual of full age of majority residing at 625 Hester Ave., River Ridge, LA 70123 and owner of said immovable property.

**THOMAS EATON,** an individual of full age of majority residing at 625 Hester Ave., River Ridge, LA 70123 and owner of said immovable property.

**DONALD EDGERSON,** an individual of full age of majority residing at 11104 Newton St., Apt A, River Ridge, LA 70123.

**DANIELLE FERRELL,** an individual of full age of majority residing at 11100 Newton St., Apt B, River Ridge, LA 70123 and owner of a leasehold interest in said premises.

**EVAN FRAZIER,** an individual of full age of majority residing at 23 Sharen Place, Westwego, LA 70094.

**GEORGE GAMBINO,** an individual of full age of majority residing at 29 Chalstrom Dr., River Ridge, LA 70123 and owner of said immovable property.

**KIMBERLY GAMBINO,** an individual of full age of majority residing at 29 Chalstrom Dr., River Ridge, LA 70123.

**RHONDA GLANTON,** an individual of full age of majority residing at 636 Azalea Dr., Westwego, LA 70094 and owner of a leasehold interest in said premises.

4

**LERONIESHA HARTFORD,** an individual of full age of majority residing at 204 Wilker Neal Ave., Apt A, River Ridge, LA 70123, in her individual capacity and as parent of her minor children, **SAIGE HARTFORD, CHASE HARTFORD,** and **CHARM HARTFORD.**

**LISA HAWKINS,** an individual of full age of majority residing at 33 Clifford Ct., Waggaman, LA 70094 and owner of a leasehold interest in said premises.

**DONALD HENRY,** an individual of full age of majority residing at 140 Rosalie Dr., Apt. C, Avondale, LA 70094 and owner of a leasehold interest in said premises.

**ISIAH HILL,** an individual of full age of majority residing at 611 South Bengal Rd., River Ridge, LA 70123 and owner of said immovable property.

**SHEILA THOMPSON JAMES,** an individual of full age of majority residing at 412 Wilker Neal Ave., River Ridge, LA 70123 and owner of said immovable property.

**JHI JASMIN,** an individual of full age of majority residing at 617 Wilker Neal Ave., River Ridge, LA 70123.

**ANDRE JOLIVETT,** an individual of full age of majority residing at 218 Marion Court River Ridge, LA 70123, and owner of a leasehold interest in said premises, in his individual capacity and as parent of his minor child, **ZANAI COLLINS.**

**AISHA JONES,** an individual of full age of majority residing at 33 Clifford Ct., Waggaman, LA 70094 and owner of a leasehold interest in said premises, in her individual capacity and as parent of her minor child **JO'VONTA JONES.**

**ERIC JONES,** an individual of full age of majority residing at 33 Clifford Court, Waggaman, LA 70094.

**LEO JONES** an individual of full age of majority residing at 321 S. Upland St., River Ridge, LA 70123 and owner of said immovable property.

**HELENA JEFFERSON,** an individual of full age of majority residing at 624 Wilker Neal Ave., Apt. B, River Ridge, LA 70123.

**CHAYLA LESTRICK,** an individual of full age of majority residing at 2 Jasmine Lane, Waggaman, LA 70094.

**BRITTANY LIGHTELL,** an individual of full age of majority residing at 51 Winifred St., Waggaman, LA 70094.

5

**BRUCE LIGHTELL,** an individual of full age of majority residing at 51 Winifred St., Waggaman, LA 70094 and owner of said immovable property.

**ELIZABETH LOWE,** an individual of full age of majority residing at 604 Hester Ave., River Ridge, LA 70123, and owner of said immovable property.

**LAUREN LOWE,** an individual of full age of majority residing at 10120 Saint Paul Ave., River Ridge, LA 70123 and owner of said immovable property, in her individual capacity and as parent of her minor child, **CHARLOTTE LOWE.**

**KATHI MAGRI,** an individual of full age of majority residing at 10004 Hyde Pl., River Ridge, LA 70123 and owner of said immovable property.

**AUGUSTA MARTIN,** an individual of full age of majority residing at 514 Folse St., River Ridge, LA 70123.

**DEBRA MARTIN,** an individual of full age of majority residing at 514 Folse St., River Ridge, LA 70123 and owner of a leasehold interest of said premises.

**NICOLE MCINNIS,** an individual of full age of majority residing at 710 Randolph Av., Harahan, LA 70123 and owner of said immovable property, in her individual capacity and as parent of her minor children, **EMMERSON MCINNIS and JAKE MCINNIS.**

**RAY PENDELTON,** an individual of full age of majority residing at 824 Wilker Neal Ave., Metairie, LA 70003 and owner of a leasehold interest in said premises.

**JALISA PINKLEY,** an individual of full age of majority residing at 511 Wilker Neal Ave., River Ridge, LA 70123, in her individual capacity and as parent of her minor child, **MIALA PINKLEY.**

**WILEY PINKLEY,** an individual of full age of majority residing at 511 Wilker Neal Ave., River Ridge, LA 70123, and owner of said immovable property.

**RESHAUN RICHARDSON,** an individual of full age of majority residing at 624 Wilker Neal Ave., Apt.B, River Ridge, LA 70123 and owner of a leasehold interest in said premises.

**KIM RILEY,** an individual of full age of majority residing at 208 Jeffer Dr., Waggaman, LA 70094 and owner of said immovable property.

**CHARLES ROBERTSON,** an individual of full age of majority residing at 11104 Newton, Apt. B, River Ridge, LA 70123 and owner of a leasehold interest in said premises.

**REBECCA ROTH,** an individual of full age of majority residing at 100 4 O'Clock Lane, Westwego, LA 70094 and owner of said immovable property.

**JAVON SINGLETON,** an individual of full age of majority residing at 609 Dandelion Dr., Waggaman, LA 70094.

**J.C. SINGLETON,** an individual of full age of majority residing at 609 Dandelion Dr., Waggaman, LA 70094 and owner of said immovable property.

**MOZELLA SINGLETON,** an individual of full age of majority residing at 609 Dandelion Dr., Waggaman, LA 70094.

**ROSALYN SINGLETON,** an individual of full age of majority residing at 609 Dandelion Dr., Waggaman, LA 70094 and owner of said immovable property, in her individual capacity and on behalf of her minor children, **JOSHUA JOHNSON** and **AMIAYA JASON**.

**DWIGHT SOLOMON,** an individual of full age of majority residing at 120 Rosalie Dr., Avondale, LA 70094 and owner of a leasehold interest in said premises.

**VELLIS TILLMAN,** an individual of full age of majority residing at 8721 Milan St., Metairie, LA 70003.

**ALICIA TOLEDANO,** an individual of full age of majority residing at 17 Jay Place, Waggaman, LA 70094 and owner of a leasehold interest in said premises.

**JAHREMY TROTTER,** an individual of full age of majority residing at 3632 Afton Lane Avondale, LA 70094.

**DEMETRICE VALL,** an individual of full age of majority residing at 1309 Dilton St., Apt. 3, Metairie, LA 70003 and owner of a leasehold interest in said premises.

**CARLETTA WALKER,** an individual of full age of majority residing at 723 Coleman Place, Kenner, LA 70062 and owner of said immovable property.

**FRANCINE WALKER,** an individual of full age of majority residing at 847 Rev. Richard Wilson Dr., 5B, Kenner, LA 70062 and owner of a leasehold interest in said premises.

**REBECCA WELLS,** an individual of full age of majority residing at 153 Rebel Ave., River Ridge, LA 70123 and owner of said immovable property, in her individual capacity and as parent of her minor children, **ADDYSON WELLS** and **JOSEPH WELLS**.

### I.

Made Defendants herein are:

a. **LOUISIANA REGIONAL LANDFILL COMPANY (LRLC), f/k/a IESI LA LANDFILL CORPORATION (IESI"),** a foreign corporation domiciled in Delaware authorized to do and doing business in this Parish and State. On information and belief, LRLC is a wholly owned subsidiary of Defendant Waste Connections Bayou, Inc., Inc., which in turn was acquired by Defendant Waste Connections US, Inc. On information and belief, Defendant LRLC is controlled by Defendants Waste Connections Bayou, Inc., and/or Waste Connections, US, Inc., and is the "alter ego" of those Defendants, operating without autonomy and only pursuant to the direction, policies and procedures of its parent corporations;

b. **WASTE CONNECTIONS BAYOU, INC., f/k/a/ PROGRESSIVE WASTE SOLUTIONS OF LA, INC.,** a foreign corporation authorized to do and doing business in this Parish and State;

c. **WASTE CONNECTIONS US, INC.,** a foreign corporation authorized to do and doing business in this Parish and State; and

d. **APTIM CORP.,** a foreign corporation domiciled in Delaware authorized to do and doing business in this Parish and State;

e. **PARISH OF JEFFERSON,** a Louisiana municipal parish in and political subdivision of the State of Louisiana (the "Parish";

f. **ABC CORPORATION,** a foreign or domestic insurance company whose identity is unknown to the Petitioners, who upon information and belief wrote a policy of insurance coverage for Defendant **LOUISIANA REGIONAL LANDFILL COMPANY (LRLC), F/K/A IESI LA LANDFILL CORPORATION ("IESI"),** that may provide coverage for acts, occurrences, and/or omissions more specifically described herein;

8

g. **DEF CORPORATION** a foreign or domestic insurance company whose identity is unknown to the Petitioners, who upon information and belief wrote a policy of insurance coverage for Defendant, **WASTE CONNECTIONS BAYOU, INC., f/k/a/ PROGRESSIVE WASTE SOLUTIONS OF LA, INC.** that may provide coverage for acts, occurrences, and/or omissions more specifically described herein;

h. **GHI CORPORATION** a foreign or domestic insurance company whose identity is unknown to the Petitioners, who upon information and belief wrote a policy of insurance coverage for Defendant, **WASTE CONNECTIONS BAYOU, INC., f/k/a/ PROGRESSIVE WASTE SOLUTIONS OF LA, INC.**, that may provide coverage for acts, occurrences, and/or omissions more specifically described herein;

i. **JKL CORPORATION** a foreign or domestic insurance company whose identity is unknown to the Petitioners, who upon information and belief wrote a policy of insurance coverage for Defendant, **APTIM CORP**, that may provide coverage for acts, occurrences, and/or omissions more specifically described herein;

j. **MNO CORPORATIONS** foreign or domestic insurance company whose identity is unknown to the Petitioners, who upon information and belief wrote a policy of insurance coverage for Defendant, **PARISH OF JEFFERSON**, that may provide coverage for acts, occurrences, and/or omissions more specifically described herein.

## II.

### JURISDICTION AND VENUE

Venue is proper in accordance with La. R.S. 13:5104(B), which states, in part, that "[a]ll suits filed against a political subdivision of the state ... shall be instituted before the district court of the judicial district in which the political subdivision is located or in the district court having jurisdiction in the parish in which the cause of action arises." Venue is further proper as to all other defendants as the wrongful conduct giving rise to the Petitioner's claims occurred within the jurisdictional limits of Jefferson Parish, State of Louisiana.

## III.

### FACTS

9

The Parish is the owner of the Jefferson Parish Landfill (the "J.P. Landfill"), located at 5800 Highway 90 West in Avondale, Jefferson Parish, LA.

## IV.

At all relevant times, the J.P. Landfill has been used as a Type I/II landfill permitted to accept municipal and commercial solid waste, non-hazardous industrial waste, trash, construction debris, vegetative waste, dewatered municipal wastewater sludge, and compatible non-hazardous industrial waste pursuant to the Louisiana Environmental Quality Act, La. R.S. 30:2001, *et seq.* (the "Act") as well as federal laws and regulations implemented by the United States Environmental Protection Agency ("USEPA").

## V.

The J.P. Landfill is authorized to operate pursuant to and only in accordance with the terms and conditions of, among other things, Standard Permit P-0297R1(the "Standard Permit") as issued, approved, and subject to periodic review and renewal by the Louisiana Department of Environmental Quality ("LDEQ") pursuant to the Act. The Standard Permit was most recently renewed by the LDEQ on or about January 22, 2010.

## VI.

On or about May 17, 2012, the Parish entered into a contract with the Defendant IESI (since renamed the Louisiana Regional Landfill Company) under which IESI agreed, among other things, to "manage all tasks of the operation, management and maintenance" of the J.P. Landfill (the "IESI Operating Contract"). Among other things, the IESI Operating Contract provides that:

    (a) Operation of the J.P. Landfill will be conducted "in strict compliance and conformity with all Federal, State and local laws, ordinances, and regulations, including the rules and regulations of the USEPA, LDEQ, and all State of Louisiana agencies, and in accordance with the Permit Documents."

    (b) "IESI shall be responsible for compliance with all Federal, State and local regulations, laws and ordinances in its performance of the Service/Work associated with the operation [and maintenance] of the Landfill."

    (c) IESI is required to "provide all labor, equipment, materials and incidentals to assume all daily operations of the Landfill."

10

(d) The Parish Engineer has the authority to "decide any and all questions as to...the manner of performance and rate of progress of the Services/Work...the interpretation of the Contract Documents, and all questions as to the acceptable Completion" of the Contract "in his reasonable and good faith opinion." The Parish Engineer is further authorized to "suspend operations at any time when the Service/Work, in his good faith and reasonable opinion, is not being carried out in conformity with the Contract Documents and all permits."

## VII.

Defendant APTIM is and at all relevant times has been a co-operator of the gas and leachate collection system of the J.P. Landfill.

## VIII.

Jefferson Parish, in addition to being an owner of the J.P. Landfill, is and at all relevant times has been a co-manager and co-operator of the J.P. Landfill with IESI/LRLP and APTIM.

## IX.

The Parish has admitted that improper operation of the J.P. Landfill is a major source of the odors suffered by Petitioners as well as the adverse consequences thereof.  At a public press conference on July 23, 2018, Parish President Mike Yenni stated that:

(a) The J.P. Landfill's system designed to "contain and deodorize landfill gases" has not been in "proper working order."

(b) The landfill's leachate collection system has not been operated properly.

(c) "Properly operated landfills do not operate persistent off-site odors and corrective actions...are essential."

(d) The Parish has notified IESI that it is in breach of its contract to properly operate the J.P. Landfill.

## X.

At the same press conference, Parish Sheriff Mark Conley stated that the J.P. Landfill gas collection system has been collecting only twenty percent (20%) of the gas emitted from landfill operations, whereas a properly operating system would collect ninety-seven to ninety-eight percent of gas emissions, "[s]o that is why the Parish president is stressing that we realize we have

11

problems…right now, a lot of our priority, in the name of public safety and our police powers, is to address the existing system, get it operational, and to pull as much gas out of that landfill as we can."

## XI.

At the same press conference, Parish Councilman Paul Johnson stated that the odor from the J.P. Landfill

"has gotten really bad in the past for our five months…we are all going to experience odors from the landfill because it's a landfill. But, not those we have been having for the past three or five months. It's been really bad. I have been woken up at night with my nose burning and couldn't breathe at three or four o'clock in the morning. This has happened to me more than one time…we know the landfill is causing problems and we know it is a big source of problems…."

## XII.

At the same press conference, Doctor Joseph Cantor, Medical Director and Administrator for Region 1 of the Louisiana Department of Health, warned that when the odors are at "a high level, residents should, if they are able to, leave the area and particularly if they have certain chronic conditions which put them at increased risk mainly pulmonary disease and asthma COPD."[1]]

## XIII.

On or about June 22, 2018, the LDEQ issued a Compliance Order to the Parish which, among other things, found that the Parish has violated its Landfill Permit and applicable environmental regulations by (i) failing to provide daily cover and (ii) failing to properly operate the system that is intended to collect leachate – the liquid brew that drains from a landfill and carries with it numerous harmful chemicals.

## XIV.

The LDEQ inspectors found areas of pooled leachate and leachate flowing downhill from the pooled leachate.

---

[1] A video recording of the July 23 press conference can be accessed at
https://www.facebook.com/NOLAnews/videos/10155793116437060/ (last visited Aug. 4, 2018).

12

## XV.

The United States Environmental Protection Agency ("EPA") has established general screening levels for various pollutants.   These screening levels are chemical-specific concentrations for individual contaminants in air that may warrant further investigation or site cleanup.[2] A chronic screening level addresses potential chronic exposure to a chemical.

## XVI.

Air samples collected by the LDEQ in the communities of River Ridge, Harahan and Waggaman between July 20, 2018 through approximately July 28, 2018 were found to contain numerous chemical compounds at concentrations that exceed EPA's chronic screening levels, including acrolein, 1, 2-dichloroethane, benzene, carbon tetrachloride, and naphthalene. All of these compounds are multimodal toxicants, in that they are potential or actual human carcinogens and also have other toxic effects.  The air samples collected by LDEQ also contained hydrogen sulfide at concentrations that exceed EPA's chronic screening levels.   Hydrogen sulfide is a potentially toxic compound.  All of these compounds are typically found in the gases generated by landfills like the Jefferson Parish Landfill.

## XVII.

In a report dated August 15, 2018, prepared for the Parish by its environmental consultant, Carson Environmental Consulting ("CEC"), CEC made several findings, including, among other things, that there are numerous deficiencies in "the landfill gas condensate and leachate collection pumping systems[,]" and that the infrastructure for these systems requires immediate improvement "to meet the Parish's performance objectives."   In addition, CEC concluded that improved operation and maintenance of the J.P. Landfill requires the Parish's "focused attention."

## XX.

On information and belief, on or about December 5, 2018 the Commissioner of the LDEQ informed the Parish that there is "no doubt" in his mind that the JP Landfill is the primary source the odors experienced by residents of the communities in which Petitioners reside.

## XXI.

---

[2] https://www.epa.gov/risk/regional-screening-levels-rsls-users-guide (last visited, Nov. 21, 2018).

On information and belief, Defendant ABC Corporation has issued a policy of insurance to Defendant Louisiana Regional Landfill Company that covers the acts and omissions alleged herein.  Petitioners will amend this Petition to identify ABC Corporation once its identity is known.

## XXII.

On information and belief, Defendant DEF Corporation has issued a policy of insurance to Defendant Waste Connections Bayou, Inc. that covers the acts and omissions alleged herein. Petitioners will amend this Petition to identify DEF Corporation once its identity is known.

## XXIII.

On information and belief, Defendant GHI Corporation has issued a policy of insurance to Defendant Waste Connections US, Inc. that covers the acts and omissions alleged herein. Petitioners will amend this Petition to identify GHI Corporation once its identity is known.

## XXIV.

On information and belief, Defendant JKL Corporation has issued a policy of insurance to Defendant Aptim Corporation that covers the acts and omissions alleged herein.  Petitioners will amend this Petition to identify JKL Corporation once its identity is known.

## XXV.

On information and belief, Defendant MNO Corporation has issued a policy of insurance to Defendant Parish of Jefferson that covers the acts and omissions alleged herein.  Petitioners will amend this Petition to identify JKL Corporation once its identity is known.

## XXVI.

## **PROXIMATE CAUSE AND BAD ACTS**

The Defendants' failure to properly design, operate and maintain the J.P. Landfill, including its gas and leachate collection systems, have caused harmful, noxious and repulsive odors and chemicals to be released from the J.P. Landfill into the surrounding environment on and in to Petitioners' homes and immovable property, resulting in Petitioners' continuing exposure to these odors and chemicals.

## XXVII.

These odors and chemicals have also caused these Petitioners to suffer physical and other harm including, but not limited to difficulties breathing, coughing, nausea, burning eyes, ears,

noses and throats, dizziness, loss of appetite, fatigue and lethargy, as well as fear, anguish, anxiety and mental pain and suffering.

### XXVIII.

Defendants' actions and omissions with respect to the design, operation and maintenance of the J.P. Landfill are the direct and proximate cause of the injuries and harm suffered by each of the Petitioners as alleged above.

### XXVIX.

Defendants' actions and omissions as outlined above also have caused a diminution in the value of Petitioners' immovable property.

### XXX.

These odors have been pervasive and persistent. They have continued to the present and are likely to continue for the foreseeable future. The emissions constitute a continuing tort.

### XXXI.

Defendants' acts and omissions in owning, designing, operating and/or maintaining the J.P. Landfill as described above constitute an unreasonable interference with each of the Petitioners' comfortable use and enjoyment of their homes.

### XXXII.

Defendants are liable to the Petitioners for all damages they have suffered, including bodily harm, diminution of property value and fear, anguish, and mental pain and suffering, on account of nuisance.

### XXXIII.

These physical invasions of noxious odors and chemicals constitute a trespass causing Petitioners to suffer physical harm, diminution in property value and rental value, inconvenience, loss of enjoyment of property, as well as fear, anguish and mental pain and suffering.

### XXXV.

The emissions of these harmful odors and chemicals have been pervasive and persistent and constitute a continuing tort.

### XXXVI.

15

The Defendants' illegal actions and omissions in owning and operating the J.P. Landfill continue to this day and, unless enjoined by this Court, will continue for the indefinite future. Accordingly, Petitioners are entitled to a permanent injunction ordering the Defendants to abate the continuing nuisance and cease the trespasses caused and created by the J.P. Landfill, including the emission of noxious odors and chemicals, and to take all necessary reasonable actions required to accomplish same.

XXXVII.

Each of the Defendants had a duty to Petitioners to exercise reasonable care in the design, ownership and/or operation of the Landfills, including without limitation the duty to comply with applicable environmental laws and regulations and otherwise to ensure that the Landfills were operated in a manner that does not jeopardize their health, immovable property, environment, and quality of life.

XXXVIII.

Each of the Defendants breached such duties of care to the Petitioners by, among other things:

i. Failing to properly design, operate and maintain the J.P. Landfill, thus allowing noxious and harmful odors and chemicals to be released from the J.P. Landfill and introduced in the atmosphere and surrounding neighborhoods;

ii. Failing to take careful and prudent precautionary measures to ensure that these releases would not occur;

iii. Failing to design, operate and maintain the J.P. Landfill in a manner that does not cause harm to others and, in particular, its neighbors;

iv. Failing to comply with applicable regulations governing the design, operation and maintenance of the J.P. Landfill;

v. Being inattentive and careless in the overall design, operation and maintenance of the J.P. Landfill;

vi. Failing to remediate and repair the failures in design, operation and maintenance of the J.P. Landfill as they became known to the Defendants;

16

    vii.    Any and all other acts of negligence which may be revealed between now and the

time of trial.

## XXXIX.

The Defendants' failure to comply with their duties of care to the Petitioners were and are

a cause in fact and a legal cause of Petitioners' injuries, and each of the Petitioners has suffered

damages as a result thereof, including physical harm, diminution in property value and fear,

anguish and mental pain and suffering as well as loss of use and enjoyment of their immovable

property and diminution in the value of said property.

## XL.

The Parish's ownership and operation of the J.P. Landfill has caused substantial damage to

the value of Petitioners' respective interests in their immovable property.

## XLI.

The Parish knew, or in the exercise of reasonable care, should have known, that its failure

to properly design, operate and maintain the J.P. Landfill would cause damage to Petitioners, and

such damage could have been prevented by the exercise of reasonable care. The Parish, as owner

of the J.P. Landfill, failed to exercise such reasonable care.

## XLII.

In committing the acts and omissions described above, the Defendants have breached their

contractual obligations, of which Petitioners are third party beneficiaries, arising under the

contracts between the Parish and all other Defendants herein pertaining to the design, operation

and maintenance of the J.P. Landfill.

## XLIII.

In committing the foregoing acts and omissions, Defendants have violated, *inter alia*, Civil

Code Articles 667, 669, 2315, 2316, and 2317.1, which has caused and continues to cause each of

the Petitioners damages including nuisance damages; physical harm and mental fear, anguish, pain

and suffering; and diminution in property value.

## XLIV.

Further, Petitioners' interest is their immovable property is a property right protected by

the Louisiana Constitution.

### XLV.

Petitioners' interest in their real property has been taken and damaged by the actions of Jefferson Parish as set forth above.

### XLVI.

Such taking and damage was for a public purpose -- to wit, the operation of a public landfill for the purpose of handling and disposing of waste generated by the citizens of Jefferson Parish and others.

### XLVII.

The Parish is liable to the Petitioners for damages caused by the Parish's unconstitutional taking of their immovable property without paying just compensation pursuant to Article I, Section 4(B) of the Louisiana Constitution.

### XLVIII.

The Parish's taking of Petitioners' property without just compensation constitutions a deprivation of their property without due process of law pursuant to Article I, Section 2 of the Louisiana Constitution.

### XLIX.

The Parish is liable to the Petitioners for damages caused by the Parish's violation of Petitioners' due process rights.

### L.

### REQUEST FOR TRIAL BY JURY

**PETITIONERS REQUEST A JURY TRIAL AS TO ALL CLAIMS TRIABLE BY JURY.**

### LI.

### PRAYER FOR RELIEF

**WHEREFORE,** Petitioners pray that:

    (a) Judgment be entered declaring each of the Defendants jointly, severally and *in solido* liable to each of the Petitioners for all damages (and awarding all such damages), including physical and bodily harm, loss of use and enjoyment of

their homes, diminution in property value, lost wages, medical expenses and mental pain and suffering;

(b) Judgment be entered against the Parish declaring it liable for inverse condemnation, and awarding to each of the Petitioners just compensation for the unconstitutional taking of their interests in real property and/or a deprivation of due process;

(c) Judgment be entered against all Defendants for all additional damages as are just and reasonable under the circumstances, including but not limited to the cost of alternative housing and medical testing;

(d) The Defendants be permanently enjoined and ordered to abate the nuisances and trespasses, and to take all reasonable and necessary measures to cease the harmful emissions from the J.P. Landfill.

(e) The Defendants be required to provide medical monitoring for all Petitioners as appropriate;

(f) Prejudgment and post-judgment interest on all damages be awarded;

(g) Petitioners be awarded all costs for prosecution of this action and attorney fees;

(h) Damages be awarded for all other injuries that may be proved at trial; and

(i) This Court award such other and further relief as it may deem just and proper.

**Respectfully submitted,**

FORREST CRESSEY & JAMES, LLC

Byron Forrest (La. Bar No. 35481)
Nicholas Cressey (La. Bar No. 35725)
S. Eliza James (La. Bar No. 35182)
One Canal Place
365 Canal Street, Suite 1475
New Orleans, Louisiana 70130
Byron@fcjlaw.com
Eliza@fcjlaw.com
Tele: 504.605.0777
Fax:  504.322.3884

OF COUNSEL:
Barry S. Neuman (*Pro Hac Vice* application to be submitted)
Erik Bolog

A TRUE COPY OF THE ORIGINAL
ON FILE IN THIS OFFICE
*Danie Bryant*
DEPUTY CLERK
24TH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, LA

19

C. Allen Foster
Adrian Sneed
WHITEFORD TAYLOR PRESTON, LLP
1800 M Street, NW
Suite 450N
Washington, DC 20036
(202) 659-6800

**PLEASE SERVE:**
**LOUISIANA REGIONAL LANDFILL COMPANY**
Through its Agent for Service
Corporation Service Company
501 Louisiana Avenue
Baton Rouge, LA 70802

**WASTE CONNECTIONS BAYOU, INC.**
Through its Agent for Service
Corporation Service Company
501 Louisiana Ave.
Baton Rouge, LA 70802

**WASTE CONNECTIONS US, INC.**
Through its Agent for Service
Via long arm through its Agent
Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808

**APTIM CORP.**
Through its Agent for Service
CT Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

**PARISH OF JEFFERSON**
Through its Agent for Service
Parish Attorney for the Parish of Jefferson
1221 Elmwood Park Blvd., Suite 701
Jefferson, LA 70123

**ABC CORP.**
*Address unknown at this time.*

**DEF CORP.**
*Address unknown at this time.*

**GHI CORP.**
*Address unknown at this time.*

**JKL CORP.**
*Address unknown at this time.*

**MNO CORP.**
*Address unknown at this time.*

```
*  *  *  COMMUNICATION RESULT REPORT ( JUN.  4. 2019  4:28PM ) *  *  *
                                          FAX HEADER 1:  CONNICK AND CONNICK, L. L. C.
                                          FAX HEADER 2:  S. GUY DELAUP
TRANSMITTED/STORED : JUN.  4. 2019  4:17PM
FILE MODE          OPTION              ADDRESS                       RESULT      PAGE
-----------------------------------------------------------------------------------
5201 MEMORY TX                         Clerk of Court                OK          10/10
-----------------------------------------------------------------------------------
        REASON FOR ERROR
        E-1) HANG UP OR LINE FAIL              E-2) BUSY
        E-3) NO ANSWER                         E-4) NO FACSIMILE CONNECTION
```

## CONNICK AND CONNICK, L.L.C.
### ATTORNEYS AT LAW

WILLIAM PETER CONNICK
MICHAEL S. FUTRELL
MICHAEL F. NOLAN

ELIZABETH O. CLINTON
MICHAEL J. MONISTERE
MATTHEW D. MOGHIS
BRENDAN P. CONNICK
ELIZABETH A. ZAVALA
LAURA M. BLOUIN
NOAH R. BOKER

3421 NORTH CAUSEWAY BOULEVARD SUITE 408
METAIRIE, LOUISIANA 70002

TELEPHONE: (504) 836-8777
FACSIMILE: (504) 838-9903
WEBSITE: www.connicklaw.com

OF COUNSEL,
PAUL D. CONNICK JR.

