(101) CITATION: PETITION FOR DAMAGES;                    181213-6964-1

## 24TH JUDICIAL DISTRICT COURT
## PARISH OF JEFFERSON
## STATE OF LOUISIANA

FREDERICK ADDISON
   versus
LOUISIANA REGIONAL LANDFILL COMPANY, IESI LA        Case: 790-369   Div: "J"
LANDFILL CORPORATION, WASTE CONNECTION              P 1 FREDERICK ADDISON
BAYOU INC, PROGREESIVE WASTE SOLUTIONS OF LA
INC, WASTE CONNECTIONS US INC

To:  WASTE CONNECTIONS US INC
THROUGH CORPORATION SERVICE COMPANY                 LA Long Arm
251 LITTLE FALLS DRIVE
WILMINGTON DE 19808                                 HAND CARRY


PARISH OF JEFFERSON


You are hereby summoned to comply with the demand contained in the PETITION FOR
DAMAGES of which a true and correct copy accompanies this citation, or make an appearance
either by filing a pleading or otherwise, in the 24th Judicial District Court in and for the Parish of
Jefferson, State of Louisiana, within THIRTY (30) CALENDAR days after the return of service
hereof, under penalty of default.


This service was requested by attorney NICHOLAS V. CRESSY and was issued by the Clerk of
Court on the 13th day of December, 2018.


                 /s/ Samantha A. Gambino
                 Samantha A. Gambino, Deputy Clerk of Court for
                 Jon A. Gegenheimer, Clerk of Court


_____SERVICE INFORMATION_____

(101) CITATION: PETITION FOR DAMAGES;                    181213-6964-1

Received:_____   Served:_____   Returned:_____

Service was made:
     ___ Personal          ___ Domicilary _____

Unable to serve:
     ___ Not at this address    ___ Numerous attempts _____ times
     ___ Vacant                ___ Received too late to serve
     ___ Moved                 ___ No longer works at this address
     ___ No such address       ___ Need apartment / building number
     ___ Other _____

Service: $_____   Mileage: $_____   Total: $_____

Completed by:_____ # _____
                 Deputy Sheriff
Parish of: _____

(101) CITATION: PETITION FOR DAMAGES;                    181213-6964-1

## 24TH JUDICIAL DISTRICT COURT
## PARISH OF JEFFERSON
## STATE OF LOUISIANA

FREDERICK ADDISON
    versus
LOUISIANA REGIONAL LANDFILL COMPANY, IESI LA          Case: 790-369    Div: "J"
LANDFILL CORPORATION, WASTE CONNECTION               P 1 FREDERICK ADDISON
BAYOU INC, PROGREESIVE WASTE SOLUTIONS OF LA
INC, WASTE CONNECTIONS US INC

To: WASTE CONNECTIONS US INC
THROUGH CORPORATION SERVICE COMPANY                  LA Long Arm
251 LITTLE FALLS DRIVE
WILMINGTON DE 19808                                  HAND CARRY

PARISH OF JEFFERSON

You are hereby summoned to comply with the demand contained in the PETITION FOR
DAMAGES of which a true and correct copy accompanies this citation, or make an appearance
either by filing a pleading or otherwise, in the 24th Judicial District Court in and for the Parish of
Jefferson, State of Louisiana, within THIRTY (30) CALENDAR days after the return of service
hereof, under penalty of default.

This service was requested by attorney NICHOLAS V. CRESSY and was issued by the Clerk of
Court on the 13th day of December, 2018.

                /s/ Samantha A. Gambino
                Samantha A. Gambino, Deputy Clerk of Court for
                Jon A. Gegenheimer, Clerk of Court

_____SERVICE INFORMATION_____

(101) CITATION: PETITION FOR DAMAGES;                    181213-6964-1

Received:_____    Served:_____    Returned:_____

Service was made:
      ___ Personal              ___ Domiciliary _____

Unable to serve:
      ___ Not at this address   ___ Numerous attempts _____ times
      ___ Vacant                ___ Received too late to serve
      ___ Moved                 ___ No longer works at this address
      ___ No such address       ___ Need apartment / building number
      ___ Other _____

Service: $_____    Mileage: $_____    Total: $_____

Completed by:_____ # _____
                    Deputy Sheriff
Parish of: _____

FILED FOR RECORD 12/13/2018 09:36:58
Michelle S. Bruner, DY CLERK
JEFFERSON PARISH, LA  δ 35

