**CONNICK AND CONNICK, L.L.C.**
**ATTORNEYS AT LAW**

WILLIAM PETER CONNICK
MICHAEL S. FUTRELL
MICHAEL F. NOLAN

3421 NORTH CAUSEWAY BOULEVARD SUITE 408
METAIRIE, LOUISIANA 70002

OF COUNSEL,

PAUL D. CONNICK, JR.

ELIZABETH O. CLINTON
MICHAEL J. MONISTERE
MATTHEW D. MOGHIS
BRENDAN P. CONNICK
ELIZABETH A. ZAVALA
LAURA M. BLOUIN
NOAH R. BORER

TELEPHONE: (504) 838-8777
FACSIMILE: (504) 838-9903
WEBSITE: www.connicklaw.com

DIRECT DIAL: (504) 681-6658
EMAIL: moghis@connicklaw.com

May 28, 2019

CLERK OF COURT
24TH JUDICIAL DISTRICT COURT
200 Derbigny Street
Gretna, Louisiana 70053
Phone:  (504) 364-2900
Fax:  (504) 364-3780

      Re:    *Addison, et al. v. Jefferson Parish, et al.*
             24th JDC, Case No. 790-369, Division "J"
             File No. 81.182829

Dear Sir/Madam:

    Attached please find Jefferson Parish's Motion and Incorporated Memorandum in Support to Temporarily Lift Stay and Consolidate, and Request for Expedited Hearing, which I ask that you file in connection with the above-captioned matter.

    Thanking you in advance for your cooperation, I remain

                      Sincerely,

                      CONNICK AND CONNICK, L.L.C.

                      MATTHEW D. MOGHIS

MDM/js
Attachment
cc: Thomas Sanderson/Honorable Stephen C. Grefer (thomass@24jdc.us)

**24TH JUDICIAL DISTRICT FOR THE PARISH OF JEFFERSON**

**STATE OF LOUISIANA**

NO. 790-369                                                                DIVISION "J"

**FREDERICK ADDISON, et. al.**

**VERSUS**

**LOUISIANA REGIONAL LANDFILL COMPANY, et. al.**

FILED: _____        _____

                                                              **DEPUTY CLERK**

**MOTION AND INCORPORATED MEMORANDUM IN SUPPORT TO TEMPORARILY**
**LIFT STAY AND CONSOLIDATE, AND REQUEST FOR EXPEDITED HEARING**

**NOW INTO COURT**, through undersigned counsel, comes Defendant, Jefferson

Parish, who submits this Motion and Incorporated Memorandum in Support to

Temporarily Lift Stay and Consolidate, and Request for Expedited Hearing, and sets

forth as follows:

**CONSOLIDATION**

Defendant, Jefferson Parish, moves this Court for an Order consolidating Case

No. 795-404, *Mary Paul, et al. v. Louisiana Regional Landfill Company, et al.* ("*Paul*"),

currently pending in Division "A" of the 24th Judicial District Court for the Parish of

Jefferson with the above-titled matter.[1] This Court previously consolidated five (5)

related lawsuits with the above-titled case, all of which set forth virtually identical

allegations as   the *Paul* matter.[2] Curiously, despite previously **consenting** to the

consolidation of the five (5) other actions, Plaintiff counsel now opposes doing so with

*Paul*.[3]

As this Court is aware, consolidation was previously ordered in *Addison* with five

(5) related lawsuits.[4] In each of those cases, a group of Plaintiffs filed suit for various

---

[1] Petition for Damages and Injunctive Relief, filed May 20, 2019, attached hereto and marked as "Exhibit A."
[2] Judgment on Motion to Temporarily Lift Stay and Motion to Consolidate, executed on May 22, 2019, attached hereto and marked as "Exhibit B."
[3] Email from Barry Neuman, dated May 28, 2019, attached hereto and marked as "Exhibit C."
[4] *Charles Anderson, et al. v. Louisiana Regional Landfill Company, et al.*, Docket No. 792-502, Division "O"; *Michael Brunet, et al. v. Louisiana Regional Landfill Company, et al.*, Docket No. 793-088, Division "O"; *Mary Ann Winningkof, et al. v. Louisiana Regional Landfill Company, et al.*, Docket No. 793-784, Division "M"; *Rickey Calligan, et al. v. Louisiana Regional Landfill Company, et al.*, Docket No. 793-908,

damages allegedly caused by the *"failure of each of the Defendants to ensure that the design, operation, and maintenance of the Jefferson Parish Landfill complies with applicable environmental laws and adequately protects Petitioner's human health and environment."*[5] This language is **identical** in *Addison*, all of the above-listed lawsuits, and *Paul*.[6]

In addition to the identical factual allegations, many of the Plaintiffs in *Paul* set forth claims arising out of the same residences as Plaintiffs in the already consolidated cases. For instance, Plaintiff in *Paul*, Frank McKnight, sets forth claims as the "owner of [...] 612 Hester Avenue, River Ridge, LA 70123."[7] This is the same address used by Gary and Rhonda Meyer in the *Addison* lawsuit.[8] These overlapping addresses permeate these lawsuits. It is readily apparent based on Plaintiffs' own pleadings that these lawsuits, including *Paul*, allege the same set of facts and are endlessly intertwined, making consolidation appropriate.

> "When two or more separate actions are pending in the same court, the section or division of the Court in which the first filed action is pending may order consolidation of the actions for trial after a contradictory hearing, and upon a finding **that common issues of fact and law predominate**[.]"[9]

All of the lawsuits mentioned above (1) name the same Defendants, (2) make the same factual allegations pertaining to allegations of odors emanating from the Jefferson Parish Landfill, and (3) seek the same damages. Undoubtedly, all of these lawsuits allege "common issues of fact and law," a point which Plaintiffs previously conceded.

Plaintiffs previously consented to consolidation of cases identical in all material respects to *Paul*. Despite filing a pleading titled as an "Opposition," Plaintiffs noted in both that pleading and during hearing that they "*do not oppose the Parish's Motion for Consolidation.*"[10] Instead, Plaintiff counsel took the opportunity to use the "Opposition" to continue to beg this Court to permanently lift the aforementioned stay. By that point,

---

Division "L"; and *Regenia Griffin, et al. v. Louisiana Regional Landfill Company, et al.*, Docket No. 794-011, Division "A."
[5] See also "Exhibit A," at introductory paragraph.
[6] Petition for Damages and Injunctive Relief, filed December 13, 2018, attached hereto and marked as "Exhibit D," at ¶ "Introduction."
[7] "Exhibit A," at Page 2.
[8] "Exhibit D," at Page 5.
[9] La. Code Civ. Proc. Ann. art. 1561(A).
[10] Plaintiff's Opposition to Motion of Defendant Jefferson Parish to Temporarily Lift Stay and to Consolidate, filed May 1, 2019, attached hereto and marked as "Exhibit E," at ¶ "Conclusion."

Plaintiffs had already lost that argument before this Court, before the Louisiana Fifth Circuit Court of Appeal, and filed another Motion raising the same issue. In other words, Plaintiffs used the guise of an "Opposition to Consolidation" to belabor an issue already ruled upon on numerous occasions.

There is no genuine reason to consolidate the other six (6) lawsuits and not *Paul*, and Plaintiffs' current position can only be viewed as a continued effort to abuse the procedural process. Plaintiff's counsel has provided no basis for his opposition here, other than that it is "neither required nor justified."[11] Accordingly, Defendant respectfully requests this Court issue an Order consolidating *Paul* with the above-titled matter.

## MOTION TO TEMPORARILY LIFT STAY

As this Court is aware, on December 13, 2018, counsel for *Addison* filed that lawsuit asserting various alleged damages relative to the Jefferson Parish Landfill. The *Addison* case was allotted to this Division (Docket No. 790-369). On January 24, 2019, hearings were held by this Court on Exceptions of Lis Pendens filed by Jefferson Parish and the Waste Connection Defendants. Those Exceptions were granted, and the Court signed the appropriate Judgment on February 6, 2019. As part of that Judgment, this matter (Docket No. 790-369) was ordered stayed pending the ruling by Judge Susie Morgan as to class certification in related class action matters, currently pending in United States District Court for the Eastern District of Louisiana.

Plaintiffs subsequently sought supervisory writ with the Louisiana Fifth Circuit, which was denied.

Jefferson Parish requests that the Stay Order currently in place be temporarily lifted for the limited purpose of allowing this Court to rule upon this Motion to Consolidate *Paul* with the above-captioned matter, only.

## REQUEST FOR EXPEDITED CONSIDERATION

Defendant also respectfully requests expedited consideration of this matter. Plaintiffs declined to enter into an agreement as it pertains to *Paul* consistent with this Court's prior ruling from May 22, 2019, allowing for an extension of the responsive

---

[11] "Exhibit C."

pleading deadline while consolidation is addressed (and potentially completed). Accordingly, given the upcoming responsive pleading deadline, Defendant respectfully requests expedited consideration of this matter. According to Court staff, June 10, 2019 at 9:00 AM is the first available hearing date.

WHEREFORE, Defendant, Jefferson Parish, respectfully requests this Court (1) temporarily lift the stay in this matter for the limited purpose of ruling on this Motion to Consolidate, only, (2) set an expedited hearing on this Motion to Consolidate, and (3) order that the *Paul* matter be consolidated with the above-titled matter.

Respectfully submitted,

CONNICK AND CONNICK, LLC

WILLIAM P. CONNICK, LA. BAR NO. 14158
MICHAEL S. FUTRELL, LA BAR. NO. 20819
MATTHEW D. MOGHIS, LA BAR. NO. 33994
3421 N. Causeway Blvd., Suite 408
Metairie, Louisiana 70002
Telephone:  (504) 681-6658
Facsimile:  (504) 838-9903
E-mail:  *moghis@connicklaw.com*

*Counsel for Defendant, Jefferson Parish*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has this date been served on all known counsel of record in this proceeding by:

( )  Hand Delivery                    ( )  Prepaid U.S. Mail
(X)  Email                              ( )  Facsimile

New Orleans, Louisiana this 28th day of May, 2019.

MATTHEW D. MOGHIS

**24TH JUDICIAL DISTRICT FOR THE PARISH OF JEFFERSON**

**STATE OF LOUISIANA**

**NO. 790-369**                                                                    **DIVISION "J"**

**FREDERICK ADDISON, et. al.**

**VERSUS**

**LOUISIANA REGIONAL LANDFILL COMPANY, et. al.**

FILED: _____        _____

                                                                                **DEPUTY CLERK**

<u>**RULE TO SHOW CAUSE**</u>

**CONSIDERING** the Motion to Consolidate filed by Defendant, Jefferson Parish,

**IT IS ORDERED** that Plaintiffs show cause on the 10th day of June, 2019 at 9:00

AM why the Motion to Consolidate should not be granted, consolidating Case No. 795-

404, *Mary Paul, et al. v. Louisiana Regional Landfill Company, et al.*, currently pending

in Division "A" of the 24th Judicial District Court for the Parish of Jefferson, with the

above-captioned matter, *Frederick Addison, et al. v. Louisiana Regional Landfill*

*Company, et al.*, No. 790-369, Division "J."

Gretna, Louisiana, this _____ day of April, 2019.


_____

JUDGE STEPHEN C. GREFER


*SERVICE WILL BE MADE ON COUNSEL FOR PLAINTIFFS IN ACCORDANCE WITH LOUISIANA CODE*
*OF CIVIL PROCEDURE ARTICLE 1313.*

$11,132.00

835

**24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON**

**STATE OF LOUISIANA**

NO.: 795-404                                   DIVISION: A

MARY PAUL; FRANK MCKNIGHT, in his individual capacity and as parent of his minor children, ISABELLE MCKNIGHT and LILY GRACE MCKNIGHT; STACEY HOBBS, in her individual capacity and as a parent of her minor children, TRINITY CLARK, AYSIA CLARK, and MARIYAH CLARK; DANITRE ABBOTT, in her individual capacity and as parent of her minor children COBY ABBOTT and CARTER LAWRENCE; JOHN AUGILLARD, in his individual capacity and as parent of his minor children KESEAN COUSIN and KEVON COUSIN; JOYCE AUGILLARD; KEISION WAYNE AUGILLARD; KIERA AUGILLARD; KEION BARDELL, in his individual capacity and as parent of his minor children, NATHANIEL BORSKEY, BRIANA GIBSON, and JORDAN GIBSON; JOUVANDA BLAKE, in her individual capacity and as parent of her minor children BRIANNA BLAKE, BRANDON TAYLOR, and BRYAN BLAKE; DANNY BOSWELL, JR.; DONNA BUTLER, in her individual capacity and as parent of her minor child, SCOREY HOLMES; GINA CARTER, in her individual capacity and as parent of her minor children, ISAHA DINET, JORDAN DINET, and KEDRICK MORGAN; LORENA CARTER; JAMES CARTER; JARELL CARTER; BRIAN CHISHOLM; EDITH CHISHOLM; ALICIA COLLINS; LLOYD DANIELS; TIFFANY DURANT, in her individual capacity and as parent of her minor child MONROE GARDNER; NANCY JOHNSON; SEMAJ JOHNSON; WILLIAM PARKER JOHNSON, III; JOSEPH CORNELL; KIARA KEASLEY, in her individual capacity and as parent of her minor child, CURTIS JOHNSON; JOYCE LEE; GENEVA LOCKETT; NORA LONDON; JAWON MCGEE; NATASHA MCGLOTHEN; JANET MCKEEL; TYRONE MCKINLEY; MARIYA MERRICKS; VINCENT MITCHELL; ADRIENNE GABRIEL MOILANEN; PHILLIP MONROE; ESSENCE MORGAN, in her individual capacity and as parent of her minor children, LON'DYN BURNS and LEI'LONNI BURNS; DELLA MOSLEY; EDNA REED; JOSEPH RIDGLEY; MARION RIDGLEY; DEBORAH SAVAGE, in her individual capacity and as legal guardian of DEBORAH COLLINS and CHARLIE BROWN; LARRY SAVAGE; ROLAND SCHIPPLEIN; ANDREW SECTION; JOYCE SIMON; LATOYA SINGLETON; CLARENCE SMITH; LASHANDRA SMITH, in her individual capacity and as a parent of her minor children, CHRISTIAN EVANS, JAQUAN EVANS, KAJON SMITH, and NAJAE SMITH; LEROY SMITH; RAYFIELD SMITH; MYKELL STEWARD; RHONDA STEWARD, in her individual capacity and as parent of her minor child, MARKEZ WHITE; MARY SUMMERALL; VICTORIA SYLVE; BRIAN WALKER, JR.; BRIAN WALKER, III; MELANIE WARD, ANNIE WASHINGTON; GREANNA WASHINGTON; EMMA WHITE; and LLOYD WHITE, JR..

