UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FREDERICK E. ADDISON, SR., ET AL., <br>     Plaintiffs | CIVIL DOCKET |
| VERSUS | NO. 19-11133 |
| LOUISIANA REGIONAL LANDFILL COMPANY, ET AL. <br>     Defendants | SECTION: "E" (5) |

## ORDER AND REASONS

Before the Court is a motion to remand, filed by Plaintiffs Frederick Addison, Sr., *et al.*[1] The motion is opposed.[2] For the reasons that follow, the motion is **DENIED**.

## BACKGROUND

Seven consolidated actions were removed to this Court from the Twenty-Fourth Judicial District Court for the Parish of Jefferson ("the State Trial Court").[3] The state court actions name as Defendants Jefferson Parish, Aptim Corp., and the following four affiliated entities: Louisiana Regional Landfill Company (formerly known as, and named in the caption as, IESI LA Landfill Corporation); Waste Connections Bayou, Inc. (formerly known as, and named in the caption as, Progressive Waste Solutions of LA, Inc.); Waste Connections US, Inc.; (collectively, "Waste Connections Defendants").[4] Plaintiffs in each state court action list their addresses and allege they own or reside at property near the Jefferson Parish Landfill in Waggaman, Louisiana ("the Landfill").[5] Plaintiffs allege the Landfill emitted harmful and toxic odors and chemicals and caused them physical harm,

---
[1] R. Doc. 18.
[2] R. Doc. 33.
[3] R. Doc. 1.
[4] R. Doc. 33-4. The actions also name as Defendants the unidentified insurance carriers for the four Waste Connections Defendants. *Id.*
[5] *Id.*

1

diminution in property value, inconvenience, loss of enjoyment of property, and pain and suffering.[6]

The first action, *Addison et al. v. La. Regional Landfill Co., et al.*, was filed in the State Trial Court on December 13, 2018.[7] Between February and May 2019, five additional actions involving different plaintiffs but largely identical factual allegations were filed in the State Trial Court.[8] In all six cases, the same counsel enrolled for plaintiffs and the same defendants are named. On April 11, 2019, Defendant Jefferson Parish moved to consolidate the six actions in the State Trial Court.[9] On May 9, 2019, counsel for Plaintiffs in the six cases consented to consolidation.[10] On May 22, 2019, the State Trial Court entered an order consolidating the actions.[11]

On May 20, 2019, a seventh action, *Paul v. La. Regional Landfill Co.*, was filed in the State Trial Court by different plaintiffs. The same counsel enrolled for the plaintiffs, the same defendants were named, and the factual allegations are nearly identical.[12] On May 28, 2019, Defendant Jefferson Parish moved to consolidate the seventh action with the consolidated *Addison* action.[13] Plaintiffs consented.[14]

On June 10, 2019, the Waste Connections Defendants removed the consolidated actions to this Court.[15] They invoke this Court's jurisdiction under the mass action provisions of the Class Action Fairness Act ("CAFA"), codified at 28 U.S.C. § 1332(d)(11).

---

[6] *Id.*
[7] *Id.* at 1.
[8] *Id.*
[9] R. Doc. 33-5.
[10] R. Doc. 1-8 at 311.
[11] R. Doc. 33-8.
[12] R. Doc. 33-4 at 130–49.
[13] R. Doc. 33-10.
[14] R. Doc. 33-11 at 4.
[15] R. Doc. 1.

On June 17, 2019, Plaintiffs filed the instant motion to remand.[16] On July 1, 2019, Defendants filed a joint opposition.[17] Plaintiffs filed a reply.[18] On July 29, 2019, the Court heard oral argument on the motion.[19]

## STANDARD OF LAW

Generally, a defendant may remove a civil action from state court to federal court if the federal court would have had original jurisdiction over the action.[20] Generally, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper."[21] When a party objects to the Court's jurisdiction under CAFA, that party "must prove that the CAFA exceptions to federal jurisdiction divest[] the district court of subject matter jurisdiction."[22] To determine whether the Court has jurisdiction, the Court considers the claims in the state court petition as they existed at the time of removal.[23] Remand is proper if at any time before final judgment it appears the Court lacks subject-matter jurisdiction.[24]

## ANALYSIS

In their Notice of Removal, Waste Connections Defendants invoke this Court's jurisdiction under CAFA's "mass action" provision. CAFA vests federal district courts with

