UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FREDERICK ADDISON, ET AL.,**<br>    **Plaintiffs** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-11133**<br>          **c/w 19-14512** |
| **LOUISIANA REGIONAL**<br>**LANDFILL COMPANY, ET AL.,**<br>    **Defendants** | **SECTION: "E"(5)** |

*Applies to: Both Cases*

## ORDER AND REASONS

Before the Court is Defendants' motion for summary judgment,[1] seeking summary judgment as to the claims of twenty-three Plaintiffs they contend lack evidence of injury based on Fact Sheet Responses. Plaintiffs oppose this motion.[2] Defendants filed a reply.[3]

In Defendants' motion for summary judgment, Defendants argue, based on the Plaintiffs' Fact Sheet responses, that twenty Plaintiffs did not experience injuries determined by this Court to result from exposure to Landfill odors or emissions in its November 29, 2022 Findings of Fact and Conclusions of Law on general causation.[4] Defendants further argue three Plaintiffs did not indicate on their Fact Sheet responses that they smelled Landfill odors, a prerequisite to experience injury according to the Court's Findings of Fact and Conclusions of Law.[5] In substance, Defendants argue Plaintiffs cannot demonstrate the requisite causation to sustain their negligence and

---

[1] R. Doc. 345.
[2] R. Doc. 360.
[3] R. Doc. 364.
[4] R. Doc. 345-2 at pp. 6-12.
[5] *Id.* at p. 12.

1

nuisance claims because the Landfill odors and emissions could not have caused Plaintiffs' alleged injuries. Put another way, Defendants argue a positive finding on causation as to these twenty-three Plaintiffs would be in direct contradiction to this Court's Findings of Fact and Conclusions of Law.

In opposition to Defendants' motion, Plaintiffs argue (1) the Fact Sheets are not competent summary judgment evidence and therefore Defendants have failed to carry their initial burden;[6] (2) the Fact Sheets did not elicit testimony as to all possible symptoms claimed by Plaintiffs, and the Plaintiffs at issue in this motion had additional injuries resulting from the Landfill odors;[7] and (3) three Plaintiffs inadvertently stated they did not smell the Landfill odors in their Fact Sheet responses, when they did actually smell the odors.[8]

In support of their arguments, Plaintiffs rely on declarations made by Plaintiffs clarifying the symptoms and odors they allegedly experienced as a result of the Landfill emissions.[9] Plaintiffs have the right to submit declarations in connection with their

---

[6] R. Doc. 360 at p. 20. Plaintiffs contend the Fact Sheet responses are not competent summary judgment evidence. The Court disagrees. In this Court's December 12, 2019 Order, the Court stated "Plaintiffs' responses to the Fact Sheets shall be treated as answers to interrogatories under Fed. R. Civ. P. 33 and shall be supplemented in accordance with Fed. R. Civ. P. 26." R. Doc. 85. "Interrogatory responses may constitute competent summary judgment evidence if they satisfy the other requirements of Rule 56." *Tesco Corp. v. Weatherford Intern., Inc.*, 904 F. Supp. 2d 622, 636 (S.D. Tex. 2012). In relevant part, Rule 56(a)(4) requires "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge." Fed. R. Civ. P. 56(c)(4). Regardless of a representation that a declaration is made "on information and belief" or "on personal knowledge," if the substance demonstrates that "the affiant has personal knowledge of the facts contained therein," the Rule 56 requirement has been met. *Wojciechowski v. Nat'l Oilwell Varco, L.P.*, 763 F. Supp. 2d 832, 846 (S.D. Tex. 2011). Plaintiffs who filled out the Fact Sheet responses themselves plainly did so "on personal knowledge." Plaintiffs' responses were directly related to their personal experiences with the odors emitted from the Landfill. There is no one more directly connected to Plaintiffs' personal experiences and symptoms than Plaintiffs themselves.
[7] R. Doc. 360 at p. 17.
[8] *Id.* at p. 25.
[9] *See* R. Doc. 358 and attachments. Defendants argue Plaintiffs are not able to assert quality of life damages at this stage because Plaintiffs did not state they were seeking quality of life damages in the First Amended and Supplemental Omnibus Complaint. Plaintiffs have, however, stated sufficient facts upon which the Court finds quality of life damages may be raised. Plaintiffs are not required to use specific language in their Complaint. *Miller v. Thibeaux*, 159 So. 3d 426, 432 (La. 2015) (discussing Louisiana's fact-pleading system).

opposition to Defendants' motion for summary judgment.[10] Even still, three Plaintiffs failed to demonstrate a genuine dispute of material fact exists as to causation. As to the remaining Plaintiffs, Plaintiffs' declarations raise genuine issues of material fact with respect to causation.

   I.   **Summary Judgment is Granted with Respect to Plaintiffs Marybeth Eaton, Nancy Johnson, and Ann Williams.**

Plaintiffs Marybeth Eaton, Nancy Johnson, and Ann Williams failed to demonstrate there are genuine issues of material fact with respect to causation. Defendants argue Plaintiff Marybeth Eaton's Fact Sheet responses indicate she is not pursuing claims for personal injury, lost wages, or physical damages to property, nor did she identify any injuries or symptoms.[11] While Plaintiff Marybeth Eaton did attach a declaration in support of her opposition, Plaintiff's declaration merely describes the odor, the time period in which she alleges she was exposed, and the location where she smelled the odor.[12] Plaintiff's declaration fails to disclose any symptoms she alleges she experienced such that she could avoid summary judgment. Accordingly, the Court finds Plaintiff Marybeth Eaton has not carried her burden of demonstrating a genuine dispute of material fact exists with respect to causation.

