**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **FREDERICK ADDISON, ET AL.,** | * | |
| | * | |
| **PLAINTIFF,** | * | **CIVIL ACTION NO. 19-11133, c/w 19-14512** |
| **VERSUS** | * | |
| | * | **SECTION: "E" (5)** |
| **LOUISIANA REGIONAL LANDFILL COMPANY, ET AL.,** | * | **JUDGE MORGAN** |
| | * | |
| **DEFENDANTS.** | * | **MAGISTRATE JUDGE NORTH** |
| ***APPLIES TO: ALL CASES*** | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM IN SUPPORT OF**
**MOTION FOR LEAVE TO DEPOSE PLAINTIFFS A.G. AND B.G.**

All Defendants[1] jointly submit this memorandum in support of their motion for leave to conduct the depositions of Plaintiffs A.G. and B.G., both minors. On behalf of A.G. and B.G., Wendy and Scott Gremillion filed suit seeking to recover damages for injuries sustained by their minor children as a result of the alleged odors emanating from the Jefferson Parish Landfill (the "Landfill"). The *Addison* Plaintiffs expressly selected A.G. and B.G., from a pool of 544 plaintiffs, to have their cases tried in the first *Addison* trial.

According to Plaintiffs, they intend to ask the jury for *at least* $942,000 for the alleged injuries that are specific to A.G. and B.G.[2] Defendants must be allowed to present a defense as to these alleged injuries, which would include asking A.G. and B.G. whether they ever smelled the

---

[1] Defendants in this matter are Waste Connections US, Inc., Waste Connections Bayou, Inc., and Louisiana Regional Landfill Company (collectively, the "Waste Connections Defendants"), the Parish of Jefferson, and Aptim Corp.

[2] *See* Exhibit C, Plaintiffs' Supplemental Initial Disclosures (seeking $500 per plaintiff per day for 942 days, plus an additional $300 for each specific occurrence when H2S was present at 5 ppb or greater for an average of 30 minutes).

alleged odors, how often, and whether the odors affected them in any way. For these reasons, as set forth more fully below, Defendants respectfully pray for an order compelling the depositions of A.G. and B.G.

## **BACKGROUND**

A.G. and B.G. are named plaintiffs in this lawsuit. Their parents, Scott and Wendy Gremillion, filed this suit on their behalf against Defendants, alleging A.G. and B.G. were injured as a result of the alleged odors emanating from the Landfill. A.G. is currently fourteen years old; B.G. is currently eleven years old. On March 15, 2023, in accordance with the Court's Case Management Order, the *Addison* Plaintiffs selected 6 individual plaintiffs and 1 family unit, from the pool of 544 Plaintiffs, for inclusion in the first *Addison* trial. The *Addison* Plaintiffs are composed of more than 140 family units – and from this list, the *Addison* Plaintiffs selected Scott Gremillion, Wendy Gremillion, A.G., and B.G. to serve as their family unit at trial.

In the First Amended Complaint, Plaintiffs claim that the odors and emissions, which allegedly emanated from the Landfill, caused A.G. and B.G. "to suffer physical, mental, and other harm including, but not limited to difficulties breathing, coughing, nausea, burning eyes, ears, noses and throats, dizziness, loss of appetite and lethargy, as well as fear, anguish, anxiety, and mental pain and suffering."[3] In its November 29, 2022 Findings of Fact and Conclusions of Law, the Court ruled that Plaintiffs' recoverable injuries were limited to "headaches, nausea, vomiting, loss of appetite, sleep disruption, dizziness, fatigue, anxiety and worry, a decrease in quality of life, and loss of enjoyment or use of property." ECF Doc. 323, p. 46.

Plaintiffs also refined their alleged injuries in their discovery responses. For example, in their fact sheet responses, which were completed by Wendy Gremillion, Mrs. Gremillion states

---

[3] R. Doc. 1-5 at ¶ XXVI.

that A.G. suffered burning eyes, nausea, and sore throats[4] and B.G. suffered congestion, colds, sore throats, and hoarse voice.[5] In addition, Plaintiffs supplemented their Rule 26(a) initial disclosures, indicating Plaintiffs are seeking "daily damages of at least $500 per day for each plaintiff for 942 days" and "occurrence damages of at least $300 per occurrence when a plaintiff was forced to endure a specific onslaught of malodors above the threshold established by the Court" for the physical and mental injuries of A.G. and B.G.[6]

Defendants are entitled to ask A.G. and B.G. – *named plaintiffs in this lawsuit* – basic questions such as whether they ever smelled the alleged odors and whether the odors affected them in any way. Their depositions are especially necessary given Wendy Gremillion's and Scott Gremillion's deposition testimony. For example, Wendy Gremillion intends to tell the jury that her children smelled the odors three to five days per week – but the basis for her opinion is simply that Wendy herself smelled it three to five days per week.[7] Meanwhile, Scott Gremillion could not specifically recall how often his children complained of the odors, but estimated it was only a couple of times per month.[8] Wendy also stated she would not allow her children to attend swim practices whenever *Wendy* smelled the odor – "[i]f I smelled it, we weren't going to the club. We were not going to sit outside and inhale that, nor would I subject my kids to that."[9] As for whether her children ever actually noticed the smell, Wendy testified that they would react by commenting "Who's farted?"[10] Of course, Plaintiffs' own expert Susan Schiffman has testified that different people detect odors at different levels[11] – meaning that only A.G. and B.G. can say how the alleged

