UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FREDERICK ADDISON, ET AL.,** Plaintiffs | **CIVIL ACTION** NO. 19-11133, c/w 19-14512 |
| **VERSUS** | **SECTION: "E" (5)** |
| **LOUISIANA REGIONAL LANDFILL COMPANY, ET AL.,** Defendants | **JUDGE: Morgan** **MAGISTRATE JUDGE: North** |

**PLAINTIFF WENDY GREMILLION, ON BEHALF OF HER MINOR CHILD ADELYN GREMILLION, OBJECTIONS AND RESPONSES TO WASTE CONNECTION'S INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to the 9th Case Management Order, Plaintiff Wendy Gremillion ("Plaintiff" or "Ms. Gremillion"), in her capacity as parent and natural tutor of her minor child Adelyn Gremillion, makes the following objections and responses to Defendant Waste Connections ("Defendant" or "Waste Connections") Interrogatories and Request for Production of Documents:

**GLOBAL OBJECTIONS**

1. Plaintiff objects to the Interrogatories and Request for Production of Documents as a whole. Defendant has exceeded the 15 Interrogatory and 25 Request for Production limit contained in Section V(c) and V(d) of the 9th CMO and Federal Code of Civil Procedure Rule 33(a)(1). Accounting for interrogatories and subparts, and the additional questions disguised as definitions, Defendant served more than 50 separate interrogatories alone. Many interrogatories include sub-parts that are thinly veiled to appear as one interrogatory, but ask for different and specific responses. Unless and until Defendant narrows the scope, and reduces the number of questions, none can be answered.

EXHIBIT A

b. The name and address of the facility at which you sought treatment, were examined by, or consulted with the physician, health care provider, or other medical professional;

c. The dates when you sought treatment from, were examined by, or consulted with the physician, health care provider, or other medical professional; and

d. The condition for which you sought treatment from, were examined by, or consulted with the physician, health care provider, or other medical professional.

**OBJECTION TO INTERROGATORY NO. 5:**

Plaintiff objects to Interrogatory No. 5 because Defendant has exceeded the number of Interrogatories, including discrete subparts, permitted under the 9th CMO. Until Defendant narrows the scope of their Interrogatories, Plaintiff cannot respond.

Plaintiff further objects as this Interrogatory is overbroad in the time period requested, seeking information 2015-present when the relevant time period in this litigation is July 1, 2017-December 31, 2019. Plaintiff further objects to the breadth of this interrogatory in that it requests "all physicians, healthcare providers, and or other medical professionals…" Said interrogatory seeks information that is not relevant to the claims or defenses asserted in this litigation

Plaintiff further objects as this request is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues. The burden or expense of the proposed discovery outweighs its likely benefit.

Plaintiff further objects as the information sought is already known to Defendant through Plaintiff's PFS, and/or sworn deposition testimony. Further, because medical records were sought for this Plaintiff, the production of medical records containing the information sought by Interrogatory No. 5 fully and completely fulfill Plaintiff's obligation to respond to this interrogatory.

**RESPONSE TO INTERROGATORY NO. 5:**

Plaintiff incorporates all medical records for her minor child into her response to Interrogatory No. 5. Plaintiff sought treatment at the following providers:

1. Mark Morici, M.D. (PCP)
   2201 Veterans Memorial Blvd.
   Suite 300
   Metairie, LA 70002
   Dates of treatment available in medical records.
   Burning eyes, nausea, sore throat.

2. Urgent Care
   9605 Jefferson Highway
   River Ridge, LA 70123
   Dates of treatment available in medical records.