**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **FREDERICK ADDISON, ET AL.,** Plaintiffs | **CIVIL ACTION** NO. 19-11133, c/w 19-14512 |
| **VERSUS** | **SECTION: "E" (5)** |
| **LOUISIANA REGIONAL LANDFILL COMPANY, ET AL.,** Defendants | **JUDGE: Morgan** **MAGISTRATE JUDGE: North** |

**PLAINTIFF WENDY GREMILLION, ON BEHALF OF HER MINOR CHILD BRAXTON GREMILLION, OBJECTIONS AND RESPONSES TO WASTE CONNECTION'S INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to the 9th Case Management Order, Plaintiff Wendy Gremillion ("Plaintiff" or "Ms. Gremillion"), in her capacity as parent and natural tutor of her minor child Braxton Gremillion, makes the following objections and responses to Defendant Waste Connections ("Defendant" or "Waste Connections") Interrogatories and Request for Production of Documents:

**GLOBAL OBJECTIONS**

1. Plaintiff objects to the Interrogatories and Request for Production of Documents as a whole.  Defendant has exceeded the 15 Interrogatory and 25 Request for Production limit contained in Section V(c) and V(d) of the 9th CMO and Federal Code of Civil Procedure Rule 33(a)(1). Accounting for interrogatories and subparts, and the additional questions disguised as definitions, Defendant served more than 50 separate interrogatories alone. Many interrogatories include sub-parts that are thinly veiled to appear as one interrogatory, but ask for different and specific responses.  Unless and until Defendant narrows the scope, and reduces the number of questions, none can be answered.

EXHIBIT B

  b. The name and address of the facility at which you sought treatment, were examined by, or consulted with the physician, health care provider, or other medical professional;

  c. The dates when you sought treatment from, were examined by, or consulted with the physician, health care provider, or other medical professional; and

  d. The condition for which you sought treatment from, were examined by, or consulted with the physician, health care provider, or other medical professional.

**OBJECTION TO INTERROGATORY NO. 5:**

  Plaintiff objects to Interrogatory No. 5 because Defendant has exceeded the number of Interrogatories, including discrete subparts, permitted under the 9th CMO. Until Defendant narrows the scope of their Interrogatories, Plaintiff cannot respond.

  Plaintiff further objects as this Interrogatory is overbroad in the time period requested, seeking information 2015-present when the relevant time period in this litigation is July 1, 2017- December 31, 2019. Plaintiff further objects to the breadth of this interrogatory in that it requests "all physicians, healthcare providers, and or other medical professionals…" Said interrogatory seeks information that is not relevant to the claims or defenses asserted in this litigation

  Plaintiff further objects as this request is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues. The burden or expense of the proposed discovery outweighs its likely benefit.

  Plaintiff further objects as the information sought is already known to Defendant through Plaintiff's PFS, and/or sworn deposition testimony. Further, because medical records were sought for this Plaintiff, the production of medical records containing the information sought by Interrogatory No. 5 fully and completely fulfill Plaintiff's obligation to respond to this interrogatory.

**RESPONSE TO INTERROGATORY NO. 5:**

  Plaintiff incorporates all medical records for her minor child into her response to Interrogatory No. 5. Plaintiff sought treatment at the following providers:

1. Mark Morici, M.D. (PCP)
   2201 Veterans Memorial Blvd.
   Suite 300
   Metairie, LA 70002
   Dates of treatment available in medical records.
   Braxton was treated for congestion, colds, sore throat and hoarse voice.

2. Robert Broussse, ENT
   4228 Houma Blvd
   Metairie, LA 70006
   Dates of treatment available in medical records.

      Treated for hoarse voice, chronic congestion.

3. Urgent Care
   9605 Jefferson Highway
   River Ridge, LA 70123
   Dates of treatment available in medical records.

**INTERROGATORY NO. 6:**

Identify all pharmacies where you filled your prescription(s) between January 1, 2015, to present, including (i) the name and address of the pharmacy, (ii) the dates during which you filled prescriptions at the pharmacy, and (iii) the prescriptions you filled at the pharmacy.

**OBJECTION TO INTERROGATORY NO. 6:**

Plaintiff objects to Interrogatory No. 6 because Defendant has exceeded the number of Interrogatories, including discrete subparts, permitted under the 9th CMO. Until Defendant narrows the scope of their Interrogatories, Plaintiff cannot respond.

Plaintiff further objects because this Interrogatory is overbroad in the time period requested, seeking information 2015-present when the relevant time period in this litigation is July 1, 2017- December 31, 2019.

Plaintiff further objects because this request is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues. The burden or expense of the proposed discovery outweighs its likely benefit.

Plaintiff further objects as the information sought is already known to the Defendants through Plaintiff's PFS, and/or sworn deposition testimony. Further, because medical/pharmacy records were sought for this Plaintiff, the production of records containing the information sought by Interrogatory No. 6 fully and completely fulfill Plaintiff's obligation to respond to this interrogatory.

**RESPONSE TO INTERROGATORY NO. 7:**

Plaintiff incorporates all pharmacy records into her response to Interrogatory No. 7. Dates of service and medication are available in Plaintiff's pharmacy records.

Walgreens 9705 Jefferson Highway River Ridge, La 70123;

CVS 9643 Jefferson Highway River Ridge, La 70123.

**INTERROGATORY NO. 7:**

For each category of damages that you claim or seek, identify the amount of damages you claim or seek and explain in detail the basis for the amount.