Page 1

```
 1           UNITED STATES DISTRICT COURT
 2           EASTERN DISTRICT OF LOUISIANA
 3    * * * * * * * * * * * * * * * * * * * * *

      FREDERICK ADDISON, et              CASE NO.
 4    al.,                               19-11133
               Plaintiffs,               c/w 19-14512
 5       v.
      LOUISIANA REGIONAL                 Section:"E" (5)
 6    LANDFILL COMPANY, et               JUDGE: Morgan
      al.,                               MAGISTRATE
 7             Defendants.               JUDGE: North
 8
 9    * * * * * * * * * * * * * * * * * * * * *
10
11                      VIDEOTAPED
                        DEPOSITION
12                         OF
                      ANDREW SECTION
13
                        taken on
14             Tuesday, April 18, 2023
15           commencing at 12:00 p.m.
16                      at the
                   FOUR SEASONS HOTEL
17                  2 Canal Street
                 New Orleans, Louisiana
18
          Reported By:  MARYBETH E. MUIR, CCR, RPR
19
      * * * * * * * * * * * * * * * * * * * * *
20
21
22
23                                          EXHIBIT
24                                             6
25
```

EXHIBIT 6

Page 94

| | | |
|---|---|---|
| 1 | A. | No, not know Avondale.  Jefferson |
| 2 | Parish. | |
| 3 | Q. | Jefferson Parish, okay. |
| 4 | | And you told them that you had a smell |
| 5 | and thought that it was coming from your sewer? | |
| 6 | A. | I said something was smelling in the |
| 7 | neighborhood. | |
| 8 | Q. | Okay. |
| 9 | A. | They didn't never show up like they |
| 10 | always do.  They never show up. | |
| 11 | Q. | How many times do you think you called? |
| 12 | A. | One time. |
| 13 | Q. | Okay. |
| 14 | | Were you aware there was an odor hotline |
| 15 | that you could call in to to make complaints? | |
| 16 | A. | No. |
| 17 | Q. | You never heard about that? |
| 18 | A. | No, uh-uh. |
| 19 | Q. | Did you ever go to any meetings, either |
| 20 | -- | |
| 21 | A. | No. |
| 22 | Q. | -- in Avondale or Jefferson Parish?  No? |
| 23 | A. | No, no. |
| 24 | Q. | At church, any meetings about the odor? |
| 25 | A. | No. |

```
                                                      Page 88
 1        Q.    The grass after it was cut.
 2        A.    You cut it and just let it sit there as
 3   big as my yard is.
 4        Q.    Okay.
 5        A.    I didn't have no -- just cut the grass
 6   and let it stay there.
 7        Q.    You didn't bag it?
 8        A.    No.
 9        Q.    And you didn't have a compost pile or
10   anything like that on your property?
11        A.    No.
12        Q.    Do you have pets?
13        A.    No.
14        Q.    During the relevant time periods did you
15   have any pets?
16        A.    No.  No.
17        Q.    Do any of your neighbors have livestock,
18   either chickens or horses or anything like that, as
19   far as you know?
20        A.    Not that I know.  But I be working.
21        Q.    Okay.
22        A.    So most times I get home in the evening
23   time I be tired.
24        Q.    Okay.
25              Have you ever had any kind of testing
```

Veritext Legal Solutions
212-279-9424                www.veritext.com                212-490-3430

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FREDERICK ADDISON, ET AL.,**<br>Plaintiffs<br><br>VERSUS<br><br>**LOUISIANA REGIONAL LANDFILL COMPANY, ET AL.,**<br>Defendants | **CIVIL ACTION**<br><br>NO. 19-11133, c/w 19-14512<br><br>SECTION: "E" (5)<br><br>JUDGE: Morgan<br>MAGISTRATE JUDGE: North |

**PLAINTIFF ANDREW SECTION'S OBJECTIONS AND RESPONSES TO APTIM CORPORATION'S INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to the 9th Case Management Order, Plaintiff Andrew Section ("Plaintiff" or "Mr. Section"), makes the following objections to Defendant Aptim Corporation's ("Defendant" or "Aptim") Interrogatories and Requests for Production of Documents:

**GLOBAL OBJECTIONS**

1. Plaintiff objects to the Interrogatories and Request for Production of Documents as a whole. Defendant has exceeded the 15 Interrogatory and 25 Request for Production limit contained in Section V(c) and V(d) of the 9th CMO and Federal Code of Civil Procedure Rule 33(a)(1). Accounting for interrogatories and subparts, and the additional questions disguised as definitions, Defendant served more than 50 separate interrogatories alone. Many interrogatories include sub-parts that are thinly veiled to appear as one interrogatory, but ask for different and specific responses. Unless and until Defendant narrows the scope, and reduces the number of questions, none can be answered.

2. Defendant has engaged in scorched earth discovery, acting to increase the expense and burden of the Plaintiff. The discovery sought is not proportional to the needs of the case, and is

Plaintiff further objects as this request because responsive information is in the custody, possession, or control or readily available to the Defendants, or in the custody, possession, or control of third parties.

Plaintiff objects as the foregoing interrogatory is duplicative. Plaintiff previously testified extensively on this topic at his deposition on April 18, 2023. Requiring Plaintiff to answer the same question in written discovery is overburdensome.

**ANSWER TO INTERROGATORY NO. 4:**

No personal attendance at any meeting, but Plaintiff was aware of a press conference held by Parish President Yenni on July 23, 2018, and the substance thereof. *See* deposition of Andrew Section at 94:19-94:25 & 81:5-81:13.

**INTERROGATORY NO. 5:**

Identify each of your places of employment from January 1, 2015 to present, including:
   a. The name and address of each of your employers;
   b. For each employer, the dates of your employment;
   c. For each employer, the job title(s) or position(s) you held;
   d. For each employer, your job duties during the term of employment; and
   e. For each employer, whether you ever handled gaseous or odorous materials or were exposed to any emissions, including odors, gases, and particulates, during your employment, including the type and nature of the exposures; the duration, strength, and frequency of the exposures; any injuries or annoyances that you experienced in connection with such exposures; whether you placed any complaints to your employer or any governmental agency concerning such exposure; whether you took any leave as a result of such exposure; and whether you received any compensation related to such exposure or the leave that you took as a result of such exposure.

**OBJECTION TO INTERROGATORY NO. 5:**

Plaintiff objects to Interrogatory No. 5 because Defendant has exceeded the number of Interrogatories, including discrete subparts, permitted under the 9th CMO. Until Defendant narrows the scope of its Interrogatories, Plaintiff cannot respond.

Plaintiff further objects as this Interrogatory is overbroad in the time period requested, seeking information 2015-present when the relevant time period in this litigation is July 1, 2017-December 31, 2019.

Plaintiff further objects as this request is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues. The burden or expense of the proposed discovery outweighs its likely benefit.