Page 1

1              UNITED STATES DISTRICT COURT
2              EASTERN DISTRICT OF LOUISIANA
3     * * * * * * * * * * * * * * * * * * * * * * *

     FREDERICK ADDISON, et                CASE NO.
4    al.,                                 19-11133
         v.
5    LOUISIANA REGIONAL                   C/W 19-14512
     LANDFILL COMPANY, et
6    al.

7
8     * * * * * * * * * * * * * * * * * * * * * * *
9
10                     VIDEOTAPED
                       DEPOSITION
11                         OF
                       GENEVA GREEN
12
                        taken on
13              Friday, April 7, 2023
14           commencing at 9:03 a.m.
15                      at the
                  FOUR SEASONS HOTEL
16                 2 Canal Street
                New Orleans, Louisiana
17
          Reported By:  MARYBETH E. MUIR, CCR, RPR
18
      * * * * * * * * * * * * * * * * * * * * * * *
19
20
21
22
23                                          EXHIBIT
24                                             7
25

Page 65

```
 1              Do you have any pets?
 2       A.     No.
 3       Q.     What about your neighbors, do any of
 4   your neighbors have pets such as say chickens?
 5       A.     No.
 6       Q.     What about any other type of animals
 7   that you are aware of?
 8       A.     No.
 9       Q.     Does your property have any flooding
10   issues?
11       A.     Now or when?  When -- it has flood.
12       Q.     I'm saying in 2017.
13       A.     Oh, no, no.
14       Q.     Obviously, during Katrina you had some
15   issues, correct?
16       A.     Yes.
17       Q.     Do you have any flooding issues at your
18   home in -- let's go back in 2015.  You weren't
19   there?
20       A.     That's what I'm about to say.
21       Q.     All right.
22              So you are not aware of any flooding
23   issues in 2015 or 2016?
24       A.     No.
25       Q.     Have you had any flooding issues at your
```

Page 98

1     Q.    Okay.  I'm going to talk to you about
2    that in a little bit about your health issues.
3          Okay?
4     A.    Okay.
5     Q.    And so we can try to narrow that down in
6    a little bit.
7          Ms. Green, have you ever -- did you ever
8    attend any meetings regarding the Jefferson Parish
9    Landfill?
10    A.    No, I did not.
11    Q.    Okay.
12          Ms. Green, do you smoke?
13    A.    No, I do not.
14    Q.    Did you ever smoke?
15    A.    Yes, I did.
16    Q.    When did you stop smoking?
17    A.    January 2023.
18    Q.    Good for you.
19          How long did you smoke?
20    A.    For some years.  I smoked for years.
21   Uhmm, estimate -- I'm 65 right now.  Over 30 or 40
22   years I smoked.
23    Q.    Thirty or 40 years?
24    A.    Yes.  Let's put it that way.
25    Q.    Could you tell me how many cigarettes a

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FREDERICK ADDISON, ET AL.,**<br>Plaintiffs<br><br>**VERSUS**<br><br>**LOUISIANA REGIONAL LANDFILL COMPANY, ET AL.,**<br>Defendants | **CIVIL ACTION**<br><br>**NO. 19-11133, c/w 19-14512**<br><br>**SECTION: "E" (5)**<br><br>**JUDGE: Morgan**<br>**MAGISTRATE JUDGE: North** |

## PLAINTIFF GENEVA GREEN'S OBJECTIONS AND RESPONSES TO DEFENDANT WASTE CONNECTIONS' FIRST SET OF DISCOVERY REQUESTS

Pursuant to the 9th Case Management Order, Plaintiff Geneva Green ("Plaintiff" or "Ms. Green"), makes the following objections and responses to Defendant Waste Connections ("Defendant" or "Waste Connections") Interrogatories and Requests for Production of Documents:

### GLOBAL OBJECTIONS

1. Plaintiff objects to the Interrogatories and Request for Production of Documents as a whole. Defendant has exceeded the 15 Interrogatory and 25 Request for Production limit contained in Section V(c) and V(d) of the 9th CMO and Federal Code of Civil Procedure Rule 33(a)(1). Accounting for interrogatories and subparts, and the additional questions disguised as definitions, Defendant served more than 50 separate interrogatories alone. Many interrogatories include sub-parts that are thinly veiled to appear as one interrogatory, but ask for different and specific responses. Unless and until Defendant narrows the scope, and reduces the number of questions, none can be answered.

2. Defendant has engaged in scorched earth discovery, acting to increase the expense and burden of the Plaintiff. The discovery sought is not proportional to the needs of the case, and is duplicative in that it requests the same information from members of the same household, and/or

Plaintiff further objects because this interrogatory is vague in failing to define "all community or neighborhood meetings or meetings of a governmental entity you have attended…" "relating to the Jefferson Parish Landfill or any other alleged sources of emissions…"

Plaintiff further objects as this request because responsive information is in the custody, possession, or control or readily available to the Defendants, or in the custody, possession, or control of third parties.

Plaintiff objects as the foregoing interrogatory is duplicative. Plaintiff previously testified extensively on this topic at her deposition on April 7, 2023. Requiring Plaintiff to answer the same question in written discovery is overburdensome.

**RESPONSE TO INTERROGATORY NO. 4:**

Plaintiff avers that she did not attend any meetings that would be responsive to Interrogatory No. 4.

**INTERROGATORY NO. 5:**

Identify each of your places of employment from January 1, 2015 to present, including:

a. The name and address of each of your employers;

b. For each employer, the dates of your employment;

c. For each employer, the job title(s) or position(s) you held;

d. For each employer, your job duties during the term of employment; and

e. For each employer, whether you ever handled gaseous or odorous materials or were exposed to any emissions, including odors, gases, and particulates, during your employment, including the type and nature of the exposures; the duration, strength, and frequency of the exposures; any injuries or annoyances that you experienced in connection with such exposures; whether you placed any complaints to your employer or any governmental agency concerning such exposure; whether you took any leave as a result of such exposure; and whether you received any compensation related to such exposure or the leave that you took as a result of such exposure.

**OBJECTION TO INTERROGATORY NO. 5:**

Plaintiff objects to Interrogatory No. 5 because Defendant has exceeded the number of Interrogatories, including discrete subparts, permitted under the 9th CMO. Until Defendant narrows the scope of its Interrogatories, Plaintiff cannot respond.

Plaintiff further objects as this Interrogatory is overbroad in the time period requested, seeking information 2015-present when the relevant time period in this litigation is July 1, 2017 - December 31, 2019.