**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **FREDERICK ADDISON, ET AL.,** <br> **Plaintiffs** | **CIVIL ACTION** |
| | **NO. 19-11133, c/w 19-14512** |
| **VERSUS** | |
| | **SECTION: "E" (5)** |
| **LOUISIANA REGIONAL LANDFILL** <br> **COMPANY, ET AL.,** <br> **Defendants** | **JUDGE: Morgan** <br> **MAGISTRATE JUDGE: North** |
| *Applies to: All Cases* | |

**MEMORANDUM IN PARTIAL OPPOSITION TO MOTION TO SUBSTITUTE AND IN
SUPPORT OF DEFENDANTS' CROSS-MOTION TO DISMISS CERTAIN
PLAINTIFFS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 25**

Defendants,[1] through undersigned counsel, submit this memorandum in partial opposition

to Plaintiffs' Motion to Substitute Deceased Parties and in support of their Cross-Motion to

Dismiss Certain Plaintiffs. On November 10, 2023, Plaintiffs filed a motion to substitute 17

deceased Plaintiffs: Geraldine Batiste, Barbara Ridgley, Liz Everson, Adeline Fitzpatrick, Devora

Hampton, Doris Collins, Jake James, Jr., Leon Bradley, Verna Gabriel, Ernest Newell, Joseph

Pete, Jr., Wiley Pinkley, Dolores Richard, Samantha Robinson, Kerry Ridgley, Jr., Karen Ross,

and David Scott. However, 14 of the 17 proposed substitutions are not timely or are improper.[2]

Specifically, Defendants oppose the substitutions of, and cross-move to dismiss, the

following 13 deceased Plaintiffs: Geraldine Batiste, Liz Everson, Devora Hampton, Doris Collins,

Jake James, Jr., Leon Bradley, Verna Gabriel, Ernest Newell, Joseph Pete, Jr., Wiley Pinkley,

---

[1] Defendants in this matter are Waste Connections US, Inc., Waste Connections Bayou, Inc.,
Louisiana Regional Landfill Company (collectively, the "Waste Connections Defendants"), the
Parish of Jefferson, and Aptim Corp.

[2] Plaintiffs' Second Amended Omnibus Complaint for Damages and Injunctive Relief, R. Doc.
431, also reflects these untimely and improper substitutions.

Kerry Ridgley, Jr., Karen Ross, and David Scott. Defendants further oppose the substitution of Plaintiff Barbara Ridgley to the extent Plaintiffs seek to allow Kerry Ridgley, Sr., to proceed in the litigation in his individual capacity and not solely in his capacity as legal successor of Ms. Ridgley.

The Twelfth Case Management recognizes that "[w]ith respect to Plaintiffs who have died and for whom Defendants have filed a suggestion of death, substitution of parties will be governed by Rule 25 of the Federal Rules of Civil Procedure." R. Doc. 429 at 3. Pursuant to Rule 25(a)(1), if a party dies and the claim is not extinguished, and a motion for substitution of the proper party "is not made within 90 days after service of a statement noting the death, the action by . . . the decedent *must* be dismissed." Fed. R. Civ. P. 25(a)(1) (emphasis added); *see also Sampson v. ASC Indus.*, 780 F.3d 679, 681 (5th Cir. 2015). Service of the Suggestion of Death is made pursuant to Rule 5 of the Federal Rules of Civil Procedure for parties, and pursuant to Rule 4 of the Federal Rules of Civil Procedure for nonparties. Fed. R. Civ. P. 25(a)(3).

The Court should not grant Plaintiffs' Motion to the extent it seeks to substitute Plaintiffs Geraldine Batiste, Liz Everson, Devora Hampton, Doris Collins, Jake James, Jr., Leon Bradley, Verna Gabriel, Ernest Newell, Joseph Pete, Jr., Wiley Pinkley, Kerry Ridgley, Jr., Karen Ross, and David Scott. Instead, these Plaintiffs should be dismissed because Plaintiffs seek to substitute after the 90-day mandatory deadline and, in at least one circumstance, the party seeking to be substituted is not the proper party. Defendants have summarized the issues precluding substitution for each Plaintiff below.

- Plaintiff Geraldine Batiste died on or about September 17, 2021, and Defendants formally advised the Court and all parties of such on February 22, 2023. R. Doc. 349. The Suggestion of Death noting Ms. Batiste's death was served pursuant to Rule 4 on Ms.

