UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ELIAS JORGE "GEORGE" ICTECH-BENDECK,<br>        Plaintiff, | CIVIL ACTION<br><br>NO. 18-7889<br>        c/w 18-8071,<br>        18-8218, 18-9312 |
| VERSUS | |
| | SECTION: "E"(5) |
| WASTE CONNECTIONS BAYOU, INC., ET AL.,<br>        Defendants. | |
| *Related Case:* | |
| FREDERICK ADDISION ET AL.,<br>        Plaintiffs, | CIVIL ACTION<br><br>NO. 19-11133 |
| VERSUS | SECTION: "E"(5) |
| LOUISIANA REGIONAL LANDFILL COMPANY, ET AL.,<br>        Defendants. | |
| | JUDGE: Morgan<br>MAGISTRATE JUDGE: North |
| *Applies to: All Cases* | |

MEMORANDUM IN SUPPORT OF
MOTION TO UPHOLD EXPERT DESIGNATION OF BISHOW SHAHA, PH.D.

The Court should uphold the Waste Connections Defendants'[1] timely designation of

Bishow Shaha, Ph.D. as an expert to rebut Plaintiffs' expert on hydrogen sulfide generation issues.

The Court's orders do not prohibit the parties from designating a new expert on a topic already

addressed during the hearing on general causation. Instead, the current *Addison* and *Ictech-*

*Bendeck* Case Management Orders and minute entries preceding them explicitly authorize the

---

[1] "Waste Connections Defendants" are Louisiana Regional Landfill Company, Waste Connections Bayou, Inc., and Waste Connections US, Inc.

parties to designate new experts without limitation. The Waste Connections Defendants timely designated Dr. Shaha as a testifying expert, and the Court should not strike that designation.

But even if the Court intends to preclude the designation of new experts, the Court should allow the Waste Connections Defendants to designate Dr. Shaha as their testifying expert on hydrogen sulfide generation issues because Jeffrey Marshall, P.E.—the Waste Connections Defendants' prior expert on this topic—is not able to continue serving as an expert witness due to health issues. Mr. Marshall was diagnosed with cancer earlier this year and underwent surgery in April of 2023. In July of 2023, Mr. Marshall was readmitted to the hospital due to complications from the surgery. Mr. Marshall continues to deal with health issues from the cancer and related treatments that affect his ability to work. Given Mr. Marshall's health issues, the Waste Connections Defendants should be allowed to designate Dr. Shaha as their new testifying expert.

## **BACKGROUND**

In early 2022, the Court held an eight-day *Daubert* and general causation hearing to determine whether odors and gases allegedly released from the Jefferson Parish Landfill ("Landfill") could cause the injuries alleged by the Plaintiffs. The Waste Connections Defendants retained Mr. Marshall to rebut the opinions of Plaintiffs' expert Jaana Pietari, Ph.D. on hydrogen sulfide generation and other matters related to landfill gas generation. Although Mr. Marshall was employed by SCS Engineers (a consulting expert firm retained by the Waste Connections Defendants for separate aspects of the case), his testimony did not rely on any data gathered by SCS nor did it rely on opinions of any other employee of SCS. Mr. Marshall simply rebutted Dr. Pietari's opinions, based on his knowledge, training, experience, and review of the relevant information. The Court did not adopt or rely on the opinions of either Dr. Pietari or Mr. Marshall in the Court's November 29, 2022 Findings of Fact and Conclusions of Law resulting from the

2

general causation hearing.[2]

After finding that Plaintiffs had established general causation for certain injuries, the Court issued the Eighth Case Management Order, which provided a deadline of July 14, 2023, for the parties to exchange "new or supplemental expert reports."[3] This case management order did not prohibit the parties from designating new expert witnesses for the areas of expertise that were addressed during the general causation trial.

The July 14 deadline was reset in the Court's September 1 Minute Entry, which gave Defendants until September 29, 2023, to "file their lists of existing and new expert witnesses."[4] Again, the minute entry did not preclude any party from naming new expert witnesses on any general causation issue, and expressly contemplates new witnesses. No case management order or minute entry issued by the Court since the general causation hearing prohibits any party from naming new experts for the areas of expertise already addressed during that hearing.

