UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **FREDERICK ADDISON, ET AL.,** | * | **CIVIL ACTION NO. 19-11133,** |
| **PLAINTIFF,** | * | **c/w 19-14512** |
| | * | |
| **VERSUS** | * | **SECTION: "E" (5)** |
| | * | |
| **LOUISIANA REGIONAL LANDFILL** | * | **JUDGE MORGAN** |
| **COMPANY, ET AL.,** | * | |
| **DEFENDANTS.** | * | **MAGISTRATE** |
| | * | **JUDGE NORTH** |
| *APPLIES TO: ALL CASES* | * | |

### REPLY MEMORANDUM IN SUPPORT OF
### MOTION FOR LEAVE TO DEPOSE PLAINTIFFS A.G. AND B.G.

All Defendants[1] jointly submit this reply memorandum in support of their motion for leave to conduct the depositions of Plaintiffs A.G. and B.G.

Plaintiffs have failed to cite a single case that precluded a litigant from deposing a minor witness, and certainly not a case in which the minor is a named plaintiff seeking nearly half a million dollars in damages. Plaintiffs' counsel made the decision to file suit on behalf of A.G. and B.G. and to designate A.G. and B.G. as plaintiffs in the upcoming specific causation trial, and both federal law and basic due process principles dictate that Defendants must be allowed to prepare a defense – including the opportunity to depose A.G. and B.G.

Plaintiffs' chief argument is that the testimony of A.G. and B.G. will offer nothing new that hasn't already been revealed in discovery – but they offer no support for this other than their own *ipse dixit*. Plaintiffs further argue, again without any support, that A.G. and B.G.'s medical

---

[1] Defendants in this matter are Waste Connections US, Inc., Waste Connections Bayou, Inc., and Louisiana Regional Landfill Company (collectively, the "Waste Connections Defendants"), the Parish of Jefferson, and Aptim Corp.

records "testify eloquently to anything the children could say in a deposition"[2] – which is patently false. In truth, A.G.'s and B.G.'s medical records make no mention of odors or pollutants whatsoever, despite their having visited multiple providers during the relevant time period.

For these reasons, as set forth more fully below, the Court should grant Defendants' motion and allow for depositions of A.G. and B.G.

### 1. Plaintiffs have failed to cite a single case that precluded a litigant from deposing a minor witness.

Plaintiffs cannot escape the fact that "the great weight of the decisions permit a deposition where children are parties or witnesses to the claims in dispute, with reasonable restrictions." *Williams v. Cty. of San Diego*, 2019 WL 5963969, at *7 (S.D. Cal. Nov. 13, 2019).[3] In seeking to obstruct Defendants' trial preparation, Plaintiffs fail to cite a single authority that precluded a litigant from deposing a minor witness – instead, they point the Court to multiple wholly inapplicable cases. *See, e.g., Danny B. ex rel. Elliott v. Raimondo*, 784 F.3d 825 (1st Cir. 2015) (reversing district court decision that denied minor plaintiffs – who were foster children – access to their lawyers prior to trial; no mention of deposition of children).

While the Court enjoys vast discretion for managing discovery, basic due process principles dictate that Defendants should be allowed to prepare a rebuttal to A.G.'s and B.G.'s exorbitant damages claims, including the opportunity to depose them regarding their *personal* experiences with the alleged odors. *See Halley v. State of Oklahoma*, 2016 WL 4995393, at *2 (E.D. Okla. Sept. 19, 2016) ("[The minor plaintiff] is at the center of this case, and Defendants are

---

[2] Opposition, p. 3.

[3] *See also Edgin on behalf of I.E. v. Blue Valley USD 220*, 2021 WL 1750861 (D. Kan. May 4, 2021); *Halley v. State of Oklahoma*, 2016 WL 4995393, at *2 (E.D. Okla. Sept. 19, 2016) (finding "no precedent for preventing a [minor] deposition").

entitled to discovery regarding his memory and understanding of the events of this case, in the absence of a showing of good cause to prevent it.").

