

Michael C. Mims
mmims@liskow.com
D: 504.556.4143

November 27, 2023

**VIA PDF EMAIL: efile-Morgan@laed.uscourts.gov**

The Honorable Susie Morgan
U.S. District Judge, Section "E"
United States District Court
Eastern District of Louisiana
500 Poydras Street, Rm. C322
New Orleans, LA  70130

**EXHIBIT 9**

      Re:   *Frederick Addison, et al v. Louisiana Regional Landfill Company, et al,* USDC EDLA No. 19-11133, Sect. "E" (5)

Dear Judge Morgan:

      On behalf of the Waste Connections Defendants,[1] I respectfully write to seek clarification regarding the status of Plaintiffs' Second Amended Complaint.[2] Presently, the Waste Connections Defendants do not intend to file responsive pleadings to the Second Amended Complaint, as we do not believe responsive pleadings to be required or appropriate – but if the Court disagrees, we will happily prepare and file responsive pleadings, and would appreciate an extension until December 7, 2023.

      Generally, the Federal Rules of Civil Procedure do not allow amendments without leave of Court or consent of all parties.[3] Here, the Waste Connections Defendants did not consent to the filing of the Second Amended Complaint as currently drafted, given that it purports to state claims on behalf of persons who are not proper parties, as set forth in Defendants' Opposition to Plaintiffs' Motion to Substitute ("Opposition")[4] and Defendants' pending Cross-Motion To Dismiss Certain Plaintiffs Pursuant To Federal Rule Of Civil Procedure 25 ("Cross-Motion to Dismiss").[5] As set forth in the Opposition and Cross-Motion to Dismiss, Defendants seek the dismissal of various Plaintiffs who are now deceased and for whom proper and timely substitution has not been made.

---

[1] Louisiana Regional Landfill Company, Waste Connections Bayou, Inc., and Waste Connections US, Inc.
[2] ECF Doc. #431.
[3] Rule 15(a)(2).
[4] ECF Doc. #440.
[5] ECF Doc. #441.



November 27, 2023

  Plaintiffs did not seek leave of Court to file the Second Amended Complaint – presumably because the filing was contemplated by the Twelfth Case Management Order ("CMO").[6] However, the CMO required Plaintiffs to submit a draft of the Second Amended Complaint to Defendants, and for the parties to meet and confer over potential concerns by Defendants. The Waste Connections Defendants indeed raised objections to the Second Amended Complaint to Plaintiffs, which were not resolved and necessitated the filing of the Opposition and Cross-Motion to Dismiss. The Waste Connections Defendants understood that the Court's acceptance of the Second Amended Complaint hinged on the parties' reaching agreement, or on the Court's resolution of the parties' objections – neither of which has yet occurred.

  Further, judicial efficiency dictates against requiring the Waste Connections Defendants to file responsive pleadings at this time. If the Court denies the Cross-Motion to Dismiss, the Waste Connections Defendants will explore potential Rule 12(b) motions seeking dismissal of those substituted persons whom we believe are not proper parties.[7] If the Court grants the Motion to Dismiss, such motions would presumably be unnecessary, and the Waste Connections Defendants would presumably proceed with filing an answer. For these reasons, the Waste Connections Defendants seek clarification from the Court as to whether it will require Defendants to serve responsive pleadings to the Second Amended Complaint as currently filed.

  If we may provide additional information to the Court, we are happy to make ourselves available. We appreciate the many courtesies that have been extended by the Court.

                    Respectfully,

                     Michael C. Mims

cc: all counsel of record via e-mail

---

[6] ECF Doc. #429, p. 3.

[7] The presently pending Motion to Dismiss seeks dismissal of the *deceased* Plaintiffs, not their putative substitutes.