WHITEFORD, TAYLOR & PRESTON L.L.P.

1800 M STREET, NW, SUITE 450N
WASHINGTON, D.C. 20036-5405

MAIN TELEPHONE (202) 659-6800
FACSIMILE (202) 331-0573

DELAWARE*
DISTRICT OF COLUMBIA
KENTUCKY
MARYLAND
MICHIGAN
NEW YORK
PENNSYLVANIA
VIRGINIA

WWW.WTPLAW.COM
(800) 987-8705

ERIC C. ROWE
SENIOR COUNSEL
DIRECT LINE (202) 659-6787
DIRECT FAX
erowe@wtplaw.com

November 28, 2023

**EXHIBIT 10**

**VIA PDF EMAIL: efile-Morgan@laed.uscourts.gov**

Honorable Susie Morgan
United States District Court
for the Eastern District of Louisiana
500 Poydras Street, Room C C322
New Orleans, LA 70130

>    Re:   ***Elias Jorge "George" Ictech-Bendeck v. Waste Connections Bayou, Inc., et al.,*** **No. 18-7889 et al.,**
>    and
>    ***Frederick Addison, et al. v. Louisiana Regional landfill Company, et al.,*** **No. 19-11133**

Dear Judge Morgan,

The *Addison* Plaintiffs object to the letter submitted last night by the Waste Connections Defendants. Procedurally, some time ago, the Court directed the parties to stop seeking relief through letters to the Court. We respectfully request that the Court reject the letter for that reason alone and that the Waste Connections Defendants be reminded of the proper procedure to raise issues before the Court.

Similarly, just one week ago, these same Defendants moved to dismiss a number of deceased Plaintiffs, asserting that the Plaintiffs' motion to substitute deceased Plaintiffs was untimely. Having demanded strict adherence by the Plaintiffs to deadlines set out in the rules of civil procedure, Defendants should be governed by the same standard.

Substantively, the Waste Connections Defendants' answer to the Second Amended Complaint was due yesterday. Either strategically or neglectfully, they waited until after the close of business to write to the Court, purporting to express confusion over the deadline and asking the Court for advice. However, it is entirely improper for the Waste Connections Defendants to seek legal advice from the Court, and it would be equally improper for the Court to give that advice.

The Waste Connections Defendants have no valid excuses for their failure to comply with the Rules and the Case Management Order. The *Addison* Plaintiffs filed their Second Amended Complaint on November 10, 2023, ***as required b*y** § II.2 of the 12th Case Management Order ("On

or before Friday, November 10, 2023, the *Addison* counsel shall file a Second Amended Complaint…."). In turn, Rule 15(a)(3) required the Defendants' answers to the amended complaint to be filed within 14 days, or by Friday, November 24, 2023 ("any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later"). Because that day was a state holiday in Louisiana (Acadian Day), the deadline rolled until Monday, November 27, 2023. Defendant Aptim Corporation filed its answer within the deadline. The Waste Connections Defendants did not.[1]

If the Waste Connections Defendants needed additional time, their remedy was to file a motion for extension of time under Rule 6, which, given the intervening Thanksgiving holiday, likely would have been granted (if it was even opposed, but Plaintiffs were never asked if they opposed such an extension). If they believed that some of the allegations of the Second Amended Complaint were incorrect, then their remedy was an answer denying those allegations.

Instead, the Waste Connections Defendants wrote to the Court, seeking to create a basis for their failure to act. They purport to seek "clarification" regarding "status" of the Second Amended Complaint, and that they "do not believe responsive pleadings to be required or appropriate." If that were truly the case, of course, the Waste Connections Defendants should simply stick to their "belief." There would be no need to ask the Court.

The Waste Connections Defendants argue that the Second Amended Complaints was filed without leave of court or their consent. But both leave of court and their consent was provided months ago in the Case Management Order. Because the Second Amended Complaint was *required by* the CMO to be filed on November 10, no further leave of court or consent was necessary.

The Waste Connections Defendants assert that their objections to the Second Amended Complaint were not resolved (which of their objections were not resolved, they don't say), and that they understood that "the Court's acceptance of the Second Amended Complaint hinged on the parties' reaching agreement, or on the Court's resolution of the parties' objections." But the Case Management Order nowhere says that the filing of the Second Amended Complaint was contingent upon resolution of objections before filing. Indeed, if such objections were not resolved before filing, that's what motions to dismiss are for.

The Waste Connections Defendants assert that they have moved to dismiss a number of deceased Plaintiffs, and that "judicial economy" would be served by postponing their answer to the Second Amended Complaint until after the Court rules on those motions. However, these motions were filed on November 21, 2023, eleven days after the Second Amended Complaint was filed. Had these motions been brought under Rule 12, then the Waste Connections Defendants could at least have asserted the answer was not required until after the Court rules, pursuant to Rule 12(d). However, the motions were brought not brought under Rule 12. Instead, they were brought solely under Rule 25, and Defendants never suggested in either motion that the answers

---

[1] Jefferson Parish likewise missed the deadline.

Honorable Susie Morgan
November 28, 2023
Page 3

to the Second Amended Complaint should be postponed until after the Court rules. Moreover, Defendants assert in those motions that the 90-day deadline for substitution expired weeks ago, so (taking them at their word) their motions could easily have been filed, and resolved, long before the Second Amended Complaint was even provided to them for their pre-filing review. Yet Defendants waited until after the Second Amended Complaint was filed to bring the motions. As a result, any duplicative work is the result of the Defendants' own failure to act in a timely fashion.

In any event, as will be discussed in more detail in Plaintiffs' opposition to those motions, Defendants had agreed to accomplish the substitution by an omnibus consent order (waiving the 90-day deadline), and Defendants well knew that the Plaintiffs were relying on that agreement. Indeed, per the CMO, the Defendants were provided a copy of the draft one week before the filing deadline. Following their review of the Second Amended Complaint, Defendants stated only that the substitution could not be accomplished solely by amendment, and required a motion, which Plaintiffs duly prepared and circulated. Shortly before the close of business on November 10, 2023, Defendants, for the first time, asserted they would not consent to the substitution of certain parties. Defendants never requested a meet and confer on this issue prior to objecting to the substitutions in the late afternoon on the due date.

The time has now passed for the Waste Connections Defendants to respond to the Second Amended Complaint, and the Waste Connections Defendants should be required to follow the rules in dealing with that fact. Arguments such as those raised by the Waste Connections Defendants need to be on the record in a properly raised motion.

The parties have far too much to be accomplished to meet our trial date in August; however, the Defendants continue to engage in futile, non-dispositive battles that only cause expense to Plaintiffs and waste the Court's time. If Defendants were truly concerned about "judicial economy," then they would not be litigating every possible issue.

For the foregoing reasons, the letter to the Court was improper and should be rejected.

Respectfully submitted,

WHITEFORD TAYLOR & PRESTON, LLP

By:_____

cc: Counsel of record