**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **FREDERICK ADDISON, ET AL.,** **Plaintiffs** **VERSUS** **LOUISIANA REGIONAL LANDFILL COMPANY, ET AL.,** **Defendants** *Applies to: All Cases* | **CIVIL ACTION** **NO. 19-11133, c/w 19-14512** **SECTION: "E" (5)** **JUDGE: Morgan** **MAGISTRATE JUDGE: North** |

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS'**
**CROSS-MOTION TO DISMISS CERTAIN PLAINTIFFS PURSUANT TO**
<u>**FEDERAL RULE OF CIVIL PROCEDURE 25**</u>

## INTRODUCTION

Rule 25 establishes deadlines and procedures for determining whether the claims of deceased plaintiffs may proceed, and Plaintiffs admit that they have not complied with those requirements here. Defendants served suggestions of death on the next of kin of 13 Plaintiffs, some of whom died more than three years ago, and over 90 days passed before the *Addison* counsel attempted to substitute representatives for the deceased parties. The sole reason given for not meeting the Rule 25 deadline is counsel's alleged confusion in communications with Defendants. The record is clear that the 90-day substitution deadline of Rule 25 still applied. And no evidence has been provided that the next of kin themselves timely decided to seek substitution—in other words, that the next of kin acted promptly enough that a motion to substitute would have been filed within 90 days of service, even absent counsel's mistake. Without that showing, and without establishing excusable neglect by the next of kin, substitution is not warranted on that basis alone.

Attempting to create ambiguity where this is none, Plaintiffs ask the Court to find waiver of the 90-day substitution deadline or excuse the *Addison* counsel's noncompliance with this requirement. The lack of any ambiguity or alleged waiver by Defendants is underscored by prior practice in this case and the case management orders that the parties negotiated and the Court so-ordered, which explicitly state that Rule 25 governed the substitutions of the deceased Plaintiffs. A separate requirement in the case management orders requiring the filing of an amended complaint did not modify the 90-day substitution deadline. By agreeing to a *procedure* for substitutions, Defendants did not thereby waive the applicability of Rule 25's 90-day timeframe. Indeed, Defendants researched and served suggestions of death on numerous next of kin for no purpose other than to start the 90-day clock. *See* Appendix, appended to this document.

If the Court further extends the time to move to substitute under Rule 6(b), Defendants are prejudiced by the loss of the repose that Rule 25 is intended to create, and by the loss of the

substantial resources of time and money that Defendants spent on locating and serving next of kin who did not take timely action. The Court should enforce Rule 25, find no excusable neglect, and dismiss with prejudice the claims of deceased Plaintiffs Geraldine Batiste, Liz Everson, Devora Hampton, Doris Collins, Jake James, Jr., Leon Bradley, Verna Gabriel, Ernest Newell, Joseph Pete, Jr., Wiley Pinkley, Kerry Ridgley, Jr., Karen Ross, and David Scott.

## ARGUMENT

### I.  Defendants did not consent to blanket substitutions of all deceased Plaintiffs.

Defendants did not agree to waive the 90-day substitution deadline under Rule 25. Throughout this litigation, the parties have understood that the substitution and dismissal of deceased Plaintiffs is governed by Rule 25. *See, e.g.*, R. Doc. 195 (substituting deceased Plaintiff by motion); R. Doc. 322 (deceased Plaintiffs dismissed where substitution was not sought within 90 days following service of suggestions of death). And the record shows that Rule 25 continued to apply to the deceased Plaintiffs for whom notices of suggestion of death were filed by Defendants on February 22, 2023, and March 7, 2023.

As Plaintiffs—and their counsel—were aware, after filing the notices of suggestion of death, Defendants continued to research the names and addresses of the deceased Plaintiffs' next of kin and to serve suggestions of death on the next of kin—the purpose of which was to start the 90-day clock for substitution. Pls. Br. 6; *see* Fed. R. Civ. P. 25 adv. Comm. Notes ("If a party . . . desires to limit the time within which another may make the motion [to substitute], he may do so by suggesting the death upon the record.").[1]

---

[1] In the interest of judicial efficiency, and because Rule 25 does not include a deadline for seeking to dismiss deceased Plaintiffs, Defendants did not seek dismissal of the deceased parties until November 2023 to avoid burdening the Court with piecemeal motions after each deadline passed.

