# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FREDERICK ADDISON, ET AL.,** Plaintiffs | **CIVIL ACTION** |
| | **NO. 19-11133, c/w 19-14512** |
| **VERSUS** | |
| | **SECTION: "E" (5)** |
| **LOUISIANA REGIONAL LANDFILL COMPANY, ET AL.,** Defendants | **JUDGE: Morgan** |
| | **MAGISTRATE JUDGE: North** |
| *Applies to: All Cases* | |

# REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS PAUL DAVIS, JR. AND WARREN PICKNEY PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 25

**INTRODUCTION**

Plaintiffs' opposition to the motion to dismiss Plaintiffs Paul Davis, Jr. and Warren Pickney is improper and unsupported by law or facts. The attorney-client relationship between Plaintiffs' counsel and the deceased Plaintiffs terminated at their death, meaning Plaintiffs were not authorized to oppose this motion. Plaintiffs also cannot find support under federal law for imposing a heightened burden on Defendants to prove that no other heirs and representatives exist who have not been served. Defendants properly served the suggestions of death on Mr. Davis' daughter and Mr. Pickney's wife, identified in the Plaintiff Fact Sheets, and those next of kin did not seek substitution within 90 days—all that is required by Rule 25. The Court should therefore dismiss Mr. Davis and Mr. Pickney with prejudice.

**ARGUMENT**

**I. Plaintiffs are not authorized to oppose this motion; nor can they identify any law or facts showing that dismissal is not warranted here.**

Plaintiffs do not have the authority to oppose this motion to dismiss. The attorney-client relationship between Plaintiffs' counsel and Mr. Davis and Mr. Pickney terminated upon the deaths of these Plaintiffs. *See Cheramie v. Orgeron*, 434 F.2d 721, 725 (5th Cir. 1970) (authority of counsel representing all defendants to act for deceased defendant terminated by his death); *Greene v. Demoss*, No. 20-cv-578, 2021 WL 11085597, at *2 (W.D. La. Feb. 4, 2021) (former attorney of deceased party "not authorized to file an opposition" to motion to substitute because the "death terminated the client-attorney relationship by operation of law").

Regardless, Plaintiffs have no basis to oppose this motion where they "do not contest the fact that no successor has come forward to assume the prosecution of" the claims of Mr. Davis and Mr. Pickney. Pls. Br. 11. Rule 25 does not mandate that Defendants prove that no other heirs or representatives exist who have not been served, and Plaintiffs do not point to any case law

1

imposing such onerous requirements. Plaintiffs also do not offer any facts indicating that Defendants incorrectly served Mr. Davis' and Mr. Pickney's next of kin.

In fact, the Fact Sheets completed by the now-deceased Plaintiffs show proper service by Defendants. Mr. Davis' sworn Fact Sheet identifies Shantra Davis, a nonparty, as his daughter. Defs. Ex. 2. And Mr. Pickney's Fact Sheet states that Andrea Pickney, a Plaintiff, is his wife. Defs. Ex. 3. Ms. Davis and Ms. Pickney, who were both served, are thus both correct legal representatives for the deceased Plaintiffs. Defs. Ex. 1, R. Doc. 442-4; R. Doc. 349-13; *see* La. civil code art. 2315.1(1).

## II. Dismissal should be with prejudice.

Courts in this circuit – including this Court in this very matter – have dismissed deceased Plaintiffs with prejudice where their next of kin have failed to file motions to substitute within 90 days of service of the suggestion of death. *See, e.g.*, *Cortez v. Lamorak Ins. Co.*, No. 20-cv-2389, 2022 WL 1595837, at *2 (E.D. La. May 19, 2022) (claims of deceased party dismissed with prejudice in asbestos exposure case where no motion for substitution was made within 90 days of service of suggestion of death); *Clyce v. Farley*, No. 15-cv-793, 2022 WL 625722, *14 (N.D. Tex. Jan. 28, 2022) (dismissing with prejudice), *adopted*, No. 15-cv-793, 2022 WL 625092 (N.D. Tex. Mar. 3, 2022); *Yazdchi v. Am. Honda Fin. Corp.*, No. 05-cv-737, 2006 WL 2456495, at *3 (N.D. Tex. Aug. 23, 2006) (same). Consistent with these cases and the Court's November 29, 2022 order dismissing with prejudice two deceased plaintiffs pursuant to Rule 25, R. Doc. 322, the Court should dismiss the claims of Mr. Davis and Mr. Pickney with prejudice.

## CONCLUSION

Ms. Davis and Ms. Pickney are proper legal representatives for Mr. Davis and Mr. Pickney, were properly served under Rules 4 and 5, respectively, and have not filed a motion to

2

substitute—let alone within the 90-day deadline under Rule 25. The Court should dismiss the claims of deceased Plaintiffs Paul Davis, Jr. and Warren Pickney with prejudice.

Respectfully submitted,

LISKOW & LEWIS, APLC

By:    /s/ Michael C. Mims
       Michael C. Mims (#33991)
       Charles B. Wilmore (#28812)
       J. Hunter Curtis (#39150)
       Alec Andrade (#38659)
       Cecilia Vazquez Wilson (#39373)
       701 Poydras Street, Suite 5000
       New Orleans, Louisiana 70139
       (504) 581-7979

BEVERIDGE & DIAMOND, P.C.

Megan R. Brillault (*pro hac vice*)
Michael G. Murphy (*pro hac vice*)
John H. Paul (*pro hac vice*)
Katelyn E. Ciolino (*pro hac vice*)
Katrina M. Krebs (*pro hac vice*)
825 Third Avenue, 16th Floor
New York, NY 10022
(212) 702-5400

James B. Slaughter (*pro hac vice*)
1900 N Street, NW, Suite 100
Washington, DC 20036
(202) 789-6000

Michael F. Vitris (*pro hac vice*)
400 W. 15th Street, Suite 1410
Austin, TX 78701
(512) 391-8035

*Counsel for Defendants Louisiana Regional Landfill Company, Waste Connections Bayou, Inc., and Waste Connections US, Inc.*

CONNICK AND CONNICK, LLC

By:    /s/ Michael S. Futrell
       William P. Connick, La. Bar No. 14158
       Michael S. Futrell, La. Bar. No. 20819
       Matthew D. Moghis, La. Bar. No. 33994
       3421 N. Causeway Blvd., Suite 408
       Metairie, Louisiana 70002
       Telephone: (504) 681-6658
       Facsimile: (504) 838-9903
       E-mail: moghis@connicklaw.com

*Counsel for Defendant Jefferson Parish*

GIEGER, LABORDE & LAPEROUSE, L.L.C.

By:    /s/ J. Michael DiGiglia
       Ernest P. Gieger, Jr. (6154)
       John E. W. Baay (22928)
       J. Michael DiGiglia (24378)
       Nicholas S. Bergeron (37585)
       Gieger, Laborde & Laperouse, L.L.C.
       Hancock Whitney Center
       701 Poydras Street, Suite 4800
       New Orleans, Louisiana 70139
       Telephone: (504) 561-0400
       Facsimile: (504) 561-1011

*Attorneys for Defendant Aptim Corp.*

**CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing was electronically filed on December 5, 2023. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                                                                                                  Michael C. Mims
                                                                                                                                        OF COUNSEL