UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FREDERICK ADDISON, ET AL.,**<br>    Plaintiffs<br><br>**VERSUS**<br><br>**LOUISIANA REGIONAL LANDFILL COMPANY, ET AL.,**<br>    Defendants<br><br>*Applies to: Both Cases* | **CIVIL ACTION**<br><br>**NO. 19-11133, c/w 19-14512**<br><br>**SECTION: "E" (5)**<br><br><br>**JUDGE: Morgan**<br>**MAGISTRATE JUDGE: North** |

**EX PARTE/CONSENT MOTION BY PLAINTIFFS FOR LEAVE TO FILE SURREPLY IN OPPOSITION TO THE DEFENDANTS' CROSS-MOTIONS TO DISMISS DECEASED PLAINTIFFS (REC. NOS. 441 AND 442)**

Plaintiffs respectfully request leave to file a surreply in further support of their opposition to Defendants' Motion to Dismiss Deceased Plaintiffs (Rec. Nos. 441 and 442). As good cause therefor, and as Defendants have recognized, Plaintiffs asserted in their Opposition to the Motions (Rec. No. 449) that the time period for substitution should be extended under Rule 6(b), as the case law and the Rules plainly allow.

In their proposed Reply, Defendants argue from incomplete facts that the record of this case "establishes that the parties agreed, and the Court required, that deceased Plaintiffs were to be substituted by motion within 90 days of service of the suggestion of death, consistent with the requirements of Rule 25." As set out in the proposed Surreply, however, Defendants did not tell the entire story in their Reply. The discussions and dealings between the parties continued after the time of this supposed agreement, and an additional paragraph was added to the Case Management Order providing that the substitutions for deceased Plaintiffs would be set out in an amended complaint. In contrast to Defendants' position now, both the substitution of minor Plaintiffs who had reached the age of majority and the substitution of deceased plaintiffs was part

1

an administrative effort to clean up the record in an omnibus, not piecemeal, fashion.

Defendants have not identified even a single instance where they sought to correct any misconception of the Plaintiffs, and there is no prejudice to the Defendants in granting the extension of time. Litigation is not a game of "gothcha," and in the absence of any prejudice, the request for extension of time should be granted.

Wherefore, Plaintiffs request that the Court grant them leave to file the Surreply.

Dated: December 6, 2023

                                         Respectfully submitted,

                                              S. Eliza James
Byron M. Forrest (La. Bar No. 35480)
Nicholas V. Cressy (La. Bar No. 35725)
S. Eliza James (La. Bar No. 35182)
FORREST CRESSY & JAMES, LLC
1222 Annunciation Street
New Orleans, Louisiana 70130
Tele:(504) 605.0777
Fax: (504) 322.3884
Email: byron@fcjlaw.com
nicholas@fcjlaw.com
eliza@fcjlaw.com

                                          /s/ Eric C. Rowe
C. Allen Foster (Admitted Pro Hac Vice)
Eric C. Rowe (Admitted Pro Hac Vice)
Masten Childers, III (Admitted Pro Hac Vice)
WHITEFORD, TAYLOR & PRESTON, L.L.P.
1800 M Street, NW, Suite 450N
Washington, DC 20036
Tele: (202) 659.6800
Fax: (202) 331.0573
Email: cafoster@wtplaw.com
erowe@wtplaw.com
mchilders@wtplaw.com
*Counsel For Addison Plaintiffs*

2