Addison plaintiff response to Draft: Defendants' Revisions

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ELIAS JORGE "GEORGE" ICTECH-BENDECK,**<br>        **Plaintiff** | **CIVIL ACTION**<br><br>**NO. 18-7889**<br>**c/w 18-8071,**<br>**18-8218, 18-9312** |
| **VERSUS** | |
| **WASTE CONNECTIONS BAYOU, INC., ET AL.,**<br>        **Defendants** | **SECTION: "E" (5)** |
| | |
| *Related Case:* | **CIVIL ACTION** |
| **FREDERICK ADDISON, ET AL.,**<br>        **Plaintiffs** | **NO. 19-11133**<br>**c/w 10-14512** |
| **VERSUS** | **SECTION: "E" (5)** |
| **LOUISIANA REGIONAL LANDFILL COMPANY, ET AL.,**<br>        **Defendants** | **JUDGE: Morgan** |
| *Applies to: Both Cases* | **MAGISTRATE JUDGE: North** |

### EIGHTH CASE MANAGEMENT ORDER

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, in consideration of the Court's November 29, 2022 ruling on General Causation, after consultation with the counsel for the Parties,[1] the Court enters this Eighth Case Management Order in each of the captioned cases.

With General Causation having been found as discussed by this Court's November 29, 2022 ruling on General Causation (Case No. 19-11133, ECF Doc. 323; Case No. 18-07889, ECF

---

[1] The Parties herein are all of the *Addison* Plaintiffs, Elias Jorge Ictech-Bendeck, Savannah Thompson, Larry Bernard, Sr. and Mona Bernard, Nicole M. Landry-Boudreaux, Waste Connections Bayou, Inc., Waste Connections US, Inc., Louisiana Regional Landfill Company, Aptim Corp., and the Parish of Jefferson.

1

Addison plaintiff response to Draft: Defendants' Revisions

Doc. 285) , this Eighth Case Management Order focuses on discovery relating to issues beyond General Causation, namely liability, specific causation, and damages, and provides for trial on the merits for an initial set of eight (8) *Addison* plaintiffs selected by the Parties in accordance with the provisions herein.

## I.  AMENDMENTS TO THE PLEADINGS.

1. Amendments to the pleadings in *Addison* shall be filed not later than March 31, 2023, solely to amend allegations relating to certain previously minor plaintiffs who have reached the age of majority.

2. With respect to Plaintiffs who have died and for whom Defendants have filed a suggestion of death, substitution of parties will be governed by Fed. R. Civ. P. 25.

> **Commented [A1]:** The rule provides for 90 days from service.

2.  Not later than March 31, 2023, Plaintiffs shall move pursuant to Fed. R. Civ. P. 25 to substitute representatives for the claims of certain Plaintiffs listed on Appendix A who have died.

## II.  DISCOVERY OF INFORMATION RELATING TO PROPERTY DIMINUTION CLAIMS OF *ADDISON* PLAINTIFFS.

1.  Plaintiffs' counsel has provided the identities of the six *Addison* Plaintiffs pursuing diminution of property value claims for four properties. The parties have met and conferred on Plaintiffs' objections to Defendants' interrogatories related to Plaintiffs' diminution in property value claims. Defendants shall serve revised interrogatories related to Plaintiffs' diminution of property value claims on **Friday, March 10, 2023**. Plaintiffs' responses to the revised interrogatories shall be served on or before **Friday, April 7, 2023**. Depositions of the six Plaintiffs asserting diminution of property value claims shall be completed by **Friday, June 2, 2023**. Plaintiffs shall serve their expert reports with respect to the diminution of property value claims on or before **Wednesday, June 14, 2023**. Rebuttal reports are due on or before **Monday, August**

Addison plaintiff response to Draft: Defendants' Revisions

~~14, 2023.  Depositions of experts on the topic of Plaintiffs' diminution in property value claims must be complete by **Tuesday, October 31, 2023.**~~

