UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FREDERICK ADDISON, ET AL.,**<br>    **Plaintiffs** | **CIVIL ACTION**<br><br>**NO. 19-11133, c/w 19-14512** |
| **VERSUS** | **SECTION: "E" (5)** |
| **LOUISIANA REGIONAL LANDFILL<br>COMPANY, ET AL.,**<br>    **Defendants** | **JUDGE: Morgan**<br>**MAGISTRATE JUDGE: North** |
| *Applies to: Both Cases* | |

### PLAINTIFFS' [PROPOSED] SURREPLY IN OPPOSITION TO THE DEFENDANTS' CROSS-MOTIONS TO DISMISS DECEASED PLAINTIFFS (REC. NOS. 441 AND 442)

Plaintiffs submit the following in further support of its opposition to the Motion to Dismiss. For the reasons stated herein, the Motions should be denied.

In their Reply in support of their Motion to Dismiss, Defendants point to the amendments to the draft CMO and assert that, on March 7, 2023, Plaintiffs suggested that the provision appearing in the CMO that substitutions would be governed by Rule 25.  Once again, Defendants do not tell the whole story.

Note that in the amendments section of the March 7, 2023, draft CMO submitted by Defendants in support of their Reply, there is no paragraph 3.  R.Doc. 455-3 at 2. However, the 8th CMO, *as filed on April 27, 2023*, in the "amendments to the pleadings section," contains a paragraph 3 (*see* R.Doc. 378, page 2).  It recites,

> 3. On or before August 1, 2023, Addison counsel shall file a Second Amended Complaint to reflect the substitution of parties (relating both to minors who have reached the age of majority, and substitutions for deceased Plaintiffs).

R.Doc. 378, page 2.  The purpose of paragraph 3, which was proposed by Plaintiffs on March 24, 2023, was explained to the Defendants as follows:

> Please note we are proposing a change to the first section involving amendments, but it should not be controversial.  A number of deceased plaintiffs have already been substituted by consent order, and there will be additional substitutions in the coming weeks.  So seems to us rather the repeated amended complaints, it may be easier just to do substitution of the minors who have attained majority by consent order now, and **then do one overall amended complaint this summer to include the additional substitutions of the deceased plaintiffs.**  The current draft obligates us to circulate a consent order next week, but given everything on all of our plates, it may be better slide that date by a couple of weeks.

*See* **Exhibit 1.**  This confirms that, at all times, the substitutions and amendments were being treated as administrative manners that would be handled through consent orders, with the goal of one overall amended complaint.  This furthered the goal of reducing the workload on the Court and its staff by doing things once and not in piecemeal fashion.  (Note that Defendants themselves say in their Reply that "Defendants did not seek dismissal of the deceased parties until November 2023 to avoid burdening the Court with piecemeal motions after each deadline passed."  R.Doc. 455-1 at 2, footnote one.).

On May 23, 2023, Defendants confirmed their agreement to substitute through an omnibus consent order, even though (according to them) the 90-day period expired that very day for a number of the Plaintiffs, and would expire a couple of weeks later for others.  In their Reply, Defendants have not identified even one instance where they notified the Plaintiffs of their intent to move to dismiss based on expiration of the 90-day deadline, despite numerous opportunities to do so.

There is no prejudice of any kind to the Defendants if the parties who are substituted for the deceased Plaintiffs are granted an extension of the 90-day period.  Upon receiving the email correspondence where Defendants, for the first time, objected to the substitution, Plaintiffs immediately filed their Motion to Substitute. Defendants first moved for dismissal 11 days later. In an analogous situation, under Rule 12, answers are due in 30 days, and if an answer is timely filed, plaintiffs can seek entry of default and default judgment.  That does not mean that an extension of time to answer or respond prejudices the plaintiff because he loses his right to seek a

default judgment.  Similarly, under rules governing motions, a motion may be treated as conceded if a response is not timely filed.  That does not mean that a movant is prejudiced if an extension of time is granted to respond to a motion because the movant will lose his right to assert that the motion is conceded. So unless there is prejudice from the extension of time itself (like delay of the proceedings, which does exist here), there is no prejudice.  Here, Defendants assert no prejudice other than to be able to enforce their "gotcha" moment.  None of the deceased Plaintiffs is set for trial, and discovery regarding all of them has long been stayed  And here, Defendant sat on their own supposed rights and did not seek dismissal at all until eleven days after the motion to substitute was filed.

As much as Defendants would believe otherwise, litigation is not a game of "gotcha." *Kiln Underwriting Ltd. v. Jesuit High Sch. of New Orleans*, No. CIV.A. 06-4350, 2008 WL 4724390, at *12 (E.D. La. Oct. 24, 2008) ("Litigation is not a game of 'gotcha,' and the Court declines to decide a hotly contested coverage issue based on an honest mistake."); *see also Daggs v. Gulf Offshore Logistics*, LLC, No. CV 19-71, 2019 WL 7558135, at *1 (E.D. La. Dec. 2, 2019) (The Court does not condone the "gotcha" nature of Daggs's motion.").

## I.    CONCLUSION

For the foregoing reasons, the Motion should be denied.

Dated: December 6, 2023

Respectfully submitted,

_____S. Eliza James_____
Byron M. Forrest (La. Bar No. 35480)
Nicholas V. Cressy (La. Bar No. 35725)
S. Eliza James (La. Bar No. 35182)
FORREST CRESSY & JAMES, LLC
1222 Annunciation Street
New Orleans, Louisiana 70130
Tele:(504) 605.0777

Fax: (504) 322.3884
Email: byron@fcjlaw.com
nicholas@fcjlaw.com
eliza@fcjlaw.com


_____/s/ Eric C. Rowe_____
C. Allen Foster (Admitted Pro Hac Vice)
Eric C. Rowe (Admitted Pro Hac Vice)
Masten Childers, III (Admitted Pro Hac Vice)
WHITEFORD, TAYLOR & PRESTON, L.L.P.
1800 M Street, NW, Suite 450N
Washington, DC 20036
Tele: (202) 659.6800
Fax: (202) 331.0573
Email: cafoster@wtplaw.com
erowe@wtplaw.com
mchilders@wtplaw.com

*Counsel For Addison Plaintiffs*