# Rowe, Eric

| | |
|---|---|
| **From:** | Rowe, Eric |
| **Sent:** | Friday, March 24, 2023 5:58 PM |
| **To:** | John H. Paul |
| **Cc:** | Megan R. Brillault; mfutrell@connicklaw.com; Moghis@connicklaw.com; jbaay@glllaw.com; mdigiglia@glllaw.com; S. Eliza (eliza@fcjlaw.com); Foster, C. Allen; Bolog, Erik; Childers III, Masten; Jason Z. Landry; douglashammel@gmail.com; Larry J. Centola; kgray@irpinolaw.com; probertson@irpinolaw.com; Bruce Betzer |
| **Subject:** | Jefferson Parish Landfill litigation |
| **Attachments:** | 2023.03.24 revised draft 8th CMO.docx; 2023.03.24 chart of CMO events.docx; 2023.03.24 revise draft 8th CMO redline.pdf |

John,

Here is a draft of the revision to the 8th CMO and the chart the judge requested, along with a redline showing changes from the version submitted to the court. Please check carefully to make sure I've captured everything.

Please note we are proposing a change to the first section involving amendments, but it should not be controversial. A number of deceased plaintiffs have already been substituted by consent order, and there will be additional substitutions in the coming weeks. So seems to us rather the repeated amended complaints, it may be easier just to do substitution of the minors who have attained majority by consent order now, and then do one overall amended complaint this summer to include the additional substitutions of the deceased plaintiffs. The current draft obligates us to circulate a consent order next week, but given everything on all of our plates, it may be better slide that date by a couple of weeks.

There is one person on my team that I don't have comments back from yet, but I wanted to get this to you. If there is any significant change, I'll let you know.

Thanks.

Eric



Eric C. Rowe | Senior Counsel
1800 M Street, NW, Suite 450N | Washington, DC | 20036
t: 202.659.6787 | f: 202.689.3164
erowe@wtplaw.com | www.wtplaw.com

Legal Assistant: Nicole West
t: 202.659.6768 | nwest@wtplaw.com

A proud member of two global law firm networks.

 

This transmission contains information from the law firm of Whiteford, Taylor & Preston LLP which may be confidential and/or privileged. The information is

<u>Combined Draft 8th Case Management Order with comments of Plaintiffs and Defendants</u>

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ELIAS JORGE "GEORGE" ICTECH-BENDECK,**<br>　　Plaintiff<br><br>**VERSUS**<br><br>**WASTE CONNECTIONS BAYOU, INC., ET AL.,**<br>　　Defendants | **CIVIL ACTION**<br><br>**NO. 18-7889<br>c/w 18-8071,<br>18-8218, 18-9312**<br><br><br>**SECTION: "E" (5)** |
| *Related Case:*<br><br>**FREDERICK ADDISON, ET AL.,**<br>　　Plaintiffs<br><br>**VERSUS**<br><br>**LOUISIANA REGIONAL LANDFILL COMPANY, ET AL.,**<br>　　Defendants<br><br>*Applies to: Both Cases* | **CIVIL ACTION**<br><br>**NO. 19-11133<br>c/w 10-14512**<br><br>**SECTION: "E" (5)**<br><br><br><br>**JUDGE: Morgan<br>MAGISTRATE JUDGE: North** |

**[Proposed] EIGHTH CASE MANAGEMENT ORDER**

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, in consideration of the Court's November 29, 2022 ruling on General Causation, after consultation with the counsel for the Parties,[1] the Court enters this Eighth Case Management Order in each of the captioned cases.

With General Causation having been found as discussed by this Court's November 29, 2022 ruling on General Causation (Case No. 19-11133, ECF Doc. 323; Case No. 18-07889, ECF

---

[1] The Parties herein are all of the *Addison* Plaintiffs, Elias Jorge Ictech-Bendeck, Savannah Thompson, Larry Bernard, Sr. and Mona Bernard, Nicole M. Landry-Boudreaux, Waste Connections Bayou, Inc., Waste Connections US, Inc., Louisiana Regional Landfill Company, Aptim Corp.*,* and the Parish of Jefferson.

