UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ELIAS JORGE "GEORGE" ICTECH-BENDECK,**  Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-7889  c/w 18-8071, 18-8218, 18-9312** |
| **WASTE CONNECTIONS BAYOU, INC., ET AL.,**  Defendants | **SECTION: "E" (5)** |

*Related Case:*

| | |
|---|---|
| **FREDERICK ADDISON, ET AL.,**  Plaintiffs | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-11133  c/w 19-14512** |
| **LOUISIANA REGIONAL LANDFILL COMPANY, ET AL.,**  Defendants | **SECTION: "E" (5)** |

*Applies to: All Cases*

## ORDER AND REASONS

Before the Court is a motion for reconsideration filed by Defendants Waste Connections Bayou, Inc., Waste Connections US, Inc., and Louisiana Regional Landfill Company (collectively the "Waste Connections Defendants" or "Defendants").[1] Plaintiffs filed an opposition.[2] Defendants replied.[3]

---

[1] R. Doc. 470 (19-11133); R. Doc. 398 (18-7889).
[2] R. Doc. 474 (19-11133); R. Doc. 401 (18-7889).
[3] R. Doc. 479 (19-11133); R. Doc. 402 (18-7889).

1

## BACKGROUND

This case concerns the operation of the Jefferson Parish Landfill (the "Landfill") and the resulting odors emitted from the Landfill between July 1, 2017, and December 31, 2019. Having previously stated the facts of this case in detail, the Court will repeat only the facts relevant to the instant motion. During discovery, Plaintiffs filed a Motion to Compel Discovery Against the Waste Connections Defendants (hereinafter "Motion to Compel")[4] and the Waste Connections Defendants filed a Motion to Quash the *Addison* Plaintiffs' Subpoena to SCS Engineers (hereinafter "Motion to Quash").[5] To date, the Court has issued several orders resolving issues related to these contested discovery motions.[6] The Court's Order and Reasons issued on January 2, 2024 (the "January 2 Order") presents background relevant to the discovery motions.[7]

Presently, the only outstanding issues in these contested motions relate to documents involving Stearns, Conrad & Schmidt, Consulting Engineers, Inc. ("SCS Engineers"),[8] which are categorized into nine "Categories of Work" as identified in the Waste Connections Defendants' December 1, 2023 letter to the Court.[9] In its January 2 Order, the Court granted in part and deferred in part Plaintiffs' Motion to Compel, denied in part and deferred in part Defendants' Motion to Quash, and ordered Defendants to

---

[4] R. Doc. 380 (19-11133); R. Doc. 326 (18-7889). Defendants opposed. R. Doc. 383 (19-11133); R. Doc. 329 (18-7889). Plaintiffs replied. R. Doc. 389 (19-11133). Plaintiffs filed a supplemental memorandum. R. Doc. 393 (19-11133). Defendants filed a supplemental reply. R. Doc. 394 (19-11133).
[5] R. Doc. 368 (19-11133). Plaintiffs filed a Motion to Enforce Subpoena, which the Court construes as an opposition to the Motion to Quash. R. Doc. 381 (19-11133). Defendants filed a Reply Memorandum in Support of Their Motion to Quash. R. Doc. 388 (19-11133). *See also* Subpoena to Produce Documents Issued to SCS Engineers, R. Doc. 381-5 (19-11133).
[6] *See* R. Doc. 338 (18-7889); R. Doc. 402 (19-11133); R. Doc. 344 (18-7889); R. Doc. 417 (19-11133); R. Doc 382 (18-7889); R. Doc. 428 (19-11133).
[7] R. Doc. 468, pp. 2-4 (19-11133); R. Doc. 397 (18-7889).
[8] *See* Requests for Production 58-66, *Addison* Plaintiffs' Second Set of Requests for Production of Documents to the Waste Connections Defendants, R. Doc. 329-2 at 8, 12 (18-7889).
[9] *See* Appendix A to Letter from Megan R. Brillault, Counsel for the Waste Connections Defendants, to the Court (Dec. 1, 2023). The "Chart Showing Status of Production" attached to the December 1, 2023 Letter contained comments from both the Waste Connections Defendants and Plaintiffs. As depicted in Attachment A to the January 2 Order, the Court assigned numbers to the Categories of Work for ease of reference. *See* R. Doc. 468 (19-11133); R. Doc. 397 (18-7889).

produce certain documents related to Category #5[10] and Category #7,[11] which concern Dawn Thibodaux, Matt Crockett, and David Jones.[12] Defendants now move the Court to reconsider certain aspects of its January 2 Order.[13]

## **LEGAL STANDARD**

Rule 54(b) of the Federal Rules of Civil Procedure governs motions for reconsideration of interlocutory rulings.[14] Under Rule 54(b), "any order that adjudicates fewer than all the claims . . . may be revised at any time before the entry of a judgment adjudicating all the claims."[15] Generally, courts in this district evaluate motions to reconsider interlocutory orders under the same standards as those governing motions to alter or amend final judgments brought pursuant to Rule 59(e).[16]

