UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ELIAS JORGE "GEORGE" ICTECH-BENDECK,**<br>    **Plaintiff,**<br><br>**VERSUS**<br><br><br>**WASTE CONNECTIONS BAYOU, INC., ET AL.,**<br>    **Defendants.**<br><br>*Related Case:*<br><br>**FREDERICK ADDISION ET AL.,**<br>    **Plaintiffs,**<br><br>**VERSUS**<br><br>**LOUISIANA REGIONAL LANDFILL COMPANY, ET AL.,**<br>    **Defendants.**<br><br>*Applies to: All Cases* | **CIVIL ACTION**<br><br>**NO. 18-7889**<br>      **c/w 18-8071,**<br>      **18-8218, 18-9312**<br><br>**SECTION: "E"(5)**<br><br><br><br><br><br>**CIVIL ACTION**<br><br>**NO. 19-11133**<br><br>**SECTION: "E"(5)**<br><br><br><br>**JUDGE: Morgan**<br>**MAGISTRATE JUDGE: North** |

**MEMORANDUM IN SUPPORT OF WASTE CONNECTIONS DEFENDANTS' MOTION FOR RECONSIDERATION**

The Waste Connections Defendants[1] move the Court pursuant to Fed. R. Civ. P. 54(b) to reconsider its January 12, 2024 Order insofar as it requires the production of the email chain at **WC_JPLF_SCS_PRIV_0126** and **WC_JPLF_SCS_PRIV_0134**.[2] In ordering the production of this email chain between outside counsel for the Waste Connections Defendants and their consulting expert SCS Engineers ("SCS"), it appears the Court overlooked the critical fact that the

---

[1] "Waste Connections" collectively refers to Defendants Louisiana Regional Landfill Company, Waste Connections Bayou, Inc., and Waste Connections US, Inc.

[2] The documents that are the subject of this motion are two versions of the same email chain. The Waste Connections Defendants are producing the remaining documents addressed in the Court's January 12, 2024 Order by the deadline set forth therein, while reserving their objections to the disclosure of same. *See* January 12, 2024 Order (No. 18-cv-07889, R. Doc. 406; No. 19-cv-11133, R. Doc. 483).

1

communication includes counsel's discussion of legal strategy with respect to the defense of the putative class actions. The Waste Connections Defendants seek to apply limited redactions (i.e., a single sentence in each document) to protect this information from disclosure, which redaction would not impact Plaintiffs' ability to contextualize the development of SCS's report. *See Treece v. Perrier Condo. Owners Ass'n, Inc.*, 569 F. Supp. 3d 347, 356 (E.D. La. 2021) (Morgan, J.) (motions for reconsideration).

Documents 126 and 134 involve an October 2018 email communication between Thomas Rappolt (SCS) and Megan Brillault (Beveridge & Diamond) regarding the evaluation of potential information to include in SCS's Site Evaluation with Respect to Odors Report (final report dated October 24, 2018). The Waste Connections Defendants are seeking reconsideration with respect to the third sentence in Ms. Brillault's October 21, 2018 10:04 AM message, in which after providing direction to SCS, Ms. Brillault makes a statement that reveals counsel's mental impressions and legal strategy with respect to the defense of the putative class actions.

Ms. Brillault's statement is protected under the attorney-client privilege, work product doctrine, and consulting-expert privilege because it conveys Ms. Brillault's thoughts and opinions regarding case strategy to a representative of the Waste Connections Defendants' lawyers. *See* La. Code Evid. art. 506(A)(4); *Hanover Ins. Co. v. Plaquemines Par. Gov't,* 304 F.R.D. 494, 500 (E.D. La. 2015) (documents that reveal the attorney's opinions regarding the litigation protected; "opinion work product enjoys a near absolute protection"). Disclosure of the statement would result in manifest injustice and irreparable prejudice in revealing protected communications concerning case legal strategy; a disclosure that cannot be undone. *See PIC Grp., Inc. v. Landcoast Insulation, Inc.*, No. 09-cv-662, 2010 WL 1794964, at *1 (S.D. Miss. Apr. 29, 2010) (granting in part Rule 59(e) motion for reconsideration due to "important privilege issues that could have a

significant impact and effect on the case"). Redaction of the limited portion of the email will also not undermine the Court's considerations of fairness, as the statement is not necessary in order to contextualize any potential guidance Ms. Brillault provided to SCS.

## CONCLUSION

The Waste Connections Defendants respectfully request the Court reconsider its January 12 Order and permit redaction of the third sentence in Ms. Brillault's October 21, 2018 10:04 AM message found in WC_JPLF_SCS_PRIV_0126 and WC_JPLF_SCS_PRIV_0134 pursuant to the attorney-client privilege, the work product protection, and Rule 26(b)(4)(D).

Dated: January 17, 2024

        Respectfully submitted,

        BEVERIDGE & DIAMOND, P.C.

        By:    /s/ Megan R. Brillault
              Megan R. Brillault (*pro hac vice*)
              Michael G. Murphy (*pro hac vice*)
              John H. Paul (*pro hac vice*)
              Katelyn E. Ciolino (*pro hac vice*)
              Katrina M. Krebs (*pro hac vice*)
              825 Third Avenue, 16th Floor
              New York, NY 10022
              (212) 702-5400

        James B. Slaughter (*pro hac vice*)
        1900 N Street, NW, Suite 100
        Washington, DC 20036
        (202) 789-6000

        Michael F. Vitris (*pro hac vice*)
        400 W. 15th Street, Suite 1410
        Austin, TX 78701
        (512) 391-8035

LISKOW & LEWIS, APLC

Michael C. Mims (#33991)
Charles B. Wilmore (#28812)
J. Hunter Curtis (#39150)
Alec Andrade (#38659)
Cecilia Vazquez Wilson (#39373)
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139
(504) 581-7979

*Counsel for Defendants Louisiana Regional Landfill Company, Waste Connections Bayou, Inc., and Waste Connections US, Inc.*

**CERTIFICATE OF SERVICE**

    I hereby certify that the foregoing was electronically filed on January 17, 2024. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                                /s/ Megan R. Brillault
                                                                     OF COUNSEL