UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FREDERICK ADDISON, ET AL.,**<br>    **Plaintiffs** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-11133**<br>        **c/w 19-14512** |
| **LOUISIANA REGIONAL<br>LANDFILL COMPANY, ET AL.,**<br>    **Defendants** | **SECTION: "E"(5)** |

*Applies to: Both Cases*

### ORDER

Before the Court is the Defendants' Motion for Leave to Depose A.G. and B.G.[1] Plaintiffs filed an opposition.[2] Defendants filed a reply.[3]

After consideration of the parties' arguments, the Court finds the depositions of A.G. and B.G., both minors, are appropriate. A.G. and B.G. are named Plaintiffs in the first *Addison* trial who seek substantial damages. Defendants have the right to defend against these claims and to do so request permission to ask these Plaintiffs basic questions, including "whether they ever smelled the alleged odors and whether the odors affected them in any way."[4]

Rule 26 of the Federal Rules of Civil Procedure governs discovery in federal court. On a showing of good cause, the district court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."[5] That

---

[1] R. Doc. 432.
[2] R. Doc. 437.
[3] R. Doc. 445.
[4] R. Doc. 432-1, at p. 3.
[5] FED. R. CIV. P. 26(c)(1).

1

protection allows courts to prescribe alternative discovery methods to the one selected by the party seeking discovery or to "forbid[ ] the disclosure or discovery" altogether.[6] Discovery under the Federal Rules of Civil Procedure, however, is not without bounds even if relevance is shown. Rule 26(b)(2)(C) provides:

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>
> > (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> >
> > (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
> >
> > (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).[7]

Rule 26(b)(1) allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."[8] "Information within this scope of discovery need not be admissible in evidence to be discoverable."[9]

Plaintiffs, in effect, seek a protective order against the depositions of A.G. and B.G. "The party seeking a protective order bears the burden of establishing that good cause for the order exists."[10] In evaluating a movant's submission of "good cause," a court should

---

[6] FED. R. CIV. P. 26(c)(1)(A), (C).
[7] FED. R. CIV. P. 26(b)(2)(C).
[8] FED. R. CIV. P. 26(b)(1).
[9] *Id.*
[10] *Graham v. City of New York*, 08-3518, 2010 WL 3034618, at *3 (E.D.N.Y. Aug. 3, 2010) (quoting *Duling v. Gristede's Operating Corp.*, 266 F.R.D. 66, 71 (S.D.N.Y. 2010)); *see also Doe v. New Fairfield Bd. of*

balance the movant's interest in preventing the discovery sought against the adverse party's interest in seeking the discovery.[11] "Ordinarily, good cause exists when a party shows that disclosure will result in a clearly defined, specific and serious injury."[12] To make this determination, courts must "insist[ ] on a particular and specific demonstration of fact, [rather than] stereotyped and conclusory statements."[13]

Generally, a party to a matter is allowed to "depose any person, including a party."[14] "It is very unusual for a court to prohibit the taking of a deposition altogether and absent extraordinary circumstances, such an order would likely be in error."[15] The fact that Plaintiffs' counsel has represented that the minors will not be called at trial does not change this analysis. Based on the circumstances of this case and the information in the record, the Court finds that Plaintiffs have not met the burden of showing good cause to prohibit the depositions of A.G. and B.G. Further, the Case Management Order in this case requires leave of court and a showing of good cause for a party to depose minors.[16] By this measurement, the Court finds Defendants have demonstrated good cause for the depositions of A.G. and B.G.

---

*Educ.*, 13-1025, 2014 WL 7271522, *1 (D. Conn. Dec. 18, 2014) ("The party resisting discovery bears the burden of showing why discovery should be denied." (quotations omitted)).

[11] *Hamilton v. Southland Christian Sch., Inc.*, 10-871, 2011 WL 13143561, at *2 (M.D. Fla. Apr. 18, 2011) (citing *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1313 (11th Cir. 2001)).

[12] *New Fairfield Bd. of Educ.*, 2014 WL 7271522, at *1 (quoting *In re Terrorist Attacks on Sept. 11, 2001*, 454 F. Supp. 2d 220, 222 (S.D.N.Y. 2006)).

[13] *Gulf Oil v. Bernard*, 452 U.S. 89, 102 n.16 (1981) (citations omitted).

[14] Fed. R. Civ. P. 30(a)(1).

[15] *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979); *see also Williams v. County of San Diego*, 17-815, 2019 WL 5963969, at *7 (S.D. Cal. Nov. 13, 2019) ("In several cases where the depositions of young children who were parties to the action have been permitted to proceed, the courts determined, after weighing the considerations, that any undue burden on the child was outweighed by the significance of the testimony to the party seeking to depose them.").

[16] R. Doc. 495.

Accordingly, the Court concludes that Defendants may depose A.G. and B.G with reasonable restrictions. The Court will hold a status conference with the parties to discuss the reasonable restrictions appropriate in this case.

**IT IS ORDERED** that the Defendants' Motion for Leave to Depose A.G. and B.G. is **GRANTED**.

**IT IS FURTHER ORDERED** that the Court will hold a telephone status conference on **Wednesday January 24, 2024 at 9:00 a.m.** to discuss the reasonable restrictions to be placed on the depositions of A.G. and B.G.

**New Orleans, Louisiana, this 22nd day of January, 2024.**

_____
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**