UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FREDERICK E. ADDISON, SR., ET AL.,** <br>     Plaintiffs | CIVIL DOCKET |
| **VERSUS** | NO. 19-11133 <br> c/w 19-14512 |
| **LOUISIANA REGIONAL LANDFILL COMPANY, ET AL.,** <br>     Defendants | SECTION: "E" (5) |

*APPLIES TO: BOTH CASES*

## ORDER AND REASONS

Before the Court are three contested motions concerning the substitution of deceased Plaintiffs in the consolidated *Addison* cases: Plaintiffs' Motion to Substitute Deceased Parties ("Plaintiffs' Motion to Substitute"),[1] Defendants'[2] Cross-Motion to Dismiss Certain Plaintiffs ("Defendants' Motion to Dismiss Certain Plaintiffs"),[3] and Defendants' Motion to Dismiss Plaintiffs Paul Davis, Jr. and Warren Pickney ("Defendants' Motion to Dismiss Davis and Pickney").[4]

---

[1] R. Doc. 430. Defendants filed a memorandum in partial opposition to Plaintiffs' Motion to Substitute and in support of Defendant' Motion to Dismiss Certain Plaintiffs. R. Doc. 440.
[2] The Defendants in this matter are Waste Connections U.S., Inc., Waste Connections Bayou, Inc., and Louisiana Regional Landfill Company; the Parish of Jefferson; and Aptim Corp.
[3] R. Doc. 441. Plaintiffs opposed both Defendants' Motion to Dismiss Certain Plaintiffs and Motion to Dismiss Davis and Pickney. R. Doc. 449. Defendants replied to Plaintiffs' opposition concerning only arguments related to Defendants' Motion to Dismiss Certain Plaintiffs. R. Doc. 460. Plaintiffs filed a surreply in response to arguments related to both Defendants' Motion to Dismiss Certain Plaintiffs and Motion to Dismiss Davis and Pickney. R. Doc. 465.
[4] R. Doc. 442. Plaintiffs opposed both Defendants' Motion to Dismiss Certain Plaintiffs and Motion to Dismiss Davis and Pickney. R. Doc. 449. Defendants replied to Plaintiffs' opposition concerning only arguments related to Defendants' Motion to Dismiss Davis and Pickney. R. Doc. 462. Plaintiffs filed a surreply in response to arguments related to both Defendants' Motion to Dismiss Certain Plaintiffs and Motion to Dismiss Davis and Pickney. R. Doc. 465.

1

**BACKGROUND**

This case concerns the operation of the Jefferson Parish Landfill in Waggaman, Louisiana (the "Landfill"), and the resulting odors emitted from the Landfill between July 1, 2017, and December 31, 2019. Having previously stated the facts of this case in detail, the Court will repeat only the facts relevant to the instant motions.

The Court held a trial on general causation, which took place on January 31, February 1-4, and February 22-25, 2022.[5] On November 29, 2022, the Court issued its Findings of Fact and Conclusions of Law as to general causation, determining odors and gases were emitted by the Landfill;[6] the emissions of gases and odors from the Landfill occurred during the relevant time period;[7] and exposure to the odors and gases emitted by the Landfill at a level of five ppb for thirty minutes was capable of producing the injuries claimed by any one or more of the plaintiffs.[8] Having found for Plaintiffs at the general causation stage, the Court decided a trial should be conducted with a select number of *Addison* plaintiffs (hereinafter "the first *Addison* trial").

The Court set the first *Addison* trial to begin on September 5, 2023,[9] which has now been continued to August 5, 2024.[10] On October 31, 2023, the Court entered its Twelfth Case Management Order (the "Case Management Order") governing the discovery, pretrial, and trial dates leading up to the first *Addison* trial.[11] The Case Management Order, in relevant part, provides the parties with instruction concerning the amendments of pleadings:

---

[5] R. Docs. 274-278, 286-289.
[6] R. Doc. 323, at p. 5.
[7] *Id.* at p. 26.
[8] *Id.* at p. 27.
[9] *Id.*
[10] R. Doc. 429.
[11] *Id.*

2

1. With respect to Plaintiffs who have died and for whom Defendants have filed a suggestion of death, substitution of parties will be governed by Rule 25 of the Federal Rules of Civil Procedure.

