**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **FREDERICK ADDISON, ET AL.,** **Plaintiffs** | **CIVIL ACTION** |
| | **NO. 19-11133, c/w 19-14512** |
| **VERSUS** | **SECTION: "E" (5)** |
| **LOUISIANA REGIONAL LANDFILL** **COMPANY, ET AL.,** **Defendants** | **JUDGE: Morgan** **MAGISTRATE JUDGE: North** |
| | ***Applies to All Consolidated Cases*** |

**WASTE CONNECTIONS DEFENDANTS' AFFIRMATIVE**
**DEFENSES AND ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

Defendants Louisiana Regional Landfill Company ("LRLC"), Waste Connections Bayou, Inc., ("WC Bayou") and Waste Connections US, Inc. ("Waste Connections US") (collectively, "Waste Connections Defendants"), through undersigned counsel, submit these Affirmative Defenses and Answer to Plaintiffs' Second Amended Omnibus Complaint For Damages and Injunctive Relief (R. Doc. 431) ("Second Amended Complaint").

**I.**

**AFFIRMATIVE DEFENSES**

The Waste Connections Defendants assert the following affirmative and other defenses, and reserve the right to amend their Answer as additional information becomes available and additional defenses become apparent.

1.  Plaintiffs fail to state a claim upon which relief can be granted.

2.  Any alleged odors are not more than an inconvenience to Plaintiffs.

3.  The Waste Connections Defendants owed no specific or general duty to Plaintiffs.

4.      The Waste Connections Defendants were not the proximate or legal cause of the damages claimed by Plaintiffs.

5.      Plaintiffs' claims are prescribed and/or barred in whole or in part by the applicable statute of limitations.

6.      Plaintiffs' claims are barred or limited by preexisting injuries.

7.      Plaintiffs failed to mitigate their damages.

8.      Plaintiffs' claims are barred in whole or in part because Plaintiffs' damages are speculative and/or not ascertainable.

9.      Plaintiffs' damages, if any, were sustained in whole or in part as a result of intervening or superseding causes.

10.     Plaintiffs' claims are barred or diminished to the extent that their damages were due to their own comparative fault or to the comparative fault of third parties who were not under the control of the Waste Connections Defendants.

11.     Plaintiffs' claims are barred by the doctrine of primary jurisdiction.

12.     Plaintiffs' claims are preempted by federal law.

13.     Plaintiffs' claims are barred in whole or in part by the doctrines of estoppel, unclean hands, and waiver.

14.     Defendants WC Bayou and Waste Connections US are not proper parties to this action.

15.     Plaintiffs cannot recover attorneys' fees or costs.

16.     Plaintiffs failed to join all required parties.

17.     Plaintiffs' claims are barred under the doctrine of *lis pendens* as they are duplicative of claims raised in an earlier-filed class action whose allegations arise from the same transaction or occurrence as Plaintiffs' claims.

18.     The Waste Connections Defendants hereby reserve the right to assert additional defenses that may be pertinent to Plaintiffs' claims when the precise nature of said claims is ascertained through discovery and based upon the facts developed as this matter progresses.

## II.

## GENERAL DENIAL

The Waste Connections Defendants deny all allegations asserted by Plaintiffs in this consolidated action, except those as may be specifically admitted herein and demand strict proof as required by law.

## III.

## ANSWER

1.     The allegations contained in the first three paragraphs of the Introduction are legal conclusions and questions of law to which no response is required. However, out of an abundance of caution, to the extent that an answer to the first three paragraphs of the Introduction is required, those allegations are denied.

2.     No response is required as to the allegations in the Introduction concerning Plaintiffs Warren Pickney, Paul Davis, Jr., or Jake James, Jr. due to their dismissal via Court Order, dated February 5, 2024, or as to the allegations concerning Lizzie Aaron due to the Court's partial denial of Plaintiffs' Motion to Substitute on February 5, 2024. R. Doc. 497. However, out of an abundance of caution, to the extent that an answer to these allegations is required, the allegations concerning Lizzie Aaron are legal conclusions and questions of law to which no response is

required, and the allegations concerning Plaintiffs Warren Pickney, Paul Davis, Jr., and Jake James, Jr. are denied for lack of sufficient information to justify a belief therein.

3.      The remaining allegations in the Introduction regarding the addresses and backgrounds of the individual Plaintiffs are either legal conclusions and questions of law to which no response is required or denied for lack of sufficient information to justify a belief therein.

