## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **FREDERICK E. ADDISON, SR., ET AL** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO: 2:19-cv-11133** |
| | * | |
| **LOUISIANA REGIONAL LANDFILL** | * | **JUDGE SUSIE MORGAN** |
| **COMPANY, ET AL** | * | |
| | * | **MAG. JUDGE MICHAEL B. NORTH** |
| | * | |
| **APPLIES TO ALL CONSOLIDATED CASES** | * | **SECTION "E" (5)** |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT

**NOW INTO COURT** through undersigned counsel comes Defendant, The Parish of Jefferson, who reasserts, realleges and reiterates all of the responses, allegations and affirmative defenses contained in the Answer to Plaintiffs' Original Complaint and Plaintiffs' First Amended and Supplemental Omnibus Complaint for Damages and Injunctive Relief  and in response to the Plaintiffs' Second Amended Omnibus Complaint for Damages and Injunctive Relief (R. Doc. 431) hereinafter "Second Amended Complaint" Defendant avers as follows:

### GENERAL DENIAL

The Parish of Jefferson denies all allegations asserted by Plaintiffs in this consolidated action, except those as may be specifically admitted herein and demand strict proof as required by law.

### ANSWER

I.

To the extent the allegations contained in the Introduction's first three paragraphs assert legal conclusions and/or legal principles no response is required from this Defendant.  However,

out of an abundance of caution the allegations contained in the Introduction's first three paragraphs are denied.

## II.

With respect to the named Plaintiffs portion of the Introduction no response is required by this Defendant to the allegations made by Plaintiffs Warren Pickney, Paul Davis, Jr., Lizzie Aaron or Jake James, Jr. as their claims have been dismissed via Order dated February 5, 2024. However, out of an abundance of caution the allegations pertaining to these Plaintiffs are denied for lack of sufficient information to justify a belief therein.

## III.

With respect to the allegations in the Introduction concerning the remaining named Plaintiffs, those allegations are denied for lack of sufficient information to justify a belief therein.

## IV.

The allegations of Paragraph 1 of Plaintiffs' Second Amended Complaint are admitted only insofar as the status of the Parish of Jefferson as a political subdivison of the State of Louisiana.  All remaining allegations of Paragraph 1 of Plaintiffs' Second Amended Complaint do not pertain to nor require an answer from this Defendant.

## V.

The allegations of Paragraph 2 of Plaintiffs' Second Amended Complaint for Damages and Injunctive Relief are admitted.

## VI.

The allegations of Paragraph 3 of Plaintiffs' Second Amended Complaint are admitted.

VII.

To the extent Paragraph 4 of Plaintiffs' Second Amended Complaint sets forth or calls for legal conclusions, no response is required from this Defendant. The cited laws, regulations and/or documents as written documents are the best evidence of their contents. Any remaining allegations of Paragraph 4 of Plaintiffs' Second Amended Complaint are denied other than to admit that the Jefferson Parish Landfill is a lawfully operating landfill.

VIII.

To the extent Paragraph 5 of Plaintiffs' Second Amended Complaint sets forth or calls for legal conclusions, no response is required from this Defendant. The cited laws, regulations and/or documents as written documents are the best evidence of their contents. Any remaining allegations of Paragraph 5 of Plaintiffs' Second Amended Complaint are denied other than to admit that the Jefferson Parish Landfill is a lawfully operating landfill.

IX.

To the extent the allegations of Paragraph 6 of Plaintiffs' Second Amended set forth a legal conclusion, no response is required from this Defendant. The allegations of Paragraph 6 of Plaintiffs' Second Amended Complaint are admitted only insofar as a contract was entered into between the Parish of Jefferson and IESI. Said contract is the best evidence of its terms, conditions, and the respective obligations of the parties which are pleaded herein as if copied *in extenso*. Any remaining allegations of Paragraph 6 of Plaintiffs' Second Amended Complaint are denied for lack of sufficient information to justify a belief therein.

X.

To the extent the allegations of Paragraph 7 of Plaintiffs' Second Amended set forth a legal conclusion, no response is required from this Defendant. The allegations of Paragraph 7 of

Plaintiffs' Second Amended Complaint are admitted only insofar as Aptim has been contracted

to perform services at the Jefferson Parish Landfill.  The contract between Jefferson Parish and

Aptim is the best best evidence of its terms, conditions, and the respective obligations of the

parties which are pleaded herein as if copied *in extenso*. All remaining allegations of Paragraph 7

of Plaintiffs' Second Amended Complaint are denied for lack of sufficient information to justify

a belief therein as no definition of "all relevant times" has been provided.

