**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **FREDERICK ADDISON, ET AL.,** **Plaintiffs** | **CIVIL ACTION** **NO. 19-11133, c/w 19-14512** |
| **VERSUS** | **SECTION: "E" (5)** |
| **LOUISIANA REGIONAL LANDFILL COMPANY, ET AL.,** **Defendants** | **JUDGE: Morgan** **MAGISTRATE JUDGE: North** |

<u>**PLAINTIFF MARY ANN WINNINGKOFF'S OBJECTIONS AND RESPONSES TO WASTE CONNECTION'S INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS**</u>

Pursuant to the 9th Case Management Order, Plaintiff Mary Ann Winningkoff ("Plaintiff" or "Ms. Winningkoff"), makes the following objections and responses to Defendant Waste Connections ("Defendant" or "Waste Connections") Interrogatories and Request for Production of Documents:

**GLOBAL OBJECTIONS**

1. Plaintiff objects to the Interrogatories and Requests for Production of Documents as a whole. Defendant has exceeded the 15 Interrogatory and 25 Request for Production limit contained in Section V(c) and V(d) of the 9th CMO and Federal Code of Civil Procedure Rule 33(a)(1). Accounting for interrogatories and subparts, and the additional questions disguised as definitions, Defendant served more than 50 separate interrogatories alone. Many interrogatories include sub-parts that are thinly veiled to appear as one interrogatory, but ask for different and specific responses. Unless and until Defendant narrows the scope, and reduces the number of questions, none can be answered.

2. Defendant has engaged in scorched earth discovery, acting to increase the expense and burden of the Plaintiff. The discovery sought is not proportional to the needs of the case, and is

1

duplicative in that it requests the same information from members of the same household, and/or requests information known to Defendant through Plaintiff's prior deposition testimony and/or Plaintiff Fact Sheet ("PFS"). By serving interrogatories in this fashion, Defendant is requiring Plaintiff to expend unnecessary time and resources to respond to each discovery response separately, despite having already questioned each Plaintiff (not including family unit Plaintiffs) extensively and under oath on the same topics.

3.  Plaintiff objects to the Definitions, which expand the defined meaning of words beyond their ordinary meaning. For example, "emissions," as defined, includes "rain."  "Relating to." as defined, means "relating to" and 34 other things. "Identify" includes things like a person's home and business address and job.  These additions of discrete categories of information through the definition of "identify" means that a single question asking to identify someone or something is actually several questions, thereby adding to the number of interrogatories the exceed the numerical limit.  The same is true with the definition of "communication."

4.  Plaintiff objects to the instructions, which purport impose obligations not found in the rules of civil procedure. Purporting to require narrative answers to document requests, the instructions are disguised interrogatories promulgated to circumvent the limitations on the number of interrogatories.

5.  Plaintiff objects on the basis of relevance as to Interrogatories and Requests relating to Plaintiff's past or current employment history. No plaintiff in this first *Addison* trial is making a lost wage claim, Therefore, information relating to a Plaintiff's employment history, wages, and job titles, is wholly irrelevant. The scope of the information sought is not proportional to the needs of the case. The burden and expense of responding to such Interrogatories and Request for Production outweighs its benefits.

6. Plaintiff is still in the process of determining if documents exist in each category requested and will supplement as discovery progresses. Documents currently known are provided as set forth in Plaintiff's discovery responses below.

## OBJECTIONS AND RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 1:

Identify all persons and governmental entities with whom you have communicated or to whom you have complained about emissions, including odors, gases, and particulates, on your property or elsewhere in Jefferson Parish from January 1, 2015, to present, and describe the dates, times, and substance of all such communications.

### OBJECTION TO INTERROGATORY NO. 1:

Plaintiff objects to Interrogatory No. 1 because Defendant has exceeded the number of Interrogatories, including discrete subparts, permitted under the 9th CMO. Until Defendant narrows the scope of its Interrogatories and Request for Production of documents, Plaintiff cannot respond.

Plaintiff further objects as this request is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues. The burden or expense of the proposed discovery outweighs its likely benefit.

Plaintiff objects as Interrogatory No. 1 is overly broad in asking Plaintiff to identify "all persons and governmental entities." Plaintiff further objects as this request is overbroad and not relevant as it seeks information from 2015-present when the relevant time period in this litigation is July 1, 2017-December 31, 2019.

Plaintiff objects as the foregoing interrogatory is duplicative. Plaintiff previously testified extensively on this topic at her deposition on April 19, 2023. Requiring Plaintiff to answer the same question in written discovery is overburdensome. Plaintiff further objects as this information is in the possession of Defendant through Plaintiff's prior deposition testimony.

### RESPONSE TO INTERROGATORY NO. 1:

Between 2017-2019, Plaintiff made multiple complaints on behalf of her and her husband to the LDEQ. The complaints centered on the intense odor in her home which was causing her ill effects and diminishing her ability to continue with her daily activities and her use and enjoyment

of her home, concern about her and her husband's health due to the odor, and anger and anxiety that the odor was present in her home and community. The dates and times of these communications are documented on LDEQ records. Plaintiff incorporates all subpoena responses to the LDEQ as well as documents into her response. The dates and times of all such communications can be found in the documents bates-stamped Aptim-0010835; JP_JPLF_0004443-0004446; JP_JPLF_0004380-0004382; Aptim-0012104; Aptim-0011856-0011859; Aptim-0010856; and Aptim-0011829.

Plaintiff further communicated with members of the Harahan city council. See documents bates-stamped Winningkoff_0015-0018.

Plaintiff further communicated with other community members via the River Ridge/Harahan Facebook page. The dates, times, and substance of all such communications can be found in the documents produced in response to Request for Production No. 3.

