| | |
|---|---|
| **From:** | Rowe, Eric <ERowe@whitefordlaw.com> |
| **Sent:** | Wednesday, March 13, 2024 12:14 PM |
| **To:** | Michael Mims |
| **Cc:** | Megan R. Brillault; John H. Paul; Katelyn E. Ciolino; Mike Futrell; Matthew Moghis; Mike DiGiglia; Nick Bergeron; Foster, C. Allen; John Baay; S. Eliza (eliza@fcjlaw.com); Katrina M. Krebs; Childers lll, Masten; Johnson, Harry S.; Jeffcoat, James R.; 'Jason Z. Landry'; Douglas Hammel (douglashammel@gmail.com); Bruce Betzer; Alec Andrade; Brady Hadden; Cherrell Simms Taplin; Mike Cash |
| **Subject:** | RE: JPLF - air sampling data collected by Addison Plaintiffs / NCM |

**[EXTERNAL SENDER: Use caution with links/attachments]**

Dear Michael,

Your email below does not accurately reflect our conversation yesterday.

The issue concerns your requests that the trial plaintiffs produce "consultant or expert reports in your possession or the possession of your counsel relating to emissions . . . you have smelled at your property or elsewhere in Jefferson Parish."  As we indicated in the responses to those requests, reports of testifying experts have already been produced and reports of non-testifying consulting experts are not discoverable under Rule 26(b)(4)(D).  As a result, the only issue is whether we must produce the reports of our consulting expert.  (The underlying data mentioned in your email is not the subject of any outstanding discovery request.).

Rule 26(b)(4)((D is plain in its terms, "Ordinarily, a party may not, by interrogatories or depositions, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial."   You have recognized the application of the rule, and you seek to fall within the exception to the rule, which permits discovery upon "showing exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means."  But you have not to date articulated any facts that show "exceptional circumstances."  Conceding that you have no such facts, you have instead demanded that we provide facts to you so that you can make the argument.  We are aware of no authority that requires us to do that.

Indeed, we are not even required to disclose the identity of the consulting expert absent "exceptional circumstances."  *Cooper v. Revere Life Ins. Co.*, No. CIV. A. 96-2266, 1997 WL 289706, at *1 (E.D. La. May 28, 1997) ("the predominant view among courts addressing the issue is that the showing of "exceptional circumstances" required by Rule 26(b)(4)(B) will be required even in connection with discovery of the identity of such experts"); *Ohio Mgmt., LLC v. James River Ins. Co.*, No. CIVA 06-0280, 2006 WL 1985962, at *2 (E.D. La. July 13, 2006) ("insofar as the aforesaid requests for production seek disclosure of the identities of any consulting and/or non-testifying expert, defendant's objections are SUSTAINED in absence of any showing of *exceptional* circumstances") *Mercury Luggage Mfg. Co. v. Domain Prot. LLC*, No. 3:19-CV-1939-M, 2021 WL 2515753, at *1 (N.D. Tex. June 18, 2021) ("the identity of the broker retained by Domain Protection as a consulting expert is not discoverable").

Unlike the Waste Connections "consulting" expert—SCS Engineers—the work product of the *Addison* consulting expert has not been made public, has not been relied upon by any testifying expert, and has not been argued in this case  or to the public as of proof of any fact.  Unlike SCS, which occupied many roles in the case, including participating in the events of the case and providing in court testimony, the work of the *Addison* consulting expert was limited to assisting the lawyers in the evaluation of the case, including the development of factual and legal

theories of the case.   The "exceptional circumstances" that exist when a party seeks to rely upon the work of its consulting experts as substantive proof in the case or publicly do not exist here.

Nor is this a case where the work of the consulting expert is the only source of information sought.  As demonstrated by our conversation yesterday, in which it was revealed that Waste Connections asserts that the July 2018 NCM Odor report, promised to the Parish, the press and the public, was withheld from discovery in this case on the basis that NCM was a "consulting expert,"  Waste Connections for the past six years has had the power to do air monitoring in the community, and it has in fact done so, using NCM Odor Control, SCS Engineers, and perhaps others.  As a result, there are no exceptional circumstances that require disclosure of the methods, times, dates or locations of any testing done for counsel to evaluate the case.

As we discussed yesterday, if you proceed to file your threatened motion to compel, we will seek our fees and costs.

