UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FREDERICK ADDISON ET AL.,**<br>        Plaintiffs,<br><br>v.<br><br>**LOUISIANA REGIONAL LANDFILL COMPANY, ET AL.,**<br>        Defendants.<br><br>*Applies to: Both Cases* | No. 19-11133, c/w 19-14512<br><br>SECTION: "E" (5)<br><br>Judge: Morgan<br>MAGISTRATE JUDGE: North |

**DECLARATION OF BARRY S. NEUMAN**

1. My name is Barry S. Neuman. I am over the age of 18 and suffer from no mental or physical infirmities that would prevent me from providing truthful information set forth in this Declaration. I have personal knowledge of the matters set forth herein.

2. Prior to my retirement on June 30, 2020, I was an attorney licensed to practice law in the District of Columbia, the State of Maryland and the State of New York. I was partner in the firm of Whiteford, Taylor & Preston, LLC, and worked out of its office in the District of Columbia. Until my retirement, I was lead counsel for the *Addison* Plaintiffs in this case. Since my retirement, I have continued in a consulting role to assist the attorneys in this case.

3. When we undertook the representation of the *Addison* Plaintiffs, although I had considerable experience in environmental matters, I needed an expert to advise me on specific issues relating to the prosecution of this case. As a result, in 2018, in conjunction with our representation of the *Addison* Plaintiffs, I engaged the services of a consulting expert.

1

4. All the work performed by the consulting expert was used exclusively to assist me in understanding the issues in the case, developing the theories and lines of evidence necessary to prosecute the case, and giving me confidential feedback as the case developed.

5. As we progressed with the case, and as we entered the general causation phase, we engaged the services of Ramboll (Nestor Soler, Jose Sananes and Jaana Pietair), Integral Consulting, Inc. (Jim Lape) and Susan Schiffman to serve as testifying experts. We did not share the work product of our consulting expert with any of them; our consulting expert never communicated with any of our testifying experts; and none of the testifying experts in this case relied upon the work of the consulting expert as a basis for their opinions.

6. The consulting expert's work on this matter ended in or about June 2020.

7. As is relevant to Waste Connections' motion to compel "air sampling data," our consultant did take some air samples during the course of one day. In total, there were four air samples taken, all of which were taken at or in close proximity to the perimeter of the Jefferson Parish Landfill. None of the samples was tested for hydrogen sulfide.

I declare under penalty of perjury that the foregoing is true and correct.

_[signature]_

Barry S. Neuman

Executed on: March 25, 2024