**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **FREDERICK ADDISON, ET AL.,**<br>        **Plaintiffs** | **CIVIL ACTION** |
| | **NO. 19-11133, c/w 19-14512** |
| **VERSUS** | **SECTION: "E" (5)** |
| **LOUISIANA REGIONAL LANDFILL**<br>**COMPANY, ET AL.,**<br>        **Defendants** | |
| | **JUDGE: Morgan**<br>**MAGISTRATE JUDGE: North** |
| *Applies to: All Cases* | |

*EX PARTE* **MOTION TO WITHDRAW "MOTION TO COMPEL**
**PRODUCTION OF PLAINTIFFS' AIR SAMPLING DATA" AND INCORPORATED**
**MEMORANDUM IN OPPOSITION TO PLAINTIFFS' REQUEST FOR COSTS**

Defendants, Louisiana Regional Landfill Company, Waste Connections Bayou, Inc., and

Waste Connections US, Inc. ("Defendants") respectfully submit this motion and withdraw their

Motion to Compel Production of Plaintiffs' Air Sampling Data ("Motion to Compel") (ECF Doc.

#507) – because Plaintiffs have (belatedly) provided the disclosures sought by the Motion to

Compel. Plaintiffs repeatedly refused to produce basic non-privileged information about air

sampling they performed, even when told that information could avoid motion practice. Plaintiffs

have now identified the scope and locations of their sampling, but only in response to the pending

Motion to Compel. Additionally, Defendants respectfully pray that the Court deny Plaintiffs'

request for costs and attorneys' fees.[1]

The discovery "dispute" giving rise to the Motion to Compel was a dispute of the Plaintiffs'

own making, and they should not be rewarded for wasting the Court's time by forcing Defendants

---

1 See Plaintiffs' Opposition to Motion to Compel Production of Plaintiffs' Air Sampling Data (ECF Doc. 511)
("Plaintiffs' Opposition").

to file an unnecessary Motion to Compel. Undersigned counsel repeatedly asked Plaintiffs'
counsel, both orally and in writing, whether Plaintiffs collected air samples at the homes of the
Plaintiffs or from Plaintiffs' neighborhoods, and Plaintiffs' counsel refused to answer. Now, in
response to the Motion to Compel, Plaintiffs finally concede that they did not collect air samples
from at or near Plaintiffs' homes. Rather, they only conducted limited sampling at the perimeter
of the Jefferson Parish Landfill ("Landfill"), and they did not test these samples for the presence
of hydrogen sulfide ("H$_2$S"). When making these representations to the Court, Plaintiffs did not
attempt to file the information under seal or request *in camera* review—because these basic facts
are not privileged. If Plaintiffs had provided these basic non-privileged facts to Defendants –
during one of the several times when Plaintiffs were explicitly asked to confirm or deny those facts
– Defendants would not have filed the Motion to Compel. Defendants now move to withdraw the
Motion to Compel to avoid wasting the Court's time.

Instead of answering in good faith, Plaintiffs provided deficient and evasive responses to
Defendants' Requests for Production and Requests for Admissions, and refused to provide basic
non-privileged information about their air sampling data. Plaintiffs created the impression that they
indeed did collect air samples from the Plaintiffs' homes or neighborhoods, in which case
exceptional circumstances would clearly warrant disclosure of the data, consistent with this
Court's previous decisions. Only after Defendants moved to compel did Plaintiffs disclose the
minimal information that would have avoided the motion in the first place.

There is no basis to award costs and attorneys' fees to Plaintiffs under these circumstances.

1. **Defendants are making a good faith withdrawal of the Motion to Compel, which they
were justified in filing.**

Defendants are withdrawing their Motion to Compel because Plaintiffs have, for the first
time, finally admitted what Defendants have for nearly two months asked them to admit (both in

formal Requests for Admission and in informal discovery conferences)—they never collected air samples at or near the Plaintiffs' homes. Further, they have now disclosed that their consulting expert only conducted limited sampling from the perimeter of the Landfill and did not test these samples for the presence of $H_2S$ – the primary chemical at issue in this case.

 As part of the discovery requests and subsequent meet and confers, Defendants made multiple explicit requests orally and in writing for this data. Defendants even disclosed to Plaintiffs their intent of filing a motion to compel production of this data during the meet and confer process. Yet Plaintiffs waited until after Defendants filed a Motion to Compel before disclosing this basic, non-privileged information, and have failed to offer any justification for their delay. In fact, if Plaintiffs had disclosed this information earlier, then Defendants would not have filed the Motion to Compel.

