UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ELIAS JORGE "GEORGE" ICTECH-BENDECK,**  Plaintiff | CIVIL ACTION  NO. 18-7889 c/w 18-8071, 18-8218, 18-9312 |
| VERSUS | |
| **WASTE CONNECTIONS BAYOU, INC., ET AL.,**  Defendants | SECTION: "E" (5) |
| *Related Case:* | |
| **FREDERICK ADDISON, ET AL.,**  Plaintiffs | CIVIL ACTION  NO. 19-11133, c/w 19-14512 |
| VERSUS | SECTION: "E" (5) |
| **LOUISIANA REGIONAL LANDFILL COMPANY, ET AL.,**  Defendants | JUDGE: Morgan  MAGISTRATE JUDGE: North |
| *Applies to: Both Cases* | |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR AMENDED MOTION FOR A RULE TO SHOW CAUSE AS TO WHY RICKIE FALGOUST SHOULD NOT BE HELD IN CONTEMPT OF DEPOSITION SUBPOENA, ORDER TO APPEAR FOR DEPOSITION, AND REQUEST FOR ATTORNEYS' FEES**

**MAY IT PLEASE THE COURT:**

Plaintiffs, through undersigned counsel, submit this memorandum in support of their Motion for Rule to Show Cause as to Why Rickie Falgoust Should Not be Held in Contempt of Deposition Subpoena, Order to Appear for Deposition, and Request for Award of Attorneys' Fees and Costs.

**I.      RELEVANT FACTUAL AND PROCEDURAL HISTORY**

1

This case involves odors and emissions emitted by the Jefferson Parish Landfill (hereinafter "JPLF") between July 2017 and December 2019 (hereinafter referred to as the "relevant time period"). After a trial on General Causation, this Court issued its Findings of Fact and Conclusion of Law on November 29, 2021, wherein the Court found by a preponderance of evidence that odors and gases emitted by the Jefferson Parish landfill during the relevant time period were capable of causing certain enumerated damages among the general population.[1] Since that time, the parties have engaged in fact discovery relating to claims made by thirteen *Addison* trial plaintiffs under the deadlines established by various case management orders ("CMO(s)"). The thirteenth, and most current, CMO establishes a trial date in August 2024.[2]

On October 24, 2023, a subpoena to appear for a deposition was issued to Mr. Rickie Falgoust. The subpoena was served on Mr. Falgoust on October 29, 2023.[3] Mr. Falgoust is a former Waste Connection employee who served as the on-site Jefferson Parish landfill manager during much of the relevant time period. Falgoust testimony is critical in many capacities. As the landfill manager he was the "boots on the ground" at the JPLF for Waste Connections. He has knowledge of the conditions of the landfill prior to, and during most of the relevant time period. Specifically, he is included on critical correspondence with JPLF and Waste Connection employees regarding the acceptance of spent lime into the Landfill, solidification of waste with the spent lime, permit modifications to account for the vastly increased emissions of H2S as a result of the spent lime, and resulting odor complaints. Mr. Falgoust is no longer employed by Waste Connections and is not represented by Waste Connections' counsel in this litigation.[4]

---

[1] Rec. Doc. 323.
[2] Rec. Doc. 429.
[3] See Ex. 1- Subpoena and return of service.
[4] *See* Ex 2- Falgoust Dep. 5:7-14, Nov. 13, 2023.

The deposition subpoena commanded Falgoust appear on November 13, 2023 at 9:00 A.M. at the New Orleans office of Forrest Cressy and James, LLC- a location within 100 miles of the deponent's residence. Falgoust was personally served with the subpoena on October 29, 2023.[5] On November 4, 2023, undersigned counsel spoke to Falgoust by phone regarding his appearance.[6] Falgoust stated unequivocally that he "did not attend to appear for anything," that "he did not intend participate in this case in any way".[7] Falgoust further stated that he understood he could face penalties for his non-appearance including being held in contempt.[8]  However, Mr. Falgoust served no written objections and did not file a motion for protective order. On November 13, 2023 the deposition was convened and Falgoust failed to appear, as promised. A non-appearance was entered on the record.

