# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

### CASE NO. 19-11133

### SECTION "E" (5)

---

**FREDERICK ADDISON, ET AL**
*Plaintiff*

**VERSUS**

**LOUISIANA REGIONAL LANDFILL COMPANY, ET AL**
*Defendants*

---

**MOTION IN LIMINE TO EXCLUDE THE REPORT AND TESTIMONY OF BARRY KLINE BY DEFENDANT, JEFFERSON PARISH**

---

W. PETER CONNICK (No. 14158)
MICHAEL S. FUTRELL (No. 20819)
MATTHEW D. MOGHIS (No. 33994)
**CONNICK AND CONNICK, LLC**
3421 N. Causeway Blvd., Suite 408
Metairie, Louisiana 70002
Telephone:      (504) 681-6663
Facsimile:      (504) 838-9903
E-mail:      *mfutrell@connicklaw.com*
              *moghis@connicklaw.com*

*Counsel for Defendant, Jefferson Parish*

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................ ii

TABLE OF AUTHORITIES ......................................................................................... iii

MOTION IN LIMINE TO EXCLUDE THE EXPERT TESTIMONY AND REPORT RENDERED BY BARRY KLINE .................................................................................. 1

MEMORANDUM IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE THE EXPERT TESTIMONY OF BARRY KLINE ................................................................. 4

    I.   SUMMARY OF THE ARGUMENT ....................................................................... 4

    II.   FACTUAL BACKGROUND ................................................................................ 4

        A. FACTS AT ISSUE ...................................................................................... 4

        B. STATEMENT OF THE CASE ....................................................................... 6

    III.  LAW AND ARGUMENT ................................................................................... 6

        A. STATEMENT OF THE ISSUES .................................................................... 6

        B. BARRY KLINE'S EXPERT REPORT INVADES THE PROVINCE OF THE JURY BECAUSE HIS REPORT CONTAINS LEGAL CONCLUSIONS IN WHICH HE STATES THAT APTIM WAS NOT RESPONSIBLE FOR THE ALLEGED INADEQUACIES OF THE LANDFILL AND THEREFORE NOT AT FAULT ................................................ 7

        C. BARRY KLINE'S TESTIMONY IS NOT REQUIRED AS THE WORDS OF THE CONTRACT BETWEEN APTIM AND JEFFERSON PARISH ARE CLEAR AND THE JURY, AS THE FACTFINDER, MUST MAKE THEIR OWN INTERPRETATIONS OF THE CONTRACT AND THE RESPONSIBILITIES OF EACH PARTY ......................... 10

    IV.  CONCLUSION ................................................................................................ 17

## TABLE OF AUTHORITIES

### CASES

*Kumho Tire CO., Ltd. v. Carmichael*, 526 U.S. 137, 141, 119 S. Ct. 1167, 143 L.Ed.2d 238 (1999) ...................................................................................................................................6

*Melerine v. Tom's Marine & Salvage, LLC*, 2020-00571, (La. 3/24/21); 315 So.3d 806 ............. 6

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S. Ct. 2786, 125 L.F.D.2d 469 (1993) ........................................................................................................................... 7

*Shawler v. Ergon Asphalt & Emulsions, Inc.*, No. 15-2599, 2016 WL 1019121, *1 (E.D. La. Mar. 15, 2016) ......................................................................................................... 7, 8, 9

*Matter of Tara Crosby, LLC*, 603 F.Supp.3d 305 (E.D. La.2022) ........................................... 7, 8

*In re Tasch, Inc.*, 97-15901 JAB, 1999 WL 596261, at *2 (E.D. La. Aug. 5, 1999)................ 7, 11

*Brandner v. State Farm Mut. Auto. Ins. Co.*, CV 18-982, 2019 WL 636423, a*1 (E.D. La. Feb. 14, 2019) ............................................................................................................................ 7

*In re Midland Enterprises, Inc.*, CIV.A. 00-3750, 2002 WL 31780156, *1, (E.D. La. Dec. 11, 2002) ............................................................................................................................ 8

*See Vogler v. Blackmore*, 352 F.3d 150, 155 (5th Cir. 2003) ......................................... 11

