Case 2:19-cv-11133-SM-MBN Document 543-3 Filed 06/06/24 Page 1 of 13

Case 2:19-cv-11133-SM-MBN Document 498 Filed 02/15/24 Page 1 of 13

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FREDERICK ADDISON, ET AL.,<br>**Plaintiffs**<br><br>VERSUS<br><br>LOUISIANA REGIONAL<br>LANDFILL COMPANY, ET AL.,<br>**Defendants**<br><br>*Applies to: Both Cases* | CIVIL ACTION<br><br>NO. 19-11133<br>c/w 10-14512<br><br>SECTION: "E" (5) |

## THIRTEENTH CASE MANAGEMENT ORDER

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, the Court enters this Thirteenth Case Management Order in the consolidated *Addison* cases. With General Causation having been found by the Court on November 29, 2022, ECF No. 323, this Thirteenth Case Management Order is a partial case management order governing fact discovery relating to all outstanding issues with respect to the claims made by the thirteen (13) *Addison* Plaintiffs selected by the Parties[1] to have their cases tried in the first *Addison* merits trial ("*Addison* Trial Plaintiffs").[2]

---

[1] The Parties herein are all of the *Addison* Plaintiffs, Waste Connections Bayou, Inc., Waste Connections US, Inc., Louisiana Regional Landfill Company, Aptim Corp., and the Parish of Jefferson.

[2] On May 1, 2023, the Parties selected six individual Plaintiffs and two Plaintiff Family Units whose claims will be initially tried, the *Addison* Trial Plaintiffs. These parties are Plaintiffs Stanley Meyers, Geneva Green, Jonathan Tate, Reshaun Richardson, Mary Ann Winningkoff, Andrew Section, Vernice Lewis, Tyrone Thompson, Terrance Thompson, Wendy Gremillion, Scott Gremillion, and the Gremillions' two minor children, as the *Addison* Trial Plaintiffs. The parties acknowledge that the *Addison* Trial Plaintiffs are not intended to be bellwether plaintiffs under *In re Chevron U.S.A., Inc.*, 109 F.3d 1016 (5th Cir. 1997).



I.  **GENERAL PROVISIONS**[3]

1. The ESI protocol entered as ECF Doc. 86, as amended from time to time, shall continue to apply to discovery conducted in this case.

2. The discovery obligations set forth in the Case Management Orders or other orders of the Court are subject to the supplementation requirements of Rule 26(e) of the Federal Rules of Civil Procedure.

3. The due dates for discovery responses shall be those specified in orders of the Court, those set forth in the Federal Rules of Civil Procedure, or as otherwise agreed by the Parties.

4. As set forth in this Court's prior Orders, each deposition shall preclude a subsequent deposition of such deponent(s) on topics covered in such prior deposition. This limitation applies to depositions noticed in both the *Addison* and the *Ictech-Bendeck* actions. A party raising such issue with the Court must provide the relevant pages of the deposition at which the party asserts the topic was covered.

5. All fact discovery shall be completed by **January 31, 2024** except:

   a. Defendants must provide complete responses to Interrogatories 1-3[4] and Requests for Production 68 and 86-87[5] on or before **March 8, 2024**; and

---

[3] Defendants reserve their objections to (i) trying any *Addison* Plaintiffs' cases on the merits prior to class certification being determined as to the related consolidated *Ictech-Bendeck v. Waste Connections Bayou, Inc.* case (Case No. 18-7889); (ii) proceeding concurrently with preparation for a trial in the *Addison* action and class certification discovery and briefing in the *Ictech-Bendeck* case; (iii) trying the claims of any Plaintiffs whom Defendants have not been allowed to depose; and (iv) the prohibition of discovery on Plaintiffs other than those thirteen Plaintiffs selected for trial. Defendants' submission of any term in or the entirety of this joint proposed Case Management Order shall not be construed as a waiver of the above objections.

[4] *Addison* Plaintiffs' First Set of Interrogatories to the Waste Connections Defendants, 18-7889, R. Doc. 329-1 at 1-2.

