UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

CASE NO. 19-11133

SECTION "E" (5)

---

**FREDERICK ADDISON, ET AL**
*Plaintiff*

**VERSUS**

**LOUISIANA REGIONAL LANDFILL COMPANY, ET AL**
*Defendants*

---

## MOTION IN LIMINE TO EXCLUDE THE REPORT AND TESTIMONY OF ALI HASHIMI BY DEFENDANT, JEFFERSON PARISH

---

W. PETER CONNICK (No. 14158)
MICHAEL S. FUTRELL (No. 20819)
MATTHEW D. MOGHIS (No. 33994)
**CONNICK AND CONNICK, LLC**
3421 N. Causeway Blvd., Suite 408
Metairie, Louisiana 70002
Telephone:      (504) 681-6663
Facsimile:       (504) 838-9903
E-mail:           *mfutrell@connicklaw.com*
                      *moghis@connicklaw.com*

*Counsel for Defendant, Jefferson Parish*

## TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................................................ ii

TABLE OF AUTHORITIES ..................................................................................................... iii

MOTION IN LIMINE TO EXCLUDE THE EXPERT TESTIMONY AND REPORT
RENDERED BY ALI HASHIMI ................................................................................................1

MEMORANDUM IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE THE EXPERT
TESTIMONY OF ALI HASHIMI ..............................................................................................3

    I.    SUMMARY OF THE ARGUMENT ....................................................................................3

    II.   FACTUAL BACKGROUND ............................................................................................4

         A. FACTS AT ISSUE ................................................................................................4

         B. STATEMENT OF THE CASE ..............................................................................5

    III.  LAW AND ARGUMENT ................................................................................................5

         A. STATEMENT OF THE ISSUES ...........................................................................5

         B. ALI HASHIMI'S EXPERT REPORT CONTAINS MULTIPLE LEGAL CONCLUSIONS
            IN WHICH HE ALLOCATES FAULT IN AN ATTEMPT TO TELL THE JURY WHAT
            CONCLUSION TO REACH, WHICH IS IMPERMISSIBLE BECAUSE IT INVADES THE
            PROVINCE OF THE JURY AS THE FACTFINDER .......................................................7

         C. ALI HASHIMI'S TESTIMONY IS NOT REQUIRED FOR THE JURY TO
            UNDERSTAND THE CONTENTS OF THE CONTRACT BECAUSE THE JURY WILL
            BE ABLE TO VIEW THE CONTRACT AND MUST MAKE THEIR OWN
            INTERPRETATIONS; THE WORDS OF THE CONTRACT ARE CLEAR AND
            EXPLICIT AND REQUIRE NO EXPERT TESTIMONY ...............................................10

    IV.  CONCLUSION ...........................................................................................................16

## TABLE OF AUTHORITIES

### CASES

*Kumho Tire CO., Ltd. v. Carmichael*, 526 U.S. 137, 141, 119 S. Ct. 1167, 143 L.Ed.2d 238 (1999) ........................................................................................................................................................6

*Melerine v. Tom's Marine & Salvage, LLC*, 2020-00571, (La. 3/24/21); 315 So.3d 806 .............. 6

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S. Ct. 2786, 125 L.F.D.2d 469 (1993) ........................................................................................................................................... 6

*Shawler v. Ergon Asphalt & Emulsions, Inc.*, No. 15-2599, 2016 WL 1019121, *1 (E.D. La. Mar. 15, 2016) ................................................................................................................. 6, 7, 8

*Matter of Tara Crosby, LLC*, 603 F.Supp.3d 305 (E.D. La.2022) ........................................... 6, 7

*In re Tasch, Inc.*, 97-15901 JAB, 1999 WL 596261, at *2 (E.D. La. Aug. 5, 1999)................ 6, 11

*Brandner v. State Farm Mut. Auto. Ins. Co.*, CV 18-982, 2019 WL 636423, a*1 (E.D. La. Feb. 14, 2019) ........................................................................................................................................ 6

*In re Midland Enterprises, Inc.*, CIV.A. 00-3750, 2002 WL 31780156, *1, (E.D. La. Dec. 11, 2002) ........................................................................................................................................ 7

*See Vogler v. Blackmore*, 352 F.3d 150, 155 (5th Cir. 2003)........................................................ 11

*Waste Mgmt. of Louisiana, L.L.C. v. Par.*, CIV.A. 13-6764, 2015 WL 5798029, at *3 (E.D. La. Oct. 5, 2015). ........................................................................................................................... 12

