# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FREDERICK ADDISON, ET AL.,** | CIVIL ACTION |
| Plaintiffs | NO. 19-11133, c/w 19-14512 |
| V. | SECTION: "E" (5) |
| **LOUISIANA REGIONAL LANDFILL COMPANY, ET AL.,** | |
| Defendants | JUDGE: Morgan |
| | MAGISTRATE JUDGE: North |
| *Applies to: Both Cases* | |

## PLAINTIFFS' MOTION TO EXCLUDE "OTHER SOURCES" EVIDENCE

Pursuant to § VI.2 of the Thirteenth Case Management Order, Plaintiffs move this Court to submit this motion to exclude Defendants' affirmative defense that Plaintiffs' injuries were caused by "other sources." Other than the River Birch and Hy 90 landfills, Defendants have not even attempted to meet their burden of establishing another source and, even as to the two landfills, their evidence actually negates their defense, as demonstrated below.

1. Almost since the beginning of this litigation, Defendants have contended that the horrific odors experienced by the Plaintiffs came from sources other than the Jefferson Parish Landfill.

2. Yet in the past six years, Defendants have failed to identify any other source that they contend was actually responsible for the Plaintiffs' injuries.

3. In addition to asserting that none of the three Landfills were to blame, Defendants have offered expert opinions purporting to show that Plaintiffs did not suffer injury from any odor from any source.

1

4. Notwithstanding the length of time Defendants have had to gather sufficient evidence to support this affirmative defense, they have failed to do so.

5. Other than with respect to the River Birch and Highway 90 landfills, Defendants have done little more than identify other potential sources of odors in the community.

6. Defendants have failed entirely, however, to demonstrate that any of the Plaintiffs were actually exposed to odors or gases emanating from any of these other potential sources.

7. And, as to the other two landfills, Defendants argue that the aggregate emissions were insufficient to cause the Plaintiffs actual harm.

8. Plaintiffs incorporate by reference their accompanying brief in support of this motion to exclude Defendants' affirmative defense that Plaintiffs' injuries were caused by "other sources."

WHEREFORE, for the reasons set forth above and as set forth in their accompanying brief in support of this motion to exclude Defendants' affirmative defense that Plaintiffs' injuries were caused by "other sources," Plaintiffs respectfully request that this Court exclude Defendants' affirmative defense that Plaintiffs' injuries were caused by "other sources."

Dated: June 6, 2024

        Respectfully submitted,

           /s/ S. Eliza James
Byron M. Forrest (La. Bar No. 35480)
Nicholas V. Cressy (La. Bar No. 35725)
S. Eliza James (La. Bar No. 35182)
FORREST CRESSY & JAMES, LLC
1222 Annunciation Street
New Orleans, Louisiana 70130
Tele:(504) 605.0777
Fax: (504) 322.3884
Email: byron@fcjlaw.com
nicholas@fcjlaw.com

eliza@fcjlaw.com

      /s/ Eric C. Rowe
C. Allen Foster (Admitted Pro Hac Vice)
Eric C. Rowe (Admitted Pro Hac Vice)
Harry S. Johnson (Admitted Pro Hac Vice)
James Jeffcoat (Admitted Pro Hac Vice)
Masten Childers, III (Admitted Pro Hac Vice)
WHITEFORD, TAYLOR & PRESTON, L.L.P.
1800 M Street, NW, Suite 450N
Washington, DC 20036
Tele: (202) 659.6800
Fax: (202) 331.0573
Email: cafoster@wtplaw.com
erowe@wtplaw.com
mchilders@wtplaw.com
*Counsel For Addison Plaintiffs*