**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| ELIAS JORGE "GEORGE" ICTECH-BENDECK, **Plaintiff** | CIVIL ACTION<br><br>NO. 18-7889<br>c/w 18-8071,<br>18-8218, 18-9312 |
| VERSUS | |
| WASTE CONNECTIONS BAYOU, INC., ET AL., **Defendants** | SECTION: "E" (5) |
| *Related Case:* | CIVIL ACTION |
| FREDERICK ADDISON, ET AL., **Plaintiffs** | NO. 19-11133, c/w 19-14512 |
| VERSUS | SECTION: "E" (5) |
| LOUISIANA REGIONAL LANDFILL COMPANY, ET AL., **Defendants** | JUDGE: Morgan<br>MAGISTRATE JUDGE: North |
| *Applies to: All Cases* | |

**WASTE CONNECTIONS DEFENDANTS' SECOND SUPPLEMENTAL RESPONSES**
**TO *ADDISON* PLAINTIFFS' FIRST SET OF INTERROGATORIES**

Pursuant to the Court's Order from the October 23, 2023 state conference (18-cv-7889, R.

Doc. 382; 19-cv-11133, R. Doc. 428), Defendants Waste Connections US, Inc., Waste

Connections Bayou, Inc., and Louisiana Regional Landfill Company (collectively, the "Waste

Connections Defendants") provide the below second supplemental responses to the *Addison*

Plaintiffs' First Set of Interrogatories, dated February 16, 2023, pursuant to the Federal Rules of

Civil Procedure. The Waste Connections Defendants' good-faith responses are based on

information presently known to them. These responses are made without prejudice to the Waste

Connections Defendants' right to amend or supplement their responses, or assert additional objections, if further responsive information subsequently becomes known to them.

## **GENERAL OBJECTIONS AND LIMITATIONS**

1.      The Waste Connections Defendants object to the Interrogatories to the extent that they seek privileged or confidential information, including information encompassed by the attorney-client privilege, the work product doctrine, the joint defense privilege, or any other applicable privilege or immunity. The Waste Connections Defendants' responses are not intended to and cannot be construed as a waiver or relinquishment of any applicable privilege or immunity.

2.      The Waste Connections Defendants object to the Interrogatories to the extent that they seek information and documents that are confidential, non-public business information, financial data, proprietary knowledge, or trade secrets. The provision of this information will be subject to the provisions of the Agreed Protective Order, so-ordered on November 4, 2019.

3.      The Waste Connections Defendants object to the Interrogatories to the extent that they seek information not in the possession, custody, or control of the Waste Connections Defendants.

4.      The Waste Connections Defendants object to the Interrogatories as unduly burdensome to the extent that they seek information that cannot be located after a reasonable search of the records reasonably believed most likely to contain the responsive information.

5.      The Waste Connections Defendants object to the Interrogatories to the extent that they seek information beyond the scope of discovery permitted under the Federal Rules of Civil Procedure or the Local Rules of the Eastern District of Louisiana.

6.      The Waste Connections Defendants object to the Interrogatories to the extent that they seek disclosure of information not relevant to a claim or defense of a party or beyond the scope of any directive or order of the Court governing the scope of discovery.

7.      The Waste Connections Defendants object to the Interrogatories, including the definitions, to the extent that they are overly broad, unduly burdensome, oppressive, or harassing, or are not proportional in relation to the reasonable needs of the case.

8.      The Waste Connections Defendants object to the Interrogatories, including the definitions, to the extent that they seek information outside the relevant time period, or they fail to specify a reasonable time frame. Plaintiffs' claims only relate to the period of July 1, 2017, until December 31, 2019, pursuant to the Court's Findings of Fact and Conclusions of Law, dated November 29, 2022, No. 18-cv-7889, R. Doc. 285; No. 19-cv-11133, R. Doc. 323, and the Waste Connections Defendants ceased operating at the Jefferson Parish Landfill as of December 31, 2020. The Waste Connections Defendants' responses are therefore limited to the period of January 1, 2015, to December 31, 2020, unless a different time frame is specifically stated in the response.

9.      The Waste Connections Defendants object to the Interrogatories to the extent that they seek information that is publicly available and therefore equally available to Plaintiffs.

10.     The Waste Connections Defendants object to the Interrogatories to the extent that they are unreasonably cumulative or duplicative.

11.     The Waste Connections Defendants object to the Interrogatories to the extent that they seek information related to any Plaintiffs who are not selected for trial under the procedures detailed by the Court, R. Doc. 351.

12.     The information that the Waste Connections Defendants produce in response to the Interrogatories is being produced solely for the purpose of this action. Should any party seek to

3

admit the information contained in these Interrogatories in a motion, hearing, or trial, such information is subject to all objections regarding relevance, authenticity, materiality, propriety, and admissibility and any other objections that would require exclusion of such information from evidence. All such objections are expressly reserved and may be raised at the time of the motion, hearing, or trial.

