UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ELIAS JORGE "GEORGE" ICTECH-BENDECK,**<br>    Plaintiff<br><br>**VERSUS**<br><br>**WASTE CONNECTIONS BAYOU, INC., ET AL.,**<br>    Defendants | CIVIL ACTION<br><br>NO. 18-7889<br>c/w 18-8071,<br>18-8218, 18-9312<br><br><br>SECTION: "E" (5) |
| *Related Case:*<br><br>**FREDERICK ADDISON, ET AL.,**<br>    Plaintiffs<br><br>**VERSUS**<br><br>**LOUISIANA REGIONAL LANDFILL COMPANY, ET AL.,**<br>    Defendants<br><br>*Applies to: All Cases* | CIVIL ACTION<br><br>NO. 19-11133, c/w 19-14512<br><br>SECTION: "E" (5)<br><br><br>JUDGE: Morgan<br>MAGISTRATE JUDGE: North |

**WASTE CONNECTIONS DEFENDANTS' SECOND SUPPLEMENTAL RESPONSES TO *ADDISON* PLAINTIFFS' FIRST SET OF INTERROGATORIES**

Pursuant to the Court's Order from the October 23, 2023 state conference (18-cv-7889, R. Doc. 382; 19-cv-11133, R. Doc. 428), Defendants Waste Connections US, Inc., Waste Connections Bayou, Inc., and Louisiana Regional Landfill Company (collectively, the "Waste Connections Defendants") provide the below third supplemental responses to the *Addison* Plaintiffs' First Set of Interrogatories, dated February 16, 2023, pursuant to the Federal Rules of Civil Procedure. The Waste Connections Defendants' good-faith responses are based on information presently known to them. These responses are made without prejudice to the Waste

Connections Defendants' right to amend or supplement their responses, or assert additional objections, if further responsive information subsequently becomes known to them.

## GENERAL OBJECTIONS AND LIMITATIONS

1. The Waste Connections Defendants object to the Interrogatories to the extent that they seek privileged or confidential information, including information encompassed by the attorney-client privilege, the work product doctrine, the joint defense privilege, or any other applicable privilege or immunity. The Waste Connections Defendants' responses are not intended to and cannot be construed as a waiver or relinquishment of any applicable privilege or immunity.

2. The Waste Connections Defendants object to the Interrogatories to the extent that they seek information and documents that are confidential, non-public business information, financial data, proprietary knowledge, or trade secrets. The provision of this information will be subject to the provisions of the Agreed Protective Order, so-ordered on November 4, 2019.

3. The Waste Connections Defendants object to the Interrogatories to the extent that they seek information not in the possession, custody, or control of the Waste Connections Defendants.

4. The Waste Connections Defendants object to the Interrogatories as unduly burdensome to the extent that they seek information that cannot be located after a reasonable search of the records reasonably believed most likely to contain the responsive information.

5. The Waste Connections Defendants object to the Interrogatories to the extent that they seek information beyond the scope of discovery permitted under the Federal Rules of Civil Procedure or the Local Rules of the Eastern District of Louisiana.

6. The Waste Connections Defendants object to the Interrogatories to the extent that they seek disclosure of information not relevant to a claim or defense of a party or beyond the scope of any directive or order of the Court governing the scope of discovery.

7. The Waste Connections Defendants object to the Interrogatories, including the definitions, to the extent that they are overly broad, unduly burdensome, oppressive, or harassing, or are not proportional in relation to the reasonable needs of the case.

8. The Waste Connections Defendants object to the Interrogatories, including the definitions, to the extent that they seek information outside the relevant time period, or they fail to specify a reasonable time frame. Plaintiffs' claims only relate to the period of July 1, 2017, until December 31, 2019, pursuant to the Court's Findings of Fact and Conclusions of Law, dated November 29, 2022, No. 18-cv-7889, R. Doc. 285; No. 19-cv-11133, R. Doc. 323, and the Waste Connections Defendants ceased operating at the Jefferson Parish Landfill as of December 31, 2020. The Waste Connections Defendants' responses are therefore limited to the period of January 1, 2015, to December 31, 2020, unless a different time frame is specifically stated in the response.

