## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FREDERICK ADDISON ET AL.,**<br>            **Plaintiffs,** | |
| **VERSUS** | **CIVIL ACTION** |
| **LOUISIANA REGIONAL LANDFILL COMPANY, ET AL.,**<br>            **Defendants.** | **NO. 19-11133 c/w 10-14512** |
| | **SECTION: "E"(5)**<br>**JUDGE: Morgan**<br>**MAGISTRATE JUDGE: North** |
| *Applies to: Both Cases* | |

### PLAINTIFFS' MOTION TO EXCLUDE EXPERT TESTIMONY ON ISSUES LITIGATED AND DECIDED IN THE GENERAL CAUSATION PHASE

Pursuant to §VI.2 of the Thirteenth Case Management Order, Plaintiffs move this Court to exclude expert testimony on issues litigated and decided in the General Causation Phase. As set forth herein, a large portion of the expert and fact testimony forecast by the Defendants is devoted to re-litigating the issues heard and decided at the trial on General Causation. The trial will be streamlined, and the actual issues for trial may be better presented once Defendants are precluded from re-litigation of the issues. Moreover, by presenting the jury with "alternative facts" as to what has already been found by this Court it is certain to only confuse, or mislead the jury, and therefore is not helpful to the trier of fact as required by Fed. R. Evid. 704.

1.      This litigation has been pending since 2018.

2.      More than four years ago, in 2019, the parties agreed that resolution of the issue of "General Causation" would help narrow the focus of the case and the issues at stake.

3.      And with the consent of the Parties, the issue of General Causation was tried to the Court in a trial that occurred on January 31, February 1-4, and February 22-25, 2022.

4.      Thereafter, the Court issued its ruling on November 29, 2022.

5.     When the Court issued its ruling on General Causation, a number of factual and legal issues in this matter were decided, and in the upcoming trial of this case, these facts and issues should be presented to the jury as having been decided.

6.     Under the law of the case doctrine, these facts and issues should not now be relitigated.

7.     Yest despite their agreement that the decision on General Causation would help narrow the focus of the case and the issues at stake (i.e., their agreement that some factual and legal issues would be decided), Defendants now seek to re-litigate the issues that were heard and decided. The reports of several of the defense expert witnesses directly challenge the Court's findings, and Defendants seek to have them testify to the jury that the Court was incorrect.

8.     These same experts seek to revive their prior criticism of Plaintiffs' experts.

9.     None of this testimony should be permitted.

10.    Defendants' efforts to relitigate issues decided in the General Causation phase must be rejected, and the defense experts and attorneys must be precluded from offering testimony and argument on these issues. Such efforts will not assist the trier of fact, and instead will only confuse or mislead the jury. As such, they are not proper and should be excluded.

11.    Plaintiffs incorporate by reference their accompanying brief in support of this motion to exclude expert testimony on issues litigated and decided in the General Causation Phase.

WHEREFORE, for the reasons set forth above and as set forth in their accompanying brief in support of this motion to exclude evidence, Plaintiffs respectfully request that this Court exclude the Defendants from presenting expert testimony on issues litigated and decided in the General Causation Phase.

Respectfully submitted, this 6th day June, 2024.

_____/s. Eliza James_____
FORREST CRESSY & JAMES, LLC
Byron M. Forrest (La. Bar No. 35480)
Nicholas V. Cressy (La. Bar No. 35725)
S. Eliza James (La. Bar No. 35182)
1222 Annunciation Street
New Orleans, Louisiana 70130
Tele:(504) 605.0777
Fax: (504) 322.3884
Email: byron@fcjlaw.com
nicholas@fdjlaw.com
eliza@fcjlaw.com

_____/s/ Eric C. Rowe_____
C. Allen Foster (Admitted Pro Hac Vice)
Eric C. Rowe (Admitted Pro Hac Vice)
Masten Childers, III (Admitted Pro Hac Vice)
Harry S. Johnson, (Admitted Pro Hac Vice)
James R. Jeffcoat (Admitted Pro Hac Vice)
WHITEFORD, TAYLOR & PRESTON, L.L.P.
1800 M Street, NW, Suite 450N
Washington, DC 20036
Tele: (202) 659.6800
Fax: (202) 331.0573
Email: cafoster@whiteforlaw.com
erowe@whitefordlaw.com
mchilders@whitefordlaw.com
hjohnson@whitefordlaw.com
jjeffcoat@whitefordlaw.com

*Counsel For Addison Plaintiffs*