## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FREDERICK ADDISON, ET AL.,** | **CIVIL ACTION** |
| **Plaintiffs** | **NO. 19-11133, c/w 19-14512** |
| **V.** | **SECTION: "E" (5)** |
| **LOUISIANA REGIONAL LANDFILL COMPANY, ET AL.,** | |
| **Defendants** | **JUDGE: Morgan** |
| | **MAGISTRATE JUDGE: North** |
| *Applies to: Both Cases* | |

### BRIEF IN SUPPORT OF PLAINTIFFS' MOTION IN LIMINE TO PRECLUDE CERTAIN EVIDENCE REGARDING SUSAN SCHIFFMAN

Pursuant to §VI.2 of the Thirteenth Case Management Order, Plaintiffs submit this Brief in support of their motion to preclude certain cross-examination or argument regarding Plaintiff's expert Susan Schiffman.

### I.    BACKGROUND.

Plaintiffs' expert, Dr. Susan Schiffman, is the defendant in what is essentially a SLAPP defamation lawsuit brought by TC Heartland, LLC, as a result of her peer-reviewed scientific paper[1] questioning the safety of the artificial sweetener, Splenda, and her public statements concerning that paper and its import.[2]  As the heart of its defamation claims, Heartland contends

---

[1] Schiffman, S. et al., "Toxicological and pharmacokinetic properties of sucralose-6-acetate and its parent sucralose: *in vitro* screening and assays," J. of Toxicology Environ. Health – Part B, 2023 Aug. 18; 26(6): 307-341, https//doi.org/10.1080/10937404.2023.2213903 (copy attached) (the "Article").

[2] *TC Heartland, LLC v. Schiffman*, 1:23-cv-00665 (M.D.N.C. 2023).

that Dr. Schiffman improperly equated the presence of sucralose-6-acetate in sucralose from another source with the sucralose in Splenda and, as a result, made false statements about the potential toxicity of Splenda.

**Improper and Prejudicial Lines of Questions and Inferences by Defendants Counsel.**

At her deposition, Defendants' counsel asked numerous questions about that lawsuit and about the Code of Ethics of the American Psychological Association, seeking to imply that her research and publication of, and public statements concerning, the Article was a violation of that Code, in particular, that Dr. Schiffman had violated Section 5.01 "Avoidance of False or Deceptive Statements" and Section 8.10 "Recording Research Results."  *See* portions of deposition attached as **Exhibit 1**.  As a result, Plaintiffs believe that Defendants' counsel will probably pursue such irrelevant and highly prejudicial inquiries and inferences at trial.  Because the evidence is not relevant and because its probative value outweighs any relevance, the evidence should be excluded.  In addition, the evidence Defendants seek to use to impugn the character of Dr. Schiffman cannot be used for that purpose.

Accordingly, an order should issue precluding Defendants from introducing any evidence regarding the lawsuit in this case.

## II.   GOVERNING LAW AND RULES OF EVIDENCE

The following Rules of Evidence bear on this motion.

Under Rule 401 of the Federal Rules of Evidence, evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without such evidence; and (b) the fact is of consequence in determining the action.

Rule 402 of the Federal Rules of Evidence provides that relevant evidence is admissible unless any of the following provides otherwise: the United States Constitution; a federal statute; the Federal Rules of Evidence; or other rules prescribed by the Supreme Court.

Rule 402 further provides that irrelevant evidence is not admissible.

Rule 403 of the Federal Rules of Evidence provides that he Court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

The following Rules govern evidence concerning the character of a witness:

Rule 404: Character Evidence; Crimes or Other Acts

(a) CHARACTER EVIDENCE
(1) *Prohibited uses.*  Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait.
* * * *
(3) *Exceptions for a witness.*  Evidence of a witness's character may be admitted under Rules 607, 608, and 609.
(b) CRIMES, WRONGS, or OTHER ACTS
(1) *Prohibited uses.* Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

Rule 405: Methods of Proving Character

(a) BY REPUTATION OR OPINION.  When evidence of a person's character or character trait is admissible, it may be proved ty testimony about the person's reputation or by testimony in the form of an opinion.  On cross-examination of the character witness, the court may allow an inquiry into relevant specific instances of the person's conduct.
(b) BY SPECIFIC INSTANCES OF CONDUCT.  When a person's character or character trait is an essential element of a charge, claim or defense, the character or trait may also be proved by relevant specific instances of the person's conduct.

Rule 408:

(a) REPUTATION OR OPINION EVIDENCE.  A witness's credibility may be attacked or supported by testimony about the witness's reputation for having a character for truthfulness or untruthfulness, or by testimony in the form of an opinion about that character.  But evidence of truthful character is admissible only after the witness's character for truthfulness has been attacked.

3

(b) SPECIFIC INSTANCES OF CONDUCT. Except for a criminal conviction under Rule 609, extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness. But the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of:

(1) the witness; or

(2) another witness whose character the witness being cross-examined has testified about.

Application of these rules requires exclusion of the evidence concerning the lawsuit against Dr. Schiffman.

