UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FREDERICK ADDISON, ET AL.,** <br>     Plaintiffs <br><br> V. <br><br> **LOUISIANA REGIONAL LANDFILL COMPANY, ET AL.,** <br>     Defendants <br><br><br> *Applies to: Both Cases* | CIVIL ACTION <br><br> NO. 19-11133, c/w 19-14512 <br><br> SECTION: "E" (5) <br><br><br> JUDGE: Morgan <br> MAGISTRATE JUDGE: North |

**BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO EXCLUDE EVIDENCE REGARDING DR. SPODAK'S RESOLVED MEDICAL CONDITION**

Pursuant to §VI.2 of the Thirteenth Case Management Order, Plaintiffs submit this Brief in support of their motion to exclude any evidence, testimony, or argument regarding Dr. Michael Spodak's prior and fully resolved medical condition. For the reasons stated herein, any evidence, testimony, or argument on this topic should be excluded.

**I.**     **Prior History Underlying this Motion in Limine[1]**

REDACTED

---

[1] *See* attached Declaration of Dr. Michael Spodak.

REDACTED

REDACTED

REDACTED

About the same time, Dr. Spodak was an expert witness on behalf of the defense in very contentious lead paint cases involving individuals claiming neurocognitive difficulties. The plaintiffs' attorneys in those cases attempted to make       REDACTED

Despite their efforts, neither Dr. Spodak's qualifications as an expert nor his testimony were limited in any way.

Since 2008 through the present time, Dr. Spodak has not       REDACTED

At no time since 2008 has Dr. Spodak as an expert, or his testimony, been excluded or limited by any Court in any way.

II.     **Circumstances Giving Rise to this Motion in Limine**

At the very end of Dr. Spodak's deposition, Mr. Mims asked him,       REDACTED

REDACTED

. (**Exhibit 1, Spodak Dep. at 392-393**.)  Despite undoubtedly knowing that Dr.

Spodak had been qualified as an expert and had testified dozens of times         REDACTED

      Mr. Mims persisted: ". . .                                REDACTED

" Dr. Spodak directly addressed the only real issue: "My answer is that I am currently under no cognitive impairment or condition that would impact by ability to evaluate individuals or testify." Mr. Mims then asked a question which was irrelevant in light of Dr. Spodak's prior answer: "                          REDACTED

At this point, the deposition had reached its seven-hour limit and was adjourned.

### III. Reason the Motion in Limine Should Be Granted

Having chased down the obscure record of Dr. Spodak's claim against a disability insurance company, Defendants' counsel must also have investigated and known that there was no reasonable basis to question Dr. Spodak's cognition in this case – he completely recovered from        REDACTED        he has never had his cognitive abilities seriously questioned in any case; in no case has he ever been found to have been cognitively impaired;    REDACTED   he has been qualified as an expert and has testified, without limitation, on nearly 30 occasions. (**Exhibit 2, Spodak Declaration**.) Thus, there was no good faith basis for the questions. *See* Louisiana Rule of Professional Condict 3.4 (e).[2]

Further, even if Dr. Spodak had suffered from a cognitive deficit in the past, there can be no dispute that the                              REDACTED

---

[2] Virtually all commentators agree that Model Rule of Professional Conduct 3.4 (e), which has been adopted verbatim in Louisiana's Rule 3.4 (e), includes the requirement of a good faith basis for a question on cross-examination, and that that aspect of the Rule is itself based on decades of precedent. *See,* for example, Berger, Todd A., "The Ethical Limits of Discrediting the Truthful Witness: How Modern Ethics Rules Fail to Prevent Truthful Witnesses from Being Discredited through Unethical Means," 99 Marq. L. Rev. 283, 309 (2015). https://scholarship.law.marquette.edu/mulr/vol99/iss2/4.

REDACTED	Under Rule Fed. R. Evid. 609, after ten years, *even a prior felony conviction* is not admissible "unless the court determines, in the interest of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial value." Mr. Mims' insinuation that, REDACTED Dr. Spodak REDACTED and cannot not meet any reasonable standard of sufficient recency to have probative value.

Even if a medical condition that resolved 16 years ago had any probative value, it would be clearly outweighed by the danger of unfair prejudice and misleading the jury, contrary to Fed. R. Evid. 403 ("Rule 403"). That Rule provides: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

In considering whether evidence should be excluded under Rule 403, courts recognize that temporal remoteness depreciates the probity of evidence being offered. *U.S. v. Beechum*, 582 F.2d 898, 914-915 (5th Cir. 1978) (whether probative value of extrinsic evidence is substantially outweighed by undue prejudice is matter within trial court's sound discretion and judges should consider temporal remoteness of evidence); *Harrower v. Louisiana ex rel. Louisiana Dept. of Transp.*, 327 Fed.Appx. 501 (5th Cir. 2009) (per curiam) (unreported) (evidence of other accidents at rail crossing excluded, *inter alia*, because other accidents were remote in time); *Southard v. Texas Board of Criminal Justice*, 159 F.3d 1356 (5th Cir. 1998) (per curiam) (unreported) (recognizing consideration of temporal relationship when considering admissibility of evidence under Rule 403 and excluding evidence). Here, REDACTED

REDACTED       and, therefore, the probative value of this line of questioning is substantially outweighed by the danger of unfair prejudice, unnecessary delay, and confusion of the issues.

## IV.    CONCLUSION

REDACTED

Therefore, Defendants should be precluded from presenting at trial any evidence, testimony, or argument at trial regarding this issue because the probative value of this line of questioning is substantially outweighed by the danger of unfair prejudice, unnecessary delay, and confusion of the issues pursuant to Rule 403.

Dated: June 6, 2024

                                Respectfully submitted:

                                      **/s/** S. Eliza James
Byron M. Forrest (La. Bar No. 35480)
Nicholas V. Cressy (La. Bar No. 35725)
S. Eliza James (La. Bar No. 35182)
FORREST CRESSY & JAMES, LLC
1222 Annunciation Street
New Orleans, Louisiana 70130
Tele:(504) 605.0777
Fax: (504) 322.3884
Email: byron@fcjlaw.com
nicholas@fcjlaw.com
eliza@fcjlaw.com


                                      /s/ Eric C. Rowe
C. Allen Foster (Admitted Pro Hac Vice)
Eric C. Rowe (Admitted Pro Hac Vice)
Harry S. Johnson (Admitted Pro Hac Vice)
James Jeffcoat (Admitted Pro Hac Vice)
Masten Childers, III (Admitted Pro Hac Vice)
WHITEFORD, TAYLOR & PRESTON, L.L.P.
1800 M Street, NW, Suite 450N
Washington, DC 20036
Tele: (202) 659.6800

Fax: (202) 331.0573
Email: cafoster@wtplaw.com
erowe@wtplaw.com
mchilders@wtplaw.com
*Counsel For Addison Plaintiffs*