UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FREDERICK ADDISON ET AL., **Plaintiffs,** VERSUS LOUISIANA REGIONAL LANDFILL COMPANY, ET AL., **Defendants.** Applies to: Both Cases | CIVIL ACTION NO. 19-11133 c/w 10-14512 SECTION: "E"(5) JUDGE: Morgan MAGISTRATE JUDGE: North |

### BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO EXCLUDE EXPERT TESTIMONY OF PAOLO ZANNETTI

Pursuant to §VI.2 of the Thirteenth Case Management Order, Plaintiffs submit this Supplemental Brief in support of their pending motion to exclude the testimony of proposed defense expert, Dr. Paolo Zannetti. For the reasons stated herein, his testimony should be excluded in its entirety. A copy of his Report is attached as **Exhibit 1.** Excerpts of his deposition are attached as **Exhibit 2.**

Dr. Paolo Zannetti is, and has been, one of Defendants' expert emission modelers since this case began. He provided a report and testified at the General Causation hearings. Now, for Specific Causation, he again reports and testifies as an expert "to present the result of air dispersion modeling of emissions of hydrogen sulfide from [the] three landfills." **Exhibit 2,** Deposition of Paolo Zannetti at p. 14, l. 6-10 ("Zannetti dep.") He was "provided with emission rates for H2S for each landfill for the years 2017, 2018, 2019 and 2020" by "defense emission expert [Matthew] Stutz." Id. at p. 14, l. 17 – p. 15, l. 1. He took those emission rates and inputted them into the same CALPUFF model (with the same meteorological inputs, id at. 100, l. 13 – p. 102, l. 16,

although he cannot say why he didn't do the same thing in 2021) as used by Plaintiffs' modeler, Mr. James Lape. Id. at 21, l. 1-14. Dr. Zannetti candidly and repeatedly concedes that "if the model input is incorrect, the output will be incorrect" because "emission and concentration are linearly related." Id. at 15, l. 2-15; also, p. 17, l. 2-19; and p. 19, l. 7-15 ("garbage in, garbage out").

In addition to the syllogism for exclusion being explored here – Mr. Stutz is wrong. Dr. Zannetti based everything on Mr. Stutz; therefore, Dr. Zannetti is wrong and must be excluded. Dr. Zannetti also candidly admitted that he did nothing to verify Mr. Stutz emission rates, id. at 20, l. 19-25, despite the fact that (1) between his first 2024 report and his amended 2024 report (one month), Mr. Stutz reduced Hy 90 emission rates so that they were "only" three, as opposed to five, times higher than JPLF and RBLF emissions, id. at 29, l. 18 – p. 30, l. 7; (2) Mr. Stutz's 2024 amended report had emission rates approximately 10,000 times the rate provided by Dr. Abichou and previously relied upon by Dr. Zannetti at General Causation (id. at 169, l. 15-24 and the following extensive discussion at p. 169, l. 25 – p. 172, l. 17); (3) Dr. Yocke's emission calculation during General Causation was much closer to the rate used by Mr. Lape than Dr. Zannetti's emission rate (id. at p. 110, l. 19 – 113, l. 4); (4) the emission rate used by Mr. Lape was approximately 20 times greater than the emission rate provided to Dr. Zannetti by Mr. Stutz (id. at p. 164, l. 22 – p. 165, l. 14); (5) an experienced scientist like Dr. Zannetti[1] should have quickly seen the flaws in Mr. Stutz's computations of the Hy 90 emissions (using 2008 data to

---

[1] In connection with his criticism of Mr. Lape for not questioning the Court's H2S odor threshold level of 5 ppb for 30-minutes, Dr. Zannetti touts himself as "an atmospheric and physical scientist with over 50 years of experience" who addresses "the issue of the suitability" of such standards. Zannetti Report at p. 81. While he actively challenges this determination by the Court, Dr. Zannetti makes no similar investigation of Mr. Stutz's emission data, demonstrating that he does not apply the same standards to his forensic work as he deems appropriate to his non-expert scientific work and to the forensic work of other experts.

estimate emissions in 2017-2020 without modification for differences in amount and nature of waste) (id. at 131, l. 19 – p. 132, l. 17; (6) the LDEQ found that the JPLF was the major source of the odors plaguing the neighbors (id. at 83, l. 10 – p. 84, l. 14); (7) Jefferson Parish admitted that its landfill was the major source of the odors; (8) there were over 3,500 odor complaints to the Jefferson Parish hotline (id. at 78, l. and p. 108, l. 8 – 109, l. 20 ); (9) there were hundreds and hundreds of complaints to the Harahan/River Ridge Air Quality Facebook page, even though his model showed that odors from all three landfills only very rarely reached the East Bank (id. at 78, l. 18 – p. 81, l. 24; and p. 93, l. 9-21); and (10) Zannetti did not pay any attention to the improvements to the JPLF in 2019 and 2020 (id. at 92, l. 15-20 and p. 128, l. 9-24) and did not ask Mr. Stutz about them, id. at 105, l. 16-23 and p. 106, l. 8 – p. 107, l. 9.  In addition, Dr. Zannetti's pollution roses, on which he extensively relies, were constructed with data that omitted "hours with light, variable winds," even though "emissions are more likely to be strong and felt when the wind is still or very light," id. at 129, l. 7-20, and are based on data from the Waggaman station which did not begin operation until February, 2020, after the improvements to the JPLF were substantially complete.  Id. at. 122, l. 7 – 20.  As a result, apart from his opinions being wholly based upon unreliable data from Mr. Stutz, Dr. Zannetti's opinions should be excluded because they are not based upon reliable data or methodology.

  Dr. Zannetti must be precluded from testifying at trial because (1) when Mr. Stutz's opinions and emission rates fall because they are wholly unreliable, so must Dr. Zannetti's opinions and dispersion modeling.; and (2) Dr. Zannetti's opinions are not based upon reliable data or methodology.

Respectfully submitted, this 6th day June, 2024.

/s/ Eric C. Rowe
C. Allen Foster (Admitted Pro Hac Vice)
Eric C. Rowe (Admitted Pro Hac Vice)
Masten Childers, III (Admitted Pro Hac Vice)
WHITEFORD, TAYLOR & PRESTON, L.L.P.
1800 M Street, NW, Suite 450N
Washington, DC 20036
Tele: (202) 659.6800
Fax: (202) 331.0573
Email: cafoster@whiteforlaw.com
erowe@whitefordlaw.com
mchilders@whitefordlaw.com

Harry S. Johnson, (Admitted Pro Hac Vice)
James R. Jeffcoat (Admitted Pro Hac Vice)
WHITEFORD, TAYLOR & PRESTON L.L.P.
Seven Saint Paul Street
Baltimore, Maryland 21202-1636
(410) 347-8700
hjohnson@whitefordlaw.com
jjeffcoat@whitefordlaw.com

FORREST CRESSY & JAMES, LLC
Byron M. Forrest (La. Bar No. 35480)
Nicholas V. Cressy (La. Bar No. 35725)
S. Eliza James (La. Bar No. 35182)
1222 Annunciation Street
New Orleans, Louisiana 70130
Tele:(504) 605.0777
Fax: (504) 322.3884
Email: byron@fcjlaw.com
nicholas@fdjlaw.com
eliza@fcjlaw.com

*Counsel For Addison Plaintiffs*