UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **FREDERICK ADDISON, ET AL.,** | * | |
| | * | |
| PLAINTIFF, | * | CIVIL ACTION NO. 19-11133, |
| | * | c/w 19-14512 |
| **VERSUS** | * | |
| | * | |
| **LOUISIANA REGIONAL LANDFILL** | * | |
| **COMPANY, ET AL.,** | * | **JUDGE MORGAN** |
| | * | |
| DEFENDANTS. | * | **MAGISTRATE** |
| | * | **JUDGE NORTH** |
| *APPLIES TO: ALL CASES* | * | |
| | * | |
| | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT TO DISMISS PLAINTIFFS' TRADITIONAL NEGLIGENCE CLAIMS DUE TO LACK OF EVIDENCE OF SCOPE OF THE DUTY**

Plaintiffs seek two bites at the apple – and to confuse the jury – by asserting two different negligence-based theories of recovery ("nuisance" under La. Civil Code article 667, and "traditional negligence" under articles 2315, 2316, and 2317.1). But Plaintiffs cannot carry their burden for their traditional negligence claims, as they lack any evidence on the scope of any duty owed by the Defendants[1] or the foreseeability of Plaintiffs' harm, both of which are necessary elements of the claim. The Court should dismiss Plaintiffs' traditional negligence claims because Plaintiffs cannot meet their burden, and because it will assist the Court and the jury by allowing them to focus on one set of legal standards, i.e., those governing Plaintiffs' article 667 nuisance claims.

## BACKGROUND

Plaintiffs have alleged annoyance and medical symptoms that they attribute to exposure to odors and gases allegedly emitted from the Jefferson Parish Landfill ("JPLF") from 2017 through 2019. Plaintiffs assert nuisance and traditional negligence claims,[2] both of which are governed by a negligence standard.[3] Plaintiffs make conclusory allegations that the "Defendants' failure to comply with their duties of care to the Petitioners were and are a cause in fact and a legal cause of Petitioners' injuries …."[4] To establish legal cause for their traditional negligence claims, Plaintiffs must prove the scope of Defendants' duty and the foreseeability of the Plaintiffs' harm,[5] and in the

---

[1] The Defendants in this matter are Aptim Corp, Jefferson Parish, Louisiana Regional Landfill Company, Waste Connections US, Inc., and Waste Connections Bayou, Inc.
[2] Plaintiffs' Second Amended Omnibus Complaint For Damages And Injunctive Relief, ECF Doc. 431, para. 35.
[3] After the 1996 revisions to articles 667, nuisance claims in Louisiana are governed by a negligence standard. *See* La. Civil Code art. 667 (stating that a nuisance defendant is "answerable for damages only upon a showing that he knew or, in the exercise of reasonable care, should have known that his works would cause damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care."); *Yokum v. 615 Bourbon St., L.L.C.*, 2007-1785 (La. 2/26/08), 977 So. 2d 859, 874 (the 1996 revisions to article 667 "shift[ed] the absolute liability standard to a negligence standard.").
[4] ECF Doc. 431, para. 31.
[5] *See Roberts v. Benoit*, 605 So.2d 1032, 1044 (La. 1991) (a plaintiff's burden to prove scope of the duty involves proving "whether the enunciated rule or principle of law extends to or is intended to protect *this plaintiff* from *this type of harm* arising in *this manner*.") (emphasis in original).

absence of such evidence, summary judgment is appropriate.[6] Plaintiffs have not submitted any evidence regarding this issue, which is fatal to their traditional negligence claims.

Plaintiffs retained Jose Sananes, PE ("Mr. Sananes") as their sole liability expert to testify as to alleged breaches of duty by the Defendants and the foreseeability of Plaintiffs' harm. In his report, Mr. Sananes opines on the duties and standards of care applicable to landfill owners and operators and the purported breaches of those duties by the Defendants in this case.[7] His report, however, is silent on the issue of *to whom* those duties are owed, such as the geographical areas within which it was foreseeable that Defendants' actions could cause harm. He confirmed in deposition that he has not formed an opinion as to whether the harm to any individual Plaintiff was foreseeable.[8] Plaintiffs' other experts have not offered opinions or testified as to the scope of Defendants' duty and the foreseeability of the Plaintiffs' harm.

