**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **FREDERICK ADDISON, ET AL.,** | * | |
| | * | |
| **PLAINTIFF,** | * | **CIVIL ACTION NO. 19-11133,** |
| | * | **c/w 19-14512** |
| **VERSUS** | * | |
| | * | |
| **LOUISIANA REGIONAL LANDFILL** | * | |
| **COMPANY, ET AL.,** | * | **JUDGE MORGAN** |
| | * | |
| **DEFENDANTS.** | * | **MAGISTRATE** |
| | * | **JUDGE NORTH** |
| *APPLIES TO: ALL CASES* | * | |
| | * | |
| | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## STATEMENT OF UNCONTESTED MATERIAL FACTS

In accordance with Local Rule 56.1, Defendants Aptim Corporation, Jefferson Parish, Louisiana Regional Landfill Company, Waste Connections Bayou, Inc., and Waste Connections US, Inc. (hereinafter referred to as "Defendants") provide this list of uncontested material facts that support their motion for summary judgment.

1. Plaintiffs have alleged annoyance and medical symptoms that they attribute to exposure to odors and gases allegedly emitted from the Jefferson Parish Landfill ("JPLF") from July 1, 2017 through December 31, 2019.

2. On November 5, 2019, this Court issued its first Case Management Order ("CMO"), where it established a <u>bifurcated</u> litigation schedule under which the issue of general causation would be resolved first, to "narrow the focus of the case and the issues at stake."[1]

3. In January and February of 2022, this Court held an eight-day *Daubert* and general causation trial.

---

[1] No. 19-11133, ECF Doc. #No. 80 at 1-2.

4.  On November 29, 2022, the Court issued its General Causation Order, which limited the relevant time period to July 1, 2017 to December 31, 2019 and found that as a matter of law Plaintiffs met their burden of establishing general causation with respect to Plaintiffs' complaints "during the relevant time period [July 1, 2017 – December 31, 2019] of **headaches, nausea, vomiting, loss of appetite, sleep disruption, dizziness, fatigue, anxiety and worry, a decrease in quality of life, and a loss of enjoyment or use of property**."[2]

5.  This Court ruled that Plaintiffs failed to establish general causation for physiological symptoms, including complaints of: "irritation to the eyes, nose, or throat; coughing; trouble breathing; asthma; skin irritation; burning lungs; nose bleeds; neurological issues; and COPD."[3]

6.  The general causation phase of the litigation is over. The litigation is currently in the specific causation phase.

7.  Robert DeLorenzo, M.D. (hereinafter "Dr. DeLorenzo") submitted an expert report on medical causation dated February 5, 2024.

8.  In his report, Dr. DeLorenzo opines that exposure to hydrogen sulfide and VOC emissions from the Jefferson Parish Landfill were a substantial cause of the health complaints reported by the trial plaintiffs during the relevant time period.

9.  Dr. DeLorenzo's report does not identify a harmful dose at which "VOCs" can cause Plaintiffs' specific health issues.

10. Dr. DeLorenzo's report does not identify a specific dose of VOCs that any individual Plaintiff was exposed to.

11. Dr. DeLorenzo's report does not contain any modeling or data analysis regarding VOCs.

12. Plaintiffs' expert, James F. Lape, Jr. submitted an expert report on the fate and gas transport of gases allegedly generated by the Jefferson Parish Landfill from July 2017 through December 2019.

13. Dr. Lape's report focuses on hydrogen sulfide (H2S), a component of landfill gas.

14. Dr. Lape's report does not discuss volatile organic compounds (VOCs) in relation to the alleged emissions from the JPLF during the relevant time period or any individual Plaintiffs.

---

[2] General Causation Order, No. 18-07889, ECF Doc. #285 at 44 (emphasis added).

[3] *Id*. at 42.

15.     No expert in this litigation has performed any monitoring, modeling, or other data analysis regarding the thirteen Trial Plaintiffs' exposures to VOCs.

