```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

***************************************************************
ELIAS JORGE "GEORGE" ICTECH-BENDECK

                        Civil Action No. 18-7889
                        c/w 18-8071, 18-9212
VS.                     Section "E"(5)
                        New Orleans, Louisiana
                        February 2, 2022

WASTE CONNECTIONS BAYOU, INC., ET AL.
***************************************************************


Related Case:
***************************************************************
FREDERICK ADDISON, ET AL.

                        Civil Action No. 19-11133
                        c/w 19-14512
VS.                     Section "E"(5)


LOUISIANA REGIONAL LANDFILL COMPANY, ET AL.

Applies to all cases
***************************************************************




                    TRANSCRIPT OF BENCH TRIAL
                GENERAL CAUSATION/DAUBERT HEARING
             HEARD BEFORE THE HONORABLE SUSIE MORGAN
                    UNITED STATES DISTRICT JUDGE
                      DAY 3 AFTERNOON SESSION
```

OFFICIAL TRANSCRIPT
Page 632

```
03:48:09PM   1            MR. PAUL:  Your Honor, John Paul for Waste
03:48:13PM   2   Connections' defendants.  I have a very minor housekeeping
03:48:15PM   3   issue.  During the direct and cross of Dr. Pietari, an
03:48:19PM   4   exhibit was discussed and published to her.  We would like to
03:48:23PM   5   move that into evidence.  And we have -- it's marked as Trial
03:48:27PM   6   Exhibit 16.  It is the paper by Shaha and Meeroff, dated
03:48:33PM   7   2020.  We have discussed it with plaintiffs' counsel, and
03:48:37PM   8   they've consented.
03:48:38PM   9            THE COURT:  All right.  So that's admitted.
03:48:44PM  10            MR. HAMMEL:  Yes, Your Honor.  No objection.
03:48:44PM  11                 (Exhibit No. 16 admitted into evidence.)
03:48:47PM  12            MR. MIMS:  Your Honor, Michael Mims on behalf of the
03:48:50PM  13   Waste Connections' defendants.  Now that the plaintiffs have
03:48:52PM  14   rested their case on general causation, at this time, the
03:48:55PM  15   defendants would respectfully like to raise a Rule 52(C),
03:49:01PM  16   motion for judgment on partial findings.  This is the bench
03:49:01PM  17   trial equivalent of a motion for judgment of a matter of law
03:49:05PM  18   under Rule 50.  We believe now that there are a few issues
03:49:08PM  19   that are not in serious dispute, and given that we've got
03:49:12PM  20   five more days of testimony, it would make sense to perhaps
03:49:15PM  21   narrow some of those issues that we don't believe are in
03:49:19PM  22   dispute anymore.  Under Rule 52(C), the conclusion of the
03:49:25PM  23   plaintiffs' case-in-chief is the appropriate time to raise
03:49:28PM  24   this.  Under Rule 52, unlike Rule 50, the court is not
03:49:34PM  25   required to draw any inferences in favor of the nonmoving
```

party.

We're raising this motion on five different bases. The first is the temporal scope of this case. Although the complaint alleges ongoing and continuing torts, the plaintiffs have offered no evidence in the past three days of any injuries beyond the year 2019, despite their burden to do so. The second issue is the types of injuries, and we spoke about that with Dr. Schiffman. Obviously, you're aware of your prior ruling, and so we are -- given that there has been no evidence of any purely physiological injuries, we believe now would be the appropriate time to dismiss those claims, and there are the issues before the Court.

The third basis we've heard from Mr. Lape about various receptor groups, but the plaintiffs did not model or estimate any potential impacts to any persons outside of those receptor groups despite their burden to do so, and we would move for judgment on that issue. The fourth issue is a *Daubert* issue, and that relates to plaintiffs' expert, Jose Sananes. The plaintiffs have not demonstrated that his opinions are based on accepted and reliable methods, and, therefore, his opinions do not pass *Daubert* muster.

And then finally, the plaintiffs have offered no evidence that any landfill emissions meet the Louisiana standard for what is a legally cognizable injury, which is whether it would affect a person of ordinary sensibilities or

```
03:55:22PM   1   like to make is on what is the legal standard for what is a
03:55:27PM   2   legally cognizable injury.  We just heard from Dr. Schiffman
03:55:31PM   3   about her 5 parts per billion standard and that it represents
03:55:36PM   4   the level at which 5 percent of the population will detect
03:55:40PM   5   the odor 2 percent of the time.
03:55:42PM   6           THE COURT:  No.  I did not hear -- that was not her
03:55:45PM   7   testimony.  So look.  I know what I want to say about this.
03:55:47PM   8   So thank you for your argument.  This is a *Daubert* hearing in
03:55:53PM   9   a trial on causation.  I'm not giving judgment to anybody.
03:55:59PM  10   That's not what this is about.  I do want to ask -- I want
03:56:04PM  11   the plaintiffs to think about this.  I've wondered about
03:56:07PM  12   this.  I just want to know for my own information about what
03:56:10PM  13   the time period is that they're asking for damages.  Maybe
03:56:14PM  14   they're only asking for them to 2019 because that's what the
03:56:19PM  15   evidence is.
03:56:22PM  16           MR. ROWE:  Your Honor, Eric Rowe.  If they had asked
03:56:25PM  17   us the question, are you asking for damages into 2020, we
03:56:29PM  18   would have said no.  We've only modeled the years 2017, 2018,
03:56:35PM  19   and 2019.
03:56:35PM  20           THE COURT:  Okay.  That was my understanding, too.
03:56:37PM  21   So that is -- you're correct on that.  They're only asking
03:56:41PM  22   for damages through 2019.
03:56:43PM  23           With respect to Mr. Sananes, you know, this is a
03:56:46PM  24   judge hearing, judge trial, and I am perfectly capable of
03:56:54PM  25   listening to the testimony and deciding what weight to give
```

1 REPORTER'S CERTIFICATE

2  I, Nichelle N. Wheeler, RMR, CRR, Official Court Reporter, United States District Court, Eastern District of
3 Louisiana, do hereby certify that the foregoing is a true and correct transcript, to the best of my ability and
4 understanding, from the record of the proceedings in the above-entitled and numbered matter.

5

6   /s/ Nichelle N. Wheeler
    Official Court Reporter

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25