UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FREDERICK ADDISON, ET AL.,** | **CIVIL ACTION** |
| **Plaintiffs** | **NO. 19-11133 c/w 19-14512** |
| *versus* | **SECTION: "E" (5)** |
| **LOUISIANA REGIONAL LANDFILL COMPANY, ET AL.,** | **JUDGE SUSIE MORGAN** |
| **Defendants** | **MAG. JUDGE MICHAEL B. NORTH** |
| ***APPLIES TO ALL CASES*** | |

### DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO EXCLUDE EXPERT TESTIMONY OF BALDWIN JUSTICE

**MAY IT PLEASE THE COURT:**

Defendants, Aptim Corp., Jefferson Parish, Louisiana Regional Landfill Company, Waste Connections Bayou, Inc., and Waste Connections US, Inc., through undersigned counsel, respectfully submit the following Memorandum in Opposition to the Motion to Exclude Expert Testimony of Baldwin Justice filed by Plaintiffs, Frederick Addison, et al.[1] For the following reasons, Plaintiffs' Motion should be denied.

### INTRODUCTION

Plaintiffs' Motion reflects an unfortunate misunderstanding of both Baldwin Justice's expert opinions and testimony and the recognized grounds from which a pre-trial challenge to the admissibility of expert opinions should arise. Before addressing both in turn, Defendants provide a brief summary of Mr. Justice's expert qualifications to place the balance of this Opposition into context.[2]

---

[1] *See* R. Doc. 549.
[2] The following is contained in Mr. Justice's report, R. Doc. 549-2 at 3. Although Plaintiffs "do not quarrel with Mr.

Mr. Justice has been engaged in the practice of real estate appraisal, consulting, and development for nearly 15 years. He holds general real estate appraiser certifications in Louisiana, Mississippi, Alabama, Florida, and Texas, and is a candidate for the Member, Appraisal Institute ("MAI") designation with the Appraisal Institute—the leading professional association of real estate appraisers. Throughout his career, Mr. Justice has personally appraised a variety of different property types, including valuation and market studies performed for residential housing and multi-family properties throughout the New Orleans metropolitan area—where Plaintiffs' properties are located. Notably, Mr. Justice has performed appraisal assignments and consulting work for litigation support with respect to properties reportedly damaged due to environmental issues and has been qualified as an expert in this Court, as well as in Louisiana state courts.

## LAW AND ARGUMENT

### I.  Mr. Justice's Opinions Are Reliable

Plaintiffs contend that Mr. Justice has no methodological basis to offer his opinion that Plaintiffs did not suffer loss of enjoyment of property. A fleeting review of Mr. Justice's expert report and deposition testimony, which extensively cites the data he relied upon and explains the methodology he employed, dispenses with Plaintiffs' erroneous contention that, "Mr. Justice offers no support for his opinion other than his own *ipse dixit* and there is none."[3]

Mr. Justice aptly summarizes his opinions as follows:

> The intended use [of this report] is to produce a market study and expert market report that addresses if and to what extent various individuals have suffered a loss of the "right to enjoyment" of their properties due to alleged odor emissions from the Jefferson Parish Landfill from July 1, 2017 to December 31, 2019.[4]

---

Justice's general real estate qualifications," Plaintiffs nevertheless question Mr. Justice's "qualifications and methodological basis for his opinions." *See* R. Doc. 549-1 at 4. Accordingly, this synopsis follows.
[3] *See* R. Doc. 549-1 at 3.
[4] *See* R. Doc. 549-2 at 8.

