UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FREDERICK ADDISON, ET AL.,**<br>Plaintiffs | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-11133, c/w 19-14512** |
| **LOUISIANA REGIONAL LANDFILL COMPANY, ET AL.,**<br>Defendants | **SECTION: "E" (5)** |
| *Applies to: All Cases* | **JUDGE: Morgan**<br>**MAGISTRATE JUDGE: North** |

## AFFIDAVIT OF ALI HASHIMI, P.E.

STATE OF ILLINOIS

DUPAGE COUNTY

BEFORE ME, the undersigned Notary Public, personally came and appeared Ali Hashimi, a resident of the full age of majority of the State of Illinois, who being duly sworn did attest to personal knowledge of the following:

1. I am a principal with Weaver Consulting Group ("WCG"), where we specialize in engineering and consulting services for solid waste engineering, environmental services, air compliance, oil and gas services, land surveying, and construction material testing. I possess a Bachelor of Science Degree in Geological Engineering from University of Missouri-Rolla, and a Master of Science Degree in Geological Engineering from the University of Missouri-Rolla. I have worked in the solid waste industry for 34 years. I have designed and permitted municipal solid waste landfills including liner systems, leachate collection systems, landfill gas collection systems, and final cover systems. I also have provided operations support to municipal solid waste landfills including fill sequencing, GCCS phasing, capital and expense budgeting, and stormwater management. These

projects have provided experience in 8 states, primarily in the Midwest. I have also had the opportunity to act as a Project Manager on several GCCS construction projects installing GCCS projects across the Midwest, West, and South performing over a hundred different GCCS installations. I have provided engineering advice for owners and operators over 100 landfills throughout my career.

2. I originally issued an expert report in this matter on March 8, 2024. The documents I have reviewed relevant to this matter are referenced in that report or were discussed at my deposition.

3. I submit this affidavit in opposition to the motions by Plaintiffs and Jefferson Parish in this matter to exclude my testimony on some of the opinions identified in my reports.

4. The Plaintiffs and Parish have criticized my expert report, with their main positions being that the words of the contract are "clear" without my testimony because the terms are within "common sense understanding of the jurors," and that other portions of my report could be offered through arguments by counsel.

5. I commonly advise landfill owners, operators, and contractors on responsibilities under operational contracts. These contracts typically have "legal" components and "engineering or project management" components. The "legal" components, such as terms and conditions, insurance, bonding, indemnity, etc. are typically outside of the scope of my advice.

6. The "engineering or project management" components include items like technical specifications, construction drawings, material quantity estimates, scope, task responsibility, scheduling, and similar provisions. These are typically under my purview.

7. Issues of responsibility under the contracts rely on regulatory provisions, permit terms, and technical knowledge that is not plain of the face of the contracts. Therefore, it is relevant and appropriate for me to offer opinions on these topics and to explain how the contract was structured. For instance, under the Contract between Jefferson Parish and LRLC, LRLC was not responsible for the GCCS system, but the scope of the Parish's responsibility is not clear from the face of the contract, and relies on regulatory context.

8. As an engineer, I need to understand the responsibilities, the various scopes, and work to be provided by others to ensure successful execution of projects. For example, the Engineer is frequently put in a position to explain the contract structure to the parties to the contract.

9. The comments formulated above are not new opinions and only serve to supplement my March 8, 2024 expert report to address certain criticisms expressed by Plaintiffs and the Parish in their June 6, 2024 motions to exclude certain of my opinions. The statements presented herein are made to a reasonable degree of engineering certainty.

Naperville, Illinois, this 13 day of June 2024.

_____
Ali Hashimi

SWORN TO AND SUBSCRIBED
BEFORE ME THIS 13th DAY
OF June, 2024.

_____
NOTARY PUBLIC

Official Seal
Kathleen Joanne Pasta
Notary Public State of Illinois
My Commission Expires 4/19/2026