UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FREDERICK ADDISON, ET AL.,**  Plaintiffs  V.  **LOUISIANA REGIONAL LANDFILL COMPANY, ET AL.,**  Defendants  *Applies to: Both Cases* | CIVIL ACTION  NO. 19-11133, c/w 19-14512  SECTION: "E" (5)  JUDGE: Morgan  MAGISTRATE JUDGE: North |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' JOINT MOTION IN LIMINE TO EXCLUDE OPINION TESTIMONY OF JASON SCHELLHAAS PURSUANT TO RULE 702**

Plaintiffs oppose the Defendants' Joint Motion In Limine To Exclude Opinion Testimony Of Jason Schellhaas Pursuant To Rule 702. For the reasons stated herein, the Motion should be denied.

**I.     INTRODUCTION**

In their answer to Plaintiffs' Second Amended Complaint, the Waste Connections Defendants pled that "Plaintiffs failed to mitigate their damages." R.Doc. 502 at 2. Defendant Aptim Corporation has adopted this defense as its own. R.Doc. 447 at 1-2 (Sixteenth Defense). Defendants asked at least one of the Plaintiffs in deposition about moving to escape the odors. (**Exhibit 1**, Terrance Thompson Dep. at 72-73) ("Q. Did you ever think about moving from 1116 South Starrett because of the odors? A. No."). At a recent conference with the Court, Waste Connections' counsel made clear his belief that asking the Plaintiffs, "if the odors were so bad, why didn't you move?" is a legitimate line of inquiry. With Defendants having taken the position

that Plaintiffs could have mitigated their damages by moving, the cost of moving is directly relevant (i.e., they didn't move because it was too expensive).

At the same time, the cost of moving to escape the odors is a proxy for some of the general damages suffered by the Plaintiffs in this case because it is representative of the cost of having to put up with the odors.

As a result, Plaintiffs' retained an accounting firm to calculate and testify to the cost of moving. Jason Schellhaas is the testifying witness.

Defendants' make no challenge to Mr. Schellhaas' qualifications to testify as an expert witness in this case. Instead, they contend that his opinions are not relevant and not reliable. As set forth below, as much as Defendants seek to twist Mr. Schellhaas' opinions into something they are not, his testimony is relevant. As to reliability, all of Defendants arguments go to weight, not admissibility.

## II.     MR. SCHELLHAAS'S TESTIMONY IS RELEVANT.

Under Louisiana law, "[g]eneral damages are those which may not be fixed with pecuniary exactitude; instead, they involve mental or physical pain or suffering, inconvenience, the loss of intellectual gratification or physical enjoyment, or other losses of life or life-style which cannot be definitely measured in monetary terms." *Jones v. Mkt. Basket Stores, Inc.*, 2022-00841 (La. 3/17/23), 359 So. 3d 452, 464.

In this case, Plaintiffs had to endure the stench of the odors emitted from the Landfill for more than two years. It made their lives miserable and interfered with everyday living. They suffered not only physical pain and suffering, but also losses of physical enjoyment and losses of lifestyle—precisely the kinds of things that cannot be "fixed with pecuniary exactitude" for which an award of general damages is appropriate. The question, then, is now to measure and quantify those damages.

Because, in large measure, the general damages compensate the Plaintiffs for the cost of having to put up with the smell and the attendant disruption in their lives and interference with their use and enjoyment of their property, one measure (and by no means the only measure) is the cost of escaping the stench. And that is what Mr. Schellhaas calculated. The costs are directly relevant to the measure of general damages. He is not testifying as to actual damages, and Defendants know that.

### III. THE REMAINING ARGUMENTS GO TO WEIGHT, NOT ADMISSIBILITY.

As this Court explained when ruling on *Daubert* Motions prior the General Causation Trial, "the trial court's role as gatekeeper is not intended to serve as a replacement for the. adversary system." R.Doc. 256 at 5-6, *citing United States v. 14.38 Acres of Land*, 80 F.3d 1074, 1078 (5th Cir. 1996). The Court explained that "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." Id. at 6. The Court specifically noted that experts "may rely on one version of disputed facts in forming their opinions," and "arguments that attack the weight of an expert's methodology may be explored on cross-examination." Id. (internal edits accepted).

