UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FREDERICK ADDISON, ET AL.,** | CIVIL ACTION |
| Plaintiffs | NO. 19-11133, c/w 19-14512 |
| V. | SECTION: "E" (5) |
| **LOUISIANA REGIONAL LANDFILL COMPANY, ET AL.,** | |
| Defendants | JUDGE: Morgan<br>MAGISTRATE JUDGE: North |
| *Applies to: Both Cases* | |

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF THEIR
MOTION IN LIMINE TO EXCLUDE TESTIMONY OF MICHAEL CORN**

Plaintiffs submit the following Reply Brief in support of their Motion In Limine To Exclude Testimony of Michael Corn.

As with most everything in this case, Defendants misstate Plaintiffs' position and then complain about the misstated position. Defendants assert that, because Plaintiffs complained about being exposed to odors from the Landfill, Plaintiffs have somehow denied that other places emit odors as well and that they have somehow denied that wind directions change. Being frequently and repeatedly exposed to the stench of the Jefferson Parish Landfill is not inconsistent with either position. Moreover, as the Court may remember from discussions long ago, it has always been the Plaintiffs' position that odors from other sources in the community are additive to those of the Jefferson Parish Landfill. As a result, if Defendants are asserting that Plaintiffs actually smelled odors from somewhere else instead of the Jefferson Parish Landfill or that the other odors

overpowered any smell from the Jefferson Parish Landfill – that's a confession-and-avoidance-type defense, an affirmative defense on which the Defendants have the burden of proof.

Defendants assert that Mr. Corn's report "is full of references to specific chemicals routinely emitted from each of the other sources he identified and the types of odors associated with those chemicals [not actually true because he refers to "chemicals and/or products used, produced or released," see Report at 24 (attached as Exhibit A), and any "potential" for emissions does not establish anything is routinely emitted], but, without any evidence of actual releases of such chemicals during the time period, along with the odor thresholds and other evidence sufficient to show that the other chemicals could have caused the symptoms complained of by Plaintiffs, any argument that the other sources were to blame is nothing more than rank speculation.

Mr. Corn has provided no evidence that any of the other sources "could cause" any of the symptoms, which is what Defendants admit that they have to show. In the absence of such evidence, Mr. Corn's testimony is no more probative that saying the symptoms were caused by sunspots or climate change (it is generally agreed that both sunspots and climate change exist, but there is no evidence to support the argument that they caused the Plaintiffs' symptoms in this case).

Defendants contend that they "are allowed to provide evidence of other potential alternative causes for Plaintiffs' injuries." Opposition 11. But, in doing so, they must also show that the other potential source could have caused the injury, which they have not even attempted to do. Mr. Corn's conclusion that other sources have *the potential* to cause Plaintiffs' symptoms says nothing about whether they actually could cause them. Thus, the evidence is not relevant.

As set forth in more detail in Plaintiffs' Reply in Support of Motion to Exclude Evidence of Other Sources, Dr. Zannetti's concession that the background level of H2S in the affected communities is approximately 1% demonstrates that Mr. Corn's (and any other expert's) professed

"other sources" (except for the River Birch and Hy 90 landfills) do not produce enough H2S in the aggregate to be even a possible cause of harm to the Plaintiffs.  As to River Birch, Dr. Zannetti says that emissions from the River Birch landfill could not ever equal or exceed 5 ppb over a 30-minute period for any Trial Plaintiff during the Relevant Period.  And, as to Hy 90, Mr. Stutz's evidence is so flawed that it cannot serve as proof that another source could have caused Plaintiffs' injuries.  Nowhere does Defendants' Opposition discuss these issues.  As a result, Mr. Corn's Report and testimony should be excluded.

Respectfully submitted, this 18th day of June, 2024.

        /s/ S. Eliza James
FORREST CRESSY & JAMES, LLC
Byron M. Forrest (La. Bar No. 35480)
Nicholas V. Cressy (La. Bar No. 35725)
S. Eliza James (La. Bar No. 35182)
1222 Annunciation Street
New Orleans, Louisiana 70130
Tele:(504) 605.0777
Fax: (504) 322.3884
Email: byron@fcjlaw.com
nicholas@fdjlaw.com
eliza@fcjlaw.com

        /s/ Eric C. Rowe
C. Allen Foster (Admitted Pro Hac Vice)
Eric C. Rowe (Admitted Pro Hac Vice)
Masten Childers, III (Admitted Pro Hac Vice)
WHITEFORD, TAYLOR & PRESTON, L.L.P.
1800 M Street, NW, Suite 450N
Washington, DC 20036
Tele: (202) 659.6800
Fax: (202) 331.0573
Email: cafoster@whiteforlaw.com
erowe@whitefordlaw.com
mchilders@whitefordlaw.com

        Harry S. Johnson, (Admitted Pro Hac Vice)
        James R. Jeffcoat (Admitted Pro Hac Vice)
        WHITEFORD, TAYLOR & PRESTON L.L.P.
        Seven Saint Paul Street
        Baltimore, Maryland 21202-1636
        (410) 347-8700
        hjohnson@whitefordlaw.com
        jjeffcoat@whitefordlaw.com

        *Counsel For Addison Plaintiffs*