UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FREDERICK ADDISON, ET AL.,** | CIVIL ACTION |
| Plaintiffs | NO. 19-11133, c/w 19-14512 |
| V. | SECTION: "E" (5) |
| **LOUISIANA REGIONAL LANDFILL COMPANY, ET AL.,** | |
| Defendants | JUDGE: Morgan<br>MAGISTRATE JUDGE: North |
| *Applies to: Both Cases* | |

## PLAINTIFFS' REPLY BRIEF IN SUPPORT OF THEIR MOTION IN LIMINE TO EXCLUDE EXPERT TESTIMONY ON ISSUES LITIGATED AND DECIDED IN THE GENERAL CAUSATION PHASE

Plaintiffs submit the following Reply Brief in support of their Motion in Limine to Exclude Expert Testimony on Issues Litigated and Decided in the General Causation Phase.

Defendants' Opposition explains exactly why Plaintiffs' Motion should be granted. Defendants assert that they are not disputing the Court's holdings in the General Causation, but then then freely admit that they <u>are</u> challenging <u>all</u> <u>of</u> the findings that were the basis of those holdings. As a result, of course, they are challenging the holdings and no one should believe otherwise.

At the General Causation Phase, the Court ruled that "the Plaintiffs have proven by a preponderance of the evidence that odors and gases emitted by the Jefferson Parish Landfill during the relevant time period were capable of causing headaches, nausea, vomiting, loss of appetite, sleep disruption, dizziness, fatigue, anxiety and worry, a decrease in quality of life, and loss of enjoyment or use of property in the general population."

As the Court itself noted in the Findings and Conclusions on General Causation, the definition of General Causation (to which the Defendants agreed) posed three separate questions.

> This definition incorporates three elements: 1) whether odors and gases were emitted by the Landfill, 2) whether the gases and odors were emitted during the relevant time period, and 3) whether the emitted odors and gases were capable of producing the injuries claimed by any one or more of the Plaintiffs.

R.Doc. 323 at page 4 (footnote omitted).

Because the question of whether odors were being emitted was before the Court in General Causation, Defendants were required to present whatever case they had as to why odors were not being emitted at that trial. The Court has ruled. Defendants may not now contend that the emission rate is zero, or that odors were not being emitted, or that odors were not being emitted in sufficient intensity and duration to reach the neighborhoods in which the Plaintiffs' live.[1] Nor can they now contend that Plaintiffs' experts testimony was unreliable or inadmissible to establish that emissions were occurring (the equivalent of proving a zero rate).[2] Indeed, having decided as a tactical matter to proffer Dr. Abichou's absurd emission rate (which was 10,000 times less than the rate Mr. Stutz's now avers), and not to put on any truly serious affirmative evidence of an emission rate, any attempt to establish any rate now comes too late.[3]

Similarly, because the question of whether odors and gases were capable of causing injury to the Plaintiff was before the Court in General Causation, Defendants were required to present their case as to why odors and gases were incapable of causing injury at that time. And, that

---

[1] Nevertheless, Defendants have submitted the testimony of Matt Stutz and Dr. Paolo Zannetti to do just that.

[2] Yet they have moved to exclude Mr. Sananes' testimony on H2S issues, and have submitted the testimony of Mr. Stutz and others to attack his prior testimony.

[3] For this reason, the testimony of Mr. Stutz on his calculation of an emission rate for the Jefferson Parish Landfill should be excluded in its entirety.

2

includes their current argument that the likelihood of any such injury is exceedingly low (so low, they say, as to be incapable of causing any injury).[4]

The issue in specific causation, principally, is whether the Plaintiffs smelled the stench of the Jefferson Parish Landfill and were affected by it, and Defendants are fully entitled to litigate that issue. But they cannot seek to prove that the Plaintiffs did not smell the landfill because there were no odors coming from it. That issue has been decided. Nor can they argue that Plaintiffs are unable to prove that they smelled odors from the Landfill because Plaintiffs' experts could not properly opine that odors were being emitted. That issue, too, has been decided.

The Court should lend no credence at all to the Defendants' contention that they have somehow been misled or prejudiced. It has been the Defendants, and particularly the Waste Connections Defendants, who have undertaken to litigate, and re-litigate, every issue over which it is possible to disagree. Defendants were fully aware of what they agreed to when they agreed to bifurcate the case and try general causation first. The fact that they were not successful does not permit them to start over.

All the evidence to challenge the Court findings must be excluded from the trial, and the jury must be properly instructed on what has already been decided.[5] Any other result renders the General Causation Phase meaningless, because it allows the Defendants to undermine and re-litigate the Court's rulings.

The Motion should be granted.

---

[4] Yet Defendants offer the testimony of Dr. John Kind who opines that "There is insufficient scientific basis for the trial Plaintiffs' claims that airborne exposure to 5 ppb hydrogen sulfide for 30 minutes is capable of causing their claimed nuisance health effects. Kind Report at 9 (attached hereto as Exhibit A), and Dr. Pamela Dalton, who opines that "the likelihood of [5 ppb] causing injury is exceedingly low." Dalton Report at 4 (*see* Ex. A).

[5] Plaintiffs have submitted a Proposed Charge.

3

Respectfully submitted, this 18th day of June, 2024.

        /s/ S. Eliza James
FORREST CRESSY & JAMES, LLC
Byron M. Forrest (La. Bar No. 35480)
Nicholas V. Cressy (La. Bar No. 35725)
S. Eliza James (La. Bar No. 35182)
1222 Annunciation Street
New Orleans, Louisiana 70130
Tele:(504) 605.0777
Fax: (504) 322.3884
Email: byron@fcjlaw.com
nicholas@fdjlaw.com
eliza@fcjlaw.com

        /s/ Eric C. Rowe
C. Allen Foster (Admitted Pro Hac Vice)
Eric C. Rowe (Admitted Pro Hac Vice)
Masten Childers, III (Admitted Pro Hac Vice)
WHITEFORD, TAYLOR & PRESTON, L.L.P.
1800 M Street, NW, Suite 450N
Washington, DC 20036
Tele: (202) 659.6800
Fax: (202) 331.0573
Email: cafoster@whiteforlaw.com
erowe@whitefordlaw.com
mchilders@whitefordlaw.com

Harry S. Johnson, (Admitted Pro Hac Vice)
James R. Jeffcoat (Admitted Pro Hac Vice)
WHITEFORD, TAYLOR & PRESTON L.L.P.
Seven Saint Paul Street
Baltimore, Maryland 21202-1636
(410) 347-8700
hjohnson@whitefordlaw.com
jjeffcoat@whitefordlaw.com

*Counsel For Addison Plaintiffs*