UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FREDERICK ADDISON, ET AL.,** <br><br>    **Plaintiffs** <br><br> **V.** <br><br> **LOUISIANA REGIONAL LANDFILL COMPANY, ET AL.,** <br><br>    **Defendants** <br><br> *Applies to: Both Cases* | **CIVIL ACTION** <br><br> **NO. 19-11133, c/w 19-14512** <br><br> **SECTION: "E" (5)** <br><br><br> **JUDGE: Morgan** <br> **MAGISTRATE JUDGE: North** |

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF THEIR MOTION IN LIMINE TO EXCLUDE EXPERT TESTIMONY OF DR. JOHN KIND**

Plaintiffs submit the following Reply Brief in support of their Motion In Limine To Exclude Expert Testimony of Dr. John Kind.

In their Opposition, Defendants again overlook the fact this is a nuisance case, in which the Plaintiffs had the quality of their lives and use and enjoyment of their property profoundly affected by the stench emanating from the Jefferson Parish Landfill. As this Court has already ruled, the odors emanating from the Landfill are "capable of causing headaches, nausea, vomiting, loss of appetite, sleep disruption, dizziness, fatigue, anxiety and worry, a decrease in quality of life, and loss of enjoyment or use of property in the general population." R.Doc. 323.

In addition, in their zeal to re-litigate general causation, Defendants forget what specific causation is all about. General causation (whether the gases and odors are capable of causing injury) has been established. Specific causation (whether the gases and odors did cause injury) is now at issue. And, the primary issue in specific causation is whether the Plaintiffs in fact smelled the odors coming from the Landfill. Dr. Kind seeks to testify that the odors and gases were

incapable of being smelled because the concentrations were too low or because some statistical analysis renders the possibility remote.  That's just another way of saying the Court was wrong in its ruling on general causation.

As to the alternative causes, Defendants' Opposition confirms that Dr. Kind does no more than speculate about potential alternative causes of the headaches, nausea, vomiting, loss of appetite, sleep disruption, dizziness, fatigue, and anxiety.  No one disputes the fact that headaches, nausea, vomiting, loss of appetite, sleep disruption, dizziness, fatigue, and anxiety are common conditions that can arise from a number of different sources.  Merely identifying other potential causes is not enough.

"Speculation does not create a realistic alternative cause."  *Arceneaux v. Howard*, 633 So. 2d 207, 211 (La. Ct. App. 1993), writ denied, 634 So. 2d 833 (La. 1994); *McCarter v. Sanchez*, No. 98-20012, 2003 WL 24063640, at *2 (La. Civil D. Ct. Feb. 12, 2003), *aff'd*, 2003-0935 (La. App. 4 Cir. 4/28/04), 874 So. 2d 918 ("The record in this case shows a disc which manifests itself subsequent to an accident without any intervening cause save speculation."); *Henderson v. Gregory*, 47,086 (La. App. 2 Cir. 6/20/12), 93 So. 3d 818, 824, writ denied, 2012-1695 (La. 11/2/12), 99 So. 3d 671 ("the record does not support a finding that the punching incident could have caused the injury").

One of the principal cases that the Defendants rely upon is *Simon v. United States*, 51 F. Supp. 2d 739, (W.D. La. 1999), which stated that, "The Defendants must only show that some other particular accident could have caused the injury, not that some other accident actually did cause the injury."  *Id*. 746 (emphasis added). The key words here are "other particular accident" and "could have caused."  In order for the Defendant to show that the "other source" "could have caused the injury," Defendants have to do more than speculate and they have to engage in more

2

than guesswork. They have to show that it was actually possible that there is another source which could be to blame – they have to explain *how* the other source could have caused the injury. In the context of this case, Defendants have to show that there were emissions from another source of a particular gas in sufficient concentrations and frequency that it could have caused the Plaintiffs' injuries.

