UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FREDERICK ADDISON, ET AL.,**<br><br>　Plaintiffs<br><br>V.<br><br>**LOUISIANA REGIONAL LANDFILL COMPANY, ET AL.,**<br><br>　Defendants<br><br>*Applies to: Both Cases* | CIVIL ACTION<br><br>NO. 19-11133, c/w 19-14512<br><br>SECTION: "E" (5)<br><br><br>JUDGE: Morgan<br>MAGISTRATE JUDGE: North |

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF THEIR MOTION IN LIMINE TO EXCLUDE CERTAIN EVIDENCE RELATED TO SUSAN SCHIFFMAN**

Plaintiffs submit the following Reply Brief in support of their Motion in Limine to Exclude Certain Evidence Pertaining to Susan Schiffman, and in response to arguments made in Defendants' Opposition brief. Rec. Doc. 578. For the reasons below as well as those stated in Plaintiffs' original memorandum, Plaintiffs' Motion to in Limine should be granted.

**I.　Argument**

Defendants argue that the Heartland suit "directly shows her propensity for truthfulness or untruthfulness and goes directly to her credibility." Rec. Doc. 578 at 10. In doing so, Defendants take the allegations of the Heartland complaint - which are denied and have yet to be adjudicated - at face value and plan to weaponize such unsubstantiated complaints to attack Dr. Schiffman's credibility and methodology that she employed in *this* case. This leap is illogical, impermissible, and highly prejudicial.

While Plaintiffs admit that an expert witness can be cross-examined about prior opinions and testimony, that is entirely different from situations where the expert herself is a Defendant in a totally unrelated matter *that has yet to be adjudicated and in which the expert has not testified*. Other lawsuits and the allegations therein are inadmissible hearsay. Despite Defendants' arguments to the contrary, they are indeed offering up the allegations contained in the Heartland lawsuit (out of court statements) that Schiffman's research in *one* study was flawed - and are offering these allegations to prove the truth of the matter, specifically that her opinions in *this* case are false, exaggerated, and unreliable. *See, Johnson v. Ford Motor Co.,* 988 F.2d 573, 579 (5th Cir. 1993), holding that Plaintiff's attempt to introduce "a brief summary of claims, lawsuits, and complaints… amounts to nothing more than a summary of allegations by others which constitute hearsay." *See also, Roberts v. Harnischfeger Corp.,* 901 F.2d 42, 44–45 (5th Cir.1989).

Even if the Court were to determine that the Heartland lawsuit is not hearsay, it should still be excluded due to the highly prejudicial and misleading nature of the allegations contained in it. "Evidence of other lawsuits and the factual allegations therein is inadmissible under Rule 403." *See Lewis v. Ethicon, Inc.*, No. 2:12-CV-4301, 2014 WL 505234, at *6 (S.D.W.Va. Feb. 5, 2014) ("Evidence of other lawsuits is likely to confuse and mislead the jury from that task, and it is highly prejudicial to Ethicon.") *See Sutphin v. Ethicon, Inc.,* No. 2:14-CV-01379, 2020 WL 5079170, at *6 (S.D.W. Va. Aug. 27, 2020). Defendants ignore Dr. Schiffman's five decades of leadership in the field of odor psychology and cherry-pick unsubstantiated allegations to suggest to the jury that Heartlands claims are accurate because the allegations are included in a lawsuit. Rule 403 requires that the Court exclude any questioning to Dr. Schiffman and argument from counsel on the topic of unrelated, ongoing litigation which has not even yet survived a motion to dismiss. For the

reasons stated in above as well as in Plaintiffs' original motion and accompanying memorandum, Plaintiffs respectfully request that their Motion be granted.

Respectfully submitted, this 18th day of June, 2024.

                                                              /s/ S. Eliza James
FORREST CRESSY & JAMES, LLC
Byron M. Forrest (La. Bar No. 35480)
Nicholas V. Cressy (La. Bar No. 35725)
S. Eliza James (La. Bar No. 35182)
1222 Annunciation Street
New Orleans, Louisiana 70130
Tele: (504) 605.0777
Fax:  (504) 322.3884
Email: byron@fcjlaw.com
nicholas@fdjlaw.com
eliza@fcjlaw.com

                                                              /s/ Eric C. Rowe
C. Allen Foster (Admitted Pro Hac Vice)
Eric C. Rowe (Admitted Pro Hac Vice)
Masten Childers, III (Admitted Pro Hac Vice)
WHITEFORD, TAYLOR & PRESTON, L.L.P.
1800 M Street, NW, Suite 450N
Washington, DC 20036
Tele: (202) 659.6800
Fax: (202) 331.0573
Email: cafoster@whiteforlaw.com
erowe@whitefordlaw.com
mchilders@whitefordlaw.com

Harry S. Johnson, (Admitted Pro Hac Vice)
James R. Jeffcoat (Admitted Pro Hac Vice)
WHITEFORD, TAYLOR & PRESTON L.L.P.
Seven Saint Paul Street
Baltimore, Maryland 21202-1636
(410) 347-8700
hjohnson@whitefordlaw.com
jjeffcoat@whitefordlaw.com

*Counsel For Addison Plaintiffs*