UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FREDERICK ADDISON, ET AL.,** | CIVIL ACTION |
| Plaintiffs | NO. 19-11133, c/w 19-14512 |
| V. | SECTION: "E" (5) |
| **LOUISIANA REGIONAL LANDFILL COMPANY, ET AL.,** | |
| Defendants | JUDGE: Morgan<br>MAGISTRATE JUDGE: North |
| *Applies to: Both Cases* | |

### PLAINTIFFS' REPLY BRIEF IN SUPPORT OF THEIR MOTION IN LIMINE TO EXCLUDE TESTIMONY OF JOSEPH GARDEMAL

Plaintiffs submit the following Reply Brief in support of their Motion In Limine To Exclude Testimony of Joseph Gardemal.

Defendants' Opposition continues their strategy of misstating Plaintiffs' arguments and then attacking the arguments as misstated.

As stated in Plaintiffs' Motion, their expert, Jason Schellhaus (identified in the Motion as Malcolm Deines, which is his firm's name) has offered opinions on the cost of relocation. The cost of relocation is relevant for this case for two reasons. First, it responds to the Defendants' affirmative defense that Plaintiffs failed to mitigate their damages and should have moved to escape the odors.[1] The cost of relocation explains why they could not. Second, in this case,

---

[1] R.Doc. 504 at 20-22 (Jefferson Parish's Fourth and Eighth Affirmative Defenses); R.Doc. 502 at 2 *Waste Connections 7th and 10th Affirmative Defenses); R.Doc. 447 at 1-2 (Aptim's Sixteenth Defense (incorporating defenses asserted by the other Defendants)).

Plaintiffs are seeking damages for having to put up with the stench emanating from Jefferson Parish Landfill.  The cost of relocation (which Defendants themselves say could have mitigated the damages) is proxy for a portion of those general damages.

Faced with the fact that their expert was opining on the validity of claim that Plaintiffs are not asserting, Defendants assert that somehow the Plaintiffs' damage theory is new.  It is not.  It was set in R.Doc. 416—the *Addison* Plaintiffs' List of Experts:

> **Topics of Testimony:** Particularly considering that Dr. Joseph Kanter, the Louisiana State Health Officer and Medical Director, on behalf of Jefferson Parish, advised all persons living in the communities affected by the noxious odors emanating from the Jefferson Parish Landfill that they should, if they could, leave the area until the problems at the landfill were remediated, **one appropriate method of measurement of a portion of the damages suffered by the affected persons is to determine the out of pocket cost necessary to avoid the nuisance**, i.e. (in this case) to secure reasonable appropriate housing and subsistence outside the affected communities until the nuisance was abated, including associated moving, storage, cleaning and similar costs.

R.Doc. 418.

Defendants know full well that, other than the Gremillions, none of the Trial Plaintiffs actually moved, and they know none of them are claiming, or have ever claimed, moving costs as actual damages.  Defendants, however, assert that Mr. Schellhaus testified differently.  Despite Defendants' penchant for misquoting the Plaintiffs and their witnesses, it is up to Plaintiffs' counsel, not Mr. Schellhaus, to decide where his testimony fits.[2]

For similar reasons, the Defendants' argument that Mr. Schellhaus should have considered "alternate causes for the alleged harm" is just silly.  Mr. Schellhaus is offering testimony regarding one component of the damages in this case, and he is offering no opinions on causation at all.

---

[2] The reference to personal injuries was in the question, not the answer, after a discussion about what the entire case was about.  *See* Schellhaus Dep. at 39-40 (attached as Exhibit A), cited by Defendants.

Likewise, in response to the reality that Mr. Gardemal's critique consists entirely of commonsense argument for which no special knowledge or expertise is required, issues of law, or arguments that can be made by counsel, Defendants were unable to give even one example of one critique of an opinion that purports to require specialized knowledge.

On the issue of the Paradise Manor Community Club, Defendants merely restate Mr. Gardemal's opinions without responding to the arguments as to why testimony on this issue is completely irrelevant. Defendants concede that his opinions have nothing to with whether or how the Trial Plaintiffs were affected by the Jefferson Parish Landfill odors. Most notably, Defendants' drumbeat that experts in this case must consider and exclude alternate explanations was not something that Mr. Gardemal did.

Defendants wholly failed to address the argument presented in Plaintiffs' Motion, citing general statements and principles, and claiming that Mr. Gardemal is a "rebuttal expert." But a "rebuttal expert" cannot merely testify as to what comes to mind – like all experts, a "rebuttal expert" must present testimony that is relevant, the product of reliable principles and methods and not just argument that can be made by counsel.

Respectfully submitted, this 18th day of June, 2024.

    /s/ S. Eliza James
FORREST CRESSY & JAMES, LLC
Byron M. Forrest (La. Bar No. 35480)
Nicholas V. Cressy (La. Bar No. 35725)
S. Eliza James (La. Bar No. 35182)
1222 Annunciation Street
New Orleans, Louisiana 70130
Tele:(504) 605.0777
Fax: (504) 322.3884
Email: byron@fcjlaw.com
nicholas@fdjlaw.com
eliza@fcjlaw.com

   /s/ Eric C. Rowe
C. Allen Foster (Admitted Pro Hac Vice)
Eric C. Rowe (Admitted Pro Hac Vice)
Masten Childers, III (Admitted Pro Hac Vice)
WHITEFORD, TAYLOR & PRESTON, L.L.P.
1800 M Street, NW, Suite 450N
Washington, DC 20036
Tele: (202) 659.6800
Fax: (202) 331.0573
Email: cafoster@whiteforlaw.com
erowe@whitefordlaw.com
mchilders@whitefordlaw.com

Harry S. Johnson, (Admitted Pro Hac Vice)
James R. Jeffcoat (Admitted Pro Hac Vice)
WHITEFORD, TAYLOR & PRESTON L.L.P.
Seven Saint Paul Street
Baltimore, Maryland 21202-1636
(410) 347-8700
hjohnson@whitefordlaw.com
jjeffcoat@whitefordlaw.com

*Counsel For Addison Plaintiffs*