UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| FREDERICK ADDISON, ET AL., | * | |
| | * | |
| PLAINTIFF, | * | CIVIL ACTION NO. 19-11133, |
| | * | c/w 19-14512 |
| VERSUS | * | |
| | * | |
| LOUISIANA REGIONAL LANDFILL COMPANY, ET AL., | * | |
| | * | JUDGE MORGAN |
| | * | |
| DEFENDANTS. | * | MAGISTRATE |
| | * | JUDGE NORTH |
| *APPLIES TO: ALL CASES* | * | |

* * * * * * * * * * * * * * * * * * * * * * * * *

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION IN LIMINE TO LIMIT THE TESTIMONY OF ROBERT DELORENZO, M.D.**

Defendants[1] have established, and Dr. DeLorenzo has admitted, that the current state of the science does not support many of his causation opinions. In response, Plaintiffs offer no meaningful rebuttal other than that they are preserving this issue for appeal. In fact, after reciting the boilerplate "applicable law" section of their opposition brief, Plaintiffs fail to cite *a single case or other authority* in the remainder of their brief. They certainly cite no law which allows them to present the jury with radical, unstudied causation opinions (such as Dr. DeLorenzo's causation claims as to the Non-Allowed Injuries), or exposure theories wholly untethered from evidence of dosage of the exposure or even the specific chemical involved (such as his opinions on VOCs). Plaintiffs' failure to offer any meaningful opposition confirms that the Court should preclude Dr. DeLorenzo from offering any expert testimony as to (1) general or specific causation for symptoms and injuries that fall outside of the relevant time period or for which Plaintiffs have failed to establish general causation, as evidenced by this Court's Findings of Fact and Conclusions of Law ("Non-Allowed Claims"); and (2) the Plaintiffs' exposure to Volatile Organic Compounds ("VOCs").

**A. Dr. DeLorenzo admits that the current state of the science does not support many of his causation opinions.**

Defendants have already pointed the Court to deposition testimony where Dr. DeLorenzo unequivocally conceded that the current state of the science does not support the notion that exposure to 5 ppb of $H_2S$ over 30 minutes is capable of causing either (1) asthma, allergies, and the other Non-Allowed Injuries; or (2) injuries that persist after the date of exposure, i.e., post-

---

[1] The Defendants in this matter are Aptim Corp., Jefferson Parish, Louisiana Regional Landfill Company, Waste Connections Bayou, Inc., and Waste Connections US, Inc.

2019 injuries.[2] In response, Plaintiffs wholly fail to rebut this deposition testimony other than to accuse Defendants of "cherry picking."[3] Plaintiffs fail to point the Court to any portions of Dr. DeLorenzo's testimony which provide the other side of the story or which somehow rehabilitates his causation opinions – because no such testimony exists.

To his credit, Dr. DeLorenzo freely admitted when certain of his opinions could not be legitimized until maybe "4 years from now,"[4] and for which "no scientific data [has] been done to answer [the] question."[5] He admitted as such to all of the Non-Allowed Injuries,[6] including all injuries which allegedly persisted after 2019.[7] The Court should take Dr. DeLorenzo at his word that these opinions are based on unstudied causation theories – perhaps creative theories by a talented neurologist – but untested theories nonetheless. Of course, "the courtroom is not the place for scientific guesswork, even of the inspired sort. Law lags science; it does not lead it."[8] Therefore, the Court should exclude any opinions of Dr. DeLorenzo related to: (1) general or specific causation for the Non-Allowed Claims; and (2) general or specific causation for injuries

---

[2] ECF Doc. #562-1, Defendants Motion in Limine to Limit the Testimony of Plaintiffs' Expert, Robert DeLorenzo, M.D. ("Defendants' Motion") at pp. 9-14.

[3] ECF Doc. #599, Plaintiffs' Opposition at 7.

[4] ECF Doc. #562-6, Deposition of Dr. DeLorenzo V.I at pp. 389:12-25 – 390:1-6, 16-19.

[5] ECF Doc. #562-7 Deposition of Dr. DeLorenzo V.II at pp. 548:15-23, 22-25 – 549:1, 3-12.

