# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **FREDERICK ADDISON, ET AL.,** | * | |
| | * | |
| **PLAINTIFF,** | * | **CIVIL ACTION NO. 19-11133,** |
| | * | **c/w 19-14512** |
| **VERSUS** | * | |
| | * | |
| **LOUISIANA REGIONAL LANDFILL COMPANY, ET AL.,** | * | |
| | * | **JUDGE MORGAN** |
| | * | |
| **DEFENDANTS.** | * | **MAGISTRATE** |
| | * | **JUDGE NORTH** |
| *APPLIES TO: ALL CASES* | * | |
| | * | |
| | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

# DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT TO DISMISS PLAINTIFFS' TRADITIONAL NEGLIGENCE CLAIMS DUE TO LACK OF EVIDENCE OF SCOPE OF THE DUTY

Plaintiffs have still not come forward with a single piece of evidence (expert testimony or otherwise) speaking to the geographical areas within which it was foreseeable that Defendants'[1] actions could cause harm. That failure leaves no disputed fact on this point and is fatal to Plaintiffs' traditional negligence claim. In attempting to manufacture a disputed fact, Plaintiffs point only to ambiguous evidence that refers to undefined "neighbors" and "surrounding areas," constitutes improper hindsight evidence, or that speaks only to a generalized duty not to produce odor.

Plaintiffs are not satisfied by presenting the jury with their article 667 nuisance claim (not at issue in this motion) – instead, they promote a strained reading of the evidence in order to present the jury with two different sets of legal standards for two different negligence-based theories of liability. The Court should not allow Plaintiffs' traditional negligence claim to reach the jury, not only because it would cause confusion – but because, as a matter of law, Plaintiffs have failed to come forward with evidence establishing the geographic scope within which Defendants should have foreseen potential harm, otherwise known as the scope of the duty. Without such evidence, Plaintiffs cannot carry their burden at trial and summary judgment is warranted.[2]

---

[1] The Defendants in this matter are Aptim Corp, Jefferson Parish, Louisiana Regional Landfill Company, Waste Connections US, Inc., and Waste Connections Bayou, Inc.

[2] Plaintiffs apparently believe they are immune to summary judgment, which is false. Defendants filed their Motion pursuant to the CMO, which called for "All non-evidentiary pretrial motions" to be filed by June 6. See also Rule 56(b) ("Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery."). Plaintiffs falsely claim that Defendants were prohibited from filing dispositive motions, for which they offer no citation, and which runs contrary to the terms of the CMO.

**LAW AND ARGUMENT**

**I.    Plaintiffs were required, but failed, to come forward with evidence of "specific facts" creating a genuine dispute.**

The parties agree that summary judgment is proper where the moving party shows that the non-moving party lacks evidence to support an issue on which it bears the burden of proof.[3] Plaintiffs' traditional negligence claim is governed by Louisiana's duty/risk analysis, which requires *the plaintiff* to prove five separate elements – here, the relevant element being "the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of duty element)." *Farrell v. Circle K Stores, Inc.*, 2022-00849 (La. 3/17/23), 359 So. 3d 467, 473. Louisiana courts define the scope of the duty by analyzing which risks to which persons were foreseeable to a defendant. *Pitre v. Opelousas Gen. Hosp.*, 530 So. 2d 1151, 1161–62 (La. 1988).

Louisiana's requirement that a plaintiff must prove not just the existence of a duty, but also the *scope* of the duty, is an acknowledgment that a defendant's duties are not intended to protect all persons from all harms. *See PPG Indus., Inc. v. Bean Dredging*, 447 So. 2d 1058, 1061 (La. 1984) ("Rules of conduct are designed to protect *some* persons under *some* circumstances against *some* risks.") (emphasis in original); *Roberts v. Benoit*, 605 So. 2d 1032, 1044 (La. 1991), *on reh'g* (May 28, 1992) ("There is no 'rule' for determining the scope of the duty. Regardless if stated in terms of proximate cause, legal cause, or duty, the scope of the duty inquiry is ultimately a question of policy as to whether the particular risk falls within the scope of the duty."). While "scope of the duty" is a "mixed question of fact and law," it is nonetheless a question for the Court – one for which Plaintiffs bear the burden.[4] This question is to be assessed at the time the alleged negligent

---

[3] Plaintiffs' Opposition to Defendants' Motion for Partial Summary Judgment, R. Doc. 589 at 2.

