UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FREDERICK ADDISON, ET AL.,**<br>Plaintiffs<br><br>VERSUS<br><br>**LOUISIANA REGIONAL LANDFILL COMPANY, ET AL.,**<br>Defendants | CIVIL ACTION<br><br>NO. 19-11133, c/w 19-14512<br><br>SECTION: "E" (5)<br><br>JUDGE: Morgan<br>MAGISTRATE JUDGE: North |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' JOINT MOTION TO EXCLUDE OPINION TESTIMONY OF JASON SCHELLHAAS <u>PURSUANT TO FEDERAL RULE OF EVIDENCE 702</u>**

**INTRODUCTION**

The Trial Plaintiffs belatedly claim in their opposition that Mr. Schellhaas' measurements were for "losses of physical enjoyment and losses of lifestyle" and "interference with their use and enjoyment of their property" to overcome the Defendants' motion that points out the irrelevant and unfit methodology used by Mr. Schellhaas to opine on a measurement of general damages.[1] But Mr. Schellhaas explained in both his expert report and under oath that he was *not* measuring damages for loss of enjoyment of life or use of property. He was *only* attempting to measure damages related to Plaintiffs' alleged personal injuries. Plaintiffs' post-hoc attempt to "fit" the damages to Mr. Schellhaas' methodology only underscores the lack of appropriate methodology used by Mr. Schellhaas for the task he was asked to perform—provide a "measure of damages for personal injury as a result of the odors."[2] Moreover, notwithstanding the fact that Mr. Schellhaas did not measure loss of enjoyment or lifestyle—and importantly Plaintiffs have not sought those damages in their complaint—those damages for loss of quality of life are, as Plaintiffs readily admit, general damages. Under Louisiana law, expert evidence is not admissible to quantify general damages. As a result, Mr. Schellhaas' expert opinions are irrelevant to the damages sought in this case.

Even if damages are based on a hypothetical, that never-incurred relocation costs could be a basis for recovery, Mr. Schellhaas admits that his calculation could be made—and indeed may need to be recalculated—by a jury, which renders his opinions inadmissible under Rule 702. Plaintiffs point out two categories for which they claim the calculations require more than simple arithmetic but ignore the other categories that indisputably involve simple math. In addition, his measurements contain significant errors, and he fails to consider relevant, key facts regarding each

---

[1] R. Doc. 591 at 2-3.
[2] R. Doc. 564-5, Schellhaas Report at 5.

1

Trial Plaintiff's circumstances—flaws so significant they go to issues of admissibility and not questions of weight as Plaintiffs suggest. The Court should exclude Mr. Schellhaas' testimony as irrelevant, unreliable, and unhelpful to the trier of fact.

**ARGUMENT**

I. **Plaintiffs' improper attempt to revise Mr. Schellhaas' opinions after-the-fact fails to make his opinions relevant.**

Plaintiffs do not contest that using relocation costs to measure personal injury damages is an inappropriate way to measure damages because costs to temporarily (and hypothetically) relocate are not tethered to the alleged personal injuries. Instead, Plaintiffs seek to rewrite Mr. Schellhaas' damages opinions by claiming that he was actually measuring a totally different set of damages than he stated in his report. Specifically, in their opposition brief, Plaintiffs assert that Mr. Schellhaas was measuring "the cost of having to put up with the smell and the attendant disruption in their lives and interference with their use and enjoyment of their property."[3] Yet, nowhere in either of Mr. Schellhaas' expert reports did he describe his methodology as one for measuring those costs. In fact, he specifically testified that he was *not* measuring those types of Plaintiffs: "Q: Okay. And just to be clear for the record, [your calculations] do not go to the loss of use and enjoyment of property aspect? A: That's correct."[4] Rather, as his reports and testimony confirm, he was only attempting to measure harm for the "personal injuries aspect" of Plaintiffs' claims.[5] As presented in the Defendants' moving brief, Mr. Schellhaas' relocation calculations are not sufficiently tied to the types of damages he was measuring (personal injuries) and are irrelevant.

---

[3] R. Doc. 591 at 3.
[4] R. Doc. 564-8, J. Schellhaas Dep. Tr. 39:24-40:5.
[5] *Id*. 39:4-13; *see also* R. Doc. 564-5, Schellhaas Report at 5.

2

Plaintiffs had their opportunity to disclose an expert who measured damages for their claimed injuries for loss of use and enjoyment of life or property, but they did not do so. Instead, they chose to have Mr. Schellhaas measure damages related only to their alleged personal injuries. Their opposition to Defendants' motion to exclude Mr. Schellhaas' testimony is nothing more than a belated attempt to transform Mr. Schellhaas into the expert they failed to identify.

