Page 1

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

FREDERICK ADDISON, ET AL          CIVIL ACTION NO.
                                  19-11133, c/w 19-14512
VERSUS
                                  SECTION: "E" (5)
LOUISIANA REGIONAL
LANDFILL COMPANY, ET AL

* * * * * * * * * * * * * * * * * * * * * * * * * *

TRANSCRIPT OF THE VIDEOTAPED DEPOSITION OF:

JASON SCHELLHAAS,

TAKEN AT THE LAW OFFICES OF LISKOW & LEWIS, APLC,

701 POYDRAS STREET, SUITE 5000, NEW ORLEANS, LOUISIANA

70139, ON THURSDAY, THE 18TH DAY OF APRIL, 2024,

COMMENCING AT 9:06 A.M.

* * * * * * * * * * * * * * * * * * * * * * * * * *

Reported by:

    YOLANDA J. PENA, Certified
    Court Reporter No. 2017002
    in and for the State of
    Louisiana

```
                                                         Page 5
 1                    S T I P U L A T I O N

 2

 3            IT IS STIPULATED AND AGREED by and among the

 4   parties that this deposition is hereby being taken

 5   pursuant to the Federal Rules of Civil Procedure.

 6            All formalities, excluding the reading and

 7   signing of the transcript by the witness, are hereby

 8   waived.

 9            All objections, except as to the form of the

10   question and responsiveness of the answer, are

11   considered reserved until trial or other use of the

12   deposition.

13

14

15

16

17

18

19

20

21

22

23

24

25
```

Page 105

1  the trial plaintiffs or family of trial plaintiffs here
2  includes every day between July 1st in 2017 and
3  December 31st, 2019, correct?
4      A.   That's correct.
5      Q.   Okay.
6      A.   And the supplemental schedules in the back do
7  break it down by month and by year.
8      Q.   Okay.  Do you know whether the trial
9  plaintiffs resided at their homes every day during this
10 time period?
11     A.   No, I do not.
12     Q.   Okay.  Did you review any documents or perform
13 other investigation to determine whether the trial
14 plaintiffs resided at their homes every day during this
15 time period?
16     A.   I read the depositions, and I do understand
17 that, you know, on occasion, a family might take
18 vacation or -- I believe there was one plaintiff that
19 was in the -- the reserves for the military, that I
20 think once a year, he was away.  So I understand that
21 those things happened, but other than reading the
22 depositions to see what their testimony was, no, I do
23 not.
24     Q.   Okay.  And you did not factor those instances
25 when they might have been deployed or on vacation into

Page 106

1  your analysis, correct -- or your damages calculation,
2  correct?
3       A.   That's correct.  I mean, I think it's going to
4  be up the -- the judge or jury to determine, okay, if
5  we're assuming that these people moved out of their
6  homes and moved into other lodging and then they're
7  going to go on vacation for a week, is it appropriate
8  to ask them that they're going to exit that lodging,
9  take all of their stuff with them on their vacation,
10 and then come back in a week and bring it all back.
11           And if that is the case, you have the ability
12 to, you know, adjust these numbers if we -- because we
13 do know what the -- either the monthly rate is in the
14 back of the report or what the daily rate is in -- in
15 each of those years.
16      Q.   Okay.  How would those numbers be adjusted?
17      A.   So if -- if it would determine that it was
18 appropriate to exclude -- let's just say ten days from
19 someone's stay, you could look in the back of the
20 report, and it shows what the cost is per month, and it
21 shows what the -- the daily room rate is.  And so if
22 the daily room rate in 2017, I think, was 47 or $48 --
23 so ten days times $47, and that would give you the --
24 the mathematical adjustment.
25      Q.   Okay.  Is it your understanding that you or

```
                                                            Page 143
 1                     REPORTER'S CERTIFICATE

 2        I, YOLANDA J. PENA, Certified Court Reporter in
     and for the State of Louisiana, Registered
 3   Professional Reporter, and as the officer before whom
     this testimony was taken, do hereby certify that JASON
 4   SCHELLHAAS, after having been duly sworn by me upon
     authority of R.S. 37:2554, did testify as set forth in
 5   the foregoing 142 pages.
          I further certify that said testimony was reported
 6   by me in the Stenotype reporting method, was prepared
     and transcribed by me or under my direction and
 7   supervision, and is a true and correct transcript to
     the best of my ability and understanding.
 8        I further certify that the transcript has been
     prepared in compliance with transcript format
 9   guidelines required by statute or by rules of the
     board and that I have been informed about the complete
10   arrangement, financial or otherwise, with the person
     or entity making arrangements for deposition services.
11        I further certify that I have acted in compliance
     with the prohibition on contractual relationships, as
12   defined by Louisiana Code of Civil Procedure Article
     1434, and in rules and advisory opinions of the board.
13        I further certify that I am not an attorney or
     counsel for any of the parties, that I am neither
14   related to nor employed by any attorney or counsel
     connected with this action, and that I have no
15   financial interest in the outcome of this matter.
          This certificate is valid only for this
16   transcript, accompanied by my digital signature or
     original signature and original raised seal on this
17   page.

18        Prairieville, Louisiana, this 22nd day of April,
     2024.
19

20

21

22
                     _____
23                   YOLANDA J. PENA, CCR, RPR
                     CCR NO. 2017002, RPR NO. 907346
24

25
```