# APPENDIX B TO THE JOINT PRETRIAL ORDER

## LIST OF CONTESTED ISSUES OF FACT

### I. Plaintiffs' List of Contested Issues of Fact

1. Under Article 667, did the Defendants' works, or failure to act, on the landfill deprive one or more of the Trial Plaintiffs of quality of life or use or enjoyment of their property or otherwise cause damage to the Trial Plaintiffs?

2. Did the Defendant know, or in the exercise reasonable care should the Defendant have known, that the Landfill odors would cause damage?

3. Could the damage have been prevented by the exercise of reasonable care?

4. Did the Defendant fail to exercise reasonable care/

5. Under Article 2317, did the Defendant fail to exercise reasonable care under the circumstances;

6. Was the Defendant's substandard conduct a cause in fact of the Trial Plaintiff's injuries; i.e., for each of the Trial Plaintiffs, did odors and gases emanating from the Jefferson Parish Landfill cause harm to the Trial Plaintiff?

7. If so, what are the damages to which each Trial Plaintiff is entitled?

### II. Defendants' Joint List of Contested Issues of Fact

#### A. Negligence

1. The standard of care applicable to each of the Defendants.[1]

2. Whether any of the Defendants breached any standard of care and/or duty.

3. Whether any of the Trial Plaintiffs fall within the class of persons to whom any of the Defendants owed a duty.

---

[1] Defendants are Aptim Corp, Jefferson Parish, Louisiana Regional Landfill Company, Waste Connections Bayou, Inc. and Waste Connections US, Inc.

1

4. Whether the breach of any duty by any of the Defendants caused any of the injuries of which the Trial Plaintiffs complain.

5. The amount of damages, if any, that would fairly compensate the Trial Plaintiffs for their injuries.

6. The degree of fault, if any, that is attributable to each Defendant.

7. The degree of fault, if any, that is attributable to any third party.

**B. Nuisance**

8. Whether any Trial Plaintiff was a neighbor of the Jefferson Parish Landfill ("JPLF"), within the meaning of Article 667, during the relevant time period.

9. Whether any Defendant caused any intrusion on the Trial Plaintiffs' properties during the relevant time period.

10. The degree of any intrusion on the Trial Plaintiffs' properties caused by any Defendant during the relevant time period.

11. Whether any intrusion on the Trial Plaintiffs' properties caused by any Defendant, during the relevant time period produced a condition that, in the judgment of reasonable persons, would naturally produce actual physical discomfort to normal persons of ordinary sensibilities, tastes and habits.

12. Whether any Trial Plaintiff suffered real damage, as opposed to mere inconvenience, as a result of exposure to JPLF emissions.

13. Whether any Defendant knew or, in the exercise of reasonable care, should have known that his works would cause damage to Trial Plaintiffs.

14. Whether any Defendant knew or, in the exercise of reasonable care, should have known that exposure to 5 parts per billion ("ppb") of hydrogen sulfide ("$H_2S$") over 30 minutes would cause damage to Trial Plaintiffs.

15. Whether any damage suffered by the Trial Plaintiffs could have been prevented by the exercise of reasonable care by any Defendant.

16. Whether any Defendant failed to exercise such reasonable care.

17. The reasonableness of Defendants' conduct in light of the circumstances.

18. The character of the Trial Plaintiffs' neighborhoods during the relevant time period.

19. The importance of Defendants' activities to the community as a whole.

20. The possibility, feasibility, and cost of measures that would have eliminated or reduced the harm about which the Trial Plaintiffs complain.

**C. Exposure Facts**

21. The amount of $H_2S$ generated within the JPLF during the relevant time period.

22. The amount of $H_2S$ emitted from the JPLF during the relevant time period.

23. Whether any Trial Plaintiff was exposed to $H_2S$ emitted from the JPLF during the relevant time period, and if so, the concentrations and durations of any such exposures.

24. Whether any Trial Plaintiff was capable of smelling and/or having a reaction to the concentrations and durations of $H_2S$ to which they were exposed, if any, during the relevant time period.

25. The likelihood that any Trial Plaintiff would smell and/or have a reaction to 5 ppb of $H_2S$ over 30 minutes.

26. Whether Trial Plaintiffs suffered the injuries of which they complain during the relevant time period.

27. Whether any Trial Plaintiff suffered a loss of enjoyment of property caused by exposure to JPLF emissions.

28. Whether any Trial Plaintiff suffered a loss of quality of life caused by exposure to JPLF emissions.

3

29. Whether any Trial Plaintiff suffered any physical or emotional injuries caused by exposure to JPLF emissions.

30. The likelihood that Trial Plaintiffs' complained-of injuries were caused by exposure to the concentrations and durations of $H_2S$ emanating from the JPLF to which they were exposed, if any, during the relevant time period.

