**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **FREDERICK E. ADDISON, SR., ET AL.,** **Plaintiffs** | **CIVIL DOCKET** |
| **VERSUS** | **NO. 19-11133 c/w 19-14512** |
| **LOUISIANA REGIONAL LANDFILL COMPANY, ET AL.,** **Defendants** | **SECTION: "E" (5)** |

***Applies to: Both Cases***

**ORDER AND REASONS**

Before the Court is Defendants' motion for partial summary judgment on the Trial Plaintiffs'[1] negligence claims under La. C.C. arts. 2315, 2316, and 2317.1 (the "traditional negligence claims").[2] Plaintiffs filed a memorandum in opposition.[3] The Defendants filed a reply.[4]

**BACKGROUND**

This case concerns the operation of the Jefferson Parish Landfill in Waggaman, Louisiana (the "Landfill"), and the odors allegedly emitted from the Landfill. Plaintiffs, who are Jefferson Parish residents, filed several individual lawsuits that were consolidated into a mass action, *Addison v. Louisiana Regional Landfill Co.*, which contains over 500 individual Plaintiffs.[5] In their Second Amended Complaint, Plaintiffs

[1] The Trial Plaintiffs selected by the parties are Stanley Meyers, Geneva Green, Jonathan Tate, Reshaun Richardson, Mary Ann Winningkoff, Andrew Section, Vernice Lewis, Tyrone Thompson, Terrance Thompson, Wendy Gremillion, Scott Gremillion, and the Gremillions' two minor children, A.G. and B.G.
[2] R. Doc. 560.
[3] R. Doc. 589.
[4] R. Doc. 622.
[5] *See generally* Second Amended Complaint, R. Doc. 431. Jefferson Parish residents also filed several related class actions, which were consolidated into one case, *Ictech-Bendeck v. Waste Connections Bayou, Inc. See* R. Doc. 48 (18-7889).

assert traditional negligence claims and nuisance claims under Louisiana state law[6] against Defendants: Jefferson Parish, which owns and contracts with others to operate the Landfill; Aptim Corporation, which managed the gas and leachate collection systems of the Landfill from July 2017 to May 2019; and three entities that operated the Landfill from May 2013 to December 2020: Louisiana Regional Landfill Company;[7] Waste Connections Bayou, Inc.;[8] and Waste Connections US, Inc. (collectively, the "Defendants").[9]

The Court held a trial on general causation in early 2022.[10] On November 29, 2022, the Court issued its Findings of Fact and Conclusions of Law as to general causation, determining odors and gases were emitted by the Landfill;[11] the emissions of gases and odors from the Landfill occurred during the relevant time period;[12] and exposure to the odors and gases emitted by the Landfill at a level of five parts per billion for thirty minutes "is sufficient by itself for individuals generally to be able to smell hydrogen sulfide and for the exposure to cause a reaction."[13] Having found that Plaintiffs established general causation for headaches, nausea, vomiting, loss of appetite, sleep disruption, dizziness, fatigue, anxiety and worry, a decrease in quality of life, and loss of enjoyment or use of property in the general population, the Court ordered that a trial be conducted with a select number of *Addison* Plaintiffs (the "Trial Plaintiffs"). The first *Addison* trial was set

[6] *See* Second Amended Complaint, R. Doc. 431 at p. 64. *See also* R. Doc. 560-2 at ¶ 1 (citing Second Amended Complaint, R. Doc. 431 at p. 64); R. Doc. 589-1 at ¶ 1.
[7] Louisiana Regional Landfill Company is formerly known as IESI LA Landfill Corporation.
[8] Waste Connections Bayou, Inc. is formerly known as Progressive Waste Solutions of LA, Inc.
[9] Second Amended Complaint, R. Doc. 431 at pp. 52-53.
[10] R. Docs. 274-278, 286-289.
[11] R. Doc. 323 at p. 5.
[12] *Id.* at p. 26.
[13] *Id.* at p. 27.

to begin on September 5, 2023,[14] and has since been continued to begin on August 12, 2024 (the "first Addison Trial").[15]

