# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FREDERICK ADDISON, ET AL.,** Plaintiffs<br><br>VERSUS<br><br>**LOUISIANA REGIONAL LANDFILL COMPANY, ET AL.,** Defendants | CIVIL ACTION<br><br>NO. 19-11133, c/w 19-14512<br><br>SECTION: "E" (5)<br><br><br>JUDGE: Morgan<br>MAGISTRATE JUDGE: North |

### APTIM CORP.'S MEMORANDUM IN SUPPORT OF MOTION TO FIX TRIAL TIME, OR IN THE ALTERNATIVE, TO CONTINUE THE TRIAL WITH REQUEST FOR EXPEDITED HEARING

**MAY IT PLEASE THE COURT:**

Aptim Corp., ("Aptim"), through undersigned counsel, respectfully submits this Memorandum of Support of its Motion to Fix Trial Time, or in the alternative, To Continue the Trial. As explained below, this Honorable Court should grant this Motion and fix the time limits for the parties to present evidence at trial to between 72 and 78 hours total. In the alternative, if more time is necessary, the trial should be continued to a time on the Court's calendar to account for same. Aptim respectfully requests expedited consideration of this Motion and hearing on same.

1.

Pursuant to the Eighth CMO dated **April 17, 2023**, the Court set the following deadline to select the trial plaintiffs for the first trial:

> On or before Monday, **May 1, 2023**, the Addison Plaintiffs (collectively) will identify three individual Plaintiffs from the Deposition Pool Plaintiffs (excluding Plaintiff Family Units) whose cases will be tried, and Defendants (collectively) will identify three individual Plaintiffs from the Deposition Pool Plaintiffs (excluding Plaintiff Family Units) whose cases will be tried. The claims of these six individual

Plaintiffs and the two Plaintiff Family Units will be tried in the first trial (the "Trial Plaintiffs"). *See* R. Doc. 398 at 4.

2.

On **May 1, 2023**, the parties selected six individual Plaintiffs and two Plaintiff Family Units whose claims will be initially tried (collectively, the "Addison Trial Plaintiffs"): Stanley Meyers, Geneva Green, Jonathan Tate, Reshaun Richardson, Mary Ann Winningkoff, Andrew Section, Vernice Lewis, Tyrone Thompson, Terrance Thompson, Wendy Gremillion, Scott Gremillion, and the Gremillions' two minor children. *See* R. Doc. 427.

3.

Thereafter, during a status conference on **September 28, 2023**, the Court set a three-week trial starting on **August 5, 2024**, in which the 13 Addison Trial Plaintiffs' claims would be tried. *See* R. Doc. 417. The Court reminded the parties that time limits would be set for the presentation of evidence, as was done in the General Causation trial, and to plan accordingly.

4.

Following the status conference, the Court entered the Eleventh CMO on **October 17, 2023,** confirming the August 5, 2024, three-week trial. The CMO begins with the following opening paragraph:

> With General Causation having been found by the Court on November 29, 2022, ECF No. 323, this Eleventh Case Management Order is a partial case management order governing fact discovery relating to all outstanding issues with respect to the claims made by the **thirteen (13) Addison Plaintiffs** selected by the Parties to have their cases tried in the first Addison merits trial ("Addison Trial Plaintiffs"). *See* R. Doc. 427.

5.

Then, on **October 31, 2023**, the Court again repeated in the opening paragraph of the Twelfth CMO that the trial for the 13 Addison Trial Plaintiffs on August 5, 2023 would last three weeks. *See* R. Doc. 429.

6.

On **December 31, 2023**, undersigned counsel, Aptim's lead trial counsel, purchased non-refundable, non-cancellable tickets to Barcelona to attend a family wedding. *See* Exhibit 1, Travel Confirmation (including the provision that, "Your reservation/purchase may be non-refundable and non-cancellable.")  The flight is scheduled to depart New Orleans on August 31, 2024, one week after the conclusion of the upcoming Addison trial.

7.

On **February 15, 2024**, the Court issued the Thirteenth CMO, repeated the same opening paragraph found in the Eleventh and the Twelfth CMOs, again confirmed the trial setting of the 13 Addison Trial Plaintiffs to last three weeks, and continued the trial to **August 12, 2024**. *See* R. Doc. 498.

8.

At the pre-trial conference held on July 1, 2024, the Court advised the parties that there would be no trial on August 22 and 23, and that, due to the fact that there are now 13 Addison Trial Plaintiffs, the parties needed to prepare to continue the trial on September 3–6.  Undersigned counsel raised the fact that he would be out of the country that week.  The Court suggested that his associate could finish the trial including closing arguments or that he could do closing arguments via Zoom. Counsel has conferred with his client and neither suggestion is acceptable. Therefore,

Aptim respectfully moves the Court to set time limits that would result in the conclusion of trial on or before August 30, 2024, or in the alternative, to continue the trial to a time on the Court's schedule that would allow for the additional time now being added to the trial schedule.

9.

In the Seventh CMO, the Court set aside eight days for a combined hearing on all *Daubert* motions concerning experts on General Causation and trial on General Causation. The Court set time limits for the presentation of evidence as follows: Plaintiffs 1,440 minutes (24 hours) and Defendants 1,440 minutes (24 hours). That limit allowed for six hours of testimony each day. *See* R. Doc. 202 at 8.

10.

Assuming the Court maintains the original trial schedule—beginning on August 12 and lasting three weeks—and assuming August 22 and 23 are no longer available, that leaves 13 trial days. Assuming one day is taken up with jury selection, opening statements and closing arguments, that leaves 12 trial days.  Assuming six hours of evidence each day, the parties would have 72 hours to present their cases. That is 4,320 minutes to present both sides.  As the Court confirmed during the Jury 1, 2024 pre-trial conference, the parties will not be permitted to re-litigate the general causation findings. Therefore, all that remains are the damages/causation cases for the 13 Addison Trial Plaintiffs who allegedly suffered from a range of common injuries like headaches and nausea. Not to diminish their claims, but these are not complicated injuries with long term effects. There are no surgeries or brain injuries that require in-depth expert medical testimony. There are no life care plans or future lost wages to be calculated.  Surely this trial can be accomplished in 4,320 minutes.

**CONCLUSION**

For the above and foregoing reasons, the Court should grant this Motion and limit the upcoming trial to between 72 to 78 hours for case presentation. In the alternative, the Court should continue the trial.

Respectfully submitted,

GIEGER, LABORDE & LAPEROUSE, L.L.C.

By:   */s/ John E. W. Baay II*
     Ernest P. Gieger, Jr. (6154)
     John E. W. Baay (T.A.) (22928)
     J. Michael DiGiglia (24378)
     Nicholas S. Bergeron (37585)
     Gieger, Laborde & Laperouse, L.L.C.
     Hancock Whitney Center
     701 Poydras Street, Suite 4800
     New Orleans, Louisiana 70139
     Telephone:   (504) 561-0400
     Facsimile:   (504) 561-1011
     Email:   egieger@glllaw.com
           jbaay@glllaw.com
           mdigiglia@glllaw.com
           nbergeron@glllaw.com

*Attorneys for Defendant Aptim Corp.*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was electronically filed on July 2, 2024. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                    /s/ John E. W. Baay II