MINUTE ENTRY
MORGAN, J.
July 1, 2024

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ELIAS JORGE "GEORGE" ICTECH-BENDECK,**<br>    Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-7889**<br>        c/w 18-8071,<br>        18-8218, 18-9312 |
| **WASTE CONNECTIONS BAYOU, INC., ET AL.,**<br>    Defendants | **SECTION: "E" (5)** |

*Related Case:*

| | |
|---|---|
| **FREDERICK ADDISON, ET AL.,**<br>    Plaintiffs | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-11133**<br>        c/w 19-14512 |
| **LOUISIANA REGIONAL LANDFILL COMPANY, ET AL.,**<br>    Defendants | **SECTION: "E"(5)** |

*Applies to: All Cases*

### MINUTE ENTRY AND REVISED SCHEDULE

A pretrial conference was held on July 1, 2024, at 2:00 p.m., in the chambers of Judge Susie Morgan.

   Present:    Douglas Hammel, Lawrence Centola, and Jason Landry, counsel
                   for Plaintiff, Elias Jorge Ictech-Bendeck;

1

>Kacie Gray, counsel for Plaintiff, Savannah Thompson;
>
>Eliza James, Eric Rowe, Charles Foster, and Harry Johnson, counsel for All Addison Plaintiffs;
>
>Eliza James, counsel for All Fleming Plaintiffs;
>
>Michael Mims, Megan Brillault, John Paul, Michael Vitris, Alec Andrade, Michael Cash, and Cherrell Taplin, counsel for Defendants and Consolidated Defendants, Waste Connections Bayou, Inc., Waste Connections US, Inc., and Louisiana Regional Landfill Company;
>
>John Baay, counsel for Defendant, Aptim Corp.; and
>
>Michael Futrell and Matthew Moghis, counsel for Defendant, Parish of Jefferson.

The parties and the Court discussed the upcoming first *Addison* Trial.

The Court instructed the parties to submit to the Court by **Friday, July 12, 2024, at 5:00 p.m.** a proposed stipulation to be read to the jury re the testimony of Chris Ruane and information re general causation to be read to the jury before the trial commences. The parties should include at what point in the trial they suggest this information to be provided to the jury.

Plaintiffs requested leave to present deposition testimony of Plaintiffs' expert Dr. Susan Schiffman at trial, in lieu of live testimony. The Defendants objected to Plaintiffs' proposal. The Court will require that Dr. Schiffman appear in person to provide live testimony at trial.

The Court scheduled a Zoom Status Conference on **Monday, August 5, 2024, at 9:00 a.m.**

The parties are to report to Judge Morgan's chambers at 8:30 a.m. on the first day of trial: **Monday, August 12, 2024**. The trial is expected to last **seventeen** days. Court will **not** be in session on August 22, August 23, and September 2, 2024.

2

Plaintiffs will be given **forty-five (45) minutes** for opening statements. Defendants will be given a total of **sixty (60) minutes** for opening statements. The Defendants may allocate the time among themselves by agreement.

The Court imposed time limits on trial, **allowing Plaintiffs 2900 minutes** and **allowing Defendants a total of 2900 minutes**. Defendants may allocate the time among themselves by agreement. A party's time presenting its case-in-chief and cross-examining witnesses shall be charged to that party. Allocation of time spent reading deposition testimony or showing videotaped deposition testimony shall be agreed by the parties, or as determined by the Court in the event the parties are unable to come to an agreement.

All motions in limine (other than those regarding the admissibility of expert testimony) and memoranda in support must be filed no later than **July 17, 2024**, and responses thereto are to be filed **no later than July 24, 2024, at 5:00 p.m**.

By no later than **July 8, 2024, at 5:00 p.m.**, the parties shall exchange final will-call witness lists, and file the lists on the record. The parties shall be allowed to call only the witnesses on the will-call witness list. The party who lists a witness shall make the witness available to all other parties, regardless of whether the listing party actually calls the witness. Any witness not listed shall not be permitted to testify, except for rebuttal witnesses. No witness may be called unless counsel has previously identified the witness in accordance with all of the Court's previous orders regarding identification of witnesses.

