MINUTE ENTRY
MORGAN, J.
July 9, 2024

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FREDERICK ADDISON, ET AL.,**<br>    **Plaintiffs** | **CIVIL ACTION** |
| **VERSUS** | **NO.  19-11133**<br>        **c/w 19-14512** |
| **LOUISIANA REGIONAL**<br>**LANDFILL COMPANY, ET AL.,**<br>    **Defendants** | **SECTION: "E"(5)** |

*Applies to: Both Cases*

### MINUTE ENTRY AND ORDER

Before the Court is a motion for leave to file certain impeachment exhibits under seal by Jefferson Parish, Aptim Corp., and the Waste Connections Defendants (collectively, the "Defendants").[1] The Court held an ex parte video status conference with counsel for the Defendants on July 9, 2024, at 10:00 a.m., to discuss the motion.[2]

Defendants wish to introduce certain documents without disclosing the documents in discovery.[3] Defendants seek to introduce these documents to impeach the credibility of the Plaintiffs, claiming the evidence will be offered solely to discredit the Plaintiffs and thus need not be disclosed.[4]

---

[1] R. Doc. 633. The Waste Connections Defendants are Louisiana Regional Landfill Company, Waste Connections Bayou, Inc., and Waste Connections US, Inc.

[2] Present at the video conference were: Michael Mims, Megan Brillault, John Paul, and Michael Cash, counsel for the Waste Connections Defendants; John Baay and Nicholas Bergeron, counsel for Aptim Corp.; and Matthew Moghis, counsel for Jefferson Parish.

[3] R. Doc. 633-2 at p. 1.

[4] *Id.* at p. 2.

In deciding this motion, the Court must decide whether the evidence is impeachment evidence or is, at least in part, substantive evidence.[5] In *Chiasson v. Zapata Gulf Marine Corp.*, the Fifth Circuit analyzed the distinction between impeachment evidence and substantive evidence.[6] The court held that evidence which is useful solely for impeachment purposes need not be disclosed prior to trial, but evidence that is "at the very least in part substantive" must be disclosed.[7] "Substantive evidence is that which is offered to establish the truth of a matter to be determined by the trier of fact."[8] "Impeachment evidence, on the other hand, is that which is offered to 'discredit a witness . . . to reduce the effectiveness of [his] testimony by bringing forth evidence which explains why the jury should not put faith in [his] or [her] testimony."[9]

Under *Chiasson*, "evidence which would tend to prove or disprove" substantive issues must be considered substantive evidence.[10] After reviewing the pleading and the relevant documents submitted by the Defendants for *in camera* review, and discussing the motion with defense counsel, the Court finds certain documents are not useful *solely* for impeachment purposes because they have the tendency to prove or disprove substantive issues in this case. Accordingly, under *Chiasson* these documents do not qualify as impeachment evidence and should have been disclosed to opposing counsel and listed as exhibits in the proposed pre-trial order.[11]

Defendants will be permitted to use these documents, identified in the conference with counsel for the Defendants, for impeachment at trial. However, in view of the policy of

---

[5] *See, e.g., Chiasson v. Zapata Gulf Marine Corp.*, 988 F.2d 513 (5th Cir. 1993); *Williams v. Gaitsch*, 08-0772, 2011 WL 2223813, at *2 (W.D. La. June 8, 2011).
[6] *Chiasson*, 988 F.2d at 517–18.
[7] *Id.*
[8] *Id.* at 517.
[9] *Id.*
[10] *Id.*
[11] *Id.* ("Because the [evidence] is, at the very least in part substantive, it should have been disclosed prior to trial, regardless of its impeachment value.").

broad discovery that favors disclosure to allow litigants the opportunity to evaluate the authenticity of evidence and to promote settlement,[12] the Court will require the Defendants to produce these documents to opposing counsel no later than **Thursday, July 11, at 5:00 p.m.**

Accordingly;

**IT IS ORDERED** that Defendants' motion is **DENIED**.[13] Defendants must produce the identified documents to opposing counsel no later than **Thursday, July 11, at 5:00 p.m.**

**IT IS FURTHER ORDERED** that, pursuant to Local Rule 5.6(D), "[i]f the motion to file under seal is denied, the movant may file another motion to remove the document(s) from the record within seven [7] days. If no such motion is timely filed, the document(s) must be filed as a public record."

**New Orleans, Louisiana, this 9th day of July, 2024.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

JS10 (0:14)

---

[12] *Id.* at 516 (citing *Daniels v. National R.R. Passenger Corp.*, 110 F.R.D. 160 (S.D.N.Y. 1986); *Snead v. American Export–Isbrandtsen Lines, Inc.*, 59 F.R.D. 148 (E.D. Pa. 1973); *Martin v. Long Island R.R. Co.*, 63 F.R.D. 53 (E.D.N.Y. 1974)).
[13] R. Doc. 633.