UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| FREDERICK ADDISON, ET AL | * | CIVIL ACTION |
|     Plaintiffs | * | |
| | * | NO. 19-11133 c/w 19-14512 |
| VERSUS | * | |
| | * | SECTION "E" (5) |
| LOUISIANA REGIONAL LANDFILL COMPANY, ET AL | * | JUDGE: MORGAN |
| | * | |
| | * | MAGISTRATE: NORTH |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE TO EXCLUDE THE REPORT RENDERED BY PIVOTAL ENGINEERING

Plaintiffs intend to offer a report rendered by Pivotal Engineering, which presents statements of opinion that would require competent expert testimony if presented at trial. This report is inadmissible under Federal Rule of Civil Procedure 26 as Plaintiffs have failed to timely identify a witness that will testify to the contents of this report as required by the Court's Scheduling Order. Further, this failure to timely identify a witness renders the report inadmissible under Federal Rule of Evidence 702 and *Daubert* as Defendants have no opportunity to traverse the expert's qualifications and determine if the report is based on reliable principles and methodology. Finally, the report is inadmissible hearsay under Federal Rule of Evidence 802 as there is no declarant to speak to the contents of the report. For the reasons set forth, Defendants' Motion in Limine to exclude the report rendered by Pivotal Engineering should be granted.

I.  **Background**

The report rendered by Pivotal Engineering aims to provide certain recommendations for long term air monitoring by analyzing certain data and performance modeling but does not identify who did the modeling for the report, what data was used in conducting the modeling, what the

model was, and whether or not the model used is accepted by any scientific group.[1] Pivotal Engineering rendered this report for Jefferson Parish with the purpose of aiding the Parish on considering the implementation of a potential sampling system, which is not the intention of the Plaintiffs in having this report presented at trial. The report does not meet the minimum requirements for disclosure of opinion testimony, much less the heightened requirements necessary to present this report as expert opinion testimony, as the author has not been identified, deposed, or traversed as an expert witness. The report is inadmissible.

> II. **The report rendered by Pivotal is inadmissible hearsay under Federal Rule of Evidence 802 as there is no declarant to testify to the contents of the report.**

Federal Rule of Evidence 802 states that hearsay is inadmissible.[2] Hearsay is defined as a statement, other than one made by the declarant while testifying at the hearing, offered in evidence to prove the truth of the matter asserted.[3] Expert reports are hearsay because they are out of court statements offered to prove the truth of the matter asserted.[4]

In this case, the Pivotal Report asserts multiple facts and opinions, and Plaintiffs have not identified who will testify as to the contents of the report, therefore there is no identified declarant. There is no one to testify as to how the opinions presented in the report were prepared, what the process was in gathering the information to be used as the basis for the report, or the qualifications of the person or people who rendered this report. This report is thus pure hearsay, and the report does not satisfy any of the exceptions to hearsay under Federal Rule of Evidence 803.[5] In this case, because there is no declarant to testify to the Pivotal Report and there is no exception to the Hearsay

---

[1] See the report prepared by Pivotal Engineering, LLC, attached hereto as Exhibit A.
[2] Fed. Rule of Evid. 802.
[3] Fed. Rule of Evid. 801.
[4] *Marquette Transp Co., Inc. v. Eagle Subaru*, CIVA 06-9053, 2010 WL 1558921, at *3 (E.D. La. Apr. 15, 2010).
[5] Fed. Rule of Evid. 803.

Rule that would render this report admissible, the report, a written assertion of facts and opinions, is inadmissible hearsay and cannot be presented to the jury.

**III.    The report rendered by Pivotal Engineering is not the product of reliable principles and methods and therefore must be excluded as it does not comply with Federal Rule of Evidence 702.**

Federal Rule of Evidence 702, states:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is **more likely than not** that:
**(a)** the **expert's scientific, technical, or other specialized knowledge** will help the trier of fact to understand the evidence or to determine a fact in issue;
**(b)** the testimony is based on **sufficient facts or data**;
**(c) the testimony is the product of reliable principles and methods**; and
**(d)** the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.[6]

In the current case Plaintiffs intend to introduce the report rendered by Pivotal Engineering, however, there is no evidence that the report was prepared by a qualified expert, nor that it is "more likely than not" the product of reliable principles and methods as required by Rule 702. Plaintiffs have not identified a witness to testify to the facts or data relied upon, nor to the principles or methods that were employed in rendering the numerous opinions throughout the report. The report itself does not even identify a specific author, much less the qualifications of the persons who rendered its opinions. As such, it is not admissible at trial.

