UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| FREDERICK ADDISON, ET AL., | * | |
| | * | |
| PLAINTIFF, | * | CIVIL ACTION NO. 19-11133, |
| | * | c/w 19-14512 |
| VERSUS | * | |
| | * | |
| LOUISIANA REGIONAL LANDFILL COMPANY, ET AL., | * | |
| | * | JUDGE MORGAN |
| | * | |
| DEFENDANTS. | * | MAGISTRATE |
| | * | JUDGE NORTH |
| *APPLIES TO: ALL CASES* | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM IN SUPPORT OF MOTION *IN LIMINE*
REGARDING GOLDEN RULE AND REPTILE ARGUMENTS**

Defendants Aptim Corp., Louisiana Regional Landfill Company, Waste Connections Bayou, Inc., and Waste Connections US, Inc. ("Defendants") submit this memorandum in support of their motion *in limine* to exclude anticipated "Golden Rule" arguments as irrelevant, unduly prejudicial, and misleading to the jury.

**INTRODUCTION**

"Golden Rule," "Conscience of the Community," and "Reptile Theory" arguments and statements pander to the jury's prejudice, passion, sympathy and emotion, and invite the jury to impose liability or award damages on grounds other than the merits. These three variations on the same essential tactic are irrelevant, misleading, and confusing. Based on language Plaintiffs have already used in pleadings in this case, Plaintiffs have shown they will attempt to use these tactics at trial to entice jurors to put themselves in the shoes of Plaintiffs in violation of the Golden Rule, to evoke a sense of loyalty to a community, duty, and expectation, and to capitalize on the "Reptile

Theory" of juror persuasion. At various times, Plaintiffs have accused one or more of the Defendants of "[i]gnoring the known risk to the health and safety of the community…"[1], choosing to "line [their] pocketbook[s] at the expense of the residents of Jefferson Parish…."[2], and having the choice to "step up to the plate, and make things right with the community, or blame someone else and lie."[3]

Similarly, Plaintiffs have previewed that they intend to offer testimony on the harm allegedly suffered by the community at large. For example, Plaintiffs have listed Gerald Herbert on their will-call witness list. Mr. Herbert was the administrator of the Facebook page "Harahan/River Ridge Air Quality." Mr. Herbert has no knowledge of the 13 Trial Plaintiffs or their injuries – rather, Plaintiffs intend to offer the testimony of Mr. Herbert to show that the community at large was allegedly harmed, as illustrated by their deposition questions:

- "Can you expand a little bit more on your personal experiences as a member of community -- the community that were affected by these odors?"[4]
- "Thank you for sharing that experience. You know, you -- you clearly are a community leader with what you've -- what you've done and –"[5]
- "And would it be fair to say… you stepped up for some individuals that weren't in a situation where they could voice their opinion and collect the data and spend that amount of time to mobilize a community?"[6]

Arguments and questioning like these at trial would ask the jury to assume liability without proof

---

[1] Addison Plaintiffs' Opposition to Petition for Mandamus, No. 23-30243, R. Doc. 36-1 at 9 (5th Cir. 2023), attached hereto as Exhibit 1.
[2] R. Doc. 342 at 4.
[3] *Id*. at 7.
[4] Excerpts of Deposition of Gerald Herbert, taken on May 22, 2024, attached hereto as Exhibit 2 at 163:10-12.
[5] *Id*. at 168:16-18.
[6] *Id*. at 168:20-25.

and impose damages on behalf of a community of people who are not Trial Plaintiffs and whose injuries are not relevant to the upcoming trial. Plaintiffs intend to evoke a sense of community among the jurors and the Trial Plaintiffs, unite them against Defendants, and call upon the jury to protect their community independent of any evidence of actual damages. Such arguments are irrelevant and prejudicial to Defendants, and Plaintiffs should be prohibited from introducing such evidence or making such statements or arguments at trial.

## **LAW & ANALYSIS**

Under federal law, only evidence that is relevant is admissible. Fed. R. Evid. 402. Evidence is relevant if it "has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Even if relevant, evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Plaintiffs should be precluded from introducing evidence or eliciting testimony or making any arguments that ask the jurors to place themselves in the position of the Plaintiffs ("Golden Rule"), to evoke a sense of community, loyalty, duty, and expectation in the jury ("Conscience of the Community"), or to utilize the "Reptile Theory" of juror persuasion by appealing to reactionary and protective instincts irrespective of the evidence. Blatant attempts to influence the jury to decide based purely on passion and prejudice are forbidden. *See Whitehead v. Food Max of Miss. Inc.*, 163 F. 3d 265, 276 (5th Cir. 1998). Attempts by Plaintiffs or their counsel to appeal to the passion and prejudice of the jury are irrelevant and prejudicial to Defendants and contaminate the trial process. They should be prohibited at the outset.

