UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FREDERICK ADDISON, ET AL.,** | CIVIL ACTION |
| **Plaintiffs** | NO. 19-11133 c/w 19-14512 |
| *versus* | SECTION: "E" (5) |
| **LOUISIANA REGIONAL LANDFILL COMPANY, ET AL.,** | JUDGE SUSIE MORGAN |
| **Defendants** | MAG. JUDGE MICHAEL B. NORTH |
| ***APPLIES TO ALL CASES*** | |

### DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION IN LIMINE TO EXCLUDE TESTIMONY ABOUT FEAR OF DISEASES

Defendants Aptim Corp., Jefferson Parish, Louisiana Regional Landfill Company, Waste Connections Bayou, Inc., and Waste Connections US, Inc., through undersigned counsel, respectfully submit the following Memorandum in Support of their Motion in Limine to Exclude Testimony about Fear of Diseases.

The Trial Plaintiffs and/or their experts have testified at deposition, and will likely attempt to tell the jury, that the Trial Plaintiffs feared landfill odors caused permanent neurological injuries,[1] damaged peoples' lungs,[2] shortened their life expectancy,[3] and even killed people[4] – meritless allegations that the Court has dismissed, along with other "Non-Allowed Injuries," given

---

[1] *See* Defendants Motion in *Limine* to Limit the Testimony of Plaintiffs' Expert, Robert DeLorenzo, R. Doc. 562-1 at 5.
[2] *See, e.g.*, Deposition of Mary Ann Winningkoff, attached hereto as Exhibit 1, at 88:7-9 ("And I truly believe that my husband would be here today if it wouldn't have been that [the odor] was damaging his lungs more.").
[3] *See, e.g.*, Deposition of Mary Ann Winningkoff at 98:11-13 ("I really think [the odors] enhanced his death"); *Id.* at 150:7-9 ("he would be here today, I think, if he didn't have the fumes and the sulfur and all in his lungs too.")
[4] *See, e.g.*, Deposition of Andrew Section, attached hereto as Exhibit 2, at 112:2-7 ("the way I feel about the situation, that that smell was so horrible, I don't know what's going to go on with my body. They got people that done died already. I don't know if it's from the smell or whatever. But in the neighborhood people were dropping like flies.").

the lack of causation evidence.[5] The Trial Plaintiffs must not be allowed to "back door" allegations of the Non-Allowed Injuries before the jury in the form of "fear of" testimony, which Louisiana law holds to be inadmissible when, as here, Plaintiffs lack evidence of any increased risk of disease.

The August 2024 trial will be about whether the Trial Plaintiffs were exposed to emissions from the Jefferson Parish Landfill ("JPLF"), and if so, whether those emissions caused them to suffer injuries such as loss of quality of life, headaches, nausea, and the other "Allowed Injuries" recognized by the Court.[6] The trial will *not* be about meritless allegations of deadly respiratory ailments, permanent neurological injuries, or other Non-Allowed Injuries. The Trial Plaintiffs' testimony that they feared such injuries must be excluded as it would only serve to flout the Court's recent summary judgment ruling, inflame the jury, and deprive Defendants of a fair trial. For the reasons set forth below, the Court should exclude any testimony that the Trial Plaintiffs (or anyone else) feared that odors would cause any of the Non-Allowed Injuries.

## APPLICABLE LAW

In toxic exposure cases, Louisiana law holds that fear of future injury is a compensable injury in narrow circumstances, none of which are present here. As a threshold matter, a plaintiff must present evidence of his particular fear of a specific disease[7] and that the exposure to the chemical at issue is capable of causing the feared-of disease.[8] Where these factors are not established, courts routinely exclude fear of disease testimony because it is prejudicial and

---

[5] *See* Order Granting Defendants Motion for Summary Judgment, R. Doc. 642; *see also* General Causation Order, R. Doc. 323 (finding a lack of general causation as to such claims).
[6] *See* Order Granting Defendants Motion for Summary Judgment, R. Doc. 642 at 3-4.
[7] *See Smith v. A.C. & S., Inc.,* 843 F.2d 854, 858 (5th Cir. 1988) (a plaintiff must "introduce evidence of his particular fears with some specificity, instead of generally indicating concern for his future health.").
[8] *See Fontenot v. Citgo Petroleum Corp.*, 2017-924 (La. App. 3 Cir. 5/23/18), 247 So. 3d 837, 840 ("We agree that a plaintiff bringing a fear of future injury claim must show a possibility that the injury at least could happen in the future.").

improper evidence to support other injuries.[9] Here, Plaintiffs lack a viable claim for fear of the Non-Allowed Injuries, given the Court's finding that general causation does not exist for such injuries.[10]

Under the Federal Rules of Evidence, only relevant evidence is admissible.[11] Still, relevant evidence may be excluded if the Court finds that "the danger of unfair prejudice . . . substantially outweigh[s] the probative value of the evidence." *U.S. v. Fields,* 483 F.3d 313, 354 (5th Cir. 2007) (discussing Fed. R. Evid. 403). Under this rule, courts are charged with "excluding matter[s] of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." *United States v. Pace*, 10 F.3d 1106, 1116 (5th Cir. 1993).

