**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| *Related Case:* <br><br> **FREDERICK ADDISION ET AL.,** <br>         **Plaintiffs,** <br><br> **VERSUS** <br><br> **LOUISIANA REGIONAL LANDFILL COMPANY, ET AL.,** <br>         **Defendants.** | **CIVIL ACTION** <br><br> **NO. 19-11133** <br><br> **SECTION: "E"(5)** <br><br><br> **JUDGE: Morgan** <br> **MAGISTRATE JUDGE: North** |

**MEMORANDUM IN SUPPORT OF**
**DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE**
**RELATED TO POTENTIAL CLAIMANTS NOT PROCEEDING TO TRIAL**

All Defendants[1] jointly submit this Memorandum in Support of their Motion *in Limine* to exclude evidence related to Plaintiffs or potential claimants who are not proceeding to trial in August 2024. In the upcoming trial, the jury will consider claims brought by the thirteen *Addison* Plaintiffs previously selected for trial (the "Trial Plaintiffs"),[2] and only their claims for injuries for which the Court has found general causation.[3] The Court should exclude evidence of the alleged injuries of any individuals whose claims are not at issue in the August 2024 trial, including all evidence related to: (1) the existence of any claims other than those of the Trial Plaintiffs; (2)

---

[1] Defendants in this matter are Aptim Corp., Jefferson Parish, Louisiana Regional Landfill Company, Waste Connections Bayou, Inc., and Waste Connections US, Inc.

[2] The Trial Plaintiffs are Stanley Meyers, Geneva Green, Jonathan Tate, Reshaun Richardson, Mary Ann Winningkoff, Andrew Section, Vernice Lewis, Tyrone Thompson, Terrance Thompson, Wendy Gremillion, Scott Gremillion, and the Gremillions' two minor children A.G. and B.G. The parties acknowledge that the Trial Plaintiffs are not intended to be bellwether plaintiffs under *In re Chevron U.S.A., Inc.*, 109 F.3d 1016 (5th Cir. 1997).

[3] Order Granting Defendants' Motion for Partial Summary Judgment, R. Doc. 642.

1

hearsay statements about the odor experiences of others; and (3) Trial Plaintiff Mary Ann Winningkoff's testimony about her deceased husband's experiences with odor.

### A. **Evidence of other Plaintiffs' claims should be excluded as more prejudicial than probative.**

The jury should not hear argument or evidence about any Plaintiffs other than the thirteen Trial Plaintiffs at the August 2024 trial. More than 540 *Addison* Plaintiffs, along with a proposed class of *Ictech-Bendeck* Plaintiffs, have filed lawsuits against the Defendants claiming injuries due to odors from the Jefferson Parish Landfill ("JPLF"). Of those who have filed suit, not a single Plaintiff has so far proved that his or her injuries were caused by exposure to odors from the JPLF. In the August 2024 trial, the jury will evaluate the merits of some of those injury allegations for the first time. However, this trial is limited to the lawsuits brought by the thirteen Trial Plaintiffs. The jury will not decide the merits of the claims made by any other Plaintiff.

The Fifth Circuit and several other sections of the Eastern District of Louisiana have recognized that, when a small subset of plaintiffs from a larger pool proceeds to trial, the jury should not hear about the mass of plaintiffs making similar claims, as it would inflict substantial prejudice while providing little probative value. *See Yellow Bayou Plantation, Inc. v. Shell Chem., Inc.*, 491 F.2d 1239, 1243 (5th Cir. 1974) (affirming district court's exclusion of evidence of other similar lawsuits against defendant; "To exclude evidence of such faint probative value and high potential for unfair prejudice was well within the trial court's discretion.").[4]

