UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FREDERICK ADDISON, ET AL.,**<br>    Plaintiffs<br><br>**VERSUS**<br><br>**LOUISIANA REGIONAL LANDFILL COMPANY, ET AL.,**<br>    Defendants<br><br>*Applies to: All Cases* | CIVIL ACTION<br><br>NO. 19-11133, c/w 19-14512<br><br>SECTION: "E" (5)<br><br><br>JUDGE: Morgan<br>MAGISTRATE JUDGE: North |

**MEMORANDUM IN SUPPORT OF MOTION IN *LIMINE* TO PROHIBIT COLLECTIVELY REFERRING TO DEFENDANTS AS "WASTE CONNECTIONS"**

Defendants Louisiana Regional Landfill Company, Waste Connections Bayou, Inc., and Waste Connections US, Inc. (collectively "Movants"), through undersigned counsel, respectfully submit this memorandum in support of their Motion in *Limine* to preclude all parties from collectively referring to them as "Waste Connections."

There is no legal entity named "Waste Connections."[1] Thus, at the outset, it would be false and misleading for Plaintiffs (or any other party) to claim that Movants are one entity known as "Waste Connections." Further, and more importantly, erroneously referring to Movants collectively as "Waste Connections" would violate each Movants' due process right to hear the individual evidence against them, would cause undue prejudice, and would likely to lead to jury

---

[1] Undersigned counsel have occasionally used the shorthand "Waste Connections Defendants" to refer to Louisiana Regional Landfill Company, Waste Connections Bayou, Inc., and Waste Connections US, Inc. This shorthand has been used purely for the convenience of the Court and to distinguish Movants from co-defendants, Jefferson Parish and Aptim Corp. This does not constitute a waiver of their corporate form, and Movants have at all times maintained that they are indeed distinct legal entities.

confusion as to what evidence is produced against which Movant. For these reasons, the Court should grant this motion and order that all parties and their witnesses, both in argument and testimony, be required to specify which Movant they are referring to, rather than lumping them all together as "Waste Connections."

## BACKGROUND

Plaintiffs have filed suit against Jefferson Parish as owner of the Jefferson Parish Landfill ("JPLF"), as well as against certain of Jefferson Parish's contractors at the JPLF. Louisiana Regional Landfill Company's alleged role in this litigation stems from a contract dated May 17, 2012 ("Operations Contract") between Jefferson Parish and IESI LA Landfill Corporation, under which IESI LA Landfill Corporation agreed to operate various portions of the JPLF. The sole parties to the Operations Contract were Jefferson Parish and IESI LA Landfill Corporation, whose name was later changed to Louisiana Regional Landfill Company. The sole parties to the Operations Contract were Jefferson Parish and IESI LA Landfill Corporation, whose name was later changed to Louisiana Regional Landfill Company. There is no corporate successor to IESI LA Landfill Corporation except for Louisiana Regional Landfill Company.

Throughout this litigation, Plaintiffs have routinely referred to "Waste Connections" when referencing LRLC's operations at the JPLF.[2] Similarly, Plaintiffs' only standard of care expert, Jose Sananes, offers opinions as to breaches of industry standards allegedly committed by "Waste Connections," a non-existent entity. For example, Mr. Sananes opines: "Waste Connections, the operator and manager of the landfill responsible for the Phase IVA landfill construction and its

---

[2] *See* ECF Doc. #253 *passim* (Plaintiffs' general causation pretrial memorandum, referencing the actions of "Waste Connections" throughout); ECF Doc. #515, pp. 2-3 (arguing that deposition of Rickey Falgoust was necessary to prove knowledge of "Waste Connections"); ECF Doc. #518 (same).

leachate collection system, did not operate and maintain the landfill leachate collection system so as to prevent leachate buildup within the landfill."[3]

Despite Plaintiffs' desire to lump them together, Movants are three separate and distinct entities. Louisiana Regional Landfill Company, f/k/a IESI LA Landfill Corporation, is a foreign corporation domiciled in Delaware authorized to do and doing business in the State of Louisiana with its principal business establishment in Oakdale, Louisiana. Waste Connections Bayou, Inc., f/k/a Progressive Waste Solutions of LA, Inc., is a foreign corporation domiciled in Delaware authorized to do and doing business in the State of Louisiana with its principal business establishment in Bridge City, Louisiana. Waste Connections US, Inc., is a foreign corporation *not* authorized to do business in the State of Louisiana.

