UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| FREDERICK ADDISON, ET AL | * | CIVIL ACTION |
|    Plaintiffs | * | |
| | * | NO. 19-11133 c/w 19-14512 |
| VERSUS | * | |
| | * | SECTION "E" (5) |
| LOUISIANA REGIONAL LANDFILL COMPANY, ET AL | * | JUDGE:  MORGAN |
| | * | |
| | * | MAGISTRATE:  NORTH |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### DEFENDANTS' MOTION IN LIMINE TO EXCLUDE INTRODUCTION OF THE COMPLIANCE ORDERS ISSUED BY THE LOUISIANA DEPARTMENT OF ENVIRONMENTAL QUALITY

NOW INTO COURT, through undersigned counsel, come Defendants, Jefferson Parish and Aptim Corporation, in this matter who jointly move to exclude the introduction of the compliance orders issued by the Louisiana Department of Environmental Quality as these compliance orders are more prejudicial than probative. The abundant case law on this topic suggests that orders that come from an official governmental agency impermissibly suggest to the jury that deference to that agency is warranted due to their official nature. These orders issued by the LDEQ are cumulative and will offer little evidence to aid the Plaintiffs as Plaintiffs have a multitude of experts to testify to the subject matter at issue. Further, these orders are untrustworthy as they concern an incomplete investigation and require a separate adjudication subject to an entirely different procedure and standard than those applied by this court. These orders attempt to invade the province of the jury by using the guise of a governmental agency to show that the official entity has determined alleged violations at the JPLF without having the necessary thorough investigation. Finally, any information or evidence pertaining to settlement discussions, settlement negotiations, or settlement agreements is prohibited by Federal Rule of Evidence 408. These

1

compliance orders are inadmissible under Federal Rule of Evidence 403 and Federal Rule of Evidence 802.

The reasons why this Motion should be granted are set forth in the attached Memorandum in Support.

WHEREFORE, Defendants respectfully request the Court grant this Motion in Limine to Exclude Plaintiffs from Introducing the Compliance Orders issued by the Louisiana Department of Environmental Quality.

| | |
|---|---|
| **CERTIFICATE OF SERVICE** | Respectfully submitted, |
| I HEREBY CERTIFY that a copy of the foregoing pleading was served upon all counsel of record in the parties named herein through the Court's ECF system. | **CONNICK AND CONNICK, LLC**<br><br>　　　/s/ *Michael S. Futrell*　　　<br>W. PETER CONNICK, LA. BAR NO. 14158<br>MICHAEL S. FUTRELL, LA. BAR NO. 20819<br>MATTHEW D. MOGHIS, LA. BAR NO. 33994<br>ANYA M. JONES, LA. BAR NO. 36923 |
| Metairie, Louisiana, this 17th day of July 2024.<br><br>　　　/s/ *Michael S. Futrell*　　　<br>　　MICHAEL S. FUTRELL | 3421 N. Causeway Boulevard, Suite 408<br>Metairie, Louisiana 70002<br>Telephone:　(504) 681-6663<br>Facsimile:　(504) 838-9903<br>E-mail:　　mfutrell@connicklaw.com<br>　　　　　　moghis@connicklaw.com<br><br>*Counsel for Defendant, Jefferson Parish* |

3

**GIEGER, LABORDE & LAPEROUSE, L.L.C.**

By:   /s/ Nicholas S. Bergeron
      Ernest P. Gieger, Jr. (6154)
      John E. W. Baay (22928)
      J. Michael DiGiglia (24378)
      Nicholas S. Bergeron (37585)
      Blaise Chadwick Hill (*pro hac vice*)
      Gieger, Laborde & Laperouse, L.L.C.
      Hancock Whitney Center
      701 Poydras Street, Suite 4800
      New Orleans, Louisiana 70139
      Telephone: (504) 561-0400
      Facsimile: (504) 561-1011

*Attorneys for Defendant Aptim Corp.*