**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **FREDERICK ADDISON, ET AL.,** Plaintiffs  VERSUS  **LOUISIANA REGIONAL LANDFILL COMPANY, ET AL.,** Defendants  *Applies to: Both Cases* | **CIVIL ACTION**  **NO. 19-11133, c/w 19-14512**  **SECTION: "E" (5)**  **JUDGE: Morgan**  **MAGISTRATE JUDGE: North** |

**MEMORANDUM IN SUPPORT OF CONTRACTOR DEFENDANTS'
MOTION IN LIMINE TO EXCLUDE ALL EVIDENCE OF
THE WEALTH, REVENUE, PROFITS, AND SIZE OF DEFENDANTS**

**INTRODUCTION**

A defendant's wealth, profits, revenue, and size are irrelevant to its potential liability for nuisance and negligence. Yet Plaintiffs have indicated they plan to present evidence of revenues, earnings, and total company value to the jury. Defendants' size, revenues, profits, and wealth are wholly irrelevant to the specific causation issues to be decided at trial, as well as to the nuisance and negligence claims asserted by Plaintiffs, which do not implicate Defendants' motives or seek punitive damages. Courts have consistently held that evidence or argument of this type should be excluded to avoid prejudice and confusion in jury trials. Arguments or evidence of these topics, including Defendants' financial status and information, would mislead or confuse the jury as to the applicable considerations for Plaintiffs' claims (negligence and nuisance) under Louisiana law, and would prejudice Defendants by inviting the jury to impose liability or determine damages on factors other than the relevant evidence.

The Waste Connections Defendants[1] and Aptim Corp. ("Aptim") respectfully request that the Court preclude all reference, evidence, and argument concerning the financial information of the Waste Connections Defendants and Aptim (collectively, the "Contractor Defendants"), including but not limited to Defendants' income, financial condition, earnings, assets, net worth, market capitalization, United States Securities and Exchange Commission filings, anything related to the companies' overall value or financial status, or other indicators of the relative wealth or size of the parties.

---

[1] "The Waste Connections Defendants" refers to Defendants Louisiana Regional Landfill Company, Waste Connections Bayou, Inc., and Waste Connections US, Inc.

**ARGUMENT**

It is well established in Louisiana, the Fifth Circuit, and beyond, that discussion of a defendant's wealth is appropriately excluded as irrelevant and prejudicial under rules 401 through 403. *See e.g.*, *United States v. Petroski*, 132 F.3d 1454 (5th Cir. 1997) (evidence of defendant's financial status or net worth had very real potential to prejudice a jury against them and could not be presented at trial).

Exclusion of evidence of the wealth, revenue, profits, and size of a party is appropriate where, as here, the evidence is not relevant to the alleged liability. *See e.g.*, *Johnson v. Lopez-Garcia*, No. 20-cv-2024, 2021 WL 3630109, at *1 (E.D. La. Aug. 17, 2021) (Lemmon, J.) (granting a motion in *limine* to exclude the financial position of parties pursuant to FRE 401 and 402, holding that "[i]n personal injury cases, wealth evidence is inadmissible, except when awarding punitive damages") (citation omitted); *Snider v. N.H. Ins. Co.*, No. 14-cv-2132, 2016 WL 3278865, at *1 (E.D. La. June 15, 2016) (Morgan, J.) (granting a motion in *limine* to exclude any reference to defendants' "income, financial condition, earnings, assets, net worth, market capitalization, or anything related to [its] value or financial status" pursuant to FRE 401 and 403); *Fincher v. Kan. City S. Ry.*, No. 04-cv-1259, 2009 WL 159708, at *2 (W.D. La. Jan. 22, 2009) (granting a motion to exclude any reference to the defendant's size, ability to pay, or financial condition in a negligence cause of action); *Avondale Indus., Inc. v. Tyco Valves and Controls, Inc.*, No. 01-cv-2923, 2003 WL 22723025, at *1-2 (E.D. La. Nov. 18, 2003) (Fallon, J.) (granting defendant's motion in *limine* to exclude evidence of financial status or wealth of parties, citing both FRE 402 and 403).

