UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FREDERICK ADDISON, ET AL.,** <br> **Plaintiffs** <br><br> **VERSUS** <br><br> **LOUISIANA REGIONAL LANDFILL COMPANY, ET AL.,** <br> **Defendants** | **CIVIL ACTION** <br><br> **NO. 19-11133, c/w 19-14512** <br><br> **SECTION: "E" (5)** <br><br> **JUDGE: Morgan** <br> **MAGISTRATE JUDGE: North** |

**WASTE CONNECTIONS DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE EVIDENCE OF PLAINTIFFS' MOTION FOR <u>EXPEDITED DISCOVERY AND OTHER DISCOVERY DISPUTES</u>**

**INTRODUCTION**

This Court should exclude any evidence or testimony concerning Plaintiffs' state court motion for expedited discovery (including the Waste Connections Defendants'[1] opposition), other discovery motions, affidavits and declarations filed in support of those motions, and the court's decisions on those motions, because they are not probative to any material facts of this case and would be unduly prejudicial to the Defendants by confusing and distracting the jury from the evidence presented in this case.

On December 20, 2018, before this litigation was removed to federal court, and two days after serving the petition on the Waste Connections Defendants, Plaintiffs filed in Louisiana state court a motion for expedited discovery, seeking access to the Landfill for inspection and testing. The motion for expedited discovery was filed only one week after the action was commenced—before an answer had been filed in any of the pending cases—and sought access to the Landfill immediately before a holiday with no sampling or safety plan, presenting safety and site disruption issues. Plaintiffs' request to enter the site in December 2018 was denied as moot because the court stayed the *Addison* case.[2]

At the time, LDEQ was onsite nearly every day collecting data and making observations, which Plaintiffs have relied on at several points in this litigation.[3] During the pendency of Plaintiffs' motion, there was nothing stopping Plaintiffs from performing off-site sampling anywhere in Jefferson Parish (including directly offsite of the Landfill) or sampling Plaintiffs'

---

[1] The Waste Connections Defendants include Defendant Louisiana Regional Landfill Company, Waste Connections Bayou, Inc., and Waste Connections US, Inc.
[2] February 6, 2019 Judgment in Frederick Addison, et al. v. La. Regional Landfill Co., et al. (24th JDC), 19-cv-11133, R. Doc. 1-6 at 421-22.
[3] Although Defendants have sought the exclusion of various commentary by LDEQ representatives regarding their individual opinions on the source of odors, and related hearsay or opinion statements, Defendants have never challenged whether Plaintiffs' experts can properly rely on LDEQ's measured data or field observations in forming their opinions.

residences during this period, which their own expert asserted would be the best evidence of any impacts.

After removal to this court, Defendants complied with this Court's order and cooperated in planning and arranging Plaintiffs' access to the site. Plaintiffs spent a week collecting samples from the site in November 2019.

Plaintiffs now seek to introduce the briefing, associated expert affidavits, and the state court's decision on the request for expedited discovery into evidence.[4] These documents, which reveal the litigation positions and tactics of the Waste Connections Defendants, have no relevance to the merits of Plaintiffs' nuisance and negligence claims that they seek to prove at trial. Even if these documents are relevant in some way, the way that Plaintiffs have sought to weaponize this legitimate discovery dispute through misrepresentation of the facts demonstrates that the introduction of this material would be highly prejudicial to the Waste Connections Defendants.

In addition to Plaintiffs' state court motion for expedited discovery, Plaintiffs seek to introduce filings and orders related to other discovery disputes in this litigation, such as Defendants' motion to quash Plaintiffs' subpoena to SCS Engineers. The Court should broadly exclude all such evidence and any related testimony because it is irrelevant and prejudicial to Defendants.

## LEGAL STANDARD

Under Rule 401 of the Federal Rules of Evidence, evidence is relevant if (a) it has the "tendency to make a fact more or less probable than it would be without" that evidence, and (b) the fact "is of consequence" in the action. Fed. R. Evid. 401. Whether a fact is "of consequence to the determination of the action is a question that is governed by the substantive law." *United States*

---

[4] R. Docs. 208-10 (Trial Ex. 6184), 208-11 (Trial Ex. 6185), 208-12 (Trial Ex. 6189), 208-13 (Trial Ex. 6188), 208-14 (Trial Ex. 6190), 208-39 (Trial Ex. 6191).

2

*v. Hall*, 653 F.2d 1002, 1005 (5th Cir. 1981). To be a fact of consequence, "the proposition to be proved must be part of the hypothesis governing the case a matter that is in issue, or probative of a matter that is in issue, in the litigation." *Id.* Even if evidence is relevant, under Rule 403 of the Federal Rules of Evidence, it may be excluded if its probative value is outweighed by danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, wasting time, or presenting cumulative evidence. Fed. R. Evid. 403.

