**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **FREDERICK ADDISON, ET AL.,** **Plaintiffs** | **CIVIL ACTION** |
| | **NO. 19-11133, c/w 19-14512** |
| **VERSUS** | |
| | **SECTION: "E" (5)** |
| **LOUISIANA REGIONAL LANDFILL COMPANY, ET AL.,** **Defendants** | **JUDGE: Morgan** **MAGISTRATE JUDGE: North** |
| *Applies to: Both Cases* | |

**MEMORANDUM IN SUPPORT OF MOTION *IN LIMINE* BY APTIM CORP. AND WASTE CONNECTIONS DEFENDANTS TO EXCLUDE ALL EVIDENCE AND <u>ARGUMENT OF JEFFERSON PARISH'S PROCESS TO PAY A JUDGMENT</u>**

## INTRODUCTION

Collection or enforcement of a judgment may be a pragmatic consideration for a plaintiff, but it is irrelevant as to the defendants' liability under nuisance or negligence theories, whether any alleged injuries were caused by the defendants' actions, and to what extent the plaintiffs may have been damaged. Likewise, the source of any funds used by a defendant to satisfy a judgment is wholly irrelevant to a jury's consideration of its potential liability or degree of fault. Even a passing reference to such issues in a jury's hearing could taint the outcome of a trial. The Waste Connections Defendants[1] and Aptim Corporation (collectively, the "Contractor Defendants") respectfully submit this memorandum in support of their motion *in limine* to preclude all argument, evidence, and testimony concerning the Parish's procedure to pay any possible money judgment against it, the procedures for enforcing a judgment against the Parish, and the Parish's potential use of tax dollars to satisfy a judgment.

If the upcoming trial results in a judgment issued against the Parish, under Louisiana law it will not have to pay the judgment until the Parish's council allocates funds for that payment. Further, enforcement of a judgment against the Parish would be a different, and potentially more uncertain, process than for the Contractor Defendants. If a jury ultimately decides that Plaintiffs should recover, but improperly hears argument or evidence that the Parish has discretion when and whether to pay its judgment to the Plaintiffs, or that enforcement of a judgment would be difficult, the jury would be improperly tempted to allocate fault disproportionately to the other Defendants. Similarly, arguments that tax dollars would be used by the Parish to satisfy a judgment are irrelevant but highly prejudicial and misleading. While no party has yet threatened to introduce

---

[1] The Waste Connections Defendants refer to Defendants Louisiana Regional Landfill Company, Waste Connections Bayou, Inc., and Waste Connections US, Inc.

such evidence or argument to the jury, the Court should preclude it to prevent the prejudice that would result from a reference or statement before objection can be made.

## BACKGROUND

The defendants in this matter are Louisiana Regional Landfill Company ("LRLC") formerly known as IESI LA Landfill Corporation ("IESI"), Waste Connections Bayou, Inc., ("Waste Connections Bayou"), Waste Connections US, Inc., Aptim Corp. ("Aptim"), and the Parish of Jefferson (Jefferson Parish) (collectively, "Defendants"). Jefferson Parish is the owner of Jefferson Parish Landfill (JPLF), located in Avondale, Jefferson Parish, Louisiana. LRLC and Aptim were contractors to the Parish at the JPLF.

Plaintiffs allege that Defendants failed to properly design, operate, and maintain JPLF and this has led to allegedly harmful and noxious odors and chemicals to be released into the surrounding communities, leading to Plaintiffs' alleged exposure to hydrogen sulfide ("$H_2S$"). Plaintiffs do not bring gross negligence claims or seek punitive damages that would potentially implicate evidence of financial resources, motive, or ability to pay. Second Amended Complaint, R. Doc. 431 at 69-70; Minute Entry for Status Conference held on April 15, 2024, R. Doc. 523. Instead, Plaintiffs seek to recover under traditional negligence and nuisance theories.

## LEGAL STANDARD

Evidence is relevant if (a) it has the tendency to make a fact more or less probable than it would be without that evidence, and (b) the fact is of consequence in the action. Fed. R. Evid. 401. Irrelevant evidence is inadmissible. Fed. R. Evid. 402. Even if evidence is relevant, it may be excluded if its probative value is outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Fed. R. Evid. 403.

Possible impediments to a plaintiff's ability to recover a judgment are akin, in the relevance analysis, to a defendant's ability to pay a final judgment. Courts have prohibited evidence or

argument calculated to appeal to the sympathy of jurors through references to the defendants' wealth. *See St. Andrews Presbyterian Church Lake Charles v. Church Mut. Ins. Co.*, No. 2:21-CV-02747, 2022 WL 20689744 (W.D. La. Nov. 4, 2022); *Parkins v. Brown*, 241 F.2d 367, 368 n. 2 (5th Cir. 1957); *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977); *Adams Labs., Inc. v. Jacobs Eng'g Co.*, 761 F.2d 1218, 1226 (7th Cir. 1985); *Draper v. Airco, Inc.*, 580 F.2d 91 (3d Cir. 1978).

