UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FREDERICK ADDISON, ET AL.,**<br>      Plaintiffs | CIVIL ACTION<br><br>NO. 19-11133, c/w 19-14512 |
| **VERSUS** | SECTION: "E" (5) |
| **LOUISIANA REGIONAL LANDFILL COMPANY, ET AL.,**<br>      Defendants | JUDGE: Morgan<br>MAGISTRATE JUDGE: North |
| *Applies to: Both Cases* | |

### PLAINTIFFS' OMNIBUS MOTION TO EXCLUDE CERTAIN PREJUDICIAL EVIDENCE, ARGUMENT, OR EXAMINATION AT TRIAL

Pursuant to § VI.7 of the Thirteenth Case Management Order, Plaintiffs submit this Omnibus Motion and Memorandum in Support of their Motion to Exclude Certain Prejudicial Evidence, Argument, or Examination at Trial. In support of this Motion, Plaintiffs aver the following:

1.

This Motion focuses on the following categories of information:

a. Receipt of social benefits, or funds received as a collateral source by any Plaintiff during the relevant time period through the present;

b. Past criminal history of any Plaintiff;

c. Evidence of illicit drug use during the relevant time period through the present;

d. Declarations of individuals citing their lack of experience with odors from the JPLF;

e. Evidence of prior lawsuits of which any Plaintiff was a party;

f. Reference of the location, legal practice, personal or financial status or resources of any of Plaintiffs' attorneys;

g. Evidence, argument, or examination about the Gremillion Family's income and tax returns;

h. Evidence, argument, or examination of sales or other financial information from Paradise Manor Country Club during the relevant time period.

2.

FRE Rule 401 states that evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Relevant evidence is admissible while irrelevant evidence is not.[1] However, under FRE Rule 403, a Court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

3.

Because the topics listed in section 1 are not relevant, highly prejudicial under FRE Rule 401-403, precluded from introduction under FRE Rule 609, and/or impermissible hearsay, they should be categorically excluded from argument, cross examination, or other presentation at trial.

WHEREFORE, Plaintiffs pray that this Omnibus Motion in Limine on Evidentiary Issues be granted, therefore excluding each category of evidence, argument of counsel, or examination at trial.

Dated: July 17, 2024

/s/ S. Eliza James
FORREST CRESSY & JAMES, LLC
Byron M. Forrest (La. Bar No. 35480)
Nicholas V. Cressy (La. Bar No. 35725)
S. Eliza James (La. Bar No. 35182)
1222 Annunciation Street

---

[1] FRE Rule 402.

New Orleans, Louisiana 70130
Tele:(504) 605.0777
Fax: (504) 322.3884
Email: byron@fcjlaw.com
nicholas@fdjlaw.com
eliza@fcjlaw.com

*Counsel For Addison Plaintiffs*

       /s/ Eric C. Rowe
C. Allen Foster (Admitted Pro Hac Vice)
Eric C. Rowe (Admitted Pro Hac Vice)
Masten Childers, III (Admitted Pro Hac Vice)
WHITEFORD, TAYLOR & PRESTON, L.L.P.
1800 M Street, NW, Suite 450N
Washington, DC 20036
Tele: (202) 659.6800
Fax: (202) 331.0573
Email: cafoster@whiteforlaw.com
erowe@whitefordlaw.com
mchilders@whitefordlaw.com

Harry S. Johnson, (Admitted Pro Hac Vice)
James R. Jeffcoat (Admitted Pro Hac Vice)
WHITEFORD, TAYLOR & PRESTON L.L.P.
Seven Saint Paul Street
Baltimore, Maryland 21202-1636
410) 347-8700
hjohnson@whitefordlaw.com
jjeffcoat@whitefordlaw.com