UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FREDERICK ADDISON, ET AL.,**<br>    Plaintiffs<br><br>**VERSUS**<br><br>**LOUISIANA REGIONAL LANDFILL COMPANY, ET AL.,**<br>    Defendants<br><br>*Applies to: Both Cases* | CIVIL ACTION<br><br>NO. 19-11133, c/w 19-14512<br><br>SECTION: "E" (5)<br><br><br>JUDGE: Morgan<br>MAGISTRATE JUDGE: North |

### PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR OMNIBUS MOTION TO EXCLUDE CERTAIN PREJUDICIAL EVIDENCE, ARGUMENT, OR EXAMINATION AT TRIAL

**MAY IT PLEASE THE COURT:**

Pursuant to § VI.7 of the Thirteenth Case Management Order, Plaintiffs submit this motion and memorandum to exclude certain evidence prejudicial evidence from being presented at trial. Specifically, Plaintiffs are categorically moving to exclude argument of counsel, cross-examination, and other forms of presentation at trial of the following categories of information:

a. Receipt of social benefits, or funds received as a collateral source by any Plaintiff during the relevant time period through the present;

b. Past criminal history of any Plaintiff;

c. Evidence of illicit drug use during the relevant time period through the present;

d. Declarations of individuals citing their lack of experience with odors from the JPLF;

e. Evidence of prior lawsuits of which any Plaintiff was a party;

f. Reference of the location, legal practice, personal or financial status or resources of any of Plaintiffs' attorneys;

  g. Evidence of sales or other financial information from Paradise Manor Country Club during the relevant time period.

For the reasons more fully stated below, this Motion should be granted as to every category of evidence as it is highly prejudicial to the Plaintiffs, constitutes inadmissible hearsay, and/or is not relevant to the claims and defenses asserted.

## I. FACTS RELEVANT TO THIS MOTION

This case involves odors and emissions emanating from the Jefferson Parish Landfill from July 1, 2017 through December 31, 2019 (hereinafter referred to as the "relevant time period") which were the cause of damages alleged by the 13 *Addison* Trial Plaintiffs. Prior to the Parties' selection of the 13 Trial Plaintiffs, a small subset of the larger *Addison* Plaintiff pool was deposed. Thereafter, Plaintiff and Defense each chose Plaintiffs to serve as the first Trial Plaintiffs for the trial on specific causation. While it is understood that depositions are a forum for a much broader scope of questioning, Defendants were deliberate in inquiring about certain sensitive topics, such as past criminal history, previous lawsuits, illicit drug use, income and sources of income including receipt of social program benefits such as, but not limited to, Social Security Disability benefits, Federal Section 8 Housing Program benefits, and workers' compensation benefits. Because these topics, globally, are highly prejudicial to a Plaintiff and provide no probative value to the trier of fact, they should be categorically excluded from argument, cross examination, or other presentation at trial. Defendants further seek to use financial records from a River Ridge country club as a basis for arguing that the odors did not affect the Gremillion Family. This, too, fails under a relevancy analysis and should likewise be excluded.

## II. LAW AND ARGUMENT

FRE Rule 401 states that evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in

determining the action. Relevant evidence is admissible while irrelevant evidence is not.[1]

However, under FRE Rule 403, a Court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

> **a. Evidence or argument regarding a Plaintiff's receipt of social program benefits, workers' compensation benefits, or other collateral source should be excluded.**

Evidence of a Plaintiff's receipt of social program benefits, workers' compensation benefits, or other collateral source of income is generally inadmissible pursuant to the collateral source doctrine.

