UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FREDERICK E. ADDISON, SR., ET AL.,**<br>    **Plaintiffs** | **CIVIL DOCKET** |
| **VERSUS** | **NO. 19-11133**<br>    **c/w 19-14512** |
| **LOUISIANA REGIONAL LANDFILL COMPANY, ET AL.,**<br>    **Defendants** | **SECTION: "E" (5)** |

*Applies to: Both Cases*

### ORDER AND REASONS

Before the Court is Plaintiffs' motion to exclude evidence of "other sources" of odors (the "Motion in Limine").[1] The Defendants filed a joint memorandum in opposition.[2] Plaintiffs filed a reply.[3]

### BACKGROUND

This case concerns the operation of the Jefferson Parish Landfill in Waggaman, Louisiana (the "Landfill"), and the resulting odors emitted from the Landfill between July 1, 2017, and December 31, 2019 (the "relevant time period"). Plaintiffs, who are Jefferson Parish residents, filed several individual lawsuits that were consolidated into a mass action, *Addison v. Louisiana Regional Landfill Co.*, which contains over 500 individual Plaintiffs.[4] In their Second Amended Complaint, Plaintiffs assert negligence and nuisance

---

[1] R. Doc. 553.
[2] R. Doc. 588.
[3] R. Doc. 615.
[4] *See generally* Second Amended Complaint, R. Doc. 431. Jefferson Parish residents also filed several related class actions, which were consolidated into one case, *Ictech-Bendeck v. Waste Connections Bayou, Inc. See* R. Doc. 48 (18-7889).

1

claims under Louisiana state law[5] against Defendants: Jefferson Parish, which owns and contracts with others to operate the Landfill; Aptim Corporation, which managed the gas and leachate collection systems of the Landfill from July 2017 to May 2019; and three entities that operated the Landfill from May 2013 to December 2020: Louisiana Regional Landfill Company;[6] Waste Connections Bayou, Inc.;[7] and Waste Connections US, Inc. (collectively, the "Defendants").[8] The Defendants pleaded several "alternative source arguments" as affirmative defenses in their answers to Plaintiffs' Second Amended Complaint, including that: (1) Plaintiffs' alleged damages were sustained in whole or in part as a result of intervening or superseding causes, including noxious odors originating from sources other than the Landfill; and (2) Plaintiffs' claims are barred or diminished to the extent their injuries were caused by their own comparative fault or the comparative fault of third parties or sources of odors for which the Defendants are not responsible.[9]

On November 5, 2019, the Court issued the first Case Management Order, which established a bifurcated litigation schedule under which the issue of general causation would be resolved first.[10] The Court held a trial on general causation in early 2022.[11] On November 29, 2022, the Court issued its Findings of Fact and Conclusions of Law as to General Causation (the "General Causation Order"),[12] determining that, during the

---

[5] *See* Second Amended Complaint, R. Doc. 431 at p. 64.
[6] Louisiana Regional Landfill Company is formerly known as IESI LA Landfill Corporation.
[7] Waste Connections Bayou, Inc. is formerly known as Progressive Waste Solutions of LA, Inc.
[8] Second Amended Complaint, R. Doc. 431 at pp. 52-53.
[9] Waste Connections Defendants' Affirmative Defenses and Answer, R. Doc. 502 at p. 2; Jefferson Parish's Answer, R. Doc. 504 at pp. 20-21; Aptim's Answer and Affirmative Defenses to Plaintiffs' First Amended Complaint, R. Doc. 111 at pp. 14-15. Aptim's Answer and Affirmative Defenses to Plaintiffs' Second Amended Complaint incorporated by reference the affirmative defenses asserted in Aptim's Answer and Affirmative Defenses to Plaintiffs' First Amended Complaint. R. Doc. 447 at p. 1.
[10] R. Doc. 80 at pp. 1-2.
[11] R. Docs. 274-278, 286-289.
[12] R. Doc. 323.

relevant time period: (1) odors and gases were emitted by the Landfill;[13] (2) the emissions of gases and odors from the Landfill occurred during the relevant time period;[14] and (3) exposure to the odors and gases emitted by the Landfill at a level of five parts per billion for thirty minutes "is sufficient by itself for individuals generally to be able to smell hydrogen sulfide and for the exposure to cause a reaction."[15] Having found that Plaintiffs established general causation for certain Allowed Injuries,[16] the Court ordered that a trial be conducted with a select number of *Addison* Plaintiffs (the "Trial Plaintiffs").[17] The first *Addison* trial was set to begin on September 5, 2023,[18] and has since been continued to begin on August 12, 2024 (the "first *Addison* Trial").[19]

