UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FREDERICK E. ADDISON, SR., ET AL.,**<br>    Plaintiffs | **CIVIL DOCKET** |
| **VERSUS** | **NO. 19-11133**<br>    **c/w 19-14512** |
| **LOUISIANA REGIONAL LANDFILL COMPANY, ET AL.,**<br>    Defendants | **SECTION: "E" (5)** |

*Applies to: Both Cases*

# ORDER AND REASONS

Before the Court is a contested Motion in Limine filed by Plaintiffs[1] seeking to exclude Defendant's questioning at trial of Plaintiff's expert, Dr. Susan Schiffman, (1) regarding an unrelated defamation lawsuit ("the Heartland lawsuit") pending in the federal district court for the Middle District of North Carolina[2] and (2) about the American Psychological Association ("APA") Code of Ethics. Defendants filed a memorandum in opposition.[3] The Movant filed a reply in support of their Motion in Limine.[4]

# BACKGROUND

This case concerns the operation of the Jefferson Parish Landfill in Waggaman, Louisiana (the "Landfill"), and the resulting odors emitted from the Landfill between July 1, 2017, and December 31, 2019 (the "relevant time period"). Plaintiffs, who are Jefferson Parish residents, filed several individual lawsuits that were consolidated into a mass

---

[1] R. Doc. 555.
[2] *TC Heartland, LLC v. Schiffman*, 1:23-cv-00665 (M.D. N.C. 2023).
[3] R. Doc. 578.
[4] R. Doc. 616.

action, *Addison v. Louisiana Regional Landfill Co.*, which contains over 500 individual Plaintiffs.[5] Plaintiffs assert negligence and nuisance claims under Louisiana state law[6] against Defendants: Jefferson Parish, which owns and contracts with others to operate the Landfill; Aptim Corporation, which managed the gas and leachate collection systems of the Landfill from July 2017 to May 2019; and three entities that operated the Landfill from May 2013 to December 2020: Louisiana Regional Landfill Company;[7] Waste Connections Bayou, Inc.;[8] and Waste Connections US, Inc.[9]

On November 5, 2019, the Court issued the first Case Management Order ("CMO"), which established a bifurcated litigation schedule under which the issue of general causation would be resolved first.[10] The Court held a trial on general causation in early 2022.[11] On November 29, 2022, the Court issued its Findings of Fact and Conclusions of Law as to General Causation (the "General Causation Order"),[12] determining that, during the relevant time period: (1) odors and gases were emitted by the Landfill;[13] (2) the emissions of gases and odors from the Landfill occurred during the relevant time period;[14] and (3) exposure to the odors and gases emitted by the Landfill at a level of five parts per billion for thirty minutes "is sufficient by itself for individuals generally to be able to smell hydrogen sulfide and for the exposure to cause a reaction."[15] Having found that Plaintiffs

---

[5] *See generally* Second Amended Complaint, R. Doc. 431. Jefferson Parish residents also filed several related class actions, which were consolidated into one case, *Ictech-Bendeck v. Waste Connections Bayou, Inc. See* R. Doc. 48 (18-7889).
[6] *See* Second Amended Complaint, R. Doc. 431 at p. 64.
[7] Louisiana Regional Landfill Company is formerly known as IESI LA Landfill Corporation.
[8] Waste Connections Bayou, Inc. is formerly known as Progressive Waste Solutions of LA, Inc.
[9] Second Amended Complaint, R. Doc. 431 at pp. 52-53.
[10] R. Doc. 80 at pp. 1-2.
[11] R. Docs. 274-278, 286-289.
[12] R. Doc. 323.
[13] *Id.* at p. 5.
[14] *Id.* at p. 26.
[15] *Id.* at p. 27.

