UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FREDERICK ADDISON, ET AL.,** | CIVIL ACTION |
| Plaintiffs | NO. 19-11133, c/w 19-14512 |
| V. | SECTION: "E" (5) |
| **LOUISIANA REGIONAL LANDFILL COMPANY, ET AL.,** | |
| Defendants | JUDGE: Morgan<br>MAGISTRATE JUDGE: North |
| *Applies to: Both Cases* | |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION IN LIMINE TO EXCLUDE THE REPORT RENDERED BY PIVOTAL ENGINEERING**

Plaintiffs submit the following Opposition to the Motion in Limine to Exclude the Report Rendered by Pivotal Engineering. (Doc. 659).

The motion should be denied.

**I.  INTRODUCTION.**

As this Court ruled, in this case, just last week, "[i]t is well settled that motions in limine are disfavored." R.Doc. 671 at 3.  "[T]he purpose of a motion in limine is to prohibit opposing counsel 'from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' mind.'" *Id.* at 3-4.  Because an order in limine "excludes only clearly inadmissible evidence; evidence should not be excluded before trial unless it is clearly inadmissible on all potential grounds." *Id.* at 4. As a result, "[i]f the evidence is not clearly inadmissible on all grounds, it is

better for the court to decline to rule in advance of trial so that it will have the opportunity to resolve issues in context." This ruling requires denial of this Motion in Limine.

## II. THE PIVOTAL REPORT WAS COMMISSIONED BY JEFFERSON PARISH AND, AS AGAINST THE PARISH, IS NOT HEARSAY.

Defendants admit that Pivotal Engineering "rendered this report for Jefferson Parish with the purpose of aiding the Parish on considering the implementation of a potential sampling system." *See* R.Doc. 659-1 at 2. In fact, Pivotal specifically undertook to analyze the sources of several odor events and, with respect to the odor event occurring on April 28-29, 2018, Pivotal identified that source as the Jefferson Parish Landfill. *See* R.Doc. 659-2 at 43 ("Figure 19 shows the reverse trajectory modeling output form April 28, 2018 at 23:00. The output shows the trajectory coming from the Jefferson Parish Landfill").

The Pivotal Report is also notable for its conclusions that "the odor source cannot be determined by wind data alone," and its recommendation that "[t]o best determine the source contributions of the odors, continuous data collection and analysis should be implemented." R.Doc. 659-2 at 48. The continuous data collection was not done.

Having been hired by the Parish, Pivotal became the Parish's agent. When an agent is employed to investigate and analyze an accident, such a report is an admission of the principal. *Collins v. Wayne Corp.*, 621 F.2d 777, 782 (5th Cir.1980); *See Theriot v. J. Ray McDermott & Co., Theriot v. J. Ray McDermott & Co.*, 742 F.2d 877, 882 (5th Cir. 1984) (an agent's statement, made within the scope of his authority, but made only to the principal himself, is admissible against the principal as an admission).

Now the Parish seeks to impeach the credibility of the agent hired to investigate. But that should not be allowed. As the Supreme Court of Alaska opined, "[t]he reason for admitting such reports is obvious: the party that authorized the report has in effect vouched for the competence

2

and credibility of the report's author; his need to impeach the credibility and competence of the author through cross-examination is therefore less urgent." *Frazier v. H.C. Price/CIRI Const. JV*, 794 P.2d 103, 105 (Alaska 1990).

As a result, as against the Parish, the Pivotal Report is not hearsay. The other Defendants can request a limiting instruction under Rule 105.

In addition to the foregoing, to the extent that the Defendants continue to challenge the modeling done by Plaintiffs' expert James Lape and continue to contend that Mr. Lape's modeling cannot be validated, the Pivotal Report provides that validation because it reached the same conclusion as Mr. Lape.

Plaintiffs are not relying upon the Pivotal Report in isolation. Nor is the Pivotal Report necessary to prove emissions from the Landfill. But the Pivotal Report is relevant to the Defendants arguments about other sources. Despite the Defendants' contentions about the other sources, each of the entities that actually investigated the odors concluded that the Jefferson Parish Landfill was a source, and that includes the Pivotal Report.

The motion should be denied.

Respectfully submitted, this 24th day of July, 2024.

                                         /s/ S. Eliza James
                              FORREST CRESSY & JAMES, LLC
                              Byron M. Forrest (La. Bar No. 35480)
                              Nicholas V. Cressy (La. Bar No. 35725)
                              S. Eliza James (La. Bar No. 35182)
                              1222 Annunciation Street
                              New Orleans, Louisiana 70130
                              Tele:(504) 605.0777
                              Fax: (504) 322.3884
                              Email: byron@fcjlaw.com
                              nicholas@fdjlaw.com
                              eliza@fcjlaw.com

                                      /s/ Eric C. Rowe
C. Allen Foster (Admitted Pro Hac Vice)
Eric C. Rowe (Admitted Pro Hac Vice)
Masten Childers, III (Admitted Pro Hac Vice)
WHITEFORD, TAYLOR & PRESTON, L.L.P.
1800 M Street, NW, Suite 450N
Washington, DC 20036
Tele: (202) 659.6800
Fax: (202) 331.0573
Email: cafoster@whiteforlaw.com
erowe@whitefordlaw.com
mchilders@whitefordlaw.com

Harry S. Johnson, (Admitted Pro Hac Vice)
James R. Jeffcoat (Admitted Pro Hac Vice)
WHITEFORD, TAYLOR & PRESTON L.L.P.
Seven Saint Paul Street
Baltimore, Maryland 21202-1636
(410) 347-8700
hjohnson@whitefordlaw.com
jjeffcoat@whitefordlaw.com

*Counsel For Addison Plaintiffs*