UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FREDERICK ADDISON, ET AL.,** | **CIVIL ACTION** |
| Plaintiffs | NO. 19-11133, c/w 19-14512 |
| V. | SECTION: "E" (5) |
| **LOUISIANA REGIONAL LANDFILL COMPANY, ET AL.,** | |
| Defendants | **JUDGE: Morgan**<br>**MAGISTRATE JUDGE: North** |
| *Applies to: Both Cases* | |

**PLAINTIFFS' OPPOSITION TO THE WASTE CONNECTION DEFENDANTS' MOTION IN LIMINE TO EXCLUDE COLLECTIVELY REFERRING TO DEFENDANTS AS "WASTE CONNECTIONS"**

Plaintiffs oppose the Defendants' Motion in Limine to Exclude Collectively Referring to Defendants as "Waste Connections" (Rec. Doc. 664). This Motion should be denied.

**I.   THE MOTION IN LIMINE TO PRECLUDE THE PLAINTIFFS FROM USING THE PHRASE THAT DEFENDANTS HAVE USED TO DESCRIBE THEMSELVES IS IMPROPER.**

Throughout this entire litigation, Defendants have referred to themselves as "Waste Connections" or the "Waste Connections Defendants." Defendants' Motion, footnote one falsely states that Defendants "occasionally" used the shorthand "Waste Connections Defendants."[1] This is blatantly false. Plaintiffs are unable to find one instance where Defendants have differentiated the individual sub-entities on pleadings and or in representations and communications to the Court.

---

[1] *See* Rec. Doc. 646-1 at fn. 1.

Defendants now attempt to restrict Plaintiffs and this Court from utilizing the name which they have given themselves and exclusively used for over six years. Precluding the named subsidiaries from being collectively referred to as "Waste Connections" will only create confusion during the trial. *See Joan Cravens, Inc. v. Deas Constr., Inc.*, No. 1-15-CV-385-KS-MTP, 2017 WL 217650, at *3 (S.D. Miss. Jan. 18, 2017) ("Prohibiting collective references entirely would be overbroad and burdensome.").

Documents involving Waste Connections Southern Region Vice President Rob Nielsen are a case in point. In 2018, when the issues began to arise at the Landfill, it was Mr. Nielsen who was appointed to manage the problem. On May 30, 2018, Mr. Nielsen sent an extensive and detailed letter to the Parish regarding the Parish's purported failure to bring the leachate collection system into good working order. Exhibit 1. The letter was written on Waste Connections, Inc., letterhead. Mr. Nielsen began the letter by stating, "[t]he purpose of this letter is to follow up on our May 8, 2018 meeting between Jefferson Parish and Waste Connections (WCI) personnel." Mr. Nielsen signed the letter over the title "Region Vice President."

A few weeks later, after the Parish and Waste Connections were accusing each other of breach of contract, it was Mr. Nielsen who spoke for the company with reporters. His email signature identified him as "Region Vice President Waste Connections, Inc.." E.g., Exhibit 2 at *945. This particular email included the "company response" to the Parish's press conference on July 23, 2018. That "company response" directed all inquiries to be sent to Mr. Worthing Jackman, whose title was "President, Waste Connections," [no "Inc."] showing the Waste Connections' office to be located at 3 Waterway Square Place in the Woodlands, Texas.

When Mr. Nielsen was deposed, confirming he was the Region Vice President for "Waste Connections," he testified he did not know which entity actually employed him, and never knew. Exhibit 3.

There are many more examples.

Perhaps the Waste Connections Defendants do seek to prove that they are separate entities at trial, but they should do so with evidence at trial. It is not proper for them to seek to have the Court order that result by requiring the parties to treat the entities separately when the Waste Connections Defendants themselves have never done that.

At no point in this litigation, and in the previous corporate conduct that gave rise to this action, have any of the sub-entities acted independently of one another. They have the same counsel, have asserted the same defenses, and were subject to and answered the same discovery. Indeed, several of their witnesses (like Mr. Nielsen) could even state for what company he or she worked or who paid his or her compensation.

## II.  CONCLUSION.

For the foregoing reasons, the Motion should be denied.

Respectfully submitted, this 24th day of July, 2024.

                    **/s/** S. Eliza James
Byron M. Forrest (La. Bar No. 35480)
Nicholas V. Cressy (La. Bar No. 35725)
S. Eliza James (La. Bar No. 35182)
FORREST CRESSY & JAMES, LLC
1222 Annunciation Street
New Orleans, Louisiana 70130
Tele:   (504) 605.0777
Fax:    (504) 322.3884
Email: byron@fcjlaw.com
            nicholas@fcjlaw.com
            eliza@fcjlaw.com

                    /s/ Eric C. Rowe
C. Allen Foster (Admitted Pro Hac Vice)

3

Eric C. Rowe (Admitted Pro Hac Vice)
Harry S. Johnson (Admitted Pro Hac Vice)
James Jeffcoat (Admitted Pro Hac Vice)
Masten Childers, III (Admitted Pro Hac Vice)
WHITEFORD, TAYLOR & PRESTON, L.L.P.
1800 M Street, NW, Suite 450N
Washington, DC 20036
Tele:   (202) 659.6800
Fax:    (202) 331.0573
Email: cafoster@whitefordlaw.com
       erowe@whitefordlaw.com
       hjohnson@whitefordlaw.com
       jjeffcoat@whitefordlaw.com
       mchilders@whitefordlaw.com

*Counsel for Addison Plaintiffs*