UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FREDERICK ADDISON, ET AL.,**  Plaintiffs  V.  **LOUISIANA REGIONAL LANDFILL COMPANY, ET AL.,**  Defendants  *Applies to: Both Cases* | CIVIL ACTION  NO. 19-11133, c/w 19-14512  SECTION: "E" (5)  JUDGE: Morgan  MAGISTRATE JUDGE: North |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION IN LIMINE
TO EXCLUDE IMPROPER OPINION AND HEARSAY EVIDENCE**

Plaintiffs submit the following Opposition to the Motion in Limine to Exclude Improper Opinion and Hearsay Evidence. (R.Doc. 662).

The motion should be denied.

**I.   INTRODUCTION.**

As this Court ruled, in this case, just last week, "[i]t is well settled that motions in limine are disfavored." R.Doc. 671 at 3. "[T]he purpose of a motion in limine is to prohibit opposing counsel 'from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' mind.'" *Id.* at 3-4. Because an order in limine "excludes only clearly inadmissible evidence; evidence should not be excluded before trial unless it is clearly inadmissible on all potential grounds." *Id.* at 4. As a result, "[i]f the evidence is not clearly inadmissible on all grounds, it is

better for the court to decline to rule in advance of trial so that it will have the opportunity to resolve issues in context." This ruling requires denial of this Motion in Limine.

## II. DEFENDANTS ARE NOT ENTITLED TO A VAGUE ORDER PRECLUDING UNIDENTIFIED TESTIMONY.

First, Defendants seek a sweeping order to preclude "scientific opinion testimony" from twelve different witnesses and without explaining what the challenged "scientific opinion testimony" even is. Indeed, ten of the twelve witnesses (i.e., everyone except Mr. Algero and Dr. Brown) are not even mentioned in the body of Defendants' Brief after their identification on Page 2. .Doc. 662-1 at 2. Accordingly, one can only speculate as to what the Defendants are objecting to with respect to those ten witnesses, and without a specific explanation as to why specific testimony must be excluded, there is nothing to which to respond, much less rule upon. *See Howard v. Offshore Liftboats, LLCI,* No. CV 13-4811, 2016 WL 9444450, at *1 (E.D. La. Jan. 24, 2016) (Morgan, J.) ("evidentiary objections must be specific at trial and in motions in limine"); *In re: OMI Env't Sols.*, No. CV 12-2298, 2014 WL 12539338, at *1 (E.D. La. May 23, 2014) (Morgan, J.,) ("the motion in limine provides almost no examples of specific testimony or evidence likely to be offered at this phase of trial… Therefore, the motion raises no concrete evidentiary disputes for the Court to decide").

## III. STATEMENTS OF THE LDEQ ARE ADMISSIBLE UNDER FRE 803(8).

Second, while seemingly sweeping in its reach, the current Motion is directed only to statements made, in various contexts, by Dr. Chuck Carr Brown (former Secretary of the LDEQ), and Mr. Mike Algero (former Southeast Regional Manager of the LDEQ), and an email from LDEQ representative Bijan Sharafkhani, all acting in their official capacity.

Defendants seek to exclude statements made in a letter dated October 31, 2018, from Secretary Brown to Senator Conrad Appel, III (R.Doc. 662-3), statements made by Secretary

better for the court to decline to rule in advance of trial so that it will have the opportunity to resolve issues in context." This ruling requires denial of this Motion in Limine.

## II. DEFENDANTS ARE NOT ENTITLED TO A VAGUE ORDER PRECLUDING UNIDENTIFIED TESTIMONY.

First, Defendants seek a sweeping order to preclude "scientific opinion testimony" from twelve different witnesses and without explaining what the challenged "scientific opinion testimony" even is. Indeed, ten of the twelve witnesses (i.e., everyone except Mr. Algero and Dr. Brown) are not even mentioned in the body of Defendants' Brief after their identification on Page 2. .Doc. 662-1 at 2. Accordingly, one can only speculate as to what the Defendants are objecting to with respect to those ten witnesses, and without a specific explanation as to why specific testimony must be excluded, there is nothing to which to respond, much less rule upon. *See Howard v. Offshore Liftboats, LLCI,* No. CV 13-4811, 2016 WL 9444450, at *1 (E.D. La. Jan. 24, 2016) (Morgan, J.) ("evidentiary objections must be specific at trial and in motions in limine"); *In re: OMI Env't Sols.*, No. CV 12-2298, 2014 WL 12539338, at *1 (E.D. La. May 23, 2014) (Morgan, J.,) ("the motion in limine provides almost no examples of specific testimony or evidence likely to be offered at this phase of trial… Therefore, the motion raises no concrete evidentiary disputes for the Court to decide").

