UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FREDERICK ADDISON, ET AL.,**<br>Plaintiffs<br><br>VERSUS<br><br>**LOUISIANA REGIONAL LANDFILL COMPANY, ET AL.,**<br>Defendants<br><br>*Applies to: Both Cases* | CIVIL ACTION<br><br>NO. 19-11133, c/w 19-14512<br><br>SECTION: "E" (5)<br><br><br>JUDGE: Morgan<br>MAGISTRATE JUDGE: North |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* REGARDING GOLDEN RULE AND REPTILE ARGUMENTS**

Plaintiffs respond the Defendants' Motion *in Limine* Regarding Golden Rule and Reptile Arguments as follows:

A motion *in limine* seeking to exclude specific arguments must set forth specific evidence or arguments which the movant has reason to believe Plaintiffs will introduce or argue. *Baxter v. Anderson,* 277 F.Supp.3d 860, 863 (M.D. La. 2017); *Wright v. Nat'l Interstate Ins. Co*., 2018 WL 1399173, at *11-12 (in the absence of specific examples, a court will be inclined to defer a ruling until trial so that specific examples can be addressed as they arise).   In that regard, Defendants' Motion is overly general and gives no examples of any statement or argument Plaintiffs have made or have threatened to make regarding any of Defendants' bullet-pointed issues (Motion, p. 1), except for what Defendants characterize as "conscience of the community" and "harm to the community at large" arguments.

And, as to "conscience of the community" and "Golden Rule" arguments, it is clear that in both federal and state courts in Louisiana, both such arguments are allowed in arguing liability.

1

*Brown v. Parker Drilling Offshore Corp.,* 410 F.3d 166, 180-81 (5th Cir. 2005).[1]  Indeed, even in the absence of this authority, it is impossible to square Defendants' position with the fact that the Louisiana Supreme Court's Rule XLIV model jury instructions contain multiple charges referring to the jury as a representative of the community and ultimately states: "Above all, the *community* wants you to achieve justice."  Furthermore, even in criminal cases (where the standard is naturally higher), argument that the jury is the collective conscience of the community has been approved by the Louisiana Supreme Court.  *State v. Welcome,* 458 So.2d 1235, 1255, n. 17 (La. 1984).  *See also State v. Beavers,* 364 So.2d 1004, 1010 (La. 1978) (quoting *United States v. Spock,* 416 F.2d 165, 182 (1st Cir. 1969)) ("Uppermost of these considerations is the principle that the jury, as the conscience of the community, must be permitted to look at more than logic").  And, in Rule XLIV's charge on the standard of care, the instruction tells the jury to "weigh the likelihood that someone might have been injured by his conduct and the seriousness of that injury if it should occur against the *importance to the community* of what the defendant was doing . . . ." (emphasis added).  If the "importance to the community" of the defendant's activity is important, surely the "importance to the community" of his breach of duty is an appropriate counterpoise.

As to Defendants' contentions concerning Mr. Herbert's testimony, he was the administrator and records custodian of the Harahan/River Ridge Air Quality Facebook page and will testify about it.  His testimony about why he set up and how he administered the Facebook page, together with its hundreds of specific experiences of odor events, is a counter to Defendants' argument and purported evidence that there were no significant number of odor events which affected the Plaintiffs, either because Dr. Zannetti's dispersion model shows virtually none or

---

[1] Defendants' citations at p. 4 of their Brief indicate that, as to these arguments, they understand the distinction between liability (proper) and damages (improper) – indeed, they cite both *Baxter* and *Brown v. Parker Drilling* - yet they assert flatly that "Plaintiffs should be prohibited from offering Golden Rule arguments at trial," without distinguishing between the two.

because a few of their recruited witnesses from the community did not smell the odors. In no way is his testimony directed to some generalized "harm allegedly suffered by the community at large" (Brief p. 2) and Plaintiffs make no claim for damages to or for the community. Mr. Herbert will also testify that he, himself, experienced the odors and was affected similarly to the Plaintiffs, countering Defendants' "memory reconstruction" and "compensation neurosis" arguments, which is just a nice way of saying the Plaintiffs' reports of their experiences are simply false and are motivated by money. *See* Report of Dr. Pamela Dalton at page 17 (attached)[2]. Mr. Herbert's testimony and the Facebook group he administered will demonstrate that hundreds of people in the affected community reported experiences similar to the ones reported by all Plaintiffs (albeit with individual differences, as were to the Facebook reports) and reported contemporaneously by three of the Plaintiffs.

  As to Defendants' bullet points seeking to prevent argument that the jury "should act to protect themselves, their families and the community" and "should prevent a repeat of events similar to those at issue in this case," Louisiana law establishes "the two guiding purposes of tort damages – to deter wrongful conduct and to make the innocent victim whole." *Bellard v. Am. Cent. Ins. Co.,* 980 So.2d 654, 668 (La. 2008); *see also, Sapp v. Ford Motor Co.,* 386 S.C. 143, 147, 687 S.E.2d 47, 48 (2009) (the fundamental purpose of tort law is "to protect safety interests and is rooted in the concept of protection of society as a whole from physical harm to person or property"). Thus, even when punitive damages are not available, as in Louisiana, it is perfectly

---

[2] Opinion 6, entitled "The Trial Plaintiffs' memories of certain health conditions are likely due to a type of memory reconstruction that often occurs when post-even details become incorporated into an individual's autobiographical memory." While disclaiming that she is saying that Plaintiffs are lying ("False memories should not be mistaken for lies, nor are they intentionally produced"), she concludes that their claims are false ("Witnesses have been shown in studies to be genuinely emotional about memories that are entirely false").

acceptable to argue that, by fully compensating plaintiffs for the harm they have suffered (an indisputably proper argument), the jury "sends a message" and "deters repeat conduct."

Plaintiffs agree that "Golden Rule" and "send a message" arguments should not be made with regard to damages, as opposed to liability; otherwise, for the foregoing reasons, Defendants' Motion *in Limine* regarding Golden Rule and Reptile Arguments should be denied.

Respectfully submitted, this 24th day of July, 2024.

       /s/ S. Eliza James       
FORREST CRESSY & JAMES, LLC
Byron M. Forrest (La. Bar No. 35480)
Nicholas V. Cressy (La. Bar No. 35725)
S. Eliza James (La. Bar No. 35182)
1222 Annunciation Street
New Orleans, Louisiana 70130
Tele:(504) 605.0777
Fax: (504) 322.3884
Email: byron@fcjlaw.com
nicholas@fdjlaw.com
eliza@fcjlaw.com

       /s/ Eric C. Rowe       
C. Allen Foster (Admitted Pro Hac Vice)
Eric C. Rowe (Admitted Pro Hac Vice)
Masten Childers, III (Admitted Pro Hac Vice)
WHITEFORD, TAYLOR & PRESTON, L.L.P.
1800 M Street, NW, Suite 450N
Washington, DC 20036
Tele: (202) 659.6800
Fax: (202) 331.0573
Email: cafoster@whiteforlaw.com
erowe@whitefordlaw.com
mchilders@whitefordlaw.com

Harry S. Johnson, (Admitted Pro Hac Vice)
James R. Jeffcoat (Admitted Pro Hac Vice)
WHITEFORD, TAYLOR & PRESTON L.L.P.
Seven Saint Paul Street
Baltimore, Maryland 21202-1636
(410) 347-8700

hjohnson@whitefordlaw.com
jjeffcoat@whitefordlaw.com

*Counsel For Addison Plaintiffs*