UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FREDERICK ADDISON, ET AL.,** | CIVIL ACTION |
| Plaintiffs | NO. 19-11133, c/w 19-14512 |
| V. | SECTION: "E" (5) |
| **LOUISIANA REGIONAL LANDFILL COMPANY, ET AL.,** | |
| Defendants | JUDGE: Morgan<br>MAGISTRATE JUDGE: North |
| *Applies to: Both Cases* | |

**PLAINTIFFS' OPPOSITION TO WASTE CONNECTIONS
DEFENDANTS' MOTION TO EXCLUDE EVIDENCE OF PLAINTIFFS'
MOTION FOR EXPEDITED DISCOVERY**

Plaintiffs submit the following Opposition to the Waste Connections Defendants' Motion to Exclude Evidence of Plaintiffs' Motion for Expedited Discovery. (R.Doc. 667).

The motion should be denied.

**I.   THE ADMISSIBILITY OF WASTE CONNECTIONS' LITIGATION CONDUCT IS CONTEXT-DEPENDENT AND NOT THE PROPER SUBJECT OF A MOTION IN LIMINE.**

In its Motion, Waste Connections seeks to exclude mention of its abusive litigation tactics, which Waste Connections itself has made relevant through arguments it has advanced in the litigation. For example, Waste Connections has in the past criticized the conclusions reached by Plaintiffs' experts as not being based upon sufficient information. Their deposition questions evidence that this tactic will almost certainly persist in trial. *See* **Exhibit 1,** excerpt from Pietari deposition. When they do so at trial, then the reason that information is missing (i.e., Waste

Connections' efforts to preclude the Plaintiffs from obtaining that information) becomes directly relevant.

As the Court will recall, at the commencement of this case, led by Waste Connections, the Defendants sought to preclude Plaintiffs' expert from conducting emissions measurements at the site on the basis that such measurements were not necessary; then, having succeeded in barring the Plaintiffs, Defendants commissioned SCS Engineers to gather the very same types of evidence without Plaintiffs' expert being present, and then asserted that the SCS measurements were the only reliable evidence available.  Along the way, SCS waited to take surface flux measurements until after approximately two feet of additional clay soil had been added to the top of Phase 4A, efforts that necessarily skewed the results.  *See* R.Doc. 208-1 and associated exhibits.  While, for this trial, Defendants appear to have largely abandoned their reliance upon the SCS measurements, they may very well open the door to evidence of their litigation conduct.

Similarly, both the current Waste Connections deputy general counsel and the current engineering manager for the Waste Connections Southern Region, who served as the Rule 30(b)(6) corporate spokesperson, have submitted declarations in this case that are demonstrably false.

As the Court will recall, as part of the effort to conceal information relating to SCS's part in this scheme, Waste Connections submitted a declaration, under penalty of perjury, from its deputy general counsel asserting that he, in his capacity as a lawyer, had engaged SCS Engineers as a litigation consulting expert in July 2018, and that SCS has worked under his direction, so that SCS could be classified as a consulting expert under Rule 26. *See* R.Doc. 553-1 at 12, note 9 and associated exhibits.  In fact, that never happened. SCS was hired by Region Engineer Brett O'Connor, and there is no evidence supporting the assertion that the in-house counsel either hired SCS or directed any of their work.  *See id.,* R.Doc. 375-2 at 3-5 and associated exhibits.  Similarly,

Waste Connections' 30(b)(6) representative verified interrogatory answers for Waste Connections that stated that several of the Waste Connections experts had provided information regarding "other sources" that the experts had not in fact done. *See* R.Doc. 553-1 at 9-12 and associated exhibits. The facts surrounding these false declarations go directly to the credibility of the declarants.

In short, the admissibility of the evidence that is the subject of the motion is, in this case, context-dependent and is not an appropriate subject of a motion in limine.

Waste Connections asserts that it will be unfairly prejudicial for the Plaintiffs to quote from the Plaintiffs' pleadings as proof of Waste Connections wrongdoing, but Plaintiffs have no intention of doing that. What is relevant in this case is the conduct, statements and testimony of Waste Connections.

As this Court ruled, in this case, just last week, "[i]t is well settled that motions in limine are disfavored." R.Doc. 671 at 3. "[T]he purpose of a motion in limine is to prohibit opposing counsel 'from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' mind.'" *Id.* at 3-4. Because an order in limine "excludes only clearly inadmissible evidence; evidence should not be excluded before trial unless it is clearly inadmissible on all potential grounds." *Id.* at 4. As a result, "[i]f the evidence is not clearly inadmissible on all grounds, it is better for the court to decline to rule in advance of trial so that it will have the opportunity to resolve issues in context." This ruling requires denial of this Motion in Limine.

The challenged evidence is not clearly inadmissible on all potential grounds.

The motion should be denied.

Respectfully submitted, this 24th day of July, 2024.

        /s/ S. Eliza James
FORREST CRESSY & JAMES, LLC
Byron M. Forrest (La. Bar No. 35480)
Nicholas V. Cressy (La. Bar No. 35725)
S. Eliza James (La. Bar No. 35182)
1222 Annunciation Street
New Orleans, Louisiana 70130
Tele:(504) 605.0777
Fax: (504) 322.3884
Email: byron@fcjlaw.com
nicholas@fdjlaw.com
eliza@fcjlaw.com

        /s/ Eric C. Rowe
C. Allen Foster (Admitted Pro Hac Vice)
Eric C. Rowe (Admitted Pro Hac Vice)
Masten Childers, III (Admitted Pro Hac Vice)
WHITEFORD, TAYLOR & PRESTON, L.L.P.
1800 M Street, NW, Suite 450N
Washington, DC 20036
Tele: (202) 659.6800
Fax: (202) 331.0573
Email: cafoster@whiteforlaw.com
erowe@whitefordlaw.com
mchilders@whitefordlaw.com

Harry S. Johnson, (Admitted Pro Hac Vice)
James R. Jeffcoat (Admitted Pro Hac Vice)
WHITEFORD, TAYLOR & PRESTON L.L.P.
Seven Saint Paul Street
Baltimore, Maryland 21202-1636
(410) 347-8700
hjohnson@whitefordlaw.com
jjeffcoat@whitefordlaw.com

*Counsel For Addison Plaintiffs*