UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FREDERICK ADDISON, ET AL.,**  Plaintiffs  V.  **LOUISIANA REGIONAL LANDFILL COMPANY, ET AL.,**  Defendants  *Applies to: Both Cases* | CIVIL ACTION  NO. 19-11133, c/w 19-14512  SECTION: "E" (5)  JUDGE: Morgan  MAGISTRATE JUDGE: North |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE*
TO EXCLUDE TESTIMONY ABOUT FEAR OF DISEASES**

**Summary of Position**

Under the law of this case, the law of this Circuit, and the law of Louisiana, the Plaintiffs must be permitted to testify regarding their fears that the horrific odors emitted from the Jefferson Parish Landfill caused them anxiety, worry, fear, depression, etcetera related to potential long term health effects including, *inter alia*, permanent neurological injuries, damaged lungs, shortened life expectancy, death, and even Non-Allowed Injuries. The Defendants' motion *in limine* to exclude testimony about fear of other diseases (the "Fear MIL") is not supported by the law or the facts and must be denied.

1

**Analysis**

**A. Plaintiffs must be permitted to present testimony concerning fear of adverse health consequences due to the horrific odors to which they were exposed for 30 months.**

As determined by this Court following the general causation trial (R. Doc. 323), and as clarified and reiterated by the Court in its more recent ruling on Defendants' motion for summary judgment (R. Doc. 642), the list of "Allowed Injuries" includes (among others):

- Anxiety and worry;
- Stress;
- Concern regarding long term effects;
- Decrease in quality of life;
- Feeling sad and overwhelmed;
- A decrease in mood; and
- Depression

(R. Doc. 642 pp. 4-5.) Necessarily, these types of injuries are supported by specific facts including, without limitation, fear of adverse health consequences and of what injuries might be being suffered by the Plaintiffs. Importantly, for many of the 30 months at issue, Plaintiffs were not aware of what was causing the smell, while the operator the Landfill publicly denied it was the Landfill, thus exacerbating the fear of unknown deleterious health consequences.

Defendants argue, however, that Plaintiffs should be precluded from testifying that the landfill odors emitted from the Jefferson Parish Landfill caused them to fear the risk of permanent neurological injuries, damage to lungs, shortened life expectancy, death, or other "Non-Allowed Injuries" (hereinafter "fear of adverse health consequences"). (R. Doc. 661-1 pp. 1-2.) Defendants reason that because the Court granted summary judgment to Defendants for Non-Allowed Injuries,[1] such testimony would be overly prejudicial and irrelevant. (R. Doc. 642 p. 14; R. Doc.

---

[1] Plaintiffs are mindful of this Court's ruling on the Defendants' motion for summary judgment (R. Doc. 642) and will not present at trial evidence, testimony, or argument that the Plaintiffs suffered injuries other than "Allowed Injuries" or that they suffered injuries other than during the "relevant time period of July 1, 2017 through December 31, 2019. But anxiety concerning Non-Allowed Injuries was experienced by the Plaintiffs and is fairly within the scope of the Allowed Injuries.

661-1.)  Distilled, Defendants' argument is that because the Court has ruled that plaintiffs have proven general causation as to specific "Allowed Injuries," and even though the Allowed Injuries include categories such as anxiety, concern regarding long term effects, etc. any testimony describing the facts that support these categories of Allowed Injuries must necessarily be circumscribed by reference to only the Allowed Injuries.

This reasoning is circular and inconsistent with the Court's rulings.  Defendants' position conflates the multiple separate injuries, including: (a) anxiety and worry; (b) stress; (c) concern regarding long term effects; (d) decrease in quality of life; (e) feeling sad and overwhelmed; (f) a decrease in mood; and (g) depression with other specific health conditions for which the Court has determined that general causation exists.  But (a-g) above both explicitly and implicitly encompass fear of adverse health consequences such as the type of testimony cited by Defendants' in the Fear MIL.[2]  (R. Doc. 661-1 p. 1 nn. 2-4.)  For example, if anxiety and concern regarding long term effects are Allowed Injuries, the Plaintiffs must be permitted at trial to explain why they were anxious, what long term effects concerned them, and what other facts support the Allowed Injuries (particularly (a-g) above).  Courts that have considered whether such testimony is appropriate have concluded that it is admissible to prove emotional distress as a component of a plaintiff's general damages.  That is the purpose for which this testimony will be presented in this case.

Defendants also argue that in order for fear of adverse health consequences evidence to be presented, Plaintiffs must present evidence of fear of a specific disease, that the chemical at issue is capable of causing the specific feared-of disease, or an increased risk of disease.  This position is also contradicted by applicable law.

---

[2] Any ruling by the Court limiting the Plaintiffs testimony in response to the Fear MIL should be limited solely to the specific testimony quoted by the Defendants in the Fear MIL; a broad brush ruling would be inappropriate.

