### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FREDERICK ADDISON, ET AL.,** | **CIVIL ACTION** |
| **Plaintiffs** | **NO. 19-11133, c/w 19-14512** |
| **V.** | **SECTION: "E" (5)** |
| **LOUISIANA REGIONAL LANDFILL COMPANY, ET AL.,** | |
| **Defendants** | **JUDGE: Morgan** |
| | **MAGISTRATE JUDGE: North** |
| *Applies to: Both Cases* | |

### PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION IN LIMINE TO EXCLUDE INTRODUCTION OF THE COMPLIANCE ORDERS ISSUED BY THE LOUISIANA DEPARTMENT OF ENVIRONMENTAL QUALITY

Plaintiffs submit the following Opposition to the Motion in Limine to Exclude Introduction of the Compliance Orders Issued By the Louisiana Department Of Environmental Quality filed by Defendants Jefferson Parish and Aptim Corporation. (R.Doc. 665).

Conceding that the Compliance Orders issued by the LDEQ are relevant to this case, Defendants Jefferson Parish and Aptim Corporation move to exclude them from evidence under Rules 403 and 802. The Waste Connections Defendants have not joined this motion.

The motion should be denied.

### I. THE COMPLIANCE ORDERS ARE EXCEPTED FROM THE RULE AGAINST HEARSAY BY FRE 803(8).

The LDEQ Compliance Orders are public records, prepared by the LDEQ as part of its public functions. The application of the hearsay rule to public records is governed by Federal Rule of Evidence 803(8), which provides that:

The following are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness:

(8) Public Records. A record or statement of a public office if:
    (A) it sets out:
        (i) the office's activities;
        (ii) a matter observed while under a legal duty to report, but not including, in a criminal case, a matter observed by law-enforcement personnel; or
        (iii) in a civil case or against the government in a criminal case, factual findings from a legally authorized investigation; and
    (B) the opponent does not show that the source of information or other circumstances indicate a lack of trustworthiness.

Without any question, the Compliance Orders are records or statements of a public office, and they contain factual findings from a legally authorized investigation. Defendants make no argument that the Compliance Orders fall outside subparagraph (A), and instead argue that the Compliance Orders "lack trustworthiness" under subparagraph (B).

As stated by the plain term the rule, however, the burden of showing "untrustworthiness" falls on the "opponent," in this case the Defendants. And, as their sole basis for showing "untrustworthiness," Defendants assert that the Compliance Orders are "non-final." R.Doc. 665-1 at 7. That is not enough.

To exclude evidence under Rule 803(8), Defendants "must make an affirmative showing of untrustworthiness." *Thibodeaux v. WellMate*, No. CIV.A. 12-1375, 2014 WL 1329802, at *3 (E.D. La. Mar. 31, 2014) (Morgan, J., internal quote and citations omitted) (citing *Moss v. Ole South Real Est., Inc.*, 933 F.2d 1300, 1305 (5th Cir. 1991)). Defendants themselves identify four factors the courts look to in determining trustworthiness: (1) the timeliness of the investigation; (2) the special skill or expertise of the official; (3) whether a hearing was held and at what level; and (4) possible motivational problem. R.Doc. 665-1 at 6; yet Defendants make no argument at all that the LDEQ investigations were untimely, or that the investigators lacked any necessary skill

or expertise, or that LDEQ was motivated to be biased against the Jefferson Parish Landfill. [1] Defendants do point out that no hearing was held, but the lack of a hearing is not dispositive of the issue of trustworthiness. *Thibodeaux* at 3.

Elsewhere in the *Moss* opinion, the Fifth Circuit ruled that "the trial court is to determine primarily whether the report was compiled or prepared in a way that indicates that its conclusions can be relied upon." *Moss v. Ole South Real Est., Inc.*, 933 F.2d 1300, 1307 (5th Cir. 1991). Defendants have made no showing at all on this issue.

Defendants assert that the reports are incomplete, but the Fifth Circuit has ruled that objections "that the reports are incomplete and inaccurate are matters going to the weight of this evidence and not its admissibility." *Matador Drilling Co. v. Post*, 662 F.2d 1190, 1199 (5th Cir. 1981). And the Supreme Court observed in *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153 (1988) that "it goes without saying that the admission of a report containing 'conclusions' is subject to the ultimate safeguard—the opponent's right to present evidence tending to contradict or diminish the weight of those conclusions." 488 U.S. at 168.

The issue before the Supreme Court in *Beech Aircraft* was whether conclusions of fact reached by the investigators fell within the phrase "factual findings." The Court ruled that "portions of investigatory reports otherwise admissible under Rule 803(8)(C)[2] are not inadmissible merely because they state a conclusion or opinion." *Id.*, 488 U.S. at 170. And, the Court ruled

---

[1] The Compliance Orders were issued during the same time period as the events of this case. In fact, between October 1, 2018 and November 30, 2018 (two full months) LDEQ investigators were on site at the JP Landfill every day. Led by Mr. Deselle, the team included seventeen additional inspectors. The resulting report, without attachments, is attached as **Exhibit 1**.

