UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FREDERICK ADDISON, ET AL.,** Plaintiffs  VERSUS  **LOUISIANA REGIONAL LANDFILL COMPANY, ET AL.,** Defendants | **CIVIL ACTION**  NO. 19-11133, c/w 19-14512  SECTION: "E" (5)   **JUDGE: Morgan** **MAGISTRATE JUDGE: North** |

### APTIM CORP.'S MEMORANDUM IN SUPPORT OF OBJECTIONS TO TRIAL EXHIBITS

**MAY IT PLEASE THE COURT:**

Aptim Corp. ("Aptim"), in accordance with the Court's Pre-Trial Notice, respectfully submits the following Memorandum in Support of its objections to certain trial exhibits identified herein. For the following reasons, Aptim's objections should be sustained.

### INTRODUCTION

This Memorandum addresses two exhibits: (1) Trial Exhibit 652, which is a document entitled "Request for Proposal to Provide Jefferson Parish Sanitary Landfill Gas Collection and Control System Operation and Maintenance Services," dated August 21, 2015 (hereinafter, the "RFP"), and (2) Trial Exhibit 820, which is a document entitled "Jefferson Parish Sanitary Landfill Gas Collection and Control System Operation and Maintenance Services Technical Proposal," dated September 2015 (hereinafter, the "Proposal"). The RFP is a 66-page document drafted by Jefferson Parish in furtherance of obtaining competitive proposals from entities interested in providing services at the Jefferson Parish Landfill ("JPLF") specifically outlined in a "scope of

1

work" attached to same. The Proposal is Aptim's[1] proposal in response to Jefferson Parish's RFP. As explained below, neither the RFP nor the Proposal is relevant and allowing either document to be introduced into evidence at trial would prejudice Aptim and both mislead the jury and confuse the issues central to the parties' claims and defenses during trial. Accordingly, both exhibits should be excluded.

## **LAW AND ARGUMENT**

Relevant evidence is that which "has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." FED. R. EVID. 401. The Court may exclude relevant evidence if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403.

A critical issue to be resolved during trial is which party had responsibility for certain components of landfill operations during the pertinent time period. As for Aptim, it entered into an agreement with Jefferson Parish, which set forth Aptim's scope of work, responsibilities, and obligations vis-à-vis its work at the JPLF during the pertinent time period (hereinafter, the "Contract").[2] However, the Contract does not incorporate the RFP or the Proposal. Because neither the RFP nor the Proposal is a contract between Aptim and Jefferson Parish, and, moreover, because neither document is incorporated by reference into the Contract, neither document is relevant. To allow either document to be admitted at trial would be the same as allowing offers between parties to reach the jury in a breach of contract case where the contract, and only the contract, governs.

---

[1] At the time, the proposal was submitted by CB&I Environmental & Infrastructure, Inc. Aptim was formed from certain assets acquired from CB&I.
[2] Designated as Trial Exhibit 1428.

What was offered or discussed between contracting parties is wholly immaterial where a contract is eventually executed and provides the parameters of the parties' contractual obligations. The contract is the ultimate document setting forth Aptim's scope of work, responsibilities, and obligations in connection with its work at the JPLF, and, therefore, should be the only document introduced during trial for the jury to consider when weighing Aptim's scope of work, responsibilities, and obligations and apportioning fault, if any.

Moreover, even assuming the RFP and Proposal are relevant, which is denied, the language of the documents will prejudice Aptim insofar as the jury will be misled into believing that documents exchanged between contracting parties before a contract is executed have effect or otherwise govern the parties' conduct after a contract is executed. For example, the Proposal contains language concerning Aptim's experience with operating landfill gas control systems that indirectly had the effect of "odor control," which is not incorporated in the very specific contractual scope of work and services set forth in the Contract. The prejudicial effect of such language coming within ear shot of the jury is significant insofar as it will encourage the jury to look beyond the four corners of the contract and believe that the Proposal language should be read in conjunction with the clear and unambiguous terms of the contract. This is improper, generally, and to the extent issues of parol evidence in the absence of contractual ambiguity are implicated. *See, e.g., U.S. v. Long*, 722 F.3d 257, 262 (5th Cir. 2013) ("[P]arol evidence is inadmissible to prove the meaning of an unambiguous [contract] . . . [W]hen a contract is unambiguous, this court generally will not look beyond the four corners of the document.") (quoting *U.S. v. Ballis*, 28 F.3d 1399, 1410 (5th Cir. 1994); *U.S. v. Elashyi*, 554 F.3d 480, 502 (5th. Cir. 2008) (internal citations omitted)).

**CONCLUSION**

The Contract between Aptim and Jefferson Parish is the pertinent document outlining scope of work, obligations, and responsibilities. What was requested by way of proposals, and ultimately proposed by either Aptim or Jefferson Parish, is irrelevant. Because the Contract will be a trial exhibit admitted and evaluated by the jury, the RFP and Proposal should be excluded.

Respectfully submitted,

*/s/ Nicholas S. Bergeron*
Ernest P. Gieger, Jr. (6154)
John E. W. Baay (T.A.) (22928)
J. Michael DiGiglia (24378)
Nicholas S. Bergeron (37585)
Gieger, Laborde & Laperouse, L.L.C.
Hancock Whitney Center
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139
Telephone:    (504) 561-0400
Facsimile:    (504) 561-1011
Email:        egieger@glllaw.com
              jbaay@glllaw.com
              mdigiglia@glllaw.com
              nbergeron@glllaw.com

*Attorneys for Defendant Aptim Corp.*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing has been forwarded to all counsel of record via the Court's electronic case management system on this 29th day of July, 2024.

*/s/ Nicholas S. Bergeron*