UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FREDERICK ADDISON, ET AL.,**<br>Plaintiffs<br><br>VERSUS<br><br>**LOUISIANA REGIONAL LANDFILL COMPANY, ET AL.,**<br>Defendants | CIVIL ACTION<br><br>NO. 19-11133, c/w 19-14512<br><br>SECTION: "E" (5)<br><br><br>JUDGE: Morgan<br>MAGISTRATE JUDGE: North |

**APTIM CORP.'S MEMORANDUM IN SUPPORT OF
OBJECTIONS TO DEPOSITION DESIGNATIONS**

**MAY IT PLEASE THE COURT:**

Aptim Corp. ("Aptim"), in accordance with the Court's Pre-Trial Notice, respectfully submits the following Memorandum in Support of its objection to the designations and intended use of the Rule 30(b)(6) Corporate Deposition of Aptim during trial. For the following reasons, Aptim's objections should be sustained.

**INTRODUCTION**

On November 11, 2020 and May 19, 2023, the parties conducted the Rule 30(b)(6) Corporate Deposition of Aptim, through its corporate representative, Josh Broggi. Trial Plaintiffs[1] and the Waste Connections Defendants[2] have designated both depositions as trial exhibits.[3] However, Mr. Broggi is appearing at and will testify during trial. Thus, he will be able to testify

---

[1] The Trial Plaintiffs are Stanley Meyers, Geneva Green, Jonathan Tate, Reshaun Richardson, Mary Ann Winningkoff, Andrew Section, Vernice Lewis, Tyrone Thompson, Terrance Thompson, Wendy Gremillion, Scott Gremillion, and the Gremillions' two minor children A.G. and B.G.
[2] The Waste Connections Defendants are Louisiana Regional Landfill Company, Waste Connections Bayou, Inc. and Waste Connections US, Inc.
[3] The November 11, 2020 deposition is currently designated as Trial Exhibit 6453 and the May 19, 2023 deposition is currently designated as Trial Exhibit 6454.

1

about the matters within Aptim's corporate knowledge to which he testified during Aptim's Rule 30(b)(6) depositions pursuant to Federal Rule of Evidence 602. Consequently, both depositions are cumulative and permitting introduction of both as trial exhibits—which would require both Trial Plaintiffs and the Waste Connections Defendants to read their respective testimony designations to the jury—would needlessly waste time. Aptim's Rule 30(b)(6) Corporate Depositions should, therefore, be excluded from trial.

## LAW AND ARGUMENT

Despite the dichotomy between Federal Rules of Evidence 602, which limits witness testimony to matters within personal knowledge, and Federal Rule of Civil Procedure 30(b)(6), the Fifth Circuit has harmonized both statutes to provide that when a witness who previously testified as the corporate representative of a party testifies at trial, the witness can testify to matters within the corporate knowledge of the party under Rule 602 addressed during the party's Rule 30(b)(6) deposition.

In the seminal case on the issue, *Brazos River Auth. v. GE Ionics, Inc.*, the Fifth Circuit considered whether a party's representative, who testified in that capacity during a prior Rule 30(b)(6) deposition and who is made available during trial, may testify to matters within the party's corporate knowledge. 469 F.3d 416, 434-35 (5th Cir. 2006). Answering the inquiry in the affirmative, the court held as follows:

> Although there is no rule requiring that the corporate designee testify "vicariously" at trial, as distinguished from at the rule 30(b)(6) deposition, if the corporation makes the witness available at trial he should not be able to refuse to testify to matters as to which he testified at the deposition on grounds that he had only corporate knowledge of the issues, not personal knowledge. This conclusion rests on the consideration that though Federal Rule of Civil Procedure 32(a)(2) "permits a party to introduce the deposition of an adversary as part of his substantive proof regardless of the adversary's availability to testify at trial," . . . district courts are reluctant to allow the reading into evidence of the rule 30(b)(6) deposition if the witness is available to testify at trial, and such exclusion is usually deemed harmless

> error. **Thus, if a rule 30(b)(6) witness is made available at trial, he should be allowed to testify as to matters within corporate knowledge to which he testified in deposition**.

