UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| FREDERICK ADDISON, ET AL | * | CIVIL ACTION |
|     Plaintiffs | * | |
| | * | NO. 19-11133 c/w 19-14512 |
| VERSUS | * | |
| | * | SECTION "E" (5) |
| LOUISIANA REGIONAL LANDFILL COMPANY, ET AL | * | |
| | * | JUDGE: MORGAN |
| | * | |
| | * | MAGISTRATE: NORTH |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### JEFFERSON PARISH'S MEMORANDUM IN SUPPORT OF OBJECTIONS TO DEPOSITION DESIGNATIONS

NOW INTO COURT, through undersigned counsel, comes Defendant, Jefferson Parish, in accordance with the Court's Pre-Trial Notice, who respectfully submits the following Memorandum in Support of its objection to the designations and intended use of the Rule 30(b)(6) Corporate Deposition of Jefferson Parish during trial. For the following reasons, Jefferson Parish's objections should be sustained in accordance with Rule 30(b)(6).

### INTRODUCTION

On May 11, 2023, the parties conducted the Rule 30(b)(6) Corporate Deposition of Jefferson Parish, through its corporate representative, Mark Drewes. Waste Connections Defendants[1] have designated this deposition as a trial exhibit.[2] Mark Drewes is appearing at and will testify during trial. Thus, he will be able to testify about the matters within Jefferson Parish's corporate knowledge to which he testified during Jefferson Parish's Rule 30(b)(6) deposition pursuant to Federal Rule of Evidence 602. Permitting introduction of Drewes' deposition by Waste

---

[1] The Waste Connections Defendants are Louisiana Regional Landfill Company, Waste Connections Bayou, Inc. and Waste Connections US, Inc.
[2] The May 11, 2023 Deposition of Mark Drewes is designated as Trial Exhibit 6445.

Connections Defendants is cumulative and would needlessly waste time. Jefferson Parish's Rule 30(b)(6) Corporate Deposition of Mark Drewes should be excluded from trial.

## LAW AND ARGUMENT

Despite the difference between Federal Rules of Evidence 602, which limits witness testimony to matters within personal knowledge, and Federal Rule of Civil Procedure 30(b)(6), the Fifth Circuit has harmonized both statutes to provide that when a witness who previously testified as the corporate representative of a party testifies at trial, the witness can testify to matters within the corporate knowledge of the party under Rule 602 addressed during the party's Rule 30(b)(6) deposition.

In *Brazos River Auth. v. GE Ionics, Inc.*, the Fifth Circuit considered whether a party's representative, who testified in that capacity during a prior Rule 30(b)(6) deposition and who is made available during trial, may testify to matters within the party's corporate knowledge.[3] Answering the inquiry in the affirmative, the court held as follows:

> Although there is no rule requiring that the corporate designee testify "vicariously" at trial, as distinguished from at the rule 30(b)(6) deposition, if the corporation makes the witness available at trial he should not be able to refuse to testify to matters as to which he testified at the deposition on grounds that he had only corporate knowledge of the issues, not personal knowledge. This conclusion rests on the consideration that though Federal Rule of Civil Procedure 32(a)(2) "permits a party to introduce the deposition of an adversary as part of his substantive proof regardless of the adversary's availability to testify at trial," . . . district courts are reluctant to allow the reading into evidence of the rule 30(b)(6) deposition if the witness is available to testify at trial, and such exclusion is usually deemed harmless error. **Thus, if a rule 30(b)(6) witness is made available at trial, he should be allowed to testify as to matters within corporate knowledge to which he testified in deposition**.[4]

---

[3] *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 434-35 (5th Cir.2006).
[4] *Brazos*, 469 F.3d at 434 (internal citations omitted) (emphasis added); *see also Jackson v. Chevron Chem. Co.,* 679 F.2d 463, 466 (5th Cir.1982) (reasoning that the corporate deposition contained no information that the corporate representative-witness's "live testimony could not supply").

There are many cases concerning this issue.[5] *Brazos* provides that Mr. Drewes, who previously testified as Jefferson Parish's corporate representative during its Rule 30(b)(6) deposition and who will be made available at trial, may testify to matters within Jefferson Parish's corporate knowledge to which he testified to in his deposition.

Accordingly, Jefferson Parish's Rule 30(b)(6) Corporate Deposition is cumulative of the anticipated testimony of Mr. Drewes that will be elicited by the parties during trial. Permitting the parties to read designated portions of the corporate depositions in both its case-in-chief before or after Mr. Drewes testifies would waste time.

Federal Rule of Evidence 403 permits the Court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: . . . wasting time, or needlessly presenting cumulative evidence."[6] Operating under Rule 403, the Court should exclude this deposition transcript from evidence at trial, subject to any party's need to use—but not introduce into evidence—the transcript of Mark Drewes for some other permissible purpose during trial.

## CONCLUSION

Mr. Drewes will be made available to testify at trial and, therefore, introduction of Jefferson Parish's Rule 30(b)(6) deposition into evidence is unnecessarily cumulative of Mr. Drewes' testimony and will waste time. As such, the Court should exclude Jefferson Parish's Rule 30(b)(6) Corporate Deposition from introduction into evidence during trial.

---

[5] *See, e.g., Whitehouse Hotel Ltd. Partn. v. C.I.R.*, 615 F.3d 321, 342 (5th Cir. 2010) (citing *Brazos*, reversing district court's order sustaining objection to previously designated corporate representative-witness testifying to matters within the corporation's knowledge during trial); *Chevron TCI, Inc. v. Capitol H. Hotel Manager, LLC*, 541 F. Supp.3d 687, 693-94 (M.D. La. 2021) (citing *Brazos*, denying motion to limit corporate representative-witness's testimony to matters within personal knowledge); *Mercury Luggage Mfg. Co. v. Domain Protec., LLC*, No. Civ.A 19-01939, 2020 WL 7122859, at *5 (N.D. Tex. Dec. 4, 2020) (citing *Brazos*, allowing witness who acted as corporation's agent to present the corporation's "subjective beliefs . . . as long as those beliefs are based on the collective knowledge of [the corporation's] personnel").

[6] *Contogouris v. Pacific W. Resources, LLC*, 551 Fed. App'x. 727, 734 (5th Cir. 2013) (quoting FED. R. EVID. 403).

| | |
|---|---|
| **CERTIFICATE OF SERVICE** | Respectfully submitted, |

I HEREBY CERTIFY that a copy of the foregoing pleading was served upon all counsel of record in the parties named herein through the Court's ECF system.

Metairie, Louisiana, this 29th day of July 2024.

      /s/ *Michael S. Futrell*
      MICHAEL S. FUTRELL

**CONNICK AND CONNICK, LLC**

      */s/ Michael S. Futrell*
W. PETER CONNICK, LA. BAR NO. 14158
MICHAEL S. FUTRELL, LA. BAR NO. 20819
MATTHEW D. MOGHIS, LA. BAR NO. 33994
3421 N. Causeway Boulevard, Suite 408
Metairie, Louisiana 70002
Telephone:   (504) 681-6663
Facsimile:    (504) 838-9903
E-mail:       mfutrell@connicklaw.com
               moghis@connicklaw.com

*Counsel for Defendant, Jefferson Parish*