UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FREDERICK ADDISON, ET AL.,**<br>    **Plaintiffs**<br><br>**VERSUS**<br><br>**LOUISIANA REGIONAL LANDFILL COMPANY, ET AL.,**<br>    **Defendants**<br><br>*Applies to: All Cases* | CIVIL ACTION<br><br>NO. 19-11133, c/w 19-14512<br><br>SECTION: "E" (5)<br><br><br>JUDGE: Morgan<br>MAGISTRATE JUDGE: North |

## JOINT MEMORANDUM ON THE PARTIES' VERDICT FORMS

The Addison Trial Plaintiffs[1] and Defendants Aptim Corp. ("Aptim"), Jefferson Parish ("Parish"), Louisiana Regional Landfill Company, Waste Connections Bayou, Inc. and Waste Connections US, Inc. (the "Waste Connections Defendants," and together with Aptim and Parish, collectively, "Defendants"), pursuant to this Court's Thirteenth Case Management Order (R. Doc. 498), respectfully submit the following joint memorandum addressing their disagreements on their proposed verdict forms.

Despite the parties' best efforts, they have been unable to reach agreement on the verdict form. Attached hereto is Exhibit 1 – verdict form proposed by Plaintiffs; Exhibit 2 – verdict form proposed by Jefferson Parish; and Exhibit 3 – verdict form proposed by Waste Connections Defendants and Aptim.

Below are the respective positions of the parties.

---

[1] The Trial Plaintiffs are Stanley Meyers, Geneva Green, Jonathan Tate, Reshaun Richardson, Mary Ann Winningkoff, Andrew Section, Vernice Lewis, Tyrone Thompson, Terrance Thompson, Wendy Gremillion, Scott Gremillion, and the Gremillions' two minor children A.G. and B.G.

1

1. **Plaintiffs' Position.**

   As to Jefferson Parish's position, the provisions of both CC Art. 2317.1 and LRS 9:2800(C) are included within the "negligence provisions" of Plaintiffs' Verdict Sheet Questions 1 and 2.

   Addressing the Waste Connections Defendants positions:

   a. 13 separate verdict sheets of multiple pages are unworkable and invite juror confusion and error. Plaintiffs' proposed Verdict Sheet allows the jury to conclude liability *vel non* on each theory as to each Defendant. If the jury is unable to reach a verdict as to liability to any Plaintiff, they can say so. If necessary, a third column – "Unable to Reach Verdict" – could be added to "Yes" and "No."

   b. The modeling proffered by the Plaintiffs and the Defendants, together with the testimony of the Plaintiffs and the other evidence, give the jury entirely adequate information to determine the severity of injury based upon all factors, including the one cited by the Defendants - the distance from the landfill

   c. Nuisance is not the same as negligence. *Myers v. Union Carbide Corp.,* No. CV 22-797, 2022 WL 17092121, at *2–5 (E.D. La. Nov. 21, 2022)  While negligence concepts have been engrafted onto nuisance, the duty in nuisance is established by the relevant Civil Code sections which are a more fulsome statement of the extent of that duty than a generalized negligence duty of "reasonable care." Furthermore, as set forth in Plaintiffs' jury instructions, in negligence, the defendant takes his plaintiff as he finds him, whereas, in nuisance, the plaintiff is presumed to be of ordinary sensibilities. And, Plaintiffs' verdict form allows the jury to make a percentage reduction for any Plaintiff whom they find not to be of ordinary sensibilities. Thus, if the jury finds the Defendants (or any of them) liable

on both counts, the damages will be reduced as to nuisance but not as to negligence. Moreover, as reflected in Plaintiffs' requested jury instructions, in nuisance, when a landfill abuts a residential neighborhood, the owner and operator have a duty to use "utmost caution," a different standard than negligence. *Jones v. Capitol Enterprises, Inc.,* 89 So.3d 494, 509 (La.App. 1st Dist. 2012)

      d. The Waste Connections Defendants should be considered together because that is the way they themselves describe themselves. Anything else would promote jury confusion to the advantage of the Waste Connections Defendants.

