# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ELIAS JORGE "GEORGE" ICTECH-BENDECK,**<br>        Plaintiff<br><br>**VERSUS**<br><br>**WASTE CONNECTIONS BAYOU, INC., ET AL.,**<br>        Defendants | **CIVIL ACTION**<br><br>**NO. 18-7889**<br>**c/w 18-8071,**<br>**18-8218, 18-9312**<br><br><br>**SECTION: "E" (5)** |
| *Related Case:*<br><br>**FREDERICK ADDISON, ET AL.,**<br>        Plaintiffs<br><br>**VERSUS**<br><br>**LOUISIANA REGIONAL LANDFILL COMPANY, ET AL.,**<br>        Defendants<br><br>*Applies to: All Cases* | **CIVIL ACTION**<br><br>**NO. 19-11133, c/w 19-14512**<br><br>**SECTION: "E" (5)**<br><br><br>**JUDGE: Morgan**<br>**MAGISTRATE JUDGE: North** |

### WASTE CONNECTIONS DEFENDANTS' RESPONSES TO *ADDISON* PLAINTIFFS' FIRST SET OF INTERROGATORIES

Waste Connections US, Inc., Waste Connections Bayou, Inc., and Louisiana Regional Landfill Company (collectively, the "Waste Connections Defendants") respond below to the *Addison* Plaintiffs' First Set of Interrogatories, dated February 16, 2023, pursuant to the Federal Rules of Civil Procedure. The Waste Connections Defendants' good-faith responses are based on information presently known to them. These responses are made without prejudice to the Waste Connections Defendants' right to amend or supplement their responses, or assert additional objections, if further responsive information subsequently becomes known to them.

**GENERAL OBJECTIONS AND LIMITATIONS**

1. The Waste Connections Defendants object to the Interrogatories to the extent that they seek privileged or confidential information, including information encompassed by the attorney-client privilege, the work product doctrine, the joint defense privilege, or any other applicable privilege or immunity. The Waste Connections Defendants' responses are not intended to and cannot be construed as a waiver or relinquishment of any applicable privilege or immunity.

2. The Waste Connections Defendants object to the Interrogatories to the extent that they seek information and documents that are confidential, non-public business information, financial data, proprietary knowledge, or trade secrets. The provision of this information will be subject to the provisions of the Agreed Protective Order, so-ordered on November 4, 2019.

3. The Waste Connections Defendants object to the Interrogatories to the extent that they seek information not in the possession, custody, or control of the Waste Connections Defendants.

4. The Waste Connections Defendants object to the Interrogatories as unduly burdensome to the extent that they seek information that cannot be located after a reasonable search of the records reasonably believed most likely to contain the responsive information.

5. The Waste Connections Defendants object to the Interrogatories to the extent that they seek information beyond the scope of discovery permitted under the Federal Rules of Civil Procedure or the Local Rules of the Eastern District of Louisiana.

6. The Waste Connections Defendants object to the Interrogatories to the extent that they seek disclosure of information not relevant to a claim or defense of a party or beyond the scope of any directive or order of the Court governing the scope of discovery.

7. The Waste Connections Defendants object to the Interrogatories, including the definitions, to the extent that they are overly broad, unduly burdensome, oppressive, or harassing, or are not proportional in relation to the reasonable needs of the case.

8. The Waste Connections Defendants object to the Interrogatories, including the definitions, to the extent that they seek information outside the relevant time period, or they fail to specify a reasonable time frame. Plaintiffs' claims only relate to the period of July 1, 2017, until December 31, 2019, pursuant to the Court's Findings of Fact and Conclusions of Law, dated November 29, 2022, No. 18-cv-7889, R. Doc. 285; No. 19-cv-11133, R. Doc. 323, and the Waste Connections Defendants ceased operating at the Jefferson Parish Landfill as of December 31, 2020. The Waste Connections Defendants' responses are therefore limited to the period of January 1, 2015, to December 31, 2020, unless a different time frame is specifically stated in the response.

9. The Waste Connections Defendants object to the Interrogatories to the extent that they seek information that is publicly available and therefore equally available to Plaintiffs.

10. The Waste Connections Defendants object to the Interrogatories to the extent that they are unreasonably cumulative or duplicative.

11. The Waste Connections Defendants object to the Interrogatories to the extent that they seek information related to any Plaintiffs who are not selected for trial under the procedures detailed by the Court, R. Doc. 351.

