UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ELIAS JORGE "GEORGE" ICTECH-BENDECK,<br>          Plaintiff<br><br>VERSUS<br><br>WASTE CONNECTIONS BAYOU, INC., ET AL.,<br>          Defendants | CIVIL ACTION<br><br>NO. 18-7889<br>c/w 18-8071,<br>18-8218, 18-9312<br><br><br>SECTION: "E" (5) |
| *Related Case:*<br><br>FREDERICK ADDISON, ET AL.,<br>          Plaintiffs<br><br>VERSUS<br><br>LOUISIANA REGIONAL LANDFILL COMPANY, ET AL.,<br>          Defendants<br><br>*Applies to: All Cases* | CIVIL ACTION<br><br>NO. 19-11133, c/w 19-14512<br><br>SECTION: "E" (5)<br><br><br><br>JUDGE: Morgan<br>MAGISTRATE JUDGE: North |

**WASTE CONNECTIONS DEFENDANTS' THIRD SUPPLEMENTAL RESPONSES TO *ADDISON* PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to the Court's Order from the October 23, 2023 status conference (18-cv-7889, R. Doc. 382; 19-cv-11133, R. Doc. 428), Defendants Waste Connections US, Inc., Waste Connections Bayou, Inc., and Louisiana Regional Landfill Company (collectively, the "Waste Connections Defendants") provide the below third supplemental responses to the *Addison* Plaintiffs' Second Set of Requests for Production of Documents, dated February 16, 2023 ("Second RFPs"), pursuant to the Federal Rules of Civil Procedure and the Court's September 28,

2023 Minute Entry (R. Doc. 417). The Waste Connections Defendants' good-faith responses are based on information presently known to them and their review of documents not previously reviewed or produced during the General Causation phase. These responses are made without prejudice to the Waste Connections Defendants' right to amend or supplement their responses, or assert additional objections, if further responsive documents, material, or information subsequently become known to them.

The Waste Connections Defendants' specific objections to each document request are in addition to the general objections and general limitations set forth below. The Waste Connections Defendants' general objections and general limitations form part of the response to each request and definition, and are set forth herein to avoid the duplication and repetition of restating them for each response. General objections or general limitations may be referred to specifically in certain responses for clarity. However, the absence of a reference in any specific objection to a general objection or general limitation should not be construed as a waiver of the same as to the specific document request.

## **GENERAL OBJECTIONS**

1. The Waste Connections Defendants object to the requests, including the definitions, to the extent that they call for the disclosure of documents, materials, or information beyond the scope of discovery allowed by the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of Louisiana, and to the extent that they seek to impose obligations on the Waste Connections Defendants beyond the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of Louisiana.

2. The Waste Connections Defendants object to the requests, including the definitions, to the extent that they seek documents, material, or information not relevant to a claim or defense

of a party, not reasonably calculated to lead to the discovery of admissible evidence, or beyond the scope of any directive or order of the Court governing the scope of discovery.

3. The Waste Connections Defendants object to the requests, including the definitions, as unduly burdensome to the extent that they seek information in a format other than as the information is kept in the usual course of business.

4. The Waste Connections Defendants object to the requests, including the definitions, to the extent that they call for the disclosure of documents, materials, or information protected by attorney-client privilege, the work product doctrine, joint defense privilege, or any other applicable privilege or immunity, or seek the production of confidential, proprietary, or sensitive information. The Waste Connections Defendants assert each and every applicable privilege, protection, immunity, and rule governing confidentiality to the fullest extent provided by law. The production of documents, materials, or other information will be subject to the provisions of the Agreed Protective Order, so-ordered on November 4, 2019 (R. Doc. 81, Case No. 18-cv-07889; R. Doc. 79, Case No. 19-cv-11133).

5. The Waste Connections Defendants object to the requests, including the definitions, to the extent that they are overly broad, unduly burdensome, oppressive, or harassing, or are not proportional in relation to the reasonable needs of the case.

6. The Waste Connections Defendants object to the requests, including the definitions, to the extent that they mischaracterize the facts; are vague, ambiguous, contain undefined terms, or are incomprehensible in nature; or do not permit a reasonable response.

