Legend:

Charges highlighted in green are agreed to by all parties

Charges highlighted in blue indicate dueling charges for which the parties do not agree

Charges highlighted in red indicate a party has objected to including any charge on topic

**Plaintiff's** <mark>**Charge 1.1**</mark>

Members of the jury panel, if you have a cell phone, tablet, smart phone, iPhone or any other wireless communication device with you, please take it out now and turn it off.  Do not turn it to vibrate or silent, power it down.  During jury selection, you must leave it off.

**Objections:**  none

**Defendants' Running Comment**:  Defendants' Presume the Court has its own pattern "housekeeping" instructions and have not supplied their own suggestions here.  Except where noted, Defendants do not object to Plaintiff's proposed instructions 1.1-2.12

**Plaintiffs'** **Charge 1.2**

1.2     There are certain rules you must follow while participating in this trial.


**Objections:**  none

**Defendants' Running Comment**:  Defendants' Presume the Court has its own pattern "housekeeping" instructions and have not supplied their own suggestions here.  Except where noted, Defendants do not object to Plaintiff's proposed instructions 1.1-2.12

**Plaintiffs'** Charge 1.3

First, you may not communicate with anyone about the case, including your fellow jurors, until it is time to deliberate. I understand you may want to tell your family, close friends, and other people that you have been called for jury service so that you can explain when you are required to be in court. You should warn them not to ask you about this case, tell you anything they know or think they know about it, or discuss this case in your presence, until after I accept your verdict or excuse you as a juror.

**Objections:** none

**Defendants' Running Comment**: Defendants' Presume the Court has its own pattern "housekeeping" instructions and have not supplied their own suggestions here. Except where noted, Defendants do not object to Plaintiff's proposed instructions 1.1-2.12

**Plaintiffs'** <mark>**Charge 1.4**</mark>

Similarly, you must not give any information to anyone by any means about this case.  For example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, camera, recording device, tablet, computer, the internet, any internet service, any text or instant messaging service, any internet chat room, blog, or website such as Facebook, YouTube, Snapchat, Instagram, [Tik Tok,] or Twitter, or any other way to communicate to anyone any information about this case until I accept your verdict or until you have been excused as a juror.  This includes any information about the parties, witnesses, participants, claims, evidence, or anything else related to this case.

**Objections:**  none

**Defendants' Running Comment**:  Defendants' Presume the Court has its own pattern "housekeeping" instructions and have not supplied their own suggestions here.  Except where noted, Defendants do not object to Plaintiff's proposed instructions 1.1-2.12

**Plaintiffs'** <mark>**Charge 1.5**</mark>

Second, do not speak with anyone in or around the courthouse other than your fellow jurors or court personnel.  Some of the people you encounter may have some connection to the case.  If you were to speak with them, that could create an appearance or raise a suspicion of impropriety.

**Objections:**  none

**Defendants' Running Comment**:  Defendants' Presume the Court has its own pattern "housekeeping" instructions and have not supplied their own suggestions here.  Except where noted, Defendants do not object to Plaintiff's proposed instructions 1.1-2.12

**Plaintiffs' Charge 1.6**

Third, do not do any research – on the Internet, in libraries, in books, newspapers, magazines, or using any other source or method.  Do not make any investigation about this case on your own.  Do not visit or view any place discussed in this case and do not use internet programs or other devices to search for or view any place discussed in the testimony.  Do not in any way research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge, until after you have been excused as jurors.  If you happen to see or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

**Objections:**  none

**Defendants' Running Comment**:  Defendants' Presume the Court has its own pattern "housekeeping" instructions and have not supplied their own suggestions here.  Except where noted, Defendants do not object to Plaintiff's proposed instructions 1.1-2.12

**Plaintiffs' Charge 1.7**

These rules protect the parties' right to have this case decided only on evidence they know about, that has been presented here in court.  If you do any research, investigation or experiment that we do not know about, or gain any information through improper communications, then our verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process, which includes the oath to tell the truth and cross-examination.  It could also be unfair to the parties' right to know what information the jurors are relying on to decide the case.  Each of the parties is entitled to a fair trial by an impartial jury, and you must conduct yourself so as to maintain the integrity of the trial process.  If you decide the case based on information not presented in court, you will have denied the parties a fair trial in accordance with the rules of this country and you will have done an injustice.  It is very important that you abide by these rules.  Failure to follow these instructions could result in the case having to be retried.

Source: Pattern Civ. Jury Instr. 5th Cir. 1.1 (2020)


**Objections:**  none

**Defendants' Running Comment**:  Defendants' Presume the Court has its own pattern "housekeeping" instructions and have not supplied their own suggestions here.  Except where noted, Defendants do not object to Plaintiff's proposed instructions 1.1-2.12

Plaintiffs' <mark>Charge 2.1</mark>

## **Preliminary Instructions After Jury Is Empaneled**

MEMBERS OF THE JURY: You have now been sworn as the jury to try this case. [I will now give you some further instructions about your duty as jurors]  Source: Pattern Civ. Jury Instr. 5th Cir. 1.2 (2020).

**Objections:**  none

**Defendants' Running Comment**:  Defendants' Presume the Court has its own pattern "housekeeping" instructions and have not supplied their own suggestions here.  Except where noted, Defendants do not object to Plaintiff's proposed instructions 1.1-2.12

**Plaintiffs' Charge 2.2**

As the Judge, I will decide all questions of law and procedure.  As the jury, you are the judges of the facts.  At the end of the trial, I will instruct you on the rules of law that you must apply to the facts as you find them.  Source: Pattern Civ. Jury Instr. 5th Cir. 1.2 (2020)

**Objections:**  none

**Defendants' Running Comment**:  Defendants' Presume the Court has its own pattern "housekeeping" instructions and have not supplied their own suggestions here.  Except where noted, Defendants do not object to Plaintiff's proposed instructions 1.1-2.12

**Plaintiffs'** <mark>**Charge 2.3**</mark>

In addition, at the conclusion of these preliminary instructions, I will give you some instructions about facts which have already been determined to be true in a prior phase of this case.  Source: Added by Plaintiffs to introduce to the jury the fact that there will be instructions concerning the General Causation phase.

**Objections:**  none

**Defendants' Running Comment**:  Defendants' Presume the Court has its own pattern "housekeeping" instructions and have not supplied their own suggestions here.  Except where noted, Defendants do not object to Plaintiff's proposed instructions 1.1-2.12

**Plaintiffs'** <mark>Charge 2.4</mark>

You [have been given a pen and a notebook and] may take notes during the trial [, and you will be allowed to take your notes with you to the jury deliberation room at the conclusion of the evidence. After you return your verdict, the notes will be destroyed. Source: Louisiana Supreme Court Rule XLIV] Do not allow your note taking to distract you from listening to the testimony. [When we take breaks during the day, you can leave your notes on your chair. No one will disturb them or look at them. When we finish for the day, the court staff will take up your notebooks and then return them to you the next day. No one will read your notes. They will remain confidential. Source: Louisiana Supreme Court Rule XLIV] Your notes are an aid to your memory. If your memory should later be different from your notes, you should rely on your memory. Do not be unduly influenced by the notes of other jurors. A juror's notes are not entitled to any greater weight than each juror's recollection of the testimony. Source: Pattern Civ. Jury. Instr. 5th Cir. 1.2 (2020), except as bracketed, which contain references.

**Objections:** none

**Defendants' Running Comment**: Defendants' Presume the Court has its own pattern "housekeeping" instructions and have not supplied their own suggestions here. Except where noted, Defendants do not object to Plaintiff's proposed instructions 1.1-2.12

**Plaintiffs' Charge [2.4a**

Because it is so important to all of us that you listen to and understand the evidence presented to you, if you can't hear what someone is saying, please raise your hand and I will see that the situation is corrected.  If you have any other issues, such as needing to take a break just raise your hand, and I will consider your request.  Source: Louisiana Supreme Court Rule XLIV]

**Objections:**  none

**Defendants' Running Comment**:  Defendants' Presume the Court has its own pattern "housekeeping" instructions and have not supplied their own suggestions here.  Except where noted, Defendants do not object to Plaintiff's proposed instructions 1.1-2.12

**Plaintiffs'** <mark>Charge 2.5</mark>

[I want to reemphasize the instruction I gave you before.  Added by Plaintiffs to give context]
Until the trial is over, do not discuss this case with anyone and do not permit anyone to discuss
this case in your presence.  This includes your spouse, children, relatives, friends, co-workers,
and people with whom you communicate in court each day.  During your jury service, you must
not communicate any information about this case by any means, by conversation or with the
tools of technology.  For example, do not talk face-to-face or use any electronic device or media,
such as the telephone, a cell or smart phone, camera, recording device, tablet, computer, the
internet, any internet service, any text or instant messaging service, any internet chat room, blog
or website such as Facebook, MySpace, YouTube, Snapchat, Instagram, [Tik Tok,] or Twitter, or
any other way to communicate to anyone any information about this case until I accept your
verdict or excuse you as a juror.  Source: Pattern Civ. Jury Instr. 5th Cir. 1.2 (2020)

**Objections:**  none

**Defendants' Running Comment**:  Defendants' Presume the Court has its own pattern
"housekeeping" instructions and have not supplied their own suggestions here.  Except where
noted, Defendants do not object to Plaintiff's proposed instructions 1.1-2.12

**Plaintiffs' <mark>Charge 2.6</mark>**

[As I also instructed you before, it is important that you] Do not even discuss the case with the other jurors until the end of the case when you retire to deliberate.  It is unfair to discuss the case before all of the evidence is in, because you may become an advocate for one side or the other. The parties, the witnesses, the attorneys, and persons associate with the case are not allowed to communicate with you.  And you may not speak with anyone else in or around the courthouse other than your fellow jurors and court personnel.  Source: Pattern Civ. Jury Instr. 5th Cir. 1.2 (2020)

**Objections:**  none

**Defendants' Running Comment**:  Defendants' Presume the Court has its own pattern "housekeeping" instructions and have not supplied their own suggestions here.  Except where noted, Defendants do not object to Plaintiff's proposed instructions 1.1-2.12

**Plaintiffs'** <mark>**Charge 2.7**</mark>

[And, as I previously instructed you, it is also important that you] Do not make any independent investigation of this case.  You must rely solely on what you see and hear in this courtroom.  Do not try to learn anything about the case from any other source.  In particular, you may not use any electronic device or media, such as a telephone, cell phone, smartphone, or computer to research any issue touching on this case.  Do not go online or ready any newspaper account of this trial or listen to any radio or television newscast about it.  Do not visit any place discussed in this case and do not use internet programs or other devices to search for or to view any place discussed in the testimony.  In sum, you may not research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge, until after you have been excused as jurors.  Source: Pattern Civ. Jury Instr. 5th Cir. 1.2 (2020)

**Objections:**  none

**Defendants' Running Comment**:  Defendants' Presume the Court has its own pattern "housekeeping" instructions and have not supplied their own suggestions here.  Except where noted, Defendants do not object to Plaintiff's proposed instructions 1.1-2.12

**Plaintiffs' Charge 2.8**

There [are] [may be] some issues of law or procedure that I must decide that the attorneys and I must discuss.  These issues are not part of what you must decide and they are not properly discussed in your presence.  To avoid having you leave the courtroom and save time, I may discuss these issues with the attorneys at the bench our of your hearing.  [At that time, you will hear a buzzing noise that has been developed by the Court to mask my discussions with the attorneys.]  When I confer with the attorneys at the bench, please do not listen to what we are discussing [or attempt to hear what we are discussing while the buzzing sound is on].  If the discussions require more time, I may have you leave the courtroom until the lawyers and I resolve the issues.  I will try to keep these interruptions as few and as brief as possible.  Source: Pattern Civ. Jury Instr. 5th Cir. 1.2 (2020) [Bracketed items are Plaintiffs' suggestions to give more clarity to the instruction]

**Objections:**  none, if that technology exists

**Defendants' Running Comment**:  Defendants' Presume the Court has its own pattern "housekeeping" instructions and have not supplied their own suggestions here.  Except where noted, Defendants do not object to Plaintiff's proposed instructions 1.1-2.12

**Plaintiffs'** <mark>**Charge 2.9**</mark>

Every now and then, a lawyer may "object" to a particular question asked to a witness or to a particular exhibit.  The lawyer is doing that because there are rules that control the evidence that can be presented.  These rules are designed to make sure that the evidence is the most reliable evidence that is available.  If I agree with an objection to a question or exhibit, I will sustain the objection and not permit the witness to answer the question or the exhibit to be introduced.  [In that case,] You should ignore the question or exhibit altogether and don't speculate as to what the witness or exhibit might have said.  If I disagree with an objection, I will overrule it and that means that I'm allowing that evidence to be presented.  Don't attach any importance to the fact that a lawyer has objected, or to my ruling.  The lawyer is only doing his or her job, and I'm only applying the rules of evidence.  When I rule on an objection, I'm not expressing an opinion on the merits, or favoring one side or the other.  I don't favor one side or the other.  Source: Louisiana Supreme Court Rule XLIV

**Objections:**  none

**Defendants' Running Comment**:  Defendants' Presume the Court has its own pattern "housekeeping" instructions and have not supplied their own suggestions here.  Except where noted, Defendants do not object to Plaintiff's proposed instructions 1.1-2.12

**Plaintiffs' Charge 2.10**

This trial will be what is called a timed trial.  The attorneys and I have agreed on what is a reasonable time for each party to be able to present their case.  You may hear references to this fact, or to the time that has been spent.  Do not pay any attention to these discussions if they occur.  The time any party spends on any aspect of this case is not probative of the strength or weakness of any issue in the case.  When any party has used all of its allotted time, its presentation of its case will be stopped.  You should consider all evidence presented by that party up to that point and should draw no inference from the mere fact that the party has run out of time.  Source: added by Plaintiffs for the jury's understanding.

**Objections:**

By all defendants.  Unnecessary and not supported by pattern instructions

**Plaintiffs' Charge 2.11 – dueling charges**

One of the first things for you to keep in mind [when] the trial begins is that the plaintiffs have to prove their case by what the law calls a "preponderance of the evidence." This means that the evidence shows that the facts the plaintiffs are seeking to prove are more likely true than not true. "Preponderance of the evidence" is different from a standard of proof described as "beyond a reasonable doubt." Proof beyond a reasonable doubt applies in criminal cases, but not in civil cases such as this one. [As I said, the standard in this case is the preponderance of the evidence which only means "more likely than not." It is a lesser standard than proof beyond a reasonable doubt.] Source: Louisiana Supreme Court Rule XLIV]. Bracketed items have been added by the Plaintiffs to aid the jury's understanding.


