UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FREDERICK ADDISON, ET AL.,** <br>    Plaintiffs <br><br> **VERSUS** <br><br> **LOUISIANA REGIONAL LANDFILL COMPANY, ET AL.,** <br>    Defendants <br><br> *Applies to: All Cases* | **CIVIL ACTION** <br><br> **NO. 19-11133, c/w 19-14512** <br><br> **SECTION: "E" (5)** <br><br><br> **JUDGE: Morgan** <br> **MAGISTRATE JUDGE: North** |

## JOINT STATEMENT OF THE CASE

The Addison Trial Plaintiffs[1] and Defendants Aptim Corp. ("Aptim"), Jefferson Parish ("Parish"), Louisiana Regional Landfill Company, Waste Connections Bayou, Inc. and Waste Connections US, Inc. (the "Waste Connections Defendants," and together with Aptim and Parish, collectively, "Defendants"), pursuant to this Court's Thirteenth Case Management Order (R. Doc. 498), respectfully submit the following Joint Statement of the Case to be read by the Court to the prospective panel of jurors prior to the commencement of voir dire.

While the parties have agreed to the vast majority of the joint statement, despite the parties' best efforts, they have been unable to reach agreement as to one sentence, related to the role of Defendants Waste Connections Bayou, Inc. and Waste Connections US, Inc. The parties have left a placeholder for this sentence, and have set out their respective positions below. Defendants Aptim and the Parish take no position on the contested portion of the statement.

---

[1] The Trial Plaintiffs are Stanley Meyers, Geneva Green, Jonathan Tate, Reshaun Richardson, Mary Ann Winningkoff, Andrew Section, Vernice Lewis, Tyrone Thompson, Terrance Thompson, Wendy Gremillion, Scott Gremillion, and the Gremillions' two minor children A.G. and B.G.

1

1. **Agreed Portion of Statement of the Case**

    This case involves the claims of thirteen individuals alleging that repeated malodors from the Jefferson Parish Landfill had significant adverse effects on them between July 1, 2017 and December 31, 2019. Defendant Jefferson Parish is the owner of the Jefferson Parish Landfill and entered into separate contracts with Defendant Aptim Corp. and with Defendant Louisiana Regional Landfill Company to operate and maintain certain aspects of the Landfill. **[PLACEHOLDER FOR DESCRIPTION OF WASTE CONNECTIONS BAYOU, INC. AND DEFENDANT WASTE CONNECTIONS US, INC.]**

    Each of the Trial Plaintiffs alleges that the Defendants did not exercise reasonable care in owning, operating, or maintaining the Jefferson Parish Landfill, which allowed the malodors to escape from the landfill and reach the homes of the thirteen Trial Plaintiffs. The Trial Plaintiffs allege that these malodors adversely affected their health, use and enjoyment of their property, quality of life, and activities of daily living.

    Defendants deny that they are liable to the Trial Plaintiffs for any of their claims or that the Trial Plaintiffs are entitled to the damages they seek. Defendants maintain that landfills are a necessary part of modern life, that all landfills will produce some odors, and that they always took reasonable precautions in the work they conducted at the Jefferson Parish Landfill. It is Defendants' position that the Jefferson Parish Landfill may have caused some occasional inconveniences, but it did not cause any significant injury to the Trial Plaintiffs, and in any event, that the Trial Plaintiffs were exposed to and impacted by particular sources of odors other than the Jefferson Parish Landfill.

    The Trial Plaintiffs are represented by Forrest Cressy & James LLC and Whiteford, Taylor & Preston LLP. Defendant Aptim Corp. is represented by Gieger, Laborde & Laperouse, LLC.

Defendant Jefferson Parish is represented by Connick & Connick, LLC. Defendants Louisiana Regional Landfill Company, Waste Connections Bayou, Inc., and Waste Connections US, Inc. are represented by Liskow & Lewis, APLC and Beveridge & Diamond, P.C.

## 2. Waste Connections Defendants' Proposed Insert

The Waste Connections Defendants propose the following insert on the role of Waste Connections Bayou, Inc. and Waste Connections US, Inc., to which Plaintiffs have objected:

> The parties dispute whether Defendant Waste Connections Bayou, Inc. and Defendant Waste Connections US, Inc. were involved in any operation or decision-making related to the Landfill.

