UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FREDERICK ADDISON, ET AL.,** | CIVIL ACTION |
| Plaintiffs | NO. 19-11133, c/w 19-14512 |
| V. | SECTION: "E" (5) |
| **LOUISIANA REGIONAL LANDFILL COMPANY, ET AL.,** | |
| | JUDGE: Morgan |
| Defendants | MAGISTRATE JUDGE: North |
| *Applies to: Both Cases* | |

## PLAINTIFFS' OBJECTIONS TO PROPOSED TRIAL EXHIBITS

Plaintiffs submit the following objections to the trial exhibits proposed by the Defendants in this case.

In general, Plaintiffs do not assert any foundational objections to party-generated documents in this case; i.e. documents bearing bates number APTIM-xxx, JP_JPLF_xxx, or WC-JP_JPLF_xxx, and that were prepared by the generating party (as opposed to documents reproduced from somewhere else). Likewise, Plaintiffs do not assert authenticity objections to documents generated by the LDEQ, treating documents shown to be downloaded from the LDEQ website as self-authenticating. However, unless specifically waived, Plaintiffs do not waive, and instead preserve, foundational objections with respect to documents created by other entities who are not a party to this lawsuit.

Defendants collectively have designated more than 5,000 separate trial exhibits in this case. Because only a fraction of these documents will realistically be presented at trial, it makes little practical or economic sense to scour every document for evidentiary objections in advance.

However, many of the documents are objectionable by category. Set out below are objections by category and lists of the exhibits are attached for ease of reference. Given the number of documents involved, Plaintiffs reserve the right to assert objections that may have been overlooked.

In addition to the documents listed below, Plaintiffs understand that all expert reports and depositions are to be removed from the exhibit list. These documents are not referred to in this filing. However, except for testimony presented through depositions, all such documents are hearsay and not admissible at trial.

## I.     PLAINTIFFS' MEDICAL RECORDS.

During the course of this case, Defendants subpoenaed, or obtained through authorizations, the medical records of each of the Plaintiffs, in some cases going back decades, and in the case of the minors, for their entire lives. These are listed on **Exhibit 1.** Defense expert Dr. Brobson Lutz has calculated that the medical records consist of more than 41,000 pages. Defendants appear to have designated all of them (thousands and thousands of pages) as trial exhibits, whether they are relevant or not. And they are not. Medical testimony is not required to prove the damages sought in this case. *See Stephens v. BP Expl. & Prod. Inc.,* No. CV 17-4294, 2022 WL 1642136, at *4 (E.D. La. May 24, 2022) ("these types of transient or temporary medical conditions are likely within the common knowledge of lay people"); *Guidry v. Dow Chem. Co*., No. CV 19-12233, 2021 WL 4460505, at *2 (E.D. La. Sept. 29, 2021), .*See Jones v. Capitol Enterprises, Inc*., 2011-0956 (La. App. 4 Cir. 5/9/12), 89 So. 3d 474, 506-7, writ denied, 2012-1634 (La. 10/26/12), 99 So. 3d 651 (medical testimony not required regarding symptoms following exposure to silica from sandblasting).

The medical records are hearsay. In bulk, presentation of all the medical records as exhibits should be prohibited under Rule 403 because such a presentation results in confusing the issues,

misleading the jury, wasting time and needlessly presenting cumulative evidence. Moreover, the medical records contain private information regarding the Plaintiffs which should not be disseminated publicly absent a legitimate cause, which is not present here, and the prejudice to the Plaintiffs outweighs any possible probative value.

**II.     THIRD PARTY DECLARATIONS.**

Waste Connections has offered **Trial Exhibit 3233** as consisting of "Declarations of Jefferson Parish Residents." The declarations are out of court statements offered for the truth of the matter asserted. Thus, they are hearsay, inadmissible under FRE 802. These documents are not relevant, as they do not bear on any issue in the case, and, even if relevant, should be excluded under Rule 403 because any probative value is outweighed by the prejudice to the Plaintiffs in having to deal with the issues raised in the declarations.

**III.    SCHOLARLY PAPERS.**

Waste Connections has cited as trial exhibits hundreds of scholarly papers, which are listed on **Exhibit 2.** Plaintiffs understand from counsel that Waste Connections has designated all of the papers referred to in all of the expert reports and were listed in the off chance that one of the experts might be cross-examined on them. In the absence of a showing of relevance by Waste Connections (or any of the Defendants), Plaintiffs object to these exhibits as not relevant and on hearsay grounds. In the event that the Defendants intend actually to use any of these, Plaintiffs request that Defendants identify such documents at least two days in advance of the testimony.

