MINUTE ENTRY
MORGAN, J.
July 26, 2024

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FREDERICK ADDISON, ET AL., <br>     Plaintiffs | CIVIL ACTION |
| VERSUS | NO. 19-11133 <br> c/w 19-14512 |
| LOUISIANA REGIONAL LANDFILL COMPANY (LRLC), ET AL., <br>     Defendants | SECTION: "E" (5) |

*Applies to: Both Cases*

## MINUTE ENTRY

A video status conference was held on July 26, 2024, at 11:00 a.m. in the chambers of Judge Susie Morgan.

> Present:     Sara James, Charles Foster, Eric Rowe, and Harry Johnson, counsel for All Addison Plaintiffs;
>
> Michael Mims, Megan Brillault, John Paul, Michael Vitris, Michael Case, and Cherrell Taplin, counsel for Defendants, Louisiana Regional Landfill Company (LRLC), Waste Connections Bayou, Inc., and Waste Connections US, Inc.;
>
> Nicholas Bergeron, counsel for Defendant, Aptim Corporation;
>
> Michael Futrell, counsel for Defendant, Jefferson Parish.

The Court first discussed the status of the parties' agreement regarding exhibits that should be admitted without objection pre-trial. The parties will deliver the list of these agreed-to exhibits to the Court by **Monday, July 29, 2024 at 4:30 p.m**. The

1

parties also will deliver to the Court two tablets containing a folder with the agreed-to exhibits and a folder with all exhibits by **Monday, July 29, 2024 at 4:30 p.m.** The parties shall include indexes of the agreed-to exhibits and the exhibits on the tablets.

The parties discussed the status of the Ruane stipulation and advised the Court of their disagreements as to the language in paragraphs fifteen and sixteen. The Waste Connection Defendants proposed that the stipulation include the concept that the compliance team fulfilled a gatekeeping function in the sense that, if the compliance team found something did not comply with regulatory and permitting requirements, the substance would not be placed in the Landfill. The Plaintiffs believe the stipulation also should include contractual requirements. The parties will discuss whether they can agree to the stipulation with respect to paragraphs 15 and 16, and, if so, provide the Court with the executed stipulation by **Monday, July 29, 2024** at **4:30 p.m.** If the parties do not agree, they should advise the Court by that time.

The parties shall provide the Court by **Monday, July 29, 2024 at 4:30 p.m.** copies of the emails referenced in the Ruane stipulation, separated into those that do not contain third party hearsay statements and those that do. It is the Court's expectation that the emails that do not contain third party hearsay will be included in the list of agreed to exhibits to be provided to the Court on Monday. Once the Court rules on any hearsay objections in the emails, it is the Court's expectation that the remaining emails will be added to the list of agreed-to exhibits.

The Court discussed jury selection with the parties. The Court advised the parties to be prepared to discuss the jury selection process at the Second Pretrial Conference on **Monday, August 5, 2024.**

The Defendants advised the Court they do not wish to exclude every member of the related consolidated putative class action, *Ictech-Bendeck v. Waste Connections Bayou, Inc., et al.* (Civil Action No. 18-7889), from the jury pool. The Plaintiffs responded that they believe members of the putative class should be excluded from the jury pool. The Court will exclude plaintiffs in the Addison case whose claims are not being tried and members of the putative class from the jury pool. The Court will provide the parties with a venire list of potential jurors on or before the Second Pretrial Conference to be held on **Monday, August 5, 2024.** The Court will ensure potential juror addresses are included on the venire list. The Court will discuss obtaining previous addresses of the jurors at the Second Pretrial Conference. The Court hereby instructs the parties to keep the venire list confidential; not to contact anyone on the list either directly or indirectly (See Local Rule 47.4); not to ask to "friend" or "follow" any prospective juror or family members of a prospective juror; not to make any request to gain access to posts or profiles of a prospective juror that are not otherwise publicly available; and not to conduct any form of investigation of a potential juror or family member of a potential juror – whether online or otherwise – that could reasonably be perceived as vexatious or harassing. The parties are prohibited from using any information gained from juror research for any purpose other than voir dire.  The Court instructs the parties to handle jurors' and potential jurors' information with care and to ensure that any individual the parties allow to access these materials understands these instructions and that the information may not be publicly disclosed.

The Court discussed the parties' outstanding Motions in Limine and made the following rulings:

The Court **DENIES** Record Document 659, Defendants' Motion in Limine to exclude the Pivotal Engineering Report at trial. Pivotal Engineering is a consulting firm hired by Jefferson Parish. Plaintiffs informed the Court that their expert, Mr. James Lape, relied upon the report to corroborate his findings. The Court finds the Pivotal Engineering Report is admissible under Federal Rule of Evidence 703.

