UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FREDERICK ADDISON, ET AL.,** | CIVIL ACTION |
| Plaintiffs | NO. 19-11133, c/w 19-14512 |
| V. | SECTION: "E" (5) |
| **LOUISIANA REGIONAL LANDFILL COMPANY, ET AL.,** | |
| Defendants | JUDGE: Morgan<br>MAGISTRATE JUDGE: North |
| *Applies to: Both Cases* | |

**PLAINTIFFS' RESPONSE TO APTIM CORP.'S
OBJECTIONS TO TRIAL EXHIBITS**

Plaintiffs respond as follows to the Defendant Aptim Corporation's Objections to Trial Exhibits (R.Doc. 686). The objections should be overruled.

In 2015, Aptim (then called CB&I) was the incumbent contractor in charge of operating and maintaining the gas collection and control system at the JP Landfill. As its contract expired, the Parish issued a request for proposal, and Aptim submitted a proposal to continue its role on the project. Aptim objects to two documents—Trial Exhibit 652, Request for Proposal 338 issued by the Parish, and Trial Exhibit 820, Aptim's Proposal issued in response to RFP 338. Aptim contends that "neither document is incorporated by reference into the Contract" between Aptim and the Parish. The actual contract provides otherwise.

The very first page of the contract, Trial Exhibit 1428, in Section 2.0, entitled "Scope of Agreement," provides as follows:

> F1RM shall meet the scope of services as per the RFP No. 0338 as amended and the FIRM'S written proposal dated August 21,2015, copies of which are on file in

>the Office of the Chief Buyer for the Parish of Jefferson under RFP No. 0338. The scope of services for RFP No. 0338 is included in this contract as Exhibit "B."

**Exhibit 1.** This provision incorporates by reference both the RFP and the Proposal and makes both documents a part of the Contract. *See Heinhuis v. Venture Assocs., Inc.,* 959 F.2d 551, 553 (5th Cir. 1992) (phrase *"*as per Underlying policy(ies) as far as applicable" incorporated underlying policies by reference); *McDermott v. Great Am. All. Ins. Co.*, No. 02 CV 607 NAM, 2005 WL 2437020, at *3 (N.D.N.Y. Sept. 30, 2005) ("by setting forth 'As per Statement of Values on file' in the space for location and address of the described premises, the Declaration page incorporates by reference the Statement of Values").

Indeed, if the scope of services for RFP 338 set out on Exhibit B was the only part of the RFP and Proposal incorporated into the Contract, there would no need for the first sentence, which requires Aptim to meet the scope of services of both the RFP and the Proposal.

Later in the contract, Paragraph 6.4 provides that "FIRM acknowledges that this Agreement is contingent upon the personnel defined in FIRM's written proposal." This again incorporated the Proposal. Any doubt on this point is removed by Section 11.8 of the contract, which sets out the order of precedence in resolving conflicts between the documents:

>Should there be any conflict among contract documents, the RFP and the FIRM'S proposal, the following order of precedence shall govern the resolution of the conflict:
>1) This Agreement;
>2) RFP 0338 & addenda;
>3) Resolution No. 113646
>4) FIRM's written proposal;

If neither the RFP nor the Proposal was part of the governing contract, there would be no need for this provision.

Notably, in contrast to its current position, which seems to be that Aptim had no role in controlling odors, in the Proposal, Aptim (then called CB&I) described its current work at the JP Landfill as including "Monitoring and balancing the 204-well system to maximize LFG quality and flow, *reduce odors* and maintain compliance with air regulations." Proposal page 11. It touted its experience in well tuning and balancing efforts, recognizing that these efforts helped to control odors on two other landfills: page 12, re East Baton Rouge landfill ("Throughout its contract, CB&I has … reduced odors through well tuning and balancing efforts."); also on page 12, re Severn, Maryland landfill ("Our responsibilities include minimizing odors….Using aggressive well tuning techniques and deodorizing stations, CB&I have reduced if not eliminated off site odors"). Excerpts of the Proposal attached as **Exhibit 2.**

The Proposal, on page 18, stated that Project Manager Josh Broggi, in his current position at the JP Landfill, "oversees the monitoring and balancing of the 204-well system to … reduce odors…". On page 20, the Proposal recited that Field Technician Nelson Ambeau, at the JP Landfill, "monitors and balances the 204-well system to … reduce odors….He has successfully …reduced odors at this facility."). Is. There is simply no question Aptim believed then that part of its role was to reduce odors, that balancing and tuning of the well field helped to reduce odors, and that it used that experience in an effort to persuade the Parish to award the contract to it.. As stated above, the Parish recited in the RFP that the contract would be contingent upon use of the personnel identified in the Proposal—personnel that Aptim identified as successful in controlling odors.

The documents are relevant and directly contradict Aptim's contention it had no role in controlling odors. Because the Contract includes both the RRP and the Proposal, both documents are part of the contract. As a result, Aptim's objection must be overruled.

3

Respectfully submitted, this 2nd day of August, 2024.

/s/ S. Eliza James
FORREST CRESSY & JAMES, LLC
Byron M. Forrest (La. Bar No. 35480)
Nicholas V. Cressy (La. Bar No. 35725)
S. Eliza James (La. Bar No. 35182)
1222 Annunciation Street
New Orleans, Louisiana 70130
Tele:(504) 605.0777
Fax: (504) 322.3884
Email: byron@fcjlaw.com
nicholas@fdjlaw.com
eliza@fcjlaw.com

/s/ Eric C. Rowe
C. Allen Foster (Admitted Pro Hac Vice)
Eric C. Rowe (Admitted Pro Hac Vice)
Masten Childers, III (Admitted Pro Hac Vice)
WHITEFORD, TAYLOR & PRESTON, L.L.P.
1800 M Street, NW, Suite 450N
Washington, DC 20036
Tele: (202) 659.6800
Fax: (202) 331.0573
Email: cafoster@whiteforlaw.com
erowe@whitefordlaw.com
mchilders@whitefordlaw.com

Harry S. Johnson, (Admitted Pro Hac Vice)
James R. Jeffcoat (Admitted Pro Hac Vice)
WHITEFORD, TAYLOR & PRESTON L.L.P.
Seven Saint Paul Street
Baltimore, Maryland 21202-1636
(410) 347-8700
hjohnson@whitefordlaw.com
jjeffcoat@whitefordlaw.com

*Counsel For Addison Plaintiffs*