UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FREDERICK ADDISON, ET AL.,** | CIVIL ACTION |
| Plaintiffs | NO. 19-11133, c/w 19-14512 |
| V. | SECTION: "E" (5) |
| **LOUISIANA REGIONAL LANDFILL COMPANY, ET AL.,** | |
| Defendants | JUDGE: Morgan<br>MAGISTRATE JUDGE: North |
| *Applies to: Both Cases* | |

**PLAINTIFFS' RESPONSE TO THE WASTE CONNECTIONS
DEFENDANTS' OBJECTIONS TO DEPOSITION DESIGNATIONS**

Plaintiffs respond as follows to the Waste Connections Defendants' Objections to deposition designations (R.Doc. 692). Set out below is a discussion of the general issues involves raised by the objections, very few of which have any actual merit. Specific responses are set out on Exhibit 1.

I. **WASTE CONNECTIONS FAILED TO PROVIDE A REASONED BASIS FOR NEARLY ALL OBJECTIONS.**

As an initial matter, and as demonstrated by the sheer number of objections, Waste Connections appears to have undertaken to interpose every possible objection, whether a valid basis existed for them or not, requiring Plaintiffs to undertake many hours of necessary work in responding.

An example is the hearsay objection. The objections repeatedly recite "hearsay," with no explanation as to what is contended to be hearsay. Rule 801(d) is quite clear that statements of an opposing party are not hearsay, by definition. Statements made by an "opposing party"

includes statements "made by the party's agent or employee on a matter within the scope of that relationship and while it existed." FRE 801(d)2()D).  As a result, when the evidence offered by Plaintiffs against the Waste Connections Defendants consists of an email between Waste Connections employees or personnel, the statements of those employees or persons in the email are not hearsay, by definition.  Yet, in this exact context, the Waste Connections Defendants interposed hearsay objections over and over and over, without any consideration has to whether such an objection is even proper.  For matters where it is obvious there could be no valid objection, the objection should not have been imposed.

The same is true with regard to engineers and consultants for Waste Connections. Statements made by them during and within the scope of their agency are not hearsay when offered against Waste Connections.  *See, e.g.*, *Scofi v. McKeon Const. Co*., 666 F.2d 170, 174 (5th Cir. 1982) (subcontractor's superintendent's "statements related to a matter within the scope of his employment and were made while he was on the job.").

## II.     FOUNDATION" OBJECTIONS AND OTHER OBJECTIONS THAT CAN BE CURED AT THE TIME ARE WAIVED IF NOT RAISED AT THE DEPOSITION.

Federal Rule of Civil Procedure 32 governs the use of depositions in court proceedings. Rule 32(d)(3) applies to objections and provides that:

> (A) *Objection to Competence, Relevance, or Materiality*. An objection to a deponent's competence—or to the competence, relevance, or materiality of testimony—is not waived by a failure to make the objection before or during the deposition, **unless the ground for it might have been corrected at that time**.
>
> (B) *Objection to an Error or Irregularity.* An objection to an error or irregularity at an oral examination **is waived if**:
>
> (i**)** **it relates to** the manner of taking the deposition, **the form of a question or answer**, the oath or affirmation, a party's conduct, **or other matters that might have been corrected at that time**; **and**
>
> (ii) **it is not timely made during the deposition**.

2

Pursuant to this rule, if the ground for the objection can be cured at the deposition, the objection must be raised at the deposition. If not, it is waived. Nevertheless, Waste Connections has sought assert objections that it waived when the deposition was taken.

Objections to foundation are among these. *Jordan v. Medley*, 711 F.2d 211, 218 (D.C. Cir. 1983) ("What the exception obviously envisions is a situation in which a timely objection (*e.g.*, on the ground of failure to lay an adequate foundation [citation omitted]) could have enabled the problem to be remedied so that the same testimony could be received in accordance with law."). In addition, as one Court explained,

> Fed.R.Civ.P. 32(d)(3)(B) requires attorneys to make seasonable objections to the form of questions which are asked, or else they are waived. The most frequent grounds for objecting to the form of a question are: (1) the question is too broad or calls for an excessive narrative answer, (2) the question is compound, (3) the question has been asked and responsively and completely answered (*see* Guideline 5(d)), (4) the question calls for conjecture, speculation or judgment of veracity, (5) the question is ambiguous, imprecise, unintelligible or calls for a vague answer, (6) the question is argumentative, abusive or contains improper characterization, (7) the question assumes as true facts in dispute or not in evidence, (8) the question misquotes a witness, earlier testimony, (9) the question calls for an opinion from a witness not qualified to give one, and (10) the question is leading under circumstances where leading questions would not be permitted by Fed.R.Evid. 611(c). 1 Michael H. Graham, *Handbook of Federal Evidence* H 611.15–611.22 (4th ed.1996) (as to numbers 1–8 above).

*Boyd v. Univ. of Maryland Med. Sys.*, 173 F.R.D. 143, 147 footnote 8 (D. Md. 1997). Note that one of these is that "the question calls for an opinion from a witness not qualified to give one"—a basis stated repeatedly in the Waste Connections objections.