DIRECT DIAL: (504) 681-6686
EMAIL: moghis@connicklaw.com

June 4, 2019

CLERK OF COURT
24TH JUDICIAL DISTRICT COURT
200 Derbigny Street
Gretna, Louisiana 70053
Phone: (504) 364-2900
Fax:    (504) 364-3780

Re:   *Rickey Calligan, et al. v. Louisiana Regional Landfill Company, et al.*
      Court:  24th JDC, Case No. 793-908, Division "L"
      File No.: 81.192916

Dear Sir/Madam,

    Please find attached Defendants' (1) Unopposed Motion and Incorporated Memorandum in Support to Transfer and Declinatory Exception of Lis Pendens and (2) Order of Transfer, which I ask that you fax file in connection with the above-captioned matter. Please advise as to the costs associated with this request so that a check to cover same can be forwarded with the original. Please return a filed copy of same to my office in the self-addressed stamped envelope.

    Thanking you in advance for your cooperation, I remain

                                          Sincerely,
                                          CONNICK AND CONNICK, L.L.C.

                                          MATTHEW D. MOGHIS

MDM/js
Attachments

**CONNICK AND CONNICK, L.L.C.**
**ATTORNEYS AT LAW**

WILLIAM PETER CONNICK
MICHAEL S. FUTRELL
MICHAEL F. NOLAN

ELIZABETH O. CLINTON
MICHAEL J. MONISTERE
MATTHEW D. MOGHIS
BRENDAN P. CONNICK
ELIZABETH A. ZAVALA
LAURA M. BLOUIN
NOAH R. BORER

3421 NORTH CAUSEWAY BOULEVARD SUITE 408
METAIRIE, LOUISIANA 70002

TELEPHONE: (504) 838-8777
FACSIMILE: (504) 838-9903
WEBSITE: www.connicklaw.com

OF COUNSEL,

PAUL D. CONNICK, JR.

DIRECT DIAL: (504) 681-6658
EMAIL: *moghis@connicklaw.com*

June 4, 2019

CLERK OF COURT
**24TH JUDICIAL DISTRICT COURT**
200 Derbigny Street
Gretna, Louisiana 70053
Phone: (504) 364-2900
Fax:    (504) 364-3780

Re:   *Rickey Calligan, et al. v. Louisiana Regional Landfill Company, et al.*
        Court:  24th JDC, Case No. 793-908, Division "L"
        File No.: 81.192916

Dear Sir/Madam,

Please find attached Defendants' (1) Unopposed Motion and Incorporated Memorandum in Support to Transfer and Declinatory Exception of Lis Pendens and (2) Order of Transfer, which I ask that you fax file in connection with the above-captioned matter.  Please advise as to the costs associated with this request so that a check to cover same can be forwarded with the original. Please return a filed copy of same to my office in the self-addressed stamped envelope.

Thanking you in advance for your cooperation, I remain

Sincerely,

CONNICK AND CONNICK, L.L.C.

MATTHEW D. MOGHIS

MDM/js
Attachments

**24TH JUDICIAL DISTRICT FOR THE PARISH OF JEFFERSON**

**STATE OF LOUISIANA**

NO. 793-908                                          **DIVISION "L"**

**RICKEY CALLIGAN, et al.**

**VERSUS**

**LOUISIANA REGIONAL LANDFILL COMPANY, et al.**

FILED: _____         _____
                                              **DEPUTY CLERK**

## UNOPPOSED MOTION AND INCORPORATED MEMORANDUM IN SUPPORT TO TRANSFER AND DECLINATORY EXCEPTION OF LIS PENDENS

**NOW INTO COURT,** through undersigned counsel, come Defendants, The Parish of Jefferson, Waste Connections US, Inc., Waste Connections Bayou, Inc., Louisiana Regional Landfill Company, and Aptim Corp., who respectfully move as follows:

**I.**

On May 9, 2019, a hearing was held before Judge Stephen C. Grefer on a Motion to Consolidate five (5) pending cases (including the instant matter) with *Frederick Addison, et al. v. Louisiana Regional Landfill Company, et al.* ("*Addison*"), Docket No. 790-369, Division "J."[1]

**II.**

After considering the pleadings, memoranda, and argument of counsel, Judge Grefer granted the Motion to Consolidate, ruling that all five (5) cases would be consolidated with *Addison*.

**III.**

The Judgment reflecting Judge Grefer's ruling was signed on May 22, 2019.[2]

---

[1] *Frederick Addison, et al. v. Louisiana Regional Landfill Company, et al.,* Docket No. 790-369, Division "J"; *Michael Brunet, et al. v. Louisiana Regional Landfill Company, et al.,* Docket No. 793-088, Division "O"; *Mary Ann Winningkof, et al. v. Louisiana Regional Landfill Company, et al.,* Docket No. 793-784, Division "M"; *Rickey Calligan, et al. v. Louisiana Regional Landfill Company, et al.,* Docket No. 793-908, Division "L"; and *Regenia Griffin, et al. v. Louisiana Regional Landfill Company, et al.,* Docket No. 794-011, Division "A."

[2] Judgment, executed on May 22, 2019, attached hereto and marked as "Exhibit A."

**1 of 5**

## IV.

As indicated by the Judgment, Judge Grefer ordered the filing of this Motion to Transfer, in order to transfer and re-allot this matter to Division "J" so that it is consolidated with *Addison*.

## V.

Counsel for Plaintiffs consent to this Motion to Transfer.[3]

## VI.

Out of an abundance of caution, Defendants plead a Declinatory Exception of Lis Pendens pursuant to Louisiana Code of Civil Procedure articles 531, 532, and 925, which will be fully briefed pursuant to deadlines previously established by Judge Grefer for the filing of responsive pleadings after transfer is completed. A court may dismiss or stay a subsequently filed action under the doctrine of lis pendens when there is an earlier-filed pending action that is based "on the same transaction or occurrence, [and] between the same parties in the same capacities[.]"[4] In this case, Plaintiffs filed this lawsuit while four (4) nearly identical proposed class action lawsuits (now consolidated) are pending before the United States District Court for the Eastern District of Louisiana. Like the *Addison* case, this matter clearly arises from the same transaction or occurrence (odors allegedly emanating from the Jefferson Parish Landfill), and under Louisiana Supreme Court precedent, involve the same parties in the same capacities Accordingly, this case should be dismissed or stayed pending the outcome of the Federal Court matters.

*(Continued on next page)*

---

[3] Email from Barry S. Neuman, dated May 16, 2019 at 11:06 AM, attached hereto and marked as "Exhibit B."
[4] La. C.C.P. art. 531 (case may be dismissed when earlier filed case pending in Louisiana state court), art. 532 (case may be stayed when earlier filed action pending in federal court); *see also Brooks Well Servicing, Inc. v. Cudd Pressure Control, Inc.*, 850 So. 2d 1027, 1031 (La. App. 2 Cir. 2003); *Aisola v. Louisiana Citizens Prop. Ins. Corp.*, 180 So. 3d 266, 269 (La. 2015).

**2 of 5**

**WHEREFORE**, Defendants, The Parish of Jefferson, Waste Connections US, Inc., Waste Connections Bayou, Inc., Louisiana Regional Landfill Company, and Aptim Corp., pray that this Motion to Transfer be granted, and that this matter be transferred to Division "J" of the 24th Judicial District Court and consolidated with *Frederick Addison, et al. v. Louisiana Regional Landfill Company, et al.,* Docket No. 790-369, Division "J."

Respectfully submitted,

GEIGER, LABORDE & LAPEROUSE, LLC

CONNICK AND CONNICK, LLC

  /s/ William A. Barousse
ERNEST P. GEIGER, JR., LA. BAR NO. 6154
WILLIAM A. BAROUSSE, LA BAR. NO. 29748
J. MICHAEL DIGIGLIA, LA BAR. NO. 24378
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139
Telephone:   (504) 561-0400
Facsimile:    (504) 561-1011
E-mail:        wbarousse@glllaw.com

WILLIAM P. CONNICK, LA. BAR NO. 14158
MICHAEL S. FUTRELL, LA BAR. NO. 20819
MATTHEW D. MOGHIS, LA BAR. NO. 33994
3421 N. Causeway Blvd., Suite 408
Metairie, Louisiana 70002
Telephone:   (504) 681-6658
Facsimile:    (504) 838-9903
E-mail:        moghis@connicklaw.com

*Counsel for Defendant, Aptim Corp.*

*Counsel for Defendant, Jefferson Parish*

BRADLEY MURCHISON KELLY & SHEA, LLC

  /s/ David R. Taggart
DAVID R. TAGGART, LA. BAR NO. 12626
401 Edwards Street, Suite 1000
Shreveport, Louisiana 71101
Telephone:   (318) 227-1131
Facsimile:    (318) 227-1141
Email:        dtaggart@bradleyfirm.com

*Counsel for Defendant,*
*Waste Connections US, Inc.*

  /s/ Michael C. Mims
MICHAEL C. MIMS, LA. BAR NO. 33991
1100 Poydras Street Suite 2700
New Orleans, Louisiana 70163
Telephone:   (504) 596-6300
Facsimile:    (504) 596-6301
Email:        mmims@bradleyfirm.com

*Counsel for Defendant,*
*Waste Connections US, Inc.*

*(Signature blocks continued on next page)*

**3 of 5**

**BEVERIDGE & DIAMOND, P.C.**

 _/s/ Megan R. Brillault_
MEGAN R. BRILLAULT (*PRO HAC VICE*)
MICHAEL G. MURPHY (*PRO HAC VICE*)
JOHN H. PAUL (*PRO HAC VICE*)
477 Madison Avenue, 15th Floor
New York, New York 10022
Telephone:   (212) 702-5400
Email:       *mbrillault@bdlaw.com*

*Counsel for Defendant,*
*Waste Connections US, Inc.*

 _/s/ James B. Slaughter_
JAMES B. SLAUGHTER (*PRO HAC VICE*)
1350 I Street, Northwest, Suite 700
Washington, DC 20005
Telephone:   (202) 789-6000
Email:       *jslaughter@bdlaw.com*

*Counsel for Defendant,*
*Waste Connections US, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has this date been served on all known counsel of record in this proceeding by:

( )   Hand Delivery          ( )   Prepaid U.S. Mail
(X)   Email                  ( )   Facsimile

Metairie, Louisiana this 4th day of June 2019.

_____
MATTHEW D. MOGHIS

**24TH JUDICIAL DISTRICT FOR THE PARISH OF JEFFERSON**

**STATE OF LOUISIANA**

NO. 793-908                                                                       DIVISION "L"

**RICKEY CALLIGAN, et al.**

**VERSUS**

**LOUISIANA REGIONAL LANDFILL COMPANY, et al.**

FILED: _____          _____
                                                                          DEPUTY CLERK

**ORDER OF TRANSFER**

IT IS ORDERED BY THE COURT that the above numbered and entitled matter

be transferred to the docket of the Honorable Judge Stephen Grefer, Division "J" of the

24th Judicial District Court, in and for the Parish of Jefferson, State of Louisiana, for all

further proceedings and final disposition.

Gretna, Louisiana, this _____ day of _____, 2019.

_____
**JUDGE DONALD A. ROWAN, JR.**

**APPROVED AND ACCEPTED:**

Gretna, Louisiana, this _____ day of _____, 2019.

_____
**JUDGE STEPHEN GREFER**

Filed by: **Fax**
Date: _May 12, 2019_
Time: _11:40 AM_
Deputy Clerk: _____
(SEE ATTACHED LOG)

FILED FOR RECORD 05/22/2019 11:17:09
Jessica F. Matherne, DY CLERK
JEFFERSON PARISH, LA

### 24TH JUDICIAL DISTRICT FOR THE PARISH OF JEFFERSON

### STATE OF LOUISIANA

NO. 790-369                                                                     DIVISION "J"

### FREDERICK ADDISON, et. al.

### VERSUS

### LOUISIANA REGIONAL LANDFILL COMPANY, et. al.

FILED: _____       _____
                                                        **DEPUTY CLERK**

### JUDGMENT ON DEFENDANT JEFFERSON PARISH'S MOTION TO TEMPORARILY LIFT STAY AND MOTION TO CONSOLIDATE AND ON PLAINTIFFS FREDERICK ADDISON ET. AL.'S MOTION TO PERMENANTLY LIFT STAY

**ON MAY 9, 2019,** hearing was held on Jefferson Parish's Motion to Temporarily Lift Stay and Motion to Consolidate, which was adopted by Waste Connections US, Inc and Plaintiffs Frederick Addison *et. al.*'s Motion to Permanently Lift Stay. Present at the hearing were:

MATTHEW D. MOGHIS, *counsel for Jefferson Parish*;

DAVID TAGGART, MICHAEL MIMS and MEGAN R. BRILLAULT, *counsel for Waste Connections US, Inc.*; and

BARRY S. NEUMAN, C. Allen Foster, S. Eliza James, Byron Forrest, and Nicholas Cressy *counsel for Plaintiffs*.

**CONSIDERING** the law, evidence, and argument of counsel, for the reasons orally assigned:

**IT IS ORDERED, ADJUDGED, AND DECREED** that Jefferson Parish's Motion to Temporarily Lift Stay and Motion to Consolidate be and is hereby GRANTED, consolidating and transferring the following matters to this Division with the above-titled matter:

1. *Charles Anderson, et al. v. Louisiana Regional Landfill Company, et al.*
   Docket No. 792-502
   Division "O"

2. *Michael Brunet, et al. v. Louisiana Regional Landfill Company, et al.*
   Docket No. 793-088
   Division "O"

1 of 2



1712

3. *Mary Ann Winningkof, et al. v. Louisiana Regional Landfill Company, et al.*
   Docket No. 793-784
   Division "M"

4. *Rickey Calligan, et al. v. Louisiana Regional Landfill Company, et al.*
   Docket No. 793-908
   Division "L"

5. *Regenia Griffin, et al. v. Louisiana Regional Landfill Company, et al.*
   Docket No. 794-011
   Division "A"

(collectively, the "Related Actions")

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, upon execution of this Judgment, Jefferson Parish will submit Motions to Transfer, attaching this Judgment, in the respective Divisions where each of the above-listed cases is currently pending.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the parties shall have until and including May 16, 2019 to submit post-hearing memoranda with respect to Plaintiffs' Motion to Permanently Lift Stay, after submission of which the Court will issue a ruling on Plaintiffs' Motion.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that all Defendants shall have an extension of time to file responsive pleadings in the Related Actions pending further instructions by this Court.

Gretna, Louisiana, this 22nd day of May, 2019.

JUDGE STEPHEN C. GREFER

DT owes GOVT

**2 of 2**

**Matthew Moghis**

| | |
|---|---|
| **From:** | Neuman, Barry S. <BNeuman@wtplaw.com> |
| **Sent:** | Thursday, May 16, 2019 11:06 AM |
| **To:** | Matthew Moghis |
| **Subject:** | RE: Joint/Unopposed Motion to Transfer (Addison; Anderson; etc.) |

We consent.

*Barry S. Neuman*
Whiteford, Taylor & Preston LLP
1800 M Street NW
Suite 450N
Washington, DC 20036
Tele: 202.659.6761
Fax: 202.327.6151

**From:** Matthew Moghis <moghis@connicklaw.com>
**Sent:** Thursday, May 16, 2019 10:42 AM
**To:** Neuman, Barry S. <BNeuman@wtplaw.com>
**Cc:** Eliza James <eliza@fcjlaw.com>; Byron Forrest <byron@fcjlaw.com>; Nicholas Cressy <nicholas@fcjlaw.com>
**Subject:** [EXTERNAL] RE: Joint/Unopposed Motion to Transfer (Addison; Anderson; etc.)

This is a different matter.

I am referring to the Motions to Transfer in the other cases, not the Order in Addison.

**From:** Neuman, Barry S. <BNeuman@wtplaw.com>
**Sent:** Thursday, May 16, 2019 9:38 AM
**To:** Matthew Moghis <moghis@connicklaw.com>
**Cc:** Eliza James <eliza@fcjlaw.com>; Byron Forrest <byron@fcjlaw.com>; Nicholas Cressy <nicholas@fcjlaw.com>
**Subject:** Re: Joint/Unopposed Motion to Transfer (Addison; Anderson; etc.)

We will have comments on your draft order today

Sent from my iPhone

On May 16, 2019, at 10:00 AM, Matthew Moghis <moghis@connicklaw.com> wrote:

> Barry,
>
> I left a voicemail earlier this morning, but to follow up:
>
> We are preparing the Motions to Transfer to transfer the subsequent cases to Judge Grefer's division in accordance with his orders. We would like to file them as either joint or unopposed motions. Do we have your consent to do so?
>
> Feel free to call me if you would like to discuss in greater detail.
>
> Thank you,

1

EXHIBIT

*tabbies*

B

MATTHEW D. MOGHIS
CONNICK AND CONNICK, L.L.C.
3421 N. Causeway Blvd., Suite 408
Metairie, Louisiana  70002
Telephone:   (504) 681-6658
Facsimile:    (504) 838-9903
E-mail:        moghis@connicklaw.com
Website:      www.connicklaw.com [connicklaw.com]

This e-mail transmission and any attachments it may contain is confidential information belonging to the sender which is protected by the attorney-client privilege. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this information is strictly prohibited.  If you have received this e-mail in error, please immediately notify us by telephone.

This transmission contains information from the law firm of Whiteford, Taylor & Preston LLP which may be confidential and/or privileged. The information is intended to be for the exclusive use of the planned recipient. If you are not the intended recipient, be advised that any disclosure, copying, distribution or other use of this information is strictly prohibited. If you have received this transmission in error, please notify the sender immediately.

2

(101)  CITATION: PETITION FOR DAMAGES AND INJUNCTIVE RELIEF;      190410-4883-6

## 24TH JUDICIAL DISTRICT COURT
## PARISH OF JEFFERSON
## STATE OF LOUISIANA

REGENIA GRIFFIN
VERSUS
LOUISIANA REGIONAL LANDFILL COMPANY (LRLC)

Case: 794-011     Div: "A"
P 1 REGENIA GRIFFIN

To:  LOUISIANA REGIONAL LANDFILL COMPANY
THROUGH ITS AGENT FOR SERVICE
CORPORATION SERVICE COMPANY
501 LOUISIANA AVENUE
BATON ROUGE LA 70802

EBR CK#1320
$106.08

PARISH OF JEFFERSON

You are hereby summoned to comply with the demand contained in the PETITION FOR DAMAGES AND INJUNCTIVE RELIEF of which a true and correct copy accompanies this citation, or make an appearance either by filing a pleading or otherwise, in the 24th Judicial District Court in and for the Parish of Jefferson, State of Louisiana, within FIFTEEN (15) CALENDAR days after the service hereof, under penalty of default.

This service was requested by attorney S ELIZA JAMES and was issued by the Clerk of Court on the 10th day of April, 2019.

/s/ Giselle A Leglue
Giselle A Leglue, Deputy Clerk of Court for
Jon A. Gegenheimer, Clerk of Court

_____SERVICE INFORMATION_____

(101)  CITATION: PETITION FOR DAMAGES AND INJUNCTIVE RELIEF;      190410-4883-6

Received:_____   Served:_____   Returned:_____

Service was made:
___ Personal              ___ Domicilary _____

Unable to serve:
___ Not at this address    ___ Numerous attempts _____ times
___ Vacant                 ___ Received too late to serve
___ Moved                  ___ No longer works at this address
___ No such address        ___ Need apartment / building number
___ Other _____

Service: $_____   Mileage: $_____   Total: $_____

Completed by:_____ # _____
                         Deputy Sheriff
Parish of: _____

Thomas F. Donelon Courthouse : 200 Derbigny St. : Gretna LA 70053

24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

NO.: 794-011                                    DIVISION: A

REGENIA GRIFFIN; GEORGE ALLAIN, III; SHIRLEY ALLAIN; WILLIAM BEL;
LLOYD BICKHAM; MAURICE BICKHAM; WILLIE BOATNER; CORNELIUS
BRIDGETT; KAYLA BROOKS; ARTHUR BROWN; BERNICE BROWN; ERIC
BROWN, in his individual capacity and as parent of his minor child, MELISSA BROWN;
MICHAEL BROWN; KAREN BRUCE, in her individual capacity and as parent of her minor
child, JULIAN MOTION ;KEEA BRUCE, in her individual capacity and as parent of her
minor child, KE'DARRIUS BRUCE; THADDEUS CAMMON; CALVIN CARTER, SR.;
LORA CARTER, in her individual capacity and on behalf of her minor children JOHN
SMITH, KEDRICK SMITH, and TRE'AVALLIE SMITH; ORAH CHAIRS; JEAN
CLAY; KAYLA COLEMAN; KELLY COLEMAN; KRYSTAL COLEMAN, in her
individual capacity and as parent of her minor children, MAKIYAH COLEMAN and KALIAL
COLEMAN; JARRIE CROSLEY; CHERLY EARL, in her individual capacity and as parent
of her minor children, CE'VANNE URSIN and CANYON SUNDAY; LINDA FREDERICK,
in her individual capacity and as parent of her minor child, BLAKE BAILEY, JR.;THAREN
FREDRICK; JARMAL GABRIEL; THURSTON GOLSTON, JR.; LULA GOSLTON-
STEWART; DONALD GRAY; VALENCIA GRAY, in her individual capacity and as parent
of her minor child, CAILEM GRAY; JAMAL GREEN, in his individual capacity and as
parent of his minor child, JAMEISHA CARTER; TIARA GREEN; DARREN GRIFFIN;
JINNILYNN GRIFFIN; JOURDAN GRIFFIN, in her individual capacity and as parent of her
minor child, COLE DOMANGUE; LEROY GUILLARD, JR.; RONALD HAMPTON;
ELIZABETH HARGRAVE; ANTOINE HARRIS; LIONEL HARRIS;VALERIE
HARRIS; LERONIESHA HARTFORD, in her individual capacity and as parent of her minor
children, SAIGE HARTFORD, CHASE HARTFORD, and CHARM HARTFORD;
CYNTHIA ISIDORE, in her individual capacity and as parent of her minor child, NATORY
ISIDORE;CHRIS JACKSON, in his individual capacity and as parent of his minor child
MIRACLE JACKSON; JARVIS JACKSON; TEDRICK JACKSON, in his individual
capacity and as parent of his minor child, KENNEDY JACKSON; ALEXIS JOHNSON;
AMANDA JOHNSON; BONALYN JOHNSON; JACQUELINE JOHNSON; JAVINE
JOHNSON; JEFFERY JOHNSON; CHRISTINA JONES; KEVIN KNOX; JOELLE
LONG, in her individual capacity and as  parent of her minor children, KAISON LONG and
KAMILLE JONES; ANTHONY MURPHY; VANESSA MURPHY; BRET NELSON;
HILARY NELSON; RONNIE PIERRE, SR.; MARY ROGERS; JAMES SIMMONS; in
her individual capacity and as parent of her minor child, SAVANNAH SMITH; JONATHAN
TATE; JUSTIN THOMAS; ORDELIA THOMAS; DELICE WALKER, in her individual
capacity and on behalf of her minor children, ZAREYAN WALKER and ZYWREN
WALKER; NICHOLE WALKER,  in her individual capacity and as parent of her minor child,
MARCO T. ROWELL; and JANICE WILKINSON.

VERSUS

LOUISIANA REGIONAL LANDFILL COMPANY (LRLC), f/k/a IESI LA LANDFILL
CORPORATION; WASTE CONNECTIONS BAYOU, INC., f/k/a/ PROGRESSIVE
WASTE SOLUTIONS OF LA, INC; WASTE CONNECTIONS US, INC; APTIM CORP;
PARISH OF JEFFERSON; ABC CORP; DEF CORP; GHI CORP; JKL CORP; and
MNO CORP.

FILED:_____                    _____
                                                              DEPUTY CLERK

PETITION FOR DAMAGES AND INJUNCTIVE RELIEF

24th E-Filed: 04/09/2019 10:44:57 Case: 794011 Div:A Atty:035182 S ELIZA  JAMES


JON A. GEGENHEIMER

1

1717

This action arises from the continuing, significant and unabated harm suffered by each of the named Petitioners as a result of the ongoing – and admitted – failure of each of the Defendants to ensure that the design, operation and maintenance of the Jefferson Parish Landfill (the "J.P. Landfill") complies with applicable environmental laws and adequately protects Petitioners' human health and environment. At all relevant times, the J.P. Landfill and has persistently emitted harmful and toxic odors and chemicals into the surrounding areas, including where each of the Petitioners resides.

These unlawful, harmful and toxic releases have caused Petitioners substantial loss of the use and enjoyment of their homes and immovable property, and have caused physical harms including, among other things: difficulties breathing, coughing, nausea, burning eyes, ears, noses and throats, dizziness loss of appetite and lethargy, as well as fear, anguish, discomfort and inconvenience. These emissions also have caused diminution in the value of Petitioners' homes.

Accordingly, Petitioners seek redress from the Defendants for the direct and consequential injury and damage they have suffered and will continue to suffer as a direct result of the releases of noxious odors and chemicals from the J.P. Landfill.

Petitioners are:

**REGENIA GRIFFIN,** an individual of full age of majority residing at 612 Filmore S., Kenner, LA 70062 and owner of said immovable property.

**GEORGE ALLAIN, III,** an individual of full age of majority residing at 1344 South Elm St., Metairie, LA 70003 and owner of said immovable property.

**SHIRLEY ALLAIN,** an individual of full age of majority residing at 1344 South Elm St., Metairie, LA 70003 and owner of said immovable property.

**WILLIAM BELL,** an individual of full age of majority residing at 1250 Dillard Dr., Avondale, LA 70094 and owner of said immovable property.

**LLOYD BICKHAM,** an individual of full age of majority residing at 627 Avondale Garden Rd., Westwego, LA 70094 and owner of said immovable property.

**MAURICE BICKHAM,** an individual of full age of majority residing at 627 Avondale Garden Rd., Westwego, LA 70094 and owner of said immovable property.

24th E-Filed: 04/09/2019 10:44:57 Case: 794011 Div:A Atty:035182 S ELIZA JAMES



JON A. GEGENHEIMER

04/09/2019 11:39:56 CERTIFIED TRUE COPY - Pg:2 of 21 - Jefferson Parish Clerk of Court - ID:1948302

1718

**WILLIE BOATNER,** an individual of full age of majority residing at 429 Wilker Neal River Ridge, LA 70123.

**CORNELIUS BRIDGETT,** an individual of full age of majority residing at 312 Judiciary Dr., Avondale, LA 70094.

**KAYLA BROOKS,** an individual of full age of majority residing at 1650 Wakefield Dr., Marrero, LA 70072.

**ARTHUR BROWN,** an individual of full age of majority residing at 408 Upland Ave., River Ridge, LA 70123.

**BERNICE BROWN,** an individual of full age of majority residing at 295 Capital Dr., Avondale, LA 70094.

**ERIC BROWN,** an individual of full age of majority residing at 295 Capital Dr., Avondale, LA 70094 in his individual capacity and as parent of his minor child, **MELISSA BROWN.**

**MICHAEL BROWN,** an individual of full age of majority residing at 31 Richelle St., Westwego, LA 70094.

**KAREN BRUCE,** an individual of full age of majority residing at 11100 Newton St., Apt C River Ridge, LA 70123 and owner of a leasehold interest in said premises, in her individual capacity and as parent of her minor child, **JULIAN MOTION.**

**KEEA BRUCE,** an individual of full age of majority residing at 11100 Newton St., Apt C River Ridge, LA 70123 and owner of a leasehold interest in said premises, in her individual capacity and as parent of her minor child, **KE'DARRIUS BRUCE.**

**THADDEUS CAMMON,** an individual of full age of majority residing at 1320 S. Meadow St., Metairie, LA 70003 and owner of a leasehold interest in said premises.