400.00
150.00
95.00         95.00
95.00         95.00
95.00         106.08

## 24ᵀᴴ JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

### STATE OF LOUISIANA

NO.: 790-369                              DIVISION: J

FREDERICK ADDISON; BARBARA ADDISION; PERRY ANDRAS; SHEILA BASKIN;
WILLIE FAY BROOKS; ERIC BROWN; RAMONA BYRD; EDWARD CLOUDET;
MONICA COLEMAN-LESTRICK, individually and on behalf of her minor child
CHARLES LESTRICK III; DORIS COLLINS; LULA DARDEN; DEMONTE DETEIGE;
VINCENT EATON; KIMBERLY ENGEL; ADELAINE FITZPATRICK; CARLA FORD;
GERALD FORD; VERNA MAE GABRIEL; MERLENE GRANT; ETHEL GREEN;
WENDY GREMILLION, individually and on behalf of her minor children ADELYN S.
GREMILLION and BRAXTON C. GREMILLION; SCOTT GREMILLION; REGINA
PIERRE GRIFFIN; GLENDA BUILBEAU; ALBERTINE HARGRAVE; JOWE
HERNANDEZ, individually and on behalf of his minor children, MILES HERNANDEZ
AND LUCIANNA HERNANDEZ; LIZ HERNANDEZ; KIMBERLY HIMEL; CORY
HIMEL; ADA JACKSON; BRIDGETT JOHNSON; MARGARITE JOHNSON;
MELODIE JONES; RITA JONES; JESSE KOEHL; ELIZABETH LALA; LUCINDA
LIGHTELL; ELIZABETH LOWE; JOHN LOWE; GARY MEYER; RHONDA MEYER;
ALEXANDER MITCHELL; REGINA MITCHELL; JOSEPH PETE, JR.; TERRY
PEETE, individually and on behalf of her minor children JOSEPH PETE, III AND
AUGUST PEETE; ANDREA PICKNEY; WARREN PICKNEY; PEARL PINKLEY;
CAROLYN POLK; GERALD POLK; GLENDA PRIMUS; JULIANE RAYBURN; KIAN
RILEY; KAREN ROSS, individually and on behalf of her minor children JARED ROSS,
TYRENE ROSS and JERMAINE ROSS; TONY ROSS; ALETHA SCOTT; DAVID
SCOTT; CARI SERPAS, individually and on behalf of her minor children GRACE
SERPAS AND CHASE SERPAS; STEVEN SERPAS; JOHN THOMPSON; CHANDRA
TIGLER, individually and on behalf of her minor child OBRAINA TIGLER; OSCAR
TIGLER; GLORIA TOLODANO; ROY TOLODANO; MELVIN URSIN; SANTANA-
UTHAISANG; KIRK WELLS, individually and on behalf of his minor children
ADDYSON WELLS and JOSEPH WELLS; REBECCA WELLS; KEVIN WOOD; and
MARY WOOD.

### VERSUS

LOUISIANA REGIONAL LANDFILL COMPANY (LRLC), f/k/a IESI LA LANDFILL
CORPORATION; WASTE CONNECTIONS BAYOU, INC., f/k/a/ PROGRESSIVE
WASTE SOLUTIONS OF LA, INC; WASTE CONNECTIONS US, INC; APTIM CORP;
PARISH OF JEFFERSON; ABC CORP; DEF CORP; GHI CORP; JKL CORP; and
MNO CORP.

FILED:_____        _____
                                              DEPUTY CLERK

### PETITION FOR DAMAGES AND REQUEST FOR INJUNCTIVE RELIEF

NOW INTO COURT, come Petitioners, who allege and aver the following in support of

their Petition for Damages and Request for Injunctive Relief:



## INTRODUCTION

This action arises from the continuing, significant and unabated harm suffered by each of the named Petitioners as a result of the ongoing – and admitted – failure of each of the Defendants to ensure that the design, operation and maintenance of the Jefferson Parish Landfill (the "J.P. Landfill") complies with applicable environmental laws and adequately protects Petitioners' human health and environment.  At all relevant times, the J.P. Landfill and has persistently emitted harmful and toxic odors and chemicals into the surrounding areas, including where each of the Petitioners resides.

These unlawful, harmful and toxic releases have caused Petitioners substantial loss of the use and enjoyment of their homes and immovable property, and have caused physical harms including, among other things: difficulties breathing, coughing, nausea, burning eyes, ears, noses and throats, dizziness loss of appetite and lethargy, as well as fear, anguish, discomfort and inconvenience. These emissions also have caused diminution in the value of Petitioners' homes.

Accordingly, Petitioners seek redress from the Defendants for the direct and consequential injury and damage they have suffered and will continue to suffer as a direct result of the releases of noxious odors and chemicals from the J.P. Landfill.

## PETITIONERS

### III.

Named Petitioners herein are:

**FREDERICK ADDISON** an individual of full age of majority residing at 41 Morning Glory Lane, Waggaman, LA 70094, and owner of said immovable property.

**BARBARA ADDISON,** an individual of full age of majority residing at 41 Morning Glory Lane, Waggaman, LA 70094, and owner of said immovable property.

**PERRY ANDRAS,** an individual of full age of majority residing at 37 Morning Glory Lane, Waggaman, LA 70094, and owner of said immovable property.

**SHEILA BASKIN,** an individual of full age of majority residing at 648 Sweet Olive Lane, Waggaman, LA 70094, and owner of said immovable property.



12/13/2018 10:02:46 CERTIFIED TRUE COPY - Pg:2 of 21 - Jefferson Parish Clerk of Court - ID:1882786

**WILLIE FAYE BROOKS**, an individual of full age of majority residing at 20 Winifred St., Waggaman, LA, 70094, and owner of said immovable property.

**ERIC BROWN**, an individual of full age of majority residing at an individual of full age of majority residing at 275 Capitol Drive Avondale, LA 70094, and owner of said immovable property.

**RAMONA BYRD**, an individual of full age of majority residing at 322 Hanson Place, Kenner, LA 70062, and owner of said property.