**VERSUS**

LOUISIANA REGIONAL LANDFILL COMPANY (LRLC), f/k/a IESI LA LANDFILL CORPORATION; WASTE CONNECTIONS BAYOU, INC., f/k/a/ PROGRESSIVE WASTE SOLUTIONS OF LA, INC; WASTE CONNECTIONS US, INC; APTIM CORP; PARISH OF JEFFERSON; ABC CORP; DEF CORP; GHI CORP; JKL CORP; and MNO CORP.

FILED:_____

_____
DEPUTY CLERK

_____

**PETITION FOR DAMAGES AND INJUNCTIVE RELIEF**

24th E-Filed: 05/20/2019 13:13:14 Case: 795404 Div:A Atty:035182 S ELIZA  JAMES

1



EXHIBIT
A

This action arises from the continuing, significant and unabated harm suffered by each of the named Petitioners as a result of the ongoing – and admitted – failure of each of the Defendants to ensure that the design, operation and maintenance of the Jefferson Parish Landfill (the "J.P. Landfill") complies with applicable environmental laws and adequately protects Petitioners' human health and environment. At all relevant times, the J.P. Landfill and has persistently emitted harmful and toxic odors and chemicals into the surrounding areas, including where each of the Petitioners resides.

These unlawful, harmful and toxic releases have caused Petitioners substantial loss of the use and enjoyment of their homes and immovable property, and have caused physical harms including, among other things: difficulties breathing, coughing, nausea, burning eyes, ears, noses and throats, dizziness loss of appetite and lethargy, as well as fear, anguish, discomfort and inconvenience. These emissions also have caused diminution in the value of Petitioners' homes.

Accordingly, Petitioners seek redress from the Defendants for the direct and consequential injury and damage they have suffered and will continue to suffer as a direct result of the releases of noxious odors and chemicals from the J.P. Landfill.

Petitioners are:

**MARY PAUL,** an individual of full age of majority residing at 717 Richard Ave., River Ridge, LA 70123 and owner of said immovable property.

**FRANK MCKNIGHT,** an individual of full age of majority residing at 612 Hester Ave., River Ridge, LA 70123 and owner of said immovable property, in his individual capacity and as parent of his minor children, **ISABELLE MCKNIGHT** and **LILY GRACE MCKNIGHT.**

**STACEY HOBBS,** an individual of full age of majority residing at 1324 Hickory Ave., Harahan, LA 70123 and owner of a leasehold interest in said premises, in her individual capacity and as a parent of her minor children, **TRINITY CLARK, AYSIA CLARK,** and **MARIYAH CLARK.**

**DANITRE ABBOTT,** an individual of full age of majority residing at 3120 Phoenix St., Apt. C, Kenner, LA 70062 and owner of a leasehold interest in said premises, in her individual capacity and as parent of her minor children, **COBY ABBOTT** and **CARTER LAWRENCE.**

24th E-Filed: 05/20/2019 13:13:14 Case: 795404 Div:A Atty:035182 S ELIZA  JAMES

JOHN AUGILLARD, an individual of full age of majority residing at 209 N Sibley St., Metairie, LA 70003 and owner of said immovable property, in his individual capacity and as parent of his minor children, KESEAN COUSIN and KEVON COUSIN.

JOYCE AUGILLARD, an individual of full age of majority residing at an individual of full age of majority residing at 209 N Sibley St., Metairie, LA 70003 and owner of said immovable property.

KEISION WAYNE AUGILLARD, an individual of full age of majority residing at an individual of full age of majority residing at 209 N Sibley St Metairie, LA 70003.

KIERA AUGILLARD, an individual of full age of majority residing at an individual of full age of majority residing at 209 N Sibley St Metairie, LA 70003.

KEION BARDELL, an individual of full age of majority residing at 44 Megehee Ct., Waggaman, LA 70094 and owner of a leasehold interest in said premises, in his individual capacity and as parent of his minor children, NATHANIEL BORSKEY, BRIANA GIBSON, and JORDAN GIBSON.

JOUVANDA BLAKE, an individual of full age of majority residing at 839 Lander St., Bridge City, LA 70094 and owner of a leasehold interest in said premises, in her individual capacity and as parent behalf of her minor children, BRIANNA TAYLOR, BRANDON TAYLOR, and BRYAN BLAKE.

DANNY BOSWELL, JR., an individual of full age of majority residing at 213 Rosebud St., Apt. B Metairie, LA 70005 and owner of a leasehold interest in said premises.

DONNA BUTLER, an individual of full age of majority residing at 328 South Upland Ave., River Ridge, LA. 70123 and owner of said immovable property, in her individual capacity and as parent of her minor child, SCOREY HOLMES.

GINA CARTER, an individual of full age of majority residing at 6624 Benedict Dr, Marrero, LA 70072 in her individual capacity and on behalf of her minor children, ISAHA DINET, JORDAN DINET, and KEDRICK MORGAN.

JAMES CARTER, an individual of full age of majority residing at 6624 Benedict Dr., Marrero, LA 70072.

24th E-Filed: 05/20/2019 13:13:14 Case: 795404 Div:A Atty:035182 S ELIZA  JAMES

**JARELL CARTER,** an individual of full age of majority residing at 80 Clifford Ct., Waggaman, LA 70094 and owner of a leasehold interest in said premises.

**LORENA CARTER,** an individual of full age of majority residing at 6624 Benedict Dr,, Marrero, LA 70072.

**BRIAN CHISHOLM,** an individual of full age of majority residing at 334 Providence Lane, Kenner, LA 70062.

**EDITH CHISHOLM,** an individual of full age of majority residing at 334 Providence Lane, Kenner, LA 70062.

**ALICIA COLLINS,** an individual of full age of majority residing at 934 Belleville St., Algiers, LA 70114 and owner of a leasehold interest in said premises.

**LLOYD DANIELS,** an individual of full age of majority residing at 228 Della Lane, Avondale, LA 70094.

**TIFFANY DURANT,** an individual of full age of majority residing at 231 5th St., Bridge City, LA 70094 and owner of said premises, in her individual capacity and on behalf of her minor child, **MONROE GARDNER.**

**NANCY JOHNSON,** an individual of full age of majority residing at 712 Starrett Rd., River Ridge, LA 70123 and owner of a leasehold interest in said premises.

**SEMAJ JOHNSON,** an individual of full age of majority residing at 112 Marie Drive, Avondale, LA 70094.

**WILLIAM PARKER JOHNSON, III,** an individual of full age of majority residing at 341 Providence Lane, Apt. A, Kenner, LA 70062 and owner of a leasehold interest in said premises.

**JOSEPH CORNELL,** an individual of full age of majority residing at 1005 S. Bengal Rd., Metairie, LA 70003 and owner of said immovable property.

**KIARA KEASLEY,** an individual of full age of majority residing at 1324 S. Dilton St., Metairie, LA 70003 in her individual capacity and as parent of her minor child, **CURTIS JOHNSON.**

**JOYCE LEE,** an individual of full age of majority residing at 521 S. Bengal St., River Ridge, LA 70123 and owner of said immovable property.

24th E-Filed: 05/20/2019 13:13:14 Case: 795404 Div:A Atty:035182 S ELIZA  JAMES

4

**GENEVA LOCKETT,** an individual of full age of majority residing at 863 Reverend Richard Wilson Drive, Apt 7E, Kenner, LA 70062.

**NORA LONDON,** an individual of full age of majority residing at 7928 Macon St., Metairie, LA 70003 and owner of said immovable property.

**JAWON MCGEE,** an individual of full age of majority residing at 18 Sharen Place, Westwego, LA 70094.

**NATASHA MCGLOTHEN,** an individual of full age of majority residing at 1305 Lincoln Ave., Marrero, LA 70072 and owner of a leasehold interest in said premises.

**JANET MCKEEL,** an individual of full age of majority residing at 537 George St., Avondale, LA 70094.

**TYRONE MCKINLEY,** an individual of full age of majority residing at 18 Sharen Place, Westwego, LA 70094 and owner a leasehold interest in said premises.

**MARIYA MERRICKS,** an individual of full age of majority residing at 10950 Jefferson Hwy., Apt S5, River Ridge, LA 70123.

**VINCENT MITCHELL,** an individual of full age of majority residing at 11104 Newton St., Apt C, River Ridge, LA 70123 and owner of a leasehold interest in said premises.

**ADRIENNE GABRIEL MOILANEN,** an individual of full age of majority residing at 512 Avondale Garden Road, Avondale, LA 70094.

**PHILLIP MONROE,** an individual of full age of majority residing at 124 Prairie View Court, Avondale, LA 70094 and owner of said immovable property.

**ESSENCE MORGAN,** an individual of full age of majority residing at 318 Pollock Place, Kenner, LA 70062, in her individual capacity and as parent of her minor children, **LON'DYN BURNS** and **LEI'LONNI BURNS.**

**DELLA MOSLEY,** an individual of full age of majority residing at 627 1/2 Webster St., Apt B, Kenner, LA 70062 and owner of a leasehold interest in said premises.

**EDNA REED,** an individual of full age of majority residing at 509 George Street, Avondale, LA 70094 and owner of said immovable property.

**JOSEPH RIDGLEY,** an individual of full age of majority residing at 516 South Cumberland St., River Ridge, LA 70123 and owner of a leasehold interest in said premises.

24th E-Filed: 05/20/2019 13:13:14 Case: 795404 Div:A Atty:035182 S ELIZA  JAMES

**MARION RIDGLEY,** an individual of full age of majority residing at 1457 S Laurel St., Metairie, LA 70003.

**DEBORAH SAVAGE,** an individual of full age of majority residing at 21 Richelle St., Westwego, LA 70094 and owner of a leasehold interest in said premises, in her individual capacity and as legal guardian of **DEBORAH COLLINS** and **CHARLIE BROWN.**

**LARRY SAVAGE,** an individual of full age of majority residing at 21 Richelle St., Westwego, LA 70094 and owner of a leasehold interest in said premises.

**ROLAND SCHIPPLEIN,** an individual of full age of majority residing at 256 Azalea St., Waggaman, LA 70094 and owner of said immovable property.

**ANDREW SECTION,** an individual of full age of majority residing at 537 George St., Avondale, LA 70094 and owner of said immovable property.

**JOYCE SIMON,** an individual of full age of majority residing at 859 Rev. Richard Wilson Dr., Apt. 9A, Kenner, LA 70062 and owner of a leasehold interest in said premises.

**LATOYA SINGLETON,** an individual of full age of majority residing at 124 Dillard Dr., Avondale, LA 70094.

**CLARENCE SMITH,** an individual of full age of majority residing at 226 Coleman Place, Kenner, LA 70062 and owner of a leasehold interest in said premises.

**LASHANDRA SMITH,** an individual of full age of majority residing at 317 Church St. Avondale, LA 70094 in her individual capacity and as a parent of her minor children, **CHRISTIAN EVANS, JAQUAN EVANS, KAJON SMITH,** and **NAJAE SMITH.**

**LEROY SMITH,** an individual of full age of majority residing at 10950 Jefferson Highway, Apt Y10, River Ridge, LA 70123 and owner of a leasehold interest in said immovable property.

**RAYFIELD SMITH,** an individual of full age of majority residing at 1224 Webster Street Kenner, LA 70062 and owner of said immovable property.

**MYKELL STEWARD,** an individual of full age of majority residing at 18 Sharen Place, Westwego, LA 70094.

24th E-Filed: 05/20/2019 13:13:14 Case: 795404 Div:A Atty:035182 S ELIZA   JAMES

**RHONDA STEWARD,** an individual of full age of majority residing at 18 Sharen Place, Westwego, LA 70094 owner a leasehold interest in said premises, in her individual capacity and as parent of her minor child, **MARKEZ WHITE.**

**MARY SUMMERALL,** an individual of full age of majority residing at 1100 Newton St., Apt. A, River Ridge, LA 70123 and owner of a leasehold interest in said premises.