---

[16] R. Doc. 18.
[17] R. Doc. 33.
[18] R. Doc. 43.
[19] R. Doc. 46.
[20] *See* 28 U.S.C. § 1441(a).
[21] *See Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).
[22] *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011); *see also Rainbow Gun Club, Inc. v. Denbury Onshore, L.L.C.*, 760 F.3d 405, 409 n.3 (5th Cir. 2014).
[23] *Hollinger*, 654 F.3d at 571.
[24] *See* 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal. . . . If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

3

original jurisdiction over certain class actions.[25] CAFA also contains the following provisions providing for jurisdiction over mass actions:

> (A) For purposes of this subsection and section 1453, a mass action shall be deemed to be a class action removable under paragraphs (2) through (10) if it otherwise meets the provisions of those paragraphs.
> (B)(i) As used in subparagraph (A), the term "mass action" means any civil action (except a civil action within the scope of section 1711(2)) in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact, except that jurisdiction shall exist only over those plaintiffs whose claims in a mass action satisfy the jurisdictional amount requirements under subsection (a).
> (ii) As used in subparagraph (A), the term "mass action" shall not include any civil action in which--
> > (I) all of the claims in the action arise from an event or occurrence in the State in which the action was filed, and that allegedly resulted in injuries in that State or in States contiguous to that State;
> > (II) the claims are joined upon motion of a defendant;
> > (III) all of the claims in the action are asserted on behalf of the general public (and not on behalf of individual claimants or members of a purported class) pursuant to a State statute specifically authorizing such action; or
> > (IV) the claims have been consolidated or coordinated solely for pretrial proceedings.[26]

"According to CAFA's plain text, a 'mass action' must involve monetary claims brought by 100 or more persons who propose to try those claims jointly as named plaintiffs."[27] The legislative history accompanying CAFA states, "it is the Committee's intent that the exceptions to this provision be interpreted strictly by federal courts."[28]

---

[25] 28 U.S.C. 1332(d).
[26] 28 U.S.C. § 1332(d)(11).
[27] *See Mississippi ex rel. Hood v. AU Optronics Corp.*, 571 U.S. 161, 164 (2014).
[28] S. REP. No. 109-14, at 47 (2005).

4

Plaintiffs argue this Court does not have jurisdiction over the instant matter because the actions were "joined upon motion of a defendant," and they fall into the single event exception. The Court first addresses whether this action qualifies as a mass action under CAFA's general mass action provisions. The Court then turns to the applicability of the exception for actions "joined upon motion of a defendant" and the single event exception.

I.  **General Mass Action Provisions**

In order for the Court to exercise jurisdiction over this action under CAFA's mass action provision, the action must meet the requirements of 28 U.S.C. § 1332(d)(2)–(10).[29] This means it must: "(1) satisfy CAFA's minimal diversity requirement (i.e., at least one plaintiff and one defendant must be citizens of different states); (2) have an amount in controversy exceeding $5,000,000; and (3) involve claims of monetary relief of at least 100 persons that involve common questions of law or fact,"[30] and (4) "at least one plaintiff must satisfy the individual amount in controversy requirement" of $75,000.[31] Removing Defendants bear the burden of showing these requirements are satisfied.[32]

In this case, all Plaintiffs are Louisiana domiciliaries.[33] Defendant Waste Connections US, Inc., is a Delaware corporation with its principal place of business in Texas.[34] As a result, CAFA's minimal diversity requirement is satisfied.

---

[29] 28 U.S.C. § 1332(d)(11)(A) ("For purposes of this subsection and section 1453, a mass action shall be deemed to be a class action removable under paragraphs (2) through (10) if it otherwise meets the provisions of those paragraphs.").
[30] *Greco v. Jones*, 992 F. Supp. 2d 693, 695 (N.D. Tex. 2014).
[31] *Hood ex rel. Mississippi v. JP Morgan Chase & Co.*, 737 F.3d 78, 86 (5th Cir. 2013).
[32] *See id.* ("CAFA does not change the traditional rule that the party seeking to remove the case to federal court bears the burden of establishing federal jurisdiction.") (quoting *Joseph v. Unitrin, Inc.*, No. 1:08–CV–077, 2008 WL 3822938, at *4 (E.D.Tex. Aug. 12, 2008); citing *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 797 (5th Cir. 2007)).
[33] R. Doc. 1-5 at 4–9.
[34] R. Doc. 1 at 7, ¶ 15.