Likewise, Defendants contend Plaintiffs Nancy Johnson and Ann Williams are not able to demonstrate causation based on this Court's Findings of Fact and Conclusions of Law.[13] First, Plaintiff Nancy Johnson's Fact Sheet responses indicate she is not pursuing claims for personal injury, lost wages, or physical damage to property, nor did she identify

---

[10] *Gahagan v. U.S. Citizenship and Immigration Servs.*, 147 F. Supp. 3d 613, 621 (E.D. La. Dec. 2, 2015) (noting declarations in opposition to summary judgment are permissible, so long as they are made on personal knowledge, as required by Federal Rule of Civil Procedure 56(c)(4)).
[11] R. Doc. 345-2 at p. 7.
[12] *Id.*
[13] *Id.* at p. 8.

3

any symptoms of injuries.[14] Likewise, in her Fact Sheet responses, Plaintiff Ann Williams did not identify any claims for lost wages or physical damages to property, or any impacts on her home.[15] While Plaintiff Ann Williams stated she experienced "sinus, allergies, and nose bleeds," these are excluded physiological injuries based on this Court's Findings of Fact and Conclusions of Law.[16] Moreover, neither Plaintiff Nancy Johnson nor Ann Williams provided a declaration in opposition to the motion for summary judgment.[17] Plaintiffs Nancy Johnson and Ann Williams have failed to demonstrate a genuine issue of material fact exists with respect to causation.

Accordingly, Defendants' motion for summary judgment is granted with respect to Plaintiffs Marybeth Eaton, Nancy Johnson, and Ann Williams.

## II. Summary Judgment Is Denied with Respect to the Remaining Plaintiffs.

As to the remaining Plaintiffs, the Court finds Plaintiffs have raised genuine issues of material fact with respect to causation. By way of example, Defendants contend Plaintiff Thomas Eaton did not allege symptoms upon which he could recover.[18] However, his Fact Sheet response states "the smell makes life hard."[19] Construing Plaintiff's Fact Sheet response in the light most favorable to Plaintiff, there exists a genuine issue of material fact as to whether Plaintiff Thomas Eaton experienced impacts on his quality of life because of the Landfill odors. Defendants argue Plaintiff Alfreda Hardin solely stated she experienced "breathing problems, lung issues, stroke at 34, chronic respiratory failure, chronic bronchitis, hypertension, and chronic renal failure," all of which are

---

[14] *Id.* at p. 10.
[15] *Id.*
[16] *Id.*
[17] *See* R. Doc. 358.
[18] R. Doc. 345-2 at p. 7.
[19] R. Doc. 345-7 at p. 4.

4

excluded physiological injuries.[20] However, Plaintiff Alfreda Hardin's declaration states she also experienced anxiety and impacts on her quality of life.[21]

Similarly, Defendants contend Plaintiffs Deborah Fleming and Mia Fontana did not smell the Landfill odors, a prerequisite for experiencing symptoms.[22] Plaintiffs Deborah Fleming and Mia Fontana did not check the boxes on the Fact Sheet indicating when they smelled the odors during the relevant time period.[23] Plaintiffs' declarations explain that they inadvertently failed to check the required boxes, but that their other Fact Sheet responses demonstrate they did in fact smell the Landfill odors.[24] Indeed, Plaintiffs' other Fact Sheet responses contained contradictory information that could lead a reasonable jury to conclude they did smell the Landfill odors.[25] Accordingly, there is a genuine dispute of material fact as to whether Plaintiffs Deborah Fleming and Mia Fontana smelled the Landfill odors. The remaining Plaintiffs are similarly situated such that the Court finds Plaintiffs' Fact Sheet responses and declarations create a genuine dispute of material fact with respect to causation.

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is **GRANTED IN PART** and **DENIED IN PART**.[26]

Defendants' motion for summary judgment is granted as to Plaintiffs Marybeth Eaton, Nancy Johnson, and Ann Williams.

---

[20] R. Doc. 345-2 at p. 7.
[21] R. Doc. 360-8 at pp. 1-2.
[22] R. Doc. 345-2 at p. 12.
[23] *Id.*
[24] R. Doc. 360 at pp. 4, 24-25.
[25] *Id.* at pp. 24-25.
[26] R. Doc. 338.

5

Defendants' motion for summary judgment is denied as to Plaintiffs J.M., Thomas Eaton, K.G., Charles Robertson, Mary Summerall, Echelle Bates, O.B., P.C., Patty Crier, Randy Frickey, Rickey Frickey, J.T., Chance Palazzolo, G.R., C.G.1, C.G.2, Alfreda Hardin, Deborah Fleming, Mia Fontana, and Lorena Carter.

**New Orleans, Louisiana, this 12th day of April, 2023.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**