[4] Plaintiffs' Responses to the Waste Connections Defendants' Interrogatories at p. 7, attached hereto as Ex. A.
[5] Plaintiffs' Responses to the Waste Connections Defendants' Interrogatories at pp. 7-8, attached hereto as Ex. B.
[6] Plaintiffs' May 11, 2023 Rule 26(a) Initial Disclosures at pp. 26-27, attached hereto as Ex. C.
[7] *See* Excerpts of Deposition of Wendy Gremillion at 147:3-18, attached hereto as Ex. D.
[8] *See* Excerpts of June 8, 2023 Deposition of Scott Gremillion at 74:7-22, attached hereto as Ex. E.
[9] *See* Ex. D at 57, 138:3-12.
[10] *See id*. at 133:8-15.
[11] *See* Ex. F, General Causation transcript, Day 3, P.M., pp. 736:20-737:5.

odors affected them. Defendants are entitled to explore these issues with A.G. and B.G., including to confirm whether they ever smelled the alleged odors, how often, and how it affected them.

Plaintiffs' counsel has indicated that they will stipulate to A.G. and B.G. not being called as witnesses at trial. But that would *increase* the prejudice to Defendants, not decrease it. Any testimony elicited by Plaintiffs from Wendy and Scott Gremillion about the injuries allegedly suffered by their children would represent inadmissible hearsay and speculation. Defendants, in preparing their defense, should be allowed to go straight to the source to explore whether A.G. and B.G. were actually affected by the alleged odors, rather than rely on unreliable secondhand information. *See T.B. by & through Bursch v. Indep. Sch. Dist. 112*, 2021 WL 7367136, at *4 (D. Minn. Jan. 8, 2021) (ordering minor's deposition despite plaintiffs' offer to not use minor's testimony at trial, finding the minor's deposition "could lead to admissible evidence that is relevant to Defendant's defenses"). Defendants are entitled to depose A.G. and B.G. to explore how, if at all, *they* believe they were actually injured by the alleged odors.

The Court has previously suggested that Defendants' proposed discovery would likely result in A.G. and B.G. testifying that they do not remember whether they smelled the alleged odors or how their lives were affected. Such responses would be highly relevant to the defense, as it would tend to rebut Plaintiffs' position that these residents suffered severe, traumatic injuries worth at least nearly half a million dollars a piece.

Defendants have repeatedly conferred with Plaintiffs about the possibility of deposing A.G. and B.G., and the possibility of negotiating conditions for such depositions – and Plaintiffs have refused to entertain the possibility of depositions in any fashion whatsoever. Crucially, Plaintiffs have cited no medical concerns or other concrete objections to producing A.G. and B.G. for depositions – rather, they have lodged vague objections of harassment. Such objections ring hollow

given that *Plaintiffs* specifically chose the Gremillion family consisting of two younger children from the pool of 544 plaintiffs for the upcoming trial. Defendants are entitled to present a defense as to the exorbitant amounts sought for A.G. and B.G.'s alleged injuries, and Plaintiffs have offered no basis for why depositions would result in any prejudice. For these reasons, as set forth more fully below, the Court should grant this motion and compel depositions of A.G. and B.G.

**LAW & ANALYSIS**

**I. Defendants are entitled to depose A.G. and B.G.**

Rule 26 allows a party to depose another party on any non-privileged matter that is relevant to a party's claim—nothing in Rule 26 precludes a deposition due to the age of the party. As named plaintiffs, *whom the* Addison *litigants expressly selected for trial*, the children's testimony is clearly relevant to their own claims. Thus, this information is discoverable. And the fact that A.G. and B.G. are minors does not prohibit them from being deposed.

Federal courts across the country also recognize that minor plaintiffs must submit to depositions. *See Jackson on Behalf of TJ v. Gautreaux*, 2023 WL 4196246, at *3, n. 29 (M.D. La. June 27, 2023) (ordering the deposition of minor child); *T.B. by & through Bursch v. Indep. Sch. Dist. 112*, 2021 WL 7367136 (D. Minn. Jan. 8, 2021) (ordering the deposition of nine-year-old plaintiff); *Edgin on behalf of I.E. v. Blue Valley USD 220*, 2021 WL 1750861 (D. Kan. May 4, 2021) (ordering the deposition of eight-year-old plaintiff despite minor's treating therapist opining on the negative effects the deposition could have on minor, stating the "great weight of decisions permit a deposition in this circumstance, with reasonable restrictions"); *Williams v. Cty. of San Diego*, 2019 WL 5963969, at *7 (S.D. Cal. Nov. 13, 2019) ("the great weight of the decisions permit a deposition *where children are parties* or witnesses to the claims in dispute, with reasonable restrictions") (emphasis added); *Halley v. State of Oklahoma*, 2016 WL 4995393, at *2