Batiste's next of kin Sam Batiste (her son) on March 5, 2023, Cynthia Batiste (her daughter) on March 5, 2023, Claudette Batiste (her daughter) on May 18, 2023, Gregory Batiste (her son) on March 5, 2023, and Lee Ann Huskey (her daughter) on May 16, 2023. *See* Exhibits 1-5. As of November 10, 2023, when Plaintiffs filed their opposed Motion to substitute Ms. Batiste, more than 90 days had passed since service of the Suggestion of Death on Ms. Batiste's next of kin.[3]

- Plaintiff Liz Everson died on or about February 23, 2022, and Defendants formally advised the Court and all parties of such on February 22, 2023. R. Doc. 349-5. The Suggestion of Death noting Plaintiff Liz Everson's death was served pursuant to Rule 4 and Louisiana Code of Civil Procedure article 1235.1 on Ms. Everson's next of kin Ronnell Everson (her son) on March 16, 2023, and Landry Everson (her son) on March 14, 2023. *See* Exhibits 6 and 7; La. civ. code art. 1235.1 (service of incarcerated person made through personal service on the warden or his designee for a particular shift, who in turn makes personal service on the incarcerated person). As of November 10, 2023, when Plaintiffs filed their opposed Motion to substitute Ms. Everson, more than 90 days had passed since service of the Suggestion of Death on Ms. Everson's next of kin (her sons).

- Plaintiff Devora Hampton died on or about April 16, 2022, and Defendants formally advised the Court and all parties of such on February 22, 2023. R. Doc. 349-8. The Suggestion of Death noting Ms. Hampton's death was served pursuant to Rule 4 on Ms. Hampton's next of kin Alesia Hampton (her daughter) on March 16, 2023, Tracy Hampton (her daughter) on March 12, 2023, and Troy Ann Hampton (her daughter) on March 10,

---

[3] For each of the Plaintiffs that are the subject of this motion, the 90-day deadline for substitution has passed even when the period that this action was stayed by the Fifth Circuit (June 8, 2023, to August 24, 2023) is excluded.

2023. *See* Exhibits 8-10. As of November 10, 2023, when Plaintiffs filed their opposed

Motion to substitute Ms. Hampton, more than 90 days had passed since service of the

Suggestion of Death on Ms. Hampton's next of kin (her daughters).

- Plaintiff Doris Collins died on or about August 3, 2022, and Defendants formally advised

  the Court and all parties of such on February 22, 2023. R. Doc. 349-3. The Suggestion of

  Death noting Ms. Collins' death was served pursuant to Rule 4 on Ms. Collins' next of kin

  Debra Collins (her daughter) on May 16, 2023, Michelle Collins (her daughter) on March

  23, 2023, Dwayne Collins (her son) on March 23, 2023, and Ronald Collins (her son) on

  March 23, 2023. *See* Exhibits 11-14. As of November 10, 2023, when Plaintiffs filed their

  opposed Motion to substitute Ms. Collins, more than 90 days had passed since service of

  the Suggestion of Death on Ms. Collins' next of kin (her children).

- Plaintiff Jake James, Jr. died on or about December 28, 2022, and Defendants formally

  advised the Court and all parties of such on February 22, 2023. R. Doc. 349-9. The

  Suggestion of Death noting Mr. James' death was served pursuant to Rule 4 on Mr. James'

  next of kin Derrick James (his son) on April 4, 2023, and Falicia Lewis (his daughter) on

  March 23, 2023.[4] *See* Exhibits 16 and 17. As of November 10, 2023, when Plaintiffs filed

  their opposed Motion to substitute Mr. James' sister Lizzie Aaron, more than 90 days had

  passed since service of the Suggestion of Death on Mr. James' next of kin (his children).

  Moreover, Ms. Aaron is not the proper party to assert Mr. James' surviving claims because

  Mr. James has two children, and Plaintiffs have offered no indication that Ms. Aaron is Mr.

  James' representative. *See* La. civil code art. 2315.1(A)(3) (action survives in favor of

  surviving sister only if the decedent has "left no spouse, child, or parent surviving").

---

[4] Mr. James' Fact Sheet identifies Derrick James and Falicia Lewis as his children. *See* Exhibit 15.