Mr. Marshall was diagnosed with prostate cancer in early 2023.[5] He underwent surgery to treat the cancer on April 17, 2023.[6] In July of 2023, he was hospitalized due to complications from the cancer and related treatment.[7] He has continued to suffer complications from the cancer and treatment that affect his ability to work, and he informed the Waste Connections Defendants he could not continue serving as a testifying expert witness in this litigation.[8]

---

[2] *See* Findings of Fact and Conclusions of Law (Nov. 29, 2022) (No. 18-7889, R. Doc. 285; 19-11133, R. Doc. 323).

[3] 8th CMO, p. 9 (No. 18-7889, R. Doc. 325; 19-11133, R. Doc. 378).

[4] Minute Entry dated September 1, 2023, p. 2 (No. 18-7889, R. Doc. 369; 19-11133, R. Doc. 413).

[5] *See* Declaration of Jeffrey Marshall, attached hereto as Exhibit A, para 4.

[6] *Id*. at para. 5.

[7] *Id*. at para. 6.

[8] *Id*. at paras. 7-8.

Due to Mr. Marshall's health issues, the Waste Connections Defendants retained Dr. Shaha as their new expert on hydrogen sulfide generation. Consistent with the Court's September 1 Minute Entry, the Waste Connections Defendants timely identified Dr. Shaha as an expert in their September 29 disclosures.[9] The Waste Connections Defendants retained Dr. Shaha in August of 2023 and he has been working since that time to prepare his expert report.

Plaintiffs have not objected on the record to Mr. Shaha's designation, but raised the issue during two status conferences. In response, the Court ordered the Waste Connections Defendants to file the instant motion to address the designation of Dr. Shaha.[10]

## ARGUMENT

**I.      The Waste Connections Defendants' designation of Dr. Shaha as a testifying expert is proper under applicable rules, court orders, and minute entries.**

Now that the Waste Connections Defendants have properly designated Dr. Shaha in accordance with the Court's orders and applicable rules, there is no basis to resort to the drastic remedy of striking Dr. Shaha as an expert witness to rebut Plaintiffs' expert opinions. Dr. Shaha was timely disclosed to Plaintiffs, and the Waste Connections Defendants were not prohibited in any way from designating new experts. The stakes are high in this litigation—each of the *Addison* trial plaintiffs seeks at least $470,000 in damages—and the Waste Connections Defendants have a right to defend themselves with testifying expert witnesses of their choosing. *See Duncan v. Nunez,* No. 1:17-CV-01623, 2020 WL 2538462, at *1 (W.D. La. May 18, 2020) (litigants are generally free to retain any expert of their choosing); *Who Dat Yat Chat, LLC v. Who Dat?, Inc.,* No. CV 10-1333, 2012 WL 12990389, at *2 (E.D. La. Sept. 20, 2012) (same); *Westside-Marrero*

---

[9] Waste Connections Defendants' Witness List, p. 3 (No. 18-7889, R. Doc. 377; 19-11133, R. Doc. 418).

[10] Minute Entry dated November 14, 2023, p. 4 (No. 18-7889, R. Doc. 384; 19-11133, R. Doc. 433).

*Jeep Eagle, Inc. v. Chrysler Corp.,* No. CIV. A. 97-3012, 1998 WL 186728, at *3 (E.D. La. Apr. 17, 1998) (same).

"A party must make [expert witness disclosures] at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). Here, the Court set a deadline for the Waste Connections Defendants to file their list of "existing and new expert witnesses" by September 29.[11] The Waste Connections Defendants filed and served their list of experts naming Dr. Shaha on September 29. The Court did not restrict the Defendants' ability to name a new expert in any of its case management orders or minute entries. Nor does any federal rule preclude the Waste Connections Defendants from choosing their own expert witnesses to support their defense.

The Court did not adopt the opinions of either Dr. Pietari or Mr. Marshall in its decision on the general causation hearing. Plaintiffs have not served an expert report on the generation of landfill gas for the specific causation phase of the litigation, and when it is served, Defendants' expert will need to rebut the opinions in that report with a new report. Thus, there is no prejudice to either party from the designation of Dr. Shaha, and there will be no loss to judicial efficiency.

Since Dr. Shaha was timely disclosed, and nothing prohibited the Waste Connections Defendants from timely designating experts of their choosing, the Court should grant the Waste Connections Defendants' motion and uphold their timely designation of Dr. Shaha as an expert in this matter.