### 2. The testimony will not be cumulative.

Next, Plaintiffs insist that A.G. and B.G. have no testimony to offer beyond what their parents have already provided – however, this is nothing more than an unsupported assertion of counsel. Plaintiffs likewise claim that A.G. and B.G.'s medical records "testify eloquently to anything the children could say in a deposition" – but the medical records make no mention of odors or pollutants whatsoever, despite A.G. and B.G. having visited multiple providers during the relevant time period. Tellingly, Plaintiffs did not attach any of the "eloquent" testimony from the medical records. After reviewing ample records obtained by subpoena, Defendants have found no record that sheds any light on A.G.'s and B.G.'s experiences with odors.

Presently, the record is devoid of admissible evidence regarding whether A.G. and B.G. experienced the alleged odors, how often, and how any odors affected their lives. The only evidence in the record on these points is the hearsay[4] and speculation[5] offered by their parents. Such testimony would be inadmissible at trial, and thus cannot serve as the basis for precluding discovery on A.G. and B.G. as cumulative.

Plaintiffs disingenuously suggest there is "no question"[6] that everyone in the Gremillion home smelled the odors – but everyone experiences odor differently and detects odors at different levels, as established by experts from both sides at the general causation hearing. And it's simply

---

[4] For example, Wendy Gremillion's testimony: "It stunk to them. It smelled like farts, like rotten eggs. That's what they would say." Document 432-5, p. 3, lines 13-15.

[5] For example, Question: "How do you know that [your kids smelled it as strongly as you]?" / Answer by Wendy Gremillion: "Because they -- they had -- I'm smelling it. It's there. I mean, they had to smell it." Document 432-5, p. 3, lines 16-25.

[6] Opposition, p. 7.

not true that the odors cited by Wendy and Scott Gremillion were a universal experience for citizens of River Ridge and Harahan during the relevant time period – in fact, the evidence shows that at homes located 3+ miles away from the Jefferson Parish Landfill like the Gremillion property, many citizens experienced little or no landfill odors during the 2017-2019 timeframe.[7]

This variability of perception and impact is precisely why Defendants must be allowed to depose A.G. and B.G. to have them describe their own experiences.  Defendants are entitled to know what A.G. and B.G. would tell a jury when asked whether they smelled the alleged odors at issue in this case, how often, and how the odors affected them. Such testimony would necessarily not be cumulative of any testimony of Wendy and Scott Gremillion, as their testimony of what A.G. and B.G. experienced would be inadmissible hearsay and speculation.

3. **Defendants' previous discovery efforts are not a basis to deny depositions of A.G. and B.G.**

Lacking any legal authority to support denial of these depositions, Plaintiffs fall back on hollow accusations of harassment. Defendants readily admit they have engaged in robust, good faith discovery efforts to discover potential alternative sources of Plaintiffs' alleged symptoms – which is certainly appropriate under Rule 26, especially when considering Plaintiffs' minimum $471,000-per-person demand. Of course, Defendants' counsel are ethically bound to represent their clients with diligence and zeal,[8] and good faith discovery efforts are not a basis for curtailing Defendants' ability to prepare for trial.

Plaintiffs argue that past depositions of individual trial Plaintiffs were embarrassing, which

---

[7] *See* Exhibit G, a collection of declarations from citizens living in the River Ridge and Harahan neighborhoods (near the Gremillion home) who experienced little or no landfill odors during the relevant time period.

[8] See Louisiana Rules of Professional Conduct, Rule 1.3 ("A lawyer shall act with reasonable diligence and promptness in representing a client."); Comments to ABA Model Rule 1.3 ("A lawyer must also act with commitment and dedication to the interests of the client and with zeal in advocacy upon the client's behalf.").

Defendants deny. Regardless, without a showing of good cause, which Plaintiffs have not shown here, a litigant is not allowed to shield relevant evidence from discovery merely because he subjectively deems it to be embarrassing. *See* Rule 26(C)(1). Here, Plaintiffs have centered the trial of this action around their subjective and self-reported experiences of odors, illness, quality of life, enjoyment of property, sources of odors, and sources of anxiety. Defendants are entitled and obligated to ask about those topics during depositions, to present the Court and the jury with a fair picture of the source of any alleged harm.