Then on March 7, 2023—after the initial set of notices of suggestion of death were filed—in an email sending their edits on the proposed Eighth Case Management Order, *Plaintiffs'* counsel stated that substitutions for deceased Plaintiffs "need[ed] to be governed by Rule 25, since the successors are non-parties." Defs. Ex. 19. In the proposed case management order attached to that email, *Plaintiffs* deleted a provision setting a specific deadline for substitutions of deceased Plaintiffs. Defs. Ex. 20. *Plaintiffs* staked out the position that Rule 25 "provides for 90 days from service" for substitution, and thus *Plaintiffs* added a new provision stating that "[w]ith respect to Plaintiffs who have died and for whom Defendants have filed a suggestion of death, substitution of parties will be governed by Fed. R. Civ. P. 25." *Id.*

This language proposed by Plaintiffs was included in the Eighth Case Management Order, as well as all subsequent case management orders. R. Docs. 378 at 2, 385 at 2, 398 at 2, 427 at 2, 429 at 3. The record therefore establishes that the parties agreed, and the Court required, that deceased Plaintiffs were to be substituted by motion within 90 days of service of the suggestion of death, consistent with the requirements of Rule 25. Fed. R. Civ. P. 25(a). Based on repeated prior practice and Plaintiffs' and their counsel's reference to Rule 25's 90-day deadline, Defendants understood that the 90-day deadline would be enforced.

The case management orders did not alter these requirements by setting a separate deadline for filing an amended complaint, as Plaintiffs argue. *See* R. Docs. 378 at 2, 427 at 3. The second amended complaint was intended to reflect changes in minor status, the dismissal of parties, and previously ordered substitutions of deceased Plaintiffs; it did not supplant the Rule 25 requirements, which the case management orders stated still applied.[2] Nor could it supersede Rule

---

[2] To ensure the amended complaint addressed all outstanding issues related to the deceased parties, Plaintiffs could have filed the motion to substitute well in advance of the amended complaint deadline—not minutes before filing the amended complaint.

25 because, as noted by Plaintiffs' counsel, the successors are non-parties and would not be subject to the case management orders entered in this action.

Plaintiffs—and their counsel—acknowledged the applicability of Rule 25 by seeking Defendants' agreement to "*ex parte* consent substitution" on May 23, 2023, *before* the 90-day deadline had passed for *any* of the deceased Plaintiffs—though in doing so, Plaintiffs did not identify the specific deceased Plaintiffs to be substituted nor the proposed representatives. Pls. Ex. 1, R. Doc. 449-1. While Defendants generally agreed that same day to this *procedure* for substitutions, Defendants specifically requested the identities of the deceased Plaintiffs to be substituted and their legal representatives. *Id.*; *see also* Pls. Br. 2-3 (admitting that Defendants agreed "to a process" for the substitutions). This information was critical to assess whether the proposed substitutions were timely and proper. And the names for proposed substitution were not "already kn[own]" by Defendants. Pls. Br. 6. Indeed, not all next of kin have sought to be substituted as legal representatives, and Plaintiffs have moved to substitute an incorrect relative— illustrating the need for a list of proposed substitutions before Defendants could agree to them. Yet Plaintiffs did not identify the deceased Plaintiffs to be substituted or their legal representatives for more than five months, and only after Defendants reiterated that a motion to substitute was required under Rule 25 when Plaintiffs sent a proposed amended complaint. Pls. Ex. 2, R. Doc. 449-2.

As demonstrated by the Court's case management orders, the parties' communications, and Defendants' actions, the 90-day deadline under Rule 25 applied to the substitutions of deceased Plaintiffs. No waiver of this requirement occurred, and Defendants retained the right to object to

4

untimely and improper substitutions, as they did with respect to both Plaintiffs' motion to substitute and the second amended complaint.[3]

## II. Plaintiffs have not established the excusable neglect required to extend the time to seek substitution of the deceased Plaintiffs.

The Court should not extend the 90-day deadline for filing a motion to substitute, which is requested for the first time in Plaintiffs' opposition to Defendants' cross-motion to dismiss, because Plaintiffs have not shown excusable neglect on behalf of the proposed representatives *and* their counsel. Fed. R. Civ. P. 6(b)(1)(B). Courts consider "the reason for the delay, including whether it was in the reasonable control of the movant, and whether the movant acted in good faith," among other factors, in determining whether the excusable neglect standard has been met. *See Gamboa v. Citizens, Inc.*, No. 17-cv-241, 2018 WL 1885194, at *2 (W.D. Tex. Mar. 20, 2018) (denying motion to substitute and dismissing deceased party; even without a showing of prejudice or delay, excusable neglect not established where plaintiffs waited about 40 days past their deadline to file substitution motion after defendants failed to respond to an email requesting their position on the motion).[4]

A finding of excusable neglect is not warranted because there is no evidence that the next of kin of the deceased Plaintiffs timely acted on their rights to seek substitution for the deceased parties. Plaintiffs' opposition does not mention any actions taken by the proposed representatives

---

[3] Illustrating the illogic of Plaintiffs' waiver argument, Plaintiffs assert that based on Defendants' May 23, 2023 email agreeing to a procedure for substitution, Defendants "waived the 90-day limit, at least with respect to those deceased Plaintiffs who would be included in the amended complaint." Pls. Br. 8-9. However, Defendants did not know for more than five months who Plaintiffs would seek substitution of—or under Plaintiffs' theory, for whom they would have waived the substitution deadline.