## ~~III.~~  II.       PROCEDURE FOR SELECTION OF THE *ADDISON* PLAINTIFFS WHOSE CASES WILL BE TRIED FIRST.[2]

1.  On or before Wednesday, March 15, 2023, the two sides (*Addison* Plaintiffs collectively, and Defendants collectively) shall exchange lists of the Addison Plaintiffs they have selected to depose in anticipation of selecting *Addison* Plaintiffs to be included in the trial.   Each side may select a total of seven individual Plaintiffs and one family unit of Plaintiffs ("Plaintiff Family Unit") for deposition by Defendants.[3]  Each side's slate of seven individual Plaintiffs may be selected from the entire pool of Addison Plaintiffs, not just those without other plaintiff-family members, but only the claims of the individuals selected will be eligible for trial.4 The Plaintiff Family Units must consist of related Plaintiffs living in the same residence. Each side must select at least two Plaintiffs (with the Plaintiff Family Unit being considered one for this purpose) from the West Bank and two from the East Bank.

---

[2] Defendants reserve their objections to: (a) trying any *Addison* Plaintiffs' cases on the merits prior to class certification being determined as to the *Ictech-Bendeck* case; (b) the deferral of a schedule for class certification in the *Ictech-Bendeck* case until after trial of initial *Addison* Plaintiffs; and (c) the prohibition of discovery on Plaintiffs other than those Plaintiffs selected for deposition before trial as described in Paragraphs [--]. Defendants' submission of any term in or the entirety of this joint proposed Case Management Order shall not be construed as a waiver of the above objections.

[3] ~~NOTE:  The highlighted language it that used by the Court.  In practical terms, it should mean that *Addison* counsel identifies a set of that the Defendants can depose and the Defendants identify a set of eight that they can depose. [Revised to eliminate this confusion. Delete this footnote, if acceptable to Plaintiffs.]~~

[4] None of the Plaintiffs asserting property diminution claims shall be proposed or selected to have their claims tried in the first trial.

3

Addison plaintiff response to Draft: Defendants' Revisions

2.   On or before **Friday, March 17, 2023**, the parties shall meet and confer to schedule depositions of the selected *Addison* Plaintiffs (the "Deposition Pool Plaintiffs").  ~~The goal is for e~~Each of these depositions ~~to last no more than~~shall be limited to four hours, unless good cause is shown why a deposition needs to last longer.

3.   All depositions of the Deposition Pool Plaintiffs shall be completed on or before **Friday, April 14, 2023**.

4.   On or before **Monday, April 24, 2023**, the *Addison* Plaintiffs (collectively) will identify three individual Plaintiffs from the Deposition Pool Plaintiffs (excluding Plaintiff Family Units) whose cases will be tried, and Defendants (collectively) will identify three individual Plaintiffs from the Deposition Pool Plaintiffs (excluding Plaintiff Family Units) whose cases will be tried. The claims of these six individual Plaintiffs and the two Plaintiff Family Units will be tried in the first trial (the "Trial Plaintiffs").  With respect to the individual Plaintiffs, the Plaintiffs will pick one Plaintiff; the Defendants will pick one Plaintiff; the Plaintiffs will pick one Plaintiff, and so on until all six individual Plaintiffs have been selected.   Each Plaintiff Family Unit will automatically proceed to the first trial. Each side must select at least one Plaintiff (a Plaintiff Family Unit being considered one for this purpose) from the West Bank and one from the East Bank.

5.   The Parties acknowledge that the Plaintiffs selected for the first trial are not intended to be bellwether plaintiffs under *In re Chevron U.S.A., Inc*., 109 F.3d 1016 (5th Cir. 1997).

~~6.   The results of the first trial are not intended by the Parties to be binding on the Parties for any future trial or adjudication of the Plaintiffs' claims.~~

4

Addison plaintiff response to Draft: Defendants' Revisions

### ~~IV.~~ III.     COMPLETION OF CONSOLIDATED FACT DISCOVERY ON ISSUES COMMON TO THE *ADDISON* AND THE *ICTECH-BENDECK* CASES.

**A.     In general.**

1.   Discovery on issues that are common to the *Addison* and *Ictech-Bendeck* Plaintiffs, and not specific to the claims of any individual *Addison* or *Ictech-Bendeck* Plaintiff ~~or to the claims solely of the *Addison* or *Ictech-Bendeck* Plaintiffs~~, shall be conducted by Plaintiffs in both actions on a consolidated basis.