1

Combined Draft 8th Case Management Order with comments of Plaintiffs and Defendants

Doc. 285) , this Eighth Case Management Order focuses on discovery relating to issues beyond General Causation, namely liability, specific causation, and damages, and provides for trial on the merits for an initial set of eight (8) *Addison* plaintiffs selected by the Parties in accordance with the provisions herein.

I. AMENDMENTS TO THE PLEADINGS.

1. ~~Amendments to the pleadings in *Addison* shall be filed not~~Not later than March 31, 2023, ~~solely to amend allegations relating to certain previously~~*Addison* counsel will circulate a proposed consent order to substitute minor plaintiffs who have reached the age of majority.[2]

2. With respect to Plaintiffs who have died and for whom Defendants have filed a suggestion of death, substitution of parties will be governed by Fed. R. Civ. P. 25.

3. On or before August 1, 2023, *Addison* counsel shall file a Second Amended Complaint to reflect the substitution of parties (relating both to minors who have reached the age of majority, and substitutions for deceased Plaintiffs).

II. DISCOVERY OF INFORMATION RELATING TO PROPERTY DIMINUTION CLAIMS OF *ADDISON* PLAINTIFFS

~~Plaintiff's position: The *Addison* Plaintiffs object to this entire section. Because discovery on the diminution in value issue has no bearing on any issue that will be tried in September, taking discovery on it now diverts the attention and resources of the Parties from the issues that will be tried. With the number of other depositions that must be taken relating to the common issues (of which this is not one) and the issues for trial (of which this is not one), adding in six more is non-sensical. As result, discovery on this issue should be postponed altogether, and there is no need for the case management order to address it. Plaintiffs are considering Defendants' proposal to defer expert and deposition discovery on this issue if written discovery is completed, but even that is not on the critical path in this case.~~

---

[2] Plaintiffs reserve all rights to seek leave to amend pursuant to Rule 15.

Combined Draft 8th Case Management Order with comments of Plaintiffs and Defendants

~~**Defendants' Proposal:**~~

1. Plaintiffs' counsel has provided the identities of the six *Addison* Plaintiffs pursuing diminution of property value claims for ~~four~~three properties. ~~The parties have met and conferred on~~ On or before April 20, 2023, these Plaintiffs shall serve their responses to Defendants' revised interrogatories ~~with respect to these plaintiffs that~~ and request for production were sent on March 7, 2023. ~~Defendants shall serve final revised interrogatories related to Plaintiffs' diminution of property value claims on **Friday, March 10, 2023**. Plaintiffs' responses to the revised interrogatories and Defendants' outstanding requests for production of documents shall be served on or before **Friday, April 7, 2023**.~~ ~~[Defendants' position: Because the parties have begun the process of written discovery on this issue, it should be completed to prevent evidence from going stale or being lost. If requested by Plaintiffs, Defendants would agree to defer the continued discovery steps in Paragraph 2 if the written discovery is completed on these property diminution claims.]~~ The time period for the documents to be produced shall be limited to January 1, 2017 until March 31, 2021.

2. ~~Depositions~~Expert reports, depositions of experts, and depositions of the six Plaintiffs asserting diminution of property value claims shall be ~~completed by **Friday, June 2, 2023**. Plaintiffs shall serve their expert reports with respect to the diminution of property value claims on or before **Wednesday, June 14, 2023**. Rebuttal reports are due on or before **Monday, August 14, 2023**. Depositions of experts on the topic of Plaintiffs' diminution in property value claims must be complete by **Tuesday, October 31, 2023**~~postponed until after completion of the trial scheduled under this Case Management Order.

3

Combined Draft 8th Case Management Order with comments of Plaintiffs and Defendants

### III. PROCEDURE FOR SELECTION OF THE *ADDISON* PLAINTIFFS WHOSE CASES WILL BE TRIED FIRST.[3]

1. On ~~or before~~ **Wednesday, March 15, 2023**, the two sides (*Addison* Plaintiffs collectively, and Defendants collectively) ~~shall exchange~~exchanged lists of the *Addison* Plaintiffs they have selected to depose in anticipation of selecting *Addison* Plaintiffs to be included in the trial. Each side ~~may~~was permitted to select a total of seven individual Plaintiffs and one family unit of Plaintiffs ("Plaintiff Family Unit") for deposition by Defendants. Each side's slate of seven individual Plaintiffs ~~may~~were permitted to be selected from the entire pool of Addison Plaintiffs, not just those without other plaintiff-family members, but only the claims of the individuals selected will be eligible for trial.[4] The Plaintiff Family Units ~~must~~were required to consist of related Plaintiffs living in the same residence. Each side ~~must~~was required to select at least two Plaintiffs (with the Plaintiff Family Unit being considered one for this purpose) from the West Bank and two from the East Bank.