Courts have considerable discretion when evaluating the merits of a Rule 59(e) motion.[17] To prevail on a motion for reconsideration pursuant to Rule 59(e), the movant "must clearly establish either a manifest error of law or fact or must present newly discovered evidence[,] [which] cannot be used to raise arguments which could, and should, have been made before the judgment issued."[18] A motion for reconsideration, however, "is 'not the proper vehicle for rehashing evidence, legal theories, or arguments

---

[10] Category #5 concerns documents related to two onsite landfill surface pollutant concentration reports and accompanying memorandum: (a) Surface Pollutant Concentration Measurements at the Jefferson Parish Landfill–Data Report, dated May 31, 2019 (WC_JPLF_00210878); (b) Surface Pollutant Concentration Measurements at the Jefferson Parish Landfill--Supplemental Data Report, dated July 10, 2019 (WC_JPLF_00210732); and (c) Memorandum – Surface Pollutant Concentration Measurements at the Jefferson Parish Landfill, dated April 23, 2021 (WC_JPLF_00403662).
[11] Category #7 concerns documents related to the Jefferson Parish Landfill Special Waste Odor Evaluation, dated September 24, 2019 (WC_JPLF_00406383).
[12] R. Doc. 468 (19-11133); R. Doc. 397 (18-7889).
[13] R. Doc. 470 (19-11133); R. Doc. 398 (18-7889).
[14] *See, e.g.*, *Muslow v. Bd. of Supervisors*, 19-11793, 2021 WL 3566302, at *2 (E.D. La. Aug. 12, 2021).
[15] FED. R. CIV. P. 54(b).
[16] *Castrillo v. Am. Home Mortg. Servicing, Inc.*, 09-4369, 2010 WL 1424398, at *4 (E.D. La. Apr. 5, 2010) ("The general practice of this court has been to evaluate motions to reconsider interlocutory orders under the same standards that govern Rule 59(e) motions to alter or amend a final judgment.").
[17] *See, e.g.*, *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002); *Baker v. Fedex Ground Package*, 04-3401, 2007 WL 3334387, at *1 (E.D. La. Nov. 7, 2007).
[18] *Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (citations omitted) (internal quotation marks omitted).

3

that could have been offered or raised before the entry of [the order].'"[19] Courts in this district consider the following factors when applying Rule 59(e) standards:

> (1) whether the movant demonstrates the motion is necessary to correct manifest errors of law or fact upon which the judgment is based;
> (2) whether the movant presents new evidence;
> (3) whether the motion is necessary in order to prevent manifest injustice; and
> (4) whether the motion is justified by an intervening change in the controlling law.[20]

"Rule 54(b)'s approach to the interlocutory presentation of new arguments as the case evolves can be more flexible, reflecting the inherent power of the rendering district court to afford such relief from interlocutory judgment as justice requires."[21] "The district court must exercise this broad discretion sparingly, however, to forestall the perpetual reexamination of orders and the resulting burdens and delays."[22]

## LAW AND ANALYSIS

In their motion, Waste Connections Defendants ask the Court to reconsider its order that Defendants produce in whole documents WC_JPLF_SCS_PRIV_0288 ("0288")[23] and WC_JPLF_SCS_PRIV_0290 ("0290") as identified in the privilege log produced by Waste Connections Defendants on December 4, 2023 (the "December 4 Privilege Log").[24] Defendants contend documents 0288 and 0290 contain "SCS's

---

[19] *Lacoste v. Pilgrim Int'l*, No. 07-2904, 2009 WL 1565940, at *8 (E.D. La. June 3, 2009) (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004)).
[20] *Castrillo*, 09-4369, 2010 WL 1424398, at *4. The Court notes that the time limits of Rule 59 do not apply in this matter because the order appealed is interlocutory. Rules 59 and 60 set forth deadlines for seeking reconsideration of final judgments. *See Carter v. Farmers Rice Milling Co., Inc.*, 33 F. App'x 704 (5th Cir. 2002); *Lightfoot v. Hartford Fire Ins. Co.*, 07-4833, 2012 WL 711842, at *2 (E.D. La. Mar. 5, 2012).
[21] *Muslow*, 2020 WL 4471160, at *5 (citations omitted) (internal quotation marks omitted).
[22] *Tonti Management Co., Inc. v. Soggy Doggie, LLC*, 19-13134, 2020 WL 9172035, at *6 (E.D. La. Aug. 13, 2020). *See also  Lightfoot*, 07-4833, 2012 WL 711842, at * 3 ("When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted."); *Factor King, LLC v. Block Builders, LLC*, 192 F. Supp. 3d 690, 693 (M.D. La. 2016) ("A manifest error is not shown by the disappointment of the losing party, rather it is the wholesale disregard, misapplication, or failure to recognize controlling precedent.").
[23] References to Document 0288 refer both to the email, WC_JPLF_SCS_PRIV_0288, and its attachment, WC_JPLF_SCS_PRIV_0288_001.
[24] R. Doc. 470 (19-11133); R. Doc. 398 (18-7889).