2. On or before Friday, November 10, 2023, the *Addison* counsel shall file a Second Amended Complaint to reflect the substitution and dismissal of parties, and the change in status of minor Plaintiffs who have reached the age of majority. On or before Friday, November 3, 2023, the *Addison* counsel shall provide Defendants with a draft of the Second Amended Complaint.[12]

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 25(a), a motion to substitute parties must be made "within 90 days after service of a statement noting the death"; otherwise, the action "must be dismissed."[13] Rule 25(a)(3) clarifies a "statement noting death" must be served "on the parties as provided in Rule 5 and on nonparties as provided in Rule 4."[14] Notwithstanding the mandatory language of Rule 25(a), "[Rule] 6(b) 'authorizes the district court to exercise its discretion to permit a motion for substitution beyond the time originally prescribed.'"[15] Indeed, "district courts in this circuit and others have granted extensions of time to file Rule 25(a) motions to substitute."[16]

Pursuant to Rule 6(b)(1), "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time."[17] If a request is made to extend

---

[12] R. Doc. 429, at p. 3.
[13] FED. R. CIV. P. 25(a)(1).
[14] FED. R. CIV. P. 25(a)(3).
[15] *Smith v. Sackett*, 22-1306, 2022 WL 4127164, at *1 (E.D. La. Aug. 24, 2022) (quoting *Kaubisch v. Weber*, 408 F.3d 540, 542 (8th Cir. 2005)).
[16] *Id.* (citing *Hill v. First Tenn. Bank, N.A.*, 17-1298, 2018 WL 2317714, at *2 (N.D. Tex. May 22, 2018); *Rowland v. GGNSC Ripley, LLC*, 13-11, 2015 WL 12999757, at *2 (N.D. Miss. Nov. 23, 2015); *Trigo v. TDCJ-ID Offs.*, 05-2012, 2011 WL 335090, at *6 (S.D. Tex. Jan. 31, 2011); *Jones Inlet Marina, Inc. v. Inglima*, 240 F.R.D. 238, 240 (E.D.N.Y. 2001) ("Notwithstanding the mandatory language in Rule 25(a), the district court has considerable discretion in addressing the timing of substitution in the event of the death of a party.")). *See also Washington v. Louisiana*, 11-334, 2013 WL 4048561, at *2 (M.D. La. Aug. 9, 2013) (determining the 90-day period imposed by Rule 25(a) may be extended under Rule 6(b)); *Tatterson v. Koppers Co.*, 104 F.R.D. 19, 20 (W.D. Pa. 1984) ("[T]he history of Rule 25(a) and Rule 6(b) makes it clear that the 90 day time period was not intended to act as a bar to otherwise meritorious actions, and extensions of the period may be liberally granted.").
[17] FED. R. CIV. P. 6(b)(1).

before the original time expires, the court may act for any reason, "with or without motion or notice."[18] When the extension is made after the original time expires, the court may act on motion "if the party failed to act because of excusable neglect."[19] District courts have broad discretion and "may simply grant an extension under Rule 6 to prevent dismissal of a claim when the circumstances justify the extension."[20] Generally, the Fifth Circuit "gives more leeway to a district court's determination of excusable neglect when the district court grants the motion for an extension of time."[21]

"Whether a party is entitled to relief for excusable neglect is at bottom an equitable one, taking account of all relevant circumstances."[22] "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant."[23] In *Adams v. Travelers Indemnity Co.*, the Fifth Circuit clarified the excusable neglect inquiry by identifying several relevant factors, including: "the danger of prejudice to the non-movant, the length of the delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."[24]