4.      The Waste Connections Defendants admit that LRLC is a foreign corporation domiciled in Delaware and authorized to do and doing business in Louisiana, including within Jefferson Parish; the Waste Connections Defendants further admit that WC Bayou is a foreign corporation authorized to do and doing business in Louisiana, including within Jefferson Parish; the Waste Connections Defendants admit that Waste Connections US is a foreign corporation but deny that it is authorized to do and doing business in Louisiana, including within Jefferson Parish; the Waste Connections Defendants deny that LRLC is an "alter ego" of its parent company(ies). Further answering, the allegations contained in Paragraphs (d)-(e) require no response from the Waste Connections Defendants; however, to the extent that an answer is required, those allegations are denied for lack of sufficient information to justify a belief therein.

5.      The allegations contained in Paragraph 2 are legal conclusions and questions of law to which no response is required.

6.      The Waste Connections Defendants admit that the Parish of Jefferson ("Parish") is the owner of the Jefferson Parish Landfill, located at 5800 Highway 90 West in Avondale, Jefferson Parish, State of Louisiana.

7.      The Waste Connections Defendants admit that the Jefferson Parish Landfill is used as a Type I/II landfill permitted to accept municipal and commercial solid waste, non-hazardous industrial waste, trash, construction debris, vegetative waste, dewatered municipal wastewater

sludge; and compatible non-hazardous industrial waste pursuant to the Louisiana Environmental Quality Act, La. R.S. 30:2001, *et seq.* as well as federal laws and regulations implemented by the United States Environmental Protection Agency.

8. The Waste Connections Defendants admit that the Jefferson Parish Landfill is operated pursuant to Standard Permit P-0297R1, but the remaining allegations contained in Paragraph 5 are denied as the permit is the best evidence of its terms.

9. The Waste Connections Defendants admit that the Parish entered into a contract with IESI, but the remaining allegations contained in Paragraph 6 are denied as the contract is the best evidence of its terms.

10. The allegations contained in Paragraph 7 are denied.

11. The allegations contained in Paragraph 8 are denied.

12. The allegations contained in Paragraph 9 are denied.

13. The allegations contained in Paragraph 10 are denied.

14. The allegations contained in Paragraph 11 are denied as written.

15. The allegations contained in Paragraph 12 are denied as written.

16. The Waste Connections Defendants admit the existence of the June 22, 2018 Compliance Order but deny the remaining allegations contained in Paragraph 13, as the Compliance Order is the best evidence of its terms.

17. The allegations contained in Paragraph 14 are denied as written.

18. The allegations contained in Paragraph 15 set forth legal conclusions and summaries of laws and regulations to which no response is required. However, out of an abundance of caution, to the extent that an answer to Paragraph 15 is required, those allegations are denied as written.

19.     The allegations contained in Paragraph 16 are denied as written.

20.     The allegations contained in Paragraph 17 are denied.

21.     The allegations contained in Paragraph 18 are denied.

22.     The allegations contained in Paragraph 19 are denied.

23.     No response is required as to Paragraph 20(g) because Plaintiff Paul Davis, Jr. was dismissed via Court Order on February 5, 2024 (R. Doc. 497); however, out of an abundance of caution, to the extent a response is required, Paragraph 20(g) is denied. The remaining allegations contained in Paragraph 20 are denied.

24.     The allegations contained in Paragraph 21 are denied.

25.     The allegations contained in Paragraph 22 are denied.

26.     The allegations contained in Paragraph 23 are denied.

27.     The allegations contained in Paragraph 24 are denied.

28.     The allegations contained in Paragraph 25 are denied.

29.     The allegations contained in Paragraph 26 are denied.

30.     The allegations contained in Paragraph 27 are denied.

31.     The allegations contained in Paragraph 28 are denied.

32.     The allegations contained in Paragraph 29 set forth legal conclusions and summaries of laws and regulations to which no response is required. However, out of an abundance of caution, to the extent that an answer to Paragraph 29 is required, those allegations are denied.

33.     The allegations contained in Paragraph 30 set forth legal conclusions and summaries of laws and regulations to which no response is required. However, out of an abundance of caution, to the extent that an answer to Paragraph 30 is required, those allegations are denied.

34.     The allegations contained in Paragraph 31 are denied.

35.     The allegations contained in Paragraph 32 do not relate to the Waste Connections Defendants and thus no response is required. However, out of an abundance of caution, to the extent that an answer to Paragraph 32 is required, those allegations are denied.

36.     The allegations contained in Paragraph 33 do not relate to the Waste Connections Defendants and thus no response is required. However, out of an abundance of caution, to the extent that an answer to Paragraph 33 is required, those allegations are denied.

37.     The allegations contained in Paragraph 34 set forth legal conclusions and summaries of laws and regulations to which no response is required. However, out of an abundance of caution, to the extent that an answer to Paragraph 34 is required, those allegations are denied.

38.     The allegations contained in Paragraph 35 set forth legal conclusions and summaries of laws and regulations to which no response is required. However, out of an abundance of caution, to the extent that an answer to Paragraph 35 is required, those allegations  are denied.