XI.

To the extent the allegations of Paragraph 8 of Plaintiffs' Second Amended Complaint

set forth a legal conclusion, no response is required from this Defendant. To the extent the

allegations of Paragraph 8 of Plaintiffs' Second Amended Complaint seek to impute

responsibility and/or liability upon this Defendant, they are denied.  The allegations of Paragraph

8 of Plaintiffs' Second Amended Complaint are admitted insofar as this Defendant owns the

Jefferson Parish Landfill and contracted with IESI/LRLF and Aptim to perform services at the

Jefferson Parish Landfill.  Said contract are the best evidence of their terms, condisitons, and the

respective obligations of the parties which are pleaded herein as if copied *in extenso*.  All

remaining allegations of Paragraph 8 of Plaintiffs' Second Amended Complaint are denied for

lack of sufficient information to justify a belief therein.

XII.

To the extent the allegations of Paragraph 9 of Plaintiffs' Second Amended Complaint

set forth a legal conclusion, no response is required from this Defendant. To the extent the

allegations of Paragraph 9 of Plaintiffs' Second Amended Complaint seek to impute

responsibility and/or liability upon this Defendant, they are denied.  To the extent the allegations

of Paragraph 9 of Plaintiffs' Second Amended Complaint contain alleged excerpts from

statements made by Parish President Michael Yenni, this Defendant would respond that the entirety of this press conference and other comments speak for themselves and Plaintiffs' attempt to include its interpretation of the statements of Parish President Michael Yenni is improper and misleading.

XIII.

To the extent the allegations of Paragraph 10 of Plaintiffs' Second Amended Complaint set forth a legal conclusion, no response is required from this Defendant.  To the extent the allegations of Paragraph 10 of Plaintiffs' Second Amended Complaint pertain to comments made by Keith Conley, this Defendant would assert that the best evidence of any such statements would be the entirety of the statements made.  To the extent the allegations of Paragraph 10 of Plaintiffs' Second Amended Complaint contain alleged excerpts from statements made by Keith Conley, this Defendant would respond that the entirety of this press conference and other comments speak for themselves and Plaintiffs' attempt to include its interpretation of the statements of Keith Conley is improper and misleading.

XIV.

To the extent the allegations of Paragraph 11 of Plaintiffs' Second Amended Complaint set forth a legal conclusion, no response is required from this Defendant. To the extent the allegations of Paragraph 11 of Plaintiffs' Second Amended Complaint seek to impute responsibility and/or liability upon this Defendant, they are denied.  To the extent the allegations of Paragraph 11 of Plaintiffs' Second Amended Complaint contain alleged excerpts of statements made by Parish Councilman Paul Johnson, this Defendant would respond that the entirety of this press conference and other comments speak for themselves and Plaintiffs' attempt to include its interpretation of the statements of Parish Councilman Paul Johnson is

improper and misleading.

XV.

To the extent the allegations of Paragraph 12 of Plaintiffs' Second Amended Complaint set forth a legal conclusion, no response is required from this Defendant. To the extent the allegations of Paragraph 12 of Plaintiffs' Second Amended Complaint seek to impute responsibility and/or liability upon this Defendant, they are denied. To the extent the allegations of Paragraph 12 of Plaintiffs' Second Amended Complaint contain alleged excerpts of statements made by Dr. Joseph Cantor, this Defendant would respond that the entirety of the press conference and other statements made by Dr. Cantor speak for themselves and Plaintiffs' attempt to include its interpretation of the statements of Dr. Joseph Cantor is improper and misleading.

XVI.

To the extent the allegations Paragraph 13 of Plaintiffs' Second Amended Complaint set forth a legal conclusion, no response is required from this Defendant. The allegations of Paragraph 13 of Plaintiffs' Second Amended Complaint are admitted only insofar as a compliance order was issued by LDEQ. Said compliance order is the best evidence of its contents and allegations. To the extent the allegations of Paragraph 13 of Plaintiffs' Second Amended Complaint seek to impute responsibility and/or liability upon this Defendant, they are denied.

XVII.

The allegations of Paragraph 14 of Plaintiffs' Second Amended Complaint are denied for lack of sufficient information to justify a belief therein as the allegations are vague, ambiguous, and do not provide any specific time frame.