Plaintiff further communicated constantly with her husband about the odors. Plaintiff does not remember the dates and times of these oral communications with specificity.

**INTERROGATORY NO. 2:**

Identify all persons who experienced or may have experienced symptoms or an illness caused by onsite exposure to emissions, including odors, gases, and particulates, at the Jefferson Parish Landfill, River Birch Landfill, or Hwy 90 Construction & Demolition Debris Landfill between January 1, 2015, to present that are known to you or your counsel, and describe the dates, symptoms, or illness, and circumstances of exposure.

**OBJECTION TO INTERROGATORY NO. 2:**

Plaintiff objects to Interrogatory No. 2 because Defendant has exceeded the number of Interrogatories, including discrete subparts, permitted under the 9th CMO. Until Defendant narrows the scope of its Interrogatories, Plaintiffs cannot respond.

4

Plaintiff further objects because this request is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues. The burden or expense of the proposed discovery outweighs its likely benefit.

Plaintiff further objects to Interrogatory No. 2 because it is overly broad in asking Plaintiff to identify "all persons… known to you or your counsel" and by seeking information 2015-present when the relevant time period in this litigation is July 1, 2017- December 31, 2019.

Plaintiff further objects because the interrogatory seeks information which is privileged, constitutes work product, and/or is known or prepared in anticipation of litigation. By way of example, documents produced by the Defendants in this case contain references to persons who experienced symptoms as a result of exposure to hydrogen sulfide. Defendants cannot properly delegate the review of their own documents to Plaintiffs' counsel. In addition, counsel cannot be required to disclose confidential information learned from other clients with those other clients.

**RESPONSE TO INTERROGATORY NO. 2:**

Plaintiff is not personally aware of anyone who experienced symptoms from onsite exposure at the Jefferson Parish Landfill, C&D Landfill, or River Birch Landfill.

**INTERROGATORY NO. 3:**

Identify every demand, lawsuit, or workers' compensation claim that you have made or filed or that has been made or filed on your behalf involving (i) allegations of exposure to emissions, including odors, gases, and particulates, (regardless of the source), or (ii) since January 1, 2015, allegations of the types of injuries you allege in this action. Your response should identify the case or claim number; all parties and their attorneys; the date the demand, lawsuit, or claim was made or filed; the body before which the demand, suit, or claim was made or filed; the nature of the demand, lawsuit, or claim; the present status of the demand, suit, or claim; and if concluded, the final result of the demand, suit, or claim, including the amount of any settlement or judgment.

**OBJECTION TO INTERROGATORY NO. 3:**

Plaintiff objects to Interrogatory No. 3 because Defendant has exceeded the number of Interrogatories, including discrete subparts, permitted under the 9th CMO. Until Defendant narrows the scope of their Interrogatories, Plaintiff cannot respond.

Plaintiff further objects as this request is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues. The burden or expense of the proposed discovery outweighs its likely benefit.

Plaintiff further objects as this request because responsive information is in the custody, possession, or control or readily available to the Defendants, or in the custody, possession, or control of third parties.

Plaintiff further objects as this Interrogatory is overbroad in the time period requested, seeking information 2015-present when the relevant time period in this litigation is July 1, 2017-December 31, 2019.

Plaintiff objects as the foregoing interrogatory is duplicative. Plaintiff previously testified extensively on this topic at her deposition on April 19, 2023. Requiring Plaintiff to answer the same question in written discovery is overburdensome.

## RESPONSE TO INTERROGATORY NO. 3:

None besides the current action. *See* deposition of Mary Ann Winningkoff at 147:10-17 &

147:24-148:23.

## INTERROGATORY NO. 4:

Identify all community or neighborhood meetings or meetings of a governmental entity

you attended between January 1, 2015 to present, relating to (i) the Jefferson Parish Landfill or

any other alleged source of emissions, including odors, gases, and particulates, (ii) emissions,

including odors, gases, and particulates, you experienced in Jefferson Parish, or (iii) the facts,

claims, or injuries you allege in this action. Your response should identify the date and time of,

speakers at, and subject of the meeting.

## OBJECTION TO INTERROGATORY NO. 4:

Plaintiff objects to Interrogatory No. 4 as Defendant has exceeded the number of Interrogatories, including discrete subparts, permitted under the 9th CMO. Until Defendant narrows the scope of its Interrogatories, Plaintiff cannot respond.

Plaintiff further objects because this Interrogatory is overbroad in the time period requested, seeking information 2015-present when the relevant time period in this litigation is July 1, 2017- December 31, 2019.

Plaintiff further objects because this interrogatory is vague in failing to define "all community or neighborhood meetings or meetings of a governmental entity you have attended…" "relating to the Jefferson Parish Landfill or any other alleged sources of emissions…"

Plaintiff further objects as this request because responsive information is in the custody, possession, or control or readily available to the Defendants, or in the custody, possession, or control of third parties.

Plaintiff objects as the foregoing interrogatory is duplicative. Plaintiff previously testified extensively on this topic at her deposition on April 19, 2023. Requiring Plaintiff to answer the same question in written discovery is overburdensome.

**RESPONSE TO INTERROGATORY NO. 4:**

No personal attendance at any meeting, but Plaintiff was aware of a press conference held

by Parish President Yenni on July 23, 2018, and the substance thereof. S*ee* deposition of Mary

Ann Winningkoff at 129:6-8.

**INTERROGATORY NO. 5:**

Identify all physicians, healthcare providers, or other medical professionals who treated,

consulted with, or examined you between January 1, 2015, to present, including:

a. The name of the physician, health care provider, or other medical professional;

b. The name and address of the facility at which you sought treatment, were examined by, or consulted with the physician, health care provider, or other medical professional;

c. The dates when you sought treatment from, were examined by, or consulted with the physician, health care provider, or other medical professional; and

d. The condition for which you sought treatment from, were examined by, or consulted with the physician, health care provider, or other medical professional.