Eric



Eric C. Rowe | Senior Counsel
1800 M Street, NW, Suite 450N | Washington, DC | 20036
t: 202.659.6787 | f: 202.689.3164
erowe@whitefordlaw.com | www.whitefordlaw.com

Legal Assistant: Jeanne Steer
t: 202.689.3152 | jsteer@whitefordlaw.com

*Note our new URL whitefordlaw.com!*
*Future emails will come from @whitefordlaw.com*

A proud member of two global law firm networks.

 

---

**From:** Michael Mims <mmims@liskow.com>
**Sent:** Tuesday, March 12, 2024 4:25 PM
**To:** Rowe, Eric <ERowe@whitefordlaw.com>; Katrina M. Krebs <kkrebs@bdlaw.com>
**Cc:** Megan R. Brillault <MBrillault@bdlaw.com>; John H. Paul <JPaul@bdlaw.com>; Katelyn E. Ciolino <KCiolino@bdlaw.com>; mfutrell@connicklaw.com; Moghis@connicklaw.com; Mike DiGiglia <mdigiglia@glllaw.com>; Nick Bergeron <nbergeron@glllaw.com>; Foster, C. Allen <CAFoster@whitefordlaw.com>; John Baay <jbaay@glllaw.com>; S. Eliza (eliza@fcjlaw.com) <eliza@fcjlaw.com>; Childers lll, Masten <MChilders@whitefordlaw.com>; Johnson, Harry S. <HJohnson@whitefordlaw.com>; Jeffcoat, James R. <jjeffcoat@whitefordlaw.com>; 'Jason Z. Landry' <jzl@mbfirm.com>; Douglas Hammel (douglashammel@gmail.com) <douglashammel@gmail.com>; Bruce Betzer <bruce@brucebetzer.com>; Alec Andrade <AAndrade@liskow.com>; Brady Hadden <bhadden@liskow.com>; Cherrell Simms Taplin <cstaplin@liskow.com>; Mike Cash <MCash@liskow.com>
**Subject:** JPLF - air sampling data collected by Addison Plaintiffs / NCM

Eric,

Thank you for joining this morning's meet and confer. As we discussed, the Waste Connections Defendants will provide you an update as to our position on the discoverability of the NCM data on or before noon tomorrow. While it remains

our position that such data is privileged work product, we are evaluating Judge Morgan's prior statements that she wants the jury to hear all of the relevant data and that she does not want either side hiding data for which the other side did not have an opportunity to collect parallel data. This rationale is also reflected in many of Judge Morgan's recent discovery rulings, finding that exceptional circumstances exist when the requesting party lacks access to air sampling data unilaterally collected by the opposing party.

Related to that, this morning the Defendants requested that, on or before noon tomorrow, the Plaintiffs provide additional information regarding the air sampling and/or air monitoring that Plaintiffs have conducted. You have disclosed that Plaintiffs have indeed conducted some sort of air sampling, and indicated that Plaintiffs are claiming that any information related to the sampling, including the underlying data, is privileged and not discoverable (a privilege which Plaintiffs bear the burden of establishing). To allow the Defendants to evaluate the privilege being claimed by Plaintiffs and whether a motion to compel is appropriate, this morning we requested that Plaintiffs provide additional information, including:

1. What type of air sampling and/or air monitoring has been conducted by Plaintiffs (or their attorneys, experts, or other representatives);
2. The dates and locations at which any air sampling and/or air monitoring was conducted;
3. Whether any air sampling and/or air monitoring was conducted at any locations which constitute private property (which we originally requested in writing on February 22, 2024, to which Plaintiffs did not respond);
4. Whether any air sampling and/or air monitoring was conducted at the homes of any *Addison* Plaintiffs; and
5. Whether any air sampling and/or air monitoring was conducted at the homes of any of the 13 *Addison* Plaintiffs who will be part of the upcoming August 2024 trial.

On this morning's conference, you indicated that Plaintiffs were refusing to answer any of these questions, or provide any other information to Defendants to allow us to evaluate the privilege being claimed by Plaintiffs, other than your representation that some form of air sampling was conducted by a consulting expert but that it was not "continuous monitoring" and that the data was never provided to anyone other than Plaintiffs' counsel. Your refusal to answer these basic questions, which would not infringe on any alleged privilege, precludes Defendants from evaluating whether exceptional circumstances are present that would warrant disclosure of the information. Your position is also inconsistent with the principles adopted by the Court with regard to the unilateral collection of air sampling data, alluded to above.

We hereby reiterate our request that you provide the requested information on or before noon on March 13, 2024.