Based on the information presently known, Defendants agree that they have no substantial need for the four air samples apparently taken from the perimeter of the Landfill and which were apparently never tested for $H_2S$. But Plaintiffs never previously disclosed or suggested that their consultants' air samples were so innocuous—to the contrary, as set forth below, Defendants were justified in their belief that Plaintiffs had collected $H_2S$ air samples from highly relevant locations, potentially including the homes of the Plaintiffs, making the Motion to Compel necessary.

## 2. Plaintiffs' failure to comply with Rule 36 necessitated the Motion to Compel.

Plaintiffs' own actions made the Motion to Compel necessary, including their failure to comply with Rule 36 when responding to Defendants' December 29, 2023 Requests for Admission ("RFAs").[2] Rule 36, like other discovery rules, requires that the parties act in good faith when propounding and responding to discovery. Defendants' RFAs asked Plaintiffs to admit that they

---

2 ECF Docs. 507-7, 507-8.

never collected air samples either "offsite of the Jefferson Parish Landfill" (RFA #1), or "at any place where You have resided" (RFA #2). While Plaintiffs assert they can "deny as written" these requests,[3] Rule 36 provides to the contrary:

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest.

Fed. R. Civ. P. 36(a)(4). *See also Gentry v. TJX Companies Inc*., No. CV 23-5020, 2024 WL 474713, at *3 (E.D. La. Feb. 7, 2024) ("The denial of a request for admission 'as written' without further explanation is evasive and non-compliant with Rule 36."); *XL Specialty Ins. Co. v. Bollinger Shipyards, Inc.*, No. 12-2071, 2014 WL 295053, at *4 (E.D. La. Jan. 27, 2014) ("If the appropriate response to No. 20 is 'admitted, except as to the capitalized 'At,'' Bollinger must clearly say so without the evasiveness of the 'denied as written' response. It must provide a response that complies with Rule 36(a)(4).").

Plaintiffs' responses to Defendants' RFAs were exactly the evasive and impermissible responses disfavored by the courts, *i.e.* "denied as written." Defendants' RFAs asked Plaintiffs to admit that they never collected air samples at two categories of locations: "offsite of the Jefferson Parish Landfill" (RFA #1), and "at any place where You have resided" (RFA #2). Plaintiffs' responses to those RFAs were (originally) "denied as written." Plaintiffs now claim in their response to the Motion to Compel that RFA #2 was ambiguous, as "place where You have resided" could have referred to the entire Parish of Jefferson. Even if this strained interpretation were credible (it is not),[4] Rule 36 did not allow Plaintiffs to simply deny RFA #2 "as written" and leave

---

[3] Plaintiffs' Opposition, pp. 3-4.

[4] Plaintiffs themselves have used the same or similar phrase numerous times to refer to specific properties, not the entire Parish of Jefferson. In their Opposition, Plaintiffs themselves describe their air sampling as having occurred "not near any of the Plaintiffs' residences." Plaintiffs' Opposition, p. 2. In their Complaint, Plaintiffs use the phrases

the Defendants guessing. If Plaintiffs were not comfortable admitting RFA #2 because of their tortured definition of "place where You have resided" as the entire Parish of Jefferson, then Rule 36 required them to respond along the lines of: "Denied as to any place where Plaintiff has resided; admitted as to Plaintiff's home." Instead, Plaintiffs were intentionally evasive and left Defendants guessing as to the basis for Plaintiffs' denials, even after a meet and confer and multiple email communications on the issue.

Plaintiffs' obfuscation, in violation of Rule 36, defeats any arguments that Defendants were improperly inferring from Plaintiffs' RFA responses. Rather, in the face of ambiguous RFA denials, the Defendants asked to confer in hopes of avoiding the need to file the Motion to Compel. Plaintiffs also cannot credibly claim ignorance as to what information the Defendants were seeking, considering the multiple written and oral communications between the parties on this issue (discussed further below). Defendants made good faith attempts to resolve this discovery dispute, but were met with only evasiveness by Plaintiffs, including their RFA responses which failed to comply with Rule 36 (even after Defendants specifically requested that they amend the RFA responses to clear up the confusion).[5]

### 3. Plaintiffs' failure to engage in good faith discovery conferences necessitated the Motion to Compel.

After Plaintiffs violated Rule 36 by providing improper "denied as written" RFA responses and refusing to amend them, they compounded the problem by refusing to provide additional

---

"reside at" or "residing at," in reference to a specific address, more than 400 times. ECF Doc. #431. The Plaintiff Fact Sheet, which was negotiated by the parties and approved by the Court, asks the question: "Have you been exposed to JP Landfill Emissions at locations other than a place you resided?" None of the more than 500 Plaintiffs who completed a Plaintiff Fact Sheet raised any complaints of ambiguity as to the phrase "place you resided," and in fact, the Plaintiffs' responses indicate that they understood it to be synonymous with their home, not the entire Parish of Jefferson. *See, e.g.,* Exhibit B, PFS Response of B.G., stating that, in addition to experiencing odors at "a place he resided" (i.e., his home), he experienced them "in River Ridge and anytime outside in the area."