Plaintiffs have deposed other employees of Waste Connections who appeared to have management responsibility for the Landfill but none of them appear to have the knowledge that Mr. Falgoust had and has.  On October 13, 2023, prior to issuing the subpoena, Plaintiffs deposed Ms. Dawn Thibodaux, who had been the Office Manager at the Landfill for the entire time period involved in this litigation.  Ms. Thibodaux, who is still employed by Waste Connections, suffered from a remarkable lack of memory regarding events at the Landfill during the relevant time period. Ms. Thibodaux testified that she corresponded with Rickey Falgoust "about everything, everyday just about".[9]  Yet her memory of events was almost totally lacking, saying  "I can't remember" (45 times), "I don't remember" (25 times), "I can't recall" ("68 times"), "I don't recall"  (5 times), "I can't say" (43 times") and "I'm not sure" (68 times).  After Mr. Falgoust refused to appear,

---

[5] *See* Exhibit 1.
[6] *See* Ex. 2- Falgoust Dep. 4:22-25- 5:1-3, Nov. 13, 2023.
[7] *Id.*
[8] *Id.*
[9] *See* Ex. 3- Thibodaux Dep. 139:22-23. Oct. 13 2023.

3

Plaintiffs deposed Mr. Clay Richardson, whose title was District Manager and whose name and title appeared in much of the correspondence. But he disclaimed any management role over the landfill operations.[10]

Plaintiffs now move for an Order of Contempt be issued for Mr. Falgoust based on his non-compliance with the subpoena served on October 29, 2023 as well as and Order directing that he appear for his deposition, and for costs and attorneys' fees incurred due to his failure to comply with the previous deposition subpoena and in connection with this instant motion.

## II. LAW AND ARGUMENT

### a. Mr. Falgoust failed to comply with the subpoena and cannot establish an adequate excuse under Rule 45(e).

Fed.R.Civ.P. 45 governs subpoenas to appear for deposition for parties and non-parties. "Where a non-party has been properly served with a subpoena for a deposition, the non-party is required to either object to the subpoena or attend. If the non-party does neither, the non-party may be held in contempt." *Tranchant v. Env't Monitoring Serv., Inc.,* No. 00-2196, 2001 WL 1160864, at *1 (E.D. La. Oct. 2, 2001). Fed.R.Civ.P. 45(e) provides a narrow exception to this rule upon a showing of "adequate excuse" by the deponent.

Mr. Falgoust was personally served with the subpoena to appear at the November 13, 2023 deposition on October 29, 2023.[11] Falgoust did not file an objection to the subpoena or move for a protective order. Prior to the deposition, Falgoust made his intent to not appear or "participate in this case in anyway" known to undersigned counsel.[12] It is axiomatic that the willful disregard of a court order is not an adequate excuse for non-compliance.

### b. Mr. Falgoust should be held in contempt for failing to comply with the subpoena.

---

[10] *See* Ex. 4- Richardson Dep. at 20:17-21:2.
[11] *See* Ex. 1- Subpoena and return of service.
[12] *See* Ex. 2 - Falgoust Dep. 4:22-25- 5:1-3, Nov. 13, 2023.

"The ability to punish disobedience to judicial orders is regarded as essential to ensuring that the Judiciary has a means to vindicate its own authority without complete dependence on the other Branches." *Young v. U.S. ex rel. Vuitton et Fils S.A.*, 481 U.S. 787, 796 (1987). Civil contempt "consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply." *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006). "The party seeking a civil contempt order must show by clear and convincing evidence that the alleged contemnor violated a specific and definite order of the court." *United States v. Ayres*, 166 F.3d 991, 994 (9th Cir. 1999). Moreover, a contempt order is proper without a prior order seeking to enforce compliance. *See U.S. S.E.C. v. Hyatt*, C.A.7 (Ill.) 2010, 621 F.3d 687. ("A court is not required to order compliance first before imposing the sanction of contempt for failure to obey a subpoena without adequate excuse…). Nevertheless, the Court should order Mr. Falgoust to appear for his deposition. *See Waste Mgmt. of Louisiana, LLC v. River Birch, Inc.*, No. CV 11-2405, 2017 WL 3263234, at *2 (E.D. La. June 22, 2017) ("Given that White has been properly served subpoena and that she has relevant testimony, the Court grants the motion.").

In addition to issuing an order of contempt, Fed.R.Civ.P. 45 also permits the Court to order the deponent to pay attorneys' fees and costs incurred in connection with the attempt to depose the non-compliant individual. Counsel avers that costs were incurred for serving Falgoust as well as costs for court reporting services and a transcript of the non-appearance. While counsel is not asserting attorney's fees for appearing at the deposition, counsel is seeking attorney's fees associated with the preparation and filing of this motion.