*Waste Mgmt. of Louisiana, L.L.C. v. Par.*, CIV.A. 13-6764, 2015 WL 5798029, at *3 (E.D. La. Oct. 5, 2015). ............................................................................................................... 12

### STATUTES AND CODES

Federal Rule of Evidence 702 .............................................................................................7, 11

Louisiana Civil Code Article 1906 ......................................................................................7,10

Louisiana Civil Code Article 2046 ......................................................................................7,10

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| FREDERICK ADDISON, ET AL | * | CIVIL ACTION NO. |
| | * | 19-11133 C/W 19-14512 |
| | * | |
| | * | SECTION "E-5" |
| VERSUS | * | |
| | * | JUDGE SUSIE MORGAN |
| | * | |
| LOUISIANA REGIONAL LANDFILL | * | MAGISTRATE JUDGE EVA DOSSIER |
| COMPANY, ET AL | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## DEFENDANT'S MOTION IN LIMINE TO EXCLUDE THE EXPERT TESTIMONY AND REPORT RENDERED BY BARRY KLINE

**NOW INTO COURT,** through undersigned counsel comes the Defendant, Jefferson Parish, who hereby moves this Honorable Court to exclude the report and testimony of Barry Kline. Through this Motion in Limine, the Defendant, Jefferson Parish, seeks to prohibit the testimony of Aptim's expert, Barry Kline. Aptim employed Barry Kline to testify about a written contract between Aptim and Jefferson Parish. Barry Kline's testimony renders legal conclusions that Aptim was not responsible for the alleged issues at the Jefferson Parish Landfill. Barry Kline further states that during the time that Aptim performed services for the Landfill Aptim performed competently and professionally. Barry Kline's testimony usurps the role of the factfinder by determining responsibility and allocating fault, which invades the province of the jury.

The ultimate decision the jury must determine is how to allocate fault, if any, among the parties. During this trial the jury will be presented with the contract between Aptim and Jefferson Parish, the jury will evaluate the contract, and ultimately must reach their own decision as to who, if anyone, was at fault for the Plaintiffs' alleged damages. Barry Kline intends to interpret the contract for the jury, which is impermissible. During the course of the trial the jury will be able to

review the contract and make their own interpretations as to Aptim's responsibilities while contracted with the Jefferson Parish Landfill.

For the reasons set forth in the attached memorandum, Barry Kline's testimony should be excluded as it contains legal conclusions; is an impermissible attempt to tell the jury the ultimate conclusion for this case; and attempts to shift liability away from Aptim and onto the other Defendants.

**WHEREFORE**, Defendant, Jefferson Parish, respectfully requests the Court grant this Motion in Limine prohibiting Aptim's expert, Barry Kline, from testifying to his interpretation of the contract between Jefferson Parish. Further, from his interpretation, Barry Kline allocates fault to the Defendant, Jefferson Parish by stating that Aptim was not responsible for the alleged deficiencies of the Landfill. Barry Kline's testimony must be excluded because it invades the province of the jury by rendering legal conclusions. Aptim's expert Barry Kline cannot testify regarding the allocation of fault, and he cannot testify to his interpretation of the contract. Further, during the course of the trial the jury will view this contract between Aptim and Jefferson Parish and the jury must render their own conclusion as to the responsibilities of each party. Barry Kline is not permitted to testify to the allocation fault based on his own contractual interpretation because that is the sacred role of the jury and therefore this Motion in Limine should be granted.

(Signature Block on Next Page)

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that a copy of the foregoing pleading was served upon all counsel of record in the parties named herein through the Court's ECF system.

Metairie, Louisiana, this 6th day of June, 2024.