[5] *Addison* Plaintiffs' Second Set of Requests for Production of Documents to the Waste Connections Defendants, 18-7889, R. Doc. 329-2 at 8, 12.

2

    b. Fact discovery by the Plaintiffs related to Defendants' responses to Interrogatories 1-3[6] and Requests for Production 68 and 86-87,[7] must be completed by **April 30, 2024**.

## II. AMENDMENTS TO THE PLEADINGS

1. With respect to Plaintiffs who have died and for whom Defendants have filed a suggestion of death, substitution of parties will be governed by Rule 25 of the Federal Rules of Civil Procedure.

## III. COMPLETION OF FACT DISCOVERY

### A. The *Addison* and *Ictech-Bendeck* Plaintiffs' Discovery Addressed to Defendants and Depositions of Non-Parties – Common Issues

1. Discovery on issues that are common to the *Addison* and *Ictech-Bendeck* cases shall be conducted on a consolidated basis. This consolidation of common fact discovery in the *Addison* and *Ictech-Bendeck* actions is also reflected in the Twelfth, Thirteenth, and Fourteenth Case Management Orders entered in the *Ictech-Bendeck* action.

2. Discovery on issues that are not common to the *Addison* and *Ictech-Bendeck* cases, discovery related to the *Addison* Trial Plaintiffs, and discovery related to class certification in the *Ictech-Bendeck* case shall occur concurrently with the common issue fact discovery.

3. The *Addison* and *Ictech-Bendeck* Plaintiffs (collectively) may depose each of the Defendants under Rule 30(b)(6), and may take up to twenty-five (25) individual fact witness depositions without leave of court. Depositions taken by either the *Addison* or

---

[6] *Addison* Plaintiffs' First Set of Interrogatories to the Waste Connections Defendants, 18-7889, R. Doc. 329-1 at 1-2.
[7] *Addison* Plaintiffs' Second Set of Requests for Production of Documents to the Waste Connections Defendants, 18-7889, R. Doc. 329-2 at 8, 12.

3

*Ictech-Bendeck* Plaintiffs after November 29, 2022, shall count against the limitation in this paragraph.

### B. Discovery of *Addison* Trial Plaintiffs

1. The Defendants may engage in written discovery of the *Addison* Trial Plaintiffs. All discovery shall be governed by the Federal Rules of Civil Procedure, unless otherwise specified herein.

2. Defendants may depose each *Addison* Trial Plaintiff and may take up twenty-five (25) individual fact witness depositions without leave of court. No *Addison* Trial Plaintiff may be deposed for longer than a total of seven hours on the record, including the time expended in the pre-selection deposition (allowed under prior Case Management Orders), without leave of Court or agreement of the Parties. Defendants may depose minor *Addison* Trial Plaintiffs only with leave of Court upon a showing of good cause.

3. Unless the Parties agree in advance, or with permission of the Court, no Plaintiff will be permitted to attend the deposition of any other Plaintiff.

4. Except as permitted by this Case Management Order and for any supplementation requirements, discovery of individual Plaintiffs who are not *Addison* Trial Plaintiffs is stayed.[8] Discovery from Non-Parties of records for individual Plaintiffs who are not *Addison* Trial Plaintiffs shall be limited to medical and pharmacy records, pursuant to Section III(C) below.

---

[8] With respect to the discovery previously commenced on the subject of property value diminution, Defendants may resume such discovery when discovery of individual Plaintiffs who are not the *Addison* Trial Plaintiffs resumes or as otherwise allowed by the Court and, if a motion to compel further and complete responses is in order, file such a motion at that time.

4

C. **Written Discovery from Non-Parties**

1. Subject to any limitations in this Case Management Order or established by the Court in response to a motion for protective order, the Parties may seek discovery from non-parties.

2. Copies of documents produced to Defendants by third parties in response to a subpoena *duces tecum*, and related communications with such third parties, except to the extent the communication relates only to the timing of a response, will be provided to the Plaintiffs within seven (7) days after receipt.