*Greenup Indus. LLC v. Five S Grp., LLC*, CV 22-2203, 2023 WL 7335235, *1 (E.D. La. Nov. 7, 2023) ....................................................................................................................................... 13

### STATUTES AND CODES

Federal Rule of Evidence 702................................................................................................... 5, 11

Louisiana Civil Code Article 1906 ........................................................................................... 6, 10

Louisiana Civil Code Article 2046 ........................................................................................... 6, 10

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **FREDERICK ADDISON, ET AL** | * | **CIVIL ACTION NO.** |
| | * | **19-11133 C/W 19-14512** |
| | * | |
| | * | **SECTION "E-5"** |
| **VERSUS** | * | |
| | * | **JUDGE SUSIE MORGAN** |
| | * | |
| **LOUISIANA REGIONAL LANDFILL** | * | **MAGISTRATE JUDGE EVA DOSSIER** |
| **COMPANY, ET AL** | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## DEFENDANT'S MOTION IN LIMINE TO EXCLUDE THE EXPERT TESTIMONY AND REPORT RENDERED BY ALI HASHIMI

**NOW INTO COURT,** through undersigned counsel comes the Defendant, Jefferson Parish, who hereby moves this Honorable Court to exclude the report and testimony of Ali Hashimi. Through this Motion in Limine, the Defendant, Jefferson Parish, seeks to prohibit the testimony of Waste Connections' expert, Ali Hashimi. Waste Connections employed Ali Hashimi to testify about a written contract between Waste Connections and Jefferson Parish. Ali Hashimi's testimony renders legal conclusions and allocates fault on behalf of the Defendant, Jefferson Parish. Ali Hashimi's testimony usurps the role of the factfinder because the allocation of fault is solely within the province of the jury.

The role of the jury is to listen to the facts, evaluate the evidence, and render a decision. In this case it is the ultimate decision of the jury to determine and allocate fault, if any, among the parties. During this trial the jury will be presented with the contract, evaluate that contract, and ultimately, after reading the contract, the jury must reach their own decision concerning fault. Ali Hashimi states in his deposition that the jury can read the contract in the same way he read the contract; as such his testimony does not assist the trier of face. Further, his testimony is cumulative as the jury must make their own decision regarding the contents of the contract.

1 of 16

Ali Hashimi's testimony is riddled with legal conclusions, which is an impermissible attempt to tell the jury what their ultimate finding should be and to shift liability away from Waste Connections. The reasons why this Motion should be granted are set forth in the attached Memorandum in Support.

**WHEREFORE**, Defendant, Jefferson Parish, respectfully requests the Court grant this Motion in Limine prohibiting Waste Connections' expert, Ali Hashimi, from testifying as to his interpretation of the contract and providing opinions which are legal conclusions in an effort to allocate fault to the Defendant, Jefferson Parish. Ali Hashimi's testimony must be excluded because it invades the province of the jury by rendering legal conclusions and will not aid the factfinder.

<div style="display:flex">
<div>

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing pleading was served upon all counsel of record in the parties named herein through the Court's ECF system.

Metairie, Louisiana, this 6ᵗʰ day of June, 2024.

_/s/ Michael S. Futrell_
MICHAEL S. FUTRELL

</div>
<div>

Respectfully submitted,

**CONNICK AND CONNICK, LLC**

_/s/ Michael S. Futrell_
W. PETER CONNICK, LA. BAR NO. 14158
MICHAEL S. FUTRELL, LA. BAR NO. 20819
MATTHEW D. MOGHIS, LA. BAR NO. 33994
3421 N. Causeway Boulevard, Suite 408
Metairie, Louisiana 70002
Telephone:   (504) 681-6663
Facsimile:   (504) 838-9903
E-mail:       *mfutrell@connicklaw.com*
              *moghis@connicklaw.com*

*Counsel for Defendant, Jefferson Parish*

</div>
</div>

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| FREDERICK ADDISON, ET AL | * | CIVIL ACTION NO. |
| | * | 19-11133 C/W 19-14512 |
| | * | |
| | * | SECTION "E-5" |
| VERSUS | * | |
| | * | JUDGE SUSIE MORGAN |
| | * | |
| LOUISIANA REGIONAL LANDFILL | * | MAGISTRATE JUDGE EVA DOSSIER |
| COMPANY, ET AL | * | |
| | * | |

* * * * * * * * * * * * * * * *   * * * * * * * * * * * * * * * *

## MEMORANUM IN SUPPORT OF DEFENDANT'S MOTION IN LIMINE TO EXCLUDE THE EXPERT TESTIMONY OF ALI HASHIMI

MAY IT PLEASE THE COURT:

Waste Connections intends to offer impermissible expert testimony by Ali Hashimi at trial. As shown herein, Ali Hashimi, will be called to testify regarding his interpretation of the contract between Waste Connections, previously IESI Landfill Corporation, and Jefferson Parish. Ali Hashimi's testimony will not aid the trier of fact in understanding the evidence because the jury will be presented with the contract, and the words of the contract are clear and explicit and do not require the testimony of an expert. Further, if there are terms within the contract that the jurors may not understand, there are multiple fact witnesses who can and will testify to the meaning of those terms. Ali Hashimi's testimony will mirror the testimony of multiple fact witnesses. Additionally, the contract itself contains a section dedicated to important definitions of terms used within the contract. The jurors will be presented with the contract during trial and may be required to make a decision as to how to apportion fault based on their interpretation of the contract. Ali Hashimi's testimony blatantly invades the province of the jury by telling the jury what result to reach in an attempt to substitute Ali Hashimi's judgment for that of the jury. The testimony is cumulative under Federal Rule of Evidence 403, and the testimony renders legal conclusions as to

how the jury should allocate fault. For the foregoing reasons, the Defendant's Motion in Limine should be granted, and Waste Connections' expert, Ali Hashimi, should be excluded from testifying at trial.

## I.   FACTUAL BACKGROUND

### A.   FACTS AT ISSUE

On May 12, 2012, The Parish of Jefferson and IESI LA Landfill Corporation, now Waste Connections, entered it a contract to provide services, to operate, manage, and maintain the Jefferson Parish Sanitary Landfill Site.[1] IESI LA Landfill Corporation, operated portions of the JPLF from May 2013 through December 31, 2020.

Waste Connections employed Ali Hashimi to testify about a written contract between Waste Connections and Jefferson Parish.[2] Ali Hashimi's testimony renders legal conclusions and allocates fault on behalf of the Defendant, Jefferson Parish. Ali Hashimi rendered a report in this case and intends to offer testimony to support the opinion that Jefferson Parish bore the sole responsibility for the alleged deficiencies at the Landfill. In this report, he reaches the ultimate legal conclusion that Jefferson Parish was responsible for the alleged inadequacies of the Landfill that led to the Plaintiff's alleged damages.

Ali Hashimi seeks to offer testimony that will (1) render legal conclusions as to the responsibility and fault of Jefferson Parish, which invades the province of the jury; and (2) lend his opinions concerning the interpretation of the contract between Waste Connections and Jefferson Parish. Ali Hashimi cannot offer testimony which interprets the contract. This testimony seeks to allocate fault on behalf of the Defendants in an effort to tell the jury the result to reach as

---

[1] See Contract Between Jefferson Parish and IESI LA Landfill Corporation, attached hereto as Exhibit "A."
[2] See Ali Hashimi's Expert Report attached hereto as Exhibit "B."

it pertains to the ultimate issue in this case. Ali Hashimi states in his deposition that the jury can read the contract in the same way he read the contract; as such his testimony does not assist the trier of face. Further, his testimony is cumulative as the jury must make their own decision regarding the contents of the contract. This testimony will invade the province of the jury, and Ali Hashimi should not be allowed to testify that Jefferson Parish was responsible for the alleged deficiencies at the Jefferson Parish Landfill.

### B. STATEMENT OF THE CASE

Pursuant to the Thirteenth Case Management Order.[3] Motions in Limine regarding expert testimony are to be filed by June 6, 2024, with a submission date of June 19, 2024. Trial is currently set in this matter for Monday, August 12, 2024.[4]

## II. LAW AND ARGUMENT

### A. STATEMENT OF THE ISSUES

As this Court is aware, the gatekeeping function to ensure that any and all scientific testimony or evidence admitted is relevant and reliable is of the utmost importance. Federal Rule of Evidence 702 specifically states that a witness who is qualified as an expert by knowledge skill, experience, training, or education may testify in the form of an opinion or otherwise if: (1) the expert's scientific, technical or other specialized knowledge will help the trier of fact understand the evidence or to determine a fact in issue; (2) the testimony must be based on sufficient facts or data; (3) the testimony is the product of reliable principles and methods; and (4) the expert must have reliably applied the principles and methods to the facts of the case.[5]

*Daubert's* general "gatekeeping" applies not only to testimony based upon scientific

---

[3] See Thirteenth Scheduling Order, filed on February 15, 2024, attached hereto as Exhibit "C."
[4] See Exhibit "C."
[5] Fed. R. Evid. 702.