13.     The Waste Connections Defendants reserve the right to object to other discovery directed to the subject matter of the Interrogatories. The Waste Connections Defendants' decision to provide information notwithstanding the objectionable nature of any Interrogatory should not be construed as a stipulation or admission that the information provided is relevant or admissible, a waiver of any objection, or an agreement that requests for similar discovery will be treated in a similar manner.

14.     To the extent that the Waste Connections Defendants reference documents as responsive or potentially responsive to any Interrogatories, those references do not constitute an admission that the Waste Connections Defendants agree with any characterizations, disputed facts, or other information contained therein.

These General Objections are incorporated by reference into each of the individual Interrogatory responses below. The following responses are made subject to the foregoing preliminary statement and these General Objections. The Waste Connections Defendants do not waive any General Objections in response to any specific Interrogatory propounded, and any specific objection made by the Waste Connections Defendants in no respect limits or modifies the General Objections stated herein.

<u>**OBJECTIONS TO DEFINITIONS**</u>

1.     The Waste Connections Defendants object to the term "Defendants" on the grounds that the phrase "including all of their past or present domestic or foreign parents, sisters, affiliates,

subsidiaries (owned in whole or part, at any time), partnerships, joint ventures, predecessors-in-interest, successors-in-interest, divisions, departments, corporate subunits, organizations or other business entities" is vague, ambiguous, and overbroad.

2.      The Waste Connections Defendants object to the term "Landfill" on the grounds that the phrase "including all of its immovable property, units, cells, components, equipment, operations, design, activities, waste material, processes, and releases" is vague, ambiguous, and overbroad.

3.      The Waste Connections Defendants object to the term "Litigation" on the grounds that the phrase "any other pending or threatened lawsuit or demand involving odor complaints involving the Jefferson Parish Landfill" is vague, ambiguous, and overbroad.

### SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES

**INTERROGATORY #1.** Please identify each and every "other source" of gases and emissions to which You contend the Plaintiffs were exposed in this case.

**RESPONSE:** The Waste Connections Defendants object to this Interrogatory because it seeks information not in the possession, custody, or control of the Waste Connections Defendants, and because the phrases "'other sources' of gases and emissions" and "Plaintiffs were exposed" are overbroad, vague, ambiguous, and contain undefined terms, including "Plaintiffs" and "emissions." The Waste Connections Defendants further object to this Interrogatory as vague, ambiguous, overbroad, and duplicative, and to the extent that it seeks information related to any Plaintiffs who are not selected for trial under the procedures detailed by the Court, R. Doc. 351. The Waste Connections Defendants further object to this Interrogatory to the extent that it fails to specify a reasonable time frame or seeks information outside the relevant time period. The Waste Connections Defendants further object to this Interrogatory as a premature contention interrogatory, as the parties have not yet completed discovery on third parties, or expert discovery.

Subject to the foregoing general and specific objections and limiting its response to odors, gases, dust, and particulates and the Plaintiffs selected for trial, the Waste Connections Defendants respond that the following sources have emitted odors, gases, dust, or particulates into areas within Jefferson Parish and that certain Plaintiffs may have been exposed to those emissions:

- River Birch Landfill, including the landfill, River Birch Gas Plant and leachate collection system and treatment lagoons, 2000 S Kenner Avenue, Avondale, Louisiana;

- Hwy 90 Construction & Demolition Debris Landfill, 5000 Highway 90, Avondale, Louisiana;

- Harahan Wastewater Treatment Plant, 1000 Dickory Avenue, Harahan, Louisiana;

- Cornerstone Chemical Complex, 10800 River Road, Westwego, Louisiana;

    o Acryonitrile Plant, 10800 River Road, Westwego, Louisiana;

    o Urea/Melamine Plant, 10800 River Road, Westwego, Louisiana;

    o Sulfuric Acid Regeneration Plant, 10800 River Road, Westwego, Louisiana;

    o Utilities Plant/Site Services, 10800 River Road, Westwego, Louisiana;

    o Dyno Nobel Ammonia, 10800 River Road, Westwego, Louisiana;

    o Roehm American (formerly Evonik Cyro LLC), 10800 River Road, Westwego Louisiana;

    o Kemira Chemicals Inc., 10800 River Road, Westwego Louisiana;

- International Matex Tank Terminal, 5450 River Road, Avondale, Louisiana;

- The Kirby Inland Marine Fleet facility, 7698 Mississippi River Trail, Harahan, Louisiana;

- Artco Fleeting Services (ADM) facilities, 8400 River Road, Westwego, Louisiana and 10400 River Road, Ama, Louisiana;

- The ADM Grain River System, Inc. facility, 11079 River Road, Ama, Louisiana;

- Cargill Inc. facility, 933 River Rd, Westwego, Louisiana;

- Wood Materials, LLC, 5821 River Road, Harahan, Louisiana;

- Sewer collection, pumping, and conveyance systems; and

- Wetlands and forested wetlands.