9. The Waste Connections Defendants object to the Interrogatories to the extent that they seek information that is publicly available and therefore equally available to Plaintiffs.

10. The Waste Connections Defendants object to the Interrogatories to the extent that they are unreasonably cumulative or duplicative.

11. The Waste Connections Defendants object to the Interrogatories to the extent that they seek information related to any Plaintiffs who are not selected for trial under the procedures detailed by the Court, R. Doc. 351.

12. The information that the Waste Connections Defendants produce in response to the Interrogatories is being produced solely for the purpose of this action. Should any party seek to

3

admit the information contained in these Interrogatories in a motion, hearing, or trial, such information is subject to all objections regarding relevance, authenticity, materiality, propriety, and admissibility and any other objections that would require exclusion of such information from evidence. All such objections are expressly reserved and may be raised at the time of the motion, hearing, or trial.

13. The Waste Connections Defendants reserve the right to object to other discovery directed to the subject matter of the Interrogatories. The Waste Connections Defendants' decision to provide information notwithstanding the objectionable nature of any Interrogatory should not be construed as a stipulation or admission that the information provided is relevant or admissible, a waiver of any objection, or an agreement that requests for similar discovery will be treated in a similar manner.

14. To the extent that the Waste Connections Defendants reference documents as responsive or potentially responsive to any Interrogatories, those references do not constitute an admission that the Waste Connections Defendants agree with any characterizations, disputed facts, or other information contained therein.

These General Objections are incorporated by reference into each of the individual Interrogatory responses below. The following responses are made subject to the foregoing preliminary statement and these General Objections. The Waste Connections Defendants do not waive any General Objections in response to any specific Interrogatory propounded, and any specific objection made by the Waste Connections Defendants in no respect limits or modifies the General Objections stated herein.

**OBJECTIONS TO DEFINITIONS**

1. The Waste Connections Defendants object to the term "Defendants" on the grounds that the phrase "including all of their past or present domestic or foreign parents, sisters, affiliates,

subsidiaries (owned in whole or part, at any time), partnerships, joint ventures, predecessors-in-interest, successors-in-interest, divisions, departments, corporate subunits, organizations or other business entities" is vague, ambiguous, and overbroad.

2. The Waste Connections Defendants object to the term "Landfill" on the grounds that the phrase "including all of its immovable property, units, cells, components, equipment, operations, design, activities, waste material, processes, and releases" is vague, ambiguous, and overbroad.

3. The Waste Connections Defendants object to the term "Litigation" on the grounds that the phrase "any other pending or threatened lawsuit or demand involving odor complaints involving the Jefferson Parish Landfill" is vague, ambiguous, and overbroad.

## SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES

**INTERROGATORY #1.** Please identify each and every "other source" of gases and emissions to which You contend the Plaintiffs were exposed in this case.

**RESPONSE:** The Waste Connections Defendants object to this Interrogatory because it seeks information not in the possession, custody, or control of the Waste Connections Defendants, and because the phrases "'other sources' of gases and emissions" and "Plaintiffs were exposed" are overbroad, vague, ambiguous, and contain undefined terms, including "Plaintiffs" and "emissions." The Waste Connections Defendants further object to this Interrogatory as vague, ambiguous, overbroad, and duplicative, and to the extent that it seeks information related to any Plaintiffs who are not selected for trial under the procedures detailed by the Court, R. Doc. 351. The Waste Connections Defendants further object to this Interrogatory to the extent that it fails to specify a reasonable time frame or seeks information outside the relevant time period. The Waste Connections Defendants further object to this Interrogatory as a premature contention interrogatory, as the parties have not yet completed discovery on third parties, or expert discovery.