## III.   ARGUMENT.

First, the Splenda lawsuit against Dr. Schiffman has nothing to do with this case, and testimony regarding it must be excluded because it is not relevant. Fed. R. Evid. 401(b) (to be relevant, the fact in question must be "of consequence in determining the action;" Rule 402 ("Irrelevant evidence is not admissible"). Her views about the safety of Splenda – a subject of clear public interest, which interest demands that debate be public and vigorous – are wholly irrelevant to her scientific opinions concerning the effect of the odors from the Jefferson Parish Landfill on the Trial Plaintiffs. Put another way, Dr. Schiffman's research and views about Splenda, whether right or wrong, have nothing to do with any fact "of consequence in determining [this] action." Moreover, Dr. Schiffman's expertise and methods in this case have been challenged and, after limitation to the subjects on which she now opines, affirmed by this Court. Whether her opinions about Splenda have scientific basis is for another court and another jury to decide and that decision, even if adverse to Dr. Schiffman, would have no probative value in this case where her scientific rigor has already been considered and decided, and is law of the case.

Second, there is no allegation that Dr. Schiffman has, in any way, violated any Rules of Ethics in connection with her scientific opinions in this case (or, for that matter, in the Splenda case). As a result, questioning her concerning the Code of Ethics of the American Psychological

4

Association (or its North Carolina affiliate) is nothing more nor less than attempting to prejudice the jury by inference and innuendo, without any allegation, much less proof, that she has violated that Code in that case or this one.

Third, because of the public interest aspect of the Splenda lawsuit and the statements at issue being scientifically based opinions, among other reasons, there is a substantial likelihood that the lawsuit against Dr. Schiffman will be dismissed, but not before the trial in this case. A Motion to Dismiss has been filed and briefed (1:23-cv-00665; R.Doc 15) but given the complexity of the scientific issues underlying the lawsuit, its resolution will probably require some time on the District Court's part, not to mention the inevitable appeal if the Motion is granted. It would be wholly improper to allow cross-examination or inference based upon a lawsuit containing nothing but self-serving allegations by a hugely profitable company intent upon silencing a critic of its product.

Fourth, essentially what the Defendants are seeking to establish is that, because Dr. Schiffman is accused of improper scientific conduct in connection with an entirely different matter, the jury should infer that she has engaged in improper scientific conduct in this case. Dr. Schiffman's character is not at issue in this case and evidence of course of conduct would be inadmissible. Fed. R. Evid. 404(a). Even if Defendants were to argue that the suit bears on Dr. Schiffman's credibility, Rule 608(b) provides that "extrinsic evidence is not admissible to prove specific issues of a witness's conduct in order to attack or support the witness's character for truthfulness or untruthfulness," but that they [the specific instances of conduct] may be inquired into on cross-examination "if they are probative of the character for truthfulness or untruthfulness of" of the witness. Here, the thrust of the Defendants' cross-examination is not Dr. Shiffman's character of truthfulness or untruthfulness, but whether Dr. Schiffman followed proper scientific

procedures in her research concerning Splenda.  Thus, the Defendants' line of questions does not meet the exception in Rule 608(b).  Further, Defendants' questions about the lawsuit against Dr. Schiffman do not concern the conduct of Dr. Schiffman at all and mere allegations of falsity made by a third party in a lawsuit about an unconnected matter do not have any capacity to establish falsity in this case.  Even if they did, the Court should not allow them pursuant to its power under Rule 608(b) because the connection between the cases is far too attenuated.

Fifth, even if the issues regarding Splenda were relevant to this case (which they are not), given the technical nature of the dispute over whether Dr. Schiffman's paper was based on a sucralose sample containing sucralose-6-acetate which was different from the sucralose in Splenda, the entire line of questioning is almost certain to lead to jury confusion, misleading the jury and waste of time.

Finally, the prejudicial nature of questions concerning the lawsuit or inferences that Dr. Schiffman may have violated some aspect of a Code of Ethics so completely overshadows any potential relevance of the inquiry that such questions, or argument, would violate Rule 403 provisions against "unfair prejudice," "confusion of the issues," "misleading the jury," and "waste of time."

## IV.    CONCLUSION.

For the foregoing reasons, the Motion should be granted.

Respectfully submitted, this 6th day June, 2024.

Respectfully submitted:

      /s/ S. Eliza James
Byron M. Forrest (La. Bar No. 35480)
Nicholas V. Cressy (La. Bar No. 35725)
S. Eliza James (La. Bar No. 35182)
FORREST CRESSY & JAMES, LLC
1222 Annunciation Street
New Orleans, Louisiana 70130

Tele:(504) 605.0777
Fax: (504) 322.3884
Email: byron@fcjlaw.com
nicholas@fcjlaw.com
eliza@fcjlaw.com


     /s/ Eric C. Rowe
C. Allen Foster (Admitted Pro Hac Vice)
Eric C. Rowe (Admitted Pro Hac Vice)
Harry S. Johnson (Admitted Pro Hac Vice)
James Jeffcoat (Admitted Pro Hac Vice)
Masten Childers, III (Admitted Pro Hac Vice)
WHITEFORD, TAYLOR & PRESTON, L.L.P.
1800 M Street, NW, Suite 450N
Washington, DC 20036
Tele: (202) 659.6800
Fax: (202) 331.0573
Email: cafoster@wtplaw.com
erowe@wtplaw.com
mchilders@wtplaw.com
*Counsel For Addison Plaintiffs*