On October 17, 2023, the Court issued its Eleventh Case Management Order which set a deadline for all fact discovery on January 31, 2024.[9] In February 2024, the Court issued its Thirteenth Case Management Order providing that all expert discovery must be completed by April 30, 2024, and all expert depositions have been completed.[10] After more than five years of litigation and with a jury trial scheduled, Plaintiffs have adduced no proof that they fall within the scope of persons to whom Defendants allegedly owed a duty.

Without any expert testimony establishing the scope of the duty, or legal cause, Plaintiffs cannot carry their affirmative burden at trial to prove their traditional negligence claims under

---

[6] *Lloyd's Leasing Ltd. v. Conoco*, 868 F.2d 1447, 1449 (5th Cir. 1989) (affirming summary judgment when plaintiffs lacked evidence that it was foreseeable that oil spill 70 miles away would impact them).
[7] *See* excerpts of the February 16, 2024 Expert Report of Jose Sananes, attached hereto as Exhibit A at 50-65. The portions of Mr. Sananes' report relevant to this motion are attached hereto. A full copy of Mr. Sananes' report is attached to the Motion in Limine to limit his testimony, being filed contemporaneously herewith.
[8] See Excerpts of Deposition of Jose Sananes, attached hereto as Exhibit B, at 71:8-76:1 ("Q: Do you plan to testify in this case as to a specific distance from the landfill within which harm is foreseeable? / A: No.").
[9] *See* ECF Doc. 427 at 2.
[10] *See* ECF Doc. 498 at 6.

Louisiana law, and summary judgment is appropriate to narrow the issues for the jury to consider at the August 2024 trial.

## LAW AND ARGUMENT

### I. Standard of Review

Summary judgment is the proper vehicle for challenging a plaintiff's failure to come forth with evidence on the issue of scope of the duty. *Lloyd's Leasing Ltd. v. Conoco*, 868 F.2d 1447, 1449 (5th Cir. 1989) (affirming grant of summary judgment). The "[d]etermination of the tortfeasor's duty, and its parameters, is a function of the court." *Id*. (citing *Consolidated Aluminum Corporation v. C.F. Bean Corp.*, 833 F.2d 65, 67 (5th Cir. 1987)).

Summary judgment is proper when, after reviewing the pleadings, the discovery and disclosure materials on file, and any affidavits, the Court determines that there is no genuine issue of material fact. *See* Fed. R. Civ. P. 56. The party seeking summary judgment need not produce evidence negating the existence of material fact but need only point out the absence of evidence supporting the other party's case. *Id.*; *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195 (5th Cir. 1986). Where, as here, Plaintiffs bear the burden of proof at trial, it is incumbent upon them to "produce specific facts indicating a genuine issue for trial to avoid summary judgment." *Cripps v. La. Dep't of Agric.*, 819 F.3d 221, 228-229 (5th Cir. 2016). "Summary judgment is appropriate … if the non-movant fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Id.* at 229 (emphasis added & quotation omitted). "The non-movant must go beyond the pleadings and come forward with specific facts indicating a genuine issue for trial to avoid summary judgment." *Piazza's Seafood World, LLC v. Odom*, 448 F.3d 744, 752 (5th Cir. 2006) (emphasis added).

The showing of a genuine issue is not satisfied by creating "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a

4

'scintilla' of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). Instead, a genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party responding to the motion for summary judgment may not rest upon the pleadings but must establish specific facts that create a genuine issue that precludes summary judgment. *Id.*; *Little*, 37 F.3d at 1075.

## II.     Plaintiffs Must Prove the Scope of Duty under their Traditional Nuisance Claim

Articles 667 and 2315 are both governed by negligence principles. Plaintiffs' article 2315 claim is a traditional negligence cause of action. And Plaintiffs' article 667 nuisance claims –which Defendants are not seeking to dismiss in this motion – are governed by a "knew or should have known" standard.[11] However, articles 667 and 2315 carry different burdens on the question of duty. Unlike traditional article 2315 negligence claims, "nuisance claims do not require an allegation of a separate source of duty." *Ellis v. Evonik Corp.*, CV 21-1089, 2022 WL 1719196, at *13 (E.D. La. May 27, 2022) (dismissing plaintiffs' traditional negligence claims given the lack of evidence on duty, but allowing the nuisance claims to go forward). Rather, "[t]he proprietor's duty to his neighbors is established by the Code itself, and it stems from the nature of the parties' relationships as neighbors." *Id.*[12]