16.     Dr. DeLorenzo was deposed on May 3 and 4, 2024.

17.     At deposition, Dr. DeLorenzo conceded that exposure to 5 ppb of hydrogen sulfide over 30 minutes (the exposure threshold at issue in this case), under the current state of the science, is not known to be capable of causing exacerbation of allergies, cough, concern for long-term effects, burning of eyes, nose and throat, red eyes, eye dryness, eye scratchiness, difficulty breathing, asthma, light-headedness, loss of smell, sinusitis, rhinitis, chest congestion, nose bleeds, decreased focus, cold sweats, or joint swelling.[4]

18.     At deposition, Dr. DeLorenzo conceded that exposure to 5 ppb of hydrogen sulfide over 30 minutes (the exposure threshold at issue in this case), under the current state of the science, is not known to be capable of causing chronic or permanent injuries.[5]

19.     At deposition, Dr. DeLorenzo admitted that specific causation cannot be established for VOCs without evidence of a specific dosage to which each Trial Plaintiff was exposed.[6]

20.     Dr. DeLorenzo admitted that he lacks any evidence, either measured or estimated, that any of the Trial Plaintiffs were exposed to VOCs, much less the concentration or duration of such exposure.[7]

Respectfully submitted,

LISKOW & LEWIS, APLC

By:     /s/ Michael C. Mims
        Michael C. Mims (#33991)
        Michael Cash (#31655)
        Cherrell Simms Taplin (#28227)
        Brady M. Hadden (#37708)
        J. Hunter Curtis (#39150)

---

[4] Deposition of Dr. DeLorenzo V.I, at pp. 389-392, attached to the accompanying Motion for Partial Summary Judgment as Exhibit 5.

[5] Deposition of Dr. DeLorenzo V.II, at pp. 536-538, 543-544, 547-551, attached to the accompanying Motion for Partial Summary Judgment as Exhibit 6.

[6] Exhibit 5, at pp. 237-40.

[7] *Id*.

Alec Andrade (#38659)
701 Poydras Street, Suite 5000
New Orleans, LA 70139
Telephone: (504) 581-7979
Telefax: (504) 556-4108


BEVERIDGE & DIAMOND, P.C.

Megan R. Brillault (*pro hac vice*)
Michael G. Murphy (*pro hac vice*)
John H. Paul (*pro hac vice*)
Katelyn E. Ciolino (*pro hac vice*)
Katrina M. Krebs (*pro hac vice*)
825 Third Avenue, 16th Floor
New York, NY 10022
(212) 702-5400

James B. Slaughter (*pro hac vice*)
1900 N Street, NW, Suite 100
Washington, DC 20036
(202) 789-6000

Michael F. Vitris (*pro hac vice*)
400 W. 15th Street, Suite 1410
Austin, TX 78701
(512) 391-8035

*Counsel for Defendants Louisiana Regional Landfill Company, Waste Connections Bayou, Inc., and Waste Connections US, Inc.*


CONNICK AND CONNICK, LLC

By:  /s/ Michael S. Futrell
        William P. Connick, La. Bar No. 14158
        Michael S. Futrell, La. Bar No. 20819
        Matthew D. Moghis, La. Bar No. 33994
        Anya M. Jones, La. Bar No. 36923
        3421 N. Causeway Blvd., Suite 408
        Metairie, Louisiana 70002
        Telephone: (504) 681-6658
        Facsimile: (504) 838-9903
        E-mail: moghis@connicklaw.com

*Counsel for Defendant Jefferson Parish*

GIEGER, LABORDE & LAPEROUSE, L.L.C.

By:   /s/ J. Michael DiGiglia
        Ernest P. Gieger, Jr. (6154)
        John E. W. Baay (22928)
        J. Michael DiGiglia (24378)
        Nicholas S. Bergeron (37585)
        Blaise Chadwick Hill (*pro hac vice*)
        Gieger, Laborde & Laperouse, L.L.C.
        Hancock Whitney Center
        701 Poydras Street, Suite 4800
        New Orleans, Louisiana 70139
        Telephone: (504) 561-0400
        Facsimile: (504) 561-1011

        *Attorneys for Defendant Aptim Corp.*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was electronically filed on June 6, 2024. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

By:   /s/ Michael C. Mims