Relying on "The Appraisal of Real Estate" (13th edition), Mr. Justice identifies the "bundle of rights,"[5] implicit among them being the "right of enjoyment."[6] Mr. Justice, relying on his knowledge, experience, and pertinent sources of information, explains that, "Paramount to [this report] is the understanding that a loss of one of the elements of the bundle of rights will be reflected in a diminution of the marketability of the property and corresponding market value."[7] Thus, Mr. Justice utilized diminution data as part of his methodology. To that end, he opines that the loss of the "right of enjoyment"—an element of Plaintiffs' alleged damages in this case[8] and a consequence of the odors emanating from the Jefferson Parish Landfill ("JPLF") per the Court's ruling on general causation[9]—will result in a "limitation to the property and a diminished market value, which can be quantifiably proven *via* analysis and market data, if it did occur."[10] Mr. Justice, therefore, anticipated a decrease in the value of the Trial Plaintiffs' properties as a result of the odors.[11]

In order to answer the inquiry, Mr. Justice analyzed available market and pricing data for the period of January 1, 2015 to October 1, 2020—which encompasses the period Plaintiffs allegedly experienced odors on a regular basis[12]—as to the neighborhoods where the Trial Plaintiffs resided with comparison to the entire metropolitan area to isolate whether any of the Trial Plaintiffs' neighborhoods had any indication of a loss of use of enjoyment as reflected in the

---

[5] These include (1) the right to sell an interest, (2) the right to lease an interest, (3) the right to occupy the property, (4) the right to mortgage an interest, and (5) the right to give an interest away. *See* R. Doc. 549-2 at 4.
[6] *See* R. Doc. 549-2 at 5.
[7] *See* R. Doc. 549-2 at 5.
[8] *See* Plaintiffs' Second Amended Omnibus Complaint for Damages and Injunctive Relief, R. Doc. 431 at 2 ("These unlawful, harmful and toxic releases have caused Petitioners 'substantial loss of the use and enjoyment of their homes and immovable property . . . .'").
[9] *See* R. Doc. 323 at 56.
[10] *See* R. Doc. 549-2 at 5.
[11] *See* R. Doc. 349-2 at 6 (reasoning that, "[I]n my opinion pricing data from January 1, 2015, up to October 1, 2020 will illustrate the notable diminution in marketability and market value.").
[12] July 1, 2017 through December 21, 2019.

property values. Ultimately, Mr. Justice arrived at his *objective* opinion that "there exists no evidence of any such . . . loss of enjoyment of property."[13]

Mr. Justice's methodology and opinion is not "junk science" but rather supported and "widely accepted under the United Standards of Professional Appraisal Practice (USPAP) and the Appraisal Institute …."[14] Acceptance of an expert's method by the relevant industry and regulatory agencies is a strong indicator of the method's reliability under *Daubert*. *See Kim v. Am. Honda Motor Co., Inc.*, 86 F.4th 150, 162 (5th Cir. 2023); *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 246 (5th Cir.2002). As demonstrated above, Mr. Justice's opinions are reliable.

## II. Mr. Justice's Opinions Are Relevant

While Plaintiffs exclusively challenge the foregoing opinions, void of any persuasive arguments supporting exclusion, they nevertheless neglect to address the additional bases, opinions, and expert testimony Mr. Justice intends to offer at trial, which will provide the jury context and evidence as to the character of the neighborhoods where the Trial Plaintiffs' properties are located. Such opinions and expert testimony bear upon a relevant factor the jury must consider in determining whether a nuisance has been established under Louisiana Civil Code Article 667:

> (a) *The place where the activity occurs*. Here one considers the neighborhood, zoning and planning standards, environmental goals. That which would be unreasonable on St. Charles Avenue might well pass muster in the marshes of Terrebonne Parish.

*Jones v. Capitol Enterprises, Inc.*, 2011-0956 (La. App. 4 Cir. 5/9/12), 89 So. 3d 474, 508 (quoting 12 Ferdinand F. Stone, LA. CIV. L. TREATISE: TORT DOCTRINE, § 248 (1977)). Moreover, determining liability under Louisiana Civil Code Articles 667-669 "requires consideration of factors such as the ***character of the neighborhood***, the degree of intrusion and the effect of the

---

[13] *See* R. Doc. 359-2 at 6.
[14] Excerpts of April 15, 2024 Deposition of Baldwin Justice, attached hereto as Exhibit 1, at 40:7-41:25.

activity on the health and safety of the neighbors." *Rodrigue v. Copeland*, 475 So. 2d 1071, 1077 (La. 1985) (emphasis added).