Defendants argue that the actual facts are different than the assumption provided to Mr. Schellhaas by counsel, and argue that Dr. Kanter did not actually say what was set out in the assumptions listed in the report. However, the calculations of the relocation costs are not affected by who is right on this issue. Even if they were affected, this issue can be raised cross-examination and does not go to admissibility.

Similarly, Defendants contend that days on which Plaintiffs were not exposed to odors should be subtracted from the time period, and that time periods on which Plaintiffs were away for other reasons should also be subtracted. R.Doc. 564-1 at 13-14. These issues, likewise, go to

weight and can be explored on cross-examination. Similarly, Defendants assert the Mr. Schellhuas could have found cheaper alternative than extended stay lodging. Id. at 15. They assert that meal costs should be excluded because the Plaintiffs would have had meals anyway. Id. at 16. They argue that storage and cleaning costs would not have been incurred. Id. at 18-20. These may all be issues that challenge the conclusions that Mr. Schellhaas reached, and may be proper for cross-examination. These issues do not support excluding Mr. Schellhaas' testimony.

## IV.  THE OPINIONS ARE A PROPER SUBJECT OF EXPERT TESTIMONY, NOT SIMPLE ARITHMETIC.

If Defendants' contention was correct that no specialized knowledge is necessary to do mathematical calculations, then no accountant would ever testify as an expert witness. The test is whether the testimony is helpful to the jury. More importantly, Defendants' argument that Mr. Schellhaas' opinions offer nothing beyond regurgitating counsel's assumptions is unsupported by the record.

For instance, with respect to his opinions regarding lodging, storage, and cleaning, Mr. Schellhaas averaged the cost of quotes for extended stay lodging and then adjusted those costs for inflation. Exhibit 2 to R.Doc 564-1, Schellhaas Report at 5. The fact that a juror might take the final number that Mr. Schellhaas computed as the daily cost of lodging and adjust it for a different period of time than the one used in Mr. Schellhaas' calculations does not support the conclusion that Mr. Schellhaas' calculations are simple math. Rather, the calculations reflected in his report are exactly the type that require specialized knowledge to make such that they are the proper subject of expert testimony and will, therefore, be helpful to the jury.

With respect to meals, Defendants' assert that Mr. Schellhaas' opinion is based on nothing more than unsupported assumptions, yet this contention is belied by Defendants' acknowledgment that Mr. Schellhaas relied on a specialized index (the USDA Food Plans: Cost of Food at Home

4

tables) to reach his opinions regarding meal costs. (R.Doc 564-1 at 17.) Such information is not within the ken of an everyday lay person and is the proper subject of expert testimony which will assist the jury in this matter.

As a result, each of Mr. Schellhaas' opinions are the proper subject of expert testimony and are admissible at trial in this case.

## V.  CONCLUSION.

For the foregoing reasons, the Motion should be denied.

Respectfully submitted, this 13th day of June, 2024.

        **/s/** S. Eliza James
Byron M. Forrest (La. Bar No. 35480)
Nicholas V. Cressy (La. Bar No. 35725)
S. Eliza James (La. Bar No. 35182)
FORREST CRESSY & JAMES, LLC
1222 Annunciation Street
New Orleans, Louisiana 70130
Tele:   (504) 605.0777
Fax:    (504) 322.3884
Email: byron@fcjlaw.com
           nicholas@fcjlaw.com
           eliza@fcjlaw.com

        /s/ Eric C. Rowe
C. Allen Foster (Admitted Pro Hac Vice)
Eric C. Rowe (Admitted Pro Hac Vice)
Harry S. Johnson (Admitted Pro Hac Vice)
James Jeffcoat (Admitted Pro Hac Vice)
Masten Childers, III (Admitted Pro Hac Vice)
WHITEFORD, TAYLOR & PRESTON, L.L.P.
1800 M Street, NW, Suite 450N
Washington, DC 20036
Tele:   (202) 659.6800
Fax:    (202) 331.0573
Email: cafoster@whitefordlaw.com
           erowe@whitefordlaw.com
           hjohnson@whitefordlaw.com
           jjeffcoat@whitefordlaw.com
           mchilders@whitefordlaw.com
*Counsel for Addison Plaintiffs*