The Court in *Simon* was applying a long standing and well-developed rule in Louisiana that when symptoms of an injury appear after an incident, and the plaintiff's evidence shows that the accident could have caused the injury, if the defendant contends the injury was caused by something else, he has to explain what it could be and why. For example, in *Maranto v. Goodyear Tire & Rubber Co.*, 94-2603 (La. 2/20/95), 650 So. 2d 757, an accident case, the defendant contended the plaintiff's back injuries resulted from her driving long distances and performing other job-related duties. *Id*. at 762. Although the medical testimony "was such that everyday activities such as sneezing, driving or coughing can herniate a disc," the court ruled that "a court cannot speculate as to the vague possibilities for causation, when medical witnesses have established an event as to the probable cause of injury." *Id*. at 762. Here, both emission rate and dispersion experts and medical witnesses have established the landfill odors as being an event "as to the probable cause of injury." As a result, Defendants must do more than speculate.

Defendants complain that Plaintiffs are seeking improperly to shift the burden of proof to them. Not so. Requiring the Defendant to demonstrate that the proposed alternative cause is capable of causing the injury is required by the basic rule that evidence must be relevant. Under Rule 401, evidence is relevant "if it has any tendency to make a fact more or less probable than it would be without the evidence." Speculation "is excludable by Rule 401 because it has no tendency to make the existence of any material fact more or less probable than it would be without

3

that evidence. *Rice v. Rose & Atkinson*, 176 F. Supp. 2d 585, 595 (S.D.W. Va. 2001), aff'd, 36 F. App'x 97 (4th Cir. 2002).  As one court explained, "If the proffered expert testimony is speculation, or conjecture, it is not relevant. This is because it has no tendency to make a significant fact more or less probable than otherwise, as guesswork is the very antithesis of probability." *Samuel v. Ford Motor Co.*, 112 F. Supp. 2d 460, 470 (D. Md. 2000), *aff'd sub nom. Berger v. Ford Motor Co.*, 95 F. App'x 520 (4th Cir. 2004).

Alternate cause theories "must be rooted in at least some reliable evidence." *Sowers v. R.J. Reynolds Tobacco Co.*, No. 3:09 C 11829, 2015 WL 12839775, at *8 (M.D. Fla. Jan. 23, 2015), aff'd, 975 F.3d 1112 (11th Cir. 2020) ("argument that Mr. Sowers's coal dust exposure might have caused or contributed to his injuries would be entirely speculative, and related evidence is irrelevant").

Dr. Kind's alternative cause theories are not supported by any actual evidence rising above the level of speculation.  With not showing that any of the suggested alternative causes were even capable of causing the injuries, the proposed testimony is nothing more that speculation and is not relevant.

The Motion should be granted.

Respectfully submitted, this 18th day of June, 2024.

        /s/ S. Eliza James
FORREST CRESSY & JAMES, LLC
Byron M. Forrest (La. Bar No. 35480)
Nicholas V. Cressy (La. Bar No. 35725)
S. Eliza James (La. Bar No. 35182)
1222 Annunciation Street
New Orleans, Louisiana 70130
Tele:(504) 605.0777
Fax: (504) 322.3884
Email: byron@fcjlaw.com
nicholas@fdjlaw.com
eliza@fcjlaw.com

      /s/ Eric C. Rowe
C. Allen Foster (Admitted Pro Hac Vice)
Eric C. Rowe (Admitted Pro Hac Vice)
Masten Childers, III (Admitted Pro Hac Vice)
WHITEFORD, TAYLOR & PRESTON, L.L.P.
1800 M Street, NW, Suite 450N
Washington, DC 20036
Tele: (202) 659.6800
Fax: (202) 331.0573
Email: cafoster@whiteforlaw.com
erowe@whitefordlaw.com
mchilders@whitefordlaw.com

Harry S. Johnson, (Admitted Pro Hac Vice)
James R. Jeffcoat (Admitted Pro Hac Vice)
WHITEFORD, TAYLOR & PRESTON L.L.P.
Seven Saint Paul Street
Baltimore, Maryland 21202-1636
(410) 347-8700
hjohnson@whitefordlaw.com
jjeffcoat@whitefordlaw.com

*Counsel For Addison Plaintiffs*