[6] Specifically, Dr. DeLorenzo admitted that he was unable to say that exposure to 5 ppb of $H_2S$ over 30 minutes is capable of causing "exacerbation of allergies, cough, concern for long-term effects, burning of eyes, nose and throat, red eyes, eye dryness, eye scratchiness, difficulty breathing, asthma, light-headedness, loss of smell, sinusitis, rhinitis, chest congestion, nose bleeds, decreased focus, cold sweats, or joint swelling." ECF Doc. 562-6, Deposition of Dr. DeLorenzo V.I at pp. 389:12-25 – 390:1-6, 16-19.

[7] ECF Doc. #562-7, Deposition of Dr. DeLorenzo V.II at pp. 536-538, 543-544, 547-551; *see also* ECF Doc. #562-1, Defendants' Motion at pp. 10-13.

[8] *Ruffin v. BP Expl. & Prod.*, No. 20-334, 2023 WL 7271087, at *4 (E.D. La. Oct. 31, 2023) (Africk, J.) (quoting *Hendrix ex rel. G.P. v. Evenflo Co., Inc.*, 609 F.3d 1183, 1203 (11th Cir. 2010).

3

that the Trial Plaintiffs allegedly suffered and/or are continuing to suffer outside of the relevant time period of July 1, 2017 through December 31, 2019.[9]

### B. Without evidence on dosage, testimony on exposure to VOCs must be excluded.

Attempting to salvage Dr. DeLorenzo's testimony on exposure to VOCs, Plaintiffs quite literally argue that Fifth Circuit law should not apply to them – tellingly citing no case law or other authority for that proposition. Fifth Circuit law mandates that, before an expert may testify that a toxin contributed to a plaintiff's injury, the expert must have *some* evidence (either measured or estimated) speaking to the duration and concentration of the plaintiff's exposure. *Allen v. Pennsylvania Eng'g Corp.*, 102 F.3d 194, 198-99 (5th Cir. 1996) (affirming the exclusion of expert testimony on causation because there was no evidence of the level of exposure). The Federal Reporters are replete with Fifth Circuit cases holding the same, which were thoroughly discussed in Defendants' opening brief and will not be recited here.[10]

In support of their specious argument that they are exempt from this settled Fifth Circuit law, Plaintiffs offer no citations to any legal authorities, but merely argue that they do not need to offer evidence on dosage because they are alleging exposure to a *cocktail* of $H_2S$ and VOCs. They are wrong and their cocktail theory is unsupported by Fifth Circuit law. As this Court has noted in rejecting expert testimony lacking evidence of dosage, there is a "toxicology maxim that the dose determines the poison because most chemicals can be toxic, thereby leaving the dose as the sole determinant of what is toxic." *Harrison v. BP Expl. & Prod. Inc.*, No. CV 17-4346, 2022 WL

---

[9] The Court should also hold that Plaintiffs are procedurally barred from offering these opinions given that they fall outside of the claims for which the Court has found that Plaintiffs have proven general causation, for the reasons stated in Defendants' motion for partial summary judgment, ECF Doc. #561. Plaintiffs respond that the Court has allowed *Daubert* motions as to new experts such as Dr. DeLorenzo – but it does not follow that new experts are allowed to give Plaintiffs a second bite at the apple on general causation, and indeed nothing in the Court's CMOs allows for such.

[10] ECF Doc. #562-1, Defendants' Motion at pp. 15-16.

2390733, at *6 (E.D. La. July 1, 2022) (Morgan, J.) (internal quotes omitted). Plaintiffs offer no support – either in law or science – why this maxim fails to apply when two toxins are combined, and indeed no support for this argument exists.[11]

Falling back on their usual playbook, Plaintiffs cite the Court's general causation opinion as the cure for their woes. But the Court made no findings on whether any specific Plaintiffs were exposed to VOCs, much less any findings of which specific VOCs they were exposed to, the duration of such exposure, and/or the concentration of such exposure. Nor have any of Plaintiffs' experts offered any such opinions. If there was one Plaintiff expert who could potentially offer such an opinion, it would be James Lape, Plaintiffs' expert on air modeling and fate and transport of chemicals. But even Mr. Lape has declined to opine on whether the Trial Plaintiffs were exposed to VOCs. Thus, Dr. DeLorenzo – a neurologist who lacks any expertise in air modeling, and lacks the necessary evidence on the nature of any exposure – certainly cannot fill in these gaps.