[4] *See Roberts v. Benoit*, 605 So. 2d 1032, 1043 (La. 1991), on reh'g (May 28, 1992) ("Duty is a question of law."); *Joseph v. Dickerson*, 1999-1046 (La. 1/19/00), 754 So. 2d 912, 916 ("Whether a legal duty exists, and the extent of that duty, depends on the facts and circumstances of the case, and the relationship of the parties.").

3

act was taken, not *ex post facto*, as all things are foreseeable when evaluated with the benefit of hindsight.[5]

Because Plaintiffs bear the burden of proving scope of the duty, Fifth Circuit law required Plaintiffs to respond to Defendants' Motion with "*specific facts* indicating a genuine issue for trial to avoid summary judgment." *Cripps v. La. Dep't of Agric.*, 819 F.3d 221, 228-229 (5th Cir. 2016) (emphasis added). While Plaintiffs spend 20+ pages of their brief discussing Defendants' alleged duties to prevent odors generally (not the issue),[6] they have produced no evidence on the geographic scope of persons to whom Defendants allegedly owe a duty, other than improper hindsight evidence which is not sufficient to defeat summary judgment. In the absence of proper summary judgment evidence, there are no material disputed facts on this issue, and the Court should resolve this legal question by holding that Plaintiffs have failed to prove the scope of the applicable duty.

## II. Plaintiffs' evidence does not create a disputed fact.

In Plaintiffs' statement of disputed facts, they point the Court to four categories of evidence on which they rely to defeat summary judgment.[7] None of this evidence speaks to the geographic area within which Defendants should have foreseen that their actions could cause harm, and therefore Plaintiffs have not established a material disputed fact. Those categories of evidence are: (1) testimony of Jose Sananes, in which he testifies that Defendants could have foreseen harm to

---

[5] *See Roberts v. Benoit*, 605 So. 2d 1032, 1057 (La. 1991), on reh'g (May 28, 1992) ("The Court declined to use hindsight to find the doctor liable for damages from all potentially discoverable risks."); *Pitre v. Opelousas Gen. Hosp.*, 530 So. 2d 1151, 1160 (La. 1988) (the test "is what a court, reviewing an event later, considers to have been foreseeable in order to do justice in the case before it.").

[6] Louisiana law holds that duty and scope of the duty are separate and independent elements of the Plaintiffs' burden. *See Farrell v. Circle K Stores, Inc.*, 2022-00849 (La. 3/17/23), 359 So. 3d 467, 473 ("Under the duty/risk analysis, the plaintiff must prove five *separate elements*: (1) the defendant had a duty to conform his conduct to a specific standard (the duty element); …(4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of duty element)") (emphasis added) (internal citations omitted).

[7] *See* Plaintiffs' Response to Defendants' Statement of Material Facts, R. Doc. 589-1 at 2-7.

4

"neighbors" – but he does not define "neighbors";[8] (2) documents regarding Defendants' odor monitoring "in surrounding areas and neighborhoods" – but those documents do not define the geographic scope of any area;[9] (3) Louisiana regulations requiring landfills to identify the types of land use (residential, commercial, etc.) existing within a three-mile radius – but those regulations do not mention odor and do not set forth their purpose;[10] and (4) *ex post facto* air modeling data,[11] hindsight evidence which does not speak to what Defendants could have foreseen at the time of their allegedly negligent acts.

The first and second categories of evidence offered are too vague and ambiguous to create a disputed fact. On Mr. Sananes' testimony, although Plaintiffs point out that his report contained the word foreseeability "no less than 12 times,"[12] nowhere in their string of quotes is there any evidence of the geographic scope of the foreseeable harm, beyond a vague reference to "neighbors."[13] Likewise, the documents cited by Plaintiffs regarding Defendants' odor monitoring "in surrounding areas and neighborhoods," do not define the geographic scope of such areas. Under Fifth Circuit law, this sort of conclusory and ambiguous testimony does not create a disputed fact on the scope of foreseeable harm – rather, a plaintiff must provide evidence on a specific geographic scope. *Lloyd's Leasing Ltd. v. Conoco*, 868 F.2d 1447, 1449-50 (5th Cir. 1989) (expert testimony did not create disputed fact because, although expert opined that harm to surrounding

---

[8] *See* Plaintiffs' Response to Defendants' Statement of Material Facts, R. Doc. 589-1 at 2-5.

[9] *See* Plaintiffs' Response to Defendants' Statement of Material Facts, R. Doc. 589-1 at 6-7.

[10] *See* Plaintiffs' Response to Defendants' Statement of Material Facts, R. Doc. 589-1 at 7.