Yet, even if the Court were to allow Plaintiffs' "new" version of Mr. Schellhaas' damages opinions, the revisions do not make Mr. Schellhaas' opinions any more relevant. As Plaintiffs explain in their opposition, under Louisiana law, the damages (for which they now claim Mr. Schellhaas was measuring) fall under the category of "general damages."[6] Louisiana courts explicitly exclude expert evidence that attempts to quantify general damages, also referred to as hedonic damages, because they cannot be definitively measured in monetary terms. As such, the jury and not the expert "is the proper and qualified quantifier of hedonic damages." *See Pick v. Am. Med. Sys., Inc.*, No. 94-cv-1729, 1997 WL 149985, at *1 (E.D. La. Mar. 25, 1997) (excluding economist testimony on general damages as unhelpful to the trier of fact and the prejudicial effect outweighs its probative value; Louisiana courts do not permit expert testimony for hedonic damages at trial when the jury is the proper and qualified quantifier of hedonic damages).[7] Moreover, Plaintiffs have not sought damages for "losses of lifestyle" in their amended complaint and evidence of damages related to those losses should be excluded.[8]

---

[6] R. Doc. 591 at 2-3.
[7] *See also Chustz v. J.B. Hunt Transp., Inc.,* 95-0031 (La. App. 1 Cir. 2/9/95), 659 So. 2d 784, 785 (granting defendants' motion to exclude expert testimony on hedonic damages); *Foster v. Trafalgar House Oil & Gas,* 603 So. 2d 284, 286 (La. Ct. App. 1992)("[w]e hereby order that no attempt to qualify an expert or present evidence quantifying general damages, including 'hedonic damages' be allowed.").
[8] R. Doc. 109 (Am. Comp.) at 1-2, 77, 83 (requesting damages associated only with physical and bodily harm, loss of use and enjoyment of Plaintiffs' homes, property value diminution, lost wages, and mental pain and suffering—not lasting lifestyle changes).

Regardless of which version of Mr. Schellhaas' opinions is considered, his calculations are irrelevant to the types of damages claimed by the Plaintiffs and, therefore, are not admissible at trial.

## II. Mr. Schellhaas' opinions are unreliable and not helpful to the trier of fact.

Even if the never incurred relocation costs could properly be used as a measure of damages for Plaintiffs' alleged injuries, Mr. Schellhaas' opinions are unreliable and not helpful to the trier of fact. His entire damages analysis is inadmissible. Plaintiffs did not address, and therefore concede, the following errors and flaws in Mr. Schellhaas' analysis, all of which are identified in Defendants' moving brief:[9]

- Mr. Schellhaas' methodology incorrectly assumes that each Trial Plaintiff was impacted by hydrogen sulfide odors at average concentrations of 5 ppb for 30 minutes every single day during the relevant period.

- Mr. Schellhaas did not independently consider potential costs associated with a move to a less expensive rental property.

- Mr. Schellhaas has not provided any opinions on whether meal costs would have been higher at the extended stay facility, nor whether there was some factor that would have resulted in any of the Trial Plaintiffs incurring additional costs related to meals that they did not otherwise incur.

- Mr. Schellhaas blindly accepted counsel's determination of storage costs and cleaning costs and used them to determine each Trial Plaintiffs' alleged damages.

- Mr. Schellhaas failed to independently assess both the assumptions and the reasonableness of the storage and cleaning cost quotes provided to him by counsel.

Plaintiffs also try to downplay the importance of the underlying assumptions and facts relied upon by Mr. Schellhaas, claiming that these are issues that can be raised on cross-examination and do not go to admissibility. But Rule 702 explicitly requires that "the testimony

---

[9] R. Doc. 564-1 at 13, 15-20.

4

is based upon sufficient facts or data," and courts exclude opinions that are based on unsupported assumptions. *Scardina v. Maersk Line, Ltd.*, No. 00-cv-1512, 2002 WL 1585566, at *3 (E.D. La. July 15, 2002) (excluding expert opinions on projected income that were based on unsupported assumptions). Thus, the question of whether the facts and assumptions Mr. Schellhaas relies on for rendering his opinions are accurate and sufficient for purposes of Rule 702 go directly to admissibility and not simply the weight the jury should give. *See Viterbo v. Dow Chem. Co.*, 826 F.2d 420, 423 (5th Cir. 1987) (expert testimony excluded for being incomplete in a critical area); *Jacked Up, LLC v. Sara Lee Corp.*, 291 F. Supp. 3d 795, 806-07 (N.D. Tex. 2018), *aff'd*, No. 11-cv-3296, 2018 WL 2064126 (N.D. Tex. May 2, 2018) (damages expert excluded where assumptions had no factual basis). Plaintiffs have not offered any explanation to counter Defendants' detailed arguments that the facts and assumptions are indeed inaccurate and contradict the facts in evidence.

In addition, while Plaintiffs asserted that the lodging calculations were "expert" related because the costs were averaged and adjusted for inflation (after Defendants' rebuttal expert pointed out that flaw), Mr. Schellhaas testified that the trier of fact can conduct the same mathematical calculation he performed in order to back out any lodging days they found should not have been included.[10] In any event, Plaintiffs failed to address Mr. Schellhaas' lack of analysis with respect to the quotes provided by Plaintiffs' counsel that he used in his report.