31. Whether Trial Plaintiffs' complained-of injuries were more likely caused by something other than emissions from the JPLF, such as emissions from other sources, preexisting health conditions, side effects of medications, or other factors in the Trial Plaintiffs' lifestyles or environments.

32. Whether any of Trial Plaintiffs' injuries constitute an aggravation of a preexisting condition and if so, the degree of aggravation.

33. Whether Trial Plaintiffs' symptoms were materially worse during the relevant time period as opposed to other times.

34. Whether $H_2S$ emitted from the JPLF ever lingered or accumulated in the Trial Plaintiffs' homes during the relevant time period.

35. Whether the Trial Plaintiffs took any actions to mitigate their damages.

**D. Allocation Facts**

36. If Trial Plaintiffs suffered harm from exposure to odors during the relevant time period, the amount of such exposures that were caused by JPLF emissions as opposed to emissions from some other source or facility.

37. The amount of $H_2S$ that the River Birch Landfill generated, emitted, and exposed the Trial Plaintiffs to during the relevant time period.

38. The amount of $H_2S$ that the Highway 90 Construction & Demolition Debris Landfill generated, emitted, and exposed the Trial Plaintiffs to during the relevant time period.

4

39. Whether Trial Plaintiffs are at fault for any portion of the harm allegedly suffered.

40. The respective responsibilities of the Defendants in the operation of the JPLF.

41. The respective roles played by the Defendants regarding the JPLF's acceptance of spent lime.

### III. Waste Connections Defendants' Contested Issues of Fact

1. Whether any of the Waste Connections Defendants failed to exercise reasonable care under the circumstances.

2. Whether any of the Waste Connections Defendants knew or in the exercise of reasonable care should have known that its conduct could cause damage and that the alleged damage could have been prevented by the exercise of reasonable care.

3. Whether or not any action or inaction of any of the Waste Connections Defendants caused or contributed to the Trial Plaintiffs' alleged injuries.

4. Whether or not any of the Waste Connections Defendants breached any standard of care and/or duty.

5. Whether any alleged breach by any of the Waste Connections Defendants was the cause-in-fact of the Trial Plaintiffs' alleged injuries.

6. All issues pertinent for determination of legal fault.

7. The degree of fault attributable to any party and/or non-party in this matter.

8. The existence and extent of any damages alleged by each of the Trial Plaintiffs in this matter.

9. Whether or not each of the Trial Plaintiffs failed to mitigate or minimize their damages.

10. Any other fact or legal issue, which arises during trial in this matter.

**IV. Defendant Jefferson Parish's List of Contested Issues of Fact**

1. Whether the Parish of Jefferson failed to exercise reasonable care under the circumstances;

2. Whether or not any action or inaction on behalf of Jefferson Parish caused or contributed to Plaintiffs' alleged damages;

3. Whether or not Jefferson Parish was negligent;

4. All issues pertinent for determination of legal fault;

5. The fault and/or negligence of any party and/or non-party in this matter;

6. Causation of any damages alleged by Plaintiffs in this matter;

7. The extent of any damages alleged by Plaintiffs in this matter;

8. Whether or not Plaintiffs have failed to mitigate or minimize their damages; and

9. Any other fact or legal issue, which arises during trial in this matter.

**V. Defendant Aptim's List of Contested Issues of Fact**

1. Whether Aptim failed to exercise reasonable care under the circumstances;

2. Whether or not any action or inaction of Aptim caused or contributed to Plaintiffs' alleged damages;

3. Whether or not Aptim had control over the timing of the installation of the major landfill gas system components;

4. The degree to which Aptim had control over the vacuum that was available to the landfill gas collection system;

5. Whether or not Aptim was negligent;

6. All issues pertinent for determination of legal fault;

8. The fault and/or negligence of any party and/or non-party in this matter;

9. Causation of any damages alleged by Plaintiffs in this matter;

10. The extent of any damages alleged by Plaintiffs in this matter;

11. Whether or not Plaintiffs have failed to mitigate or minimize their damages; and

12. Any other fact or legal issue, which arises during trial in this matter.