The Court issued its Thirteenth Case Management Order in February 2024, which required all expert discovery be completed by April 30, 2024, and the parties agree that all expert depositions have been completed.[16] On June 6, 2024, the Defendants timely filed the instant Motion for Summary Judgment[17] seeking to dismiss Plaintiffs' traditional negligence claims because Plaintiffs lack "any evidence on the scope of any duty owed by the Defendants or the foreseeability of Plaintiffs' harm."[18]

**LEGAL STANDARD**

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[19] "An issue is material if its resolution could affect the outcome of the action."[20] When assessing whether a material factual dispute exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence."[21] All reasonable inferences are drawn in favor of the nonmoving party.[22] There is no genuine issue of material fact if, even viewing the evidence in the light most favorable to the nonmoving party, no reasonable trier of fact could find for the nonmoving party, thus entitling the moving party to judgment as a matter of law.[23]

---

[14] R. Doc. 340.
[15] R. Doc. 495.
[16] R. Doc. 560-2 at ¶ 5 (citing Thirteenth Case Management Order, R. Doc. 498 at p. 6); R. Doc. 589-1 at ¶ 5.
[17] R. Doc. 560.
[18] R. Doc. 560-1 at p. 2.
[19] FED. R. CIV. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).
[20] *DIRECTV, Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).
[21] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.,* 530 F.3d 395, 398–99 (5th Cir. 2008); *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000).
[22] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[23] *Smith v. Amedisys, Inc.*, 298 F.3d 434, 440 (5th Cir. 2002).

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."[24] If the dispositive issue is one for which the moving party will bear the burden of persuasion at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'"[25] To satisfy the burden of production under Rule 56, the moving party must do one of two things: (1) "submit affirmative evidence that negates an essential element of the nonmoving party's claim," or (2) "demonstrate to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim."[26]

When proceeding under the first option, if the nonmoving party cannot muster sufficient evidence to dispute the movant's contention that there are no disputed facts, a trial would be useless, and the moving party is entitled to summary judgment as a matter of law.[27] When, however, the movant is proceeding under the second option and is seeking summary judgment on the ground that the nonmovant has no evidence to establish an essential element of the claim, the nonmoving party may defeat a motion for summary judgment by "calling the Court's attention to supporting evidence already in the record

---

[24] *Celotex*, 477 U.S. at 323.

[25] *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263–64 (5th Cir. 1991) (quoting *Golden Rule Ins. Co. v. Lease*, 755 F. Supp. 948, 951 (D. Colo. 1991)).

[26] *Celotex*, 477 U.S. at 331–32 (Brennan, J., dissenting); *see also St. Amant v. Benoit*, 806 F.2d 1294, 1297 (5th Cir. 1987) (citing Justice Brennan's statement of the summary judgment standard in *Celotex*, 477 U.S. at 322–24, and requiring the Movers to submit affirmative evidence to negate an essential element of the nonmovant's claim or, alternatively, demonstrate the nonmovant's evidence is insufficient to establish an essential element); *Fano v. O'Neill*, 806 F.2d 1262, 1266 (citing Justice Brennan's dissent in *Celotex*, and requiring the movant to make an affirmative presentation to negate the nonmovant's claims on summary judgment); 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FED. PRAC. AND PRO. § 2727.1 (2016) ("Although the Court issued a five-to-four decision, the majority and dissent both agreed as to how the summary-judgment burden of proof operates; they disagreed as to how the standard was applied to the facts of the case." (internal citations omitted)).

[27] *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288–89 (1980); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986).

that was overlooked or ignored by the moving party."[28] Under either scenario, the burden then shifts back to the movant to demonstrate the inadequacy of the evidence relied upon by the nonmovant.[29] If the movant meets this burden, "the burden of production shifts [back again] to the nonmoving party, who must either (1) rehabilitate the evidence attacked in the moving party's papers, (2) produce additional evidence showing the existence of a genuine issue for trial as provided in Rule 56(e), or (3) submit an affidavit explaining why further discovery is necessary as provided in Rule 56(f)."[30] "Summary judgment should be granted if the nonmoving party fails to respond in one or more of these ways, or if, after the nonmoving party responds, the court determines that the moving party has met its ultimate burden of persuading the court that there is no genuine issue of material fact for trial."[31]

Still, "unsubstantiated assertions are not competent summary judgment evidence. The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports the claim. 'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'"[32]