The parties will confer about whether they can agree to a list of agreed upon exhibits that may be admitted into evidence before trial. The parties will inform the Court whether they have reached such an agreement no later than **July 26, 2024.**

3

Objections to exhibits are due **July 26, 2024 at 5:00 p.m**. Responses to objections to exhibits are due **July 30, 2024, at 5:00 p.m.**

The parties are to file a joint statement of the case **by July 26, 2024, at 5:00 p.m.**

Counsel are to meet no later than **July 12, 2024,** to discuss deposition excerpts and whether they have objections to the deposition excerpts intended to be used at trial by opposing counsel. If a party has objections to the opposition's deposition excerpts, the objections and supporting memoranda are to be filed into the record no later than **July 26, 2024, at 5:00 p.m.**

The Court explained that it expects (1) a single joint jury instruction document containing agreed-to instructions and the parties' respective positions regarding disputed instructions, if any; (2) a single joint verdict form containing agreed-to elements and the parties' respective positions regarding disputed elements, if any; and (3) two copies of the set of bench books containing an index and all exhibits—first unobjected-to exhibits and then objected-to exhibits, numbered sequentially, to be delivered to chambers by **July 26, 2024, at 5:00 p.m.**

The Court informed the parties that only exhibits used during the trial will be delivered to the jury for its use during deliberations. At the close of arguments, the parties shall provide the Court with a flash drive containing digital copies of the exhibits admitted during trial. This flash drive will be given to the jury for its use during deliberations.

Voir dire and jury selection were discussed. The parties may file proposed special voir dire questions by **July 26, 2024, at 5:00 p.m.** At trial, the Court will conduct voir dire with opportunities for the parties to submit follow-up questions for the Court to ask. The Court informed the parties that a **nine-member jury** will be selected and that all nine members of the jury will deliberate. There will be no alternate jurors. Unless the parties

4

stipulate otherwise, the jury must return a unanimous verdict. In no event may the parties stipulate that fewer than six jurors may return a verdict. Plaintiffs will be given **six (6) peremptory challenges** during jury selection. Each of the Defendants will be given **two (2) peremptory challenges** during jury selection.

The parties will let the Court know if any witness needs to be called out of order by **August 6, 2024.**

Counsel are to exchange demonstrative exhibits to be used during opening statements or closing arguments by no later than **August 6, 2024 at 5:00 p.m**. Any objections to these demonstrative exhibits shall be made by no later than **August 8, 2024, at 5:00 p.m**.

Counsel will stand when they address the Court, make objections, or examine witnesses. When making an objection, counsel shall briefly state the basis for the objection, such as "hearsay," "no foundation," or "relevance." There shall be no speaking objections. If the Court requires further argument, the Court will invite it.

The Court reminded the parties to reference the pretrial notice form in preparing for trial. The parties are encouraged to contact the Court for guidance if any instruction in the pretrial notice form is unclear. The parties must contact the Court's case manager, Brad Newell, to schedule a meeting to familiarize themselves with the courtroom audio-visual technology.

**IT IS ORDERED** the parties will comply with the remaining pretrial deadlines as set forth below.

| Event | Date |
|---|---|
| The final list of witnesses to be called at trial must be filed by 5:00 p.m. | **Monday, July 8, 2024** |
| Proposed stipulation to be read to the jury re the testimony of Chris Ruane and information re general causation to be read to the jury before the | **Friday, July 12, 2024** |