In *Chandler v. R & B Falcon Inland, Inc.*, the plaintiff sought to have the defendants' experts excluded from trial; one expert in particular because the expert testimony was not supported by any trustworthy methodology, research, or reliable data.[7] The court stated with regard to rule 702, " If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by

---

[6] Fed. R. Evid. 702 (emphasis added).
[7] *Chandler v. R&B Falcon Inland, Inc.*, CIV.A. 00-2137, 2001 WL 839019, at *2 (E.D. La. July 23, 2001).

knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.[8] In *Chandler*, the expert based his opinions and conclusions on the plaintiff's written statement, answers to interrogatories, and a personal interview.[9] The court stated, [it] is of the opinion that such testimony violates Rule 702 of the Federal Rules of Evidence.[10] In *Daubert*, the Court held that an expert's testimony must rest "on a reliable foundation and [be] relevant to the task at hand."[11] In *Chandler*, the court held that the expert's conclusions were not based on scientific, technical, or specialized knowledge, and the expert relied on no proven type of methodology to reach his conclusions; the report with his opinions and conclusions was not admissible at trial.[12]

In this case, there is a complete lack of evidence that the Pivotal Engineering Report was prepared by an expert qualified to present the numerous opinions in the report. Moreover, there is no evidence that it is based on reliable facts or data or on reliable principles and methods as there is no one to testify to the principles or methods used in rendering this report. As indicated in the Pivotal Report, the report gives an overview of Federal and State regulations, uses data collected by someone other than Pivotal (LDEQ), discusses proposed sampling techniques for a hypothetical sampling network, discusses residential complaints, renders conclusions, presents modeling results, and gives recommendations.[13] Nowhere does the report identify its authors, nor have Plaintiffs identified a putative author of the report.

---

[8] *Id.* at *3.
[9] *Id.*
[10] *Id.* at *4.
[11] *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993).
[12] *Chandler* at *1.
[13] See Exhibit A.

There is no way for the Court or the Defendants to determine the qualifications of the person or persons who wrote the Pivotal Report, nor whether it is more likely than not that the report is based on reliable facts or data or on a proven type of methodology to reach its opinions and recommendations. Therefore, it does not pass the essential requirements of Federal Rule of Evidence 702 and should not be presented to the jury.

**A. The Plaintiffs' identified experts have used the Pivotal Report in making their assessments and conclusions, but due to the fact that the Pivotal Report is inadmissible hearsay and not based on reliable principles or methods the Plaintiffs' experts should not be permitted to discuss the Pivotal Report as forming the basis of their opinions.**

As stated above Federal Rule of Evidence Article 702 and *Daubert*, require the expert's report to reflect scientific knowledge, be derived by a scientific method, and be supported by 'appropriate validations.'[14] Federal Rule of Evidence 703 provides that "expert opinions based upon otherwise inadmissible hearsay are to be admitted only if the facts and data are 'of the type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject.'[15] If the court finds expert testimony to be unsubstantiated and unreliable, it must exclude same.[16] In *Oaks v. Westfield Insurance Co., et al*, the court found that the expert's proposed testimony was unreliable because the analysis and testing he relied upon to arrive at his opinions was based upon insufficient facts or data.[17]

In this case, the Pivotal Engineering Report has no one to testify to the facts, data, methodologies or principles at the root of its opinions. Further, there is no independent analysis that is cited within that report, therefore no reasonable expert could rely on this information in