### A. Golden Rule

"A Golden Rule argument suggests that the jury place themselves in the plaintiff's position and do unto him as they would have him do unto them." *Learmonth v. Sears, Roebuck & Co.*, 631 F.3d 724, 732 (5th Cir. 2011) (internal quotations and citations omitted). The Fifth Circuit "has forbidden plaintiff's counsel to explicitly request a jury to place themselves in the plaintiff's position and do unto him as they would have him do unto them." *Whitehead v. Food Max of Mississippi, Inc.*, 163 F.3d 265, 278 (5th Cir. 1998) (reversing jury's award of damages when plaintiff's counsel argued "And can you imagine how it would feel to have a knife in your side or a knife on your leg or a pistol at your neck for ten seconds?").

A Golden Rule argument "is improper because it encourages the jury to depart from neutrality and to decide the case on the basis of personal interest and bias rather than on the evidence." *Larson v. Bo-Mick Constr. Co.*, 1986 WL 12202, at *1 (E.D. La. Oct. 29, 1986). "While the court generally grants counsel some latitude in their arguments, 'Golden Rule' assertions are improper on the topic of damages because the jury must act objectively in this regard." *Brown v. Parker Drilling Offshore Corp.*, 410 F.3d 166, 180 (5th Cir. 2005); *see also Adams v. Popeyes Louisiana Kitchen, Inc.*, 2021 WL 2221565, at *2 (E.D. La. June 2, 2021) (excluding Golden Rule arguments on damages); *Hebert v. Prime Ins. Co.*, 2020 WL 1865952, at *3 (W.D. La. Apr. 13, 2020) (same); *Baxter v. Anderson*, 277 F.Supp.3d 860, 863 (M.D. La. Oct. 4, 2017) (same). As such, Plaintiffs should be prohibited from offering Golden Rule arguments at trial.

### B. Conscience of the Community

A conscience of the community argument "references to a community standard or expectation which would be disappointed unless the jury returned a large verdict in [the plaintiff's] favor." *Westbrook v. Gen. Tire & Rubber Co.*, 754 F.2d 1233, 1238 (5th Cir. 1985); *Learmonth*,

631 F.3d at 732. Conscience-of-Community arguments are "impassioned and prejudicial pleas intended to evoke a sense of community loyalty, duty and expectation." *F.H. Paschen, S.N Nielsen & Associates LLC v. Hiscox, Inc.*, 2015 WL 13532830, at *2 (E.D. La. Nov. 25, 2015), quoting *Westbrook*, 754 F.2d at 1239. These arguments rely on the parties' popular appeal, identities, or locations to prejudice the jury against large organizations and out-of-state corporations. *Guar. Serv. Corp. v. Am. Emp'rs Ins. Co.*, 893 F.2d 725, 729 (5th Cir. 1990). In excluding Conscience-of-Community arguments, the *Adams* court stated, "With respect to 'conscience of the community' arguments, the Fifth Circuit Court of Appeals has stated that such appeals 'serve no proper purpose and carry the potential of substantial injustice when invoked against outsiders.' *Adams*, 2021 WL 2221565 at *2, quoting *Westbrook*, 754 F.2d at 1239; *see also F.H. Paschen*, 2015 WL 13532830 at *2 ("Every lawyer should know that 'Golden Rule' or 'Conscience-of-the Community' arguments so taint a jury that a mistrial is warranted.").

Plaintiffs have shown they will ask the jurors to defend the community against Defendants, particularly against the out-of-state corporations involved in this case. Plaintiffs should be prohibited from doing so.

    **C.**    **Reptile Theory**

The Reptile Theory argument is a fairly recent offshoot of the above concepts, based on a 2009 book entitled *Reptile: the 2009 Manual for the Plaintiff's Revolution* and "employs tactics to force jurors to make decisions based purely on perceived personal danger, instead of considering whether the plaintiff is entitled to damages under applicable legal standards." *Adams*, 2021 WL 2221565 at *2. Reptile principles argue that the valid measure of damages is not the amount of harm actually caused in a case, but instead the maximum harm that a defendant's alleged conduct *could have* caused. The intent of this strategy is to prime the jury to return a verdict for Plaintiffs

5

out of fear of safety for themselves and their community. Courts consider the Reptile Theory under the same umbrella as Golden Rule and Conscience-of-Community arguments and have excluded such arguments under the same basis. *See Jackson v. Low Constr. Grp., LLC*, 2:19-CV-130-KS-MTP, 2021 WL 1030995, at *2 (S.D. Miss. Mar. 17, 2021); *Woulard v. Greenwood Motor Lines, Inc.*, 2019 WL 3318467, at *2-*3 (S.D. Miss. Feb. 4, 2019); *Grisham v. Longo*, 2018 WL 4404069, at *1 (N.D. Miss. Sept. 14, 2018).