## ANALYSIS

**1. Evidence of Non-Allowed Injuries is not relevant.**

The Court has already resolved the issue of general causation, which is defined as "whether [the] substance is capable of causing a particular injury or condition in the general population." *Knight v. Kirby Inland Marine Inc.*, 482 F.3d 347, 351 (5th Cir. 2007). The Court determined that Plaintiffs' alleged exposures were *capable* of causing a narrow list of nuisance injuries.[12] Recently, the Court clarified the list of Non-Allowed Injuries for which general causation does not exist, and dismissed all claims based on such injuries.[13] Accordingly, the Non-Allowed Injuries are no longer

---

[9] *See Smith v. A.C. & S., Inc.*, 843 F.2d 854, 859 (5th Cir. 1988) ("In sum, cancer evidence is highly inflammatory and understandably incites the passions and fears of most reasonable individuals. Recognizing the emotional impact of this type of evidence, it is critical that evidence of cancer only be admitted in those situations where the proper evidentiary guidelines are followed."); *Adams v. Johns-Manville Sales Corp.*, 783 F.2d 589, 593 (5th Cir. 1986) ("Nor is a litigant entitled to adduce proof that he fears complications in the hope it will sway the jury to find that the underlying injury exists.").

[10] *See Bonnette v. Conoco, Inc*., 2001-2767 (La. 1/28/03), 837 So. 2d 1219.

[11] Relevance is defined to include evidence that has "any tendency to make a fact more or less probable" if "the fact is of consequence in determining the action." Fed. R. Evid. 401. "Implicit in that definition [of relevance] are two distinct requirements: (1) The evidence must be probative of the proposition it is offered to prove, and (2) the proposition to be proved must be one that is of consequence to the determination of the action." *United States v. Hall*, 653 F.2d 1002, 1005 (5th Cir. 1981). The substantive law determines what propositions are of "consequence." *See Id.*

[12] *See* General Causation Order, R. Doc. 323 at p. 44.

[13] *See* Order Granting Defendants Motion for Summary Judgment, R. Doc. 642 at 13.

"of consequence to the determination of the action" and therefore testimony concerning the same is irrelevant and inadmissible. *United States v. Hall*, 653 F.2d 1002, 1005 (5th Cir. 1981).

2. **Plaintiffs cannot sneak in evidence of Non-Allowed Injuries under the guise of anxiety and worry.**

Though this Court has explicitly cautioned that "[a]t trial, Plaintiffs only may assert claims for the Allowed Injuries," the present motion is necessary to preclude the Trial Plaintiffs from presenting evidence related to Non-Allowed Injuries under the guise of a claim for "anxiety and worry." Though the Court found that anxiety and worry encompassed "concern regarding long term effects," this cannot extend to testimony about the fear of Non-Allowed Injuries.[14] Otherwise, the exception would swallow the rule – in other words, the Court's narrowing of this case to a set of Allowed Injuries would be for naught if the Trial Plaintiffs could still present evidence of fear of cancer, neurological injury, death, etc. under the umbrella of their anxiety and worry claims. Exclusion of such "fear of" testimony is required in order to give teeth to the Court's dismissal of the Non-Allowed Injuries.

Louisiana law also compels this result because "fear of" claims are only valid when a plaintiff has proven that his exposure is capable of causing the feared-of disease.[15] For the "Non-Allowed Injuries," Plaintiffs have not established general causation, i.e., that the exposures at issue were capable of causing those injuries. "[C]oncern about long term effects" must therefore be read to encompass only evidence of a generalized fear and fear of the "Allowed Injuries," as they are the only ones that this Court has held Plaintiffs' alleged exposures are capable of causing.

---

[14] *See* Order Granting Defendants Motion for Summary Judgment, R. Doc. 642 at 4.
[15] *See Fontenot v. Citgo Petroleum Corp.*, 2017-924 (La. App. 3 Cir. 5/23/18), 247 So. 3d 837, 840 ("We agree that a plaintiff bringing a fear of future injury claim must show a possibility that the injury at least could happen in the future.").