---

[4] *See also Johnson v. Ford Motor Co.,* 988 F.2d 573, 579 (5th Cir. 1993) (excluding evidence summarizing other lawsuits against Ford); *Gomez v. Daig Corp.*, No. 00-0754, 2004 WL 5503782, at *1 (E.D. La. Feb. 5, 2004) (Lemelle, J.) (granting defendants' motion to exclude evidence of other lawsuits); *Fairley v. Wal-Mart Stores, Inc.*, No. 15-462, R. Doc. 220, at 15 (E.D. La. Nov. 15, 2016) (Brown, J.) (granting defendant's motions to exclude evidence of class action from which plaintiff's case was severed and evidence of class actions brought by other plaintiffs against defendant) (regarding the prior class action, "the probative value of this additional evidence is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury and wasting time"; regarding class actions by other plaintiffs, the evidence "appears to be of no probative value" and "even if this evidence is of some probative value, such value is substantially

The same result should obtain here. The Trial Plaintiffs should not be permitted to discuss the existence of the more than 540 *Addison* Plaintiffs and the thousands of proposed members of the *Ictech-Bendeck* putative class action. Such discussions would interfere with the jury's ability to weigh the specific claims brought by the Trial Plaintiffs.

The jury will already have to weigh the evidence with respect to thirteen individual Plaintiffs living at different distances and directions from the landfill, different neighborhoods, different impacts and individual circumstances, notwithstanding arguments concerning comparative fault if Defendants are found liable. If Plaintiffs are also permitted to introduce evidence of non-trial Plaintiffs, it will only further confuse the issues, cause undue delay, and risk substantial prejudice if the jury attempts to award damages beyond the thirteen Trial Plaintiffs.

The unproven allegations of other Plaintiffs have limited probative value but a high danger of unfair prejudice and confusing the issues under Fed. R. Evid. 403.[5] Thus, consistent with the prior decisions of the Fifth Circuit and Eastern District, the Trial Plaintiffs should be precluded from presenting evidence of the existence of other Plaintiffs to the jury.

B. **Hearsay statements about odor experiences should be excluded.**

The Trial Plaintiffs should also not be allowed to testify about the alleged odor experiences of their family, friends, neighbors, or other persons – as they could only know this information by hearing it from someone else, making it inadmissible hearsay. *Johnson v. Ford Motor Co.*, 988 F.2d 573, 579 (5th Cir. 1993) (excluding evidence of unadjudicated claims and lawsuits as

---

outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury and wasting time."). Other district courts within the Circuit have ruled the same. *See Barnes v. Koppers, Inc.*, No. 3:03CV60-P-D, 2006 WL 940279, at *3 (N.D. Miss. Apr. 11, 2006) (granting defendants' motion to exclude evidence of hundreds of other lawsuits consolidated with the plaintiff's case).

[5] Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.").

inadmissible hearsay). For example, Trial Plaintiff Mary Ann Winningkoff ("Mrs. Winningkoff") testified that one of the reasons she filed suit was, "I'm doing it for my neighbors and the people on Facebook that have children that have allergies and asthma and all, and had problems and had to go through it."[6] Under the rule prohibiting hearsay evidence, the Trial Plaintiffs cannot offer out-of-court statements in an effort to prove that other people also smelled odors.[7] This hearsay is inadmissible because Defendants would not have an opportunity to cross-examine the non-testifying individuals about their out-of-court statements. *See United States v. Black*, 436 F.2d 838, 840 (5th Cir. 1971) ("At the heart of the hearsay rule is the policy against depriving a party of his right to cross-examine a witness.").

The Trial Plaintiffs will have ample opportunity to tell the jury about their own experiences with odors during the relevant time period. They should not be allowed to give hearsay testimony about how others said they were affected.

## C. **Testimony on Mrs. Winningkoff's deceased husband is inadmissible as speculative, irrelevant, unfairly prejudicial, and constituting hearsay.**

Finally, Mrs. Winningkoff should be precluded from offering certain testimony about her deceased husband that is speculative, irrelevant, unfairly prejudicial, and/or constitutes hearsay. At her deposition, on five separate occasions, Mrs. Winningkoff interjected that landfill odors either caused or accelerated her husband Adam's death, for example, "he would be here today, I

---

[6] *See* Exhibit 1, Excerpts of Deposition of Mary Ann Winningkoff, dated April 19, 2023 (hereafter "Winningkoff Dep.") at 150:2-16. *See also id.* at 97:12-17 ("I'm doing it for my neighbors, because they had experiences too."); 171:20-172:6 ("I think I explained myself. That this is a threefold thing for me. One, for my husband, one for me and one for my neighbors. And my heart goes out to all of them.").