Movants are distinct legal entities, and at all relevant times have adhered to the corporate formalities required by law. Any attempt by Plaintiffs to represent to the jury that Movants are a single entity known as "Waste Connections," or to invite the jury to treat all three Movants as a single entity, would be false, misleading, would violate Movants' rights to a fair trial, and must be prohibited.

## ARGUMENT

Every legal entity is entitled to ascertain the evidence lodged against it at trial, and the jury should be presented with clear evidence of the allegations against each Movant. However, Plaintiffs have consistently attributed actions to Movants without distinction as "Waste Connections." Plaintiffs must not be allowed to lump Movants together as "Waste Connections" before the jury at trial, as it would prevent each Movant from hearing and responding to the

---

[3] See Second Supplemental Expert Report of Jose Sananes dated February 16, 2024 at ¶¶ 6.4-6.5, 16.2-16.3, available at ECF Doc. 565-4. Jose Sananes' report states that IESI LA Landfill Corporation contracted with Jefferson Parish to operate the landfill and refers to IESI LA Landfill as the predecessor in interest to "Waste Connections," when in reality it was the predecessor in interest to Louisiana Regional Landfill Company.

3

individual evidence lodged against it, would cause undue prejudice, and would result in jury confusion.

### 1. Louisiana law requires specific evidence against each defendant.

Louisiana law recognizes that, in order to carry his burden in a trial against a corporate defendant, a plaintiff must present evidence of wrongdoing by the specific legal entity named in the suit. *See, e.g., Khoobehi Properties, LLC v. Baronne Dev. No. 2, L.L.C.,* 16-506, p. 12 (La. App. 5 Cir. 3/29/17); 216 So. 3d 287, 298 (dismissal appropriate; "The fact that Mr. Kailas is a part owner of each of these corporations and is the managing member who handles the business and affairs of the corporations does not establish that the corporations are a single business enterprise.")

The law requires evidence that is specific to a particular legal entity because a corporation is a distinct legal entity, separate from its shareholders, parent companies, and affiliates. *Thibodeaux v. Ferrellgas*, Inc., 98-862 (La. App. 3 Cir. 1/6/99); 741 So.2d 34, 43. "A bedrock principle of corporate law is that 'a parent corporation…is not liable' for actions taken by its subsidiaries."[4] *In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 14-2722, 2020 WL 4939482, at *4 (E.D. La. Aug. 24, 2020); *Keaty v. RPM Int'l, Inc.,* 51-019 (La. App. 2 Cir. 10/21/16); 208 So.3d 507, 510. A parent company is only liable for the acts of its subsidiaries if the plaintiff demonstrates "that the parent company controlled the operations of the subsidiary." *Berard v. Swire Pac. Offshore*, 22-00169-BAJ-EWD, 2023 WL 3241915, at *2 (M.D. La. May 3, 2023) (citing *Ames v. Ohle*, 2016-0612 (La. App. 4 Cir. 4/26/17), 219 So. 3d 396, 406). However, "a court will not lightly assume that a parent has accepted that obligation absent proof of an

---

[4] While these bedrock principles are instructive for this motion, to avoid confusion, Movants point out that Waste Connections US, Inc. is not the parent of any party in this litigation, nor does it own any shares in any other party in this litigation.

affirmative undertaking by the parent corporation." *Ames*, 219 So.3d at 406 (citing *Bujol v. Entergy Servs., Inc.*, 922 So.2d 1113,1133 (La. 2004).

Applying the above principles, Louisiana state and federal courts routinely dismiss corporate defendants when plaintiffs have failed to raise sufficient allegations or proof of wrongdoing by that specific entity. *See, e.g., Khoobehi,* 216 So. 3d at 298; *Hawkins v. Sanders*, 19-13323, 2023 WL 2565394, at *3 (E.D. La. Mar. 17, 2023) (Morgan, J.) (dismissing numerous constitutional and statutory claims against defendants where plaintiff failed to "establish each individual [d]efendant's liability for the misconduct alleged"); *Town of Haynesville, Inc. v. Entergy Corp.*, 42,019 (La. App. 2 Cir. 5/2/07, 6–10); 956 So. 2d 192, 196–98 (reversing district court and holding that single business enterprise doctrine did not apply, despite multiple affiliates all identifying under the name "Entergy"); *Crutcher-Tufts Res., Inc. v. Tufts,* 2007-1556 (La. App. 4 Cir. 9/17/08, 2–3); 992 So. 2d 1091, 1093 (affirming trial court's granting of exception of no cause of action when petition failed to allege actual wrongdoing by parent company); *Alomang v. Freeport-McMoran, Inc.,* 2000-2099 (La. App. 4 Cir. 2/20/02, 3–7); 811 So. 2d 98, 100–02 (same).