The Eastern District of Louisiana has routinely granted motions in *limine* to exclude references of corporate defendants' wealth intended to bias the jury against that corporate defendant. For example, this Court did not allow evidence of the defendant's income, financial

2

condition, earnings, assets, net worth, market capitalization, or anything related to the companies' overall value or financial status because there were no claims of punitive damages. *See e.g.*, *Snider*, 2016 WL 3278865, at *1. This Court also recognized that appeals to the sympathy of jurors through comparisons of the relative wealth of defendants to the plaintiffs are improper and could be cause for reversal. *Innovention Toys, LLC v. MGA Entm't, Inc.*, No. 07-cv-6510, 2012 WL 5384880, at *3-4 (E.D. La. Nov. 1, 2012) (Morgan, J.).[2] The Waste Connections Defendants and Aptim likewise seek to exclude reference to the Contractor Defendants' wealth, revenue, or profits as irrelevant and prejudicial.

## I. Defendants' financial status is irrelevant under FRE 401 and 402.

Evidence of any of the Contractor Defendants' revenue, profits, or wealth are irrelevant to any claim or defense that does not involve punitive damages or turn on a party's motive. Motive is not an element of Plaintiffs' negligence claim nor their negligence-based nuisance claim, and Plaintiffs do not seek punitive damages. Yet Plaintiffs have shown that they plan to use evidence of Defendants' profits and revenue to argue it establishes culpability of the parties. *See* Reply Brief in Support of Plaintiffs' Motion to Compel Discovery Against the Waste Connections Defendants, at 7 (May 1, 2023) (R. Doc. 389) (arguing that financial information relates "to a potential finding of intentional conduct as opposed to mere negligence . . . [and] goes directly to the allocation of

---

[2] The Court did not preclude financial information to the extent it was relevant to the fact that the defendant had put its wealth and size at issue. *Id.*

3

fault).³ Even if such evidence were relevant, the prejudicial value of the evidence substantially outweighs the probative value.⁴

Motive is not a relevant factor under the traditional nuisance and negligence theories of liability pled by Plaintiffs. *See* La. Civ. Code art. 2316 (common law negligence); La. Civ. Code art. 667-669 (negligence-base nuisance). Negligence is focused on the conduct of the party rather than its state of mind, which is neither necessary nor sufficient to show negligence. *See Authement v. Ingram Barge Co.*, 977 F. Supp. 2d 606, 614 (E.D. La. 2013) (Milazzo, J.) ("[a] negligence action focuses on conduct, specifically the quality of the act causing the injury"); *see also Lewis v. Timco, Inc.*, 716 F.2d 1425, 1434 (5th Cir. 1983) (Politz, J., dissenting) (same); *Beck v. Dobrowski*, 559 F.3d 680, 682 (7th Cir. 2009) ("negligence is not a state of mind; it is a failure . . . to come up to the specified standard of care"). Plaintiffs' nuisance claim is also conduct-based and requires a showing of negligence. *Ictech-Bendeck v. Progressive Waste Sols. of LA, Inc.*, No. 18-cv-7889, 2019 WL 4111681, at *2 (E.D. La. Aug. 29, 2019) (Morgan, J.) ("to bring a successful nuisance claim under this provision, a plaintiff must prove a defendant is: (1) a proprietor who (2) negligently (3) conducts 'work' on his property (4) that causes damage to his neighbor").⁵

---

³ While Plaintiffs obtained discovery of the certain financial information, the ability to discover evidence does not guarantee its admissibility. *See* Fed. R. Evid. 26(b)(1) ("Information within this scope of discovery need not be admissible in evidence to be discoverable").

⁴ Plaintiffs have designated numerous documents on their exhibit list that contain information pertaining to the size, profits, or wealth of the parties—many of which are protected as confidential under the parties' Agreed Protective Order (R. Doc. 79). Given their sensitive nature and the uncertainty of what evidence Plaintiffs will present at trial, Defendants have not appended these documents to this motion.

⁵ *See Brown v. Olin Chem. Corp.*, 231 F.3d 197, 200 (5th Cir. 2000) ("We are convinced that the 1996 amendment to Article 667 applies to Articles 668 and 669 as well, so that stating a claim under one or more of these articles now requires a showing of negligence. The Louisiana Supreme Court has consistently treated these three code articles (which together govern Louisiana's nuisance law) as a cohesive unit, uniformly interpreting them in *pari materia*.").