## ARGUMENT

### I. The Parties' discovery disputes and the Court's rulings are not evidence and have no probative value.

Any testimony or documents regarding the Parties' discovery disputes or the Court's rulings on those filings should be excluded from trial as irrelevant because they do not address the merits of the Plaintiffs' nuisance and negligence claims. For example, Plaintiffs seek to introduce the briefing, supporting declarations, and court ruling regarding their state court motion for expedited discovery. But nothing in Plaintiffs' motion, Defendants' response, the associated expert affidavits, nor the court's decision on the request, make any fact of consequence to Plaintiffs' nuisance or negligence claims more or less likely. *Haddonfield Foods, Inc. v. S. Hens*, *Inc.,* No. 20-cv-84, 2023 WL 2355902, at *3 (S.D. Miss. Mar. 3, 2023) ("This is a trial about the merits, and the mention of discovery disputes has no relevancy to the issues at hand."). This is especially true given that the state court denied Plaintiffs' motion as moot and never ruled on the merits of Plaintiffs' request.

The legal arguments Defendants raised in connection with the motion for expedited discovery and other discovery motions are not evidence—they are legal arguments and tactical decisions of counsel. *Luv n' care v. Laurain*, No. 16-cv-777, 2021 WL 7907283, at *9 (W.D. La. Mar. 29, 2021) ("litigation strategy would not be relevant to an issue in the case, and would also

3

be inadmissible under Rule 403 because any probative value would be marginal and substantially outweighed by the danger of unfair prejudice."). Courts regularly exclude prior filings, legal memoranda, the court's decisions on those legal arguments, as well as other evidence of pre-trial legal tactics from evidence, because the inclusion of prior legal arguments and representations by counsel would merely serve to confuse and mislead the jury. *See, e.g.*, *Snider v. N.H. Ins. Co.*, No. 14-cv-2132, 2016 WL 3278865, at *2 (E.D. La. June 15, 2016) (precluding "any reference to motions or objections" made by defendants) (Morgan, J); *Williams v. State*, No. 14-cv-154, 2016 WL 754629, at *2 (M.D. La. Feb. 24, 2016) ("the wholesale or selective admission of memoranda into evidence would result in confusion, as the statements contained therein are legal arguments and representations made by Defendant's counsel."); *Fowler v. State Farm Fire & Cas. Co.*, No. 06-cv-489, 2008 WL 3050417, at *5 (S.D. Miss. July 25, 2008) (precluding evidence of defendant's motion to change venue and court order denying said motion as irrelevant under Fed. R. Evid. 401 and 402, and probative value was substantially outweighed by danger of unfair prejudice, confusion of issues, or misleading the jury under 403).

Likewise, the introduction of such evidence would be prejudicial to the party that made those legal arguments—here, the Waste Connections Defendants. *See Bruhn Farms Joint Venture v. Fireman's Fund Ins. Co.*, No. 13-cv-4106, 2017 WL 752282, at *4 (N.D. Iowa Feb. 27, 2017) (neither party allowed to "discuss or introduce evidence of motions to compel or other motions related to discovery disputes, nor the Court's orders ruling on those motions" because they were not relevant under Fed. R. Evid. 402, and any probative value substantially outweighed by danger of misleading and confusing the jury). Plaintiffs should not be able to use the Defendants' pre-trial litigation tactics to inflame the jury against them when those tactics have no bearing on the claims to be proven at trial.

## II. Any potential probative value is greatly outweighed by the potential for unfair prejudice against Defendants and misleading the jury.

Concerns about unfair prejudice and confusing and misleading the jury are especially salient when considering evidence referring to discovery disputes, which are often contentious and generally have no relevance to the evidence before the jury. *Affordable Care, LLC v. JNM Office Prop., LLC*, No. 19-cv-827, 2022 WL 291716, at *3 (S.D. Miss. Jan. 31, 2022) ("References to discovery disputes and the Court's rulings on pretrial motions are not relevant or probative. To the extent these would have any probative value, they nevertheless should be excluded under Rule 403"); *United States v. Auzenne*, No. 19-cr-53, 2020 WL 6438665, at *2 (S.D. Miss. Nov. 2, 2020) ("Such [discovery] disputes are irrelevant to the issues before the jury. If Defendants want to make any evidence or argument related to discovery disputes, they are free to raise the issue outside the presence of the jury on a case-by-case basis.").