The defendants' respective ability to pay, and the ease or difficulty of collecting a judgment against the defendants, is a similar consideration: in either case, a jury might be influenced to find liability or apportion unproven fault to a defendant who appears more able to pay a judgment than its co-defendant. A jury could be prejudiced or misled in its consideration of the relevant issues by evidence that a judgment against one of several defendants would be difficult to enforce, or that a municipal defendant's source of funds would be tax income. Yet Louisiana law is clear that fault must be allocated to all negligent parties without regard to the likelihood of recovery. *See Fontenot v. Dual Drilling Co.*, 179 F.3d 969, 973 (5th Cir. 1999) (holding that La. C. C. art 2323(A) requires fact finders to allocate fault to "all negligent parties[,] regardless of whether the plaintiff can recover from a particular party or not.").

The Louisiana Constitution bars the seizure of public funds or property to satisfy a judgment against a political subdivision of the state. La. Const. art. XII, § 10(c). Instead, the political subdivision must make a specific appropriation in order to satisfy the judgment. *Id.*; La. R.S. 13:5109. Louisiana courts lack the power to force another branch of government to make an appropriation. *See Ariyan, Inc. v. Sewerage & Water Bd. of New Orleans*, 29 F.4th 226, 228 (5th Cir. 2022), *cert. denied*, 143 S. Ct. 353, 214 L. Ed. 2d 170 (2022) (citing *Newman Marchive P'ship, Inc. v. City of Shreveport*, 979 So.2d 1262, 1266 (La 2008)). For Plaintiffs to seek this Court's

4

enforcement of its judgment, the Plaintiffs would need to either comply with the requirements of Fed. R. Civ. P. 69(a), which defers to Louisiana's enforcement procedures, or rely on a federal interest to override the state's antiseizure provision. *See Waste Mgmt. of Louisiana, L.L.C. v. Jefferson Par.*, 48 F. Supp. 3d 894, 914 n. 160 (E.D. La. 2014).

## ARGUMENT

### A.    Any reference to the Parish's procedure to pay a money judgment against it should be precluded as irrelevant and prejudicial.

Any evidence or argument referring to limitations under Louisiana law on government entities to pay judgments should be excluded. These processes are irrelevant because a judgment can ultimately be awarded once funds are allocated to a governmental entity's budget. Further, any evidence or argument relating to the difficulty of collecting or enforcing a judgment against a particular defendant would be prejudicial. This may disproportionately skew a jury's fault allocation between defendants and ultimately place less blame on a specific defendant than the evidence proves.

### 1.    Reference to the enforceability of a possible monetary judgment against the Parish is not relevant under FRE Rules 401 and 402.

Evidence should only be admitted if it is relevant to the merits of Plaintiffs' claims. While there could be differences in the enforceability of a judgment against the Parish as compared to judgments against the Contractor Defendants, those considerations are irrelevant to liability, specific causation, and damages at issue in this trial. Any evidence, argument, or reference to the procedure to enforce a judgment against the Parish should be excluded *in limine*.

As discussed above, the Parish Council would have discretion whether and when to allocate funds to pay a judgment against it. A Plaintiff asking this Court to enforce its judgment against the Parish would face procedural and substantive hurdles in demonstrating a federal interest sufficient

to overcome the state's processes. And if the Parish satisfied the judgment through its own allocation or under compulsion, its payment would ultimately be drawn from tax dollars.

As a result, Plaintiffs' ability to enforce any judgment in this case against the Contractor Defendants would be different and more predictable than their ability to enforce a judgment against the Parish. While no party has yet indicated an intent to argue or submit evidence on these points, it should be excluded *in limine* because it is irrelevant.

The Parish's procedure to pay a possible money judgment against it is not relevant to liability under the negligence and nuisance claims at issue, nor to the questions of specific causation or amount of damages. The Parish's procedure to pay a possible money judgment, or Plaintiffs' potential procedures to enforce a judgment, are not necessary for such an analysis. The Parish's judgment payment or enforcement procedure does not tend to show that any party's action or inaction caused a particular Trial Plaintiff's alleged injury. Likewise, evidence of the procedure would not tend to make any fact in this case more or less probable than it would be without reference to the payment procedure. Therefore, any reference through argument or evidence of the Parish's judgment payment procedure, or the potential difficulties in enforcing such a judgment, should not be allowed at trial under Fed. R. Evid. 402.