> Under the collateral source rule, a tortfeasor may not benefit, and an injured plaintiff's tort recovery may not be reduced, because of monies received by the plaintiff from sources independent of the tortfeasor's procuration or contribution. *Kansas City Southern Ry., supra,* at 739. Hence, the payments received from the independent source are not deducted from the award the aggrieved party would otherwise receive from the wrongdoer, and, a tortfeasor's liability to an injured plaintiff should be the same, regardless of whether or not the plaintiff had the foresight to obtain insurance. *Id.*, at 739–740. As a result of the collateral source rule, the tortfeasor is not able to benefit from the victim's foresight in purchasing insurance and other benefits.[2]

Although the collateral source doctrine is generally applied to tort cases, Courts have recognized that it "has been applied to a variety of factual circumstances, although it typically applies to tort cases involving insurance payments or other benefits… Indeed, Louisiana courts and federal courts sitting in diversity have applied the rule to discrete objections of introduction of evidence that potentially violated the collateral source rule." [3] In bringing this motion, Plaintiffs specifically

---

[1] FRE Rule 402.
[2] *See* Rea v. Wisconsin Coach Lines, Inc., No. CV 12-1252, 2014 WL 12719428, at *1 (E.D. La. Oct. 3, 2014) quoting *Suhor v. Lagasse,* 2000–1628 (La.App. 4 Cir. 9/13/00), 770 So.2d 422,423.
[3] *Id*.

request that the Court exclude any reference to the following benefits received during the relevant time period through the present:

1. Social Security benefits, including Social Security Disability benefits and Supplemental Social Security Income;

2. Supplement to the Federal Section 8 Housing Program benefits;

3. Workers' compensation benefits.

In addition to being prohibited under the collateral source rule, such evidence of payments from social benefit programs and collateral income are not relevant to this current action. Presentation of such evidence at trial carries a high risk of prejudice to the Plaintiffs due to a possible negative stereotype associated with individuals who rely on such programs. As a threshold matter, it must be noted that *none* of the 13 Trial Plaintiffs are making a claim for lost wages or loss of earning capacity related to the odors that they experienced; however, each Plaintiff was subjected to extensive discovery regarding their employment, wages, and receipt of social program benefits and other collateral income sources.[4] *See Dunn ex rel. Albery v. State Farm Mut. Auto. Ins. Co.,* 264 F.R.D. 266, 271 (E.D. Mich. 2009), (granting Plaintiff-Intervenor's Motion in Limine relating to benefits received under the Supplement to the Federal Section 8 Housing Program where the payment of rent was not at issue in the lawsuit.) "Further, the Court finds that the danger of unfair prejudice and confusion of the issues substantially outweighs the probative value of the evidence. There is no need for the jury to consider evidence of rent payments when the Court has already held that Intervenor–Plaintiff is barred from seeking reimbursement for those expenses.") Therefore, the Court should exclude any evidence, argument of counsel, or exhibits related to any Plaintiff's receipt of social program benefits, including Section 8 housing vouchers, Social

---

[4] *See* Exhibit 1, which serves as an example of discovery sent to each Trial Plaintiff. The Interrogatories and Request for Production were essentially identical for each of the 13 Trial Plaintiffs.

Security Disability benefits, Social Security Supplemental Income benefits, and/or workmen's compensation benefits because any such evidence is completely irrelevant to any issue in this matter.

### b. Evidence or argument regarding any Plaintiff's criminal history should be excluded.

To the extent that Defendants seek to introduce evidence of any Plaintiff's criminal history, such evidence should be excluded. FRE Rule 609 governs the use of a criminal conviction as evidence of truthfulness in limited circumstances. Under FRE 609(1)(a) such evidence must still pass muster under FRE 403 as relevant and probative. Pursuant to a recent Order, Defendants were require to produce impeachment evidence to Plaintiffs which included a criminal records report for one of the Addison Trial Plaintiffs. This report showed arrests with charges ultimately refused. Because evidence of criminal arrests are not admissible under FRE 609 (which requires adjudication of a criminal charge) such evidence is not permissible. As such, Defendants should be barred from presenting evidence, argument, or cross-examination inquiring about or otherwise insinuating that any Plaintiff has been arrested or has any criminal history that does not comply with FRE Rule 609 and FRE Rule 403.