Plaintiffs timely filed the instant Motion in Limine under Federal Rules of Evidence 401 and 403 seeking to preclude Defendants from offering evidence or testimony in support of their "defense[s] that Plaintiffs' injuries were caused by 'other sources'" of odors for which the Defendants are not responsible.[20]

## LEGAL STANDARD

"It is well settled that motions in limine are disfavored."[21] "[T]he purpose of a motion in limine is to prohibit opposing counsel 'from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the

---

[13] *Id.* at p. 5.
[14] *Id.* at p. 26.
[15] *Id.* at p. 27.
[16] *See* R. Doc. 642 (defining the Allowed Injuries).
[17] R. Doc. 323 at pp. 44, 46.
[18] R. Doc. 340.
[19] R. Doc. 495.
[20] R. Doc. 553. The "other sources" of odors for which the Defendants claim they are not responsible include several sources of odors identified in the Defendants' responses to interrogatories propounded by Plaintiffs in discovery, as provided at R. Docs. 553-16 at p. 6, 553-17 at p. 6, 553-18 at pp. 6-7, and 553-19 at pp. 6-7.
[21] *Auenson v. Lewis*, 94-2734, 1996 WL 457258, at *1 (E.D. La. Aug. 12, 1996) (citing *Hawthorne Partners v. AT & T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993)).

offending matter cannot overcome its prejudicial influence on the jurors' mind.'"[22] "Evidence is relevant" if "it has *any* tendency to make a fact . . . of consequence in determining the action" "more or less probable than it would be without the evidence."[23] "Evidence which is not relevant is not admissible."[24] Under Federal Rule of Evidence 403, the Court may exclude even relevant evidence "if its probative value is substantially outweighed by a danger of . . . unfair prejudice."[25] "'Unfair prejudice' . . . means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one."[26]

"An order in limine excludes only clearly inadmissible evidence; therefore evidence should not be excluded before trial unless it is clearly inadmissible on *all* potential grounds."[27] Instead, courts should reserve evidentiary rulings until trial so that questions as to the evidence "may be resolved in the proper context."[28] "When ruling on motions in limine, the Court 'maintains great discretion [as to] evidentiary determinations.'"[29] If the evidence is not clearly inadmissible on all grounds, it is better for the court to decline to rule in advance of trial so that it will have the opportunity to resolve issues in context.

## LAW AND ANALYSIS

Generally, Federal Rule of Civil Procedure 8(c) requires a party to affirmatively state any avoidance or affirmative defenses, and provides that "an affirmative defense is

---

[22] *MGMTL, LLC v. Strategic Tech.*, 20-2138, 2022 WL 594894, at *2 (E.D. La. Feb. 28, 2022).
[23] FED. R. EVID. 401 (emphasis added).
[24] FED. R. EVID. 402.
[25] FED. R. EVID. 403.
[26] *Old Chief v. United States*, 519 U.S. 172, 180 (1997).
[27] *Rivera v. Robinson*, 464 F. Supp. 3d 847, 853 (E.D. La. 2020) (quoting *Auenson*, 1996 WL 457258, at *1)).
[28] *Auenson*, 1996 WL 457258, at *1.
[29] *Jackson v. State Farm Fire & Cas. Co.*, 656 F. Supp. 3d 676 (W.D. La. 2023) (quoting *Parker v. John W. Stone Oil Distributors, L.L.C.*, 18-3666, 2019 WL 5212285, at *2 (E.D. La. Oct. 16, 2019)).