2

established general causation for certain Allowed Injuries, the Court ordered that a trial be conducted with a select number of *Addison* Plaintiffs (the "Trial Plaintiffs").[16] The first *Addison* trial was set to begin on September 5, 2023,[17] and has since been continued to begin on August 12, 2024 (the "first *Addison* Trial").[18]

The Movants timely filed their Motion in Limine seeking to preclude Defendants from making "certain cross-examination or argument regarding Susan Schiffman" with respect to a pending defamation lawsuit unrelated to this matter and the APA Code of Ethics.[19]

## **LEGAL STANDARD**

"It is well settled that motions in limine are disfavored."[20] "[T]he purpose of a motion in limine is to prohibit opposing counsel 'from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' mind.'"[21] "Evidence is relevant" if "it has *any* tendency to make a fact . . . of consequence in determining the action" "more or less probable than it would be without the evidence."[22] "Evidence which is not relevant is not admissible."[23] Under Federal Rule of Evidence 403, the Court may exclude even relevant evidence "if its probative value is substantially outweighed by a danger of . . . unfair prejudice."[24] "'Unfair prejudice' . . . means an undue

---

[16] *Id.* at pp. 44, 46. *See also* R. Doc. 642 (defining the Allowed Injuries).
[17] R. Doc. 340.
[18] R. Doc. 495.
[19] R. Doc. 555.
[20] *Auenson v. Lewis*, 94-2734, 1996 WL 457258, at *1 (E.D. La. Aug. 12, 1996) (citing *Hawthorne Partners v. AT & T Techs., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993)).
[21] *MGMTL, LLC v. Strategic Tech.*, 20-2138, 2022 WL 594894, at *2 (E.D. La. Feb. 28, 2022).
[22] FED. R. EVID. 401 (emphasis added).
[23] FED. R. EVID. 402.
[24] FED. R. EVID. 403.

tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one."[25]

"An order in limine excludes only clearly inadmissible evidence; therefore evidence should not be excluded before trial unless it is clearly inadmissible on *all* potential grounds."[26] Instead, courts should reserve evidentiary rulings until trial so that questions as to the evidence "may be resolved in the proper context."[27] "When ruling on motions in limine, the Court 'maintains great discretion [as to] evidentiary determinations.'"[28] If the evidence is not clearly inadmissible on all grounds, it is better for the court to decline to rule in advance of trial so that it will have the opportunity to resolve issues in context.

## LAW AND ANALYSIS

Plaintiffs seek to prevent Defendants from questioning Dr. Schiffman at the first Addison trial about a "defamation lawsuit brought by TC Heartland, LLC, as a result of her peer-reviewed scientific paper questioning the safety of the artificial sweetener, Splenda, and her public statements concerning" the paper.[29] Plaintiffs also seek to prevent Defendants from questioning Dr. Schiffman about the APA Code of Ethics. At Dr. Schiffman's deposition, Defendants asked her about the APA Code of Ethics.[30] Plaintiffs

---

[25] *Old Chief v. United States*, 519 U.S. 172, 180 (1997).
[26] *Rivera v. Robinson*, 464 F. Supp. 3d 847, 853 (E.D. La. 2020) (quoting *Auenson*, 1996 WL 457258, at *1)).
[27] *Auenson*, 1996 WL 457258, at *1.
[28] *Jackson v. State Farm Fire & Cas. Co.*, 656 F. Supp. 3d 676 (W.D. La. 2023) (quoting *Parker v. John W. Stone Oil Distribs., L.L.C.*, 18-3666, 2019 WL 5212285, at *2 (E.D. La. Oct. 16, 2019)).
[29] R. Doc. 555-1, p. 1.
[30] *Id.* at p. 2.

claim Defendants were "seeking to imply that her research and publication of, and public statements concerning, the Article was a violation of that Code."[31]