## III. STATEMENTS OF THE LDEQ ARE ADMISSIBLE UNDER FRE 803(8).

Second, while seemingly sweeping in its reach, the current Motion is directed only to statements made, in various contexts, by Dr. Chuck Carr Brown (former Secretary of the LDEQ), and Mr. Mike Algero (former Southeast Regional Manager of the LDEQ), and an email from LDEQ representative Bijan Sharafkhani, all acting in their official capacity.

Defendants seek to exclude statements made in a letter dated October 31, 2018, from Secretary Brown to Senator Conrad Appel, III (R.Doc. 662-3), statements made by Secretary

Brown and Mr. Algero during a presentation to the Jefferson Parish Council on December 5, 2018 (R.Doc. 662-4), statements made by Secretary Brown to the New Orleans Advocate, and statements made by LDEQ representative Bijan Sharafkhani to Jefferson Parish Chief Operating Officer Keith Conley.

All four of these are statements of a public office, and all four set out factual findings from a legally authorized investigation. As a result, all four fall squarely within Federal Rule of Evidence 803(8), which provides as follows:

> The following are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness:
>
> (8) Public Records. A record or statement of a public office if:
>    (A) it sets out:
>        (i) the office's activities;
>        (ii) a matter observed while under a legal duty to report, but not including, in a criminal case, a matter observed by law-enforcement personnel; or
>        (iii) in a civil case or against the government in a criminal case, factual findings from a legally authorized investigation; and
>    (B) the opponent does not show that the source of information or other circumstances indicate a lack of trustworthiness.

Both Secretary Brown and Mr. Algero are scheduled to testify live at trial, but the exception applies regardless of whether the declarant is available as a witness.

Remarkably, while Defendants pound the table to argue that these statements by LDEQ are hearsay, Defendants' Brief does not even mention Rule 803(8), the applicable exception to the hearsay rule. As a result, they make no challenge to the applicability of subparagraph (A), nor do they argue that any of the factual findings "lack trustworthiness" under subparagraph (B).

In *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153 (1988), the Court considered the scope of Rule 803(8) with respect to opinions and conclusions of a public office.

> We hold, therefore, that portions of investigatory reports otherwise admissible under Rule 803(8)(C) are not inadmissible merely because they state a conclusion or opinion. As long as the conclusion is based on a factual investigation and satisfies

3

>the Rule's trustworthiness requirement, it should be admissible along with other portions of the report.

*Id.*, 488 U.S. at 170.

The Court explained that "the language of the Rule does not create a distinction between 'fact' and 'opinion' contained in such reports." *Id.* at 164. In that case, the Supreme Court ruled admissible the conclusion of the Navy accident investigator as to the cause of the accident at issue in the suit. Note that the current Rule deletes the reference to "reports" and merely refers to "statements," while the reference to findings from a legally authorized investigation remains.

Under Rule 803(8), the findings of a public agency are presumed to be reliable absent a showing to the contrary by the opposing party. *Thibodeaux v. WellMate*, No. CIV.A. 12-1375, 2014 WL 1329802, at *3 (E.D. La. Mar. 31, 2014) (Morgan, J., citing cases). To exclude evidence under Rule 803(8), Defendants "must make an affirmative showing of untrustworthiness." *Id.* In *Moss v. Ole South Real Est., Inc.*, 933 F.2d 1300, 1305 (5th Cir. 1991), the Fifth Circuit identified four factors the courts look to in determining trustworthiness: (1) the timeliness of the investigation; (2) the special skill or expertise of the official; (3) whether a hearing was held and at what level; and (4) possible motivational problem. R.Doc. 665-1 at 6. Yet in this Motion, Defendants make no argument at all that the LDEQ investigations were untimely, or that the investigators lacked any necessary skill or expertise, or that no hearing was held, or that LDEQ was motivated to be biased against the Jefferson Parish Landfill.[1] The Fifth Circuit ruled that "the trial court is to determine primarily whether the report was compiled or prepared in a way that