While fear of adverse health consequences evidence may be prejudicial to the Defendants, it is only prejudicial in the sense that it is relevant and not helpful to Defendants; it is not prejudicial in such a way that it can be excluded at trial in this case.

**B. Applicable law establishes that Plaintiffs' emotional distress damages may be supported by precisely the type of testimony Defendants seek to exclude.**

*Bonnette v. Conoco, Inc.*, 837 So.2d 1219 (La. 2003) involved claims by residents who purchased fill dirt which turned out to contain asbestos. 837 So. 2d at 1-2. The dirt was excavated by Conoco on property it owned after demolition of a number of abandoned houses. The dirt was subsequently excavated by a third-party and sold to the plaintiffs. Plaintiffs sought damages for, among other things, emotional distress. After a bench trial, the Court awarded plaintiffs general damages for past, present, and future mental anguish as well as additional damages for physical injury and an increased risk of developing asbestos related cancer.

Defendants cite *Bonnette* for the proposition that the Plaintiffs lack a viable claim for fear of the Non-Allowed Injuries because of the Court's finding that general causation does not exist for such injuries. But the Louisiana Supreme Court's decision in *Bonnette* does not support Defendants' position.

The *Bonnette* court determined that a plaintiff in Louisiana may not recover compensatory damages for a claim of increased risk of developing a disease for a slight exposure to asbestos which places them at a slight increased risk of contracting cancer. 837 So.2d at 1230. That part of the decision is inapplicable because Plaintiffs make no claim for increased risk of developing any disease. Unlike the plaintiffs in *Bonnette*, the Plaintiffs in this case do not contend that they have suffered an increased risk of disease in the <u>future</u>. This does not mean that Plaintiffs can be precluded from presenting fear of adverse health consequences evidence related to their <u>past</u> concerns which they experienced during the "relevant time period." It also means that Plaintiffs

may present fear of adverse health consequences evidence and that presenting such testimony is not conditioned on evidence of an increased risk of a future medical condition – no such increased risk is claimed, thus no such evidence is required.

The *Bonnette* court also considered when "emotional distress" injuries are compensable and what evidence must be presented to support damages for such injuries. *Id*. at 1233-1236. The court reviewed a number of decisions and explained that a plaintiff may recover "emotional distress" damages for fright, shock, and other similar emotional distress under two circumstances. In the first circumstance, when there is an accompanying physical injury, no special evidence must be first introduced before a plaintiff is permitted to introduce testimony to support a claim for emotional distress. *Id*. In the second circumstance, the court did recognize that when there is no accompanying physical injury, and particularly in asbestos cases, a plaintiff must present evidence to show the "especial likelihood [that the emotional distress] is genuine and serious" and arises from "special circumstances, which serve[] as a guarantee that the claim is not spurious." *Id*. (plaintiffs expressed only generalized fears of contracting a disease and did not suffer accompanying physical injuries). In its analysis, the *Bonnette* court distinguished cases where there was an accompanying physical injury because the accompanying physical injury suffices to provide the guarantee that the emotional distress claim is genuine. *Id*. at 1234 ("as can be seen, however, *Anderson* is distinguishable from the case at bar as it involved an award for mental anguish accompanied by a manifest physical injury.") (radiation burn to hand supported emotional distress claim for fear of cancer and future of progression of disease). In this case, Plaintiffs did suffer manifest physical injuries and, therefore, fear of adverse health consequences evidence is admissible under *Bonnette*.

5

This result was reinforced in 2012 in *Jones v. Capitol Enterprises, Inc.*, a case in which local residents brought claims sounding in nuisance related to noise and the release of particulate matter from a project that involved sandblasting a local water tower. 89 So.3d 474 (La. Ct. App. 2012). Among other claims, those plaintiffs alleged that they <u>believed</u> the chemicals being used could "adversely impact their health and cause[d] them fear of additional health problems in the future, including cancer," that defendants' actions caused them to experience "mental anguish and distress, emotional upset . . . worry and concern." *Id*. at 479. In that case, as distinguished from *Bonnette*, plaintiffs suffered accompanying physical symptoms including, without limitation, "eye, nose and throat irritation, coughing or sneezing . . . aggravation of preexisting respiratory and sinus problems, as well as other problems" – just like the Plaintiffs here – and, consequently, the *Jones'* plaintiffs general concerns about adverse health consequences testimony was admissible. *Id*.

In *Jones*, the Court of Appeal of Louisiana upheld a general damages award that included emotional distress damages. Relevant to the Fear MIL, the testimony of the *Jones* plaintiffs which supported the emotional distress component of the award was general and while some plaintiffs expressed a fear of contracting a specific disease in the future, others testified to generalized fear that they or their family members might suffer future medical conditions. *Id*. at 493-509 (emotional distress supported by complaints of fear and anxiety related to medical conditions plaintiffs may suffer in the future and for concerns about others in their family).