[2] As then codified.

that "[a]s long as the conclusion is based on a factual investigation and satisfies the Rule's trustworthiness requirement, it should be admissible along with other portions of the report." *Id.*

Because the Defendants have offered nothing to show that the factual findings and conclusions set forth in the LDEQ Compliance Orders are untrustworthy, they are admissible under FRE 803(8) as an exception to the rule against hearsay.

## II.   DEFENDANTS' ARGUMENTS REGARDING LEGAL CONCLUSIONS MUST BE REJECTED.

In *Beech Aircraft*, the Supreme Court reserved ruling on whether conclusions of law, as opposed to conclusions of fact, were admissible under FRE 803(8). *Id.*, 488 U.S. at 170, note 13. In *Thibodeaux v. WellMate*, this Court concluded they were not.  No. CIV.A. 12-1375, 2014 WL 1329802, at *2 (E.D. La. Mar. 31, 2014) (Morgan, J.) ("portions of a public report containing legal conclusions are not included within the hearsay exception of Rule 803(8) and thus are inadmissible hearsay").

So, what are the "legal conclusions" that Defendants want excluded?  Defendants do not say. Defendants' Brief asserts that "LDEQ's Compliance Orders give legal conclusions as to the ultimate issue in the case, (*i.e.*, whether Defendants are negligent based on alleged violations of industry and/or regulatory standards in connection with operations at the JPLF), which is for the jury to determine." R.Doc. 665-1 at 8. But none of these "legal conclusions" are identified in the Brief. Indeed, the LDEQ was never tasked with determining whether the Defendants were negligent, and neither the word "negligence" nor any form of it appears anywhere in any of the reports.

## III.   THE COMPLIANCE ORDERS SHOULD NOT BE EXCLUDED UNDER RULE 403.

As this Court recognized in *Thibodeaux*, "[r]elevant evidence is inherently prejudicial; but it is only unfair prejudice, substantially outweighing probative value, which permits exclusion of

relevant matter under Rule 403." *Thibodeaux* at *4. Here, there is no question that the evidence is relevant. Among other reasons, in this case, the generation of hydrogen sulfide resulted in part from the wet nature of the Landfill. The LDEQ found as a fact that the Landfill failed to control leachate. *E.g.,* R.Doc. 665-2 at 4, R.Doc. 665-3 at 3; R.Doc. 665-4 at 2-3. Similarly, landfill gases were emitted because (in part) the Landfill failed to maintain daily and interim cover. The LDEQ found as a fact that the Landfill failed to properly maintain cover. *See* R.Doc. 665-3 at 3. The LDEQ even made a factual finding that hydrogen sulfide gas was emitted from the leachate risers. *See* R.Doc. 665-2 at 6-7. And, in general, the existence of the Compliance Orders refutes the Defendants' contentions that the Landfill was properly run. Factual findings regarding deficiencies in cover and in the leachate and gas collections systems and resulting emissions are not opinions but determinations of fact.

As in *Thibodeaux*, the Defendants here have argued that evidence is cumulative, but there is no showing of the other evidence as to which the Compliance Reports will be cumulative. Accordingly, Defendants have not met their burden and the motion in limine must be denied.

Respectfully submitted, this 24th day of July, 2024.

_____/s/ S. Eliza James_____
FORREST CRESSY & JAMES, LLC
Byron M. Forrest (La. Bar No. 35480)
Nicholas V. Cressy (La. Bar No. 35725)
S. Eliza James (La. Bar No. 35182)
1222 Annunciation Street
New Orleans, Louisiana 70130
Tele:(504) 605.0777
Fax: (504) 322.3884
Email: byron@fcjlaw.com
nicholas@fdjlaw.com
eliza@fcjlaw.com

_____/s/ Eric C. Rowe_____
C. Allen Foster (Admitted Pro Hac Vice)

5

Eric C. Rowe (Admitted Pro Hac Vice)
Masten Childers, III (Admitted Pro Hac Vice)
WHITEFORD, TAYLOR & PRESTON, L.L.P.
1800 M Street, NW, Suite 450N
Washington, DC 20036
Tele: (202) 659.6800
Fax: (202) 331.0573
Email: cafoster@whiteforlaw.com
erowe@whitefordlaw.com
mchilders@whitefordlaw.com

Harry S. Johnson, (Admitted Pro Hac Vice)
James R. Jeffcoat (Admitted Pro Hac Vice)
WHITEFORD, TAYLOR & PRESTON L.L.P.
Seven Saint Paul Street
Baltimore, Maryland 21202-1636
(410) 347-8700
hjohnson@whitefordlaw.com
jjeffcoat@whitefordlaw.com

*Counsel For Addison Plaintiffs*