*Brazos*, 469 F.3d at 434 (internal citations omitted) (emphasis added); *see also Jackson v. Chevron Chem. Co.,* 679 F.2d 463, 466 (5th Cir.1982) (reasoning that the corporate deposition contained no information that the corporate representative-witness's "live testimony could not supply").

Notwithstanding its unquestionable persuasive authority, *Brazos* is not an outlier.[4] Regardless, *Brazos* provides that Mr. Broggi, who previously testified as Aptim's corporate representative during its Rule 30(b)(6) depositions and who will be made available at trial, may testify to matters within Aptim's corporate knowledge to which he testified in deposition.

Accordingly, Aptim's Rule 30(b)(6) Corporate Depositions are cumulative of the anticipated testimony of Mr. Broggi that will be elicited by the parties during trial. And permitting the parties to read designated portions of the corporate depositions in both cases-in-chief before or after Mr. Broggi testifies would waste time—especially here considering the significant number of witnesses who will be called to testify by all parties during trial. Federal Rule of Evidence 403 permits the Court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: . . . wasting time, or needlessly presenting cumulative evidence." *Contogouris v. Pacific W. Resources, LLC*, 551 Fed. App'x. 727, 734 (5th Cir. 2013) (quoting FED. R. EVID. 403). Operating under Rule 403, the Court should exclude both transcripts from evidence at trial, subject to any party's need to use—but not introduce into evidence—either transcript for some other permissible purpose during trial (*e.g.,* impeachment).

---

[4] *See, e.g., Whitehouse Hotel Ltd. Partn. v. C.I.R.*, 615 F.3d 321, 342 (5th Cir. 2010) (citing *Brazos*, reversing district court's order sustaining objection to previously designated corporate representative-witness testifying to matters within the corporation's knowledge during trial); *Chevron TCI, Inc. v. Capitol H. Hotel Manager, LLC*, 541 F. Supp.3d 687, 693-94 (M.D. La. 2021) (citing *Brazos*, denying motion to limit corporate representative-witness's testimony to matters within personal knowledge); *Mercury Luggage Mfg. Co. v. Domain Protec., LLC*, No. Civ.A 19-01939, 2020 WL 7122859, at *5 (N.D. Tex. Dec. 4, 2020) (citing *Brazos*, allowing witness who acted as corporation's agent to present the corporation's "subjective beliefs . . . as long as those beliefs are based on the collective knowledge of [the corporation's] personnel").

3

## CONCLUSION

As the Fifth Circuit in *Brazos* reasoned, "[D]istrict courts are reluctant to allow the reading into evidence of the rule 30(b)(6) deposition if the witness is available to testify at trial[.]" *Brazos*, *supra*, at 434. Such reluctance should extend here. Mr. Broggi will be made available to testify at trial and, therefore, introduction of Aptim's Rule 30(b)(6) depositions into evidence is unnecessarily cumulative of Mr. Broggi's testimony, will waste the limited time the parties have to present their cases, and should be barred. As such, the Court should exclude Aptim's Rule 30(b)(6) Corporate Depositions from introduction into evidence during trial.

Respectfully submitted,

*/s/ Nicholas S. Bergeron*
Ernest P. Gieger, Jr. (6154)
John E. W. Baay (T.A.) (22928)
J. Michael DiGiglia (24378)
Nicholas S. Bergeron (37585)
Gieger, Laborde & Laperouse, L.L.C.
Hancock Whitney Center
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139
Telephone:    (504) 561-0400
Facsimile:    (504) 561-1011
Email:        egieger@glllaw.com
              jbaay@glllaw.com
              mdigiglia@glllaw.com
              nbergeron@glllaw.com

*Attorneys for Defendant Aptim Corp.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been forwarded to all counsel of record via the Court's electronic case management system on this 29th day of July, 2024.

*/s/ Nicholas S. Bergeron*