**2. Jefferson Parish's Position.**

Jefferson Parish is a public entity and therefore the jury is entitled to be made aware of and assess the applicable law that is contained in Louisiana Revised Statute 9:2800. To be held liable for the alleged damages the jury must determine that Jefferson Parish had actual or constructive notice of the particular vice or defect which caused the damage prior to the occurrence, and Jefferson Parish had a reasonable opportunity to remedy the defect and failed to do so. For the reasons set forth, Jefferson Parish's Proposed Jury Verdict Form should be presented to the jury following the trial, or at least, the provisions concerning the necessary and applicable law dealing with public entities, like Jefferson Parish, should be included on the Final Jury Verdict Form. [2]

    **A. The jury should be made aware of Louisiana Revised Statute 9:2800 as Jefferson Parish is a public entity.**

Louisiana Civil Code Article 2317.1 states:

The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could

---

[2] See Defendant Jefferson Parish's proposed Jury Verdict Form, attached hereto as Exhibit A.

have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. [3]

This article provides that the owner or custodian of a thing is answerable for damages occasioned by its ruin, vice, or defect, only upon a showing that he knew or in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage.

Louisiana Revised Statute 9:2800(C) limits the liability of a public body, providing:

> Except as provided for in Subsections A and B of this Section, no person shall have a cause of action based solely upon liability imposed under Civil Code Article 2317 against a public entity for damages caused by the condition of things within its care and custody unless the public entity had actual or constructive notice of the particular vice or defect which caused the damage prior to the occurrence, and the public entity has had a reasonable opportunity to remedy the defect and has failed to do so.[4]

Accordingly, in order to recover against Jefferson Parish in this case for damages caused by the condition of things within its care and custody Plaintiff must establish that *(1) Jefferson Parish had actual or constructive notice of the particular vice or defect which caused the damage prior to the occurrence, and (2) Jefferson Parish had a reasonable opportunity to remedy the defect and failed to do so*.[5]

In conclusion, this information is necessary to be presented to the jury because for Plaintiffs to prevail against the public entity, Jefferson Parish, the burden is on the Plaintiff to show that Jefferson Parish had actual or constructive knowledge of the unreasonably dangerous condition and that Jefferson Parish failed to remedy the unreasonably dangerous condition within a reasonable time.

---

[3] La. C.C. 2317.1
[4] La. Rev. Stat. Ann. § 9:2800.
[5] La. R.S. 9:2800(C). *In re Katrina Canal Breaches Consol. Litig.*, CIV.A. 05-4182, 2008 WL 4899449, at *3 (E.D. La. Nov. 12, 2008).

### 3. Waste Connections Defendants' Position.

The Waste Connections Defendants assert the following statement in support of their proposed verdict form.

**A. Thirteen Different Verdict Forms**

There should be thirteen different verdict forms – one for each Trial Plaintiff – not one form as Plaintiffs suggest. This will ensure that the jury properly evaluates this case as thirteen separate claims with thirteen different evaluations of damages and causation, instead of lumping all Trial Plaintiffs' claims together. Indeed, under Louisiana law, even the liability question is specific to each individual Trial Plaintiff. For negligence, in order to determine whether a breach of duty occurred, the jury must consider whether the Trial Plaintiffs fell within the scope of any duty owed by Defendants. This will involve consideration of each Trial Plaintiff's unique circumstances, including how far away from the JPLF they resided. *See Roberts v. Benoit*, 605 So.2d 1032, 1044 (La. 1991) (a plaintiff's burden to prove scope of the duty involves proving "whether the enunciated rule or principle of law extends to or is intended to protect this plaintiff from this type of harm arising in this manner."). For nuisance, the jury must consider several elements unique to each Trial Plaintiff to determine whether a nuisance occurred, as opposed to mere inconvenience. *Rodrigue v. Copeland*, 475 So. 2d, 1071, 1077-78 (La. 1985) (relevant factors are the character of the plaintiff's neighborhood, the degree of the intrusion and the effect of the activity on the health and safety of the plaintiff); *Jones v. Capital Enterprises, Inc.*, 2011-0956 (La. App. 4 Cir. 5/9/2012), 89 So. 3d 474, 508-509 (relevant factors include the sensitivity of the one complaining).