12. The information that the Waste Connections Defendants produce in response to the Interrogatories is being produced solely for the purpose of this action. Should any party seek to admit the information contained in these Interrogatories in motion, hearing, or trial, such information is subject to all objections regarding relevance, authenticity, materiality, propriety, and admissibility and any other objections that would require exclusion of such information from

evidence. All such objections are expressly reserved and may be raised at the time of motion, hearing, or trial.

13. The Waste Connections Defendants reserve the right to object to other discovery directed to the subject matter of the Interrogatories. The Waste Connections Defendants' decision to provide information notwithstanding the objectionable nature of any Interrogatory should not be construed as a stipulation or admission that the information provided is relevant or admissible, a waiver of any objection, or an agreement that requests for similar discovery will be treated in a similar manner.

14. To the extent that the Waste Connections Defendants reference documents as responsive or potentially responsive to any Interrogatories, those references do not constitute an admission that the Waste Connections Defendants agree with any characterizations, disputed facts, or other information contained therein.

These General Objections are incorporated by reference into each of the individual Interrogatory responses below. The following responses are made subject to the foregoing preliminary statement and these General Objections. The Waste Connections Defendants do not waive any General Objections in response to any specific Interrogatory propounded, and any specific objection made by the Waste Connections Defendants in no respect limits or modifies the General Objections stated herein.

## OBJECTIONS TO DEFINITIONS

1. The Waste Connections Defendants object to the term "Defendants" on the grounds that the phrase "including all of their past or present domestic or foreign parents, sisters, affiliates, subsidiaries (owned in whole or part, at any time), partnerships, joint ventures, predecessors-in-interest, successors-in-interest, divisions, departments, corporate subunits, organizations or other business entities" is vague, ambiguous, and overbroad.

2.  The Waste Connections Defendants object to the term "Landfill" on the grounds that the phrase "including all of its immovable property, units, cells, components, equipment, operations, design, activities, waste material, processes, and releases" is vague, ambiguous, and overbroad.

3.  The Waste Connections Defendants object to the term "Litigation" on the grounds that the phrase "any other pending or threatened lawsuit or demand involving odor complaints involving the Jefferson Parish Landfill" is vague, ambiguous, and overbroad.

**SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES**

**INTERROGATORY #1.** Please identify each and every "other source" of gases and emissions to which You contend the Plaintiffs were exposed in this case.

**RESPONSE:** The Waste Connections Defendants object to this Interrogatory because it seeks information not in the possession, custody, or control of the Waste Connections Defendants, and because the phrases "'other sources' of gases and emissions" and "Plaintiffs were exposed" are overbroad, vague, ambiguous, and contain undefined terms, including "Plaintiffs" and "emissions." The Waste Connections Defendants further object to this Interrogatory as vague, ambiguous, overbroad, and duplicative, and to the extent that it seeks information related to any Plaintiffs who are not selected for trial under the procedures detailed by the Court, R. Doc. 351. The Waste Connections Defendants further object to this Interrogatory to the extent that it fails to specify a reasonable time frame or seeks information outside the relevant time period. The Waste Connections Defendants further object to this Interrogatory as a premature contention interrogatory, as the parties have not yet completed discovery on the individual Plaintiffs or third parties, and expert reports are not due until June 14, 2023, (for initial reports) and June 28, 2023, (for rebuttal reports) pursuant to the Court's schedule. R. Doc. 351.

Subject to the foregoing general and specific objections and limiting its response to odors, gases, dust, and particulates and the Plaintiffs selected for trial, the Waste Connections Defendants respond that the following sources have emitted odors, gases, dust, or particulates into areas within Jefferson Parish and that certain Plaintiffs may have been exposed to those emissions:

- River Birch Landfill, 2000 S Kenner Avenue, Avondale, Louisiana;

- Hwy 90 Construction & Demolition Debris Landfill, 5000 Highway 90, Avondale, Louisiana;

- Harahan Wastewater Treatment Plant, 1000 Hickory Avenue, Harahan, Louisiana;

- Jefferson Parish Department of Public Works – East Bank Sewage Treatment Plant, 2 Humane Way, Harahan, Louisiana;

- Jefferson Parish Department of Sewerage – Bridge City Wastewater Treatment Plant, 1900 Highway 90, Bridge City, Louisiana;

- Cornerstone Chemical Company, 10800 River Road, Westwego, Louisiana;

- Dyno Nobel Ammonia, 10800 River Road, Westwego, Louisiana;

- Evonik Cyro LLC, 10800 River Road, Westwego Louisiana;

- Kemira Chemicals Inc., 10800 River Road, Westwego Louisiana;

- International Matex Tank Terminal, 5450 River Road, Avondale, Louisiana;

- The Kirby Inland Marine Fleet facility, 7224-7698 Mississippi River Trail, Harahan, Louisiana;

- Artco Fleeting Services (ADM) facilities, 8400 River Road, Westwego, Louisiana and 10400 River Road, Ama, Louisiana;

- Artco Fleeting Services (ADM) facilities, 10400 River Road, Ama, Louisiana;

- The ADM Grain River System, Inc. facility, 11079 River Road, Ama, Louisiana;

- Cargill Inc. facility, 933 River Rd, Westwego, Louisiana;

- Other barge loading and unloading or transport operations on the Mississippi River;

- Sewage lift stations; and

- Household and other localized sources of odor.