7. The Waste Connections Defendants object to the requests, including the definitions, to the extent that any potential probative value in the requested documents, materials, or information is outweighed by the effort and expense required to comply, including the provision

of information beyond that needed to reasonably demonstrate the basis of a privilege without disclosing the substance of the privileged information.

8.      The Waste Connections Defendants object to the requests, including the definitions, to the extent that they seek disclosure of documents, materials, or information concerning persons or entities other than those directly involved in this litigation.

9.      The Waste Connections Defendants object to the requests, including the definitions, to the extent that they seek disclosure of documents, materials, or information outside the relevant time period, or they fail to specify a reasonable time frame. Plaintiffs' claims only relate to the period of July 1, 2017, until December 31, 2019, pursuant to the Court's Findings of Fact and Conclusion of Law, dated November 29, 2022 (R. Doc. 285, Case No. 18-cv-7889; R. Doc. 323, Case No. 19-cv-11133) and the Waste Connections Defendants ceased operating at the Jefferson Parish Landfill as of December 31, 2020. The Waste Connections Defendants have also collected and produced non-privileged, responsive documents through December 21, 2020, and collecting and reviewing documents for an additional ten days, through December 31, 2020, would be unduly burdensome and not proportional in relation to the reasonable needs of the case. The Waste Connections Defendants' responses are therefore limited to the period of January 1, 2015, to December 21, 2020, unless a different time frame is stated in the response or Plaintiffs specified a later date for the start of the response.

10.     The Waste Connections Defendants object to the requests, including the definitions, to the extent that they seek disclosure of documents, materials, or information that are not within the Waste Connections Defendants' possession, custody, or control.

11.     The Waste Connections Defendants object to the requests, including the definitions, to the extent that they seek documents, materials, or information that cannot be located after a

4

reasonable search of the Waste Connections Defendants' records believed most likely to contain the responsive information.

12. The Waste Connections Defendants object to the requests, including the definitions, to the extent that they are unreasonably cumulative or duplicative, including of the *Addison* Plaintiffs' First Set of Requests for Production of Documents, dated June 18, 2019, ("First Set of RFPs") or of the categories of documents containing general causation information ("CMO Categories") produced in accordance with the Court's First Case Management Order (R. Doc. 80, Case No. 18-cv-07889; R. Doc. 79, Case No. 19-cv-11133) ("First Case Management Order").

13. The Waste Connections Defendants object to the requests, including the definitions, based on the inconsistent use of defined terms, rendering such requests vague and ambiguous.

14. The Waste Connections Defendants object to the requests to the extent that they seek information related to any Plaintiffs who are not selected for trial under the procedures detailed by the Court (R. Doc. 311, Case No. 18-cv-07889; R. Doc. 351, Case No. 19-cv-11133).

15. The Waste Connections Defendants object to the requests, including the definitions, to the extent that they seek the production of documents, materials, or information that is already in the possession of Plaintiffs or is available in the public domain.

## **GENERAL LIMITATIONS**

1. The Waste Connections Defendants have made their best efforts to identify documents responsive to the Second RFPs. The Waste Connections Defendants failure to identify a produced document as responsive to a specific request for production does not constitute a waiver of the Waste Connections Defendants' ability to use or rely on that document.

2. By making documents, materials, or information available to Plaintiffs, the Waste Connections Defendants do not waive any objections that they may have regarding Plaintiffs' use

of such documents, materials, or information; the truth or accuracy of any term, phrase, or characterization contained in these responses; or any demands for similar discovery. The Waste Connections Defendants expressly reserve (i) all objections regarding the competency, privilege, confidentiality, materiality, necessity, relevancy, probative value, and admissibility of all documents, materials, or information provided; (ii) the right to object, in whole or in part, to Plaintiffs' use of any documents, materials, or information provided, or to the subject matter covered thereby, in any later stage or proceeding in this litigation or other discovery procedures concerning the subject matter of any information provided or documents produced or made available for inspection by the Waste Connections Defendants; and (iii) all objections as to the vagueness and ambiguity of the demands, including the definitions.

3. Privileged or work-product protected documents, materials, or information responsive to a particular request, if any such document, material, or information exists, will not be provided or made available for inspection. Moreover, if the Waste Connections Defendants provides or makes available for inspection any document, material, or information that is properly the subject of any privilege or protection or is not responsive to Plaintiffs' requests, such production is not to be construed as a waiver of the privilege or protection, nor of any argument that such document is not responsive. The production of documents, materials, or information shall be based on the condition that if any privileged or protected materials are inadvertently produced, all such materials and copies of all such materials will be returned to the Waste Connections Defendants or their attorneys immediately upon the Waste Connections Defendants or their attorneys' written request pursuant to the Agreed Protective Order.