**Objection:**

By all Defendants. If charge given, it should be the Fifth Circuit's pattern instruction on burden of proof

**Counter Charge by all Defendants:**

Plaintiffs have the burden of proving their case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that a Plaintiff failed to prove any element of his or her claim by a preponderance of the evidence, then he or she may not recover on that claim. Pattern Civ. Jury Instr. 5th Cir. 3.2

**Plaintiffs'** Charge 2.12 – dueling charges

2.12  I find it helpful to tell you even before we start just a little bit about this case so you can keep it in mind as we proceed. [The Plaintiffs in this case are Geneva Green, Vernice Lewis, Terrance Thompson, Tyrone Thompson, Stanley Meyers, Andrew Section, Reshaun Richardson, Jonathan Tate, Scott Gremillion, Wendy Gremillion, Adelyn Gremillion, Braxton Gremillion and Mary Ann Winningkoff.  They are all residents of Jefferson Parish, living in Waggaman, Avondale, Harahan and River Ridge.  The Defendants are Jefferson Parish, Louisiana Regional Landfill Company, Waste Connections Inc., and Aptim, Inc.  Jefferson Parish owns the Jefferson Parish Landfill and, during certain times involved in this case, Jefferson Parish contracted with IESI, which became Louisiana Regional Landfill Company, Inc., a wholly owned subsidiary of Waste Connections US, Inc., to manage, maintain and operate the Landfill.  Jefferson Parish also contracted with Aptim, Inc. to manage, maintain and operate the gas collection system at the Landfill.] Waste Connection Bayou, Inc. and Waste Connections US, Inc. are also wholly owned subsidiaries of Waste Connections, Inc.  In this case, the Plaintiffs claim that they have been injured [by repeated emissions, over two and a half years, of a noxious odor called hydrogen sulfide which Plaintiffs say came from the Landfill], and that the defendants were at fault in causing that injury.  The Plaintiffs seek fair compensation for their injuries.  The Defendants, of course, have a different view and will be defending themselves against the Plaintiffs' claims.

Source: Louisiana Supreme Court Rule XLIV.  Bracketed additions by Plaintiffs to make charge relevant to this case.

**Counter-charge by all Defendants:**  same charge as above, but with highlighted portion above deleted, and highlighted portions below added:

2.12  I find it helpful to tell you even before we start just a little bit about this case so you can keep it in mind as we proceed. [The Plaintiffs in this case are Geneva Green, Vernice Lewis, Terrance Thompson, Tyrone Thompson, Stanley Meyers, Andrew Section, Reshaun Richardson, Jonathan Tate, Scott Gremillion, Wendy Gremillion, Adelyn Gremillion, Braxton Gremillion and Mary Ann Winningkoff.  They are all residents of Jefferson Parish, living in Waggaman, Avondale, Metairie, Harahan and River Ridge.  They allege that repeated malodors from the Jefferson Parish Landfill had significant adverse effects on them between July 1, 2017 and December 31, 2019. Defendant Jefferson Parish is the owner of the Jefferson Parish Landfill and entered into separate contracts with Defendant Aptim Corp. and with Defendant Louisiana Regional Landfill Company to operate and maintain certain aspects of the Landfill. Although not parties to any contract with Jefferson Parish, Defendant Waste Connections Bayou, Inc. and Defendant Waste Connections US, Inc. are separate from but affiliated with Louisiana Regional Landfill Company. Each of the Trial Plaintiffs alleges that the Defendants did not exercise reasonable care in owning, operating, or maintaining the Jefferson Parish Landfill, which allowed the malodors to escape from the landfill and reach the homes of the thirteen Trial Plaintiffs. The Trial Plaintiffs allege that these malodors adversely affected their health, use and enjoyment of their property, quality of life, and activities of daily living.

Defendants deny that they are liable to the Trial Plaintiffs for any of their claims or that the Trial Plaintiffs are entitled to the damages they seek. Defendants maintain that landfills are a necessary part of modern life, that all landfills will produce some odors, and that they always took reasonable precautions in the work they conducted at the Jefferson Parish Landfill. It is Defendants' position that the Jefferson Parish Landfill may have caused some occasional inconveniences, but it did not cause any significant injury to the Trial Plaintiffs, and in any event, that the Trial Plaintiffs were exposed to and impacted by particular sources of odors other than the Jefferson Parish Landfill.

Source: Louisiana Supreme Court Rule XLIV.  Bracketed additions by Plaintiffs to make charge relevant to this case.

**Plaintiffs' Comment:**

Waste Connections Defendants' corporate disclosure in this case represents that all three Waste Connections Defendants are wholly owned subsidiaries of Waste Connections, Inc. a publicly traded company on the Toronto and New York Stock exchanges.

**Jefferson Parish's Comment:**

Jefferson Parish suggests that the same language that is used in the joint statement of the case be used here instead of the language from above.

**Waste Connection Defendants' Comment:** Plaintiffs' charge does not accurately identify the five defendants (Waste Connections Inc. is not a defendant) or where the Plaintiffs reside (the Thompson-Lewis family is located in Metairie), does not include an accurate statement of Defendants' position, and is unfairly prejudicial. The charge should track the final Joint Statement of the Case.

**Plaintiffs'** <mark>**Charge 2.13**</mark>

The Plaintiffs' claims arise under two different parts of Louisiana law. One is called negligence and one is called nuisance. There are similar but slightly different rules in these two kinds of cases and I will tell you a little about each of them so that the evidence will be more meaningful to you. Source: added by Plaintiffs as an introduction to assist the jury's understanding.

**Objections:**

By all Defendants; not necessary or appropriate to instruct jury as to applicable law prior to commencement of the trial. To the extent the Court chooses to give instructions on the applicable law, Defendants object to Plaintiffs' offered instruction to the extent it conflicts with Defendants' proposed closing instructions.

**Plaintiffs' Comment:**

Necessary to introduce the two claims

**Jefferson Parish's Comment:** If these instructions are given to the jury at this point the jury should also be instructed on Louisiana Revised Statute 9:2800 as it pertains to political subdivisions.

**Plaintiffs' Charge 2.14**

[As to the Plaintiffs' negligence claim,] The basic law in Louisiana on this kind of case states that "every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it."  [Every person has a duty to use reasonable care to avoid creating an unreasonable risk of harm to others.  But,] The word fault is a key word.  "Fault" means acting as you should not have acted or failing to do something which you should have done.  The law regards those actions as being below the standard which applies to the Defendants' activities. Source: Louisiana Supreme Court Rule XLIV.  Bracketed addition to aid jury's understanding.

**Objections:**

By all Defendants; not necessary or appropriate to instruct jury as to applicable law prior to commencement of the trial.  To the extent the Court chooses to give instructions on the applicable law, Defendants object to Plaintiffs' offered instruction to the extent it conflicts with Defendants' proposed closing instructions.

**Plaintiffs' Comment:**

Louisiana Supreme Court Rule XLIV expressly includes giving the jury a preliminary outline of the applicable law.

**Jefferson Parish's Comment:** If these instructions are given to the jury at this point the jury should also be instructed on Louisiana Revised Statute 9:2800 as it pertains to political subdivisions.

**Plaintiffs' Charge 2.15**

The [first] part of the Plaintiffs' [negligence] case that you'll have to consider is whether any one of the Defendants' actions were below the standard required under the law for its actions.  In this case, the basic standard is that each of the Defendants should have acted as a reasonably prudent person would have acted under the same or similar circumstances.  The standard of care is not that of an extraordinarily cautious individual or an exceptionally skilled person, but rather that of a reasonably prudent person acting in the same or similar circumstances.  Source: Louisiana Supreme Court Rule XLIV

**Objections:**

By all Defendants; not necessary or appropriate to instruct jury as to applicable law prior to commencement of the trial.  To the extent the Court chooses to give instructions on the applicable law, Defendants object to Plaintiffs' offered instruction to the extent it conflicts with Defendants' proposed closing instructions.

**Plaintiffs' Comments**:

Louisiana Supreme Court Rule XLIV expressly includes giving the jury a preliminary outline of the applicable law.

**Jefferson Parish's Comment:** If these instructions are given to the jury at this point the jury should also be instructed on Louisiana Revised Statute 9:2800 as it pertains to political subdivisions.

**Plaintiffs'** <mark>Charge 2.16</mark>

[As I said,] A reasonably prudent person will avoid creating an unreasonable risk of harm.  In deciding whether one or more of the Defendants violated this standard of conduct, you should weigh the likelihood that someone might have been injured by the Defendant's conduct and the seriousness of that injury if it should occur, against the importance to the community of what the defendant was doing and the advisability of the way the Defendant was doing it under the circumstances.  Source: Louisiana Supreme Court Rule XLIV

**Objections:**

By all Defendants; not necessary or appropriate to instruct jury as to applicable law prior to commencement of the trial.  To the extent the Court chooses to give instructions on the applicable law, Defendants object to Plaintiffs' offered instruction to the extent it conflicts with Defendants' proposed closing instructions.

**Plaintiffs' Comments**:

Louisiana Supreme Court Rule XLIV expressly includes giving the jury a preliminary outline of the applicable law.

**Jefferson Parish's Comment:** If these instructions are given to the jury at this point the jury should also be instructed on Louisiana Revised Statute 9:2800 as it pertains to political subdivisions.

**Plaintiffs'** Charge 2.17

Statutory and Regulatory Standards.  A reasonably prudent person will normally obey the statutes [and regulations] that apply to his conduct.  [Some of the regulations which apply to this case are found in La. Admin. Code tit. 33 § VII-711, which establishes Standards for Landfills, including their leachate and gas collection systems.  In particular, § 711.B.2 requires daily cover material to control leachate generation and to reduce noxious odors by minimizing outward movement of methane and other gases.  Section 711.B.4.f.viii and ix require the leachate head to be maintained in a pumped-down condition so that not more than 1 foot of head shall exist above the lowest elevation of the leachate collection lines and that equipment used to remove leachate from the collection system shall be adequately sized to accommodate normal facility operations.]  Source: Louisiana Supreme Court Rule XLIV.  Bracketed addition to make charge applicable to this case.

**Objections:**

By all Defendants; not necessary or appropriate to instruct jury as to applicable law prior to commencement of the trial.  To the extent the Court chooses to give instructions on the applicable law, Defendants object to Plaintiffs' offered instruction to the extent it conflicts with Defendants' proposed closing instructions.

Further, Defendants object to this entire charge whether in opening or closing. Louisiana does not recognize the negligence per se doctrine. Ducote v. Boleware, 2015-0764 (La. App. 4 Cir. 2/17/16), 216 So. 3d 934, 944. Further, there has been no determination by any adjudicatory body that Defendants violated any statutes. In any event, Plaintiffs have improperly cherry-picked the language from the Louisiana Supreme Court proposed charge, which acknowledges that reasonable persons sometimes violate statutes. This charge should be deleted altogether.

**Plaintiffs' Comment:**

The proffered change, which is taken from La. Sup. Ct. Rule XLIV, speaks only to "evidence of negligence", not negligence per se.

**Jefferson Parish's Comment:** Objection. This information is getting into more of an opening statement.

**Plaintiffs' Charge 2.18**

In addition, a reasonably prudent person will normally comply with the requirements of contracts to which he is a party and internal company standards and instructions, and you may find that those requirements are evidence of negligence by that person.  In this case, Waste Connections is a party to a contract with Jefferson Parish which provides that it "shall implement a comprehensive odor control plan that includes both operational best management practices and odor systems."  2012 Contract ¶II.B.5.H. (p. 17). And, there is an internal Waste Connections memorandum (Ex. 1290) drafted and sent by Jim Little who was the Waste Connections Senior Vice President for Engineering and Disposal.  This memo describes "minimum standards and expectations" for Waste Connection landfills.  In this memo, Mr. Little says that leachate levels more than 12" at any sump must be pumped down as soon as possible.  And, he says that any landfill experiencing odor complaints from neighbors is unacceptable and requires a plan of action to address the issues immediately.  As to Aptim, Inc., it is also a party to a contract with Jefferson Parish which made Aptim responsible for "maintenance and repairs to the gas collection system to, among other things, maximize landfill gas quality flow and reduce odors", APTIM-0141936, for compliance with regulations, Contract ¶3.8, and for "pumping leachate from gas wells as needed." Aptim Proposal, incorporated into its contract at Contract ¶2.0, and Exhibit B, ¶ 2.1.1.  Source: *Shoemate v. Rental Serv. Corpl,* 2008 U.S. Dist. LEXIS 112335*2 (S.D. Miss. Jan. 25, 2008); *Tringall Bros. v. U.S.,* 630 F.2d 1089, 1093 (5th Cir. 1980); *Gordon v. Southtrust Bank,* 108 Fed. Appx. 837, 842 (5th Cir. 2004).  Bracketed portions added by Plaintiffs in order to include the applicable standards]

**Objections:**

By all Defendants; not necessary or appropriate to instruct jury as to applicable law prior to commencement of the trial.  To the extent the Court chooses to give instructions on the applicable law, Defendants object to Plaintiffs' offered instruction to the extent it conflicts with Defendants' proposed closing instructions.

Further, Defendants object to this entire charge whether in opening or closing. Inaccurately states the law, argumentative, unfairly prejudicial, and entirely inappropriate for a jury instruction. Inaccurately refers to "Waste Connections" who was not a party to any contract and in fact is not a legal entity at all. The entire charge should be deleted.

**Plaintiffs' Comment:**

The change is supported by the citations

**Plaintiff's** Charge 2.19

[But whether any one or more of the Defendants fell below the standard of care] is only one part of the Plaintiffs' case.  The other parts of the Plaintiffs' case are:

>  (1) that the injury which the Plaintiffs say they have suffered was caused in whole or in part by the conduct of [one or more of] the Defendants; and

(2) there was damage to [the particular] plaintiff's person or his property.  I will tell you more about that part of the Plaintiffs' case at the end of the trial and there will be questions on the verdict form to allow you to decide whether you will choose to award any amount to [any] Plaintiff and, if so, how much.  Whether or not any amount should be awarded is solely for you to decide.  A decision about damages is entirely up to you, and your decision should be based on the evidence, not solely on amounts of money suggested by any of the lawyers in closing arguments.  Source: Louisiana Supreme Court Rule XLIV

**Objections:**

By all Defendants; not necessary or appropriate to instruct jury as to applicable law prior to commencement of the trial.  To the extent the Court chooses to give instructions on the applicable law, Defendants object to Plaintiffs' offered instruction to the extent it conflicts with Defendants' proposed closing instructions.

**Plaintiffs' Comment:**

La. Sup. Ct. Rule XLIV expressly contains charges on the law prior to the trial, in order that the jury can understand the evidence in the light of the law.