## 3. Plaintiffs' Proposed Insert

Plaintiffs propose the following insert on the role of Waste Connections Bayou, Inc. and Waste Connections US, Inc., to which the Waste Connections Defendants have objected:

> Louisiana Regional Landfill Company and the other two Defendants – Defendant Waste Connections Bayou, Inc. and Defendant Waste Connections US, Inc., are wholly-owned subsidiaries of Waste Connections, Inc., and are referred to as "Waste Connections" throughout the evidence you will hear.

## 4. Waste Connections Defendants' Position

The Waste Connections Defendants maintain that this statement is intended to be a joint statement of the case, to which all parties agree, and which is intended to provide the jury with a short description of what the case is about. It is not intended to be an opportunity for advocacy or to preview evidence whose admissibility is still in dispute and will be subject to trial objections. The parties clearly do not agree on what involvement Waste Connections Bayou, Inc. and Waste Connections US, Inc. had in this case. Given the lack of agreement on the role of Waste Connections Bayou, Inc. and Waste Connections US, Inc., discussion of the issue should be limited to neutral statements.

In a previous draft of the joint statement of the case, the Waste Connections Defendants wished to include clarification that Waste Connections Bayou, Inc. and Waste Connections US, Inc. were not parties to any contract with the Parish – an accurate statement – but the Parish objected. In light of the Parish's objection, and recognizing that this is supposed to be a joint statement, the Waste Connections Defendants agreed to remove this language. Similarly, Plaintiffs should accept that they cannot insist on objected-to language – even accurate language – being included in what the jury will be told is a joint statement of the case.

While it is true that Louisiana Regional Landfill Company, Waste Connections Bayou, Inc. and Waste Connections US, Inc., are wholly-owned subsidiaries of Waste Connections, Inc., their corporate affiliation to a non-party has no relevance and therefore is inappropriate for a short statement of the case which is intended to give the jury the high points on what the case is about. The purpose of the Rule 7.1 Corporate Disclosure, upon which Plaintiffs rely for their proposed statement, is to allow prospective judges to recuse themselves from a matter if they have an interest in a corporation that is a party or party affiliate. It is not a pleading relevant to responsibility of the entities disclosed.

Further, the Waste Connections Defendants intend to object to Louisiana Regional Landfill Company, Waste Connections Bayou, Inc. and Waste Connections US, Inc. being referred to collectively as "Waste Connections," which is a brand, not an entity. The Waste Connections Defendants have used the term "Waste Connections Defendants" for convenience in briefing and argument, and have plainly not waived any rights of corporate independence by doing so. This remains a disputed issue and therefore it is not appropriate to inform the jury that they will hear the Waste Connections Defendants referred to in such a manner.

4

Plaintiffs' proposed insert is not neutral and is therefore inappropriate for what is supposed to be a joint statement. The Waste Connections Defendants have suggested: "The parties dispute whether Defendant Waste Connections Bayou, Inc. and Defendant Waste Connections US, Inc. were involved in any operation or decision-making related to the Landfill." This is an accurate and neutral statement and appropriately previews what will be a disputed issue at trial.

5. **Plaintiffs' Position**

Plaintiffs' proposed language is necessary for the jury to understand who the Waste Connections Defendants are and their relationship to one another, as referenced in the documentary evidence and testimony. Indeed, the Waste Connections Defendants' Corporate Disclosure (ECF 1-4 filed 6/10/19 at 3) states that: "Louisiana Regional Landfill Company, Waste Connections Bayou, Inc. and Waste Connections US, Inc. ("Waste Connections Defendants")" certify that "Louisiana Regional Landfill Company, Waste Connections Bayou, Inc. and Waste Connections US, Inc. are wholly-owned subsidiaries of Waste Connections, Inc. . . . a publicly held corporation trading on the Toronto Stock Exchange and the New York Stock Exchange under the symbol WCN." Similarly, in the current pretrial order (ECF 634 at 4), the Waste Connections Defendants described themselves as "affiliated companies . . . . These three Defendants are referred to herein as the 'Waste Connections' Defendants." Thus, Defendants themselves repeatedly refer to themselves as "affiliates" and "wholly-owned subsidiaries of Waste Connections, Inc.," and as the "Waste Connections Defendants," consistent with the way they have described themselves to the court, the Plaintiffs and in the evidence. The jury needs this information to understand the relationship; for example, to understand email signature blocks, such as Dawn Thibodaux's, which references that she is the Office Manager for "Jefferson Parish Landfill, IESI LA Landfill Corp, Waste Connections, Inc." or Joe Laubenstein's which just says "Director of CCR Disposal, Waste

5

Connections." According to the Louisiana Secretary of State, "IESI LA Landfill Corporation" (in Dawn Thibodaux's signature block) is the prior name of Waste Connections Bayou, Inc. However, it is plain from the thousands of pages of documents and correspondence in this case that all of these entities do business under the trade name "Waste Connections."