**IV.    GOVERNMENT AGENCY AND ASSOCIATION DOCUMENTS.**

Defendants have designated a large number of government and agency documents that, if relevant at all to this case, are only relevant to the issues of general causation. These documents

are listed on **Exhibit 3.** Plaintiffs object that the documents are hearsay, not relevant, and if relevant should be excluded under Rule 403.

## V.     DOCUMENTS THAT PREDATE THE RELEVANT TIME PERIOD.

Defendants have designated many documents that predate the relevant time period. These documents are listed in **Exhibit 4.** Except in limited instances, documents predating the relevant time period are not relevant, and any relevance that does exist is outweighed by the prejudice created by the document.

## VI.    DOCUMENTS THAT POST-DATE THE RELEVANT TIME PERIOD.

Defendants have designated many exhibits that involve events after the relevant time period. These documents are listed in **Exhibit 5.** As with documents created before the relevant time period, except in limited instances, documents created after the relevant time period have no bearing on any issue, and any relevance that does exist is outweighed by the prejudice created by the document.

## VII.   DOCUMENTS RELATING TO "OTHER SOURCES."

Plaintiff object to the documents that relate to proposed "other sources" of odors. These are listed on **Exhibit 6.** The majority of these documents fall outside the relevant time period of this case and are therefore not relevant to any issue in the case. In addition, many purport to be copies of permits, which, by their nature, shed no light on any actual emissions. Many do not involve the emission of odors at all. The documents are hearsay, and even if admissible, any probative value is outweighed by the prejudice. Defendants have provided no evidence in the case that emissions from any of the "other sources" (with the possible exception of the River Birch Landfill and the Highway 90 Landfill) actually affected any of the Plaintiffs, and Plaintiffs object to the admission of such documents in absence of such evidence, because it requires the trier of

fact to speculate that there might be such an effect. Moreover, even if relevant, any probative value is outweighed by the prejudice.

## VIII. PARADISE MANOR COMMUNITY CLUB.

Defendants appear to have listed all of the documents subpoenaed from the Paradise Manor Community Club as trial exhibits. Objections are listed on **Exhibit 7**. These documents are not relevant, are hearsay, and contain financial information. Any probative value is outweighed by the prejudice created by disclosure and use of the documents.

## IX. OTHER OBJECTIONS.

Plaintiffs have additional objections to the documents listed on **Exhibit 8**. A number of exhibits consist of construction documents, such as drawings and plans. Others include bulk exhibits of document productions, and confidential records of a company owned by one of the Plaintiffs. The documents are not relevant and there is little if any probative value, which is outweighed by the prejudice of wasting time and delay.

Respectfully submitted, this 29th day of July 2024.

/s/ S. Eliza James
FORREST CRESSY & JAMES, LLC
Byron M. Forrest (La. Bar No. 35480)
Nicholas V. Cressy (La. Bar No. 35725)
S. Eliza James (La. Bar No. 35182)
1222 Annunciation Street
New Orleans, Louisiana 70130
Tele:(504) 605.0777
Fax: (504) 322.3884
Email: byron@fcjlaw.com
nicholas@fdjlaw.com
eliza@fcjlaw.com

/s/ Eric C. Rowe
C. Allen Foster (Admitted Pro Hac Vice)
Eric C. Rowe (Admitted Pro Hac Vice)
Masten Childers, III (Admitted Pro Hac Vice)

5

WHITEFORD, TAYLOR & PRESTON, L.L.P.
1800 M Street, NW, Suite 450N
Washington, DC 20036
Tele: (202) 659.6800
Fax: (202) 331.0573
Email: cafoster@whiteforlaw.com
erowe@whitefordlaw.com
mchilders@whitefordlaw.com

Harry S. Johnson, (Admitted Pro Hac Vice)
James R. Jeffcoat (Admitted Pro Hac Vice)
WHITEFORD, TAYLOR & PRESTON L.L.P.
Seven Saint Paul Street
Baltimore, Maryland 21202-1636
(410) 347-8700
hjohnson@whitefordlaw.com
jjeffcoat@whitefordlaw.com

*Counsel For Addison Plaintiffs*