The Court **GRANTS IN PART, DENIES IN PART**, and **DEFERS IN PART** Record Document 660, Defendants' Motion in Limine Regarding Golden Rule, Community Conscience, and Reptile Theory Arguments. The Plaintiffs agree they may not make Golden Rule arguments with respect to issues of damages. As a result, the Court **GRANTS** Defendants' motion with respect to Golden Rule arguments on damages without objection. The Court **DENIES** Defendants' motion with respect to Golden Rule arguments on liability and community conscience arguments. The Court **DEFERS** ruling on the motion with respect to any potential "reptile theory" argument made at trial.

The Court **GRANTS IN PART** and **DENIES IN PART** Record Document 661, Defendants' Motion in Limine to Exclude Plaintiffs' Testimony about Fear of Diseases. The Court **DENIES** the Motion with respect to Plaintiffs' testimony at trial about stress, anxiety, worry, and concern regarding long term effects with respect to the Allowed Injuries.[1] The Motion is **GRANTS** the Motion with respect to Plaintiffs' testimony at trial as to stress, anxiety, worry, and concern regarding long term effects with respect to any other injuries. Mary Ann Winningkoff may testify at trial as to her own anxiety, fear, and worry related to her deceased husband's illness, but she may not testify as to her deceased

---

[1] *See* R. Doc. 642 at pp. 4-5 for a listing of Allowed Injuries.

4

husband's anxiety and worry or with respect to her worry about him experiencing any other injuries.

The Court addressed Record Document 662 and Record Document 670 together because their subject matter is related.

The Court **GRANTS IN PART**, **DENIES IN PART**, and **DEFERS IN PART** Record Document 662, Defendants' Motion in Limine Regarding Improper Opinion and Hearsay Evidence. In Record Document 662, the Defendants seek to preclude the Plaintiffs from offering testimony about media reports including interviews by representatives of the Louisiana Department of Environmental Quality ("LDEQ"), including: (1) any unsworn statements by LDEQ representatives to the media; (2) any unsworn statements given by LDEQ representatives to the Jefferson Parish Council; (3) a certain letter dated October 31, 2018 written by the Secretary of LDEQ to Senator Appel; (4) a certain email dated November 8, 2018 written by LDEQ representative Bijan Sharafkhani to Keith Conley; and (5) any other communications from the LDEQ containing similar statements. The Court **GRANTS** the Motion as to topic 1 with respect to unsworn statements given by LDEQ representatives to the media. The Court **DENIES** the Motion as to topic 2, insofar as the Court will permit testimony regarding LDEQ's presentation at the December 5, 2018 Jefferson Parish Council Meeting; the Court **GRANTS** the Motion without objection as to topic 2 with respect to the remainder of statements made at other Jefferson Parish Council meetings. The Court **DENIES** the Motion as to topics 3 and 4 with respect to the letter dated October 31, 2018, and the email dated November 8, 2018, provided either a sender or recipient of the email testifies and identifies the email. The Court **DEFERS** the Motion as to topic 5 because the motion does not identify specific topics. If Dr. Lutz or Dr. Kind testifies that Plaintiffs were influenced

5

by news reports or if the Defendants attempt to introduce evidence that the odors were not the source of widespread complaints in the community, the door may open to the Plaintiffs introducing those news reports.[2]

As a general matter, the Court advised the parties that the Defendants may call identified witnesses from the community to testify with respect to use of the baseball field and use of the community swim club, Paradise Manor Country Club, but the testimony may not be cumulative. The Defendants may not call neighbors or other community members to testify that they did not smell any odors during the relevant time period.

The Court **GRANTS IN PART** and **DENIES IN PART** Record Document 670, Defendants' Motion in Limine to Exclude Introductions of News Reports and Transcripts and Videos of Press Conferences, and Council Meetings. The Court **DENIES** the Motion with respect to those portions of the videos showing agents or employees of Defendants, including Rick Buller, Mike Yenni, Paul Johnston, Keith Conley, Michael Lockwood, Chris Carlson, Brian DeJean, Council members Spears, Van Vrancken, Roberts, Impastato, Valiente, and Cynthia Lee Sheng.[3] Statements made by these individuals are admissible as non-hearsay because they are party admissions made by agents or employees of the party on a matter within the scope of the relationship while it existed under Federal Rule of Evidence 801(D)(2)(D).[4] The Court **GRANTS** the Motion with respect to the remainder of the conferences, news reports, and council meetings because they contain inadmissible hearsay. The Court **GRANTS** the Motion without objection with respect to

---

[2] As the Court informed the parties, complaints to LDEQ and the Facebook page regarding complaints about odors will be admitted.
[3] Pivotal Engineering is also an agent of Jefferson Parish.
[4] The Court advised the Plaintiffs if they wish to subpoena Mike Yenni to testify at trial, they must file a motion for leave with the Court right away.

Gerald Herbert because the Plaintiffs do not seek to introduce video of him speaking at council meetings.