The basis for each of these objections can be cured at the time and thus they must be raised during the deposition or waived under Rule 32(d). *See Tate v. Steak 'n Shake, Inc.*, No. 5:20-CV-0265-MAS, 2022 WL 2791740, at *3 (E.D. Ky. July 15, 2022)("'Form' objections include a broad category of objections, such as objections that the question is too broad, compound or ambiguous, that it has been asked and answered, that it calls for speculation, is

3

argumentative, assumes facts not in evidence, calls for an opinion from a witness who is not qualified to give one, or is leading under circumstances where leading questions are not permitted.").

### III. OBJECTIONS THAT A QUESTION IS VAGUE SHOULD BE OVERRULED WHERE THE WITNESS UNDERSTOOD AND ANSWERED THE QUESTION.

In general, after reviewing the numerous objections "to form" asserted at the time (the actual grounds of the objection were almost never stated during the deposition), it is quite apparent that in most cases the objection asserted during the deposition was asserted merely as a placeholder, and not as a legitimate objection properly asserted at the time. This is particularly true with explanation given now that the question is "vague."

Waste Connections has repeatedly sought to exclude testimony based on it contention that the question was "vague". However, "Lawyers may not object simply because they find a question to be vague, nor may they assume that the witness will not understand the question. The witness—not the lawyer—gets to decide whether he or she understands a particular question". *Security Nat'l Bank of Sioux City, Iowa v. Abbott Labs.*, 299 F.R.D. 595, 605 (N.D. Iowa 2014), *vacated on other grounds*, 800 F.3d 936 (8th Cir. 2015). *See Cincinnati Ins. Co. v. Serrano*, No. 11-2075-JAR, 2012 WL 28071, at *5 (D. Kan. Jan. 5, 2012) ("Only the witness knows whether she understands a question, and the witness has a duty to request clarification if needed. This duty is traditionally explained to the witness by the questioner before the deposition. If defending counsel feels that an answer evidences a failure to understand a question, this may be remedied on cross-examination."). As a result, where the witness understood the question, the after-the-fact objection for a question being "vague" should be overruled.

IV. **OBJECTIONS THAT QUESTIONS "CALL FOR EXPERT OPINION" SHOULD BE OVERRULED.**

Waste Connections has decided that nearly every issue in this case requires expert testimony and, littered throughout its objections, is the complaint that a question "calls for expert opinion." However, unless such an objection was lodged at the time, that objection is waived because it goes to the competence of a witness to testify on a topic, an objection that can be cured with additional testimony  And even if not waived, the question then is whether the witness is qualified to provide the expert opinion at issue, and Waste Connections would need to identify both the challenged opinion and the qualifications of the witness to give, information that merely stating "calls for expert opinion" does not do.  But in most cases, the complained of testimony is not opinion testimony at all, but statements of fact given by someone with specialized knowledge.  There is no rule of evidence that excludes fact testimony by witnesses who have specialized knowledge.  Instead, the foundation for the witness's ability to testify must be shown.  If objection is not made during the deposition, is waived.

V. **OBJECTIONS TO THE USE OF THE PHRASE "WASTE CONNECTIONS" GO TO THE FORM OF THE QUESTION AND WERE REQUIRED TO BE STATED AT THE TIME THE DEPOSITION OR ARE WAIVED.**

As discussed with the Court at the status hearing on July 26, 2024, the Waste Connections Defendants have decided, shortly before trial, to object to collectively referring to them as "Waste Connections."  In their objections to the deposition testimony, they have created a separate category on this issue.  However, this objection goes to the form of the question, and was waived when it was not asserted.  Although there are times in which an objection was lodged to a question that contained the phrase "Waste Connections," it is unlikely that the objection interposed at the time actually went to that issue.  If that had been a real issue, the Waste Connection Defendants would have objected from the beginning to the phrase, every time

5

it was uses. But they did not do that, and only now raise the issue in order to complicate the presentation of evidence at trial. In none of the depositions for which designations have been made did the Waste Connections Defendants ask any follow-up questions to clarify this issue.

## VI. CONCLUSION.

Except as noted in Exhibit 1, all of the Waste Connections objections to the deposition designations should be overruled.

Respectfully submitted, this 2nd day of August, 2024.

        /s/ S. Eliza James
FORREST CRESSY & JAMES, LLC
Byron M. Forrest (La. Bar No. 35480)
Nicholas V. Cressy (La. Bar No. 35725)
S. Eliza James (La. Bar No. 35182)
1222 Annunciation Street
New Orleans, Louisiana 70130
Tele:(504) 605.0777
Fax: (504) 322.3884
Email: byron@fcjlaw.com
nicholas@fdjlaw.com
eliza@fcjlaw.com

        /s/ Eric C. Rowe
C. Allen Foster (Admitted Pro Hac Vice)
Eric C. Rowe (Admitted Pro Hac Vice)
Masten Childers, III (Admitted Pro Hac Vice)
WHITEFORD, TAYLOR & PRESTON, L.L.P.
1800 M Street, NW, Suite 450N
Washington, DC 20036
Tele: (202) 659.6800
Fax: (202) 331.0573
Email: cafoster@whiteforlaw.com
erowe@whitefordlaw.com
mchilders@whitefordlaw.com

Harry S. Johnson, (Admitted Pro Hac Vice)
James R. Jeffcoat (Admitted Pro Hac Vice)
WHITEFORD, TAYLOR & PRESTON L.L.P.
Seven Saint Paul Street
Baltimore, Maryland 21202-1636
(410) 347-8700

hjohnson@whitefordlaw.com
jjeffcoat@whitefordlaw.com

*Counsel For Addison Plaintiffs*