**CALVIN CARTER, SR.** an individual of full age of majority residing at 181 Bishop Dr., Avondale, LA 70094 and owner of said immovable property.

**LORA CARTER,** an individual of full age of majority residing at 181 Bishop Dr., Avondale, LA 70094 in her individual capacity and on behalf of her minor children **JOHN SMITH, KEDRICK SMITH,** and **TRE'AVALLIE SMITH.**

24th E-Filed: 04/09/2019 10:44:57 Case: 794011 Div:A Atty:035182 S ELIZA JAMES



JON A. GEGENHEIMER

**ORAH CHAIRS,** an individual of full age of majority residing at 429 Wilker Neal Ave, River Ridge, LA 70123.

**JEAN CLAY,** an individual of full age of majority residing at 714 S. Bengal Rd., Metairie, LA 70003 and owner of said immovable property.

**KAYLA COLEMAN,** an individual of full age of majority residing at 640 Pat Dr., Avondale, LA 70094 and owner of a leasehold interest in said immovable property.

**KELLY COLEMAN,** an individual of full age of majority residing at 20 Dolores Dr., Waggaman, LA 70094 and owner of said immovable property.

**KRYSTAL COLEMAN,** an individual of full age of majority residing at 640 Pat Dr., Avondale, LA 70094 and owner of a leasehold interest in said premises, in her individual capacity and as parent of her minor children, **MAKIYAH COLEMAN** and **KALIAL COLEMAN.**

**JARRIE CROSLEY,** an individual of full age of majority residing at 181 Bishop Drive, Avondale, LA 70094.

**CHERLY EARL,** an individual of full age of majority residing at 8301 Bern St., Metairie, LA 70003, in her individual capacity and as parent of her minor children, **CE'VANNE URSIN** and **CANYON SUNDAY.**

**LINDA FREDERICK,** an individual of full age of majority residing at 116 Rosalie Dr., Avondale, LA 70094, in her individual capacity and as parent of her minor child, **BLAKE BAILEY, JR.**

**THAREN FREDRICK,** an individual of full age of majority residing at 116 Rosalie Dr., Avondale, LA 70094.

**JARMAL GABRIEL,** an individual of full age of majority residing at 512 Avondale Garden Rd., Avondale, LA 70094.

**THURSTON GOLSTON, JR,** an individual of full age of majority residing at 8000 Macon St. Metairie, LA 70003 and owner of said immovable property.

**LULA GOSLTON-STEWART,** an individual of full age of majority residing at 613 Filmore St., Kenner, LA 70052 and owner of said immovable property.

**DONALD GRAY,** an individual of full age of majority residing at 3301 W. Esplanade Ave., Apt N, 20328 Metairie, LA 70002 and owner of a leasehold interest in said premises.

24th E-Filed: 04/09/2019 10:44:57 Case: 794011 Div:A Atty:035182 S ELIZA JAMES



JON A. GEGENHEIMER

04/09/2019 11:39:56 CERTIFIED TRUE COPY - Pg:4 of 21 - Jefferson Parish Clerk of Court - ID:1948302

**VALENCIA GRAY,** an individual of full age of majority residing at 3301 W. Esplanade Ave., Apt N, 20328 Metairie, LA 70002 and owner of a leasehold interest in said premises, in her individual capacity and as parent of her minor child, **CAILEM GRAY.**

**JAMAL GREEN,** an individual of full age of majority residing at 314 Avonadale Garden Rd., Avondale, LA 70094 and owner of a leasehold interest in said premises, in his individual capacity and as parent of his minor child, **JAMEISHA CARTER.**

**TIARA GREEN,** an individual of full age of majority residing at 20 Winifred St., Westwego, LA 70094.

**DARREN GRIFFIN,** an individual of full age of majority residing at 31 Judith St., Westwego, LA 70094 and owner of said immovable property.

**JINNILYNN GRIFFIN,** an individual of full age of majority residing at 31 Judith St., Westwego, LA 70094 and owner of said immovable property.

**JOURDAN GRIFFIN,** an individual of full age of majority residing at 53 Lucille St., Waggaman, LA 70094 and owner of said immovable property, in her individual capacity and as parent of her minor child, **COLE DOMANGUE.**

**LEROY GUILLARD, JR.,** an individual of full age of majority residing at 703 Richard Ave., River Ridge, LA 70123.

**RONALD HAMPTON,** an individual of full age of majority residing at 1309 South Dilton St., Metairie, LA 70003 and owner of a leasehold interest in said premises.

**ELIZABETH HARGRAVE,** an individual of full age of majority residing at 307 Audubon Ct., Kenner, LA, 70062 and owner of said immovable property.

**ANTOINE HARRIS,** an individual of full age of majority residing at 404 Hanson Pl., Kenner, LA 70062.

**LIONEL HARRIS,** an individual of full age of majority residing at 117 Rosalie Dr., Avondale, LA 70094 and owner of a leasehold interest in said premises.

**VALERIE HARRIS,** an individual of full age of majority residing at 403 Farrar Ave., Kenner, LA 70062 and owner of a leasehold interest in said premises.

24th E-Filed: 04/09/2019 10:44:57 Case: 794011 Div:A Atty:035182 S ELIZA  JAMES



JON A. GEGENHEIMER

04/09/2019 11:39:56 CERTIFIED TRUE COPY - Pg:5 of 21 - Jefferson Parish Clerk of Court - ID:1948302

1721

**LERONIESHA HARTFORD,** an individual of full age of majority residing at 204 Wilker Neal Ave., Apt A, River Ridge, LA 70123, in her individual capacity and as parent of her minor children, **SAIGE HARTFORD, CHASE HARTFORD,** and **CHARM HARTFORD**

**CYNTHIA ISIDORE,** an individual of full age of majority residing at 2308 Rev. Richard Wilson Dr., Kenner, LA 70062 and owner of a leasehold interest in said premises, in her individual capacity and as parent of her minor child, **NATORY ISIDORE.**

**CHRIS JACKSON,** an individual of full age of majority residing at 1457 South Laurel St., Metairie, LA 70003 and owner of a leasehold interest in said premises, in his individual capacity and as parent of his minor child **MIRACLE JACKSON.**

**ERNEST JACKSON,** an individual of full age of majority residing at 400 Federal Dr., Avondale, LA 70094.

**JARVIS JACKSON,** an individual of full age of majority residing at 617 Wilker Neal Ave., River Ridge, LA 70123.

**TEDRICK JACKSON,** an individual of full age of majority residing at 346 Azalea Dr.,Waggaman, LA 70094 and owner of a leasehold interest in said premises, in his individual capacity and as parent of his minor child, **KENNEDY JACKSON.**

**ALEXIS JOHNSON,** an individual of full age of majority residing at 616 Starrett Rd., Apt B River Ridge, LA 70123.

**AMANDA JOHNSON,** an individual of full age of majority residing at 616 Starrett Rd., Apt B River Ridge, LA 70123 and owner of a leasehold interest in said immovable property.

**BONALYN JOHNSON,** an individual of full age of majority residing at 315 Citrus Rd., River Ridge, LA 70123.

**JACQUELINE JOHNSON,** an individual of full age of majority residing at 11112 Newton St., Apt. A River Ridge, LA 70123 and owner of a leasehold interest in said premises.

**JAVINE JOHNSON,** an individual of full age of majority residing at 325 Georgetown Dr., Avondale, LA 70094.

**JEFFERY JOHNSON,** an individual of full age of majority residing at 722 Starrett Rd., River Ridge, LA 70123 and owner of a leasehold interest in said premises.

24th E-Filed: 04/09/2019 10:44:57 Case: 794011 Div:A Atty:035182 S ELIZA   JAMES



04/09/2019 11:39:56 CERTIFIED TRUE COPY - Pg:6 of 21 - Jefferson Parish Clerk of Court - ID:1948302

JON A. GEGENHEIMER

1722

**CHRISTINA JONES,** an individual of full age of majority residing at 833 N. Cumberland St., Metairie, LA 70003 and owner of a leasehold interest in said premises.

**KEVIN KNOX,** an individual of full age of majority residing at 7805 Monett St., Metairie, LA 70003 and owner of a leasehold interest in said premises.

**JOELLE LONG,** an individual of full age of majority residing at 2424 Reverend Richard Wilson Dr., Kenner, LA 70062 and owner of a leasehold interest in said premises, in her individual capacity and as parent of her minor children, **KAISON LONG** and **KAMILLE JONES.**

**ANTHONY MURPHY,** an individual of full age of majority residing at 720 S. Cumberland St., Metairie, LA 70003.

**VANESSA MURPHY,** an individual of full age of majority residing at 720 S. Cumberland St., Metairie, LA 70003.

**BRET NELSON,** an individual of full age of majority residing at 861 Reverend Richard Wilson Dr., Kenner, LA 70062.

**HILARY NELSON,** an individual of full age of majority residing at 861 Reverend Richard Wilson Dr., Kenner, LA 70062 and owner of a leasehold interest in said premises.

**RONNIE PIERRE, SR.,** an individual of full age of majority residing at 9025 Milan St., Metairie, LA 70003 and owner of a leasehold interest in said premises.

**MARY ROGERS,** an individual of full age of majority residing at 133 Hanson Pl., Kenner, LA 70062 and owner of a leasehold interest in said premises.

**JAMES SIMMONS,** an individual of full age of majority residing at 627 Avondale Garden Rd., Westwego, LA 70094.

**SUSAN SMITH,** an individual of full age of capacity residing at 565 Bellview St., River Ridge, LA 70123 and owner of a leasehold interest in said premises, in her individual capacity and as parent of her minor child, **SAVANNAH SMITH.**

**JONATHAN TATE,** an individual of full age of majority residing at 21 Richelle St., Waggaman, LA 70094.

**JUSTIN THOMAS,** an individual of full age of majority residing at 10950 Jefferson Hwy, River Ridge, LA 70123 and owner of a leasehold interest in said premises.

JON A. GEGENHEIMER

7

24th E-Filed: 04/09/2019 10:44:57 Case: 794011 Div:A Atty:035182 S ELIZA  JAMES

1723

**ORDELIA THOMAS,** an individual of full age of majority residing at 333 Coretta Dr., Westwego, LA 70094 and owner of said immovable property.

**DELICE WALKER,** an individual of full age of majority residing at 723 Coleman Place, Kenner, LA 70062 in her individual capacity and on behalf of her minor children, **ZAREYAN WALKER** and **ZYWREN WALKER**.

**NICHOLE WALKER,** an individual of full age of majority residing at 850 Rev. Richard Wilson Dr., Apartment 1D, Kenner, LA 70062 and owner of a leasehold interest in said premises, in her individual capacity and as parent of her minor child, **MARCO T. ROWELL.**

**JANICE WILKINSON,** an individual of full age of majority residing at 1332 S. Dilton St., Metairie, LA 70003 and owner of said immovable property.

Made Defendants herein are:

a. **LOUISIANA REGIONAL LANDFILL COMPANY (LRLC), f/k/a IESI LA LANDFILL CORPORATION (IESI"),** a foreign corporation domiciled in Delaware authorized to do and doing business in this Parish and State.  On information and belief, LRLC is a wholly owned subsidiary of Defendant Waste Connections Bayou, Inc., Inc., which in turn was acquired by Defendant Waste Connections US, Inc.  On information and belief, Defendant LRLC is controlled by Defendants Waste Connections Bayou, Inc., and/or Waste Connections, US, Inc., and is the "alter ego" of those Defendants, operating without autonomy and only pursuant to the direction, policies and procedures of its parent corporations;

b. **WASTE CONNECTIONS BAYOU, INC., f/k/a/ PROGRESSIVE WASTE SOLUTIONS OF LA, INC.,** a foreign corporation authorized to do and doing business in this Parish and State;

c. **WASTE CONNECTIONS US, INC.,** a foreign corporation authorized to do and doing business in this Parish and State; and

d. **APTIM CORP.,** a foreign corporation domiciled in Delaware authorized to do and doing business in this Parish and State;

e. **PARISH OF JEFFERSON,** a Louisiana municipal parish in and political subdivision of the State of Louisiana (the "Parish";



JON A. GEGENHEIMER

8

24th E-Filed: 04/09/2019 10:44:57 Case: 794011 Div:A Atty:035182 S ELIZA JAMES

1724

f. **ABC CORPORATION,** a foreign or domestic insurance company whose identity is unknown to the Petitioners, who upon information and belief wrote a policy of insurance coverage for Defendant **LOUISIANA REGIONAL LANDFILL COMPANY (LRLC), F/K/A IESI LA LANDFILL CORPORATION ("IESI"),** that may provide coverage for acts, occurrences, and/or omissions more specifically described herein;

g. **DEF CORPORATION** a foreign or domestic insurance company whose identity is unknown to the Petitioners, who upon information and belief wrote a policy of insurance coverage for Defendant, **WASTE CONNECTIONS BAYOU, INC., f/k/a/ PROGRESSIVE WASTE SOLUTIONS OF LA, INC.** that may provide coverage for acts, occurrences, and/or omissions more specifically described herein;

h. **GHI CORPORATION** a foreign or domestic insurance company whose identity is unknown to the Petitioners, who upon information and belief wrote a policy of insurance coverage for Defendant, **WASTE CONNECTIONS BAYOU, INC., f/k/a/ PROGRESSIVE WASTE SOLUTIONS OF LA, INC.,** that may provide coverage for acts, occurrences, and/or omissions more specifically described herein;

i. **JKL CORPORATION** a foreign or domestic insurance company whose identity is unknown to the Petitioners, who upon information and belief wrote a policy of insurance coverage for Defendant, **APTIM CORP,** that may provide coverage for acts, occurrences, and/or omissions more specifically described herein;

j. **MNO CORPORATIONS** foreign or domestic insurance company whose identity is unknown to the Petitioners, who upon information and belief wrote a policy of insurance coverage for Defendant, **PARISH OF JEFFERSON,** that may provide coverage for acts, occurrences, and/or omissions more specifically described herein.

## I.

## JURISDICTION AND VENUE

Venue is proper in accordance with La. R.S. 13:5104(B), which states, in part, that "[a]ll suits filed against a political subdivision of the state ... shall be instituted before the district court of the judicial district in which the political subdivision is located or in the district court having

24th E-Filed: 04/09/2019 10:44:57 Case: 794011 Div:A Atty:035182 S ELIZA JAMES

9

JON A. GEGENHEIMER

1725

jurisdiction in the parish in which the cause of action arises." Venue is further proper as to all other defendants as the wrongful conduct giving rise to the Petitioner's claims occurred within the jurisdictional limits of Jefferson Parish, State of Louisiana.

II.

FACTS

The Parish is the owner of the Jefferson Parish Landfill (the "J.P. Landfill"), located at 5800 Highway 90 West in Avondale, Jefferson Parish, LA.

III.

At all relevant times, the J.P. Landfill has been used as a Type I/II landfill permitted to accept municipal and commercial solid waste, non-hazardous industrial waste, trash, construction debris, vegetative waste, dewatered municipal wastewater sludge, and compatible non-hazardous industrial waste pursuant to the Louisiana Environmental Quality Act, La. R.S. 30:2001, *et seq.* (the "Act") as well as federal laws and regulations implemented by the United States Environmental Protection Agency ("USEPA").

IV.

The J.P. Landfill is authorized to operate pursuant to and only in accordance with the terms and conditions of, among other things, Standard Permit P-0297R1(the "Standard Permit") as issued, approved, and subject to periodic review and renewal by the Louisiana Department of Environmental Quality ("LDEQ") pursuant to the Act.  The Standard Permit was most recently renewed by the LDEQ on or about January 22, 2010.

V.

On or about May 17, 2012, the Parish entered into a contract with the Defendant IESI (since renamed the Louisiana Regional Landfill Company) under which IESI agreed, among other things, to "manage all tasks of the operation, management and maintenance" of the J.P. Landfill (the "IESI Operating Contract").  Among other things, the IESI Operating Contract provides that:

(a) Operation of the J.P. Landfill will be conducted "in strict compliance and conformity with all Federal, State and local laws, ordinances, and regulations, including the rules and regulations of the USEPA, LDEQ, and all State of Louisiana agencies, and in accordance with the Permit Documents."

24th E-Filed: 04/09/2019 10:44:57 Case: 794011 Div:A Atty:035182 S ELIZA JAMES



04/09/2019 11:39:56 CERTIFIED TRUE COPY - Pg:10 of 21 - Jefferson Parish Clerk of Court - ID:1948302

(b) "IESI shall be responsible for compliance with all Federal, State and local regulations, laws and ordinances in its performance of the Service/Work associated with the operation [and maintenance] of the Landfill."

(c) IESI is required to "provide all labor, equipment, materials and incidentals to assume all daily operations of the Landfill."

(d) The Parish Engineer has the authority to "decide any and all questions as to...the manner of performance and rate of progress of the Services/Work...the interpretation of the Contract Documents, and all questions as to the acceptable Completion" of the Contract "in his reasonable and good faith opinion." The Parish Engineer is further authorized to "suspend operations at any time when the Service/Work, in his good faith and reasonable opinion, is not being carried out in conformity with the Contract Documents and all permits."

## VI.

Defendant APTIM is and at all relevant times has been a co-operator of the gas and leachate collection system of the J.P. Landfill.

## VII.

Jefferson Parish, in addition to being an owner of the J.P. Landfill, is and at all relevant times has been a co-manager and co-operator of the J.P. Landfill with IESI/LRLP and APTIM.

## VIII.

The Parish has admitted that improper operation of the J.P. Landfill is a major source of the odors suffered by Petitioners as well as the adverse consequences thereof. At a public press conference on July 23, 2018, Parish President Mike Yenni stated that:

(a) The J.P. Landfill's system designed to "contain and deodorize landfill gases" has not been in "proper working order."

(b) The landfill's leachate collection system has not been operated properly.

(c) "Properly operated landfills do not operate persistent off-site odors and corrective actions...are essential."

(d) The Parish has notified IESI that it is in breach of its contract to properly operate the J.P. Landfill.



JON A. GEGENHEIMER

11

24th E-Filed: 04/09/2019 10:44:57 Case: 794011 Div:A Atty:035182 S ELIZA  JAMES

1727

## IX.

At the same press conference, Parish Sheriff Mark Conley stated that the J.P. Landfill gas collection system has been collecting only twenty percent (20%) of the gas emitted from landfill operations, whereas a properly operating system would collect ninety-seven to ninety-eight percent of gas emissions, "[s]o that is why the Parish president is stressing that we realize we have problems...right now, a lot of our priority, in the name of public safety and our police powers, is to address the existing system, get it operational, and to pull as much gas out of that landfill as we can."

## X.

At the same press conference, Parish Councilman Paul Johnson stated that the odor from the J.P. Landfill

"has gotten really bad in the past for our five months...we are all going to experience odors from the landfill because it's a landfill. But, not those we have been having for the past three or five months. It's been really bad. I have been woken up at night with my nose burning and couldn't breathe at three or four o'clock in the morning. This has happened to me more than one time...we know the landfill is causing problems and we know it is a big source of problems...."

## XI.

At the same press conference, Doctor Joseph Cantor, Medical Director and Administrator for Region 1 of the Louisiana Department of Health, warned that when the odors are at "a high level, residents should, if they are able to, leave the area and particularly if they have certain chronic conditions which put them at increased risk mainly pulmonary disease and asthma COPD."[1]]

## XII.

On or about June 22, 2018, the LDEQ issued a Compliance Order to the Parish which, among other things, found that the Parish has violated its Landfill Permit and applicable environmental regulations by (i) failing to provide daily cover and (ii) failing to properly operate

---

[1] A video recording of the July 23 press conference can be accessed at https://www.facebook.com/NOLAnews/videos/10155793116437060/ (last visited Aug. 4, 2018).

04/09/2019 11:39:56 CERTIFIED TRUE COPY - Pg:12 of 21 - Jefferson Parish Clerk of Court - ID:1948302

JON A. GEGENHEIMER

24th E-Filed: 04/09/2019 10:44:57 Case: 794011 Div:A Atty:035182 S ELIZA  JAMES

the system that is intended to collect leachate – the liquid brew that drains from a landfill and carries with it numerous harmful chemicals.

### XIII.

The LDEQ inspectors found areas of pooled leachate and leachate flowing downhill from the pooled leachate.

### XIV.

The United States Environmental Protection Agency ("EPA") has established general screening levels for various pollutants.   These screening levels are chemical-specific concentrations for individual contaminants in air that may warrant further investigation or site cleanup.[2]  A chronic screening level addresses potential chronic exposure to a chemical.

### XV.

Air samples collected by the LDEQ in the communities of River Ridge, Harahan and Waggaman between July 20, 2018 through approximately July 28, 2018 were found to contain numerous chemical compounds at concentrations that exceed EPA's chronic screening levels, including acrolein, 1, 2-dichloroethane, benzene, carbon tetrachloride, and naphthalene. All of these compounds are multimodal toxicants, in that they are potential or actual human carcinogens and also have other toxic effects.  The air samples collected by LDEQ also contained hydrogen sulfide at concentrations that exceed EPA's chronic screening levels.  Hydrogen sulfide is a potentially toxic compound.  All of these compounds are typically found in the gases generated by landfills like the Jefferson Parish Landfill.

### XVI.

In a report dated August 15, 2018, prepared for the Parish by its environmental consultant, Carson Environmental Consulting ("CEC"), CEC made several findings, including, among other things, that there are numerous deficiencies in "the landfill gas condensate and leachate collection pumping systems[,]" and that the infrastructure for these systems requires immediate improvement "to meet the Parish's performance objectives."  In addition, CEC concluded that improved operation and maintenance of the J.P. Landfill requires the Parish's "focused attention."

---

[2] https://www.epa.gov/risk/regional-screening-levels-rsls-users-guide (last visited, Nov. 21, 2018).

04/09/2019 11:39:56 CERTIFIED TRUE COPY - Pg:13 of 21 - Jefferson Parish Clerk of Court - ID:1948302

24th E-Filed: 04/09/2019 10:44:57 Case: 794011 Div:A Atty:035182 S ELIZA  JAMES

**XX.**

On information and belief, on or about December 5, 2018 the Commissioner of the LDEQ informed the Parish that there is "no doubt" in his mind that the JP Landfill is the primary source the odors experienced by residents of the communities in which Petitioners reside.

**XXI.**

On information and belief, Defendant ABC Corporation has issued a policy of insurance to Defendant Louisiana Regional Landfill Company that covers the acts and omissions alleged herein. Petitioners will amend this Petition to identify ABC Corporation once its identity is known.

**XXII.**

On information and belief, Defendant DEF Corporation has issued a policy of insurance to Defendant Waste Connections Bayou, Inc. that covers the acts and omissions alleged herein. Petitioners will amend this Petition to identify DEF Corporation once its identity is known.

**XXIII.**

On information and belief, Defendant GHI Corporation has issued a policy of insurance to Defendant Waste Connections US, Inc. that covers the acts and omissions alleged herein. Petitioners will amend this Petition to identify GHI Corporation once its identity is known.

**XXIV.**

On information and belief, Defendant JKL Corporation has issued a policy of insurance to Defendant Aptim Corporation that covers the acts and omissions alleged herein. Petitioners will amend this Petition to identify JKL Corporation once its identity is known.

**XXV.**

On information and belief, Defendant MNO Corporation has issued a policy of insurance to Defendant Parish of Jefferson that covers the acts and omissions alleged herein. Petitioners will amend this Petition to identify JKL Corporation once its identity is known.

**XXVI.**

**PROXIMATE CAUSE AND BAD ACTS**

The Defendants' failure to properly design, operate and maintain the J.P. Landfill, including its gas and leachate collection systems, have caused harmful, noxious and repulsive odors and chemicals to be released from the J.P. Landfill into the surrounding environment on and

24th E-Filed: 04/09/2019 10:44:57 Case: 794011 Div:A Atty:035182 S ELIZA  JAMES

14

JON A. GEGENHEIMER

1730

in to Petitioners' homes and immovable property, resulting in Petitioners' continuing exposure to these odors and chemicals.

## XXVII.

These odors and chemicals have also caused these Petitioners to suffer physical and other harm including, but not limited to difficulties breathing, coughing, nausea, burning eyes, ears, noses and throats, dizziness, loss of appetite, fatigue and lethargy, as well as fear, anguish, anxiety and mental pain and suffering.

## XXVIII.

Defendants' actions and omissions with respect to the design, operation and maintenance of the J.P. Landfill are the direct and proximate cause of the injuries and harm suffered by each of the Petitioners as alleged above.

## XXVIX.

Defendants' actions and omissions as outlined above also have caused a diminution in the value of Petitioners' immovable property.

## XXX.

These odors have been pervasive and persistent.  They have continued to the present and are likely to continue for the foreseeable future.  The emissions constitute a continuing tort.

## XXXI.

Defendants' acts and omissions in owning, designing, operating and/or maintaining the J.P. Landfill as described above constitute an unreasonable interference with each of the Petitioners' comfortable use and enjoyment of their homes.

## XXXII.

Defendants are liable to the Petitioners for all damages they have suffered, including bodily harm, diminution of property value and fear, anguish, and mental pain and suffering, on account of nuisance.

## XXXIII.

These physical invasions of noxious odors and chemicals constitute a trespass causing Petitioners to suffer physical harm, diminution in property value and rental value, inconvenience, and loss of enjoyment of property, as well as fear, anguish and mental pain and suffering.

24th E-Filed: 04/09/2019 10:44:57 Case: 794011 Div:A Atty:035182 S ELIZA JAMES

15

JON A. GEGENHEIMER

1731

### XXXV.

The emissions of these harmful odors and chemicals have been pervasive and persistent and constitute a continuing tort.

### XXXVI.

The Defendants' illegal actions and omissions in owning and operating the J.P. Landfill continue to this day and, unless enjoined by this Court, will continue for the indefinite future. Accordingly, Petitioners are entitled to a permanent injunction ordering the Defendants to abate the continuing nuisance and cease the trespasses caused and created by the J.P. Landfill, including the emission of noxious odors and chemicals, and to take all necessary reasonable actions required to accomplish same.

### XXXVII.

Each of the Defendants had a duty to Petitioners to exercise reasonable care in the design, ownership and/or operation of the Landfills, including without limitation the duty to comply with applicable environmental laws and regulations and otherwise to ensure that the Landfills were operated in a manner that does not jeopardize their health, immovable property, environment, and quality of life.

### XXXVIII.

Each of the Defendants breached such duties of care to the Petitioners by, among other things:

i.   Failing to properly design, operate and maintain the J.P. Landfill, thus allowing noxious and harmful odors and chemicals to be released from the J.P. Landfill and introduced in the atmosphere and surrounding neighborhoods;

ii.  Failing to take careful and prudent precautionary measures to ensure that these releases would not occur;

iii. Failing to design, operate and maintain the J.P. Landfill in a manner that does not cause harm to others and, in particular, its neighbors;

iv.  Failing to comply with applicable regulations governing the design, operation and maintenance of the J.P. Landfill;

24th E-Filed: 04/09/2019 10:44:57 Case: 794011 Div:A Atty:035182 S ELIZA  JAMES



16

JON A. GEGENHEIMER

1732

v.  Being inattentive and careless in the overall design, operation and maintenance of the J.P. Landfill;

vi.  Failing to remediate and repair the failures in design, operation and maintenance of the J.P. Landfill as they became known to the Defendants;

vii.  Any and all other acts of negligence which may be revealed between now and the time of trial.