**DORIS COLLINS**, an individual of full age of majority residing at 352 Deacon St., Avondale, LA . 70094, and owner of said immovable property.

**EDWARD CLOUDET**, an individual of full age of majority residing at 601 S. Bengal, River Ridge, LA 70123, and owner of said immovable property.

**MONICA COLEMAN-LESTRICK**, an individual of full age of majority residing at 2 Jasmine Lane, Waggaman, LA 70094, and owner of said immovable property, in her individual capacity and as parent of her minor child, **CHARLES LESTRICK III**.

**LULA DARDEN**, an individual of full age of majority residing at 408 Upland Ave., River Ridge, LA 70123 and owner of said immovable property.

**DEMONE DETEIGE**, an individual of full age of majority residing at 528 Ruth Dr., Avondale, LA 70094 and owner of said immovable property.

**VINCENT EATON**, an individual of full age of majority residing at 513 Hester Ave., River Ridge, LA 70123, and owner of said immovable property.

**KIMBERLY ENGEL**, an individual of full age of majority residing at 601 Hester Ave., River Ridge LA 70123, and owner of said immovable property.

**ADELAINE FITZPATRICK**, an individual of full age of majority residing at 324 Counsel Dr., Avondale, LA 70094 and owner of said immovable property.

**CARLA FORD**, an individual of full age of majority residing at 49 Judith St., Waggaman, LA 70094, and owner of said immovable property.

**GERALD FORD**, an individual of full age of majority residing at 49 Judith St., Waggaman, LA 70094, and owner of said immovable property.

 SEAL OF THE CLERK OF COURT JON A. GEGENHEIMER

12/13/2018 10:02:46 CERTIFIED TRUE COPY - Pg:3 of 21 - Jefferson Parish Clerk of Court - ID:1882786

**VERNA MAE GABRIEL,** an individual of full age of majority residing at 512 Avondale Garden Rd., Avondale LA 70094, and owner of said immovable property.

**MERLENE GRANT,** an individual of full age of majority residing at 1811 Moisant St., Kenner, LA 70062, and owner of said immovable property.

**ETHEL GREEN,** an individual of full age of majority residing at 341 Providence Lane, Kenner LA 70062, and owner of said immovable property.

**WENDY GREMILLION,** an individual of full age of majority residing at 9701 Robin Lane, River Ridge, LA 70123, and owner of said immovable property, in her individual capacity and as parent of her minor children, **ADELYN S. GREMILLION** and **BRAXTON C. GREMILLION.**

**SCOTT GREMILLION,** an individual of full age of majority residing at 9701 Robin Lane, River Ridge, LA 70123, and owner of said immovable property.

**REGINIA PIERRE GRIFFIN,** an individual of full age of majority residing at 612 Filmore St., Kenner, La 70062 and owner of said immovable property.

**GLENDA GUILBEAU,** an individual of full age of majority residing at 600 Wilker Neal Ave., River Ridge, LA 70123, and owner of said immovable property.

**ALBERTINE HARGRAVE,** an individual of full age of majority residing at 8721 Milan St., Metairie, LA 70003, and owner of said immovable property.

**JOSE HERNANDEZ,** an individual of full age of majority residing at 721 Randolph Ave., Harahan, LA 70123, and owner of said immovable property, in his individual capacity and as parent of his minor children, **MILES HERNANDEZ** and **LUCIANNA HERNANDEZ.**

**LIZ HERNANDEZ,** an individual of full age of majority residing at 721 Randolph Ave., Harahan, LA 70123, and owner of said immovable property.

**KIMBERLY HIMEL,** an individual of full age of majority residing at 642 Grove Avenue, Harahan, LA 70123, and owner of said immovable property.

**CORY HIMEL,** an individual of full age of majority residing at 642 Grove Ave., Harahan, LA 70123, and owner of said immovable property.

**ADA JACKSON,** an individual of full age of majority residing at 513 S. Bengal Rd., River Ridge, LA 70123, and owner of said immovable property.



4

**BRIDGETTE JOHNSON,** an individual of full age of majority residing at 325 Georgetown Dr., Westwago, LA 70094, and owner of said immovable property.

**MARGARITE JOHNSON,** an individual of full age of majority residing at 112 Marie Dr., Avondale, LA 70094, and owner of said immovable property.

**MELODIE JONES,** an individual of full age of majority residing at 413 Bengal Rd., River Ridge, LA 70123, and owner of said immovable property.

**RITA JONES,** an individual of full age of majority residing at 248 Glen Della Dr., Avondale, LA 70094, and owner of said immovable property.

**ELIZABETH LALA,** an individual of full age of majority residing at 8701 Steamboat Lane, River Ridge, LA 70123, and owner of said immovable property.

**BRUCE LIGHTELL,** an individual of full age of majority residing at 51 Winifred St., Waggaman, LA 70094, and owner of said immovable property.

**LUCINDA LIGHTELL,** an individual of full age of majority residing at 51 Winifred St., Waggaman, LA 70094, and owner of said immovable property.

**ELIZABETH LOWE,** an individual of full age of majority residing at 604 Hester Ave., River Ridge, LA 70123, and owner of said immovable property.