**VICTORIA SYLVE,** an individual of full age of majority residing at 261 Capitol Dr., Avondale, LA 70084.

**BRIAN WALKER, JR.,** an individual of full age of majority residing at 328 S. Upland Ave., River Ridge LA. 70123.

**BRIAN WALKER, III,** an individual of full age of majority residing at 328 S. Upland Ave., River Ridge, LA 70123.

**MELANIE WARD,** an individual of full age of majority residing at 116 Rosalie Dr., Avondale, LA 70094 and owner of a leasehold interest in said premises.

**ANNIE WASHINGTON,** an individual of full age of majority residing at 1320 S. Meadow St., Metairie, LA 70003 and owner of a leasehold interest in said premises.

**GREANNA WASHINGTON,** an individual of full age of majority residing at 1320 S. Meadow Street, Metairie, LA 70003 and owner of a leasehold interest in said premises.

**EMMA WHITE,** an individual of full age of majority residing at 11036 Newton St., Apt A, River Ridge, LA 70123 and owner of a leasehold interest in said premises.

**LLOYD WHITE, JR.,** an individual of full age of majority residing at 444 Liska St., Waggaman, LA 70094 and owner of said immovable property.

### I.

Made Defendants herein are:

a. **LOUISIANA REGIONAL LANDFILL COMPANY (LRLC), f/k/a IESI LA LANDFILL CORPORATION (IESI"),** a foreign corporation domiciled in Delaware authorized to do and doing business in this Parish and State. On information and belief, LRLC is a wholly owned subsidiary of Defendant Waste Connections Bayou, Inc., Inc., which in turn was acquired by Defendant Waste Connections US, Inc. On information and belief, Defendant LRLC is controlled by Defendants Waste Connections Bayou,

24th E-Filed: 05/20/2019 13:13:14 Case: 795404 Div:A Atty:035182 S ELIZA JAMES

Inc., and/or Waste Connections, US, Inc., and is the "alter ego" of those Defendants,
operating without autonomy and only pursuant to the direction, policies and procedures
of its parent corporations;

b. **WASTE CONNECTIONS BAYOU, INC.,** *f/k/a/* **PROGRESSIVE WASTE
SOLUTIONS OF LA, INC.,** a foreign corporation authorized to do and doing business
in this Parish and State;

c. **WASTE CONNECTIONS US, INC.,** a foreign corporation authorized to do and
doing business in this Parish and State; and

d. **APTIM CORP.,** a foreign corporation domiciled in Delaware authorized to do and
doing business in this Parish and State;

e. **PARISH OF JEFFERSON,** a Louisiana municipal parish in and political subdivision
of the State of Louisiana (the "Parish";

f. **ABC CORPORATION,** a foreign or domestic insurance company whose identity is
unknown to the Petitioners, who upon information and belief wrote a policy of
insurance coverage for Defendant **LOUISIANA REGIONAL LANDFILL
COMPANY (LRLC), F/K/A IESI LA LANDFILL CORPORATION ("IESI"),**
that may provide coverage for acts, occurrences, and/or omissions more specifically
described herein;

g. **DEF CORPORATION** a foreign or domestic insurance company whose identity is
unknown to the Petitioners, who upon information and belief wrote a policy of
insurance coverage for Defendant, **WASTE CONNECTIONS BAYOU, INC.,** f/k/a/
**PROGRESSIVE WASTE SOLUTIONS OF LA, INC.** that may provide coverage
for acts, occurrences, and/or omissions more specifically described herein;

h. **GHI CORPORATION** a foreign or domestic insurance company whose identity is
unknown to the Petitioners, who upon information and belief wrote a policy of
insurance coverage for Defendant, **WASTE CONNECTIONS BAYOU, INC.,** f/k/a/
**PROGRESSIVE WASTE SOLUTIONS OF LA, INC.,** that may provide coverage
for acts, occurrences, and/or omissions more specifically described herein;

24th E-Filed: 05/20/2019 13:13:14 Case: 795404 Div:A Atty:035182 S ELIZA JAMES

i. **JKL CORPORATION** a foreign or domestic insurance company whose identity is unknown to the Petitioners, who upon information and belief wrote a policy of insurance coverage for Defendant, **APTIM CORP**, that may provide coverage for acts, occurrences, and/or omissions more specifically described herein;

j. **MNO CORPORATIONS** foreign or domestic insurance company whose identity is unknown to the Petitioners, who upon information and belief wrote a policy of insurance coverage for Defendant, **PARISH OF JEFFERSON**, that may provide coverage for acts, occurrences, and/or omissions more specifically described herein.

## II.

### JURISDICTION AND VENUE

Venue is proper in accordance with La. R.S. 13:5104(B), which states, in part, that "[a]ll suits filed against a political subdivision of the state ... shall be instituted before the district court of the judicial district in which the political subdivision is located or in the district court having jurisdiction in the parish in which the cause of action arises." Venue is further proper as to all other defendants as the wrongful conduct giving rise to the Petitioner's claims occurred within the jurisdictional limits of Jefferson Parish, State of Louisiana.

## III.

### FACTS

The Parish is the owner of the Jefferson Parish Landfill (the "J.P. Landfill"), located at 5800 Highway 90 West in Avondale, Jefferson Parish, LA.

## IV.

At all relevant times, the J.P. Landfill has been used as a Type I/II landfill permitted to accept municipal and commercial solid waste, non-hazardous industrial waste, trash, construction debris, vegetative waste, dewatered municipal wastewater sludge, and compatible non-hazardous industrial waste pursuant to the Louisiana Environmental Quality Act, La. R.S. 30:2001, *et seq.* (the "Act") as well as federal laws and regulations implemented by the United States Environmental Protection Agency ("USEPA").

## V.

24th E-Filed: 05/20/2019 13:13:14 Case: 795404 Div:A Atty:035182 S ELIZA  JAMES

The J.P. Landfill is authorized to operate pursuant to and only in accordance with the terms and conditions of, among other things, Standard Permit P-0297R1(the "Standard Permit") as issued, approved, and subject to periodic review and renewal by the Louisiana Department of Environmental Quality ("LDEQ") pursuant to the Act. The Standard Permit was most recently renewed by the LDEQ on or about January 22, 2010.

## VI.

On or about May 17, 2012, the Parish entered into a contract with the Defendant IESI (since renamed the Louisiana Regional Landfill Company) under which IESI agreed, among other things, to "manage all tasks of the operation, management and maintenance" of the J.P. Landfill (the "IESI Operating Contract"). Among other things, the IESI Operating Contract provides that:

(a) Operation of the J.P. Landfill will be conducted "in strict compliance and conformity with all Federal, State and local laws, ordinances, and regulations, including the rules and regulations of the USEPA, LDEQ, and all State of Louisiana agencies, and in accordance with the Permit Documents."

(b) "IESI shall be responsible for compliance with all Federal, State and local regulations, laws and ordinances in its performance of the Service/Work associated with the operation [and maintenance] of the Landfill."

(c) IESI is required to "provide all labor, equipment, materials and incidentals to assume all daily operations of the Landfill."

(d) The Parish Engineer has the authority to "decide any and all questions as to…the manner of performance and rate of progress of the Services/Work…the interpretation of the Contract Documents, and all questions as to the acceptable Completion" of the Contract "in his reasonable and good faith opinion." The Parish Engineer is further authorized to "suspend operations at any time when the Service/Work, in his good faith and reasonable opinion, is not being carried out in conformity with the Contract Documents and all permits."

## VII.

Defendant APTIM is and at all relevant times has been a co-operator of the gas and leachate collection system of the J.P. Landfill.

24th E-Filed: 05/20/2019 13:13:14 Case: 795404 Div:A Atty:035182 S ELIZA   JAMES

## VIII.

Jefferson Parish, in addition to being an owner of the J.P. Landfill, is and at all relevant times has been a co-manager and co-operator of the J.P. Landfill with IESI/LRLP and APTIM.

## IX.

The Parish has admitted that improper operation of the J.P. Landfill is a major source of the odors suffered by Petitioners as well as the adverse consequences thereof.  At a public press conference on July 23, 2018, Parish President Mike Yenni stated that:

(a) The J.P. Landfill's system designed to "contain and deodorize landfill gases" has not been in "proper working order."

(b) The landfill's leachate collection system has not been operated properly.

(c) "Properly operated landfills do not operate persistent off-site odors and corrective actions…are essential."

(d) The Parish has notified IESI that it is in breach of its contract to properly operate the J.P. Landfill.

## X.

At the same press conference, Parish Sheriff Mark Conley stated that the J.P. Landfill gas collection system has been collecting only twenty percent (20%) of the gas emitted from landfill operations, whereas a properly operating system would collect ninety-seven to ninety-eight percent of gas emissions, "[s]o that is why the Parish president is stressing that we realize we have problems…right now, a lot of our priority, in the name of public safety and our police powers, is to address the existing system, get it operational, and to pull as much gas out of that landfill as we can."

## XI.

At the same press conference, Parish Councilman Paul Johnson stated that the odor from the J.P. Landfill

"has gotten really bad in the past for our five months…we are all going to experience odors from the landfill because it's a landfill. But, not those we have been having for the past three or five months.  It's been really bad.  I have been woken up at night with my nose burning and couldn't breathe at three or four o'clock in the morning.  This has happened

24th E-Filed: 05/20/2019 13:13:14 Case: 795404 Div:A Atty:035182 S ELIZA   JAMES

to me more than one time…we know the landfill is causing problems and we know it is a big source of problems….”

## XII.

At the same press conference, Doctor Joseph Cantor, Medical Director and Administrator for Region 1 of the Louisiana Department of Health, warned that when the odors are at "a high level, residents should, if they are able to, leave the area and particularly if they have certain chronic conditions which put them at increased risk mainly pulmonary disease and asthma COPD."[1]]

## XIII.

On or about June 22, 2018, the LDEQ issued a Compliance Order to the Parish which, among other things, found that the Parish has violated its Landfill Permit and applicable environmental regulations by (i) failing to provide daily cover and (ii) failing to properly operate the system that is intended to collect leachate – the liquid brew that drains from a landfill and carries with it numerous harmful chemicals.

## XIV.

The LDEQ inspectors found areas of pooled leachate and leachate flowing downhill from the pooled leachate.

## XV.

The United States Environmental Protection Agency ("EPA") has established general screening levels for various pollutants.   These screening levels are chemical-specific concentrations for individual contaminants in air that may warrant further investigation or site cleanup.[2]  A chronic screening level addresses potential chronic exposure to a chemical.

## XVI.

Air samples collected by the LDEQ in the communities of River Ridge, Harahan and Waggaman between July 20, 2018 through approximately July 28, 2018 were found to contain numerous chemical compounds at concentrations that exceed EPA's chronic screening levels,

---

[1] A video recording of the July 23 press conference can be accessed at
https://www.facebook.com/NOLAnews/videos/10155793116437060/ (last visited Aug. 4, 2018).
[2] https://www.epa.gov/risk/regional-screening-levels-rsls-users-guide (last visited, Nov. 21, 2018).

24th E-Filed: 05/20/2019 13:13:14 Case: 795404 Div:A Atty:035182 S ELIZA  JAMES

including acrolein, 1, 2-dichloroethane, benzene, carbon tetrachloride, and naphthalene. All of these compounds are multimodal toxicants, in that they are potential or actual human carcinogens and also have other toxic effects. The air samples collected by LDEQ also contained hydrogen sulfide at concentrations that exceed EPA's chronic screening levels. Hydrogen sulfide is a potentially toxic compound. All of these compounds are typically found in the gases generated by landfills like the Jefferson Parish Landfill.

### XVII.

In a report dated August 15, 2018, prepared for the Parish by its environmental consultant, Carson Environmental Consulting ("CEC"), CEC made several findings, including, among other things, that there are numerous deficiencies in "the landfill gas condensate and leachate collection pumping systems[,]" and that the infrastructure for these systems requires immediate improvement "to meet the Parish's performance objectives." In addition, CEC concluded that improved operation and maintenance of the J.P. Landfill requires the Parish's "focused attention."

### XX.

On information and belief, on or about December 5, 2018 the Commissioner of the LDEQ informed the Parish that there is "no doubt" in his mind that the JP Landfill is the primary source the odors experienced by residents of the communities in which Petitioners reside.

### XXI.

On information and belief, Defendant ABC Corporation has issued a policy of insurance to Defendant Louisiana Regional Landfill Company that covers the acts and omissions alleged herein. Petitioners will amend this Petition to identify ABC Corporation once its identity is known.

### XXII.

On information and belief, Defendant DEF Corporation has issued a policy of insurance to Defendant Waste Connections Bayou, Inc. that covers the acts and omissions alleged herein. Petitioners will amend this Petition to identify DEF Corporation once its identity is known.

### XXIII.

On information and belief, Defendant GHI Corporation has issued a policy of insurance to Defendant Waste Connections US, Inc. that covers the acts and omissions alleged herein. Petitioners will amend this Petition to identify GHI Corporation once its identity is known.