With respect to the aggregate amount-in-controversy requirement, the actions consolidated in state court were filed by over 600 Plaintiffs seeking various damages. These damages include loss of use and enjoyment of their property, diminution in property value, and physical and mental injury.[35] The Court finds it is facially apparent that the aggregate amount in controversy exceeds $5,000,000.

With respect to the requirement that there be at least 100 plaintiffs, none of the individual actions filed in state court involves 100 or more plaintiffs. The Court may exercise jurisdiction over this matter only if it may consider the aggregate number of plaintiffs across several of the consolidated actions. The State Trial Court consolidated these claims pursuant to article 1561 of the Louisiana Code of Civil Procedure.[36] The Fifth Circuit has held that, when cases are consolidated under article 1561, they are "proposed to be tried jointly" for purposes of CAFA's mass action provision.[37] As a result, the Court finds that, for purposes of CAFA's general mass action provisions, this action involves at least 100 plaintiffs.

With respect to the requirement that at least one Plaintiff's claims exceed $75,000 in value, Waste Connections Defendants allege in their Notice of Removal that more than fifty Plaintiffs are seeking to recover for "very serious physical injuries . . . including asthma, COPD, and other respiratory ailments." Waste Connection Defendants also allege that, in addition, all Plaintiffs are seeking to recover "the cost of alternative housing and diminution in property value."[38] At the motion hearing, Plaintiffs' counsel confirmed there are "many plaintiffs here who will . . . allege damages in excess of $75,000."[39] The

---

[35] R. Doc. 1-5.
[36] R. Doc. 1-8 at 526.
[37] *Lester v. Exxon Mobil Corp.*, 879 F.3d 582, 587 (5th Cir. 2018).
[38] R. Doc. 1 at 10, ¶ 26.
[39] R. Doc. 47 at 12:23–24.

6

Court finds it is facially apparent that at least one Plaintiff has claims exceeding $75,000 in value. As a result, the Court finds this action satisfies the requirements of CAFA's general mass action provisions.

## II. "Joined Upon Motion of a Defendant" Exception

Plaintiffs argue the instant action is not a mass action because claims in the State Trial Court were "joined upon motion of a defendant," and fall within the exception to CAFA jurisdiction in § 1332(d)(11)(B)(ii)(II).[40] Defendants counter that Plaintiffs have not met their burden of showing the claims were joined upon motion of a defendant because Plaintiffs consented to consolidation twice.[41]

Section 1332(d)(11)(B)(ii)(II) provides that an action does not qualify as a mass action if "the claims are joined upon motion of a defendant."[42] The Fifth Circuit has explained that "plaintiffs have the ability to avoid § 1332(d)(11)(B)(i) jurisdiction by filing separate complaints naming less than 100 plaintiffs and by not moving for or *otherwise proposing joint trial* in the state court."[43]

Because "Plaintiffs seek remand based on one of CAFA's multiple exceptions to federal jurisdiction, the burden is on the Plaintiffs to establish by a preponderance of the evidence that such an exception applies."[44] CAFA's statutory structure frames 28 U.S.C. § 1332(d)(11)(B)(ii)(II), the provision on actions in which claims are "joined upon motion of a defendant," as an exception to the general mass actions provision in

---

[40] R. Doc. 18-1 at 7–9.
[41] R. Doc. 33 at 18–23.
[42] 28 U.S.C. § 1332(d)(11)(B)(ii)(II).
[43] *Eagle U.S. 2, L.L.C. v. Abraham*, 627 F. App'x 351, 353 (5th Cir. 2015) (unpublished) (quoting *Parson v. Johnson & Johnson*, 749 F.3d 879, 886–87 (10th Cir.2014)) (emphasis added).
[44] *Hamilton v. Burlington N. Santa Fe Ry. Co.*, No. A-08-CA-129-SS, 2008 WL 8148619, at *3 (W.D. Tex. Aug. 8, 2008) (citing *Frazier v. Pioneer Ams. LLC,* 455 F.3d 542, 546 (5th Cir. 2006)); *see also Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 797 (5th Cir. 2007) ("[T]he parties moving to remand the class action to state court must prove that the CAFA exceptions to federal jurisdiction divest the district court of subject matter jurisdiction.").

§ 1332(d)(11)(B)(i). As a result, this Court holds that, because the Removing Defendants have met their burden of establishing this case involves claims of "100 or more persons [that] are proposed to be tried jointly," Plaintiffs bear the burden of showing the claims were joined upon motion of a defendant.