(E.D. Okla. Sept. 19, 2016) (ordering deposition of eight-year-old plaintiff, finding "no precedent for preventing a deposition in these circumstances"); *Arassi v. Weber-Stephen Products LLC*, 2014 WL 1385336 (E.D. Wis. Apr. 9, 2014) (denying motions to quash the depositions of fourteen-year-old and ten-year-old witnesses); *Kuyper v. Bd. of Cnty. Comm'rs of Weld Cnty.*, 2010 WL 4038831 (D. Colo. Oct. 14, 2010) (ordering deposition of seven-year-old despite testimony of professional that questioning would cause substantial harm to minor); *Graham v. City of New York*, 2010 WL 3034618 (E.D. N.Y. Aug. 3, 2010) (ordering the deposition of a seven-year-old who witnessed the police forcibly arrest his father, so long as the questioning proceeded "cautiously and sensitively").

The Louisiana Supreme Court was faced with very similar circumstances in *In re Transit Management of Southeast Louisiana, Inc.*, 761 So.2d 1270 (La. 05/12/00). There, the defendant was sued by the parents of a minor passenger who fell out of a streetcar window. The defendant sought to take the deposition of a seven-year-old boy (*not* a named plaintiff) who allegedly taunted the minor passenger just before the accident. The trial court denied the defendant's motion to take the minor's deposition and granted a protective order. After the court of appeal denied the supervisory writ, the Supreme Court held the defendant was entitled to take the minor's deposition despite the minor's pediatrician and psychologist testifying that his deposition would cause "considerable mental stress." *Id.* at 1271.

Here, Defendants' need to take the minors' depositions is even stronger than in the above-cited cases since A.G. and B.G. are considerably older than many of the aforementioned minors, and there is no evidence suggesting they would suffer undue mental stress from their depositions. A.G.'s and B.G.'s testimony with respect to whether and how odors and emissions from the Landfill impacted them is relevant to whether they are able to establish that the Landfill caused

them injuries and the amount of damages, if any, that should be awarded—as a result their testimony is discoverable. As evidenced above, the fact that A.G. and B.G. are minors does not prohibit them from being deposed.

**II. Deposition Conditions**

Acknowledging the delicacy involving the depositions of minors, and based on prior caselaw, Defendants propose the following conditions for the depositions of A.G. and B.G.: the depositions will be limited to three hours and one parent may be present with the child during their respective deposition.

**CONCLUSION**

A.G. and B.G. are named plaintiffs, whom the *Addison* counsel expressly selected for the first trial from the pool of 544 plaintiffs, and they are seeking nearly half a million dollars each for their alleged injuries. Thus, their testimony is relevant and reasonably necessary to allow Defendants to prepare a defense as to A.G.'s and B.G.'s claims. For these reasons, Defendants respectfully request the Court grant their motion for leave to depose A.G. and B.G.

Respectfully submitted:

LISKOW & LEWIS, APLC

*/s/ Michael C. Mims*

Michael C. Mims (#33991)
Charles B. Wilmore (#28812)

Brady M. Hadden (#37708)
J. Hunter Curtis (#39150)
Alex Andrade (#38659)
Cecilia Vazquez (#39373)
701 Poydras Street, Suite 5000
New Orleans, LA 70139
Telephone: (504) 581-7979
Telefax: (504) 556-4108

AND

BEVERIDGE & DIAMOND, P.C.

Megan R. Brillault (*pro hac vice)*
Michael G. Murphy (*pro hac vice)*
John H. Paul (*pro hac vice)*
Katelyn E. Ciolino (*pro hac vice)*
Katrina M. Krebs (*pro hac vice)*
477 Madison Avenue, 15th Floor
New York, NY 10022
(212) 702-5400
James B. Slaughter (*pro hac vice)*
1900 N Street, NW, Suite 100
Washington, DC 20036
(202) 789-6000
Michael F. Vitris (*pro hac vice)*
400 W. 15th Street, Suite 1410
Austin, TX 78701
(512) 391-8035

*Attorneys for Waste Connections Defendants*

GIEGER, LABORDE & LAPEROUSE, L.L.C.

*/s/ John E.W. Baay, II*
Ernest P. Gieger, Jr. (Bar #6154)
John E.W. Baay, II (Bar #22928)
J. Michael DiGiglia (Bar #24378)
Nicholas S. Bergeron (Bar #37585)
701 Poydras Street, Suite 4800
New Orleans, LA 70139
Telephone: (504) 561-0400
Telefax: (504) 561-1011

*Attorneys for Aptim Corporation*

AND

CONNICK & CONNICK, LLC

*/s/ Michael S. Futrell*
William P. Connick (Bar #14158)
Michael S. Futrell (Bar #20819)
Matthew D. Moghis (Bar #33994)
3421 N. Causeway Blvd., Suite 408

Metairie, LA 70002
Telephone: (504) 681-6663
Telefax: (504) 838-9903

*Attorneys for Jefferson Parish*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was electronically filed on November 13, 2023. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Michael C. Mims*
OF COUNSEL