- Plaintiff Leon Bradley died on or about October 20, 2020, and Defendants formally advised the Court and all parties of such on February 22, 2023. R. Doc. 349-2. On February 22, 2023, the Suggestion of Death noting Mr. Bradley's death was served pursuant to Rule 5 through counsel by operation of the Court's electronic filing system on Mr. Bradley's next of kin, Plaintiff Mable Bradley (his wife).[5] R. Doc. 349-2. As of November 10, 2023, when Plaintiffs filed their opposed Motion to substitute Mr. Bradley, more than 90 days had passed since service of the Suggestion of Death on Mr. Bradley's next of kin (his wife).

- Plaintiff Verna Gabriel died on or about October 27, 2022, and Defendants formally advised the Court and all parties of such on February 22, 2023. R. Doc. 349-7. On February 22, 2023, the Suggestion of Death noting Ms. Gabriel's death was served pursuant to Rule 5 through counsel by operation of the Court's electronic filing system on Ms. Gabriel's next of kin, Plaintiff Adrienne Gabriel Moilanen (her daughter). R. Doc. 349-7. As of November 10, 2023, when Plaintiffs filed their opposed Motion to substitute Ms. Gabriel, more than 90 days had passed since service of the Suggestion of Death on Ms. Gabriel's next of kin (her daughter).

- Plaintiff Ernest Newell died on or about October 24, 2020, and Defendants formally advised the Court and all parties of such on February 22, 2023. R. Doc. 349-11. On February 22, 2023, the Suggestion of Death noting Mr. Newell's death was served pursuant to Rule 5 through counsel by operation of the Court's electronic filing system on Mr. Newell's next of kin, Plaintiff Susie Roux (his wife). R. Doc. 349-11. As of November 10, 2023, when Plaintiffs filed their opposed Motion to substitute Mr. Newell, more than 90

---

[5] For next of kin who are Plaintiffs in this action, service of the Suggestion of Death is governed by Rule 5. *See* Fed. R. Civ. P. 25(a)(3).

days have passed since service of the Suggestion of Death on Mr. Newell's next of kin (wife).

- Plaintiff Joseph Pete, Jr. died on or about November 12, 2022, and Defendants formally advised the Court and all parties of such on February 22, 2023. R. Doc. 349-12. On February 22, 2023, the Suggestion of Death noting Mr. Pete's death was served pursuant to Rule 5 through counsel by operation of the Court's electronic filing system on Mr. Pete's next of kin, Plaintiff Terry Pete (his wife). R. Doc. 349-12. As of November 10, 2023, when Plaintiffs filed their opposed Motion to substitute Mr. Pete, more than 90 days had passed since service of the Suggestion of Death on Mr. Pete's next of kin (his wife).

- Plaintiff Wiley Pinkley died on or about October 18, 2022, and Defendants formally advised the Court and all parties of such on February 22, 2023. R. Doc. 349-14. On February 22, 2023, the Suggestion of Death noting Mr. Pinkley's death was served pursuant to Rule 5 through counsel by operation of the Court's electronic filing system on Mr. Pinkley's next of kin, Plaintiff Pearl Pinkley (his wife). R. Doc. 349-14. As of November 10, 2023, when Plaintiffs filed their opposed Motion to substitute Mr. Pinkley, more than 90 days have passed since service of the Suggestion of Death on Mr. Pinkley's next of kin (his wife).

- Plaintiff Kerry Ridgley, Jr. died on or about March 31, 2022, and Defendants formally advised the Court and all parties of such on February 22, 2023. R. Doc. 349-10. On February 22, 2023, the Suggestion of Death noting Mr. Ridgley's death was served pursuant to Rule 5 through counsel by operation of the Court's electronic filing system on Mr. Ridgley's next of kin, Plaintiff Shakemia Ridgley (his wife). R. Doc. 349-10. As of November 10, 2023, when Plaintiffs filed their opposed Motion to substitute Mr. Ridgley,

more than 90 days had passed since service of the Suggestion of Death on Mr. Ridgley's next of kin (his wife).

- Plaintiff Karen Ross died on or about July 7, 2021, and Defendants formally advised the Court and all parties of such on March 7, 2023. R. Doc. 356. On March 7, 2023, the Suggestion of Death noting Ms. Ross' death was served pursuant to Rule 5 through counsel by operation of the Court's electronic filing system on Ms. Ross' next of kin, Plaintiff Tony Ross (her husband). R. Doc. 356. As of November 10, 2023, when Plaintiffs filed their opposed Motion to substitute Ms. Ross, more than 90 days have passed since service of the Suggestion of Death on Ms. Ross' next of kin (her husband).