## II.     Mr. Marshall is recovering from cancer and the Waste Connections Defendants should be allowed to replace him with a new expert.

Even if the Court finds that the Parties should not have designated new experts on topics already addressed during the hearing on general causation, good cause exists to allow Dr. Shaha

---

[11] Minute Entry dated September 1, 2023, p. 2 (No. 18-7889, R. Doc. 369; 19-11133, R. Doc. 413).

to testify in light of Mr. Marshall's health condition and its impact on the Waste Connections Defendants' defense. A party may obtain modification of a case management order "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Courts have held that the declining health of an expert generally constitutes good cause to permit disclosure not in accord with a scheduling order. *See Collins v. A.B.C. Marine Towing, L.L.C.*, 2016 WL 9412669, at *2 (E.D. La. Jan. 11, 2016) (Fallon, J.); *Vedros v. Northrop Grumman Shipbuilding, Inc.*, 2015 WL 13540240, at *2 (E.D. La. May 28, 2015) (Barbier, J.). Mr. Marshall's prostate cancer and complications from its treatment prohibits him from continuing to serve as a testifying expert witness in this litigation.[12] As a result, good cause exists for the Waste Connection Defendants to replace Mr. Marshall with a qualified expert in the specialized field addressed by Dr. Pietari who can testify in this litigation – Dr. Shaha.

Although Dr. Shaha was timely disclosed, an analysis under Rule 37 (addressing untimely expert disclosures) of the Federal Rules of Civil Procedure also shows the addition of Dr. Shaha is "substantially justified and harmless." Fed. R. Civ. P. 37(c)(1). The Fifth Circuit has established a four-part test to determine whether an expert should be excluded under Rule 37:

(1) The importance of the witness' testimony;

(2) The prejudice to the opposing party if the witness is allowed to testify;

(3) The possibility that a continuance would cure the potential prejudice; and

(4) The explanation given for the failure to identify the witness.

*Collins*, 2016 WL 9412669 at *2, citing *Murphy v. Magnolia Elec. Power Ass'n.*, 639 F.2d 232, 235 (5th Cir. 1981).

Here, the *Murphy* factors weigh heavily in favor of Dr. Shaha's inclusion. First, Dr. Shaha's

---

[12] Declaration of Jeffrey Marshall, attached hereto as <u>Exhibit A.</u>

testimony is inherently important as it addresses a key element – causation – in Plaintiffs' negligence claims. Dr. Shaha will rebut Plaintiffs' experts' estimates of hydrogen sulfide generated at the Landfill, a highly disputed opinion needed to prove causation. Second, Plaintiffs will not be prejudiced since this designation is occurring before Plaintiffs serve their expert reports, they will be able to depose Dr. Shaha, and they may file related motions *in limine*. Third, since Dr. Shaha was timely disclosed, Plaintiffs have the same amount of time to prepare for Dr. Shaha's testimony as they have to prepare for the other new experts, such that any continuance would not be necessary. And lastly, Mr. Marshall's unfortunate health condition is beyond the Waste Connections Defendants' control and is a valid explanation for the addition of Dr. Shaha. *See id.* ("The unforeseen death of the original expert is a valid explanation for the failure to timely disclose the replacement expert.").

At a recent telephone status conference, Plaintiffs' counsel complained that Dr. Shaha is not just a replacement of Mr. Marshall, but a "replacement plus," on the premise that Dr. Shaha was a co-author of a publication on which Dr. Pietari relied at the general causation hearing. But the fact that Dr. Shaha is well-suited to testify in this case – and will likely assist the jury in arriving at the truth – is not a prejudice to Plaintiffs' ability to prepare their case, nor is it a prejudice that warrants exclusion under Rule 37. *See Robin v. Weeks Marine, Inc.*, 2018 WL 10776315, at *3 (E.D. La. Nov. 19, 2018) (Morgan, J.) (excluding new expert opinion because it was offered 11 days before trial); *Stone v. United States*, 2017 WL 1927719, at *3 (E.D. La. May 9, 2017) (Morgan, J.) (insufficient showing of prejudice given expert's availability for deposition).