Plaintiffs accuse Defendants of serving written discovery that was duplicative of deposition questions – but tellingly, Plaintiffs failed to attach Defendants' actual written discovery requests. If they had done so, it would have revealed that Defendants had asked different questions than what was asked at the deposition of A.G. and B.G.'s parents.

Plaintiffs also accuse Defendants of "harassing" A.G. and B.G. with written discovery that asked for information about worker's compensation claims – and again, Plaintiffs omitted the actual text of Defendants' request, which asked for identification of "every **demand, lawsuit,** or workers' compensation claim that you have made or filed or that has been made or filed on your behalf" related to odors (emphasis added). Defendants' innocuous inclusion of this "worker's compensation" language, in discovery issued in a *mass tort* action, is not harassment and is certainly not a basis for precluding Defendants from preparing a defense as to A.G.'s and B.G.'s claims. It is not an undue burden for a plaintiff of any age to respond that she has no responsive records to a discovery request.

Of course, Defendants will agree to reasonable limitations on the deposition of A.G. and B.G., and recognize that children may be more sensitive or nervous about certain deposition questions than adults. Defendants do not oppose Plaintiffs' suggestion of a conference with the

5

Court to discuss reasonable restrictions.

## CONCLUSION

A.G. and B.G. are named plaintiffs who are each seeking nearly half a million dollars in damages. Federal law and basic due process principles both dictate that Defendants must be allowed to prepare a defense – including the right to depose A.G. and B.G. The record is devoid of admissible evidence regarding whether A.G. and B.G. experienced the alleged odors, how often, and how the odors affected their lives. Defendants are entitled to explore these issues in depositions as part of their preparation for trial. For these reasons, Defendants respectfully request the Court grant their motion and order that A.G. and B.G. appear for depositions, under whatever conditions the Court deems appropriate.

Respectfully submitted,

LISKOW & LEWIS, APLC

*/s/ Michael C. Mims*
Michael C. Mims (#33991)
Charles B. Wilmore (#28812)
Brady M. Hadden (#37708)
J. Hunter Curtis (#39150)
Alex Andrade (#38659)
Cecilia Vazquez (#39373)
701 Poydras Street, Suite 5000
New Orleans, LA 70139
Telephone:  (504) 581-7979
Telefax: (504) 556-4108

AND

BEVERIDGE & DIAMOND, P.C.

Megan R. Brillault (*pro hac vice*)
Michael G. Murphy (*pro hac vice*)
John H. Paul (*pro hac vice*)
Katelyn E. Ciolino (*pro hac vice*)
Katrina M. Krebs (*pro hac vice*)

477 Madison Avenue, 15th Floor
New York, NY 10022
(212) 702-5400
James B. Slaughter (*pro hac vice*)
1900 N Street, NW, Suite 100
Washington, DC 20036
(202) 789-6000
Michael F. Vitris (*pro hac vice*)
400 W. 15th Street, Suite 1410
Austin, TX 78701
(512) 391-8035

*Attorneys for Waste Connections Defendants*

GIEGER, LABORDE & LAPEROUSE, L.L.C.

   */s/ John E.W. Baay, II*
Ernest P. Gieger, Jr. (Bar #6154)
John E.W. Baay, II (Bar #22928)
J. Michael DiGiglia (Bar #24378)
Nicholas S. Bergeron (Bar #37585)
701 Poydras Street, Suite 4800
New Orleans, LA 70139
Telephone: (504) 561-0400
Telefax: (504) 561-1011

*Attorneys for Aptim Corporation*

AND

CONNICK & CONNICK, LLC

   */s/ Michael S. Futrell*
William P. Connick (Bar #14158)
Michael S. Futrell (Bar #20819)
Matthew D. Moghis (Bar #33994)
3421 N. Causeway Blvd., Suite 408
Metairie, LA 70002
Telephone: (504) 681-6663
Telefax: (504) 838-9903

*Attorneys for Jefferson Parish*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was electronically filed on November 22, 2023. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

>> */s/ Michael C. Mims*
>> OF COUNSEL