[4] Defendants' letter to the Court clarifying that a response to the amended complaint was not yet due, with which the Court agreed, Pls. Br. 13, does not establish a basis for ignoring the 90-day deadline for substitution in Rule 25.

to preserve the claims of the deceased Plaintiffs, such as by contacting Plaintiffs' counsel and asserting their intent to be substituted within 90 days after service of the suggestion of death.[5]  To the extent the next of kin caused or contributed to the delay, there also has been no showing—or even argument—that the neglect was excusable. Even if the record could support confusion by Plaintiffs' *counsel* as to the 90-day deadline (which it does not, as further discussed below), such a finding has no bearing if the next of kin had *already missed* the deadline for filing a motion to substitute. The Court should not grant any extension of the 90-day deadline on what is at best a partial showing of excusable neglect.

Moreover, Plaintiffs cannot establish excusable neglect based on any alleged confusion by their counsel due to existence of the deadline for filing an amended complaint in the case management orders, or Defendants' general agreement to a procedure for substitution, which occurred prior to any substitution deadlines passing. *See Silas v. Sheriff of Broward Cty., Fla.*, 55 F.4th 872, 877-78 (11th Cir. 2022) (affirming dismissal of complaint against deceased Plaintiff; "'inadvertence, ignorance of the rules, or mistakes construing the rules'" do not establish excusable neglect (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993)); *Steward v. City of N.Y.*, No. 04-cv-1508, 2007 WL 2693667, at *5-6 (E.D.N.Y. Sept. 10, 2007) (denying motion to extend time to file motion to substitute where extension was sought less than a month after 90-day deadline passed; Rule 25(a)(1) is unambiguous and is not susceptible to multiple interpretations). As explained above, Plaintiffs proposed, and the Court adopted, a provision in the case management orders stating that Rule 25 governed the substitution of deceased Plaintiffs. Defendants never waived the applicability of Rule 25. *See supra* Section I. Nor did

---

[5] Even for the few proposed representatives who are also Plaintiffs in this action, there has been no showing that they indicated to Plaintiffs' counsel their desire to continue the deceased Plaintiffs' claims prior to the 90-day deadline.

Defendants need to inform Plaintiffs of their intention to oppose untimely and improper substitutions or seek dismissal, particularly given that Defendants did not know which deceased Plaintiffs would be substituted, and the deceased Plaintiffs were no longer clients of Plaintiffs' counsel. *See Cheramie v. Orgeron*, 434 F.2d 721, 725 (5th Cir. 1970) (authority of counsel representing all defendants to act for deceased defendant terminated by his death). And, of course, any confusion as to these deadlines would have no impact on any failures by the next of kin to timely come forward to preserve the claims.

Further weighing against a finding of excusable neglect, Plaintiffs have repeatedly delayed in substituting the deceased Plaintiffs. *See* Appendix. Even though five of the 13 Plaintiffs died in 2020 or 2021, and the others died over a year or almost a year ago, Plaintiffs did not notice their deaths or promptly seek their substitution. Instead, *Defendants* took the initiative in commencing the Rule 25 process by identifying the deceased Plaintiffs, filing the notices of suggestion of death with the Court, researching the names and addresses of next of kin, and diligently serving the next of kin to begin running the 90-day clock for substitution. Despite these efforts, Plaintiffs did not identify to Defendants the deceased Plaintiffs to be substituted until over five months after Defendants' initial request. And the 90-day substitution deadline had passed for the deceased Plaintiffs at issue in this cross-motion by the time Plaintiffs filed their motion to substitute—with the motion over five months late for certain Plaintiffs.[6]

---

[6] While the 90-day deadline for substitution had passed for Plaintiffs Adeline Fitzpatrick and Dolores Richard when Plaintiffs filed their motion to substitute, Defendants did not object to their substitution because Plaintiffs notified Defendants of the proposed substitutions through the proposed amended complaint prior to the 90-day deadline.