2.   The ESI protocols entered as ECF Doc. 90 (Case No. 18-7889), and ECF Doc. 86 (Case No. 19-11133), as amended from time to time, shall continue to apply to discovery conducted in this case.

3.   The discovery obligations set forth in the Case Management Orders or other orders of the Court are subject to the supplementation requirements of Federal Rule of Civil Procedure 26(e).

4.   The due dates for discovery responses shall be those specified in orders of the Court, those set forth in the Federal Rules of Civil Procedure, or as otherwise agreed by the Parties, except that objections to interrogatories and document requests shall be served within 14 days after service.

> **Commented [A2]:** This is added so that objections can be dealt with quickly.

5.   As set forth in this Court's prior Orders, each General Causation deposition shall preclude a subsequent deposition of such deponent(s) on topics covered in such prior deposition. A party raising such issue with the Court must provide the relevant pages of the deposition at which the party asserts the topic was covered.

**B.     Plaintiffs' discovery addressed to Defendants.**

1.   **Document discovery.** Documents, if any, that were responsive to document requests propounded earlier in the case by the *Addison* Plaintiffs but not yet produced were due to be

5

Addison plaintiff response to Draft: Defendants' Revisions

produced by February 23, 2023.  If not already provided, each Defendant shall produce a privilege

log with respect to any documents withheld on or before March 9, 2023.

2. **Requests for production of documents**. Plaintiffs (collectively) may serve

additional requests for production of the documents, in one or more sets, upon each Defendant.

Plaintiffs shall serve any such requests for production of documents within 30 days of entry of

this Eighth Case Management Order such time as to allow discovery to be completed by the date

for completion of discovery set out below.. Defendants shall provide a written response to

Plaintiffs' set of requests for production of documents within 30 days of service and will provide

responsive documents at a reasonable time thereafter.

3. **Interrogatories addressed to Defendants.** Plaintiffs (collectively) may serve

interrogatories upon each of the Defendants. Unless otherwise agreed to by the parties, or

permitted by the Court, such written discovery shall be limited to twenty-five (25) interrogatories,

including all discrete subparts.

4. **Requests for admission addressed to Defendants.** Plaintiffs (collectively) may

serve requests for admission upon each of the Defendants and such responses will be due in

accordance with Rule 36 of the Federal Rules of Civil Procedure.  The effect of any admission

shall be governed by Rule 36.

5. **Fact witness depositions taken by Plaintiffs.**  Plaintiffs (collectively) may depose

each of the Defendants under Rule 30(b)(6), and may take up to fifteen (15) individual fact

witness depositions without leave of court.

C. **Defendants' Discovery Addressed to Plaintiffs.**

1. Except as permitted by this Order regarding the selection process and Plaintiffs selected

for trial, discovery of individual Plaintiffs is stayed, except for any supplementation requirements.

6

Addison plaintiff response to Draft: Defendants' Revisions

2.   **Fact Sheets**. Pursuant to prior orders of the Court, each Plaintiff completed a Plaintiff Fact Sheet and verified those responses.  As agreed upon by the Parties and ordered by the Court, the responses in the Fact Sheets shall be treated as answers to interrogatories under Rule 33.  (ECF No. 85 ¶ 7 (*Addison*); ECF No. 89 ¶ 7 (*Ictech-Bendeck*)).

> **Commented [A3]:** Not relevant to current schedule. Also, the "verifications" drafted by the defendants do not conform to 28 USC 1746 or Rule 56(c)(4)

3.  2.   **Fact witness depositions taken by Defendants.**  With respect to issues that are not specific to any Plaintiff, Defendants may take up to fifteen (15) fact depositions of persons other than Plaintiffs in either case, without leave of court. These fact depositions are in addition to those allowed under Section V.1.d.

    **D.**   **Written Discovery from Non-Parties.**

1.   Subject to any limitations in this CMO or established by the Court in response to motion for protective order, the Parties may seek discovery from non-parties.

2.   Copies of documents produced to Defendants by third parties in response to a subpoena *duces tecum*, and related communications with such third parties except to the extent the communication relates only to the timing of a response, will be provided to the Plaintiffs within seven (7) days after receipt.

3.   Copies of documents produced to Plaintiffs by third parties in response to a subpoena *duces tecum*, and related communications with such third parties except to the extent the communication relates only to the timing of a response, will be provided to the Defendants within seven (7) days after receipt.