2. ~~On or before **Friday, March 17, 2023**, the~~The parties ~~shall meet and confer to begin to~~have agreed upon a schedule for depositions of the selected *Addison* Plaintiffs (the "Deposition Pool Plaintiffs"). The goal is for each of these depositions to last four hours, unless good cause is shown why a deposition needs to last longer.

**Defendants' Proposal:**

---

[3] Defendants reserve their objections to: (a) trying any *Addison* Plaintiffs' cases on the merits prior to class certification being determined as to the *Ictech-Bendeck* case; (b) the deferral of a schedule for class certification in the *Ictech-Bendeck* case until after trial of initial *Addison* Plaintiffs; and (c) the prohibition of discovery on Plaintiffs other than those Plaintiffs selected for trial as described in Paragraph IV. Defendants' submission of any term in or the entirety of this joint proposed Case Management Order shall not be construed as a waiver of the above objections.

[4] None of the Plaintiffs asserting property diminution claims shall be proposed or selected to have their claims tried in the first trial.

4

Combined Draft 8th Case Management Order with comments of Plaintiffs and Defendants

<del>3. On or before Friday March 17, 2023, Defendants (collectively) shall serve requests for production of documents and no more than 10 interrogatories on the Deposition Pool Plaintiffs. Written objections must be served within 5 days of service of the request. Plaintiffs shall serve responsive documents and responses to these demands for each Deposition Pool Plaintiff at least three full business days before the date of that plaintiff's deposition. [Defendants' position: Some discovery on the Plaintiffs selected for deposition is necessary to accord with basic discovery provisions of the FRCP and to minimize the potential for later depositions if written discovery deviates from earlier deposition testimony. Plaintiffs have disputed the reliability of Fact Sheet responses, making this discovery all the more critical.]</del>

<del>Plaintiffs' position: Plaintiffs object to this paragraph in its entirety. The original process was the Defendants would depose all of the plaintiffs proposed as trial plaintiffs (they already have the plaintiff fact sheets and all the medical records) and then more targeted discovery would take place as to the plaintiffs selected for trial. Defendants have now demanded broader discovery of the proposed plaintiffs. This will ultimately delay the selection process. It was not part of the selection process we originally agreed to (and the Court's order provided only for depositions of the proposed plaintiffs). Defendants themselves proposed the facts sheets to be used in selecting cases for trial long ago and Plaintiffs' position that they are not competent summary judgment evidence has no bearing upon their use in the selection process.</del>

<del>4.</del> 3. All depositions of the Deposition Pool Plaintiffs shall be completed on or before **Friday, April 14, 2023**.

<del>5.</del> 4. On or before **Monday, April 24, 2023**, the *Addison* Plaintiffs (collectively) will identify three individual Plaintiffs from the Deposition Pool Plaintiffs (excluding Plaintiff Family Units) whose cases will be tried, and Defendants (collectively) will identify three individual Plaintiffs from the Deposition Pool Plaintiffs (excluding Plaintiff Family Units) whose cases will be tried. The claims of these six individual Plaintiffs and the two Plaintiff Family Units will be tried in the first trial (the "Trial Plaintiffs"). With respect to the individual Plaintiffs, the Plaintiffs

5

will pick one Plaintiff; the Defendants will pick one Plaintiff; the Plaintiffs will pick one Plaintiff, and so on until all six individual Plaintiffs have been selected. Each Plaintiff Family Unit will automatically proceed to the first trial. Each side must select at least one Plaintiff (a Plaintiff Family Unit being considered one for this purpose) from the West Bank and one from the East Bank.

~~6.~~ 5.  The Parties acknowledge that the Plaintiffs selected for the first trial are not intended to be bellwether plaintiffs under *In re Chevron U.S.A., Inc.*, 109 F.3d 1016 (5th Cir. 1997).