proposals for potential assessments . . . to aid in the Waste Connections Defendants' defense of the litigation, including proposals for assessments that were not performed or have not previously been disclosed," and argue production of these documents to Plaintiffs "would result in manifest injustice and irreparable prejudice in revealing communications protected by the attorney-client privilege, work product doctrine, and consulting expert privilege."[25] Further, Defendants aver that "[b]y selecting some tasks and pausing or rejecting others, litigation counsel indirectly communicated their litigation priorities and their ranking of the relative value of various forms of information," which constitute "opinions and judgments" protected by consulting expert work product and attorney-client communications.[26]

In opposition, Plaintiffs assert Defendants' motion fails under the Rule 59(e) standard because it "consists entirely of arguments that [Defendants] could and should have raised earlier."[27] In their reply, Defendants argue "the 'new' facts Plaintiffs highlight were disclosed in prior submissions, in the privilege log, or were not required to be disclosed," and attest that "[t]he Waste Connections Defendants' privilege log meets (and exceeds) the requirements of the federal rules."[28]

The Court is afforded broad discretion to reexamine interlocutory orders like the January 2 Order.[29] While motions for reconsideration are "sparingly granted," such action is warranted in this case.[30] Here, the Waste Connections Defendants argue the production of Documents 0288 and 0290, which contain proposals for assessments that were not performed and have not been disclosed, would result in manifest injustice by revealing

---

[25] R. Doc. 470-1, p. 2 (19-11133); R. Doc. 368-1 (18-7889).
[26] *Id.* at p. 5.
[27] R. Doc. 474, p. 2 (19-11133); R. Doc. 401 (18-7889). Plaintiffs contend that Defendant' argument "had never been raised, and thus it cannot be basis for reconsideration." *Id.* at p. 6.
[28] R. Doc. 479, p. 3 (19-11133); R. Doc. 402 (18-7889).
[29] *See Tonti Management*, 19-13134, 2020 WL 9172035, at *6.
[30] *See Baker*, 04-3401, 2007 WL 3334387, at *1.

counsel's indirect communications concerning opinions and judgments of their litigation priorities.[31] Given the potential for manifest injustice, the Court finds it appropriate to reconsider whether privilege attaches to Documents 0288 and 0290.

The Court, upon review, finds that Documents 0288 and 0290 in the December 4 Privilege Log contain communications protected by the attorney-client privilege.[32] The attorney-client privilege "protects only those disclosures necessary to obtain informed legal advice which might not have been made absent the privilege."[33] The Court finds attorney-client privilege attaches to the portions of these documents in which counsel for the Waste Connections Defendants indirectly communicated their litigation priorities. Accordingly, Defendants are not required to produce Documents 0288 (email only) and 0290, which contain legal advice protected by attorney-client privilege. Some parts of the attachment to Document 0288, WC_JPLF_SCS_PRIV_0288_001 ("0288_001"), contain legal advice protected by the attorney-client privilege. Thus, Defendants must produce Document 0288_001 to Plaintiffs but may redact all parts of the attachment *except* Task 1 beginning on page 2, Task 4 beginning on page 8, and the attachments to the proposal, as proposed in Defendant' Motion for Reconsideration.[34]

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendants' Motion to Reconsider is **GRANTED IN PART**.[35]

---

[31] R. Doc. 470-1 (19-11133); R. Doc. 368-1 (18-7889).
[32] These documents contain "communications made in confidence between a client and his lawyer for the purpose of obtaining legal advice" protected by the attorney-client privilege. *See, e.g.*, *Tonti Management, Inc. v. Soggy Doggie, LLC*, 19-13134, 2020 WL 9172077, ay *9 (E.D. La. June 25, 2020).
[33] *Fisher v. U.S.*, 425 U.S. 391, 403 (1976).
[34] In their Motion for Reconsideration, Defendants request in the alternative that they be permitted to redact "the full emails for Documents 288 and 290. For the attachment to Document 288 (WC_JPLF_SCS_PRIV_0288_001), this would include redaction of all parts of the proposal *except* Task 1 beginning on page 2, Task 4 beginning on page 8, and the attachments to the proposal." R. Doc. 470-1, p. 7 n.9 (19-11133).
[35] R. Doc. 470 (19-11133); R. Doc. 368 (18-7889).

6

**IT IS FURTHER ORDERED** that the Waste Connections Defendants produce Document 0288_001 to Plaintiffs by **January 11, 2024**. Defendants may redact all parts of Document 0288_001 *except* Task 1 beginning on page 2, Task 4 beginning on page 8, and the attachments to the proposal, as proposed in Defendants' Motion for Reconsideration.[36] Defendants are hereby not required to produce Documents 0288 (email only) and 0290.

**New Orleans, Louisiana, this 10th day of January, 2024.**

*Susie Morgan*
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**

---

[36] *See* R. Doc. 470-1, p. 7 n.9 (19-11133).