---

[18] Fed. R. Civ. P. 6(b)(1)(A); *see also Smith*, 2022 WL 4127164, at *1; *L.A. Pub. Ins. Adjusters, Inc. v. Nelson*, 17 F.4th 521, 524 (5th Cir. 2021).
[19] Fed. R. Civ. P. 6(b)(1)(B); *see also Smith*, 2022 WL 4127164, at *1.
[20] *Ray v. Koester*, 01-347, 215 F.R.D. 533, 534 (W.D. Tex. Mar. 31, 2003).
[21] *Stotter v. Univ. of Tex. at San Antonio*, 508 F. 3d 812, 820 (5th Cir. 2007).
[22] *Coleman Hammons Construction Co., Inc. v. Occupational Safety & Health Rev. Comm'n*, 942 F. 3d 279, 282-83 (5th Cir. 2019) (citations omitted) (discussing the standard for "excusable neglect" as it relates to Rule 60(b)(1)).
[23] *Pioneer Ins. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 392 (1993) (citations omitted).
[24] *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 162 n. 8 (5th Cir.2006) (citations omitted).

**LAW AND ANALYSIS**

On November 10, 2023, Plaintiffs filed their Second Amended Complaint[25] and, separately, Plaintiffs' Motion to Substitute,[26] which proposed substitutions of legal successors for 17 deceased Plaintiffs. Plaintiffs claim the provisions of the Case Management Order governing the amendment of pleadings direct these substitutions to be "handled on an omnibus fashion included in, or simultaneous to the filing of the Second Omnibus Amended Complaint."[27] In opposition to Plaintiffs' Motion to Substitute and in support of their Motion to Dismiss Certain Plaintiffs, Defendants urge the Court to dismiss from this action 13 of the 17 Plaintiffs[28] included in Plaintiffs' Motion to Substitute because Plaintiffs failed to timely file motions for substitution pursuant to the Case Management Order provision indicating "substitution of parties will be governed by Rule 25."[29] Further, Defendants argue two other Plaintiffs, Paul Davis, Jr. and Warren Pickney, should be dismissed pursuant to Rule 25(a) because Plaintiffs failed to file a motion to substitute the parties within 90 days of Defendants serving their next of kin with suggestions of death.[30] Finally, Defendants argue claims of deceased Plaintiff Jake James, Jr. should be dismissed from this action because Plaintiffs' proposed substitute is not the proper party to assert Mr. James' claims. The Court addresses the arguments in turn.

---

[25] R. Doc. 431.
[26] R. Doc. 430.
[27] R. Doc. 430, at p. 7.
[28] Defendants consent to the proposed substitutions for four deceased Plaintiffs: Adeline Fitzpatrick, Dolores Richard, Barbara Ridgley, and Samantha Robinson. *See* R. Docs. 440. *See also* R. Docs. 449, p. 6 & 460, p. 10 n.9 (discussing the substitution of deceased Plaintiff Barbara Ridgley).
[29] R. Docs. 440 & 441-1, at pp. 1-2. Defendants move to dismiss 13 deceased Plaintiffs: Geraldine Batiste, Liz Everson, Devora Hampton, Doris Collins, Jake James, Jr., Leon Bradley, Sr., Verna Gabriel, Ernest Newell, Joseph Pete, Jr., Wiley Pinkley, Kerry Ridgley, Jr., Karen Ross, and David Scott. *Id.*
[30] R. Doc. 442-1, at p. 2.

**I.   Geraldine Batiste, Leon Bradley, Sr., Doris Collins, Liz Everson, Verna Gabriel, Devora Hampton, Jake James, Jr., Ernest Newell, Joseph Pete, Jr., Wiley Pinkley, Kerry Ridgley, Jr., Karen Ross, and David Scott**

In support of their Motion to Dismiss Certain Plaintiffs and in opposition to Plaintiffs' Motion to Substitute, Defendants argue 13 of the 17 Plaintiffs should be dismissed because Plaintiffs failed to timely file motions to substitute.[31] Specifically, Defendants attest they formally advised the Court and all parties of the deaths of deceased Plaintiffs on February 22 and March 7, 2023, and served suggestions of death on their next of kin in accordance with Rules 4 and 5 as required by Rule 25(a)(3).[32] Defendants claim "Plaintiffs [now] seek to substitute [these parties] after the 90-day mandatory deadline" and move the Court to dismiss them from this action with prejudice.[33]