39.     The allegations contained in Paragraph 36 set forth legal conclusions and summaries of laws and regulations to which no response is required. However, out of an abundance of caution, to the extent that an answer to Paragraph 36 is required, those allegations are denied as written.

40.     The allegations contained in Paragraph 37 do not relate to the Waste Connections Defendants and thus no response is required. However, out of an abundance of caution, to the extent that an answer to Paragraph 37 is required, those allegations are denied.

41.     The allegations contained in Paragraph 38 do not relate to the Waste Connections Defendants and thus no response is required. However, out of an abundance of caution, to the extent that an answer to Paragraph 38 is required, those allegations are denied as written.

42.     The allegations contained in Paragraph 39 do not relate to the Waste Connections Defendants and thus no response is required. However, out of an abundance of caution, to the extent that an answer to Paragraph 39 is required, those allegations are denied.

43.     The allegations contained in Paragraph 40 do not relate to the Waste Connections Defendants and thus no response is required. However, out of an abundance of caution, to the extent that an answer to Paragraph 40 is required, those allegations are denied.

44.     The allegations contained in Paragraph 41 do not relate to the Waste Connections Defendants and thus no response is required. However, out of an abundance of caution, to the extent that an answer to Paragraph 41 is required, those allegations are denied.

45.     The allegations contained in Paragraph 42 require no response. However, out of an abundance of caution, to the extent that an answer to Paragraph 42 is required, those allegations are denied as written.

46.     The allegations in Paragraph 43 are denied for lack of sufficient information to justify a belief therein.

47.     The allegations in Paragraph 44 are legal conclusions and questions of law to which no response is required. However, out of an abundance of caution, to the extent that an answer to Paragraph 44 is required, those allegations are denied for lack of sufficient information to justify a belief therein.

48.     The allegations in Paragraph 45 are legal conclusions and questions of law to which no response is required. However, out of an abundance of caution, to the extent that an answer to Paragraph 44 is required, those allegations are denied for lack of sufficient information to justify a belief therein.

49.     The allegations in Paragraph 46 are denied.

50.     The allegations contained in Paragraph 47 set forth legal conclusions and summaries of laws and regulations to which no response is required. However, out of an abundance of caution, to the extent that an answer to Paragraph 47 is required, those allegations are denied.

51.     The allegations in Paragraph 48 set forth legal conclusions and summaries of laws and regulations to which no response is required. However, out of an abundance of caution, to the extent that an answer to Paragraph 48 is required, those allegations are denied.

52.     The allegations in Paragraph 49 are denied.

53.     The allegations in Paragraph 50 are denied.

54.     The allegations in Paragraph 51 are denied.

55.     Plaintiffs' request for a trial by jury does not require a response.

56.     The Waste Connections Defendants deny that Plaintiffs are entitled to the relief set out in their Prayer for Relief. Further, Plaintiffs have withdrawn their claims for diminution in property value with respect to all Plaintiffs except Michael Brunet, Elizabeth Lowe, and Craig and Elizabeth Rodrigue. *See* R. Doc. 398 at 2 n.3 and Plaintiff Elizabeth Lowe's Answers to Defendants' Interrogatories on the Issue of Diminution of Property Value at 7, dated April 20, 2023.

## IV.

## **JURY DEMAND**

The Waste Connections Defendants pray for a jury on all issues in the consolidated cases that can be tried to a jury.

Respectfully submitted,

LISKOW & LEWIS, APLC

By:  /s/ Michael C. Mims
     Michael C. Mims (#33991)
     Michael Cash (#31655)
     Cherrell Simms Taplin (#28227)
     J. Hunter Curtis (#39150)
     Alec Andrade (#38659)
     Brady M. Hadden (#37708)
     701 Poydras Street, Suite 5000
     New Orleans, Louisiana 70139
     (504) 581-7979

     BEVERIDGE & DIAMOND, P.C.

     Megan R. Brillault (*pro hac vice*)
     Michael G. Murphy (*pro hac vice*)
     John H. Paul (*pro hac vice*)
     Katelyn E. Ciolino (*pro hac vice*)
     Katrina M. Krebs (*pro hac vice*)
     825 Third Ave. 16th Floor
     New York, NY 10022
     (212) 702-5400

     James B. Slaughter (*pro hac vice*)
     1900 N Street, NW, Suite 100
     Washington, DC 20036
     (202) 789-6000

     Michael F. Vitris (*pro hac vice*)
     400 W. 15th Street, Suite 1410
     Austin, TX 78701
     (512) 391-8035

     *Counsel for Defendants Louisiana Regional Landfill Company, Waste Connections Bayou, Inc., and Waste Connections US, Inc.*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that the foregoing has been served upon all counsel of record via email this 23rd day of February, 2024.

    /s/ Michael C. Mims       
OF COUNSEL