XVIII.

To the extent the allegations of Paragraph 15 of Plaintiffs' Second Amended Complaint set forth a legal conclusion, no response is required from this Defendant. To the extent the allegations of Paragraph 15 of Plaintiffs' Second Amended Complaint seek to restate EPA standards/requirements no response is required from this Defendant. To the extent the allegations of Paragraph 15 of Plaintiffs' Second Amended Complaint seek to impute responsibility and/or liability upon this Defendant, they are denied.

XIX.

To the extent the allegations of Paragraph 16 of Plaintiffs' Second Amended Complaint seek to impute responsibility and/or liability upon this Defendant they are denied. To the extent the allegations of Paragraph 16 of Plaintiffs' Second Amended Complaint pertain to the results of any air sampling conducted by LDEQ, those results speak for themselves.

XX.

To the extent the allegations of Paragraph 17 of Plaintiffs' Second Amended Complaint seek to impute responsibility and/or liability upon this Defendant, they are denied. The report prepared by Carlson Environmental speaks for itself and is pleaded herein as if copied *in extenso*. All remaining allegations of Paragraph 17 of Plaintiffs' Second Amended Complaint are denied for lack of sufficient information to justify a belief therein.

XXI.

To the extent the allegations of Paragraph 18 of Plaintiffs' Second Amended Complaint seek to impute responsibility and/or liability upon this Defendant, they are denied. Any alleged statement made by the Commissioner of LDEQ on this or any other occasion speaks for itself and should be plead in its entirety.

XXII.

To the extent the allegations of Paragraph 19 of Plaintiffs' Second Amended Complaint set forth a legal conclusion, no response is required from this Defendant.  To the extent the allegations of Paragraph 19 of Plaintiffs' Second Amended Complaint seek to impute responsibility and/or liability upon this Defendant, they are denied.  It is further denied that any Plaintiff suffered any damages as a result of any action and/or inaction of this Defendant relative to  the Jefferson Parish Landfill.  Any remaining allegations of Paragraph 19 of Plaintiffs' Second Amended Complaint do not pertain to nor require an answer from this Defendant.  However, out of an abundance of caution any remaining allegations of Paragraph 19 of Plaintiffs' Second Amended Complaint are denied for lack of sufficient information to justify a belief therein.

XXIII.

To the extent the allegations of Paragraph 20 of Plaintiffs' Second Amended Complaint set forth a legal conclusion, no response is required from this Defendant. To the extent the allegations of Paragraph 20 of Plaintiffs' Second Amended Complaint seek to impute responsibility and/or liability upon this Defendant, they are denied.  It is further denied that any Plaintiff suffered any damages as a result of any action and/or inaction of this Defendant relative to the Jefferson Parish Landfill.  Any remaining allegations of Paragraph 20 of Plaintiffs' Second Amended Complaint do not pertain to nor require an answer from this Defendant.  However, out of an abundance of caution any remaining allegations of Paragraph 20 of Plaintiffs' Second Amended Complaint are denied for lack of sufficient information to justify a belief therein.

XXIV.

To the extent the allegations of Paragraph 21 of Plaintiffs' Second Amended Complaint

set forth a legal conclusion, no response is required from this Defendant.  To the extent the allegations of Paragraph 21 of Plaintiffs' Second Amended Complaint seek to impute responsibility and/or liability upon this Defendant, they are denied.  It is further denied that any Plaintiff suffered any damages as a result of any action and/or inaction of this Defendant relative to the Jefferson Parish Landfill.  Any remaining allegations of Paragraph 21 of Plaintiffs' Second Amended Complaint do not pertain to nor require an answer from this Defendant.  However, out of an abundance of caution any remaining allegations of Paragraph 21 of Plaintiffs' Second Amended Complaint are denied for lack of sufficient information to justify a belief therein.

XXV.

To the extent the allegations of Paragraph 22 of Plaintiffs' Second Amended Complaint set forth a legal conclusion, no response is required from this Defendant.  To the extent the allegations of Paragraph 22 of Plaintiffs' Second Amended Complaint seek to impute responsibility and/or liability upon this Defendant, they are denied.  It is further denied that any Plaintiff suffered any damages as a result of any action and/or inaction of this Defendant relative to the Jefferson Parish Landfill.  Any remaining allegations of Paragraph 22 of Plaintiffs' Second Amended Complaint do not pertain to nor require an answer from this Defendant.  However, out of an abundance of caution any remaining allegations of Paragraph 22 of Plaintiffs' Second Amended Complaint are denied for lack of sufficient information to justify a belief therein.