**OBJECTION TO INTERROGATORY NO. 5:**

Plaintiff objects to Interrogatory No. 5 because Defendant has exceeded the number of Interrogatories, including discrete subparts, permitted under the 9th CMO. Until Defendant narrows the scope of their Interrogatories, Plaintiff cannot respond.

Plaintiff further objects as this Interrogatory is overbroad in the time period requested, seeking information 2015-present when the relevant time period in this litigation is July 1, 2017-

December 31, 2019. Plaintiff further objects to the breadth of this interrogatory in that it requests "all physicians, healthcare providers, and or other medical professionals…" Said interrogatory seeks information that is not relevant to the claims or defenses asserted in this litigation

Plaintiff further objects as this request is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues. The burden or expense of the proposed discovery outweighs its likely benefit.

Plaintiff further objects as the information sought is already known to Defendant through Plaintiff's PFS, and/or sworn deposition testimony. Further, because medical records were sought for this Plaintiff, the production of medical records containing the information sought by Interrogatory No. 5 fully and completely fulfill Plaintiff's obligation to respond to this interrogatory.

**RESPONSE TO INTERROGATORY NO. 5:**

*See* deposition of Mary Ann Winningkoff at 132:1-133:23 and 141:2-146:22. *See* also

WCI_Winningkoff, Mary_MHM UC_000001-000147.

Plaintiff sought treatment at the following providers:

Dr. GLEN C. CANGELOSI
4201 Frenchman Street
New Orleans, LA 70122
Fax: (504) 282-7657

OCHSNER URGENT CARE – RIVER RIDGE
9605 Jefferson Highway
River Ridge, LA 70123

JENCARE SENIOR MED CENTER
3530 Houma Blvd
Metairie, La 70006

OCHSNER PRIMARY CARE & WELLNESS
Dr. Davis- Allergist
1401 Jefferson Highway
New Orleans, LA 70121

**INTERROGATORY NO. 6:**

Identify all pharmacies where you filled your prescription(s) between January 1, 2015, to present, including (i) the name and address of the pharmacy, (ii) the dates during which you filled prescriptions at the pharmacy, and (iii) the prescriptions you filled at the pharmacy.

**OBJECTION TO INTERROGATORY NO. 6:**

Plaintiff objects to Interrogatory No. 6 because Defendant has exceeded the number of Interrogatories, including discrete subparts, permitted under the 9th CMO. Until Defendant narrows the scope of their Interrogatories, Plaintiff cannot respond.

Plaintiff further objects because this Interrogatory is overbroad in the time period requested, seeking information 2015-present when the relevant time period in this litigation is July 1, 2017- December 31, 2019.

Plaintiff further objects because this request is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues. The burden or expense of the proposed discovery outweighs its likely benefit.

Plaintiff further objects as the information sought is already known to the Defendants through Plaintiff's PFS, and/or sworn deposition testimony. Further, because medical/pharmacy records were sought for this Plaintiff, the production of records containing the information sought by Interrogatory No. 6 fully and completely fulfill Plaintiff's obligation to respond to this interrogatory.

**RESPONSE TO INTERROGATORY NO. 6:**

*See* deposition of Mary Ann Winningkoff at 155:7-15 and 161:10-162:1. *See* also WCI_Winningkoff, Mary Ann_Walgreens_000001-000054.

**INTERROGATORY NO. 7:**

For each category of damages that you claim or seek, identify the amount of damages you claim or seek and explain in detail the basis for the amount.

**OBJECTION TO INTERROGATORY NO. 7:**

Plaintiff objects to Interrogatory No. 7 because Defendant has exceeded the amount of Interrogatories, including discrete subparts, permitted under the 9th CMO. Until Defendant narrows the scope of their Interrogatories, Plaintiff cannot respond.

Plaintiff further objects as the information sought is already known to Defendant through Plaintiff's Supplemental Rule 26 Disclosures which included a quantum study, therefore this Interrogatory is duplicative in nature.

Plaintiff further objects as the information is premature, as discovery is ongoing. Because this interrogatory requires expert testimony, such expert report will be provided by the date established in the 9th CMO.

## RESPONSE TO INTERROGATORY NO. 7:

Plaintiff incorporates Rule 26 Disclosure into her response to Interrogatory No. 7.

## INTERROGATORY NO. 8:

State the facts supporting your contention that your injuries were caused by emissions,

including odors, gases, or particulates, from the Jefferson Parish Landfill.

## OBJECTION TO INTERROGATORY NO. 8:

Plaintiff objects to Interrogatory No. 8 because Defendant has exceeded the number of Interrogatories, including discrete subparts, permitted under the 9th CMO. Until Defendant narrows the scope of its Interrogatories, Plaintiff cannot respond.

Plaintiff further objects on the basis of prematurity. Discovery in this case is ongoing, and therefore the scope of responsive information is not fully known to Plaintiff at this time.

Plaintiff further objects as the information sought in this interrogatory will be the subject of expert testimony, such testimony and reports will be tendered in connection with the date established in the 9th CMO.

Plaintiff further objects as the information sought by this interrogatory, specifically as it relates to general causation, are known to Defendants through Plaintiffs filings throughout the course of this action, as well as the Court's Findings of Fact and Conclusions of Law as to General Causation.

## RESPONSE TO INTERROGATORY NO. 8:

Response will be supplemented at a later time after the discovery deadline has elapsed.