Thank you,

**Michael C. Mims**
Shareholder

 [liskow.com]

P: 504.556.4143
mmims@liskow.com
[liskow.com]  [liskow.com]
Hancock Whitney Center | 701 Poydras Street | Suite 5000
New Orleans, Louisiana 70139
**liskow.com**
[liskow.com]

Liskow & Lewis, A Professional Law Corporation. This communication is solely for the person to whom it is addressed. It contains legally privileged and confidential information. If you are not the intended recipient, you may not forward, disclose, copy, print, or save the message or its attachments. If you have received this message in error, please notify me immediately, and please delete this message.

**From:** Michael Mims
**Sent:** Thursday, February 22, 2024 10:45 AM
**To:** Rowe, Eric <ERowe@whitefordlaw.com>; Katrina M. Krebs <kkrebs@bdlaw.com>
**Cc:** Megan R. Brillault <MBrillault@bdlaw.com>; John H. Paul <JPaul@bdlaw.com>; Katelyn E. Ciolino <KCiolino@bdlaw.com>; mfutrell@connicklaw.com; Moghis@connicklaw.com; Mike DiGiglia <mdigiglia@glllaw.com>; Nick Bergeron <nbergeron@glllaw.com>; Foster, C. Allen <CAFoster@whitefordlaw.com>; John Baay <jbaay@glllaw.com>; S. Eliza (eliza@fcjlaw.com) <eliza@fcjlaw.com>; Childers lll, Masten <MChilders@whitefordlaw.com>; Johnson, Harry S. <HJohnson@whitefordlaw.com>; Jeffcoat, James R. <jjeffcoat@whitefordlaw.com>; 'Jason Z. Landry' <jzl@mbfirm.com>; Douglas Hammel (douglashammel@gmail.com) <douglashammel@gmail.com>; Bruce Betzer <bruce@brucebetzer.com>
**Subject:** RE: Addison Plaintiffs' Responses to Requests for Admission

Eric – have the *Addison* Plaintiffs (or their attorneys, experts, or other representatives) taken air samples or conducted air monitoring at any locations which constitute private property?

You have invited us to set out the facts which constitute exceptional circumstances warranting disclosure of consulting expert work product, and in order to do so, we require an answer to the foregoing question, which Plaintiffs have thus far declined to provide despite multiple discovery requests on this topic.

Please provide a response as soon as possible so that we may respond appropriately within the time constraints of the CMO. Thank you,

**Michael C. Mims**
Shareholder

 [liskow.com]

P: 504.556.4143
mmims@liskow.com

 [liskow.com]  [liskow.com]  [linkedin.com]

Hancock Whitney Center | 701 Poydras Street | Suite 5000
New Orleans, Louisiana 70139

**liskow.com**
[liskow.com]

Liskow & Lewis, A Professional Law Corporation. This communication is solely for the person to whom it is addressed. It contains legally privileged and confidential information. If you are not the intended recipient, you may not forward, disclose, copy, print, or save the message or its attachments. If you have received this message in error, please notify me immediately, and please delete this message.

---

**From:** Rowe, Eric <ERowe@whitefordlaw.com>
**Sent:** Saturday, February 17, 2024 7:30 AM
**To:** Katrina M. Krebs <kkrebs@bdlaw.com>
**Cc:** Megan R. Brillault <MBrillault@bdlaw.com>; John H. Paul <JPaul@bdlaw.com>; Katelyn E. Ciolino <KCiolino@bdlaw.com>; Michael Mims <mmims@liskow.com>; mfutrell@connicklaw.com; Moghis@connicklaw.com; John Baay <jbaay@glllaw.com>; Mike DiGiglia <mdigiglia@glllaw.com>; Nick Bergeron <nbergeron@glllaw.com>; Foster, C. Allen <CAFoster@whitefordlaw.com>; S. Eliza (eliza@fcjlaw.com) <eliza@fcjlaw.com>; Childers lll, Masten <MChilders@whitefordlaw.com>; Johnson, Harry S. <HJohnson@whitefordlaw.com>; Jeffcoat, James R. <jjeffcoat@whitefordlaw.com>; 'Jason Z. Landry' <jzl@mbfirm.com>; Douglas Hammel (douglashammel@gmail.com)

<douglashammel@gmail.com>; Bruce Betzer <bruce@brucebetzer.com>
**Subject:** RE: [External Email] Addison Plaintiffs' Responses to Requests for Admission

[EXTERNAL EMAIL]

Katrina,

I am writing in response to your emails dated January 31 and February 12, 2024, to Eliza James regarding air sampling or modeling at locations offsite of the Jefferson Parish Landfill.   Your facts are not correct, and there is no basis for the motion to compel that you have threatened.   We will seek our costs and expenses if you proceed to file it.