5 ECF Doc. 507-9, p. 8.

context to obviate the need for a Motion to Compel despite multiple specific requests by Defendants, both orally at a videoconference, and multiple times in writing, including:

- On January 31, 2024, two days after receiving Plaintiffs' responses to the Request for Admissions, Defendants wrote to Plaintiffs that their responses indicated that air sampling may have been performed and demanded that Plaintiffs "produce any air sampling or monitoring . . . or revise Plaintiffs' responses to the RFAs to admit the statements."[6] Plaintiffs ignored Defendants' request and only later responded after Defendants' repeated outreach on the issue.

- On February 22, 2024, after Plaintiffs refused to amend their Request for Admission responses,[7] Defendants wrote to Plaintiffs and asked: "have the *Addison* Plaintiffs (or their attorneys, experts, or other representatives) taken air samples or conducted air monitoring at any locations which constitute private property?"[8] Plaintiffs never responded.

- On March 12, 2024, the parties held a meet and confer by videoconference, and Defendants specifically asked whether any air sampling and/or air monitoring was conducted at the homes of any *Addison* Plaintiffs.[9] Plaintiffs' counsel refused to answer the question, instead responding "we don't have to tell you anything about this data."

- On March 12, 2024, Defendants followed up in writing and asked, among other questions, whether any air sampling and/or air monitoring was conducted at the homes of any *Addison* Plaintiffs.[10] Plaintiffs responded the next day, and confirmed in writing that they were refusing to answer the question.[11] On March 19, 2024, Defendants filed the Motion to Compel.

- On March 25, 2024, Plaintiffs filed their opposition to the Motion to Compel, and freely admitted that no air sampling and/or air monitoring was conducted at the homes of any *Addison* Plaintiffs. Such basic information is clearly not privileged, as evidenced by Plaintiffs' failure to request that the information be filed under seal or submitted for *in camera* review.

---

6 ECF Doc.507-9, p.8.

7 ECF Doc. 507-9, pp. 4-5.

8 ECF Doc. 507-9, p. 4.

9 ECF Doc. 507-9, pp. 2-3.

10 ECF Doc. 507-9, pp. 2-3.

11 ECF Doc. 507-9, pp. 1-2.

Defendants should not have been required to file a Motion to Compel in order to elicit this basic information from Plaintiffs, and their refusal to provide the information evidences a lack of good faith in conferring with Defendants on these issues. *See Martinolich v. New Orleans Hearst Television, Inc*., No. CV 15-5376, 2017 WL 5125765, at *2 (E.D. La. Oct. 19, 2017) (finding a lack of good faith when a Rule 37 conference would have made a motion to compel unnecessary); *Hoelzel v. First Select Corp*., 214 F.R.D. 634, 635 (D. Colo. 2003) ("When the court must resolve a dispute that the parties themselves could have resolved, it must needlessly expend resources that it could better utilize elsewhere . . . Without meaningful negotiations by the parties, the courts would be flooded with discovery motions.") (quoting *Pulsecard, Inc. v. Discover Card Servs., Inc*., 168 F.R.D. 295 (D. Kan. 1996)).

### 4. Defendants were justified in believing that air samples were collected from Plaintiffs' homes.

Given Plaintiffs' failure to elaborate on their Request for Admission denials as required by Rule 36 and their refusal to simply confirm that they never collected air samples from Plaintiffs' homes, the Defendants were justified in their belief that air samples were in fact collected from Plaintiffs' homes. In fact, the only time Plaintiffs have been willing to provide clarity on this issue was when they were forced to respond to Defendants' Motion to Compel—proving that the Motion to Compel was not frivolous but indeed necessary to compel Plaintiffs to provide the requested information.

Plaintiffs falsely claim that Defendants should have known that air samples were not collected at or near Plaintiffs' homes based on the Plaintiff Fact Sheet ("PFS") responses. Plaintiffs' own representation that they never shared the air sampling data with their clients contradicts this argument. This argument also rings hollow given that all or nearly all of the Plaintiffs who have been deposed have sought to make significant changes to their PFS responses

or disavowed their PFS responses,[12] claiming they were confused when completing the PFS, or denying that they provided PFS responses. For example, at the April 10, 2023 deposition of Frederick Addison, when the witness was presented with his PFS responses, he denied any knowledge of the document or the facts contained therein.[13] He admitted that the signature appeared to be his, but denied any memory of signing the document or providing the information contained in the PFS responses, and his counsel made no attempt to clarify the record as to the source of the information contained in the PFS responses.