### III.  CONCLUSION

Rickie Falgoust is a critical fact witness in this matter. His failure to comply with a properly served deposition subpoena is inexcusable. For the foregoing reasons, Plaintiffs urge this Court to find him in contempt, order him to appear for his deposition, and order him to pay costs and attorneys' fees incurred.

Dated: April 4, 2024

Respectfully submitted,

| /s/ S. Eliza James | /s/ Bruce C. Betzer |
|---|---|
| Byron M. Forrest (La. Bar No. 35480) | Bruce C. Betzer (Bar No. 26800) |
| Nicholas V. Cressy (La. Bar No. 35725) | THE LAW OFFICE OF BRUCE C. BETZER |
| S. Eliza James (La. Bar No. 35182) | 3129 Bore Street |
| FORREST CRESSY & JAMES, LLC | Metairie, LA 70001 |
| 1222 Annunciation Street | Telephone: (504) 832-9942 |
| New Orleans, Louisiana 70130 | Facsimile: (504) 304-9964 |
| Tele:(504) 605.0777 | bruce@brucebetzer.com |
| Fax: (504) 322.3884 | |
| Email: byron@fcjlaw.com | /s/ Douglas S. Hammel |
| nicholas@fcjlaw.com | Douglas S. Hammel (Bar No. 26915) |
| eliza@fcjlaw.com | HAMMEL LAW FIRM, LLC |
| | 3129 Bore Street |
| /s/ Eric C. Rowe | Metairie, LA 70001 |
| C. Allen Foster (Admitted Pro Hac Vice) | Telephone: (504) 832-9942 |
| Eric C. Rowe (Admitted Pro Hac Vice) | Facsimile: (504) 304-9964 |
| Masten Childers, III (Admitted Pro Hac Vice) | douglashammel@gmail.com |
| WHITEFORD, TAYLOR & PRESTON, L.L.P. | /s/ Jason Z. Landry |
| 1800 M Street, NW, Suite 450N | Scott R. Bickford (#1165) |
| Washington, DC 20036 | srb@mbfirm.com |
| Tele: (202) 659.6800 | Lawrence J. Centola, III (#27402) |
| Fax: (202) 331.0573 | ljc@mbfirm.com |
| Email: cafoster@wtplaw.com | Jason Z. Landry (#33932) |
| erowe@wtplaw.com | jzl@mbfirm.com |
| ebolog@wtplaw.com | Jeremy J. Landry (#30588) |
| mchilders@wtplaw.com | jjl@mbfirm.com |
| | MARTZELL BICKFORD & CENTOLA |
| *Counsel For Addison Plaintiffs* | 338 Lafayette Street |
| | New Orleans, Louisiana 70130 |
| | (504) 581-9065 |
| | (504)581-7635 – FACSIMILE |
| | |
| | Hon. Max N. Tobias, Jr. (#12837) |

LISKA, EXNICIOS & NUNGESSER
1515 Poydras Street, Suite 1400
New Orleans, LA 70112
Telephone: (504) 410-9611
Facsimile: (504) 410-9937
maxtobias504@aol.com

Anthony D. Irpino (#24727)
Louise C. Higgins (#31780)
Pearl Robertson (#34060)
Kacie F. Gray (#36476)
IRPINO, AVIN & HAWKINS
2216 Magazine Street
New Orleans, LA 70130
Ph. (504) 525-1500
Fax (504) 525-1501
airpino@irpinolaw.com
lhiggins@irpinolaw.com
probertson@irpinolaw.com
kgray@irpinolaw.com

John D. Sileo (La Bar No. 17797)
Casey W. Moll (La. Bar No. 35925)
LAW OFFICE OF JOHN D. SILEO
320 N. Carrollton Ave.,
Suite 101 New Orleans, LA 70119
(504) 486-4343
jack@johnsileolaw.com
casey@johnsileolaw.com

*Counsel for Ictech-Bendeck Plaintiffs*

## CERTIFICATE OF SERVICE ON NON-PARTIES

I certify that a copy of the foregoing was served on counsel of record for the parties through the Court's ECF system on the 3th day of April, 2024 and by private process server on the following non-party:

**Rickie Falgoust, 22654 North Oak Street Vacherie, Louisiana 70009.**

7

/s/ S. Eliza James