_____ */s/ Michael S. Futrell* _____
MICHAEL S. FUTRELL

Respectfully submitted,

**CONNICK AND CONNICK, LLC**

_____ */s/ Michael S. Futrell* _____
W. PETER CONNICK, LA. BAR NO. 14158
MICHAEL S. FUTRELL, LA. BAR NO. 20819
MATTHEW D. MOGHIS, LA. BAR NO. 33994
3421 N. Causeway Boulevard, Suite 408
Metairie, Louisiana 70002
Telephone:     (504) 681-6663
Facsimile:     (504) 838-9903
E-mail:        *mfutrell@connicklaw.com*
               *moghis@connicklaw.com*

*Counsel for Defendant, Jefferson Parish*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| FREDERICK ADDISON, ET AL | * | CIVIL ACTION NO. |
| | * | 19-11133 C/W 19-14512 |
| | * | |
| | * | SECTION "E-5" |
| VERSUS | * | |
| | * | JUDGE SUSIE MORGAN |
| | * | |
| LOUISIANA REGIONAL LANDFILL | * | MAGISTRATE JUDGE EVA DOSSIER |
| COMPANY, ET AL | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## MEMORANUM IN SUPPORT OF DEFENDANT'S MOTION IN LIMINE TO EXCLUDE THE EXPERT TESTIMONY OF BARRY KLINE

MAY IT PLEASE THE COURT:

Defendant, Aptim, intends to offer inadmissible expert testimony by Barry Kline at trial. As shown herein, Barry Kline will be called to testify as to his interpretation of a contract between Aptim and Jefferson Parish. Barry Kline's testimony will not aid the trier of fact in understanding the evidence as the jury will be presented with the contract, as the words of the contract are clear and explicit and do not require the testimony of an expert. The jurors, following their review of the contract, must make their *own* decision as to the fault, if any, of each party. For the foregoing reasons, the Defendant's Motion in Limine should be granted, and Aptim's expert, Barry Kline, should be excluded from testifying at trial.

## I.   FACTUAL BACKGROUND

### A. FACTS AT ISSUE

On December 28, 2015, The Parish of Jefferson and CB&I Environmental & Infrastructure,

Inc., now Aptim Corporation, entered into an Agreement.[1] This agreement outlined the duties and responsibilities of each party with respect to the Jefferson Parish Landfill. This agreement outlined the pricing schedule and the scope of work and services.[2] Aptim Corporation operated and maintained the GCCS from Jule 1, 2017 until May 17, 2019. Aptim conducted assessments of the GCCS during the respective time periods covered by their operating agreements. During that time period there were odor complaints; and findings of Fact and Conclusions of Law from the general causation trial states, "Plaintiffs have proven by a preponderance of evidence that gasses and odors were emitted from phase 4A of the Landfill."

Barry Kline, a remediation engineer, was employed by Aptim to evaluate Aptim's performance as the operator of the Gas Collection and Control System (GCCS) at the Jefferson Parish Landfill (JPLF).[3] Barry Kline rendered a report in this case and intends to offer testimony to support the opinion that Aptim performed completely and professionally at the JPLF relative to the limitations place on it.[4] In this report, he reaches the ultimate legal conclusion that Aptim was not responsible for the alleged inadequacies of the Landfill that led to the Plaintiff's alleged damages.

Barry Kline seeks to offer testimony that will (1) render legal conclusions as to Aptim's lack of responsibility and fault, which invade the province of the jury; and (2) lend his opinions concerning the interpretation of the contract between Aptim and Jefferson Parish. Barry Kline cannot offer testimony which interprets the contract between Aptim and Jefferson Parish. This testimony seeks to allocate fault on behalf of the Defendants in an effort to tell the jury the result to reach as it pertains to the ultimate issue in this case. This testimony will invade the province of

---

[1] See Agreement between The Parish of Jefferson and CB&I Environmental & Infrastructure, Inc. attached hereto as Exhibit "A."
[2] See Barry Kline's Expert Report from March 4, 2024, attached hereto as Exhibit "B," p. 1.
[3] See Barry Kline's Expert Report from March 4, 2024, attached hereto as Exhibit "B," p. 1.
[4] See Exhibit "A," p. 2.

the jury, and Barry Kline should not be allowed to testify that Aptim was not responsible for the alleged deficiencies at the Jefferson Parish Landfill.