3. Copies of documents produced to Plaintiffs by third parties in response to a subpoena *duces tecum*, and related communications with such third parties except to the extent the communication relates only to the timing of a response, will be provided to the Defendants within seven (7) days after receipt.

IV. **EXPERT DISCOVERY**

1. The *Addison* Plaintiffs shall file their list of existing and new expert witnesses for the trial of the *Addison* Trial Plaintiffs by **September 22, 2023.**

2. Defendants shall file their lists of existing expert witnesses for the trial of the *Addison* Trial Plaintiffs by **September 29, 2023.**

3. Defendants shall file their lists of new expert witnesses for the trial of the *Addison* Trial Plaintiffs by **October 6, 2023.**[9]

4. The *Addison* Plaintiffs shall file their list of rebuttal experts by **October 20, 2023.**

5. Plaintiffs' expert reports are due on or before **February 16, 2024.**

---

[9] "New expert witnesses" includes the disclosure of experts regarding allocation of fault among Defendants.

6. Defendants' expert reports are due on or before **March 8, 2024.**

7. Plaintiffs' rebuttal expert reports are due on or before **March 29, 2024.**

8. All expert discovery will be completed by **April 30, 2024.**

## V. SETTLEMENT CONFERENCE

1. The parties shall immediately contact the Magistrate Judge to schedule a settlement conference to occur on or before **Monday, June 17, 2024.**

## VI. PRETRIAL CONFERENCE AND PRETRIAL DEADLINES

1. Witness lists and exhibit lists (not including exhibits used solely for impeachment purposes or demonstrative exhibits) shall be filed by both Parties on or before **Tuesday, May 14, 2024.** Thereafter, the Parties shall meet and confer and shall discuss revisions, and shall discuss the other items that are to be addressed in the Joint Pretrial Order (see Section VII.4), including timing to exchange drafts of the Joint Pretrial Order items.

2. Non-evidentiary pre-trial motions and motions in limine regarding expert testimony are due on **Thursday, June 6, 2024.** Oppositions shall be due on **Thursday, June 13, 2024.** Any replies shall be due on **Tuesday, June 18, 2024.** The submission date for such motions shall be **Wednesday, June 19, 2024.**

3. The Joint Pretrial Order must be filed by 5:00 p.m. on **Tuesday, June 25, 2024.** It shall contain the following:[10]

    a. Date of the Pre-Trial Conference;

    b. Appearance of Counsel identifying the party(s) represented;

---

[10] The Parties agree to comply with any additional guidance provided by any Pre-Trial Notices issued by the Court.

6

c. Description of the Parties;

d. Statement of Jurisdiction;

e. A List and Description of any Motions Pending or Contemplated;

f. A Brief Summary of the Material Facts Claimed by Each Party

g. A List of Uncontested Material Facts;

h. A List of Contested Issues of Fact;

i. A List of Contested Issues of Law;

j. A List of Exhibits Intended to be Introduced at Trial (except those that will be used solely for impeachment purposes), and identifying those that the parties will stipulate into evidence and those that will be offered without objections to foundation;

k. A List of Demonstrative Exhibits to be Used in opening statements or closing arguments;

l. A Description of any Deposition Testimony to be Offered into Evidence (except testimony that will be used solely for impeachment purposes);

m. A List of Witnesses, identifying whether the witness will be appearing in person or by deposition testimony, except those witnesses that will be used solely for impeachment purposes;

n. A Statement of Whether the Case is a Jury or Non-Jury Case;

o. A Statement of Other Matters that Might Expedite Disposition of the Matter;

p. The Date Trial Shall Commence;

q. A Statement that the Pre-Trial Order Has Been Formulated After Conference; and

r. A Statement that Settlement Was Considered.

4. Any exhibits to be used solely for impeachment must be presented to the Court for in camera review by **Tuesday, June 25, 2024** (3 working days before the pretrial conference) at 5:00 pm along with a motion for leave to file under seal the proposed

impeachment exhibits and a memorandum explaining why they need not be disclosed under Chiasson v. Zapata Gulf Marine Corp., 988 F.2nd 513 (5th Cir. 1993).