knowledge, but also to testimony based on "technical and other specialized knowledge."[6] <u>The expert's opinions must be grounded in scientific methods and procedures, not subjective belief or unsupported speculation.</u>[7] Simply put, expert testimony should be admitted only if it is both reliable and relevant.[8] Rule 704(a) "'does not allow a witness to give legal conclusions.'"[9] Experts cannot render opinions which **invade the province of** the Court as keeper of the law, **the jury as factfinder**, or both.[10]

Under Louisiana law, a contract is an agreement by two or more parties whereby obligations are created, modified, or extinguished.[11] Further, when the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent.[12] "Expert testimony on matters which a jury is capable of understanding and deciding without the expert's help should be excluded. Expert testimony that does nothing more than "mirror" testimony offered by fact witnesses should also be excluded. Finally, the expert witness must "bring to the jury more than the lawyers can offer in argument."[13]

Moreover, the proponent of expert testimony must demonstrate that the expert possesses a higher degree of knowledge, skill, experience, training, or education than an ordinary person."[14] Accordingly, the onus is on the Defendant, Aptim, to establish Barry Kline's expertise.

---

[6] *Kumho Tire CO., Ltd. v. Carmichael*, 526 U.S. 137, 141, 119 S. Ct. 1167,1171, 143 L.Ed.2d 238 (1999); *Independent Fire Ins. Co. v. Sunbeam Corp.* 99-2181 (La. 2/29/00), 755 So.2d 226, 234.

[7] *Melerine v. Tom's Marine & Salvage, LLC*, 2020-00571, p. 17 (La. 3/24/21); 315 So.3d 806, 818.

[8] *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592, 113 S. Ct. 2786, 2795, 125 L.Ed.2d 469 (1993)

[9] *Shawler v. Ergon Asphalt & Emulsions, Inc.*, No. 15-2599, 2016 WL 1019121, at *10 (E.D. La. Mar. 15, 2016). aff'd sub nom. *Shawler v. Big Valley, L.L.C.*, 728 F. App'x 391 (5th Cir. 2018) (quoting *U.S. v. Williams*, 343 F.3d 423, 435 (5th Cir. 2003)). *Id.* at 4.

[10] *Matter of Tara Crosby, LLC*, 603 F.Supp.3d 305 (E.D. La.2022), citing See, e.g., *Prestenbach v. Chios Challenge Shipping & Trading S.A.*, 2005 WL 517445, at *7 n.19 (E. D La. Feb. 24, 2005).

[11] Louisiana Civil Code art. 1906.

[12] Louisiana Civil Code art. 2046.

[13] *In re Tasch, Inc.*, 97-15901 JAB, 1999 WL 596261, at *2 (E.D. La. Aug. 5, 1999).

[14] *Brandner v. State Farm Mut. Auto. Ins. Co.*, CV 18-982, 2019 WL 636423, at *3 (E.D. La. Feb. 14, 2019).

ı

## B. ALI HASHIMI'S EXPERT REPORT CONTAINS MULTIPLE LEGAL CONCLUSIONS IN WHICH HE ALLOCATES FAULT IN AN ATTEMPT TO TELL THE JURY WHAT CONCLUSION TO REACH, WHICH IS IMPERMISSIBLE BECAUSE IT INVADES THE PROVINCE OF THE JURY AS THE FACTFINDER.

Ali Hashimi's opinions render legal conclusions, which usurps the role of the jury and is inadmissible. The United States Fifth Circuit is clear that Rule 704(a) "'does not allow a witness to give legal conclusions.'"[15] Experts cannot render opinions which **invade the province of** the Court as keeper of the law, **the jury as factfinder**, or both.[16] Here, Ali Hashimi's report and deposition testimony contains many legal conclusions that ultimately state who is at fault and responsible for the deficiencies of the Landfill; the determination of fault is the ultimate issue in this case and that is the sole, sacred job of the jury. Ali Hashimi's expert report and testimony invades the province of the jury by rendering a legal conclusion as to fault, and therefore his testimony must be excluded.