The Waste Connections Defendants will supplement their response if additional information becomes available pursuant to the deadlines ordered by the Court, R. Doc. 498.

**INTERROGATORY #2.** With respect to each emission from each "other source" that you contend caused the injuries complained of by Plaintiffs instead of, or in addition to, emissions from the Jefferson Parish Landfill, please state:

a. The chemical substance that you contend caused the injury,

b. The dates, times, durations and concentrations of each emission.

c. The contact information of persons with knowledge of the emissions.

**RESPONSE:** The Waste Connections Defendants object to this Interrogatory to the extent that it assumes emissions from the Jefferson Parish Landfill caused in whole or in part any of the injuries complained of by Plaintiffs. The Waste Connections Defendants also object to this Interrogatory because it seeks information not in the possession, custody, or control of the Waste Connections Defendants, and because the phrases "each emission from each 'other source,'" "injuries complained of by Plaintiffs," and "emissions from the Jefferson Parish Landfill" are overbroad, vague, ambiguous, and contain undefined terms, including "Plaintiffs" and "emission." The Waste Connections Defendants further object to this Interrogatory to the extent that it fails to specify a reasonable time frame or seeks information outside the relevant time period; and to the extent that it seeks information related to any Plaintiffs who are not selected for trial under the procedures detailed by the Court, R. Doc. 351. In addition, the Waste Connections Defendants object to this Interrogatory as a premature contention interrogatory, as the parties have not yet completed discovery on third parties or expert discovery.

Subject to the foregoing general and specific objections and limiting its response to odors, gases, dust, and particulates and the Plaintiffs selected for trial, the Waste Connections Defendants direct Plaintiffs to the expert reports submitted or to be submitted in this action on March 8 and 12, 2024. The Waste Connections Defendants will supplement their response as additional information becomes available pursuant to the deadlines ordered by the Court, R. Doc. 498.

**INTERROGATORY #3.** Please state the facts supporting Your contention that injuries claimed by the Plaintiffs were caused by:

    a.   Jefferson Parish; or

    b.   Aptim; or

    c.   Plaintiffs themselves; or

    d.   Any other person.

**RESPONSE:** The Waste Connections Defendants object to this Interrogatory to the extent that it assumes that Plaintiffs' injuries were caused in whole or in part by emissions from the Jefferson Parish Landfill. The Waste Connections Defendants also object to this Interrogatory, including the phrase "injuries claimed by Plaintiffs," as vague, ambiguous, overbroad, duplicative, and containing undefined terms, including "Plaintiffs." The Waste Connections Defendants further object to this Interrogatory to the extent that it seeks information related to any Plaintiffs who are not selected for trial under the procedures detailed by the Court, R. Doc. 351. The Waste Connections Defendants further object to this Interrogatory as a premature contention interrogatory, as the parties have not yet completed discovery on third parties or expert discovery.

Subject to the foregoing general and specific objections and limiting its response to the Plaintiffs selected for trial, the Waste Connections Defendants provide the below responses and incorporate by reference the expert reports submitted or to be submitted in this action on March 8,

2024. The Waste Connections Defendants will supplement their response as additional information becomes available pursuant to the expert deadlines ordered by the Court, R. Doc. 498.

### a. Jefferson Parish

The Parish was the owner of the Jefferson Parish Landfill, the holder of the Jefferson Parish Landfill's permits, retained oversight authority and control over all landfill operations, including industrial waste profiles and accounts, was responsible for the installation, operation, and maintenance of the landfill gas collection and control system in all phases of the Jefferson Parish Landfill, including Phase 4A, and was responsible for the installation, operation, and maintenance of the leachate collection system in Phases 1, 2, 3A, and 3B and the perimeter leachate system of the Jefferson Parish Landfill.

The Parish and Aptim (and later River Birch LLC) had sole responsibility for the installation, operation, and maintenance of the landfill gas collection and control system in all phases of the Jefferson Parish Landfill, including Phase 4A. During the Parish's and Aptim's period of responsibility, there were numerous deficiencies that the Parish and/or Aptim failed to act upon, including but not limited to: lacking or insufficient installation, operation, and maintenance of dewatering pumps; lacking or insufficient vacuum to landfill gas wells; exceedances of operating parameters in landfill gas wells; lacking or insufficient landfill gas extraction well monitoring and tuning; poor wellfield conditions and poor maintenance of landfill gas collection and control system infrastructure and equipment; and delays in the installation and startup of the landfill gas collection system in Phase 4A.