5

Subject to the foregoing general and specific objections and limiting its response to odors, gases, dust, and particulates and the Plaintiffs selected for trial, the Waste Connections Defendants respond that, as set forth in Defendants' expert reports submitted March 8, 2024, including the Addendum to Expert Report of Matthew K. Stutz, P.E., the Technical Report of Dr. Paolo Zannetti, QEP, the Expert Report of Michael R. Corn, the Supplemental Expert Report of John Kind, Ph.D., the Expert Report of Pamela Dalton, Ph.D., M.P.H., and the Report of Brobson Lutz, M.D., M.P.H., F.A.C.P., the following sources have emitted odors, gases, dust, or particulates into areas within Jefferson Parish and that it is more likely than not that Plaintiffs were exposed to odors, gases, dust, and particulates from one or more of the following sources:

- River Birch Landfill, including the landfill, River Birch Gas Plant, and leachate collection system and treatment lagoons, 2000 S Kenner Avenue, Avondale, Louisiana;
- Hwy 90 Construction & Demolition Debris Landfill, 5000 Highway 90, Avondale, Louisiana;
- Harahan Wastewater Treatment Plant, 1000 Dickory Avenue, Harahan, Louisiana;
- Cornerstone Chemical Complex, 10800 River Road, Westwego, Louisiana;
    - Acryonitrile Plant, 10800 River Road, Westwego, Louisiana;
    - Urea/Melamine Plant, 10800 River Road, Westwego, Louisiana;
    - Sulfuric Acid Regeneration Plant, 10800 River Road, Westwego, Louisiana;
    - Utilities Plant/Site Services, 10800 River Road, Westwego, Louisiana;
    - Dyno Nobel Ammonia, 10800 River Road, Westwego, Louisiana;
    - Roehm American (formerly Evonik Cyro LLC), 10800 River Road, Westwego Louisiana;
    - Kemira Chemicals Inc., 10800 River Road, Westwego Louisiana;
- International Matex Tank Terminal, 5450 River Road, Avondale, Louisiana;

- The Kirby Inland Marine Fleet facility, 7698 Mississippi River Trail, Harahan, Louisiana;

- Artco Fleeting Services (ADM) facilities, 8400 River Road, Westwego, Louisiana and 10400 River Road, Ama, Louisiana;

- The ADM Grain River System, Inc. facility, 11079 River Road, Ama, Louisiana;

- Cargill Inc. facility, 933 River Rd, Westwego, Louisiana;

- Wood Materials, LLC, 5821 River Road, Harahan, Louisiana;

- Sewer collection, pumping, and conveyance systems; and

- Wetlands and forested wetlands.

The Waste Connections Defendants also contend that certain Plaintiffs, including but not limited to Stanley Meyers, Geneva Green, Tyrone Thompson, Vernice Lewis, and Terrance Thompson, were exposed to odors, gases, and emissions from cigarettes and other tobacco products. To the extent any of Plaintiffs' alleged injuries were caused by exposure to odors, gases, or emissions, it is the Waste Connections Defendants' contention that it is more likely than not that those injuries were caused by exposure to gases and emissions from the above sources as opposed to any potential exposure to odors, gases, or emissions from the Jeferson Parish Landfill, as detailed in Defendants' March 8, 2024 expert reports. The Waste Connections Defendants will supplement their response if additional information becomes available pursuant to the deadlines ordered by the Court, R. Doc. 498.

**INTERROGATORY #2.** With respect to each emission from each "other source" that you contend caused the injuries complained of by Plaintiffs instead of, or in addition to, emissions from the Jefferson Parish Landfill, please state:

   a. The chemical substance that you contend caused the injury,

   b. The dates, times, durations and concentrations of each emission.

   c. The contact information of persons with knowledge of the emissions.