In contrast, Louisiana law imposes a higher burden as to traditional negligence claims, and requires a plaintiff to affirmatively come forward with evidence of a duty that is intended to protect *this plaintiff* from *this type of harm* arising in *this manner*. *Id.*

---

[11] *See Yokum v. 615 Bourbon St., L.L.C.*, 2007-1785 (La. 2/26/08), 977 So. 2d 859, 874.
[12] *See also Ictech-Bendeck v. Progressive Waste Sols. of LA, Inc.,* No. CV 18-7889, 2019 WL 4111681, at *4 (E.D. La. Aug. 29, 2019) ("Louisiana courts have held the word 'neighbor' as used in Article 667 is indefinite and refers to any land owner whose property may be damaged irrespective of the distance his property may be from that of the proprietor whose work caused the damage.") (internal marks and citations omitted).

5

### III.    Duty/Risk Analysis

Plaintiffs have made allegations of professional negligence against the Defendants – i.e., that they breached industry standards of care in their design, operation, and maintenance of the JPLF[13] – which requires a duty/risk analysis under Louisiana law. *See Mathieu v. Imperial Toy Corp.*, 646 So.2d 318, 321–22 (La. 1994). In order for a defendant to be liable, the plaintiff must prove each of these five elements: (1) the defendant had a duty to conform his or her conduct to a specific standard of care; (2) the defendant failed to conform its conduct to the appropriate standard; (3) the defendant's substandard conduct was the cause in-fact of the plaintiff's injuries; (4) the plaintiff's injuries fell within the scope of the duty owed by the defendant (sometimes referred to as the legal cause, proximate cause, or scope of protection element); and (5) actual damages. *Id.* A negative answer to any of the duty-risk inquiries results in a determination of no liability. *Id.*

### A.    Expert Testimony is Required to Establish Industry Standards of Care

In this case, in which Plaintiffs allege breaches of industry standards of care, they bear the burden to come forth with expert testimony establishing the applicable industry standards and that Defendants breached those industry standards. *See Butler v. Denka Performance Elastomer, L.L.C.,* 16 F.4th 427 (5th Cir. 2021) (dismissing plaintiff's claim given failure to allege a duty, or a breach of such duty, based on chemical plant's alleged "excessive" chloroprene emissions). The denial of a summary judgment is reversible error when the plaintiff fails to come forward with evidence to establish the applicable duty. *Carrier v. City of Amite*, 2010-0007, p. 4 (La. 10/19/10); 50 So.3d 1247, 1250; *Carter v. Deitz*, 556 So. 2d 842, 868 (La. App. 4 Cir. 1990); *cf. Greenhouse v. C.F. Kenner Associates, Ltd. Partn.*, 98-0496 (La. App. 4 Cir. 1998), 723 So.2d 1004 (affirming

---

[13] Plaintiffs' Second Amended Omnibus Complaint For Damages And Injunctive Relief, ECF Doc. 431, para. 30 (alleging that Defendants were negligent in their failure "to properly design, operate and maintain the J.P. Landfill").

trial court's granting of summary judgment based on plaintiff's failure to come forth with evidence of standard of care for design of parking lots). "The general standard of care applicable to all professionals … is that the services be performed with the same degree of skill and care exercised by others in the same profession in the same general area." *Nicholson & Loup, Inc. v. Carl E. Woodward, Inc.*, 596 So.2d 374, 381 (La. App. 4th Cir. 1992).

Courts have specifically identified the operation of landfills and other odor-producing facilities as issues requiring expert testimony. *See Crane-McNab v. Cnty. of Merced*, 2010 WL 4024936, at *16 (E.D. Cal. Oct. 13, 2010) ("Because the operation of a landfill is a specialized area, the standard of care in operating the Highway 59 Landfill requires expert testimony."); *see also Brantley v. Int'l Paper Co.*, 2017 WL 2292767, at *12 (M.D. Ala. May 24, 2017) (summary judgment granted when plaintiff lacked expert testimony on industry standards applicable to paper mills' duties to control odors); *Nat'l Tel. Co-op. Ass'n v. Exxon Corp.*, 38 F.Supp.2d 1, 10 (D. D.C. Nov. 19, 1998) (summary judgment granted when plaintiff lacked expert testimony on industry standards applicable to Exxon's duty to replace aging underground storage tanks). Here, expert testimony is required to prove (1) the standard of care applicable to Defendants; (2) whether Defendants failed to conform their conduct to the appropriate standard; (3) whether Defendants' substandard conduct was the cause in-fact of the Plaintiffs' injuries; and (4) whether Plaintiffs' injuries fell within the scope of the duty owed by Defendants. *Butler,* 16 F.4th at 445.