> Thus, Mr. Justice opines:
>
> The Trial Plaintiff Properties are located within residential areas that have co-existed with industrial facilities, including noted sources of potential odors, for decades. These industrial developments are known factors in the character of the neighborhoods.[15]

Put differently, Mr. Justice intends to offer expert opinion testimony that the Trial Plaintiffs resided in an area where emission of noxious odors is possible, thereby undermining the merits of their claims and alleged damages. Expert opinions on the character of the Trial Plaintiffs' neighborhoods from an experienced local real estate expert are relevant, will be helpful to the jury as it addresses a critical component of the Trial Plaintiffs' nuisance claims and the extent of their claimed loss of enjoyment, and will aid the jury in weighing identical claims asserted by Trial Plaintiffs who resided in different parts of Jefferson Parish.

In lieu of any meaningful analysis, Plaintiffs argue that Mr. Justice's expert opinions, despite bearing upon the merits of Plaintiffs' claimed damages arising from the odors emanating from the JPLF during the pertinent time period, are irrelevant. Evidence is relevant if it "has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Plaintiffs claim damage to one of the "bundle of rights" as to their properties (*i.e.,* right of enjoyment) as a result of the odors.[16] And, even though the Trial Plaintiffs may not seek diminution of value damages, Mr. Justice's incorporation of a diminution of value analysis, gleaned through a market analysis of pricing data for the Trial Plaintiffs' properties and nearby properties during the pertinent period, is the

---

[15] *See* R. Doc. 549-2 at 8.
[16] *See* R. Doc. 431 at 2.

5

methodology he employed in order to formulate his expert opinions on the extent of Plaintiffs' alleged loss of enjoyment. Indeed, Mr. Justice explains:

> Furthermore, the Trial Plaintiffs claim that they lost the "right of enjoyment" of their properties. Such a loss, if legitimate, ***would be reflected in a diminution of the marketability and property value of the Trial Plaintiffs' properties.***[17]

Applying this methodology, Mr. Justice found no corresponding diminution of the marketability and value in the area of the Trial Plaintiffs' properties and, as a result, arrived at his expert opinions, which directly undermine facts of consequence in this action (*i.e.,* elements of Plaintiffs' damages) and, therefore, are relevant, reliable, and admissible.

### III. Plaintiffs' Arguments Regarding Validity Are Not Proper Under Rule 702 and *Daubert*

Plaintiffs' also argue Mr. Justice's opinions are not valid, but this argument is outside the scope of an admissibility inquiry under *Daubert* and Federal Rule of Evidence 702. Indeed, the parties can argue the correctness of Mr. Justice's opinions—or the opinions of any other proposed expert in this case—*ad nauseam*. However, "questions relating to the bases and sources of an expert's opinion that affect the weight to be assigned that opinion rather than its admissibility should be left for the jury's consideration." *U.S. v. Hodge*, 933 F.3d 468, 478 (5th Cir. 2019) (quoting *U.S. v. 14.38 Acres of Land, More or Less Situated in Leflore Cnty., Miss.*, 80 F.3d 1074, 1077 (5th Cir. 1996) (quoting *Viterbo v. Dow Chem. Co.*, 826 F.2d 420, 422 (5th Cir. 1987))). This is consistent with the Advisory Committee's Notes to Rule 702:

> When facts are in dispute, experts sometimes reach different conclusions based on competing versions of the facts. The emphasis in the amendment on "sufficient facts or data" is not intended to authorize a trial court to exclude an expert's testimony on the ground that the court believes one version of the facts and not the other.

Fed. R. Evid. 702, Advisory Committee's Notes (2000 Amendments).

---

[17] *See* R. Doc. 549-2 at 12 (emphasis added).