The Court should apply binding Fifth Circuit law and hold that, without evidence on dosage of exposure, Dr. DeLorenzo cannot testify that exposure to VOCs contributed to the Trial Plaintiffs' injuries.

## CONCLUSION

Defendants have established that the current state of the science does not support many of Dr. DeLorenzo's causation opinions, and that he lacks the necessary evidence to opine regarding alleged harm from exposure to VOCs. In response, Plaintiffs say little other than they believe they are exempt from Fifth Circuit law, and that they wish to preserve these issues for appeal.

---

[11] Further illustrating the defects in Dr. DeLorenzo's testimony on exposure to VOCs is the fact that he cannot even identify a single specific VOC that Plaintiffs were exposed to. It's true that dose determines the poison – but an even more fundamental step is knowing the toxin at issue. Dr. DeLorenzo lacks this necessary information. Nor does his reliance on *Hudnell et. al*, provide any support. That study examined 22 specific VOCs found inside new buildings that when combined were at levels in the parts per million – three magnitudes above any concentration of the common VOCs found in ambient air in Jefferson Parish.

5

Defendants respectfully request that this Court grant this motion and order that Dr. DeLorenzo be precluded from giving any testimony related to: (1) general or specific causation for the Non-Allowed Claims; (2) general or specific causation for injuries that the Trial Plaintiffs allegedly suffered and/or are continuing to suffer outside of the relevant time period of July 1, 2017 through December 31, 2019; and (3) the Trial Plaintiffs' exposure to VOCs.

Respectfully submitted,

LISKOW & LEWIS, APLC

By:   /s/ Michael C. Mims
        Michael Cash (#31655)
        Cherrell Simms Taplin (#28227)
        Michael C. Mims (#33991)
        Brady M. Hadden (#37708)
        Alec N. Andrade (#38659)
        J. Hunter Curtis (#39150)
        701 Poydras Street, Suite 5000
        New Orleans, LA 70139
        Telephone: (504) 581-7979
        Telefax: (504) 556-4108

BEVERIDGE & DIAMOND, P.C.

Megan R. Brillault (*pro hac vice*)
Michael G. Murphy (*pro hac vice*)
John H. Paul (*pro hac vice*)
Katelyn E. Ciolino (*pro hac vice*)
Katrina M. Krebs (*pro hac vice*)
825 Third Avenue, 16th Floor
New York, NY 10022
(212) 702-5400

James B. Slaughter (*pro hac vice*)
1900 N Street, NW, Suite 100
Washington, DC 20036
(202) 789-6000

Michael F. Vitris (*pro hac vice*)
400 W. 15th Street, Suite 1410
Austin, TX 78701
(512) 391-8035

*Counsel for Defendants Louisiana Regional Landfill Company, Waste Connections Bayou, Inc., and Waste Connections US, Inc.*

CONNICK AND CONNICK, LLC

By:    /s/ Michael S. Futrell
      William P. Connick, La. Bar No. 14158
      Michael S. Futrell, La. Bar No. 20819
      Matthew D. Moghis, La. Bar No. 33994
      Anya M. Jones, La. Bar No. 36923
      3421 N. Causeway Blvd., Suite 408
      Metairie, Louisiana 70002
      Telephone: (504) 681-6658
      Facsimile: (504) 838-9903
      E-mail: moghis@connicklaw.com

*Counsel for Defendant Jefferson Parish*

GIEGER, LABORDE & LAPEROUSE, L.L.C.

By:    /s/ J. Michael DiGiglia
      Ernest P. Gieger, Jr. (6154)
      John E. W. Baay (22928)
      J. Michael DiGiglia (24378)
      Nicholas S. Bergeron (37585)
      Blaise Chadwick Hill (*pro hac vice*)
      Gieger, Laborde & Laperouse, L.L.C.
      Hancock Whitney Center
      701 Poydras Street, Suite 4800
      New Orleans, Louisiana 70139
      Telephone: (504) 561-0400
      Facsimile: (504) 561-1011

*Attorneys for Defendant Aptim Corp.*

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was electronically filed on June 18, 2024. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

By:    /s/ Michael C. Mims