[11] *See* Plaintiffs' Response to Defendants' Statement of Material Facts, R. Doc. 589-1 at 6.

[12] Plaintiffs' Opposition to Defendants' Motion for Partial Summary Judgment, R. Doc. 589 at 17 n. 15.

[13] *See Lloyd's Leasing Ltd. v. Conoco*, 868 F.2d 1447, 1449-50 (5th Cir. 1989) ("[T]o be found liable a defendant must have 'knowledge of a danger, not merely possible but probable ...'")(quoting *Consol. Aluminum Corp. v. C.F. Bean Corp.,* 833 F.2d 65, 68 (5th Cir. 1987)).

areas was foreseeable, he failed to address "the probability that this oil spill would wash ashore *in such an area* [as Plaintiffs' properties].").

Plaintiffs offer no meaningful rebuttal to the *Lloyd's* decision, other than pointing out that it is a maritime case. But maritime and Louisiana law agree that a plaintiff bears the burden to prove foreseeability[14] – and *Lloyd's* holds that, from the procedural perspective of Rule 56 of the Federal Rules, a disputed fact does not exist when a plaintiff lacks evidence on the geographic scope of this element of the burden. Nothing in the Fifth Circuit's rationale in *Lloyd's* suggests the result hinged on maritime law, and the case is equally instructive in diversity cases under Louisiana law, such as the present case.

Plaintiffs' third category of evidence – a set of Louisiana regulations – says nothing about odor whatsoever. *See generally*, 33 L.A.C. ch. 7, § 709. Plaintiffs point to one provision requiring landfills to notify LDEQ of the types of land use (residential, commercial, etc.) existing within a three-mile radius of the landfill.[15] Plaintiffs fail to point out that, this same regulation requires a landfill to identify other types of facilities such as airports and wetlands that are located within one mile, and still others existing within five miles. Similarly, buffer zone requirements of 200 and 300 feet apply for nearby landowners and churches (Plaintiffs certainly don't favor these geographic scopes). The regulations do not state that any of these provisions are related to odor control, though the regulations clearly identify other potential regulatory concerns, such as water contamination, traffic safety and congestion, zoning issues, etc. Thus, the regulations do not establish that

---

[14] *See Consol. Aluminum Corp. v. C.F. Bean Corp.,* 833 F.2d 65, 67 (5th Cir. 1987) ("The analysis of a maritime tort is guided by general principles of negligence law…duty may be owed only with respect to the interest that is foreseeably jeopardized by the negligent conduct, and not to other interests even of the same plaintiff which may in fact happen to be injured.") (cleaned up); *Pitre v. Opelousas Gen. Hosp.*, 530 So. 2d 1151, 1161–62 (La. 1988) (adopting the Restatement's foreseeability analysis to resolve the question of scope of the duty under Louisiana law).

[15] Plaintiffs' Opposition to Defendants' Motion for Partial Summary Judgment, R. Doc. 589 at 22 and Plaintiffs' Response to Defendants' Statement of Material Facts, R. Doc. 589-1 at 7.

6

Defendants should have foreseen odor problems occurring within any particular geographic area. If anything, these regulations highlight why Plaintiffs should have retained an expert to testify on scope of the duty. An expert could have filled in the gaps and informed the Court of the purpose of these 200-foot, 300-foot, and 1-, 3-, and 5-mile boundaries.[16] Without such testimony, the regulations do not create a disputed fact.

Finally, Plaintiffs point to expert air modeling conducted as part of this litigation as purported proof on scope of the duty – but Louisiana law holds that such hindsight evidence is not proper for establishing the scope of a defendants' duty or the class of persons for whom a defendant could have foreseen an injury might occur. *Pitre v. Opelousas Gen. Hosp.*, 530 So. 2d 1151, 1161–62 (La. 1988) (holding that hindsight cannot be used to define a defendant's duty – otherwise, defendants would be "held unfairly to a standard of knowledge or information impossible in daily practice"). Rather, the critical question is what scope of risk the Defendants could have foreseen *at the time of their alleged negligent acts* – and on this issue, neither the air modeling data, nor any other evidence cited by Plaintiffs, provides an answer.