For his estimated meal costs, Plaintiffs have not provided any response as to why Mr. Schellhaas' assumption that the Plaintiffs would not have incurred those costs if no odors existed is a reasonable assumption – which would be the only basis for allowing the damages in the first

---

[10] J. Schellhaas Dep. Tr. 105:24-106:15, attached to the Declaration of Megan R. Brillault, dated June 18, 2024, as Exhibit 1.

5

place. Again, Mr. Schellhaas applies simple math to make a conclusion related to damages for costs of food and repeated that the jury could adjust these calculations.[11]

Plaintiffs also failed to address Defendants' arguments that Mr. Schellhaas' calculations of storage and cleaning costs do not require "specialized knowledge" and are not helpful to a jury. Mr. Schellhaas failed to consider the basic factual circumstances applicable to the Trial Plaintiffs during the relevant time period, and he failed to review or conduct any independent analysis or verification of the storage and cleaning costs. Moreover, there were no expert calculations or computations applied to conclude these two categories of alleged damages, which were included in his total sum of damages. And there is also a risk of the jury placing improper weight on his testimony based on the fact that Mr. Schellhaas is a CPA, despite only acting as Plaintiffs' calculator.

Mr. Schellhaas' entire estimate of damages is inadmissible.

## CONCLUSION

As a threshold issue, Mr. Schellhaas cannot be permitted to testify on hypothetical relocation costs that the Trial Plaintiffs never endured and that are not tied to the injuries being quantified. Plaintiffs' attempt to belatedly amend the type of damages he was measuring is improper in the first instance and fails to make his damages analysis any more relevant. Nonetheless, his damages calculations are deeply flawed and fail to account for the Trial Plaintiffs' specific factual circumstances. Mr. Schellhaas offers no expert analysis and instead aims to act as Plaintiffs' puppet by relying on all of their improper assumptions and adding up numbers without any independent verification. Plaintiffs do not meet their high burden under Federal Rule of Evidence 702 of establishing that Mr. Schellhaas relied on sufficient facts or data, used a reliable

---

[11] R. Doc. 564-8, J. Schellhaas Dep. Tr. 110:2-9.

methodology, and that the opinions expressed reflect a reliable application of the methodology to the facts. The Court must exclude him from testifying at trial.

          Respectfully submitted,

          LISKOW & LEWIS, APLC

          By:   /s/ Michael C. Mims
               Michael Cash (#31655)
               Cherrell Simms Taplin (#28227)
               Michael C. Mims (#33991)
               Brady M. Hadden (#37708)
               J. Hunter Curtis (#39150)
               Alec Andrade (#38659)
               701 Poydras Street, Suite 5000
               New Orleans, Louisiana 70139
               (504) 581-7979

          BEVERIDGE & DIAMOND, P.C.

          Megan R. Brillault (*pro hac vice*)
          Michael G. Murphy (*pro hac vice*)
          John H. Paul (*pro hac vice*)
          Katelyn E. Ciolino (*pro hac vice*)
          Katrina M. Krebs (*pro hac vice*)
          825 Third Avenue, 16th Floor
          New York, NY 10022
          (212) 702-5400

          James B. Slaughter (*pro hac vice*)
          1900 N Street, NW, Suite 100
          Washington, DC 20036
          (202) 789-6000

          Michael F. Vitris (*pro hac vice*)
          400 W. 15th Street, Suite 1410
          Austin, TX 78701
          (512) 391-8035

          *Counsel for Defendants Louisiana Regional Landfill Company, Waste Connections Bayou, Inc., and Waste Connections US, Inc.*

CONNICK AND CONNICK, LLC

By:   /s/ Michael S. Futrell
      William P. Connick, La. Bar No. 14158
      Michael S. Futrell, La. Bar. No. 20819
      Matthew D. Moghis, La. Bar. No. 33994
      Anya M. Jones, La. Bar. No. 36923
      3421 N. Causeway Blvd., Suite 408
      Metairie, Louisiana 70002
      Telephone: (504) 681-6658
      Facsimile: (504) 838-9903
      E-mail: moghis@connicklaw.com

*Counsel for Defendant Jefferson Parish*

GIEGER, LABORDE & LAPEROUSE, L.L.C.

By:   /s/ J. Michael DiGiglia
      Ernest P. Gieger, Jr. (6154)
      John E. W. Baay (22928)
      J. Michael DiGiglia (24378)
      Nicholas S. Bergeron (37585)
      Blaise Chadwick Hill (*pro hac vice*)
      Gieger, Laborde & Laperouse, L.L.C.
      Hancock Whitney Center
      701 Poydras Street, Suite 4800
      New Orleans, Louisiana 70139
      Telephone: (504) 561-0400
      Facsimile: (504) 561-1011

*Attorneys for Defendant Aptim Corp.*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was electronically filed on June 18, 2024. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

   /s/ Michael C. Mims   
OF COUNSEL