**<u>LAW AND ANALYSIS</u>**

In their Motion for Summary Judgment, Defendants acknowledge the Plaintiffs' traditional negligence claims are governed by Louisiana's duty/risk analysis, "which

---

[28] *Celotex*, 477 U.S. at 332–33.
[29] *Id.*
[30] *Id.* at 332–33, 333 n.3.
[31] *Id.*; *see also First Nat'l Bank of Ariz.*, 391 U.S. at 289.
[32] *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Celotex*, 477 U.S. at 324; *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) and quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n.7 (5th Cir. 1992)).

requires *the plaintiff* to prove five separate elements."[33] Under this analysis, a plaintiff must establish:

> (1) the defendant had a duty to conform his or her conduct to a specific standard of care; (2) the defendant failed to conform his or her conduct to the appropriate standard of care; (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries; (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries; and (5) actual damages.[34]

The Louisiana Supreme Court has explained that "[t]he first element [of the duty-risk analysis—the duty] is usually a judge question."[35] Conversely, "the other four" elements, including the question of legal cause, "are usually jury questions unless reasonable minds could not differ."[36]

The Defendants do not argue the Plaintiffs have failed to meet the first element of the analysis—the specific standard of care applicable to the Defendants. Instead, the Defendants point to the fourth element—legal cause—and argue Plaintiffs lack "any evidence on the scope of any duty owed by the Defendants or the foreseeability of Plaintiffs' harm, both of which are necessary elements of the claim."[37] "The essence of the [legal cause] inquiry is whether the risk and harm encountered by the plaintiff fall within

[33] R. Doc. 622 at p. 3. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).
[34] *Bufkin v. Felipe's Louisiana, LLC*, No. 2014-0288, 171 So. 3d 851, 855 (La. Oct. 15, 2014).
[35] *Fowler v. Roberts*, 556 So. 2d 1, 4 (La. 1989), *abrogated on other grounds* by *Gregor v. Argenot Great Cent. Ins. Co.*, 2002-1138 (La. 5/20/03), 851 So. 2d 959 (citing D. Robertson, W. Powers, Jr. & D. Anderson, CASES AND MATERIALS ON TORTS 83–84 (1989)).
[36] *Fowler*, 556 So. 2d at 4-5. *See also Teter v. Apollo Marine Specialties, Inc.*, 2012-1525, at p. 14 (La. App. 4 Cir. Apr. 10, 2013), 171 So. 3d 851, 855 ("The cause-in-fact and breach elements present questions of facts.").
[37] R. Doc. 560-1 at p. 2; R. Doc. 622 at p. 3. To the extent the Defendants rely on the lack of evidence of foreseeability, which is contested by the Trial Plaintiffs, the Court notes the Louisiana Supreme Court has rejected this presumption because "[f]oreseeability is not always a reliable guide, and certainly is not the only criterion for determining whether there is a duty-risk relationship." *Hill v. Lundin & Assocs.*, 256 So. 2d 620, 622 (La. 1972); *see also Todd v. Dep't of Soc. Servs.*, 96-3090, at p. 7 (La. Sept. 9, 1997), 699 So. 2d 35, 39 ("Some risks that arise because of a defendant's conduct are not within the scope of the duty owed to a particular plaintiff simply because they are unforeseeable.").

the scope of protection of the [duty]."[38] The "legal cause" or "scope of the duty" element, which evaluates whether a particular defendant owed a particular duty to a particular plaintiff,[39] is "a mixed question of law and fact for the *jury* (or other fact-finder) to decide."[40] "[T]he question of duty/risk should be resolved by the *factfinder at trial*, particularly [] where there exists material issues of fact concerning" the legal cause element.[41] Thus, "legal causation is a question for the *jury* unless reasonable minds could not differ."[42]

Louisiana courts have recognized the five-factor negligence inquiry presents a particularly difficult challenge at the summary judgment stage, because "a negative answer to any of the inquiries of the duty/risk analysis results in a determination of no liability."[43] "The use of summary judgment is rarely appropriate in negligence . . . cases, even where the material facts are not disputed."[44] Louisiana courts have made clear that summary judgment should not be granted on particular elements of a negligence claim, because, "by dividing the issue of liability into smaller issues[,] . . . [t]here is a possibility of confusion arising out of the factual interrelationship between the adjudicated element

---

[38] *Roberts v. Benoit*, 605 So. 2d 1032, 1054 (La. 1991) (quoting *Dixie Drive It Yourself System New Orleans Co. v. American Beverage Co.*, 137 So. 2d 298 (1962)).