| | |
|---|---|
| trial commences to be emailed to the Court **by 5:00 p.m.** | |
| Counsel to meet to discuss deposition excerpts and whether they have objections to any excerpts intended to be used at trial by opposing counsel | On or before **Friday, July 12, 2024** |
| Motions in limine (other than those regarding the admissibility of expert testimony) and memoranda in support must be filed **by 5:00 p.m.** | **Wednesday, July 17, 2024** |
| Responses to motions in limine must be filed | **Wednesday, July 24, 2024** |
| Joint statement of the case to be filed, emailed, and delivered to the Court **by 5:00 p.m.** | **Friday, July 26, 2024** |
| Joint jury instruction (or if agreement cannot be reached, counsel shall provide alternate versions with respect to any instruction in dispute, with its reasons for putting forth an alternative instruction and the law in support thereof), to be filed, emailed, and delivered to the Court **by 5:00 p.m.** | **Friday, July 26, 2024** |
| Joint proposed jury verdict form (or if agreement cannot be reached, separate proposed jury verdict forms and a joint memorandum explaining the disagreements between the parties as to the verdict form) to be filed, emailed, and delivered to the Court **by 5:00 p.m.** | **Friday, July 26, 2024** |
| Proposed special voir dire questions to be filed, emailed, and delivered to the Court **by 5:00 p.m.** | **Friday, July 26, 2024** |
| Two copies of joint bench book(s) of tabbed exhibits, with indices of "objected-to" and "unobjected-to" exhibits, identifying which party will offer each exhibit and which witness will testify regarding the exhibit at trial to be filed, emailed, and delivered to the Court **by 5:00 p.m.** | **Friday, July 26, 2024** |
| Parties to notify the Court whether they agree to a list of agreed upon exhibits that may be admitted into evidence **by 5:00 p.m.** | **Friday, July 26, 2024** |
| Objections to exhibits and supporting memoranda to be filed, emailed, and delivered to the Court **by 5:00 p.m.** | **Friday, July 26, 2024** |

| | |
|---|---|
| **NOTE:** Each objection must identify the relevant objected-to exhibit by the number assigned to the exhibit in the joint bench book(s) | |
| Objections to deposition testimony and supporting memoranda to be filed, emailed, and delivered to the Court **by 5:00 p.m.** | **Friday, July 26, 2024** |
| Responses to objections to exhibits to be filed, emailed, and delivered to the Court **by 5:00 p.m.** | **Tuesday, July 30, 2024** |
| Responses to objections to deposition testimony to be filed, emailed, and delivered to the Court **by 5:00 p.m.** | **Tuesday, July 30, 2024** |
| If counsel intends to ask questions on cross-examination of an economic expert (including certified public accounts) that require mathematical calculations, the factual elements of such questions shall be submitted to the expert witness **by 5:00 p.m.** | **Tuesday, July 30, 2024** |
| Zoom Status Conference, **at 9:00 a.m.** | **Monday, August 5, 2024** |
| Parties to notify the Court whether any witness needs to be called out of order | On or before **Tuesday, August 6, 2024** |
| Copies of any charts, graphs, models, schematic diagrams, and similar objects intended to be used in opening statements or closing arguments to be provided to opposing counsel **by 5:00 p.m.** | **Tuesday, August 6, 2024** |
| Objections to any charts, graphs, models, schematic diagrams, and similar objects intended to be used by opposing counsel in opening statements or closing arguments to be filed, emailed, and delivered to the Court **by 5:00 p.m.** | **Thursday, August 8, 2024** |
| Jury trial<br><br>Whenever a case is settled or otherwise disposed of, counsel must immediately inform the clerk's office, judge to whom the case is allotted, and all persons subpoenaed as witnesses.  If a case is settled as to fewer than all parties or all claims, counsel must also identify the remaining parties and unsettled claims.<br><br>*See* **Local Rule 16.4** | **Monday, August 12, 2024** |

7

With respect to Defendants' motion to exclude the testimony of Plaintiffs' expert Jason Schellhaas, the Defendants have clarified that they do not intend to raise the defense that Plaintiffs failed to mitigate their damages by moving to another location to avoid odors. Based on this representation, Plaintiffs represented they will not seek damages for the cost of relocation and will not call Mr. Schellhaas as an expert witness at trial. Accordingly, Defendants' motion to exclude the testimony of Jason Schellhaas is **DENIED AS MOOT**.[1]

Defendants engaged Joseph Gardemal "as a rebuttal expert to Plaintiffs' damages expert, Jason Schellhaas."[2] Plaintiffs in this case filed a motion to exclude the testimony of Mr. Gardemal.[3] Federal Rule of Civil Procedure 26(a)(2)(D)(ii) allows for the designation of a rebuttal expert witness "solely to contradict or rebut evidence on the same subject matter identified by another party.[4]" "The scope of rebuttal testimony is ordinarily a matter to be left to the sound discretion of the trial judge,"[5] but "[a]t a bare minimum, a rebuttal expert cannot offer testimony unless the expert whom she rebuts has offered testimony."[6] Because Plaintiffs represented they will not seek damages for the cost of relocation and will not call Mr. Schellhaas as an expert at trial, Defendants will not be allowed to call Mr. Gardemal as a rebuttal expert to contradict or rebut Mr. Schellhaas's testimony.[7] Accordingly, Plaintiffs' motion to exclude the testimony of Joseph Gardemal is **DENIED AS MOOT**.[8]