---

[14] *Chandler v. R&B Falcon Inland, Inc.*, citing *Jacobs v. Northern King Shipping Co., Ltd.,* 1998 WL 28234, at *1 (E.D. La. Jan. 23, 1998) (quoting *Daubert,* 509 U.S. at 590).
[15] *Id.*
[16] *Champion v. GlobalSantaFe Drilling Co.*, CIV.A. 06-1800, 2008 WL 6928168, at *2 (E.D. La. Mar. 13, 2008) citing *Daubert,* 509 U.S. at 595.
[17] *Oaks v. Westfield Ins. Co.*, CIV.A. 13-1637, 2014 WL 198161, at *1 (E.D. La. Jan. 16, 2014).

forming opinions on the subject. The report indicates a review of sites and sampling events as well as an overview of sampling techniques, but there is no indication of any scientific principles used in forming the basis of this report. The report is unsubstantiated and must be excluded.

If Plaintiffs' experts used this report to render conclusions or to reach certain opinions, those conclusions are not admissible as the report is unsubstantiated and there is no way for Defendants or the Court to determine that the Pivotal Report is based on reliable principles or methods required under *Daubert* and Rule 702. There is also no witness that can testify as to the reliability or the trustworthiness of the Pivotal Report and because the Defendants and the Court are not able to determine the reliability of the report it is inadmissible along with Plaintiffs' other experts who relied on this unsubstantiated Pivotal Report.

Allowing Plaintiffs' experts to use this report would simply be a way for the Plaintiffs to circumvent this Court's role as the gatekeeper and present the jury with testimony that is ultimately inadmissible hearsay and inadmissible expert opinions, because there is no person to testify to the contents of the Pivotal Report. Any expert testimony that relies on this Pivotal Engineering Report should not be admitted at trial, and any portions of the conclusions or observations by the Plaintiffs' experts that are based on the Pivotal Report should be excluded at trial because they are unsubstantiated and not based on reliable evidence.

**IV.     The Plaintiffs intend to use the Pivotal Report but have failed to disclose the expert that is necessary for this report to be admissible as required by Federal Rule of Civil Procedure 26(a).**

The Federal Rule of Civil Procedure 26 entitled Duty to Disclose states under Rule 26 (a)(2)(D), that a party must make these disclosures at the times and in the sequence that the court orders. Here, Plaintiffs have failed to identify the expert that will testify to the report that was done by Pivotal Engineering in the time that was allotted by the Court. In addition to the fact that the

Pivotal Report lacks a qualified declarant to demonstrate that it is reliable and not hearsay, the Plaintiffs did not identify an expert who will testify to this report in accordance with the Court's Case Management Order, making the report inadmissible.

In *Havard v. Offshore Specialty Fabricators, LLC*, the expert was not timely identified in accordance with the court's scheduling orders and therefore the expert was not permitted to testify.[18] In *Havard*, the court stated, "Rule 26(a)(2) focuses on disclosure of expert testimony, mandating that parties disclose to other parties the identity of any experts it may use at trial; "this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is retained or specially employed to provide expert testimony in the case." Respecting timing, a party "must" disclose its **expert** and expert report "in the sequence that the court orders."[19] The court, in *Harvard*, stated that the remedy for this failure to comply with the scheduling orders comes from Federal Rule of Civil Procedure Rule 37(c)(1) and states, "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or harmless."[20] In *Havard*, the plaintiff's motion in limine to exclude the expert testimony was granted because the defendants were not able to show a substantial justification or that the failure to disclose was harmless.[21]

The law concerning the remedy when the expert is not timely identified is clear. In this case, Plaintiffs did not comply with this Court's Case Management Order and identify an expert that will give testimony on the topics or opinions discussed in the Pivotal Report.[22] According to

---

[18] *Havard v. Offshore Specialty Fabricators, LLC*, CV 14-824, 2019 WL 8643740, at *1 (E.D. La. May 8, 2019).
[19] *Id. at *2.*
[20] *Id. at *2.*
[21] *Id. at *2.*
[22] See Scheduling Order from the Court filed on February 15, 2024, attached hereto as Exhibit B.

the Case Management Order, expert discovery was to be completed by April 30, 2024, and witness lists were to be filed by May 14, 2024.[23] Plaintiffs did not identify an expert who would testify to the Pivotal Report and therefore that testimony and the report is inadmissible at trial.