Plaintiffs have demonstrated that they will use reptile tactics if allowed. They have repeatedly argued that Defendants ignored known risks to the "health and safety of the community" – as distinct from the Trial Plaintiffs – and that Defendants did so to "line their pocketbooks." They have sought to identify at least one witness as a "leader" of the community who has stepped up for unnamed others who couldn't "voice their own opinions." This type of testimony and argument is irrelevant to the witness's own experiences or the experiences of the Trial Plaintiffs, and is calculated to trigger the jurors' sense of personal safety and accountability to people whose alleged injuries are not at issue in the upcoming trial.

## **CONCLUSION**

While the Court will surely instruct the jurors that they are not to decide the case based on personal prejudice, passion, or bias, here, that is not sufficient given that Plaintiffs have previewed that they intend to introduce inflammatory evidence that would taint the trial process. Plaintiffs intend to make the jurors feel like they themselves were put in danger by alleged odors from the Landfill, and intend to evoke the jurors' instincts to protect their own personal and community safety. Any such arguments should be prohibited in advance of trial to avoid the risk of the jury hearing evidence that would "so taint a jury that a mistrial is warranted." *F.H. Paschen*, 2015 WL 13532830 at *2.

Golden Rule, Conscience of the Community, and Reptile Theory tactics are irrelevant and prejudicial to Defendants and should be excluded. Specifically, Plaintiffs should be precluded from offering any argument or eliciting any testimony that would tend to suggest the following to the jurors:

- They should consider not just injuries to the 13 Trial Plaintiffs but harm to the surrounding community;
- they should place themselves in the shoes of the Plaintiffs or others living in the vicinity of industrial facilities;
- they should act to protect themselves, their families, and/or the community;
- they should serve as the "conscience of the community" or otherwise decide issues based on a sense of community loyalty, duty and expectation;
- they should send a message to the Defendants or other municipalities or corporations;
- they should prevent a repeat of events similar to those at issue in this case.

Any argument or testimony related to such topics is inadmissible, would deprive the Defendants of a fair trial, and must be excluded.

Respectfully submitted,

LISKOW & LEWIS, APLC

By:   /s/ Michael C. Mims
      Michael Cash (#31655)
      Cherrell Simms Taplin (#28227)
      Michael C. Mims (#33991)
      Brady M. Hadden (#37708)
      Alec N. Andrade (#38659)
      J. Hunter Curtis (#39150)
      701 Poydras Street, Suite 5000
      New Orleans, LA 70139
      Telephone: (504) 581-7979

Telefax: (504) 556-4108

BEVERIDGE & DIAMOND, P.C.

Megan R. Brillault (*pro hac vice*)
Michael G. Murphy (*pro hac vice*)
John H. Paul (*pro hac vice*)
Katelyn E. Ciolino (*pro hac vice*)
Katrina M. Krebs (*pro hac vice*)
825 Third Avenue, 16th Floor
New York, NY 10022
(212) 702-5400

James B. Slaughter (*pro hac vice*)
1900 N Street, NW, Suite 100
Washington, DC 20036
(202) 789-6000

Michael F. Vitris (*pro hac vice*)
400 W. 15th Street, Suite 1410
Austin, TX 78701
(512) 391-8035

*Counsel for Defendants Louisiana Regional Landfill Company, Waste Connections Bayou, Inc., and Waste Connections US, Inc.*

GIEGER, LABORDE & LAPEROUSE, L.L.C.

By:   /s/ J. Michael DiGiglia
      Ernest P. Gieger, Jr. (6154)
      John E. W. Baay (22928)
      J. Michael DiGiglia (24378)
      Nicholas S. Bergeron (37585)
      Blaise Chadwick Hill (*pro hac vice*)
      Gieger, Laborde & Laperouse, L.L.C.
      Hancock Whitney Center
      701 Poydras Street, Suite 4800
      New Orleans, Louisiana 70139
      Telephone: (504) 561-0400
      Facsimile: (504) 561-1011

*Attorneys for Defendant Aptim Corp.*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing has been forwarded to all counsel of record via the Court's electronic case management system on July 17, 2024.

/s/ Michael C. Mims