4

Moreover, the Fifth Circuit has repeatedly held that juries should not be allowed to hear testimony about unfounded fears of a disease, because such testimony is inherently inflammatory and prejudicial.[16] Because evidence of the Trial Plaintiffs' fear of Non-Allowed Injuries is not probative of whether they actually suffered any of the Allowed Injuries, its prejudicial nature substantially outweighs its probative value and should be excluded.[17]

## CONCLUSION

Plaintiffs should not be allowed to flout the Court's recent summary judgment ruling and offer evidence of Non-Allowed Injuries through the back door. The Court should preclude the Trial Plaintiffs from offering testimony that they feared any injuries other than the Allowed Injuries, which is necessary in order to ensure a fair trial, prevent the risk of jury confusion, and give teeth to the Court's recent summary judgment ruling.

Respectfully submitted,

LISKOW & LEWIS, APLC

By:   /s/ Michael C. Mims
      Michael Cash (#31655)
      Cherrell Simms Taplin (#28227)
      Michael C. Mims (#33991)
      Brady M. Hadden (#37708)
      J. Hunter Curtis (#39150)
      Alec Andrade (#38659)
      701 Poydras Street, Suite 5000
      New Orleans, LA 70139
      Telephone: (504) 581-7979
      Telefax: (504) 556-4108

---

[16] *See Smith v. A.C. & S., Inc.*, 843 F.2d 854, 859 (5th Cir. 1988) ("In sum, cancer evidence is highly inflammatory and understandably incites the passions and fears of most reasonable individuals. Recognizing the emotional impact of this type of evidence, it is critical that evidence of cancer only be admitted in those situations where the proper evidentiary guidelines are followed."); *Adams v. Johns-Manville Sales Corp.*, 783 F.2d 589, 593 (5th Cir. 1986) ("Nor is a litigant entitled to adduce proof that he fears complications in the hope it will sway the jury to find that the underlying injury exists."); *see also Bouchard v. Am. Home Prod. Corp.*, 213 F. Supp. 2d 802, 811 (N.D. Ohio 2002) (potential relevance of evidence concerning a condition not experienced by the plaintiff, but allegedly caused by the subject drug, was "far outweighed by the danger of confusion of the issues and the danger of unfair prejudice").
[17] *See* Fed. R. Evid. 403.

5

BEVERIDGE & DIAMOND, P.C.

Megan R. Brillault (*pro hac vice*)
Michael G. Murphy (*pro hac vice*)
John H. Paul (*pro hac vice*)
Katelyn E. Ciolino (*pro hac vice*)
Katrina M. Krebs (*pro hac vice*)
825 Third Avenue, 16th Floor
New York, NY 10022
(212) 702-5400

James B. Slaughter (*pro hac vice*)
1900 N Street, NW, Suite 100
Washington, DC 20036
(202) 789-6000

Michael F. Vitris (*pro hac vice*)
400 W. 15th Street, Suite 1410
Austin, TX 78701
(512) 391-8035

*Counsel for Defendants Louisiana Regional Landfill Company, Waste Connections Bayou, Inc., and Waste Connections US, Inc.*


CONNICK AND CONNICK, LLC

By:    /s/ Michael S. Futrell
        William P. Connick, La. Bar No. 14158
        Michael S. Futrell, La. Bar No. 20819
        Matthew D. Moghis, La. Bar No. 33994
        Anya M. Jones, La. Bar No. 36923
        3421 N. Causeway Blvd., Suite 408
        Metairie, Louisiana 70002
        Telephone: (504) 681-6658
        Facsimile: (504) 838-9903
        E-mail: moghis@connicklaw.com

        *Counsel for Defendant Jefferson Parish*


GIEGER, LABORDE & LAPEROUSE, L.L.C.

By: /s/ Nicholas S. Bergeron
Ernest P. Gieger, Jr. (6154)
John E. W. Baay (22928)
J. Michael DiGiglia (24378)
Nicholas S. Bergeron (37585)
Blaise Chadwick Hill (*pro hac vice*)
Hancock Whitney Center
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139
Telephone:  (504) 561-0400
Facsimile:  (504) 561-1011
Email:  egieger@glllaw.com
jbaay@glllaw.com
mdigiglia@glllaw.com
nbergeron@glllaw.com
chill@glllaw.com

*Attorneys for Aptim Corporation*

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been forwarded to all counsel of record via the Court's electronic case management system on July 17, 2024.

/s/ Michael C. Mims

7