[7] That is because those out-of-courts statements of others would be introduced "to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c) ("'Hearsay' means a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement.").

4

think, if he didn't have the fumes and the sulfur and all in his lungs too."[8] Further, Mrs. Winningkoff repeatedly testified that the number one reason she filed her lawsuit was to seek justice for her husband.[9] Mrs. Winningkoff testified that her husband was diagnosed with pulmonary fibrosis in 2015, which required him to be on oxygen.[10] He died on May 17, 2018.[11]

Mrs. Winningkoff's statements about her husband's death should be excluded for several reasons. They are inadmissible under Rule 701 as improper medical opinion testimony by a lay witness.[12] Her accusations are also inadmissible because they are irrelevant to determining any fact at issue.[13] Adam Winningkoff's injuries are not at issue at the upcoming trial – and even if they were, this Court has already held that general causation does not exist for claims of wrongful death and respiratory complications and has dismissed all such claims.[14] Additionally, this

---

[8] Exhibit 1, Winningkoff Dep. at 150:2-9. *See also id.* at 88:7-9 ("I truly believe that my husband would be here today if it wouldn't have been that [the odor] was damaging his lungs more."); 98:10-13 ("I really think [the odors] enhanced his death or he'd be with me today."); 110:6-16 ("My poor husband on that oxygen, he would be here today if not for [the odors] helping him die."); 172:10-15 ("Q. Are you claiming that the smells caused your husband's death? A. My whole heart thinks that he would be here longer if it wasn't for that smell going through his system. Because I know what I went through, so I can imagine what he went through.").

[9] Exhibit 1, Winningkoff Dep. at 149:25-150:22 ("First of all, I'm doing this for my husband. Because he would be here today, I think, if he didn't have the fumes and the sulfur and all in his lungs too.").

[10] Exhibit 1, Winningkoff Dep. at 87:23-88:9.

[11] Exhibit 1, Winningkoff Dep. at 28:7-11.

[12] Under Rule 701, lay witnesses like Plaintiff Winningkoff are not permitted to offer opinion testimony except in limited circumstances not implicated here. Fed. R. Evid. 701 ("If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."). *See McElveen v. Wal-Mart Stores, Inc.*, 17-90, 2019 WL 638371, at *1 (S.D. Miss. Feb. 14, 2019) (granting motion *in limine* to exclude medical testimony by plaintiffs or any other lay witnesses) ("Of course, neither Plaintiffs nor any other lay witness may provide expert medical testimony, which includes testimony regarding medical causation, medical probability, or the likelihood and cost of future medical procedures.") (citing Fed. R. Evid. 701; *Patterson v. Radioshack Corp.*, 268 Fed. Appx. 298, 302 (5th Cir. 2008)).

[13] Fed. R. Evid. 402 ("Irrelevant evidence is not admissible.").

[14] Order Granting Defendants' Motion for Partial Summary Judgment, R. Doc. 642 at 13.

testimony carries a substantial danger of unfair prejudice and confusing the issues.[15] The August 2024 trial is about whether Mary Ann Winningkoff suffered odor nuisance injuries, including quality of life issues and transient symptoms such as headaches. The trial will *not* be about Adam Winningkoff, or his widow's musings that perhaps his death was accelerated because of exposure to landfill emissions. Any argument or testimony on these issues would be wholly unsupported by science and would only serve to confuse the jury and unfairly prejudice the Defendants.

Mrs. Winningkoff also testified at her deposition that her husband smelled odors during his dying days.[16] This testimony is also irrelevant to determining any fact at issue, and, even if it were relevant, any probative value is substantially outweighed by the danger of unfair prejudice.[17] This testimony also constitutes hearsay, as Mrs. Winningkoff could only know that her husband was bothered by odors if he told her so. Mrs. Winningkoff will have ample opportunity to tell the jury how the odors bothered her without unfairly preying on the jury's sympathy by drawing a link between her dying husband and the alleged landfill odors.