Trial Plaintiffs and their witnesses must actually specify at trial which defendant(s) they assert committed a breach of duty entitling the Trial Plaintiffs to relief. If Plaintiffs are allowed to generically refer to "Waste Connections" when referencing the actions and/or inactions of one or more of the Movants, then the Movants would be deprived of the ability to ascertain the individual evidence against them and to prepare a response. This would violate basic notions of due process and fairness and must not be allowed. *See Jimenez v. Tuna Vessel Granada*, 652 F.2d 415, 420 (5th Cir. 1981) ("each party is entitled to know what is being tried, or at least to the means to find out. Notice remains a first-reader element of procedural due process, and trial by ambush is no more favored here than elsewhere.").

**2. Rule 403 prohibits Plaintiffs from lumping the Movants together as one defendant.**

Another reason exists to preclude Plaintiffs from lumping the Movants together as "Waste Connections" – there is no probative value in pretending that Movants are one entity. In addition to the Movants' right to ascertain the individual evidence against each of them, Rule 403 of the Federal Rules of Evidence would warrant exclusion of such arguments and testimony as "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

As already set forth above, each individual Movant would be highly prejudiced if deprived of the ability to assess the evidence lodged against it. Additionally, the jurors will be confused when asked to assess the fault of Louisiana Regional Landfill Company, Waste Connections Bayou, Inc., and Waste Connections US, Inc. – when they have only heard about alleged wrongdoing committed by "Waste Connections." Further, it will cause undue delay during an already tight trial schedule, as Movants, on cross examination of Plaintiffs' experts, will be required to seek clarification on which of the Movants the expert was actually testifying about on direct. A more equitable and more efficient trial management would be to require Plaintiffs, in both argument and testimony, to be specific about which Movant committed alleged wrongdoing and in which manner, instead of blaming issues on the non-existent entity "Waste Connections."

**CONCLUSION**

Movants are entitled to a fair trial. This includes the opportunity to hear and respond to the evidence that is being lodged against each of them. Movants would be substantially prejudiced if Plaintiffs (or any other party) are allowed to collectively refer to them as "Waste Connections" or

represent to the jury that Movants are all one company. That would be a deliberately false representation, made only to confuse the issues, mislead the jury, and deprive Movants of a fair trial. The Court should not allow it. This Motion in *Limine* should be granted.

Respectfully submitted,

LISKOW & LEWIS, APLC

By:   /s/ Michael C. Mims
      Michael Cash (#31655)
      Cherrell Simms Taplin (#28227)
      Michael C. Mims (#33991)
      Brady M. Hadden (#37708)
      Alec N. Andrade (#38659)
      J. Hunter Curtis (#39150)
      701 Poydras Street, Suite 5000
      New Orleans, LA 70139
      Telephone: (504) 581-7979
      Telefax: (504) 556-4108

BEVERIDGE & DIAMOND, P.C.

Megan R. Brillault (*pro hac vice*)
Michael G. Murphy (*pro hac vice*)
John H. Paul (*pro hac vice*)
Katelyn E. Ciolino (*pro hac vice*)
Katrina M. Krebs (*pro hac vice*)
825 Third Avenue, 16th Floor
New York, NY 10022
(212) 702-5400

James B. Slaughter (*pro hac vice*)
1900 N Street, NW, Suite 100
Washington, DC 20036
(202) 789-6000

Michael F. Vitris (*pro hac vice*)
400 W. 15th Street, Suite 1410
Austin, TX 78701
(512) 391-8035

*Counsel for Defendants Louisiana Regional Landfill Company, Waste Connections Bayou, Inc., and Waste Connections US, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing has been forwarded to all counsel of record via the Court's electronic case management system on July 17, 2024.

/s/ Michael C. Mims