Furthermore, Plaintiffs do not assert gross negligence claims or seek punitive damages.[6] Plaintiffs have made no allegations of intentional conduct or pled any intent-based theories of liability, which would require evidence of intentional conduct and a culpable state of mind.[7] *See Sebble on Behalf of Estate of Brown v. St. Luke's #2, LLC*, 2022-0620 (La. App. 4 Cir. 3/6/23), 358 So. 3d 1030, 1040-41 ("What separates ordinary negligence from gross negligence is the defendant's state of mind") (citation and quotation marks omitted).

Defendants' asserted defense of comparative fault likewise does not consider motive. Louisiana is a pure comparative fault state: a jury must assign fault to those who caused or contributed to the alleged injuries and may not base its determination on a party's ability to pay. Under the scheme of pure comparative fault, a defendant may be held liable only for its percentage of fault. *See e.g.*, *Snyder v. Asercion*, No. 13-cv-4752, 2013 WL 6004052, at *4 (E.D. La. Nov. 13, 2013) (Berrigan, J.); *425 Notre Dame, LLC v. Kolbe & Kolbe Mill Work Co., Inc.*, 151 F. Supp. 3d 715, 721 (E.D. La. 2015) (Barbier, J.); La. Civ. Code art. 2324(B) ("[a] joint tortfeasor shall not be liable for more than his degree of fault"). Under Louisiana's Civil Code "the degree or percentage of fault of all persons causing or contributing to the injury, death, or loss shall be determined, regardless of whether the person is a party to the action or a nonparty, and *regardless of the person's insolvency, ability to pay, [or] immunity by statute*." La. Civ. Code art. 2323 (emphasis added). When assessing percentages of fault, "the trier of fact shall consider both the nature of the conduct of each party at fault and the extent of the causal relation between the conduct and the damages claimed." *See Watson v. State Farm Fire and Cas. Ins. Co.*, 469 So. 2d 967, 974

---

[6] Plaintiffs' Second Amended Omnibus Complaints for Damages and Injunctive Relief, at 69-70 (Nov. 10, 2023) (R. Doc. 431) ("Plaintiffs' Complaint") (alleging causes of actions for negligence and nuisance).

[7] *See* Plaintiffs' Complaint (R. Doc. 431).

5

(La. 1985). The factors that should be applied to evaluate the nature of a party's conduct do not include the parties' motives. *Id.*

Because Defendants' profits, revenue, wealth, and size are neither probative nor relevant to Plaintiffs' theories of liability, the Court should exclude any and all evidence, arguments, and testimony of that nature.

## II. Evidence of profits, revenue, wealth, or size would be unfairly prejudicial.

Evidence of financial condition or size would appeal to an improper impulse to compensate Plaintiffs merely on the basis of the relative difference in the parties' wealth or financial resources. Plaintiffs have indicated that if they are allowed to do so, they will present such evidence to the jury. Aside from its irrelevance, evidence of financial condition is substantially outweighed by its highly prejudicial, misleading, and confusing characteristics and should be excluded from trial.

Evidence may be precluded pursuant to Federal Rule of Evidence 403, "if its probative value is substantially outweighed by" the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. It is well recognized that juries are easily influenced by evidence or mention of large corporations and their associated wealth. *See e.g.*, *TXO Prod. Corp. v. All. Res. Corp.*, 509 U.S. 443, 463-64 (1993) (recognizing that "the emphasis on the wealth of the wrongdoer [in the jury instructions] increased the risk that the award may have been influenced by prejudice against large corporations.").[8] As noted above, this Court has precluded evidence of

---

[8] *See also id.*, at 490-91 (O'Connor, J., dissenting) ("[c]ourts long have recognized that jurors may view large corporations with great disfavor. . . . [Corporations] often represent a large accumulation of productive resources; jurors naturally think little of taking an otherwise large sum of money out of what appears to be an enormously larger pool of wealth . . . [and] may feel privileged to correct perceived social ills stemming from unequal wealth distribution by transferring money from 'wealthy' corporations to comparatively needier plaintiffs") (citations omitted).