The danger for unfair prejudice is especially acute here because Plaintiffs have consistently and repeatedly misrepresented the circumstances surrounding the Defendants opposition to Plaintiffs' motion for expedited discovery.[5] The motion for expedited discovery was hastily filed only one week after the action was commenced and sought access to the Landfill immediately

---

[5] *See, e.g.*, Plaintiffs' Memorandum in Support of Motion to Enforce SCS Subpoena, April 24, 2023, R. Doc. 381-1 at 7 ("SCS's next job was to provide sworn testimony on behalf of Waste Connections in the *Addison* state court case, in support of Defendants' effort to prevent Plaintiffs' experts from gaining access to the site to take measurements at a time when Plaintiffs suspected that efforts were underway to implement significant, widespread modifications and repairs to the Landfill to address the elevated odor issues."); Plaintiffs' Opposition to Motion for Reconsideration, January 8, 2024, R. Doc. 474 at 10 ("Having kept the Plaintiffs' expert off the site, Waste Connections then controlled what measurements would be taken, where, when, why and in what manner. And, based on what it says now, Waste Connections knew then it would contend that the SCS measurements would be the only source for calculating the emission rate. . .. . Thus, Waste Connections, by its own admission, sought to control and limit the data that would be available to the Plaintiffs while concealing from the Plaintiffs and the Couret [*sic*] the means by which it was doing so.").

before a holiday with no sampling or safety plan, presenting safety and site disruption issues. Allowing evidence and testimony about Plaintiffs' motion will only serve to mislead and inflame the jury on an issue that has no bearing on the merits of Plaintiffs' claims. *Eidos Display, LLC v. Chi Mei Innolux Corp.*, No. 11-cv-201, 2017 WL 2773944, at *3 (E.D. Tex. May 26, 2017) (ordering no party to "reference discovery, any parties' discovery conduct in this case, or any discovery disputes, in the presence of the jury."); *Drone Techs., Inc. v. Parrot S.A.*, No. 14-cv-111, 2015 WL 12752847, at *3 (W.D. Pa. Apr. 9, 2015) (granting motion *in limine* excluding evidence or argument as to "the Parties' previous litigation actions" because such evidence would be highly prejudicial and irrelevant to the merits).

The same analysis applies for the other discovery disputes Plaintiffs propose to introduce into evidence, including but not limited to declarations filed in support of (or opposition to) Defendants' motion to quash Plaintiffs' subpoena to SCS Engineers (R. Doc. 368-3, Trial Ex. 4618), Plaintiffs' motion to compel discovery against Waste Connections Defendants (R. Doc. 383-11, Trial Ex. 4612), and Defendant's motion for protective order (R. Doc. 405-2, Trial Ex. 6207). The Parties' legal arguments and filings on such discovery motions—and the Court's rulings— have no relevance to Plaintiffs' claims and will only mislead or inflame the jury. The Court should exclude from trial all testimony and documents related to the Parties' discovery motions.

## CONCLUSION

Rehashing discovery disputes in front of the jury will bring Plaintiffs no closer to proving their nuisance and negligence claims at trial. Any limited probative value provided by the legal briefing, supporting affidavits, and rulings on the Parties' discovery motions is greatly outweighed by the prejudicial effect against Defendants.

6

Respectfully submitted,

LISKOW & LEWIS, APLC

By:   /s/ Michael C. Mims
       Michael Cash (#31655)
       Cherrell Simms Taplin (#28227)
       Michael C. Mims (#33991)
       Brady M. Hadden (#37708)
       J. Hunter Curtis (#39150)
       Alec Andrade (#38659)
       701 Poydras Street, Suite 5000
       New Orleans, Louisiana 70139
       (504) 581-7979


BEVERIDGE & DIAMOND, P.C.

Megan R. Brillault (*pro hac vice*)
Michael G. Murphy (*pro hac vice*)
John H. Paul (*pro hac vice*)
Katelyn E. Ciolino (*pro hac vice*)
Katrina M. Krebs (*pro hac vice*)
825 Third Avenue, 16th Floor
New York, NY 10022
(212) 702-5400

James B. Slaughter (*pro hac vice*)
1900 N Street, NW, Suite 100
Washington, DC 20036
(202) 789-6000

Michael F. Vitris (*pro hac vice*)
400 W. 15th Street, Suite 1410
Austin, TX 78701
(512) 391-8035

*Counsel for Defendants Louisiana Regional Landfill Company, Waste Connections Bayou, Inc., and Waste Connections US, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was electronically filed on July 17, 2024. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

       /s/ Michael C. Mims
       OF COUNSEL