    2. **Any reference to the enforceability of a possible money judgment against the Parish is unduly prejudicial.**

Even relevant evidence may be excluded if it will unfairly prejudice, confuse, or mislead the jury. Fed. R. Evid. 403. Any reference to the payment process, enforceability of a judgment against the Parish, or use of tax dollars to pay a judgment, in addition to being irrelevant, would unduly prejudice the Contractor Defendants in the jury's consideration of liability or how to allocate fault. The Court should exclude such evidence or argument *in limine* to prevent an unfair or misinformed allocation of fault.

As discussed above, the process to enforce a judgment against the Parish is irrelevant to the trial's issues of landfill operations, emissions of hydrogen sulfide, the Trial Plaintiffs' estimated exposures to hydrogen sulfide, and the Trial Plaintiffs' alleged injuries. However, in considering whether Defendants are liable, and how to allocate fault among the Defendants if the jury does find liability, the jury's decision might contradict the evidence, out of the jury's concern that Plaintiffs' recovery would be delayed or impaired or that it would rest ultimately on taxpayers.

Additionally, any reference to the Parish's process for paying judgments would also risk misleading or confusing the jury. Even though appropriation of funds by a political subdivision is generally a discretionary legislative act by the governing body, the political subdivision is not immune from suit. La. Const. art. XII, § 10A; La. Const. art. XII, § 10C (the legislature "shall provide for the effect of a judgment."). But if evidence of the necessary allocation procedure were admitted, or if it were mentioned in argument or questioning, it could confuse the jury and leave the false impression that the Parish is not subject to judgment or that it would not have to pay such a judgment. Even a passing reference to the Parish's unique process for payment of a judgment, the process for enforcing a judgment, or the use of tax dollars to pay it, would threaten to mislead the jury, confuse the issues, and prejudice the Contractor Defendants.

## CONCLUSION

The statutory process required for the Parish to pay, or for Plaintiffs to enforce, a monetary judgment is not relevant to the theories of liability put forth by Plaintiffs or any determinations of the finder of fact and should be excluded pursuant to FRE 401 and 402. In addition to its plain lack of relevance to the triable issues, any evidence of potential delay to pay a judgment, or difficulty in enforcing a judgment, threatens to prejudice the jurors against the Contractor Defendants, or at best confuse and mislead the jury as to which facts are relevant to their evaluation and allocation of fault. The Contractor Defendants respectfully request that the Court exclude from trial any

evidence, testimony, or arguments related to the money judgment payment or enforcement procedures applicable to the Parish, or to the Parish's use of tax proceeds to satisfy a judgment.

Respectfully submitted,

LISKOW & LEWIS, APLC

By:   /s/ Michael C. Mims
       Michael Cash (#31655)
       Cherrell Simms Taplin (#28227)
       Michael C. Mims (#33991)
       Brady M. Hadden (#37708)
       J. Hunter Curtis (#39150)
       Alex Andrade (#38659)
       701 Poydras Street, Suite 5000
       New Orleans, LA 70139
       (504) 581-7979

       BEVERIDGE & DIAMOND, P.C.

       Megan R. Brillault (*pro hac vice*)
       Michael G. Murphy (*pro hac vice*)
       John H. Paul (*pro hac vice*)
       Katelyn E. Ciolino (*pro hac vice*)
       Katrina M. Krebs (*pro hac vice*)
       825 Third Avenue, 16th Floor
       New York, NY 10022
       (212) 702-5400

       James B. Slaughter (*pro hac vice*)
       1900 N Street, NW, Suite 100
       Washington, DC 20036
       (202) 789-6000

       Michael F. Vitris (*pro hac vice*)
       400 W. 15th Street, Suite 1410
       Austin, TX 78701
       (512) 391-8035

       *Counsel for Defendants Louisiana Regional Landfill Company, Waste Connections Bayou, Inc., and Waste Connections US, Inc.*

GIEGER, LABORDE & LAPEROUSE, L.L.C.

By:   /s/ Nicholas S. Bergeron
      Ernest P. Gieger, Jr. (6154)
      John E. W. Baay (22928)
      J. Michael DiGiglia (24378)
      Nicholas S. Bergeron (37585)
      Blaise Chadwick Hill (*pro hac vice*)
      Gieger, Laborde & Laperouse, L.L.C.
      Hancock Whitney Center
      701 Poydras Street, Suite 4800
      New Orleans, Louisiana 70139
      Telephone: (504) 561-0400
      Facsimile: (504) 561-1011

      *Attorneys for Defendant Aptim Corp.*

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was electronically filed on July 17, 2024. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

_____/s/ Michael C. Mims_____
OF COUNSEL