### c. Evidence and argument regarding any Plaintiff's other lawsuits or claims should be excluded.

Evidence of other actions wherein a Plaintiff was, or is currently a party, are not relevant and the probative value of such evidence is substantially outweighed by the risk of undue prejudice to the Plaintiff. In *Rodrigue v. Wood Grp. PSN, Inc.,* EDLA Judge Zainey excluded evidence of prior lawsuits and claims made by a Plaintiff as prejudicial. ("Defendant's arguments in opposition belie its assertion that it is not attempting to use the prior lawsuits to cast Rodrigue as a career

litigant and diminish his character to the jury.[5]") Much like *Rodrigue*, Defendants in this case are attempting to cast Plaintiffs as greedy and driven solely by the financial gain of a possible judgment in their favor. Specifically, Defendants' expert reports of Dr. Brobson Lutz, MD makes numerous references to "compensation neurosis" thereby insinuating that Plaintiffs motivation for bringing an action and alleging injuries is heavily influenced financial gain.[6] In this case - one that is primarily based on claims of nuisance - whether or not an individual has been a party to another lawsuit and/or made a claim in a different action is wholly irrelevant and risks the negative character inference that an individual is a "career litigant." Therefore, Defendants should be precluded from presenting evidence, argument, or cross-examination inquiring about any Plaintiff's involvement in a separate lawsuit or claim or otherwise insinuating that any Plaintiff is litigious or a "career litigant."

### d. Evidence or argument relating to drug use or addiction should be excluded.

To the extent such evidence exists, Defendants should be precluded from presenting evidence, argument, or cross-examination inquiring about or otherwise insinuating that any of the Plaintiffs use (or have used) illicit drugs, or habitually use (or have used) prescribed narcotics pursuant FRE Rule 401-403. Such information is not relevant to the claims or defenses asserted, and the mere suggestion of drug use posed to any Plaintiff is highly prejudicial. Defendants deposed each Trial Plaintiff and inquired extensively about use of legal and illegal substances. As such, it is reasonable to assume that such questions will be posed to Plaintiffs at trial. Because the probative value of any such evidence is substantially outweighed by the danger of unfair prejudice, Defendants should be precluded from presenting evidence, argument, or cross-examination

---

[5] *See Rodrigue v. Wood Grp. PSN, Inc.*, No. CV 15-5488, 2016 WL 5390392, at *4 (E.D. La. Sept. 27, 2016).
[6] *See* Rec. Doc. 552-2, Report of Dr. Bobson Lutz, M.D..

inquiring about or otherwise insinuating that any Plaintiff uses illicit drugs or is a habitual user of prescribed narcotics.

### e. Evidence, argument, or examination regarding the Gremillion Family's income and business and personal tax returns should be excluded.

As a threshold matter, neither Scott or Wendy Gremillion are making a claim for lost wages and/or loss of earning capacity as a result of the odors from the JPLF. However, Defendants spent significant time undertaking written and deposition discovery relating to the source, circumstances, and logistics of Scott Gremillion's employment and income. Mr. Gremillion works remotely in the heavy equipment industry. Facts and documents relating to Mr. Gremillion's employment and income are not relevant to his or his family's claims, and disclosure of his tax returns and income amounts presently and/or during the relevant time period have a high risk of being prejudicial to Mr. and Mrs. Gremillion. For these reasons, evidence and examination related to the Gremillion Family's income amount and tax returns should be excluded.[7]

### f. Evidence or argument regarding the location, legal practice, personal or financial status of Plaintiffs' attorneys and financial resources available to Plaintiffs and their counsel.

Defendants should be precluded from any argument or evidence regarding any aspect of the Plaintiffs' attorneys, including the location, legal practice or personal or financial status of Plaintiffs' attorneys and/or the financial resources that the Plaintiffs' firms may or may not have at their disposal. Nothing concerning the Plaintiffs' attorneys is relevant to this case and is highly prejudicial to the Trial Plaintiffs. As such, any evidence, argument, or cross-examination inquiring about or other reference to these topics it should be excluded under FRE Rule 401-403.

### g. Declarations of non-parties should be excluded as impermissible hearsay.

---

[7] Mrs. Gremillion is a licensed Louisiana attorney; however she is not currently practicing law.