4

subject to the same pleading requirements as [] the complaint."[30] "An affirmative defense is a defendant's assertion of facts and argument that, if true, will defeat the plaintiff's claim, even if all the allegations in the plaintiff's complaint are true, and the defendant bears the burden of proving an affirmative defense."[31] In this case, the Defendants pleaded their alternative source arguments as "affirmative defenses" in their answers to Plaintiffs' Second Amended Complaint, including that: (1) "Plaintiffs' damages, if any, were sustained in whole or in part as a result of intervening or superseding causes,"[32] including "noxious odors . . . originating from sources other than [the Landfill]";[33] and (2) "Plaintiffs' claims are barred or diminished to the extent that their damages were due to their own comparative fault or to the comparative fault of third parties" for whom the Defendants are not responsible.[34]

Although pleaded as affirmative defenses, the parties agree Defendants' alternative source arguments actually are defenses to "Plaintiffs' ability to make their *prima facie* case on causation."[35] A party labeling a defense as an "affirmative defense" does not necessarily mean it is a true affirmative defense.[36] Indeed, "[a] defense that merely points out a defect in the plaintiff's *prima facie* case is a denial[,] not a true affirmative defense."[37] In this case, Defendants raise defenses of intervening or superseding cause

---

[30] *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999); FED. R. CIV. P. 8(c).
[31] *Wilkerson v. Stalder*, 00-304, 2010 WL 1293375, at *2 (M.D. La. Feb. 22, 2010) (citing BLACK'S LAW DICTIONARY 482 (9th ed. 2009)).
[32] Waste Connections Defendants' Affirmative Defenses and Answer to Plaintiffs' Second Amended Complaint, R. Doc. 502 at p. 2; Jefferson Parish's Answer to Plaintiffs' Second Amended Complaint, R. Doc. 504 at pp. 20-21; Aptim's Answer and Affirmative Defenses to Plaintiffs' First Amended Complaint, R. Doc. 111 at p. 14.
[33] Aptim's Answer and Affirmative Defenses to Plaintiffs' First Amended Complaint, R. Doc. 111 at p. 14.
[34] Waste Connections Defendants' Affirmative Defenses and Answer, R. Doc. 502 at p. 2; Jefferson Parish's Answer, R. Doc. 504 at pp. 20-21; Aptim's Answer and Affirmative Defenses to Plaintiffs' First Amended Complaint, R. Doc. 111 at pp. 14-15.
[35] *See* R. Doc. 588 at p. 7; R. Doc. 615 at p. 2.
[36] *In re Taxotere (Docetaxel) Products Liability Litig.*, 16-2740 c/w 16-17039, 2020 WL 7480626, at *2 (E.D. La. Dec. 18, 2020).
[37] *Id.*

and comparative fault. Under Louisiana law, defenses to a negligence action include "a superseding [and] intervening cause exonerates a defendant in a . . . negligence action," and "a plaintiff's recovery [may be] reduced in accordance with the degree of negligence [] attributable to the person suffering the injury" pursuant to Louisiana's comparative fault regime.[38] In effect, these are defenses that attack the Plaintiffs' proof on causation.

At trial, Plaintiffs bear the burden of proving the Defendants caused their injuries. "[C]ourts have held that because a plaintiff bears the burden of proof on causation, defenses relating to causation are not affirmative defenses."[39] Nevertheless, for their alternative sources defense to be successful, Defendants bear the burden of rebutting Plaintiffs' causation evidence by showing "some other particular [source] could have caused the injur[ies]."[40] Both parties cite *Simon v. United States*, which holds that "a defendant who contests the cause-in-fact relationship must show some other *particular* incident could have caused the injury in question to overcome [a] plaintiff's case."[41]

In this case, Plaintiffs filed the instant Motion in Limine seeking to preclude the Defendants from offering any evidence or testimony that Plaintiffs' injuries were caused "by some other source."[42] First, Plaintiffs contend the topic is relevant only to the Defendants' alternative source arguments—i.e., that Plaintiffs' injuries resulted from intervening or superseding causes and/or comparative fault of third-parties or the Plaintiffs themselves—and that these defenses fail under Louisiana law because the

---

[38] *Couturier v. Bard Peripheral Vascular, Inc.*, 548 F. Supp. 3d 596, 613 (E.D. La. 2021) (first citing *Gullie v. Comprehensive Addiction Programs, Inc.*, 98-2605 (La. App. 4 Cir. 4/21/99), 735 So. 2d 775, 778; then citing LA. CIV. CODE art. 2323(A)).
[39] *Id.*
[40] *Simon v. United States*, 51 F. Supp. 2d 739, 746 (W.D. La. 1999).
[41] *Id.* (emphasis added) (quoting *Davis v. Galilee Baptist Church*, 486 So. 2d 1021, 1026 (La. App. 2 Cir. 1986)). *See* Defs.' Opp'n, R. Doc. 588 at p. 8 (citing *Simon*); Pls.' Reply, R. Doc. 615 at p. 3 (citing *Simon*).
[42] R. Doc. 553-1 at pp. 3-4.