First, Plaintiffs argue the evidence sought to be excluded is irrelevant to the issues in this matter because Dr. Schiffman's views and her study related to Splenda have nothing to do with the triable issues.[32] Second, Plaintiffs argue, because there is no allegation that Dr. Schiffman violated the APA Code of Ethics in this matter, questioning her on the subject based on an unrelated proceeding is an improper attempt to get the evidence about the Heartland lawsuit in through the back door and prejudice the jury toward her.[33] Third, Plaintiffs argue, because the defamation lawsuit is still pending,[34] the prejudice caused by this line of questioning outweighs any probative value the testimony may have because the lawsuit is based on unsubstantiated allegations.[35] Fourth, Plaintiffs argue the evidence is not admissible under Federal Rules of Evidence 404[36] and 608(b) as character evidence or evidence of a witness's credibility or character for truthfulness.[37] Finally, Plaintiffs argue the evidence is likely to confuse and mislead the jury, waste the time of this Court, and be unfairly prejudicial under Rule 403.[38]

Defendants argue in their opposition that the Heartland lawsuit evidence "goes directly to issues of credibility" of Dr. Schiffman.[39] Defendants argue the jury must assess the credibility of every witness who takes the stand at trial, and thus, Dr. Schiffman's credibility and propensity for truthfulness are relevant to the jury's determination of

---

[31] *Id.*
[32] *Id.* at p. 4.
[33] *Id.* at pp. 4-5.
[34] On October 30, 2023, Dr. Schiffman filed a motion to dismiss the defamation lawsuit, which is currently pending before the Middle District of North Carolina.
[35] *Id.* at p. 5.
[36] Defendants did not raise this issue in their opposition.
[37] *Id.* at p. 5-6; FED. R. EVID. 404, 608.
[38] R. Doc. 555-1, p. 6; FED. R. EVID. 403.
[39] R. Doc. 578, p. 1.

5

whether Dr. Schiffman's testimony is reliable in this matter.[40] Defendants argue the Heartland lawsuit demonstrates Dr. Schiffman knowingly and recklessly misrepresents her own study findings in her public statements, which is relevant to Dr. Schiffman's credibility and testimony in this matter.[41] Defendants argue they should be able to cross-examine Dr. Schiffman on her ability to accurately and truthfully represent findings from her scientific studies as well as showing that she "takes substantial liberties when discussing her studies and comparing those studies to her conclusions."[42] Defendants assert that, if the Court were to prevent them from introducing evidence of the Heartland lawsuit, they "must be allowed to question Dr. Schiffman on the substance of her previous studies and the conclusions that she rendered as a result of those studies . . . [including] the substance of her studies and conclusions rendered in the Heartland lawsuit" because "they are imperative for the jury to determine the credibility of Dr. Schiffman."[43] Defendants argue the evidence is admissible under Rule 608 because the Rule "permit[s] inquiry on cross examination into specific instances of conduct which may bear on a witness' credibility in order to impeach the credibility of the witness."[44]

Plaintiffs point out in their reply that the unfairly prejudicial effect of allowing this evidence would be severe given that the Heartland lawsuit has yet to be adjudicated.[45] Further, Plaintiffs argue the pleadings in the Heartland lawsuit are inadmissible hearsay

---

[40] *Id.* at pp. 1-2.
[41] *Id.* at p. 2.
[42] *Id.* at pp. 2-3.
[43] *Id.* at pp. 3, 5.
[44] *Id.* at pp. 3-4 (quoting *United States v. Skelton*, 514 F.3d 433, 443-44 (5th Cir. 2008)); FED. R. EVID. 608.
[45] R. Doc. 616, pp. 2-3.

6

because the pleadings contain out-of-court allegations offered for the truth of the matter asserted—that Dr. Schiffman's opinions in this matter are unreliable and flawed.[46]

There are few reported decisions addressing whether allegations in an unrelated lawsuit may be used to impeach a witness, but *MGMTL, LLC v. Strategic Technology*, a copyright infringement case pending in this district, is instructive. In that case, the court addressed whether the Plaintiff could introduce evidence at trial of an ongoing, unrelated criminal investigation of the defendant.[47] The court held that the evidence of the ongoing investigation was inadmissible under Rule 403 because of the likelihood the evidence would confuse the relevant issues and mislead the jury, as "the jury is likely to attach significance to the mere existence of a criminal investigation."[48] The court also excluded the evidence because of the "real risk that it will create a trial within a trial and confuse the issues or mislead the jury that any findings of the investigation are relevant, or even necessary to address these claims."[49] Finally, the court found that evidence regarding the ongoing investigation might create unfair prejudice.[50]