---

[1] The investigation occurred during the same time period as the events of this case. In fact, between October 1, 2018 and November 30, 2018 (two full months), LDEQ investigators were on site at the JP Landfill every day. Led by Mr. Deselle, the team included seventeen additional inspectors. The resulting report, without attachments, is attached as **Exhibit 1.** The December 5, 2018, presentation to the Jefferson Parish Council occurred just days after this investigation concluded.

indicates that its conclusions can be relied upon." *Moss v. Ole South Real Est., Inc.*, 933 F.2d 1300, 1307 (5th Cir. 1991). Defendants have made no showing at all on this issue. In fact, Defendants deposed Mr. Algero, lead investigator Wayne Desselle and investigator Holly Hermann, and cite to no testimony supporting any contention that they were in any way lacking the skill or expertise to conduct the investigation or to reach the factual conclusions they reached. And, as Dr. Brown and Mr. Algero explained, the investigation was particularly thorough: it included thirty three inspections at fourteen facilities, R.Doc. 662-4 at 1 or 26, the tracking of complaints and air sampling. *Id.* at 8. Of the fourteen facilities, thirteen were in compliance or substantially in compliance. *Id.* Only one, the Jefferson Parish Landfill, was significantly out of compliance. *Id.* Beginning in October 2018, LDEQ inspectors made assessments every day. *Id.*

Defendants have cited no case in which conclusions of an investigation by a public office found to be admissible under Rule 803(8) were nevertheless excluded under Rule 701 or Rule 702. Because the Defendants have offered nothing to show that the factual findings and conclusions set forth in the LDEQ Compliance Orders are untrustworthy, they are admissible under FRE 803(8) as an exception to the rule against hearsay.

Because the statements are admissible, there is no substance to Defendants' argument that Plaintiffs experts are trying to sneak in hearsay evidence as discussed in final section of Defendants' Brief.

**IV.   THE STATEMENTS OF LDEQ SHOULD NOT BE EXCLUDED UNDER RULE 403.**

As this Court recognized in *Thibodeaux*, "[r]elevant evidence is inherently prejudicial; but it is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matter under Rule 403." *Thibodeaux* at *4. Here, there is no question that the challenged findings and conclusions of the LDEQ are relevant. Even now, Defendants continue to protest the

odors came from somewhere other than the Landfill. Secretary Brown's statement to Senator Appel that "[o]ur investigation indicates that a significant source of odors originated from the Jefferson Parish Landfill," R.Doc. 662-3, and his statement to the Jefferson Parish Council that "LDEQ has identified Jefferson Parish Landfill as a main source of these gases," R.Doc. 662-4 at 3, are certainly prejudicial to Defendants' case, but not unfairly so. Defendants assert they are being deprived of their right to cross-examine, but they deposed Mr. Algero, and chose not to depose Secretary Brown. Both are scheduled to testify live at trial.

Moreover, for all of the Defendants' assertions that the odors came from other sources, and the fact that their evidence on that issue is almost all hearsay, it is significant that Defendants object to admitting into evidence the conclusions of an agency that bear upon that very issue.

Respectfully submitted, this 24th day of July, 2024.

/s/ S. Eliza James
FORREST CRESSY & JAMES, LLC
Byron M. Forrest (La. Bar No. 35480)
Nicholas V. Cressy (La. Bar No. 35725)
S. Eliza James (La. Bar No. 35182)
1222 Annunciation Street
New Orleans, Louisiana 70130
Tele:(504) 605.0777
Fax: (504) 322.3884
Email: byron@fcjlaw.com
nicholas@fdjlaw.com
eliza@fcjlaw.com

/s/ Eric C. Rowe
C. Allen Foster (Admitted Pro Hac Vice)
Eric C. Rowe (Admitted Pro Hac Vice)
Masten Childers, III (Admitted Pro Hac Vice)
WHITEFORD, TAYLOR & PRESTON, L.L.P.
1800 M Street, NW, Suite 450N
Washington, DC 20036
Tele: (202) 659.6800
Fax: (202) 331.0573
Email: cafoster@whiteforlaw.com

6

erowe@whitefordlaw.com
mchilders@whitefordlaw.com

Harry S. Johnson, (Admitted Pro Hac Vice)
James R. Jeffcoat (Admitted Pro Hac Vice)
WHITEFORD, TAYLOR & PRESTON L.L.P.
Seven Saint Paul Street
Baltimore, Maryland 21202-1636
(410) 347-8700
hjohnson@whitefordlaw.com
jjeffcoat@whitefordlaw.com

*Counsel For Addison Plaintiffs*