More recently still, in a case brought by plaintiffs who alleged injury resulting from a release of sulfur dioxide and hydrogen sulfide, the Court of Appeal of Louisiana affirmed that general testimony regarding fear of future adverse medical conditions is admissible and will

support an award of emotional distress even in the absence of medical testimony that the injury could happen in the future:

> We reversed their awards for fear of future injury in Assignment of Error Number One. Thus, any argument that these awards are duplicitous is negated. Further, there is ample evidence in the record to support the awards to each of these six plaintiffs as they expressed concerns indicative of mental anguish or at least some emotional trauma. One plaintiff testified that he was "worried about later ... if it comes back." Others, while just learning at trial that their fears were unfounded, nevertheless, can reasonably be found to have suffered mental anguish for having fear of what they were exposed to and what those substances could cause in the future from the time of the injury up until trial. For example, one plaintiff expressed a fear of cancer until trial when she learned that the substances she was exposed to do not cause cancer. Another stated, "I don't know what I was exposed to or how bad the effects could be, chronically."

*Fontenot v. Citgo Petroleum Corp*. 247 So.3d 837, 839-842 (La. Ct. App. 2018) (general damages, such as mental distress, are inherently speculative and cannot be fixed with mathematical certainty).  The *Fontenot* decision makes clear that Louisiana distinguishes between claims for damages based on traditional tort theories and those premised on a separate cause of action for a fear of future injury which has not materialized at the time of trial.  Louisiana requires heightened evidence to support the latter claim.  *Id*. (overruling damages award for fear of future injury cause of action because evidence failed to show that the substances at issue could cause the feared-of injury, but affirming award of general damages for mental anguish related to same incident and premised on, *inter alia*, general concerns for future health consequences even when the concerns were determined at trial to be unfounded).

The law in the 5th Circuit (decided before the foregoing decisions) is not different.  In *Adams v. Johns-Manville Sales Corp.*, 783 F.2d 589 (5th Cir. 1986), the 5th Circuit concluded that there was no error when the trial court entered judgment on a jury verdict in favor of defendants. *Adams* was an asbestos case in which the plaintiff asserted a specific cause of action for fear of

7

future injury, but the jury found that the plaintiff had suffered no injury. *Id*. The plaintiff's proffers failed to establish that he could present evidence to show that he suffered an increased risk of developing cancer and he had not experienced normal asbestosis symptoms. Under these circumstances, the appellate court concluded that it was not error to preclude evidence of the plaintiff's fear of developing cancer. *Smith v. A.C. & S., Inc.*, 843 F.2d 854 (5th Cir. 1988) is similar. That matter was reversed and remanded where the 5th Circuit found that the plaintiff's testimony was too generalized to support a separate claim of fear of future injury and excluded evidence of an increased risk of developing cancer where the expert testimony did not support that the plaintiff had a greater than 50% chance of contracting cancer in the future. As distinguished from these decisions, the Plaintiffs in the instant matter have stated no cause of action for fear of contracting future disease or increased risk of contracting a specific disease. Thus, the Defendants' Fear MIL must be denied.

## **CONCLUSION**

The Court has found that general causation exists in this case for, *inter alia*, the following Allowed Injuries: (a) anxiety and worry; (b) stress; (c) concern regarding long term effects; (d) decrease in quality of life; (e) feeling sad and overwhelmed; (f) a decrease in mood; and (g) depression. Defendants' Fear MIL improperly attempts to preclude the Plaintiffs from presenting evidence of the facts and circumstances that underlie these Allowed Injuries. Applicable law makes clear that such a limitation is improper. The Court's general causation order also explicitly and implicitly includes Allowed Injuries which are supported by the very type of fear of adverse health consequences injuries evidence which Defendants improperly seek to exclude. As a result, the Fear MIL must be denied.

Respectfully submitted, this 24th day of July, 2024.

                                                                        /**s**/ S. Eliza James
Byron M. Forrest (La. Bar No. 35480)
Nicholas V. Cressy (La. Bar No. 35725)
S. Eliza James (La. Bar No. 35182)
FORREST CRESSY & JAMES, LLC
1222 Annunciation Street
New Orleans, Louisiana 70130
Tele:  (504) 605.0777
Fax:   (504) 322.3884
Email: byron@fcjlaw.com
         nicholas@fcjlaw.com
         eliza@fcjlaw.com


                                                                         /s/ Eric C. Rowe
C. Allen Foster (Admitted Pro Hac Vice)
Eric C. Rowe (Admitted Pro Hac Vice)
Harry S. Johnson (Admitted Pro Hac Vice)
James Jeffcoat (Admitted Pro Hac Vice)
WHITEFORD, TAYLOR & PRESTON, L.L.P.
1800 M Street, NW, Suite 450N
Washington, DC 20036
Tele:  (202) 659.6800
Fax:   (202) 331.0573
Email: cafoster@whitefordlaw.com
         erowe@whitefordlaw.com
         hjohnson@whitefordlaw.com
         jjeffcoat@whitefordlaw.com

*Counsel for Addison Plaintiffs*