The Trial Plaintiffs live on both sides of the Mississippi River, in different neighborhoods from one another, different distances from the JPLF, and in different directions from the JPLF.

They live near different alternative sources of odors from one another, and a few did not live at their addresses for the entire claim period. The jury should consider the scope of duty, character of the neighborhood, and degree of alleged intrusion separately for each Trial Plaintiff.

Further, a practical reason demands there be thirteen separate verdict forms – it's possible the jury will reach a verdict on some but not all of the Trial Plaintiff's claims, and in such a scenario, a combined verdict form would prevent the jury from returning any verdict whatsoever. In contrast, with thirteen separate verdict forms, the jury could return a verdict as to some but not all Trial Plaintiffs, which would still provide valuable information to the parties.

### B. One line for combined negligence and nuisance charge

Plaintiffs' nuisance and negligence claims are both governed by a negligence standard, i.e., failure to exercise reasonable care under the circumstances. See La. Civil Code art. 667 (stating that a nuisance defendant is "answerable for damages only upon a showing that he knew or, in the exercise of reasonable care, should have known that his works would cause damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care."); *Yokum v. 615 Bourbon St., L.L.C.*, 2007-1785 (La. 2/26/08), 977 So. 2d 859, 874 (the 1996 revisions to article 667 "shift[ed] the absolute liability standard to a negligence standard.").

Given that both theories follow a negligence standard, there should be only one line. To the extent there are considerations unique to negligence and nuisance, those can be explained in the jury instructions. But to give two lines would unfairly give Plaintiffs two bites at the apple to prove liability when the same standard applies to both theories.

6

### C. One line for each of the Waste Connections Defendants

Louisiana law unequivocally demands that the verdict form must feature one line for each of the Waste Connections Defendants. Louisiana Civil Code article 2323 establishes that the fault of "all persons" must be separately considered and assigned, regardless of the circumstances:

> In any action for damages where a person suffers injury, death, or loss, the degree or percentage of fault of **all persons** causing or contributing to the injury, death, or loss shall be determined, regardless of whether the person is a party to the action or a nonparty, and regardless of the person's insolvency, ability to pay, immunity by statute, including but not limited to the provisions of R.S. 23:1032, or that the other person's identity is not known or reasonably ascertainable.

(emphasis added); *see also Thompson v. Winn-Dixie Montgomery, Inc.,* 181 So.3d 656, 664–65 (La. 2015) ("the language of Articles 2323 and 2324 clearly and unambiguously provides that comparative fault principles apply in 'any action for damages' and apply to 'any claim' asserted under 'any law or legal doctrine or theory of liability.'"). Louisiana Regional Landfill Company, Waste Connections Bayou, Inc. and Waste Connections US, Inc. are different persons, and each is properly formed, organized, and governed.

### D. No allocation for "not being a person of normal sensibilities"

Plaintiffs correctly acknowledge that Louisiana law demands the jury to consider whether each Trial Plaintiff is a person of ordinary sensibilities. *Rodrigue v. Copeland*, 475 So. 2d, 1071, 1077-78 (La. 1985) (factfinder must determine whether the alleged invasion produces such a condition as, in the judgment of reasonable persons, would naturally produce actual physical discomfort to normal persons of ordinary sensibilities, tastes and habits). However, Plaintiffs' proposed verdict form seemingly proposes a reduction in each Trial Plaintiffs' award based on whether they are not a person of ordinary sensibilities, which is not supported by Louisiana law. While this addition is arguably favorable to the Defendants, it is unsupported by law and would risk inserting reversible error into these proceedings.