The Waste Connections Defendants will supplement their response as additional information becomes available, including the identity of and discovery from the first set of trial Plaintiffs, and pursuant to the expert deadlines ordered by the Court, R. Doc. 351, and in the proposed Eighth Case Management Order.

**INTERROGATORY #2.** With respect to each emission from each "other source" that you contend caused the injuries complained of by Plaintiffs instead of, or in addition to, emissions from the Jefferson Parish Landfill, please state:

   a. The chemical substance that you contend caused the injury,
   b. The dates, times, durations and concentrations of each emission.
   c. The contact information of persons with knowledge of the emissions.

**RESPONSE:** The Waste Connections Defendants object to this Interrogatory to the extent that it assumes emissions from the Jefferson Parish Landfill caused in whole or in part any of the injuries complained of by Plaintiffs. The Waste Connections Defendants also object to this Interrogatory because it seeks information not in the possession, custody, or control of the Waste Connections Defendants, and because the phrases "each emission from each 'other source,'" "injuries complained of by Plaintiffs," and "emissions from the Jefferson Parish Landfill" are overbroad, vague, ambiguous, and contain undefined terms, including "Plaintiffs" and "emission." The Waste Connections Defendants further object to this Interrogatory to the extent that it fails to specify a reasonable time frame or seeks information outside the relevant time period; and to the extent that it seeks information related to any Plaintiffs who are not selected for trial under the procedures detailed by the Court, R. Doc. 351. In addition, the Waste Connections Defendants object to this Interrogatory as a premature contention interrogatory, as the parties have not yet completed discovery on the individual Plaintiffs or third parties and expert reports are not due until

June 14, 2023, (for initial reports) and June 28, 2023, (for rebuttal reports) pursuant the Court's schedule. R. Doc. 351.

Subject to the foregoing general and specific objections and limiting its response to odors, gases, dust, and particulates and the Plaintiffs selected for trial, the Waste Connections Defendants will supplement their response as additional information becomes available, including the identity of and discovery from the first set of trial Plaintiffs, and pursuant to the expert deadlines ordered by the Court, R. Doc. 351, and in the proposed Eighth Case Management Order.

**INTERROGATORY #3.** Please state the facts supporting Your contention that injuries claimed by the Plaintiffs were caused by:

   a. Jefferson Parish; or

   b. Aptim; or

   c. Plaintiffs themselves; or

   d. Any other person.

**RESPONSE:** The Waste Connections Defendants object to this Interrogatory to the extent that it assumes that Plaintiffs' injuries were caused in whole or in part by emissions from the Jefferson Parish Landfill. The Waste Connections Defendants also object to this Interrogatory, including the phrase "injuries claimed by Plaintiffs," as vague, ambiguous, overbroad, duplicative, and containing undefined terms, including "Plaintiffs." The Waste Connections Defendants further object to this Interrogatory to the extent that it seeks information related to any Plaintiffs who are not selected for trial under the procedures detailed by the Court, R. Doc. 351. The Waste Connections Defendants further object to this Interrogatory as a premature contention interrogatory, as the parties have not yet completed discovery and expert reports are not due until

8

June 14, 2023, (for initial reports) and June 28, 2023, (for rebuttal reports) pursuant the Court's schedule. R. Doc. 351.

Subject to the foregoing general and specific objections and limiting its response to the Plaintiffs selected for trial, the Waste Connections Defendants will supplement their response as additional information becomes available, including the identity of and discovery from the first set of trial Plaintiffs, and pursuant to the expert deadlines ordered by the Court, R. Doc. 351, and in the proposed Eighth Case Management Order.

**INTERROGATORY #4.** Please state the dates, times, methods and results of all testing done by You to determine the chemical composition of the fly ash and spent lime that was disposed of in the Landfill.