4. To the extent that the Waste Connections Defendants identify documents, materials, or information as responsive to any request, it does not constitute an admission that the

Waste Connections Defendants agree with any characterizations, disputed facts, or other information contained in the requests or in the material so identified.

5. To the extent that the Waste Connections Defendants identify documents, materials, or information as responsive to any one request, such material may be responsive to other requests.

6. To the extent that the Waste Connection Defendants produced documents responsive to the Second RFPs pursuant to orders of the Court, such production does not waive their objections to the production of documents protected by the attorney-client privilege or the work product doctrine, nor their objections to the production of confidential or irrelevant information that is not proportional to the needs of this case. The Waste Connections Defendants' compliance with the Court's Orders also does not constitute a waiver of these objections or of these privileges and protections with respect to these, or any other documents.

7. The Waste Connections Defendants reserve their right to challenge in any subsequent stage or proceeding of this or any other action the competency, materiality, necessity, relevancy, and admissibility of, or to object on any grounds to, the use of any documents, materials, or information produced.

8. Nothing herein shall be construed as an admission by the Waste Connections Defendants regarding the admissibility, materiality, necessity, relevancy, or probative value of any material the Waste Connections Defendants identify as responsive to these requests.

9. These responses are limited to documents and materials concerning the Jefferson Parish Landfill, unless otherwise indicated.

10. These responses are made for the purpose of this action only.

**OBJECTIONS TO DEFINITIONS**

1. The Waste Connections Defendants object to the term "Defendants" on the grounds that the phrase "including all of their past or present domestic or foreign parents, sisters, affiliates, subsidiaries (owned in whole or part, at any time), partnerships, joint ventures, predecessors-in-interest, successors-in-interest, divisions, departments, corporate subunits, organizations or other business entities," is vague, ambiguous, and overbroad.

2. The Waste Connections Defendants object to the term "Landfill" on the grounds that the phrase "including all of its immovable property, units, cells, components, equipment, operations, design, activities, waste material, processes, and releases" is vague, ambiguous, and overbroad.

3. The Waste Connections Defendants object to the term "Litigation" on the grounds that the phrase "any other pending or threatened lawsuit or demand involving odor complaints involving the Jefferson Parish Landfill" is vague, ambiguous, and overbroad.

**SPECIFIC OBJECTIONS AND RESPONSES**

**REQUEST FOR PRODUCTION #68.** All documents that You rely upon to show or indicate that the Plaintiffs were exposed to hydrogen sulfide, VOC's or other gases by sources other than the Jefferson Parish Landfill.

**RESPONSE:** The Waste Connections Defendants object to this request, including the phrases "Plaintiffs were exposed to hydrogen sulfide, VOC's or other gases" and "sources other than the Jefferson Parish Landfill," as vague, ambiguous, overbroad, and containing undefined terms, including "Plaintiffs." The Waste Connections Defendants further object to this request to the extent that it is duplicative of prior requests, including Request No. 39 and Request No. 55 of the First Set of RFPs and Category B.3.b of the CMO Categories, and states that non-privileged, responsive documents were produced during the General Causation phase of discovery. The Waste

Connections Defendants further object to this request as premature, as the parties have not yet completed fact and expert discovery on the individual Plaintiffs. Limiting its response to the Plaintiffs selected for trial, documents responsive to this request that are currently in the possession, custody, or control of the Waste Connections Defendants are listed below. The Waste Connections Defendants did not withhold documents responsive to this request but reserve the right to produce additional responsive, non-privileged documents as further information becomes available and pursuant to the expert deadlines ordered by the Court.

- Expert Report of Mark. A Yocke, Ph.D., Exponent, April 30, 2021, and the documents and information referenced therein.

- Expert Report of Dr. Paolo Zannetti, EnviroComp Consulting, Inc., April 30, 2021, and the documents and information referenced therein.

- Expert Report of Dr. Paolo Zannetti, EnviroComp Consulting, Inc., March 2024, and the documents and information referenced therein.