**Jefferson Parish's Comment:** Objection to the reference to property damage.

**Plaintiffs'** <mark>**Charge 2.20**</mark>

When I say that the plaintiffs have to prove that [one or more of] the Defendants' actions were a cause of his or her injury, I don't mean that the law recognizes only one cause of an injury. You will have to decide, as to each defendant, whether its conduct was a contributing factor in causing this incident. To make this determination, you should consider whether it is more likely than not that the Defendant's conduct created a force or series of forces which remain in continuous and active operation up to the time of the harm. Source: Louisiana Supreme Court Rule XLIV

**Objections:**

By all Defendants; not necessary or appropriate to instruct jury as to applicable law prior to commencement of the trial. To the extent the Court chooses to give instructions on the applicable law, Defendants object to Plaintiffs' offered instruction to the extent it conflicts with Defendants' proposed closing instructions.

**Plaintiffs' Comment:**

La. Sup. Ct. Rule XLIV expressly contains charges on the law prior to the trial, in order that the jury can understand the evidence in the light of the law.

**Jefferson Parish's Comment:** If these instructions are given to the jury at this point the jury should also be instructed on Louisiana Revised Statute 9:2800 as it pertains to political subdivisions.

**Plaintiffs' <mark>Charge 2.21</mark>**

The Plaintiffs must establish that all of these essential parts of their case are more likely true than not true.  Questions addressed to all of these parts of the case will be given to you in the "verdict form" that you will receive at the end of the case and that you will take with you to fill out as part of your deliberations. Source: Louisiana Supreme Court Rule XLIV.

**Objections:**

By all Defendants; not necessary or appropriate to instruct jury as to applicable law prior to commencement of the trial.  To the extent the Court chooses to give instructions on the applicable law, Defendants object to Plaintiffs' offered instruction to the extent it conflicts with Defendants' proposed closing instructions.

**Plaintiffs' Comment:**

La. Sup. Ct. Rule XLIV expressly contains charges on the law prior to the trial, in order that the jury can understand the evidence in the light of the law.

**Plaintiffs' Charge 2.22**

This concludes what I have to tell you at this time about the Plaintiffs' claims for negligence. Now, I will tell you a little about the Plaintiffs' claims for what is called "nuisance."  The Louisiana Civil Code provides that "although a proprietor may do with his estate whatever he pleases, still he cannot make any work on it which may deprive his neighbor of the liberty of enjoying his own, or which may be the cause of any damage to him."  In more modern language, this means that the owner of land cannot conduct activities on his land which harm his neighbors or deprives them of the use and enjoyment of his property.  This obligation arises from an ancient Roman and French law doctrine called the 'sic utere' doctrine.  "Sic utere" is the beginning of a Latin phrase which, when translated, means that you must use your own property in such a way that it does not harm others.  But, the Louisiana legislature has also provided, by statute, that "if the work [the owner] makes on his estate deprives his neighbor of enjoyment or causes damage to him, he is answerable for damages only upon a showing that he knew or, in the exercise of reasonable care, should have known that his works would cause damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care."  So, as you can see, the principles of nuisance are much like the principles of negligence:

> (1) the owner of land who is carrying some activity on his property has a duty to exercise reasonable care to avoid creating an unreasonable risk of harm to his neighbors;

> (2) the Plaintiffs must prove, by a preponderance of the evidence, that the owner knew or, in the exercise of reasonable care, should have known that his activity would cause damage to his neighbors; and

> (3) the damage could have been prevented by the exercise of reasonable care; and

> (4) he failed to exercise reasonable care.

The same rules I told you about regarding causation and damages apply to nuisance as they do to negligence.  Source: Louisiana CC § 667.

**Objections:**

By all Defendants; not necessary or appropriate to instruct jury as to applicable law prior to commencement of the trial.  To the extent the Court chooses to give instructions on the applicable law, Defendants object to Plaintiffs' offered instruction to the extent it conflicts with Defendants' proposed closing instructions.

**Plaintiffs' Comment:**

La. Sup. Ct. Rule XLIV expressly contains charges on the law prior to the trial, in order that the jury can understand the evidence in the light of the law.

**Jefferson Parish's Comment:** If these instructions are given to the jury at this point the jury should also be instructed on Louisiana Revised Statute 9:2800 as it pertains to political subdivisions.

**Plaintiffs'** <span style="background-color: red;">**Charge 2.23**</span>

In the case of Plaintiff's negligence claim, an owner of property is responsible for the negligence of an independent contractor when the owner was independently negligent in its own actions, or if it negligently hired the independent contractor, or if the person for whom the work is performed gives express or implied authorization to an unsafe practice. Source: *Echeverry v. Jazz Casino Company, L.L.C.,* 988 F.3d 221, 228  (5th Cir. 2023); *Westridge v. Poydras Properties,* 598 So.2d 586, 590 (La. Ct. App. 4th Cir. 1992)

**Objections:**

By all Defendants; not necessary or appropriate to instruct jury as to applicable law prior to commencement of the trial.  To the extent the Court chooses to give instructions on the applicable law, Defendants object to Plaintiffs' offered instruction to the extent it conflicts with Defendants' proposed closing instructions.

**Plaintiffs' Comment:**

La. Sup. Ct. Rule XLIV expressly contains charges on the law prior to the trial, in order that the jury can understand the evidence in the light of the law.

**Jefferson Parish's Comment:** Objection. This information is more of an opening statement and Plaintiffs have never set forth this theory of recovery. Further, the factors required by *Echeverry, Westridge* and related cases are not present in this case.

**Plaintiffs' Charge 2.24**

A governmental unit or corporation is liable for the damages caused by the fault of its employee, if the incident occurs while the employee is exercising the functions for which he was employed. Sometimes we shorten this principle to the statement that the employer is liable if its employee was acting in the course and scope of his employment.  In order to recover against the employer, the plaintiff must prove by a preponderance of the evidence: (1) the tortfeasor was an employee of the defendant; (2) the employee was at fault; and (3) the tort occurred during the exercise of the functions for which the employee was employed.  Source: 18 La. Civ. L. treatise, Civil Jury Instructions § 16.2 (3d ed.)

**Objections:**

By all Defendants; not necessary or appropriate to instruct jury as to applicable law prior to commencement of the trial.  To the extent the Court chooses to give instructions on the applicable law, Defendants object to Plaintiffs' offered instruction to the extent it conflicts with Defendants' proposed closing instructions.

**Plaintiffs' Comment:**

La. Sup. Ct. Rule XLIV expressly contains charges on the law prior to the trial, in order that the jury can understand the evidence in the light of the law.

**Plaintiffs'** <mark>**Charge 2.25**</mark>

Deposition testimony.  Certain testimony will be presented to you through deposition.  A deposition is the sworn, recorded answers to questions a witness was asked in advance of the trial.  Under some circumstances, a witness cannot be present to testify from the witness stand, that witness's testimony may be presented, under oath, in the form of a deposition.  Some time before this trial, attorneys representing the parties in this case questioned witnesses, under oath.  A court reporter was present and recorded the testimony.  The questions and answers will be read to you [during the trial.]  This deposition testimony is entitled to the same consideration and weighed and otherwise considered by you in the same way as if the witness had been present and had testified from the witness stand in court.  Source: Pattern Civ. Jury Instr. 5th Cir. 2.13 (2020)

**Objections:**  none

**Plaintiffs'** <mark>**Charge 2.26**</mark> – dueling charges

[I will now describe to you a previous phase of this case called the General Causation Phase and I will instruct you as to certain facts that have already been determined as applicable to your consideration of this case in reaching a verdict.  <mark>These facts must be accepted by you as fact, even if you may disagree with any one or more of them.</mark>]  Source: added by Plaintiffs to introduce instruction on Facts found in General Causation.

**Objection**:

By all Defendants, to the highlighted portion.  Not supported by law.

**Counter-charge by all Defendants**: same charge as above, but with highlighted portion deleted, as follows:

I will now describe to you a previous phase of this case called the General Causation Phase and I will instruct you as to certain facts that have already been determined as applicable to your consideration of this case in reaching a verdict.  Source: added by Plaintiffs to introduce instruction on Facts found in General Causation.

**Plaintiffs' Comment**:

Highlighted portion takes from 5th Cir. Pattern Jury Instr. on Stipulations.  See 2.28 which is accepted by Defendants.

**Plaintiffs'** <mark>**Charge 2.27**</mark>

[*Insert Instructions Regarding Facts Found During General Causation Phase here*]

**Objections:**  none

**Defendants** propose the following instruction to follow the General Causation instruction:

The question of specific causation is for you to decide. While general causation addresses whether the odor and gases emitted by the Jefferson Parish Landfill during the relevant time period were capable of producing the injuries claimed by any one or more of the Plaintiffs in this case, specific causation concerns whether the odor and gases emitted by the Jefferson Parish Landfill during the relevant time period traveled to the Plaintiffs' homes and were in fact the cause of the ailments or symptoms in each particular Plaintiff.

(*Pick v. Am. Med. Sys. Inc.* 958 F.Supp. 1151, 1164 (E.D. La. 1997) (Berrigan, J.)

Put another way, it must be shown that the Plaintiffs' injuries did in fact result from exposure to the odor and gases emitted by the Jefferson Parish Landfill during the relevant time period.

*Watters v. Dep't of Soc. Servs.*, 2008-0977 (La. App. 4 Cir. 6/17/09), 15 So. 3d 1128, 1143, n. 18.

**Defendants' Position**:

Given that the jury is going to be instructed that general causation has already been resolved, they need to understand that specific causation has **not** been resolved.

**Plaintiffs' Charge 2.28**

Stipulations.  [There are also certain stipulations that have been entered into by the parties.]  A "stipulation" is an agreement.  When there is no dispute about certain facts, the attorneys may agree or "stipulate" to those facts.  You must accept a stipulated fact as evidence and treat that fact as having been proven here in court.  [Source: Pattern Civ. Jury Instr. 5th Cir. 2.3 (2020)]

**Objections:**  none

**Plaintiffs'** **Charge 2.29**

[Insert Stipulations here]

**Objections:**  none

**Plaintiffs' Charge 2.30 – dueling charges**

Impeachment by Witness's Inconsistent Statements.  In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time, the witness said or did something, or failed to say or do something, that was different from the testimony given at trial.  A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it.  People may forget some things or remember other things inaccurately.  If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake.  The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.  Source: Pattern Civ. Jury Instr. 5th Cir. 2.11 (2020) [You may also consider the witness's level of education or sophistication in making the determination of whether a misstatement was an intentional falsehood or an innocent mistake.]  Bracketed portion added by Plaintiffs to give context to instruction regarding innocent mistake as applicable to this case.

**Objection:**

By all Defendants: objection as to the highlighted portion.  Unnecessary and not supported by law. Already encompassed by the prior discussion of "simple mistakes." Overly prejudicial to Defendants' witnesses, who almost uniformly have higher levels of education than the Trial Plaintiffs. It would be improper to suggest that one side's witnesses should be more easily forgiven for prior inconsistent statements than the other side's witnesses.

**Counter-charge by all Defendants:**  same charge as above, but with highlighted portion deleted as follows:

Impeachment by Witness's Inconsistent Statements.  In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time, the witness said or did something, or failed to say or do something, that was different from the testimony given at trial.  A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it.  People may forget some things or remember other things inaccurately.  If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake.  The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.  Source: Pattern Civ. Jury Instr. 5th Cir. 2.11 (2020) Bracketed portion added by Plaintiffs to give context to instruction regarding innocent mistake as applicable to this case.

**Plaintiffs' Comment:**

Highlighted portion is necessary for less educated or sophisticated witnesses, both for Plaintiffs and Defendants, to be given fair consideration by the jury.

**Plaintiffs' Charge 2.31**

The trial will now begin.  Lawyers for each side will make an opening statement.  [There will be one opening statement for all of the Plaintiffs for about 30 minutes. The Defendants will have a corresponding amount of time and may split their opening statement among themselves] Opening statements are intended to assist you in understanding the significance of the evidence that will be presented.  The opening statements are not evidence.  Source: Pattern Civ. Jury Instr. 5th Cir. 1.2 (2020)

**Objections:**  none

**Plaintiffs'** <mark>Charge 2.32</mark>

After the opening statements, the plaintiffs will present their case through witness testimony and documentary and other evidence, [including the facts which I have instructed you have already been determined]. [The defendants will have the opportunity to cross examine each of the plaintiffs' witnesses and the plaintiffs may have redirect examination.]   Next, each defendant will have an opportunity to present their case.  [And, the plaintiffs will have the opportunity to cross-examine each of the defendants' witnesses, and the defendants may have redirect examination.]  The plaintiffs may then present rebuttal evidence[, with cross-examination and rebuttal.]  After all the evidence is introduced, I will instruct you on the law that applies to this case.  The lawyers will then make closing arguments.  Closing arguments are not evidence, but rather the attorneys' interpretations of what the evidence has shown or not shown.  Finally, you will go into the jury room to deliberate to reach a verdict. Source:  Pattern Civ. Jury Instr. 5th Cir. 1.2 (2020)

**Objections:**  none

**Plaintiffs' Charge 2.33**

 [Finally,] keep an open mind during the entire trial.  Do not decide the case until you have heard all of the evidence, my instructions, and the closing arguments.  Source: Pattern Civ. Jury Instr. 1.2(2020)

**Objections:**  none

**Plaintiffs' Charge 2.34**

It is now time for the opening statements.  Source: Pattern Civ. Jury Instr. 5th Cir. 1.2(2020)

**Objections:**  none

**Plaintiffs'** <mark>**Charge 3.1**</mark>

**Final Jury Instructions**

Members of the Jury: It is now my duty and responsibility to instruct you on the law you are to apply in this case.  The law contained in these instructions is the only law you may follow.  It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.  Source: Pattern Civ. Jury Instr. 5th Cir. 3.1 (2020)

**Objections:**  none

**Plaintiffs' Charge 3.2**

If I have given you the impression during the trial that I favor either party, you must disregard that impression.  If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression.  You are the sole judges of the facts of this case.  Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.  Source: Pattern Civ. Jury Instr. 5th Cir. 3.1 (2020)

**Objections:**  none

**Plaintiffs' Charge 3.3**

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.  Source: Pattern Civ. Jury Instr. 5th Cir. 3.1 (2020)

**Objections:**  none

**Plaintiffs' Charge 3.4 – dueling charges**

The testimony of the witnesses, the exhibits introduced by the parties, **[the stipulations of the parties which have been read to you] [, along with the facts that I have told you were established in the earlier phase of this case,]** constitutes the evidence.  The statements of counsel are not evidence, they are only arguments.  It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest.  What the lawyers say or do is not evidence.  You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments.  You must determine the facts from all the testimony that you have heard and the other evidence submitted **[, including the facts that I have told you were established in the earlier phase of this case.]**  You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.  Source: Pattern Civ. Jury Instr. 5th Cir. 3.1 (2020) [bracketed additions by Plaintiffs to adapt to the stipulations and the Findings of Fact in General Causation]

**Objections:**  Defendant's position: Defendants agree that it is appropriate to inform the jury that the Court's general causation holdings are to be considered by the jury, but Defendants reserve their right to object to the characterization of the Court's general causation holdings that will be represented to the jury, and they reserve their right to seek appellate review of the Court's general causation holdings.