Respectfully submitted,

FORREST CRESSY & JAMES, LLC

By: ___/s/ S. Eliza James___
Byron M. Forrest (La. Bar No. 35480)
Nicholas V. Cressy (La. Bar No. 35725)
S. Eliza James (La. Bar No. 35182)
1222 Annunciation Street
New Orleans, Louisiana 70130
Tele:(504) 605.0777
Fax: (504) 322.3884
Email: byron@fcjlaw.com
          nicholas@fcjlaw.com
          eliza@fcjlaw.com

WHITEFORD, TAYLOR & PRESTON, L.L.P.

By: ___/s/ Eric C. Rowe___
C. Allen Foster (Admitted Pro Hac Vice)
Eric C. Rowe (Admitted Pro Hac Vice)
Harry S. Johnson (Admitted Pro Hac Vice)
James Jeffcoat (Admitted Pro Hac Vice)
WHITEFORD, TAYLOR & PRESTON, L.L.P.
1800 M Street, NW, Suite 450N
Washington, DC 20036
Tele:   (202) 659.6800
Fax:    (202) 331.0573
Email:  cafoster@whitefordlaw.com
          erowe@whitefordlaw.com
          hjohnson@whitefordlaw.com
          jjeffcoat@whitefordlaw.com
          mchilders@whitefordlaw.com

*Counsel For Addison Plaintiffs*

6

LISKOW & LEWIS, APLC

By:    /s/ Michael C. Mims
      Michael Cash (#31655)
      Cherrell Simms Taplin (#28227)
      Michael C. Mims (#33991)
      Brady M. Hadden (#37708)
      J. Hunter Curtis (#39150)
      Alec Andrade (#38659)
      701 Poydras Street, Suite 5000
      New Orleans, Louisiana  70139
      (504) 581-7979

BEVERIDGE & DIAMOND, P.C.

Megan R. Brillault (*pro hac vice*)
Michael G. Murphy (*pro hac vice*)
John H. Paul (*pro hac vice*)
Katelyn E. Ciolino (*pro hac vice*)
Katrina M. Krebs (*pro hac vice*)
825 Third Avenue, 16th Floor
New York, NY 10022
(212) 702-5400

James B. Slaughter (*pro hac vice*)
1900 N Street, NW, Suite 100
Washington, DC 20036
(202) 789-6000

Michael F. Vitris (*pro hac vice*)
400 W. 15th Street, Suite 1410
Austin, TX 78701
(512) 391-8035

*Counsel for Defendants Louisiana Regional Landfill Company, Waste Connections Bayou, Inc., and Waste Connections US, Inc.*

CONNICK AND CONNICK, LLC

By:    /s/ William P. Connick
William P. Connick, La. Bar No. 14158
Michael S. Futrell, La. Bar. No. 20819

                    Anya M. Jones, La. Bar. No. 36923
                    Matthew D. Moghis, La. Bar. No. 33994
                    3421 N. Causeway Blvd., Suite 408
                    Metairie, Louisiana 70002
                    Telephone: (504) 681-6658
                    Facsimile: (504) 838-9903
                    E-mail: moghis@connicklaw.com

                    *Counsel for Defendant Jefferson Parish*


                    GIEGER, LABORDE & LAPEROUSE, L.L.C.

                    By:   /s/ Michael DiGiglia
                    Ernest P. Gieger, Jr. (6154)
                    John E. W. Baay (22928)
                    J. Michael DiGiglia (24378)
                    Nicholas S. Bergeron (37585)
                    Hancock Whitney Center
                    701 Poydras Street, Suite 4800
                    New Orleans, Louisiana 70139
                    Telephone: (504) 561-0400
                    Facsimile: (504) 561-1011

                    *Attorneys for Defendant Aptim Corp.*


## CERTIFICATE OF SERVICE

      I hereby certify that the foregoing was electronically filed on July 29, 2024. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                /s/ Michael C. Mims