The Court **GRANTS** Record Document 663, Defendants' Motion in Limine to Exclude Evidence Related to Potential Claimants not Proceeding to Trial.[5] Testimony or argument about other individual claimants who are not Trial Plaintiffs will not be allowed. The Defendants clarified they will not inquire of any Plaintiff why his or her other family members are not Trial Plaintiffs.[6]

The Court **DEFERS** until Trial Record Document 664, Defendants' Motion in Limine to Prohibit Collectively Referring to the Waste Connections Defendants[7] as "Waste Connections" Defendants.

The Court **GRANTS IN PART** and **DENIES IN PART** Record Document 665, Defendants' Motion in Limine to Exclude Introduction of the Compliance Orders issued by the Louisiana Department of Environmental Quality. The Defendants object to the introduction of evidence related to any settlement negotiations and agreements between Jefferson Parish and LDEQ. The Court **DENIES** the Motion with respect to the LDEQ compliance orders and responses thereto. The Court **GRANTS** the Motion without objection as to the existence of settlement negotiations or agreements between Jefferson Parish and LDEQ.

The Court **GRANTS** Record Document 666, Defendants' Motion in Limine to Exclude Evidence of the Wealth, Revenue, Profits, and Size of Defendants.

---

[5] In the Motion, Defendants also seek to exclude testimony of Mary Ann Winningkoff's deceased husband's experience with odor. This topic is addressed in the Court's decision on Record Document 661.
[6] In the Motion, Defendants also seek to exclude hearsay statements about the odor experiences of others. To the extent they seek to exclude evidence of odor complaints in the community, the Court will allow testimony about the Facebook page regarding complaints about odors.
[7] The Waste Connections Defendants are: Louisiana Regional Landfill Company (LRLC), Waste Connections Bayou, Inc., and Waste Connections US, Inc.

7

The Court **DEFERS IN PART** and **DENIES IN PART** Record Document 667, Defendants' Motion in Limine to Exclude Evidence of Plaintiffs' Motion for Expedited Discovery and Other Discovery Disputes. The Court **DENIES** the Motion with respect to the early discovery dispute in the state court action whereby Plaintiffs were prevented from obtaining measurements from relevant sites when requested. With respect to the admission of evidence regarding any other discovery disputes, the Court **DEFERS** the Motion until trial. Counsel are instructed to seek a bench conference if this becomes an issue at trial.

The Court **GRANTS** without objection Record Document 668, Defendants' Motion in Limine to Exclude all Evidence and Argument of Jefferson Parish's Process to Pay a Judgment.

The Court **GRANTS IN PART** and **DENIES IN PART** Record Document 669, Plaintiffs' Motion in Limine to Exclude Certain Prejudicial Evidence, Argument, or Examination at Trial. The Court **GRANTS** the Motion with respect to topic 1(c); any mention of any Plaintiffs' illicit drug use or addiction to drugs is prohibited, provided Defendants' experts may testify as to prescription medications taken by any particular Plaintiff during the relevant time period, if relevant to causation. The Court **DENIES** the Motion with respect to topic 1(e), insofar as the Court will permit Defendants to question Plaintiff Stanley Murphy as to his November 2018 car wreck and lawsuit; the Court **GRANTS** the Motion with respect to topic 1(e), insofar as Defendants will not be allowed to question Plaintiffs about any other lawsuits.

The Court **GRANTS** Plaintiffs' Motion in Limine without objection as to topic 1(a) with respect to the receipt of social benefits receive by any Plaintiff. The Court **GRANTS** the Motion without objection as to topic 1(b) with respect to the criminal history of any

8

Plaintiff. The Court **GRANTS** the Motion without objection as to topic 1(d) with respect to declarations of individuals citing lack of experience with odors from the Landfill. The Court **GRANTS** the Motion without objection as to topic 1(f) with respect to the personal/financial status of any of Plaintiffs' attorneys. The Court **GRANTS** the Motion without objection as to topic 1(g) with respect to the Gremillion family's income and tax returns. The Court **GRANTS** the Motion with as to topic 1(h) with respect to sales or other financial information from Paradise Manor Country Club.

The Defendants may introduce evidence related to these topics for impeachment purposes if appropriate.

The Court extended the Jury Instruction, deposition designation, and any other outstanding July 26, 2024 deadlines to **Monday, July 29, 2024 at 4:30 p.m.** The Court reminded the parties to file the proposed instructions and to send a copy to the Court's efile address as a Word document. The Court also reminded the parties that objections to exhibitions must be accompanied by memorandums.

Finally, the Court instructed the Plaintiffs to advise the Defendants by **close of business on Monday, August 5, 2024** of the identities of Defendants' witnesses Plaintiffs plan to call in their case-in-chief so that the witnesses may make travel and work arrangements. The Court reminded the parties to arrive at **8:30 a.m.** on the first day of trial, **August 12, 2024**, to discuss any unresolved issues. The Court reminded the parties to edit any depositions they seek to introduce at trial. The Court reminded the parties to discuss and identify the individuals who will read depositions at trial and to carefully prepare the materials in advance so that they will be presented without error.

**New Orleans, Louisiana, this 30th day of July, 2024.**

*Susie Morgan* (signature)

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

JS10 (3:14)