### XXXIX.

The Defendants' failure to comply with their duties of care to the Petitioners were and are a cause in fact and a legal cause of Petitioners' injuries, and each of the Petitioners has suffered damages as a result thereof, including physical harm, diminution in property value and fear, anguish and mental pain and suffering as well as loss of use and enjoyment of their immovable property and diminution in the value of said property.

### XL.

The Parish's ownership and operation of the J.P. Landfill has caused substantial damage to the value of Petitioners' respective interests in their immovable property.

### XLI.

The Parish knew, or in the exercise of reasonable care, should have known, that its failure to properly design, operate and maintain the J.P. Landfill would cause damage to Petitioners, and such damage could have been prevented by the exercise of reasonable care.  The Parish, as owner of the J.P. Landfill, failed to exercise such reasonable care.

### XLII.

In committing the acts and omissions described above, the Defendants have breached their contractual obligations, of which Petitioners are third party beneficiaries, arising under the contracts between the Parish and all other Defendants herein pertaining to the design, operation and maintenance of the J.P. Landfill.

### XLIII.

In committing the foregoing acts and omissions, Defendants have violated, *inter alia*, Civil Code Articles 667, 669, 2315, 2316, and 2317.1, which has caused and continues to cause each of

24th E-Filed: 04/09/2019 10:44:57 Case: 794011 Div:A Atty:035182 S ELIZA JAMES



04/09/2019 11:39:56 CERTIFIED TRUE COPY - Pg:17 of 21 - Jefferson Parish Clerk of Court - ID:1948302

JON A. GEGENHEIMER

1733

the Petitioners damages including nuisance damages; physical harm and mental fear, anguish, pain and suffering; and diminution in property value.

### XLIV.

Further, Petitioners' interest is their immovable property is a property right protected by the Louisiana Constitution.

### XLV.

Petitioners' interest in their real property has been taken and damaged by the actions of Jefferson Parish as set forth above.

### XLVI.

Such taking and damage was for a public purpose – to wit, the operation of a public landfill for the purpose of handling and disposing of waste generated by the citizens of Jefferson Parish and others.

### XLVII.

The Parish is liable to the Petitioners for damages caused by the Parish's unconstitutional taking of their immovable property without paying just compensation pursuant to Article I, Section 4(B) of the Louisiana Constitution.

### XLVIII.

The Parish's taking of Petitioners' property without just compensation constitutions a deprivation of their property without due process of law pursuant to Article I, Section 2 of the Louisiana Constitution.

### XLIX.

The Parish is liable to the Petitioners for damages caused by the Parish's violation of Petitioners' due process rights.

### L.

### REQUEST FOR TRIAL BY JURY

**PETITIONERS REQUEST A JURY TRIAL AS TO ALL CLAIMS TRIABLE BY JURY.**

### LI.

### PRAYER FOR RELIEF

24th E-Filed: 04/09/2019 10:44:57 Case: 794011 Div:A Atty:035182 S ELIZA JAMES



JON A. GEGENHEIMER

18

04/09/2019 11:39:56 CERTIFIED TRUE COPY - Pg:18 of 21 - Jefferson Parish Clerk of Court - ID:1948302

**WHEREFORE,** Petitioners pray that:

(a) Judgment be entered declaring each of the Defendants jointly, severally and *in solido* liable to each of the Petitioners for all damages (and awarding all such damages), including physical and bodily harm, loss of use and enjoyment of their homes, diminution in property value, lost wages, medical expenses and mental pain and suffering;

(b) Judgment be entered against the Parish declaring it liable for inverse condemnation, and awarding to each of the Petitioners just compensation for the unconstitutional taking of their interests in real property and/or a deprivation of due process;

(c) Judgment be entered against all Defendants for all additional damages as are just and reasonable under the circumstances, including but not limited to the cost of alternative housing and medical testing;

(d) The Defendants be permanently enjoined and ordered to abate the nuisances and trespasses, and to take all reasonable and necessary measures to cease the harmful emissions from the J.P. Landfill.

(e) The Defendants be required to provide medical monitoring for all Petitioners as appropriate;

(f) Prejudgment and post-judgment interest on all damages be awarded;

(g) Petitioners be awarded all costs for prosecution of this action and attorney fees;

(h) Damages be awarded for all other injuries that may be proved at trial; and

(i) This Court award such other and further relief as it may deem just and proper.

**Respectfully submitted,**

FORREST CRESSEY & JAMES, LLC

/s/ S. Eliza James
_____
Byron Forrest (La. Bar No. 35481)
Nicholas Cressey (La. Bar No. 35725)
S. Eliza James (La. Bar No. 35182)
One Canal Place
365 Canal Street, Suite 1475
New Orleans, Louisiana 70130

19

24th E-Filed: 04/09/2019 10:44:57 Case: 794011 Div:A Atty:035182 S ELIZA JAMES



Byron@fcjlaw.com
Eliza@fcjlaw.com
Tele: 504.605.0777
Fax:   504.322.3884

OF COUNSEL:
Barry S. Neuman (*Pro Hac Vice* application
to be submitted)
Erik Bolog
C. Allen Foster
Adrian Sneed
WHITEFORD TAYLOR PRESTON, LLP
1800 M Street, NW
Suite 450N
Washington, DC 20036
(202) 659-6800

**PLEASE SERVE:**
**LOUISIANA REGIONAL LANDFILL COMPANY**
Through its Agent for Service
Corporation Service Company
501 Louisiana Avenue
Baton Rouge, LA 70802

**WASTE CONNECTIONS BAYOU, INC.**
Through its Agent for Service
Corporation Service Company
501 Louisiana Ave.
Baton Rouge, LA 70802

**WASTE CONNECTIONS US, INC.**
Through its Agent for Service
Via long arm through its Agent
Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808

**APTIM CORP.**
Through its Agent for Service
CT Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

**PARISH OF JEFFERSON**
Through its Agent for Service
Parish Attorney for the Parish of Jefferson
1221 Elmwood Park Blvd., Suite 701
Jefferson, LA 70123

**ABC CORP.**
*Address unknown at this time.*

**DEF CORP.**
*Address unknown at this time.*

**GHI CORP.**
*Address unknown at this time.*

24th E-Filed: 04/09/2019 10:44:57 Case: 794011 Div:A Atty:035182 S ELIZA JAMES



JON A. GEGENHEIMER

04/09/2019 11:39:56 CERTIFIED TRUE COPY - Pg:20 of 21 - Jefferson Parish Clerk of Court - ID:1948302

**JKL CORP.**
*Address unknown at this time.*

**MNO CORP.**
*Address unknown at this time.*

24th E-Filed: 04/09/2019 10:44:57 Case: 794011 Div:A Atty:035182 S ELIZA   JAMES



04/09/2019 11:39:56 CERTIFIED TRUE COPY - Pg:21 of 21 - Jefferson Parish Clerk of Court - ID:1948302

```
x  x  x  COMMUNICATION RESULT REPORT ( JUN. 4. 2019  4:34PM ) x  x  x

                                    FAX HEADER 1:  CONNICK AND CONNICK, L. L. C.
                                    FAX HEADER 2:  S. GUY DELAUP

TRANSMITTED/STORED : JUN. 4. 2019  4:23PM
FILE MODE         OPTION              ADDRESS                    RESULT      PAGE
---------------------------------------------------------------------------------
5204 MEMORY TX                        Clerk of Court             OK          10/10
```

```
---------------------------------------------------------------------------------
   REASON FOR ERROR
     E-1) HANG UP OR LINE FAIL              E-2) BUSY
     E-3) NO ANSWER                         E-4) NO FACSIMILE CONNECTION
```

## CONNICK AND CONNICK, L.L.C.
### ATTORNEYS AT LAW

WILLIAM PETER CONNICK
MICHAEL S. FUTRELL
MICHAEL F. NOLAN

ELIZABETH O. CLINTON
MICHAEL J. MONISTERE
MATTHEW D. MOGHIS
BRENDAN P. CONNICK
ELIZABETH A. ZAVALA
LAURA M. BLOUIN
NOAH R. SORER

3421 NORTH CAUSEWAY BOULEVARD SUITE 408
METAIRIE, LOUISIANA 70002

TELEPHONE: (504) 838-8777
FACSIMILE: (504) 838-9903
WEBSITE: www.connicklaw.com

OF COUNSEL,

PAUL D. CONNICK, JR.

DIRECT DIAL: (504) 681-4638
EMAIL: moghis@connicklaw.com

June 4, 2019

CLERK OF COURT
24TH JUDICIAL DISTRICT COURT
200 Derbigny Street
Gretna, Louisiana 70053
Phone: (504) 364-2900
Fax:   (504) 364-3780

Re:   *Regenia Griffin, et al. v. Louisiana Regional Landfill Company, et al.*
      Court: 24th JDC, Case No. 794-011, Division "A"
      File No.: 81.192919

Dear Sir/Madam,

    Please find attached Defendants' (1) Unopposed Motion and Incorporated Memorandum in Support to Transfer and Declinatory Exception of Lis Pendens and (2) Order of Transfer, which I ask that you fax file in connection with the above-captioned matter. Please advise as to the costs associated with this request so that a check to cover same can be forwarded with the original. Please return a filed copy of same to my office in the self-addressed stamped envelope.

    Thanking you in advance for your cooperation, I remain

                            Sincerely,

                            CONNICK AND CONNICK, L.L.C.

                            MATTHEW D. MOGHIS

MDM/js
Attachments

**CONNICK AND CONNICK, L.L.C.**
**ATTORNEYS AT LAW**

WILLIAM PETER CONNICK
MICHAEL S. FUTRELL
MICHAEL F. NOLAN

3421 NORTH CAUSEWAY BOULEVARD SUITE 408
METAIRIE, LOUISIANA 70002

OF COUNSEL,

PAUL D. CONNICK, JR.

ELIZABETH O. CLINTON
MICHAEL J. MONISTERE
MATTHEW D. MOGHIS
BRENDAN P. CONNICK
ELIZABETH A. ZAVALA
LAURA M. BLOUIN
NOAH R. BORER

TELEPHONE: (504) 838-8777
FACSIMILE: (504) 838-9903
WEBSITE: www.connicklaw.com

DIRECT DIAL: (504) 681-6658
EMAIL: moghis@connicklaw.com

June 4, 2019

CLERK OF COURT
24TH JUDICIAL DISTRICT COURT
200 Derbigny Street
Gretna, Louisiana 70053
Phone: (504) 364-2900
Fax:     (504) 364-3780

> Re:   *Regenia Griffin, et al. v. Louisiana Regional Landfill Company, et al.*
>         Court:  24th JDC, Case No. 794-011, Division "A"
>         File No.: 81.192919

Dear Sir/Madam,

Please find attached Defendants' (1) Unopposed Motion and Incorporated Memorandum in Support to Transfer and Declinatory Exception of Lis Pendens and (2) Order of Transfer, which I ask that you fax file in connection with the above-captioned matter.  Please advise as to the costs associated with this request so that a check to cover same can be forwarded with the original. Please return a filed copy of same to my office in the self-addressed stamped envelope.

Thanking you in advance for your cooperation, I remain

Sincerely,

CONNICK AND CONNICK, L.L.C.

MATTHEW D. MOGHIS

MDM/js
Attachments

**24TH JUDICIAL DISTRICT FOR THE PARISH OF JEFFERSON**

**STATE OF LOUISIANA**

NO. 794-011                                                                          DIVISION "A"

**REGENIA GRIFFIN, et al.**

**VERSUS**

**LOUISIANA REGIONAL LANDFILL COMPANY, et al.**

FILED: _____          _____

                                                                 **DEPUTY CLERK**

### UNOPPOSED MOTION AND INCORPORATED MEMORANDUM IN SUPPORT TO TRANSFER AND DECLINATORY EXCEPTION OF LIS PENDENS

**NOW INTO COURT,** through undersigned counsel, come Defendants, The Parish of Jefferson, Waste Connections US, Inc., Waste Connections Bayou, Inc., Louisiana Regional Landfill Company, and Aptim Corp., who respectfully move as follows:

**I.**

On May 9, 2019, a hearing was held before Judge Stephen C. Grefer on a Motion to Consolidate five (5) pending cases (including the instant matter) with *Frederick Addison, et al. v. Louisiana Regional Landfill Company, et al.* ("*Addison*"), Docket No. 790-369, Division "J."[1]

**II.**

After considering the pleadings, memoranda, and argument of counsel, Judge Grefer granted the Motion to Consolidate, ruling that all five (5) cases would be consolidated with *Addison*.

**III.**

The Judgment reflecting Judge Grefer's ruling was signed on May 22, 2019.[2]

---

[1] *Frederick Addison, et al. v. Louisiana Regional Landfill Company, et al.,* Docket No. 790-369, Division "J"; *Michael Brunet, et al. v. Louisiana Regional Landfill Company, et al.,* Docket No. 793-088, Division "O"; *Mary Ann Winningkof, et al. v. Louisiana Regional Landfill Company, et al.,* Docket No. 793-784, Division "M"; *Rickey Calligan, et al. v. Louisiana Regional Landfill Company, et al.,* Docket No. 793-908, Division "L"; and *Regenia Griffin, et al. v. Louisiana Regional Landfill Company, et al.,* Docket No. 794-011, Division "A."

[2] Judgment, executed on May 22, 2019, attached hereto and marked as "Exhibit A."

**1 of 5**

**IV.**

As indicated by the Judgment, Judge Grefer ordered the filing of this Motion to Transfer, in order to transfer and re-allot this matter to Division "J" so that it is consolidated with *Addison*.

**V.**

Counsel for Plaintiffs consent to this Motion to Transfer.[3]

**VI.**

Out of an abundance of caution, Defendants plead a Declinatory Exception of Lis Pendens pursuant to Louisiana Code of Civil Procedure articles 531, 532, and 925, which will be fully briefed pursuant to deadlines previously established by Judge Grefer for the filing of responsive pleadings after transfer is completed. A court may dismiss or stay a subsequently filed action under the doctrine of lis pendens when there is an earlier-filed pending action that is based "on the same transaction or occurrence, [and] between the same parties in the same capacities[.]"[4] In this case, Plaintiffs filed this lawsuit while four (4) nearly identical proposed class action lawsuits (now consolidated) are pending before the United States District Court for the Eastern District of Louisiana. Like the *Addison* case, this matter clearly arises from the same transaction or occurrence (odors allegedly emanating from the Jefferson Parish Landfill), and under Louisiana Supreme Court precedent, involve the same parties in the same capacities Accordingly, this case should be dismissed or stayed pending the outcome of the Federal Court matters.

*(Continued on next page)*

---

[3] Email from Barry S. Neuman, dated May 16, 2019 at 11:06 AM, attached hereto and marked as "Exhibit B."

[4] La. C.C.P. art. 531 (case may be dismissed when earlier filed case pending in Louisiana state court), art. 532 (case may be stayed when earlier filed action pending in federal court); *see also Brooks Well Servicing, Inc. v. Cudd Pressure Control, Inc.*, 850 So. 2d 1027, 1031 (La. App. 2 Cir. 2003); *Aisola v. Louisiana Citizens Prop. Ins. Corp.*, 180 So. 3d 266, 269 (La. 2015).

**2 of 5**

**WHEREFORE**, Defendants, The Parish of Jefferson, Waste Connections US, Inc., Waste Connections Bayou, Inc., Louisiana Regional Landfill Company, and Aptim Corp., pray that this Motion to Transfer be granted, and that this matter be transferred to Division "J" of the 24th Judicial District Court and consolidated with *Frederick Addison, et al. v. Louisiana Regional Landfill Company, et al.,* Docket No. 790-369, Division "J."

Respectfully submitted,

**GEIGER, LABORDE & LAPEROUSE, LLC**

   /s/ William A. Barousse
ERNEST P. GEIGER, JR., LA. BAR NO. 6154
WILLIAM A. BAROUSSE, LA. BAR NO. 29748
J. MICHAEL DIGIGLIA, LA. BAR NO. 24378
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139
Telephone:   (504) 561-0400
Facsimile:    (504) 561-1011
E-mail:        wbarousse@glllaw.com

*Counsel for Defendant, Aptim Corp.*

**CONNICK AND CONNICK, LLC**

WILLIAM P. CONNICK, LA. BAR NO. 14158
MICHAEL S. FUTRELL, LA. BAR NO. 20819
MATTHEW D. MOGHIS, LA. BAR NO. 33994
3421 N. Causeway Blvd., Suite 408
Metairie, Louisiana 70002
Telephone:   (504) 681-6658
Facsimile:    (504) 838-9903
E-mail:        moghis@connicklaw.com

*Counsel for Defendant, Jefferson Parish*

**BRADLEY MURCHISON KELLY & SHEA, LLC**

   /s/ David R. Taggart
DAVID R. TAGGART, LA. BAR NO. 12626
401 Edwards Street, Suite 1000
Shreveport, Louisiana 71101
Telephone:   (318) 227-1131
Facsimile:    (318) 227-1141
Email:         dtaggart@bradleyfirm.com

*Counsel for Defendant,*
*Waste Connections US, Inc.*

   /s/ Michael C. Mims
MICHAEL C. MIMS, LA. BAR NO. 33991
1100 Poydras Street Suite 2700
New Orleans, Louisiana 70163
Telephone:   (504) 596-6300
Facsimile:    (504) 596-6301
Email:         mmims@bradleyfirm.com

*Counsel for Defendant,*
*Waste Connections US, Inc.*

*(Signature blocks continued on next page)*

**3 of 5**

**BEVERIDGE & DIAMOND, P.C.**

  /s/ Megan R. Brillault                                  /s/ James B. Slaughter
MEGAN R. BRILLAULT (*PRO HAC VICE*)
MICHAEL G. MURPHY (*PRO HAC VICE*)
JOHN H. PAUL (*PRO HAC VICE*)
477 Madison Avenue, 15th Floor
New York, New York 10022
Telephone:   (212) 702-5400
Email:        *mbrillault@bdlaw.com*

JAMES B. SLAUGHTER (*PRO HAC VICE*)
1350 I Street, Northwest, Suite 700
Washington, DC 20005
Telephone:   (202) 789-6000
Email:        *jslaughter@bdlaw.com*

*Counsel for Defendant,*
*Waste Connections US, Inc.*

*Counsel for Defendant,*
*Waste Connections US, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has this date been served on all known counsel of record in this proceeding by:

( )   Hand Delivery           ( )   Prepaid U.S. Mail
(X)   Email                     ( )   Facsimile

Metairie, Louisiana this 4th day of June, 2019.

MATTHEW D. MOGHIS

**24TH JUDICIAL DISTRICT FOR THE PARISH OF JEFFERSON**

**STATE OF LOUISIANA**

**NO. 794-011**                                                                                              **DIVISION "A"**

**REGENIA GRIFFIN, et al.**

**VERSUS**

**LOUISIANA REGIONAL LANDFILL COMPANY, et al.**

FILED: _____          _____
                                                                                    **DEPUTY CLERK**

**ORDER OF TRANSFER**

**IT IS ORDERED BY THE COURT** that the above numbered and entitled matter

be transferred to the docket of the Honorable Judge Stephen Grefer, Division "J" of the

24th Judicial District Court, in and for the Parish of Jefferson, State of Louisiana, for all

further proceedings and final disposition.

Gretna, Louisiana, this _____ day of _____, 2019.


_____
**JUDGE RAYMOND S. "RAY" STEIB, JR.**


**APPROVED AND ACCEPTED:**

Gretna, Louisiana, this _____ day of _____, 2019.


_____
**JUDGE STEPHEN GREFER**


**5** of **5**

Filed by: **Fax**
Date: _May 17, 2019_
Time: _11:46 AM_
Deputy Clerk: _Jeu(Calvas)_
(SEE ATTACHED LOG)

FILED FOR RECORD 05/22/2019 11:17:09
Jessica F. Matherne, DY CLERK
JEFFERSON PARISH, LA

## 24TH JUDICIAL DISTRICT FOR THE PARISH OF JEFFERSON

### STATE OF LOUISIANA

NO. 790-369                                                    DIVISION "J"

### FREDERICK ADDISON, et. al.

### VERSUS

### LOUISIANA REGIONAL LANDFILL COMPANY, et. al.

FILED: _____

_____
DEPUTY CLERK

### JUDGMENT ON DEFENDANT JEFFERSON PARISH'S MOTION TO TEMPORARILY LIFT STAY AND MOTION TO CONSOLIDATE AND ON PLAINTIFFS FREDERICK ADDISON ET. AL.'S MOTION TO PERMENANTLY LIFT STAY

**ON MAY 9, 2019,** hearing was held on Jefferson Parish's Motion to Temporarily Lift Stay and Motion to Consolidate, which was adopted by Waste Connections US, Inc and Plaintiffs Frederick Addison *et. al.*'s Motion to Permanently Lift Stay. Present at the hearing were:

MATTHEW D. MOGHIS, *counsel for Jefferson Parish;*

DAVID TAGGART, MICHAEL MIMS and MEGAN R. BRILLAULT, *counsel for Waste Connections US, Inc.;* and

BARRY S. NEUMAN, C. Allen Foster, S. Eliza James, Byron Forrest, and Nicholas Cressy *counsel for Plaintiffs.*

**CONSIDERING** the law, evidence, and argument of counsel, for the reasons orally assigned:

**IT IS ORDERED, ADJUDGED, AND DECREED** that Jefferson Parish's Motion to Temporarily Lift Stay and Motion to Consolidate be and is hereby GRANTED, consolidating and transferring the following matters to this Division with the above-titled matter:

1. *Charles Anderson, et al. v. Louisiana Regional Landfill Company, et al.*
   Docket No. 792-502
   Division "O"

2. *Michael Brunet, et al. v. Louisiana Regional Landfill Company, et al.*
   Docket No. 793-088
   Division "O"

1745



EXHIBIT

A

3. *Mary Ann Winningkof, et al. v. Louisiana Regional Landfill Company, et al.*
   Docket No. 793-784
   Division "M"

4. *Rickey Calligan, et al. v. Louisiana Regional Landfill Company, et al.*
   Docket No. 793-908
   Division "L"

5. *Regenia Griffin, et al. v. Louisiana Regional Landfill Company, et al.*
   Docket No. 794-011
   Division "A"

   (collectively, the "Related Actions")

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, upon execution of this Judgment, Jefferson Parish will submit Motions to Transfer, attaching this Judgment, in the respective Divisions where each of the above-listed cases is currently pending.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the parties shall have until and including May 16, 2019 to submit post-hearing memoranda with respect to Plaintiffs' Motion to Permanently Lift Stay, after submission of which the Court will issue a ruling on Plaintiffs' Motion.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that all Defendants shall have an extension of time to file responsive pleadings in the Related Actions pending further instructions by this Court.

Gretna, Louisiana, this _22nd_ day of _May_, 2019.

_____
**JUDGE STEPHEN C. GREFER**

OT owes GOVT

**Matthew Moghis**

| | |
|---|---|
| **From:** | Neuman, Barry S. <BNeuman@wtplaw.com> |
| **Sent:** | Thursday, May 16, 2019 11:06 AM |
| **To:** | Matthew Moghis |
| **Subject:** | RE: Joint/Unopposed Motion to Transfer (Addison; Anderson; etc.) |

We consent.

*Barry S. Neuman*
Whiteford, Taylor & Preston LLP
1800 M Street NW
Suite 450N
Washington, DC 20036
Tele: 202.659.6761
Fax:  202.327.6151

**From:** Matthew Moghis <moghis@connicklaw.com>
**Sent:** Thursday, May 16, 2019 10:42 AM
**To:** Neuman, Barry S. <BNeuman@wtplaw.com>
**Cc:** Eliza James <eliza@fcjlaw.com>; Byron Forrest <byron@fcjlaw.com>; Nicholas Cressy <nicholas@fcjlaw.com>
**Subject:** [EXTERNAL] RE: Joint/Unopposed Motion to Transfer (Addison; Anderson; etc.)

This is a different matter.

I am referring to the Motions to Transfer in the other cases, not the Order in Addison.

**From:** Neuman, Barry S. <BNeuman@wtplaw.com>
**Sent:** Thursday, May 16, 2019 9:38 AM
**To:** Matthew Moghis <moghis@connicklaw.com>
**Cc:** Eliza James <eliza@fcjlaw.com>; Byron Forrest <byron@fcjlaw.com>; Nicholas Cressy <nicholas@fcjlaw.com>
**Subject:** Re: Joint/Unopposed Motion to Transfer (Addison; Anderson; etc.)

We will have comments on your draft order today

Sent from my iPhone

On May 16, 2019, at 10:00 AM, Matthew Moghis <moghis@connicklaw.com> wrote:

> Barry,
>
> I left a voicemail earlier this morning, but to follow up:
>
> We are preparing the Motions to Transfer to transfer the subsequent cases to Judge Grefer's division in accordance with his orders. We would like to file them as either joint or unopposed motions. Do we have your consent to do so?
>
> Feel free to call me if you would like to discuss in greater detail.
>
> Thank you,

1



EXHIBIT

B

MATTHEW D. MOGHIS
CONNICK AND CONNICK, L.L.C.
3421 N. Causeway Blvd., Suite 408
Metairie, Louisiana 70002
Telephone: (504) 681-6658
Facsimile: (504) 838-9903
E-mail: moghis@connicklaw.com
Website: www.connicklaw.com [connicklaw.com]

This e-mail transmission and any attachments it may contain is confidential information belonging to the sender which is protected by the attorney-client privilege. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this e-mail in error, please immediately notify us by telephone.

---

This transmission contains information from the law firm of Whiteford, Taylor & Preston LLP which may be confidential and/or privileged. The information is intended to be for the exclusive use of the planned recipient. If you are not the intended recipient, be advised that any disclosure, copying, distribution or other use of this information is strictly prohibited. If you have received this transmission in error, please notify the sender immediately.

2

(101) CITATION: PETITION FOR DAMAGES;                    190402-3435-3

### 24TH JUDICIAL DISTRICT COURT
### PARISH OF JEFFERSON
### STATE OF LOUISIANA

MARY ANN WINNINGKOF, CURTIS ADAMS, HEATHER
ADAMS, SARAH ADAMS, TABITHA ADAMS, DEVIN
ALEXANDER, DIONNE ALEXANDER, LIONEL
ALEXANDER, ANNA ALEXIE, JUANITA AHYSEN,
RICHARD AHYSEN, SEDONIA AUGUSTINE, DABNIS
BELL, DARIUS BELL, JARED BELL, JOURNI BELL,
MILDRED BELL, STEPHANIE THOMAS BELL,
STEPHANIE THOMAS, AARON BRADLEY, SHIQUITA
BROOKS, ADAM BROSN, KEVIN BROOKS, WILLIE
FAYE BROOKS, PATRICK BURNETT, SARAH
BURNETT, KATE BURNETT, MICHAQEL BURNETT,
PATRICK BURNETT, JOHNNY CHATMAN, KEVIN          Case: 793-784   Div: "M"
CHIRLOW JR, CHERYL CLARK, JENAE CLARK,          P 1 MARY ANN WINNINGKOF
MARCUS WILLIAMS JR, ALYSIA COLLINS, LINDA ANN
CORLEY, LYNDAYLE HUMPHREY, SKY HAWKINS,
YOLAND DIXON, GREGORY JACON, RASHAD DIXON,
CRAYONNA DIXON
   versus
LOUISANA REGIONAL LANDFILL COMPAÑY, IESI LA
LANDFILL CORPORATION, WASTE CONNECTIONS
BAYOU INC, PROGRESSIVE WASTE SOLUTIONS OF
LA INC, WASTE CONNECTIONS US INC, APTIM CORP,
PARISH OF JEFFERSON, ABC CORP, DEF CORP, GHI
CORP, JKL CORP, MNO CORP

To:  WASTE CONNECTIONS US INC
THROUGH CORPORATION SERVICE COMPANY
251 LITTLE FALLS DRIVE                           LA Long Arm
WILMINGTON DE 19808


PARISH OF JEFFERSON

You are hereby summoned to comply with the demand contained in the PETITION FOR
DAMAGES of which a true and correct copy accompanies this citation, or make an appearance
either by filing a pleading or otherwise, in the 24th Judicial District Court in and for the Parish of
Jefferson, State of Louisiana, within 30 THIRTY CALENDAR days after the return of service
hereof, under penalty of default.