**JOHN LOWE,** an individual of full age of majority residing at 10120 St. Paul Ave., River Ridge, LA 70123, and owner of said immovable property.

**GARY MEYER,** an individual of full age of majority, residing at 612 Hester Ave., River Ridge, LA 70123, and owner of said immovable property.

**RHONDA MEYER,** an individual of full age of majority residing at 612 Hester Ave., River Ridge, LA 70123, and owner of said immovable property.

**ALEXANDER MITCHELL,** an individual of full age of majority residing at 204 Hanson Ave., Kenner, LA 70062, and owner of said immovable property.

**REGINA MITCHELL,** an individual of full age of majority residing at 204 Hanson Ave. Kenner, LA 70062.

**JOSEPH PETE, JR.,** an individual of full age of majority residing at 149 Southern Ct., Avondale, LA 70094, and owner of said immovable property.



5

**TERRY PETE,** an individual of full age of majority residing at 149 Southern Ct., Avondale, LA 70094 and owner of said immovable property, in her individual capacity and as parent of her minor children **JOSEPH PETE, III** and **AUGUST PETE.**

**ANDREA PICKNEY,** an individual of full age of majority residing at 657 Richard Ave., River Ridge, LA 70123, and owner of said immovable property.

**WARREN PICKNEY,** an individual of full age of majority residing at 657 Richard Ave., River Ridge, LA 70123, and owner of said immovable property.

**PEARL PINKLEY,** an individual of full age of majority residing at 511 Wilker Neal Ave., River Ridge, LA 701235, and owner of said immovable property.

**CAROLYN POLK,** an individual of full age of majority residing at 305 S. Bengal Rd., River Ridge, LA 70123, and owner of said immovable property.

**GERALD POLK,** an individual of full age of majority residing at 305 S. Bengal Rd., River Ridge, LA 70123, and owner of said immovable property.

**GLENDA PRIMUS,** an individual of full age of majority residing at 8521 Milan St., Metairie, LA 70003, and owner of said immovable property.

**JULIANE RAYBURN,** an individual of full age of majority residing at 513 Hester Ave., River Ridge, LA 70123, and owner of said immovable property.

**KIAN RILEY,** an individual of full age of majority residing at 6 Jasmine Lane, Waggaman, LA 70094, and owner of said immovable property.

**KAREN ROSS,** an individual of full age of majority residing at 52 Winifred St., Waggaman, LA70094, and owner of said immovable property, in her individual capacity and on behalf of her minor children, **JARED ROSS, JERMANIE ROSS** and **TYRESE ROSS.**

**TONY ROSS,** an individual of full age of majority residing at 52 Winifred St., Waggaman, LA 70094, and owner of said immovable property.

**ALETHA SCOTT,** an individual of full age of majority residing at 629 South Cumberland St., River Ridge, LA 70123, and owner of said immovable property.

**DAVID SCOTT,** an individual of full age of majority, residing at 629 South Cumberland St., River Ridge, LA 70123, and owner of said immovable property.



6

**CARI SERPAS,** an individual of full age of majority residing at 609 Hester Ave., River Ridge, LA 70123, and owner of said immovable property, in her individual capacity and as parent of her minor children, **GRACE SERPAS** and **CHASE SERPAS.**

**STEVEN SERPAS,** an individual of full age of majority residing at 609 Hester Ave., River Ridge, LA 70123, and owner of said immovable property.

**JOHN THOMPSON,** an individual of full age of majority residing at 412 Wilker Neal Ave., River Ridge, LA 70123 and owner of said immovable property.

**CHANDRA TIGLER,** an individual of full age of majority residing at 29 Richelle St., Waggaman, LA 70094, and owner of said immovable property, in her individual capacity and as parent of her minor child, **OBRAINA TIGLER.**

**OSCAR TIGLER,** an individual of full age of majority residing at 29 Richelle St., Waggaman, LA 70094, and owner of said immovable property.

**GLORIA TOLODANO,** an individual of full age of majority residing at 225 Helis Dr., Waggaman, LA 70094 and owner of said immovable property.

**ROY TOLODANO,** an individual of full age of majority residing at 225 Helis Dr., Waggaman, LA 70094 and owner of said immovable property.

**MELVIN URSIN,** an individual of full age of majority residing at 500 Cumberland Str., River Ridge, LA 70123, and owner of said immovable property.

**SANTANA UTHAISANG,** an individual of full age of majority residing at 2033 Generes Dr., Harahan, LA 70123 and owner of said immovable property.

**KIRK WELLS,** an individual of full age of majority residing at 153 Rebel Ave., River Ridge, LA 70123, and owner of said immovable property, in his individual capacity and as parent of his minor children, **ADDYSON WELLS** and **JOSEPH WELLS.**

**REBECCA WELLS,** an individual of full age of majority residing at 153 Rebel Ave., River Ridge, LA 70123, and owner of said immovable property.

**KEVIN WOOD,** an individual of full age of majority, residing at 824 Colonial Club Dr., Harahan, LA 70123, and owner of said immovable property.

**MARY WOOD,** an individual of full age of majority, residing at 824 Colonial Club Dr., Harahan, LA 70123, and owner of said immovable property.

7

II.