24th E-Filed: 05/20/2019 13:13:14 Case: 795404 Div:A Atty:035182 S ELIZA JAMES

## XXIV.

On information and belief, Defendant JKL Corporation has issued a policy of insurance to Defendant Aptim Corporation that covers the acts and omissions alleged herein.  Petitioners will amend this Petition to identify JKL Corporation once its identity is known.

## XXV.

On information and belief, Defendant MNO Corporation has issued a policy of insurance to Defendant Parish of Jefferson that covers the acts and omissions alleged herein.  Petitioners will amend this Petition to identify JKL Corporation once its identity is known.

## XXVI.

### PROXIMATE CAUSE AND BAD ACTS

The Defendants' failure to properly design, operate and maintain the J.P. Landfill, including its gas and leachate collection systems, have caused harmful, noxious and repulsive odors and chemicals to be released from the J.P. Landfill into the surrounding environment on and in to Petitioners' homes and immovable property, resulting in Petitioners' continuing exposure to these odors and chemicals.

## XXVII.

These odors and chemicals have also caused these Petitioners to suffer physical and other harm including, but not limited to difficulties breathing, coughing, nausea, burning eyes, ears, noses and throats, dizziness, loss of appetite, fatigue and lethargy, as well as fear, anguish, anxiety and mental pain and suffering.

## XXVIII.

Defendants' actions and omissions with respect to the design, operation and maintenance of the J.P. Landfill are the direct and proximate cause of the injuries and harm suffered by each of the Petitioners as alleged above.

## XXVIX.

Defendants' actions and omissions as outlined above also have caused a diminution in the value of Petitioners' immovable property.

## XXX.

24th E-Filed: 05/20/2019 13:13:14 Case: 795404 Div:A Atty:035182 S ELIZA  JAMES

These odors have been pervasive and persistent. They have continued to the present and are likely to continue for the foreseeable future. The emissions constitute a continuing tort.

## XXXI.

Defendants' acts and omissions in owning, designing, operating and/or maintaining the J.P. Landfill as described above constitute an unreasonable interference with each of the Petitioners' comfortable use and enjoyment of their homes.

## XXXII.

Defendants are liable to the Petitioners for all damages they have suffered, including bodily harm, diminution of property value and fear, anguish, and mental pain and suffering, on account of nuisance.

## XXXIII.

These physical invasions of noxious odors and chemicals constitute a trespass causing Petitioners to suffer physical harm, diminution in property value and rental value, inconvenience, loss of enjoyment of property, as well as fear, anguish and mental pain and suffering.

## XXXV.

The emissions of these harmful odors and chemicals have been pervasive and persistent and constitute a continuing tort.

## XXXVI.

The Defendants' illegal actions and omissions in owning and operating the J.P. Landfill continue to this day and, unless enjoined by this Court, will continue for the indefinite future. Accordingly, Petitioners are entitled to a permanent injunction ordering the Defendants to abate the continuing nuisance and cease the trespasses caused and created by the J.P. Landfill, including the emission of noxious odors and chemicals, and to take all necessary reasonable actions required to accomplish same.

## XXXVII.

Each of the Defendants had a duty to Petitioners to exercise reasonable care in the design, ownership and/or operation of the Landfills, including without limitation the duty to comply with applicable environmental laws and regulations and otherwise to ensure that the Landfills were

24th E-Filed: 05/20/2019 13:13:14 Case: 795404 Div:A Atty:035182 S ELIZA  JAMES

operated in a manner that does not jeopardize their health, immovable property, environment, and quality of life.

### XXXVIII.

Each of the Defendants breached such duties of care to the Petitioners by, among other things:

i.   Failing to properly design, operate and maintain the J.P. Landfill, thus allowing noxious and harmful odors and chemicals to be released from the J.P. Landfill and introduced in the atmosphere and surrounding neighborhoods;

ii.  Failing to take careful and prudent precautionary measures to ensure that these releases would not occur;

iii. Failing to design, operate and maintain the J.P. Landfill in a manner that does not cause harm to others and, in particular, its neighbors;

iv.  Failing to comply with applicable regulations governing the design, operation and maintenance of the J.P. Landfill;

v.   Being inattentive and careless in the overall design, operation and maintenance of the J.P. Landfill;

vi.  Failing to remediate and repair the failures in design, operation and maintenance of the J.P. Landfill as they became known to the Defendants;

vii. Any and all other acts of negligence which may be revealed between now and the time of trial.

### XXXIX.

The Defendants' failure to comply with their duties of care to the Petitioners were and are a cause in fact and a legal cause of Petitioners' injuries, and each of the Petitioners has suffered damages as a result thereof, including physical harm, diminution in property value and fear, anguish and mental pain and suffering as well as loss of use and enjoyment of their immovable property and diminution in the value of said property.

### XL.

The Parish's ownership and operation of the J.P. Landfill has caused substantial damage to the value of Petitioners' respective interests in their immovable property.

24th E-Filed: 05/20/2019 13:13:14 Case: 795404 Div:A Atty:035182 S ELIZA   JAMES

### XLI.

The Parish knew, or in the exercise of reasonable care, should have known, that its failure to properly design, operate and maintain the J.P. Landfill would cause damage to Petitioners, and such damage could have been prevented by the exercise of reasonable care. The Parish, as owner of the J.P. Landfill, failed to exercise such reasonable care.

### XLII.

In committing the acts and omissions described above, the Defendants have breached their contractual obligations, of which Petitioners are third party beneficiaries, arising under the contracts between the Parish and all other Defendants herein pertaining to the design, operation and maintenance of the J.P. Landfill.

### XLIII.

In committing the foregoing acts and omissions, Defendants have violated, *inter alia*, Civil Code Articles 667, 669, 2315, 2316, and 2317.1, which has caused and continues to cause each of the Petitioners damages including nuisance damages; physical harm and mental fear, anguish, pain and suffering; and diminution in property value.

### XLIV.

Further, Petitioners' interest is their immovable property is a property right protected by the Louisiana Constitution.

### XLV.

Petitioners' interest in their real property has been taken and damaged by the actions of Jefferson Parish as set forth above.

### XLVI.

Such taking and damage was for a public purpose – to wit, the operation of a public landfill for the purpose of handling and disposing of waste generated by the citizens of Jefferson Parish and others.

### XLVII.

The Parish is liable to the Petitioners for damages caused by the Parish's unconstitutional taking of their immovable property without paying just compensation pursuant to Article I, Section 4(B) of the Louisiana Constitution.

24th E-Filed: 05/20/2019 13:13:14 Case: 795404 Div:A Atty:035182 S ELIZA   JAMES

### XLVIII.

The Parish's taking of Petitioners' property without just compensation constitutions a deprivation of their property without due process of law pursuant to Article I, Section 2 of the Louisiana Constitution.

### XLIX.

The Parish is liable to the Petitioners for damages caused by the Parish's violation of Petitioners' due process rights.

### L.

### REQUEST FOR TRIAL BY JURY

**PETITIONERS REQUEST A JURY TRIAL AS TO ALL CLAIMS TRIABLE BY JURY.**

### LI.

### PRAYER FOR RELIEF

**WHEREFORE,** Petitioners pray that:

(a) Judgment be entered declaring each of the Defendants jointly, severally and *in solido* liable to each of the Petitioners for all damages (and awarding all such damages), including physical and bodily harm, loss of use and enjoyment of their homes, diminution in property value, lost wages, medical expenses and mental pain and suffering;

(b) Judgment be entered against the Parish declaring it liable for inverse condemnation, and awarding to each of the Petitioners just compensation for the unconstitutional taking of their interests in real property and/or a deprivation of due process;

(c) Judgment be entered against all Defendants for all additional damages as are just and reasonable under the circumstances, including but not limited to the cost of alternative housing and medical testing;

(d) The Defendants be permanently enjoined and ordered to abate the nuisances and trespasses, and to take all reasonable and necessary measures to cease the harmful emissions from the J.P. Landfill.

18

*24th E-Filed: 05/20/2019 13:13:14 Case: 795404 Div:A Atty:035182 S ELIZA  JAMES*

(e) The Defendants be required to provide medical monitoring for all Petitioners as appropriate;

(f) Prejudgment and post-judgment interest on all damages be awarded;

(g) Petitioners be awarded all costs for prosecution of this action and attorney fees;

(h) Damages be awarded for all other injuries that may be proved at trial; and

(i) This Court award such other and further relief as it may deem just and proper.

**Respectfully submitted,**

FORREST CRESSEY & JAMES, LLC

/s/ S. Eliza James

_____

Byron Forrest (La. Bar No. 35481)
Nicholas Cressey (La. Bar No. 35725)
S. Eliza James (La. Bar No. 35182)
One Canal Place
365 Canal Street, Suite 1475
New Orleans, Louisiana 70130
Byron@fcjlaw.com
Eliza@fcjlaw.com
Tele: 504.605.0777
Fax:  504.322.3884

OF COUNSEL:
Barry S. Neuman (*Pro Hac Vice* application to be submitted)
Erik Bolog
C. Allen Foster
Adrian Sneed
WHITEFORD TAYLOR PRESTON, LLP
1800 M Street, NW
Suite 450N
Washington, DC 20036
(202) 659-6800

**(SERVICE INSTRUCTIONS ON FOLLOWING PAGE.)**

24th E-Filed: 05/20/2019 13:13:14 Case: 795404 Div:A Atty:035182 S ELIZA   JAMES

**PLEASE SERVE:**

**LOUISIANA REGIONAL LANDFILL COMPANY**
Through its Agent for Service
Corporation Service Company
501 Louisiana Avenue
Baton Rouge, LA 70802

**WASTE CONNECTIONS BAYOU, INC.**
Through its Agent for Service
Corporation Service Company
501 Louisiana Ave.
Baton Rouge, LA 70802

**WASTE CONNECTIONS US, INC.**
Through its Agent for Service
Via long arm through its Agent
Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808

**APTIM CORP.**
Through its Agent for Service
CT Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

**PARISH OF JEFFERSON**
Through its Agent for Service
Parish Attorney for the Parish of Jefferson
1221 Elmwood Park Blvd., Suite 701
Jefferson, LA 70123

**ABC CORP.**
*Address unknown at this time.*

**DEF CORP.**
*Address unknown at this time.*

**GHI CORP.**
*Address unknown at this time.*

**JKL CORP.**
*Address unknown at this time.*

**MNO CORP.**
*Address unknown at this time.*

24th E-Filed: 05/20/2019 13:13:14 Case: 795404 Div:A Atty:035182 S ELIZA   JAMES

Filed by: **Fax**

Date: May 17, 2019

Time: 11:48 AM

Deputy Clerk: _____

(SEE ATTACHED LOG)

SB

FILED FOR RECORD 05/22/2019 11:17:09

Jessica F. Matherne, DY CLERK

JEFFERSON PARISH, LA

D7/1034

D7 713 034

## 24TH JUDICIAL DISTRICT FOR THE PARISH OF JEFFERSON

## STATE OF LOUISIANA

NO. 790-369 DIVISION "J"

### FREDERICK ADDISON, et. al.

### VERSUS

### LOUISIANA REGIONAL LANDFILL COMPANY, et. al.

FILED: _____ _____

DEPUTY CLERK

### JUDGMENT ON DEFENDANT JEFFERSON PARISH'S MOTION TO TEMPORARILY LIFT STAY AND MOTION TO CONSOLIDATE AND ON PLAINTIFFS FREDERICK ADDISON ET. AL.'S MOTION TO PERMENANTLY LIFT STAY

**ON MAY 9, 2019,** hearing was held on Jefferson Parish's Motion to Temporarily Lift Stay and Motion to Consolidate, which was adopted by Waste Connections US, Inc and Plaintiffs Frederick Addison *et. al.*'s Motion to Permanently Lift Stay. Present at the hearing were:

MATTHEW D. MOGHIS, *counsel for Jefferson Parish*;

DAVID TAGGART, MICHAEL MIMS and MEGAN R. BRILLAULT, *counsel for Waste Connections US, Inc.*; and

BARRY S. NEUMAN, C. Allen Foster, S. Eliza James, Byron Forrest, and Nicholas Cressy *counsel for Plaintiffs*.

**CONSIDERING** the law, evidence, and argument of counsel, for the reasons orally assigned:

**IT IS ORDERED, ADJUDGED, AND DECREED** that Jefferson Parish's Motion to Temporarily Lift Stay and Motion to Consolidate be and is hereby GRANTED, consolidating and transferring the following matters to this Division with the above-titled matter:

1. *Charles Anderson, et al. v. Louisiana Regional Landfill Company, et al.*
   Docket No. 792-502
   Division "O"

2. *Michael Brunet, et al. v. Louisiana Regional Landfill Company, et al.*
   Docket No. 793-088
   Division "O"

1 of 2



EXHIBIT

tabbies'

B

3. *Mary Ann Winningkof, et al. v. Louisiana Regional Landfill Company, et al.*
   Docket No. 793-784
   Division "M"

4. *Rickey Calligan, et al. v. Louisiana Regional Landfill Company, et al.*
   Docket No. 793-908
   Division "L"

5. *Regenia Griffin, et al. v. Louisiana Regional Landfill Company, et al.*
   Docket No. 794-011
   Division "A"

(collectively, the "Related Actions")

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, upon execution of this Judgment, Jefferson Parish will submit Motions to Transfer, attaching this Judgment, in the respective Divisions where each of the above-listed cases is currently pending.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the parties shall have until and including May 16, 2019 to submit post-hearing memoranda with respect to Plaintiffs' Motion to Permanently Lift Stay, after submission of which the Court will issue a ruling on Plaintiffs' Motion.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that all Defendants shall have an extension of time to file responsive pleadings in the Related Actions pending further instructions by this Court.