The Fifth Circuit has not directly addressed the issue of whether, when a plaintiff consents to consolidation originally proposed by a defendant, the claims are no longer considered to be joined upon motion of a defendant. Neither has the Court found an opinion of another circuit on point. However, the Court finds instructive the opinions of several circuit courts and the legislative history of CAFA.

In *Scimone v. Carnival Corp.*, the Eleventh Circuit explained that the plaintiffs, "as the masters of the complaint, could choose . . . a state forum rather than a federal one so long as they were willing to undergo the inconvenience of two separate trials."[45] In this case, by consenting to consolidation, Plaintiffs demonstrated they are not willing to undergo the inconvenience of seven separate trials.

In *In re Abbott Labs., Inc.*, the Seventh Circuit said that the plaintiffs may not have "explicitly asked that their claims be tried jointly," but "the language in their motion comes very close."[46] The plaintiffs requested consolidation of their cases "through trial" and "not solely for pretrial proceedings."[47] The Seventh Circuit found "it is difficult to see how a trial court could consolidate the cases as requested by plaintiffs and not hold a joint trial or an exemplar trial with the legal issues applied to the remaining cases."[48] As a result, the Seventh Circuit found the plaintiffs' conduct *amounted* to a proposal for a joint trial

---

[45] 720 F.3d 876, 882 (11th Cir. 2013).
[46] 698 F.3d 568, 573 (7th Cir. 2012).
[47] *Id.*
[48] *Id.*

in state court and affirmed the denial of the motion to remand. Similarly, in this case, the consolidation to which Plaintiffs consented necessarily would have resulted in a joint trial.

In *Briggs v. Merck Sharp & Dohme*, the Ninth Circuit stated, "A proposal for purposes of CAFA's mass action jurisdiction, even an implicit proposal, is a voluntary and affirmative act and an intentional act."[49] The Ninth Circuit further clarified that "[a] plaintiff's proposal need not take the form of a formal motion for a joint trial."[50] In this case, Plaintiffs' consent to consolidation did not take the form of a formal motion, but it was voluntary, affirmative, and expressed Plaintiffs' intent to try the cases jointly and their unwillingness to undergo the inconvenience of seven separate trials.[51]

The Court is mindful of Congress' admonition that the exceptions to the mass actions provision "be interpreted strictly by federal courts."[52] In this context, this means the Court should exercise its jurisdiction unless it is clear an exception applies. Plaintiffs consented to consolidation in connection with the original six actions consolidated in the State Trial Court and, again, in connection with *Paul*.[53] The Court finds Plaintiffs effectively proposed a joint trial. Plaintiffs have not met their burden of showing this action is one in which "the claims are joined upon motion of a defendant." As a result, this exception to CAFA's mass action provisions does not apply.[54]

---

[49] 796 F.3d 1038, 1048 (9th Cir. 2015) (citations and internal quotation marks omitted).
[50] *Id.* (citing *Tanoh v. Dow Chem. Co.*, 561 F.3d 945, 954 (9th Cir. 2009)).
[51] Because Plaintiffs consented to consolidation, the Court cannot ascertain whether the State Trial Court would have consolidated the cases solely upon motion of Defendants.
[52] S. REP. No. 109-14, at 47 (2005).
[53] R. Doc. 1-8 at 311; R. Doc. 33-11 at 4.
[54] This result is consistent with the "judicially-created 'voluntary-involuntary' rule whereby 'an action nonremovable when commenced may become removable thereafter only by the voluntary act of the plaintiff.'" *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006) (quoting *Weems v. Louis Dreyfus Corp.,* 380 F.2d 545, 547 (5th Cir.1967)). By consenting to consolidation, Plaintiffs voluntarily acted in a way that made the action removable.