- Plaintiff David Scott died on or about August 23, 2021, and Defendants formally advised the Court and all parties of such on February 22, 2023. R. Doc. 349-17. On February 22, 2023, the Suggestion of Death noting Mr. Scott's death was served pursuant to Rule 5 through counsel by operation of the Court's electronic filing system on Mr. Scott's next of kin, Plaintiff Aletha Scott (his wife). R. Doc. 349-17. As of November 10, 2023, when Plaintiffs filed their opposed Motion to substitute, more than 90 days had passed since service of the Suggestion of Death on Mr. Scott's next of kin (his wife).

Defendants further oppose Plaintiffs' Motion to Substitute to the extent it seeks to allow Kerry Ridgley, Sr. to proceed in his individual capacity, in addition to in his capacity as legal successor for Plaintiff Barbara Ridgley. The Motion incorrectly states that Ms. Ridgley's surviving husband "Kerry Ridgley is currently a Plaintiff in this action." Pls. Br. 2, R. Doc. 430. Kerry

Ridgley, Jr. is a Plaintiff in this action, *not* Kerry Ridgley, Sr., Barbara Ridgley's husband.[6] Mr.

Ridgley, Sr. therefore should not be permitted to proceed in his individual capacity.

WHEREFORE, Defendants pray that Plaintiffs' Motion to Substitute be denied in part and

that Defendants' Cross-Motion to Dismiss be granted, with Plaintiffs Geraldine Batiste, Liz

Everson, Devora Hampton, Doris Collins, Jake James, Jr., Leon Bradley, Verna Gabriel, Ernest

Newell, Joseph Pete, Jr., Wiley Pinkley, Kerry Ridgley, Jr., Karen Ross, and David Scott dismissed

from this action with prejudice.

Respectfully submitted,

LISKOW & LEWIS, APLC

By:    /s/ Michael C. Mims
      Michael C. Mims (#33991)
      Charles B. Wilmore (#28812)
      J. Hunter Curtis (#39150)
      Alec Andrade (#38659)
      Cecilia Vazquez Wilson (#39373)
      701 Poydras Street, Suite 5000
      New Orleans, Louisiana  70139
      (504) 581-7979

BEVERIDGE & DIAMOND, P.C.

Megan R. Brillault (*pro hac vice*)
Michael G. Murphy (*pro hac vice*)
John H. Paul (*pro hac vice*)
Katelyn E. Ciolino (*pro hac vice*)
Katrina M. Krebs (*pro hac vice*)
825 Third Avenue, 16th Floor
New York, NY 10022
(212) 702-5400

---

[6] *See* Exhibit 18 (Plaintiff Kerry Ridgley, Jr. is married to Shakemia Ridgley, not Barbara Ridgley). Plaintiffs are separately seeking to substitute Shakemia Ridgley for Plaintiff Kerry Ridgley, Jr., and recognize that she, not Barbara Ridgley, is his wife. Pls. Br. 4.

James B. Slaughter (*pro hac vice*)
1900 N Street, NW, Suite 100
Washington, DC 20036
(202) 789-6000

Michael F. Vitris (*pro hac vice*)
400 W. 15th Street, Suite 1410
Austin, TX 78701
(512) 391-8035

*Counsel for Defendants Louisiana Regional Landfill Company, Waste Connections Bayou, Inc., and Waste Connections US, Inc.*

CONNICK AND CONNICK, LLC

By:    /s/ Michael S. Futrell
       William P. Connick, La. Bar No. 14158
       Michael S. Futrell, La. Bar. No. 20819
       Matthew D. Moghis, La. Bar. No. 33994
       3421 N. Causeway Blvd., Suite 408
       Metairie, Louisiana 70002
       Telephone: (504) 681-6658
       Facsimile: (504) 838-9903
       E-mail: moghis@connicklaw.com

*Counsel for Defendant Jefferson Parish*

GIEGER, LABORDE & LAPEROUSE, L.L.C.

By:    /s/ J. Michael DiGiglia
       Ernest P. Gieger, Jr. (6154)
       John E. W. Baay (22928)
       J. Michael DiGiglia (24378)
       Nicholas S. Bergeron (37585)
       Gieger, Laborde & Laperouse, L.L.C.
       Hancock Whitney Center
       701 Poydras Street, Suite 4800
       New Orleans, Louisiana 70139
       Telephone: (504) 561-0400
       Facsimile: (504) 561-1011

*Attorneys for Defendant Aptim Corp.*

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was electronically filed on November 21, 2023. Notice

of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties

may access this filing through the Court's system.

Michael C. Mims
OF COUNSEL