Accordingly, the Waste Connections Defendants' timely expert designation of Dr. Shaha is substantially justified and harmless, and therefore, Dr. Shaha should not be excluded.

**III.    There is no basis for requiring the Waste Connections Defendants to select an expert from SCS Engineers.**

In discussion during a status conference, the Court inquired whether Mr. Marshall could be replaced with another employee of SCS Engineers. There is no basis—neither a Court order nor any other logical reason—for requiring the Waste Connections Defendants to select an expert employed by SCS.

Although SCS employees have collected field data from the Landfill and served as consulting experts for the Waste Connections Defendants, these data had nothing to do with Mr. Marshall's expert opinions offered at the general causation hearing. Mr. Marshall testified solely for the purpose of rebutting Plaintiffs' expert Dr. Pietari, and did not rely on any data collected by SCS Engineers. Mr. Marshall was designated and qualified individually as an expert. The Waste Connections Defendants retained Mr. Marshall for his subject matter expertise in hydrogen sulfide generation, not for his association with SCS Engineers.

The deadline to designate experts has already come and gone, and the Waste Connections Defendants have designated Dr. Shaha and begun working in earnest with him. Counsel for Waste Connections Defendants and Dr. Shaha have spent substantial time coming up to speed on the detailed record of this case and the history of the landfill in order to meet the aggressive trial preparation timeline in the Twelfth (*Addison*) and Thirteenth (*Ictech-Bendeck*) Case Management Orders. To now require the Waste Connections Defendants to go back to the drawing board and interview and select an expert from SCS Engineers (if an appropriate one even exists), would be highly prejudicial, and at the very least would require a continuance of the deadlines set out in the Case Management Order.

Further, requiring the Waste Connections Defendants to select an expert from SCS Engineers would not mitigate any purported prejudice to Plaintiffs. Even if the Waste Connections

Defendants selected an expert from SCS, the testimony would necessarily be the testimony of that expert and premised on that expert's knowledge, training, and experience—it would not be the testimony of Mr. Marshall, nor of "SCS Engineers" as a corporate entity. And because the Waste Connections Defendants' expert will be rebutting the testimony of Plaintiffs' expert (the scope of which still remains to be seen), there is no way for the Waste Connections Defendants to guarantee that any expert of theirs will give the same scope of testimony as that given by Mr. Marshall during the general causation hearing. In short, nothing would be achieved by forcing the Waste Connections Defendants to select an expert from SCS beyond wrongly penalizing the Waste Connections Defendants for timely selecting an expert of their choice, as they were entitled to do under the Court's orders.

## CONCLUSION

Nothing in the case management orders, the Court's minute entries, any other Court order, nor the Federal Rules of Civil Procedure, prohibits the Waste Connections Defendants from timely designating experts of their choosing. Even if such an order existed, good cause exists for the Waste Connections Defendants to replace their original expert, Mr. Marshall, with Dr. Shaha; and the addition of Dr. Shaha is substantially justified and harmless.

Respectfully submitted,

LISKOW & LEWIS, APLC

 */s/ Michael C. Mims*
Michael C. Mims (#33991)
Charles B. Wilmore (#28812)
Brady M. Hadden (#37708)
J. Hunter Curtis (#39150)
Alex Andrade (#38659)
Cecilia Vazquez (#39373)
701 Poydras Street, Suite 5000
New Orleans, LA 70139
Telephone:  (504) 581-7979
Telefax: (504) 556-4108

AND

BEVERIDGE & DIAMOND, P.C.

Megan R. Brillault (*pro hac vice)*
Michael G. Murphy (*pro hac vice)*
John H. Paul (*pro hac vice)*
Katelyn E. Ciolino (*pro hac vice)*
Katrina M. Krebs (*pro hac vice)*
477 Madison Avenue, 15th Floor
New York, NY 10022
(212) 702-5400
James B. Slaughter (*pro hac vice)*
1900 N Street, NW, Suite 100
Washington, DC 20036
(202) 789-6000
Michael F. Vitris (*pro hac vice)*
400 W. 15th Street, Suite 1410
Austin, TX 78701
(512) 391-8035

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was electronically filed on November 22, 2023. Notice

of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties

may access this filing through the Court's system.

<u>/s/ Michael C. Mims</u>
OF COUNSEL