**III.  Defendants properly served the statements of Plaintiffs' death; the statements did not need to advise nonparties of anything other than the death of the Plaintiff.**

Rule 25 and the Fifth Circuit require Defendants to serve only the suggestion of death on the next of kin of the deceased Plaintiffs to start the 90-day clock for substitution. Rule 25 does not require service "in accordance with Rule 4," as Plaintiffs assert. Pls. Br. 12. The rule actually states: "A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A *statement noting death* must be served *in the same manner*." Fed. R. Civ. 25(a)(3) (emphasis added).[7] In other words, Rules 4 and 5 govern the method of serving, not the content of, the suggestion of death. They do not require Defendants to "notify these Plaintiffs[' next of kin] of their need to act" or "of the time limits to move to substitute." Pls. Br. 12; *see also* Fed. R. Civ. P. 25 adv. comm. notes (substitution deadline depends on "the time information of the death is provided by means of a suggestion of death upon the record, i.e. service of a statement of the fact of the death").

Courts in the Fifth Circuit do not impose any additional requirements on Defendants, as Plaintiffs admit. Pls. Br. 12 n.8 (stating that Plaintiffs have not located any cases on this issue); *see, e.g.*, *Ray v. Koester*, 85 Fed. App'x 983, 984 (5th Cir. 2004) (because "Rule 25 does not require that the suggestion of death identify the successor party," service of suggestion was "sufficient to begin the 90-day period" (citing *Unicorn Tales, Inc. v. Banerjee*, 138 F.3d 467, 470 (2d Cir. 1998)); *Hall v. Sears Roebuck & Co.*, No. 07-cv-1233, 2008 WL 11387041, at *1 (W.D. La. Aug. 11, 2008) (similar). As the Fifth Circuit explained, personal service of the suggestion of death on nonparties pursuant to Rule 4 "alerts the nonparty to the consequences of death for a

---

[7] Plaintiffs have not provided evidence that they have served the motion to substitute on nonparty next of kin pursuant to Rule 4. For example, Plaintiff Doris Collins has four nonparty children, and only her daughter Michelle Collins seeks to be substituted. *See* Appendix.

pending suit, signaling the need for action to preserve the claim if so desired." *Sampson v. ASC Indus.*, 780 F.3d 679, 681 (5th Cir. 2015) (citation and quotation omitted).[8]

Because Defendants personally served the suggestions of death on nonparties as required by Rules 4 and 25, nothing more was needed to start the 90-day clock. Defs. Exs. 1-14, 16-17, R. Docs. 441-4 to -17, 441-19 to -20.

### IV. Plaintiffs do not dispute that Lizzie Aaron is not the proper representative for Plaintiff Jake James, Jr.

Plaintiffs offer no explanation as to why Mr. James' sister Ms. Aaron, as opposed to Mr. James' children, is the proper party for substitution. Indeed, Louisiana law is clear that Ms. Aaron is not the correct representative where Mr. James has surviving children. La. Civil Code art. 2315.1(1). Because Mr. James' children were properly served but have not sought substitution within 90 days, the Court should dismiss Mr. James. Defs. Exs. 15-17, R. Docs. 441-18 to -20.[9]

### V. Dismissal should be with prejudice.

Courts in this circuit – including this Court in this case – have dismissed deceased Plaintiffs with prejudice where their next of kin have failed to comply with Rule 25. *See, e.g.*, *Clyce v. Farley*, No. 15-cv-793, 2022 WL 625722, *14 (N.D. Tex. Jan. 28, 2022) (dismissing with prejudice), *adopted*, No. 15-cv-793, 2022 WL 625092 (N.D. Tex. Mar. 3, 2022); *Yazdchi v. Am. Honda Fin. Corp.*, No. 05-cv-737, 2006 WL 2456495, at *3 (N.D. Tex. Aug. 23, 2006) (same). Consistent with these cases and the Court's November 29, 2022 order dismissing with prejudice

---

[8] Identifying the successor in the suggestion of death would not have served any purpose given the next of kin were actually served by Defendants.

[9] Plaintiffs conceded in the Court's November 30, 2023 status conference that Kerry Ridgley, Sr. is not currently a Plaintiff, and should not be permitted to proceed in his individual capacity.

two deceased plaintiffs pursuant to Rule 25, R. Doc. 322, the Court should dismiss the claims of

the 13 deceased Plaintiffs with prejudice.

## CONCLUSION

Plaintiffs have not complied with the unambiguous requirements of Rule 25. Nor have

Plaintiffs established excusable neglect, as required to extend the 90-day deadline to file their

motion to substitute. The Court should thus deny substitution of, and dismiss with prejudice, the

claims of deceased Plaintiffs Geraldine Batiste, Liz Everson, Devora Hampton, Doris Collins,

Jake James, Jr., Leon Bradley, Verna Gabriel, Ernest Newell, Joseph Pete, Jr., Wiley Pinkley,

Kerry Ridgley, Jr., Karen Ross, and David Scott.