4.   By seeking documents produced in responses to subpoenas *duces tecum* issued by another party, and by agreeing to provide copies of documents so obtained with other parties who did not issue the subpoena, the parties have not waived their right to seek a protective order from the Court related to subpoenas *duces tecum* responses pursuant to Rule 26(c).

7

Addison plaintiff response to Draft: Defendants' Revisions

V. IV.        ADDITIONAL DISCOVERY OF *ADDISON* ~~DEPOSITION POOL~~
      PLAINTIFFS SELECTED FOR TRIAL.

1. With respect to each *Addison* Plaintiff whose case is selected ~~as part of the Deposition Pool Plaintiffs~~ for trial in accordance with this Case Management Order, Defendants may conduct additional discovery as follows:

   i. ~~On or before Wednesday, March 22, 2023, Plaintiffs shall identify each person likely to have discoverable information—along with the subjects of that information—that each of the Deposition Pool Plaintiffs may use to support their claims or defenses. Defendants shall have the right to depose each person so identified.~~

   ~~ii.~~i. ~~On or before Friday, March 17, 2023, e~~Each of the Defendants may serve up to ~~twenty~~ five (~~2~~5) additional interrogatories, including all discrete subparts.

   ~~iii.~~ii. ~~On or before Friday, March 17, 2023, e~~Each of the Defendants may serve ~~an initial~~ requests for production of documents.

   ~~iv.~~iii. Each Defendant may serve requests for admission upon each Plaintiff and such responses will be due in accordance with Rule 36. The effect of any admission shall be governed by Rule 36.

   ~~v.~~iv. ~~Additional~~ Two fact witness depositions of persons with knowledge specific to each Plaintiff selected for trial.

No such interrogatory and/or request may be duplicative of the requests in the Plaintiff Fact Sheets to which the *Addison* Plaintiff provided substantive responses, absent agreement of the Parties or an order of Court finding good cause. ~~unless the Plaintiff's deposition testimony or other discovery responses (including the Fact Sheet responses) puts the accuracy or completeness of the response to a prior request at issue.~~ This written discovery may be served commencing upon the date that Plaintiff is selected ~~for inclusion as one of the Deposition Pool Plaintiffs~~ for trial in accordance

8

> **Commented [A4]:** All the medical records have already been provided.

Addison plaintiff response to Draft: Defendants' Revisions

with this CMO. ~~Plaintiffs shall serve responsive documents and interrogatory responses to Defendants' interrogatories, requests for production, and requests for admission within 14~~ 30 days ~~after service.~~

## VI. V.      COMPLETION OF FACT DISCOVERY.

1.  All fact discovery shall be completed on or before Friday, **July 14, 2023**.

## VII. VI.      EXPERT DEADLINES AND TRIAL PREPARATION.

**A.      Expert Deadlines.**

1.  New or supplemental expert reports for the first *Addison* trial are due on or before **Wednesday, June 14, 2023.**

1.  Rebuttal reports are due on or before **Wednesday, June 28, 2023.**

2.  Expert depositions must be complete by **Monday, July 31, 2023.**

## VIII. VII.      DISPOSITIVE AND RULE 702 MOTIONS.

1.  All dispositive motions, and *Daubert*/Rule 702 motions to exclude testimony of newly designated experts, are due on or before **Friday, August 11, 2023.**

2.  Oppositions to any dispositive or *Daubert*/Rule 702 motions are due on or before **Friday, August 18, 2023.**

3.  Any replies are due on or before **Wednesday, August 23, 2023.**

## IX. VIII.      SETTLEMENT CONFERENCE.

1.  The parties shall immediately contact the Magistrate Judge to schedule a settlement conference to occur on or before **Tuesday, August 1, 2023.**

Addison plaintiff response to Draft: Defendants' Revisions

## ~~X.~~ IX.      STATUS CONFERENCE IN THE *ICTECH-BENDECK* CASES.

1.   As soon as practical after the close of all discovery set forth above, the *Ictech-Bendeck* Plaintiffs and the Defendants shall meet and confer to propose a schedule for remaining activities, including class certification and related discovery.