~~**Defendants' Proposal:**~~

~~7.  The results of the first trial are not intended by the Parties to be binding on the Parties for any future trial or adjudication of the Plaintiffs' claims. [Defendants' position:  This statement addresses concerns raised by Defendants in status conferences with respect to the sequencing of merits trials in the *Addison* action before class certification proceedings in the *Ictech-Bendeck* action.]~~

~~Plaintiffs' position.  Plaintiffs do not agree to this sentence.  As the court has already ruled, in the order denying Defendants' motion to bifurcate, the collateral estoppel effect of the verdict at trial is an issue for future determination.  Just as the Court cannot render and advisory opinion on this issue, Plaintiffs will not agree in advance to the effects of unknown circumstances.~~

IV.   **COMPLETION OF CONSOLIDATED FACT DISCOVERY ON ISSUES COMMON TO THE *ADDISON* AND THE *ICTECH-BENDECK* CASES.**

   A.   **In general.**

   1. Discovery on issues that are common to the *Addison* and *Ictech-Bendeck* Plaintiffs, and not specific to the claims of any individual *Addison* or *Ictech-Bendeck* Plaintiff, shall be conducted by Plaintiffs in both actions on a consolidated basis.

6

Combined Draft 8th Case Management Order with comments of Plaintiffs and Defendants

2. The ESI protocols entered as ECF Doc. 90 (Case No. 18-7889), and ECF Doc. 86 (Case No. 19-11133), as amended from time to time, shall continue to apply to discovery conducted in this case.

3. The discovery obligations set forth in the Case Management Orders or other orders of the Court are subject to the supplementation requirements of Federal Rule of Civil Procedure 26(e).

4. The due dates for discovery responses shall be those specified in orders of the Court, those set forth in the Federal Rules of Civil Procedure, or as otherwise agreed by the Parties, except that with respect to interrogatories and document requests that are served after the date of this Case Management Order, objections shall be served within 14 days after service.

5. As set forth in this Court's prior Orders, each General Causation deposition shall preclude a subsequent deposition of such deponent(s) on topics covered in such prior deposition. A party raising such issue with the Court must provide the relevant pages of the deposition at which the party asserts the topic was covered.

B. **Plaintiffs' discovery addressed to Defendants.**

1. **Document discovery.** Documents, if any, that were responsive to document requests propounded earlier in the case by the *Addison* Plaintiffs but not yet produced were due to be produced by February 23, 2023. If not already provided, each Defendant shall produce a privilege log with respect to any documents withheld on or before March 9, 2023.

2. **Requests for production of documents**. Plaintiffs (collectively) may serve ==up to twenty-five (25) additional requests== for production of the documents, in one or more sets, upon each Defendant. Plaintiffs shall serve any such requests for production of documents within such time as to allow discovery to be completed by the date for completion of discovery set out below.

7

Combined Draft 8th Case Management Order with comments of Plaintiffs and Defendants

Defendants shall provide a written response to Plaintiffs' set of requests for production of documents within 30 days of service and will provide responsive documents at a reasonable time thereafter.

3. **Interrogatories addressed to Defendants.** Plaintiffs (collectively) may serve interrogatories upon each of the Defendants. Unless otherwise agreed to by the parties, or permitted by the Court, such written discovery shall be limited to twenty-five (25) interrogatories, including all discrete subparts.

4. **Requests for admission addressed to Defendants.** Plaintiffs (collectively) may serve requests for admission upon each of the Defendants and such responses will be due in accordance with Rule 36 of the Federal Rules of Civil Procedure. The effect of any admission shall be governed by Rule 36.

5. **Fact witness depositions taken by Plaintiffs.** Plaintiffs (collectively) may depose each of the Defendants under Rule 30(b)(6), and may take up to fifteen (15) individual fact witness depositions without leave of court.

C. **Defendants' Discovery Addressed to Plaintiffs.**

1. Except as permitted by this Order regarding the selection process and Plaintiffs selected for trial, discovery of individual Plaintiffs is stayed, except for any supplementation requirements.