In opposition to Defendants' Motion to Dismiss Certain Plaintiffs, Plaintiffs argue "[t]hroughout the pendency of this case, the substitution of deceased Plaintiffs has been treated as an administrative matter to be accomplished by consent order" because "given the number of deceased Plaintiffs[,] it has been logistically simpler . . . to make multiple substitutions at once in an omnibus order, rather than in a piecemeal fashion."[34] Accordingly, Plaintiffs claim they failed to act due to excusable neglect and ask the Court to apply Rule 6(b) to extend the 90-day deadline to substitute deceased parties established by Rule 25(a).[35] In support of this request, Plaintiffs argue the *Adams* factors weigh in their favor because there is no danger of prejudice to Defendants and no delay

---

[31] R. Docs. 440 & 441-1, at pp. 1-2. Defendants move to dismiss 13 deceased Plaintiffs: Geraldine Batiste, Liz Everson, Devora Hampton, Doris Collins, Jake James, Jr., Leon Bradley, Sr., Verna Gabriel, Ernest Newell, Joseph Pete, Jr., Wiley Pinkley, Kerry Ridgley, Jr., Karen Ross, and David Scott. *Id.*
[32] *Id.* at pp. 2-7. The Appendix to Defendants' reply in support of Defendants' Motion to Dismiss Certain Plaintiffs provides a list of dates of service for each deceased Plaintiffs' next of kin. R. Doc. 460, at p. 14.
[33] *Id.* at pp. 2, 8.
[34] R. Doc. 449, at pp. 1-2.
[35] *Id.* at pp. 2, 10-11.

6

in trial proceedings beyond the November 10 deadline to file a Second Amended Complaint set forth in the Case Management Order.[36]

In their reply, Defendants' contend they did not waive the applicability of Rule 25's 90-day timeframe "[b]y agreeing to a *procedure* for substitutions" in the Case Management Order negotiated by the parties and issued by the Court.[37] Rather, Defendants argue the "separate requirement in the [Case Management Order] requiring the filing of an amended complaint did not modify the 90-day substitution deadline."[38] Defendants further attest Plaintiffs have failed to demonstrate excusable neglect "on behalf of the proposed representatives *and* their counsel" because "there is no evidence that the next of kin of the deceased Plaintiffs timely acted on their rights to seek substitution for the deceased parties."[39] Defendants claim "any alleged confusion by [Plaintiffs'] counsel due to existence of the deadline for filing an amended complaint in the case management orders, or Defendants' general agreement to a procedure for substitution" precludes Plaintiffs from establishing excusable neglect.[40]

Excusable neglect "is not limited strictly to omissions caused by circumstances beyond the control of the movant."[41] Indeed, a district court may "exercise its discretion to permit a motion for substitution beyond the time originally prescribed."[42] The Court finds the circumstances in this case support Plaintiffs' assertion that they failed to timely file motions for substitution due to excusable neglect.

---

[36] *Id.* at p. 10 (citing *Adams*, 465 F. 3d 156, 161-62 n.8).
[37] R. Doc. 460, at p. 2.
[38] *Id.*
[39] R. Doc. 460, at p. 6.
[40] *Id.* at p. 7.
[41] *Pioneer Ins. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 392 (1993) (citations omitted).
[42] *Smith v. Sackett*, 22-1306, 2022 WL 4127164, at *1 (E.D. La. Aug. 24, 2022) (quoting *Kaubisch v. Weber*, 408 F.3d 540, 542 (8th Cir. 2005)).

7

More specifically, the Court finds the *Adams* factors weigh in favor of granting a post hoc extension for Plaintiffs to file their motion to substitute. First, Defendants' failure to file any motion to dismiss deceased parties until eleven days after Plaintiffs filed their Motion to Substitute suggests this decision will cause limited prejudice to Defendants. Second, allowing the substitution of Plaintiffs has no bearing on the judicial proceedings, as the substituted Plaintiffs are merely representing the deceased Plaintiffs in their capacities as legal successors. Finally, even though filing motions to substitute each individual deceased Plaintiff was within their reasonable control, Plaintiffs operated under the good faith impression that "they were acting cooperatively with the Defendants with respect to what was, in all respects, an administrative issue."[43] Having considered the parties' arguments and exhibits presented in the motions, the Court understands why Plaintiffs were under this misimpression.