XXVI.

To the extent the allegations of Paragraph 23 of Plaintiffs' Second Amended Complaint set forth a legal conclusion, no response is required from this Defendant.  To the extent the allegations of Paragraph 23 of Plaintiffs' Second Amended Complaint seek to impute responsibility and/or liability upon this Defendant, they are denied.  It is further denied that any

Plaintiff suffered any damages as a result of any action and/or inaction of this Defendant relative to the Jefferson Parish Landfill. Any remaining allegations of Paragraph 23 of Plaintiffs' Second Amended Complaint do not pertain to nor require an answer from this Defendant. However, out of an abundance of caution any remaining allegations of Paragraph 23 of Plaintiffs' Second Amended are denied for lack of sufficient information to justify a belief therein.

XXVII.

To the extent the allegations of Paragraph 24 of Plaintiffs' Second Amended Complaint set forth a legal conclusion, no response is required from this Defendant. To the extent the allegations of Paragraph 24 of Plaintiffs' Second Amended Complaint seek to impute responsibility and/or liability upon this Defendant, they are denied. It is further denied that any Plaintiff suffered any damages as a result of any action and/or inaction of this Defendant relative to the Jefferson Parish Landfill. Any remaining allegations of Paragraph 24 of Plaintiffs' Second Amended do not pertain to nor require an answer from this Defendant. However, out of an abundance of caution any remaining allegations of Paragraph 24 of Plaintiffs' Second Amended Complaint are denied for lack of sufficient information to justify a belief therein.

XXVIII.

To the extent the allegations of Paragraph 25 of Plaintiffs' Second Amended Complaint set forth a legal conclusion, no response is required from this Defendant. To the extent the allegations of Paragraph 25 of Plaintiffs' Second Amended Complaint seek to impute responsibility and/or liability upon this Defendant, they are denied. It is further denied that any Plaintiff suffered any damages as a result of any action and/or inaction of this Defendant relative to the Jefferson Parish Landfill. Any remaining allegations of Paragraph 25 of Plaintiffs' Second Amended Complaint do not pertain to nor require an answer from this Defendant. However, out

of an abundance of caution any remaining allegations of Paragraph 25 of Plaintiffs' Second Amended Complaint are denied for lack of sufficient information to justify a belief therein.

XXIX.

To the extent the allegations of Paragraph 26 of Plaintiffs' Second Amended Complaint set forth a legal conclusion, no response is required from this Defendant.  To the extent the allegations of Paragraph 26 of Plaintiffs' Second Amended Complaint seek to impute responsibility and/or liability upon this Defendant, they are denied.  It is further denied that any Plaintiff suffered any damages as a result of any action and/or inaction of this Defendant relative to the Jefferson Parish Landfill.  Any remaining allegations of Paragraph 26 of Plaintiffs' Second Amended Complaint do not pertain to nor require an answer from this Defendant.  However, out of an abundance of caution any remaining allegations of Paragraph 26 of Plaintiffs' Second Amended Complaint are denied for lack of sufficient information to justify a belief therein.

XXX.

To the extent the allegations of Paragraph 27 of Plaintiffs' Second Amended Complaint set forth a legal conclusion, no response is required from this Defendant.  To the extent the allegations of Paragraph 27 of Plaintiffs' Second Amended Complaint seek to impute responsibility and/or liability upon this Defendant, they are denied.  It is further denied that any Plaintiff suffered any damages as a result of any action and/or inaction of this Defendant relative to the Jefferson Parish Landfill.  Any remaining allegations of Paragraph 27 of Plaintiffs' Second Amended Complaint do not pertain to nor require an answer from this Defendant.  However, out of an abundance of caution any remaining allegations of Paragraph 27 of Plaintiffs' Second Amended Complaint are denied for lack of sufficient information to justify a belief therein.

XXXI.