## INTERROGATORY NO. 9:

State the facts supporting your contention that your injuries were caused by:

a. The Waste Connections Defendants

b. Aptim Corp.

c. Parish of Jefferson

## OBJECTION TO INTERROGATORY NO. 9:

Plaintiff objects to Interrogatory No. 9 because Defendant has exceeded the number of Interrogatories, including discrete subparts, permitted under the 9th CMO. Until Defendant narrows the scope of its Interrogatories, Plaintiff cannot respond.

Plaintiff further objects as this interrogatory is premature. Discovery is ongoing.

Plaintiff further objects as the information sought in this interrogatory will be the subject of expert testimony, such testimony and reports will be tendered in connection with the date established in the 9th CMO.

## RESPONSE TO INTERROGATORY NO. 9:

Response will be supplemented at a later time after the discovery deadline has elapsed.

## REQUESTS FOR PRODUCTION

## REQUEST FOR PRODUCTION NO. 1:

All documents that you referred to or relied on in responding to any of the Defendants' interrogatories to you, including any documents identified in your responses thereto.

## OBJECTION TO REQUEST FOR PRODUCTION NO. 1:

Plaintiff objects to Request for Production No. 1 as Defendant has exceeded the number of Requests for Production of Documents permitted under the 9th CMO. Until Defendant narrows the scope of their Request for Production of documents, Plaintiff cannot respond.

Plaintiff further objects to this Request as it is overbroad in requesting "all documents you referred to or relied on."

Plaintiff further objects as this request is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues. The burden or expense of the proposed discovery outweighs its likely benefit.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

Documents in this category are referred to in the Interrogatory Answers and will be produced, if they have not already been produced.  No documents are being withheld based on the objections.

## REQUEST FOR PRODUCTION NO. 2:

To the extent not already produced, all documents containing general causation information, as identified on pages 5–6 of the Court's First Case Management Order, ECF No. 80.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 2:**

Plaintiff objects to Request for Production No. 2 as Defendant has exceeded the number of Requests for Production of Documents permitted under the 9th CMO. Until Defendant narrows the scope of their Requests for Production of documents, Plaintiff cannot respond.

Plaintiff further objects as this request is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues. The burden or expense of the proposed discovery outweighs its likely benefit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

There are no documents in this category. No documents are being withheld based on the

objections.

**REQUEST FOR PRODUCTION NO. 3:**

Any communications you made or content you posted on a social networking website or

any other similar websites or social media services, including Facebook, Instagram, Twitter,

Nextdoor, Snapchat, TikTok, Reddit, or YouTube, from January 1, 2015, to present.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 3:**

Plaintiff objects to Request for Production No. 3 because Defendant has exceeded the number of Requests for Production of Documents permitted under the 9th CMO. Until Defendant narrows the scope of their Requests for Production of documents, Plaintiff cannot respond. Specifically, Request for Production No. 3 is asking Plaintiff to produce documents relating to eight separate sites under the guise of just one Request for Production.

Plaintiff further objects because this request is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues. The burden or expense of the proposed discovery outweighs its likely benefit.

Plaintiff further objects as this request because responsive information is in the custody, possession, or control or readily available to the Defendants, or in the custody, possession, or control of third parties, including but not limited to the sites themselves or Bosco Legal Services, who upon information and belief was hired by Defendant (or its co-Defendants) to search Plaintiff's social media profiles.

Plaintiff further objects because the information sought readily available to the Defendants, as Defendants employed Bosco Legal Services to do extensive social media research, including the specific sites listed above.

Plaintiff further objects as this request is overbroad and not relevant in requesting "Any communications you made or content you posted on a social networking website..." Said Request seeks information from 2015-present when the relevant time period in this litigation is July 1, 2017- December 31, 2019. Furthermore, this Request does not limit the scope of the production to claims/defenses raised in this action, and therefore would require Plaintiff to produce content that is wholly irrelevant.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

*See* Plaintiff's Facebook posts and comments that are P-Exhibit No. 2 to her deposition.

*See* also Plaintiff's posts on Nextdoor bearing bates numbers Winningkoff_0021-0024. Based on the objections, social media postings that do not involve the subject matter of this will not be produced, and are being withheld.

## REQUEST FOR PRODUCTION NO. 4:

All communications between you and any Defendant or governmental entity from January 1, 2015, to present, including any confirmations of odor complaints received, relating to (i) the Jefferson Parish Landfill or any other alleged source of emissions, including odors, gases, and particulates, (ii) emissions, including odors, gases, and particulates, you experienced in Jefferson Parish, or (iii) the facts, claims, or injuries you allege in this action.

## OBJECTION TO REQUEST FOR PRODUCTION NO. 4:

Plaintiff objects to Request for Production No. 4 because Defendant has exceeded the number of Request for Production of Documents permitted under the 9th CMO. Until Defendant narrows the scope of its Requests for Production of documents, Plaintiff cannot respond.

Plaintiff further objects as this request because responsive information is in the custody, possession, or control or readily available to the Defendants, or in the custody, possession, or control of third parties.

Plaintiff further objects because this request is overbroad and not relevant in requesting "All communications between you and any Defendant or governmental entity from January 1, 2015, to present," Said request seeks information from 2015-present when the relevant time period in this litigation is July 1, 2017- December 31, 2019.

Plaintiff further objects as this request is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues. The burden or expense of the proposed discovery outweighs its likely benefit. The request does not limit the scope of the production to claims/defenses raised in this action, and therefore would require Plaintiff to produce communications that are wholly irrelevant to this case.

Plaintiff objects as the foregoing request is duplicative. Plaintiff previously testified extensively on this topic at her deposition on April 19, 2023. Requiring Plaintiff to answer/object the same question in written discovery is overburdensome. Plaintiff further objects as the information sought is known to the Defendants in the form of Plaintiff's deposition testimony.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

*See* responsive documents bearing the following bates numbers: Aptim-0010835; JP_JPLF_0004443-0004446; JP_JPLF_0004380-0004382; Aptim-0012104; Aptim-0011856-0011859; Aptim-0010856; Aptim-0011829. *See* also Winningkoff_0015-0018. Documents are not being withheld based on the objections.