First, as to the demand that plaintiffs admit there was no off-site sampling done at all,  off-site sampling was conducted in November 2019 by our testifying expert from Ramboll and was discussed in both the Soler/Sananes and Lape reports produced during the general causation phase.

Second, as to the request for sampling and monitoring done by the *Addison* Plaintiffs' non-testifying consulting expert, that issue was addressed more than four years ago in the Court's order dated October 8, 2019.  That order excluded "information or documents regarding sampling or monitoring conducted by Plaintiffs' non-testifying experts" from the categories of documents the Plaintiffs would be required to produce.  R.Doc. 73.  The October 8, 2019, order made its way into the first case management order, entered on November 5, 2019 (R.Doc. 80), which provides that "Pursuant to the Court's October 8, 2019 order (Dkt. 73), information and documents referenced in this subsection B.6.a do not include sampling or monitoring conducted by Plaintiffs' non-testifying experts."  Contrary to your statement, the case management order plainly did not require production of documents created by the *Addison* consulting expert.

Third, the October 8, 2019, order provided that, "Defendants may request the information and documents by interrogatories and requests for production, subject to Plaintiffs' right to object to the production, and Defendants' right to seek to compel the discovery."   Your client did not request the documents in the remainder of 2019, in 2020, in 2021, in 2022 or in the first four months of 2023.   Even assuming that the order preserved the Waste Connections' right to request the information in formal discovery after the general causation phase, when your client finally made a request to the *Addison* trial plaintiffs, the requests were objected to, as contemplated by the order, and (contrary to your statement) the responses stated that documents were being withheld based on the objections as required by Rule 34.

Fourth, you have not articulated any facts to sustain the burden of obtaining work product under Rules 26(b)(3)(A) and (b)(4)(D), such as substantial need, undue hardship or exceptional circumstances.   And no such circumstances exist.  In the absence of exceptional circumstances, the facts known by and opinions held by consulting experts are not discoverable by way of interrogatories or depositions, and it is not proper to seek to discover such matters by disguising an interrogatory as a request for admission.  (A denial of a request for admission is not itself an admission of the opposite fact and cannot be treated as such; the question of which is true is an interrogatory.).

Fifth, the fact that Plaintiffs sought and obtained orders compelling production of documents relating to SCS from you client does not justify your request.  Please recall that your client sought to assert a consulting expert privilege over SCS documents relating to, *inter alia*, (1) SCS work that was performed in the ordinary course as a business matter, (2) SCS reports that were promised to adversaries and third parties, (3) SCS reports that were made public, (4) SCS conclusions that were explained to members of the press, (4) SCS reports that were relied upon in court filings in this case, (5) and  SCS reports that were freely provided in discovery.   None of that happened for the *Addison* consulting expert.  Unlike the circumstance with SCS, the work of the *Addison* consulting expert was not revealed or relied upon publicly.  It was not produced in discovery and it was not ever argued to the court or to the public as proof of anything.

Finally, regarding the creation of a privilege log, I should not need to remind you of Waste Connections' own position that communications with <u>its</u> "consulting expert" (SCS) are not required to be placed on a privilege log because of the language in the first case management order.

We discussed this issue with the Court at the last status conference. We will neither produce the documents you've demanded nor revise the responses to the requests for admission.

Please feel free to call me if there are any questions.

Sincerely yours,

Eric



Eric C. Rowe | Senior Counsel
1800 M Street, NW, Suite 450N | Washington, DC | 20036
t: 202.659.6787 | f: 202.689.3164
erowe@whitefordlaw.com | www.whitefordlaw.com

Legal Assistant: Jeanne Steer
t: 202.689.3152 | jsteer@whitefordlaw.com

*Note our new URL whitefordlaw.com!*
*Future emails will come from @whitefordlaw.com*

 