Given that Plaintiffs have taken great strides to disavow or change their PFS responses, it was entirely reasonable for Defendants not to assume that the PFS responses related to air sampling data were accurate. For similar reasons, Defendants lacked any assurances that the Plaintiffs gave accurate deposition testimony when they denied that air samples were taken at their property. Defendants' belief that air samples were perhaps collected at Plaintiffs' homes was particularly reasonable in light of Plaintiffs' denial of RFA #2 and their refusal to clarify the basis for the denial. In the face of this stonewalling, Defendants were left with only one choice to achieve clarity on this question – file the Motion to Compel, which plainly was not frivolous as it resulted in Plaintiffs finally conceding that they never collected air samples from Plaintiffs' homes or neighborhoods.

**5.  Plaintiffs should not be rewarded for forcing Defendants to file the Motion to Compel.**

Incredibly, Plaintiffs ask the Court to award *them* costs and attorneys' fees, disregarding the fact that the Motion to Compel would have been unnecessary if Plaintiffs had simply conferred

---

12 For example, testifying in their 2023 depositions that the injuries they suffered precisely match the list of injuries for which the Court found General Causation (headaches, nausea, etc.), and disavowing their 2020 PFS responses in which they claimed only injuries for which the Court rejected General Causation (asthma, COPD, etc).

13 Exhibit A, excerpts from deposition of Frederick Addison, pp. 12-13, 160-163.

with Defendants in good faith. Rule 37 provides that when a party is withholding information, that party shall be ordered to pay costs either if a motion to compel is granted, or as relevant here, "if the disclosure or requested discovery is provided after the motion was filed." Fed. R. Civ. P. 37(a)(5)(A). Here, after Plaintiffs refused to disclose whether they collected air samples from the Plaintiffs' homes,[14] Defendants were forced to file the Motion to Compel—and *only then* did Plaintiffs make the requested disclosure by finally confirming that, no, they never did collect air samples at or near the Plaintiffs' homes. Plaintiffs are the ones who withheld information, only to finally turn it over after forcing Defendants to file a Motion to Compel—the scenario in which Rule 37 contemplates an award of costs to the *filing* party.

Rule 37 allows for an award of costs to the withholding party when a motion to compel is denied[15] – but not when the motion "was substantially justified or other circumstances make an award of expenses unjust." Here, the Motion to Compel was certainly justified. When a motion to compel is denied as moot because the withholding party finally turns over the information, that is the classic example of when the *withholding* party owes costs, not the party who files the motion to compel. *See* Fed. R. Civ. P. 37(a)(5)(A).

## <u>CONCLUSION</u>

For the reasons set forth above, Defendants respectfully pray that the Court grant this motion to withdraw their Motion to Compel, and deny Plaintiffs' request for costs and attorneys' fees.

---

14 Defendants were entitled to ask for these details under Fed. R. Civ. P. 26 (b)(5)(A)(ii), which requires the withholding party to provide sufficient information for the requesting party to evaluate the claim of privilege. Plaintiffs still have not provided details such as the specific locations sampled, the chemicals sampled for, and the specific date and time of the samples. Nevertheless, based on the information presently known, Defendants agree that they have no substantial need for air samples taken from the perimeter of the Landfill which were never tested for $H_2S$.

15 Defendants' proposed order attached hereto suggests that the Motion to Compel be denied as moot.

Respectfully submitted,

LISKOW & LEWIS, APLC

   */s/ Michael C. Mims*
Michael C. Mims (#33991)
Michael Cash (#31655)
Cherrell Simms Taplin (#28227)
Brady M. Hadden (#37708)
J. Hunter Curtis (#39150)
Alex Andrade (#38659)
701 Poydras Street, Suite 5000
New Orleans, LA 70139
Telephone:  (504) 581-7979
Telefax: (504) 556-4108

BEVERIDGE & DIAMOND, P.C.

Megan R. Brillault (*pro hac vice*)
Michael G. Murphy (*pro hac vice*)
John H. Paul (*pro hac vice*)
Katelyn E. Ciolino (*pro hac vice*)
Katrina M. Krebs (*pro hac vice*)
825 Third Avenue, 16th Floor
New York, NY 10022
(212) 702-5400

James B. Slaughter (*pro hac vice*)
1900 N Street, NW, Suite 100
Washington, DC 20036
(202) 789-6000

Michael F. Vitris (*pro hac vice*)
400 W. 15th Street, Suite 1410
Austin, TX 78701
(512) 391-8035

*Counsel for Defendants Louisiana Regional
Landfill Company, Waste Connections
Bayou, Inc., and Waste Connections US, Inc.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on <u>March 26, 2024</u>, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel of record registered to receive electronic service by operation of the court's electronic filing system.

<u>/s/ *Michael C. Mims*        </u>
Michael C. Mims