**B. STATEMENT OF THE CASE**

Pursuant to the Thirteenth Case Management Order.[5] Motions in Limine regarding expert testimony are to be filed by June 6, 2024, with a submission date of June 19, 2024. Trial is currently set in this matter for Monday, August 12, 2024.[6]

**II.   LAW AND ARGUMENT**

**A. STATEMENT OF THE ISSUES**

As this Court is aware, the gatekeeping function to ensure that any and all scientific testimony or evidence admitted is relevant and reliable is of the utmost importance. Federal Rule of Evidence 702 specifically states that a witness who is qualified as an expert by knowledge skill, experience, training, or education may testify in the form of an opinion or otherwise if: (1) the expert's scientific, technical or other specialized knowledge will help the trier of fact understand the evidence or to determine a fact in issue; (2) the testimony must be based on sufficient facts or data; (3) the testimony is the product of reliable principles and methods; and (4) the expert must have reliably applied the principles and methods to the facts of the case.[7]

*Daubert's* general "gatekeeping" applies not only to testimony based upon scientific knowledge, but also to testimony based on "technical and other specialized knowledge."[8] The expert's opinions must be grounded in scientific methods and procedures, not subjective belief or unsupported speculation.[9] Simply put, expert testimony should be admitted only if it is both

---

[5] See Thirteenth Scheduling Order, filed on February 15, 2024, attached hereto as Exhibit "C."
[6] See Exhibit "C."
[7] Fed. R. Evid. 702.
[8] *Kumho Tire CO., Ltd. v. Carmichael*, 526 U.S. 137, 141, 119 S. Ct. 1167,1171, 143 L.Ed.2d 238 (1999); *Independent Fire Ins. Co. v. Sunbeam Corp.* 99-2181 (La. 2/29/00), 755 So.2d 226, 234.
[9] *Melerine v. Tom's Marine & Salvage, LLC*, 2020-00571, p. 17 (La. 3/24/21); 315 So.3d 806, 818.

reliable and relevant.[10]

Rule 704(a) "'does not allow a witness to give legal conclusions.'"[11] Experts cannot render

opinions which **invade the province of** the Court as keeper of the law, **the jury as factfinder,** or

both.[12] Under Louisiana law, a contract is an agreement by two or more parties whereby obligations

are created, modified, or extinguished.[13] Further, when the words of a contract are clear and explicit

and lead to no absurd consequences, no further interpretation may be made in search of the parties'

intent.[14] "Expert testimony on matters which a jury is capable of understanding and deciding

without the expert's help should be excluded. Expert testimony that does nothing more than

"mirror" testimony offered by fact witnesses should also be excluded. Finally, the expert witness

must "bring to the jury more than the lawyers can offer in argument."[15]

Moreover, the proponent of expert testimony must demonstrate that the expert possesses a

higher degree of knowledge, skill, experience, training, or education than an ordinary person."[16]

Accordingly, the onus is on the Defendant, Aptim, to establish Barry Kline's expertise.

### B. BARRY KLINE'S EXPERT REPORT INVADES THE PROVINCE OF THE JURY BECAUSE HIS REPORT CONTAINS LEGAL CONCLUSIONS IN WHICH HE STATES THAT APTIM WAS NOT RESPONSIBLE FOR THE ALLEGED INADEQUACIES OF THE LANDFILL AND THEREFORE NOT AT FAULT

Barry Kline cannot testify regarding the allocation of fault because that is the role of the

factfinder. The United States Fifth Circuit is clear that Rule 704(a) "'does not allow a witness to

---

[10] *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579, 592, 113 S. Ct. 2786, 2795, 125 L.Ed.2d 469 (1993)
[11] *Shawler v. Ergon Asphalt & Emulsions, Inc.,* No. 15-2599, 2016 WL 1019121, at *10 (E.D. La. Mar. 15, 2016). aff'd sub nom. *Shawler v. Big Valley, L.L.C.,* 728 F. App'x 391 (5th Cir. 2018) (quoting *U.S. v. Williams,* 343 F.3d 423, 435 (5th Cir. 2003)). *Id.* at 4.
[12] *Matter of Tara Crosby, LLC,* 603 F.Supp.3d 305 (E.D. La.2022), citing See, e.g., *Prestenbach v. Chios Challenge Shipping & Trading S.A.,* 2005 WL 517445, at *7 n.19 (E.D La. Feb. 24, 2005).
[13] Louisiana Civil Code art. 1906.
[14] Louisiana Civil Code art. 2046.
[15] *In re Tasch, Inc.,* 97-15901 JAB, 1999 WL 596261, at *2 (E.D. La. Aug. 5, 1999).
[16] *Brandner v. State Farm Mut. Auto. Ins. Co.,* CV 18-982, 2019 WL 636423, at *3 (E.D. La. Feb. 14, 2019).