5. A pretrial conference is hereby set for **Monday, July 1, 2024**, at 2:00 p.m.

6. The final list of witnesses to be called at trial must be filed by **Monday, July 8, 2024,** at 5:00 p.m. (5 working days after the pretrial conference).

7. Motions in limine (other than those regarding the admissibility of expert testimony) and memoranda in support must be filed no later than **Wednesday, July 17, 2024** at 5:00 pm. Responses to motions in limine must be filed by **Wednesday, July 24, 2024** at 5:00 p.m.

8. On or before **Friday, July 26, 2024** at 5:00 p.m., the Parties must file, email, and deliver to the Court the following:

    a. Joint statement of the case;

    b. Joint jury instruction (or if agreement cannot be reached, counsel shall provide alternate versions with respect to any instruction in dispute, with its reasons for putting forth an alternative instruction and the law in support thereof)

    c. Joint proposed jury verdict form (or if agreement cannot be reached, separate proposed jury verdict forms and a joint memorandum explaining the disagreements between the parties as to the verdict form)

    d. Proposed special voir dire questions

    e. Two copies of joint bench books of tabbed exhibits, with indices of "objected-to" and "unobjected-to" exhibits, identifying which party will offer each exhibit and which witness will testify regarding the exhibit at trial

    f. Objections to exhibits and supporting memoranda

    g. Objections to deposition testimony and supporting memoranda

9. On or before **Tuesday, July 30, 2024** at 5:00 p.m., the Parties must file, email, and deliver to the Court the following:

    a. Responses to objections to exhibits

  b. Responses to objections to deposition testimony

 10. If counsel intends to ask questions on cross-examination of an economic expert (including certified public accountants) which require mathematical calculations, the factual elements of such questions shall be submitted to the expert witness by **Tuesday, July 30, 2024** at 5:00 p.m.

 11. Copies of any charts, graphs, models, schematic diagrams, and similar objects intended to be used in opening statements or closing arguments must be provided to opposing counsel by **Tuesday, August 6, 2024** at 5:00 p.m.

 12. Objections to any charts, graphs, models, schematic diagrams, and similar objects intended to be used by opposing counsel in opening statements or closing arguments must be filed by **August 8, 2024** at 5:00 p.m.

## VII. TRIAL.

 1. Trial will commence on **Monday, August 12, 2024**, and is expected to last fifteen business days.

## VIII. CHART OF EVENTS.

 1. A chart of deadlines for events and milestones, consistent with the preceding terms of this order, begins on the following page.

# THIRTEENTH CASE MANAGEMENT ORDER
# CHART OF EVENTS

| Event | Date |
|---|---|
| All fact discovery complete[11] | Wednesday, January 31, 2024 |
| Plaintiffs' expert reports due | Friday, February 16, 2024 |
| Defendants' expert reports due | Friday, March 8, 2024 |
| Defendants' deadline to provide responses to Interrogatories 1-3 and Requests for Production 68, 86-87 | Friday, March 8, 2024 |
| Plaintiffs' rebuttal expert reports due | Friday, March 29, 2024 |
| Expert discovery must be complete | Tuesday, April 30, 2024 |
| Plaintiffs' fact discovery related to Defendants' responses to Interrogatories 1-3 and Requests for Production 68, 86-87 must be complete | Tuesday, April 30, 2024 |
| Witness lists and exhibit lists shall be filed (90 days before trial) | Tuesday, May 14, 2024 |
| All non-evidentiary pretrial motions and motions in limine regarding expert testimony are due | Thursday, June 6, 2024 |
| Oppositions to non-evidentiary pretrial motions and motions in limine regarding expert testimony are due | Thursday, June 13, 2024 |
| Deadline for settlement conference with Magistrate Judge | Monday, June 17, 2024 |
| Replies on any non-evidentiary pretrial motions and motions in limine regarding expert testimony are due | Tuesday, June 18, 2024 |

---

[11] All fact discovery related to class certification, except: 1) Defendants must provide complete responses to Interrogatories 1-3 and Requests for Production 68 and 86-87 on or before February 23, 2024; and 2) Fact discovery by the Plaintiffs related to Defendants' responses to Interrogatories 1-3 and Requests for Production 68 and 86-87, must be completed by April 30, 2024.