*In re Midland Enterprises, Inc.*, the court found that an expert's testimony was inadmissible because it gave an opinion as to the ultimate issue that is reserved for the finder of fact. In *In re Midland Enterprises, Inc.*, the court did not allow the plaintiff's expert to testify because his report set forth various opinions which contained legal conclusions concerning negligence, which was the ultimate issue in the case.[17] Further, the expert's proposed testimony did not rest upon any specialized knowledge or experience foreign to the juror.[18] The court stated,

---

[15] *Shawler v. Ergon Asphalt & Emulsions, Inc.*, No. 15-2599, 2016 WL 1019121, at *10 (E.D. La. Mar. 15, 2016), aff'd sub nom. *Shawler v. Big Valley, L.L.C.*, 728 F. App'x 391 (5th Cir. 2018) (quoting *U.S. v. Williams*, 343 F.3d 423, 435 (5th Cir. 2003)). Id. at 4.
[16] *Matter of Tara Crosby, LLC*, 603 F.Supp.3d 305, (E.D. La.2022), citing See, e.g., *Prestenbach v. Chios Challenge Shipping & Trading S.A.*, 2005 WL 517445, at *7 n.19 (E. D La. Feb. 24, 2005).
[17] *In re Midland Enterprises, Inc.*, CIV.A. 00-3750, 2002 WL 31780156, at *1, *3 (E.D. La. Dec. 11, 2002).
[18] *Id.*

that the expert's testimony, "will not bring to the jury anything more than the lawyers can offer in argument and such opinions should be excluded.[19]

Similarly, in *Shawler v. Ergon Asphalt & Emulsions, Inc.*, the plaintiff sustained injuries while working on a ship, and the plaintiff retained an expert to provide testimony as to those injuries.[20] The expert rendered an opinion as to who was responsible for the plaintiff's injuries. The court held, "the expert opinions regarding the vessel's unseaworthiness, the defendant's purported negligent conduct, and the factual and proximate causes of the Plaintiff's alleged injury all cross into the realm of legal conclusions which are reserved for the trier of fact.[21] The plaintiff's expert opinions which rendered legal conclusions were excluded.[22]

Like *In re Midland Enterprises, Inc.*, and in *Shawler*, the expert report in this case is riddled with legal conclusions as to who is at fault.[23] The opinions in Ali Hashimi's report ultimately determine that Jefferson Parish was responsible for any damages claimed by the Plaintiffs. For example, the report states, "Opinion 3.1: Jefferson Parish bore ultimate responsibility for control over all aspects of the operation of the facility, including the operation and maintenance of the landfill gas control and collection system (GCCS) at the facility.[24] Likewise, Opinion 3.2, Opinion 3.3., Opinion 3.6, Opinion 3.7, Opinion 3.8, Opinion 4.3, Opinion 6.1, Opinion 6.3, Opinion 6.8, all contain the terminology, "Jefferson Parish *bore the responsibility...*" or "Jefferson Parish *was responsible for...*"[25] These are all legal conclusions and is testimony that is impermissible at trial as it goes to the ultimate issue, which is for the jury to determine. If Ali Hashimi is allowed to testify, as to what duties Jefferson Parish was responsible for with reference to the Landfill the fact

---

[19] *Id.*
[20] *Shawler v. Ergon Asphalt & Emulsions, Inc.* at *10 citing, See *In re Midland Enterprises, Inc.*, at *3.
[21] *Id.* at *10.
[22] *Id.*
[23] See Ali Hashimi's Expert Report attached hereto as Exhibit "B."
[24] See Exhibit "B" p. 2.
[25] See Exhibit "B" p. 3 to 7.

finding and fault allocation role of the jury is violated. Rather, the jury will view the contract, and in closing arguments the attorneys can reference the contract and state their argument as to why one party is more at fault than another due to the responsibilities outlined in the contract.

Waste Connections is seeking to present this testimony to the jury to allocate fault and tell the jury that Jefferson Parish is responsible for the damages while stating Waste Connections had no responsibility. All of the opinions within Ali Hashimi's report concern Jefferson Parish's responsibilities, what Jefferson Parish was expected to do, expected to understand, and what Jefferson Parish had control of with reference to the Landfill. Nowhere in Ali Hashimi's opinions does he identify the responsibilities of Waste Connections. In his deposition Ali Hashimi acknowledges that Waste Connections has responsibilities, but those are not mentioned in his report. He stated:

> THE WITNESS: ... I'm not – in the context of their [Waste Connections'] responsibilities and the work they did out at the landfill, I don't know how to relate those two things, so I'm not sure how to answer that question.[26]
>
> By Mr. Futrell: Well your opinion 3.2 says Jefferson Parish had the responsibility to be aware of site conditions.[27]
>
> A. Yes.[28]
>
> Q. You agree with me that the Waste Connections Defendants also had the responsibility to be aware of site conditions?[29]
>
> A. Yes.[30]