The Parish also had sole responsibility for the engineering, installation, operation, and maintenance of the leachate collection system in Phases 1, 2, 3A, and 3B and the perimeter leachate system of the Jefferson Parish Landfill. During the Parish's period of responsibility, the Parish

failed to timely address deficiencies in the system, including but not limited to the size of the leachate header system and force main, the burning out or failure of leachate pumps without replacement, the size of the outfall point from the leachate system to the public sewer, failures of force main pumps, and power supply issues.

The Parish was under notice by Louisiana Regional Landfill Company of gas collection and control system and leachate collection system deficiencies at the outset of Louisiana Regional Landfill's Company's contract, yet failed to act. Louisiana Regional Landfill Company also made recommendations to the Parish for improvements and offered to temporarily assume some of these tasks at no charge to the Parish, but the Parish did not act on Louisiana Regional Landfill Company's recommendations or offers.

b. **Aptim**

The Parish and Aptim (and later River Birch LLC) had sole responsibility for the installation, operation, and maintenance of the landfill gas collection and control system in all phases of the Jefferson Parish Landfill, including Phase 4A. During the Parish's and Aptim's period of responsibility, there were numerous deficiencies that the Parish and/or Aptim failed to act upon, including but not limited to the provision of landfill gas well dewatering pumps and related air supply and condensate lines, insufficient operation and maintenance of landfill gas well dewatering pumps, exceedances of operating parameters in landfill gas wells, insufficient landfill gas extraction well monitoring and tuning, poor wellfield conditions, and delays in the installation of gas wells in Phase 4A. The Waste Connections Defendants had no control over the landfill gas collection and control system in any phase of the Jefferson Parish Landfill.

### c. Plaintiffs Themselves

If the Plaintiffs were experiencing headaches, nausea, vomiting, anxiety, fatigue, sleeplessness and/or other injuries from July 1, 2017 to December 31, 2019, such symptoms were likely caused by something other than exposure to extremely low concentrations of hydrogen sulfide, such as preexisting health conditions and diagnoses, side effects of medications, sewage issues or other conditions at their homes, or other factors in the plaintiffs' lifestyles or environment, as more fully set out in Defendants' expert reports. Additionally, the Landfill and/or earlier landfills and dumps located in the same or nearby area as the Landfill have been a known presence in Plaintiffs' neighborhoods for many decades, and were a known presence prior to the time that all or nearly all of the Plaintiffs took up residence in the homes they occupied from July 1, 2017 to December 31, 2019.

### d. Any Other Person

Please see response to Interrogatory 1 and Defendants' March 8 and 12, 2024 expert submissions.

Date: March 8, 2024                          Respectfully submitted,

                                             BEVERIDGE & DIAMOND, P.C.

                                             By:    /s/ Megan R. Brillault
                                                    Megan R. Brillault (*pro hac vice*)
                                                    Michael G. Murphy (*pro hac vice*)
                                                    John H. Paul (*pro hac vice*)
                                                    Katelyn E. Ciolino (*pro hac vice*)
                                                    Katrina M. Krebs (*pro hac vice*)
                                                    825 Third Avenue, 16th Floor
                                                    New York, NY 10022
                                                    (212) 702-5400

                                                    James B. Slaughter (*pro hac vice*)
                                                    1900 N Street, NW, Suite 100
                                                    Washington, DC 20036
                                                    (202) 789-6000

Michael F. Vitris (*pro hac vice*)
400 W. 15th Street, Suite 1410
Austin, TX 78701
(512) 391-8035

LISKOW & LEWIS, APLC

Michael C. Mims (#33991)
Charles B. Wilmore (#28812)
J. Hunter Curtis (#39150)
Alec Andrade (#38659)
Cecilia Vazquez Wilson (#39373)
701 Poydras Street, Suite 5000
New Orleans, Louisiana  70139
(504) 581-7979

*Counsel for Defendants Louisiana Regional Landfill Company, Waste Connections Bayou, Inc., and Waste Connections US, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing was served on all parties of record via email or U.S.

Mail, properly addressed and postage pre-paid, on this 8th day of March, 2024.


<u>/s/ Megan R. Brillault</u>
OF COUNSEL

**VERIFICATION**

I, Brett O'Connor, in my capacity as Southern Region Engineering Manager at Waste Connections of Texas, LLC, an operating subsidiary of Waste Connections US, have read the foregoing Waste Connections Defendants' Second Supplemental Responses to *Addison* Plaintiffs' First Set of Interrogatories ("Responses") and know its contents. Without waiving Waste Connections' right to amend or supplement any of its Responses based on subsequently identified information, the matters stated in these Second Supplemental Responses are true and correct to the best of my knowledge, information, and belief. I reserve the right to correct any inadvertent errors or omissions in the Responses that may come to my attention.

I verify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on March 8, 2024, at Woodlands, Texas

_____

Brett O'Connor, on behalf of
Waste Connections of Texas, LLC