7

**RESPONSE:** The Waste Connections Defendants object to this Interrogatory to the extent that it assumes emissions from the Jefferson Parish Landfill caused in whole or in part any of the injuries complained of by Plaintiffs. The Waste Connections Defendants also object to this Interrogatory because it seeks information not in the possession, custody, or control of the Waste Connections Defendants, and because the phrases "each emission from each 'other source,'" "injuries complained of by Plaintiffs," and "emissions from the Jefferson Parish Landfill" are overbroad, vague, ambiguous, and contain undefined terms, including "Plaintiffs" and "emission." The Waste Connections Defendants further object to this Interrogatory to the extent that it fails to specify a reasonable time frame or seeks information outside the relevant time period; and to the extent that it seeks information related to any Plaintiffs who are not selected for trial under the procedures detailed by the Court, R. Doc. 351. In addition, the Waste Connections Defendants object to this Interrogatory as a premature contention interrogatory, as the parties have not yet completed discovery on third parties or expert discovery. The Waste Connections Defendants further object to this interrogatory insofar as it assumes that the Plaintiffs have actually been injured by emissions from any source, which the Waste Connections Defendants dispute.

Subject to the foregoing general and specific objections and limiting its response to odors, gases, dust, and particulates and the Plaintiffs selected for trial, the Waste Connections Defendants respond, as follows:

### a. & b. "The chemical substance that you contend caused the injury," *and* "[t]he dates, times, durations and concentrations of each emission.

The Waste Connections Defendants contend that exposure to JPLF emissions was more than likely not the cause and certainly not the most likely cause of the trial Plaintiffs' alleged health conditions, as explained in Defendants' expert reports served on March 8, 2024, including the Addendum to Expert Report of Matthew K. Stutz, P.E., the Technical Report of Dr. Paolo Zannetti,

8

QEP, the Expert Report of Michael R. Corn, the Supplemental Expert Report of John Kind, Ph.D., the Expert Report of Pamela Dalton, Ph.D., M.P.H., and the Report of Brobson Lutz, M.D., M.P.H., F.A.C.P. Whether the Plaintiffs were affected or injured by emissions from any source will depend on evidence demonstrating that any of the trial Plaintiffs were exposed to the emissions and fall within the segment of the population able to detect a chemical substance at the concentrations to which the Plaintiffs were exposed. Whether the Plaintiffs were affected or injured by emissions from any source will also depend on whether, how often, and for what duration any of the trial Plaintiffs were actually at their residence(s) or other location(s) when a chemical substance was present.

The chemical substances the Waste Connections Defendants contend more likely than not caused Plaintiffs' alleged injuries are identified in:

- Expert Report of Michael R. Corn on the Non-Landfill Alternative Emission Sources in and Near Jefferson Parish, Louisiana in Frederick Addison, et al. v. Louisiana Regional Landfill Co., AquAeTer, Inc., March 8, 2024 (including without limitations the chemical substances identified in Section 3 and Table 3).

- Addendum to Expert Report of Matthew Stutz, Weaver Consultants Group, March 8, 2024, and the documents and information referenced therein (including without limitation modeling emissions of hydrogen sulfide from the Jefferson Parish, River Birch, and Hwy-90 landfills).

- Expert Report of Dr. Paolo Zannetti, EnviroComp Consulting, Inc., April 30, 2021, and the documents and information referenced therein.

- Expert Report of Dr. Paolo Zannetti in Frederick Addison, et al. v. Louisiana Regional Landfill Co., EnviroComp Consulting, Inc., March 8, 2024, and the documents and information referenced therein (including without limitation modeling atmospheric dispersion of hydrogen sulfide from the Jefferson Parish, River Birch, and Hwy-90 landfills).

- Expert Report of Dr. John Kind, CTEH, April 30, 2021, and the documents and information referenced therein.

- Supplemental Expert Report of Dr. John Kind in Frederick Addison, et al. v. Louisiana Regional Landfill Co., CTEH, March 8, 2024, and the documents and information referenced therein.

- Expert Report of Dr. Pamela Dalton, Monell Chemical Senses Center, April 30, 2021, and the documents and information referenced therein.