Here, Plaintiffs' only proffer of expert opinion on the standard of care is by Mr. Sananes, who asserts that Defendants allegedly breached industry standards by accepting "spent lime" that contains gypsum and co-mingling that spent lime with municipal solid waste. However, Mr. Sananes admits that he has no experience or training in the operation of municipal solid waste landfills, nor in the operational decisions of what types of waste to accept, and how to manage

7

such wastes, at municipal solid waste landfills.[14] Mr. Sananes' lack of qualifications are the subject of a separate motion to exclude his testimony on this topic. If that motion is successful, or if the Court does not qualify Mr. Sananes on this point after *voir dire* at trial, Plaintiffs will have no admissible expert testimony to support their assertion of negligence.

But even if the Court accepts Mr. Sananes as an expert, this motion should still be granted – as set forth below, Mr. Sananes does not even attempt to answer the necessary question of *to whom* Defendants allegedly owed any duties, which is fatal to Plaintiffs' traditional negligence claims.

       **B.**       **Expert Testimony is Required to Establish the Scope of Any Applicable Industry Standards and Foreseeability of the Harm.**

Plaintiffs' only expert as to the scope of Defendants' alleged duty is Mr. Sananes. In deposition, Mr. Sananes admitted that he had not formed an opinion as to the scope of Defendants' alleged duty, and whether harm to any specific Plaintiff was foreseeable to Defendants – instead, Mr. Sananes asserts only that a duty is owed to "neighbors," whom he could not define. Because Plaintiffs must present expert testimony on whether Defendants owed a duty to each specific Plaintiff and they have failed to do so, Plaintiffs' traditional negligence claims should be dismissed.

It is undisputed that Plaintiffs have failed to introduce any evidence regarding the fourth element of the duty/risk analysis – that Plaintiffs' injuries fell within the scope of the duty owed by the Defendants (sometimes referred to as the legal cause, proximate cause, or scope of protection element). This failure is fatal to Plaintiffs' traditional negligence claims. *Hill v. Lundin & Assocs., Inc.*, 256 So. 2d 620, 623 (La. 1972) (although contractor arguably had a duty not to leave a ladder standing against a house, dismissal warranted given lack of evidence that such duty

---

[14] *See generally* Defendants' Motion *in Limine* to Exclude the Standard of Care Opinions of Plaintiffs' Expert, Jose Sananes, being filed contemporaneously herewith.

extended to protection of unforeseen third parties); *Butler,* 16 F.4th at 445 ("Whether a legal duty exists, *and the extent of that duty*, depends on the facts and circumstances of the case, *and the relationship of the parties*.") (citing *Joseph v. Dickerson*, 754 So. 2d 912, 916 (La. 2000)) (emphasis added).

Under Louisiana law, the scope of the duty question turns on whether the defendant could have "reasonably foreseen or anticipated" the alleged injury to the plaintiff. *See Todd v. State ex rel. Dep't of Social Services*, 699 So. 2d 35, 39 (La. 1997). A risk is not within the scope of a duty where the circumstances of that injury to the plaintiff "could not reasonably be foreseen or anticipated, because there was no ease of association between the risk of that injury and the legal duty." *Lazard v. Foti*, 859 So. 2d 656, 661 (La. 2003). Put another way, this element asks "whether the enunciated rule or principle of law extends to or is intended to protect *this plaintiff* from *this type of harm* arising in *this manner*." *Roberts v. Benoit*, 605 So.2d 1032, 1044 (La. 1991) (citation omitted) (emphasis in original). Courts also consider whether "too much else has intervened— time, space, people, and bizarreness." *Id.* at 1058, quoting David W. Robertson, *Reason Versus Rule in Louisiana Tort Law: Dialogues on Hill v. Lundin & Associates, Inc.*, 34 La.L.Rev. 1 (1973). "Plaintiffs must prove the harm caused to them was within the Defendants' scope of liability, in other words, the risk was within the scope of the duty. Accordingly, the scope of the Defendants' duty and the foreseeability of the Plaintiffs' harm must be established before determining whether legal cause exists." *Ctr. for Restorative Breast Surgery, L.L.C. v. Blue Cross Blue Shield of Louisiana*, 2017 WL 3308919, at *8 (E.D. La. Mar. 31, 2017).