Indeed, "[P]roponets [of expert testimony] 'do not have to demonstrate to the judge by a preponderance of the evidence that the assessments of their experts are correct, they only have to demonstrate by a preponderance of evidence that their opinions are reliable[.]" Fed. R. Evid. 702, Advisory Committee's Notes (2023 Amendments) (quoting Advisory Committee Note, 2000 Amendment to Fed. R. Evid. 702)). Nothing in Rule 702 "requires the court to nitpick an expert's opinion in order to reach a perfect expression of what the basis and methodology can support." *Id.* In the end, the Court must accord the proper deference to "the jury's role as the proper arbiter of disputes" concerning expert opinions. *See 14.28 Acres of Land,* 80 F.3d at 1077.

Plaintiffs advance insufficient challenges to Mr. Justice's expert opinions under Rule 702 or *Daubert*. Indeed, Plaintiffs' Motion sets forth challenges more appropriately raised *via* cross-examination of Mr. Justice during trial. *See Daubert,* 509 U.S. at 596 ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."). Mr. Justice's expert opinions are both relevant and reliable and Plaintiffs offer no persuasive arguments to the contrary in the context of a pre-trial admissibility analysis. Merely because Plaintiffs disagree with Mr. Justice's conclusions does not serve as a basis to exclude under Rule 702. *See General Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997).

## CONCLUSION

For the above and foregoing reasons, the Court should deny Plaintiffs' Motion.

Respectfully submitted,

LISKOW & LEWIS, APLC

By:   */s/ Michael C. Mims*
      Michael Cash (#31655)
      Cherrell Simms Taplin (#28227)
      Michael C. Mims (#33991)
      Brady M. Hadden (#37708)
      J. Hunter Curtis (#39150)
      Alec Andrade (#38659)
      701 Poydras Street, Suite 5000
      New Orleans, LA 70139
      Telephone: (504) 581-7979
      Telefax: (504) 556-4108

BEVERIDGE & DIAMOND, P.C.

Megan R. Brillault (*pro hac vice*)
Michael G. Murphy (*pro hac vice*)
John H. Paul (*pro hac vice*)
Katelyn E. Ciolino (*pro hac vice*)
Katrina M. Krebs (*pro hac vice*)
825 Third Avenue, 16th Floor
New York, NY 10022
(212) 702-5400

James B. Slaughter (*pro hac vice*)
1900 N Street, NW, Suite 100
Washington, DC 20036
(202) 789-6000

Michael F. Vitris (*pro hac vice*)
400 W. 15th Street, Suite 1410
Austin, TX 78701
(512) 391-8035

*Counsel for Defendants Louisiana Regional Landfill Company, Waste Connections Bayou, Inc., and Waste Connections US, Inc.*

8

CONNICK AND CONNICK, LLC

By:    */s/ Michael S. Futrell*
      William P. Connick, La. Bar No. 14158
      Michael S. Futrell, La. Bar No. 20819
      Matthew D. Moghis, La. Bar No. 33994
      Anya M. Jones, La. Bar No. 36923
      3421 N. Causeway Blvd., Suite 408
      Metairie, Louisiana 70002
      Telephone: (504) 681-6658
      Facsimile: (504) 838-9903
      E-mail: moghis@connicklaw.com

*Counsel for Defendant Jefferson Parish*


*/s/ Nicholas S. Bergeron*
Ernest P. Gieger, Jr. (6154)
John E. W. Baay (22928)
J. Michael DiGiglia (24378)
Nicholas S. Bergeron (37585)
Blaise Chadwick Hill (*pro hac vice*)
GIEGER, LABORDE & LAPEROUSE, L.L.C.
Hancock Whitney Center
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139
Telephone:   (504) 561-0400
Facsimile:    (504) 561-1011
Email:       egieger@glllaw.com
             jbaay@glllaw.com
             mdigiglia@glllaw.com
             nbergeron@glllaw.com
             chill@glllaw.com

*Attorneys for Aptim Corporation*


## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the above and foregoing has been forwarded to all counsel of record via the Court's electronic case management system on this 13th day of June, 2024.

                */s/ Michael C. Mims*