The only other evidence, which Plaintiffs point to throughout their opposition, relates to whether Defendants should have foreseen generally that JPLF could cause odor. But that is not the issue, and Defendants do not dispute that they were at all relevant times aware that all landfills, including JPLF, have the potential to cause some odor. Fifth Circuit law requires Plaintiffs to offer proof that goes further – specifically, Plaintiffs' evidence must speak to the foreseeability of *which*

---

[16] *See Albert v. Peavey Co.*, No. CIV.A. 04-1611, 2009 WL 321934, at *7 (E.D. La. Feb. 6, 2009), *on reconsideration*, No. CIV.A. 04-1611, 2009 WL 901481 (E.D. La. Mar. 27, 2009) ("The plaintiff could have established the generally accepted practices from other sources i.e. by retaining an expert who could scrutinize the testimony of the class members and extrapolate a conclusion in regards to both generally accepted agricultural practices and a breach thereof. The plaintiff could have also interviewed others who have worked in a similar grain operating business in the area who could have likewise scrutinized the testimony of the class. The plaintiff did none of these.").

*persons* could suffer injury as a result of the allegedly negligent acts asserted in this case. Plaintiffs have offered no such evidence on this point (expert or otherwise) – therefore they cannot carry their burden at trial as to their traditional negligence claim, and summary judgment is warranted.

## **CONCLUSION**

Defendants pointed out an absence of evidence on the scope of any duty owed by Defendants, and in response, Plaintiffs point only to evidence that is vague and ambiguous, constitutes improper hindsight evidence, or that speaks only to a generalized duty not to produce odor. None of this evidence creates a disputed fact sufficient to defeat summary judgment.

The Court need not allow Plaintiffs to confuse the jury by asserting two different negligence-based theories of recovery (nuisance under La. Civil Code article 667, and traditional negligence under articles 2315, 2316, and 2317.1). The Court should dismiss Plaintiffs' traditional negligence claims because Plaintiffs cannot meet their burden on scope of the duty, and because it will assist the Court and the jury by allowing them to focus on one set of legal standards, i.e., those governing Plaintiffs' article 667 nuisance claims.

For these reasons, Defendants' motion for partial summary judgment should be granted, and Plaintiffs' traditional negligence claims arising under La. Civil Code arts. 2315, 2316, and 2317.1 should be dismissed with prejudice.

Respectfully submitted,

LISKOW & LEWIS, APLC

By: /s/ Michael C. Mims
    Michael Cash (#31655)
    Cherrell Simms Taplin (#28227)
    Michael C. Mims (#33991)
    Brady M. Hadden (#37708)
    J. Hunter Curtis (#39150)

        Alec Andrade (#38659)
        701 Poydras Street, Suite 5000
        New Orleans, LA 70139
        Telephone: (504) 581-7979
        Telefax: (504) 556-4108

        BEVERIDGE & DIAMOND, P.C.

        Megan R. Brillault (*pro hac vice*)
        Michael G. Murphy (*pro hac vice*)
        John H. Paul (*pro hac vice*)
        Katelyn E. Ciolino (*pro hac vice*)
        Katrina M. Krebs (*pro hac vice*)
        825 Third Avenue, 16th Floor
        New York, NY 10022
        (212) 702-5400

        James B. Slaughter (*pro hac vice*)
        1900 N Street, NW, Suite 100
        Washington, DC 20036
        (202) 789-6000

        Michael F. Vitris (*pro hac vice*)
        400 W. 15th Street, Suite 1410
        Austin, TX 78701
        (512) 391-8035

        *Counsel for Defendants Louisiana Regional Landfill Company, Waste Connections Bayou, Inc., and Waste Connections US, Inc.*

        CONNICK AND CONNICK, LLC

By:   /s/ Michael S. Futrell
        William P. Connick, La. Bar No. 14158
        Michael S. Futrell, La. Bar No. 20819
        Matthew D. Moghis, La. Bar No. 33994
        Anya M. Jones, La. Bar No. 36923
        3421 N. Causeway Blvd., Suite 408
        Metairie, Louisiana 70002
        Telephone: (504) 681-6658
        Facsimile: (504) 838-9903
        E-mail: moghis@connicklaw.com

        *Counsel for Defendant Jefferson Parish*

GIEGER, LABORDE & LAPEROUSE, L.L.C.

By:   /s/ J. Michael DiGiglia
Ernest P. Gieger, Jr. (6154)
John E. W. Baay (22928)
J. Michael DiGiglia (24378)
Nicholas S. Bergeron (37585)
Blaise Chadwick Hill (*pro hac vice*)
Gieger, Laborde & Laperouse, L.L.C.
Hancock Whitney Center
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139
Telephone: (504) 561-0400
Facsimile: (504) 561-1011

*Attorneys for Defendant Aptim Corp.*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was electronically filed on June 18, 2024. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

By:   /s/ Michael C. Mims

10