[39] *Thibodeaux v. Equinor USA E&P, Inc.*, 22-15, 2023 WL 6165702, at *17 (M.D. La. Sept. 21, 2023). *See also Parents of Minor Child v. Charlet*, 2013-2879 (La. 4/4/14), 135 So. 3d 1177, 1181 (citing *Kenney v. Cox*, 95-0126 (La. 3/30/95), 652 So. 2d 992 (Dennis, J., concurring) (noting there is a "distinction between the existence of a general duty of care (a legal question) and the 'legal cause' or 'duty/risk' question of the particular duty owed in a particular factual context (a mixed question of law and fact)").

[40] *Chatman v. Southern Univ. at New Orleans*, 2015-1179, at 11 (La. App. 4 Cir. July 6, 2016), 197 So. 3d 366, 375 (citing *Parents*, 135 So. 3d at 1181).

[41] *Parents*, 135 So. 3d at 1181 (emphasis added).

[42] *Thibodeaux*, 2023 WL 6165702, at *17 (emphasis added) (citing *Parents*, 135 So. 3d at 1181).

[43] *Hanks v. Entergy Corp*., No. 2006-477, 944 So.3d 564, 579 (La. Dec. 18, 2006).

[44] *Davidson v. Stanadyne, Inc.*, 718 F.2d 1334, 1338–39 (5th Cir. 1983) (citing *Marsden v. Patane*, 380 F.2d 489, 491 (5th Cir. 1967); *Gross v. Southern Railway Co.*, 414 F.2d 292, 296 (5th Cir.1969); *Croley v. Matson Navigation Co.*, 434 F.2d 73, 75 (5th Cir.1970); *King v. Avtech Aviation, Inc.*, 655 F.2d 77, 78 (5th Cir. 1981); 10A Wright, Miller & Kane, Federal Practice and Procedure § 2729 at 195 (1983)).

and the unadjudicated element that could lead to inconsistent rulings and piecemeal litigation."[45]

The Court is mindful of the Fifth Circuit's admonition that "the use of summary judgment is rarely appropriate in negligence" cases[46] because the trier of fact must determine the reasonableness of conduct and whether the conduct constitutes negligence, even when the facts are undisputed:

> Because of the peculiarly elusive nature of the term 'negligence' and the necessity that the trier of facts pass upon the reasonableness of the conduct in all the circumstances in determining whether it constitutes negligence, it is the rare personal injury case which can be disposed of by summary judgment, even where the historical facts are concededly undisputed.[47]

Thus, a federal court sitting in Louisiana will grant summary judgment in a negligence case only in "rare circumstances."[48] "It is usually for the jury to decide whether the conduct in question meets the reasonable man standard."[49] This remains especially true if the element at issue is causation, as a court should "decide the issue of causation on summary judgment [only] if the allegation is so frivolous and obviously impossible as to fall short of presenting a genuine issue of material fact."[50]

---

[45] *Jones v. LSU Health Sciences Center-Shreveport*, 880 So. 2d 269, 270 (La. App. 2 Cir. Sept. 2, 2004).
[46] *Davidson*, 718 F.2d at 1338.
[47] *Gauk v. Meleski*, 346 F.2d 433, 437 (5th Cir. 1965).
[48] *Davidson*, 718 F.2d at 1339 & n.8 ("In tort actions in which determinations of a less "elusive nature," such as the existence of an agency relationship, waiver, or whether a plaintiff is in a class protected by a statute, are dispositive, summary judgment may more often be appropriate." (citing 10A Wright, § 2729 at 197–201)); see also *Keating v. Jones Development of Mo., Inc.*, 398 F.2d 1011, 1015 (5th Cir. 1968) ("Negligence is a seldom enclave for trial judge finality. Negligence is a composite of the experiences of the average man and is thus usually confined to jury evaluation.").
[49] *Matthews v. Ashland Chem.*, 703 F.2d 921, 925 (5th Cir. 1983) (quoting 10 WRIGHT, MILLER, & KANE, FEDERAL PRACTICE AND PROCEDURE, § 2729 (2d ed. 1983)).
[50] *Tidewater Marine, Inc. v. Sanco Intern., Inc.*, 1997 WL 543108 at *5 (E.D. La. Sept. 3, 1997) (quoting *Del Valle v. Marine Transp. Lines, Inc.*, 582 F. Supp. 573, 578 (D.P.R. 1984), and citing *Bonmarito v. Pendrod Drilling Corp.*, 929 F.2d 186, 188 (5th Cir. 1991)).