---

[1] R. Doc. 564. Defendants request for oral argument is **DENIED.**
[2] *See* R. Doc. 584.
[3] *See* R. Doc. 546.
[4] FED. R. CIV. P. 26(a)(2)(D)(ii).
[5] *Tramonte v. Fibreboard Corp.*, 947 F.2d 762, 764 (5th Cir. 1991) (quoting *United States v. Winkle*, 587 F.2d 705, 712 (5th Cir. 1979), *cert. denied*, 444 U.S. 827, 100 (1979)).
[6] *See Theoharis v. Rongen*, 13-1345, 2014 WL 3563386, at *3 (W.D. Wash. July 18, 2014); *Archer Daniels Midland, Co. v. M/T American Liberty*, 19-10525 c/w 19-10925, 19-11813, 19-12748, 2022 WL 3700896, at *2 (Aug. 26, 2022) ("[A] rebuttal report is not an opportunity to advance new opinions.").
[7] Defendants argue Mr. Gardemal's "*affirmative* opinion," on which Mr. Schellhaas did not opine, concerning "the impact of any alleged odors on the Paradise Manor Community Club" is relevant and should not be excluded. R. Doc. 584 at p. 12. To the extent Defendants maintain this argument, the Court finds Mr. Gardemal's opinion "goes beyond the permissible bounds of [] a [rebuttal] report and enters the territory of an unsanctioned supplemental report." *See Archer Daniels Midland*, 2022 WL 3700896, at *2.
[8] R. Doc. 546. Defendants request for oral argument is **DENIED.**

Plaintiffs filed a motion to exclude the testimony of Defendants' expert Baldwin Justice because "no Trial Plaintiff is making a claim for diminution in property value."[9] In his report (the "Justice Report"), Mr. Justice expressed six opinions on the market value of Plaintiffs' homes.[10] Defendants argue:

> '[A] loss of one of the elements of the bundle of rights will be reflected in a diminution of the marketability of the property and corresponding market value.' Thus, Mr. Justice utilized diminution data as part of his methodology. To that end, he opines that the loss of the 'right of enjoyment'—an element of Plaintiffs' alleged damages in this case and a consequence of the odors emanating from the [Landfill] per the Court's ruling on general causation—will result in a 'limitation to the property and a diminished market value, which can be quantifiably proven via analysis and market data, if it did occur.' Mr. Justice, therefore, anticipated a decrease in the value of the Trial Plaintiffs' properties as a result of the odors.[11]

Defendants contend Mr. Justice refuted Plaintiffs' claims for the loss of enjoyment of their properties.[12] Mr. Justice expressed his opinion that, if there had been a loss of enjoyment of the property, there would have been a diminution in value. His opinion is that, because there had been no diminution in market value, there had been no loss of enjoyment of use of the property.[13] A review of the Justice Report reveals Mr. Justice opined on Plaintiffs' alleged "loss of the 'right of enjoyment'" only as it relates to Plaintiffs' claims of diminution of property value, not as a separate claim.[14] Because the first *Addison* Trial Plaintiffs make no claim for diminution in property value, Mr. Justice's opinions on the lack of diminution in value are irrelevant to issues at the first *Addison* Trial and will be excluded.[15]