Federal Rule of Civil Procedure Article 26(a)(4)(A) allows for the deposition of any person who has been identified as an expert.[24] In this case, Defendants have not been made aware of the expert and therefore were unable to depose this expert on their qualifications, facts, data, methodology, or the conclusions rendered in the Pivotal Report. Plaintiffs have failed to comply with the Court's Case Management Order to timely disclose the experts that will testify and therefore, the unidentified expert and the report are inadmissible at trial.

## **CONCLUSION**

For these reasons, Plaintiffs should be prohibited from offering the report rendered by Pivotal Engineering as the report is unsubstantiated, there is no one identified to testify that the report is based on reliable methods or principles as required by Federal Rule of Evidence 702, is inadmissible hearsay as there is no declarant to testify to the report as required by Federal Rule of Evidence 802, and Plaintiffs have failed to timely disclose the expert who will testify to the contents of this report in accordance with this Court's Case Management Order as required by Federal Rule of Civil Procedure 26(a). The Pivotal Engineering reported is not admissible and should be excluded at trial.

(Signature Block on Next Page)

---

[23] See Exhibit B.
[24] Fed. Rule Civ. Pro. 26

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing pleading was served upon all counsel of record in the parties named herein through the Court's ECF system.

Metairie, Louisiana, this 17th day of July 2024.

   /s/ *Michael S. Futrell*
  Michael S. Futrell

Respectfully submitted,

**CONNICK AND CONNICK, LLC**

  /s/ *Michael S. Futrell*
W. Peter Connick, La. Bar No. 14158
Michael S. Futrell, La. Bar No. 20819
Matthew D. Moghis, La. Bar No. 33994
Anya M. Jones, La. Bar No. 36923
3421 N. Causeway Boulevard, Suite 408
Metairie, Louisiana 70002
Telephone: (504) 681-6663
Facsimile: (504) 838-9903
E-mail: mfutrell@connicklaw.com
    moghis@connicklaw.com

*Counsel for Defendant, Jefferson Parish*

**LISKOW & LEWIS, APLC**

By: /s/ Michael C. Mims
  Michael Cash (#31655)
  Cherrell Simms Taplin (#28227)
  Michael C. Mims (#33991)
  Brady M. Hadden (#37708)
  J. Hunter Curtis (#39150)
  Alec Andrade (#38659)
  701 Poydras Street, Suite 5000
  New Orleans, LA 70139
  Telephone: (504) 581-7979
  Telefax: (504) 556-4108


  **BEVERIDGE & DIAMOND, P.C.**

  Megan R. Brillault (*pro hac vice*)
  Michael G. Murphy (*pro hac vice*)
  John H. Paul (*pro hac vice*)
  Katelyn E. Ciolino (*pro hac vice*)
  Katrina M. Krebs (*pro hac vice*)
  825 Third Avenue, 16th Floor
  New York, NY 10022
  (212) 702-5400

James B. Slaughter (*pro hac vice*)
1900 N Street, NW, Suite 100
Washington, DC 20036
(202) 789-6000

Michael F. Vitris (*pro hac vice*)
400 W. 15th Street, Suite 1410
Austin, TX 78701
(512) 391-8035

*Counsel for Defendants Louisiana Regional Landfill Company, Waste Connections Bayou, Inc., and Waste Connections US, Inc.*


**GIEGER, LABORDE & LAPEROUSE, L.L.C.**

By:   /s/ J. Michael DiGiglia
Ernest P. Gieger, Jr. (6154)
John E. W. Baay (22928)
J. Michael DiGiglia (24378)
Nicholas S. Bergeron (37585)
Blaise Chadwick Hill (*pro hac vice*)
Gieger, Laborde & Laperouse, L.L.C.
Hancock Whitney Center
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139
Telephone: (504) 561-0400
Facsimile: (504) 561-1011

*Attorneys for Defendant Aptim Corp.*