---

[15] Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."); *see also Rock v. Huffco Gas & Oil Co., Inc.,* 922 F.2d 272, 282 (5th Cir. 1991) ("The plaintiffs are seeking to admit hearsay testimony by family members of a deceased man concerning statements made prior to his death in order to establish the cause of his injury. Such statements are inherently unreliable.")

[16] Exhibit 1, Winningkoff Dep. at 110:6-16 ("My poor husband on that oxygen, he would be here today if not for that helping him die."); 172:10-15 ("Q. Are you claiming that the smells caused your husband's death? A. My whole heart thinks that he would be here longer if it wasn't for that smell going through his system. Because I know what I went through, so I can imagine what he went through.").

[17] Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."); Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.").

## CONCLUSION

For all of these reasons, Defendants respectfully request that the Court grant this motion and order that Plaintiffs be precluded from offering any argument or evidence at trial related to: (1) the existence of any claims other than those of the Trial Plaintiffs; (2) hearsay statements about the odor experiences of others; and (3) Trial Plaintiff Mary Ann Winningkoff's testimony about her deceased husband's experiences with odor. Such evidence is not allowed by the Federal Rules of Evidence, would deprive Defendants of a fair trial, and must be excluded.

Respectfully submitted,

LISKOW & LEWIS, APLC

By:   /s/ Michael C. Mims
      Michael Cash (#31655)
      Cherrell Simms Taplin (#28227)
      Michael C. Mims (#33991)
      Brady M. Hadden (#37708)
      Alec N. Andrade (#38659)
      J. Hunter Curtis (#39150)
      701 Poydras Street, Suite 5000
      New Orleans, LA 70139
      Telephone: (504) 581-7979
      Telefax: (504) 556-4108

BEVERIDGE & DIAMOND, P.C.

Megan R. Brillault (*pro hac vice*)
Michael G. Murphy (*pro hac vice*)
John H. Paul (*pro hac vice*)
Katelyn E. Ciolino (*pro hac vice*)
Katrina M. Krebs (*pro hac vice*)
825 Third Avenue, 16th Floor
New York, NY 10022
(212) 702-5400

James B. Slaughter (*pro hac vice*)
1900 N Street, NW, Suite 100
Washington, DC 20036
(202) 789-6000

Michael F. Vitris (*pro hac vice*)

        400 W. 15th Street, Suite 1410
        Austin, TX 78701
        (512) 391-8035

*Counsel for Defendants Louisiana Regional Landfill Company, Waste Connections Bayou, Inc., and Waste Connections US, Inc.*


CONNICK AND CONNICK, LLC

By:   /s/ Michael S. Futrell
       William P. Connick, La. Bar No. 14158
       Michael S. Futrell, La. Bar No. 20819
       Matthew D. Moghis, La. Bar No. 33994
       Anya M. Jones, La. Bar No. 36923
       3421 N. Causeway Blvd., Suite 408
       Metairie, Louisiana 70002
       Telephone: (504) 681-6658
       Facsimile: (504) 838-9903
       E-mail: moghis@connicklaw.com

*Counsel for Defendant Jefferson Parish*


GIEGER, LABORDE & LAPEROUSE, L.L.C.

By:   /s/ J. Michael DiGiglia
       Ernest P. Gieger, Jr. (6154)
       John E. W. Baay (22928)
       J. Michael DiGiglia (24378)
       Nicholas S. Bergeron (37585)
       Blaise Chadwick Hill (*pro hac vice*)
       Gieger, Laborde & Laperouse, L.L.C.
       Hancock Whitney Center
       701 Poydras Street, Suite 4800
       New Orleans, Louisiana 70139
       Telephone: (504) 561-0400
       Facsimile: (504) 561-1011

*Attorneys for Defendant Aptim Corp.*


**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the above and foregoing has been forwarded to all counsel of record via the Court's electronic case management system on July 17, 2024.

                            /s/ Michael C. Mims