6

financial status meant to appeal to the sympathy of jurors. *Innovention Toys*, 2012 WL 5384880, at *4.

Plaintiffs plan to present the jury with evidence of the Contractor Defendants' profits, revenue, wealth, and size.[9] That evidence is irrelevant to the causes of action that Plaintiffs have chosen to pursue. Consequently, Plaintiffs' use of such evidence would only serve to mislead the jury as to what information is relevant to liability, damages, and allocation, or appeal to the sympathy of the jurors through references to the relative wealth of the parties. Moreover, it would tend to prejudice the jury against the Contractor Defendants. Thus, any probative value that Plaintiffs may argue for evidence of profits, revenue, wealth, or size would be substantially outweighed by its prejudicial, confusing, and misleading nature. It should therefore be excluded pursuant to Rule 403. *See F.H. Paschen, S.N. Nielson & Assocs. LLC v. Hiscox, Inc.*, No. 13-cv-5843, 2015 WL 13532830, at *2 (E.D. La. Nov. 25, 2015) (Milazzo, J.) (granting a motion in *limine* to exclude the "size, wealth, revenue, profits, [and] any other financial information" of the defendant pursuant to FRE 403).

## CONCLUSION

The wealth, profits, revenue, and size of Defendants are not relevant to the theories of liability put forth by Plaintiffs or any determinations of the finder of fact and should be excluded pursuant to FRE 401 and 402. In addition to its plain lack of relevance to the triable issues, any evidence of revenues or wealth threatens to prejudice the jurors against Defendants, or at best confuse and mislead the jury as to which facts are relevant to their evaluation, and should be excluded under FRE 403. The Contractor Defendants respectfully request that the Court exclude

---

[9] *See* Reply Brief in Support of Plaintiffs' Motion to Compel Discovery Against the Waste Connections Defendants at 7 (R. Doc. 389) (arguing that financial information is relevant to motive, alleged intentional conduct, and allocation of fault).

from trial any evidence, testimony, or arguments related to the wealth, profits, revenue, and size, or financial condition of the Defendants.

        Respectfully submitted,

        LISKOW & LEWIS, APLC

By:    /s/ Michael C. Mims
      Michael Cash (#31655)
      Cherrell Simms Taplin (#28227)
      Michael C. Mims (#33991)
      Brady M. Hadden (#37708)
      J. Hunter Curtis (#39150)
      Alec Andrade (#38659)
      701 Poydras Street, Suite 5000
      New Orleans, Louisiana 70139
      (504) 581-7979

      BEVERIDGE & DIAMOND, P.C.

      Megan R. Brillault (*pro hac vice*)
      Michael G. Murphy (*pro hac vice*)
      John H. Paul (*pro hac vice*)
      Katelyn E. Ciolino (*pro hac vice*)
      Katrina M. Krebs (*pro hac vice*)
      825 Third Avenue, 16th Floor
      New York, NY 10022
      (212) 702-5400

      James B. Slaughter (*pro hac vice*)
      1900 N Street, NW, Suite 100
      Washington, DC 20036
      (202) 789-6000

      Michael F. Vitris (*pro hac vice*)
      400 W. 15th Street, Suite 1410
      Austin, TX 78701
      (512) 391-8035

      *Counsel for Defendants Louisiana Regional Landfill Company, Waste Connections Bayou, Inc., and Waste Connections US, Inc.*

9

        GIEGER, LABORDE & LAPEROUSE, L.L.C.

        By:   /s/ J. Michael DiGiglia
        Ernest P. Gieger, Jr. (6154)
        John E. W. Baay (22928)
        J. Michael DiGiglia (24378)
        Nicholas S. Bergeron (37585)
        Blaise Chadwick Hill (*pro hac vice*)
        Gieger, Laborde & Laperouse, L.L.C.
        Hancock Whitney Center
        701 Poydras Street, Suite 4800
        New Orleans, Louisiana 70139
        Telephone: (504) 561-0400
        Facsimile: (504) 561-1011

        *Attorneys for Defendant Aptim Corp.*

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was electronically filed on July 17, 2024. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                   /s/ Michael C. Mims
                                                        OF COUNSEL