Defendants intend to utilize declarations made by community members attesting to their experience (or lack of experience) with odors during the relevant time period.[8] Not only are these declarations not relevant or probative to the issue being tried at specific causation - specifically *whether these 13 Trial Plaintiffs experienced the odors*, and whether those odors and emissions caused the injuries for about which they complain - the declarations are impermissible hearsay under FRE Rule 801. FRE Rule 801 prohibits out of court statements made to prove the truth of the matter asserted. The declarations are out of court statements which are made for the purpose of stating whether or not odors existed in the Jefferson Parish communities where Plaintiffs reside. Therefore, any evidence, argument, or cross-examination inquiring about or other reference to these topics should be excluded under FRE Rule 801.

    **h. Evidence and argument related to the sales and financials of Paradise Manor Country Club.[9]**

In an effort to make a sweeping statement about odors in the community, Defendants intend to introduce evidence and argument relating to the sales and financials of Paradise Manor Country Club (hereinafter referred to as "PMCC"). PMCC is a pool and tennis establishment located in River Ridge. The Gremillion family was a member of PMCC during the relevant time period. Wendy Gremillion testified during her deposition that the odors would cause her family to leave the club earlier than anticipated on a few occasions.[10] The Gremillions do not dispute that they were members of PMCC, and that they did in fact use the pool facilities on occasion during the relevant time period. However, Defendants intend to use the PMCC sales and financial records for *all members* to make a sweeping generalization that the odors were not present at all at the PMCC,

---

[8] *See* Exhibit 1.
[9] It must be noted that the Court has denied as moot Plaintiffs' Motion to Exclude Testimony of Joseph Gardemal, the defense CPA, who analyzed the financials of PMCC. Rec. Doc. 643. This Motion seeks to exclude any further argument of counsel or evidence that would be introduced through other witnesses or by counsel.
[10] *See* Exhibit 2, Gremillion W. Dep. 33:12-21.

and therefore the Gremillion family could not have smelled the odors while at the facility. Since this is a trial on specific causation, the effect of the odors on others is not relevant to the question of whether or not the *odors from the JPLF actually caused the injuries to the Gremillion family*. This information is not relevant, and its probative value is substantially outweighed by the danger of unfair prejudice. As such, any evidence, argument, or cross-examination inquiring about or other reference to these topics should be excluded under FRE Rule 401 and 403.

### III.   CONCLUSION

For the foregoing reasons, Plaintiffs request that this Court grant their Omnibus Motion in Limine on Evidentiary Issues therefore excluding each category of evidence, argument of counsel, or examination at trial.

Dated:  July 17, 2024

/s/ S. Eliza James
FORREST CRESSY & JAMES, LLC
Byron M. Forrest (La. Bar No. 35480)
Nicholas V. Cressy (La. Bar No. 35725)
S. Eliza James (La. Bar No. 35182)
1222 Annunciation Street
New Orleans, Louisiana 70130
Tele:(504) 605.0777
Fax: (504) 322.3884
Email: byron@fcjlaw.com
nicholas@fdjlaw.com
eliza@fcjlaw.com

*Counsel For Addison Plaintiffs*

/s/ Eric C. Rowe
C. Allen Foster (Admitted Pro Hac Vice)
Eric C. Rowe (Admitted Pro Hac Vice)
Masten Childers, III (Admitted Pro Hac Vice)
WHITEFORD, TAYLOR & PRESTON, L.L.P.
1800 M Street, NW, Suite 450N
Washington, DC 20036

Tele: (202) 659.6800
Fax: (202) 331.0573
Email: cafoster@whiteforlaw.com
erowe@whitefordlaw.com
mchilders@whitefordlaw.com

Harry S. Johnson, (Admitted Pro Hac Vice)
James R. Jeffcoat (Admitted Pro Hac Vice)
WHITEFORD, TAYLOR & PRESTON L.L.P.
Seven Saint Paul Street
Baltimore, Maryland 21202-1636
410) 347-8700
hjohnson@whitefordlaw.com
jjeffcoat@whitefordlaw.com