Defendants have not offered any evidence "to prove general causation that a particular source was capable of causing the [Plaintiffs' alleged] injur[ies]."[43] Thus, Plaintiffs argue evidence of "other sources" should be excluded under Rule 401 as it is not relevant.[44]

Next, Plaintiffs argue even if the topic is relevant, it should be excluded under Rule 403 as it is "unduly prejudicial" and presents a risk of confusing the issues and misleading the jury.[45] Plaintiffs claim the Defendants' attempts to "facially . . . cast blame" on other nearby landfills contradict their own expert testimony that the aggregate emissions from those other landfills were insufficient to cause Plaintiffs' alleged injuries.[46] Plaintiffs further contend the Defendants "should be precluded from arguing that the Plaintiffs' residence, lifestyle, pets, [or] cleanliness were a source of odor during the relevant time period," as raising those topics "would amount to victim blaming masqueraded as an inquiry not rooted in fact, and intended only to confuse and mislead the trier of fact."[47]

In opposition, Defendants argue Plaintiffs' "procedurally improper motion"[48] is in fact a motion for summary judgment and that a motion in limine cannot be used to deprive Defendants of the opportunity to present evidence "directly relevant to th[e] causation analysis," which Defendants purportedly disclosed in discovery and intend to use at the first *Addison* Trial "to challenge the purported link between [the Landfill's]

---

[43] R. Doc. 615 at p. 2 (citing *Simon*, 51 F. Supp. 2d at 746); R. Doc. 553-1 at pp. 3-4, 12-15. "The burden of proving a superseding [and] intervening cause rests with defendants." R. Doc. 553-1 at p. 13 (citing *Turner v. Nationwide Ins. Co.*, 503 So. 2d 734, 737 (La. Ct. App. 1987)). "Simply stated, '[t]hird-party fault is an affirmative defense' for which 'the party pleading third-party fault bears the burden of proving it by a preponderance of the evidence.'" *Id.* at p. 14 (quoting *Landry v. Doe*, 2019-0880 (La. App. 1 Cir. June 26, 2020), 307 So. 3d 1064, 1080-81).
[44] R. Doc. 615 at p. 1; R. Doc. 553-1 at p. 13.
[45] *See* R. Doc. 615 at p. 7.
[46] R. Doc. 533-1 at pp. 2-4.
[47] *Id.* at p. 16.
[48] Defendants claim, "Plaintiffs in effect seek dispositive relief that [] is improperly raised on a motion in limine." R. Doc. 588 at p. 5.

emissions and Plaintiffs' injuries."[49] Defendants contend that, under Louisiana law, Plaintiffs "bear the burden of proving by admissible evidence that [the Landfill] was more likely than not the source of their alleged exposures and injuries and to eliminate other potential causes as part of that analysis." Thus, the Defendants argue they are "entitled to present relevant evidence to the jury bearing on whether Plaintiffs have met their burden."[50] Ultimately, Defendants claim, "[t]he parties' competing evidence is for the jury to weigh" and that Plaintiffs improperly seek to dispose of Defendants' alternative source arguments of intervening causation and comparative fault using a motion in limine as a substitute for a motion for summary judgment, thereby attempting to "deprive the Defendants from presenting a defense on a critical element of Plaintiffs' case."[51]

A motion in limine is a procedural mechanism "made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered."[52] A motion in limine is not appropriate "to resolve substantive issues, to test issues of law, [] to address or narrow the issues to be tried,"[53] or to "seek[] a dispositive ruling on a claim."[54] Using the procedural device to advance one of the foregoing goals merely substitutes a motion in limine for the dispositive motions authorized by statute.[55] The *Amtower* court explained the reasons behind this rule:

> The disadvantages of such shortcuts are obvious. They circumvent

---

[49] *Id.* at p. 1.
[50] *Id.* at p. 4.
[51] *Id.* at pp. 1, 9-11. "While it is Plaintiffs' position that there is insufficient evidence that other causes contributed to their injuries, that is not a legally cognizable basis for wholesale exclusion of such evidence. Plaintiffs will be allowed to present their case on causation to the jury just as the Defendants will." *Id.* at pp. 8-9.
[52] *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984).
[53] *Fortuny v. GEICO Gen. Ins. Co.*, 18-22683, 2019 WL 13072751, at *6 n.4 (S.D. Fla. Apr. 26, 2019).
[54] *Hana Financial, Inc. v. Hana Bank*, 735 F.3d 1158, 1161 n.4 (9th Cir. 2013) (citing *Dubner v. City of S.F.*, 266 F.3d 959, 968 (9th Cir. 2001)). *See also Rice v. Kelly*, 483 So. 2d 559, 560 (Fla. Dist. Ct. App. Feb. 26, 1986) ("[W]e caution trial courts not to allow 'motions in limine' to be used as unwritten and unnoticed motions for partial summary judgment or motions to dismiss.").
[55] *See Amtower v. Photon Dynamics, Inc.*, 158 Cal. App. 4th 1582, 1594 (Cal. App. Feb. 15, 2008).

procedural protections provided by the statutory motions or by trial on the merits; they risk blindsiding the nonmoving party; and, in some cases, they could infringe a litigant's right to a jury trial. Adherence to the statutory processes would avoid all these risks. Furthermore, these irregular procedures can result in unnecessary reversals.[56]

Rule 56 allows a party to "move for summary judgment, identifying each claim or *defense*—or the part of each claim or *defense*—on which summary judgment is sought."[57] As a result, "district courts throughout the country have repeatedly condemned the use of a motion in limine as a substitute for a motion for summary judgment."[58]

In this case, Plaintiffs seek a dispositive ruling on Defendants' alternative source arguments under the guise of a motion in limine. Specifically, Plaintiffs argue evidence related to other sources of odor is irrelevant to Defendants' defenses because Defendants cannot identify "even one 'other source' of odors" that they contend caused or contributed to Plaintiffs' injuries.[59] That argument does not touch on the admissibility of evidence at trial based on the risk of unfair prejudice, but rather seeks to use a motion in limine improperly to determine the viability of Defendants' defenses, which the Court would normally consider on a motion for summary judgment. In order to exclude such evidence as irrelevant at this stage of the litigation, the Court would have to engage in a summary judgment type analysis, which it is unable to do on a motion in limine.

The Court finds that the Plaintiffs are improperly "using a motion in limine to decide an issue that would dispose" of Defendants' defenses, rather than "asking the Court

---

[56] *Amtower*, 158 Cal. App. 4th at 1594 (citation omitted).
[57] FED. R. CIV. P. 56(a) (emphasis added).
[58] *McCoy v. Housing Authority of New Orleans*, 15-398, 2016 WL 9413966, at *2 (E.D. La. Oct. 10, 2016) (collecting cases); *see also Amtower*, 158 Cal. App. 4th at 1593 ("What in limine motions are *not* designed to do is to replace the dispositive motions prescribed by the Code of Civil Procedure.").
[59] R. Doc. 553-1 at p. 15.

9

to decide a discrete evidentiary issue."[60] Further, the Court finds that evidence related to Defendants' alternative source arguments is relevant under Rule 401, as "any potential alternative theories of causation go directly toward a key underlying issue" in this case.[61]

Accordingly;

## CONCLUSION

**IT IS ORDERED** that Plaintiffs' motion to exclude evidence of "other sources" of odors is **DENIED**.[62]

New Orleans, Louisiana, this 17th day of July, 2024.

                                          *Susie Morgan*
                              **SUSIE MORGAN**
                    **UNITED STATES DISTRICT JUDGE**

---

[60] *See Reuther v. Realtors*, 15-2850, 2016 WL 4592193, at *3 (E.D. La. Sept. 2, 2016). Plaintiffs may be entitled to relief under Rule 50 with respect to some or all of the alternative sources mentioned by the Defendants and may file a motion for judgment as a matter of law on the issue after Defendants have been fully heard on the issue at trial and before the case is submitted to the jury. FED. R. CIV. P. 50(a).

[61] *See Robinson v. Ethicon Inc.*, 20-3760, 2022 WL 20689753, at *4 (S.D. Tex. Oct. 5, 2022) (denying a motion in limine seeking to exclude evidence that non-parties or plaintiff were negligent); *see also In re Katrina Canal Breaches Consol. Litig.*, 05-4182, 2009 WL 982104, at *5 (E.D. La. Apr. 13, 2009) (denying a motion in limine when "the very basis for the motion [] requires a finding with regard to causation which would have to be the subject of a motion for summary judgment").

[62] R. Doc. 553.