Similarly, in *Imperial Trading Co., Inc. v. Travelers Property Casualty Co. of America*, an insurance case, defendants sought to prevent the plaintiffs from introducing evidence of prior complaints against the defendant's claims adjuster.[51] The complaints arose out of prior work the adjuster had performed in unrelated cases.[52] The court noted that the "context and contents of these complaints is not currently known."[53] The

---

[46] *Id.* at p. 2.
[47] No. CV 20-2138-WBV-MBN, 2022 WL 594894, at *2-6 (E.D. La. Feb. 28, 2022).
[48] *Id.* at *5.
[49] *Id.*
[50] *Id.*
[51] *Imperial Trading Co. v. Travelers Prop. Cas. Co. of Am.*, No. CIV.A. 06-4262, 2009 WL 2408410, *3 (E.D. La. July 29, 2009).
[52] *Id.*
[53] *Id.*

7

plaintiffs argued that the prior complaints were admissible under Rule 406 as evidence that the adjuster had a habit or propensity to adjust claims improperly.[54] The court rejected this argument. More broadly, the court addressed the problems associated with admitting evidence of the unrelated complaints against the adjuster:

> [I]t is highly likely that this evidence will create a sideshow that will detract from the real issues in this trial. Plaintiffs have evidence of two complaints against [the adjuster]. The context and contents of these complaints is not currently known. No party will benefit from a mini-trial to determine the legitimacy and foundation of these complaints. In addition to being a poor use of time, such a dispute would serve only to confuse and mislead the jury. The distraction that the evidence will introduce into the trial is in no way outweighed by its probative value, which is limited in any case. This evidence will be excluded.[55]

The Heartland lawsuit involves allegations of defamation regarding Splenda and Dr. Schiffman's scientific opinions on certain chemical compounds. The allegations in the Heartland lawsuit have not been proven and, in any event, they have no relation to the triable issues in this matter. The APA Code of Ethics similarly does not have any bearing on the triable issues in this litigation.[56] Federal Rule of Evidence 403 provides, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by . . . unfair prejudice."[57] The distraction this evidence will introduce into the trial is not outweighed by its probative value. Whatever probative value evidence of the Heartland

---

[54] *Id.*
[55] *Id.*
[56] *See Harper v. McAndrews*, No. 2:18-CV-00520-RSP, 2024 WL 169594, *5 (E.D. Tex. Jan. 16, 2024) (in a civil rights case, excluding an expert's discussion of the "Law Enforcement Code of Ethics" because the expert's opinion did "not connect the alleged violation of the Law Enforcement Code of Ethics to any factor at issue before the Court. Without any relevance to the issues to be decided at trial, the . . . Code of Ethics and any alleged violation is not relevant."). Likewise, there are no allegations that Dr. Schiffman has violated the APA Code of Ethics in *this* matter.
[57] FED. R. EVID. 403. *See FDIC v. Wheat*, 970 F.2d 124, 131 (5th Cir. 1992). A court should weigh "the evidence's contribution to the case against any potential prejudice or confusion."

lawsuit and the APA Code of Ethics may have, it is clearly is outweighed by the unfair prejudice it will cause.

Furthermore, introducing evidence of the unproven defamation allegations in the Heartland lawsuit, which at this time is in its early stages of litigation in the Middle District of North Carolina, and the study underlying the dispute, will only serve to confuse the issues and mislead and distract the jury. [58] Allowing testimony about the complex issues in the Heartland lawsuit regarding the chemical compounds of sucralose and Splenda will waste the jury's time and the time of this Court. The complexity of the facts underlying the Heartland lawsuit pose a real risk of causing the jury to endure a trial within a trial that will distract from the relevant issues in the first Addison trial. As in the *Imperial Trading* case, no party will benefit from a mini-trial to determine the legitimacy and foundation of these complaints.[59]

Defendants argue the Heartland lawsuit evidence is admissible under Federal Rule of Evidence 608(b). The Fifth Circuit has held that "[a] district court has substantial discretion in admitting testimony under Rule 608(b)."[60] Evidence admissible under Rule 608 is still subject to Rule 403.[61] Even if this evidence were admissible under Rule 608(b), it still would be excluded under Rule 403.