Respectfully submitted,

FORREST CRESSY & JAMES, LLC

By:   /s/ S. Eliza James
Byron M. Forrest (La. Bar No. 35480)
Nicholas V. Cressy (La. Bar No. 35725)
S. Eliza James (La. Bar No. 35182)
1222 Annunciation Street
New Orleans, Louisiana 70130
Tele:(504) 605.0777
Fax: (504) 322.3884
Email: byron@fcjlaw.com
      nicholas@fcjlaw.com
      eliza@fcjlaw.com


WHITEFORD, TAYLOR & PRESTON, L.L.P.

By:   /s/ Eric C. Rowe
C. Allen Foster (Admitted Pro Hac Vice)
Eric C. Rowe (Admitted Pro Hac Vice)
Harry S. Johnson (Admitted Pro Hac Vice)
James Jeffcoat (Admitted Pro Hac Vice)
WHITEFORD, TAYLOR & PRESTON, L.L.P.
1800 M Street, NW, Suite 450N
Washington, DC 20036
Tele:   (202) 659.6800
Fax:   (202) 331.0573
Email: cafoster@whitefordlaw.com
      erowe@whitefordlaw.com
      hjohnson@whitefordlaw.com
      jjeffcoat@whitefordlaw.com
      mchilders@whitefordlaw.com

*Counsel For Addison Plaintiffs*


LISKOW & LEWIS, APLC

By:   /s/ Michael C. Mims
    Michael Cash (#31655)
    Cherrell Simms Taplin (#28227)
    Michael C. Mims (#33991)

>Brady M. Hadden (#37708)
>J. Hunter Curtis (#39150)
>Alec Andrade (#38659)
>701 Poydras Street, Suite 5000
>New Orleans, Louisiana 70139
>(504) 581-7979
>
>BEVERIDGE & DIAMOND, P.C.
>
>Megan R. Brillault (*pro hac vice*)
>Michael G. Murphy (*pro hac vice*)
>John H. Paul (*pro hac vice*)
>Katelyn E. Ciolino (*pro hac vice*)
>Katrina M. Krebs (*pro hac vice*)
>825 Third Avenue, 16th Floor
>New York, NY 10022
>(212) 702-5400
>
>James B. Slaughter (*pro hac vice*)
>1900 N Street, NW, Suite 100
>Washington, DC 20036
>(202) 789-6000
>
>Michael F. Vitris (*pro hac vice*)
>400 W. 15th Street, Suite 1410
>Austin, TX 78701
>(512) 391-8035
>
>*Counsel for Defendants Louisiana Regional Landfill Company, Waste Connections Bayou, Inc., and Waste Connections US, Inc.*
>
>
>CONNICK AND CONNICK, LLC
>
>By: ___/s/ William P. Connick___
>William P. Connick, La. Bar No. 14158
>Michael S. Futrell, La. Bar. No. 20819
>Anya M. Jones, La. Bar. No. 36923
>Matthew D. Moghis, La. Bar. No. 33994
>3421 N. Causeway Blvd., Suite 408
>Metairie, Louisiana 70002
>Telephone: (504) 681-6658
>Facsimile: (504) 838-9903
>E-mail: moghis@connicklaw.com

9

*Counsel for Defendant Jefferson Parish*

GIEGER, LABORDE & LAPEROUSE, L.L.C.

By:   /s/ Michael DiGiglia
Ernest P. Gieger, Jr. (6154)
John E. W. Baay (22928)
J. Michael DiGiglia (24378)
Nicholas S. Bergeron (37585)
Hancock Whitney Center
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139
Telephone: (504) 561-0400
Facsimile: (504) 561-1011

*Attorneys for Defendant Aptim Corp.*

## CERTIFICATE OF SERVICE

     I hereby certify that the foregoing was electronically filed on July 29, 2024. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Michael C. Mims