**RESPONSE:** The Waste Connections Defendants object to this Interrogatory, including the terms or phrases "testing," "spent lime," and "fly ash," as vague, ambiguous, and overbroad, and on the ground that this Interrogatory contains undefined terms. The Waste Connections Defendants further object to this Interrogatory to the extent that it fails to specify a reasonable time frame or seeks information outside the relevant time period.

Subject to the foregoing general and specific objections, the Waste Connections Defendants respond that they did not conduct any testing to determine the chemical composition of fly ash or spent lime disposed of in the Jefferson Parish Landfill. The Waste Connections Defendants have separately produced to Plaintiffs information in the Waste Connections Defendants' possession relating to testing, characterization, and approvals done or granted by others, including Rain Carbon, the Louisiana Department of Environmental Quality, and the Parish of Jefferson, which the Waste Connections Defendants required to be provided before accepting any special waste, including spent lime, for disposal in the Jefferson Parish Landfill.

9

**INTERROGATORY #5.** Please identify the specific Waste Connections people who were involved in negotiation with or solicitations of Rain Carbon to dispose spent lime at the Landfill.

**RESPONSE:** The Waste Connections Defendants object to this Interrogatory, including the phrases "Waste Connections people" and "negotiations with or solicitations of," as vague, ambiguous, and overbroad, and on the ground that the Interrogatory contains undefined terms, including "spent lime." The Waste Connections Defendants further object to this Interrogatory to the extent that it fails to specify a reasonable time frame or seeks information outside the relevant time period.

Subject to the foregoing general and specific objections, the Waste Connections Defendants respond that Dawn Thibodaux, Officer Manager, communicated with Rain Carbon regarding Rain Carbon's request to dispose of spent lime at the Jefferson Parish Landfill. Before special waste was approved for disposal at the Jefferson Parish Landfill, customers were required to submit information about the waste and create a waste profile using an online software system. Brian Handley, Environmental Compliance Engineer, may have communicated with Rain Carbon via that online system regarding the waste profiles Rain Carbon was required to complete for spent lime. Kyle Christiansen, Assistant Region Engineer (former Environmental Scientist), also reviewed Rain Carbon's online submissions and required Rain Carbon to submit a Safety Data Sheet and pH level for the spent lime waste profile.

**INTERROGATORY #6.** Please identify the specific Waste Connections people who were involved in creating or maintaining any waste profiles regarding the Rain Carbon spent lime.

**RESPONSE:** The Waste Connections Defendants object to this Interrogatory, including the phrases "Waste Connections people" and "involved in creating or maintaining any waste profiles," as vague, ambiguous, and overbroad, and on the ground that it contains undefined terms,

10

including "spent lime." The Waste Connections Defendants further object to this Interrogatory to the extent that it fails to specify a reasonable time frame or seeks information outside the relevant time period.

Subject to the foregoing general and specific objections, the Waste Connections Defendants respond that Rain Carbon created and maintained its waste profile in the online software utilized by the Jefferson Parish Landfill. With respect to Rain Carbon's waste profiles, the following individuals reviewed and/or submitted comments in the profile: Dawn Thibodaux, (former) Office Manager; Brian Handley, Environmental Compliance Engineer; Kyle Christiansen, Assistant Region Engineer (former Environmental Scientist); and Rickie Falgoust, (former) Landfill Manager. Other individuals with responsibilities for reviewing and commenting on waste profiles who may have reviewed or commented on Rain Carbon waste profiles include Nick Collins, Environmental Scientist (former Engineer/Special Waste Approvals); Chelsey Armstrong, Environmental Scientist (former Engineer/Special Waste Approvals); and Nikki Crews, Region Engineer (former Engineer/Special Waste Approvals). In addition, Rick Buller, (former) Landfill Engineer for the Parish of Jefferson, also approved the acceptance of spent lime at the Jefferson Parish Landfill.

**INTERROGATORY #7.** Since 2010, has Waste Connections, in any of the landfills at which it has worked operated or managed, encountered the generation of hydrogen sulfide gas from the disposal of sulfur containing materials such as gypsum, spent lime, fly ash, or coal combustion residuals in the landfill. If so, please describe each such instance.

**OBJECTION:** The Waste Connections Defendants object to this Interrogatory, including the phrases "at which it has worked[,] operated or managed" and "encountered the generation of hydrogen sulfide gas," as vague, ambiguous, and overbroad. The Waste Connections Defendants further object that this Interrogatory is unduly burdensome and not proportional in relation to the

11

reasonable needs of the case because the Waste Connections Defendants operate many landfills across the country and hydrogen sulfide is common in landfill gas. The Waste Connections Defendants further object to this Interrogatory as not relevant to a claim or defense of a party in this action; this matter concerns the Jefferson Parish Landfill and the circumstances at each landfill are unique. The Waste Connections Defendants do not intend to respond to this Interrogatory absent a court order or agreement of the parties.