- Expert Report of Dr. John Kind, CTEH, April 30, 2021, and the documents and information referenced therein.

- Supplemental Expert Report of Dr. John Kind in Elias Jorge Ictech-Bendeck, et al. v. Waste Connections Bayou, Inc., CTEH, March 2024, and the documents and information referenced therein.

- Supplemental Expert Report of Dr. John Kind in Frederick Addison, et al. v. Louisiana Regional Landfill Co., CTEH, March 8, 2024, and the documents and information referenced therein.

- Expert Report of Michael R. Corn on the Non-Landfill Alternative Emission Sources in and Near Jefferson Parish, Louisiana in Elias Jorge Ictech-Bendeck, et al. v. Waste Connections Bayou, Inc., AquAeTer, Inc., March 8, 2024, and the documents and information referenced therein.

- Expert Report of Michael R. Corn on the Non-Landfill Alternative Emission Sources in and Near Jefferson Parish, Louisiana in Frederick Addison, et al. v. Louisiana Regional Landfill Co., AquAeTer, Inc., March 8, 2024, and the documents and information referenced therein.

- Addendum to Expert Report of Matthew Stutz, Weaver Consultants Group, March 8, 2024, and the documents and information referenced therein.

9

- Expert Report of Dr. Pamela Dalton, Monell Chemical Senses Center, April 30, 2021, and the documents and information referenced therein.

- Expert Report of Dr. Pamela Dalton in Elias Jorge Ictech-Bendeck, et al. v. Waste Connections Bayou, Inc., Monell Chemical Senses Center, March 2024, and the documents and information referenced therein.

- Expert Report of Dr. Pamela Dalton in Frederick Addison, et al. v. Louisiana Regional Landfill Co., Monell Chemical Senses Center, March 8, 2024, and the documents and information referenced therein.

- Expert Report of Joseph T. Gardemal, III, Alvarez & Marsal, March 8, 2024, and the documents and information referenced therein.

- Expert Report of Baldwin R. Justice, The McEnery Company, March 8, 2024, and the documents and information referenced therein.

- Expert Report of Trevor E. Phillips, Alvarez & Marsal, March 2024, and the documents and information referenced therein.

- Expert Report of Brobson Lutz, M.D., Combs and Lutz, LLC, March 8, 2024, and the documents and information referenced therein.

- WC_JPLF_GC_00002303 - WC_JPLF_GC_00005002

- WC_JPLF_GC_00005051 - WC_JPLF_GC_00016545

- WC_JPLF_HERBERT_00000385

- WC_JPLF_HERBERT_00000444

- WC_JPLF_HERBERT_00000483

- WC_JPLF_HERBERT_00000486

- WC_JPLF_HERBERT_00000491

- WC_JPLF_HERBERT_00001241-00014087

- WC_JPLF_00292017 - WC_JPLF_00292059

- WC_JPLF_00539825 - WC_JPLF_00539827

- WC_JPLF_00539833 - WC_JPLF_00539834

**REQUEST FOR PRODUCTION #86.** All documents You contend tend to prove the Parish's responsibility for Plaintiffs' exposures to hydrogen sulfide, VOCs and/or other gas emissions from the Landfill.ADD_P00104295

**RESPONSE:** The Waste Connections Defendants object to this request, including the phrases "Parish's responsibility," "Plaintiffs' exposures," and "other gas emissions," as vague, ambiguous, overbroad, and containing undefined terms, including "Plaintiffs." The Waste Connections Defendants further object to this request to the extent that it is duplicative of prior requests, including Request No. 6, Request No. 49, and Request No. 55 of the First Set of RFPs and Category B.4.a of the CMO Categories, and states that non-privileged, responsive documents have already been produced. The Waste Connections Defendants further object to this request as premature, as the parties have not yet completed expert discovery. Limiting its response to the Plaintiffs selected for trial, documents responsive to this request that are currently in the possession, custody, or control of the Waste Connections Defendants are listed below. The Waste Connections Defendants did not withhold documents responsive to this request from the set of documents reviewed in response to Plaintiffs' Second RFPs, but reserve the right to produce additional responsive, non-privileged documents as further information becomes available and pursuant to the expert deadlines ordered by the Court.