**Counter-charge by all Defendants**:  same as above with highlighted portion deleted and taking into consideration Defendants' Objections.

The testimony of the witnesses, the exhibits introduced by the parties constitutes the evidence.  The statements of counsel are not evidence, they are only arguments.  It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest.  What the lawyers say or do is not evidence.  You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments.  You must determine the facts from all the testimony that you have heard and the other evidence submitted You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.  Source: Pattern Civ. Jury Instr. 5th Cir. 3.1 (2020) [bracketed additions by Plaintiffs to adapt to the stipulations and the Findings of Fact in General Causation]

**Plaintiffs' Comments:**

The standard charge should be conformed to the fact that facts have been determined in the General Causation phase.

**Plaintiffs Charge 3.5**

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom.  You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiffs or the defendants in arriving at your verdict.  Source: Pattern Civ. Jury Instr. 5th Cir. 3.1 (2020)

**Objections:** none

**Defendants' Charge – dueling charges**

Do not let bias, prejudice or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

(Pattern Civil Jury Instruction 5th Cir. 2.16, Bias—Corporate Party Involved (2024))

**Plaintiffs' Position**:

This is partially included in 3.5.

**Defendants' Position**:

Necessary to inform jury that corporations and persons are to be treated equal under the law

**Plaintiffs' Counter-Charge:**

 Eliminate first sentence of this chare and attach last sentence to Plaintiffs' 3.5

Defendants' <mark>Charge</mark>

## **No Presumption**

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.  Source: Pattern Civ. Jury Instr. 5th Cir. 3.6 (2020)

**Objection:**

Not necessary and unfairly favors Defendants

**Defendants' Position:**

Defendants' proposed charge is part of the Fifth Circuit pattern instructions, accurately states the burden of proof, and is routinely given as a jury charge.

**Plaintiffs'** Charge 3.6 – dueling charges

Burden of Proof: Preponderance of the Evidence.  Each Plaintiff in this case has the burden of proving his or her case by what the law calls a "preponderance of the evidence. " To establish by a preponderance of the evidence means to prove something is more likely true than not true. [Remember that] "preponderance of the evidence" is different from a standard of proof described as "beyond a reasonable doubt."  Proof "beyond a reasonable doubt" applies in criminal cases, but not in civil cases like this one.  [As I said, preponderance of the evidence means only that each plaintiff must prove each element of his or her claim by evidence that makes it more likely than not.  It is a lesser standard than proof beyond a reasonable doubt.  A bare preponderance is sufficient, as though the scales weighing the evidence drop but a feather's weight.]  If you find that any Plaintiff has failed to prove any element of his or her claim by a preponderance of the evidence, then he or she may not recover on that claim.  Source: Pattern Civ. Jury Instr. 5th Cir. 3.2 (2002)  Louisiana Supreme Court Rule XLIV.  Source of bracketed addition: H. Alston Johnson, 18 Louisiana Civil Law Treatise, Civil Jury Instructions §2:1 (West 3d ed. 2011) and K.M. Clermont, 66 Case W. Res. L. Rev. 353 at *13 (2015), quoting with approval the much-referred to statement in *Livanovich v. Livanovich,* 99 Vt. 327, 131 A. 799 (Vt. 1926) ("The instruction was not erroneous.  It was but another way of saying that the slightest preponderance of the evidence in his favor entitled the plaintiff to a verdict . . . .")

**Objections:**

By all Defendants:  the Fifth Circuit pattern charge should be followed. There is nothing unique about this case that warrants a unique charge on the burden of proof.

**Counter-charge by all Defendants:**

Plaintiffs have the burden of proving their case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that a Plaintiff failed to prove any element of his or her claims by a preponderance of the evidence, then he or she may not recover on that claim.  (Pattern Civil Jury Instruction 5th Cir. 3.2, Burdon of Proof; Preponderance of the Evidence (2024)).

**Plaintiffs' Position**:

Plaintiffs' version is a better statement of the law.

**Defendants' Position:**

The Fifth Circuit pattern charge should be followed.  There is nothing unique about this case that warrants a unique charge on the burden of proof.

**Plaintiffs' <mark>Charge 3.7 – dueling charges</mark>**

<u>**Evidence**</u>

Direct and Circumstantial Evidence.  [As I said,] The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, the stipulations of the parties **<mark>[, and the facts which I told you were established in an earlier phase of this case],</mark>** and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven. Generally speaking, there are two types of evidence.  One is direct evidence, such as the testimony of an eyewitness.  The other is indirect or circumstantial evidence.  Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists.  As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.  Source: Pattern Civ. Jury Instr. 5th Cir. 3.3 (2020) and Louisiana Supreme Court Rule XLIV.  Bracketed addition by Plaintiffs in order to reflect the Findings of Fact in the General Causation phase.

**Defendants' Position**: Defendants agree that it is appropriate to inform the jury that the Court's general causation holdings are to be considered by the jury, but Defendants reserve their right to object to the characterization of the Court's general causation holdings that will be represented to the jury, and they reserve their right to seek appellate review of the Court's general causation holdings.

**Counter-charge by all defendants:**

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.  (Pattern Civil Jury Instruction 5th Cir. 3.3, Evidence (2024))

**Plaintiffs' Position:**

The standard charge should be conformed to the fact that facts have been determined in the General Causation phase.

**Plaintiffs' <mark>Charge 2.28</mark> -**

Stipulations.  [There are also certain stipulations that have been entered into by the parties.]  A "stipulation" is an agreement.  When there is no dispute about certain facts, the attorneys may agree or "stipulate" to those facts.  You must accept a stipulated fact as evidence and treat that fact as having been proven here in court.  [Source: Pattern Civ. Jury Instr. 5th Cir. 2.3 (2020)]

[2.29  Insert Stipulations here]

**Plaintiffs' Charge 2.9**

**<u>Objections</u>**

Every now and then, a lawyer may "object" to a particular question asked to a witness or to a particular exhibit.  The lawyer is doing that because there are rules that control the evidence that can be presented.  These rules are designed to make sure that the evidence is the most reliable evidence that is available.  If I agree with an objection to a question, I will sustain the objection and not permit the witness to answer it.  [In that case,] You should ignore the question altogether and don't speculate as to what the witness might have said.  If I disagree with an objection, I will overrule it and that means that I'm allowing that evidence to be presented.  Don't attach any importance to the fact that a lawyer has objected, or to my ruling.  The lawyer is only doing his or her job, and I'm only applying the rules of evidence.  When I rule on an objection, I'm not expressing an opinion on the merits, or favoring one side or the other.  I don't favor one side or the other.  Source: Louisiana Supreme Court Rule XLIV

**Objections:**  none

**Plaintiffs' <mark>Charge 1.4</mark>**

<u>**Out Of Court Knowledge**</u>

Similarly, you must not give any information to anyone by any means about this case.  For example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, camera, recording device, PDA, computer, the internet, any internet service, any text or instant messaging service, any internet chat room, blog, or website such as Facebook, YouTube, Snapchat, Instagram, [Tik Tok,] or Twitter, or any other way to communicate to anyone any information about this case until I accept your verdict or until you have been excused as a juror.  This includes any information about the parties, witnesses, participants, claims, evidence, or anything else related to this case.

**Defendants' Position:**

Defendants do not object to proposed charge as long as it further clarifies that if jurors do come upon such information, it is not *evidence,* as indicated in the highlighted portion below.

**Defendants' Proposed Charge:**

Similarly, you must not give any information to anyone by any means about this case.  For example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, camera, recording device, PDA, computer, the internet, any internet service, any text or instant messaging service, any internet chat room, blog, or website such as Facebook, YouTube, Snapchat, Instagram, [Tik Tok,] or Twitter, or any other way to communicate to anyone any information about this case until I accept your verdict or until you have been excused as a juror.  This includes any information about the parties, witnesses, participants, claims, evidence, or anything else related to this case. <mark>Any information heard or observed from outside the courtroom about the merits of this case is not evidence and must be disregarded.</mark>

**Plaintiffs' <mark>Charge 3.8</mark>**

<u>**Sworn Testimony**</u>

Depositions.  Some of the evidence was presented in the form of what lawyers call a "deposition." [As you saw,] a deposition is the written transcript or a video of a question-and-answer session with a witness that took place before this trial, when the witness was under oath and responded to questions from the lawyers about the case.  Although it is testimony outside the courtroom, you may consider and evaluate this testimony just as you would if it had been given live in front of you during this trial.  The sworn testimony of all of the witnesses is also evidence which you must consider in reaching your verdicts Source: Louisiana Supreme Court Rule XLIV, adapted for a final instruction.

**Plaintiffs'** **Charge 3.9**

Impeachment by Deposition.  Sometimes a deposition was used to ask a witness who was here testifying whether he might have given prior answers which seem different from his testimony here in the courtroom.  The lawyer read from a deposition and asked the witness whether what he said in his deposition is different from what he was saying at the trial before you.  We allowed this to help you evaluate the credibility of his testimony before you.  Whether or not the prior statements by the witness were different from his live testimony is entirely for you to decide. Source: Louisiana Supreme Court Rule XLIV, adapted to be used in final instructions.

**Objections:**  none

**Plaintiffs'** <mark>**Charge 3.10**</mark>

## Credibility Of Witnesses

Witnesses.  You alone are to determine the questions of credibility or truthfulness of the witnesses.  In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feels or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in light of the circumstances.  Has the witness been contradicted by other credible evidence?  Has he or she made statements at other times and places contrary to those made here on the witness stand?  You must give the testimony of each witness the credibility you think it deserves.  Source: Pattern Civ. Jury Instr. 5th Cir. 3.4 (2020)

**Objections:**  none

**Plaintiffs' Charge 3.11 – dueling charges**

Impeachment by Witness's Inconsistent Statements.  In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time, the witness said or did something, or failed to say or do something, that was different from the testimony given at trial.  A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it.  People may forget some things or remember other things inaccurately.  If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake.  The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.  [You may also consider the witness's level of education or sophistication in making the determination of whether a misstatement was an intentional falsehood or an innocent mistake.]  Source: Pattern Civ. Jury Instr. 5th Cir. 2.11 (2020).  Bracketed addition by Plaintiffs.

**Objections:**  Defendants' position: objection as to the highlighted portion. Unnecessary and not supported by law. Already encompassed by the prior discussion of "simple mistakes." Overly prejudicial to Defendants' witnesses, who almost uniformly have higher levels of education than the Trial Plaintiffs. It would be improper to suggest that one side's witnesses should be more easily forgiven for prior inconsistent statements than the other side's

**Counter-Charge by all Defendants:**

If the testimony of a witness in court is different from a prior statement he has made, you have to decide if the testimony of the witness in court should be rejected because it is different from his prior statements.  If you decided that the testimony has been discredited, then you must decide what weight, if any, to give to the testimony.  If you find that a witness has testified falsely as to a material fact, then you have the right to reject the entire testimony of the witness or to reject only part of the testimony, based upon how much you are impressed with the truthfulness of the witness.

(LA. Sup. Ct. R. XLIV, Plain Civil Jury Instructions; 18 H. Alston Johnson, III, LA. Civ.L. Treatise, Civil Jury Instructions §2:6 (3d ed.))

**Objections to Counter-Charge:**

Plaintiffs' 3.11 is directly from 5th Cir. Pattern Instructions.  Bracketed addition is particularly appropriate in this case for both Plaintiffs' and Defendants' less sophisticated witnesses.

**Plaintiff's** <mark>**Charge 3.12**</mark>

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony. Pattern Civ. Jury Instr. 5th Cir. 3.4 (2020).

**Objections:** none

**Plaintiffs' Charge 3.13**

You don't have to accept all of the testimony of a witness as being true or false.  You might accept and believe those parts of the testimony that you consider logical and reasonable, and you may choose not to believe those parts that seem impossible or unlikely.  Source: Louisiana Supreme Court Rule XLIV

**Objections:**  none

**Plaintiffs'** Charge 3.14

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides.  Witness testimony is weighed; witnesses are not counted.  The test is not the relative number of witnesses, but the relative convincing force of the evidence.  The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.  Source: Pattern Civ. Jury Instr. 5th Cir. 3.4 (2020)

**Objections:**  none

**Plaintiff's** <mark>Charge 3.15</mark>

<u>**Opinion Testimony**</u>

 Expert Witnesses.  Some of the witnesses that you have heard are called "expert witnesses."
Unlike ordinary witnesses who must testify only about facts within their knowledge and cannot
offer opinions about assumed or hypothetical situations, expert witnesses are allowed to express
opinions because their education, expertise or experience in a particular field or on a particular
subject might be helpful to you.  You should consider their opinions and give them the weight
that you think they deserve.  If you decide that the opinion of an expert witness is not based on
sufficient education, expertise or experience or that the reasons given in support of the opinion
are not sound, or if you feel that it is outweighed by other evidence, you may disregard the
opinion entirely – even though I have permitted the person to testify.  Source: H. Alston Johnson,
18 Louisiana Civil Law Treatise, Civil Jury Instructions § 2:1 (West 3d ed. 2011)]

**Objection:**  none

**Plaintiffs'** Charge 3.16  - dueling charges

**Case Specific Instructions**

The Plaintiffs' claims arise under two different parts of Louisiana law.  One is called negligence and one is called nuisance.  There are similar but slightly different rules in these two kinds of cases and I will tell you a little about each of them.  Source: added by Plaintiffs to assist the jury's understanding

**Objections:**  Defendants object to highlighted portion.  The definitions of negligence and nuisance will speak for themselves.

**Counter-Charge by all Defendants**:

Plaintiffs have made claims against Aptim Corp., Jefferson Parish, Louisiana Regional Landfill Company, Waste Connections Bayou, Inc., and Waste Connections US, Inc., based on two legal theories of recovery under Louisiana law: negligence and nuisance. I will now provide you with instructions regarding these legal theories.

**Plaintiffs' Position:**

The Plaintiffs' charge correctly states the law.

**Plaintiffs' Charge 3.17 – dueling charges**

[As to the Plaintiffs' negligence claim,] The basic law in Louisiana on this kind of case states that "every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it."  [Every person has a duty to use reasonable care to avoid creating an unreasonable risk of harm to others.  But,] The word fault is a key word.  "Fault" means acting as you should not have acted or failing to do something which you should have done.  The law regards those actions as being below the standard which applies to the Defendants' activities. Source: Louisiana Supreme Court Rule XLIV.

**Objections:** Plaintiffs' charge is vague and fails to incorporate a reasonable standard.

**Counter-charge by all Defendants:**  To prove that any of the Defendants were negligent, the Plaintiff must first prove that the Defendant failed to act as a reasonably prudent person would have acted under the circumstances.  In this case, you may consider the industry standards that are typically followed by municipalities or corporations or other entities who own landfills or provide landfill services.