This service was requested by attorney S ELIZA JAMES and was issued by the Clerk of Court
on the 2nd day of April, 2019.


            /s/ Rod A Schouest
            Rod A Schouest, Deputy Clerk of Court for
            Jon A. Gegenheimer, Clerk of Court


_____ SERVICE INFORMATION _____

(101) CITATION: PETITION FOR DAMAGES;                    190402-3435-3

Received:_____    Served:_____    Returned:_____

Service was made:
    ___ Personal          ___ Domicilary _____

Unable to serve:
    ___ Not at this address    ___ Numerous attempts _____ times
    ___ Vacant                ___ Received too late to serve
    ___ Moved                 ___ No longer works at this address
    ___ No such address        ___ Need apartment / building number
    ___ Other _____

Service: $_____    Mileage: $_____   Thomas F. Donelon Courthouse: 200 Derbigny St. : Gretna LA 70053
Page 1 of 2

Completed by:_____ # _____
                         Deputy Sheriff
Parish of: _____

Thomas F. Donelon Courthouse : 200 Derbigny St. : Gretna LA 70053

1750

(101) CITATION: PETITION FOR DAMAGES;                    190402-3435-3

## 24TH JUDICIAL DISTRICT COURT
## PARISH OF JEFFERSON
## STATE OF LOUISIANA

MARY ANN WINNINGKOF, CURTIS ADAMS, HEATHER
ADAMS, SARAH ADAMS, TABITHA ADAMS, DEVIN
ALEXANDER, DIONNE ALEXANDER, LIONEL
ALEXANDER, ANNA ALEXIE, JUANITA AHYSEN,
RICHARD AHYSEN, SEDONIA AUGUSTINE, DABNIS
BELL, DARIUS BELL, JARED BELL, JOURNI BELL,
MILDRED BELL, STEPHANIE THOMAS BELL,
STEPHANIE THOMAS, AARON BRADLEY, SHIQUITA
BROOKS, ADAM BROSN, KEVIN BROOKS, WILLIE
FAYE BROOKS, PATRICK BURNETT, SARAH
BURNETT, KATE BURNETT, MICHAQEL BURNETT,
PATRICK BURNETT, JOHNNY CHATMAN, KEVIN          Case: 793-784    Div: "M"
CHIRLOW JR, CHERYL CLARK, JENAE CLARK,          P 1 MARY ANN WINNINGKOF
MARCUS WILLIAMS JR, ALYSIA COLLINS, LINDA ANN
CORLEY, LYNDAYLE HUMPHREY, SKY HAWKINS,
YOLAND DIXON, GREGORY JACON, RASHAD DIXON,
CRAYONNA DIXON
   versus
LOUISANA REGIONAL LANDFILL COMPANY, IESI LA
LANDFILL CORPORATION, WASTE CONNECTIONS
BAYOU INC, PROGRESSIVE WASTE SOLUTIONS OF
LA INC, WASTE CONNECTIONS US INC, APTIM CORP,
PARISH OF JEFFERSON, ABC CORP, DEF CORP, GHI
QORP, JKL CORP, MNO CORP

To:  WASTE CONNECTIONS US INC
THROUGH CORPORATION SERVICE COMPANY
251 LITTLE FALLS DRIVE                           LA Long Arm
WILMINGTON DE 19808


PARISH OF JEFFERSON

You are hereby summoned to comply with the demand contained in the PETITION FOR
DAMAGES of which a true and correct copy accompanies this citation, or make an appearance
either by filing a pleading or otherwise, in the 24th Judicial District Court in and for the Parish of
Jefferson, State of Louisiana, within 30 THIRTY CALENDAR days after the return of service
hereof, under penalty of default.


This service was requested by attorney S ELIZA JAMES and was issued by the Clerk of Court
on the 2nd day of April, 2019.


               /s/ Rod A Schouest
               Rod A Schouest, Deputy Clerk of Court for
               Jon A. Gegenheimer, Clerk of Court


_____ SERVICE INFORMATION _____

(101)  CITATION: PETITION FOR DAMAGES;                    190402-3435-3

Received:_____    Served:_____    Returned:_____

Service was made:
     ___ Personal              ___ Domicilary _____

Unable to serve:
     ___ Not at this address    ___ Numerous attempts _____ times
     ___ Vacant                ___ Received too late to serve
     ___ Moved                 ___ No longer works at this address
     ___ No such address        ___ Need apartment / building number
     ___ Other _____

Service: $_____     Thomas F. Donelon Courthouse: 300 Derbigny St. : Gretna LA 70053
Page 1 of 2

Completed by:_____ # _____
　　　　　　　　　　Deputy Sheriff
Parish of: _____

FILED FOR RECORD 04/02/2019 09:52:40
Shelley M. Mauterer, DY CLERK
JEFFERSON PARISH, LA

**24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON**

**STATE OF LOUISIANA**

NO.: 79 37 84                           DIVISION:

**MARY ANN WINNINGKOF; CURTIS ADAMS; HEATHER ADAMS, in her individual capacity and on behalf of her minor children, SARAH ADAMS AND TABITHA ADAMS; DEVIN ALEXANDER; DIONNE ALEXANDER; LIONEL ALEXANDER; ANNA ALEXIE; JUANITA AHYSEN; RICHARD AHYSEN; SEDONIA AUGUSTINE; DABNIS BELL; DARIUS BELL; JARED BELL, in his individual capacity and as parent of his minor child JOURNI BELL; MILDRED BELL;STEPHANIE THOMAS BELL; AARON BRADLEY; SHIQUITA BROOKS; ADAM BROSN; KEVIN BROOKS; WILLIE FAYE BROOKS; PATRICK BURNETT; SARAH BURNETT, in her individual capacity and as parent of her minor children, KATE BURNETT, MICHAQEL BURNETT and PATRICK BURNETT; JOHNNY CHATMAN; KEVIN CHIRLOW, JR.; CHERYL CLARK; JENAE CLARK, in her individual capacity and as parent of her minor child, MARCUS WILLIAMS, JR.; ALYSIA COLLINS; LINDA ANN CORLEY, in her individual capacity and has parent of her minor children, LYNDAYLE HUMPHREY and SKY HAWKINS; YOLAND DIXON, in her individual capacity and as parent of her minor children, GREGORY JACOB, RASHAD DIXON AND CRAYONNA DIXON; KEVIN DRAKE; ESTIN EDWARDS; VERONICA EDWARDS; SAMUEL FISHER; ANNETTE FORD; EDWARD FORD, SR.; LAWRENCE GILBERT; MAGNOLIA GREEN; DEVORA HAMPTON; DEVONTA HARRIS; LIZ HERNZNDEZ; WILLIAM HERVEY; EDITH IRVIN; ALFRED JACKSON; ANDREW JACKSON, SR.; ANDREW JACKSON, JR.; DEBORAH JOHNSON; QUENTIN JOHNSON; RAYVIN KENNEDY; JULIE KETCHENS, in her individual capacity and as parent of her minor children, JULISSA CELESTINE and JAESEAN CELESTINE; CAMERON KIMBLE; BERNIE LEWIS; SHERRIE LEWIS; GAVIN MAHL; ALEXANDER MITHCELL; KATIE MITCHELL; TAKITA NICKERSON, in her individual capacity and as parent of her minor children, RAYVIN KENNEDY JR. and RYAN KENNEDY; JULIANE RAYBURN, in her capacity as parent of her minor children, ADELAIDE EATON, ALINE EATON and LUCILE EATON; DOLORES RICHARD; JOCYLEN ROTICHAUX; MARK ROBICHAUX, in his individual capacity and as parent of his minor child, ANGEL ROBICHAUX; RAQUEL ROBICHAUX; DANA SCALLAN, in her individual capacity and as parent of her minor child, SYDNEY SCALLAN; RANDOPH SCALLAN; DAVENIESHA SCOTT; MARGARET THOMAS; ROBERT THOMAS; ERNISTH TRICHE; ERNEST TRICHE, JR.; DEBORAH URSIN, in her individual capacity and as parent of her minor children, ZANIAH URSIN AND CHAPELLE URSIN; KYLEIGH VOLPI; DAVID WARD; JESSE WELLS; and ANN WILLIAMS;**

**VERSUS**

**LOUISIANA REGIONAL LANDFILL COMPANY (LRLC), f/k/a IESI LA LANDFILL CORPORATION; WASTE CONNECTIONS BAYOU, INC., f/k/a/ PROGRESSIVE WASTE SOLUTIONS OF LA, INC; WASTE CONNECTIONS US, INC; APTIM CORP; PARISH OF JEFFERSON; ABC CORP; DEF CORP; GHI CORP; JKL CORP; and MNO CORP.**

FILED:_____

                                    **DEPUTY CLERK**

---

**PETITION FOR DAMAGES AND INJUNCTIVE RELIEF**

This action arises from the continuing, significant and unabated harm suffered by each of

the named Petitioners as a result of the ongoing – and admitted – failure of each of the Defendants

1

to ensure that the design, operation and maintenance of the Jefferson Parish Landfill (the "J.P. Landfill") complies with applicable environmental laws and adequately protects Petitioners' human health and environment. At all relevant times, the J.P. Landfill and has persistently emitted harmful and toxic odors and chemicals into the surrounding areas, including where each of the Petitioners resides.

These unlawful, harmful and toxic releases have caused Petitioners substantial loss of the use and enjoyment of their homes and immovable property, and have caused physical harms including, among other things: difficulties breathing, coughing, nausea, burning eyes, ears, noses and throats, dizziness loss of appetite and lethargy, as well as fear, anguish, discomfort and inconvenience. These emissions also have caused diminution in the value of Petitioners' homes.

Accordingly, Petitioners seek redress from the Defendants for the direct and consequential injury and damage they have suffered and will continue to suffer as a direct result of the releases of noxious odors and chemicals from the J.P. Landfill.

Petitioners are:

**MARY ANN WINNINGKOFF,** an individual of full age of majority residing at 47 Donelon Dr, Harahan, LA 70123, and owner of said immovable property.

**CURTIS ADAMS,** an individual of full age of majority residing at 2029 Generes Dr., River Ridge, LA 70123 and owner of said immovable property.

**HEATHER ADAMS,** an individual of full age of majority residing at 2029 Generes Dr., river Ridge, LA 70123 and owner of said immovable property, in her individual capacity and as parent of her minor children, **SARAH ADAMS** and **TABITHA ADAMS.**

**DEVIN ALEXANDER,** an individual of full age of majority residing at 617 Wilker Neal Ave., River Ridge, LA 70123.

**DIONNE ALEXANDER,** an individual of full age of majority residing at 617 Wilker Neal Ave., River Ridge, LA 70123 and owner of said immovable property.

**LIONEL ALEXANDER,** an individual of full age of majority residing at 617 Wilker Neal Ave., River Ridge, LA 70123.

**ANNA ALEXIE,** an individual of full age of majority residing at 37 Morning Glory, Waggaman, LA 70094.

2

**JUANITA AHYSEN,** an individual of full age of majority residing at 417 Dandelion Dr., Waggaman, LA 70094 and owner of said immovable property.

**RICHARD AHYSEN,** an individual of full age of majority residing at 417 Dandelion Dr., Waggaman, LA 70094 and owner of said immovable property.

**SEDONIA AUGUSTINE,** an individual of full age of majority residing at 137 Rosalie Dr., Avondale, LA. 70094 and owner of said immovable property.

**DABNIS BELL,** an individual of full age of majority residing at 37 Imogene St Westwego, LA 70094

**DARIUS BELL,** an individual of full age of majority residing at 37 Imogene St Westwego, LA 70094

**JARED BELL,** an individual of full age of majority residing at 52 Winifred St., Waggaman, LA 70094 in his individual capacity and as parent of his minor child **JOURNI BELL.**

**MILDRED BELL,** an individual of full age of majority residing at 125 Dillard Dr., Westwego, LA 70094.

**STEPHANIE THOMAS BELL,** an individual of full age of majority residing at 37 Imogene St., Waggaman, LA 70094.

**AARON BRADLEY,** an individual of full age of majority residing at 612 Upland Ave., River Ridge, LA 70123, and owner of a leasehold interest in said premises.

**SHIQUITA BROOKS,** an individual of full age of majority residing at 312 Delegate Drive Avondale, LA 70094.

**ADAM BROWN,** an individual of full age of majority residing at 31 Richelle Street, Westwego, LA 70094.

**KEVIN BROOKS,** an individual of full age of majority residing at 20 Winifred St, Waggaman, LA 70094.

**WILLIE FAYE BROOKS,** an individual of full age of majority residing at 20 Winifred St., Waggaman, LA 70094 and owner of said immovable property.

**PATRICK BURNETT,** an individual of full age of majority residing at 508 Park Ridge Drive, River Ridge, LA 70123 and owner of said immovable property.

3

**SARAH BURNETT,** an individual of full age of majority residing at 508 Park Ridge Drive, River Ridge, LA 70123 and owner of said immovable property, in her individual capacity and as parent of her minor children, **KATE BURNETT, MICHAEL BURNETT,** and **PATRICK BURNETT.**

**JOHNNY CHATMAN,** an individual of full age of majority residing at 8021 Monett St Metairie LA 70003 and owner of said immovable property.

**KEVIN CHIRLOW, JR.,** an individual of full age of majority residing at 444 Liska St., Waggaman LA 70094.

**CHERYL CLARK,** an individual of full age of majority residing at 423 Wilker Neal Ave. River Ridge, LA 70123 and owner of said immovable property.

**JENAE CLARK,** an individual of full age of majority residing at 423 Wilker Neal Ave. River Ridge, LA 70123 , in her individual capacity and as parent of her minor child, **MARCUS WILLIAMS, JR..**

**ALYSIA COLLINS,** an individual of full age of majority residing at 21 Richelle St., Waggaman, LA 70094.

**LINDA ANN CORLEY,** an individual of full age of majority residing at 26 Jasmine Lane Waggaman LA 70094 and owner of a leasehold interest in said premises, in her individual capacity and on behalf of her minor children, **LYNDAYLE HUMPHREY** and **SKY HAWKINS.**

**YOLANDA DIXON,** an individual of full age of majority residing at 89 Clifford Ct Waggaman, La 70094 and owner of a leasehold interest in said premises, in her individual capacity and on behalf of her minor children, **GREGORY JACOB, RASHAD DIXON** and **CRAYONNA DIXON.**

**KEVIN DRAKE,** an individual of full age of majority residing at 433 Taylor St., Kenner, LA 70062, and owner of said immovable property.

**DESTIN EDWARDS,** an individual of full age of majority residing at 845 Reverend Richard Wilson Dr. #4E Kenner, LA 70062.

**VERONICA EDWARDS,** an individual of full age of majority residing at 845 Reverand Richard Wilson Dr., Apt. 4E, Kenner, LA 70062, and owner of a leasehold interest in said premises.

4

**SAMUEL FISHER,** an individual of full age of majority residing at 52 Winifred St., Waggaman, LA 70094.

**ANNETTE FORD,** an individual of full age of majority residing at 16 Clifford Ct., Waggaman, LA 70094 and owner of a leasehold interest in said premises.

**EDWARD FORD, SR.,** an individual of full age of majority residing at 16 Clifford Ct., Waggaman, LA 70094 and owner of a leasehold interest in said premises.

**LAWRENCE GILBERT,** an individual of full age of majority residing at 850 Reverend Richard Wilson Rd., Apt. 3A, Kenner, LA 70062, and owner of a leasehold interest in said premises.

**MAGNOLIA GREEN,** an individual of full age of majority residing at 312 Delegate Drive Avondale, LA 70094 and owner of a leasehold interest in said premises.

**DEVORA HAMPTON,** an individual of full age of majority residing at 809 S. Cumberland, Metairie, LA 70003.

**DEVONTA HARRIS,** an individual of full age of majority residing at 707 Richard Ave., River Ridge, LA 70123.

**LIZ HERNANDEZ** an individual of full age of majority residing at 721 Randolph Road, Harahan, LA 70123, in her capacity as parent of her minor child, **SOPHIA HERNANDEZ.**

**WILLIAM HERVEY,** an individual of full age of majority residing at 305 S. Bengal, River Ridge, LA 70123.

**EDITH IRVIN,** an individual of full age of majority residing at 863 Reverand Richard Wilson Dr., Apt. 7A, Kenner, LA 70062.

**ALFRED JACKSON,** an individual of full age of majority residing at 513 S. Bengal, River Ridge, LA 70123, and owner of said immovable property.

**ANDREW JACKSON, SR.,** an individual of full age of majority residing at 124 Prairie View Ct., Avondale, LA 70094, and owner of said immovable property.

**ANDREW JACKSON, JR.,** an individual of full age of majority residing at 124 Prairie View Ct., Avondale, LA 70094.

**DEBORAH JOHNSON,** an individual of full age of majority residing at 11417 Jefferson Highway Apartment D, River Ridge LA 70123, and owner of a leasehold interest in said premises.

5

**QUENTIN JOHNSON,** an individual of full age of majority residing at 11417 Jefferson Highway Apartment D, River Ridge LA 70123

**RAYVIN KENNEDY,** an individual of full age of majority residing at 409 Avondale Garden Road, Westwego, LA 70094 and owner of said immovable property.

**JULIE KETCHENS,** an individual of full age of majority residing at 24 Rosa Street, Waggaman, LA 70094, and owner of said immovable property, in her individual capacity and as parent of her minor children, **JULISSA CELESTINE** and **JAESEAN CELESTINE.**

**CAMERON KIMBLE,** an individual of full age of majority residing at 1325 S. Dilton St Metairie LA 70003.

**BERNIE LEWIS,** an individual of full age of majority residing at 20 Winifred St., Waggaman, LA 70094.

**SHERRIE LEWIS,** an individual of full age of majority residing at 226 Coleman Place Kenner, LA and owner of a leasehold interest in said immovable property.

**GAVIN MAHL,** an individual of full age of majority residing at 9125 5th St., River Ridge, La 70123.

**ALEXANDER MITCHELL,** an individual of full age of majority residing at 204 Hanson Avenue, Kenner, LA 70062 and owner of said immovable premises.

**KATIE MITCHELL,** an individual of full age of majority residing at 204 Hanson Ave Kenner LA 70062.

**TAKITA NICKERSON,** an individual of full age of majority residing at 409 Avondale Garden Road, Westwego, LA 70094 and owner of said immovable property, in her individual capacity and on behalf of her minor children **RAYVIN KENNEDY JR.** and **RYAN KENNEDY.**

**JULIANE RAYBURN,** an individual of full age of majority residing at 513 Hester Avenue, River Ridge, LA 70123, and owner of said immovable property, in her capacity as parent of her minor children, **ADELAIDE EATON, ALINE EATON** and **LUCILE EATON.**

**DOLORES RICHARD,** an individual of full age of majority residing at 404 HANSON Place, Kenner, LA 70062.

**JOCYLEN ROBICHAUX,** an individual of full age of majority residing at 420 Dandelion Dr., Waggaman, LA 70094, and owner of said immovable property.

6

**MARK ROBICHAUX**, an individual of full age of majority residing at 420 Dandelion Dr., Waggaman, LA 70094, in his individual capacity and as parent of his minor child, **ANGEL ROBICHAUX.**

**RAQUEL ROBICHAUX**, an individual of full age of majority residing at 420 Dandelion Dr., Waggaman, LA 70094.

**DANA SCALLAN**, an individual of full age of majority residing at 33 Richelle St., Waggaman LA 70094 and owner of said immovable property, in her individual capacity and as parent of her minor child, **SYDNEY SCALLAN.**

**RANDOLPH SCALLAN**, an individual of full age of majority residing at 33 Richelle St., Waggaman LA 70094 and owner of said immovable property.

**DAVENIESHA SCOTT**, an individual of full age of majority residing at 629 S. Cumberland St., River Ridge, LA 70123.

**MARGARET THOMAS**, an individual of full age of majority residing at 112 Mark Twain Dr. #23, River Ridge, LA 70123, and owner of a leasehold interest in said immovable property.

**ROBERT THOMAS**, an individual of full age of majority residing at 333 Coretta Dr., Westwego, LA 70094.

**ERNEST TRICHE,** an individual of full age of majority residing at 208 Glen Della Drive, Avondale, LA 70094.

**ERNEST TRICHE, JR.,** an individual of full age of majority residing at 208 Glen Della Drive, Avondale, LA 70094 and owner of said immovable property..

**DEBORAH URSIN**, an individual of full age o majority residing at 500 Cumberland St., River Ridge, LA 70123, in her individual capacity and as parent of her minor children, **ZANIAH URSIN and CHAPELLE URSIN.**

**KYLEIGH VOLPI,** an individual of full age of majority residing at 31 Richelle Street, Westwego, LA 70094.

**DAVID WARD,** an individual of full age of majority residing at 809 S. Cumberland, Metairie, LA 70003 and owner of said immovable property.

7

**JESSE WELLS,** an individual of full age of majority residing at 511 Filmore St., Kenner La. 70062 and owner of a leasehold interest in said premises.

**ANN WILLIAMS,** an individual of full age of majority residing at 644 Compromise St., apt. C, Kenner, LA 70062, and owner of a leasehold interest in said premises.

I.

Made Defendants herein are:

a. **LOUISIANA REGIONAL LANDFILL COMPANY (LRLC), f/k/a IESI LA LANDFILL CORPORATION (IESI"),** a foreign corporation domiciled in Delaware authorized to do and doing business in this Parish and State. On information and belief, LRLC is a wholly owned subsidiary of Defendant Waste Connections Bayou, Inc., Inc., which in turn was acquired by Defendant Waste Connections US, Inc. On information and belief, Defendant LRLC is controlled by Defendants Waste Connections Bayou, Inc., and/or Waste Connections, US, Inc., and is the "alter ego" of those Defendants, operating without autonomy and only pursuant to the direction, policies and procedures of its parent corporations;

b. **WASTE CONNECTIONS BAYOU, INC., f/k/a/ PROGRESSIVE WASTE SOLUTIONS OF LA, INC.,** a foreign corporation authorized to do and doing business in this Parish and State;

c. **WASTE CONNECTIONS US, INC.,** a foreign corporation authorized to do and doing business in this Parish and State; and

d. **APTIM CORP.,** a foreign corporation domiciled in Delaware authorized to do and doing business in this Parish and State;

e. **PARISH OF JEFFERSON,** a Louisiana municipal parish in and political subdivision of the State of Louisiana (the "Parish";

f. **ABC CORPORATION,** a foreign or domestic insurance company whose identity is unknown to the Petitioners, who upon information and belief wrote a policy of insurance coverage for Defendant **LOUISIANA REGIONAL LANDFILL COMPANY (LRLC), F/K/A IESI LA LANDFILL CORPORATION ("IESI"),**

8

that may provide coverage for acts, occurrences, and/or omissions more specifically described herein;

g. **DEF CORPORATION** a foreign or domestic insurance company whose identity is unknown to the Petitioners, who upon information and belief wrote a policy of insurance coverage for Defendant, **WASTE CONNECTIONS BAYOU, INC., f/k/a/ PROGRESSIVE WASTE SOLUTIONS OF LA, INC.** that may provide coverage for acts, occurrences, and/or omissions more specifically described herein;

h. **GHI CORPORATION** a foreign or domestic insurance company whose identity is unknown to the Petitioners, who upon information and belief wrote a policy of insurance coverage for Defendant, **WASTE CONNECTIONS BAYOU, INC., f/k/a/ PROGRESSIVE WASTE SOLUTIONS OF LA, INC.**, that may provide coverage for acts, occurrences, and/or omissions more specifically described herein;

i. **JKL CORPORATION** a foreign or domestic insurance company whose identity is unknown to the Petitioners, who upon information and belief wrote a policy of insurance coverage for Defendant, **APTIM CORP**, that may provide coverage for acts, occurrences, and/or omissions more specifically described herein;

j. **MNO CORPORATIONS** foreign or domestic insurance company whose identity is unknown to the Petitioners, who upon information and belief wrote a policy of insurance coverage for Defendant, **PARISH OF JEFFERSON**, that may provide coverage for acts, occurrences, and/or omissions more specifically described herein.

## II.

## JURISDICTION AND VENUE

Venue is proper in accordance with La. R.S. 13:5104(B), which states, in part, that "[a]ll suits filed against a political subdivision of the state ... shall be instituted before the district court of the judicial district in which the political subdivision is located or in the district court having jurisdiction in the parish in which the cause of action arises." Venue is further proper as to all other defendants as the wrongful conduct giving rise to the Petitioner's claims occurred within the jurisdictional limits of Jefferson Parish, State of Louisiana.

9

## III.

### FACTS

The Parish is the owner of the Jefferson Parish Landfill (the "J.P. Landfill"), located at 5800 Highway 90 West in Avondale, Jefferson Parish, LA.

### IV.

At all relevant times, the J.P. Landfill has been used as a Type I/II landfill permitted to accept municipal and commercial solid waste, non-hazardous industrial waste, trash, construction debris, vegetative waste, dewatered municipal wastewater sludge, and compatible non-hazardous industrial waste pursuant to the Louisiana Environmental Quality Act, La. R.S. 30:2001, *et seq.* (the "Act") as well as federal laws and regulations implemented by the United States Environmental Protection Agency ("USEPA").

### V.

The J.P. Landfill is authorized to operate pursuant to and only in accordance with the terms and conditions of, among other things, Standard Permit P-0297R1(the "Standard Permit") as issued, approved, and subject to periodic review and renewal by the Louisiana Department of Environmental Quality ("LDEQ") pursuant to the Act. The Standard Permit was most recently renewed by the LDEQ on or about January 22, 2010.

### VI.

On or about May 17, 2012, the Parish entered into a contract with the Defendant IESI (since renamed the Louisiana Regional Landfill Company) under which IESI agreed, among other things, to "manage all tasks of the operation, management and maintenance" of the J.P. Landfill (the "IESI Operating Contract"). Among other things, the IESI Operating Contract provides that:

(a) Operation of the J.P. Landfill will be conducted "in strict compliance and conformity with all Federal, State and local laws, ordinances, and regulations, including the rules and regulations of the USEPA, LDEQ, and all State of Louisiana agencies, and in accordance with the Permit Documents."

(b) "IESI shall be responsible for compliance with all Federal, State and local regulations, laws and ordinances in its performance of the Service/Work associated with the operation [and maintenance] of the Landfill."

10

(c) IESI is required to "provide all labor, equipment, materials and incidentals to assume all daily operations of the Landfill."

(d) The Parish Engineer has the authority to "decide any and all questions as to...the manner of performance and rate of progress of the Services/Work...the interpretation of the Contract Documents, and all questions as to the acceptable Completion" of the Contract "in his reasonable and good faith opinion." The Parish Engineer is further authorized to "suspend operations at any time when the Service/Work, in his good faith and reasonable opinion, is not being carried out in conformity with the Contract Documents and all permits."

## VII.

Defendant APTIM is and at all relevant times has been a co-operator of the gas and leachate collection system of the J.P. Landfill.

## VIII.

Jefferson Parish, in addition to being an owner of the J.P. Landfill, is and at all relevant times has been a co-manager and co-operator of the J.P. Landfill with IESI/LRLP and APTIM.

## IX.

The Parish has admitted that improper operation of the J.P. Landfill is a major source of the odors suffered by Petitioners as well as the adverse consequences thereof.  At a public press conference on July 23, 2018, Parish President Mike Yenni stated that:

(a) The J.P. Landfill's system designed to "contain and deodorize landfill gases" has not been in "proper working order."

(b) The landfill's leachate collection system has not been operated properly.

(c) "Properly operated landfills do not operate persistent off-site odors and corrective actions...are essential."

(d) The Parish has notified IESI that it is in breach of its contract to properly operate the J.P. Landfill.

## X.

At the same press conference, Parish Sheriff Mark Conley stated that the J.P. Landfill gas collection system has been collecting only twenty percent (20%) of the gas emitted from landfill

11

operations, whereas a properly operating system would collect ninety-seven to ninety-eight percent of gas emissions, "[s]o that is why the Parish president is stressing that we realize we have problems...right now, a lot of our priority, in the name of public safety and our police powers, is to address the existing system, get it operational, and to pull as much gas out of that landfill as we can."