Made Defendants herein are:

a. **LOUISIANA REGIONAL LANDFILL COMPANY (LRLC), f/k/a IESI LA LANDFILL CORPORATION ("IESI"),** a foreign corporation domiciled in Delaware authorized to do and doing business in this Parish and State. On information and belief, LRLC is a wholly-owned subsidiary of Defendant Waste Connections Bayou, Inc., Inc., which in turn was acquired by Defendant Waste Connections US, Inc. On information and belief, Defendant LRLC is controlled by Defendants Waste Connections Bayou, Inc., and/or Waste Connections, US, Inc., and is the "alter ego" of those Defendants, operating without autonomy and only pursuant to the direction, policies and procedures of its parent corporations;

b. **WASTE CONNECTIONS BAYOU, INC., f/k/a/ PROGRESSIVE WASTE SOLUTIONS OF LA, INC.,** a foreign corporation authorized to do and doing business in this Parish and State;

c. **WASTE CONNECTIONS US, INC.,** a foreign corporation authorized to do and doing business in this Parish and State; and

d. **APTIM CORP.,** a foreign corporation domiciled in Delaware authorized to do and doing business in this Parish and State;

e. **PARISH OF JEFFERSON,** a Louisiana parish in and political subdivision of the State of Louisiana (the "Parish";

f. **ABC CORPORATION,** a foreign or domestic insurance company whose identity is unknown to the Petitioners, who upon information and belief wrote a policy of insurance coverage for Defendant **LOUISIANA REGIONAL LANDFILL COMPANY (LRLC), F/K/A IESI LA LANDFILL CORPORATION ("IESI"),** that may provide coverage for acts, occurrences, and/or omissions more specifically described herein;

g. **DEF CORPORATION** a foreign or domestic insurance company whose identity is unknown to the Petitioners, who upon information and belief wrote a policy of



8

insurance coverage for Defendant, **WASTE CONNECTIONS BAYOU, INC., f/k/a/ PROGRESSIVE WASTE SOLUTIONS OF LA, INC.** that may provide coverage for acts, occurrences, and/or omissions more specifically described herein;

h. **GHI CORPORATION** a foreign or domestic insurance company whose identity is unknown to the Petitioners, who upon information and belief wrote a policy of insurance coverage for Defendant, **WASTE CONNECTIONS BAYOU, INC., f/k/a/ PROGRESSIVE WASTE SOLUTIONS OF LA, INC.**, that may provide coverage for acts, occurrences, and/or omissions more specifically described herein;

i. **JKL CORPORATION;** a foreign or domestic insurance company whose identity is unknown to the Petitioners, who upon information and belief wrote a policy of insurance coverage for Defendant, **APTIM CORP**, that may provide coverage for acts occurrences, and/or omissions more specifically described herein;

j. **MNO CORPORATION** a foreign or domestic insurance company whose identity is unknown to the Petitioners, who upon information and belief wrote a policy of insurance coverage for Defendant, **PARISH OF JEFFERSON,** that may provide coverage for acts, occurrences, and/or omissions more specifically described herein.

III.

### JURISDICTION AND VENUE

Venue is proper in accordance with La. R.S. 13:5104(B), which states, in part, that "[a]ll suits filed against a political subdivision of the state ... shall be instituted before the district court of the judicial district in which the political subdivision is located or in the district court having jurisdiction in the parish in which the cause of action arises." Venue is further proper as to all other defendants as the wrongful conduct giving rise to the Petitioner's claims occurred within the jurisdictional limits of Jefferson Parish, State of Louisiana.

IV.

### FACTS

The Parish is the owner of the Jefferson Parish Landfill (the "J.P. Landfill"), located at 5800 Highway 90 West in Avondale, Jefferson Parish, State of Louisiana.

V.

9



At all relevant times, the J.P. Landfill has been used as a Type I/II landfill permitted to accept municipal and commercial solid waste, non-hazardous industrial waste, trash, construction debris, vegetative waste, dewatered municipal wastewater sludge, and compatible non-hazardous industrial waste pursuant to the Louisiana Environmental Quality Act, La. R.S. 30:2001, *et seq.* (the "Act") as well as federal laws and regulations implemented by the United States Environmental Protection Agency ("USEPA").

### VI.

The J.P. Landfill is authorized to operate pursuant to and only in accordance with the terms and conditions of, among other things, Standard Permit P-0297R1(the "Standard Permit") as issued, approved, and subject to periodic review and renewal by the Louisiana Department of Environmental Quality ("LDEQ") pursuant to the Act. The Standard Permit was most recently renewed by the LDEQ on or about January 22, 2010.

### VII.

On or about May 17, 2012, the Parish entered into a contract with the Defendant IESI (since renamed the Louisiana Regional Landfill Company) under which IESI agreed, among other things, to "manage all tasks of the operation, management and maintenance" of the J.P. Landfill (the "IESI Operating Contract"). The IESI Operating Contract provides that:

    a. Operation of the J.P. Landfill will be conducted "in strict compliance and conformity with all Federal, State and local laws, ordinances, and regulations, including the rules and regulations of the USEPA, LDEQ, and all State of Louisiana agencies, and in accordance with the Permit Documents."

    b. "IESI shall be responsible for compliance with all Federal, State and local regulations, laws and ordinances in its performance of the Service/Work associated with the operation [and maintenance] of the Landfill."

    c. IESI is required to "provide all labor, equipment, materials and incidentals to assume all daily operations of the Landfill."

    d. The Parish Engineer has the authority to "decide any and all questions as to…the manner of performance and rate of progress of the Services/Work…the interpretation of the Contract Documents, and all questions as to the acceptable Completion" of the

10



Contract "in his reasonable and good faith opinion." The Parish Engineer is further authorized to "suspend operations at any time when the Service/Work, in his good faith and reasonable opinion, is not being carried out in conformity with the Contract Documents and all permits."