Gretna, Louisiana, this _22nd_ day of _____May_____, 2019.

_____
J**UDGE** S**TEPHEN** C. G**REFER**

DT owes GOVT

**Matthew Moghis**

| | |
|---|---|
| **From:** | Neuman, Barry S. <BNeuman@wtplaw.com> |
| **Sent:** | Tuesday, May 28, 2019 11:51 AM |
| **To:** | Matthew Moghis; Eliza James |
| **Subject:** | RE: Consolidation of Paul Case (Addison) |

It is neither required nor justified.

*Barry S. Neuman*
Whiteford, Taylor & Preston LLP
1800 M Street NW
Suite 450N
Washington, DC 20036
Tele:  202.659.6761
Fax:   202.327.6151

**From:** Matthew Moghis <moghis@connicklaw.com>
**Sent:** Tuesday, May 28, 2019 12:36 PM
**To:** Neuman, Barry S. <BNeuman@wtplaw.com>; Eliza James <eliza@fcjlaw.com>
**Subject:** [EXTERNAL] RE: Consolidation of Paul Case (Addison)

May I ask on what basis?

**From:** Neuman, Barry S. <BNeuman@wtplaw.com>
**Sent:** Tuesday, May 28, 2019 11:35 AM
**To:** Matthew Moghis <moghis@connicklaw.com>; Eliza James <eliza@fcjlaw.com>
**Subject:** RE: Consolidation of Paul Case (Addison)

Matt – Plaintiffs do not consent to, and will oppose, transfer and consolidation of the *Paul* lawsuit.

Thank you for your inquiry.

Best regards,

Barry.

*Barry S. Neuman*
Whiteford, Taylor & Preston LLP
1800 M Street NW
Suite 450N
Washington, DC 20036
Tele:  202.659.6761
Fax:   202.327.6151

**From:** Matthew Moghis <moghis@connicklaw.com>
**Sent:** Tuesday, May 28, 2019 12:14 PM

1


EXHIBIT
C

**To:** Neuman, Barry S. <BNeuman@wtplaw.com>; Eliza James <eliza@fcjlaw.com>
**Subject:** [EXTERNAL] Consolidation of Paul Case (Addison)

Barry and Eliza,

I tried to call you both this morning, but was unable to reach either of you. On the new *Paul* lawsuit, do you all consent to consolidation with the others in *Addison*/Division "J"? If so, we can prepare an Unopposed Motion to Consolidate to file with Judge Grefer, and then a Motion to Transfer once that Order is signed by Judge Grefer. Please let us know.

Additionally, while we are waiting for all of the transfers and consolidation to be completed, will you all agree to the ruling in *Addison* regarding the extension of time until further instructions by the Court being applicable to *Paul*?

Please let us know your response.

Thank you,

MATTHEW D. MOGHIS
CONNICK AND CONNICK, L.L.C.
3421 N. Causeway Blvd., Suite 408
Metairie, Louisiana  70002
Telephone:   (504) 681-6658
Facsimile:    (504) 838-9903
E-mail:        moghis@connicklaw.com
Website:      www.connicklaw.com [connicklaw.com]

This e-mail transmission and any attachments it may contain is confidential information belonging to the sender which is protected by the attorney-client privilege. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this information is strictly prohibited.  If you have received this e-mail in error, please immediately notify us by telephone.

This transmission contains information from the law firm of Whiteford, Taylor & Preston LLP which may be confidential and/or privileged. The information is intended to be for the exclusive use of the planned recipient. If you are not the intended recipient, be advised that any disclosure, copying, distribution or other use of this information is strictly prohibited. If you have received this transmission in error, please notify the sender immediately.

FILED FOR RECORD 12/13/2018 09:42:50
Michelle S. Bruner, DY CLERK
JEFFERSON PARISH, LA

## 24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

### STATE OF LOUISIANA

NO.: 790 369                                                    DIVISION: ")

FREDERICK ADDISON; BARBARA ADDISION; PERRY ANDRAS; SHEILA BASKIN;
WILLIE FAY BROOKS; ERIC BROWN; RAMONA BYRD; EDWARD CLOUDET;
MONICA COLEMAN-LESTRICK, individually and on behalf of her minor child
CHARLES LESTRICK III; DORIS COLLINS; LULA DARDEN; DEMONTE DETEIGE;
VINCENT EATON; KIMBERLY ENGEL; ADELAINE FITZPATRICK; CARLA FORD;
GERALD FORD; VERNA MAE GABRIEL; MERLENE GRANT; ETHEL GREEN;
WENDY GREMILLION, individually and on behalf of her minor children ADELYN S.
GREMILLION and BRAXTON C. GREMILLION; SCOTT GREMILLION; REGINA
PIERRE GRIFFIN; GLENDA BUILBEAU; ALBERTINE HARGRAVE; JOWE
HERNANDEZ, individually and on behalf of his minor children, MILES HERNANDEZ
AND LUCIANNA HERNANDEZ; LIZ HERNANDEZ; KIMBERLY HIMEL; CORY
HIMEL; ADA JACKSON; BRIDGETT JOHNSON; MARGARITE JOHNSON;
MELODIE JONES; RITA JONES; JESSE KOEHL; ELIZABETH LALA; LUCINDA
LIGHTELL; ELIZABETH LOWE; JOHN LOWE; GARY MEYER; RHONDA MEYER;
ALEXANDER MITCHELL; REGINA MITCHELL; JOSEPH PETE, JR.; TERRY
PEETE, individually and on behalf of her minor children JOSEPH PETE, III AND
AUGUST PEETE; ANDREA PICKNEY; WARREN PICKNEY; PEARL PINKLEY;
CAROLYN POLK; GERALD POLK; GLENDA PRIMUS; JULIANE RAYBURN; KIAN
RILEY; KAREN ROSS, individually and on behalf of her minor children JARED ROSS,
TYRENE ROSS and JERMAINE ROSS; TONY ROSS; ALETHA SCOTT; DAVID
SCOTT; CARI SERPAS, individually and on behalf of her minor children GRACE
SERPAS AND CHASE SERPAS; STEVEN SERPAS; JOHN THOMPSON; CHANDRA
TIGLER, individually and on behalf of her minor child OBRAINA TIGLER; OSCAR
TIGLER; GLORIA TOLODANO; ROY TOLODANO; MELVIN URSIN; SANTANA
UTHAISANG; KIRK WELLS, individually and on behalf of his minor children
ADDYSON WELLS and JOSEPH WELLS; REBECCA WELLS;  KEVIN WOOD; and
MARY WOOD.

### VERSUS

LOUISIANA REGIONAL LANDFILL COMPANY (LRLC), f/k/a IESI LA LANDFILL
CORPORATION; WASTE CONNECTIONS BAYOU, INC., f/k/a/ PROGRESSIVE
WASTE SOLUTIONS OF LA, INC; WASTE CONNECTIONS US, INC; APTIM CORP;
PARISH OF JEFFERSON; ABC CORP; DEF CORP; GHI CORP; JKL CORP; and
MNO CORP.

FILED:_____                    _____
                                                              DEPUTY CLERK

### PETITION FOR DAMAGES AND REQUEST FOR INJUNCTIVE RELIEF

NOW INTO COURT, come Petitioners, who allege and aver the following in support of
their Petition for Damages and Request for Injunctive Relief:



EXHIBIT
D

## INTRODUCTION

This action arises from the continuing, significant and unabated harm suffered by each of the named Petitioners as a result of the ongoing – and admitted – failure of each of the Defendants to ensure that the design, operation and maintenance of the Jefferson Parish Landfill (the "J.P. Landfill") complies with applicable environmental laws and adequately protects Petitioners' human health and environment. At all relevant times, the J.P. Landfill and has persistently emitted harmful and toxic odors and chemicals into the surrounding areas, including where each of the Petitioners resides.

These unlawful, harmful and toxic releases have caused Petitioners substantial loss of the use and enjoyment of their homes and immovable property, and have caused physical harms including, among other things: difficulties breathing, coughing, nausea, burning eyes, ears, noses and throats, dizziness loss of appetite and lethargy, as well as fear, anguish, discomfort and inconvenience. These emissions also have caused diminution in the value of Petitioners' homes.

Accordingly, Petitioners seek redress from the Defendants for the direct and consequential injury and damage they have suffered and will continue to suffer as a direct result of the releases of noxious odors and chemicals from the J.P. Landfill.

## PETITIONERS

III.

Named Petitioners herein are:

**FREDERICK ADDISON** an individual of full age of majority residing at 41 Morning Glory Lane, Waggaman, LA 70094, and owner of said immovable property.

**BARBARA ADDISON**, an individual of full age of majority residing at 41 Morning Glory Lane, Waggaman, LA 70094, and owner of said immovable property.

**PERRY ANDRAS**, an individual of full age of majority residing at 37 Morning Glory Lane, Waggaman, LA 70094, and owner of said immovable property.

**SHEILA BASKIN**, an individual of full age of majority residing at 648 Sweet Olive Lane, Waggaman, LA 70094, and owner of said immovable property.

**WILLIE FAYE BROOKS,** an individual of full age of majority residing at 20 Winifred St., Waggaman, LA, 70094, and owner of said immovable property.

**ERIC BROWN,** an individual of full age of majority residing at an individual of full age of majority residing at 275 Capitol Drive Avondale, LA 70094, and owner of said immovable property.

**RAMONA BYRD,** an individual of full age of majority residing at 322 Hanson Place, Kenner, LA 70062, and owner of said property.

**DORIS COLLINS,** an individual of full age of majority residing at 352 Deacon St., Avondale, LA . 70094, and owner of said immovable property.

**EDWARD CLOUDET,** an individual of full age of majority residing at 601 S. Bengal, River Ridge, LA 70123, and owner of said immovable property.

**MONICA COLEMAN-LESTRICK,** an individual of full age of majority residing at 2 Jasmine Lane, Waggaman, LA 70094, and owner of said immovable property, in her individual capacity and as parent of her minor child, **CHARLES LESTRICK III.**

**LULA DARDEN,** an individual of full age of majority residing at 408 Upland Ave., River Ridge, LA 70123 and owner of said immovable property.

**DEMONE DETEIGE,** an individual of full age of majority residing at 528 Ruth Dr., Avondale, LA 70094 and owner of said immovable property.

**VINCENT EATON,** an individual of full age of majority residing at 513 Hester Ave., River Ridge, LA 70123, and owner of said immovable property.

**KIMBERLY ENGEL,** an individual of full age of majority residing at 601 Hester Ave., River Ridge LA 70123, and owner of said immovable property.

**ADELAINE FITZPATRICK,** an individual of full age of majority residing at 324 Counsel Dr., Avondale, LA 70094 and owner of said immovable property.

**CARLA FORD,** an individual of full age of majority residing at 49 Judith St., Waggaman, LA 70094, and owner of said immovable property.

**GERALD FORD,** an individual of full age of majority residing at 49 Judith St., Waggaman, LA 70094, and owner of said immovable property.

**VERNA MAE GABRIEL**, an individual of full age of majority residing at 512 Avondale Garden Rd., Avondale LA 70094, and owner of said immovable property.

**MERLENE GRANT**, an individual of full age of majority residing at 1811 Moisant St., Kenner, LA 70062, and owner of said immovable property.

**ETHEL GREEN**, an individual of full age of majority residing at 341 Providence Lane, Kenner LA 70062, and owner of said immovable property.

**WENDY GREMILLION**, an individual of full age of majority residing at 9701 Robin Lane, River Ridge, LA 70123, and owner of said immovable property, in her individual capacity and as parent of her minor children, **ADELYN S. GREMILLION** and **BRAXTON C. GREMILLION**.

**SCOTT GREMILLION**, an individual of full age of majority residing at 9701 Robin Lane, River Ridge, LA 70123, and owner of said immovable property.

**REGINIA PIERRE GRIFFIN**, an individual of full age of majority residing at 612 Filmore St., Kenner, La 70062 and owner of said immovable property.

**GLENDA GUILBEAU**, an individual of full age of majority residing at 600 Wilker Neal Ave., River Ridge, LA 70123, and owner of said immovable property.

**ALBERTINE HARGRAVE**, an individual of full age of majority residing at 8721 Milan St., Metairie, LA 70003, and owner of said immovable property.

**JOSE HERNANDEZ**, an individual of full age of majority residing at 721 Randolph Ave., Harahan, LA 70123, and owner of said immovable property, in his individual capacity and as parent of his minor children, **MILES HERNANDEZ** and **LUCIANNA HERNANDEZ**.

**LIZ HERNANDEZ**, an individual of full age of majority residing at 721 Randolph Ave., Harahan, LA 70123, and owner of said immovable property.