### III. Single Event Exception

The single event exception precludes the Court from exercising jurisdiction over cases in which "all of the claims in the action arise from an event or occurrence in the State in which the action was filed, and that allegedly resulted in injuries in that State or in States contiguous to that State."[55] The single event or occurrence "may also be constituted by a pattern of conduct in which the pattern is consistent in leading to a single focused event that culminates in the basis of the asserted liability."[56] In such a case, there must be "circumstances that share some commonality."[57] Plaintiffs bear the burden of proving the applicability of this exception.[58]

In this case, Plaintiffs allege a variety of failures by Defendants in connection with the Landfill. They assert Defendants (1) failed to "properly design, operate, and maintain the J.P. Landfill," (2) failed to "take careful and prudent precautionary measures to ensure that these releases [of harmful odors and chemicals] would not occur," (3) failed to "comply with applicable regulations governing the design, operation, and maintenance of the J.P. Landfill," (4) were "inattentive and careless in the overall design, operation and maintenance of the J.P. Landfill," and (5) failed to "remediate and repair the failures in design, operation and maintenance of the J.P. Landfill."[59] The Plaintiffs also allege that

---

[55] 28 U.S.C. § 1332(d)(11)(B)(ii)(I).
[56] *Rainbow Gun Club*, 760 F.3d at 412.
[57] *Id.* at 411 (quoting *Abraham v. St. Croix Renaissance Grp., L.L.L.P*, 719 F.3d 270, 277 (3d Cir. 2013)).
[58] *See Greco*, 992 F. Supp. 2d at 701 (N.D. Tex. 2014) ("Plaintiffs bear the burden of proving the applicability of [the 'event or occurrence'] exception."); *Hamilton*, 2008 WL 8148619, at *8 ("Because the 'local occurrence rule' is an exception to CAFA's mass action jurisdictional provisions, Plaintiffs have the burden of proof on the issue.").

Plaintiffs cite *JP Morgan*, 737 F.3d at 84, for the proposition that the burden for establishing jurisdiction "remains squarely on the defendants." R. Doc. 18-1 at 6. That case involved the burden of establishing the jurisdictional requirements of § 1332(a), which falls on the removal party. *JP Morgan*, 737 F.3d at 85 n.3. The court acknowledged that the burden of proving an exception to CAFA jurisdiction falls on plaintiffs. *Id.*
[59] R. Doc. 1-5 at 18, ¶ XXXVI.

Jefferson Parish has failed to "provide daily cover" at the Landfill[60] and that the gas collection system is not operating properly.[61] Plaintiffs' allegations relate to the design, operation, and maintenance of the Landfill; the gas collection system; the leachate collection system; and the "daily cover" laid on top of a day's deposition of waste.[62] Plaintiffs do not point to a single focused event that culminates in the basis of Defendants' liability. Defendants' alleged actions are not "circumstances that share some commonality."[63] As a result, Plaintiffs have not met their burden of establishing that the single local event exception applies.

The Court's conclusion is consistent with CAFA's legislative history, which provides:

> The [single event] exception would apply only to a truly local single event with no substantial interstate effects. The purpose of this exception was to allow cases involving environmental torts such as a chemical spill to remain in state court if both the event and the injuries were truly local, even though there are some out-of-state defendants. By contrast, this exception would not apply to a product liability or insurance case.[64]

Although this case involves an environmental tort, the Court finds the emission of odors and chemicals from various sources, caused by various failures on the parts of various Defendants, at different times over a period of years, does not constitute a single focused event such as occurs in a chemical spill. As a result, a finding that the Plaintiffs do not allege a single event is consistent with Congressional intent.

---

[60] *Id.* at 14, ¶ XIV.
[61] *Id.* at 15, ¶ XVIII.
[62] Defendants point out that, in Plaintiffs' Reply Memorandum in Support of Their Request for Expedited Discovery, Plaintiffs assert there are various sources of odors and emissions from the Landfill, including the Landfill surface generally, pipes and other gas collection components, and the gas flare that is operated intermittently at the Landfill to burn off excess gas. R. Doc. 33-13 at 6.
[63] *Rainbow Gun Club*, 760 F.3d at 411.
[64] S. REP. No. 109-14, at 47 (2005).

## IV. Amount-in-Controversy

The Court has found this action satisfies the requirements of CAFA's mass action provisions and does not fall within one of the exceptions to the Court's jurisdiction over mass actions. The Court turns to the requirement that it has jurisdiction "only over those plaintiffs whose claims in a mass action satisfy the jurisdictional amount requirements under subsection (a),"[65] meaning the $75,000 amount-in-controversy requirement. "Plaintiffs have the burden of identifying individual claims that must be remanded because they fall below the $75,000."[66]

Plaintiffs have not identified by name any Plaintiff whose claims must be remanded because they fall below the $75,000 threshold. At the motion hearing, Plaintiffs' counsel represented there may be some Plaintiffs who would fall below the threshold. As a result, the Court will require Plaintiffs to identify those claims that must remanded.