Respectfully submitted,

LISKOW & LEWIS, APLC

By:    /s/ Michael C. Mims
      Michael C. Mims (#33991)
      Charles B. Wilmore (#28812)
      J. Hunter Curtis (#39150)
      Alec Andrade (#38659)
      Cecilia Vazquez Wilson (#39373)
      701 Poydras Street, Suite 5000
      New Orleans, Louisiana  70139
      (504) 581-7979

      BEVERIDGE & DIAMOND, P.C.

      Megan R. Brillault (*pro hac vice*)
      Michael G. Murphy (*pro hac vice*)
      John H. Paul (*pro hac vice*)
      Katelyn E. Ciolino (*pro hac vice*)
      Katrina M. Krebs (*pro hac vice*)
      825 Third Avenue, 16th Floor
      New York, NY 10022
      (212) 702-5400
      James B. Slaughter (*pro hac vice*)
      1900 N Street, NW, Suite 100
      Washington, DC 20036
      (202) 789-6000

Michael F. Vitris (*pro hac vice*)
400 W. 15th Street, Suite 1410
Austin, TX 78701
(512) 391-8035

*Counsel for Defendants Louisiana Regional Landfill Company, Waste Connections Bayou, Inc., and Waste Connections US, Inc.*


CONNICK AND CONNICK, LLC

By:    /s/ Michael S. Futrell
       William P. Connick, La. Bar No. 14158
       Michael S. Futrell, La. Bar. No. 20819
       Matthew D. Moghis, La. Bar. No. 33994
       3421 N. Causeway Blvd., Suite 408
       Metairie, Louisiana 70002
       Telephone: (504) 681-6658
       Facsimile: (504) 838-9903
       E-mail: moghis@connicklaw.com

       *Counsel for Defendant Jefferson Parish*


GIEGER, LABORDE & LAPEROUSE, L.L.C.

By:    /s/ J. Michael DiGiglia
       Ernest P. Gieger, Jr. (6154)
       John E. W. Baay (22928)
       J. Michael DiGiglia (24378)
       Nicholas S. Bergeron (37585)
       Gieger, Laborde & Laperouse, L.L.C.
       Hancock Whitney Center
       701 Poydras Street, Suite 4800
       New Orleans, Louisiana 70139
       Telephone: (504) 561-0400
       Facsimile: (504) 561-1011

       *Attorneys for Defendant Aptim Corp.*

11

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that the foregoing was electronically filed on December 5, 2023. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

_____Michael C. Mims_____
OF COUNSEL

**Appendix**

| Name | Date of Death | Next of Kin | Date of Service |
|---|---|---|---|
| Geraldine Batiste | September 17, 2021 | Sam Batiste | March 5, 2023 |
| | | Cynthia Batiste | March 5, 2023 |
| | | Claudette Batiste | May 18, 2023 |
| | | Gregory Batiste | March 5, 2023 |
| | | Lee Ann Huskey | May 16, 2023 |
| Liz Everson | February 23, 2022 | Ronnell Everson | March 16, 2023 |
| | | Landry Everson | March 14, 2023 |
| Devora Hampton | April 16, 2022 | Alesia Hampton | March 16, 2023 |
| | | Tracy Hampton | March 12, 2023 |
| | | Troy Ann Hampton | March 10, 2023 |
| Doris Collins | August 3, 2022 | Debra Collins | May 16, 2023 |
| | | Michelle Collins | March 23, 2023 |
| | | Dwayne Collins | March 23, 2023 |
| | | Ronald Collins | March 23, 2023 |
| Jake James, Jr. | December 28, 2022 | Derrick James | April 4, 2023 |
| | | Falicia Lewis | March 23, 2023 |
| Leon Bradley | October 20, 2020 | Mable Bradley | February 22, 2023 |
| Verna Gabriel | October 27, 2022 | Adrienne Gabriel Moilanen | February 22, 2023 |
| Ernest Newell | October 24, 2020 | Susie Roux | February 22, 2023 |
| Joseph Pete, Jr. | November 12, 2022 | Terry Pete | February 22, 2023 |
| Wiley Pinkley | October 18, 2022 | Pearl Pinkley | February 22, 2023 |
| Kerry Ridgley, Jr. | March 31, 2022 | Shakemia Ridgley | February 22, 2023 |
| Karen Ross | July 7, 2021 | Tony Ross | March 7, 2023 |
| David Scott | August 23, 2021 | Aletha Scott | February 22, 2023 |