## ~~XI.~~ X.      PRETRIAL CONFERENCE AND PRETRIAL DEADLINES.

1.   Witness lists and exhibit lists shall be exchanged on or before **Friday, August 22, 2023**. Thereafter, the Parties shall meet and confer and shall discuss revisions, including additions in light of the *Daubert* motions, to the respective witness and exhibit lists, and designated deposition testimony, and shall discuss the other items that are to be addressed in the Joint Pretrial Order (see Section E.4), including timing to exchange drafts of the Joint Pretrial Order items.

2.   A pretrial conference is hereby set for ~~Friday~~**Tuesday**, **August ~~25~~15, 2023, at 11:00 a.m.**

> **Commented [A5]:** This date set by the minute order.

3.   The joint pretrial order must be filed by 5:00 p.m. on **Wednesday, August 23, 2023**.

It shall contain the following:

a.   Description of the Parties;

b.   Statement of Jurisdiction;

c.   A List and Description of any Motions Pending or Contemplated;

d.   A List of Uncontested Material Facts;

e.   A List of Contested Issues of Fact;

f.   A List of Contested Issues of Law;

g.   A List of Exhibits Intended to be Introduced at Trial (except those that will be used solely for impeachment purposes), and identifying those that the parties will stipulate into evidence and those that will be offered without objections to foundation;

h.   A List of Demonstrative Exhibits to be Used at Trial;

i.   A Description of any Deposition Testimony to be Offered into Evidence (except testimony that will be used solely for impeachment purposes);

<u>Addison plaintiff response to</u> Draft: Defendants' Revisions

j.  A List of Witnesses, identifying whether the witness will be appearing in person or by deposition testimony, except those witnesses that will be used solely for impeachment purposes;

k.  A Statement of Other Matters that Might Expedite Disposition of the Matter;

l.  Proposed Jury Charges.

    4.  The final list of witnesses to be called at trial must be filed **by Wednesday, August 29, 2023** at 5:00 p.m..

    5.  Motions in limine (other than those regarding the admissibility of expert testimony) and memoranda in support must be filed no later than **August 17, 2023 – 12 working days before trial** at **5:00 p.m.** Responses to motions in limine must be filed by **August 24, 2023**, 7 working days before trial at 5:00 p.m.

    6.  On or before **August 28, 2023**, the Parties must file, email and deliver to the Court the following:

a.  joint statement of the case;

b.  Joint jury instruction (or if agreement cannot be reached, counsel shall provide alternate versions with respect to any instruction in dispute, with its reasons for putting forth an alternative instruction and the law in support thereof

c.  Joint proposed jury verdict form (or if agreement cannot be reached, separate proposed jury verdict forms and a joint memorandum explaining the disagreements between the parties as to the verdict form)

d.  Proposed special voir dire questions

e.  Two copies of joint bench books of tabbed exhibits, with indices of "objected-to" and "unobjected-to" exhibits, identifying which party will offer each exhibit and which witness will testify regarding the exhibit at trial

f.  Objections to exhibits and supporting memoranda

g.  Objections to deposition testimony and supporting memoranda

11

> **Commented [A6]:** Dates need to conform to the definition of working days

Addison plaintiff response to Draft: Defendants' Revisions

7.   On or before **August 30, 2023**, the Parties must file, email and deliver to the Court the following:

a.   Responses to objections to exhibits

b.   Responses to objections to deposition testimony

8.   If counsel intends to ask questions on cross-examination of an economic expert which require mathematical calculations, the factual elements of such questions shall be submitted to the expert witness by **August 30, 2023** at **5:00 p.m.**

9.   Copies of any charts, graphs, models, schematic diagrams, and similar objects intended to be used in opening statements or closing arguments must be provided to opposing counsel by **August 30, 2023 –at 5:00 p.m.**

10.   Objections to any charts, graphs, models, schematic diagrams, and similar objects intended to be used by opposing counsel in opening statements or closing arguments must be filed by **August 31, 2023 –at 5:00 p.m.**

**XII. XI.      TRIAL.**

**1.**   Trial will commence on **Tuesday, September 5, 2023,** and is expected to last fifteen days.

**SO ORDERED.**

New Orleans, Louisiana, this _____ day of March, 2023.


_____

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**


12