**Defendants' Proposal:**

1. ~~**Fact Sheets**. Pursuant to prior orders of the Court, each Plaintiff completed a Plaintiff Fact Sheet and verified those responses. As agreed upon by the Parties and ordered by the Court, the responses in the Fact Sheets shall be treated as answers to interrogatories under Rule 33. (ECF No. 85 ¶ 7 (*Addison*); ECF No. 89 ¶ 7 (*Ictech-Bendeck*)).~~ [Defendants' position: This paragraph

8

~~is appropriate in the summary of discovery by Defendants upon Plaintiffs, and is consistent with the Court's prior orders.]~~

> ~~Plaintiffs' position. There is no reason to include this paragraph. A prior order of the Court required treated the Fact Sheets as interrogatories (and that came over the objection of the Plaintiffs), and there is no reason repeat that here. A separate section of this proposed CMO addresses supplementation. See ¶ IV.4, above ("The discovery obligations set forth in the Case Management Orders or other orders of the Court are subject to the supplementation requirements of Federal Rule of Civil Procedure 26(e)." In addition, as set forth in Plaintiff's opposition the motion for summary judgment filed yesterday, Plaintiffs have pointed out that the form of verification used by the Defendants did not conform to 28 USC §1754 or the requirements of Rule 56(c)(4). Inclusion of this paragraph invites an unnecessary dispute as Defendants will rely upon this provision to say that Plaintiffs agreed, or the Court found, that Plaintiffs "verified" their responses even though the effect of the verification language used is before the Court on a separate motion.~~

2. **Fact witness depositions taken by Defendants.** With respect to issues that are not specific to any Plaintiff, Defendants may take up to fifteen (15) fact depositions of persons other than Plaintiffs in either case, without leave of court. **Defendants' Proposal:** ~~These fact depositions are in addition to those allowed under Section V.1.e. [Defendants' position: These depositions are necessary in light of the liability and allocation issues that Defendants will need to address at trial, and the number of them should not be eroded by depositions of witnesses to impacts as identified by Plaintiffs.]~~

> ~~Plaintiffs' position. Plaintiffs object to the last sentence. Even without it, Defendants may depose the 16 "pool" Plaintiffs, plus fifteen additional fact witnesses, plus two additional plaintiff-specific witnesses per plaintiff. Paragraph V.1.e., as drafted by Defendants would allow Defendants without limitation to depose anyone identified by Plaintiffs has having relevant knowledge that may be used. Those persons include Parish personnel, LDEQ personnel, third party witnesses and others whose testimony is not plaintiff-specific. All non-plaintiff specific depositions should be part of the 15 allowed in this section.~~

D. **Written Discovery from Non-Parties.**

1. Subject to any limitations in this CMO or established by the Court in response to motion for protective order, the Parties may seek discovery from non-parties.

9

Combined Draft 8th Case Management Order with comments of Plaintiffs and Defendants

2. Copies of documents produced to Defendants by third parties in response to a subpoena *duces tecum*, and related communications with such third parties except to the extent the communication relates only to the timing of a response, will be provided to the Plaintiffs within seven (7) days after receipt.

3. Copies of documents produced to Plaintiffs by third parties in response to a subpoena *duces tecum*, and related communications with such third parties except to the extent the communication relates only to the timing of a response, will be provided to the Defendants within seven (7) days after receipt.

4. By seeking documents produced in responses to subpoenas *duces tecum* issued by another party, and by agreeing to provide copies of documents so obtained with other parties who did not issue the subpoena, the parties have not waived their right to seek a protective order from the Court related to subpoenas *duces tecum* responses pursuant to Rule 26(c).

V. **ADDITIONAL DISCOVERY OF *ADDISON* PLAINTIFFS SELECTED FOR TRIAL.**

[**Defendants' comment on this Section:** Defendants propose these terms on the basis that the pre-deposition discovery of the Deposition Pool Plaintiffs, proposed above in Section II(3), will be ordered by the Court. Defendants reserve their objections to this discovery schedule if that pre-deposition discovery is curtailed or not allowed.]

**1.** With respect to each *Addison* Plaintiff whose case is selected for trial in accordance with this Case Management Order, Defendants may conduct additional discovery as follows:

   a. On or before **Wednesday, May 3, 2023** Plaintiffs shall serve supplemental Rule 26(a) disclosures on behalf of all Plaintiffs selected for trial.