Accordingly, the Court will grant Plaintiffs' Motion to Substitute[44] and will deny Defendants' Motion to Dismiss Certain Plaintiffs as to the following deceased Plaintiffs:[45]

- Geraldine Batiste, Leon Bradley, Sr., Doris Collins, Liz Everson, Adeline Fitzpatrick, Verna Gabriel, Devora Hampton, Ernest Newell, Joseph Pete, Jr., Wiley Pinkley, Dolores Richard, Barbara Ridgley,[46] Kerry Ridgley, Jr., Samantha Robinson, Karen Ross, and David Scott.[47]

---

[43] *Id.*
[44] R. Doc. 430.
[45] R. Doc. 441.
[46] Defendants' Opposition to Plaintiffs' Motion to Substitute initially objected to Plaintiffs' proposal to allow Kerry Ridgley, Sr. to proceed in his individual capacity in addition to in his capacity as legal successor for Plaintiff Barbara Ridgley on the grounds that Kerry Ridgley, Sr. was not a Plaintiff in the action. R. Doc. 440, p. 7. However, Defendants' reply memorandum expressed "Plaintiffs conceded in the Court's November 30, 2023 status conference that Kerry Ridgley, Sr. is not currently a Plaintiff, and should not be permitted to proceed in his individual capacity." R. Doc. 460, at p. 10 n.9.
[47] Defendants expressed their consent via email to Plaintiffs' proposed substitutions for Adeline Fitzpatrick, Dolores Richard, Barbara Ridgley, and Samantha Robinson. R. Doc. 449, Ex. 7. Further, neither Defendants' Opposition to Plaintiffs' Motion to Substitute nor Defendants' Motion to Dismiss Certain

## II. Paul Davis, Jr. and Warren Pickney

In their Motion to Dismiss Davis and Pickney, Defendants ask the Court to dismiss "Plaintiffs Paul Davis, Jr. and Warren Pickney because the 90-day mandatory deadline for substitution has passed, and Plaintiffs have not sought their substitution."[48] In opposition, Plaintiffs concede to "the fact that no successor has come forward to assume the prosecution of [Davis or Pickney's] claims," but claim "Defendants must show that all of the heirs or representatives of the decedent have been served, and Defendants have made no such showing."[49] Defendants reply brief reasserts the parties should be dismissed with prejudice because Defendants properly served suggestions of death on both parties' next of kin[50] and those individuals failed to seek substitution within 90 days, as required under Rule 25.[51]

While this Court has discretion under Rule 6(b) to "permit a motion for substitution beyond the time originally prescribed,"[52] it may only do so after the original time expires "on motion" and "if the party failed to act because of excusable neglect."[53] As Plaintiffs concede, "no successor has come forward to assume the prosecution of [Davis

---

Plaintiffs object to Plaintiffs' proposed substitutions for Adeline Fitzpatrick, Dolores Richard, and Samantha Robinson. R. Docs. 440 & 441. As discussed, Defendants initially objected to Plaintiffs' proposed substitution for Barbara Ridgley, but expressed consent to Kerry Ridgley, Sr. proceeding as a legal representative for Barbara Ridgley. *See supra* note 46. As discussed in subpart III, the Court denies Plaintiffs' Motion to Substitute and grants Defendants' Motion to Dismiss Certain Plaintiffs as to Jake James, Jr.

[48] R. Doc. 442-1, at p. 2. Defendants contend they formally advised the Court and all parties of the deaths of these deceased Plaintiffs on February 22, 2023 and served suggestions of death on deceased Plaintiffs' next of kin in accordance with Rules 4 and 5 as required by Rule 25(a)(3). *Id.*
[49] R. Doc. 449, at p. 11.
[50] Defendants' reply memorandum in support of their Motion to Dismiss Davis and Pickney attached the deceased Plaintiffs' fact sheets, which identify their next of kin. R. Docs. 462-1 & 462-2. The certificate of service of the notice of suggestion of death indicates Shantra Davis, Paul Davis, Jr.'s next of kin, was served on March 8, 2023. R. Doc. 442-4. Defense counsel served a suggestion of death to Andrea Pickney, Warren Pickney's next of kin on February 22, 2023, through counsel by operation of the Court's electronic filing system in accordance with Rule 5. R. Doc. 349-13.
[51] R. Doc. 462, at p. 2.
[52] *See Smith*, 2022 WL 4127164, at *1.
[53] FED. R. CIV. P. 6(b)(1)(B).