To the extent the allegations of Paragraph 28 of Plaintiffs' Second Amended Complaint set forth a legal conclusion, no response is required from this Defendant.  To the extent the allegations of Paragraph 28 of Plaintiffs' Second Amended Complaint seek to impute responsibility and/or liability upon this Defendant, they are denied.  It is further denied that any Plaintiff suffered any damages as a result of any action and/or inaction of this Defendant relative to the Jefferson Parish Landfill.  Any remaining allegations of Paragraph 28 of Plaintiffs' Second Amended Complaint do not pertain to nor require an answer from this Defendant.  However, out of an abundance of caution any remaining allegations of Paragraph 28 of Plaintiffs' Second Amended Complaint are denied for lack of sufficient information to justify a belief therein.

XXXII.

To the extent the allegations of Paragraph 29 of Plaintiffs' Second Amended Complaint set forth a legal conclusion, no response is required from this Defendant.  To the extent the allegations of Paragraph 29 of Plaintiffs' Second Amended Complaint seek to impute responsibility and/or liability upon this Defendant, they are denied.  It is further denied that any Plaintiff suffered any damages as a result of any action and/or inaction of this Defendant relative to the Jefferson Parish Landfill.  Any remaining allegations of Paragraph 29 of Plaintiffs' Second Amended Complaint do not pertain to nor require an answer from this Defendant.  However, out of an abundance of caution any remaining allegations of Paragraph 29 of Plaintiffs' Second Amended Complaint are denied for lack of sufficient information to justify a belief therein.

XXXIII.

To the extent the allegations of Paragraph 30 of Plaintiffs' Second Amended Complaint set forth a legal conclusion, no response is required from this Defendant.  To the extent the

allegations of Paragraph 30 of Plaintiffs' Second Amended Complaint seek to impute

responsibility and/or liability upon this Defendant, they are denied.  It is further denied that any

Plaintiff suffered any damages as a result of any action and/or inaction of this Defendant relative

to the Jefferson Parish Landfill.  Any remaining allegations of Paragraph 30 of Plaintiffs' Second

Amended Complaint do not pertain to nor require an answer from this Defendant.  However, out

of an abundance of caution any remaining allegations of Paragraph 30 of Plaintiffs' Second

Amended Complaint are denied for lack of sufficient information to justify a belief therein.

XXXIV.

To the extent the allegations of Paragraph 31 of Plaintiffs' Second Amended Complaint

set forth a legal conclusion, no response is required from this Defendant.  To the extent the

allegations of Paragraph 31 of Plaintiffs' Second Amended Complaint seek to impute

responsibility and/or liability upon this Defendant, they are denied.  It is further denied that any

Plaintiff suffered any damages as a result of any action and/or inaction of this Defendant relative

to the Jefferson Parish Landfill.  Any remaining allegations of second Paragraph 31 of Plaintiffs'

Second Amended Complaint do not pertain to nor require an answer from this Defendant.

However, out of an abundance of caution any remaining allegations of Paragraph 31 of

Plaintiffs' Second Amended Complaint are denied for lack of sufficient information to justify a

belief therein.

XXXV.

To the extent the allegations of Paragraph 32 of Plaintiffs' Second Amended Complaint

set forth a legal conclusion, no response is required from this Defendant.  To the extent the

allegations of Paragraph 32 of Plaintiffs' Second Amended Complaint seek to impute

responsibility and/or liability upon this Defendant, they are denied.  It is further denied that any

Plaintiff suffered any damages as a result of any action and/or inaction of this Defendant relative to the Jefferson Parish Landfill.  Any remaining allegations of Paragraph 32 of Plaintiffs' Second Amended Complaint do not pertain to nor require an answer from this Defendant.  However, out of an abundance of caution any remaining allegations of Paragraph 32 of Plaintiffs' Second Amended Complaint are denied for lack of sufficient information to justify a belief therein.

XXXVI.

To the extent the allegations of Paragraph 33 of Plaintiffs' Second Amended Complaint set forth a legal conclusion, no response is required from this Defendant.  To the extent the allegations of  Paragraph 33 of Plaintiffs' Second Amended Complaint seek to impute responsibility and/or liability upon this Defendant, they are denied.  It is further denied that any Plaintiff suffered any damages as a result of any action and/or inaction of this Defendant relative to the Jefferson Parish Landfill.  Any remaining allegations of Paragraph 33 of Plaintiffs' Second Amended Complaint do not pertain to nor require an answer from this Defendant.  However, out of an abundance of caution any remaining allegations of Paragraph 33 of Plaintiffs' Second Amended Complaint are denied for lack of sufficient information to justify a belief therein.

XXXVII.