**REQUEST FOR PRODUCTION NO. 5:**

All communications between you and persons involved with or employed by media organizations, including newspapers, radio stations, podcasts, and television stations, from January 1, 2015, to present, relating to (i) the Jefferson Parish Landfill or any other alleged source of emissions, including odors, gases, and particulates, (ii) emissions, including odors, gases, and particulates, you experienced in Jefferson Parish, or (iii) the facts, claims, or injuries you allege in this action.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 5:**

Plaintiff objects to Request for Production No. 5 because Defendant has exceeded the number of Requests for Production of Documents permitted under the 9th CMO. Until Defendant narrows the scope of its Requests for Production of documents, Plaintiff cannot respond.

Plaintiff further objects as this request because responsive information is in the custody, possession, or control or readily available to the Defendants, or in the custody, possession, or control of third parties.

Plaintiff further objects as this request is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the

parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues. The burden or expense of the proposed discovery outweighs its likely benefit.

Plaintiff further objects because this request is overbroad and not relevant in requesting "All communications between you and persons involved with or employed by media organizations, including newspapers, radio stations, podcasts, and television stations," Said request seeks information from 2015-present when the relevant time period in this litigation is July 1, 2017- December 31, 2019.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 5:

There are no documents in this category. No documents are being withheld based on the objections.

## REQUEST FOR PRODUCTION NO. 6:

All communications between you and any other person from January 1, 2015, to present, relating to (i) the Jefferson Parish Landfill or any other alleged source of emissions, including odors, gases, and particulates, (ii) emissions, including odors, gases, and particulates, you experienced in Jefferson Parish, or (iii) the facts, claims, or injuries you allege in this action.

## OBJECTION TO REQUEST FOR PRODUCTION NO. 6:

Plaintiff objects to Request for Production No. 6 because Defendant has exceeded the number of Requests for Production of Documents, permitted under the 9th CMO. Until Defendants narrow the scope of their Requests for Production of documents, Plaintiff cannot respond.

Plaintiff further objects because this request is overbroad and not relevant in requesting "All communications between you and any other person…" This request is further overbroad and not relevant as it seeks information from 2015-present when the relevant time period in this litigation is July 1, 2017- December 31, 2019.

Plaintiff further objects as this request is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Plaintiff further objects because this request improperly calls for production of privileged documents/information, and production that is attorney work product.

Pursuant to Rule 34, documents are withheld based on the foregoing objections.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 6:

*See* Plaintiff's responses to Requests for Production Nos. 3 & 4. Otherwise, based on the objections, no further documents will be produced.

**REQUEST FOR PRODUCTION NO. 7:**

All documents, including any notes, reports, minutes, videos, or descriptions, of any community or neighborhood meeting or meeting of a governmental entity between January 1, 2015, to present, relating to (i) the Jefferson Parish Landfill or any other alleged source of emissions, including odors, gases, and particulates, (ii) emissions, including odors, gases, and particulates, you experienced in Jefferson Parish, or (iii) the facts, claims, or injuries you allege in this action.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 7:**

Plaintiff objects to Request for Production No. 7 because Defendant has exceeded the number of Requests for Production of Documents permitted under the 9th CMO. Until Defendants narrows the scope of its Requests for Production of documents, Plaintiff cannot respond.

Plaintiff further objects because this request seeks production of things in the custody, possession, or control or readily available to the Defendants, or in the custody, possession, or control of third parties.

Plaintiff further objects because this request is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues. The burden or expense of the proposed discovery outweighs its likely benefit.

Plaintiff further objects as this request is overbroad and not relevant as it seeks information from 2015-present when the relevant time period in this litigation is July 1, 2017- December 31, 2019.

Plaintiff objects as the foregoing request is duplicative. Plaintiff previously testified extensively on this topic at her deposition on April 19, 2023. Requiring Plaintiff to answer the same question in written discovery is overburdensome. Plaintiff further objects as the information sought is known to the Defendants in the form of Plaintiff's deposition testimony.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

There are no documents in this category. No documents are being withheld based on the objections.

**REQUEST FOR PRODUCTION NO. 8:**

Documents showing your residency from January 1, 2015, to present. Such documents may include a deed, a lease or housing agreement, rent receipts, or utility bills. This includes your residency at 47 Donelon Drive Louisiana 70123.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 8:**

Plaintiff objects to Request for Production No. 8 as Defendant has exceeded the number of Requests for Production of Documents permitted under the 9th CMO. Until Defendant narrows the scope of its Requests for Production of documents, Plaintiff cannot respond.

Plaintiff further objects because this request seeks production of things in the custody, possession, or control or readily available to the Defendants (specifically, Jefferson Parish, as the custodian of property records and water bills for all residents of Jefferson Parish) or in the custody, possession, or control of third parties.

Plaintiff further objects because this request is overbroad and not relevant as it seeks information from 2015-present when the relevant time period in this litigation is July 1, 2017-December 31, 2019.

Moreover, Plaintiff objects to this request as it seeks documents duplicative of Plaintiff's PFS, which is considered sworn testimony, that they live, or lived, at the address in which they were exposed to dangerous emissions emanating from the Jefferson Parish Landfill during the relevant time period. Based on the deposition testimony of the Plaintiff on April 19, 2023 Defendant also employed investigators to take photos of the subject residence and questioned Plaintiff using those photos. If Defendant has a good faith basis for doubting Plaintiff's address, Defendant must first establish the good faith basis for such doubt.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

*See* document bates-stamped Winningkoff_0008-0014. Because Defendant asked only for example documents, only sample documents are being provided, even though other documents may exist. Otherwise, no documents are being withheld based on the objections other than overbreadth any relevance.