---

**From:** Katrina M. Krebs <KKrebs@bdlaw.com>
**Sent:** Monday, February 12, 2024 6:59 PM
**To:** Eliza James <eliza@fcjlaw.com>
**Cc:** Rowe, Eric <ERowe@whitefordlaw.com>; Foster, C. Allen <CAFoster@whitefordlaw.com>; Childers lll, Masten <MChilders@whitefordlaw.com>; Mike Futrell <mfutrell@connicklaw.com>; Matthew Moghis <moghis@connicklaw.com>; John Baay <jbaay@glllaw.com>; Mike DiGiglia <mdigiglia@glllaw.com>; Oppegard, Aaron <AOppegard@whitefordlaw.com>; Cayton, Lesley A. <LCayton@whitefordlaw.com>; Katelyn E. Ciolino <KCiolino@bdlaw.com>; Michael F. Vitris <MVitris@bdlaw.com>; Michael Mims <mmims@liskow.com>; Megan R. Brillault <MBrillault@bdlaw.com>; John H. Paul <JPaul@bdlaw.com>
**Subject:** RE: Addison Plaintiffs' Responses to Requests for Admission

Eliza—

Defendants have not yet received a response from Plaintiffs regarding whether Plaintiffs are withholding the results of air sampling or monitoring conducted at locations offsite of the Jefferson Parish Landfill during the relevant time period. Based on Plaintiffs' January 22 responses to an RFP, Plaintiffs' January 29 response to Defendants' RFAs, and statements made during the last status conference, it appears that Plaintiffs are withholding such results, though we have not received a direct answer. As stated in my January 31 email, such air sampling or monitoring is responsive to multiple discovery requests, has not been produced, and has not been identified on the trial Plaintiffs' privilege log.

Please produce any such air sampling or monitoring or revise Plaintiffs' responses to the RFAs to admit the statements. If needed, we are available this week to meet and confer on this issue, as well as the production of Ms. Gremillions' Nextdoor content. Defendants reserve the right to move to compel the production of any air monitoring or sampling results that Plaintiffs have withheld.

Thanks,
Katrina

**Katrina M. Krebs**
Associate

**BEVERIDGE & DIAMOND PC**
O +1.212.702.5472 ~ M +1.518.860.4216 ~ KKrebs@bdlaw.com

---

**From:** Eliza James <eliza@fcjlaw.com>
**Sent:** Wednesday, January 31, 2024 8:50 PM
**To:** Katrina M. Krebs <KKrebs@bdlaw.com>
**Cc:** Rowe, Eric <ERowe@whitefordlaw.com>; Foster, C. Allen <CAFoster@whitefordlaw.com>; Childers lll, Masten <MChilders@whitefordlaw.com>; Mike Futrell <mfutrell@connicklaw.com>; Matthew Moghis <moghis@connicklaw.com>; John Baay <jbaay@glllaw.com>; Mike DiGiglia <mdigiglia@glllaw.com>; Oppegard, Aaron <AOppegard@whitefordlaw.com>; Cayton, Lesley A. <LCayton@whitefordlaw.com>; Katelyn E. Ciolino <KCiolino@bdlaw.com>; Michael F. Vitris <MVitris@bdlaw.com>; Michael Mims <mmims@liskow.com>; Megan R. Brillault <MBrillault@bdlaw.com>; John H. Paul <JPaul@bdlaw.com>
**Subject:** Re: Addison Plaintiffs' Responses to Requests for Admission

**[EXTERNAL SENDER: Use caution with links/attachments]**

---

Katrina-

With regards to Mr. Meyers' lease- that is the only lease he was able to find with reasonable inquiry. While he moved in well before the lease date neither he, nor Ms. Brooks (essentially a person acting on his behalf), can locate copies of leases pertaining to other years of tenancy, however they know they were given them at some point. We do not dispute that lease agreements for the other years exist. If they are able to find copies of other leases we will of course supplement our production.

Additionally, I'd like to point out that we provided a copy of Mr. Meyers' driver's license which verifies his address as being at Sawmill Road apartment during the relevant time period.

-Eliza

S. Eliza James
Forrest Cressy and James, LLC
1222 Annunciation Street
New Orleans, Louisiana 70130
P. (504) 605-0777
F. (504) 322-8224

---

**From:** Katrina M. Krebs <KKrebs@bdlaw.com>
**Sent:** Wednesday, January 31, 2024 7:18:03 PM
**To:** Eliza James <eliza@fcjlaw.com>
**Cc:** Rowe, Eric <ERowe@whitefordlaw.com>; Foster, C. Allen <CAFoster@whitefordlaw.com>; Childers lll, Masten <MChilders@whitefordlaw.com>; Mike Futrell <mfutrell@connicklaw.com>; Matthew Moghis <moghis@connicklaw.com>; John Baay <jbaay@glllaw.com>; Mike DiGiglia <mdigiglia@glllaw.com>; Oppegard, Aaron <AOppegard@whitefordlaw.com>; Cayton, Lesley A. <LCayton@whitefordlaw.com>; Katelyn E. Ciolino <KCiolino@bdlaw.com>; Michael F. Vitris <MVitris@bdlaw.com>; Michael Mims <mmims@liskow.com>; Megan R.