give legal conclusions.'"[17] Experts cannot render opinions which **invade the province of** the Court as keeper of the law, **the jury as factfinder**, or both.[18] Here, Barry Kline's report contains many legal conclusions that ultimately state who is at fault and responsible for the alleged deficiencies of the Landfill, which Plaintiffs contend led to their alleged damages; the determination of fault, if any, is the ultimate issue in this case and that is the sole, sacred job of the jury. Barry Kline's expert report and testimony invades the province of the jury by rendering a legal conclusion as to the lack of fault on the part of Aptim, and therefore his testimony must be excluded under Federal Rule of Evidence 704.

*In re Midland Enterprises, Inc.*, the court found that an expert's testimony was inadmissible because it gave an opinion as to the ultimate issue that is reserved for the finder of fact. In *In re Midland Enterprises, Inc.*, the court did not allow the plaintiff's expert to testify because his report set forth various opinions which contained legal conclusions concerning negligence, which was the ultimate issue in the case.[19] Further, the expert's proposed testimony did not rest upon any specialized knowledge or experience foreign to the juror.[20] The court stated, that the expert's testimony, "will not bring to the jury anything more than the lawyers can offer in argument and such opinions should be excluded.[21]

Similarly, in *Shawler v. Ergon Asphalt & Emulsions, Inc.*, the plaintiff sustained injuries while working on a ship, and the plaintiff retained an expert to provide testimony as to those

---

[17] *Shawler v. Ergon Asphalt & Emulsions, Inc.*, No. 15-2599, 2016 WL 1019121, at *10 (E.D. La. Mar. 15, 2016). aff'd sub nom. *Shawler v. Big Valley, L.L.C.*, 728 F. App'x 391 (5th Cir. 2018) (quoting *U.S. v. Williams*, 343 F.3d 423, 435 (5th Cir. 2003)). *Id.* at 4.
[18] *Matter of Tara Crosby, LLC*, 305, citing See, e.g., *Prestenbach v. Chios Challenge Shipping & Trading S.A.*, at *7 n.19 (E.D La. Feb. 24, 2005).
[19] *In re Midland Enterprises, Inc.*, CIV.A. 00-3750, 2002 WL 31780156, at *1, *3 (E.D. La. Dec. 11, 2002).
[20] *Id.*
[21] *Id.*

injuries.[22] The expert rendered an opinion as to who was responsible for the plaintiff's injuries. The court held, "the expert opinions regarding the vessel's unseaworthiness, the defendant's purported negligent conduct, and the factual and proximate causes of the Plaintiff's alleged injury all cross into the realm of legal conclusions which are reserved for the trier of fact.[23] The plaintiff's expert opinions which rendered legal conclusions were excluded.[24]

Like *In re Midland Enterprises, Inc.*, and in *Shawler,* Barry Kline's opinions in this case contain legal conclusions in an attempt to tell the jury how to apportion fault in this case with Aptim not being responsible for any alleged inadequacy of the Landfill. In his March 4, 2024, report Barry Kline renders opinions that Aptim *was not responsible for* alleged deficiencies in the landfill and therefore, *not responsible for* the damages claimed by the Plaintiffs.[25] The legal conclusions rendered in the Supplemental Expert Report include Opinion No. 1, No. 3, No. 4, No. 5, No. 7, and No. 9.[26] The wording contained within these opinions is used in an attempt to shift fault away from Aptim and to the other Defendants including Jefferson Parish. He uses wording such as, "Aptim did not have control…" or "…work at the JPLF was limited by contract/agreement…," which is a clear attempt to negate fault on the part of Aptim and their responsibilities and are based on Barry Kline's interpretation of the contract.[27]

These are all legal conclusions and this testimony is impermissible at trial as it goes to the ultimate issue and is for the jury to determine. Here, the jury will view the contract, and in closing arguments the attorneys can reference the contract and state their arguments as to fault due to the responsibilities or lack of responsibilities as evidenced in the contract.