10

| Event | Date |
|---|---|
| Tentative submission date for non-evidentiary pretrial motions and motions in limine regarding expert testimony | Wednesday, June 19, 2024 |
| Joint pretrial order to be submitted by the parties by 5:00 p.m. (3 working days before pretrial conference) | Tuesday, June 25, 2024 |
| Any exhibits to be used solely for impeachment must be presented to the Court for in camera review by 5:00 p.m, with a motion for leave to file under seal (3 working days before pretrial conference) | Tuesday, June 25, 2024 |
| Pretrial conference held at 2:00 p.m. | Monday, July 1, 2024 |
| The final list of witnesses to be called at trial must be filed by 5:00 p.m. (5 working days after pretrial conference) | Monday, July 8, 2024 |
| Motions in limine (other than those regarding the admissibility of expert testimony) and memoranda in support must be filed by 5:00 p.m. | Wednesday, July 17, 2024 |
| Responses to motions in limine must be filed | Wednesday, July 24, 2024 |
| Joint statement of the case to be filed, emailed, and delivered to the Court by 5:00 p.m. | Friday, July 26, 2024 |
| Joint jury instruction (or if agreement cannot be reached, counsel shall provide alternate versions with respect to any instruction in dispute, with its reasons for putting forth an alternative instruction and the law in support thereof), to be filed, emailed, and delivered to the Court by 5:00 p.m. | Friday, July 26, 2024 |
| Joint proposed jury verdict form (or if agreement cannot be reached, separate proposed jury verdict forms and a joint memorandum explaining the disagreements between the parties as to the verdict form) to be filed, emailed, and delivered to the Court by 5:00 p.m. | Friday, July 26, 2024 |
| Proposed special voir dire questions to be filed, emailed, and delivered to the Court by 5:00 p.m. | Friday, July 26, 2024 |

| Event | Date |
|---|---|
| Two copies of joint bench book(s) of tabbed exhibits, with indices of "objected-to" and "unobjected-to" exhibits, identifying which party will offer each exhibit and which witness will testify regarding the exhibit at trial to be filed, emailed, and delivered to the Court by 5:00 p.m. | Friday, July 26, 2024 |
| Objections to exhibits and supporting memoranda to be filed, emailed, and delivered to the Court by 5:00 p.m. **NOTE:** Each objection must identify the relevant objected-to exhibit by the number assigned to the exhibit in the joint bench book(s) | Friday, July 26, 2024 |
| Objections to deposition testimony and supporting memoranda to be filed, emailed, and delivered to the Court by 5:00 p.m. | Friday, July 26, 2024 |
| Responses to objections to exhibits to be filed, emailed, and delivered to the Court by 5:00 p.m. | Tuesday, July 30, 2024 |
| Responses to objections to deposition testimony to be filed, emailed, and delivered to the Court by 5:00 p.m. | Tuesday, July 30, 2024 |
| If counsel intends to ask questions on cross-examination of an economic expert (including certified public accounts) that require mathematical calculations, the factual elements of such questions shall be submitted to the expert witness by 5:00 p.m. | Tuesday, July 30, 2024 |
| Copies of any charts, graphs, models, schematic diagrams, and similar objects intended to be used in opening statements or closing arguments to be provided to opposing counsel by 5:00 p.m. | Tuesday, August 6, 2024 |
| Objections to any charts, graphs, models, schematic diagrams, and similar objects intended to be used by opposing counsel in opening statements or closing arguments to be filed, emailed, and delivered to the Court by 5:00 p.m. | Thursday, August 8, 2024 |
| Jury trial | Monday, August 12, 2024 |

**SO ORDERED.**

**New Orleans, Louisiana, this 15th day of February 2024.**

*[signature: Susie Morgan]*

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**