This testimony seeks to allocate fault by stating how Jefferson Parish was responsible for the inadequacies of Landfill but fails to state the responsibilities of Waste Connections. The contract itself outlines many of the responsibilities of Waste Connections, but Ali Hashimi does not mention

---

[26] See Deposition from Ali Hashimi attached hereto as Exhibit "D" p. 166:16 to 20.
[27] See Exhibit "D" p. 166: 21 to 24.
[28] See Exhibit "D" p. 166: 25.
[29] See Exhibit "D" p. 167: 1 to 3.
[30] See Exhibit "D" p 167: 4.

those in his report.[31] Specifically, the contract states, "the Parish wishes to engage the services of IESI (now Waste Connections) to operate, manage, and maintain the Expansions Area, and to maintain Landfill Phases I, II, and III, according to the Agreement, the Contract Documents and the Permit Documents." IESI clearly had responsibilities contained within the contract regarding the Landfill.[32] Waste Connections' hired expert is attempting to tell the jury that Jefferson Parish was solely responsible for all the damages that resulted from the Landfill, by shifting liability away from Waste Connections. Ali Hashimi's report contains legal conclusions concerning a contract that the jury can interpret themselves, and due to this his testimony is inadmissible at trial.

### C. ALI HASHIMI'S TESTIMONY IS NOT REQUIRED FOR THE JURY TO UNDERSTAND THE CONTENTS OF THE CONTRACT BECAUSE THE JURY WILL BE ABLE TO VIEW THE CONTRACT AND MUST MAKE THEIR OWN INTERPRETATIONS; THE WORDS OF THE CONTRACT ARE CLEAR AND EXPLICIT AND REQUIRE NO EXPERT TESTIMONY.

Under Louisiana law, a contract is an agreement by two or more parties whereby obligations are created, modified, or extinguished.[33] Further, when the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent.[34] Here, Plaintiff's expert wishes to testify to the contents of the contract, but Ali Hashimi's list of qualifications contained in his curriculum vitae **does not** provide any indication that he is an expert in the interpretation of contractual obligations. Further, the words of the contract are clear and explicit and therefore no further interpretation may be made. Ali Hashimi cannot testify to his interpretation of the contract, and to allow Ali Hashimi to testify would be unnecessary and cumulative. During this trial the jury will be presented with the contract and in

---

[31] See Exhibit "B."
[32] See Contract to Provide Services between IESI LA Landfill Corporation and The Parish of Jefferson, attached hereto as Exhibit "A" p. 1.
[33] Louisiana Civil Code art. 1906.
[34] Louisiana Civil Code art. 2046.

their role as the finder of fact must come to their own determination of each parties' obligations

and responsibilities contained within the contract. Further, Louisiana law is clear that contracts

speak for themselves and therefore the jury does not need Ali Hashimi, who is not an expert in

contracts, to testify to the obligations between Jefferson Parish and IESI LA Landfill Corporation,

now Waste Connections. The jury will be able to read what each party was responsible for with

reference to the Landfill.

Federal Rule of Evidence 702 entitled, Testimony by Expert Witnesses, states:

A witness who is qualified as an expert by knowledge, skill, experience, training, or
education may testify in the form of an opinion or otherwise if the proponent demonstrates
to the court that it is more likely than not that:
**(a) the expert's scientific, technical, or other specialized knowledge will help the trier
of fact to understand the evidence or to determine a fact in issue**
(b) the testimony is based on sufficient facts or data;
(c) the testimony is the product of reliable principles and methods; and
(d) the expert's opinion reflects a reliable application of the principles and methods to the
facts of the case. [35]

Ali Hashimi's expert testimony will not aid the trier of fact to understand the evidence. An expert's

testimony is not relevant and may be excluded if it is directed to an issue that is "well within the

common sense understanding of jurors and requires no expert testimony."[36] In this case, the jurors

will be able to read and interpret the words of the contract with no expert testimony.

*In re Tasch, Inc.*, is a case where the court found in our favor that an expert is not needed

to explain the terms of a contract to the jury.[37] In *In re Tasch, Inch.*, the plaintiff retained an expert

to explain the disputed contract and its terms.[38] The court stated, "Expert testimony on matters

which a jury is capable of understanding and deciding without the expert's help should be excluded.