- Expert Report of Dr. Pamela Dalton in Frederick Addison, et al. v. Louisiana Regional Landfill Co., Monell Chemical Senses Center, March 8, 2024, and the documents and information referenced therein.

- Expert Report of Brobson Lutz, M.D., Combs and Lutz, LLC, March 8, 2024, and the documents and information referenced therein (including without limitation Dr. Lutz's assessment of exposure to tobacco products for certain Plaintiffs).

Odors and emissions from the other sources identified above, as distributed in and near Jefferson Parish, more likely than not impacted the *Addison* trial Plaintiffs at their homes and/or during their travel to other locations in and near Jefferson Parish during the relevant time period. Based on the fate and transport mechanisms of the various chemicals, the Waste Connections Defendants contend that no one source alone impacted the trial Plaintiffs and that more likely than not, odors detected by an individual trial Plaintiff on any given day originated from one or more sources of these facilities and not, or not solely, the Jefferson Parish Landfill. The dates, times, durations, and concentrations of emissions the Waste Connections Defendants contend more likely than not caused Plaintiffs' alleged injuries are identified in the following expert reports:

- Addendum to Expert Report of Matthew Stutz, Weaver Consultants Group, March 8, 2024, and the documents and information referenced therein.

- Expert Report of Dr. Paolo Zannetti, EnviroComp Consulting, Inc., April 30, 2021, and the documents and information referenced therein.

- Expert Report of Dr. Paolo Zannetti in Frederick Addison, et al. v. Louisiana Regional Landfill Co., EnviroComp Consulting, Inc., March 8, 2024, and the documents and information referenced therein.

- Expert Report of Dr. John Kind, CTEH, April 30, 2021, and the documents and information referenced therein.

- Supplemental Expert Report of Dr. John Kind in Frederick Addison, et al. v. Louisiana Regional Landfill Co., CTEH, March 8, 2024, and the documents and information referenced therein.

- Expert Report of Michael R. Corn on the Non-Landfill Alternative Emission Sources in and Near Jefferson Parish, Louisiana in Frederick Addison, et al. v. Louisiana Regional Landfill Co., AquAeTer, Inc., March 8, 2024, and the documents and information referenced therein.

**c. The contact information of persons with knowledge of the emissions.**

Upon information and belief, the following individuals have knowledge about odors, gases, dust, and particulates from one or more of the sources identified in Response No. 1:[1]

  i. Michael Corn, P.E., BCEE
     AuaAeTer, Inc.
     215 Jamestown Park, Suite 100
     Brentwood, TN 37027

 ii. Pamela Dalton, PhD, MPH
     Monell Chemical Senses Center
     3500 Market Street
     Philadelphia, PA, 19104

iii. John Kind, PhD, CIH, CSP
     CTEH
     5120 Northshore Drive
     North Little Rock, AR 72118

 iv. Brobson Lutz, MD, MPD. FACP
     Drs. Combs and Lutz, LLC
     2622 Jena Street
     New Orleans, LA 70115

  v. Matthew Stutz, P.E.
     Weaver Consultants Group
     6420 Southwest Blvd. | Suite 206
     Fort Worth, TX 76109

 vi. Paolo Zannetti, QEP
     EnviroComp, Inc.
     1188 Eagle Vista Ct.
     Reno, NV 89511

vii. Plaintiffs and their supporting witnesses

---

[1] Please refer to the Waste Connections Defendants' Rule 26(a)(1) Supplemental Disclosures, dated February 2, 2024, for the contact information of the below individuals to the extent not listed herein.

viii. The individual residents identified in Paragraph A.22 of the Waste Connections Defendants' Rule 26(a)(1) Supplemental Disclosures, dated February 2, 2024.