Plaintiffs retained Mr. Sananes as their sole liability expert. In his report, Mr. Sananes opines generally on the duties and standards of care applicable to landfill owners and operators

and the purported breaches of those duties by the Defendants in this case.[15] His report, however, sidesteps the issue of *to whom* those duties are owed, i.e., the geographical areas within which it was foreseeable that Defendants' actions could cause harm. Mr. Sananes states that certain of Defendants' actions had a "reasonably foreseeable potential to … affect neighboring individuals," but he does not opine as to who would qualify as a "neighboring individual" or which, if any, of the Plaintiffs would qualify.[16] When pressed at deposition, he conceded that he could not say which citizens, or which geographic areas, Defendants should have foreseen could be harmed by emissions from JPLF:

> Q: Do you plan to testify in this case as to a specific distance from the landfill within which harm is foreseeable?
>
> A: No.[17]

This admission by Plaintiffs' only liability expert is fatal to Plaintiffs' traditional negligence claims. Expert testimony is needed not only to define the applicable duties under industry standards, but also to set forth the class of persons to whom a duty is owed – i.e., the foreseeability question. A landfill's potential to cause offsite odors, and how far offsite those odors can travel, hinges on a myriad of factors, including volumes and types of waste delivered to a landfill, rainfall levels, wind velocity and direction, and numerous other technical and meteorological factors. Put simply, odor impacts that are foreseeable to occur just outside of a landfill's gates may not be foreseeable at distances miles away, and Plaintiffs have offered no expert testimony to allow the jury to answer this fundamental element of Plaintiffs' burden.

The *Addison* Plaintiffs who will proceed to trial in August 2024 ("Trial Plaintiffs") reside at distances between approximately 2 miles from the JPLF (Jonathan Tate, Geneva Green), and

---

[15] Ex. A at 50-65.
[16] *Id*. at 15 (Sec. 6.5(d)(i)) and 61 (Sec. 16.3(d)(i)).
[17] Exhibit B at 75:23-76:1.

more than 4.5 miles away (Vernice Lewis, Terrance Thompson, and Tyrone Thompson). Looking to the broader pool of *Addison* Plaintiffs, some live more than 12 miles away from JPLF,[18] or at locations that make it particularly challenging to determine foreseeability – e.g., across the Mississippi River, on the other sides of the JPLF's neighboring landfills, or closer to other sources of odors than to JPLF. Without expert testimony as to the foreseeable scope of harm, a lay jury will be incapable of determining whether the alleged injuries to Plaintiffs were the foreseeable result of Defendants' actions, or instead whether they were caused by the "improbable interplay of natural and human forces," in which case Defendants would owe no duty to Plaintiffs. *In re Signal LLC*, 579 F.3d 478, 495 n.20 (5th Cir. 2009).

The Fifth Circuit's analogous decision in *Lloyd's Leasing* is instructive on the importance of expert testimony to the scope of duty in environmental exposure cases like this. *See Lloyd's Leasing Ltd. v. Conoco,* 868 F.2d 1447, 1449 (5th Cir. 1989). In *Lloyd's,* a ship ran aground in the Calcasieu River Bar Channel and spilled crude oil, which reached properties located 70 miles away. *Id.* at 1448. The trial court granted summary judgment and the Fifth Circuit affirmed, holding that plaintiffs lacked expert evidence to carry their burden on the scope of the duty because their experts failed to "address the probability that this oil spill would wash ashore in such an area," i.e., they did not establish that it was foreseeable that those specific plaintiffs would be impacted (even if they ultimately were impacted). *Id.* at 1449. In affirming summary judgment, the Fifth Circuit held that "[d]etermination of the tortfeasor's duty, and its parameters, is a function of the court," not the jury, and therefore that the lack of expert evidence on this key issue warranted summary judgment. *Id.*

---

[18] *See, e.g.,* Alicia Collins. During the relevant time period, she resided at 934 Belleville St, New Orleans, LA 70114 (the Algiers neighborhood).