In this case, Defendants seek summary judgment on only one element of the duty-risk analysis—legal causation. Louisiana courts have made clear that summary judgment should not be granted on particular elements of a negligence claim, particularly causation, because to do so "could lead to inconsistent rulings and piecemeal litigation."[51] State courts and federal courts applying Louisiana state law have advised that legal causation, specifically, is "a mixed question of law and fact for the *jury*."[52] Because the Defendants are seeking summary judgment on legal causation in this case, summary judgment is inappropriate.[53]

---

[51] *Jones*, 880 So. 2d at 270.

[52] *See Parents*, 135 So. 3d at 1181; *Fowler*, 556 So. 2d at 4-5; *Thibodeaux*, 2023 WL 6165702, at *17.

[53] Moreover, there are genuine issues of material fact precluding summary judgment. *See* R. Doc. 589-1. Defendants claim that the following are undisputed facts: (1) Mr. Sananes "does not opine on the issue of to whom [] duties are owed or the foreseeability of any of the harm allegedly suffered by the Trial Defendants"; (2) Sananes "confirmed in deposition that he has not formed an opinion as to whether the harm of any individual Trial Plaintiff was foreseeable"; and (3) Plaintiffs have failed to produce expert evidence regarding "the scope of the Defendants' duty and the foreseeability of the Plaintiffs' harm." Defendants' SUMF, R. Doc. 560-2 at ¶¶ 3, 4, 6 (emphasis added) (citing Sananes Rep., R. Doc. 560-5 at pp. 50-65; Dep. Tr. of Sananes, R. Doc. 560-6 at 75:19-76:1). Plaintiffs respond that these "*purported* fact[s]" are not undisputed and, regardless, are "entirely irrelevant because the issue of to whom duties are owed present[s] an issue of law on which experts cannot opine." R. Doc. 589-1 at ¶ 3. Notwithstanding Plaintiffs' argument that Defendants' "purported facts" are immaterial, Plaintiffs cite other summary judgment evidence, including reports of other experts, deposition testimony of Mr. Sananes, and the Sananes Report, *in toto*. *Id.* at ¶¶ 3, 4, 6 (citing, *inter alia*, Dep. Tr. of Sananes, R. Doc. 560-6 at pp. 71-72, 75-76; Sananes Rep., R. Doc. 589-14 at pp. 15-16, 59-62). Plaintiffs claim this evidence demonstrates Mr. Sananes and other experts opined on the scope of the Defendants' duty and the foreseeability of harm to the Plaintiffs. *See id.* at ¶¶ 3, 4, 6. Relevant to the instant Motion for Summary Judgment, Plaintiffs contend Mr. Sananes opined that the Defendants breached the relevant standard of care by "co-dispos[ing] sulfur-containing materials, such as spent lime, with [municipal solid waste], which have the *well-known reasonably foreseeable* potential to generate noxious odors that would escape the landfill and affect neighboring individuals," thereby "foreseeably affecting neighboring individuals." *See id.* at ¶ 3. Indeed, there is a genuine dispute as to whether Plaintiffs have offered expert testimony on the issue of legal causation. Further, assuming *arguendo* that Plaintiffs' experts do not opine on the issue of legal causation, Defendants have failed to establish as a matter of law that expert testimony is required to prove that element in this case. Moreover, Defendants claim Plaintiffs cannot carry their burden to establish the scope of duty as a matter of law because they offer no expert testimony on the issue. R. Doc. 560-1 at p. 3. However, the Defendants have failed to carry their burden on summary judgment to demonstrate "that there is no genuine dispute as to any material fact and [they are] entitled to judgment as a matter of law." FED. R. CIV. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendants' Motion for Summary Judgment is **DENIED**.[54]

**New Orleans, Louisiana, this 1st day of July, 2024.**

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

[54] Defendants request for oral argument is denied.