---

[9] R. Doc. 575-1 at p. 1.
[10] *See generally* Justice Rep., R. Doc. 575-2.
[11] R. Doc. 579 at p. 3 (quoting Justice Rep., R. Doc. 575-2 at pp. 5-6).
[12] *Id.* at pp. 3-4.
[13] Justice Rep., R. Doc. 575-2 at pp. 8-9.
[14] *See generally* Justice Rep., R. Doc. 575-2.
[15] To the extent Mr. Justice opines on Plaintiffs' claims of loss of enjoyment of their properties, as argued by the Defendants in their opposition to Plaintiffs' motion, the Court finds that opinion is inadmissible. *See* R. Doc. 579 at pp. 5-6. As expressed in the General Causation Order, the Court found Plaintiffs established general causation for loss of enjoyment or use of property as a matter of law. *See* R. Doc. 323 at pp. 44, 46. Any opinion of Mr. Justice that contradicts the Court's general causation finding is an improper conclusion of law that "constitute[s] an invasion of 'the province of the court to determine the applicable law and to instruct the jury

9

Defendants also oppose Plaintiffs' motion to exclude testimony of Mr. Justice, arguing, even if the first *Addison* Trial Plaintiffs make no claims for diminution in property value, "opinions on the character of the Trial Plaintiffs' neighborhoods from an experienced local real estate expert are relevant, will be helpful to the jury as it addresses a critical component of the Trial Plaintiffs' nuisance claims."[16]

Federal Rule of Civil Procedure 26(a)(2)(B)(i) requires litigants to disclose "a complete statement of all opinions [any] expert witness will express and the basis and reasons for them."[17] The Thirteenth Case Management Order required Defendants to submit their expert reports by March 8, 2024, and set the deadline for the completion of all expert discovery on April 30, 2024.[18] Mr. Justice did not include any opinions about the Plaintiffs' nuisance claims in his Report.[19] Mr. Justice cannot disclose a new opinion regarding nuisance at this late stage of the litigation. Plaintiffs' motion to exclude the testimony of Baldwin Justice at the first *Addison* Trial is **GRANTED**.[20]

The Court has taken notice that Defendants did not file an opposition to Plaintiffs' motion to exclude evidence regarding the resolved medical condition of Plaintiffs' own

---

as to that law.'" *Willette v. Finn*, 778 F. Supp. 10, 11 (E.D. La. 1991) (quoting *United States v. Scop*, 846 F.2d 135, 139 (2d Cir. 1988)); *see also Goodman v. Harris Cnty.*, 571 F.3d 399 (5th Cir. 2009) ("[A]n expert may never render conclusions of law." (citing *Snap-Drape, Inc. v. Comm'r*, 98 F.3d 194, 198 (5th Cir. 1996))).

[16] R. Doc. 579 at p. 5.
[17] Fed. R. Civ. P. 26(a)(2)(B)(i).
[18] R. Doc. 498 at p. 6.
[19] A search of the Justice Report reveals the absence of any mention of "nuisance." *See* Justice Rep., R. Doc. 575-2. Defendants cite Opinion No. 2 in the Justice Report, which they contend demonstrates the "Trial Plaintiffs resided in an area where emission of noxious odors is possible, thereby undermining the merits of their [nuisance] claims." R. Doc. 579 at p. 5 (citing Justice Rep., R. Doc. 575-2 at p. 8). A review of the Justice Report reveals Opinion No. 2 expresses his view that the pricing of residential homes inherently accounts for impacts of existing surrounding land uses. Justice Rep., R. Doc. 575-2 at pp. 8, 23, 29 ("Trial Plaintiff Properties are located within residential areas that have co-existed with industrial facilities, including noted sources of potential odors, for decades. These industrial developments are known factors in the character of the neighborhoods."). Neither Opinion No. 2, nor any other opinion included in the Justice Report, express an opinion on the "character of the Plaintiffs' neighborhoods" as it relates to Plaintiffs' nuisance claims. *See id.* at pp. 8-9. Mr. Justice expresses only that industrial developments are "known factors in the character of the neighborhoods," accounted for in "the achieved pricing of nearby residential home[s]." *See id.* at pp. 8, 23, 29.
[20] R. Doc. 575. Defendants request for oral argument is **DENIED.**

expert, Dr. Michael Spodak. Accordingly, Plaintiffs' motion to exclude evidence regarding Dr. Spodak's resolved medical condition is **GRANTED**.[21]

**New Orleans, Louisiana, this 3rd day of July, 2024.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

JS10 (1:21)

---

[21] R. Doc. 557. Defendants request for oral argument is **DENIED.**

11