Defendants vaguely argue that if the evidence of the Heartland lawsuit is excluded, Defendants should be allowed to introduce evidence and "question Dr. Schiffman on the

---

[58] *See Stubblefield v. Suzuki Motor Corp.*, No. 3:15-CV-18-HTW-LRA, 2018 WL 4762739, at *6 (S.D. Miss. Sept. 30, 2018), *aff'd*, 826 F. App'x 309 (5th Cir. 2020) ("This court is persuaded that to allow the introduction of other accidents and lawsuits would be more prejudicial than probative. The danger of overwhelming the jury with the facts in each of the various accidents would be substantial.").
[59] 2009 WL 2408410, *3 (E.D. La. July 29, 2009).
[60] *United States v. Heard*, 709 F.3d 413, 433 (5th Cir. 2013).
[61] *United States v. Skelton*, 514 F.3d 433, 441-42 (5th Cir. 2008) (citing *United States v. Farias-Farias*, 925 F.2d 805, 809 (5th Cir. 1991)).

substance of her previous studies and conclusions rendered in the Heartland lawsuit."[62] Defendants argue that, because these unspecified studies are not peer-reviewed[63] and, in the Heartland lawsuit, Dr. Schiffman "appears to have taken substantial liberties with the statements she made during interviews about the study's purported findings," they should be allowed to cross-examine her on the findings from her other studies.[64] However, Defendants have failed to specifically point the Court to the *additional* studies beyond the Heartland study they argue are relevant, admissible, and which they seek to introduce at trial. Defendants will not be allowed to question Dr. Schiffman about these unidentified and unrelated additional studies.

Finally, the Court finds Defendants' general arguments about Dr. Schiffman's methodology, lack of reliance on peer-reviewed studies, and other alleged issues as to her credibility are arguments more appropriate for cross examination. In their opposition, Defendants excerpted portions of Dr. Schiffman's deposition, which they state are relevant to questions concerning her credibility and the reliability of the opinions she will be offering at trial.[65] Defendants are free to cross-examine Dr. Schiffman at trial as to whether her methodology meets industry standards, impeach Dr. Schiffman with testimony from her depositions as referenced in their opposition, and the like, [66] but may

---

[62] R. Doc. 578, p. 3. However, it seems that Defendants are truly focused on introducing evidence specifically from the Heartland suit, as they further describe that the evidence from the "other studies" essentially includes "the substance of her studies and conclusions rendered in the Heartland lawsuit." *Id.*
[63] *See Wagoner v. Exxon Mobil Corp.*, 813 F. Supp. 2d 771, 802 (E.D. La. 2011) ("[T]he Supreme Court in *Daubert* made it clear that it is not necessary for a study to be published in a peer-reviewed journal in order for it to provide a reliable basis for an expert opinion.").
[64] R. Doc. 578, p. 4.
[65] *Id.* at p. 7-9.
[66] *See Tankersley v. Harvey*, No. 3:13-CV-4019-P, 2015 WL 12567256, *3 (N.D. Tex. Oct. 20, 2015).

10

not do so with reference to the Heartland lawsuit, its underlying study, or the other unrelated studies done by her.

Accordingly;

## CONCLUSION

**IT IS ORDERED** that Plaintiffs' Motion in Limine is **GRANTED** as stated herein.[67]

At trial, Defendants may not question Dr. Schiffman or introduce evidence of or related to the Heartland lawsuit, the study underlying that lawsuit, or other studies performed by Dr. Schiffman that are unrelated to this litigation.

**New Orleans, Louisiana, this 19th day of July, 2024.**

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[67] R. Doc. 551.