**INTERROGATORY #8.** Please identify any employees, contractors, inspectors, or visitors to the site who were treated for exposure to hydrogen sulfide gas between July 1, 2017 and December 31, 2019.

**RESPONSE:** The Waste Connections Defendants object to this Interrogatory as vague, ambiguous, and overbroad. The Waste Connections Defendants further object that this Interrogatory does not reasonably identify the information sought because it neither defines the term "treated" nor limits the source of the hydrogen sulfide gas exposure.

Subject to the foregoing general and specific objections and limiting its response to exposure to hydrogen sulfide gas emitted from the Jefferson Parish Landfill, the Waste Connections Defendants respond that they are not aware of any employees, contractors, inspectors, or visitors to the Jefferson Parish Landfill between July 1, 2017, and December 31, 2019, that received medical treatment for exposure to hydrogen sulfide gas.

**INTERROGATORY #9.** With respect to initial retention of Mr. Jeffrey Marshall as a consulting expert, advisor or in any other role, please state the date that Mr. Marshall was first contacts [sic] and identify the person or persons who made the contact.

**RESPONSE:** The Waste Connections Defendants object to this Interrogatory as vague, ambiguous, overbroad, and not relevant to a claim or defense of a party. The Waste Connections

12

Defendants further object that the phrases "first contact[ed]" and "made the contact" are vague, ambiguous, and overbroad.

Subject to the foregoing general and specific objections, the Waste Connections Defendants respond that Mr. Marshall was proposed by James Walsh of SCS Engineers to assist Beveridge & Diamond, P.C., and the Waste Connections Defendants on December 21, 2018, in a proposal to Beveridge & Diamond, P.C. Mr. Marshall was included in certain communications with Beveridge & Diamond, P.C., and SCS Engineers beginning on February 18, 2019, that concerned work performed in connection with Mr. Marshall's September 24, 2019 report (which was produced pursuant to Court order).

Date: March 20, 2023

Respectfully submitted,

BEVERIDGE & DIAMOND, P.C.

By:  /s/ Megan R. Brillault
Megan R. Brillault (*pro hac vice*)
Michael G. Murphy (*pro hac vice*)
John H. Paul (*pro hac vice*)
Katelyn E. Ciolino (*pro hac vice*)
Katrina M. Krebs (*pro hac vice*)
825 Third Avenue, 16th Floor
New York, NY 10022
(212) 702-5400

James B. Slaughter (*pro hac vice*)
1900 N Street, NW, Suite 100
Washington, DC 20036
(202) 789-6000

Michael F. Vitris (*pro hac vice*)
400 W. 15th Street, Suite 1410
Austin, TX 78701
(512) 391-8035

LISKOW & LEWIS, APLC

Michael C. Mims (#33991)
Charles B. Wilmore (#28812)
J. Hunter Curtis (#39150)
Alec Andrade (#38659)
Cecilia Vazquez Wilson (#39373)
701 Poydras Street, Suite 5000
New Orleans, Louisiana  70139
(504) 581-7979

*Counsel for Defendants Louisiana Regional Landfill Company, Waste Connections Bayou, Inc., and Waste Connections US, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was served on all parties of record via email or U.S. Mail, properly addressed and postage pre-paid, on this 20th day of March, 2023.

/s/ Megan R. Brillault
OF COUNSEL

## VERIFICATION

I, Brett O'Connor, in my capacity as Southern Region Engineering Manager at Waste Connections of Texas, LLC, an operating subsidiary of Waste Connections US, ("Waste Connections") and not in my personal capacity, have read the foregoing Waste Connections Defendants' Responses to *Addison* Plaintiffs' First Set of Interrogatories ("Responses") and know its contents. Waste Connections' Responses were prepared based upon the information provided by Waste Connections' employees, upon which I have relied. The matters set forth in these Responses are also based on, and therefore necessarily limited by, the records and information currently in existence, presently known, and thus far discovered in the course of pursuing this action. Subject to the limitations set forth herein, and without waiving Waste Connections' right to amend or supplement any of its Responses based on subsequently identified information, the matters stated in these Responses are true and correct to the best of my knowledge, information, and belief. I reserve the right to correct any inadvertent errors or omissions in the Responses that may come to my attention.

I verify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on March 20, 2023, at Overland Park, Kansas.

Brett O'Connor, on behalf of
Waste Connections of Texas, LLC