- Expert Report of Ali Hashimi, Weaver Consultants Group, March 8, 2024, and the documents and information referenced therein.
- ADD_P00104295
- APTIM-0080650
- JP_JPLF_00184948
- JP_JPLF_0019148
- JP_JPLF_0020128

- JP_JPLF_0020202
- JP_JPLF_0020282
- JP_JPLF_0020928
- JP_JPLF_0021250
- JP_JPLF_00325923
- JP_JPLF_00325968
- JP_JPLF_00326372
- JP_JPLF_00330125
- JP_JPLF_00404270
- JP_JPLF_00404386
- JP_JPLF_00526921
- WC_JPLF_00180395
- WC_JPLF_00227526
- WC_JPLF_00234105
- WC_JPLF_00234110
- WC_JPLF_00234139
- WC_JPLF_00236460
- WC_JPLF_00242544
- WC_JPLF_00244804
- WC_JPLF_00246690
- WC_JPLF_00258854
- WC_JPLF_00269838
- WC_JPLF_00270584

- WC_JPLF_00270875
- WC_JPLF_00271207
- WC_JPLF_00276071
- WC_JPLF_00276962
- WC_JPLF_00282621
- WC_JPLF_00282622
- WC_JPLF_00286932
- WC_JPLF_00325992
- WC_JPLF_00328591
- WC_JPLF_00410568
- WC_JPLF_00413715
- WC_JPLF_00414683
- WC_JPLF_00415907
- WC_JPLF_00416268
- WC_JPLF_00418025
- WC_JPLF_00418242
- WC_JPLF_00418500
- WC_JPLF_00418509
- WC_JPLF_00420595
- WC_JPLF_00407557
- WC_JPLF_00407581
- WC_JPLF_00418707
- WC_JPLF_00418769

**REQUEST FOR PRODUCTION #87.** All documents You contend tend to prove the Aptim's responsibility for Plaintiffs' exposures to hydrogen sulfide, VOCs and/or other gas emissions from the Landfill.

**RESPONSE:** The Waste Connections Defendants object to this request, including the phrases "Aptim's responsibility," "Plaintiffs' exposures," and "other gas emissions," as vague, ambiguous, overbroad, and containing undefined terms, including "Plaintiffs." The Waste Connections Defendants further object to this request to the extent that it is duplicative of prior requests, including Request No. 6, Request No. 49, and Request No. 55 of the First Set of RFPs and Category B.4.a of the CMO Categories, and states that non-privileged, responsive documents have already been produced. The Waste Connections Defendants further object to this request as premature, as the parties have not yet completed expert discovery. Limiting its response to the Plaintiffs selected for trial, documents responsive to this request that are currently in the possession, custody, or control of the Waste Connections Defendants are listed below. The Waste Connections Defendants did not withhold documents responsive to this request from the set of documents reviewed in response to Plaintiffs' Second RFPs, but reserve the right to produce additional responsive, non-privileged documents as further information becomes available and pursuant to the expert deadlines ordered by the Court.

- See Response to Request for Production 86.

Date: March 8, 2024

Respectfully submitted,

BEVERIDGE & DIAMOND, P.C.

By:  /s/ Megan R. Brillault
Megan R. Brillault (*pro hac vice*)
Michael G. Murphy (*pro hac vice*)
John H. Paul (*pro hac vice*)
Katelyn E. Ciolino (*pro hac vice*)

Katrina M. Krebs (*pro hac vice*)
825 Third Avenue, 16th Floor
New York, NY 10022
(212) 702-5400

James B. Slaughter (*pro hac vice*)
1900 N Street, NW, Suite 100
Washington, DC 20036
(202) 789-6000

Michael F. Vitris (*pro hac vice*)
400 W. 15th Street, Suite 1410
Austin, TX 78701
(512) 391-8035


LISKOW & LEWIS, APLC

Michael C. Mims (#33991)
Charles B. Wilmore (#28812)
J. Hunter Curtis (#39150)
Alec Andrade (#38659)
Cecilia Vazquez Wilson (#39373)
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139
(504) 581-7979

*Counsel for Defendants Louisiana Regional Landfill Company, Waste Connections Bayou, Inc., and Waste Connections US, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was served on all parties of record via email on this 8th day of March, 2024.

/s/ Megan R. Brillault
OF COUNSEL