**Objections to Counter-charge:**  Bracketed addition by the Plaintiffs too make the charge more understandable to the jury

**Plaintiffs' Position:**

Defendants' counter-charge can be added to Plaintiffs' charge if the following is added at the end:  "or as set forth in governmental regulations and publications."

**Plaintiffs' Charge 3.18**

[In that connection,] your job is to decide whether the Plaintiffs have proved that it is more likely true than not true that a particular Defendant's actions fell below that standard [and whether such Defendants knew, or though the exercise of reasonable care should have known, that allowing noxious odors to escape from the Jefferson Parish Landfill would cause harm to Plaintiffs or cause the Plaintiffs to lose the use and enjoyment of their property.]  In legal terms, that would mean that the defendant [in question] is "at fault."  In this case, the Plaintiffs say that the Defendants [and each of them] has committed the kind of fault that the law calls "negligence."
Source: Louisiana Supreme Court Rule XLIV

**Objections:**

By all Defendants.  Assumes facts which are to be decided by the jury.  Unfairly Prejudicial.  Not supported by law.

**Plaintiffs' Position:**

Plaintiffs' addition to the standard charge correctly sets forth the law expressed in both CC. 2315 and 667-669.

**Plaintiffs' ==Charge 3.19 -dueling charges:==**

<u>**Negligence**</u>

The [first] part of the Plaintiffs' [negligence] case that you'll have to consider is whether, as to each Defendant, its actions were below the standard required under the law for its actions.  In this case, the basic standard is that each of the Defendants should have acted as a reasonably prudent person would have acted under the same or similar circumstances.  The standard of care is not that of an extraordinarily cautious individual or an exceptionally skilled person, but rather that of a reasonably prudent person acting in the same or similar circumstances. [In this case, under the law, the Defendants each owed a duty of reasonable care under all the circumstances not to allow harmful odors to escape from the Jefferson Parish Landfill in such frequency and intensity as to harm persons in surrounding neighborhoods, deprive them of quality of life, or interfere with their use and enjoyment of their property.]  Source: Louisiana Supreme Court Rule XLIV.

**Objections:**  By all Defendants.  Assumes facts which are to be decided by the jury.  Unfairly prejudicial.  Not supported by law.  The Court's General Causation ruling said nothing of the applicable duty.

**Counter-charge by all Defendants:**

The standard of care is not that of an extraordinarily cautious individual or an exceptionally skilled person, but rather that of a reasonably prudent person acting in the same or similar circumstances.

**Objections to Counter-Charge**:

Plaintiffs' instruction gives the jury a better idea of the standard.  Bracketed additions by Plaintiffs in order that the jury will understand the duty implicit in the Court's General Causation rulings

**Plaintiffs' Position:**

Plaintiffs' language either comes directly from La. Sup. Ct. Rule XLIV or is an adoption to fit this case.

**Plaintiffs'** <mark>**Charge 3.20**</mark>

[As I said,] A reasonably prudent person will avoid creating an unreasonable risk of harm.  In deciding whether one or more of the Defendants violated this standard of conduct, you should weigh the likelihood that someone might have been injured by the Defendant's conduct and the seriousness of that injury if it should occur, against the importance to the community of what the defendant was doing and the advisability of the way the Defendant was doing it under the circumstances.  Source: Louisiana Supreme Court Rule XLIV.

**Objections:**  none

**Plaintiffs' <mark>Charge 3.21</mark>**

Statutory and Regulatory Standards.  A reasonably prudent person will normally obey the statutes [and regulations] that apply to his conduct.   [Some of the regulations which apply to this case are found in Federal Regulations, particularly 40 C.F.R. § 258.40 (a)(1) which requires leachate to be pumped down to a level no more than 12" above the bottom liner of the landfill. In addition, La. Admin. Code tit. 33 § VII-711 establishes Standards for Landfills, including their leachate and gas collection systems.  In particular, § 711.B.2 requires daily cover material to be placed on the active areas of a landfill to control leachate generation and to reduce noxious odors by minimizing outward movement of methane and other gases.  Section 711.B.4.f.viii and ix require the leachate head to be maintained in a pumped-down condition so that not more than 1 foot of head shall exist above the lowest elevation of the leachate collection lines and that equipment used to remove leachate from the collection system shall be adequately sized to accommodate normal facility operations.  Source: Louisiana Supreme Court Rule XLIV.

**Objections:**  Objection. Louisiana does not recognize the negligence per se doctrine. Ducote v. Boleware, 2015-0764 (La. App. 4 Cir. 2/17/16), 216 So. 3d 934, 944. Further, there has been no determination by any adjudicatory body that Defendants violated any statutes. In any event, Plaintiffs have improperly cherry-picked the language from the Louisiana Supreme Court proposed charge, which acknowledges that reasonable persons sometimes violate statutes. This charge should be deleted altogether.

**Plaintiffs' Position:**

Plaintiffs' charge does not constitute negligence per se, rather, that violation of statutes and regulations are evidence of failure to comply with the standard of care.

**Plaintiffs' <mark>Charge 3.22</mark>**

In addition, a reasonably prudent person will normally comply with the requirements of contracts to which he is a party and internal company standards and instructions, and you may find that a failure to comply with those requirements is evidence of negligence on the part of that person.  In this case, Waste Connections is a party to a contract with Jefferson Parish which provides that it "shall implement a comprehensive odor control plan that includes both operational best management practices and odor systems."  2012 Contract ¶II.B.5.H. (p. 17). And, there is an internal Waste Connections memorandum (Ex. 1290) drafted and sent by Jim Little who was the Waste Connections Senior Vice President for Engineering and Disposal.  This memo describes "minimum standards and expectations" for Waste Connection landfills.  In this memo, Mr. Little says that leachate levels more than 12" at any sump must be pumped down as soon as possible.  And, he says that any landfill experiencing odor complaints from neighbors is unacceptable and requires a plan of action to address the issues immediately.  As to Aptim, Inc., it is also a party to a contract with Jefferson Parish which made Aptim responsible for "maintenance and repairs to the gas collection system to, among other things, maximize landfill gas quality flow and reduce odors", APTIM-0141936, for compliance with regulations, Contract ¶3.8, and for "pumping leachate from gas wells as needed." Aptim Proposal, incorporated into its contract at Contract ¶2.0, and Exhibit B, ¶ 2.1.1.  Source: *Shoemake v. Rental Service Corp.,* 2008 U.S. Dist. LEXIS 112335*2 (SD Miss); *Tringali Bros. v. U.S.,* 630 F.2d 1089, 1093 (5th Cir. 1980); *Gordon v. Southtrust Bank,* 108 Fed. Appx. 837, 842 (5th Cir. 2004).

**Objections**:  Objection. Inaccurately states the law and the facts, argumentative, unfairly prejudicial, and entirely inappropriate for a jury instruction. Inaccurately refers to "Waste Connections" who was not a party to any contract and in fact is not a legal entity at all. The entire charge should be deleted.

**Plaintiffs' Position:**

The proposed charge is supported by the authorities cited.

**Plaintiffs'** <mark>**Charge 3.23 – dueling charges**</mark>

 [But whether any one or more of the Defendants fell below the standard of care] is only one part of the Plaintiffs' case.  The other parts of the Plaintiffs' case are:

> (1) that the injury which the Plaintiffs say they have suffered was caused in whole or in part by the conduct of [one or more of] the Defendants; and

> (2) there was damage to [the particular] plaintiff's person or his property.

 Source: Louisiana Supreme Court Rule XLIV.

**Objections:**  Defendants' position: it would be more sensible to instruct the jury on the two different theories of liability (negligence and nuisance) before proceeding to discussion of causation and damages.

**Counter-charge by all Defendants**:  Even if you find that any Defendant breached this standard of care, this is only one part of the Plaintiffs' case. In order to find in the Plaintiffs' favor, the Plaintiffs must also establish that the Defendant's substandard conduct was both a cause-in-fact and a proximate cause of any injury to the Plaintiff, and the Plaintiff suffered actual damage. Before I instruct you on causation and damages, I will instruct on the standard for Plaintiffs' "nuisance" theory, as the same rules regarding causation and damage apply to both legal theories.

**Plaintiffs' Position:**

As noted subsequently in the charges related to causation, Defendants' proposed causation charges are complicated, do not reflect the law and will only confuse the jury.  This Plaintiffs' proposed charge is verbatim from Rule XLIV.

**Plaintiffs' Charge 3.24**

In the case of Plaintiff's negligence claim, an owner of property is responsible for the negligence of an independent contractor when the owner was independently negligent in its own actions, or if it negligently hired the independent contractor, or if the person for whom the work is performed gives express or implied authorization to an unsafe practice. Source: *Echeverry v. Jazz Casino Company, L.L.C.,* 988 F.3d 221, 228  (5th Cir. 2023); *Westridge v. Poydras Properties,* 598 So.2d 586, 590 (La. Ct. App. 4th Cir. 1992); Restatement (third) Agency §7.03 (2006).

Put another way, an actor who hires an independent contractor to perform an activity which the actor knows or should know poses a peculiar risk is liable for physical harm when the independent contractor is negligent as to the peculiar risk and the negligence is a factual cause of the harm.  Source: Restatement (Third) Torts §§ 59, 422 (2012); Restatement (Third) Agency § 7.06 cmt. A. (2006).  *Jones v. Capitol Enterprises*, 89 So.3d 474, 481-482 (La.App. 4th Cir. 2012)

**Jefferson Parish's Objection**: Plaintiff's have never set forth this theory of recovery. Further, in *Echeverry v. Jazz Casino Company, L.L.C.,* 988 F.3d 221, 228 (5th Cir. 2023), the court stated that a principal is generally not liable for the acts of its independent contractor. A principal may, however, be liable if it was independently negligent in its own actions, or if it negligently hired the independent contractor.

**<u>DEFENDANT JEFFERSON PARISH'S PROPOSED SPECIAL JURY CHARGE NO. 2:</u>**

A contract is an agreement by two or more parties whereby obligations are created, modified, or extinguished. When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation of the parties' intent in a contract can be made. Louisiana Civil Code Article 1906 and Article 2046. *U.S. Fid. & Guar. Co. v. Diggs*, CIV.A.03-1023, 2004 WL 32917, at *3 (E.D. La. Jan. 5, 2004). *S. Snow Mfg. Co., Inc. v. SnoWizard Holdings, Inc*., 921 F.Supp.2d 548, 570 (E.D. La.2013).

**Objections:**  Waste Connections Defendants' position: objection to the highlighted portion.

**Counter-Charge by Waste Connections:**  You should interpret the contract as having the meaning that best conforms to the object of the contract in light of the nature of the contract, equity, usages, and the conduct of the parties before and after the formation of the contract.

**Plaintiffs' Position:**

Combine the two instructions.

**Jefferson Parish's Position:** We are okay with this proposed instruction.

**Waste Connections Defendants' Response:** The instructions cannot be combined. The original proposal presumes the contracts are unambiguous, which the parties do not concede and the Court has not found. Because there is more than one reasonable interpretation of the contract language, the proposed counter-charge is more appropriate.

## <u>DEFENDANT JEFFERSON PARISH'S PROPOSED SPECIAL JURY CHARGE NO. 3:</u>

A contract is an agreement by two or more parties whereby obligations are created, modified, or extinguished. When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation of the parties' intent in a contract can be made. Louisiana Civil Code Article 1906 and Article 2046. *U.S. Fid. & Guar. Co. v. Diggs*, CIV.A.03-1023, 2004 WL 32917, at *3 (E.D. La. Jan. 5, 2004). *S. Snow Mfg. Co., Inc. v. SnoWizard Holdings, Inc.*, 921 F.Supp.2d 548, 570 (E.D. La.2013).

**Objections:**  Waste Connections Defendants' position: objection to the highlighted portion. Duplicative of immediately prior charge.

**Counter-charge by Waste Connections**:  You should interpret the contract as having the meaning that best conforms to the object of the contract in light of the nature of the contract, equity, usages, and the conduct of the parties before and after the formation of the contract.

**Plaintiffs' Position:**

Jefferson Parish Charge #3 is duplication of its Charge #2.

## DEFENDANT JEFFERSON PARISH'S PROPOSED SPECIAL JURY CHARGE NO. 4:

Even if there is a mere violation of the rules and regulations by a public entity that does not equate to a finding of negligence. La. Rev. Stat. 9:2800 (F).

**Objections of Waste Connections**:  This is not unique to public entities. As drafted, it implies that public entities enjoy a limitation of liability that private entities do not, which is not the law.

**Plaintiffs' Position:**

The proposed instruction is not an accurate statement of the law and should not be given.

**Plaintiffs' Counter-Charge:**

Viiolation of rules and regulations may be considered as evidence of negligence.  See citations at Plaintiffs' Charge 3.21.

**Jefferson Parish's Position:** This is taken directly from Louisiana Revised Statute 9:2800(F).

**DEFENDANT JEFFERSON PARISH'S PROPOSED SPECIAL JURY <mark>CHARGE NO. 5:</mark>**

A "public entity" means and includes the state and any of its branches, departments, offices, agencies, boards, commissions, instrumentalities, officers, officials, employees, and political subdivisions and the departments, offices, agencies, boards, commissions, instrumentalities, officers, officials, and employees of such political subdivisions. La. Rev. Stat. 9:2800 (G).

**Objections of Waste Connections:**   This is not unique to public entities. As drafted, it implies that public entities enjoy a limitation of liability that private entities do not, which is not the law.

**Plaintiffs' Position:**

No one questions that Jefferson Parish is a public entity and the jury will have no doubt about that fact.  To give this charge over-emphasizes it in an attempt by Defendant Jefferson Parish to influence the jury that it is, somehow, different from other corporate entities and should be given special consideration by virtue of that status.

**Jefferson Parish's Position:** Jefferson Parish will agree to remove this charge if all parties agree that Louisiana Revised Statute 9:2800 applies.

**DEFENDANT JEFFERSON PARISH'S PROPOSED SPECIAL JURY CHARGE NO. 6:**

For a claim to succeed against a public entity, the entity must have had actual or constructive notice of the particular vice or defect which caused damage prior to the occurrence, and the entity must have had a reasonable opportunity to remedy the defect and the entity failed to do so. La. Rev Stat. 9:2800. La C.C. art 2317 and La C.C. art 2317.1. *In re Katrina Canal Breaches Consol. Litig.*, CIV.A. 05-4182, 2008 WL 4899449, at *3 (E.D. La. Nov. 12, 2008).

**Objections of Waste Connections:**  Waste Connections Defendants' position: objection. This is not unique to public entities. As drafted, it implies that public entities enjoy a limitation of liability that private entities do not, which is not the law.