## XI.

At the same press conference, Parish Councilman Paul Johnson stated that the odor from the J.P. Landfill

"has gotten really bad in the past for our five months...we are all going to experience odors from the landfill because it's a landfill. But, not those we have been having for the past three or five months. It's been really bad. I have been woken up at night with my nose burning and couldn't breathe at three or four o'clock in the morning. This has happened to me more than one time...we know the landfill is causing problems and we know it is a big source of problems...."

## XII.

At the same press conference, Doctor Joseph Cantor, Medical Director and Administrator for Region 1 of the Louisiana Department of Health, warned that when the odors are at "a high level, residents should, if they are able to, leave the area and particularly if they have certain chronic conditions which put them at increased risk mainly pulmonary disease and asthma COPD."[1]]

## XIII.

On or about June 22, 2018, the LDEQ issued a Compliance Order to the Parish which, among other things, found that the Parish has violated its Landfill Permit and applicable environmental regulations by (i) failing to provide daily cover and (ii) failing to properly operate the system that is intended to collect leachate – the liquid brew that drains from a landfill and carries with it numerous harmful chemicals.

## XIV.

---

[1] A video recording of the July 23 press conference can be accessed at https://www.facebook.com/NOLAnews/videos/10155793116437060/ (last visited Aug. 4, 2018).

The LDEQ inspectors found areas of pooled leachate and leachate flowing downhill from the pooled leachate.

## XV.

The United States Environmental Protection Agency ("EPA") has established general screening levels for various pollutants.  These screening levels are chemical-specific concentrations for individual contaminants in air that may warrant further investigation or site cleanup.[2]  A chronic screening level addresses potential chronic exposure to a chemical.

## XVI.

Air samples collected by the LDEQ in the communities of River Ridge, Harahan and Waggaman between July 20, 2018 through approximately July 28, 2018 were found to contain numerous chemical compounds at concentrations that exceed EPA's chronic screening levels, including acrolein, 1, 2-dichloroethane, benzene, carbon tetrachloride, and naphthalene. All of these compounds are multimodal toxicants, in that they are potential or actual human carcinogens and also have other toxic effects.  The air samples collected by LDEQ also contained hydrogen sulfide at concentrations that exceed EPA's chronic screening levels.  Hydrogen sulfide is a potentially toxic compound.  All of these compounds are typically found in the gases generated by landfills like the Jefferson Parish Landfill.

## XVII.

In a report dated August 15, 2018, prepared for the Parish by its environmental consultant, Carson Environmental Consulting ("CEC"), CEC made several findings, including, among other things, that there are numerous deficiencies in "the landfill gas condensate and leachate collection pumping systems[,]" and that the infrastructure for these systems requires immediate improvement "to meet the Parish's performance objectives."  In addition, CEC concluded that improved operation and maintenance of the J.P. Landfill requires the Parish's "focused attention."

## XX.

---

[2] https://www.epa.gov/risk/regional-screening-levels-rsls-users-guide (last visited, Nov. 21, 2018).

On information and belief, on or about December 5, 2018 the Commissioner of the LDEQ informed the Parish that there is "no doubt" in his mind that the JP Landfill is the primary source the odors experienced by residents of the communities in which Petitioners reside.

### XXI.

On information and belief, Defendant ABC Corporation has issued a policy of insurance to Defendant Louisiana Regional Landfill Company that covers the acts and omissions alleged herein. Petitioners will amend this Petition to identify ABC Corporation once its identity is known.

### XXII.

On information and belief, Defendant DEF Corporation has issued a policy of insurance to Defendant Waste Connections Bayou, Inc. that covers the acts and omissions alleged herein. Petitioners will amend this Petition to identify DEF Corporation once its identity is known.

### XXIII.

On information and belief, Defendant GHI Corporation has issued a policy of insurance to Defendant Waste Connections US, Inc. that covers the acts and omissions alleged herein. Petitioners will amend this Petition to identify GHI Corporation once its identity is known.

### XXIV.

On information and belief, Defendant JKL Corporation has issued a policy of insurance to Defendant Aptim Corporation that covers the acts and omissions alleged herein. Petitioners will amend this Petition to identify JKL Corporation once its identity is known.

### XXV.

On information and belief, Defendant MNO Corporation has issued a policy of insurance to Defendant Parish of Jefferson that covers the acts and omissions alleged herein. Petitioners will amend this Petition to identify JKL Corporation once its identity is known.

### XXVI.

### PROXIMATE CAUSE AND BAD ACTS

The Defendants' failure to properly design, operate and maintain the J.P. Landfill, including its gas and leachate collection systems, have caused harmful, noxious and repulsive odors and chemicals to be released from the J.P. Landfill into the surrounding environment on and

14

in to Petitioners' homes and immovable property, resulting in Petitioners' continuing exposure to these odors and chemicals.

## XXVII.

These odors and chemicals have also caused these Petitioners to suffer physical and other harm including, but not limited to difficulties breathing, coughing, nausea, burning eyes, ears, noses and throats, dizziness, loss of appetite, fatigue and lethargy, as well as fear, anguish, anxiety and mental pain and suffering.

## XXVIII.

Defendants' actions and omissions with respect to the design, operation and maintenance of the J.P. Landfill are the direct and proximate cause of the injuries and harm suffered by each of the Petitioners as alleged above.

## XXVIX.

Defendants' actions and omissions as outlined above also have caused a diminution in the value of Petitioners' immovable property.

## XXX.

These odors have been pervasive and persistent.  They have continued to the present and are likely to continue for the foreseeable future.  The emissions constitute a continuing tort.

## XXXI.

Defendants' acts and omissions in owning, designing, operating and/or maintaining the J.P. Landfill as described above constitute an unreasonable interference with each of the Petitioners' comfortable use and enjoyment of their homes.

## XXXII.

Defendants are liable to the Petitioners for all damages they have suffered, including bodily harm, diminution of property value and fear, anguish, and mental pain and suffering, on account of nuisance.

## XXXIII.

15

These physical invasions of noxious odors and chemicals constitute a trespass causing Petitioners to suffer physical harm, diminution in property value and rental value, inconvenience, loss of enjoyment of property, as well as fear, anguish and mental pain and suffering.

## XXXV.

The emissions of these harmful odors and chemicals have been pervasive and persistent and constitute a continuing tort.

## XXXVI.

The Defendants' illegal actions and omissions in owning and operating the J.P. Landfill continue to this day and, unless enjoined by this Court, will continue for the indefinite future. Accordingly, Petitioners are entitled to a permanent injunction ordering the Defendants to abate the continuing nuisance and cease the trespasses caused and created by the J.P. Landfill, including the emission of noxious odors and chemicals, and to take all necessary reasonable actions required to accomplish same.

## XXXVII.

Each of the Defendants had a duty to Petitioners to exercise reasonable care in the design, ownership and/or operation of the Landfills, including without limitation the duty to comply with applicable environmental laws and regulations and otherwise to ensure that the Landfills were operated in a manner that does not jeopardize their health, immovable property, environment, and quality of life.

## XXXVIII.

Each of the Defendants breached such duties of care to the Petitioners by, among other things:

i.    Failing to properly design, operate and maintain the J.P. Landfill, thus allowing noxious and harmful odors and chemicals to be released from the J.P. Landfill and introduced in the atmosphere and surrounding neighborhoods;

ii.   Failing to take careful and prudent precautionary measures to ensure that these releases would not occur;

iii.  Failing to design, operate and maintain the J.P. Landfill in a manner that does not cause harm to others and, in particular, its neighbors;

16

iv.    Failing to comply with applicable regulations governing the design, operation and maintenance of the J.P. Landfill;

v.    Being inattentive and careless in the overall design, operation and maintenance of the J.P. Landfill;

vi.    Failing to remediate and repair the failures in design, operation and maintenance of the J.P. Landfill as they became known to the Defendants;

vii.    Any and all other acts of negligence which may be revealed between now and the time of trial.

## XXXIX.

The Defendants' failure to comply with their duties of care to the Petitioners were and are a cause in fact and a legal cause of Petitioners' injuries, and each of the Petitioners has suffered damages as a result thereof, including physical harm, diminution in property value and fear, anguish and mental pain and suffering as well as loss of use and enjoyment of their immovable property and diminution in the value of said property.

## XL.

The Parish's ownership and operation of the J.P. Landfill has caused substantial damage to the value of Petitioners' respective interests in their immovable property.

## XLI.

The Parish knew, or in the exercise of reasonable care, should have known, that its failure to properly design, operate and maintain the J.P. Landfill would cause damage to Petitioners, and such damage could have been prevented by the exercise of reasonable care. The Parish, as owner of the J.P. Landfill, failed to exercise such reasonable care.

## XLII.

In committing the acts and omissions described above, the Defendants have breached their contractual obligations, of which Petitioners are third party beneficiaries, arising under the contracts between the Parish and all other Defendants herein pertaining to the design, operation and maintenance of the J.P. Landfill.

## XLIII.

17

In committing the foregoing acts and omissions, Defendants have violated, *inter alia*, Civil Code Articles 667, 669, 2315, 2316, and 2317.1, which has caused and continues to cause each of the Petitioners damages including nuisance damages; physical harm and mental fear, anguish, pain and suffering; and diminution in property value.

### XLIV.

Further, Petitioners' interest is their immovable property is a property right protected by the Louisiana Constitution.

### XLV.

Petitioners' interest in their real property has been taken and damaged by the actions of Jefferson Parish as set forth above.

### XLVI.

Such taking and damage was for a public purpose – to wit, the operation of a public landfill for the purpose of handling and disposing of waste generated by the citizens of Jefferson Parish and others.

### XLVII.

The Parish is liable to the Petitioners for damages caused by the Parish's unconstitutional taking of their immovable property without paying just compensation pursuant to Article I, Section 4(B) of the Louisiana Constitution.

### XLVIII.

The Parish's taking of Petitioners' property without just compensation constitutions a deprivation of their property without due process of law pursuant to Article I, Section 2 of the Louisiana Constitution.

### XLIX.

The Parish is liable to the Petitioners for damages caused by the Parish's violation of Petitioners' due process rights.

### L.

### REQUEST FOR TRIAL BY JURY

**PETITIONERS REQUEST A JURY TRIAL AS TO ALL CLAIMS TRIABLE BY JURY.**

18

## LI.

## PRAYER FOR RELIEF

**WHEREFORE,** Petitioners pray that:

(a) Judgment be entered declaring each of the Defendants jointly, severally and *in solido* liable to each of the Petitioners for all damages (and awarding all such damages), including physical and bodily harm, loss of use and enjoyment of their homes, diminution in property value, lost wages, medical expenses and mental pain and suffering;

(b) Judgment be entered against the Parish declaring it liable for inverse condemnation, and awarding to each of the Petitioners just compensation for the unconstitutional taking of their interests in real property and/or a deprivation of due process;

(c) Judgment be entered against all Defendants for all additional damages as are just and reasonable under the circumstances, including but not limited to the cost of alternative housing and medical testing;

(d) The Defendants be permanently enjoined and ordered to abate the nuisances and trespasses, and to take all reasonable and necessary measures to cease the harmful emissions from the J.P. Landfill.

(e) The Defendants be required to provide medical monitoring for all Petitioners as appropriate;

(f) Prejudgment and post-judgment interest on all damages be awarded;

(g) Petitioners be awarded all costs for prosecution of this action and attorney fees;

(h) Damages be awarded for all other injuries that may be proved at trial; and

(i) This Court award such other and further relief as it may deem just and proper.

**Respectfully submitted,**

FORREST CRESSEY & JAMES, LLC

Byron Forrest (La. Bar No. 35481)

19

Nicholas Cressey (La. Bar No. 35725)
S. Eliza James (La. Bar No. 35182)
One Canal Place
365 Canal Street, Suite 1475
New Orleans, Louisiana 70130
Byron@fcjlaw.com
Eliza@fcjlaw.com
Tele: 504.605.0777
Fax:   504.322.3884

OF COUNSEL:
Barry S. Neuman (*Pro Hac Vice* application
to be submitted)
Erik Bolog
C. Allen Foster
Adrian Sneed
WHITEFORD TAYLOR PRESTON, LLP
1800 M Street, NW
Suite 450N
Washington, DC 20036
(202) 659-6800

**PLEASE SERVE:**

**LOUISIANA REGIONAL LANDFILL COMPANY**
Through its Agent for Service
Corporation Service Company
501 Louisiana Avenue
Baton Rouge, LA 70802

**WASTE CONNECTIONS BAYOU, INC.**
Through its Agent for Service
Corporation Service Company
501 Louisiana Ave.
Baton Rouge, LA 70802

**WASTE CONNECTIONS US, INC.**
Through its Agent for Service
Via long arm through its Agent
Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808

**APTIM CORP.**
Through its Agent for Service
CT Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

**PARISH OF JEFFERSON**
Through its Agent for Service
Parish Attorney for the Parish of Jefferson
1221 Elmwood Park Blvd., Suite 701
Jefferson, LA 70123

**ABC CORP.**
*Address unknown at this time.*

A TRUE COPY OF THE ORIGINAL
ON FILE IN THIS OFFICE.

DEPUTY CLERK
24TH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, LA.

20

**DEF CORP.**
*Address unknown at this time.*

**GHI CORP.**
*Address unknown at this time.*

**JKL CORP.**
*Address unknown at this time.*

**MNO CORP.**
*Address unknown at this time.*

21



ORIGIN ID:NEWA        (504) 605-0777
ELIZA JAMES

365 CANAL STREET
SUITE 1475
NEW ORLEANS, LA 70130
UNITED STATES US

SHIP DATE: 05APR19
ACTWGT:
CAD: 115509922/INET4102

BILL SENDER

TO   **WASTE CONNECTIONS US INC**
**THROUGH CORP SERVICE COMPANY**
**251 LITTLE FALLS DRIVE**

**WILMINGTON DE 19808**
(000) 000-0000
INV:                    REF:
PO:                     DEPT:

**FedEx**
Express

E

TRK#  **7748 9803 1479**

WED – 10 APR  4:30P
**EXPRESS SAVER**
**ASR**
**19808**
DE–US   PHL

**SB ILGA**

```
*  *  *   COMMUNICATION  RESULT  REPORT  ( JUN.  4. 2019   4:25PM )  *  *  *
```

```
                                              FAX HEADER 1:  CONNICK AND CONNICK, L. L. C.
                                              FAX HEADER 2:  S. GUY DELAUP
TRANSMITTED/STORED : JUN.  4. 2019   4:22PM
FILE  MODE          OPTION              ADDRESS                     RESULT     PAGE
---------------------------------------------------------------------------------------
5203 MEMORY TX                          Clerk of Court             OK          10/10

---------------------------------------------------------------------------------------
   REASON  FOR  ERROR
     E-1)  HANG  UP  OR  LINE  FAIL                    E-2)  BUSY
     E-3)  NO  ANSWER                                  E-4)  NO  FACSIMILE  CONNECTION
```

**CONNICK AND CONNICK, L.L.C.**
**ATTORNEYS AT LAW**

3421 NORTH CAUSEWAY BOULEVARD SUITE 408
METAIRIE, LOUISIANA 70002

OF COUNSEL,
PAUL D. CONNICK, JR.

WILLIAM PETER CONNICK
MICHAEL S. FUTRELL
MICHAEL F. NOLAN

ELIZABETH O. CLINTON
MICHAEL J. MONISTERE
MATTHEW D. MOGHIS
BRENDAN P. CONNICK
ELIZABETH A. ZAVALA
LAURA M. BLOUIN
NOAH R. BORER

TELEPHONE: (504) 836-6777
FACSIMILE: (504) 836-6903
WEBSITE: www.connicklaw.com

DIRECT DIAL: (504) 561-6558
EMAIL: moghis@connicklaw.com

June 4, 2019

CLERK OF COURT
24TH JUDICIAL DISTRICT COURT
200 Derbigny Street
Gretna, Louisiana 70053
Phone: (504) 364-2900
Fax:    (504) 364-3780

Re:   *Mary Ann Winningkof, et al. v. Louisiana Regional Landfill Company, et al.*
      Court:  24th JDC, Case No. 793-784, Division "M"
      File No.: 81.192913

Dear Sir/Madam,

Please find attached Defendants' (1) Unopposed Motion and Incorporated Memorandum in Support to Transfer and Declinatory Exception of Lis Pendens and (2) Order of Transfer, which I ask that you fax file in connection with the above-captioned matter. Please advise as to the costs associated with this request so that a check to cover same can be forwarded with the original. Please return a filed copy of same to my office in the self-addressed stamped envelope.

Thanking you in advance for your cooperation, I remain

Sincerely,

CONNICK AND CONNICK, L.L.C.

MATTHEW D. MOGHIS

MDM/js
Attachments

1775

**CONNICK AND CONNICK, L.L.C.**
**ATTORNEYS AT LAW**

WILLIAM PETER CONNICK
MICHAEL S. FUTRELL
MICHAEL F. NOLAN
—
ELIZABETH O. CLINTON
MICHAEL J. MONISTERE
MATTHEW D. MOGHIS
BRENDAN P. CONNICK
ELIZABETH A. ZAVALA
LAURA M. BLOUIN
NOAH R. BORER

3421 NORTH CAUSEWAY BOULEVARD SUITE 408
METAIRIE, LOUISIANA 70002

TELEPHONE: (504) 838-8777
FACSIMILE: (504) 838-9903
WEBSITE: www.connicklaw.com

OF COUNSEL,

PAUL D. CONNICK, JR.

DIRECT DIAL: (504) 681-6658
EMAIL: moghis@connicklaw.com

June 4, 2019

CLERK OF COURT
24TH JUDICIAL DISTRICT COURT
200 Derbigny Street
Gretna, Louisiana 70053
Phone: (504) 364-2900
Fax:     (504) 364-3780

Re:   *Mary Ann Winningkof, et al. v. Louisiana Regional Landfill Company, et al.*
      Court:  24th JDC, Case No. 793-784, Division "M"
      File No.: 81.192913

Dear Sir/Madam,

Please find attached Defendants' (1) Unopposed Motion and Incorporated Memorandum in Support to Transfer and Declinatory Exception of Lis Pendens and (2) Order of Transfer, which I ask that you fax file in connection with the above-captioned matter. Please advise as to the costs associated with this request so that a check to cover same can be forwarded with the original. Please return a filed copy of same to my office in the self-addressed stamped envelope.

Thanking you in advance for your cooperation, I remain

Sincerely,

CONNICK AND CONNICK, L.L.C.

MATTHEW D. MOGHIS

MDM/js
Attachments

**24TH JUDICIAL DISTRICT FOR THE PARISH OF JEFFERSON**

**STATE OF LOUISIANA**

NO. 793-784                                                                               DIVISION "M"

**MARY ANN WINNINGKOF, et al.**

**VERSUS**

**LOUISIANA REGIONAL LANDFILL COMPANY, et al.**

FILED: _____          _____

                                                                    **DEPUTY CLERK**

**UNOPPOSED MOTION AND INCORPORATED MEMORANDUM IN SUPPORT**
**TO TRANSFER AND DECLINATORY EXCEPTION OF LIS PENDENS**

   **NOW INTO COURT,** through undersigned counsel, come Defendants, The Parish

of Jefferson, Waste Connections US, Inc., Waste Connections Bayou, Inc., Louisiana

Regional Landfill Company, and Aptim Corp., who respectfully move as follows:

**I.**

   On May 9, 2019, a hearing was held before Judge Stephen C. Grefer on a Motion

to Consolidate five (5) pending cases (including the instant matter) with *Frederick*

*Addison, et al. v. Louisiana Regional Landfill Company, et al.* ("*Addison*"), Docket No.

790-369, Division "J."[1]

**II.**

   After considering the pleadings, memoranda, and argument of counsel, Judge

Grefer granted the Motion to Consolidate, ruling that all five (5) cases would be

consolidated with *Addison*.

**III.**

   The Judgment reflecting Judge Grefer's ruling was signed on May 22, 2019.[2]

---

[1] *Frederick Addison, et al. v. Louisiana Regional Landfill Company, et al.,* Docket No. 790-369, Division "J"; *Michael Brunet, et al. v. Louisiana Regional Landfill Company, et al.,* Docket No. 793-088, Division "O"; *Mary Ann Winningkof, et al. v. Louisiana Regional Landfill Company, et al.,* Docket No. 793-784, Division "M"; *Rickey Calligan, et al. v. Louisiana Regional Landfill Company, et al.,* Docket No. 793-908, Division "L"; and *Regenia Griffin, et al. v. Louisiana Regional Landfill Company, et al.,* Docket No. 794-011, Division "A."
[2] Judgment, executed on May 22, 2019, attached hereto and marked as "Exhibit A."

**IV.**

As indicated by the Judgment, Judge Grefer ordered the filing of this Motion to Transfer, in order to transfer and re-allot this matter to Division "J" so that it is consolidated with *Addison*.

**V.**

Counsel for Plaintiffs consent to this Motion to Transfer.[3]

**VI.**

Out of an abundance of caution, Defendants plead a Declinatory Exception of Lis Pendens pursuant to Louisiana Code of Civil Procedure articles 531, 532, and 925, which will be fully briefed pursuant to deadlines previously established by Judge Grefer for the filing of responsive pleadings after transfer is completed. A court may dismiss or stay a subsequently filed action under the doctrine of lis pendens when there is an earlier-filed pending action that is based "on the same transaction or occurrence, [and] between the same parties in the same capacities[.]"[4] In this case, Plaintiffs filed this lawsuit while four (4) nearly identical proposed class action lawsuits (now consolidated) are pending before the United States District Court for the Eastern District of Louisiana. Like the *Addison* case, this matter clearly arises from the same transaction or occurrence (odors allegedly emanating from the Jefferson Parish Landfill), and under Louisiana Supreme Court precedent, involve the same parties in the same capacities Accordingly, this case should be dismissed or stayed pending the outcome of the Federal Court matters.

*(Continued on next page)*

---

[3] Email from Barry S. Neuman, dated May 16, 2019 at 11:06 AM, attached hereto and marked as "Exhibit B."

[4] La. C.C.P. art. 531 (case may be dismissed when earlier filed case pending in Louisiana state court), art. 532 (case may be stayed when earlier filed action pending in federal court); *see also Brooks Well Servicing, Inc. v. Cudd Pressure Control, Inc.*, 850 So. 2d 1027, 1031 (La. App. 2 Cir. 2003); *Aisola v. Louisiana Citizens Prop. Ins. Corp.*, 180 So. 3d 266, 269 (La. 2015).

**2 of 5**

**WHEREFORE**, Defendants, The Parish of Jefferson, Waste Connections US, Inc., Waste Connections Bayou, Inc., Louisiana Regional Landfill Company, and Aptim Corp., pray that this Motion to Transfer be granted, and that this matter be transferred to Division "J" of the 24th Judicial District Court and consolidated with *Frederick Addison, et al. v. Louisiana Regional Landfill Company, et al.*, Docket No. 790-369, Division "J."

Respectfully submitted,

GEIGER, LABORDE & LAPEROUSE, LLC      CONNICK AND CONNICK, LLC

_/s/ William A. Barousse_

ERNEST P. GEIGER, JR., LA. BAR NO. 6154
WILLIAM A. BAROUSSE, LA. BAR. NO. 29748
J. MICHAEL DIGIGLIA, LA BAR. NO. 24378
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139
Telephone:   (504) 561-0400
Facsimile:    (504) 561-1011
E-mail:       wbarousse@glllaw.com

*Counsel for Defendant, Aptim Corp.*

WILLIAM P. CONNICK, LA. BAR NO. 14158
MICHAEL S. FUTRELL, LA BAR. NO. 20819
MATTHEW D. MOGHIS, LA BAR. NO. 33994
3421 N. Causeway Blvd., Suite 408
Metairie, Louisiana 70002
Telephone:   (504) 681-6658
Facsimile:    (504) 838-9903
E-mail:       moghis@connicklaw.com

*Counsel for Defendant, Jefferson Parish*

BRADLEY MURCHISON KELLY & SHEA, LLC

_/s/ David R. Taggart_

DAVID R. TAGGART, LA. BAR NO. 12626
401 Edwards Street, Suite 1000
Shreveport, Louisiana 71101
Telephone:   (318) 227-1131
Facsimile:    (318) 227-1141
Email:        dtaggart@bradleyfirm.com

*Counsel for Defendant,*
*Waste Connections US, Inc.*

_/s/ Michael C. Mims_

MICHAEL C. MIMS, LA. BAR NO. 33991
1100 Poydras Street Suite 2700
New Orleans, Louisiana 70163
Telephone:   (504) 596-6300
Facsimile:    (504) 596-6301
Email:        mmims@bradleyfirm.com

*Counsel for Defendant,*
*Waste Connections US, Inc.*

*(Signature blocks continued on next page)*

**3 of 5**

**BEVERIDGE & DIAMOND, P.C.**

_/s/ Megan R. Brillault_

MEGAN R. BRILLAULT (_PRO HAC VICE_)
MICHAEL G. MURPHY (_PRO HAC VICE_)
JOHN H. PAUL (_PRO HAC VICE_)
477 Madison Avenue, 15th Floor
New York, New York 10022
Telephone:   (212) 702-5400
Email:        _mbrillault@bdlaw.com_

_Counsel for Defendant,_
_Waste Connections US, Inc._

_/s/ James B. Slaughter_

JAMES B. SLAUGHTER (_PRO HAC VICE_)
1350 I Street, Northwest, Suite 700
Washington, DC 20005
Telephone:   (202) 789-6000
Email:        _jslaughter@bdlaw.com_

_Counsel for Defendant,_
_Waste Connections US, Inc._

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has this date been served on all known counsel of record in this proceeding by:

( )   Hand Delivery            ( )   Prepaid U.S. Mail
(X)   Email                     ( )   Facsimile

Metairie, Louisiana this 4th day of June, 2019.

_____
MATTHEW D. MOGHIS

**24TH JUDICIAL DISTRICT FOR THE PARISH OF JEFFERSON**

**STATE OF LOUISIANA**

**NO. 793-784**                                                   **DIVISION "M"**

**MARY ANN WINNINGKOF, et al.**

**VERSUS**

**LOUISIANA REGIONAL LANDFILL COMPANY, et al.**

FILED: _____        _____
                                                          **DEPUTY CLERK**

<u>**ORDER OF TRANSFER**</u>

**IT IS ORDERED BY THE COURT** that the above numbered and entitled matter

be transferred to the docket of the Honorable Judge Stephen Grefer, Division "J" of the

24th Judicial District Court, in and for the Parish of Jefferson, State of Louisiana, for all

further proceedings and final disposition.

Gretna, Louisiana, this _____ day of _____, 2019.

_____
**JUDGE HENRY G. SULLIVAN, JR.**

**APPROVED AND ACCEPTED:**

Gretna, Louisiana, this _____ day of _____, 2019.