VIII.

Defendant APTIM is and at all relevant times has been a co-operator of the gas and leachate collection system of the J.P. Landfill.

IX.

Jefferson Parish, in addition to being an owner of the J.P. Landfill, is and at all relevant times has been a co-manager and co-operator of the J.P. Landfill with IESI/LRLP and APTIM.

X.

The Parish has admitted that improper operation of the J.P. Landfill is a major source of the odors suffered by Petitioners as well as the adverse consequences thereof. At a public press conference on July 23, 2018, Parish President Mike Yenni stated that:

a. The J.P. Landfill's system designed to "contain and deodorize landfill gases" has not been in "proper working order."

b. The landfill's leachate collection system has not been operated properly.

c. "Properly operated landfills do not operate persistent off-site odors and corrective actions...are essential."

d. The Parish has notified IESI that it is in breach of its contract to properly operate the J.P. Landfill.

XI.

At the same press conference, Parish Deputy Sheriff Mark Conley stated that the J.P. Landfill gas collection system has been collecting only twenty percent of the gas emitted from landfill operations, whereas a properly operating system would collect ninety-seven to ninety-eight percent of gas emissions, "[s]o that is why the Parish president is stressing that we realize we have problems...right now, a lot of our priority, in the name of public safety and our police powers, is to address the existing system, get it operational, and to pull as much gas out of that landfill as we can."



11

XII.

At the same press conference, Parish Councilman Paul Johnson stated that the odor from the J.P. Landfill

"has gotten really bad in the past for our five months…we are all going to experience odors from the landfill because it's a landfill. But, not those we have been having for the past three or five months. It's been really bad. I have been woken up at night with my nose burning and couldn't breathe at three or four o'clock in the morning. This has happened to me more than one time…we know the landfill is causing problems and we know it is a big source of problems.…"

XIII.

At the same press conference, Doctor Joseph Cantor, Medical Director and Administrator for Region 1 of the Louisiana Department of Health, warned that when the odors are at "a high level, residents should, if they are able to, leave the area and particularly if they have certain chronic conditions which put them at increased risk mainly pulmonary disease and asthma COPD."[1]

XIV.

On or about June 22, 2018, the LDEQ issued a Compliance Order to the Parish which, among other things, found that the Parish has violated its Landfill Permit and applicable environmental regulations by (i) failing to provide daily cover and (ii) failing to properly operate the system that is intended to collect leachate – the liquid brew that drains from a landfill and carries with it numerous harmful chemicals.

XV.

The LDEQ inspectors found areas of pooled leachate and leachate flowing downhill from the pooled leachate.

XVI.

---

[1] A video recording of the July 23 press conference can be accessed at https://www.facebook.com/NOLAnews/videos/10155793116437060/ (last visited Aug. 4, 2018).



12

JON A. GEGENHEIMER

0014

The United States Environmental Protection Agency ("EPA") has established general screening levels for various pollutants. These screening levels are chemical-specific concentrations for individual contaminants in air that may warrant further investigation or site cleanup. https://www.epa.gov/risk/regional-screening-levels-rsls-users-guide (last visited, Nov. 21, 2018). A chronic screening level addresses potential chronic exposure to a chemical.

XVII.

Air samples collected by the LDEQ in the Jefferson Parish communities of River Ridge, Harahan, and Waggaman between July 20, 2018 through approximately July 28, 2018 were found to contain numerous chemical compounds at concentrations that exceed EPA's chronic screening levels, including acrolein, 1.2-dichloroethane, benzene, carbon tetrachloride, and naphthalene. All of these compounds are multimodal toxicants, in that they are potential or actual human carcinogens and also have other toxic effects.

XVII.

The air samples collected by LDEQ also contained hydrogen sulfide at concentrations that exceed EPA's chronic screening levels. Hydrogen sulfide is a potentially toxic compound. All of these compounds are typically found in the gases generated by landfills like the J.P. Landfill.

XVIII.

In a report dated August 15, 2018, prepared for the Parish by its environmental consultant, Carson Environmental Consulting ("CEC"), CEC made several findings, including, among other things, that there are numerous deficiencies in "the landfill gas condensate and leachate collection pumping systems[,]" and that the infrastructure for these systems requires immediate improvement "to meet the Parish's performance objectives." In addition, CEC concluded that improved operation and maintenance of the J.P. Landfill requires the Parish's "focused attention."

XIX.

On information and belief, on or about December 5, 2018 the Commissioner of the LDEQ informed the Parish that there is "no doubt" in his mind that the JP Landfill is the primary source the odors experienced by residents of the communities in which Petitioners reside.

XX.