**KIMBERLY HIMEL**, an individual of full age of majority residing at 642 Grove Avenue, Harahan, LA 70123, and owner of said immovable property.

**CORY HIMEL**, an individual of full age of majority residing at 642 Grove Ave., Harahan, LA 70123, and owner of said immovable property.

**ADA JACKSON**, an individual of full age of majority residing at 513 S. Bengal Rd., River Ridge, LA 70123, and owner of said immovable property.

**BRIDGETTE JOHNSON,** an individual of full age of majority residing at 325 Georgetown Dr., Westwago, LA 70094, and owner of said immovable property.

**MARGARITE JOHNSON,** an individual of full age of majority residing at 112 Marie Dr., Avondale, LA 70094, and owner of said immovable property.

**MELODIE JONES,** an individual of full age of majority residing at 413 Bengal Rd., River Ridge, LA 70123, and owner of said immovable property.

**RITA JONES,** an individual of full age of majority residing at 248 Glen Della Dr., Avondale, LA 70094, and owner of said immovable property.

**ELIZABETH LALA,** an individual of full age of majority residing at 8701 Steamboat Lane, River Ridge, LA 70123, and owner of said immovable property.

**BRUCE LIGHTELL,** an individual of full age of majority residing at 51 Winifred St., Waggaman, LA 70094, and owner of said immovable property.

**LUCINDA LIGHTELL,** an individual of full age of majority residing at 51 Winifred St., Waggaman, LA 70094, and owner of said immovable property.

**ELIZABETH LOWE,** an individual of full age of majority residing at 604 Hester Ave., River Ridge, LA 70123, and owner of said immovable property.

**JOHN LOWE,** an individual of full age of majority residing at 10120 St. Paul Ave., River Ridge, LA 70123, and owner of said immovable property.

**GARY MEYER,** an individual of full age of majority, residing at 612 Hester Ave., River Ridge, LA 70123, and owner of said immovable property.

**RHONDA MEYER,** an individual of full age of majority residing at 612 Hester Ave., River Ridge, LA 70123, and owner of said immovable property.

**ALEXANDER MITCHELL,** an individual of full age of majority residing at 204 Hanson Ave., Kenner, LA 70062, and owner of said immovable property.

**REGINA MITCHELL,** an individual of full age of majority residing at 204 Hanson Ave. Kenner, LA 70062.

**JOSEPH PETE, JR.,** an individual of full age of majority residing at 149 Southern Ct., Avondale, LA 70094, and owner of said immovable property.

**TERRY PETE**, an individual of full age of majority residing at 149 Southern Ct., Avondale, LA 70094 and owner of said immovable property, in her individual capacity and as parent of her minor children **JOSEPH PETE, III** and **AUGUST PETE.**

**ANDREA PICKNEY**, an individual of full age of majority residing at 657 Richard Ave., River Ridge, LA 70123, and owner of said immovable property.

**WARREN PICKNEY**, an individual of full age of majority residing at 657 Richard Ave., River Ridge, LA 70123, and owner of said immovable property.

**PEARL PINKLEY,** an individual of full age of majority residing at 511 Wilker Neal Ave., River Ridge, LA 701235, and owner of said immovable property.

**CAROLYN POLK**, an individual of full age of majority residing at 305 S. Bengal Rd., River Ridge, LA 70123, and owner of said immovable property.

**GERALD POLK**, an individual of full age of majority residing at 305 S. Bengal Rd., River Ridge, LA 70123, and owner of said immovable property.

**GLENDA PRIMUS**, an individual of full age of majority residing at 8521 Milan St., Metairie, LA 70003, and owner of said immovable property.

**JULIANE RAYBURN,** an individual of full age of majority residing at  513 Hester Ave., River Ridge, LA 70123, and owner of said immovable property.

**KIAN RILEY**, an individual of full age of majority residing at 6 Jasmine Lane, Waggaman, LA 70094, and owner of said immovable property.

**KAREN ROSS**, an individual of full age of majority residing at 52 Winifred St., Waggaman, LA70094, and owner of said immovable property, in her individual capacity and on behalf of her minor children, **JARED ROSS, JERMANIE ROSS** and **TYRESE ROSS.**

**TONY ROSS**, an individual of full age of majority residing at 52 Winifred St., Waggaman, LA 70094, and owner of said immovable property.

**ALETHA SCOTT**, an individual of full age of majority residing at 629 South Cumberland St., River Ridge, LA 70123, and owner of said immovable property.

**DAVID SCOTT**, an individual of full age of majority, residing at 629 South Cumberland St., River Ridge, LA 70123, and owner of said immovable property.

**CARI SERPAS**, an individual of full age of majority residing at 609 Hester Ave., River Ridge, LA 70123, and owner of said immovable property, in her individual capacity and as parent of her minor children, **GRACE SERPAS and CHASE SERPAS**.

**STEVEN SERPAS**, an individual of full age of majority residing at 609 Hester Ave., River Ridge, LA 70123, and owner of said immovable property.

**JOHN THOMPSON**, an individual of full age of majority residing at 412 Wilker Neal Ave., River Ridge, LA 70123 and owner of said immovable property.

**CHANDRA TIGLER**, an individual of full age of majority residing at 29 Richelle St., Waggaman, LA 70094, and owner of said immovable property, in her individual capacity and as parent of her minor child, **OBRAINA TIGLER**.

**OSCAR TIGLER**, an individual of full age of majority residing at 29 Richelle St., Waggaman, LA 70094, and owner of said immovable property.

**GLORIA TOLODANO**, an individual of full age of majority residing at 225 Helis Dr., Waggaman, LA 70094 and owner of said immovable property.

**ROY TOLODANO**, an individual of full age of majority residing at 225 Helis Dr., Waggaman, LA 70094 and owner of said immovable property.

**MELVIN URSIN**, an individual of full age of majority residing at 500 Cumberland Str., River Ridge, LA 70123, and owner of said immovable property.

**SANTANA UTHAISANG**, an individual of full age of majority residing at 2033 Generes Dr., Harahan, LA 70123 and owner of said immovable property.

**KIRK WELLS**, an individual of full age of majority residing at 153 Rebel Ave., River Ridge, LA 70123, and owner of said immovable property, in his individual capacity and as parent of his minor children, **ADDYSON WELLS and JOSEPH WELLS**.

**REBECCA WELLS**, an individual of full age of majority residing at 153 Rebel Ave., River Ridge, LA 70123, and owner of said immovable property.

**KEVIN WOOD**, an individual of full age of majority, residing at 824 Colonial Club Dr., Harahan, LA 70123, and owner of said immovable property.

**MARY WOOD**, an individual of full age of majority, residing at 824 Colonial Club Dr., Harahan, LA 70123, and owner of said immovable property.

II.

Made Defendants herein are:

a. **LOUISIANA REGIONAL LANDFILL COMPANY (LRLC), f/k/a IESI LA LANDFILL CORPORATION ("IESI")**, a foreign corporation domiciled in Delaware authorized to do and doing business in this Parish and State. On information and belief, LRLC is a wholly-owned subsidiary of Defendant Waste Connections Bayou, Inc., Inc., which in turn was acquired by Defendant Waste Connections US, Inc. On information and belief, Defendant LRLC is controlled by Defendants Waste Connections Bayou, Inc., and/or Waste Connections, US, Inc., and is the "alter ego" of those Defendants, operating without autonomy and only pursuant to the direction, policies and procedures of its parent corporations;

b. **WASTE CONNECTIONS BAYOU, INC., f/k/a/ PROGRESSIVE WASTE SOLUTIONS OF LA, INC.,** a foreign corporation authorized to do and doing business in this Parish and State;

c. **WASTE CONNECTIONS US, INC.,** a foreign corporation authorized to do and doing business in this Parish and State; and

d. **APTIM CORP.,** a foreign corporation domiciled in Delaware authorized to do and doing business in this Parish and State;

e. **PARISH OF JEFFERSON,** a Louisiana parish in and political subdivision of the State of Louisiana (the "Parish";

f. **ABC CORPORATION,** a foreign or domestic insurance company whose identity is unknown to the Petitioners, who upon information and belief wrote a policy of insurance coverage for Defendant **LOUISIANA REGIONAL LANDFILL COMPANY (LRLC), F/K/A IESI LA LANDFILL CORPORATION ("IESI"),** that may provide coverage for acts, occurrences, and/or omissions more specifically described herein;

g. **DEF CORPORATION** a foreign or domestic insurance company whose identity is unknown to the Petitioners, who upon information and belief wrote a policy of

insurance coverage for Defendant, **WASTE CONNECTIONS BAYOU, INC., f/k/a/ PROGRESSIVE WASTE SOLUTIONS OF LA, INC.** that may provide coverage for acts, occurrences, and/or omissions more specifically described herein;

h.  **GHI CORPORATION** a foreign or domestic insurance company whose identity is unknown to the Petitioners, who upon information and belief wrote a policy of insurance coverage for Defendant, **WASTE CONNECTIONS BAYOU, INC., f/k/a/ PROGRESSIVE WASTE SOLUTIONS OF LA, INC.**, that may provide coverage for acts, occurrences, and/or omissions more specifically described herein;

i.  **JKL CORPORATION;** a foreign or domestic insurance company whose identity is unknown to the Petitioners, who upon information and belief wrote a policy of insurance coverage for Defendant, **APTIM CORP**, that may provide coverage for acts occurrences, and/or omissions more specifically described herein;

j.  **MNO CORPORATION** a foreign or domestic insurance company whose identity is unknown to the Petitioners, who upon information and belief wrote a policy of insurance coverage for Defendant, **PARISH OF JEFFERSON,** that may provide coverage for acts, occurrences, and/or omissions more specifically described herein.

III.

### JURISDICTION AND VENUE

Venue is proper in accordance with La. R.S. 13:5104(B), which states, in part, that "[a]ll suits filed against a political subdivision of the state ... shall be instituted before the district court of the judicial district in which the political subdivision is located or in the district court having jurisdiction in the parish in which the cause of action arises." Venue is further proper as to all other defendants as the wrongful conduct giving rise to the Petitioner's claims occurred within the jurisdictional limits of Jefferson Parish, State of Louisiana.

IV.

### FACTS

The Parish is the owner of the Jefferson Parish Landfill (the "J.P. Landfill"), located at 5800 Highway 90 West in Avondale, Jefferson Parish, State of Louisiana.

V.

At all relevant times, the J.P. Landfill has been used as a Type I/II landfill permitted to accept municipal and commercial solid waste, non-hazardous industrial waste, trash, construction debris, vegetative waste, dewatered municipal wastewater sludge, and compatible non-hazardous industrial waste pursuant to the Louisiana Environmental Quality Act, La. R.S. 30:2001, *et seq.* (the "Act") as well as federal laws and regulations implemented by the United States Environmental Protection Agency ("USEPA").

VI.

The J.P. Landfill is authorized to operate pursuant to and only in accordance with the terms and conditions of, among other things, Standard Permit P-0297R1(the "Standard Permit") as issued, approved, and subject to periodic review and renewal by the Louisiana Department of Environmental Quality ("LDEQ") pursuant to the Act. The Standard Permit was most recently renewed by the LDEQ on or about January 22, 2010.

VII.

On or about May 17, 2012, the Parish entered into a contract with the Defendant IESI (since renamed the Louisiana Regional Landfill Company) under which IESI agreed, among other things, to "manage all tasks of the operation, management and maintenance" of the J.P. Landfill (the "IESI Operating Contract"). The IESI Operating Contract provides that:

    a.  Operation of the J.P. Landfill will be conducted "in strict compliance and conformity with all Federal, State and local laws, ordinances, and regulations, including the rules and regulations of the USEPA, LDEQ, and all State of Louisiana agencies, and in accordance with the Permit Documents."

    b.  "IESI shall be responsible for compliance with all Federal, State and local regulations, laws and ordinances in its performance of the Service/Work associated with the operation [and maintenance] of the Landfill."

    c.  IESI is required to "provide all labor, equipment, materials and incidentals to assume all daily operations of the Landfill."

    d.  The Parish Engineer has the authority to "decide any and all questions as to…the manner of performance and rate of progress of the Services/Work…the interpretation of the Contract Documents, and all questions as to the acceptable Completion" of the

Contract "in his reasonable and good faith opinion." The Parish Engineer is further authorized to "suspend operations at any time when the Service/Work, in his good faith and reasonable opinion, is not being carried out in conformity with the Contract Documents and all permits."

## VIII.

Defendant APTIM is and at all relevant times has been a co-operator of the gas and leachate collection system of the J.P. Landfill.

## IX.

Jefferson Parish, in addition to being an owner of the J.P. Landfill, is and at all relevant times has been a co-manager and co-operator of the J.P. Landfill with IESI/LRLP and APTIM.

## X.

The Parish has admitted that improper operation of the J.P. Landfill is a major source of the odors suffered by Petitioners as well as the adverse consequences thereof. At a public press conference on July 23, 2018, Parish President Mike Yenni stated that:

a. The J.P. Landfill's system designed to "contain and deodorize landfill gases" has not been in "proper working order."

b. The landfill's leachate collection system has not been operated properly.

c. "Properly operated landfills do not operate persistent off-site odors and corrective actions...are essential."

d. The Parish has notified IESI that it is in breach of its contract to properly operate the J.P. Landfill.