## CONCLUSION

**IT IS ORDERED** that the motion to remand, filed by Plaintiffs Frederick Addison, Sr., *et al.* be and hereby is **DENIED**.[67]

**IT IS FURTHER ORDERED** that Plaintiffs have until **Friday, September 6, 2019 at 5:00 p.m.** to produce (1) a spreadsheet providing information about all

---

[65] 28 U.S.C. § 1332(d)(11)(B)(i); *see AU Optronics*, 571 U.S. at 166 ("[F]ederal jurisdiction in a mass action, unlike a class action, shall exist only over those plaintiffs whose claims individually satisfy the $75,000 amount in controversy requirement.") (internal quotation marks omitted).
[66] *Greco*, 992 F. Supp. 2d at 697; *see also Hamilton*, 2008 WL 8148619, at *8 ("Plaintiffs have the burden of identifying individual claims that must be remanded because they fall below the $75,000 threshold.");
[67] R. Doc. 18.

Plaintiffs' damages and (2) summary judgment type evidence to support a finding that any individual plaintiff's claim does not exceed $75,000.[68] Plaintiffs must file:

- A spreadsheet listing each Plaintiff, the nature of his or her damages, his or her domiciliary address, and his or her interest in that immovable property, and

- For each Plaintiff whose claim does not exceed $75,000, a sworn affidavit describing the nature and amount of that plaintiff's damages.[69] Such a plaintiff's stipulation that the amount in controversy is not satisfied is binding only "if, within that stipulation, [he] expressly renounced his right to recover in excess of $75,000.00 in the event he was awarded above that amount in state court."[70] Each affidavit must be signed by the applicable Plaintiff,[71] and the Plaintiff must swear that its contents are true and correct under penalty of perjury.[72]

---

[68] *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (requiring a party to set forth summary judgment type evidence of facts in controversy to meet the preponderance of the evidence standard).

[69] *See Gebbia v. Wal–Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (allowing the consideration of post-removal affidavits to be considered in determining the amount in controversy at the time of removal). *See also Cummings v. Winn-Dixie Montgomery, LLC*, No. 15-195-SDD-RLB, 2015 WL 4772185 (M.D. La. Aug. 12, 2015); *Nelson v. Nationwide Mut. Ins. Co.*, 192 F. Supp. 2d 617, 619 (E.D. La. 2001) ("[I]f it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction.").

[7] *McGlynn v. Huston*, 693 F

[70] *McGlynn v. Huston*, 693 F. Supp. 2d 585, 593 (M.D. La. 2010). *See also Cummings*, 2015 WL 4772185, at *4; *Guidry v. Murphy Oil USA, Inc.*, No. 12-559-SDD-RLB, 2013 WL 4542433, at *7 (M.D. La. Aug. 27, 2013); *Printworks, Inc. v. Dorn Co., Inc.*, 869 F. Supp. 436, 440 (E.D. La. 1994) (stipulations which "fall short of stipulating that the claimant will not seek more than the jurisdictional amount" are not binding"). *See also Latiolais v. Union Pacific R. Co.*, No. 14-2582, 2014 WL 6455595, at *2 (W.D. La. Nov. 12, 2014); *Smith v. State Farm Mut. Auto. Ins. Co.*, No. 09-6522, 2010 WL 3070399, at *2 (E.D. La. Aug. 3, 2010) ("Ambiguity over the amount in controversy was created by the pre-removal petition's allegation that the claims do not exceed $75,000. As noted earlier, defendant successfully demonstrated facts showing that the claims would likely exceed that amount. Through binding affirmative post-removal affidavits attached to the second remand motion, plaintiffs have met their burden of clarifying with legal certainty that their claims at the date of filing in state court are for less than the diversity jurisdictional amount. Therefore, remand is warranted.").

[71] *See Mitchell v. State Farm Mut. Auto. Ins. Co.*, No. 16-721, 2016 WL 4368329, at *1–2 (E.D. La. Aug. 16, 2016).

[72] *See Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1305 (5th Cir. 1988).

**IT IS FURTHER ORDERED** that Defendants have until **Friday, September 20, 2019 at 5:00 p.m.** to file a response to any summary judgment type evidence submitted by Plaintiffs.

**New Orleans, Louisiana, this 9th day of August, 2019.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**