10

b. Not later than May 15, 2023, each Plaintiffs and Defendants shall notify each other of the witnesses whose testimony will likely be presented at trial to ensure that each party has an adequate opportunity to depose witnesses who will testify prior to trial. On the plaintiff-specific issues of specific causation and damages, each Plaintiff may call up to two non-expert fact witnesses (like relatives, neighbors, treating physicians, etc.).

b.c. Each of the Defendants may serve up to ~~ten (10~~fifteen (15) additional interrogatories, including all discrete subparts, without leave of court.

~~c.~~d. Each of the Defendants may serve twenty-five (25) requests for production of documents.

~~d.~~e. Each Defendant may serve fifteen (15) requests for admission upon each Plaintiff and such responses will be due in accordance with Rule 36. The effect of any admission shall be governed by Rule 36.

~~**Defendants' Proposal:**~~

~~e. Defendants may conduct fact witness depositions of persons identified by Plaintiffs in discovery responses or during deposition as having knowledge specific to each Plaintiff selected for trial, or whom the Plaintiff has otherwise identified as someone the Plaintiff may use to support their claims at trial. [Defendants' position: these depositions are necessary for anyone that a Plaintiff may call as a witness during trial, and they are appropriate if a Plaintiff identifies another person as having specific knowledge of that Plaintiffs' claims.]~~

~~Plaintiffs' position – Plaintiffs object to paragraph (e) and do not agree to an unlimited number of depositions in advance. Additional depositions under this~~

11

~~paragraph must relate specifically to a particular plaintiff should be limited to no more than two, without leave of court.~~

  f. ~~Depositions~~ Defendants may depose each Plaintiff regarding matters not covered in the initial pre-selection depositon.

  ~~f.~~g. Any depositions of minors will be discussed in advance among the Parties.

2. The written discovery addressed in this section may be served commencing upon the date that Plaintiff is selected for trial in accordance with this CMO.

VI. **COMPLETION OF FACT DISCOVERY.**

  1. All fact discovery shall be completed on or before Friday, **July 14, 2023**.

VII. **EXPERT DEADLINES AND TRIAL PREPARATION.**

  A. **Expert Deadlines.**

  1. New or supplemental expert reports for the first *Addison* trial are due on or before **Wednesday, June 14, 2023.**

  1. Rebuttal reports are due on or before **Wednesday, June 28, 2023.**

  2. Expert depositions must be complete by **Friday, July 14, 2023.**

VIII. **DISPOSITIVE AND RULE 702 MOTIONS.**

~~**Defendants' proposal:**~~

~~1. All dispositive motions, and *Daubert*/Rule 702 motions to exclude testimony of experts, are due on or before **Friday, July 21, 2023.** [Defendants' position: Daubert/702 motions must be allowed for all experts proposed to testify during the jury trial in light of the higher standard for submission of expert testimony to a jury than to the Court during a bench trial. Further, Daubert/702 motions will be necessary for new experts, and for new opinions offered by existing efforts.]~~

Combined Draft 8th Case Management Order with comments of Plaintiffs and Defendants

1. ~~Plaintiffs proposal:   1.~~ All dispositive motions, and *Daubert*/Rule 702 motions to exclude testimony of newly designated experts (or existing experts who offer entirely new opinions based on entirely new methodologies), are due on or before **Friday, July 21, 2023.** ~~(difference in underlining).~~

~~Plaintiffs' position:  *Daubert* challenges to existing experts have been litigated and decided, as noted by this Honorable Court.  As a result, any such motions should be limited to brand new experts or an existing expert offering a brand-new opinion using brand new methodology (and having our air modeling expert running the existing model using emission rates determine by our existing experts but using a specific address for a specific plaintiff does not fall within that category).~~

2. Oppositions to any dispositive or *Daubert*/Rule 702 motions are due on or before **Friday, July 28, 2023.**

3. Any replies are due on or before **Tuesday, August 1, 2023.**

IX.   <u>SETTLEMENT CONFERENCE.</u>

1. The parties shall immediately contact the Magistrate Judge to schedule a settlement conference to occur on or before **Tuesday, August 1, 2023.**

X.   <u>STATUS CONFERENCE IN THE *ICTECH-BENDECK* CASES.</u>

1. As soon as practical after the close of all discovery set forth above, the *Ictech-Bendeck* Plaintiffs and the Defendants shall meet and confer to propose a schedule for remaining activities, including class certification and related discovery.