9

or Pickney's] claims"[54] and no individual has moved the Court to substitute as representative for the deceased Plaintiffs. Further, the Court finds Defendants complied with the requirements of Rule 25 and, because 90 days have lapsed since service of the suggestion of death on the deceased Plaintiffs' next of kin, "the action by . . . the decedent must be dismissed."[55]

Accordingly, the Court will grant Defendants' Motion to Dismiss Davis and Pickney.[56]

### III. Jake James, Jr.

In their Motion to Substitute, Plaintiffs move to substitute Jake James, Jr. with his sister, Lizzie Aaron who purports to be "the proper party to assert Mr. James' surviving claims."[57] In their opposition to Plaintiffs' Motion to Substitute and in support of their Motion to Dismiss Certain Plaintiffs, Defendants argue "Ms. Aaron is not the proper party to assert Mr. James' surviving claims because Mr. James has two children, and Plaintiffs have offered no indication that Ms. Aaron is Mr. James' representative."[58] Further, "Plaintiffs offer no explanation as to why Mr. James' sister Ms. Aaron, as opposed to [his] children, is the proper party for substitution."[59]

Under Louisiana law, an action survives in favor of a surviving sibling only if the decedent has "left no spouse, child, or parent surviving."[60] The Court finds Ms. Aaron is the improper party to substitute Mr. James because he has surviving children. Further,

---

[54] R. Doc. 449, at p. 11.
[55] FED. R. CIV. P. 25(a)(1).
[56] R. Doc. 442.
[57] R. Doc. 430, p. 4.
[58] R. Doc. 440, p. 4.
[59] R. Doc. 460, p. 10 (citing LA. CIV. CODE art. 2315.1(1)).
[60] LA. CIV. CODE art. 2315.1(A)(3).

10

the Court finds Mr. James' children were properly served and have not sought substitution within 90 days.[61]

Accordingly, the Court will deny Plaintiffs' Motion to Substitute[62] and will grant Defendants' Motion to Dismiss Certain Parties[63] as to deceased Plaintiff Jake James, Jr.

## CONCLUSION

**IT IS ORDERED** that Plaintiffs' Motion to Substitute is **DENIED IN PART AND GRANTED IN PART**.[64]

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Substitute is **DENIED** as to the substitution of Jake James, Jr.[65]

**IT IS FURTHER ORDERED** that the proposed substitutions are **GRANTED** as follows:[66]

- LeeAnn Huskey is hereby substituted for deceased Plaintiff Geraldine Batiste in her capacity as legal successor to her mother, Geraldine Batiste;

- Mable Irene Bradley is hereby substituted for deceased Plaintiff Leon Bradley, Sr. in her capacity as legal successor to her husband, Leon Bradley, Sr.;[67]

- Michelle Collins is hereby substituted for deceased Plaintiff Doris Collins in her capacity as legal successor to her mother, Doris Collins;

- Ronnell Everson and Landry Everson are hereby substituted for deceased Plaintiff Liz Everson in their capacity as legal successors to their mother, Liz Everson;

- Rafiha Clark and Shelli Fitzpatrick are hereby substituted for deceased Plaintiff Adeline Fitzpatrick in their capacity as legal successors to their mother, Adeline Fitzpatrick;

---

[61] Attached to Defendants' Motion to Dismiss Certain Plaintiffs is the fact sheet of Jake James, Jr., which identifies his next of kin as his children, Derrick James and Falicia Lewis. R. Doc. 441-18. Defendants also attached certificates of service of the notice of suggestions of death demonstrating Derrick James was served on April 4, 2023 and Falicia Lewis was served on March 23, 2023. R. Docs. 441-19, -20.
[62] R. Doc. 430.
[63] R. Doc. 441.
[64] R. Doc. 430.
[65] *Id.*
[66] *Id.*
[67] Ms. Bradley is also currently a Plaintiff in her individual capacity. R. Doc. 430, p. 2.