To the extent the allegations of Paragraph 34 of Plaintiffs' Second Amended Complaint set forth a legal conclusion, no response is required from this Defendant.  To the extent the allegations of Paragraph 34 of Plaintiffs' Second Amended Complaint refer to contractual obligations, the best evidence of the respective obligations, duties, and responsibilities of the parties is contained in the contract documents themselves which are pleaded herein as if copied *in extenso*.  To the extent the allegations of Paragraph 34 of Plaintiffs' Second Amended Complaint seek to impute responsibility and/or liability upon this Defendant they are denied.

XXXVIII.

To the extent the allegations of Paragraph 35 of Plaintiffs' Second Amended Complaint set forth a legal conclusion, no response is required from this Defendant.  To the extent the allegations of Paragraph 35 of Plaintiffs' Second Amended Complaint seek to impute responsibility and/or liability upon this Defendant, they are denied.  It is further denied that any Plaintiff suffered any damages as a result of any actions and/or inactions of this Defendant relative to the Jefferson Parish Landfill.  Any remaining allegations of Paragraph 35 of Plaintiffs' Second Amended Complaint do not pertain to nor require an answer from this Defendant.  However, out of an abundance of caution any remaining allegations of Paragraph 35 of Plaintiffs' Second Amended Complaint are denied for lack of sufficient information to justify a belief therein.

XXXIX.

To the extent the allegations of Paragraph 36 of Plaintiffs' Second Amended Complaint set forth a legal conclusion, no response is required from this Defendant.

XL.

The allegations of Paragraph 37 of Plaintiffs' Second Amended Complaint are denied.

XLI.

To the extent the allegations of Paragraph 38 of Plaintiffs' Second Amended Complaint set forth a legal conclusion, no response is required from this Defendant.  To the extent the allegations of Paragraph 38 of Plaintiffs' Second Amended Complaint seek to impute responsibility and/or liability upon this Defendant, they are denied.

XLII.

To the extent the allegations of Paragraph 39 of Plaintiffs' Second Amended Complaint

set forth a legal conclusion, no response is required from this Defendant.  The remaining allegations of Paragraph 39 of Plaintiffs' Second Amended Complaint are denied.

## XLIII.

To the extent the allegations of Paragraph 40 of Plaintiffs' Second Amended Complaint set forth a legal conclusion, no response is required from this Defendant.  The remaining allegations of Paragraph 40 of Plaintiffs' Second Amended Complaint are denied.

## XLIV.

The allegations of Paragraph 41 of Plaintiffs' Second Amended Complaint are denied.

## XLV.

This Defendant would respond to the allegations made by Deborah Brown and Adam Brown in the same fashion and would restate and reallege each and every response contained herein and in prior pleadings.

## XLVI.

To the extent the allegations of Paragraph 43 of Plaintiffs' Second Amended Complaint seek to impute responsibility and/or liability upon this Defendant, they are denied.  Any remaining allegations of Paragraph 43 of Plaintiffs' Second Amended Complaint are denied for lack of sufficient information to justify a belief therein.

## XLVII.

To the extent the allegations of Paragraph 44 of Plaintiffs' Second Amended Complaint seek to impute responsibility and/or liability upon this Defendant, they are denied.  Any remaining allegations of Paragraph 44 of Plaintiffs' Second Amended Complaint are denied for lack of sufficient information to justify a belief therein.

XLVIII.

To the extent the allegations of Paragraph 45 of Plaintiffs' Second Amended Complaint seek to impute responsibility and/or liability upon this Defendant, they are denied.  Any remaining allegations of Paragraph 45 of Plaintiffs' Second Amended Complaint are denied for lack of sufficient information to justify a belief therein.

XLIX.

To the extent the allegations of Paragraph 46 of Plaintiffs' Second Amended Complaint set forth a legal conclusion, no response is required from this Defendant.  To the extent the allegations of Paragraph 46 of Plaintiffs' Second Amended Complaint seek to impute responsibility and/or liability upon this Defendant, they are denied.  It is further denied that any Plaintiff suffered any damages as a result of any action and/or inaction of this Defendant relative to the Jefferson Parish Landfill.  Any remaining allegations of Paragraph 46 of Plaintiffs' Second Amended Complaint do not pertain to nor require an answer from this Defendant.  However, out of an abundance of caution any remaining allegations of Paragraph 46 of Plaintiffs' Second Amended Complaint are denied for lack of sufficient information to justify a belief therein.

L.