**REQUEST FOR PRODUCTION NO. 9:**

All documents from January 1, 2015, to present, relating to the alleged impact on you or your property of emissions, including odors, gases, and particulates, that you assert originated from the Jefferson Parish Landfill. This includes documents relating to any alleged interference with

your use and enjoyment or property, interference with your enjoyment of life, or interference with your quality of life.

## OBJECTION TO REQUEST FOR PRODUCTION NO. 9:

Plaintiff objects to Request for Production No. 9 because Defendant has exceeded the number of Requests for Production of Documents permitted under the 9th CMO. Until Defendant narrows the scope of its Requests for Production of documents, Plaintiff cannot respond.

Plaintiff further objects as this request is overbroad and not relevant as it seeks information from 2015-present when the relevant time period in this litigation is July 1, 2017- December 31, 2019.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 9:

*See* Plaintiff's Response to Requests for Production Nos. 3 & 4. No documents are being withheld based on the objections.

## REQUEST FOR PRODUCTION NO. 10:

All documents from January 1, 2015, to present, identifying or relating to a source (known or unknown) of emissions, including odors, gases, and particulates, in Jefferson Parish, other than the Jefferson Parish Landfill, and the alleged impact on you or your property of emissions, including odors, gases, and particulates, from that source, including any alleged interference with your use and enjoyment or property, interference with your enjoyment of life, or interference with your quality of life.

## OBJECTION TO REQUEST FOR PRODUCTION NO. 10:

Plaintiff objects to Request for Production No. 10 because Defendant has exceeded the number of Requests for Production of Documents permitted under the 9th CMO. Until Defendant narrows the scope of its Requests for Production of documents, Plaintiff cannot respond.

Plaintiff further objects because this request is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues. The burden or expense of the proposed discovery outweighs its likely benefit.

Plaintiff further objects as this request is overbroad and not relevant as it seeks information from 2015-present when the relevant time period in this litigation is July 1, 2017- December 31, 2019.

Plaintiff further objects as this request because responsive information is in the custody, possession, or control or readily available to the Defendants, or in the custody, possession, or control of third parties.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 10:

In the very early stages of the odors, before it became clear that the odors at her home were coming from Jefferson Parish Landfill, Plaintiff mistakenly thought the odors at her home may have been coming from the Harahan pumping station. *See* JP_JPLF_0004446 from August 17, 2017 & JP_JPLF_0004382 from August 14, 2017. Plaintiff is not in possession of responsive documents that show that the odor complained of by the Plaintiffs came *from any other source other than* the Jefferson Parish Landfill, so there are no documents in this category to produce. No documents are being withheld based on the objections.

## REQUEST FOR PRODUCTION NO. 11:

Photographs of your property where you allegedly experienced emissions, including odors, gases, or particulates, from the Jefferson Parish Landfill. This includes the property located at 47 Donelon Drive, Harahan, Louisiana 70123.

## OBJECTION TO REQUEST FOR PRODUCTION NO. 11:

Plaintiff objects to Request for Production No. 11 because Defendant has exceeded the number of Requests for Production of Documents permitted under the 9th CMO. Until Defendant narrows the scope of their Requests for Production of documents, Plaintiff cannot respond.

Plaintiff further objects because this request seeks production of things in the custody, possession, or control or readily available to the Defendants. Based on the deposition of the Plaintiff on April 19, 2023 Defendant employed investigators to take photos of the subject residence and questioned Plaintiff using those photos.  Plaintiff further objects as the subject of this request is in the custody, possession, or control of third parties, including but not limited to Google Earth/Streetview, etc.

Plaintiff further objects because this request is overbroad, vague, and not relevant as the request has no time period for the responsive material sought.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 11:

*See* Exhibits 106-109 to the deposition of Mary Ann Winningkoff.  Because Defendant asked only for example documents, only sample documents are being provided, even though other documents may exist. Otherwise, no documents are being withheld based on the objections other than overbreadth any relevance.

## REQUEST FOR PRODUCTION NO. 12:

All documents relating to the treatment you sought from a physician, healthcare provider, or other medical professional for physical or mental injury or injuries from January 1, 2015, to present.

## OBJECTION TO REQUEST FOR PRODUCTION NO. 12:

Plaintiff objects to Request for Production No. 12 because Defendant has exceeded the number of Requests for Production of permitted under the 9th CMO. Until Defendant narrows the scope of its Requests for Production of documents, Plaintiff cannot respond.

Plaintiff further objects because this request seeks production of things in the custody, possession, or control or readily available to the Defendants, or in the custody, possession, or control of third parties.

Plaintiff further objects because this request is overbroad and not relevant because it seeks production of documents from 2015-present when the relevant time period in this litigation is July 1, 2017- December 31, 2019, and relating to treatment and/or medical conditions that were not alleged by Plaintiff.

Plaintiff further objects as this request is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues. The burden or expense of the proposed discovery outweighs its likely benefit.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 12:

*See* deposition of Mary Ann Winningkoff at 132:1-133:23 and 141:2-146:22. *See* also WCI_Winningkoff, Mary_MHM UC_000001-000147 & Winningkoff_0019-0020. No documents are being withheld based on the objections.