Brillault <MBrillault@bdlaw.com>; John H. Paul <JPaul@bdlaw.com>
**Subject:** RE: Addison Plaintiffs' Responses to Requests for Admission

Eliza—

The trial Plaintiffs' responses to the RFAs denied that neither they nor their attorneys have conducted air sampling or monitoring at locations offsite of the Jefferson Parish Landfill during the relevant time period. We understand this to mean that air sampling or monitoring may have been performed by the trial Plaintiffs or their attorneys on their behalf.

We are not aware of any such air sampling or monitoring being produced, even though it is responsive to:
- requests to the trial Plaintiffs seeking all documents "relating to the alleged impact on you or your property of emissions . . . that you assert originated from the Jefferson Parish Landfill" or another source;
- requests seeking any "consultant or expert reports in your possession or the possession of your counsel relating to emissions . . . you have smelled at your property or elsewhere in Jefferson Parish"; and/or
- the Court's requirement that Plaintiffs produce "all non-privileged, data, reports, and documents concerning all sampling or monitoring" at "any location in Jefferson Parish other than the Jefferson Parish Landfill," R. Doc. 80, First Case Management Order at 5-6.

Nor was any such air sampling or monitoring identified on the trial Plaintiffs' privilege log.

Further, Mr. Meyers denied that the apartment lease attached to the RFAs was the only lease agreement in his possession relating to his residence at 2100 Sawmill Road, Apt. 12-101, River Ridge. However, Mr. Meyers produced no additional leases despite their responsiveness.

Please produce any air sampling or monitoring and the additional leases for Mr. Meyers, or revise Plaintiffs' responses to the RFAs to admit the statements, by this Friday, February 2.

Regards,
Katrina

**Katrina M. Krebs**
Associate

**BEVERIDGE & DIAMOND PC**
O +1.212.702.5472 ~ M +1.518.860.4216 ~ KKrebs@bdlaw.com

---

**From:** Eliza James <eliza@fcjlaw.com>
**Sent:** Monday, January 29, 2024 5:47 PM
**To:** Michael Mims <mmims@liskow.com>; Megan R. Brillault <MBrillault@bdlaw.com>; John H. Paul <JPaul@bdlaw.com>; Katrina M. Krebs <KKrebs@bdlaw.com>
**Cc:** Rowe, Eric <ERowe@whitefordlaw.com>; Foster, C. Allen <CAFoster@whitefordlaw.com>; Childers lll, Masten <MChilders@whitefordlaw.com>; Mike Futrell <mfutrell@connicklaw.com>; Matthew Moghis <moghis@connicklaw.com>; John Baay <jbaay@glllaw.com>; Mike DiGiglia <mdigiglia@glllaw.com>; Oppegard, Aaron <AOppegard@whitefordlaw.com>; Cayton, Lesley A. <LCayton@whitefordlaw.com>
**Subject:** Addison Plaintiffs' Responses to Requests for Admission

**[EXTERNAL SENDER: Use caution with links/attachments]**

Michael-

Please see secure link below to access Plaintiffs' responses to the Waste Connection Defendants' Request for Admissions.

2024.01.29. Omnibus Plaintiff Resp_RFAs_Produced

Password: X8ZaUZFxFj
https://fcjlaw.egnyte.com/fl/kh64Yq81wS [fcjlaw.egnyte.com]

Regards,
Eliza

S. Eliza James
Partner

1222 Annunciation Street
New Orleans, LA 70130
T. 504 .605. 0777
F. 504. 322. 3884
eliza@fcjlaw.com
www. fcjlaw.com [fcjlaw.com]




[facebook.com]

This transmission contains information from the law firm of Whiteford, Taylor & Preston LLP which may be confidential and/or privileged. The information is intended to be for the exclusive use of the planned recipient. If you are not the intended recipient, be advised that any disclosure, copying, distribution or other use of this information is strictly prohibited. If you have received this transmission in error, please notify the sender immediately.