---

[22] *Shawler v. Ergon Asphalt & Emulsions, Inc.* at \*10 citing, See *In re Midland Enterprises, Inc.*, at \*3.
[23] *Id.* at \*10.
[24] *Id.*
[25] See Exhibit "B."
[26] See Exhibit "B" p. 2 to 3.
[27] See Exhibit "B" p. 2 to 3.

Barry Kline's expert testimony seeks to tell the jury that Aptim was not responsible for any alleges damages by shifting liability on to the other Defendants including Jefferson Parish. Barry Kline's report contains legal conclusions concerning a contract that the jury can interpret and is inadmissible at trial.

### C. BARRY KLINE'S TESTIMONY IS NOT REQUIRED AS THE WORDS OF THE CONTRACT BETWEEN APTIM AND JEFFERSON PARISH ARE CLEAR AND THE JURY, AS THE FACTFINDER, MUST MAKE THEIR OWN INTERPRETATIONS OF THE CONTRACT AND THE RESPONSIBILITIES OF EACH PARTY

Under Louisiana law, a contract is an agreement by two or more parties whereby obligations are created, modified, or extinguished.[28] Further, when the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent.[29] Here, Aptim's expert wishes to testify to the content of the contract between Aptim and Jefferson Parish, but the words of the contract are clear and explicit and therefore no further interpretation may be made. During this trial the jury will be presented with the contract and in their role as the finder of fact must come to their own determination of each parties' responsibilities contained within the contract. Further, Louisiana law is clear that contracts speak for themselves and therefore the jury does not require Barry Kline to interpret the contract for the jury. The jury will be able to read the contract and will have to determine what each party was responsible for while contracted to work at the Jefferson Parish Landfill.

Federal Rule of Evidence 702 entitled, Testimony by Expert Witnesses, states:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:
**(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue**
(b) the testimony is based on sufficient facts or data;

---

[28] Louisiana Civil Code art. 1906.
[29] Louisiana Civil Code art. 2046.

(c) the testimony is the product of reliable principles and methods; and
(d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case. [30]

Barry Kline's expert testimony will not aid the trier of fact to understand the contract. An expert's testimony is not relevant and may be excluded if it is directed to an issue that is "well within the common sense understanding of jurors and requires no expert testimony."[31] In this case, the jurors will be able to read and interpret the words of the contract without Barry Kline's expert testimony.

*In re Tasch, Inc.,* the court found that an expert is not needed to explain the terms of a contract to the jury.[32] In *In re Tasch, Inch.,* the plaintiff retained an expert to explain the disputed contract and its terms.[33] The court stated, "Expert testimony on matters which a jury is capable of understanding and deciding without the expert's help should be excluded. Expert testimony that does nothing more than "mirror" testimony offered by fact witnesses should also be excluded. Finally, the expert witness must "bring to the jury more than the lawyers can offer in argument."[34] After review of the expert's report, the court determined the majority of the report purports to interpret the parties' intentions, contract language, and whether there was a breach of contract.[35] These are matters on which fact witnesses undoubtedly will testify and the lawyers will argue.[36] In *Tasch,* the plaintiff failed to convince the court that expert testimony is necessary to assist the trier of fact on the issues concerning the contractual interpretation. [37] The defendant's motion of exclude the plaintiff's expert was granted to exclude testimony on issues concerning contract interpretation and party intent.[38]

---

[30] Fed R. Evid. 702.
[31] *See Vogler v. Blackmore,* 352 F.3d 150, 155 (5th Cir. 2003).
[32] *In re Tasch, Inc.,* 97-15901 JAB, 1999 WL 596261, at *1 (E.D. La. Aug. 5, 1999).
[33] *Id.*
[34] *Id.* at *2.
[35] *Id.* at *2.
[36] *Id.* at *2.
[37] *Id.* at *2.
[38] *Id.* at *3.