Expert testimony that does nothing more than "mirror" testimony offered by fact witnesses should

---

[35] Fed R. Evid. 702.
[36] *See Vogler v. Blackmore*, 352 F.3d 150, 155 (5th Cir. 2003).
[37] *In re Tasch, Inc.*, 97-15901 JAB, 1999 WL 596261, at *1 (E.D. La. Aug. 5, 1999).
[38] *Id.*

also be excluded. Finally, the expert witness must "bring to the jury more than the lawyers can offer in argument."[39] After review of the expert's report, the court determined the majority of the report purports to interpret the parties' intentions, contract language, and whether there was a breach of contract.[40] These are matters on which fact witnesses undoubtedly will testify and the lawyers will argue.[41] In *Tasch*, the plaintiff failed to convince the court that expert testimony is necessary to assist the trier of fact on the issues concerning the contractual interpretation. [42] The defendant's motion of exclude the plaintiff's expert was granted to exclude testimony on issues concerning contract interpretation and party intent.[43]

In *Waste Mgmt. of Louisiana, L.L.C. v. Par.*, Jefferson Parish hired an expert to make interpretations of a contract.[44] Waste Management challenged the expert opinion asserting it did not assist the trier of fact and that the interpretation of a contract is a question of law for the court to decide.[45] In *Waste Mgmt. of Louisiana, L.L.C. v. Par.*, this expert had much experience with contractual management where the expert drafted and administered contracts.[46] The court found that the expert would be allowed to testify but **could not** testify as to matters of contract interpretations or legal conclusions.[47] In *Waste Mgmt. of Louisiana, L.L.C. v. Par.*, this expert had much experience with contractual management where the expert drafted and administered contracts.[48] In *Waste Mgmt. of Louisiana, L.L.C. v. Par.*, the expert's report spoke to Waste Management's supposed duties under the contract, whether the Landfill Engineer acted reasonably,

---

[39] *Id.* at *2.
[40] *Id.* at *2.
[41] *Id.* at *2.
[42] *Id.* at *2.
[43] *Id.* at *3.
[44] *Waste Mgmt. of Louisiana, L.L.C. v. Par.*, CIV.A. 13-6764, 2015 WL 5798029, at *3 (E.D. La. Oct. 5, 2015).
[45] *Id.*
[46] *Id.* at *13.
[47] *Id. at* *14.
[48] *Id.* at *13.

whether Waste Management acted improperly, along with other legal conclusions.[49] The court agreed that the expert report is rife with legal conclusions and contractual interpretations. The expert's supplemental report begins by outlining his experience in "drafting and administering engineering and construction contracts," which the court stated is experience that seems aimed at justifying his interpretation of contractual provisions.[50] The court stated, "It is possible that once his inadmissible legal conclusions are excised, Newell [the expert] would have relatively little to say at trial."[51] The court found that the expert would be allowed to testify but **could not** testify as to matters of contract interpretations or legal conclusions.[52]

In *Greenup Indus. LLC v. Five S Grp., LLC*, the defendant sought to exclude an expert's testimony because it contained legal conclusions and contractual interpretations.[53] In *Greenup Indus. LLC.*, the court found that the expert, "stepped outside his area of expertise to opine on the contractual responsibilities of the parties."[54] The party seeking to use the expert was unable to demonstrate how the expert's background enabled him to help the jury resolve contractual ambiguities.[55] The court held that the expert was not able to offer testimony concerning legal conclusions on the contractual responsibilities of the parties.[56]

To be selected for a jury, the juror must be able to read the English language. Here, the jury will be presented with a contract and the jury will be able to read the contents of that contract. Like in *In re Tasch, Inc.*, the contract states the responsibilities of the parties with reference to the Landfill, and there is nothing complicated about the words contained within this contract that

---

[49] *Id.*
[50] *Id.*
[51] *Id.*
[52] *Id. at* *14.
[53] *Greenup Indus. LLC v. Five S Grp., LLC*, CV 22-2203, 2023 WL 7335235, at *2 (E.D. La. Nov. 7, 2023).
[54] *Id. at* *4.
[55] *Id. at* *4.
[56] *Id. at* *5.

require an expert's explanation.[57] Ali Hashimi admits that the jury can read the contract in the same wat he did and states the following in his deposition regarding the contract:

> Q. And so is it fair to say that your determination as to responsibility is reviewing the contract documents to determine what the obligations and responsibilities are under the contract?[58]
>
> A. Primarily, yes. That's what I would think, yes.[59]
>
> Q. And you would agree with me that the contract is a written document?[60]
>
> A. Yes.[61]
>
> Q. And anybody can read it, right?[62]
>
> A. Yes.[63]
>
> Q. The jury can read it, right?[64]
>
> A. Yes.[65]
>
> Q. And the jury can read the same contract that you read and make a decision for themselves as to what that contract says and who has obligations and responsibilities, correct? .[66]
>
> Mr. Paul: Object to form.[67]
>
> The Witness: Yes. I think the difference may be though, so I guess I would say it depends because I would look at myself having the benefit of a lot of experience in managing and dealing with this. So to me it wasn't like reading Greek versus a person who's maybe not ever associated with some of these terms that, you know, aren't out there in the general language that you would expect the everyday person off the street to understand, so they may find it more challenging to do that. Whereas I'm in a position with being experienced

---

[57] See Contract to Provide Services between IESI LA Landfill Corporation and The Parish of Jefferson, attached hereto as Exhibit "A."
[58] See Exhibit "D" p 159:11 to 15.
[59] See Exhibit "D" p. 159:16 to 17.
[60] See Exhibit "D" p. 159:18 to 19.
[61] See Exhibit "D" p. 159 to 20.
[62] See Exhibit "D" p. 159 to 21.
[63] See Exhibit "D" p. 159 to 22.
[64] See Exhibit "D" p. 159: 23.
[65] See Exhibit "D" p. 159: 24.
[66] See Exhibit "D" p. 159: 25 to p. 160: 4.
[67] See Exhibit "D" p 160: 5.

in that field where those types of terms are being used that it would be easier for me to understand what was being discussed.[68]

While Mr. Hashimi agrees that the jury can read the contract in the same way he did; he believes his testimony is useful because he could explain terms to the jury. However, the contract itself contains a portion entitled "DEFINITIONS" which will explain the terms that are used throughout the contract.[69] Further, the terms within the contract will be testified to by fact witnesses. Ali Hashimi is not needed to explain the contract to the jury because the jury can read the contract and interpret the contract, and the terms within the contract will be testified to by fact witnesses throughout the course of the trial. Ali Hashimi does not offer expert knowledge that will aid the trier of fact in understanding the contract because the words of the contract and the responsibilities outlined in the contract are within the jury's common sense. The testimony of Ali Hashimi should be excluded because the jury, as the finder of fact, must make their own interpretations as to what the duties and obligations were of the parties within the contract. Like in *Waste Mgmt. of Louisiana, L.L.C. v. Par.,* the expert report contains legal conclusions and contractual interpretations which are not permissible. Further, like in *Greenup Indus. LLC v. Five S Grp., LLC.,* the motion in limine should be granted because Ali Hashimi will not aid the trier of fact with expert knowledge as he is not an expert in contractual interpretations and his area of expertise does not allow him to opine on contractual responsibilities. Further, contracts speak for themselves, and the jury must view this contract and make their own interpretation as to the responsibilities of the parties involved in the contract.

---

[68] See Exhibit "D" p. 160: 6 to 21
[69] See Exhibit "A" portion entitled DEFINITIONS on p. 1 to p. 4.

## III.  **CONCLUSION**

For these reasons, the Waste Connections' expert, Ali Hashimi, should be prohibited from offering testimony at trial. Ali Hashimi's testimony invades the province of the jury by allocating fault, which is the role of the factfinder. Ali Hashimi's testimony will not aid the trier of fact, because the jury is capable of viewing, reading, and understanding the contract, and allowing Ali Hashimi to testify would simply mirror the testimony offered by fact witnesses. The testimony contained within Ali Hashimi's expert report is riddled with legal conclusions that are impermissible attempts to allocate fault on the part of the Defendants, and therefore this allocation of fault invades the province of the jury.

**WHEREFORE**, the Defendant prays that this Motion in Limine is granted as Ali Hashimi's testimony is inadmissible.

<table>
<tr>
<td>

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing pleading was served upon all counsel of record in the parties named herein through the Court's ECF system.

Metairie, Louisiana, this 6th day of June, 2024.

_____/s/ Michael S. Futrell_____
MICHAEL S. FUTRELL

</td>
<td>

Respectfully submitted,

CONNICK AND CONNICK, LLC

_____/s/ Michael S. Futrell_____
W. PETER CONNICK, LA. BAR No. 14158
MICHAEL S. FUTRELL, LA. BAR No. 20819
MATTHEW D. MOGHIS, LA. BAR No. 33994
3421 N. Causeway Boulevard, Suite 408
Metairie, Louisiana 70002
Telephone:  (504) 681-6663
Facsimile:  (504) 838-9903
E-mail:  *mfutrell@connicklaw.com*
  *moghis@connicklaw.com*

*Counsel for Defendant, Jefferson Parish*

</td>
</tr>
</table>