ix. Brett O'Connor

x. Matthew Crockett

xi. Dawn Thibodaux

xii. David Jones

xiii. Robert Nielsen

xiv. Michael Lockwood

xv. Rick Buller

xvi. Brian DeJean

xvii. Vic Culpepper

xviii. Loren Monahan

xix. Debra Breaux

xx. Michael Mullin

xxi. Gerard Herbert

xxii. Representatives of Jefferson Parish

xxiii. Representatives of Aptim Corp.

xxiv. Representatives of each of the facilities identified in Response No. 1

xxv. Individuals on behalf of Jefferson Parish who conducted daily inspections of the Jefferson Parish Landfill

xxvi. Declarants identified in WC_JPLF_00292017 to WC_JPLF_00292059, WC_JPLF_00539825 to WC_JPLF_00539827, and WC_JPLF_00539833 to WC_JPLF_00539834.

xxvii. Representatives of the Louisiana Department of Health ("LDH") that helped prepare LDH's January 14, 2019

xxviii. Louisiana Department of Environmental Quality representatives, including Wayne Deselle, Holly Herman, and other LDEQ employees that inspected the facilities identified in Response No. 1

xxix. Louisiana Department of Environmental Quality employees that staffed the Mobile Air Monitoring Lab vehicles, whom performed monitoring that were reported in the MAML reports dated February 2018, April 2018, July 2018, October 2018, and December 2019

xxx. Representatives of PPM Consultants, Inc.

In addition, individuals who made odor complaints to the Louisiana Department of Environmental Quality, the Jefferson Parish Landfill hotline, one of the entities listed in Response No. 1, or who made complaints on the Harahan/River Ridge Air Quality Facebook Group, the We the People of Harahan Facebook Group, or the Nextdoor app, may have information regarding odors, gases, dust, and particulates from the facilities identified in Response No. 1. The Waste Connections Defendants will supplement their response as additional information becomes available pursuant to the deadlines ordered by the Court, R. Doc. 498.

Date: March 15, 2024

Respectfully submitted,

BEVERIDGE & DIAMOND, P.C.

By: /s/ Megan R. Brillault
Megan R. Brillault (*pro hac vice*)
Michael G. Murphy (*pro hac vice*)
John H. Paul (*pro hac vice*)
Katelyn E. Ciolino (*pro hac vice*)
Katrina M. Krebs (*pro hac vice*)
825 Third Avenue, 16th Floor
New York, NY 10022
(212) 702-5400

James B. Slaughter (*pro hac vice*)
1900 N Street, NW, Suite 100
Washington, DC 20036
(202) 789-6000

Michael F. Vitris (*pro hac vice*)
400 W. 15th Street, Suite 1410
Austin, TX 78701
(512) 391-8035

LISKOW & LEWIS, APLC

Michael C. Mims (#33991)
Charles B. Wilmore (#28812)
J. Hunter Curtis (#39150)
Alec Andrade (#38659)
Cecilia Vazquez Wilson (#39373)
701 Poydras Street, Suite 5000
New Orleans, Louisiana  70139
(504) 581-7979

*Counsel for Defendants Louisiana Regional Landfill Company, Waste Connections Bayou, Inc., and Waste Connections US, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was served on all parties of record via email or U.S. Mail, properly addressed and postage pre-paid, on this 15th day of March, 2024.

/s/ Megan R. Brillault
OF COUNSEL

## VERIFICATION

I, Brett O'Connor, in my capacity as Southern Region Engineering Manager at Waste Connections of Texas, LLC, an operating subsidiary of Waste Connections US, have read the foregoing Waste Connections Defendants' Third Supplemental Responses to *Addison* Plaintiffs' First Set of Interrogatories ("Responses") and know its contents. Without waiving Waste Connections' right to amend or supplement any of its Responses based on subsequently identified information, the matters stated in these Third Supplemental Responses are true and correct to the best of my knowledge, information, and belief. I reserve the right to correct any inadvertent errors or omissions in the Responses that may come to my attention.

I verify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on March 15, 2024, at The Woodlands, Texas

_____
Brett O'Connor, on behalf of
Waste Connections of Texas, LLC