11

Similarly, here, it is not enough that Defendants allegedly owed a duty to an indefinite set of "neighbors," or that Plaintiffs' experts offer opinions that Plaintiffs were in fact exposed to some hydrogen sulfide from the JPLF. Rather, Plaintiffs must establish through expert testimony that it was foreseeable, as a result of an applicable industry standard, that Defendants' alleged failure to adhere to their applicable duties would harm these specific Plaintiffs and their homes. But Plaintiffs' sole expert on this topic expressly declined to offer this key testimony. As the Fifth Circuit affirmed in *Lloyd's,* this is a legal question that is ripe for summary judgment, and dismissal is warranted when a jury is left without any evidence to make the specialized determination of whether the Trial Plaintiffs were within the scope of any duty allegedly owed.

A grant of summary judgment on this issue will clarify the issues to be tried, but does not seek dismissal of Plaintiffs' entire claim. Defendants seek only to prevent Plaintiffs from confusing the jury with two sets of legal standards (one for nuisance, and one for traditional negligence), when Plaintiffs have failed to come forth with evidence to satisfy their burden for the traditional negligence claims.

## CONCLUSION

For these reasons, Defendants' motion for partial summary judgment should be granted, and Plaintiffs' traditional negligence claims arising under La. Civil Code arts. 2315, 2316, and 2317.1 should be dismissed with prejudice.

Respectfully submitted,

LISKOW & LEWIS, APLC

By:  /s/ Michael C. Mims
     Michael Cash (#31655)
     Cherrell Simms Taplin (#28227)
     Michael C. Mims (#33991)
     Brady M. Hadden (#37708)

J. Hunter Curtis (#39150)
Alec Andrade (#38659)
701 Poydras Street, Suite 5000
New Orleans, LA 70139
Telephone: (504) 581-7979
Telefax: (504) 556-4108


BEVERIDGE & DIAMOND, P.C.

Megan R. Brillault (*pro hac vice*)
Michael G. Murphy (*pro hac vice*)
John H. Paul (*pro hac vice*)
Katelyn E. Ciolino (*pro hac vice*)
Katrina M. Krebs (*pro hac vice*)
825 Third Avenue, 16th Floor
New York, NY 10022
(212) 702-5400

James B. Slaughter (*pro hac vice*)
1900 N Street, NW, Suite 100
Washington, DC 20036
(202) 789-6000

Michael F. Vitris (*pro hac vice*)
400 W. 15th Street, Suite 1410
Austin, TX 78701
(512) 391-8035

*Counsel for Defendants Louisiana Regional Landfill Company, Waste Connections Bayou, Inc., and Waste Connections US, Inc.*


CONNICK AND CONNICK, LLC

By:   /s/ Michael S. Futrell
        William P. Connick, La. Bar No. 14158
        Michael S. Futrell, La. Bar No. 20819
        Matthew D. Moghis, La. Bar No. 33994
        Anya M. Jones, La. Bar No. 36923
        3421 N. Causeway Blvd., Suite 408
        Metairie, Louisiana 70002
        Telephone: (504) 681-6658
        Facsimile: (504) 838-9903
        E-mail: moghis@connicklaw.com

13

*Counsel for Defendant Jefferson Parish*

GIEGER, LABORDE & LAPEROUSE, L.L.C.

By:   /s/ J. Michael DiGiglia
      Ernest P. Gieger, Jr. (6154)
      John E. W. Baay (22928)
      J. Michael DiGiglia (24378)
      Nicholas S. Bergeron (37585)
      Blaise Chadwick Hill (*pro hac vice*)
      Gieger, Laborde & Laperouse, L.L.C.
      Hancock Whitney Center
      701 Poydras Street, Suite 4800
      New Orleans, Louisiana 70139
      Telephone: (504) 561-0400
      Facsimile: (504) 561-1011

*Attorneys for Defendant Aptim Corp.*

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was electronically filed on June 6, 2024. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

By:   /s/ Michael C. Mims