**Counter-charge by Waste Connections:**  In a claim against the owner of property alleging damage from a vice or defect in that property, the entity must have had actual or constructive notice of the particular vice or defect which caused damage prior to the occurrence, and the entity must have had a reasonable opportunity to remedy the defect and the entity failed to do so. La. Rev Stat. 9:2800. La C.C. art 2317 and La C.C. art 2317.1. *In re Katrina Canal Breaches Consol. Litig.*, CIV.A. 05-4182, 2008 WL 4899449, at *3 (E.D. La. Nov. 12, 2008).

**Plaintiffs' Position:**

Plaintiffs' charge on responsibility for the acts of contractors is entirely sufficient.

**Jefferson Parish's Position:** This is taken directly from Louisiana Revised Statute 9:2800.

**DEFENDANT JEFFERSON PARISH'S PROPOSED SPECIAL JURY CHARGE NO. 7:**

To prevail against a public entity, Plaintiffs must establish 1) that the thing was in the owner's or custodian's garde; 2) that the thing contained a vice or defect creating an unreasonable risk of harm; and 3) that the damage was caused by the vice or defect." Once these elements are established, Plaintiff must then show: 1) the owner of a thing either knew or should have known of the ruin, vice, or defect which caused the damage; 2) the owner could have prevented the damage by the exercise of reasonable care; and 3) the owner failed to exercise such reasonable care. *Ducre v. Family Dollar Stores of Louisiana, Inc.*, CV 18-2308, 2019 WL 6464964, at *3 (E.D. La. Dec. 2, 2019).

**Objections of Waste Connections**. This is not unique to public entities. As drafted, it implies that public entities enjoy a limitation of liability that private entities do not, which is not the law.

**Counter-charge of Waste Connections**:  In a claim against the owner of property alleging damage from a vice or defect in that property, the entity must have had actual or constructive notice of the particular vice or defect which caused damage prior to the occurrence, and the entity must have had a reasonable opportunity to remedy the defect and the entity failed to do so. La. Rev Stat. 9:2800. La C.C. art 2317 and La C.C. art 2317.1. *In re Katrina Canal Breaches Consol. Litig.*, CIV.A. 05-4182, 2008 WL 4899449, at *3 (E.D. La. Nov. 12, 2008).

**Plaintiffs' Position:**

Duplicative of Jefferson Parish Charge #6 and the principles are better set forth in Plaintiffs' charge on responsibility for independent contractors.

**Jefferson Parish's Position:** This is a direct quote regarding what Plaintiff's must establish in order to recover against a public entity.

**<u>DEFENDANT JEFFERSON PARISH'S PROPOSED SPECIAL JURY</u> <mark>CHARGE NO. 8:</mark>**

The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Louisiana C.C. art. 2317.1.

**Objections**:  none from Waste Connections

**Plaintiffs' Position:**

Duplicative of Plaintiffs' Charge 3.28

**<u>DEFENDANT JEFFERSON PARISH'S PROPOSED SPECIAL JURY CHARGE NO. 9:</u>**

Multiple entities can have custody or control over a premises, and this is a principal that is broader than ownership. "Custody means "supervision and control." Further, even absent ownership a person can have custody over something if he "bears such a relationship as (1) to have the right of direction and control over [it], and (2) to draw some kind of benefit from [it]. Both factors must be present. *Ducre v. Family Dollar Stores of Louisiana, Inc.*, CV 18-2308, 2019 WL 6464964, at *3, *5 (E.D. La. Dec. 2, 2019).

**Plaintiffs' <mark>Charge 3.28 – dueling charges</mark>**

## Nuisance

This concludes what I have to tell you at this time about the Plaintiffs' claims for negligence. Now, I will tell you a little about the Plaintiffs' claims for what is called "nuisance." The Louisiana Civil Code provides that "although a proprietor may do with his estate whatever he pleases, still he cannot make any work on it which may deprive his neighbor of the liberty of enjoying his own, or which may the cause of any damage to him." In more modern language, this means that the owner of land cannot conduct activities on his land which harm his neighbors or deprives them of the use and enjoyment of their property. This obligation arises from an ancient Roman and French law doctrine called the 'sic utere' doctrine. "Sic utere" is the beginning of a Latin phrase which, when translated, means that you must use your own property in such a way that you do not harm others. But, the Louisiana legislature has also provided, by statute, that "if the work [the owner] makes on his estate deprives his neighbor of enjoyment or causes damage to him, he is answerable for damages only upon a showing that he knew or, in the exercise of reasonable care, should have known that his works would cause damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care." So, as you can see, the principles of nuisance are much like the principles of negligence:

> (1) the owner of land who is carrying some activity on his property has a duty to exercise reasonable care to avoid creating an unreasonable risk of harm to his neighbors;

> (2) the Plaintiffs must prove, by a preponderance of the evidence, that the owner knew or, in the exercise of reasonable care, should have known that his activity would cause damage to his neighbors; and

> (3) the damage could have been prevented by the exercise of reasonable care; and

> (4) he failed to exercise reasonable care.

Source: Louisiana CC § 667]

**Objections:  by all Defendants.**  Excessive, overly academic, and unnecessary

**Counter-charge by all Defendants**:  As a general rule, an owner is free to exercise his rights of ownership in any manner he sees fit (the same is true of persons who have been granted certain rights to the property, such as contractors). He may even use his property in ways which "occasion some inconvenience to his neighbor." However, if the work that an owner or contractor makes on the property deprives his neighbor of enjoyment or causes damage to him, the owner or contractor is answerable for damages only upon a showing that he knew or, in the exercise of reasonable care, should have known that his works would cause damage, that the

damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care.

**Plaintiffs' Position:**

Plaintiffs' charge better reflects CC.§667.

Plaintiffs' Charge 3.29

As to nuisance, the owner of land is also responsible not only for his own activity, but also for that carried on by his agents, contractors and representatives with his consent and permission. This liability which the law imposes attaches also to the agent or contractor.  Source: *Chaney v. Travelers Ins. Co.,* 259 La. 1, 7, 249 So. 2d 181, 186 (La. 1971); *see also,* La. C.C. Art. 2317 ("We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, *or the things which we have in our custody.*"' *Jones v. Capitol Enterprises, Inc*., 89 So.3d 474, 481-482 (La.App. 4th Cir. 2012)

Put another way, an owner of land who hires an independent contractor to perform an activity on his property is liable for physical harm if: (a) the owner knows or should know that the activity is likely to create a nuisance; (b) the independent contractor's activity constitutes a nuisance; and (c) the nuisance is a factual cause of the harm.  Source: Restatement (Third) Torts §§ 61, 422, 427B (2012); Restatement (Third) Agency § 7.06 cmt. A. (2006).  And, an owner of land who hires an independent contractor to perform an activity is liable for physical harm if (a) a statute or administrative regulation imposes an obligation on the owner to take specific precautions for the safety of others; and (b) the independent contractor's failure to comply with the statutory or regulatory obligations is a factual cause of the harm.  Source: *McCormack v. Robin,* 126 La. 594 (1910); Restatement (Third) Torts §§ 63, 424 (2012); Restatement (Third) Agency § 7.06 cmt. a. (2006).

**Jefferson Parish's Objection:** *Chaney v. Travelers Ins. Co.,* 259 La. 1, 7, 249 So. 2d 181, 186 (La. 1971); *McCormack v. Robin,* 126 La. 594 (1910); are cases that were decided before Louisiana became a comparative fault regime. The fault of all parties should be assessed, owners of land are not the only parties that are potentially responsible for alleged damages; the fault of all parties is to be assessed. Further, Plaintiff's discuss La. C.C. Art. 2317, which is directly discussed in Louisiana R.S 9:2800 and must be explained to the jury.

**Plaintiffs' Charge 3.30**

A governmental unit or corporation is liable for the damages caused by the fault of its employee, if the incident occurs while the employee is exercising the functions for which he was employed. Sometimes we shorten this principle to the statement that the employer is liable if its employee was acting in the course and scope of his employment.  In order to recover against the employer, the plaintiff must prove by a preponderance of the evidence: (1) the tortfeasor was an employee of the defendant; (2) the employee was at fault; and (3) the tort occurred during the exercise of the functions for which the employee was employed.  Source: 18 La. Civ. L. Treatise, Civil Jury Instructions § 16.2 (3d ed.)

**Defendants'** <mark>Charge – dueling charges:</mark>

Society requires that neighbors tolerate certain inconveniences because many lawful uses of property necessarily result in inconveniences to one's neighbors. The extent of inconveniences the property owner must tolerate depends upon the circumstances. When the actions cease to be inconveniences and become "real damage" which is compensable is a question of fact. You should consider the nature of the intrusion into the neighbor's property, plus the extent or degree of the damage.

(La. Civ. Code Art. 668; *McCastle v. Rollins Env. Servs. Of La,* 415 so. 2d 515 (La. 1982))

**Counter-charge by Plaintiffs:**  When a landfill abuts a residential neighborhood, the owner and operator have a duty to use "utmost caution" throughout the relevant period.  Jones v. Capitol Enterprises, Inc., 89 So.3d 474, 509 (La.App. 4th Dist. 2012) and, when noxious odors diffuse over adjoining residential property for 12 months, they are an actionable nuisance. Robichaux v. Huppenbauer, 258 La. 139 (La. 1971) (a stable kept in close proximity to residences, in a residential section of the city, from which noxious and offensive vapors, fumes, odors and stenches arise during a period of twelve months, and enter into and spread and diffuse themselves over the adjoining residential property, is such a nuisance as will sustain an action).

**Jefferson Parish's Comment:** *Jones v. Capitol Enterprises, Inc*, does not discuss a landfill. The law reads, "Defendants had a combined duty to use "utmost caution" throughout the project." The court also explains in *Robichaux v. Huppenbauer*, 258 La. 139, 151; 245 So.2d 385, 389–90 (1971), that a stable used for horses and other animals is not a nuisance per se. Whether any particular stable is or is not a nuisance is essentially a question of fact, in the determination of which, the stable's location, its construction, and the manner in which it is conducted are elements to be considered.

**Waste Connection Defendants' Response:** Plaintiffs' proposed charge is argumentative, unfairly prejudicial, unsupported by the cases it cites, and does not contain an accurate general statement of law. Whether an "actionable nuisance" exists is for the jury to decide based on the elements set forth in the Defendants' charge and the evidence presented at trial.

**Defendants'** Charge – dueling charges

Thus, even if you determine that emissions or odors from the Jefferson Parish Landfill reached a Plaintiff's residence, you must still determine whether those emissions or odors caused a mere inconvenience or real damage to the Plaintiff. In determining whether the Defendants' work caused real damage or mere inconvenience, you must determine the reasonableness of the Defendants' conduct in light of the circumstances. This analysis requires that you consider factors such as the character of the neighborhood, the degree of the intrusion and the effect of the activity on the health and safety of the neighbor. In this regard, you must determine whether the alleged invasion produces such a condition as, in the judgment of reasonable persons, would naturally produce actual physical discomfort to normal persons of ordinary sensibilities, tastes and habits.

(*Rodrigue v. Copeland*, 475 So. 2d, 1071, 1077-78 (La. 1985); *Allen v. Paulk*, 88 So. 2d 708, 709 (La. App. 2 Cir. 1966))

**Counter-charge by Plaintiffs:**  When a landfill abuts a residential neighborhood, the owner and operator have a duty to use "utmost caution" throughout the relevant period. ., 89 So.3d 474, 509 (La.App. 4th Dist. 2012) and, when noxious odors diffuse over adjoining residential property for 12 months, they are an actionable nuisance. Robichaux v. Huppenbauer, 258 La. 139 (La. 1971) (a stable kept in close proximity to residences, in a residential section of the city, from which noxious and offensive vapors, fumes, odors and stenches arise during a period of twelve months, and enter into and spread and diffuse themselves over the adjoining residential property, is such a nuisance as will sustain an action).

**Jefferson Parish's Comment:** *Jones v. Capitol Enterprises, Inc*, does not discuss a landfill. The law reads, "Defendants had a combined duty to use "utmost caution" throughout the project." The court also explains in *Robichaux v. Huppenbauer*, 258 La. 139, 151; 245 So.2d 385, 389–90 (1971), that a stable used for horses and other animals is not a nuisance per se. Whether any particular stable is or is not a nuisance is essentially a question of fact, in the determination of which, the stable's location, its construction, and the manner in which it is conducted are elements to be considered.

**Waste Connection Defendants' Response:** Plaintiffs' proposed charge is argumentative, unfairly prejudicial, unsupported by the cases it cites, and does not contain an accurate general statement of law. Whether an "actionable nuisance" exists is for the jury to decide based on the elements set forth in the Defendants' charge and the evidence presented at trial.

**Defendants'** <mark>**Charge – dueling charges**</mark>

The relevant factors that you should consider in finding whether a nuisance has been established are:

a. The place where Defendants' activities occur. You should consider the neighborhood, zoning and planning standards, and environmental goals.
b. The importance of Defendants' activities to the community as a whole.
c. The possibility, feasibility and cost of measures which would eliminate or reduce the harm to neighbors.
d. The sensitivity of the one complaining. Obviously, in the absence of malice, the courts cannot be expected to let the matter be governed by the most sensitive neighbor.

Source: *Jones v. Capital Enterprises, Inc.*, 2011-0956 (La. App. 4 Cir. 5/9/2012), 89 So. 3d 474, 508-509.

**Counter-charge by Plaintiffs:**  When a landfill abuts a residential neighborhood, the owner and operator have a duty to use "utmost caution" throughout the relevant period.  Jones v. Capitol Enterprises, Inc., 89 So.3d 474, 509 (La.App. 4th Dist. 2012) and, when noxious odors diffuse over adjoining residential property for 12 months, they are an actionable nuisance. Robichaux v. Huppenbauer, 258 La. 139 (La. 1971) (a stable kept in close proximity to residences, in a residential section of the city, from which noxious and offensive vapors, fumes, odors and stenches arise during a period of twelve months, and enter into and spread and diffuse themselves over the adjoining residential property, is such a nuisance as will sustain an action).

**Waste Connection Defendants' Response:** Plaintiffs' proposed charge is argumentative, unfairly prejudicial, unsupported by the cases it cites, and does not contain an accurate general statement of law. Whether an "actionable nuisance" exists is for the jury to decide based on the elements set forth in the Defendants' charge and the evidence presented at trial.

**Defendants Charge**

To recover under a theory of nuisance, a plaintiff must show some type of ownership interest in immovable property near that of the neighbor who allegedly caused the nuisance. That interest may be an ownership interest, leasehold interest, third-party interest, or more generally the interest of a person whose right derives from the owner.

See Roberts v. Cardinal Servs., Inc., 266 F.3d 368, 387 (5th Cir. 2001); Johnson v. Orleans Par. Sch. Bd., 2005-1488 (La. App. 4 Cir. 8/9/06), 938 So. 2d 219, 227.