_____
**JUDGE STEPHEN GREFER**

**5 of 5**

D7/634

Filed by: **Fax**
Date: ___May 9, 2019___
Time: ___11:48 AM___
Deputy Clerk: _____
(SEE ATTACHED LOG)

FILED FOR RECORD 05/22/2019 11:17:09
Jessica F. Matherne, DY CLERK
JEFFERSON PARISH, LA

D7  713
634

### 24TH JUDICIAL DISTRICT FOR THE PARISH OF JEFFERSON

### STATE OF LOUISIANA

NO. 790-369                                            DIVISION "J"

### FREDERICK ADDISON, et. al.

### VERSUS

### LOUISIANA REGIONAL LANDFILL COMPANY, et. al.

FILED: _____        _____
                                    DEPUTY CLERK

### JUDGMENT ON DEFENDANT JEFFERSON PARISH'S MOTION TO TEMPORARILY LIFT STAY AND MOTION TO CONSOLIDATE AND ON PLAINTIFFS FREDERICK ADDISON ET. AL.'S MOTION TO PERMENANTLY LIFT STAY

**ON MAY 9, 2019,** hearing was held on Jefferson Parish's Motion to Temporarily Lift Stay and Motion to Consolidate, which was adopted by Waste Connections US, Inc and Plaintiffs Frederick Addison *et. al.*'s Motion to Permanently Lift Stay. Present at the hearing were:

MATTHEW D. MOGHIS, *counsel for Jefferson Parish*;

DAVID TAGGART, MICHAEL MIMS and MEGAN R. BRILLAULT, *counsel for Waste Connections US, Inc.*; and

BARRY S. NEUMAN, C. Allen Foster, S. Eliza James, Byron Forrest, and Nicholas Cressy *counsel for Plaintiffs.*

**CONSIDERING** the law, evidence, and argument of counsel, for the reasons orally assigned:

**IT IS ORDERED, ADJUDGED, AND DECREED** that Jefferson Parish's Motion to Temporarily Lift Stay and Motion to Consolidate be and is hereby GRANTED, consolidating and transferring the following matters to this Division with the above-titled matter:

1. *Charles Anderson, et al. v. Louisiana Regional Landfill Company, et al.*
   Docket No. 792-502
   Division "O"

2. *Michael Brunet, et al. v. Louisiana Regional Landfill Company, et al.*
   Docket No. 793-088
   Division "O"

1 of 2


EXHIBIT
A

3. *Mary Ann Winningkof, et al. v. Louisiana Regional Landfill Company, et al.*
   Docket No. 793-784
   Division "M"

4. *Rickey Calligan, et al. v. Louisiana Regional Landfill Company, et al.*
   Docket No. 793-908
   Division "L"

5. *Regenia Griffin, et al. v. Louisiana Regional Landfill Company, et al.*
   Docket No. 794-011
   Division "A"

(collectively, the "Related Actions")

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, upon execution of this Judgment, Jefferson Parish will submit Motions to Transfer, attaching this Judgment, in the respective Divisions where each of the above-listed cases is currently pending.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the parties shall have until and including May 16, 2019 to submit post-hearing memoranda with respect to Plaintiffs' Motion to Permanently Lift Stay, after submission of which the Court will issue a ruling on Plaintiffs' Motion.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that all Defendants shall have an extension of time to file responsive pleadings in the Related Actions pending further instructions by this Court.

Gretna, Louisiana, this ___22nd___ day of ___May___, 2019.

_____
**JUDGE STEPHEN C. GREFER**

DT owes GOVT

**Matthew Moghis**

| | |
|---|---|
| **From:** | Neuman, Barry S. <BNeuman@wtplaw.com> |
| **Sent:** | Thursday, May 16, 2019 11:06 AM |
| **To:** | Matthew Moghis |
| **Subject:** | RE: Joint/Unopposed Motion to Transfer (Addison; Anderson; etc.) |

We consent.

*Barry S. Neuman*
Whiteford, Taylor & Preston LLP
1800 M Street NW
Suite 450N
Washington, DC 20036
Tele:  202.659.6761
Fax:   202.327.6151

**From:** Matthew Moghis <moghis@connicklaw.com>
**Sent:** Thursday, May 16, 2019 10:42 AM
**To:** Neuman, Barry S. <BNeuman@wtplaw.com>
**Cc:** Eliza James <eliza@fcjlaw.com>; Byron Forrest <byron@fcjlaw.com>; Nicholas Cressy <nicholas@fcjlaw.com>
**Subject:** [EXTERNAL] RE: Joint/Unopposed Motion to Transfer (Addison; Anderson; etc.)

This is a different matter.

I am referring to the Motions to Transfer in the other cases, not the Order in Addison.

**From:** Neuman, Barry S. <BNeuman@wtplaw.com>
**Sent:** Thursday, May 16, 2019 9:38 AM
**To:** Matthew Moghis <moghis@connicklaw.com>
**Cc:** Eliza James <eliza@fcjlaw.com>; Byron Forrest <byron@fcjlaw.com>; Nicholas Cressy <nicholas@fcjlaw.com>
**Subject:** Re: Joint/Unopposed Motion to Transfer (Addison; Anderson; etc.)

We will have comments on your draft order today

Sent from my iPhone

On May 16, 2019, at 10:00 AM, Matthew Moghis <moghis@connicklaw.com> wrote:

> Barry,
>
> I left a voicemail earlier this morning, but to follow up:
>
> We are preparing the Motions to Transfer to transfer the subsequent cases to Judge Grefer's division in accordance with his orders. We would like to file them as either joint or unopposed motions. Do we have your consent to do so?
>
> Feel free to call me if you would like to discuss in greater detail.
>
> Thank you,

1

EXHIBIT

B

Matthew D. Moghis
Connick and Connick, L.L.C.
3421 N. Causeway Blvd., Suite 408
Metairie, Louisiana 70002
Telephone: (504) 681-6658
Facsimile: (504) 838-9903
E-mail: moghis@connicklaw.com
Website: www.connicklaw.com [connicklaw.com]

This e-mail transmission and any attachments it may contain is confidential information belonging to the sender which is protected by the attorney-client privilege. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this information is strictly prohibited.  If you have received this e-mail in error, please immediately notify us by telephone.

---

This transmission contains information from the law firm of Whiteford, Taylor & Preston LLP which may be confidential and/or privileged. The information is intended to be for the exclusive use of the planned recipient. If you are not the intended recipient, be advised that any disclosure, copying, distribution or other use of this information is strictly prohibited. If you have received this transmission in error, please notify the sender immediately.

2



**Notice of Service of Process**

**DLN / ALL**
**Transmittal Number: 19880615**
**Date Processed: 05/31/2019**

| | |
|---|---|
| **Primary Contact:** | Patrick J Shea<br>Waste Connections Inc.<br>3 Waterway Square Place<br>Ste 110<br>The Woodlands, TX 77380 |
| **Electronic copy provided to:** | Megan Hodapp<br>Aaron Rubin<br>Denise Bachmeyer<br>Robert Cloninger<br>Tammy Aaron<br>Jason Antrican<br>John Perkey<br>Alan Christensen<br>Thomas Jennings<br>Toni Parker<br>Lisa Wysocki<br>Kevin Henson<br>Kenneth Davis |

| | |
|---|---|
| **Entity:** | Waste Connections US, Inc.<br>Entity ID Number  1721382 |
| **Entity Served:** | Waste Connections US Inc |
| **Title of Action:** | Mary Paul vs. Louisiana Regional Landfill Company (LRLC), f/k/a IESI LA Landfill Corporation |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Jefferson Parish District Court, LA |
| **Case/Reference No:** | 795-404 A |
| **Jurisdiction Served:** | Delaware |
| **Date Served on CSC:** | 05/29/2019 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Federal Express |
| **Sender Information:** | S. Eliza James<br>504-605-0777 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

(101)  CITATION: PETITION FOR DAMAGES AND INJUNCTIVE RELIEF;        190522-1645-4

24TH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON
STATE OF LOUISIANA

MARY PAUL, FRANK MCKNIGHT, ISABELLE
MCKNIGHT, LILY GRACE MCKNIGHT, STACEY HOBBS,
TRINITY CLARK, AYSIA CLARK, MARIYAH CLARK,
DANITRE ABBOTT, COBY ABBOTT, CARTER
LAWRENCE, JOHN AUGILLARD, KESEAN COUSIN,
KEVON COUSIN, JOYCE AUGILLARD, KEISION
WAYNE AUGILLARD, KIERA AUGILLARD, KEION
BARDELL, NATHANIEL BORSKEY, BRIANA GIBSON,
JORDAN GIBSON, JOUVANDA BLAKE, BRIANNA
TAYLOR, BRANDON TAYLOR, BRYAN BLAKE, DANNY
BOSWELL JR, DONNA BUTLER, SCOREY HOLMES,
GINA CARTER, ISAHA DINET, JORDAN DINET,
KEDRICK MORGAN, LORENA CARTER, JAMES
CARTER, JARELL CARTER, BRIAN CHISHOLM, EDITH
CHISHOLM, ALICIA COLLINS, LLOYD DANIELS,
TIFFANY DURANT, MONROE GARDNER, NANCY
JOHNSON, SEMAJ JOHNSON, WILLIAM PARKER
JOHNSON III, JOSEPH CORNELL, KIARA KEASLEY,
CURTIS JOHNSON, JOYCE LEE, GENEVA LOCKETT,
NORA LONDON, JAWON MCGEE, NATASHA
MCGLOTHEN, JANET MCKEEL, TYRONE MCKINLEY,
MARIYA MERRICKS, VINCENT MITCHELL, ADRIENNE
GABRIEL MOILANEN, PHILLIP MONROE, ESSENCE
MORGAN, LON DYN BURNS, LEI LONNI BURNS,
DELLA MOSLEY, EDNA REED, JOSEPH RIDGLEY,
MARION RIDGLEY, DEBORAH SAVAGE, DEBORAH
COLLINS, CHARLIE BROWN, LARRY SAVAGE,
ROLAND SCHIPPLEIN, ANDREW SECTION, JOYCE
SIMON, LATOYA SINGLETON, CLARENCE SMITH,
LASHANDRA SMITH, CHRISTIAN EVANS, JAQUAN
EVANS, KAJON SMITH, NAJAE SMITH, LEROY SMITH,
RAYFIELD SMITH, MYKELL STEWARD, RHONDA
STEWARD, MARKEZ WHITE, MARY SUMMERALL,
VICTORIA SYLVE, BRIAN WALKER JR, BRIAN
WALKER III, MELANIE WARD, ANNIE WASHINGTON,
GREANNA WASHINGTON, EMMA WHITE, LLOYD
WHITE JR
    versus
LOUISIANA REGIONAL LANDFILL COMPANY, IESI LA
LANDFILL CORPORATION, WASTE CONNECTIONS
BAYOU INC, PROGRESSIVE WASTE SOLUTIONS OF
LA INC, WASTE CONNECTIONS US INC, APTIM CORP,
PARISH OF JEFFERSON, ABC CORPORATION, DEF
CORPORATION, GHI CORPORATION, JKL
CORPORATION, MNO CORPORATION

Case: 795-404     Div: "A"
P 1 MARY PAUL

To:  WASTE CONNECTIONS US INC
THROUGH ITS AGENT FOR SERVICE
VIA LONG ARM THROUGH ITS AGENT
CORPORATION SERVICE COMPANY
251 LITTLE FALLS DRIVE
WILMINGTON, DE 19808

LA Long Arm

PARISH OF JEFFERSON

You are hereby summoned to comply with the demand contained in the PETITION FOR
DAMAGES AND INJUNCTIVE RELIEF of which a true and correct copy accompanies this
citation, or make an appearance either by filing a pleading or otherwise, in the 24th Judicial
District Court in and for the Parish of Jefferson, State of Louisiana, within THIRTY (30)
CALENDAR days after the return of service hereof, under penalty of default.
Page 1 of 2          Thomas F. Donelon Courthouse : 200 Derbigny St. : Gretna LA 70053

This service was requested by attorney S ELIZA JAMES and was issued by the Clerk of Court on the 22nd day of May, 2019.

/s/ Giselle A Leglue
Giselle A Leglue, Deputy Clerk of Court for
Jon A. Gegenheimer, Clerk of Court

_____SERVICE INFORMATION_____

(101) CITATION: PETITION FOR DAMAGES AND INJUNCTIVE RELIEF;        190522-1645-4

Received:_____     Served:_____     Returned:_____

Service was made:
___ Personal                    ___ Domiciliary _____

Unable to serve:
___ Not at this address        ___ Numerous attempts _____ times
___ Vacant                     ___ Received too late to serve
___ Moved                      ___ No longer works at this address
___ No such address            ___ Need apartment / building number
___ Other _____

Service: $_____     Mileage: $_____     Total: $_____

Completed by:_____ # _____
                         Deputy Sheriff
Parish of: _____

Thomas F. Donelon Courthouse : 200 Derbigny St. : Gretna LA 70053

(101)  CITATION: PETITION FOR DAMAGES AND INJUNCTIVE RELIEF;      190522-1645-4

## 24TH JUDICIAL DISTRICT COURT
## PARISH OF JEFFERSON
## STATE OF LOUISIANA

MARY PAUL, FRANK MCKNIGHT, ISABELLE
MCKNIGHT, LILY GRACE MCKNIGHT, STACEY HOBBS,
TRINITY CLARK, AYSIA CLARK, MARIYAH CLARK,
DANITRE ABBOTT, COBY ABBOTT, CARTER
LAWRENCE, JOHN AUGILLARD, KESEAN COUSIN,
KEVON COUSIN, JOYCE AUGILLARD, KEISION
WAYNE AUGILLARD, KIERA AUGILLARD, KEION
BARDELL, NATHANIEL BORSKEY, BRIANA GIBSON,
JORDAN GIBSON, JOUVANDA BLAKE, BRIANNA
TAYLOR, BRANDON TAYLOR, BRYAN BLAKE, DANNY
BOSWELL JR, DONNA BUTLER, SCOREY HOLMES,
GINA CARTER, ISAHA DINET, JORDAN DINET,
KEDRICK MORGAN, LORENA CARTER, JAMES
CARTER, JARELL CARTER, BRIAN CHISHOLM, EDITH
CHISHOLM, ALICIA COLLINS, LLOYD DANIELS,
TIFFANY DURANT, MONROE GARDNER, NANCY
JOHNSON, SEMAJ JOHNSON, WILLIAM PARKER
JOHNSON III, JOSEPH CORNELL, KIARA KEASLEY,
CURTIS JOHNSON, JOYCE LEE, GENEVA LOCKETT,
NORA LONDON, JAWON MCGEE, NATASHA
MCGLOTHEN, JANET MCKEEL, TYRONE MCKINLEY,
MARIYA MERRICKS, VINCENT MITCHELL, ADRIENNE
GABRIEL MOILANEN, PHILLIP MONROE, ESSENCE
MORGAN, LON DYN BURNS, LEI LONNI BURNS,
DELLA MOSLEY, EDNA REED, JOSEPH RIDGLEY,
MARION RIDGLEY, DEBORAH SAVAGE, DEBORAH
COLLINS, CHARLIE BROWN, LARRY SAVAGE,
ROLAND SCHIPPLEIN, ANDREW SECTION, JOYCE
SIMON, LATOYA SINGLETON, CLARENCE SMITH,
LASHANDRA SMITH, CHRISTIAN EVANS, JAQUAN
EVANS, KAJON SMITH, NAJAE SMITH, LEROY SMITH,
RAYFIELD SMITH, MYKELL STEWARD, RHONDA
STEWARD, MARKEZ WHITE, MARY SUMMERALL,
VICTORIA SYLVE, BRIAN WALKER JR, BRIAN
WALKER III, MELANIE WARD, ANNIE WASHINGTON,
GREANNA WASHINGTON, EMMA WHITE, LLOYD
WHITE JR
         versus
LOUISIANA REGIONAL LANDFILL COMPANY, IESI LA
LANDFILL CORPORATION, WASTE CONNECTIONS
BAYOU INC, PROGRESSIVE WASTE SOLUTIONS OF
LA INC, WASTE CONNECTIONS US INC, APTIM CORP,
PARISH OF JEFFERSON, ABC CORPORATION, DEF
CORPORATION, GHI CORPORATION, JKL
CORPORATION, MNO CORPORATION

Case: 795-404      Div: "A"
P 1 MARY PAUL

To:  WASTE CONNECTIONS US INC
THROUGH ITS AGENT FOR SERVICE
VIA LONG ARM THROUGH ITS AGENT
CORPORATION SERVICE COMPANY
251 LITTLE FALLS DRIVE
WILMINGTON, DE 19808

LA Long Arm

PARISH OF JEFFERSON

You are hereby summoned to comply with the demand contained in the PETITION FOR
DAMAGES AND INJUNCTIVE RELIEF of which a true and correct copy accompanies this
citation, or make an appearance either by filing a pleading or otherwise, in the 24th Judicial
District Court in and for the Parish of Jefferson, State of Louisiana, within THIRTY (30)
CALENDAR days after the return of service hereof, under penalty of default.

Thomas F. Donelon Courthouse : 200 Derbigny St. : Gretna LA 70053

Page 1 of 2

This service was requested by attorney S ELIZA JAMES and was issued by the Clerk of Court on the 22nd day of May, 2019.

/s/ Giselle A Leglue
Giselle A Leglue, Deputy Clerk of Court for
Jon A. Gegenheimer, Clerk of Court

_____SERVICE INFORMATION_____

(101)  CITATION: PETITION FOR DAMAGES AND INJUNCTIVE RELIEF;        190522-1645-4

Received:_____     Served:_____     Returned:_____

Service was made:
___ Personal                    ___ Domicilary _____

Unable to serve:
___ Not at this address      ___ Numerous attempts _____ times
___ Vacant                        ___ Received too late to serve
___ Moved                        ___ No longer works at this address
___ No such address         ___ Need apartment / building number
___ Other _____

Service: $_____     Mileage: $_____     Total: $_____

Completed by:_____ # _____
                                    Deputy Sheriff
Parish of: _____

Thomas F. Donelon Courthouse : 200 Derbigny St. : Gretna LA 70053

1790

$1,132.00
835



### 24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

### STATE OF LOUISIANA

NO.: 795-404                                          DIVISION:

MARY PAUL; FRANK MCKNIGHT, in his individual capacity and as parent of his minor children, ISABELLE MCKNIGHT and LILY GRACE MCKNIGHT; STACEY HOBBS, in her individual capacity and as a parent of her minor children, TRINITY CLARK, AYSIA CLARK, and MARIYAH CLARK; DANITRE ABBOTT, in her individual capacity and as parent of her minor children COBY ABBOTT and CARTER LAWRENCE; JOHN AUGILLARD, in his individual capacity and as parent of his minor children KESEAN COUSIN and KEVON COUSIN; JOYCE AUGILLARD; KEISION WAYNE AUGILLARD; KIERA AUGILLARD; KEION BARDELL, in his individual capacity and as parent of his minor children, NATHANIEL BORSKEY, BRIANA GIBSON, and JORDAN GIBSON; JOUVANDA BLAKE, in her individual capacity and as parent of her minor children BRIANNA TAYLOR, BRANDON TAYLOR, and BRYAN BLAKE; DANNY BOSWELL, JR.; DONNA BUTLER, in her individual capacity and as parent of her minor child, SCOREY HOLMES; GINA CARTER, in her individual capacity and as parent of her minor children, ISAHA DINET, JORDAN DINET, and KEDRICK MORGAN; LORENA CARTER; JAMES CARTER; JARELL CARTER; BRIAN CHISHOLM; EDITH CHISHOLM; ALICIA COLLINS; LLOYD DANIELS; TIFFANY DURANT, in her individual capacity and as parent of her minor child MONROE GARDNER; NANCY JOHNSON; SEMAJ JOHNSON; WILLIAM PARKER JOHNSON, III; JOSEPH CORNELL; KIARA KEASLEY, in her individual capacity and as parent of her minor child, CURTIS JOHNSON; JOYCE LEE; GENEVA LOCKETT; NORA LONDON; JAWON MCGEE; NATASHA MCGLOTHEN; JANET MCKEEL; TYRONE MCKINLEY; MARIYA MERRICKS; VINCENT MITCHELL; ADRIENNE GABRIEL MOILANEN; PHILLIP MONROE; ESSENCE MORGAN, in her individual capacity and as parent of her minor children, LON'DYN BURNS and LEI'LONNI BURNS; DELLA MOSLEY; EDNA REED; JOSEPH RIDGLEY; MARION RIDGLEY; DEBORAH SAVAGE, in her individual capacity and as legal guardian of DEBORAH COLLINS and CHARLIE BROWN; LARRY SAVAGE; ROLAND SCHIPPLEIN;  ANDREW SECTION; JOYCE SIMON; LATOYA SINGLETON; CLARENCE SMITH; LASHANDRA SMITH, in her individual capacity and as a parent of her minor children, CHRISTIAN EVANS, JAQUAN EVANS, KAJON SMITH, and NAJAE SMITH; LEROY SMITH; RAYFIELD SMITH; MYKELL STEWARD; RHONDA STEWARD, in her individual capacity and as parent of her minor child, MARKEZ WHITE; MARY SUMMERALL; VICTORIA SYLVE; BRIAN WALKER, JR.; BRIAN WALKER, III; MELANIE WARD, ANNIE WASHINGTON; GREANNA WASHINGTON; EMMA WHITE; and LLOYD WHITE, JR. .

### VERSUS

LOUISIANA REGIONAL LANDFILL COMPANY (LRLC), f/k/a IESI LA LANDFILL CORPORATION; WASTE CONNECTIONS BAYOU, INC., f/k/a/ PROGRESSIVE WASTE SOLUTIONS OF LA, INC; WASTE CONNECTIONS US, INC; APTIM CORP; PARISH OF JEFFERSON; ABC CORP; DEF CORP; GHI CORP; JKL CORP; and MNO CORP.

FILED:_____

_____
DEPUTY CLERK

24th E-Filed: 05/20/2019 13:13:14 Case: 795404 Div:A Atty:035182 S ELIZA   JAMES

### PETITION FOR DAMAGES AND INJUNCTIVE RELIEF

1

This action arises from the continuing, significant and unabated harm suffered by each of the named Petitioners as a result of the ongoing – and admitted – failure of each of the Defendants to ensure that the design, operation and maintenance of the Jefferson Parish Landfill (the "J.P. Landfill") complies with applicable environmental laws and adequately protects Petitioners' human health and environment. At all relevant times, the J.P. Landfill and has persistently emitted harmful and toxic odors and chemicals into the surrounding areas, including where each of the Petitioners resides.

These unlawful, harmful and toxic releases have caused Petitioners substantial loss of the use and enjoyment of their homes and immovable property, and have caused physical harms including, among other things: difficulties breathing, coughing, nausea, burning eyes, ears, noses and throats, dizziness loss of appetite and lethargy, as well as fear, anguish, discomfort and inconvenience. These emissions also have caused diminution in the value of Petitioners' homes.

Accordingly, Petitioners seek redress from the Defendants for the direct and consequential injury and damage they have suffered and will continue to suffer as a direct result of the releases of noxious odors and chemicals from the J.P. Landfill.

Petitioners are:

**MARY PAUL,** an individual of full age of majority residing at 717 Richard Ave., River Ridge, LA 70123 and owner of said immovable property.

**FRANK MCKNIGHT,** an individual of full age of majority residing at 612 Hester Ave., River Ridge, LA 70123 and owner of said immovable property, in his individual capacity and as parent of his minor children, **ISABELLE MCKNIGHT and LILY GRACE MCKNIGHT.**

**STACEY HOBBS,** an individual of full age of majority residing at 1324 Hickory Ave., Harahan, LA 70123 and owner of a leasehold interest in said premises, in her individual capacity and as a parent of her minor children, **TRINITY CLARK, AYSIA CLARK,** and **MARIYAH CLARK.**

**DANITRE ABBOTT,** an individual of full age of majority residing at 3120 Phoenix St., Apt. C, Kenner, LA 70062 and owner of a leasehold interest in said premises, in her individual capacity and as parent of her minor children, **COBY ABBOTT** and **CARTER LAWRENCE.**

2

24th E-Filed: 05/20/2019 13:13:14 Case: 795404 Div:A Atty:035182 S ELIZA JAMES

**JOHN AUGILLARD,** an individual of full age of majority residing at 209 N Sibley St., Metairie, LA 70003 and owner of said immovable property, in his individual capacity and as parent of his minor children, **KESEAN COUSIN** and **KEVON COUSIN.**

**JOYCE AUGILLARD,** an individual of full age of majority residing at an individual of full age of majority residing at 209 N Sibley St., Metairie, LA 70003 and owner of said immovable property.

**KEISION WAYNE AUGILLARD,** an individual of full age of majority residing at an individual of full age of majority residing at 209 N Sibley St Metairie, LA 70003.

**KIERA AUGILLARD,** an individual of full age of majority residing at an individual of full age of majority residing at 209 N Sibley St Metairie, LA 70003.

**KEION BARDELL,** an individual of full age of majority residing at 44 Megehee Ct., Waggaman, LA 70094 and owner of a leasehold interest in said premises, in his individual capacity and as parent of his minor children, **NATHANIEL BORSKEY, BRIANA GIBSON,** and **JORDAN GIBSON.**

**JOUVANDA BLAKE,** an individual of full age of majority residing at 839 Lander St., Bridge City, LA 70094 and owner of a leasehold interest in said premises, in her individual capacity and as parent behalf of her minor children, **BRIANNA TAYLOR, BRANDON TAYLOR,** and **BRYAN BLAKE.**

**DANNY BOSWELL, JR.,** an individual of full age of majority residing at 213 Rosebud St., Apt. B Metairie, LA 70005 and owner of a leasehold interest in said premises.

**DONNA BUTLER,** an individual of full age of majority residing at 328 South Upland Ave., River Ridge, LA. 70123 and owner of said immovable property, in her individual capacity and as parent of her minor child, **SCOREY HOLMES.**

**GINA CARTER,** an individual of full age of majority residing at 6624 Benedict Dr, Marrero, LA 70072 in her individual capacity and on behalf of her minor children, **ISAHA DINET, JORDAN DINET,** and **KEDRICK MORGAN.**

**JAMES CARTER,** an individual of full age of majority residing at 6624 Benedict Dr., Marrero, LA 70072.

24th E-Filed: 05/20/2019 13:13:14 Case: 795404 Div:A Atty:035182 S ELIZA  JAMES

3

**JARELL CARTER,** an individual of full age of majority residing at 80 Clifford Ct., Waggaman, LA 70094 and owner of a leasehold interest in said premises.

**LORENA CARTER,** an individual of full age of majority residing at 6624 Benedict Dr,, Marrero, LA 70072.

**BRIAN CHISHOLM,** an individual of full age of majority residing at 334 Providence Lane, Kenner, LA 70062.

**EDITH CHISHOLM,** an individual of full age of majority residing at 334 Providence Lane, Kenner, LA 70062.

**ALICIA COLLINS,** an individual of full age of majority residing at 934 Belleville St., Algiers, LA 70114 and owner of a leasehold interest in said premises.

**LLOYD DANIELS,** an individual of full age of majority residing at 228 Della Lane, Avondale, LA 70094.

**TIFFANY DURANT,** an individual of full age of majority residing at 231 5th St., Bridge City, LA 70094 and owner of said premises, in her individual capacity and on behalf of her minor child, **MONROE GARDNER.**

**NANCY JOHNSON,** an individual of full age of majority residing at 712 Starrett Rd., River Ridge, LA 70123 and owner of a leasehold interest in said premises.

**SEMAJ JOHNSON,** an individual of full age of majority residing at 112 Marie Drive, Avondale, LA 70094.

**WILLIAM PARKER JOHNSON, III,** an individual of full age of majority residing at 341 Providence Lane, Apt. A, Kenner, LA 70062 and owner of a leasehold interest in said premises.

**JOSEPH CORNELL,** an individual of full age of majority residing at 1005 S. Bengal Rd., Metairie, LA 70003 and owner of said immovable property.

**KIARA KEASLEY,** an individual of full age of majority residing at 1324 S. Dilton St., Metairie, LA 7000,3 in her individual capacity and as parent of her minor child, **CURTIS JOHNSON.**

**JOYCE LEE,** an individual of full age of majority residing at 521 S. Bengal St., River Ridge, LA 70123 and owner of said immovable property.

4

24th E-Filed: 05/20/2019 13:13:14 Case: 795404 Div:A Atty:035182 S ELIZA  JAMES

**GENEVA LOCKETT,** an individual of full age of majority residing at 863 Reverend Richard Wilson Drive, Apt 7E, Kenner, LA 70062.

**NORA LONDON,** an individual of full age of majority residing at 7928 Macon St., Metairie, LA 70003 and owner of said immovable property.

**JAWON MCGEE,** an individual of full age of majority residing at 18 Sharen Place, Westwego, LA 70094.

**NATASHA MCGLOTHEN,** an individual of full age of majority residing at 1305 Lincoln Ave., Marrero, LA 70072 and owner of a leasehold interest in said premises.

**JANET MCKEEL,** an individual of full age of majority residing at 537 George St., Avondale, LA 70094.

**TYRONE MCKINLEY,** an individual of full age of majority residing at 18 Sharen Place, Westwego, LA 70094 and owner a leasehold interest in said premises.

**MARIYA MERRICKS,** an individual of full age of majority residing at 10950 Jefferson Hwy., Apt S5, River Ridge, LA 70123.