JON A. GEGENHEIMER

13

On information and belief, Defendant ABC Corporation has issued a policy of insurance to Defendant Louisiana Regional Landfill Company that covers the acts and omissions alleged herein. Petitioners will amend this Petition to identify ABC Corporation once its identity is known.

## XXI.

On information and belief, Defendant DEF Corporation has issued a policy of insurance to Defendant Waste Connections Bayou, Inc. that covers the acts and omissions alleged herein. Petitioners will amend this Petition to identify DEF Corporation once its identity is known.

## XXII.

On information and belief, Defendant GHI Corporation has issued a policy of insurance to Defendant Waste Connections US, Inc. that covers the acts and omissions alleged herein. Petitioners will amend this Petition to identify GHI Corporation once its identity is known.

## XXIII.

On information and belief, Defendant JKL Corporation has issued a policy of insurance to Defendant Aptim Corporation that covers the acts and omissions alleged herein. Petitioners will amend this Petition to identify JKL Corporation once its identity is known.

## XXIV.

On information and belief, Defendant MNO Corporation has issued a policy of insurance to Defendant Parish of Jefferson that covers the acts and omissions alleged herein. Petitioners will amend this Petition to identify JKL Corporation once its identity is known.

## PROXIMATE CAUSE AND BAD ACTS

## XXV.

The Defendants' failure to properly design, operate, manage, and maintain the J.P. Landfill, including its gas and leachate collection systems, have caused harmful, noxious and repulsive odors and chemicals to be released from the J.P. Landfill into the surrounding environment on and in to Petitioners' homes and immovable property, resulting in Petitioners' continuing exposure to these odors and chemicals.

## XXVI.

These odors and chemicals have also caused these Petitioners to suffer physical, mental, and other harm including, but not limited to difficulties breathing, coughing, nausea, burning eyes,

14

ears, noses and throats, dizziness, loss of appetite and lethargy, as well as fear, anguish, anxiety and mental pain and suffering.

### XXVII.

Defendants' actions and omissions with respect to the design, operation and maintenance of the J.P. Landfill are the direct and proximate cause of the injuries and harm suffered by each of the Petitioners as alleged above.

### XXVIII.

Defendants' actions and omissions as outlined above also have caused a diminution in the value of Petitioners' immovable property.

### XXIX.

These odors have been pervasive and persistent. They have continued to the present and are likely to continue for the foreseeable future. The emissions constitute a continuing tort.

### XXX.

Defendants' acts and omissions in owning, designing, operating and/or maintaining the J.P. Landfill as described above constitute an unreasonable interference with each of the Petitioners' comfortable use and enjoyment of their homes.

### XXXI.

Defendants are liable to the Petitioners for all damages they have suffered, including bodily harm, diminution of property value and fear, anguish, and mental pain and suffering, on account of nuisance.

### XXXII.

These physical invasions of noxious odors and chemicals constitute a trespass causing Petitioners to suffer physical harm, diminution in property value and rental value, inconvenience, loss of enjoyment of property, as well as fear, anguish and mental pain and suffering.

### XXXIII.

The emissions of these harmful odors and chemicals have been pervasive and persistent and constitute a continuing tort.

### XXXIV.



15

The Defendants' illegal actions and omissions in owning and operating the J.P. Landfill continue to this day and, unless enjoined by this Court, will continue for the indefinite future. Accordingly, Petitioners are entitled to a permanent injunction ordering the Defendants to abate the continuing nuisance and cease the trespasses caused and created by the J.P. Landfill, including the emission of noxious odors and chemicals, and to take all necessary reasonable actions required to accomplish same.

## XXXV.

Each of the Defendants had a duty to Petitioners to exercise reasonable care in the design, ownership and/or operation of the Landfills, including without limitation the duty to comply with applicable environmental laws and regulations and otherwise to ensure that the Landfills were operated in a manner that does not jeopardize their health, immovable property, environment, and quality of life.

## XXXVI.

Each of the Defendants breached such duties of care to the Petitioners by, among other things:

a. Failing to properly design, operate and maintain the J.P. Landfill, thus allowing noxious and harmful odors and chemicals to be released from the J.P. Landfill and introduced in the atmosphere and surrounding neighborhoods;

b. Failing to take careful and prudent precautionary measures to ensure that these releases would not occur;

c. Failing to design, operate and maintain the J.P. Landfill in a manner that does not cause harm to others and, in particular, its neighbors;

d. Failing to comply with applicable regulations governing the design, operation and maintenance of the J.P. Landfill;

e. Being inattentive and careless in the overall design, operation and maintenance of the J.P. Landfill;

f. Failing to remediate and repair the failures in design, operation and maintenance of the J.P. Landfill as they became known to the Defendants;



16

g. Any and all other acts of negligence which may be revealed between now and the time of trial.

## XXXV.

The Defendants' failure to comply with their duties of care to the Petitioners were and are a cause in fact and a legal cause of Petitioners' injuries, and each of the Petitioners has suffered damages as a result thereof, including physical harm, diminution in property value and fear, anguish and mental pain and suffering as well as loss of use and enjoyment of their immovable property and diminution in the value of said property.

## XXXVII.

The Parish's ownership and operation of the J.P. Landfill has caused substantial damage to the value of Petitioners' respective interests in their immovable property.