## XI.

At the same press conference, Parish Deputy Sheriff Mark Conley stated that the J.P. Landfill gas collection system has been collecting only twenty percent of the gas emitted from landfill operations, whereas a properly operating system would collect ninety-seven to ninety-eight percent of gas emissions, "[s]o that is why the Parish president is stressing that we realize we have problems...right now, a lot of our priority, in the name of public safety and our police powers, is to address the existing system, get it operational, and to pull as much gas out of that landfill as we can."

XII.

At the same press conference, Parish Councilman Paul Johnson stated that the odor from the J.P. Landfill

"has gotten really bad in the past for our five months...we are all going to experience odors from the landfill because it's a landfill.  But, not those we have been having for the past three or five months.  It's been really bad.  I have been woken up at night with my nose burning and couldn't breathe at three or four o'clock in the morning.  This has happened to me more than one time...we know the landfill is causing problems and we know it is a big source of problems...."

XIII.

At the same press conference, Doctor Joseph Cantor, Medical Director and Administrator for Region 1 of the Louisiana Department of Health, warned that when the odors are at "a high level, residents should, if they are able to, leave the area and particularly if they have certain chronic conditions which put them at increased risk mainly pulmonary disease and asthma COPD."[1]

XIV.

On or about June 22, 2018, the LDEQ issued a Compliance Order to the Parish which, among other things, found that the Parish has violated its Landfill Permit and applicable environmental regulations by (i) failing to provide daily cover and (ii) failing to properly operate the system that is intended to collect leachate – the liquid brew that drains from a landfill and carries with it numerous harmful chemicals.

XV.

The LDEQ inspectors found areas of pooled leachate and leachate flowing downhill from the pooled leachate.

XVI.

---

[1] A video recording of the July 23 press conference can be accessed at
https://www.facebook.com/NOLAnews/videos/10155793116437060/ (last visited Aug. 4, 2018).

The United States Environmental Protection Agency ("EPA") has established general screening levels for various pollutants. These screening levels are chemical-specific concentrations for individual contaminants in air that may warrant further investigation or site cleanup. https://www.epa.gov/risk/regional-screening-levels-rsls-users-guide (last visited, Nov. 21, 2018). A chronic screening level addresses potential chronic exposure to a chemical.

XVII.

Air samples collected by the LDEQ in the Jefferson Parish communities of River Ridge, Harahan, and Waggaman between July 20, 2018 through approximately July 28, 2018 were found to contain numerous chemical compounds at concentrations that exceed EPA's chronic screening levels, including acrolein, 1.2-dichloroethane, benzene, carbon tetrachloride, and naphthalene. All of these compounds are multimodal toxicants, in that they are potential or actual human carcinogens and also have other toxic effects.

XVII.

The air samples collected by LDEQ also contained hydrogen sulfide at concentrations that exceed EPA's chronic screening levels. Hydrogen sulfide is a potentially toxic compound. All of these compounds are typically found in the gases generated by landfills like the J.P. Landfill.

XVIII.

In a report dated August 15, 2018, prepared for the Parish by its environmental consultant, Carson Environmental Consulting ("CEC"), CEC made several findings, including, among other things, that there are numerous deficiencies in "the landfill gas condensate and leachate collection pumping systems[,]" and that the infrastructure for these systems requires immediate improvement "to meet the Parish's performance objectives." In addition, CEC concluded that improved operation and maintenance of the J.P. Landfill requires the Parish's "focused attention."

XIX.

On information and belief, on or about December 5, 2018 the Commissioner of the LDEQ informed the Parish that there is "no doubt" in his mind that the JP Landfill is the primary source the odors experienced by residents of the communities in which Petitioners reside.

XX.

13

On information and belief, Defendant ABC Corporation has issued a policy of insurance to Defendant Louisiana Regional Landfill Company that covers the acts and omissions alleged herein. Petitioners will amend this Petition to identify ABC Corporation once its identity is known.

XXI.

On information and belief, Defendant DEF Corporation has issued a policy of insurance to Defendant Waste Connections Bayou, Inc. that covers the acts and omissions alleged herein. Petitioners will amend this Petition to identify DEF Corporation once its identity is known.

XXII.

On information and belief, Defendant GHI Corporation has issued a policy of insurance to Defendant Waste Connections US, Inc. that covers the acts and omissions alleged herein. Petitioners will amend this Petition to identify GHI Corporation once its identity is known.

XXIII.

On information and belief, Defendant JKL Corporation has issued a policy of insurance to Defendant Aptim Corporation that covers the acts and omissions alleged herein. Petitioners will amend this Petition to identify JKL Corporation once its identity is known.

XXIV.

On information and belief, Defendant MNO Corporation has issued a policy of insurance to Defendant Parish of Jefferson that covers the acts and omissions alleged herein. Petitioners will amend this Petition to identify JKL Corporation once its identity is known.

**PROXIMATE CAUSE AND BAD ACTS**

XXV.

The Defendants' failure to properly design, operate, manage, and maintain the J.P. Landfill, including its gas and leachate collection systems, have caused harmful, noxious and repulsive odors and chemicals to be released from the J.P. Landfill into the surrounding environment on and in to Petitioners' homes and immovable property, resulting in Petitioners' continuing exposure to these odors and chemicals.

XXVI.

These odors and chemicals have also caused these Petitioners to suffer physical, mental, and other harm including, but not limited to difficulties breathing, coughing, nausea, burning eyes,

ears, noses and throats, dizziness, loss of appetite and lethargy, as well as fear, anguish, anxiety and mental pain and suffering.

### XXVII.

Defendants' actions and omissions with respect to the design, operation and maintenance of the J.P. Landfill are the direct and proximate cause of the injuries and harm suffered by each of the Petitioners as alleged above.

### XXVIII.

Defendants' actions and omissions as outlined above also have caused a diminution in the value of Petitioners' immovable property.

### XXIX.

These odors have been pervasive and persistent. They have continued to the present and are likely to continue for the foreseeable future. The emissions constitute a continuing tort.

### XXX.

Defendants' acts and omissions in owning, designing, operating and/or maintaining the J.P. Landfill as described above constitute an unreasonable interference with each of the Petitioners' comfortable use and enjoyment of their homes.

### XXXI.

Defendants are liable to the Petitioners for all damages they have suffered, including bodily harm, diminution of property value and fear, anguish, and mental pain and suffering, on account of nuisance.

### XXXII.

These physical invasions of noxious odors and chemicals constitute a trespass causing Petitioners to suffer physical harm, diminution in property value and rental value, inconvenience, loss of enjoyment of property, as well as fear, anguish and mental pain and suffering.

### XXXIII.

The emissions of these harmful odors and chemicals have been pervasive and persistent and constitute a continuing tort.

### XXXIV.

The Defendants' illegal actions and omissions in owning and operating the J.P. Landfill continue to this day and, unless enjoined by this Court, will continue for the indefinite future. Accordingly, Petitioners are entitled to a permanent injunction ordering the Defendants to abate the continuing nuisance and cease the trespasses caused and created by the J.P. Landfill, including the emission of noxious odors and chemicals, and to take all necessary reasonable actions required to accomplish same.

XXXV.

Each of the Defendants had a duty to Petitioners to exercise reasonable care in the design, ownership and/or operation of the Landfills, including without limitation the duty to comply with applicable environmental laws and regulations and otherwise to ensure that the Landfills were operated in a manner that does not jeopardize their health, immovable property, environment, and quality of life.

XXXVI.

Each of the Defendants breached such duties of care to the Petitioners by, among other things:

a. Failing to properly design, operate and maintain the J.P. Landfill, thus allowing noxious and harmful odors and chemicals to be released from the J.P. Landfill and introduced in the atmosphere and surrounding neighborhoods;

b. Failing to take careful and prudent precautionary measures to ensure that these releases would not occur;

c. Failing to design, operate and maintain the J.P. Landfill in a manner that does not cause harm to others and, in particular, its neighbors;

d. Failing to comply with applicable regulations governing the design, operation and maintenance of the J.P. Landfill;

e. Being inattentive and careless in the overall design, operation and maintenance of the J.P. Landfill;

f. Failing to remediate and repair the failures in design, operation and maintenance of the J.P. Landfill as they became known to the Defendants;

g. Any and all other acts of negligence which may be revealed between now and the time of trial.

### XXXV.

The Defendants' failure to comply with their duties of care to the Petitioners were and are a cause in fact and a legal cause of Petitioners' injuries, and each of the Petitioners has suffered damages as a result thereof, including physical harm, diminution in property value and fear, anguish and mental pain and suffering as well as loss of use and enjoyment of their immovable property and diminution in the value of said property.

### XXXVII.

The Parish's ownership and operation of the J.P. Landfill has caused substantial damage to the value of Petitioners' respective interests in their immovable property.

### XXVIII.

The Parish knew, or in the exercise of reasonable care, should have known, that its failure to properly design, operate and maintain the J.P. Landfill would cause damage to Petitioners, and such damage could have been prevented by the exercise of reasonable care. The Parish, as owner of the J.P. Landfill, failed to exercise such reasonable care.

### XXXVIII.

In committing the acts and omissions described above, the Defendants have breached their contractual obligations, of which Petitioners are third party beneficiaries, arising under the contracts between the Parish and all other Defendants herein pertaining to the design, operation and maintenance of the J.P. Landfill.

### XXXIX.

In committing the foregoing acts and omissions, Defendants have violated, *inter alia*, Civil Code Articles 667, 669, 2315, 2316, and 2317.1, which has caused and continues to cause each of the Petitioners damages including nuisance damages; physical harm and mental fear, anguish, pain and suffering; and diminution in property value.

### XL.

Further, Petitioners' interest is their immovable property is a property right protected by the Louisiana Constitution.

17

XLI.

Petitioners' interest in their real property has been taken and damaged by the actions of Jefferson Parish as pled herein.

XLII.

Such taking and damage was for a public purpose – to wit, the operation of a public landfill for the purpose of handling and disposing of waste generated by the citizens of Jefferson Parish and others.

XLIII.

The Parish is liable to the Petitioners for damages caused by the Parish's unconstitutional taking of their immovable property without paying just compensation pursuant to Article I, Section 4(B) of the Louisiana Constitution.

XLIV.

The Parish's taking of Petitioners' property without just compensation constitutions a deprivation of their property without due process of law pursuant to Article I, Section 2 of the Louisiana Constitution.

XLV.

The Parish is liable to the Petitioners for all damages caused by the Parish's violation of Petitioners' due process rights.

XLVI.

**REQUEST FOR TRIAL BY JURY**

Petitioners request a jury trial to all claims triable by a jury.

XLVII.

**PRAYER FOR RELIEF**

**WHEREFORE,** Petitioners pray that:

a. Judgment be entered declaring each of the Defendants jointly, severally and *in solido* liable to each of the Petitioners for all damages (and awarding all such damages), including physical and bodily harm, loss of use and enjoyment of their homes, diminution in property value, lost wages, medical expenses and mental pain and suffering;

18

b. Judgment be entered against the Parish declaring it liable for inverse condemnation, and awarding to each of the Petitioners just compensation for the unconstitutional taking of their interests in real property and/or a deprivation of due process;

c. Judgment be entered against all Defendants for all additional damages as are just and reasonable under the circumstances, including but not limited to the cost of alternative housing and medical testing;

d. The Defendants be permanently enjoined and ordered to abate the nuisances and trespasses, and to take all reasonable and necessary measures to cease the harmful emissions from the J.P. Landfill.

e. The Defendants be required to provide medical monitoring for all Petitioners as appropriate;

f. Prejudgment and post-judgment interest on all damages be awarded;

g. Petitioners be awarded all costs for prosecution of this action including attorney's fees and costs;

h. Damages be awarded for all other injuries that may be proved at trial; and

i. This Court award such other and further relief as it may deem just and proper.

Respectfully submitted,

**FORREST CRESSY & JAMES, LLC**

Byron M. Forrest (La. Bar No. 35480)
Nicholas V. Cressy (La. Bar No. 35725)
S. Eliza James (La. Bar No. 35182)
One Canal Place
365 Canal Street, Suite 1475
New Orleans, Louisiana 70130
Tele: (504) 605.0777
Fax: (504) 322.3884
Email: eliza@fcjlaw.com

OF COUNSEL:
Barry S. Neuman
Erik Bolog
C. Allen Foster
Adrian Sneed
**WHITEFORD   TAYLOR   PRESTON, LLP**
1800 M Street, NW
Suite 450N

19

Washington, DC 20036
Tele: (202) 659.6800
(Applications for Admission *Pro Hac Vice*
Pending)

**SERVICE INSTRUCTIONS ON FOLLOWING PAGE.**

**PLEASE SERVE:**

**LOUISIANA REGIONAL LANDFILL COMPANY**
**Through its Agent for Service**
**Corporation Service Company**
**501 Louisiana Avenue**
**Baton Rouge, LA 70802**

**WASTE CONNECTIONS BAYOU, INC.**
**Through its Agent for Service**
**Corporation Service Company**
**501 Louisiana Ave.**
**Baton Rouge, LA 70802**

**WASTE CONNECTIONS US, INC.**
**Through its Agent for Service**
**Via long arm through its Agent**
**Corporation Service Company**
**251 Little Falls Drive**
**Wilmington, DE 19808**

**APTIM Corp.**
**Through its Agent for Service**
**CT Corporation System**
**3867 Plaza Tower Dr.**
**Baton Rouge, LA 70816**

**PARISH OF JEFFERSON**
**Through its Agent for Service**
**Michael J. Power**
**1221 Elmwood Park Blvd., Suite 701**
**Jefferson, LA 70123**

24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

NO. 790-369                                    DIVISION "J"

FREDERICK ADDISON, et al.,

VERSUS

LOUISIANA REGIONAL LANDFILL COMPANY, et al.