XI.   <u>PRETRIAL CONFERENCE AND PRETRIAL DEADLINES.</u>

1. Witness lists and exhibit lists shall be exchanged on or before **Friday, August 4, 2023**. Thereafter, the Parties shall meet and confer and shall discuss revisions, including additions in light of the *Daubert* motions, to the respective witness and exhibit lists, and designated deposition

testimony, and shall discuss the other items that are to be addressed in the Joint Pretrial Order (see Section E.4), including timing to exchange drafts of the Joint Pretrial Order items.

2. A pretrial conference is hereby set for **Tuesday, August 15, 2023, at 11:00 a.m.**

3. The joint pretrial order must be filed by 5:00 p.m. on **Wednesday, August 9, 2023**. It shall contain the following:

    a. Description of the Parties;
    b. Statement of Jurisdiction;
    c. A List and Description of any Motions Pending or Contemplated;
    d. A List of Uncontested Material Facts;
    e. A List of Contested Issues of Fact;
    f. A List of Contested Issues of Law;
    g. A List of Exhibits Intended to be Introduced at Trial (except those that will be used solely for impeachment purposes), and identifying those that the parties will stipulate into evidence and those that will be offered without objections to foundation;
    h. A List of Demonstrative Exhibits to be Used at Trial;
    i. A Description of any Deposition Testimony to be Offered into Evidence (except testimony that will be used solely for impeachment purposes);
    j. A List of Witnesses, identifying whether the witness will be appearing in person or by deposition testimony, except those witnesses that will be used solely for impeachment purposes;
    k. A Statement of Other Matters that Might Expedite Disposition of the Matter;
    l. Proposed Jury Charges.

4. The final list of witnesses to be called at trial must be filed **by Tuesday August 22, 2023** at 5:00 p.m. (five working days after the pretrial conference).

5. Motions in limine (other than those regarding the admissibility of expert testimony) and memoranda in support must be filed no later than <u>**August 16, 2023** (12 working days before trial) at 5:00 pp.m.</u>  Responses to motions in limine must be filed by **August 23, 2023**, 7 working days before trial at 5:00 p.m.

Combined Draft 8th Case Management Order with comments of Plaintiffs and Defendants

6. On or before **August 25, 2023** (five working days before trial), the Parties must file, email and deliver to the Court the following:

   a. joint statement of the case;

   b. Joint jury instruction (or if agreement cannot be reached, counsel shall provide alternate versions with respect to any instruction in dispute, with its reasons for putting forth an alternative instruction and the law in support thereof

   c. Joint proposed jury verdict form (or if agreement cannot be reached, separate proposed jury verdict forms and a joint memorandum explaining the disagreements between the parties as to the verdict form)

   d. Proposed special voir dire questions

   e. Two copies of joint bench books of tabbed exhibits, with indices of "objected-to" and "unobjected-to" exhibits, identifying which party will offer each exhibit and which witness will testify regarding the exhibit at trial

   f. Objections to exhibits and supporting memoranda

   g. Objections to deposition testimony and supporting memoranda

7. On or before **August 29, 2023** (three working days before trial), the Parties must file, email and deliver to the Court the following:

   a. Responses to objections to exhibits

   b. Responses to objections to deposition testimony

8. If counsel intends to ask questions on cross-examination of an economic expert which require mathematical calculations, the factual elements of such questions shall be submitted to the expert witness by **August 29, 2023 – 3 working days before trial** at **5:00 p.m.**

15

<u>Combined Draft 8th Case Management Order with comments of Plaintiffs and Defendants</u>

9. Copies of any charts, graphs, models, schematic diagrams, and similar objects intended to be used in opening statements or closing arguments must be provided to opposing counsel by **August 29, 2023 – 3 working days before trial at 5:00 p.m.**

10. Objections to any charts, graphs, models, schematic diagrams, and similar objects intended to be used by opposing counsel in opening statements or closing arguments must be filed by **August 30, 2023 – 2 working days before trial** at **5:00 p.m**.

**XII.** <u>**TRIAL.**</u>

1. Trial will commence on **Tuesday, September 5, 2023,** and is expected to last fifteen days.

**SO ORDERED.**

New Orleans, Louisiana, this _____ day of March, 2023.

                                        **SUSIE MORGAN**
                                 **UNITED STATES DISTRICT JUDGE**