11

- Adrienne Gabriel Moilanen is hereby substituted for deceased Plaintiff Verna Gabriel in her capacity as legal successor to her mother, Verna Gabriel;[68]

- Tracey Hampton and Troy Ann Hampton are hereby substituted for deceased Plaintiff Devora Hampton in their capacity as legal successor to their mother, Devora Hampton;

- Susie Roux Newell is hereby substituted for deceased Plaintiff Ernest Newell in her capacity as legal successor to her husband, Ernest Newell;[69]

- Terry Pete is hereby substituted for deceased Plaintiff Joseph Pete, Jr. in her capacity as legal successor to her husband, Joseph Pete, Jr.;[70]

- Pearl Pinkley is hereby substituted for deceased Plaintiff Wiley Pinkley in her capacity as legal successor to her husband, Wiley Pinkley;[71]

- Ealice Haley and Betty Ann Hutchinson are hereby substituted for deceased Plaintiff Dolores Richard in their capacity as legal successors to their mother, Dolores Richard;

- Kerry Ridgley, Sr. is hereby substituted for deceased Plaintiff Barbara Ridgley in his capacity as legal successor to his wife, Barbara Ridgley;

- Shakemia Ridgley is hereby substituted for deceased Plaintiff Kerry Ridgley, Jr. in her capacity as legal successor to her husband, Kerry Ridgley, Jr.;[72]

- Rashaud Robinson is hereby substituted for deceased Plaintiff Samantha Robinson in his capacity as legal successor to his mother, Samantha Robinson;

- Tony Ross is hereby substituted for deceased Plaintiff Karen Ross in his capacity as legal successor to his wife, Karen Ross;[73] and

- Aletha Scott is hereby substituted for deceased Plaintiff David Scott in her capacity as legal successor to her husband, David Scott.[74]

---

[68] Ms. Moilanen is also currently a Plaintiff in her individual capacity. R. Doc. 430, p. 3.
[69] Ms. Newell is also currently a Plaintiff in her individual capacity. R. Doc. 430, p. 5.
[70] Ms. Pete is also currently a Plaintiff in her individual capacity. R. Doc. 430, p. 5.
[71] Ms. Pinkley is also currently a Plaintiff in her individual capacity. R. Doc. 430, p. 5.
[72] Mr. Ridgley is also currently a Plaintiff in his individual capacity. R. Doc. 430, p. 4.
[73] Mr. Ross is also currently a Plaintiff in his individual capacity. R. Doc. 430, p. 7.
[74] Ms. Scott is also currently a Plaintiff in her individual capacity. R. Doc. 430, p. 6.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss Certain Plaintiffs is **DENIED IN PART AND GRANTED IN PART**.[75]

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss Certain Plaintiffs is **DENIED** as to the following deceased Plaintiffs:[76]

- Geraldine Batiste, Leon Bradley, Sr., Doris Collins, Liz Everson, Adeline Fitzpatrick, Verna Gabriel, Devora Hampton, Ernest Newell, Joseph Pete, Jr., Wiley Pinkley, Dolores Richard, Barbara Ridgley, Kerry Ridgley, Jr., Samantha Robinson, Karen Ross, and David Scott.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss Certain Plaintiffs is **GRANTED** as to the claim of Jake James, Jr.[77]

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss Davis and Pickney is **GRANTED**.[78]

**IT IS FURTHER ORDERED** that the claims of the following parties are **DISMISSED WITH PREJUDICE**:

- Jake James, Jr.;
- Paul Davis, Jr.; and
- Warren Pickney.

**New Orleans, Louisiana, this 5th day of February, 2024.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[75] R. Doc. 441.
[76] R. Doc. 441.
[77] R. Doc. 441.
[78] R. Doc. 442.