To the extent the allegations of Paragraph 47 of Plaintiffs' Second Amended Complaint set forth a legal conclusion, no response is required from this Defendant.  To the extent the allegations of Paragraph 47 of Plaintiffs' Second Amended Complaint seek to impute responsibility and/or liability upon this Defendant, they are denied.  It is further denied that any Plaintiff suffered any damages as a result of any action and/or inaction of this Defendant relative to the Jefferson Parish Landfill.  Any remaining allegations of Paragraph 47 of Plaintiffs' Second Amended Complaint do not pertain to nor require an answer from this Defendant.  However, out

of an abundance of caution any remaining allegations of Paragraph 47 of Plaintiffs' Second Amended Complaint are denied for lack of sufficient information to justify a belief therein.

### LI.

To the extent the allegations of Paragraph 48 of Plaintiffs' Second Amended Complaint set forth a legal conclusion, no response is required from this Defendant.  To the extent the allegations of Paragraph 48 of Plaintiffs' Second Amended Complaint seek to impute responsibility and/or liability upon this Defendant, they are denied.  It is further denied that any Plaintiff suffered any damages as a result of any action and/or inaction of this Defendant relative to the Jefferson Parish Landfill.  Any remaining allegations of Paragraph 48 of Plaintiffs' Second Amended Complaint do not pertain to nor require an answer from this Defendant.  However, out of an abundance of caution any remaining allegations of Paragraph 48 of Plaintiffs' Second Amended Complaint are denied for lack of sufficient information to justify a belief therein.

### LII.

To the extent the allegations of Paragraph 49 of Plaintiffs' Second Amended Complaint set forth a legal conclusion, no response is required from this Defendant.  To the extent the allegations of Paragraph 49 of Plaintiffs' Second Amended Complaint seek to impute responsibility and/or liability upon this Defendant, they are denied.  It is further denied that any Plaintiff suffered any damages as a result of any action and/or inaction of this Defendant relative to the Jefferson Parish Landfill.  Any remaining allegations of Paragraph 49 of Plaintiffs' Second Amended Complaint do not pertain to nor require an answer from this Defendant.  However, out of an abundance of caution any remaining allegations of Paragraph 49 of Plaintiffs' Second Amended Complaint are denied for lack of sufficient information to justify a belief therein.

LIII.

To the extent the allegations of Paragraph 50 of Plaintiffs' Second Amended Complaint set forth a legal conclusion, no response is required from this Defendant.  To the extent the allegations of Paragraph 50 of Plaintiffs' Second Amended Complaint seek to impute responsibility and/or liability upon this Defendant, they are denied.  It is further denied that any Plaintiff suffered any damages as a result of any action and/or inaction of this Defendant relative to the Jefferson Parish Landfill.  Any remaining allegations of Paragraph 50 of Plaintiffs' Second Amended Complaint do not pertain to nor require an answer from this Defendant.  However, out of an abundance of caution any remaining allegations of Paragraph 50 of Plaintiffs' Second Amended Complaint are denied for lack of sufficient information to justify a belief therein.

LIV.

To the extent the allegations of Paragraph 51 of Plaintiffs' Second Amended Complaint set forth a legal conclusion, no response is required from this Defendant.  To the extent the allegations of Paragraph 51 of Plaintiffs' Second Amended Complaint seek to impute responsibility and/or liability upon this Defendant, they are denied.  It is further denied that any Plaintiff suffered any damages as a result of any action and/or inaction of this Defendant relative to the Jefferson Parish Landfill.  Any remaining allegations of Paragraph 51 of Plaintiffs' Second Amended Complaint do not pertain to nor require an answer from this Defendant.  However, out of an abundance of caution any remaining allegations of Paragraph 51 of Plaintiffs' Second Amended Complaint are denied for lack of sufficient information to justify a belief therein.

LV.

This Defendant also requests a trial by jury.

LVI.

To the extent the allegations contained in Paragraph 52 Prayer for Relief of Plaintiffs' Second Amended Complaint set forth a legal conclusion, no response is required from this Defendant.  To the extent the allegations contained in Paragraph 52 Prayer for Relief of Plaintiffs' Second Amended Complaint seek to impute responsibility and/or liability upon this Defendant, they are denied.  It is further denied that any Plaintiff suffered any damages as a result of any action and/or inaction of this Defendant relative to the Jefferson Parish Landfill. Any remaining allegations contained in Paragraph 52 Prayer for Relief of Plaintiffs' Second Amended Complaint do not pertain to nor require an answer from this Defendant.  However, out of an abundance of caution any remaining allegations contained in Paragraph 52 Prayer for Relief of Plaintiffs' Second Amended Complaint are denied for lack of sufficient information to justify a belief therein.