**REQUEST FOR PRODUCTION NO. 13:**

All documents relating to or that you will use to support your contention that persons experienced or may have experienced symptoms or an illness caused by onsite exposure to emissions, including odors, gases, and particulates, at the Jefferson Parish Landfill, River Birch Landfill, or Hwy 90 Construction & Demolition Debris Landfill. This includes all documents in the possession of your counsel.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 13:**

Plaintiff objects to Request for Production No. 13 because Defendant has exceeded the number of Requests for Production of Documents permitted under the 9th CMO. Until Defendant narrows the scope of its Requests for Production of documents, Plaintiff cannot respond.

Plaintiff further objects because this request is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues. The burden or expense of the proposed discovery outweighs its likely benefit.

Plaintiff further objects because this request seeks production of things in the custody, possession, or control or readily available to the Defendants, or in the custody, possession, or control of third parties.

Plaintiff objects to this request because it improperly seeks production that is privileged or is attorney work product.

Plaintiff further objects on the basis of prematurity. Discovery in this case is ongoing, and therefore the scope of responsive documents and things are not fully known to Plaintiff at this time.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Plaintiff does not contend that anyone experienced or may have experienced symptoms or an illness caused by onsite exposure to emissions, including odors, gases, and particulates, at the River Birch Landfill, or at the Hwy 90 Construction & Demolition Debris Landfill.  As to onsite exposures to persons at the Jefferson Parish Landfill, documents produced by the Defendants in this case indicate that one or more persons may have been affected by the emissions.  These documents are already in the possession of Defendant, and the burden of location of such documents is equally upon the Defendant.  Defendant cannot properly use Plaintiffs' resources to

conduct its own review of these documents.  There are no other documents currently known to Plaintiff that Plaintiff will use at the trial to prove the proposition stated.

As to documents "relating to" onsite exposures and known to counsel, no documents will be produced.  Any such documents are the result of counsel's work for other clients, and are thus not within the custody and control of this Plaintiff, and as such are  outside the scope of permissible discovery in this case.

**REQUEST FOR PRODUCTION NO. 14:**

Any consultant or expert reports in your possession or the possession of your counsel relating to emissions, including odors, gases, and particulates, you have smelled at your property or elsewhere in Jefferson Parish.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 14:**

Plaintiff objects to Request for Production No. 14 because Defendant has exceeded the number of Requests for Production of Documents permitted under the 9th CMO. Until Defendant narrows the scope of its Requests for Production of documents, Plaintiff cannot respond.

Plaintiff objects to this request because it improperly seeks production that is privileged or is attorney work product.  In particular, the work product of a consulting expert is not discoverable under FRCP 26(b)(3).

Plaintiff further objects as this request is premature. Plaintiff will produce responsive, non-privileged, non-work product documents pursuant to the applicable deadlines established by the 9th CMO.

Pursuant to Rule 34, documents are being withheld based on the foregoing objection.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Pursuant to Rule 26(b)(4)(D), reports of consulting experts are not discoverable.  The reports of testifying experts have previously been produced or will be produced in accordance with the Ninth CMO. As to any other documents, the Request seeks a copy of what Plaintiffs' counsel has, which is information that invades the attorney client privilege and work product immunity.  These documents will not be produced.

**REQUEST FOR PRODUCTION NO. 15:**

All documents in your possession relating to any other demand, lawsuit, or worker's compensation claim that you have made or filed or that has been made or filed on your behalf involving (i) allegations of exposure to emissions, including odors, gases, and particulates, (regardless of the source), or (ii) since January 1, 2015, allegations of the types of injuries you allege in this action.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 15:**

Plaintiff objects to Request for Production No. 15 because Defendant has exceeded the number of Requests for Production of Documents permitted under the 9th CMO. Until Defendant narrows the scope of its Requests for Production of documents, Plaintiff cannot respond.

Plaintiff further objects as this request is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues. The burden or expense of the proposed discovery outweighs its likely benefit.

Plaintiff further objects because this request is overbroad and not relevant as it seeks information from 2015-present when the relevant time period in this litigation is July 1, 2017-December 31, 2019.

Plaintiff further objects because this request seeks production of things in the custody, possession, or control or readily available to the Defendants, or in the custody, possession, or control of third parties.

Plaintiff objects as the foregoing request is duplicative. Plaintiff previously testified extensively on this topic at her deposition on April 19, 2023. Requiring Plaintiff to answer the same question in written discovery is overburdensome. Plaintiff further objects as the information sought is known to the Defendants in the form of Plaintiff's deposition testimony.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

There are no documents in this category.  No documents are being withheld based on the objections.

**REQUEST FOR PRODUCTION NO. 16:**

All documents relating to or that you will use to support your contention that Jefferson Parish Landfill emissions, including odors, gases, and particulates, or any of the Defendants caused your injuries.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 16:**

Plaintiff objects to Request for Production No. 16 because Defendant has exceeded the number of Requests for Production of Documents permitted under the 9th CMO. Until Defendant narrow the scope of its Requests for Production of documents, Plaintiff cannot respond.

Plaintiff further objects as this request is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues. The burden or expense of the proposed discovery outweighs its likely benefit.

Plaintiff further objects as this request seeks production of things in the custody, possession, or control or readily available to the Defendants, or in the custody, possession, or control of third parties.

Plaintiff further objects on the basis of prematurity. Discovery in this case is ongoing, and therefore the scope of responsive documents and things are not fully known to Plaintiff at this time.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

This request calls for production of the majority of the documents produced in discovery

in this case.  Based on the objections, no documents will be provided.

**REQUEST FOR PRODUCTION NO. 17:**

Any documents that were the source of the information in your Fact Sheet, including any

prior versions of the Fact Sheet with handwritten responses.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 17:**

Plaintiff objects to Request for Production No. 17 because Defendant has exceeded the amount of Request for Production of Documents permitted under the 9th CMO. Until Defendant narrows the scope of their Requests for Production of documents, Plaintiff cannot respond.