In *Waste Mgmt. of Louisiana, L.L.C. v. Par.*, Jefferson Parish hired an expert to make interpretations of a contract.[39] Waste Management challenged the expert opinion asserting it did not assist the trier of fact and that the interpretation of a contract is a question of law for the court to decide.[40] In *Waste Mgmt. of Louisiana, L.L.C. v. Par.*, this expert had much experience with contractual management where the expert drafted and administered contracts.[41] In *Waste Mgmt. of Louisiana, L.L.C. v. Par.*, the expert's report spoke to Waste Management's supposed duties under the contract, whether the Landfill Engineer acted reasonably, whether Waste Management acted improperly, along with other legal conclusions.[42] The court agreed that the expert report is rife with legal conclusions and contractual interpretations. The expert's supplemental report begins by outlining his experience in "drafting and administering engineering and construction contracts," which the court stated is experience that seems aimed at justifying his interpretation of contractual provisions.[43] The court stated, "It is possible that once his inadmissible legal conclusions are excised, Newell [the expert] would have relatively little to say at trial."[44] The court found that the expert would be allowed to testify but **could not** testify as to matters of contract interpretations or legal conclusions.[45]

Barry Kline admits in his deposition transcript that he is interpreting the contract, which according to *In re Tasch, Inc., and Waste Mgmt. of Louisiana, L.L.C. v. Par.*, this District Court has held that experts cannot testify to matters of contractual interpretations. Barry Kline stated the following in his deposition:

---

[39] *Waste Mgmt. of Louisiana, L.L.C. v. Par.*, CIV.A. 13-6764, 2015 WL 5798029, at *3 (E.D. La. Oct. 5, 2015).
[40] *Id.*
[41] *Id.* at *13.
[42] *Id.*
[43] *Id.*
[44] *Id.*
[45] *Id. at *14.

Q. Okay. Do you plan on giving your legal opinion about the contract between Aptim and Jefferson Parish in the trial of this matter? [46]

A. If asked I will, I could give my interpretation on it based on my experience. [47]

Barry Kline continues:

Q. Mr. Kline, we left off talking about contracts and I wanted to ask you, so this document that we have been discussing today, Exhibit 1623. That is a written document. Right?[48]

A. That is correct.[49]

Q. And that document can be presented to the jury in this case for them to read it as well. Is that right?[50]

A. As a, as a physical document?[51]

Q. Yes, sir.[52]

A. Yes, it can be presented physically. Yes.[53]

Q. And when it comes to contractual interpretation, are you here to speak to the common industry meaning of the terms within the contract?[54]

A. I'm not sure what that common industry meaning refers to.[55]

Q. Well, I'm trying to figure out what would you add or how would you assist a juror in understanding what the contract means. And I'm trying to make that fit into your expertise or your experience.[56]

A. Okay.[57]

---

[46] See Deposition from Barry Kline attached hereto as Exhibit "D" p 61: 9 to 11.
[47] See Exhibit "D" p 61: 12 to 13.
[48] See Exhibit "D" p 65: 16 to 19.
[49] See Exhibit "D" p 65: 20.
[50] See Exhibit "D" p 65: 21 to 23.
[51] See Exhibit "D" p 65: 24.
[52] See Exhibit "D" p 65: 25.
[53] See Exhibit "D" p 66: 1 to 2.
[54] See Exhibit "D" p 66: 3 to 5.
[55] See Exhibit "D" p 66: 6 to 7.
[56] See Exhibit "D" p 66: 8 to 12.
[57] See Exhibit "D" p 66: 13.

Q. So when it comes to contractual interpretation —[58]

A. Right.[59]

Q. – are you here to speak to the common industry meaning of any terms in the contract, or are you here to speak to the meaning of the contract?[60]

A. I could only speak as to what I believe the meaning of the contract is based on my experience with similar types of contracts. That is the full answer.[61]

...