Plaintiffs' Position:  okay

**Plaintiffs'** <mark>**Charge 3.26 and 3.37 – dueling charges**</mark>

<u>**Causation**</u>

**3.26** When I say that the plaintiffs have to prove that [one or more of] the Defendants' actions were a cause of his or her injury, I don't mean that the law recognizes only one cause of an injury.  You will have to decide, as to each defendant, whether its conduct was a contributing factor in causing this incident.  To make this determination, you should consider whether it is more likely than not that the Defendant's conduct created a force or series of forces which remain in continuous and active operation up to the time of the harm.  Source: Louisiana Supreme Court Rule XLIV

**Objections**:  By all defendants.  In this case, cause in fact and proximate cause are both relevant and need to be addressed.

**Defendants' Counter-charge**:  I will now instruct on the requisite element of causation, which consists of two elements: (1) cause-in-fact; and (2) proximate cause. As to cause-in-fact, when I say that the injury must be shown to have been caused by the defendant's conduct, I don't mean that the law recognizes only one cause of an injury, consisting of only one factor or thing, or the conduct of only one person. On the contrary, a number of factors may operate at the same time, either independently or together, to cause injury or damage. A defendant's conduct is a cause-in-fact if it is a substantial factor in bringing about Plaintiffs' harm.

(Adapted from H. Alston Johnson III, Louisiana Civil Law Treatise, Civil Jury Instructions, §3.3, Negligence, Cause-in-fact (3ed ed., October 2023 Update); *see also Perkins v. Entergy Corp.,* 2000-1372 (La. 3/23/01), 782 So. 2d 606)

**3.27** The Plaintiffs must establish that all of these essential parts of their case are more likely true than not true.  Questions addressed to all of these parts of the case will be given to you in the "verdict form" that you will receive at the end of the case and that you will take with you to fill out as part of your deliberations. Source: Louisiana Supreme Court Rule XLIV

**Objections**:  By all Defendants.  If the proposed charges are combined, Defendants do not object.

**Counter-charge:**  Cause-in-fact also involves two concepts known as general causation and specific causation.

**Plaintiffs' Charge <mark>3.27(a)</mark>**

Medical evidence of causation is not required if you find that the symptoms complained of by the Plaintiffs are within your common knowledge.  Further, the failure to seek formal medical treatment for such symptoms does not defeat a claim for general damages.  Jones v. Capitol Enterprises, Inc., 89 So.3d 474, 505-506 (La.App. 4th Dist. 2012) (physical symptoms virtually identical to this case: headaches, sleep disturbance, coughing, nausea, vomiting,  stress, frustration, anger, concern about future health effects; plaintiffs did not seek formal medical treatment)

**Jefferson Parish's Comment:** As stated in 3.25(a) the calculation of general damages is based on particular facts and circumstances of each case. Further, case law states that Expert medical testimony is required when the conclusion regarding medical causation is one that is not within common knowledge. *Arabie v. CITGO Petroleum Corp.,* 89 So.3d 307, 10-2605 (La. 3/13/12). An expert must rely on more than self-reported symptoms as a basis for exposure calculation. *Burst v. Shell Oil Co.,* 104 F.Supp.3d 773, 789 (E.D. La.2015).

**Waste Connection Defendants' Response:** Unfairly prejudicial and not an accurate statement of general law. Instructions on general damages are sufficient. General damages (entitlement and calculation) are for the jury to decide based on the evidence presented at trial.

**Plaintiffs' Charge** <mark>3.27(b)</mark>

Causation for general damages for pain and suffering may be established in three ways: (1) the circumstances of the case, (2) expert medical testimony or (3) the victim's testimony.  Jones v. Capitol Enterprises, Inc., 89 So.3d 474, 506 (La.App. 4th Dist. 2012)  Plaintiffs are not required to prove causation through scientific evidence of air monitoring data,  Arabie v. CITGO Petroleum Corp., 89 So.3d 307, 10-2605 (La. 3/13/12), or medical evidence.  Jones v. Capitol Enterprises, Inc. 89 So.3d 474, 506 (La.App. 4th Cir. 2012)

**Jefferson Parish's Comment:** As stated in 3.25(a) the calculation of general damages is based on particular facts and circumstances of each case. Further, case law states that Expert medical testimony is required when the conclusion regarding medical causation is one that is not within common knowledge. *Arabie v. CITGO Petroleum Corp.,* 89 So.3d 307, 10-2605 (La. 3/13/12). An expert must rely on more than self-reported symptoms as a basis for exposure calculation. *Burst v. Shell Oil Co.,* 104 F.Supp.3d 773, 789 (E.D. La.2015).

**Waste Connection Defendants' Response:** Unfairly prejudicial and not an accurate statement of general law. Instructions on general damages are sufficient. General damages (entitlement and calculation) are for the jury to decide based on the evidence presented at trial.

**Defendants' Charge:**

General causation has already been determined in this case. "[T]he issue of 'General Causation' is the determination of whether odors and gases were being emitted by the Jefferson Parish Landfill during the relevant time period and whether any such odors and gases were capable of producing the injuries claimed by any one [or] more of the Plaintiffs in this case." The Court has found as a factual matter that, at times during the relevant time period, odors and gases, including hydrogen sulfide, were being emitted by the Jefferson Parish Landfill in levels of at least 5 ppb of hydrogen sulfide over thirty minutes.  The Court also found an average exposure to 5 ppb of hydrogen sulfide over 30 minutes is capable of producing headaches, nausea, vomiting, loss of appetite, sleep disruption, dizziness, fatigue, anxiety and worry, a decrease in quality of life, and loss of enjoyment or use of property. (See Rec. Doc. 202, 323.  Defendants reserve their right to appeal the Court's ruling on general causation for the reasons set forth in their motion for leave for interlocutory appeal.  See R. Doc 324)

**Objections:**  Covered in Plaintiffs' requested charge or facts determined in general causation.

**Defendants' Charge:**

The question of specific causation is for you to decide. While general causation addresses whether the odor and gases emitted by the Jefferson Parish Landfill during the relevant time period were capable of producing the injuries claimed by any one or more of the Plaintiffs in this case, specific causation concerns whether the odor and gases emitted by the Jefferson Parish Landfill during the relevant time period traveled to the Plaintiffs' homes and were in fact the cause of the ailments or symptoms in each particular Plaintiff.

(*Pick v. Am. Med. Sys. Inc.* 958 F.Supp. 1151, 1164 (E.D. La. 1997) (Berrigan, J.)

Put another way, it must be shown that the Plaintiffs' injuries did in fact result from exposure to the odor and gases emitted by the Jefferson Parish Landfill during the relevant time period.

**Objection:** the Plaintiffs' instruction 3.2 and 3.27 is the pattern instruction. Further, the specific language of CC. §§2315 and 617 are embodied in Plaintiffs' charge 3.18.

**Defendants' Position**:

Given the unique framework of this case, the pattern charge is not sufficient. Given that the jury is going to be instructed that general causation has already been resolved, they need to understand that specific causation has **not** been resolved.

**Defendants' Charge**

**<u>Proximate Cause</u>**

Even if you determine that a defendant's negligence was a cause-in-fact of Plaintiffs' injuries, you must also consider whether the defendant's negligence was a *proximate* cause of Plaintiffs' injuries. There may be more than one proximate cause of a Plaintiffs' injuries. Proximate cause is when a plaintiff's injuries could be reasonably anticipated or foreseen by the defendant as a natural consequence of the wrongful act. You should consider whether too much else has intervened – such as time, space, people, or bizarreness – such that Defendants' role in causing Plaintiffs' injuries was too attenuated. A defendant is liable only for his own negligent acts; he is not responsible for damages caused by separate, independent, or intervening causes of damage.

**Objections:**  Plaintiffs' instruction 3.26 and 3.27 is the pattern instruction.

**Defendants' Position**:

Given the unique framework of this case, the pattern charge is not sufficient. The jury will hear evidence of multiple contributing sources of odor, and therefore they need to sufficiently understand the concept of proximate cause

**Defendants' Charge**:

Put another way, proximate cause asks whether you think that the standard applicable to the defendant's conduct was intended to protect this type of Plaintiff, from this type of harm, arising in this manner.  The Plaintiffs bear the burden of proving proximate causation.

*(Roberts v. Benoit,* 605 So.2d 1032, 1044 (La. 1991)

**Objections:**  Plaintiffs' instruction 3.26 and 3.27 is the pattern instruction.

**Defendants' position**:

Given the unique framework of this case, the pattern charge is not sufficient. The jury will hear evidence of multiple contributing sources of odor, and therefore they need to sufficiently understand the concept of proximate cause. This charge is essential to understanding the concept of duty/risk under Louisiana law, including that Defendants do not owe duties to all persons. The jury must decide whether Trial Plaintiffs fall within the class of persons to whom Defendants owe a duty.

**Defendants' <mark>Charge – dueling charges</mark>**

**<u>Pre-Existing Condition – Causation</u>**

The Plaintiffs are required to establish a causal link between the Defendants' conduct and the aggravation of any pre-existing conditions. If the evidence establishes that the Plaintiffs' condition was identical in all meaningful respects both before and after exposure to odor and gases emitted by the Jefferson Parish Landfill, the Plaintiffs have failed to carry their burden of proving causation for their injuries.

*Juneau v. Strawmyer*, 94-0903 (La. App. 4 Cir. 12/15/94), 647 So. 2d 1294, 1300.

**Plaintiffs' Counter-Charge:**  Under Louisiana law, a defendant takes his victim as he finds him.  Thus, defendants are responsible for all natural and probable consequences of their tortious conduct, including medical problems that are aggravated by the defendants' work or activity.  Jones v. Capitol Enterprises, Inc., 89 So.3d 474, 504 (La.App. 4th Dist. 2012)

**Defendants Position**:  Defendants' charge more appropriately addresses pre-existing condition as it relates to causation. Plaintiffs' counter-charge is duplicative of "Defendants' Charge Pre-Existing Condition Damages," to which there is no objection.

**Defendants'** <mark>**Charge – dueling charges**</mark>

## Comparative Fault

Louisiana law requires that you divide the total responsibility for Plaintiffs' injuries among all those who were proven to be at fault for causing the injuries, whether they are actually parties to this suit or not. You should do this by assigning percentages of fault to the various involved persons which will total 100%. You are free to assign whatever percentage you feel appropriate, based on your view of the extent to which each person's conduct contributed to the claimed injuries.

(La. Civ. Code 2323; *Thompson v. Winn-Dixie Montgomery, Inc.*, 2015-0477 (La. 10/14/15), 181 So. 3d 656, 663-664.)

**Plaintiffs' Position:**

This instruction does not state the law accurately.  Indeed, as the Court stated in *Bradbury v. Thomas*, 98-1678 (La. App. 1st Cir.  9/24/99, 757 So.2d 666, 680, "despite the mandate of Art. 2323, defendants are not relieved of the burden of proving that the phantom tort-feasor's conduct was a causative factor of the damages sustained and was a breach of duty to the Plaintiff."  In other words, defendants mush show all the elements – duty, breach, causation and damages. And, as this Court has already held in ECF 671 at 6, "Defendants bear the burden of rebutting Plaintiffs' causation evidence by showing 'some other particular [sources] could have caused the injur[ies],'" citing *Simon v. United States*, 51 F.Supp2d, 739, 746 (W.D. La. 1999), quoting *Davis v. Galilee Baptist Church*, 486, So.2d 1021, 1026 (La.App. 2d Cir. 1986).

**Defendants' Position:**

Defendants' proposed charge is an accurate statement of Louisiana law. The phrase "those who were proven to be at fault for causing the injuries" encompasses the elements of duty, breach, causation and damages.

**Plaintiffs' Charge 3.25 – dueling charges**

<u>Damages</u>

In a minute, I will tell you about the verdict form which allow you to decide whether you will choose to award any amount to [any] Plaintiff and, if so, how much.  Whether or not any amount should be awarded is solely for you to decide.  A decision about damages is entirely up to you, and your decision should be based on the evidence, not solely on amounts of money suggested by any of the lawyers in closing arguments.  Source: Louisiana Supreme Court Rule XLIV

**Objection**:  Defendants' charge is the pattern charge.


**Counter-charge by all Defendants**:

If Plaintiffs have proven their claim against Defendants by a preponderance of the evidence, you must determine the damages to which Plaintiffs are entitled. You should not interpret the fact that I am giving instructions about Plaintiffs' damages as an indication in any way that I believe that Plaintiffs should, or should not, win this case. It is your task first to decide whether Defendants are liable. I am instructing you on damages only so that you will have guidance in the event you decide that Defendants are liable and that Plaintiffs are entitled to recover money from Defendants

Source: Pattern Civ. Jury Instr. 5th Cir. 15.1 (2020)

**Defendants' Position**:  Defendants' charge is the Fifth Circuit pattern charge.

**Plaintiffs' Position:**

Rule XLIV adequately states the law without the Defendants' additions which slant the instruction.  When substantive issues are under consideration, the La. Sup. Ct. Rule should apply.

**Plaintiffs' Charge 3.25(a)**

General damages for physical ailments, disturbance to daily activities and loss of use and enjoyment of property can be assessed for nuisance endured throughout the relevant period, even though the odors may not have been suffered each day.  Jones v. Capitol Enterprises, Inc., 89 So.3d. 474, 508 (La.App. 4th Dist. 2012)

**Jefferson Parish's Objection:** The law in this case states that general damages cannot be fixed with exactitude and that no mechanical rule exists for calculating general damages; rather such damages are based on the particular facts and circumstances of each case.

**Waste Connection Defendants' Response:**  Unnecessary. Instructions on general damages are sufficient. General damages are for the jury to decide based on the evidence presented at trial.

**Defendants'** <mark>**Charge:**</mark>

If you find that Defendants are liable to Plaintiffs, then you must determine an amount that is fair compensation for Plaintiffs' damages. These damages are called compensatory damages. The purpose of compensatory damages is to make a Plaintiff whole—that is, to compensate Plaintiff for the damage that he or she has suffered. Compensatory damages are not limited to expenses, if any, that Plaintiff may have incurred because of his or her injury. If Defendants are found to be liable, Plaintiffs are entitled to compensatory damages for the physical injury, pain and suffering, mental anguish, loss of quality of life, and discomfort that they suffered because of emissions from the Jefferson Parish Landfill.