**VINCENT MITCHELL,** an individual of full age of majority residing at 11104 Newton St., Apt C, River Ridge, LA 70123 and owner of a leasehold interest in said premises.

**ADRIENNE GABRIEL MOILANEN,** an individual of full age of majority residing at 512 Avondale Garden Road, Avondale, LA 70094.

**PHILLIP MONROE,** an individual of full age of majority residing at 124 Prairie View Court, Avondale, LA 70094 and owner of said immovable property.

**ESSENCE MORGAN,** an individual of full age of majority residing at 318 Pollock Place, Kenner, LA 70062, in her individual capacity and as parent of her minor children, **LON'DYN BURNS** and **LEI'LONNI BURNS.**

**DELLA MOSLEY,** an individual of full age of majority residing at 627 1/2 Webster St., Apt B, Kenner, LA 70062 and owner of a leasehold interest in said premises.

**EDNA REED,** an individual of full age of majority residing at 509 George Street, Avondale, LA 70094 and owner of said immovable property.

**JOSEPH RIDGLEY,** an individual of full age of majority residing at 516 South Cumberland St., River Ridge, LA 70123 and owner of a leasehold interest in said premises.

24th E-Filed: 05/20/2019 13:13:14 Case: 795404 Div:A Atty:035182 S ELIZA JAMES

5

**MARION RIDGLEY,** an individual of full age of majority residing at 1457 S Laurel St., Metairie, LA 70003.

**DEBORAH SAVAGE,** an individual of full age of majority residing at 21 Richelle St., Westwego, LA 70094 and owner of a leasehold interest in said premises, in her individual capacity and as legal guardian of **DEBORAH COLLINS** and **CHARLIE BROWN.**

**LARRY SAVAGE,** an individual of full age of majority residing at 21 Richelle St., Westwego, LA 70094 and owner of a leasehold interest in said premises.

**ROLAND SCHIPPLEIN,** an individual of full age of majority residing at 256 Azalea St., Waggaman, LA 70094 and owner of said immovable property.

**ANDREW SECTION,** an individual of full age of majority residing at 537 George St., Avondale, LA 70094 and owner of said immovable property.

**JOYCE SIMON,** an individual of full age of majority residing at 859 Rev. Richard Wilson Dr., Apt. 9A, Kenner, LA 70062 and owner of a leasehold interest in said premises.

**LATOYA SINGLETON,** an individual of full age of majority residing at 124 Dillard Dr., Avondale, LA 70094.

**CLARENCE SMITH,** an individual of full age of majority residing at 226 Coleman Place, Kenner, LA 70062 and owner of a leasehold interest in said premises.

**LASHANDRA SMITH,** an individual of full age of majority residing at 317 Church St. Avondale, LA 70094 in her individual capacity and as a parent of her minor children, **CHRISTIAN EVANS, JAQUAN EVANS, KAJON SMITH,** and **NAJAE SMITH.**

**LEROY SMITH,** an individual of full age of majority residing at 10950 Jefferson Highway, Apt Y10, River Ridge, LA 70123 and owner of a leasehold interest in said immovable property.

**RAYFIELD SMITH,** an individual of full age of majority residing at 1224 Webster Street Kenner, LA 70062 and owner of said immovable property.

**MYKELL STEWARD,** an individual of full age of majority residing at 18 Sharen Place, Westwego, LA 70094.

24th E-Filed: 05/20/2019 13:13:14 Case: 795404 Div:A Atty:035182 S ELIZA   JAMES

6

**RHONDA STEWARD,** an individual of full age of majority residing at 18 Sharen Place, Westwego, LA 70094 owner a leasehold interest in said premises, in her individual capacity and as parent of her minor child, **MARKEZ WHITE.**

**MARY SUMMERALL,** an individual of full age of majority residing at 1100 Newton St., Apt. A, River Ridge, LA 70123 and owner of a leasehold interest in said premises.

**VICTORIA SYLVE,** an individual of full age of majority residing at 261 Capitol Dr., Avondale, LA 70084.

**BRIAN WALKER, JR.,** an individual of full age of majority residing at 328 S. Upland Ave., River Ridge LA. 70123.

**BRIAN WALKER, III,** an individual of full age of majority residing at 328 S. Upland Ave., River Ridge, LA 70123.

**MELANIE WARD,** an individual of full age of majority residing at 116 Rosalie Dr., Avondale, LA 70094 and owner of a leasehold interest in said premises.

**ANNIE WASHINGTON,** an individual of full age of majority residing at 1320 S. Meadow St., Metairie, LA 70003 and owner of a leasehold interest in said premises.

**GREANNA WASHINGTON,** an individual of full age of majority residing at 1320 S. Meadow Street, Metairie, LA 70003 and owner of a leasehold interest in said premises.

**EMMA WHITE,** an individual of full age of majority residing at 11036 Newton St., Apt A, River Ridge, LA 70123 and owner of a leasehold interest in said premises.

**LLOYD WHITE, JR.,** an individual of full age of majority residing at 444 Liska St., Waggaman, LA 70094 and owner of said immovable property.

## I.

Made Defendants herein are:

a. **LOUISIANA REGIONAL LANDFILL COMPANY (LRLC),** f/k/a IESI LA LANDFILL CORPORATION (IESI"), a foreign corporation domiciled in Delaware authorized to do and doing business in this Parish and State. On information and belief, LRLC is a wholly owned subsidiary of Defendant Waste Connections Bayou, Inc., Inc., which in turn was acquired by Defendant Waste Connections US, Inc. On information and belief, Defendant LRLC is controlled by Defendants Waste Connections Bayou,

.7

24th E-Filed: 05/20/2019 13:13:14 Case: 795404 Div:A Atty:035182 S ELIZA   JAMES

Inc., and/or Waste Connections, US, Inc., and is the "alter ego" of those Defendants, operating without autonomy and only pursuant to the direction, policies and procedures of its parent corporations;

b. **WASTE CONNECTIONS BAYOU, INC.,** f/k/a/ **PROGRESSIVE WASTE SOLUTIONS OF LA, INC.,** a foreign corporation authorized to do and doing business in this Parish and State;

c. **WASTE CONNECTIONS US, INC.,** a foreign corporation authorized to do and doing business in this Parish and State; and

d. **APTIM CORP.,** a foreign corporation domiciled in Delaware authorized to do and doing business in this Parish and State;

e. **PARISH OF JEFFERSON,** a Louisiana municipal parish in and political subdivision of the State of Louisiana (the "Parish";

f. **ABC CORPORATION,** a foreign or domestic insurance company whose identity is unknown to the Petitioners, who upon information and belief wrote a policy of insurance coverage for Defendant **LOUISIANA REGIONAL LANDFILL COMPANY (LRLC), F/K/A IESI LA LANDFILL CORPORATION ("IESI"),** that may provide coverage for acts, occurrences, and/or omissions more specifically described herein;

g. **DEF CORPORATION** a foreign or domestic insurance company whose identity is unknown to the Petitioners, who upon information and belief wrote a policy of insurance coverage for Defendant, **WASTE CONNECTIONS BAYOU, INC.,** f/k/a/ **PROGRESSIVE WASTE SOLUTIONS OF LA, INC.** that may provide coverage for acts, occurrences, and/or omissions more specifically described herein;

h. **GHI CORPORATION** a foreign or domestic insurance company whose identity is unknown to the Petitioners, who upon information and belief wrote a policy of insurance coverage for Defendant, **WASTE CONNECTIONS BAYOU, INC.,** f/k/a/ **PROGRESSIVE WASTE SOLUTIONS OF LA, INC.,** that may provide coverage for acts, occurrences, and/or omissions more specifically described herein;

8

24th E-Filed: 05/20/2019 13:13:14 Case: 795404 Div:A Atty:035182 S ELIZA JAMES

i. **JKL CORPORATION** a foreign or domestic insurance company whose identity is unknown to the Petitioners, who upon information and belief wrote a policy of insurance coverage for Defendant, **APTIM CORP**, that may provide coverage for acts, occurrences, and/or omissions more specifically described herein;

j. **MNO CORPORATIONS** foreign or domestic insurance company whose identity is unknown to the Petitioners, who upon information and belief wrote a policy of insurance coverage for Defendant, **PARISH OF JEFFERSON**, that may provide coverage for acts, occurrences, and/or omissions more specifically described herein.

## II.

### JURISDICTION AND VENUE

Venue is proper in accordance with La. R.S. 13:5104(B), which states, in part, that "[a]ll suits filed against a political subdivision of the state ... shall be instituted before the district court of the judicial district in which the political subdivision is located or in the district court having jurisdiction in the parish in which the cause of action arises." Venue is further proper as to all other defendants as the wrongful conduct giving rise to the Petitioner's claims occurred within the jurisdictional limits of Jefferson Parish, State of Louisiana.

## III.

### FACTS

The Parish is the owner of the Jefferson Parish Landfill (the "J.P. Landfill"), located at 5800 Highway 90 West in Avondale, Jefferson Parish, LA.

## IV.

At all relevant times, the J.P. Landfill has been used as a Type I/II landfill permitted to accept municipal and commercial solid waste, non-hazardous industrial waste, trash, construction debris, vegetative waste, dewatered municipal wastewater sludge, and compatible non-hazardous industrial waste pursuant to the Louisiana Environmental Quality Act, La. R.S. 30:2001, *et seq.* (the "Act") as well as federal laws and regulations implemented by the United States Environmental Protection Agency ("USEPA").

## V.

9

24th E-Filed: 05/20/2019 13:13:14 Case: 795404 Div:A Atty:035182 S ELIZA   JAMES

The J.P. Landfill is authorized to operate pursuant to and only in accordance with the terms and conditions of, among other things, Standard Permit P-0297R1(the "Standard Permit") as issued, approved, and subject to periodic review and renewal by the Louisiana Department of Environmental Quality ("LDEQ") pursuant to the Act.  The Standard Permit was most recently renewed by the LDEQ on or about January 22, 2010.

## VI.

On or about May 17, 2012, the Parish entered into a contract with the Defendant IESI (since renamed the Louisiana Regional Landfill Company) under which IESI agreed, among other things, to "manage all tasks of the operation, management and maintenance" of the J.P. Landfill (the "IESI Operating Contract").  Among other things, the IESI Operating Contract provides that:

(a) Operation of the J.P. Landfill will be conducted "in strict compliance and conformity with all Federal, State and local laws, ordinances, and regulations, including the rules and regulations of the USEPA, LDEQ, and all State of Louisiana agencies, and in accordance with the Permit Documents."

(b) "IESI shall be responsible for compliance with all Federal, State and local regulations, laws and ordinances in its performance of the Service/Work associated with the operation [and maintenance] of the Landfill."

(c) IESI is required to "provide all labor, equipment, materials and incidentals to assume all daily operations of the Landfill."

(d) The Parish Engineer has the authority to "decide any and all questions as to...the manner of performance and rate of progress of the Services/Work...the interpretation of the Contract Documents, and all questions as to the acceptable Completion" of the Contract "in his reasonable and good faith opinion." The Parish Engineer is further authorized to "suspend operations at any time when the Service/Work, in his good faith and reasonable opinion, is not being carried out in conformity with the Contract Documents and all permits."

## VII.

Defendant APTIM is and at all relevant times has been a co-operator of the gas and leachate collection system of the J.P. Landfill.

10

24th E-Filed: 05/20/2019 13:13:14 Case: 795404 Div:A Atty:035182 S ELIZA  JAMES

## VIII.

Jefferson Parish, in addition to being an owner of the J.P. Landfill, is and at all relevant times has been a co-manager and co-operator of the J.P. Landfill with IESI/LRLP and APTIM.

## IX.

The Parish has admitted that improper operation of the J.P. Landfill is a major source of the odors suffered by Petitioners as well as the adverse consequences thereof. At a public press conference on July 23, 2018, Parish President Mike Yenni stated that:

(a) The J.P. Landfill's system designed to "contain and deodorize landfill gases" has not been in "proper working order."

(b) The landfill's leachate collection system has not been operated properly.

(c) "Properly operated landfills do not operate persistent off-site odors and corrective actions…are essential."

(d) The Parish has notified IESI that it is in breach of its contract to properly operate the J.P. Landfill.

## X.

At the same press conference, Parish Sheriff Mark Conley stated that the J.P. Landfill gas collection system has been collecting only twenty percent (20%) of the gas emitted from landfill operations, whereas a properly operating system would collect ninety-seven to ninety-eight percent of gas emissions, "[s]o that is why the Parish president is stressing that we realize we have problems…right now, a lot of our priority, in the name of public safety and our police powers, is to address the existing system, get it operational, and to pull as much gas out of that landfill as we can."

## XI.

At the same press conference, Parish Councilman Paul Johnson stated that the odor from the J.P. Landfill

"has gotten really bad in the past for our five months…we are all going to experience odors from the landfill because it's a landfill. But, not those we have been having for the past three or five months. It's been really bad. I have been woken up at night with my nose burning and couldn't breathe at three or four o'clock in the morning. This has happened

24th E-Filed: 05/20/2019 13:13:14 Case: 795404 Div:A Atty:035182 S ELIZA  JAMES

11

to me more than one time…we know the landfill is causing problems and we know it is a big source of problems….”

## XII.

At the same press conference, Doctor Joseph Cantor, Medical Director and Administrator for Region 1 of the Louisiana Department of Health, warned that when the odors are at "a high level, residents should, if they are able to, leave the area and particularly if they have certain chronic conditions which put them at increased risk mainly pulmonary disease and asthma COPD."[1]]

## XIII.

On or about June 22, 2018, the LDEQ issued a Compliance Order to the Parish which, among other things, found that the Parish has violated its Landfill Permit and applicable environmental regulations by (i) failing to provide daily cover and (ii) failing to properly operate the system that is intended to collect leachate – the liquid brew that drains from a landfill and carries with it numerous harmful chemicals.

## XIV.

The LDEQ inspectors found areas of pooled leachate and leachate flowing downhill from the pooled leachate.

## XV.

The United States Environmental Protection Agency ("EPA") has established general screening levels for various pollutants.   These screening levels are chemical-specific concentrations for individual contaminants in air that may warrant further investigation or site cleanup.[2] A chronic screening level addresses potential chronic exposure to a chemical.

## XVI.

Air samples collected by the LDEQ in the communities of River Ridge, Harahan and Waggaman between July 20, 2018 through approximately July 28, 2018 were found to contain numerous chemical compounds at concentrations that exceed EPA's chronic screening levels,

---

[1] A video recording of the July 23 press conference can be accessed at
https://www.facebook.com/NOLAnews/videos/10155793116437060/ (last visited Aug. 4, 2018).
[2] https://www.epa.gov/risk/regional-screening-levels-rsls-users-guide (last visited, Nov. 21, 2018).

24th E-Filed: 05/20/2019 13:13:14 Case: 795404 Div:A Atty:035182 S ELIZA  JAMES

including acrolein, 1, 2-dichloroethane, benzene, carbon tetrachloride, and naphthalene. All of these compounds are multimodal toxicants, in that they are potential or actual human carcinogens and also have other toxic effects. The air samples collected by LDEQ also contained hydrogen sulfide at concentrations that exceed EPA's chronic screening levels. Hydrogen sulfide is a potentially toxic compound. All of these compounds are typically found in the gases generated by landfills like the Jefferson Parish Landfill.

**XVII.**

In a report dated August 15, 2018, prepared for the Parish by its environmental consultant, Carson Environmental Consulting ("CEC"), CEC made several findings, including, among other things, that there are numerous deficiencies in "the landfill gas condensate and leachate collection pumping systems[,]" and that the infrastructure for these systems requires immediate improvement "to meet the Parish's performance objectives." In addition, CEC concluded that improved operation and maintenance of the J.P. Landfill requires the Parish's "focused attention."

**XX.**

On information and belief, on or about December 5, 2018 the Commissioner of the LDEQ informed the Parish that there is "no doubt" in his mind that the JP Landfill is the primary source the odors experienced by residents of the communities in which Petitioners reside.

**XXI.**

On information and belief, Defendant ABC Corporation has issued a policy of insurance to Defendant Louisiana Regional Landfill Company that covers the acts and omissions alleged herein. Petitioners will amend this Petition to identify ABC Corporation once its identity is known.

**XXII.**

On information and belief, Defendant DEF Corporation has issued a policy of insurance to Defendant Waste Connections Bayou, Inc. that covers the acts and omissions alleged herein. Petitioners will amend this Petition to identify DEF Corporation once its identity is known.

**XXIII.**

On information and belief, Defendant GHI Corporation has issued a policy of insurance to Defendant Waste Connections US, Inc. that covers the acts and omissions alleged herein. Petitioners will amend this Petition to identify GHI Corporation once its identity is known.

13

24th E-Filed: 05/20/2019 13:13:14 Case: 795404 Div:A Atty:035182 S ELIZA JAMES

### XXIV.

On information and belief, Defendant JKL Corporation has issued a policy of insurance to Defendant Aptim Corporation that covers the acts and omissions alleged herein. Petitioners will amend this Petition to identify JKL Corporation once its identity is known.

### XXV.

On information and belief, Defendant MNO Corporation has issued a policy of insurance to Defendant Parish of Jefferson that covers the acts and omissions alleged herein. Petitioners will amend this Petition to identify JKL Corporation once its identity is known.

### XXVI.

#### PROXIMATE CAUSE AND BAD ACTS

The Defendants' failure to properly design, operate and maintain the J.P. Landfill, including its gas and leachate collection systems, have caused harmful, noxious and repulsive odors and chemicals to be released from the J.P. Landfill into the surrounding environment on and in to Petitioners' homes and immovable property, resulting in Petitioners' continuing exposure to these odors and chemicals.

### XXVII.

These odors and chemicals have also caused these Petitioners to suffer physical and other harm including, but not limited to difficulties breathing, coughing, nausea, burning eyes, ears, noses and throats, dizziness, loss of appetite, fatigue and lethargy, as well as fear, anguish, anxiety and mental pain and suffering.

### XXVIII.

Defendants' actions and omissions with respect to the design, operation and maintenance of the J.P. Landfill are the direct and proximate cause of the injuries and harm suffered by each of the Petitioners as alleged above.

### XXVIX.

Defendants' actions and omissions as outlined above also have caused a diminution in the value of Petitioners' immovable property.

### XXX.

14

24th E-Filed: 05/20/2019 13:13:14 Case: 795404 Div:A Atty:035182 S ELIZA   JAMES

These odors have been pervasive and persistent. They have continued to the present and are likely to continue for the foreseeable future. The emissions constitute a continuing tort.

### XXXI.

Defendants' acts and omissions in owning, designing, operating and/or maintaining the J.P. Landfill as described above constitute an unreasonable interference with each of the Petitioners' comfortable use and enjoyment of their homes.

### XXXII.

Defendants are liable to the Petitioners for all damages they have suffered, including bodily harm, diminution of property value and fear, anguish, and mental pain and suffering, on account of nuisance.

### XXXIII.

These physical invasions of noxious odors and chemicals constitute a trespass causing Petitioners to suffer physical harm, diminution in property value and rental value, inconvenience, loss of enjoyment of property, as well as fear, anguish and mental pain and suffering.

### XXXV.

The emissions of these harmful odors and chemicals have been pervasive and persistent and constitute a continuing tort.

### XXXVI.

The Defendants' illegal actions and omissions in owning and operating the J.P. Landfill continue to this day and, unless enjoined by this Court, will continue for the indefinite future. Accordingly, Petitioners are entitled to a permanent injunction ordering the Defendants to abate the continuing nuisance and cease the trespasses caused and created by the J.P. Landfill, including the emission of noxious odors and chemicals, and to take all necessary reasonable actions required to accomplish same.

### XXXVII.

Each of the Defendants had a duty to Petitioners to exercise reasonable care in the design, ownership and/or operation of the Landfills, including without limitation the duty to comply with applicable environmental laws and regulations and otherwise to ensure that the Landfills were

15

24th E-Filed: 05/20/2019 13:13:14 Case: 795404 Div:A Atty:035182 S ELIZA  JAMES

operated in a manner that does not jeopardize their health, immovable property, environment, and quality of life.

### XXXVIII.

Each of the Defendants breached such duties of care to the Petitioners by, among other things:

i. Failing to properly design, operate and maintain the J.P. Landfill, thus allowing noxious and harmful odors and chemicals to be released from the J.P. Landfill and introduced in the atmosphere and surrounding neighborhoods;

ii. Failing to take careful and prudent precautionary measures to ensure that these releases would not occur;

iii. Failing to design, operate and maintain the J.P. Landfill in a manner that does not cause harm to others and, in particular, its neighbors;

iv. Failing to comply with applicable regulations governing the design, operation and maintenance of the J.P. Landfill;

v. Being inattentive and careless in the overall design, operation and maintenance of the J.P. Landfill;

vi. Failing to remediate and repair the failures in design, operation and maintenance of the J.P. Landfill as they became known to the Defendants;

vii. Any and all other acts of negligence which may be revealed between now and the time of trial.

### XXXIX.

The Defendants' failure to comply with their duties of care to the Petitioners were and are a cause in fact and a legal cause of Petitioners' injuries, and each of the Petitioners has suffered damages as a result thereof, including physical harm, diminution in property value and fear, anguish and mental pain and suffering as well as loss of use and enjoyment of their immovable property and diminution in the value of said property.

### XL.

The Parish's ownership and operation of the J.P. Landfill has caused substantial damage to the value of Petitioners' respective interests in their immovable property.

16

24th E-Filed: 05/20/2019 13:13:14 Case: 795404 Div:A Atty:035182 S ELIZA JAMES

### XLI.

The Parish knew, or in the exercise of reasonable care, should have known, that its failure to properly design, operate and maintain the J.P. Landfill would cause damage to Petitioners, and such damage could have been prevented by the exercise of reasonable care. The Parish, as owner of the J.P. Landfill, failed to exercise such reasonable care.

### XLII.

In committing the acts and omissions described above, the Defendants have breached their contractual obligations, of which Petitioners are third party beneficiaries, arising under the contracts between the Parish and all other Defendants herein pertaining to the design, operation and maintenance of the J.P. Landfill.

### XLIII.

In committing the foregoing acts and omissions, Defendants have violated, *inter alia*, Civil Code Articles 667, 669, 2315, 2316, and 2317.1, which has caused and continues to cause each of the Petitioners damages including nuisance damages; physical harm and mental fear, anguish, pain and suffering; and diminution in property value.

### XLIV.

Further, Petitioners' interest is their immovable property is a property right protected by the Louisiana Constitution.

### XLV.

Petitioners' interest in their real property has been taken and damaged by the actions of Jefferson Parish as set forth above.

### XLVI.

Such taking and damage was for a public purpose – to wit, the operation of a public landfill for the purpose of handling and disposing of waste generated by the citizens of Jefferson Parish and others.

### XLVII.

The Parish is liable to the Petitioners for damages caused by the Parish's unconstitutional taking of their immovable property without paying just compensation pursuant to Article I, Section 4(B) of the Louisiana Constitution.

17

24th E-Filed: 05/20/2019 13:13:14 Case: 795404 Div:A Atty:035182 S ELIZA   JAMES

### XLVIII.

The Parish's taking of Petitioners' property without just compensation constitutions a deprivation of their property without due process of law pursuant to Article I, Section 2 of the Louisiana Constitution.

### XLIX.

The Parish is liable to the Petitioners for damages caused by the Parish's violation of Petitioners' due process rights.

### L.

### REQUEST FOR TRIAL BY JURY

PETITIONERS REQUEST A JURY TRIAL AS TO ALL CLAIMS TRIABLE BY JURY.

### LI.

### PRAYER FOR RELIEF

WHEREFORE, Petitioners pray that:

    (a) Judgment be entered declaring each of the Defendants jointly, severally and *in solido* liable to each of the Petitioners for all damages (and awarding all such damages), including physical and bodily harm, loss of use and enjoyment of their homes, diminution in property value, lost wages, medical expenses and mental pain and suffering;

    (b) Judgment be entered against the Parish declaring it liable for inverse condemnation, and awarding to each of the Petitioners just compensation for the unconstitutional taking of their interests in real property and/or a deprivation of due process;

    (c) Judgment be entered against all Defendants for all additional damages as are just and reasonable under the circumstances, including but not limited to the cost of alternative housing and medical testing;

    (d) The Defendants be permanently enjoined and ordered to abate the nuisances and trespasses, and to take all reasonable and necessary measures to cease the harmful emissions from the J.P. Landfill.

18

24th E-Filed: 05/20/2019 13:13:14 Case: 795404 Div:A Atty:035182 S ELIZA   JAMES

(e) The Defendants be required to provide medical monitoring for all Petitioners as
appropriate;

(f) Prejudgment and post-judgment interest on all damages be awarded;

(g) Petitioners be awarded all costs for prosecution of this action and attorney fees;

(h) Damages be awarded for all other injuries that may be proved at trial; and

(i) This Court award such other and further relief as it may deem just and proper.

**Respectfully submitted,**

FORREST CRESSEY & JAMES, LLC

/s/ S. Eliza James

Byron Forrest (La. Bar No. 35481)
Nicholas Cressey (La. Bar No. 35725)
S. Eliza James (La. Bar No. 35182)
One Canal Place
365 Canal Street, Suite 1475
New Orleans, Louisiana 70130
Byron@fcjlaw.com
Eliza@fcjlaw.com
Tele: 504.605.0777
Fax:   504.322.3884

OF COUNSEL:
Barry S. Neuman (*Pro Hac Vice* application
to be submitted)
Erik Bolog
C. Allen Foster
Adrian Sneed
WHITEFORD TAYLOR PRESTON, LLP
1800 M Street, NW
Suite 450N
Washington, DC 20036
(202) 659-6800

**(SERVICE INSTRUCTIONS ON FOLLOWING PAGE.)**

19

24th E-Filed: 05/20/2019 13:13:14 Case: 795404 Div:A Atty:035182 S ELIZA  JAMES

**PLEASE SERVE:**

**LOUISIANA REGIONAL LANDFILL COMPANY**
Through its Agent for Service
Corporation Service Company
501 Louisiana Avenue
Baton Rouge, LA 70802

**WASTE CONNECTIONS BAYOU, INC.**
Through its Agent for Service
Corporation Service Company
501 Louisiana Ave.
Baton Rouge, LA 70802

**WASTE CONNECTIONS US, INC.**
Through its Agent for Service
Via long arm through its Agent
Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808

**APTIM CORP.**
Through its Agent for Service
CT Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

**PARISH OF JEFFERSON**
Through its Agent for Service
Parish Attorney for the Parish of Jefferson
1221 Elmwood Park Blvd., Suite 701
Jefferson, LA 70123

**ABC CORP.**
*Address unknown at this time.*

**DEF CORP.**
*Address unknown at this time.*

**GHI CORP.**
*Address unknown at this time.*

**JKL CORP.**
*Address unknown at this time.*

**MNO CORP.**
*Address unknown at this time.*

24th E-Filed: 05/20/2019 13:13:14 Case: 795404 Div:A Atty:035182 S ELIZA   JAMES

20

A TRUE COPY OF THE ORIGINAL
FILE IN THIS OFFICE

DEPUTY CLERK
24TH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, LA

# Express

earthsmart

FedEx carbon-neutral
envelope shipping

ORIGIN ID:NEWA   (504) 655-0777
ELIZA JAMES

365 CANAL STREET
SUITE 1475
NEW ORLEANS, LA 70130
UNITED STATES US

SHIP DATE: 28MAY19
ACTWGT:
CAD: 113509920/INET4102

BILL SENDER

TO  WASTE CONNECTIONS US INC, THROUGH
    BEVERIDGE & DIAMOND, PC
    AGENT, CORP. SERVICE COMPANY
    251 LITTLE FALLS DRIVE
    WILMINGTON DE 19808
(000) 000-0003
INV:
PO:                          REF:
                             DEPT:



FedEx
Express

FRI – 31 MAY 4:30P
EXPRESS SAVER

TRK#
0201  7753 2015 5290

ASR
19808

SB ILGA                  DE-US  PHL



PEEL HERE ▼

To reuse, cover or mark through any previous shipping information.

Align top of FedEx Express® shipping label here.

  

1811