## XXVIII.

The Parish knew, or in the exercise of reasonable care, should have known, that its failure to properly design, operate and maintain the J.P. Landfill would cause damage to Petitioners, and such damage could have been prevented by the exercise of reasonable care. The Parish, as owner of the J.P. Landfill, failed to exercise such reasonable care.

## XXXVIII.

In committing the acts and omissions described above, the Defendants have breached their contractual obligations, of which Petitioners are third party beneficiaries, arising under the contracts between the Parish and all other Defendants herein pertaining to the design, operation and maintenance of the J.P. Landfill.

## XXXIX.

In committing the foregoing acts and omissions, Defendants have violated, *inter alia*, Civil Code Articles 667, 669, 2315, 2316, and 2317.1, which has caused and continues to cause each of the Petitioners damages including nuisance damages; physical harm and mental fear, anguish, pain and suffering; and diminution in property value.

## XL.

Further, Petitioners' interest is their immovable property is a property right protected by the Louisiana Constitution.

17

XLI.

Petitioners' interest in their real property has been taken and damaged by the actions of Jefferson Parish as pled herein.

XLII.

Such taking and damage was for a public purpose – to wit, the operation of a public landfill for the purpose of handling and disposing of waste generated by the citizens of Jefferson Parish and others.

XLIII.

The Parish is liable to the Petitioners for damages caused by the Parish's unconstitutional taking of their immovable property without paying just compensation pursuant to Article I, Section 4(B) of the Louisiana Constitution.

XLIV.

The Parish's taking of Petitioners' property without just compensation constitutions a deprivation of their property without due process of law pursuant to Article I, Section 2 of the Louisiana Constitution.

XLV.

The Parish is liable to the Petitioners for all damages caused by the Parish's violation of Petitioners' due process rights.

XLVI.

**REQUEST FOR TRIAL BY JURY**

Petitioners request a jury trial to all claims triable by a jury.

XLVII.

**PRAYER FOR RELIEF**

**WHEREFORE,** Petitioners pray that:

a.  Judgment be entered declaring each of the Defendants jointly, severally and *in solido* liable to each of the Petitioners for all damages (and awarding all such damages), including physical and bodily harm, loss of use and enjoyment of their homes, diminution in property value, lost wages, medical expenses and mental pain and suffering;

18



**PLEASE SERVE:**

**LOUISIANA REGIONAL LANDFILL COMPANY**
**Through its Agent for Service**
**Corporation Service Company**
**501 Louisiana Avenue**
**Baton Rouge, LA 70802**

**WASTE CONNECTIONS BAYOU, INC.**
**Through its Agent for Service**
**Corporation Service Company**
**501 Louisiana Ave.**
**Baton Rouge, LA 70802**                    EBR 106.08   CLK # 1195

**WASTE CONNECTIONS US, INC.**
**Through its Agent for Service**
**Via long arm through its Agent**
**Corporation Service Company**
**251 Little Falls Drive**
**Wilmington, DE 19808**

**APTIM Corp.**
**Through its Agent for Service**
**CT Corporation System**
**3867 Plaza Tower Dr.**
**Baton Rouge, LA 70816**

**PARISH OF JEFFERSON**
**Through its Agent for Service**
**Michael J. Power**
**1221 Elmwood Park Blvd., Suite 701**
**Jefferson, LA 70123**



21

b. Judgment be entered against the Parish declaring it liable for inverse condemnation, and awarding to each of the Petitioners just compensation for the unconstitutional taking of their interests in real property and/or a deprivation of due process;

c. Judgment be entered against all Defendants for all additional damages as are just and reasonable under the circumstances, including but not limited to the cost of alternative housing and medical testing;

d. The Defendants be permanently enjoined and ordered to abate the nuisances and trespasses, and to take all reasonable and necessary measures to cease the harmful emissions from the J.P. Landfill.

e. The Defendants be required to provide medical monitoring for all Petitioners as appropriate;

f. Prejudgment and post-judgment interest on all damages be awarded;

g. Petitioners be awarded all costs for prosecution of this action including attorney's fees and costs;

h. Damages be awarded for all other injuries that may be proved at trial; and

i. This Court award such other and further relief as it may deem just and proper.

Respectfully submitted,

**FORREST CRESSY & JAMES, LLC**

Byron M. Forrest (La. Bar No. 35480)
Nicholas V. Cressy (La. Bar No. 35725)
S. Eliza James (La. Bar No. 35182)
One Canal Place
365 Canal Street, Suite 1475
New Orleans, Louisiana 70130
Tele: (504) 605.0777
Fax:  (504) 322.3884
Email: eliza@fcjlaw.com

OF COUNSEL:
Barry S. Neuman
Erik Bolog
C. Allen Foster
Adrian Sneed
**WHITEFORD   TAYLOR   PRESTON,
LLP**
1800 M Street, NW
Suite 450N

19



Washington, DC 20036
Tele: (202) 659.6800
(Applications for Admission *Pro Hac Vice*
Pending)

**SERVICE INSTRUCTIONS ON FOLLOWING PAGE.**

20



12/13/2018 10:02:46 CERTIFIED TRUE COPY - Pg:21 of 21 - Jefferson Parish Clerk of Court - ID:1882786