FILED:_____        _____
                                                        DEPUTY CLERK

## PLAINTIFFS' OPPOSITION TO MOTION OF DEFEDNANT JEFFERSON PARISH TO TEMPORARILY LIFT STAY AND TO CONSOLIDATE

This Memorandum in Opposition is submitted on behalf of the Plaintiffs, Frederick Addison, *et al.,* in response to the motion filed by the Defendant, Jefferson Parish (the "Parish"), to consolidate this case with five subsequently filed lawsuits[1] for purposes of trial, and to temporarily lift the stay in this matter "for the limited purpose of ruling" on its motion for consolidation.

## I.    LAW AND ARGUMENT

The Parish asserts that consolidation is mandated by Uniform Rules for District Courts, rule 9.4, because the subsequent lawsuits "include many of the same Plaintiffs in several of the cases." Motion, at 1. Alternatively, the Parish asserts that consolidation is appropriate pursuant to Louisiana Code of Civil Procedure article 1561 in the interest of judicial efficiency and justice, because "all six (6) of these lawsuits assert identical claims relating to Plaintiffs' alleged damages from the operation of the Jefferson Parish Landfill." Motion, ¶¶ XII and XIII.

As a matter of fact, and contrary to the Parish's assertion, all six lawsuits do not assert "identical claims." For example, a total of more than fifty plaintiffs identified in the *Anderson* and *Brunet* lawsuits specifically allege that they suffer from respiratory diseases as a result of the harmful emissions emanating from the Landfill – including asthma, COPD, and chronic bronchitis. *See Anderson* Petition, ¶ XXVI; *Brunet* Petition, ¶ XXVII. These diseases are not alleged to have

---

[1] *Anderson, et al. v. Louisiana Regional Landfill Co., et al.,* Dkt. No. 792-502 (Division "O"); *Brunet, et al. v. Louisiana Regional Landfill Co., et al.,* Dkt. No. 793-088 (Division "O"); *Winningkof, et al. v. Louisiana Regional Landfill Co., et al.,* Dkt. No. 793-784 (Division "M"); *Calligan, et al. v. Louisiana Regional Landfill Co., et al.,* Dkt. No. 793-908 (Division "L"); and *Griffin, et al. v. Louisiana Regional Landfill Co., et al.,* Dkt No. 794-011,(Division "A").

1



**EXHIBIT**

tabbies®

E

been suffered by plaintiffs in the other lawsuits.  Thus, consolidation is not warranted as a matter of judicial efficiency or justice pursuant to article 1561.

Plaintiffs do acknowledge, however, that the Petitions in each of the succeeding five lawsuits mistakenly named as a plaintiff at least one individual who also was named as a plaintiff either in this lawsuit or one of the other five lawsuits.  *See* Motion at 4.  Plaintiffs also acknowledge that this overlap, while unintentional, *could* justify consolidation pursuant to Uniform Rule 9.4 – but for the fact that the Court previously stayed this case.

Although the Parish has moved to "temporarily" lift the stay "for the limited purpose" of permitting consolidation, Plaintiffs contend that lifting the stay temporarily for this limited purpose would be *contrary* to the interests of justice.  As noted, dozens of plaintiffs named in the subsequent lawsuits allege serious, sustained and ongoing medical injuries as a result of the continuing emissions emanating from the Landfill.  To prohibit them from pursuing their claims until the U.S. District Court for the Eastern District of Louisiana has ruled on class certification issues in other litigation to which they are not even parties would be manifestly prejudicial and unfair.  Since this Court stayed this case in January 2019, plaintiffs in the putative federal class action lawsuits have redefined their proposed class so as to exclude personal injuries entirely – and instead to limit the proposed class to people who have suffered injury to property.  *See* Plaintiffs' Motion to Permanently Lift Stay herein filed on April 23, 2019.   In contrast, the petition in this action and the five subsequently filed lawsuits that the Parish seeks to consolidate all allege some form of personal harm (whether respiratory disease or otherwise) in addition to property injury.  Indeed, many of the Plaintiffs in the lawsuit that are the subject of this consolidation motion are not even alleged to own any real property.  Accordingly, it is now plain that the proposed class definition in the federal litigation – even if certified by the federal court – will not dispose of all claims raised by plaintiffs in the six cases now before this Court, and the previously imposed stay should be permanently, not temporarily, lifted.

## II.   CONCLUSION

For all the foregoing reasons, and those set forth in Plaintiffs' Motion to Permanently Lift Stay, the Plaintiffs do not oppose the Parish's motion for consolidation, on the condition that the stay previously entered in this case is *permanently* lifted.

Respectfully submitted,

2

FORREST CRESSEY & JAMES, LLC

*/s/ S. Eliza James*

Byron M. Forrest (La. Bar No. 35480)
Nicholas V. Cressy (La. Bar No. 35725)
S. Eliza James (La. Bar No. 35182)
One Canal Place
365 Canal Street, Suite 1475
New Orleans, Louisiana 70130
Tele:(504) 605.0777
Fax: (504) 322.3884
Email: eliza@fcjlaw.com


*/s/ Barry S. Neuman*

Barry S. Neuman (Admitted *Pro Hac Vice*)
Adrian Snead (Admitted *Pro Hac Vice*)
**WHITEFORD   TAYLOR   PRESTON,**
**LLP**
1800 M Street, NW
Suite 450N
Washington, DC 20036
Tele: (202) 659.6800


**OF COUNSEL:**
C. Allen Foster
Erik Bolog
**WHITEFORD   TAYLOR   PRESTON,**
**LLP**
1800 M Street, NW
Suite 450N
Washington, DC 20036
Tele: (202) 659.6800


## CERTIFICATE OF SERVICE

I S. Eliza James, hereby certify that the foregoing Motion was served on all parties of record via email and Federal Express this 1 day of May, 2019.

*/s/ S. Eliza James*

JEFFERSON PARISH
Through its attorneys of record:
William P. Connick
Michael S. Futrell
Matthew D. Moghis
Connick and Connick, LLC
3421 N. Causeway Blvd.
Suite 408
Metairie, Louisiana 70002
Fax: 504- 838-9901

WASTE CONNECTIONS, U.S.

Through its attorneys of record:
David R. Taggart
Michael C. Mimms
Bradley Murchison
Kelly & Shae, LLC
1100 Poydras Street
Suite 2700
New Orleans, Louisiana 70163
Fax: 504- 596-6301

James B. Slaughter
Beveridge & Diamond, P.C.
1350 I Street, N.W.
Suite 700
Washington, DC 20005
Fax: 202-789-6000

Michael D. Murphy
Megan R. Brillault
John H. Paul
477 Madison Avenue
15th Floor
New York, NY 10022

APTIM CORP.
Through its Agent for Service
CT Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

LOUISIANA REGIONAL LANDFILL COMPANY
Through its Agent for Service
Corporation Service Company
501 Louisiana Avenue
Baton Rouge, LA 70802

WASTE CONNECTIONS BAYOU, INC.
Through its Agent for Service
Corporation Service Company
501 Louisiana Ave.
Baton Rouge, LA 70802

**Matthew Moghis**

| | |
|---|---|
| **From:** | Neuman, Barry S. <BNeuman@wtplaw.com> |
| **Sent:** | Tuesday, May 28, 2019 3:43 PM |
| **To:** | Matthew Moghis |
| **Cc:** | S. Eliza (eliza@fcjlaw.com) |
| **Subject:** | RE: Consolidation of Paul Case (Addison) |

We do not consent.

*Barry S. Neuman*
Whiteford, Taylor & Preston LLP
1800 M Street NW
Suite 450N
Washington, DC 20036
Tele:  202.659.6761
Fax:  202.327.6151

**From:** Matthew Moghis <moghis@connicklaw.com>
**Sent:** Tuesday, May 28, 2019 3:31 PM
**To:** Neuman, Barry S. <BNeuman@wtplaw.com>; Eliza James <eliza@fcjlaw.com>
**Subject:** [EXTERNAL] RE: Consolidation of Paul Case (Addison)

Do you all agree to an extension of time for responsive pleadings in Paul while we moved to consolidate (consistent with the other cases)? We propose an extension through the Court's ruling on the anticipated Motion to Consolidate.

Please advise.

**From:** Neuman, Barry S. <BNeuman@wtplaw.com>
**Sent:** Tuesday, May 28, 2019 11:53 AM
**To:** Matthew Moghis <moghis@connicklaw.com>; Eliza James <eliza@fcjlaw.com>
**Subject:** RE: Consolidation of Paul Case (Addison)

Glad to accommodate.

*Barry S. Neuman*
Whiteford, Taylor & Preston LLP
1800 M Street NW
Suite 450N
Washington, DC 20036
Tele:  202.659.6761
Fax:  202.327.6151

**From:** Matthew Moghis <moghis@connicklaw.com>
**Sent:** Tuesday, May 28, 2019 12:52 PM
**To:** Neuman, Barry S. <BNeuman@wtplaw.com>; Eliza James <eliza@fcjlaw.com>
**Subject:** [EXTERNAL] RE: Consolidation of Paul Case (Addison)

That's an interesting position. Appreciate the response.

1

**EXHIBIT**

**F**

**From:** Neuman, Barry S. <BNeuman@wtplaw.com>
**Sent:** Tuesday, May 28, 2019 11:51 AM
**To:** Matthew Moghis <moghis@connicklaw.com>; Eliza James <eliza@fcjlaw.com>
**Subject:** RE: Consolidation of Paul Case (Addison)

It is neither required nor justified.

*Barry S. Neuman*
Whiteford, Taylor & Preston LLP
1800 M Street NW
Suite 450N
Washington, DC 20036
Tele:  202.659.6761
Fax:  202.327.6151

**From:** Matthew Moghis <moghis@connicklaw.com>
**Sent:** Tuesday, May 28, 2019 12:36 PM
**To:** Neuman, Barry S. <BNeuman@wtplaw.com>; Eliza James <eliza@fcjlaw.com>
**Subject:** [EXTERNAL] RE: Consolidation of Paul Case (Addison)

May I ask on what basis?

**From:** Neuman, Barry S. <BNeuman@wtplaw.com>
**Sent:** Tuesday, May 28, 2019 11:35 AM
**To:** Matthew Moghis <moghis@connicklaw.com>; Eliza James <eliza@fcjlaw.com>
**Subject:** RE: Consolidation of Paul Case (Addison)

Matt – Plaintiffs do not consent to, and will oppose, transfer and consolidation of the *Paul* lawsuit.

Thank you for your inquiry.

Best regards,

Barry.

*Barry S. Neuman*
Whiteford, Taylor & Preston LLP
1800 M Street NW
Suite 450N
Washington, DC 20036
Tele:  202.659.6761
Fax:  202.327.6151

**From:** Matthew Moghis <moghis@connicklaw.com>
**Sent:** Tuesday, May 28, 2019 12:14 PM
**To:** Neuman, Barry S. <BNeuman@wtplaw.com>; Eliza James <eliza@fcjlaw.com>
**Subject:** [EXTERNAL] Consolidation of Paul Case (Addison)

Barry and Eliza,

2

I tried to call you both this morning, but was unable to reach either of you. On the new *Paul* lawsuit, do you all consent to consolidation with the others in *Addison*/Division "J"? If so, we can prepare an Unopposed Motion to Consolidate to file with Judge Grefer, and then a Motion to Transfer once that Order is signed by Judge Grefer. Please let us know.

Additionally, while we are waiting for all of the transfers and consolidation to be completed, will you all agree to the ruling in *Addison* regarding the extension of time until further instructions by the Court being applicable to *Paul*?

Please let us know your response.

Thank you,

MATTHEW D. MOGHIS
CONNICK AND CONNICK, L.L.C.
3421 N. Causeway Blvd., Suite 408
Metairie, Louisiana  70002
Telephone:   (504) 681-6658
Facsimile:   (504) 838-9903
E-mail:       moghis@connicklaw.com
Website:     www.connicklaw.com [connicklaw.com]

This e-mail transmission and any attachments it may contain is confidential information belonging to the sender which is protected by the attorney-client privilege. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this information is strictly prohibited.  If you have received this e-mail in error, please immediately notify us by telephone.

This transmission contains information from the law firm of Whiteford, Taylor & Preston LLP which may be confidential and/or privileged. The information is intended to be for the exclusive use of the planned recipient. If you are not the intended recipient, be advised that any disclosure, copying, distribution or other use of this information is strictly prohibited. If you have received this transmission in error, please notify the sender immediately.