**AND NOW**, further answering Plaintiffs' Second Amended Complaint, Defendant, The Parish of Jefferson, avers as follows:

### **FIRST DEFENSE**

All claims made by all Plaintiffs are prescribed or otherwise time barred.

### **SECOND DEFENSE**

All claims made by all Plaintiffs fail to state a claim against this Defendant upon which relief can be granted.

### **THIRD DEFENSE**

All claims made by all Plaintiffs have failed to join all required parties.

### **FOURTH DEFENSE**

The sole, proximate, and legal cause of plaintiffs' alleged damages was each Plaintiffs'

own negligence or fault in the following non-exclusive particulars;

    A.    Failing to use proper care and caution commensurate with the circumstances therein prevailing;

    B.    Knowingly choosing to reside in the area at issue;

    C.    Failing to follow appropriate measures; and

    D.    Other acts of negligence and fault which may be proven at the time of the trial of this matter.

### FIFTH DEFENSE

In the alternative, and only in the event that this Honorable Court should determine that Defendant is liable unto Plaintiffs under any theory of law of whatsoever kind or nature, which is again specifically denied, then Defendant specifically pleads the contributory negligence, comparative fault, and/or assumption of risk of the Plaintiffs in mitigation.  Said contributory negligence, comparative fault and/or assumption of risk consisting of particularly, but not exclusively, the acts and omissions set forth above in Fourth Defense and all prior pleadings .

### SIXTH DEFENSE

Alternatively, Plaintiffs' alleged injuries were caused through no fault of Defendant, but rather through the fault of third parties, including the Plaintiffs, for whom Defendant is not responsible.  The comparative fault of the Plaintiffs and any other responsible party should be assessed in rendering a judgment in this matter.

### SEVENTH DEFENSE

Alternatively, the Plaintiffs' damages were caused by a fortuitous event beyond the control of any party.

### EIGHTH DEFENSE

Defendant asserts Plaintiffs have failed to mitigate the damages they may have suffered.

## NINTH DEFENSE

This Defendant specifically pleads the provisions of Louisiana Revised Statute 9:2800.

## TENTH DEFENSE

This Defendant specifically pleads the provisions of Louisiana Revised Statute 13:5106.

## ELEVENTH DEFENSE

This Defendant specifically pleads the provisions of Louisiana Revised Statute 9:2798.1

## TWELFTH DEFENSE

Defendant specifically reserves their right to supplement and amend this Answer and Affirmative Defenses as discovery progresses.

## THIRTEENTH DEFENSE

Defendant is entitled to trial by jury on all issues and prays for same.

**WHEREFORE,** Defendant, the Parish of Jefferson, reasserts, realleges and reiterates all of the responses, allegations and affirmative defenses contained in the Answer to Plaintiffs' Original Complaint and in the Answer to Plaintiffs' First Amended and Supplemental Omnibus Complaint for Damages and Injunctive Relief and prays that this Answer to Plaintiffs' Second Amended and Supplemental Omnibus Complaint for Damages and Injunctive Relief be deemed good and sufficient, and that after all legal delays and due proceedings are had, that there be judgment herein in favor of Defendant, the Parish of Jefferson, and against Plaintiffs dismissing Plaintiffs' Second Amended and Supplemental Omnibus Complaint for Damages and Injunctive Relief, at their costs, and for all general and equitable relief.  Defendant further prays for a trial by jury on all issues.

Respectfully submitted,

**CONNICK AND CONNICK, LLC**

By:  _/s/ Michael S. Futrell_
**WILLIAM P. CONNICK (14158)**
**MICHAEL S. FUTRELL (20819)**
**MATTHEW D. MOGHIS (33994)**
3421 N. Causeway Blvd., Suite 408
Metairie, Louisiana 70002
Telephone: (504) 681-6663
Facsimile: (504) 838-9903
Email: mfutrell@connicklaw.com
**Attorneys for Defendant, The Parish of Jefferson**

### CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of February, 2024, I electronically filed the foregoing with the Clerk of Court via the CM/ECF system which will send a notice of electronic filing to all registered counsel of record.

_/s/ Michael S. Futrell_