Plaintiff further objects as this request is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues. The burden or expense of the proposed discovery outweighs its likely benefit.

Plaintiff objects to this request because it seeks production that is privileged or is attorney work product.  Specifically, Defendant seeks the production of the handwritten PFSs. The handwritten PFS is protected by both the attorney client privilege (just like draft answers to Interrogatories provided by a client to his or her attorney) and constitutes work product.  Moreover, it was Defendants that insisted the PFSs be typed and submitted rather than the handwritten copies be provided.  Accordingly, no draft or "other versions" of the PFS will be produced to Defendant absent an order from the Court.

Pursuant to Rule 34, documents are being withheld on based on the foregoing objections.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

No documents are being produced in response to this request. Defendants insisted in this case that the Fact Sheets be treated as interrogatories. As a result, drafts of the facts sheets, and prior versions with handwritten responses, are documents prepared in anticipation of litigation and are immune from discovery. Pursuant to Rule 34, documents are being withheld based on the foregoing objections.

**REQUEST FOR PRODUCTION NO. 18:**

All documents, including any retainer or other agreement, relating to the terms of your representation by your lawyers in this case or the funding of this litigation.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 18:**

Plaintiff objects to Request for Production No. 18 because Defendant has exceeded the number of Request for Production of Documents permitted under the 9th CMO. Until Defendant narrows the scope of their Request for Production of documents, Plaintiff cannot respond.

Plaintiff further objects because this request is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues. The burden or expense of the proposed discovery outweighs its likely benefit. This case does not involve class allegations, and therefore is not subject to the requirements under Fed. R. Civ. P. art. 23(g)(4) that counsel "fairly and adequately represent members of the class," which has been relied upon to discover retention agreements in class action cases. The agreements between client and counsel are irrelevant to the claims and defenses alleged in this case.

Plaintiff further objects because this request seeks information that is privileged or is attorney work product.

Plaintiff further objects in that this request is vague in failing to define "funding" in the underlying request.

Pursuant to Rule 34, documents are being withheld on based on the foregoing objections.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

No documents are being produced in response to this request.  Documents are being withheld based on the objections.

**REQUEST FOR PRODUCTION NO. 19:**

All documents relating to your exposure to asbestos or injuries potentially caused by asbestos.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 19:**

Plaintiff objects to Request for Production No. 19 because Defendant has exceeded the number of Request for Production of Documents permitted under the 9th CMO. Until Defendant narrows the scope of their Request for Production of documents, Plaintiff cannot respond.

Plaintiff further objects because this request is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues. The burden or expense of the proposed discovery outweighs its likely benefit.

Plaintiff further objects because this request is overbroad and not relevant as it seeks documents related to exposure to asbestos and "injuries potentially caused by asbestos". This request does not specify the category of document to be produced. Further it is vague in failing to define "injuries potentially caused by asbestos".

Plaintiff objects as the foregoing request is duplicative. Plaintiff previously testified extensively on this topic at her deposition on April 19, 2023. Requiring Plaintiff to answer the same question in written discovery is overburdensome. Plaintiff further objects as the information sought is known to the Defendants in the form of Plaintiff's deposition testimony.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

*See* documents bated-stamped Winningkoff_0001-0007. No documents are being withheld based on the objections.

**REQUEST FOR PRODUCTION NO. 20:**

All documents from January 1, 2015, to present relating to repairs at your property at 47 Donelon Drive Harahan Louisiana 70123, including due to leaks.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 20:**

Plaintiff objects to Request for Production No. 20 because Defendant has exceeded the number of Request for Production of Documents permitted under the 9th CMO. Until Defendant narrows the scope of their Request for Production of documents, Plaintiff cannot respond.

Plaintiff further objects because this request is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues. The burden or expense of the proposed discovery outweighs its

likely benefit. Plaintiff is not making a claim for physical damage to property attributed to the emissions from the Jefferson Parish Landfill.

Plaintiff further objects because this request is overbroad and not relevant as it seeks information from 2015-present when the relevant time period in this litigation is July 1, 2017-December 31, 2019. Finally, Plaintiff objects as this request is vague and overly broad in failing to define "repairs to your property."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

*See* deposition of Mary Ann Winningkoff at 57:19-58:14. Plaintiff had to repair her home after Hurricane Ida in August 2021. Any repairs necessitated by Hurricane Ida have no bearing on this litigation. Plaintiff has not searched for any documents related to repairs that became necessary after Hurricane Ida in August 2021. To the extent any such documents exist, they are being withheld based on the objections.

Date: May 23, 2023

<div style="margin-left:40%">

Respectfully submitted,

    S. Eliza James
Byron M. Forrest (La. Bar No. 35480)
Nicholas V. Cressy (La. Bar No. 35725)
S. Eliza James (La. Bar No. 35182)
FORREST CRESSEY & JAMES, LLC
1222 Annunciation Street
New Orleans, Louisiana 70130
Tele:(504) 605.0777
Fax: (504) 322.3884
Email: byron@fcjlaw.com
nicholas@fcjlaw.com
eliza@fcjlaw.com

    /s/ Eric C. Rowe
C. Allen Foster (Admitted Pro Hac Vice)
Eric C. Rowe (Admitted Pro Hac Vice)
Masten Childers, III (Admitted Pro Hac Vice)
WHITEFORD, TAYLOR & PRESTON, L.L.P.
1800 M Street, NW, Suite 450N
Washington, DC 20036
Tele: (202) 659.6800
Fax: (202) 331.0573

</div>

Email: cafoster@wtplaw.com
erowe@wtplaw.com
mchilders@wtplaw.com

*Counsel for Addison Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served on all counsel of record by e-mail this 23rd day of May, 2023.

/s/ S. Eliza James