Q. Well. I'm just trying to figure out how you are going to assist the juror in understanding the terms of the contract, more so than just allowing them to read it.[62]

A. If they were to ask me what the contract means, I would say based on my experience with similar contracts, this is what I would take this to mean. This is what I would do with this particular phrase of a contract. This is how I have done it in the past when I've seen something similar to this.[63]

Barry Kline further states:

Q. And I'm going to get to the contract. Because that is your interpretation of the contract. Correct?[64]

A. Yes.[65]

He also states that he has never been in contract with Jefferson Parish and never been qualified as an expert to interpret contracts:

Q. Have you ever had a contract with Jefferson Parish?[66]

A. No. I have not.[67]

---

[58] See Exhibit "D" p 66: 14 to 15.
[59] See Exhibit "D" p 66: 16.
[60] See Exhibit "D" p 66: 17 to 19.
[61] See Exhibit "D" p 66: 21 to 23.
[62] See Exhibit "D" p 67: 11 to 14.
[63] See Exhibit "D" p 67: 15 to 21.
[64] See Exhibit "D" p 197: 16 to 18.
[65] See Exhibit "D" p. 197: 19.
[66] See Exhibit "D" p 62: 8 to 9.
[67] See Exhibit "D" p 62: 10.

Q. Have you ever previously been qualified as an expert in any court in America to interpret contracts?[68]

A. No. I have not.[69]

It is clear from the deposition that Barry Kline's testimony intends to interpret the contract and render legal opinions in an attempt to negate responsibility on the part of Aptim. Barry Kline is not permitted to give his opinions of the meaning behind the contract between Aptim and Jefferson Parish. The jury as the fact finder will be allowed to review this information contained within the contract and reach their own decisions as to what Aptim was responsible for while contracted with the Landfill. Barry Kline is not permitted to give legal conclusions as to fault and he is not allowed to interpret the contract for the jury.

Like in *In re Tasch, Inc.*, and *Waste Mgmt. of Louisiana, L.L.C. v. Par.*, Barry Kline is being asked to interpret the contract and express legal opinions concerning the contract language. Just as in *Tasch, Inc.*, fact witnesses will testify as to their intentions, the contract language, and their understanding of their respective obligations under the contract. After that evidence is presented and the lawyers argue their respective positions, the jury will decide if any party failed to fulfill their obligations under the contract. If Barry Kline is allowed to testify to his interpretations and opinions of the contract and to what he has done in the past then the role of factfinder is violated.

Barry Kline will not offer expert knowledge that will aid the trier of fact in understanding the contract because the words of the contract are able to be understood by the jurors, and further will be testified to by fact witnesses. The testimony of Barry Kline should be excluded because

---

[68] See Exhibit "D" p 62: 11 to 13.
[69] See Exhibit "D" p 62: 14.

the jury, as the finder of fact, must make their own interpretations as to the contract and what the duties and responsibilities were of the parties.

## III.    CONCLUSION

For these reasons, Aptim's expert, Barry Kline, should be prohibited from offering testimony at trial. Barry Kline's testimony invades the province of the jury by allocating fault, which is the role of the factfinder. Barry Kline's testimony will not aid the trier of fact, because the jury is capable of viewing, reading, and understanding the agreement between Aptim and Jefferson Parish. The testimony contained within Barry Kline's expert report contains legal conclusions that are impermissible attempts to limit the fault on the part of Aptim, and therefore this invades the province of the jury. Further experts cannot be called to testify to contractual interpretations. Barry Kline admitted in his testimony that he is interpreting the contract between Aptim and Jefferson Parish.

**WHEREFORE,** the Defendant, Jefferson Parish, prays that this Motion in Limine is granted as Barry Kline's testimony is inadmissible.

| CERTIFICATE OF SERVICE | Respectfully submitted, |
|---|---|
| I HEREBY CERTIFY that a copy of the foregoing pleading was served upon all counsel of record in the parties named herein through the Court's ECF system. | **CONNICK AND CONNICK, LLC** |
| | _/s/ Michael S. Futrell_ |
| | W. PETER CONNICK, LA. BAR NO. 14158 |
| | MICHAEL S. FUTRELL, LA. BAR NO. 20819 |
| Metairie, Louisiana, this 6th day of June, 2024. | MATTHEW D. MOGHIS, LA. BAR NO. 33994 |
| | 3421 N. Causeway Boulevard, Suite 408 |
| | Metairie, Louisiana 70002 |
| | Telephone:    (504) 681-6663 |
| | Facsimile:    (504) 838-9903 |
| _/s/ Michael S. Futrell_ | E-mail:    _mfutrell@connicklaw.com_ |
| MICHAEL S. FUTRELL | _moghis@connicklaw.com_ |
| | _Counsel for Defendant, Jefferson Parish_ |