(Pattern Civil Jury Instruction 5th Cir. 15, Consider Damages Only If  Necessary (2024))

**Objections**:  none

**Defendants' <mark>charge:</mark>**

You may award compensatory damages only for injuries that Plaintiffs prove were proximately caused by Defendants' allegedly wrongful conduct. The damages that you award must be fair compensation for all of Plaintiffs' proven damages, no more and no less. Damages are not allowed as a punishment and cannot be imposed or increased to penalize Defendants.  You should not award compensatory damages for speculative injuries, but only for those injuries that Plaintiffs have actually suffered

**Objections**:  none

**Defendants' Charge:**

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that Plaintiffs prove the amount of their damages with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit

**Objections:** none

**Plaintiffs' Charge 15.2 (adopted to this case) – dueling charges**

You should consider the following elements of damages where you find them appropriate from the facts and circumstances in evidence:

    (1) physical harm and pain and suffering including headaches, nausea, vomiting, loss of appetite, sleep disruption, dizziness, fatigue, anxiety and worry;

    (2) decrease in quality of life;

    (3) loss of use of enjoyment of property

**Objections:** By all Defendants. Not supported by law. Assumes facts that the jury is tasked with deciding. Unfairly prejudicial and suggestive. Unnecessary.

**Counter-Charge by all Defendants**: You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

(Pattern Civil Jury Instruction 5th Cir. 16.2, Compensatory Damages)

**Plaintiffs' Position**:

Plaintiffs' charge states the law. *Jones v. Capitol Enterprise*s, 89 So.3d 474, 493-501 sets forth in detail the recoverable physical symptoms, including all og the ones complained of by the Plaintiffs (and set froth in (1) above), the decrease in quality of life and the loss of use and enjoyment of property which occurred in that case and which are common to this case. No objection to adding Defendants' counter charge to the end of Plaintiffs' charge.

**Defendants'** <mark>**Charge: - dueling charges**</mark>

**Statements Of Counsel As To Damages**


Statements of any attorney in this case as to his estimate of dollar amounts to be awarded for any claims such as pain and suffering or similar claims, are not evidence and you should disregard them. The determination of damages is solely your function, and your decision must be based on competent evidence, and not upon figures suggested by an attorney.

(H. Alston Johnson III, Louisiana Civil Law Treatise, Civil Jury Instructions, §1.4, Statements by counsel as to damages (3d ed., October 2023 Update)

**Objection**:  No Per diem and dollar amount arguments are allowed in Louisiana

*Little v. Hughes*, 136 So.2d 448, 452-453 (La. Ct. App. 1961), cited with approval in *Buckbee v. Aweco, Inc.,* 626 So.2d 1191, 1194 (La. Ct. App. 1993), on reh'g in part (Sept 29, 1993), writ denied sub nom

*Buckbee v. United Gase Pipeline Co.,* 631 So.2d 1162 (La. 1994); Accord, *Colburn v. Bunge Towing*, 883 F.2d 372, 376 (4th Cir. 1989).

**Defendants' Position:**  Defendants' proposed charge is proper.  It clarifies that attorney arguments as to damages are not evidence. Defendants are not contending that the arguments cannot be made, but that the jury should be instructed that those arguments are not evidence.

Plaintiffs' Position: The Court has already ruled on Defendants' Motion in Limine in this regard so per diem and dollar amount arguments are allowed in Louisianna as set forth int Plaintiffs' brief on the Golden Rule and other objections by Defendants which have been denied by the Court.

**Defendants'** <mark>**Charge**</mark>

## **Pre-Existing Condition Damages**

In your consideration of the items of damage, you should bear in mind that under the law the one liable or responsible for an accident must take the injured person as he finds him, and is responsible for all the natural and probable consequences of his wrong, even though they are more serious or harmful by reason of a pre-existing condition, physical defect or weakness of the injured person. If the accident results in aggravation of a previous condition of disability or of pain of the injured person, the one responsible is liable both for the aggravation of the pre-existing condition and for any new injuries resulting from the accident.

**Plaintiffs' Position**:  no objection

**Defendants' Charge**

However, Plaintiff must prove by a preponderance of the evidence (1) the prior existing condition and (2) the extent of the aggravation. If you find that Plaintiff would have faced this aggravation of his condition whether exposed to Jefferson Parish Landfill odors or not, then Plaintiff is not entitled to damages or that portion of his claim, since the Defendant is not responsible for the normal and natural results of Plaintiff's prior condition.


(H. Alston Johnson III, Louisiana Civil Law Treatise, Civil Jury Instructions, § 18.10, Aggravation of pre-existing condition (3d ed., October 2023 Update)

**Objections:** Duplicative of prior instruction

**Defendants' Position:** Defendants' proposed charge is proper and an accurate statement of the law.

**Defendants'** <mark style="background-color:red">**Charge**</mark>

**Damages-Only Individual Damages Are Recoverable**


Plaintiffs may recover damages only for the harm caused to them as individuals, not to the general community or neighborhood, and only if they can prove that the actions of defendants were a proximate cause of that harm.

**Plaintiffs' Position:**  not necessary, Plaintiffs are not trying to claim damage for the general community or neighborhood.

**Defendants' Position:**  Defendants' proposed charge is proper and an accurate statement of the law, and is necessary given the "harm to the community" evidence that Plaintiffs intend to present.

**Defendants' Charge**

A person who claims damages resulting from the wrongful act of another has a duty under the law to use reasonable diligence to mitigate his or her damages, that is, to avoid or to minimize those damages.

If you find the Defendants liable and the Plaintiffs suffered damages, the Plaintiffs may not recover for any item of damage which they could have avoided through reasonable effort. If you find that Defendants proved by a preponderance of the evidence that the Plaintiffs unreasonably failed to take advantage of an opportunity to lessen their damages, you should deny the Plaintiffs recovery for those damages that they would have avoided had they taken advantage of the opportunity.

You are the sole judge of whether the Plaintiffs acted reasonably in avoiding or minimizing their damages. An injured Plaintiff may not sit idly by when presented with an opportunity to reduce his or her damages. However, a Plaintiff is not required to exercise unreasonable efforts or incur unreasonable expenses in mitigating the damages. The Defendant has the burden of proving the damages that the Plaintiff could have mitigated. In deciding whether to reduce the Plaintiff's damages because of a failure to mitigate, you must weigh all the evidence in light of the particular circumstances of the case, using sound discretion in deciding whether the Defendant has satisfied his burden of proving that the Plaintiff's conduct was not reasonable.

(Pattern Civil Jury Instruction 5th Cir. 15.5, Mitigation of Damages (2024))

**Plaintiffs' Position:**  Defendants have offered no evidence on mitigation and have disclaimed an intention of questioning or arguing that Plaintiffs should have moved

**Defendants' Position**:  Defendants do not intend to argue that Plaintiffs failed to mitigate their damages by failing to move. But until Defendants hear the Trial Plaintiffs' trial testimony, they cannot know whether a failure to mitigate charge (based on some other reason) is appropriate, and they reserve their right to assert this charge.

**Defendants' Charge**

**<u>Multiple Plaintiffs</u>**

Although there are 13 Plaintiffs in this matter, that does not mean that if you find that one should recover, you must decide that all should recover. For example, you may find that Jefferson Parish Landfill emissions traveled to the home of one Plaintiff but not another, or that one Plaintiff suffered real damage and another experienced a mere inconvenience. You should decide the case as to each Plaintiff according to the instructions that I have given you.

(H. Alston Johnson III, Louisiana Civil Law Treatise, Civil Jury Instructions, § 2.7, Multiple plaintiffs (3d ed., October 2023 Update)

**Plaintiffs' Objection:** Not supported by citation after first sentence.

**Defendants' Position:** necessary to assist jury in resolving claim as to 13 different people with 13 different sets of circumstances.

**Plaintiffs'** <mark>Charge -dueling charges</mark>

Although there are three Defendants in this case, it does not follow from this fact alone that if one is liable, all are liable.  Each Defendant is entitled to a fair consideration of its own defense, and is not to be prejudiced by the fact, if it should become a fact, that you return a verdict against all three Defendants.  Unless I indicate otherwise, all instructions I give you apply as to each Defendant

**Objections**:  Defendants' instruction is not supported by the citation

**Counter-Charge by all Defendants:**  And although there are 5 defendants, that does not mean that if you find that one is at fault, you must decide that all are at fault. For each defendant, you must consider whether Plaintiffs have proven that the specific defendant committed some action or inaction which constitutes a failure to exercise reasonable care under the circumstances. For example, you may find that one defendant had a responsibility to take additional precautions and failed to do so, but another defendant had no such responsibility. If Plaintiffs have not proven that a defendant committed an action or inaction that breached his duty to exercise reasonable care, you should find that defendant not liable. You should decide the case as to each defendant according to the instructions that I have given you.  (H. Alston Johnson III, Louisiana Civil Law Treatise, Civil Jury Instructions, § 2.8, Multiple defendants (3d ed., October 2023 Update).

**Defendants' Position**:  Defendants' position: necessary to assist jury in resolving claim as to 5 different defendants, especially given Plaintiffs' desire to lump some of the Defendants together. The jury should be instructed that they may decide that some Defendants owed a duty and other Defendants did not.

**Plaintiffs' Position**:  The Waste Connections defendants should be considered as one.  As a result, Plaintiffs' instruction is the proper one.

**Defendants' Response:** The Waste Connections Defendants are three separate corporate entities that were each named as defendants in this lawsuit.  They should not be treated as one. There are 5 defendants in this lawsuit, not 3.

Plaintiffs' Charge 3.31

At this point, I am going to show you the Verdict Form and explain it to you.

The first question is whether you find, by a preponderance of the evidence, that any one or more of the Defendants knew, or through the exercise of reasonable care should have known, that allowing noxious odors to escape from the Jefferson Parish Landfill would likely cause harm, disruption of life or loss of use and enjoyment of property to persons in surrounding neighborhoods, that the Defendant failed to exercise reasonable care to prevent the escape of such noxious odors, and that the exercise of reasonable care would have prevented the escape of the noxious odors.  Because there are three Defendants, you will answer that question as to each defendant.  If your answer to that question is "yes" as to any Defendant, you will go on to Question 2.

The next question is whether you find, by a preponderance of the evidence, that any one or more of the Defendants carried on any work or activity at the Jefferson Parish Landfill which would likely cause damage to or deprive a neighbor of the liberty of enjoying his or her own property and knew, or in the exercise of reasonable care should have known, that its work or activity would likely cause damage, the damage could have been prevented by the exercise of reasonable care, and it failed to exercise such reasonable care.  Again, because there are three Defendants, you will answer the question as to each Defendant.  If you have answered either Question 1 or question 2 "yes" as to any Defendant, you will go on to Question 3.

Question 3 is whether you find, by a preponderance of the evidence, that the actions or inactions of any Defendant as to whom you have answered "yes" in Questions 1 and 2 was a contributing cause of harm to one or more of the Plaintiffs.  Because there are 13 Plaintiffs, there is a chart so that you can answer as to each Plaintiff.

As to any Plaintiff as to whom you answered "yes" in Question 3, in Question 4 you will answer the dollar amount you find appropriate to compensate such Plaintiff for the harm or disruption of life or loss of use and enjoyment of property which he or she suffered.  And, as to any such Plaintiff, you will answer whether any portion of such Plaintiff's damage was caused by his or her not being a person of normal sensibilities and, if so, what percent.

If you have awarded damages to any Plaintiff, you will go on to Question 5.  In question 5, you will determine the percentage of fault as to each Defendant as to whom you have answered "yes" in Questions 1 and 2, for causing the harm to any Plaintiff to whom you have awarded damages.  You may determine that one of those Defendants has all the fault or none of the fault or anything in between, but the total of your allocation of fault among the Defendants as to whom you have answered "yes" in questions 1 and 2 must equal 100%.  Source: Developed by Plaintiffs to explain their proffered Verdict Form.

 **Objection:**  Defendants object to Plaintiffs' proposed verdict form. Additionally, the verdict form will speak for itself

**Plaintiffs' Position**:  The Pattern Instructions contemplate that the court will explain the Verdict Form.

**Plaintiffs'** <mark>**Charge 3.32**</mark>

Duty to Deliberate; Notes.  It is now your duty to deliberate and to consult with one another in an effort to reach a verdict.  Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors.  During your deliberations, do not hesitate to re-examine your own opinions and change your mind if you are convinced that you were wrong.  But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case. Source: Pattern Civ. Jury Instr. 5th Cir. 3.7 (2020)

**Objections**:  none

**Plaintiffs' Charge 3.33**

Remember at all times, you are the judges of the facts.  You have been allowed to take notes during this trial.  Any notes that you took during this trial are only aids to memory.  If your memory differs from your notes, you should rely on your memory and not on your notes.  The notes are not evidence.  If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors.  Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.  Source: Pattern Civ. Jury Instr. 5th Cir. 3.7 (2020)

**Objections:**  none

**Plaintiffs'** <mark>Charge 3.34</mark>

<u>Closing Instructions</u>

When you go into the jury room to deliberate, you make take with you a copy of this charge, the exhibits that I have admitted into evidence, [the stipulations of the parties, the facts that I have instructed you were established in a prior proceeding in this case,] and your notes.  You must select a jury foreperson to guide you in your deliberations and to speak for you here in the courtroom.  Source: Pattern Civ. Jury Instr. 5th Cir. 3.7 (2020), adapted to taken into account stipulations and the Findings of Fact in General Causation.

**Objections:**  Defendants agree that it is appropriate to inform the jury that the Court's general causation holdings are to be considered by the jury, but Defendants reserve their right to object to the characterization of the Court's general causation holdings that will be represented to the jury, and they reserve their right to seek appellate review of the Court's general causation holdings.

**Defendants' <mark>Charge:</mark>**

You are nine in number. The law requires that all nine of you agree in order to render a verdict for either side. You have 13 separate claims before you, and 13 verdicts to render. When all nine of you are of the same opinion about a claim, that ends your deliberation and that opinion should be your verdict.

**Objections:**  not necessary, see 3.35

**Defendants' Position**:  necessary to clarify that they may resolve claims of some trial plaintiff's but not others.

**Plaintiffs'** **Charge 3.35**

Your verdict must be unanimous.  After you have reached a unanimous verdict, your jury foreperson will fill out the answers to the written questions on the verdict form and sign and date it.  After you have concluded your service and I have discharged the jury, you are not required to talk with anyone else about the case.  Source: Pattern Civ. Jury Instr. 5th Cir. 3.7 (2020)

**Objections**:  none

**Defendants' <mark>Charge:</mark>**

As you reach each verdict, fill out the blanks on the special verdict form.  After all 13 verdicts have been reached, the foreperson must sign the forms, and deliver them back to me in open court.

**Objection:**  Not Necessary under Plaintiffs' verdict form

**Defendants' Position**:  Is necessary under Defendants' verdict form

**Plaintiffs'** <mark>**Charge 3.36**</mark>

If you need to communicate with me during your deliberations, the jury foreperson should write the inquiry and give it to the court security officer.  After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom.  Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any questions.
Source: Pattern Civ. Jury Instr. 5th Cir. 3.7 (2020)


**Objections:**  none

**Plaintiffs' Charge 3.37**

You may now proceed to the jury room to begin your deliberations.

Source: Pattern Civ. Jury Instr. 5th Cir. 3.7 (2020)

**Objections:** none

*13638800*