**EXHIBIT 1**

**CHART OF RESPONSES TO WASTE CONNECTIONS OBJECTIONS TO DEPOSITION DESIGNATIONS**

## Contents

I.   Deposition of Aptim Corp's Corporate Representative, Josh Broggi, November 11, 2020 .................................................. 3

II.   Deposition of Jefferson Parish's Corporate Representative, Michael Lockwood, December 1, 2020 ............................ 3

   A.   Testimony concerning hearsay statements and lack of personal knowledge ............................................................ 3

   B.   Calls for Expert Opinion .......................................................................................................................................... 6

III.   Deposition of Jefferson Parish's Corporate Representative, Mark Drewes, May 11, 2023 ......................................... 7

   A.   Testimony concerning hearsay statements and lack of personal knowledge ............................................................ 7

   B.   Failure to Distinguish Corporate entity ................................................................................................................. 22

   C.   Calls for Expert Opinion ........................................................................................................................................ 27

   D.   Other Objections .................................................................................................................................................... 29

IV.   Deposition of Aptim Corp.'s Corporate Representative, Josh Broggi, May 19, 2023 ............................................... 32

V.   Deposition of Chelsey Armstrong, October 18, 2023 ................................................................................................ 33

   A.   Testimony concerning hearsay statements and lack of personal knowledge .......................................................... 33

   B.   Failure to Distinguish Corporate Entity ................................................................................................................ 39

   C.   Other Objections .................................................................................................................................................... 40

VI.   Deposition of Jeff Palutis, October 18, 2023 ............................................................................................................ 42

   A.   Testimony concerning hearsay statements and lack of personal knowledge .......................................................... 42

   B.   Calls for Expert Opinions ...................................................................................................................................... 47

   C.   Other Objections .................................................................................................................................................... 48

VII.   Deposition of Nikki Crews, October 19, 2023 ......................................................................................................... 49

   A.   Testimony concerning hearsay statements and lack of personal knowledge .......................................................... 49

B.  Failure to Distinguish Corporate entity ................................................................. 54

C.  Other Objections ...................................................................................................... 55

VIII.  Deposition of Joe Laubenstein, January 8, 2024 ....................................................... 59

A.  Testimony concerning hearsay statements and lack of personal knowledge ........... 59

B.  Failure to Distinguish Corporate Entity ................................................................. 74

C.  Calls for Expert Opinion ......................................................................................... 77

D.  Other Objections ...................................................................................................... 82

IX.  Deposition of Nick Collins, January 12, 2024 ........................................................... 84

A.  Testimony concerning hearsay statements and lack of personal knowledge ........... 84

B.  Failure to Distinguish Corporate entity ................................................................. 91

C.  Calls for Expert Opinion ......................................................................................... 94

D.  Other Objections ...................................................................................................... 96

X.  Deposition of River Birch LLC's Corporate Representative, Brian Dejean, January 15, 2024 ... 98

A.  Other Objections ...................................................................................................... 98

XI.  Deposition of Hwy-90 LLC's Corporate Representative, Brian DeJean, January 15, 2024 ....... 98

XII.  Deposition of Bruce Emley, January 19, 2023 ........................................................... 99

A.  Testimony concerning hearsay statements and lack of personal knowledge ........... 99

B.  Failure to Distinguish Corporate Entity ................................................................. 108

C.  Other Objections ...................................................................................................... 111

An X in the "waived" column means that there was no contemporaneous objection at the time of the deposition.

## I.    DEPOSITION OF APTIM CORP'S CORPORATE REPRESENTATIVE, JOSH BROGGI, NOVEMBER 11, 2020

| Page From | Line From | Page to | Line to | Objection | Waived | Response |
|---|---|---|---|---|---|---|
| 19 | 24 | 19 | 25 | Hearsay. Lack of foundation. | X | No contemporaneous objections to support foundation objection; no out of court statement involved in the testimony to support a hearsay objection. |

## II.    DEPOSITION OF JEFFERSON PARISH'S CORPORATE REPRESENTATIVE, MICHAEL LOCKWOOD, DECEMBER 1, 2020

### A.    Testimony concerning hearsay statements and lack of personal knowledge

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|---|---|---|---|---|---|---|
| 24 | 18 | 24 | 21 | Lack of foundation; applies broadly to all listed documents without foundation necessary for specific documents. | X | No contemporaneous objection. |
| 44 | 5 | 44 | 8 | Vague as to timeline of disposal of spent lime. | X | No contemporaneous objection. |
| 63 | 13 | 64 | 24 | Lack of foundation re knowledge of emissions from various sources. Calls for expert opinion testimony. | X | No contemporaneous objection. |
| 70 | 11 | 70 | 17 | Hearsay. Vague. | X | No contemporaneous objection.  The referenced statement was by PPM, a consultant hired by the Parish, acting within the scope of its work.  The statements are |

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|---|---|---|---|---|---|---|
| | | | | | | those of an opposing party under Rule 801(d) and are not hearsay. |
| 72 | 6 | 72 | 15 | Calls for expert opinion testimony. Lack of foundation: calls for speculation. Lack of personal knowledge or qualification. Vague. | X | No contemporaneous objection by Waste Connections.  The proposition that one way to control odors is to stop accepting a potentially odor-causing stream of waste is a matter of common sense and does not require expert testimony.  Mr. Lockwood was testifying as the 30(b)6) witness for the Parish and was speaking for the Parish, so there is no basis for an objection based on his personal knowledge or qualifications. |
| 77 | 25 | 79 | 24 | Lack of personal knowledge. Lack of foundation. Witness testifies that he had never seen the document other than in preparation for deposition. | X | No contemporaneous objection.  Mr. Lockwood was testifying as the 30(b)6) witness for the Parish and was speaking for the Parish, so there is no basis for an objection based on his personal knowledge or qualifications. |
| 80 | 10 | 86 | 12 | Witness testifying to hearsay statements. Lack of foundation, lack of personal knowledge. | X | No contemporaneous objection.  The documents involved are odor reports prepared by the Parish in the ordinary course of business.  As against the Parish they are not hearsay but  statements of an opposing party.  Otherwise, they are business records admissible under Rule 803(6). |
| 89 | 12 | 90 | 6 | Hearsay. Lack of foundation. Lack of personal knowledge. | X | No contemporaneous objection.  The questions were about information used in filling out a form, and no out of court statement is offered for the truth of the matter asserted.  There is no hearsay. |

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|---|---|---|---|---|---|---|
| 118 | 1 | 118 | 14 | Witness testifying to hearsay statements. | | The letter involved was written by Carlson on behalf of the Parish.  The statements are those of an opposing party under Rule 801(d) and are not hearsay. |
| 119 | 2 | 119 | 7 | Witness testifying to hearsay statements. | | The letter involved was written by Carlson on behalf of the Parish.  The statements are those of an opposing party under Rule 801(d) and are not hearsay. |
| 158 | 4 | 158 | 21 | Witness testifying to hearsay statements. Lack of foundation. Lack of personal knowledge. | X | No contemporaneous objection. The report involved was written by Carlson on behalf of the Parish.  The statements are those of an opposing party under Rule 801(d) and are not hearsay. |
| 171 | 1 | 171 | 19 | Calls for expert opinion testimony. Witness reading hearsay testimony. | X | No contemporaneous objection. The report involved was written by Carlson on behalf of the Parish.  The statements are those of an opposing party under Rule 801(d) and are not hearsay. |
| 184 | 20 | 186 | 13 | Witness is testifying to multiple layers of hearsay. Hearsay includes opinion testimony. | | BLD is a contractor hired by the Parish, and Dan Wagner is its project manager.  The matter discussed is withing the scope of BLD's work.  The statements are those of an opposing party under Rule 801(d) and are not hearsay. |
| 215 | 1 | 215 | 9 | Hearsay testimony. | | The document being discussed was a weekly progress report prepared at the direction of the Parish Council to document to progress of work at the JP Landfill.  It was thus prepared in the ordinary course of business and is admissible under Rule 803(6). |

**B.** **Calls for Expert Opinion**

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|---|---|---|---|---|---|---|
| 63 | 13 | 64 | 24 | Lack of foundation re knowledge of emissions from various sources. Calls for expert opinion testimony. | X | No contemporaneous objection.  This was a 30(b)(6) deposition. |
| 115 | 12 | 115 | 24 | Calls for expert opinion. | | The question was "what is the role generally of the leachate collection system at a landfill?"  The Parish's answer:  "In very layman's terms, the leachate collection system is to remove water that percolates down through the waste and it is collected at the bottom of the well and to basically keep the water levels at some regulatorily required level inside the landfill."  There is no contention that Jefferson Parish, and the 30(b)(6) witness speaking on its behalf was not qualified to give this answer. |
| 171 | 1 | 171 | 19 | Calls for expert opinion testimony. Witness reading hearsay testimony. | X | [same as objection in above section]  No contemporaneous objection. The report involved was written by Carlson on behalf of the Parish.  The statements are those of an opposing party under Rule 801(d) and are not hearsay. |
| 208 | 3 | 208 | 23 | Lack of foundation. Lack of personal knowledge. Calls for expert opinion testimony. Calls for witness to repeat hearsay expert opinion. | | On the highlighted copy of the deposition provided, no testimony was designated on page 208. |

### III.   DEPOSITION OF JEFFERSON PARISH'S CORPORATE REPRESENTATIVE, MARK DREWES, MAY 11, 2023

#### A.   Testimony concerning hearsay statements and lack of personal knowledge

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|---|---|---|---|---|---|---|
| 29 | 17 | 29 | 23 | Lack of foundation; improper opinion testimony of lay witness | X | |
| 30 | 20 | 31 | 1 | lack of foundation - Waste Connections not defined. | X | |
| 31 | 15 | 31 | 17 | Lack of foundation; improper opinion testimony from lay witness | X | |
| 37 | 19 | 38 | 20 | Lack of foundation - Waste Connections | X | |
| 43 | 14 | 43 | 25 | Lack of foundation - Waste Connections; speculation. | | Objection fails to state what foundation is lacking.  The Parish 30(b)(6) witness is competent to testify to the Parish's interpretation of an email directed to it, personal knowledge of the witness is not required when testifying in a representative capacity. |
| 49 | 19 | 50 | 1 | Lack of foundation; assumes facts not in evidence; speculation. | | Objection fails to state what foundation is lacking or what facts are not in evidence.  The Parish 30(b)(6) witness is competent to testify to the Parish's interpretation of an email directed to it, personal knowledge of the witness is not required when testifying in a representative capacity. |
| 51 | 24 | 52 | 2 | Vague - "concerns" | X | |
| 55 | 24 | 56 | 3 | Lack of foundation - misstates evidence. | | The Parish 30(b)(6) witness is competent to testify to the Parish's knowledge of its contracts.  The contract was an exhibit to the deposition (**Trial Exhibit 3721**) and states on WC_JPLF_00420247: "Inspection |

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|---|---|---|---|---|---|---|
| | | | | | | Obligations – IESI shall inspect Industrial Solid Waste, which will be tested . . ." |
| 56 | 13 | 56 | 19 | Lack of personal knowledge; lack of foundation - no explanation as to which Waste Connections and IESI entity | | The Parish 30(b)(6) witness is competent to testify to matters within the Parish's knowledge, personal knowledge of the witness is not required when testifying in a representative capacity.  IESI signed the contract which was an exhibit to the deposition, the Parish has knowledge that the contract was ultimately assumed by Waste Connections. |
| 60 | 23 | 61 | 4 | Speculation. | X | |
| 62 | 10 | 62 | 14 | Lack of foundation - Waste Connections | X | |
| 63 | 23 | 64 | 1 | Relevancy. | | Plaintiffs' theory of the case includes that the defendants knew or should have known of the dangers of using the spent lime, but failed to take adequate precautions based on a profit motive. |
| 75 | 9 | 75 | 17 | Speculation; vague question - understood by whom | | Previous testimony was that Parish was required to sign off on any permit modifications (37:1 to 38:20).  Question at 75:6 to 75:8 makes clear that the colloquy is about the Parish's knowledge and can be included in designations.  Importantly, answer makes clear that witness understood question sought Parish's understanding because he relates the answer to the statement on permit modification. |
| 77 | 13 | 77 | 21 | Hearsay. | | The document (Application for Permit Modification 7, **Trial Exhibit 1673**) was |

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|---|---|---|---|---|---|---|
| | | | | | | prepared by Sigma Engineers which was retained on behalf of the Parish, the Parish also signed the actual application.  The Parish is the witness.  The document is the statement of a party opponent. |
| 77 | 22 | 78 | 3 | Hearsay. | | See above. |
| 78 | 21 | 78 | 24 | Speculation; lack of foundation as to interpreting permit | X | The Parish 30(b)(6) witness is competent to testify to the Parish's knowledge of what it sought with the permit modification, which it ultimately signed as owner.  The document was an exhibit to the deposition (**Trial Exhibit 1673**). |
| 85 | 11 | 85 | 14 | Object to exhibit as hearsay. | | Deposition is of the 30(b)(6) witness for the Parish.  The document (**Trial Exhibit 4572**) was written on Parish letterhead and signed by then Parish President Michael Yenni in his capacity as president.  The document is the statement of a party opponent. |
| 86 | 20 | 87 | 3 | Hearsay | | See above. |
| 87 | 4 | 87 | 9 | Hearsay | | See above. |
| 87 | 10 | 87 | 16 | Speculation. | | The Parish 30(b)(6) witness is competent to testify to matters within the Parish's knowledge, personal knowledge of the witness is not required when testifying in a representative capacity. |
| 88 | 1 | 88 | 7 | Hearsay. | | Deposition is of the 30(b)(6) witness for the Parish.  The document (**Trial Exhibit 4572**) was written on Parish letterhead and signed by then Parish President Michael Yenni in his capacity as president.  The |

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|---|---|---|---|---|---|---|
| | | | | | | document is the statement of a party opponent. |
| 89 | 1 | 90 | 4 | Hearsay | | The statements are those of persons employed by the Parish (Rick Buller and Kris Carlson) and are made in the ordinary course of business of the Parish and within and scope of their work for the Parish. They are statements of a party opponent. |
| 91 | 16 | 91 | 21 | Lack of foundation and vague re Waste Connections. | | In the prior answer, the witness identified Waste Connections as the specific landfill operator who proposed using the spent lime to solidify, the question was based on the witness' prior answer. |
| 101 | 24 | 102 | 4 | Speculation; lack of foundation/personal knowledge. | X | |
| 104 | 16 | 104 | 24 | Compound | | Question is two sentences, but first sentence does not make clear what information is being sought.  The second sentence includes the actual call of the question.  Two sentences form a single question. |
| 105 | 1 | 105 | 8 | Speculation - not reviewing document and guessing at what was in the permit modification. | | Deposition is of the 30(b)(6) witness for the Parish. The contract (**Trial Exhibit 3721**) was an exhibit to the deposition as was the permit modification (**Trial Exhibit 1673**). Parish has knowledge of the contents of both documents.  Furthermore, this witness actually signed the permit application. |
| 105 | 13 | 105 | 19 | Lack of foundation - Waste Connections. | X | |
| 112 | 6 | 112 | 24 | Hearsay. | | The document containing the statements (**Trial Exhibit 2905**) is an email between |

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|-----------|-----------|---------|---------|-----------|--------|----------|
| | | | | | | two employees of a defendant.  It is a statement of a party opponent.  It is an admission against interest. |
| 113 | 12 | 113 | 16 | Hearsay | | See above. |
| 113 | 20 | 113 | 25 | Hearsay; lack of foundation - Waste Connections | X | See above. |
| 115 | 8 | 115 | 16 | Lack of foundation - Waste Connections | | Waste Connections defendants have repeatedly, throughout the course of this litigation, referred to themselves as the collective "Waste Connections defendants." To permit the Waste Connections defendants to object on this basis at this late juncture is unfairly prejudicial to the other parties.  Moreover, the Waste Connections defendants failed during any deposition to themselves attempt to distinguish among the various Waste Connections entities by asking follow-up questions, making specific objections, to clarify any purported ambiguity asserted to be caused by the questions, or otherwise. |
| 119 | 20 | 119 | 21 | Lack of foundation - Waste Connections | X | |
| 121 | 15 | 122 | 1 | Lack of foundation - Waste Connections | X | |
| 124 | 20 | 124 | 23 | Object to document as hearsay. | | This document falls under the exceptions to hearsay 803(6) and (8). |
| 125 | 10 | 125 | 14 | Hearsay. | | See above. |
| 126 | 9 | 126 | 20 | Speculation; lack of personal knowledge; seeking opinion from a lay witness | | Witness indicates that his answer is based on information he has read.  Lay testimony |

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|-----------|-----------|---------|---------|-----------|--------|----------|
| | | | | | | can be based on witness' experience and information known to witness. |
| 128 | 11 | 128 | 23 | Hearsay | | This document falls under the exceptions to hearsay 803(6) and (8). |
| 128 | 24 | 129 | 9 | Speculation | | This document falls under the exceptions to hearsay 803(6) and (8). |
| 130 | 13 | 130 | 18 | Hearsay | | The statements are those of persons employed by the Parish (Rick Buller and Kris Carlson) and are made in the ordinary course of business of the Parish and within and scope of their work for the Parish. They are statements of a party opponent. |
| 131 | 4 | 131 | 12 | Speculation | | The Parish 30(b)(6) witness is competent to testify to matters within the Parish's knowledge.  Mr. Buller's opinion that the spent lime was a problem is within the Parish's knowledge. |
| 132 | 2 | 132 | 13 | Hearsay. | | The document containing the statements (**Trial Exhibit 1282**) is an email from the Parish Director of Environmental affairs to two other Parish personnel.  All emails are @jeffparish.net.  The document is a statement of a party opponent. |
| 132 | 21 | 132 | 25 | Hearsay | | See above. |
| 134 | 15 | 134 | 20 | Object to exhibit - hearsay | | The exhibit (**Trial Exhibit 1277**) is an email exchange between two defendants. The document contains the statement of party opponents. |
| 138 | 12 | 138 | 24 | Hearsay; lack of foundation in answer - Waste Connections | X | The document containing the statements (**Trial Exhibit 1277**) is an email exchange between two defendants.  The document |

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|-----------|-----------|---------|---------|-----------|--------|----------|
| | | | | | | contains the statement of party opponents. The Parish 30(b)(6) witness is competent to testify to matters within the Parish's knowledge, personal knowledge of the witness is not required when testifying in a representative capacity. |
| 138 | 25 | 139 | 7 | Hearsay | | See above. |
| 140 | 15 | 141 | 1 | Hearsay | | See above. |
| 141 | 10 | 141 | 19 | Hearsay | | See above. |
| 142 | 6 | 142 | 10 | Hearsay | | See above. |
| 143 | 21 | 143 | 21 | Lack of foundation - Waste Connections | X | |
| 144 | 12 | 144 | 23 | Hearsay | | See above. |
| 144 | 24 | 145 | 12 | hearsay; lack of foundation | | See above.  The Parish 30(b)(6) witness is competent to testify to matters within the Parish's knowledge, personal knowledge of the witness is not required when testifying in a representative capacity. |
| 146 | 5 | 146 | 17 | Hearsay | | See above. |
| 146 | 18 | 146 | 24 | Lack of foundation - Waste Connections | X | |
| 147 | 24 | 148 | 4 | Object to document - hearsay | | The document (**Trial Exhibit 2909**) is an email exchange between two defendants. The document contains the statement of party opponents. |
| 148 | 13 | 148 | 21 | lack of foundation - Waste Connections | X | |
| 149 | 19 | 149 | 21 | Lack of foundation - Waste Connections | X | |
| 150 | 17 | 151 | 2 | lack of foundation - assumes facts not in evidence | | Objection is not clear what facts are not in evidence.  Question is based on a document |

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|---|---|---|---|---|---|---|
| | | | | | | (**Trial Exhibit 2909**) which is an exchange between two defendants, one of which is the Parish.  The Parish 30(b)(6) witness is competent to testify to matters within the Parish's knowledge. |
| 152 | 11 | 152 | 18 | Speculation | | Question is based on a document (**Trial Exhibit 2909**) which is an exchange between two defendants, one of which is the Parish.  The Parish 30(b)(6) witness is competent to testify to matters within the Parish's knowledge, such as the Parish's understanding of the email it received. |
| 152 | 19 | 152 | 24 | Speculation; lack of foundation - Waste Connections | | See above. |
| 154 | 6 | 154 | 19 | Hearsay | | The statements are contained in a document (**Trial Exhibit 2909**) which is an exchange between two defendants, one of which is the Parish.  The statements are of party opponents. |
| 155 | 3 | 155 | 12 | hearsay | | See above. |
| 155 | 13 | 156 | 9 | Hearsay | | See above. |
| 156 | 15 | 156 | 23 | Hearsay | | See above. |
| 157 | 4 | 157 | 25 | Hearsay | | See above. |
| 158 | 3 | 158 | 9 | Hearsay | | See above. |
| 158 | 22 | 158 | 25 | Hearsay | | See above. |
| 159 | 6 | 159 | 14 | Lack of foundation - Waste Connections; speculation | | There was an ongoing relationship between the Parish and Waste Connections.  Waste Connections' further response to the email at issue (**Trial Exhibit 2909**) is within the knowledge of the Parish (as indicated in the answer). |

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|---|---|---|---|---|---|---|
| 160 | 11 | 160 | 14 | Lack of foundation - Waste Connections | | The exhibit being discussed makes it clear that Waste Connections had been advised that there were odor complaints.  This information is within the knowledge of the Parish. |
| 161 | 3 | 161 | 14 | Lack of foundation - Waste Connections | X | |
| 162 | 11 | 162 | 18 | Lack of foundation - Waste Connections | | Waste Connections defendants have repeatedly, throughout the course of this litigation, referred to themselves as the collective "Waste Connections defendants." To permit the Waste Connections defendants to object on this basis at this late juncture is unfairly prejudicial to the other parties.  Moreover, the Waste Connections defendants failed during any deposition to themselves attempt to distinguish among the various Waste Connections entities by asking follow-up questions, making specific objections, to clarify any purported ambiguity asserted to be caused by the questions, or otherwise. |
| 165 | 19 | 165 | 22 | Object to document - hearsay | | The document (**Trial Exhibit 2074**) is an email from the Jefferson Parish landfill engineer (Rick Buller).  It is the statement of a party opponent. |
| 167 | 13 | 167 | 25 | Hearsay | | See above. |
| 168 | 4 | 168 | 8 | Hearsay | | See above. |
| 169 | 3 | 169 | 11 | Hearsay; misstates evidence. | | See above.  This is an admission against interest. |

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|---|---|---|---|---|---|---|
| 170 | 4 | 170 | 8 | Object to document - hearsay | | The ultimate question is whether the Parish accepted Mr. Culpepper's offer set forth in (**Trial Exhibit 3397**) to assist the Parish was accepted by the Parish.  The document is not offered for the truth of what is asserted in it.   The Parish 30(b)(6) witness is competent to testify to matters within the Parish's knowledge, such as whether it accepted Mr. Culpepper's offer. |
| 171 | 6 | 171 | 21 | Hearsay | | The ultimate question is whether the Parish accepted Mr. Culpepper's offer set forth in (**Trial Exhibit 3397**) to assist the Parish was accepted by the Parish.  The document is not offered for the truth of what is asserted in it.   The Parish 30(b)(6) witness is competent to testify to matters within the Parish's knowledge, such as whether it accepted Mr. Culpepper's offer. |
| 172 | 6 | 173 | 2 | Hearsay | | The ultimate question is whether the Parish accepted Mr. Culpepper's offer set forth in (**Trial Exhibit 3397**) to assist the Parish was accepted by the Parish.  The document is not offered for the truth of what is asserted in it.   The Parish 30(b)(6) witness is competent to testify to matters within the Parish's knowledge, such as whether it accepted Mr. Culpepper's offer. |
| 173 | 7 | 173 | 11 | Lack of foundation - Waste Connections | X | |
| 173 | 12 | 173 | 20 | Hearsay | | The ultimate question is whether the Parish accepted Mr. Culpepper's offer set forth in |

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|---|---|---|---|---|---|---|
| | | | | | | (**Trial Exhibit 3397**) to assist the Parish was accepted by the Parish.  The document is not offered for the truth of what is asserted in it.   The Parish 30(b)(6) witness is competent to testify to matters within the Parish's knowledge, such as whether it accepted Mr. Culpepper's offer. |
| 173 | 21 | 173 | 23 | Object to document - hearsay | | The document (**Trial Exhibit 1820**) is a press release by the Parish.  It is the statement of a party opponent. |
| 174 | 7 | 174 | 21 | hearsay | | See above. |
| 175 | 3 | 176 | 13 | Hearsay. | | See above. |
| 176 | 20 | 177 | 18 | Lack of foundation - calls for expert opinion from lay witness; speculation | X | The Parish 30(b)(6) witness is competent to testify to matters within the Parish's knowledge, such as its conclusions called for in the colloquy. |
| 178 | 11 | 178 | 19 | Hearsay; lack of foundation - calls for expert opinion from lay witness | | See above. |
| 179 | 4 | 179 | 21 | lack of foundation - calls for expert opinion | | See above. |
| 181 | 13 | 181 | 17 | Lack of foundation - calls for expert opinion | | See above. |
| 189 | 16 | 189 | 25 | Misstates testimony. | | The question is based on the exhibit (**Trial Exhibit 1820**), which states "Jefferson Parish is committed to take all steps necessary to identify the source or sources responsible and mitigate those sources." |
| 197 | 17 | 197 | 22 | Hearsay. | | The document containing the statements (**Trial Exhibit 1476**) was prepared by a contractor hired by the Parish.  The statements are those of a party opponent. |

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|---|---|---|---|---|---|---|
| | | | | | | The statements are admissions against interest. |
| 209 | 1 | 210 | 1 | Object to document - hearsay, lack of foundation - expert type report | X | See above.  This document is a business record maintained in the ordinary course of business by the Parish. |
| 210 | 10 | 211 | 16 | lack of foundation - expert report; hearsay | X | See above. |
| 214 | 19 | 214 | 20 | Object to document - hearsay. | | The document (**Trial Exhibit 1261**) is an email from one Parish employee to another. It is a statement of a party opponent. |
| 216 | 1 | 216 | 4 | Hearsay | | See above. |
| 216 | 11 | 217 | 3 | Hearsay; speculation | | See above.  The Parish 30(b)(6) witness is competent to testify to matters within the Parish's knowledge, such as its conclusions called for in the colloquy. |
| 220 | 25 | 221 | 9 | Hearsay | | See above. |
| 223 | 12 | 224 | 1 | Hearsay | | See above. |
| 226 | 16 | 227 | 3 | Lack of foundation - Waste Connections | X | |
| 227 | 14 | 227 | 16 | Object to document - hearsay | | The document at issue (**Trial Exhibit 1721**) is an email sent by the Parish COO. It is a statement of a party opponent. |
| 229 | 1 | 230 | 21 | Hearsay | | See above. |
| 231 | 8 | 232 | 6 | Lack of foundation - calls for expert opinion | | See above.  The Parish 30(b)(6) witness is competent to testify to matters within the Parish's knowledge, such as its conclusions called for in the colloquy. |
| 232 | 24 | 233 | 17 | Hearsay | | The statements are contained in an email (**Trial Exhibit 3420**) from the Parish Director of Environmental Affairs to Waste |

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|---|---|---|---|---|---|---|
| | | | | | | Connections employees. They are statements of a party opponent. |
| 235 | 18 | 236 | 4 | Lack of foundation - Waste Connections; lack of foundation, assumes facts not in evidence; relevancy | | The Parish 30(b)(6) witness is competent to testify to matters within the Parish's knowledge, such as its conclusions called for in the colloquy.  The witness confirms that the Parish was aware of the press release by Waste Connections.  The press release is a statement of a party opponent.  It demonstrates that, from the beginning of this situation, Waste Connections has failed and refused to take responsibility for its actions.  This is one of the themes of the Plaintiffs' case. |
| 237 | 11 | 237 | 22 | Lack of foundation - Waste Connections | X | |
| 240 | 6 | 240 | 15 | hearsay | | Rick Buller and Kris Carlson were Parish employees and a contractor hired by the Parish respectively.  Their statements are statements of a party opponent.  Their statements are admissions against interest.  Although Brian DeJean is a River Birch employee, his inclusion is harmless because the statements of the other proponents are admissible.  Alternatively, Mr. DeJean's name can be redacted/not read. |
| 240 | 17 | 240 | 23 | Lack of foundation - seeks expert opinion | | The Parish 30(b)(6) witness is competent to testify to matters within the Parish's knowledge, such as its conclusions called for by the question. |

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|---|---|---|---|---|---|---|
| 240 | 25 | 241 | 5 | Hearsay | | Rick Buller is a Parish employee.  Kris Carlson was a consultant hired by the Parish to investigate the source of the odors and evaluate the landfill.  These are statements of a party opponent and admissions against interest. |
| 242 | 18 | 242 | 24 | Hearsay | | See above.  The statements of Waste Connections' consultant are statement of a party opponent and admissions against interest. |
| 244 | 6 | 245 | 1 | Relevancy | | The testimony is relevant to bias of Waste Connections' expert. |
| 249 | 1 | 249 | 7 | Hearsay | | The document containing the statements (**Trial Exhibit 3244**) is an application to renew the permit for JPLF.  It was prepared on behalf of the Parish by Carlson Environmental and the application was signed by Parish President Yenni.  It is a statement of a party opponent. |
| 251 | 9 | 251 | 21 | Hearsay | | See above. |
| 251 | 22 | 252 | 4 | Lack of foundation/personal knowledge | | See above.  The Parish 30(b)(6) witness is competent to testify to matters within the Parish's knowledge, such as its conclusions called for by the question.  The personal knowledge of the witness is not required. |
| 252 | 6 | 252 | 10 | Lack of foundation/personal knowledge | X | |
| 254 | 1 | 254 | 8 | Lack of foundation/personal knowledge | | See above.  The Parish 30(b)(6) witness is competent to testify to matters within the Parish's knowledge, such as its conclusions |

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|-----------|-----------|---------|---------|-----------|--------|----------|
| | | | | | | called for by the question.  The personal knowledge of the witness is not required. |
| 295 | 20 | 295 | 23 | Hearsay; Rule 408; see also motion in limine | | Plaintiffs acknowledge the Court's prior rulings on this issue.  Designation withdrawn. |
| 299 | 3 | 299 | 16 | Hearsay; Rule 408; see also motion in limine; and lack of foundation - Waste Connections | | Plaintiffs acknowledge the Court's prior rulings on this issue.  Designation withdrawn. |
| 309 | 2 | 309 | 14 | Lack of foundation/personal knowledge | X | |
| 309 | 17 | 310 | 23 | Hearsay | | The statements at issue are those of Kris Carlson, a consultant hired by the Parish to evaluate the JPLF and give recommendations regarding how to mitigate the odors.  The statements are statements of a party opponent and admissions against interest. |
| 324 | 5 | 324 | 14 | lack of foundation; relevancy and rule 403 - discussing all plaintiffs, not just trial plaintiffs | | The question does not suggest that there are more plaintiffs than the trial plaintiffs.  The question seeks to clarify the Parish's position concerning "other sources" and the specific odors emanating from JPLF.  This is fair examination to address the defendants' "other sources" defense. |
| 324 | 16 | 324 | 19 | lack of foundation; assumes facts not in evidence | X | |
| 361 | 10 | 361 | 14 | Lack of foundation | X | |
| 361 | 15 | 361 | 25 | lack of foundation; misstates evidence and conclusion | | Both the preliminary (**Trial Exhibit 1490**) and final (**Trial Exhibit 2204**) Carlson reports make clear that liquids at the JPLF |

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|-----------|-----------|---------|---------|-----------|--------|----------|
| | | | | | | were the primary driver of the issues Carlson was hired to address. |

### B.      Failure to Distinguish Corporate entity

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|-----------|-----------|---------|---------|-----------|--------|----------|
| 30 | 20 | 31 | 1 | lack of foundation - Waste Connections not defined. | X | |
| 37 | 19 | 38 | 20 | Lack of foundation - Waste Connections | X | |
| 42 | 15 | 42 | 17 | Lack of Foundation – Waste Connections | X | |
| 43 | 14 | 43 | 25 | Lack of foundation - Waste Connections; speculation. | | Waste Connections defendants have repeatedly, throughout the course of this litigation, referred to themselves as the collective "Waste Connections defendants." To permit the Waste Connections defendants to object on this basis at this late juncture is unfairly prejudicial to the other parties.  Moreover, the Waste Connections defendants failed during any deposition to themselves attempt to distinguish among the various Waste Connections entities by asking follow-up questions, making specific objections, to clarify any purported ambiguity asserted to be caused by the questions, or otherwise. <br><br> The Parish 30(b)(6) witness is competent to testify to the Parish's interpretation of an |

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|---|---|---|---|---|---|---|
| | | | | | | email directed to it, personal knowledge of the witness is not required when testifying in a representative capacity. |
| 56 | 13 | 56 | 19 | Lack of personal knowledge; lack of foundation - no explanation as to which Waste Connections and IESI entity | | See above.<br><br>The Parish 30(b)(6) witness is competent to testify to matters within the Parish's knowledge, personal knowledge of the witness is not required when testifying in a representative capacity.  IESI signed the contract which was an exhibit to the deposition, the Parish has knowledge that the contract was ultimately assumed by Waste Connections. |
| 62 | 10 | 62 | 14 | Lack of foundation - Waste Connections | X | |
| 74 | 25 | 75 | 5 | Speculation; lack of foundation - Waste Connections | X | |
| 91 | 16 | 91 | 21 | Lack of foundation and vague re Waste Connections. | | In the prior answer, the witness identified Waste Connections as the specific landfill operator which proposed using the spent lime to solidify, the question was based on the witness' prior answer. |
| 105 | 13 | 105 | 19 | Lack of foundation - Waste Connections. | X | |
| 107 | 19 | 107 | 24 | Lack of foundation - Waste Connections; assumes facts not in evidence (from prior question); speculation. | | The prior questions lay the foundation that establishes the necessary predicate for the question which is the subject of the objection. |
| 109 | 1 | 109 | 6 | Lack of foundation - Waste Connections; speculation | X | |

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|---|---|---|---|---|---|---|
| 110 | 14 | 110 | 21 | Speculation; lack of personal knowledge; lack of foundation - Waste Connections | | The questions relate to an email thread (**Trial Exhibit 2790**) between Waste Connections employees about the fact that all other local landfills had stopped solidification due to odor issues.  The witness had reviewed the document in preparation for his deposition (108:15-108:25).  It contains admissions against interest by Waste Connections. |
| 113 | 20 | 113 | 25 | Hearsay; lack of foundation - Waste Connections | X | The document containing the statements (**Trial Exhibit 2905**) is an email between two employees of a defendant.  It is a statement of a party opponent.  It is an admission against interest. |
| 115 | 8 | 115 | 16 | Lack of foundation - Waste Connections | | See above. |
| 119 | 20 | 119 | 21 | Lack of foundation - Waste Connections | X | |
| 121 | 15 | 122 | 1 | Lack of foundation - Waste Connections | X | |
| 138 | 12 | 138 | 24 | Hearsay; lack of foundation in answer - Waste Connections | X | |
| 143 | 21 | 143 | 21 | Lack of foundation - Waste Connections | | The document containing the statements (**Trial Exhibit 1277**) is an email exchange between two defendants.  The document contains the statement of party opponents.  The Parish 30(b)(6) witness is competent to testify to matters within the Parish's knowledge, personal knowledge of the witness is not required when testifying in a representative capacity. |

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|---|---|---|---|---|---|---|
| 148 | 13 | 148 | 21 | lack of foundation - Waste Connections | X | |
| 149 | 19 | 149 | 21 | Lack of foundation - Waste Connections | X | |
| 152 | 19 | 152 | 24 | Speculation; lack of foundation - Waste Connections | | The question is based on a document (**Trial Exhibit 2909**) which is an exchange between two defendants, one of which is the Parish.  The Parish 30(b)(6) witness is competent to testify to matters within the Parish's knowledge, such as the Parish's understanding of the email it received. |
| 159 | 6 | 159 | 14 | Lack of foundation - Waste Connections; speculation | | There was an ongoing relationship between the Parish and Waste Connections.  Waste Connections' further response to the email at issue (**Trial Exhibit 2909**) is within the knowledge of the Parish (as indicated in the answer). |
| 160 | 11 | 160 | 14 | Lack of foundation - Waste Connections | | The exhibit being discussed makes it clear that Waste Connections had been advised that there were odor complaints.  This information is within the knowledge of the Parish. |
| 161 | 3 | 161 | 14 | Lack of foundation - Waste Connections | X | |
| 162 | 11 | 162 | 18 | Lack of foundation - Waste Connections | | Waste Connections defendants have repeatedly, throughout the course of this litigation, referred to themselves as the collective "Waste Connections defendants." To permit the Waste Connections defendants to object on this basis at this late juncture is unfairly prejudicial to the other |

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|---|---|---|---|---|---|---|
| | | | | | | parties.  Moreover, the Waste Connections defendants failed during any deposition to themselves attempt to distinguish among the various Waste Connections entities by asking follow-up questions, making specific objections, to clarify any purported ambiguity asserted to be caused by the questions, or otherwise. |
| 173 | 7 | 173 | 11 | Lack of foundation - Waste Connections | X | |
| 226 | 16 | 227 | 3 | Lack of foundation - Waste Connections | X | |
| 235 | 18 | 236 | 4 | Lack of foundation - Waste Connections; lack of foundation, assumes facts not in evidence; relevancy | | Waste Connections defendants have repeatedly, throughout the course of this litigation, referred to themselves as the collective "Waste Connections defendants." To permit the Waste Connections defendants to object on this basis at this late juncture is unfairly prejudicial to the other parties.  Moreover, the Waste Connections defendants failed during any deposition to themselves attempt to distinguish among the various Waste Connections entities by asking follow-up questions, making specific objections, to clarify any purported ambiguity asserted to be caused by the questions, or otherwise.

The Parish 30(b)(6) witness is competent to testify to matters within the Parish's knowledge, such as its conclusions called |

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|---|---|---|---|---|---|---|
| | | | | | | for in the colloquy.  The witness confirms that the Parish was aware of the press release by Waste Connections.  The press release is a statement of a party opponent. It demonstrates that, from the beginning of this situation, Waste Connections has failed and refused to take responsibility for its actions.  This is one of the themes of the Plaintiffs' case. |
| 237 | 11 | 237 | 22 | Lack of foundation - Waste Connections | X | |

### C.    Calls for Expert Opinion

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|---|---|---|---|---|---|---|
| 29 | 17 | 29 | 23 | Lack of foundation; improper opinion testimony of lay witness | X | |
| 31 | 15 | 31 | 17 | Lack of foundation; improper opinion testimony from lay witness | X | |
| 126 | 9 | 126 | 20 | Speculation; lack of personal knowledge; seeking opinion from a lay witness | | The Parish 30(b)(6) witness is competent to testify to matters within the Parish's knowledge, such as the conclusions called for by the question.<br><br>Witness indicates that his answer is based on information he has read.  Lay testimony can be based on witness' experience and information known to witness. |
| 176 | 20 | 177 | 18 | Lack of foundation - calls for expert opinion from lay witness; speculation | X | The Parish 30(b)(6) witness is competent to testify to matters within the Parish's |

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|---|---|---|---|---|---|---|
| | | | | | | knowledge, such as its conclusions called for by the question.  A witness is competent to provide lay opinions with respect to matters within their experience and information known to witness.<br><br>Witness indicates that his answer is based on information he has read.  Lay testimony can be based on witness' experience and information known to witness. |
| 178 | 11 | 178 | 19 | Hearsay; lack of foundation - calls for expert opinion from lay witness | | The document being discussed (**Trial Exhibit 1820**) is a press release by the Parish.  It is the statement of a party opponent.<br><br>The Parish 30(b)(6) witness is competent to testify to matters within the Parish's knowledge, such as its conclusions called for by the question.  A witness is competent to provide lay opinions with respect to matters within their experience and information known to witness. |
| 179 | 4 | 179 | 21 | lack of foundation - calls for expert opinion | | See above. |
| 181 | 13 | 181 | 17 | Lack of foundation - calls for expert opinion | | See above. |
| 209 | 1 | 210 | 1 | Object to document - hearsay, lack of foundation - expert type report | X | The document containing the statements, the Pivotal Report, (**Trial Exhibit 1476**) was prepared by a contractor hired by the Parish.  The statements are those of a party |

Chart Of Plaintiffs' Responses To Waste Connections Objections To Deposition Designations--Page **28** of 113

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|---|---|---|---|---|---|---|
| | | | | | | opponent.  The statements are admissions against interest. |
| 210 | 10 | 211 | 16 | lack of foundation - expert report; hearsay | X | See above. |
| 231 | 8 | 232 | 6 | Lack of foundation - calls for expert opinion | | The Parish 30(b)(6) witness is competent to testify to matters within the Parish's knowledge, such as its conclusions called for in the colloquy.  A witness is competent to provide lay opinions with respect to matters within their experience and information known to witness. |
| 240 | 17 | 240 | 23 | Lack of foundation - seeks expert opinion | | The Parish 30(b)(6) witness is competent to testify to matters within the Parish's knowledge, such as its conclusions called for by the question.  A witness is competent to provide lay opinions with respect to matters within their experience and information known to witness. |

### D.    Other Objections

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|---|---|---|---|---|---|---|
| 50 | 13 | 50 | 23 | Relevancy. | | Plaintiffs' theory of the case includes that the defendants knew or should have known of the dangers of using the spent lime, but failed to take adequate precautions based on a profit motive. |
| 61 | 2 | 61 | 3 | Incomplete designation | | Plaintiffs timely added a line to complete the designation. |

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|---|---|---|---|---|---|---|
| 78 | 9 | 78 | 14 | Hearsay | | The document that contains the statements (Application for Permit Modification 7, **Trial Exhibit 1673**) was prepared by Sigma Engineers which was retained on behalf of the Parish, the Parish also signed the actual application. The Parish is the witness. The document is the statement of a party opponent. |
| 92 | 20 | 92 | 21 | Incomplete designation. | | Plaintiffs timely added a line to complete the designation |
| 107 | 5 | 107 | 9 | Lack of foundation; assumes facts not in evidence; speculation. | X | The prior questions lay the foundation that establishes the necessary predicate for the question which is the subject of the objection. The Parish 30(b)(6) witness is competent to testify to matters within the Parish's knowledge, including things it did not know. |
| 107 | 10 | 107 | 17 | Lack of foundation; assumes facts not in evidence; speculation. | | See above. |
| 108 | 15 | 107 | 24 | Object to document – hearsay. | | The document at issue (**Trial Exhibit 2790**) is an email between Waste Connections employees about the fact that all other local landfills had stopped solidification due to odor issues. The witness had reviewed the document in preparation for his deposition (108:15-108:25). It contains admissions against interest by Waste Connections. |
| 109 | 12 | 109 | 19 | Hearsay | | See above. |
| 109 | 23 | 110 | 2 | Hearsay | | See above. |

Chart Of Plaintiffs' Responses To Waste Connections Objections To Deposition Designations--Page 30 of 113

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|-----------|-----------|---------|---------|-----------|--------|----------|
| 110 | 3 | 110 | 12 | Speculation | | The questions relate to an email thread (**Trial Exhibit 2790**) between Waste Connections employees about the fact that all other local landfills had stopped solidification due to odor issues.  The witness had reviewed the document in preparation for his deposition (108:15-108:25).  It contains admissions against interest by Waste Connections. |
| 116 | 1 | 116 | 7 | Unclear and confusing question. | | Based on prior testimony, it was clear that the Based on the prior questions, it is clear that |
| 116 | 12 | 116 | 17 | Non-responsive answer – confusing. | | The answer is consistent with the witness' prior testimony about who proposed using the spent lime (91:12 to 91:17) |
| 271 | 8 | 271 | 11 | Misstates evidence. | | For example, the Carlson preliminary report (**Trial Exhibit 1490**) specifically indicates in conclusion 25 that the H2S emissions resulted from solidification with materials containing soluble sulfates. |
| 290 | 25 | 291 | 2 | Incomplete designation; no question | | This is an answer to a question from a prior designation. |
| 292 | 6 | 292 | 17 | Rule 403 – see Motion in Limine | | See opposition to motion in limine. |
| 293 | 6 | 293 | 22 | Rule 403 – see Motion in Limine | | See opposition to motion in limine. |
| 293 | 23 | 294 | 13 | Rule 403 – See motion in limine | | See opposition to motion in limine. |
| 308 | 24 | 309 | 1 | Vague and confusing | X | |
| 347 | 19 | 348 | 2 | Relevancy; Rule 403 – see motion in limine | | Plaintiffs acknowledge the Court's prior rulings on this issue.  Designation withdrawn. |

**IV.     DEPOSITION OF APTIM CORP.'S CORPORATE REPRESENTATIVE, JOSH BROGGI, MAY 19, 2023**

| Page From | Line From | Page to | Line to | Objection | Waived | Response |
|---|---|---|---|---|---|---|
| 136 | 13 | 136 | 21 | Lack of foundation. Assumes facts not in evidence. | X | No contemporaneous objection.  The questions concerned the May 2018 time frame.  The "assumed fact"—that lawsuits were not yet filed at that time—is not disputed and the witness's answer was corrected on the record. |
| 272 | 12 | 272 | 16 | Calls for speculation. Lack of foundation. | X | No contemporaneous objection by Waste Connections.  The testimony discussed Deposition Exhibit 1059 (text messages between Brenda Kocur and Josh Broggi, both Aptim employees) regarding the JP Landfill and particularly the statement that "We need to make sure that Nelson and Eric document everything so we don't become the fall guys for that site."  The question was "what about the Jefferson Parish site would make you the fall guy?  Mr. Broggi's initial answer was "I don't know.".[continued in next entry] |
| 273 | 11 | 273 | 24 | Calls for speculation. Lack of foundation. | | [continuing from above].  When pressed, Mr. Broggi explained that there were known "bellies" in the headers, there were watered in wells, and the leachate system wasn't working properly.   Mr. Broggi was the 30(b)(6) witness speaking for Aptim. |

## V.    DEPOSITION OF CHELSEY ARMSTRONG, OCTOBER 18, 2023

### A.    Testimony concerning hearsay statements and lack of personal knowledge

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|---|---|---|---|---|---|---|
| 16 | 1 | 16 | 1 | Move to strike; misstates testimony. | X | No contemporaneous objection. Deponent goes on to clarify employer on line 3 as "Waste Connections of Texas." |
| 18 | 16 | 18 | 25 | Hearsay. | | Document (resume of Ms. Armstrong) was prepared by Ms. Armstrong, an employee of Waste Connections. The document is the statement of a party opponent. |
| 22 | 3 | 22 | 4 | Lack of foundation. | X | No contemporaneous objection. |
| 22 | 5 | 22 | 23 | Relevancy; confusing and misleading jury. Ms. Armstrong testified that she did not screen waste for JPLF and therefore these questions are not relevant to issues at the JPLF. | X | Ms. Armstrong has personal knowledge of the scope of work of her department and was tasked with jobs relating to the JPLF. She is able to testify about the role she and her co-workers play in compliance for Waste Connections. She also has personal knowledge of her co-worker's duties and activities as she worked closely with Nikki Crews and Nick Collins. |
| 25 | 8 | 25 | 11 | Assumes facts not in evidence. She described her role as a gatekeeper, not the others. | X | She testified generally that her department's role was that of a gatekeeper. |
| 34 | 4 | 34 | 23 | Hearsay | | The document marked as **Trial Exhibit 4033**, is a cheat sheet utilized and circulated by Waste Connections employees.  was prepared and kept by Waste Connections in the typical course |

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|---|---|---|---|---|---|---|
| | | | | | | of business and therefore is an exception to hearsay under Rule 803(6) |
| 37 | 6 | 37 | 15 | Hearsay; relevancy | | See above re: hearsay objection. Testimony and document are relevant because it discusses the process, generally, and the resources and facts that Ms. Armstrong and others in her department use to screen special waste. |
| 38 | 14 | 38 | 18 | Hearsay | | See above. |
| 39 | 6 | 39 | 15 | Hearsay. | | See above. |
| 39 | 18 | 39 | 23 | Hearsay | | See above. |
| 40 | 3 | 40 | 6 | Compound; lack of foundation. | X | |
| 44 | 2 | 44 | 4 | Hearsay | | The document Trial Exhibit 4033 is a cheat sheet utilized and circulated by Waste Connections employees.  was prepared and kept by Waste Connections in the typical course of business and therefore is an exception to hearsay under Rule 803(6) |
| 44 | 20 | 45 | 4 | Compound; vague and confusing; speculation; lack of foundation. | | The question is asking about Armstrong's own notes updating this corporate cheat sheet document and asks deponent to confirm the accuracy of her own corrections. The question is not vague, and foundation is established through prior testimony. |
| 45 | 15 | 45 | 24 | Lack of foundation; relevancy; hearsay. | | The question is asking about Armstrong's own notes updating this corporate cheat sheet document and asks deponent to confirm the accuracy of her own corrections. The question is not vague, |

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|---|---|---|---|---|---|---|
| | | | | | | and foundation is established through prior testimony.<br><br>Re: hearsay the document **Trial Exhibit 4035** is an updated cheat sheet utilized and circulated by Waste Connections employees.  This was prepared and kept by Waste Connections in the typical course of business and therefore is an exception to hearsay under Rule 803(6). This changes to this document were done by Ms. Armstrong. It is also excepted from hearsay as a statement of a party opponent under Rule 801. |
| 46 | 3 | 46 | 6 | Hearsay. | | This references the first page of Trial Exhibit document **Trial Exhibit 4035** (see above) which is an email from Ms. Armstrong to her co-worker. It is the statement of a party opponent and an admission against interests. |
| 46 | 19 | 46 | 20 | hearsay. | | See above. |
| 74 | 10 | 74 | 17 | Lack of foundation; assumes facts not in evidence. | | Ms. Armstrong states that she received special knowledge of waste compliance and management through her on the job work. The deposition further states that many countries and jurisdictions have stopped the acceptance of spent lime or high sulfate containing waste in MSWL. |
| 75 | 18 | 75 | 21 | Assumes facts not in evidence; lack of foundation. | X | |

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|---|---|---|---|---|---|---|
| 76 | 7 | 76 | 10 | Assumes facts not in evidence; lack of foundation. | X | |
| 78 | 14 | 78 | 19 | Lack of foundation; confusing. | X | Ms. Armstrong was able to articulate an answer suggesting that the question was not confusing to her. |
| 79 | 7 | 79 | 18 | Relevancy. She testified she was not involved in approval of spent lime or any approvals for JPLF at all. | X | To the extent further discussion is necessary, she is being asked about spent lime in landfills generally- not specific to the JPLF. With her role and experience as a waste compliance specialist she is charged with knowledge generally about what waste streams can be deposited into MSWL. |
| 82 | 22 | 83 | 3 | Speculation; hearsay. | X | Defendants fail to state what is hearsay in this section. The question posed was not regarding the substance of conversations asserted for the truth of a matter. Therefore it is not hearsay. |
| 84 | 12 | 84 | 15 | Lack of foundation - this building. | X | Ms. Armstrong was deposed in the Waste Connection's office in the Woodlands. She clearly understood the reference to "this building" meant the building where Waste Connections and subsidiaries operate, and the building in which the deposition was being conducted. The location of other employees was properly established prior to the question as it relates to why Ms. Armstrong specifically was asked to research spent lime and H2S generation in landfills by Chris Ruane. |

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|---|---|---|---|---|---|---|
| 84 | 22 | 85 | 1 | Lack of foundation; speculation. also only question is designated. | | Waste Connections defendants have repeatedly, throughout the course of this litigation, referred to themselves as the collective "Waste Connections defendants." To permit the Waste Connections defendants to object on this basis at this late juncture is unfairly prejudicial to the other parties. Moreover, the Waste Connections defendants failed during any deposition to themselves attempt to distinguish among the various Waste Connections entities by asking follow-up questions, making specific objections, to clarify any purported ambiguity asserted to be caused by the questions, or otherwise. Moreover, Ms. Armstrong understood the question and answered. |
| 87 | 10 | 87 | 13 | Relevancy; cumulative/wrong witness | | The witness has personal knowledge that the building in which she worked was the headquarters for the Southern Region Office. Objection fails to state what is cumulative or the "wrong witness" when this deponent has personal knowledge of the information asked. |
| 87 | 14 | 87 | 17 | Relevancy. She testified that she was not involved in JPLF landfill so her understanding of composition of spent lime is irrelevant. | | Ms. Armstrong is being asked about spent lime in landfills generally- not specific to the JPLF. With her role and experience as a waste compliance specialist she is charged with knowledge |

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|---|---|---|---|---|---|---|
| | | | | | | generally about what waste streams can be deposited into MSWL. |
| 91 | 20 | 92 | 2 | Assumes facts not in evidence; lack of foundation; speculation; hearsay. | X | |
| 92 | 15 | 92 | 20 | Speculation. | X | |
| 92 | 21 | 93 | 2 | Lack of foundation; assumes facts not in evidence; speculation. | X | |
| 99 | 24 | 100 | 2 | Hearsay. | | This is not hearsay. It is a statement by counsel identifying a document that they intend to show the witness. |
| 101 | 3 | 101 | 10 | Hearsay for first two questions, and third question has not context, lacks foundation with the first two. | X | This is not hearsay. It is a statement by counsel identifying a document and how it is organized. |
| 103 | 11 | 103 | 17 | hearsay. | | All of the persons mentioned in the chain are employees of Waste Connections, statements are not hearsay under Rule 801(d). |
| 103 | 25 | 104 | 3 | Hearsay | | See above. |
| 105 | 15 | 105 | 22 | Hearsay. | | See above. |
| 106 | 15 | 106 | 24 | Hearsay for first question; lack of foundation for second - "information" if objection to prior question is sustained. | X | No contemporaneous objection. Same response to hearsay objection as above. |
| 106 | 25 | 107 | 5 | hearsay. | | See above. |
| 108 | 3 | 108 | 7 | hearsay | | See above |
| 108 | 17 | 109 | 3 | Hearsay. | | See above. |
| 6 | 21 | 6 | 21 | Objecting to document, dep. ex. 1151, as hearsay. | | Document is **Trial Exhibit 3022** is not hearsay. All of the persons mentioned in the chain are employees of Waste Connections, statements are not hearsay under Rule 801(d). |

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|---|---|---|---|---|---|---|
| 8 | 11 | 8 | 12 | Object to document Dep Ex. 1152 as hearsay. | | **Trial Exhibit 3305** is not hearsay. All of the persons mentioned in the chain are employees of Waste Connections, statements are not hearsay under Rule 801(d). |
| 8 | 16 | 8 | 23 | Hearsay. | | See above. |
| 9 | 6 | 9 | 11 | Hearsay. | | Statement is not hearsay because it is not being offered for the truth of the matter asserted. |
| 10 | 7 | 10 | 9 | Hearsay. | | Statement is not hearsay because it is not being offered for the truth of the matter asserted. |
| 38 | 18 | 38 | 20 | Lack of foundation; assumes facts not in evidence. | X | No contemporaneous objection. Foundation established during prior testimony of coworkers in the department and office space where she worked. |

**B.      Failure to Distinguish Corporate Entity**

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|---|---|---|---|---|---|---|
| 15 | 5 | 15 | 8 | Vague; lack of foundation. No definition as to "Waste Connections" | X | No contemporaneous objection. Waste Connections defendants have repeatedly, throughout the course of this litigation, referred to themselves as the collective "Waste Connections defendants."  To permit the Waste Connections defendants to object on this basis at this late juncture is unfairly prejudicial to the other parties. Moreover, the Waste Connections |

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|---|---|---|---|---|---|---|
| | | | | | | defendants failed during any deposition to themselves attempt to distinguish among the various Waste Connections entities by asking follow-up questions, making specific objections, to clarify any purported ambiguity asserted to be caused by the questions, or otherwise.  Moreover, Ms. Armstrong understood the question and answered. |
| 73 | 16 | 73 | 19 | Vague; lack of foundation re Waste Connections. | X | See above. |
| 75 | 22 | 75 | 24 | Lack of foundation re Waste Connections | X | See above. |
| 81 | 6 | 81 | 8 | Lack of foundation re Waste Connections. | X | See above. |
| 87 | 6 | 87 | 9 | Lack of foundation re Waste Connections. | X | See above. |
| 38 | 3 | 38 | 6 | Lack of foundation -- no clarity on Waste Connections. | X | See above. |
| 50 | 14 | 51 | 1 | Lack of foundation - no clarity as to "Waste Connections" | X | See above. |

C.      Other Objections

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|---|---|---|---|---|---|---|
| 44 | 11 | 44 | 17 | Confusing; vague. | | Designation withdrawn. |
| 45 | 25 | 46 | 2 | Relevancy | | Designation withdrawn. |
| 75 | 3 | 75 | 14 | Hearsay. | | Not hearsay. Statement is not being offered for the truth of the matter asserted. Statement is offered for the fact that she |

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|---|---|---|---|---|---|---|
| | | | | | | said it, and we are offering the testimony that she got the information from google is not an out of court statement. |
| 75 | 25 | 76 | 6 | Relevancy. | | Statement deals with company decorations showing involvement with Canadian Landfills. The next question is related to Canada's moratorium on the acceptance of gypsum on MSWL. Therefore it is relevant. |
| 82 | 8 | 82 | 21 | Hearsay | | Statement is not hearsay and not being offered for the truth of the matter. Deponent was asked about whether or not there were "hints" about why she was tasked by Chris Ruane to research spent lime. The question does not ask for the substance of a conversation. |
| 83 | 13 | 83 | 25 | Hearsay. | | Not hearsay. Statement is not being offered for the truth of the matter asserted. Statement is offered for the fact that she conducted a google search as a result of a request from her boss to research. |
| 84 | 16 | 84 | 18 | Stricken per comment of questioner. | | Designation withdrawn. |
| 84 | 19 | 84 | 21 | Relevancy. | | Relevant because it goes to the witnesses competency in her field of chemistry and/or Ms. Armstrong's method for obtaining information relating to her job responsibilities. |
| 87 | 18 | 87 | 18 | impartial designation. should be removed. | | Designation withdrawn. |
| 90 | 22 | 91 | 2 | hearsay. | | Statement is not hearsay as it is not being offered for the truth of the matter therein. |

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|---|---|---|---|---|---|---|
| | | | | | | Statement asking whether or not a conversation occurred. |
| 91 | 3 | 91 | 19 | Hearsay. | | Statement is not hearsay as it is not being offered for the truth of the matter therein. Statement asking whether or not a conversation occurred. |
| 96 | 1 | 96 | 11 | hearsay. | | Statements of Mr. Ruane, as Waste Connections employee, are statements of an opposing party, and are not hearsay. |
| 100 | 25 | 100 | 25 | Partial designation; this line should be removed. | | Designation withdrawn. |
| 101 | 3 | 101 | 10 | Hearsay for first two questions, and third question has not context, lacks foundation with the first two. | | Statements of Mr. Ruane, as Waste Connections employee, are statements of an opposing party, and are not hearsay.  A verbal instruction is not an assertion of fact and is not hearsay. |
| 102 | 8 | 102 | 17 | Hearsay. | | Ms. Armstrong was a Waste Connections employee and her statements are statements of an opposing party, and are not hearsay. |
| 105 | 23 | 106 | 1 | Hearsay. | | The statements of Ms. Armstrong and Mr. Ruane are statements of an opposing party and are not hearsay. |
| 106 | 13 | 106 | 14 | Should be stricken per questioner comment. | | Designation withdrawn. |
| 56 | 10 | 56 | 21 | relevancy | | Designation withdrawn. |

## VI.   DEPOSITION OF JEFF PALUTIS, OCTOBER 18, 2023

### A.   Testimony concerning hearsay statements and lack of personal knowledge

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|---|---|---|---|---|---|---|
| 18 | 18 | 18 | 23 | Lack of foundation; vague; assumes facts not in evidence. | | It is not seriously in dispute in this case that Waste Connections Inc acquired Progressive Waste Solutions Inc in 2016. Any objection regarding Mr. Palutiss knowledge of such events was cured by the testimony appearing on pages 19-21, which Waste Connections did not cross-designate. |
| 23 | 17 | 23 | 21 | Lack of foundation; assumes facts not in evidence.  Specifically, Mr. Foster is asking "You" to Mr. Palutis, but it was IESI's contract, not Mr. Palutis' contract and this was not a 30b6 deposition. | | Mr. Palutis had previously testified to his position as the director of landfills for North America for Progressive (20:19-21:7).  And Mr. Palutis had said regarding the JP Landfill, that "it was a lot of trying what we would need to do to construct phase 4A."  There is no basis in fact this objection. |
| 40 | 15 | 40 | 19 | Vague; confusing. | | The questions was "And you looked careful [sic] at the landfill?"  The witness had no problem answering. |
| 41 | 14 | 41 | 20 | Assumes facts in evidence; mischaracterizes the evidence. Asking Mr. Palutis what he did before he negotiated the contract. | | The question was "And what degree of effort would you say you made to understand the Jefferson Parish Landfill before you negotiated this contract?"  Any reasonable person preparing to negotiate an contract would first take steps to understand the subject matter of the contract.  Waste Connections' objection is not someone else negotiated the contract.  "Assumes facts in evidence" is not a valid objection. |
| 41 | 22 | 42 | 1 | Compound; vague; ambiguous. | | The question was "But you certainly would have done your best to understand the landfill, its operations, any problems that is |

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|---|---|---|---|---|---|---|
| | | | | | | was encountering, that sort of thing, right?" Answer: "I would have."  No compound question, nothing vague. |
| 42 | 8 | 42 | 18 | Lack of foundation - no evidence that Mr. Palutis negotiated or had any understanding as to what IESI was committing itself to do. Also hearsay for reading document into record; speculation. | X | No contemporaneous objection. |
| 42 | 19 | 43 | 6 | Speculation; lack of foundation. Asking him questions before establishing whether he knew the odor control plan and did not show him the actual plan. | X | No contemporaneous objection |
| 43 | 7 | 43 | 14 | Lack of foundation; speculation. Asking him questions without showing him the document or establishing that he had reviewed the odor control plan at any point in time. | | Mr. Palutis testified he was the director of landfills for all of North America for Progressive, and prior to that had been the director of south landfills for IESI.  There is no issue with the foundation for his testimony as to what would be included in an odor control plan. |
| 54 | 22 | 55 | 1 | Lack of foundation; speculation. | | The question was "Would you agree with me that the performance of a paint filter test is an essential party of a protocol for the acceptance of liquid waste."  Answer:  "I don't know."  As the nationwide director landfills, Mr. Palutis would know about this.

The paint filter test is part of the definition of liquid waste in the Louisiana regulations |

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|---|---|---|---|---|---|---|
| | | | | | | (Title 33, Part VII, Subpart 1)..  And although acceptance of liquid waste was not allowed under the original IESI contract, IESI had proposed to do it when it bid on the contract.  *See* Trial Exhibit 1235, IESI proposal at *3699 (Wastes that fail the paint filter test …must be treated … such that it [sic] will pass the paint filter test…) |
| 72 | 5 | 72 | 8 | lack of foundation. No discussion as to what corporate was or Mr. Palutis' understanding of that term. | | Following discussion about Mr. Mike Freisen being the "IESI engineer for Louisiana," the question was "So he was corporate as opposed to being operations at the landfill right?" (cleaned up).  Answer "Yes."  As the director of landfills for all of North America, Mr. Palutis would know this.  No legitimate objection on foundation. |
| 75 | 9 | 75 | 20 | Assumes facts not in evidence; speculation. | X | No contemporaneous objection |
| 97 | 12 | 97 | 20 | Assumes facts not in evidence. Mr. Palutis did not negotiate the contract with the Parish. | | Mr. Palutis himself did not deny negotiating contract. |
| 98 | 7 | 98 | 11 | Compound question; argumentative. | | The question was "So you just took the Parish's word for it.  You didn't do any independent due diligence at all on that question, is that right?"  Answer "I don't recall."  The question was neither compound nor argumentative. |
| 105 | 21 | 105 | 24 | Relevancy. | | In context, the question is whether IESI would seek to be compensated for work performed to bring the leachate system into |

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|---|---|---|---|---|---|---|
| | | | | | | good working order.  Waste Connections contends in this case that it offered to perform such work and the Parish refused to pay for, with the result that the Parish is to blame for the problems in the leachate system.  The testimony is directly relevant to this. |
| 111 | 3 | 111 | 8 | Lack of foundation; relevancy. | X | No contemporaneous objection. |
| 116 | 16 | 116 | 22 | Confusing; unintelligible. | | The exhibit being discussed (Trial Exhibit 1742) referred to Mr. Buller's December 2, 2013, letter as being enclosed.  If clarification is needed, add lines 116:24-117:4. |
| 126 | 10 | 127 | 1 | relevancy; hearsay. | | Waste Connections contends in this case that it offered to perform extra work to bring the leachate system into good working order and the Parish refused to pay for iot, with the result that the Parish is to blame for the problems in the leachate system.  The testimony is directly relevant to this contention. |
| 141 | 18 | 142 | 6 | lack of foundation; hearsay. | X | No contemporaneous objection. |
| 142 | 19 | 142 | 22 | Argumentative; lack of foundation. | | In context, the letter being discussed was the May 30, 2018, letter from Waste Connections Region Vice President Rob Nielsen to the Parish regarding the deficiencies in the leachate collection system.  This letter, with attachments, has been stipulated into to evidence as Trial Exhibit 1470.  Most of the attachments |

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|---|---|---|---|---|---|---|
| | | | | | | were written by Mr. Palutis, and the letter itself was drafted by Mr. Palutis. |
| 142 | 24 | 142 | 25 | argumentative; lack of foundation. | | No contemporaneous objection. |
| 143 | 23 | 145 | 11 | argumentative; relevancy. | | No contemporaneous objection through line 145:3.  Objection was made to the question "You are denying that you wrote this draft letter, Exhibit 1143?"  No argumentative. Relevant because the May 30, 2018, letter was prepared by, or at the very least, with the assistance of, the actual person involved the prior correspondence and discussions. |
| 145 | 12 | 146 | 17 | argumentative; asked and answered. | | The question was re-asked because it was not answered; followed by an improper speaking objection from defense counsel. |
| 147 | 23 | 148 | 1 | Speculation; lack of foundation. | X | No contemporaneous objection. |
| 158 | 14 | 158 | 16 | Speculation; lack of foundation | X | No contemporaneous objection. |
| 164 | 14 | 164 | 19 | Relevancy. | X | No contemporaneous objection. |

**B.    Calls for Expert Opinions**

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|---|---|---|---|---|---|---|
| 55 | 5 | 55 | 11 | Lack of foundation; speculation; seeks opinion testimony of a lay witness. | | Mr. Palutis was director of landfills for all of North America for Progressive Waste and would have been in a position to know the answer.  His answer "I wouldn't have knowledge of that.". |
| 97 | 6 | 97 | 10 | improper lay witness opinion; speculation. | | Mr. Palutis was director of landfills for all of North America for Progressive Waste and would have been in a position to know whether an improperly working leachate collection system impairs the operation of |

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|---|---|---|---|---|---|---|
| | | | | | | the landfill.  His answer "I couldn't answer that" resolves the objection |
| 106 | 20 | 107 | 6 | Relevancy. | | Testimony goes to the credibility of the witness, and to the fact that parties undertake due diligence before entering into a contract (something Waste Connections seems to be denying). |
| 107 | 7 | 107 | 13 | Argumentative; vague; speculation. | | The question was "And most likely, when you're buying a landfill, you're going to do the due diligence as to all of the operating systems of that landfill before – before you contract to take it, aren't you?"  Answer:  "I have no idea how to answer that question." Mr. Palutis was the director of the south landfills for IESI and the director of all landfills in North America for Progressive Waste, both predecessors of Waste Connections. |

C.    Other Objections

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|---|---|---|---|---|---|---|
| 95 | 11 | 95 | 11 | Move to strike "ha ha". this is taken out of context and his "ha ha" response is due to Mr. Foster's prior question that said day one. | | There is no indication this is taken out of context. |
| 102 | 14 | 102 | 16 | Assumes facts not in evidence; vague. | X | No contemporaneous objection. |
| 115 | 18 | 115 | 20 | Relevancy. | | Whether he reviewed the document prior the deposition goes to credibility of the testimony. |

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|---|---|---|---|---|---|---|
| 158 | 21 | 158 | 25 | Relevancy. | | Mr. Palutis testified he did not recall drafting the Nielsen letter, and agrees that his records would indicate that he was paid during that time. |

## VII.   DEPOSITION OF NIKKI CREWS, OCTOBER 19, 2023

### A.   Testimony concerning hearsay statements and lack of personal knowledge

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|---|---|---|---|---|---|---|
| 18 | 17 | 18 | 19 | Relevance | | Question about businesses located in the Waste Connections' corporate office space is relevant to the asserted defenses relating to liability of subsidiaries and the parent company. |
| 27 | 18 | 28 | 7 | Hearsay | | Statement is not hearsay. It is not being offered for the truth of the matter. |
| 29 | 2 | 30 | 13 | Relevance | | The topic of her title and educational background are relevant as her role was compliance and Waste Connections holds themselves out as a leader in the field, when in fact that her job title as an engineer is misleading because she does not hold an engineering degree or similar certification. |
| 43 | 24 | 44 | 3 | Foundation. | X | No contemporaneous objection. |
| 44 | 21 | 45 | 9 | Hearsay | | This references Trial Exhibit 3759, which is an email authored by the deponent sent to other Waste Connections employees. Statement is not hearsay. It is not being |

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|---|---|---|---|---|---|---|
| | | | | | | offered for the truth of the matter. Witness was asked if she sees heading on document. |
| 45 | 22 | 46 | 9 | Hearsay. | | This references Trial Exhibit 3759, which is an email authored by the deponent sent to other Waste Connections employees. It is offered against Waste Connections as a statement against a party interest. |
| 46 | 12 | 46 | 12 | Foundation. | | Objection cites the objection only. To the extent the objection was to the proceeding question, that is not clear and therefore is waived. |
| 47 | 11 | 47 | 11 | Foundation. | | Same as above. |
| 48 | 21 | 49 | 5 | Hearsay | | This references Trial Exhibit 3759, which is an email authored by the deponent sent to other Waste Connections employees. Statement is not hearsay. It is not being offered for the truth of the matter. Witness was asked if she sees heading on document. |
| 49 | 12 | 49 | 18 | Hearsay. | | This references Trial Exhibit 3759, which is an email authored by the deponent sent to other Waste Connections employees. Statement is not hearsay. Statement was foundation for asking witness if she knew who filled particular roles. |
| 75 | 23 | 75 | 25 | Hearsay. | | Objection is only to lawyer statement identifying the document and marking it as an exhibit. It is not hearsay. Objection is not to the document itself. |
| 97 | 6 | 97 | 6 | Foundation, speculation. | | Objection cites the objection only. To the extent the objection was to the proceeding |

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|---|---|---|---|---|---|---|
| | | | | | | question, that is not clear and therefore is waived. |
| 97 | 13 | 97 | 13 | Foundation, speculation. | | Objection cites the objection only. To the extent the objection was to the proceeding question, that is not clear and therefore is waived. |
| 98 | 6 | 98 | 6 | Foundation, speculation, vague as to "excessive odors." | | Objection cites the objection only. To the extent the objection was to the proceeding question, that is not clear and therefore is waived. |
| 98 | 13 | 98 | 13 | Foundation, vague. | | Objection cites the objection only. To the extent the objection was to the proceeding question, that is not clear and therefore is waived. |
| 98 | 25 | 98 | 25 | Move to strike given that answer not designated; also, foundation, vague, calls for expert opinion testimony. | | Objection cites the objection only. To the extent the objection was to the proceeding question, that is not clear and therefore is waived. |
| 99 | 18 | 99 | 18 | Move to strike this fragment of an answer without a designated question. | | Designation includes next line. This was an omission. Intent of designation is clear. |
| 145 | 8 | 145 | 10 | Vague, foundation. | X | No contemporaneous objection. |
| 145 | 11 | 145 | 14 | Vague, foundation. | X | No contemporaneous objection. |
| 146 | 8 | 146 | 10 | Hearsay, foundation. | X | No contemporaneous objection. Objection does not state is it is about the statement in the designation or the document itself. To the extent the objection is to the document, |
| 155 | 23 | 156 | 14 | Hearsay | | Chris Ruane's statements are statements an opposing party, not hearsay. |
| 156 | 8 | 156 | 20 | Speculation | X | No contemporaneous objection. |
| 157 | 2 | 157 | 8 | Hearsay, speculation. | X | No contemporaneous objection as to speculation. |

Chart Of Plaintiffs' Responses To Waste Connections Objections To Deposition Designations--Page **51** of 113

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|---|---|---|---|---|---|---|
| 157 | 9 | 158 | 1 | Compound, speculation, hearsay. | | No contemporaneous objection, so compound and speculation waived. Re Trial Exhibit 3737. The question lists out the items in Ms. Crews email.  Statements of Ms. Crews and Mr. Ruane are not hearsay, but statements of an opposing party |
| 158 | 16 | 158 | 25 | Hearsay, speculation. | | Chris Ruane's statements are statements an opposing party, not hearsay. Question: "He's slowing you down, righ?" Answer"? "Yup." No speculation involved. |
| 169 | 4 | 170 | 3 | Hearsay, foundation. | | No contemporaneous objection, so foundation waived.  Nick Collins and Chris Ruane are Waste Connections employees; any statements are those of an opposing party, not hearsay. |
| 170 | 4 | 170 | 22 | Hearsay, foundation. | | No contemporaneous objection, so foundation waived. |
| 170 | 23 | 171 | 19 | Hearsay | | The statement of Rick Buller (landfill engineer for the Parish) was being forwarded to Mr. Ruane and Mr. O'Connor. In this context, Mr. Buller's statement is not being offered for the truth of matter asserted but instead to show notice to Mssrs. Ruane and O'Connor. |
| 171 | 20 | 172 | 10 | Hearsay, foundation, counsel testifying. | | No contemporaneous objection.  Statements by Nick Collins are statements of opposing party, and are not hearsay. |
| 172 | 15 | 172 | 25 | Hearsay, foundation. | | No contemporaneous objection.  Statements by Nick Collins are statements of opposing party, and are not hearsay. |

Chart Of Plaintiffs' Responses To Waste Connections Objections To Deposition Designations--Page 52 of 113

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|---|---|---|---|---|---|---|
| 176 | 25 | 177 | 12 | Hearsay, foundation. | | No contemporaneous objection.  Brett O'Connor's statements are statements of an opposing party, and are not hearsay. |
| 177 | 13 | 177 | 20 | Hearsay, speculation. | | There was nothing wrong with the question.  The objection improperly suggested the answer provided by the witness.  Objections cured by subsequent testimony "one could deduct that from email" at 178:2-6. |
| 178 | 20 | 178 | 23 | Speculation, foundation. | X | No contemporaneous objection. |
| 178 | 24 | 179 | 8 | Hearsay, foundation, compound. | | Okay to delete "Yeah, yeah, I think so too, right?" at l178:24.  Brett O'Connor statements are not hearsay, but statements of an opposing party. |
| 179 | 10 | 179 | 18 | Hearsay. | | Brett O'Connor statements are not hearsay, but statements of an opposing party. |
| 179 | 19 | 179 | 22 | Hearsay, foundation, speculation. | | No contemporaneous objection.  Brett O'Connor statements are not hearsay, but statements of an opposing party. |
| 180 | 9 | 180 | 18 | Hearsay, foundation, speculation, counsel testifying. | | Brett O'Connor statements are not hearsay, but statements of an opposing party. |
| 180 | 19 | 180 | 23 | Hearsay, foundation, speculation. | | Brett O'Connor statements are not hearsay, but statements of an opposing party.  No real issue with foundation or speculation. |
| 180 | 25 | 181 | 6 | Hearsay, foundation, speculation. | | Brett O'Connor statements are not hearsay, but statements of an opposing party.  No real issue with foundation or speculation.  The question was whether the O'Connor's instruction not to tell Mr. Buller that the paint filter test was not being used was based on a concern that Mr. O'Connor was |

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|---|---|---|---|---|---|---|
| | | | | | | going to have to do more work and Ms. Crews replied that she didn't know. |
| 183 | 12 | 183 | 20 | Compound, counsel testifying, vague as to "okay," calls for legal conclusion on contract interpretation. | | Designation withdrawn. Objection is cured by following testimony. |
| 183 | 22 | 184 | 7 | Incomplete hypothetical, calls for legal conclusion regarding contract interpretation, vague as to "acceptable." | | Objection waived as deponent clearly understood and answered the question. |
| 184 | 8 | 184 | 10 | Foundation, calls for legal conclusion regarding contract interpretation. | X | No contemporaneous objection. |
| 184 | 11 | 184 | 22 | Foundation, incomplete hypothetical. | X | No contemporaneous objection. |
| 185 | 3 | 185 | 7 | Hearsay | | Objection is not proper. Designation describes past testimony with the witness. |
| 185 | 8 | 185 | 15 | Foundation | X | No contemporaneous objection. |
| 185 | 20 | 186 | 3 | Hearsay | | Statement not being offered for the truth of the matter asserted. Therefore it is not hearsay. |
| 186 | 4 | 186 | 8 | Speculation | | Designation withdrawn. |

**B.      Failure to Distinguish Corporate entity**

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|---|---|---|---|---|---|---|
| 37 | 2 | 37 | 2 | Vague | | This objection is not proper as the deposition testimony that is the subject of the testimony is not designated. |
| 37 | 11 | 37 | 11 | Vague as to "okay" and "sloppy," compound. | X | Objection waived as witness answered the question thereby understanding what it was asking. |

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|---|---|---|---|---|---|---|
| 82 | 18 | 82 | 18 | Vague as to important. | X | Objection waived as witness answered the question thereby understanding what it was asking. |
| 98 | 25 | 98 | 25 | Move to strike given that answer not designated; also, foundation, vague, calls for expert opinion testimony. | | Page 98, line 25 states "MICHAEL VITRIS:  Form."  Okay to delete. |
| 109 | 7 | 109 | 11 | Vague as to "problematic," compound. | X | No contemporaneous objection. Deponent answered the question therefore understanding the phrase "problematic" in the question. |
| 152 | 10 | 152 | 16 | Compound | X | No contemporaneous objection. |
| 157 | 9 | 158 | 1 | Compound, speculation, hearsay. | X | No contemporaneous objection to the form of the question. This question does not constitute hearsay becase it is not offered for the truth of the matter asserted. |
| 181 | 7 | 181 | 10 | Vague as to "important." | | The paint filter test is mandated by regulations and the contract between Waste Connections and the Parish. Therefore, the use of the word "important" is not vauge in the context of the question. |
| 182 | 15 | 182 | 20 | Counsel testifying, calls for improper opinion testimony. | X | No contemporaneous objection. Question is proper for this witness given her role and personal knowledge in the field of compliance and special waste. |

C.    Other Objections

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|---|---|---|---|---|---|---|
| 17 | 6 | 18 | 6 | Relevance | | Question about location of Waste Connections and its other |

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|---|---|---|---|---|---|---|
| | | | | | | subsidiaries/employees is relevant to rebut the defense argument of piercing the corporate veil and liability of the parent corporation. |
| 19 | 25 | 19 | 25 | Move to strike, fragment of a question. | | Okay to delete. |
| 28 | 22 | 29 | 1 | Asked and answered. | X | No contemporaneous objection. |
| 36 | 24 | 36 | 25 | Move to strike, incomplete question. | | Okay to delete. |
| 37 | 15 | 37 | 15 | Counsel testifying. | | Counsel not testifying, merely seeking clarification that "paint filter" as used by the witness meant "paint filter test". |
| 40 | 1 | 40 | 23 | Hearsay | | Identification of the document is not hearsay. |
| 43 | 4 | 43 | 4 | Vague as to "a lot of activity," compound. | | Not vague, witness understood and answered the question. |
| 44 | 9 | 44 | 9 | Move to strike, fragment of a question. | | Okay to deleted this line. |
| 45 | 11 | 45 | 11 | Vague as to "your thing." | | Not vague, witness understood and answered the question. |
| 76 | 4 | 77 | 11 | Hearsay. | | Not hearsay; these are Ms. Crews' own statements made in her capacity as a Waste Connections employee. |
| 78 | 2 | 78 | 4 | Hearsay | | No out of court statement involved.  Could add lines 77:23 to 78:1 to provide context. |
| 78 | 8 | 78 | 12 | Hearsay | | Ms. Crews' own statements made in her capacity as a Waste Connections employee are not hearsay but are statements of an opposing party. |
| 78 | 25 | 79 | 12 | Questioning arises from same hearsay objection. | | No hearsay objection was made on the record; word "hearsay" not stated. |

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|---|---|---|---|---|---|---|
| 81 | 25 | 82 | 8 | Hearsay | | Ms. Crews' own statements made in her capacity as a Waste Connections employee are not hearsay but are statements of an opposing party |
| 82 | 13 | 82 | 15 | Hearsay | | Ms. Crews' own statements made in her capacity as a Waste Connections employee are not hearsay but are statements of an opposing party |
| 89 | 17 | 89 | 18 | Hearsay, foundation. Defendant objects to all subsequent questioning arising from this document. | | This is the introduction of Trial exhibit 3761 (offered by Waste Connection and the Parish) an email in which Ms. Crews forwarded a document called "odor program deficiencies 07.02.19.pdf" in response to Mr. O'Connor's request to her to go over the odor control program, following Mr. Buller's identification to Mr. O'Connor of the parts of the odor control program that he did not believe were being done.  The "all subsequent questioning" is not identified. |
| 109 | 17 | 109 | 20 | Assumes facts not in evidence. | | What is contended to be facts assumed is not identified.  The fact that hydrogen sulfide odors can be problematic for landfills and its neighbors cannot properly be a matter of dispute at this stage of the case. |
| 147 | 6 | 147 | 25 | Hearsay. | | Ms. Thibodeaux and Ms. Crews are both Waste Connections employees.  The statements are not hearsay. |

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|---|---|---|---|---|---|---|
| 148 | 4 | 148 | 5 | Hearsay | | Ms. Thibodeaux's statement is not hearsay, but the statement of an opposing party under Rule 801(d). |
| 148 | 8 | 148 | 11 | Hearsay | | Ms. Crews' statements to Mr. Ruane are not hearsay, as both are Waste Connections employees and the statements are those of an opposing party. |
| 148 | 15 | 148 | 18 | Hearsay | | Ms. Crews' statements to Mr. Ruane are not hearsay, as both are Waste Connections employees and the statements are those of an opposing party |
| 149 | 19 | 150 | 20 | Hearsay | | Ms. Crews's statements are not hearsay but the statement of an opposing party under Rule 801(d). |
| 150 | 21 | 150 | 24 | Hearsay, vague. | | No contemporaneous objection, so vagueness waived.  Ms. Crews's statements are not hearsay but the statement of an opposing party under Rule 801(d). |
| 150 | 25 | 150 | 25 | Move to strike this fragment of a question. | | It is not a fragment but the beginning the question on page 151 that has been designated. |
| 151 | 8 | 151 | 10 | Compound, vague. | | No contemporaneous objection, so objections waived. |
| 151 | 14 | 151 | 17 | Hearsay | | Ms. Crews own statements are not hearsay, but statements of an opposing party.. |
| 157 | 1 | 157 | 1 | Move to strike. No question designated with this partial answer. | | Okay to delete this line. |
| 158 | 2 | 158 | 15 | Hearsay. | | Ms. Crews own statements are not hearsay, but statements of an opposing party.. |
| 177 | 21 | 178 | 7 | Hearsay, speculation. | | Statements in an email between employees of Waste Connections are not hearsay as |

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|---|---|---|---|---|---|---|
| | | | | | | against Waste Connections.  One of the questions objected to was "Any you guys [the parties to the email] are all employees of Waste Connecitons, right?"  There is no valid basis for a hearsay objection.  There is no basis for a :"speculation" objection either.  Ms. Crews responded that "one could deduct that from his e-mail." |
| 178 | 8 | 178 | 19 | Hearsay | | Statement is not offered for the truth of the matter asserted. Therefore it is not hearsay. |
| 179 | 25 | 180 | 8 | Move to strike, counsel testifying. | | Counsel is setting the foundation for his question, not offering testimony about facts of the case. |
| 181 | 12 | 181 | 18 | Hearsay. | | Statement is not hearsay as it is not being offered for the truth of the matter asserted. Question posed about whether the message was sent. |
| 181 | 19 | 182 | 14 | Hearsay. | | Statement is not hearsay as it is not being offered for the truth of the matter asserted. |
| 185 | 16 | 185 | 19 | Move to strike, not a question. | | Designation withdrawn. |

## VIII.   DEPOSITION OF JOE LAUBENSTEIN, JANUARY 8, 2024

### A.      Testimony concerning hearsay statements and lack of personal knowledge

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|---|---|---|---|---|---|---|
| 19 | 15 | 19 | 19 | Vague as to "odor problems," compound. | | Objection to question "Would you be knowledgeable about odor problems that could occur in the disposal of CCRs?" |

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|---|---|---|---|---|---|---|
| | | | | | | Answer:  No.  The question was neither vague nor compound. |
| 19 | 20 | 19 | 24 | Vague as to "odor problems," foundation, assumes facts not in evidence. | | Objection to question "Okay. Are you aware that there can be odor problems in connection with the disposal of CCRs?" Answer:  "Yes."  Mr. Laubenstein was the "Director of CCR Disposal" and the "Director of CCR Management" for all of Waste Connection, so there can no question about foundation and his ability to answer. No assumed facts are identified in the objections. |
| 26 | 14 | 26 | 24 | Foundation, counsel testifying, assumes facts not in evidence. | X | No contemporaneous objection. |
| 28 | 19 | 29 | 5 | Foundation, relevance, vague as to "putting stuff in landfills business." | X | No contemporaneous objection. |
| 29 | 19 | 29 | 23 | Foundation, relevance. | | Objection to the question, "Can you name me anybody in the industry who knows more about the disposal of CCRs in landfills than you do?"  Answer:  "Not a specific person." Mr. Laubenstein was the "Director of CCR Disposal" and the "Director of CCR Management" for all of Waste Connection, so there can no question about foundation and his ability to answer.

The spent lime disposed of at the JPLF is a CCR, and Mr. Laubenstein's testimony goes directly the issue of whether the Waste Connections Defendant knew or should |

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|-----------|-----------|---------|---------|-----------|--------|----------|
| | | | | | | have known that accepting the spent lime into the JP Landfill would result in the generation of H2S gas. |
| 29 | 24 | 30 | 4 | Foundation, relevance. | | Objection to the question, "Can you name me any waste disposal company who is disposing of waste in landfills who knows more about the disposal of CCRs that Waste Connections."  Answer:  "I couldn't. I don't…"

The "form" objections found on the remainder of page 30 are addressed in the next section.. |
| 93 | 12 | 93 | 17 | Foundation, vague as to "best practices." | | This objection was cured at the deposition when the witness asked, "Best practice meaning? What's that mean"" |
| 100 | 5 | 100 | 14 | Hearsay. | | This is the introduction of Trial Exhibit 4028, which is not hearsay; all of the persons mentioned in the chain are employees or consulting engineers hired by Waste Connections, statements are not hearsay under Rule 801(d). |
| 101 | 19 | 102 | 5 | Hearsay, relevance. | | All of the persons mentioned in the chain are employees or consulting engineers hired by Waste Connections, statements are not hearsay under Rule 801(d); the testimony is relevant because it shows a company wide effort to increase revenues through disposal of coal combustions residuals. |
| 102 | 6 | 102 | 18 | Hearsay, relevance. | | All of the persons mentioned in the chain are employees or consulting engineers hired |

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|---|---|---|---|---|---|---|
| | | | | | | by Waste Connections, statements are not hearsay under Rule 801(d);testimony is relevant because the potential deal was with the largest manager and marketer of CCR's in the United States. |
| 107 | 22 | 109 | 8 | Relevance, foundation, speculation. | | Mr. Laubenstein was the "Director of CCR Disposal" and the "Director of CCR Management" for all of Waste Connection, so there can no question about foundation and his ability to answer.  He was being asked where one would look for the best practices in the industry for disposal of CCRs; his answers were evasive. |
| 109 | 9 | 110 | 13 | Hearsay. | | Statements by other Waste Connections employees and consulting engineers hired by Waste Connections are not hearsay when offered against Waste Connections. Rule 801(d). |
| 110 | 14 | 113 | 7 | Hearsay. | | Statements by other Waste Connections employees and consulting engineers hired by Waste Connections are not hearsay when offered against Waste Connections. Rule 801(d). |
| 113 | 19 | 114 | 1 | Hearsay | | Introduction of Trial exhibit 6258, EPA Best Management Practices to Prevent and Control Hydrogen Sulfide and Sulfur Compound Emissions at Landfills that Dispose of Gypsum Drywall.  The answer |

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|---|---|---|---|---|---|---|
| | | | | | | to the question "Have you ever seen this document before?" is not hearsay. |
| 116 | 14 | 117 | 12 | Relevance, speculation. | | Another name for the calcium sulfate contained in the spent lime in this case is gypsum.  Waste Connections' knowledge of the issues relating to the disposal of gypsum are directly relevant to whether it the Waste Connections defendants knew or should have known that disposal of the spent lime in the JP Landfill would lead to odor issues. |
| 117 | 13 | 117 | 17 | Hearsay, authentication, foundation. | | The question was "Do you know who SCS Engineers are?" Answer:  yes.  Not hearsay. |
| 118 | 2 | 118 | 11 | Hearsay. | | Question " And so you understand that the subject matter [of Trial Exhibit 6259] is issues with regard to hydrogen sulfide when you dispose of CCRs along with municipal solid waste, right?"  Answer:  "That's what the paper is."  No statement offered for the truth of the matter asserted. |
| 119 | 10 | 120 | 3 | Hearsay, foundation, relevance. | | Not offered for the truth of the matter assertedl not hearsay. |
| 120 | 15 | 120 | 17 | Hearsay | | Question "Let's go back to the exhibit we were looking at, which is [Trial Exhibit 6259], the blog?." Answer: "Yes."  No hearsay involved in the question or answer. |
| 121 | 6 | 121 | 10 | Calls for expert opinion, hearsay. | | Mr. Laubenstein asked for his independent knowledge of facts.  Exhibit not offered for proof of the matter asserted. |

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|-----------|-----------|---------|---------|-----------|--------|----------|
| 121 | 11 | 121 | 18 | Calls for expert opinion, hearsay, vague as to "serious health concerns." | | Mr. Laubenstein asked for his independent knowledge of facts.  Exhibit not offered for proof of the matter asserted |
| 123 | 3 | 123 | 13 | Hearsay, foundation. | | Foundation waived, no contemporaneous objection.  No hearsay, Mr. Laubenstein was asked whether he knew that there had been industry publications. |
| 123 | 14 | 123 | 18 | Foundation | X | Foundation waived, no contemporaneous objection. |
| 123 | 19 | 123 | 23 | Compound, foundation. | | Compound objection cured at the time as witness answered both parts of the first question separately. |
| 125 | 14 | 125 | 19 | Hearsay, foundation. | | Mr. Laubenstein was the "Director of CCR Disposal" and the "Director of CCR Management" for all of Waste Connection, so there can no question about foundation and his ability to answer. |
| 126 | 11 | 126 | 22 | Hearsay, foundation. | X | Foundation waived, no contemporaneous objection.  Conference schedule not offered for the truth of the matter asserted. |
| 126 | 23 | 127 | 5 | Hearsay, foundation, calls for speculation. | | Mr. Laubenstein was then asked if this was the type of conference and kind of material he would look to determine best practices in connection with the control of odors for coal ash disposal.  Mr. Laubenstein was the "Director of CCR Disposal" and the "Director of CCR Management" for all of Waste Connection, so there can no question |

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|---|---|---|---|---|---|---|
| | | | | | | about foundation and his ability to answer. No hearsay involved. |
| 127 | 6 | 127 | 12 | Foundation, compound, hearsay. | | Repeat of the question immediately above. |
| 127 | 18 | 127 | 25 | Hearsay, foundation. | | Mr. Laubenstein was the "Director of CCR Disposal" and the "Director of CCR Management" for all of Waste Connection, so there can no question about foundation and his ability to answer. No hearsay involved. |
| 128 | 1 | 128 | 7 | Compound, foundation, hearsay, calls for speculation, relevance. | | Mr. Laubenstein was the "Director of CCR Disposal" and the "Director of CCR Management" for all of Waste Connection, so there can no question about foundation and his ability to answer. No hearsay involved. No compound question. Question perfectly proper for someone in Mr. Laubenstein's position., |
| 128 | 8 | 128 | 11 | Hearsay, foundation, calls for speculation, vague as to "best practices." | | Mr. Laubenstein was the "Director of CCR Disposal" and the "Director of CCR Management" for all of Waste Connection, so there can no question about foundation and his ability to answer. No hearsay involved. No compound question. Question perfectly proper for someone in Mr. Laubenstein's position., |
| 129 | 1 | 129 | 12 | Hearsay, foundation. | X | No contemporaneous objection. No hearsay involved. |
| 130 | 1 | 132 | 2 | Hearsay, relevance. | | The pronunciation of a person's name is not hearsay. Mr. Grahlherr was the author of a presentation that Mr. Laubenstein provided to Brett O'Connor, which goes directly to |

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|---|---|---|---|---|---|---|
| | | | | | | the issue of whether Waste Connections know or should have known that disposal of spent lime in the landfill would result in odor problems. |
| 133 | 20 | 133 | 25 | This line of questioning is about an attachment to an email. Hearsay, foundation, relevance. | X | No contemporaneous objection, so foundation objection waived. Offered to show notice to Waste Connections the powerpoint presentation is not hearsay. Mr. Laubenstein provided the powerpoint to Brett O'Connor. See Trial Exhibit 4134. |
| 134 | 9 | 138 | 17 | This line of questioning is about an attachment to an email. Hearsay, foundation, relevance. | X | Trial Exhibit 4132. No contemporaneous objection, so foundation objection waived. Offered to show notice to Waste Connections the powerpoint presentation is not hearsay. Mr. Laubenstein provided the powerpoint to Brett O'Connor. See Trial Exhibit 4134. |
| 144 | 1 | 144 | 18 | This line of questioning is about an attachment to an email. Hearsay, foundation, relevance. | X | No contemporaneous objection, so foundation objection waived. Offered to show notice to Waste Connections the powerpoint presentation is not hearsay. Mr. Laubenstein provided the powerpoint to Brett O'Connor. See Trial Exhibit 4134. |
| 145 | 7 | 145 | 12 | Hearsay, foundation, calls for expert opinion. | | Mr. Laubenstein was the "Director of CCR Disposal" and the "Director of CCR Management" and asserted that no one in the company knew more about those subjects than him. Waste Connections has not stated whether it is asserting that that Mr. Laubenstein lacks the knowledge, training or expertise to know whether under |

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|---|---|---|---|---|---|---|
| | | | | | | conditions in a landfill bacteria can convert sulfates and sulfites into hydrogen sulfide (he answered "I heard about it,yes"), |
| 145 | 13 | 145 | 17 | Hearsay, foundation, calls for expert opinion. | | Mr. Laubenstein was the "Director of CCR Disposal" and the "Director of CCR Management" and asserted that no one in the company knew more about those subjects than him.  Waste Connections has not stated whether it is asserting that that Mr. Laubenstein lacks the knowledge, experience or expertise to know whether wastewater treatment sludge will add to this issue (he answered "no"). |
| 145 | 18 | 145 | 22 | Hearsay, foundation, calls for expert opinion. | | Mr. Laubenstein was the "Director of CCR Disposal" and the "Director of CCR Management" and asserted that no one in the company knew more about those subjects than him.  Waste Connections has not stated whether it is asserting that that Mr. Laubenstein lacks the knowledge, training or expertise to know whether it helps to not comingle  CCRs and municipal solid waste (he answered "it depends") |
| 146 | 5 | 146 | 21 | Hearsay, foundation, calls for expert opinion. | | Mr. Laubenstein was the "Director of CCR Disposal" and the "Director of CCR Management" and asserted that no one in the company knew more about those subjects than him.  Waste Connections has not stated whether it is asserting that that Mr. Laubenstein lacks the knowledge, |

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|---|---|---|---|---|---|---|
| | | | | | | training or expertise to know whether it was typically true that power plants generate large quantities of CCRs (he answered "no"). |
| 147 | 15 | 147 | 20 | Hearsay, foundation, calls for expert opinion. | X | No contemporaneous objection, not out of court statement offered for the truth.  To verify what was written on the pages does not require any special knowledge or expertise. |
| 147 | 21 | 147 | 25 | Hearsay, foundation, calls for expert opinion. | | Mr. Laubenstein was the "Director of CCR Disposal" and the "Director of CCR Management" and asserted that no one in the company knew more about those subjects than him.  Waste Connections has not stated whether it is asserting that that Mr. Laubenstein lacks the knowledge, training or expertise to know whether he himself was familiar with odors being a challenge for municipal solid waste landfills handling CCRs (he answered "in some cases").. |
| 149 | 22 | 150 | 5 | Hearsay, foundation, relevance. | | Mr. Laubenstein's testimony that he sent the TetraTech powerpoint to Brett O'Connor is not hearsay.  He did it himself so there is no issue with foundation.  The evidence goes directly to whether Waste Connections knew or should have known that the acceptance of the spent lime into the JP Landfill would result in odor problems. |

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|---|---|---|---|---|---|---|
| 157 | 17 | 158 | 12 | Foundation, calls for expert opinion; line of questioning is about an inadmissible document and therefore hearsay. | | No cognizable issue with foundation or expertise as Mr. Laubenstein was the "Director of CCR Disposal" and the "Director of CCR Management" and asserted that no one in the company knew more about those subjects than him. No out-of-court statements are involved in the testimony; there is no hearsay issue. |
| 160 | 9 | 160 | 15 | Hearsay, foundation, calls for expert opinion. | X | No contemporaneous objection, so all but hearsay waived.  The questions ask for Mr. Laubenstein's knowledge on two point.  No hearsay issue. |
| 172 | 1 | 172 | 10 | Hearsay, foundation. | X | No contemporaneous objection, so foundation waived.  The title of the article is not a hearsay statement. |
| 173 | 14 | 174 | 7 | Hearsay, foundation, calls for expert opinion. | | As stated above, Mr. Laubenstein has asserted that he knows more abut CCRs than anyone else in the company, so there is no legitimate objection so foundation or "calling for expert opinion."  The quotations from the article are not offered for the truth of matter asserted; instead, Mr. Laubenstein was asked whether he was aware of such facts. |
| 177 | 2 | 177 | 18 | Hearsay, foundation, calls for expert opinion, vague as to which Waste Connections entity is being referred to. | | As stated above, Mr. Laubenstein has asserted that he knows more abut CCRs than anyone else in the company, so there is no legitimate objection so foundation or "calling for expert opinion."  The quotations from the article are not offered for the truth of matter asserted; instead, Mr. |

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|---|---|---|---|---|---|---|
| | | | | | | Laubenstein was asked whether he was aware of such facts.  In addition, Mr. Laubenstein was the director of CCR management or disposal for the entire company, including all of its constituent parts. |
| 204 | 13 | 207 | 14 | Hearsay, foundation, relevance. | | Mr. Laubenstein is being questioned about an internal Waste Connections document, so the statements in it are not hearsay.  The corporate effort to increase revenues at the JP landfill through solidification of liquid waste is relevant; the spent lime was used as the solidification agent. |
| 215 | 19 | 228 | 20 | Hearsay, foundation, relevance. | | This 13-page section involves Trial Exhibit 3576,  a memorandum from Jim Little the corporate senior vice president in charge of landfill operations company-wide regarding leachate management.  There is no hearsay issue because the assertions are statements of an opposing party under Rule 801(d). The document is relevant, because leachate management was one the most significant issues facing the JP Landfill.  Mr. Laubenstein was sent the email. |
| 234 | 6 | 235 | 2 | Hearsay, foundation, relevance. | X | No contemporaneous objection so foundation waived.  Identification of the document (all this section is) presents no hearsay issue.  Waste Connections' treatment of CCR's at other sites is relevant to the issue of whether it knew or should |

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|---|---|---|---|---|---|---|
| | | | | | | have known that disposal of the spent lime at the JP Landfill could create odor issues. |
| 235 | 17 | 235 | 22 | Hearsay, foundation, relevance. | X | Same as previous entry. |
| 236 | 15 | 238 | 3 | Hearsay, foundation, relevance. | X | Same as previous entry.  In addition, the "strongest team in the coal burning power industry included Rob Nielsen, Chris Ruane and Brett O'Connor—all three of whom oversaw the operations of the JP Landfill. |
| 238 | 15 | 238 | 20 | Hearsay, foundation, relevance, more prejudicial than probative. | | This passage may be removed based on the court's ruling on the motions in limine. |
| 238 | 21 | 241 | 15 | Hearsay, foundation, relevance. | | The passage at 241:3-10 may be removed based on the court's ruling on the motion in limine.  There is no hearsay.  Mr. Laubenstein is a Waste Connections employee testifying about statements he made within the scope of his authority.  Waste Connections touting of its expertise in the field is directly relevant to whether it knew or should have known that disposal of the spent lime in the JP Landfill would lead to odor issues. |
| 242 | 8 | 242 | 13 | Hearsay, foundation, relevance. | | Same a previous entry. |
| 242 | 14 | 244 | 3 | Foundation, relevance, questioning is about a hearsay document, vague as to "noxious odors." | | Same as previous entry.  "Noxious odors" is not vague. |
| 245 | 2 | 245 | 15 | Hearsay, foundation, relevance. | X | No contemporaneous objection so foundation waived.  Waste Connections' advertising brochure (Trial Exhibits 4148 and 4151) contains statements of a party opponent, which are not hearsay. |

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|---|---|---|---|---|---|---|
| 245 | 16 | 247 | 18 | Foundation, relevance, calls for speculation, incomplete hypothetical, vague as to "noxious odors." | | Mr. Laubenstein was the "Director of CCR Disposal" and the "Director of CCR Management" and asserted that no one in the company knew more about those subjects than him.  As a result, questions as to whether a disposal program that created noxious odors was environmentally responsible or safe were plainly within the scope of his knowledge and expertise. |
| 255 | 8 | 259 | 8 | Hearsay, foundation, relevance. | | Trial Exhibit 4183. No hearsay issue-the document is internal to Waste Connections. Relevant because in response to the question regarding a new solidification agent at the JP Landfill, Laubenstein wanted to know if there were leachate problems—something that Waste Connection did know when it started accepting the spent lime.  Testimony goes directly to whether Waste Connections knew or should have known that accepting the spent lime would lead to odor issues. |
| 259 | 9 | 264 | 6 | Hearsay, foundation. | | Trial Exhibit 4183.  No hearsay issue-the document is internal to Waste Connections. No foundation issue because Mr. Laubenstein was a party to the communication. |
| 264 | 7 | 264 | 13 | Hearsay, foundation, relevance. | X | Trial Exhibit 4163. No contemporaneous objection so foundation waived.  No hearsay issue—statements of opposing parties are not hearsay under Rule 801(d). |

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|---|---|---|---|---|---|---|
| | | | | | | Relevant to show knowledge that gypsum can create H2S issues in MSW landfills. |
| 264 | 14 | 264 | 19 | Foundation, calls for speculation, relevance. | | No speculation or foundation involved— Mr. Laubenstein answered the question directly (for once).  Relevant to show knowledge that gypsum can create H2S issues in MSW landfills. |
| 266 | 5 | 270 | 25 | Hearsay, entire exchange arises from a hearsay document about a landfill in Florida; foundation, relevance, calls for expert opinion. | | Trial Exhibit 4163 is not a hearsay document.  It is a statement added by Chelsey Armstrong, a Waste Connections employee acting within the scope of her duties, not hearsay under Rule 801(d).  See prior enty. |
| 271 | 1 | 271 | 12 | Hearsay, foundation, relevance, calls for expert opinion. | | Trial Exhibit 4163.  Mr. Laubenstein was the "Director of CCR Disposal" and the "Director of CCR Management" and asserted that no one in the company knew more about those subjects than him.  Best practices for disposal of sulfur containing CCR's are within his purview. |
| 271 | 13 | 272 | 7 | Hearsay, foundation, relevance, calls for expert opinion. | | In this passage, Mr. Laubenstein goes out of his way not to answer the questions.  He feigned ignorance speaks volumes and goes directly to both his credibility and the knowledge of the company regarding the disposal of gypsum in MSW landfills. |
| 272 | 8 | 272 | 14 | Hearsay, foundation, relevance, calls for expert opinion. | | In this passage also, Mr. Laubenstein goes out of his way not to answer the questions.  He feigned ignorance speaks volumes and goes directly to both his credibility and the |

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|---|---|---|---|---|---|---|
| | | | | | | knowledge of the company regarding the disposal of gypsum in MSW landfills |

**B.    Failure to Distinguish Corporate Entity**

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|---|---|---|---|---|---|---|
| 14 | 18 | 14 | 21 | Vague and ambiguous as to which corporate entity is being asked about | X | No contemporaneous objection; objections waived. |
| 15 | 5 | 15 | 13 | Vague and ambiguous as to which corporate entity is being asked about | X | No contemporaneous objection; objections waived. |
| 27 | 10 | 27 | 17 | Foundation, vague and ambiguous as to which corporate entity is being asked about. | X | No contemporaneous objection; objections waived. |
| 30 | 5 | 30 | 9 | Foundation, relevance, vague as to which Waste Connections entity is being referred to, vague as to "best at disposing of CCRs in landfills." | | The reference was to Waste Connections as a whole. |
| 30 | 10 | 30 | 16 | Foundation, relevance, vague as to which Waste Connections entity is being referred to. | | The reference was to Waste Connections as a whole. |
| 30 | 17 | 31 | 2 | Compound, foundation, relevance, vague as to which Waste Connections entity is being referred to. | | The reference was to Waste Connections as a whole. |
| 31 | 3 | 31 | 11 | Foundation, relevance, vague as to which Waste Connections entity is being referred to. | | The reference was to Waste Connections as a whole. |
| 31 | 12 | 31 | 20 | Foundation, relevance, vague as to which Waste Connections entity is being referred to. | | The reference was to Waste Connections as a whole. |

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|---|---|---|---|---|---|---|
| 31 | 21 | 32 | 1 | Foundation, relevance, vague as to which Waste Connections entity is being referred to. | | The reference was to Waste Connections as a whole. |
| 32 | 2 | 32 | 5 | Move to strike, counsel did not allow witness to answer; foundation, relevance, vague as to which Waste Connections entity is being referred to. | | The reference was to Waste Connections as a whole. |
| 32 | 6 | 32 | 10 | Foundation, relevance, vague as to which Waste Connections entity is being referred to, vague as to "an aspect." | | The reference was to Waste Connections as a whole. |
| 32 | 11 | 32 | 16 | Foundation, relevance, vague as to which Waste Connections entity is being referred to, vague as to "an aspect." | | The reference was to Waste Connections as a whole. |
| 32 | 17 | 32 | 21 | Foundation, relevance, vague as to which Waste Connections entity is being referred to, vague as to "an aspect." | | The reference was to Waste Connections as a whole. |
| 33 | 5 | 33 | 11 | Compound, relevance. | X | No contemporaneous objection. The reference was to Waste Connections as a whole.  Whether Mr. Laubenstein, as the Director of CCR Management or the Director of CCR Disposal keeps a file that pertains to disposal is relevant to gauging his credibility. |
| 45 | 17 | 48 | 2 | Relevance | | The bonus structure of all Waste Connections employees is relevant to whether they have an incentive to cut |

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|---|---|---|---|---|---|---|
| | | | | | | corners or err on the side of increasing revenues. |
| 107 | 1 | 107 | 5 | Foundation, vague as to which Waste Connections entity is being referred to. | | The reference was to Waste Connections as a whole. |
| 107 | 6 | 107 | 16 | Relevance. | | Mr. Laubenstein was the "Director of CCR Disposal" and the "Director of CCR Management" for all of Waste Connections. His testimony that he knew of no one at the company whose job it was to consider odor control as part of the disposal of CCRs and his testimony that he himself did not consider odor control to be important in the performance of his job is relevant to show that Waste Connections, company-wide, did not take the potential generation of odors in deciding where to dispose of CCRs like the spent lime in this case. |
| 107 | 17 | 107 | 21 | Foundation, vague as to which Waste Connections entity is being referred to. | | Same as prior entry. |
| 120 | 4 | 120 | 12 | Foundation, relevance. | | Mr. Laubenstein's lack of knowledge regarding Waste Connections' membership and participation in trade associations is relevant to gauging his credibility and the seriousness with which Waste Connections treats the issues that it assigned to Mr. Laubenstein to oversee. |
| 148 | 1 | 148 | 8 | Compound, vague as to which Waste Connections entity is being referred to, vague as to "problem of odors." | | Any viable objection cured on the record with the next question. |

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|---|---|---|---|---|---|---|
| 148 | 9 | 148 | 14 | Vague as to which Waste Connections entity is being referred to, vague as to "problem of odors." | | Mr. Laubenstein was the "Director of CCR Disposal" and the "Director of CCR Management" for all of Waste Connections. There is no vagueness.  Mr. Laubenstein was able to understand and answered "yes" to the question as whether he was award of the problem of odors at MSW landfills that accepted CCRs/ |
| 149 | 22 | 150 | 5 | Hearsay, foundation, relevance. | | This repeats an objection made in the prior section (Section A).  Response incorporated by reference. |
| 177 | 2 | 177 | 18 | Hearsay, foundation, calls for expert opinion, vague as to which Waste Connections entity is being referred to. | | This repeats an objection made in the prior section (Section A). This repeats an objection made in the prior section (Section A). |

**C.     Calls for Expert Opinion**

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|---|---|---|---|---|---|---|
| 18 | 16 | 18 | 19 | Foundation, vague as to "best practices," calls for expert opinion. | X | No contemporaneous objection; objections waived |
| 103 | 24 | 104 | 7 | Vague as to "danger." | | The question "did you know that if you used ash which contains soluble sulfur as a solidification agent for municipal waste it posed a danger for hydrogen sulfide generation?" was not vague.  (Answer: "Depends." |
| 104 | 8 | 104 | 22 | Vague as to "danger." | | Question "And didn't you know that if you co-disposed ash which contained soluble sulfur with municipal solid waste it posed a |

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|---|---|---|---|---|---|---|
| | | | | | | danger for H2S generation?" was not vague. (Answer: "Again, it depends."). |
| 104 | 23 | 105 | 13 | Vague as to "danger." | X | No contemporaneous objection. |
| 120 | 18 | 121 | 1 | Calls for expert opinion, vague as to "significant concern." | | Mr. Laubenstein was the "Director of CCR Disposal" and the "Director of CCR Management" for all of Waste Connections. No vagueness. Mr. Laubenstein testified "I said a potential, not a significant but could possibly, yeah." |
| 121 | 2 | 121 | 5 | Calls for expert opinion, vague as to "possibly be significant." | | Mr. Laubenstein was the "Director of CCR Disposal" and the "Director of CCR Management" for all of Waste Connections. No vagueness. |
| 121 | 6 | 121 | 10 | Calls for expert opinion, hearsay. | | This repeats an objection made in the prior section (Section A). This repeats an objection made in the prior section (Section A). |
| 121 | 11 | 121 | 18 | Calls for expert opinion, hearsay, vague as to "serious health concerns." | | This repeats an objection made in the prior section (Section A). This repeats an objection made in the prior section (Section A). There is no vagueness. |
| 144 | 19 | 144 | 25 | Foundation, calls for expert opinion. | X | No contemporaneous objection. |
| 145 | 1 | 145 | 6 | Foundation, calls for expert opinion. | | Mr. Laubenstein was the "Director of CCR Disposal" and the "Director of CCR Management" for all of Waste Connections. |
| 145 | 7 | 145 | 12 | Hearsay, foundation, calls for expert opinion. | | This repeats an objection made in the prior section (Section A). This repeats an objection made in the prior section (Section A). |
| 145 | 13 | 145 | 17 | Hearsay, foundation, calls for expert opinion. | | This repeats an objection made in the prior section (Section A). This repeats an |

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|---|---|---|---|---|---|---|
| | | | | | | objection made in the prior section (Section A). |
| 145 | 18 | 145 | 22 | Hearsay, foundation, calls for expert opinion. | | This repeats an objection made in the prior section (Section A). This repeats an objection made in the prior section (Section A). |
| 146 | 5 | 146 | 21 | Hearsay, foundation, calls for expert opinion. | | This repeats an objection made in the prior section (Section A). This repeats an objection made in the prior section (Section A). |
| 146 | 22 | 147 | 14 | Foundation, relevance, calls for expert opinion. | | Mr. Laubenstein was the "Director of CCR Disposal" and the "Director of CCR Management" for all of Waste Connections. He has testified that is role involves CCRs generated by power plants.  The question was :Do you agree that power plants typically generate large quantities of CCR." His answer was "Depends on the size of the plant."  Nothing objectionable about this. The he was asked "Are you aware of any power plant that does not generate large quantities of CCR considered on a yearly basis?" Mr. Laubenstein answered "It depends on large quantities."  Then in subsequent testimony, Mr. Laubenstein testified what was meant by large quantities.  No valid objections here. |
| 147 | 15 | 147 | 20 | Hearsay, foundation, calls for expert opinion. | | This repeats an objection made in the prior section (Section A). This repeats an objection made in the prior section (Section A). |

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|---|---|---|---|---|---|---|
| 147 | 21 | 147 | 25 | Hearsay, foundation, calls for expert opinion. | | This repeats an objection made in the prior section (Section A). This repeats an objection made in the prior section (Section A). |
| 157 | 17 | 158 | 12 | Foundation, calls for expert opinion; line of questioning is about an inadmissible document and therefore hearsay. | | This repeats an objection made in the prior section (Section A). This repeats an objection made in the prior section (Section A). |
| 160 | 9 | 160 | 15 | Hearsay, foundation, calls for expert opinion. | | This repeats an objection made in the prior section (Section A). This repeats an objection made in the prior section (Section A). |
| 173 | 14 | 174 | 7 | Hearsay, foundation, calls for expert opinion. | | This repeats an objection made in the prior section (Section A). This repeats an objection made in the prior section (Section A). |
| 177 | 2 | 177 | 18 | Hearsay, foundation, calls for expert opinion, vague as to which Waste Connections entity is being referred to. | | This repeats an objection made in the prior section (Section A). This repeats an objection made in the prior section (Section A). |
| 264 | 20 | 266 | 4 | Foundation, relevance, calls for expert opinion. | | Trial Exhibit 4163. Mr. Laubenstein was the "Director of CCR Disposal" and the "Director of CCR Management" for all of Waste Connections, so there is no foundation issue.  Relevant to show knowledge that gypsum can create H2S issues in MSW landfills |
| 266 | 5 | 270 | 25 | Hearsay, entire exchange arises from a hearsay document about a landfill in Florida; foundation, relevance, calls for expert opinion. | | This repeats an objection made in the prior section (Section A). This repeats an objection made in the prior section (Section A). |

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|---|---|---|---|---|---|---|
| 271 | 1 | 271 | 12 | Hearsay, foundation, relevance, calls for expert opinion. | | This repeats an objection made in the prior section (Section A). This repeats an objection made in the prior section (Section A). |
| 271 | 13 | 272 | 7 | Hearsay, foundation, relevance, calls for expert opinion. | | This repeats an objection made in the prior section (Section A). This repeats an objection made in the prior section (Section A). |
| 272 | 8 | 272 | 14 | Hearsay, foundation, relevance, calls for expert opinion. | | This repeats an objection made in the prior section (Section A). This repeats an objection made in the prior section (Section A). |
| 272 | 15 | 272 | 20 | Foundation, relevance, calls for expert opinion. | | Mr. Laubenstein was the "Director of CCR Disposal" and the "Director of CCR Management" for all of Waste Connections, so there is no foundation issue. Relevant to show knowledge of best practices re diposal of gypsum in MSW landfills. |
| 272 | 21 | 273 | 1 | Foundation, relevance, calls for expert opinion. | | Mr. Laubenstein was the "Director of CCR Disposal" and the "Director of CCR Management" for all of Waste Connections, so there is no foundation issue. Relevant to show knowledge of best practices re diposal of gypsum in MSW landfills. |
| 273 | 2 | 273 | 8 | Foundation, relevance, calls for expert opinion. | | Mr. Laubenstein was the "Director of CCR Disposal" and the "Director of CCR Management" for all of Waste Connections, so there is no foundation issue. Relevant to show knowledge of best practices re diposal of gypsum in MSW landfills. |

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|---|---|---|---|---|---|---|
| 273 | 9 | 273 | 19 | Foundation, relevance, calls for expert opinion. | | Mr. Laubenstein was the "Director of CCR Disposal" and the "Director of CCR Management" for all of Waste Connections, so there is no foundation issue.  Relevant to show knowledge of best practices re diposal of gypsum in MSW landfills. |

### D.    Other Objections

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|---|---|---|---|---|---|---|
| 9 | 5 | 9 | 10 | Relevance | | Mr. Laubenstein knows the deposition process, and later gave evasive and incomplete answers, not from ignorance of the process but intentionally so. |
| 20 | 7 | 20 | 10 | Vague as to "odor problems." | X | No contemporaneous objection. |
| 20 | 11 | 20 | 15 | Vague as to "odor problems." | | "Odor problems" is not a vague term and Mr. Laubenstein had no difficulty comprehending the question. |
| 20 | 16 | 20 | 20 | Vague as to "odor problems." | | "Odor problems" is not a vague term and Mr. Laubenstein had no difficulty comprehending the question. |
| 20 | 21 | 20 | 24 | Vague | | "Odor problems" is not a vague term and Mr. Laubenstein had no difficulty comprehending the question. |
| 20 | 21 | 20 | 24 | Vague as to "odor problems." | | Repeats the prior objection.  "Odor problems" is not a vague term and Mr. Laubenstein had no difficulty comprehending the question. |
| 49 | 11 | 49 | 13 | Relevance | | Relevant to show Waste Connections employees reluctance to consider potential |

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|-----------|-----------|---------|---------|-----------|--------|----------|
| | | | | | | odors in the community in deciding on placement of special wastes. |
| 105 | 22 | 105 | 22 | Move to strike this answer for which a question has not been designated. | | This one-word answer can be removed. |
| 114 | 2 | 115 | 14 | Hearsay | | The questions were about whether and when Mr. Laubenstein saw the 2014 EPA best practices document.  This does not elicit hearsay testimony and none was provided. |
| 116 | 2 | 116 | 13 | Hearsay | | The question was whether the EPA best practices documents was the kind of document that Mr. Laubenstein would look to determine best management practices. This does not elicit hearsay testimony and none was provided. |
| 120 | 13 | 120 | 14 | Counsel testifying, assumes facts not in evidence, relevance. | | Okay to remove lines 13 and 14. |
| 145 | 23 | 146 | 4 | Vague and ambiguous. | | The question "on the factors you couldn't remember when we talked about this before, right?" followed immediately after Mr. Laubenstein answer to the prior question "It depends."  There was nothing vague or ambiguous about the question. |

IX.     **DEPOSITION OF NICK COLLINS, JANUARY 12, 2024**

    A.     **Testimony concerning hearsay statements and lack of personal knowledge**

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|---|---|---|---|---|---|---|
| 19 | 9 | 19 | 12 | Object as the designation does not include the question; and object to lack of foundation re Waste Connections | X | No contemporaneous objection made. Objection is incorrect as the full question "what was your job when you started at Waste Connections" was designated.<br><br>Waste Connections defendants have repeatedly, throughout the course of this litigation, referred to themselves as the collective "Waste Connections defendants." To permit the Waste Connections defendants to object on this basis at this late juncture is unfairly prejudicial to the other parties.  Moreover, the Waste Connections defendants failed during any deposition to themselves attempt to distinguish among the various Waste Connections entities by asking follow-up questions, making specific objections, to clarify any purported ambiguity asserted to be caused by the questions, or otherwise. |
| 43 | 16 | 43 | 20 | Speculation | X | No contemporaneous objection. Question was not speculative in asking if he knew his direct supervisors job title. |
| 46 | 24 | 47 | 1 | Lack of foundation - Waste Connections | X | No contemporaneous objection made. Objection is incorrect as the full question |

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|---|---|---|---|---|---|---|
| | | | | | | "what was your job when you started at Waste Connections" was designated. |
| | | | | | | Waste Connections defendants have repeatedly, throughout the course of this litigation, referred to themselves as the collective "Waste Connections defendants." To permit the Waste Connections defendants to object on this basis at this late juncture is unfairly prejudicial to the other parties.  Moreover, the Waste Connections defendants failed during any deposition to themselves attempt to distinguish among the various Waste Connections entities by asking follow-up questions, making specific objections, to clarify any purported ambiguity asserted to be caused by the questions, or otherwise. |
| 77 | 2 | 77 | 4 | Lack of foundation - Waste Connections. | X | See above. |
| 77 | 10 | 77 | 17 | Hearsay | | This testimony references Trial Exhibit 3761 and is an email between all Waste Connections employees and was forwarded by Nikki Crews to Nick Collins regarding odor control audit at the JPLF. It is a statement against interest by Waste Connections. |

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|---|---|---|---|---|---|---|
| 77 | 22 | 77 | 23 | Hearsay | | Statement is not offered for the proof of the matter asserted. Therefore it is not hearsay. Alternatively, see above. |
| 80 | 6 | 80 | 22 | Hearsay | | Trial Exhibit 3761 and attachments contain emails from Rick Buller to Waste Connections. They are statements against interest by the Parish. |
| 80 | 23 | 80 | 25 | lack of foundation - as to Waste Connections; | X | No contemporizes objection. Waste Connections defendants have repeatedly, throughout the course of this litigation, referred to themselves as the collective "Waste Connections defendants."  To permit the Waste Connections defendants to object on this basis at this late juncture is unfairly prejudicial to the other parties. Moreover, the Waste Connections defendants failed during any deposition to themselves attempt to distinguish among the various Waste Connections entities by asking follow-up questions, making specific objections, to clarify any purported ambiguity asserted to be caused by the questions, or otherwise. |
| 82 | 13 | 82 | 16 | Hearsay | | Statement is not offered for the truth of the matter asserted.. Therefore not hearsay. |
| 83 | 14 | 83 | 20 | Speculation | X | No contemporaneous objection. Question posed to witness asks him to rely on professional experience and knowledge about location of monitoring. |

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|---|---|---|---|---|---|---|
| 83 | 22 | 83 | 24 | Hearsay | | Statement is not offered for the truth of the matter asserted. Therefore not hearsay. |
| 89 | 22 | 89 | 25 | Object to depo exhibit - hearsay | | This references Trial Exhibit 1273 and is an email from Rick Buller to Waste Connections. The exhibit is not hearsay as it is kept in the ordinary course of business and therefore is a business record. Furthermore any statements therein are statements against a party's interest. |
| 90 | 12 | 90 | 22 | Hearsay | | Statement is not offered for the truth of the matter asserted. Therefore not hearsay. |
| 91 | 14 | 91 | 22 | Hearsay | | Statement is not offered for the truth of the matter asserted. Therefore not hearsay. |
| 91 | 24 | 92 | 3 | lack of foundation; hearsay | X | No contemporaneous objection. Foundation established because prior to the question deponent was asked about the timeline for visiting the JPLF.<br><br>Statement is not asserted for the truth of the matter therein. Alternatively, the exhibit is not hearsay as it is kept in the ordinary course of business and therefore is a business record. Furthermore, any statements therein are statements against a party's interest. |
| 93 | 4 | 93 | 6 | hearsay | | This references Trial Exhibit 1273 and is an email from Rick Buller to Waste Connections. The exhibit is not hearsay as it is kept in the ordinary course of business and therefore is a business record. |

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|-----------|-----------|---------|---------|-----------|--------|----------|
| | | | | | | Furthermore any statements therein are statements against a party's interest. |
| 93 | 12 | 94 | 7 | Hearsay. | | Same as above. |
| 106 | 18 | 106 | 21 | Lack of foundation- Waste Connections | X | No contemporizes objection. Waste Connections defendants have repeatedly, throughout the course of this litigation, referred to themselves as the collective "Waste Connections defendants."  To permit the Waste Connections defendants to object on this basis at this late juncture is unfairly prejudicial to the other parties.  Moreover, the Waste Connections defendants failed during any deposition to themselves attempt to distinguish among the various Waste Connections entities by asking follow-up questions, making specific objections, to clarify any purported ambiguity asserted to be caused by the questions, or otherwise. |
| 107 | 20 | 107 | 25 | Lack of foundation - Waste Connections | | Waste Connections defendants have repeatedly, throughout the course of this litigation, referred to themselves as the collective "Waste Connections defendants." To permit the Waste Connections defendants to object on this basis at this late juncture is unfairly prejudicial to the other parties.  Moreover, the Waste Connections defendants failed during any deposition to |

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|---|---|---|---|---|---|---|
| | | | | | | themselves attempt to distinguish among the various Waste Connections entities by asking follow-up questions, making specific objections, to clarify any purported ambiguity asserted to be caused by the questions, or otherwise. |
| 149 | 6 | 149 | 9 | Lack of Foundation - Waste Connections | X | No contemporizes objection. Waste Connections defendants have repeatedly, throughout the course of this litigation, referred to themselves as the collective "Waste Connections defendants." To permit the Waste Connections defendants to object on this basis at this late juncture is unfairly prejudicial to the other parties. Moreover, the Waste Connections defendants failed during any deposition to themselves attempt to distinguish among the various Waste Connections entities by asking follow-up questions, making specific objections, to clarify any purported ambiguity asserted to be caused by the questions, or otherwise. |
| 149 | 14 | 149 | 20 | Lack of foundation - Waste Connections and decision made at The Woodlands without defining which entity at The Woodlands | | Waste Connections defendants have repeatedly, throughout the course of this litigation, referred to themselves as the collective "Waste Connections defendants." To permit the Waste Connections defendants to object on this basis at this late juncture is unfairly prejudicial to the other parties. Moreover, the Waste Connections |

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|---|---|---|---|---|---|---|
| | | | | | | defendants failed during any deposition to themselves attempt to distinguish among the various Waste Connections entities by asking follow-up questions, making specific objections, to clarify any purported ambiguity asserted to be caused by the questions, or otherwise. Earlier testimony established that Waste Connections headquarters and its subsidiaries were located at the Woodlands. |
| 149 | 22 | 150 | 9 | Lack of foundation - Waste Connections and use of The Woodlands without identifying entity | X | No contemporaneous objection. Same as above. |
| 162 | 3 | 162 | 13 | Lack of foundation - not a recipient on the email.; hearsay | X | Statement is not hearsay. It is not being offered for the truth of the matter asserted. Deponent is being asked his opinion. Foundation was established by prior testimony regarding notes in Snappy Approvals to customers. |
| 165 | 1 | 165 | 3 | incomplete designation | | Designation should be 165:1-16. |
| 172 | 3 | 172 | 5 | Lack of foundation; assumes facts not in evidence. | X | No contemporaneous objection. |
| 172 | 6 | 172 | 9 | Lack of foundation; assumes facts not in evidence | X | Same as above. |
| 175 | 14 | 175 | 19 | Lack of foundation - Waste Connections | X | No contemporizes objection. Waste Connections defendants have repeatedly, throughout the course of this litigation, referred to themselves as the collective "Waste Connections defendants."  To permit the Waste Connections defendants to |

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|---|---|---|---|---|---|---|
| | | | | | | object on this basis at this late juncture is unfairly prejudicial to the other parties. Moreover, the Waste Connections defendants failed during any deposition to themselves attempt to distinguish among the various Waste Connections entities by asking follow-up questions, making specific objections, to clarify any purported ambiguity asserted to be caused by the questions, or otherwise. |
| 176 | 23 | 177 | 5 | Lack of foundation; misstates testimony, confusing and vague question. | X | No contemporaneous objection. Further, foundation was established by the proceeding question regarding whether or not deponent received official training on Coal Combustion Residuals. |

### B.      Failure to Distinguish Corporate entity

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|---|---|---|---|---|---|---|
| 106 | 18 | 106 | 21 | Lack of foundation- Waste Connections | X | No contemporizes objection. Waste Connections defendants have repeatedly, throughout the course of this litigation, referred to themselves as the collective "Waste Connections defendants."  To permit the Waste Connections defendants to object on this basis at this late juncture is unfairly prejudicial to the other parties. Moreover, the Waste Connections defendants failed during any deposition to |

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|---|---|---|---|---|---|---|
| | | | | | | themselves attempt to distinguish among the various Waste Connections entities by asking follow-up questions, making specific objections, to clarify any purported ambiguity asserted to be caused by the questions, or otherwise. |
| 107 | 20 | 107 | 25 | Lack of foundation - Waste Connections | | Waste Connections defendants have repeatedly, throughout the course of this litigation, referred to themselves as the collective "Waste Connections defendants." To permit the Waste Connections defendants to object on this basis at this late juncture is unfairly prejudicial to the other parties.  Moreover, the Waste Connections defendants failed during any deposition to themselves attempt to distinguish among the various Waste Connections entities by asking follow-up questions, making specific objections, to clarify any purported ambiguity asserted to be caused by the questions, or otherwise. |
| 149 | 6 | 149 | 9 | Lack of Foundation - Waste Connections | X | No contemporaneous objection. Same as above. |
| 149 | 14 | 149 | 20 | Lack of foundation - Waste Connections and decision made at The Woodlands without defining which entity at The Woodlands | | Waste Connections defendants have repeatedly, throughout the course of this litigation, referred to themselves as the collective "Waste Connections defendants." To permit the Waste Connections defendants to object on this basis at this late juncture is unfairly prejudicial to the other parties.  Moreover, the Waste Connections |

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|---|---|---|---|---|---|---|
| | | | | | | defendants failed during any deposition to themselves attempt to distinguish among the various Waste Connections entities by asking follow-up questions, making specific objections, to clarify any purported ambiguity asserted to be caused by the questions, or otherwise. Earlier testimony established that Waste Connections headquarters and its subsidiaries were located at the Woodlands. |
| 149 | 22 | 150 | 9 | Lack of foundation - Waste Connections and use of The Woodlands without identifying entity | X | No contemporaneous objection. See above. |
| 175 | 14 | 175 | 19 | Lack of foundation - Waste Connections | | No contemporaneous objection. Waste Connections defendants have repeatedly, throughout the course of this litigation, referred to themselves as the collective "Waste Connections defendants." To permit the Waste Connections defendants to object on this basis at this late juncture is unfairly prejudicial to the other parties. Moreover, the Waste Connections defendants failed during any deposition to themselves attempt to distinguish among the various Waste Connections entities by asking follow-up questions, making specific objections, to clarify any purported ambiguity asserted to be caused by the questions, or otherwise. |

C. **Calls for Expert Opinion**

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|-----------|-----------|---------|---------|-----------|--------|----------|
| 106 | 18 | 106 | 21 | Lack of foundation- Waste Connections | X | No contemporizes objection. Waste Connections defendants have repeatedly, throughout the course of this litigation, referred to themselves as the collective "Waste Connections defendants." To permit the Waste Connections defendants to object on this basis at this late juncture is unfairly prejudicial to the other parties. Moreover, the Waste Connections defendants failed during any deposition to themselves attempt to distinguish among the various Waste Connections entities by asking follow-up questions, making specific objections, to clarify any purported ambiguity asserted to be caused by the questions, or otherwise. |
| 107 | 20 | 107 | 25 | Lack of foundation - Waste Connections | | Waste Connections defendants have repeatedly, throughout the course of this litigation, referred to themselves as the collective "Waste Connections defendants." To permit the Waste Connections defendants to object on this basis at this late juncture is unfairly prejudicial to the other parties. Moreover, the Waste Connections defendants failed during any deposition to themselves attempt to distinguish among the various Waste Connections entities by asking follow-up questions, making specific objections, to clarify any purported |

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|---|---|---|---|---|---|---|
| | | | | | | ambiguity asserted to be caused by the questions, or otherwise. |
| 149 | 6 | 149 | 9 | Lack of Foundation - Waste Connections | X | No contemporaneous objection. Same as above. |
| 149 | 14 | 149 | 20 | Lack of foundation - Waste Connections and decision made at The Woodlands without defining which entity at The Woodlands | | Waste Connections defendants have repeatedly, throughout the course of this litigation, referred to themselves as the collective "Waste Connections defendants." To permit the Waste Connections defendants to object on this basis at this late juncture is unfairly prejudicial to the other parties.  Moreover, the Waste Connections defendants failed during any deposition to themselves attempt to distinguish among the various Waste Connections entities by asking follow-up questions, making specific objections, to clarify any purported ambiguity asserted to be caused by the questions, or otherwise. Earlier testimony established that Waste Connections headquarters and its subsidiaries were located at the Woodlands. |
| 149 | 22 | 150 | 9 | Lack of foundation - Waste Connections and use of The Woodlands without identifying entity | X | No contemporaneous objection. See above. |
| 175 | 14 | 175 | 19 | Lack of foundation - Waste Connections | | No contemporaneous objection. Waste Connections defendants have repeatedly, throughout the course of this litigation, referred to themselves as the collective "Waste Connections defendants."  To permit the Waste Connections defendants to |

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|---|---|---|---|---|---|---|
| | | | | | | object on this basis at this late juncture is unfairly prejudicial to the other parties. Moreover, the Waste Connections defendants failed during any deposition to themselves attempt to distinguish among the various Waste Connections entities by asking follow-up questions, making specific objections, to clarify any purported ambiguity asserted to be caused by the questions, or otherwise. |

### D.    Other Objections

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|---|---|---|---|---|---|---|
| 74 | 18 | 74 | 19 | Hearsay; lack of foundation - no questions or testimony regarding the document was designated | | Designation withdrawn. |
| 74 | 25 | 74 | 25 | Partial question. | | Designation withdrawn. |
| 75 | 18 | 75 | 22 | Hearsay | | This is not being offered for the truth of the matter asserted. To the extent that it is hearsay, this testimony references Trial Exhibit 3761 and is an email between all Waste Connections employees and was forwarded by Nikki Crews to Nick Collins regarding odor control audit at the JPLF. It is a statement against interest by Waste Connections. |
| 81 | 21 | 81 | 24 | Speculation; statement not a question | | Designation withdrawn. |

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|---|---|---|---|---|---|---|
| 83 | 3 | 83 | 8 | Compound; vague and confusing question | X | No contemporaneous objection. Deponents answer cures any assertion that the question is confusing or vague. |
| 86 | 15 | 86 | 22 | Speculation. | | Question does not call for speculation. Question asks if it is ordinary for a moratorium on waste to be put in place, to which he replies that is exactly why he remembers it. |
| 143 | 8 | 143 | 13 | Speculation | X | No contemporaneous objection. Further it was asking witness if he knew a fact, not asking him to assume or speculate. |
| 146 | 10 | 146 | 12 | Hearsay. | | Testimony is a reference to the document number that will be shown to the witness. |
| 146 | 22 | 147 | 6 | hearsay | | Document is an email from Rick Buller to deponent. It is not being offered for the truth of the matter asserted, and deponent is asked simply if the contents were read correctly. |
| 147 | 11 | 147 | 18 | hearsay | | The document that contains the statements from Rick Buller an employee of the Parish. The Parish is the witness. The document is the statement of a party opponent. |
| 154 | 25 | 154 | 25 | only partial question. | | Designation withdrawn. |
| 162 | 19 | 163 | 1 | Relevancy; speculation | | Relevant because it goes to the issue of whether Rick Buller's decision to stop accepting waste was reasonable given the H2S concerns. |
| 163 | 3 | 163 | 5 | Hearsay | | This is not asserted for the truth of the matter. This is a statement identifying the |

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|---|---|---|---|---|---|---|
| | | | | | | document by bates number and deposition exhibit number. |
| 163 | 23 | 164 | 11 | Hearsay; relevancy | | This is not hearsay as it is not being introduced for the truth of the matter asserted. |
| 164 | 12 | 164 | 16 | Speculation | X | No contemporaneous objection. |
| 164 | 24 | 165 | 3 | Lack of foundation | X | Same. |
| 165 | 1 | 165 | 3 | incomplete designation | | Designation withdrawn. |
| 175 | 22 | 176 | 2 | Misrepresents the evidence-- does not say this in the Louisiana section. | X | No contemporaneous objection. Deponent clearly understood the question and was able to answer. |
| 176 | 23 | 177 | 5 | Lack of foundation; misstates testimony, confusing and vague question. | X | No contemporaneous objection. |

## X.     DEPOSITION OF RIVER BIRCH LLC'S CORPORATE REPRESENTATIVE, BRIAN DEJEAN, JANUARY 15, 2024

### A.     Other Objections

| Page From | Line From | Page to | Line to | Objection | Waived | Response |
|---|---|---|---|---|---|---|
| 179 | 6 | 181 | 16 | Leading. Mis-states facts in the record | | The facts supposedly misstated are not identified.  In the absence of stating what is misstated, there is no valid objection. |

## XI.   DEPOSITION OF HWY-90 LLC'S CORPORATE REPRESENTATIVE, BRIAN DEJEAN, JANUARY 15, 2024

No objections.

## XII.   DEPOSITION OF BRUCE EMLEY, JANUARY 19, 2023

### A.   Testimony concerning hearsay statements and lack of personal knowledge

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|---|---|---|---|---|---|---|
| 70 | 1 | 75 | 25 | Foundation; hearsay; relevance | X | No contemporaneous objection until page 75, line 18, so foundation objection is waived. (In any event, Mr. Emley was the Division Vice President for the Waste Connections, Southern Region, Bayou Division).   The email at issue was entirely between employees of Waste Connections, all acting within the scope of their employment, so none of it is hearsay under Rule 801(d).  The attachment to the email, the NOLA business plan, was likewise not hearsay.  The testimony is relevant because it shows that part of the business plan for the JP landfill was to increase its revenues through the solidification of liquid waste. If the objection "to form" appearing on appearing on page 75 line 18 referred to foundation, it came too late as it followed several pages of detailed testimony by Emley regarding the business plan. |
| 76 | 9 | 76 | 19 | Foundation; hearsay; relevance | X | If the objection "to form" appearing on appearing on page 76 line 12 referred to foundation, it came too late as it followed several pages of detailed testimony by Emley regarding the business plan.  The question does not call for hearsay, and the answer did not provide any. |

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|---|---|---|---|---|---|---|
| 79 | 1 | 79 | 11 | Foundation; hearsay | | No hearsay is involved.  The email being discussed, WC_JPLF_00420436-37 (deposition exhibit 1398) is Trial Exhibit 3734, which has been stipulated into evidence by Waste Connections as part of the Ruane stipulation. If the objection "to form" appearing on page 79 at line 10 refers to foundation, it has no basis in fact. |
| 95 | 1 | 101 | 25 | Foundation; vague and ambiguous; relevance; calls for improper opinion testimony | | In this six pages of testimony, the only contemporaneous objection was on page 97, line 7, objecting to the question, "Do you know if there was a special waste sales rep connected to the Jefferson Parish Landfill?"  Mr. Emley was the Division Vice President for the Bayou Division, was in a position to know the answer, and did answer "There was not that I'm aware of." All of the other cited objections, except relevance,  have been waived.  As to relevance, the discussion of the solidification process and the known requirement of a paint filter test is relevant, because the purpose of the paint filter test is to help keep liquids out of the landfill, and at the JP Landfill, where excess water had long been a problem, Waste Connections refused to use it. |
| 114 | 1 | 115 | 25 | Foundation; vague and ambiguous as to which corporation being asked about, "potential issues" and "problems in your landfill"; calls for | | There is no issue with foundation as Mr. Emley is the Division Vice President; nor does the question call for separation of the various corporate entities.  Mr. Emley had |

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|---|---|---|---|---|---|---|
| | | | | improper opinion testimony; relevance as to what issues Mr. Emley is concerned about | | no problem in comprehending and answering the questions, so the questions were not vague.  Testimony relevant because it concerned the gatekeeping function of the environmental compliance temp |
| 124 | 12 | 125 | 1 | Foundation; vague and ambiguous as to which corporation being asked about; hearsay; relevance | | There is no issue with foundation as Mr. Emley is the Division Vice President; nor does the question call for separation of the various corporate entities.  Relevant because best practices for managing leachate and gas collection were being addressed on a company wide level. |
| 125 | 2 | 125 | 21 | Foundation; improper opinion testimony | | There is no issue with foundation as Mr. Emley is the Division Vice President; nor does the question call for separation of the various corporate entities.  The testimony is relevant because best practices for managing leachate and gas collection were being addressed on a company wide level. Also relevant because Mr. Emley's lack of knowledge as a Division Vice President shows that the best practices were not being followed/ |
| 125 | 22 | 127 | 23 | Foundation; vague and ambiguous as to which corporation being asked about; hearsay; relevance | | There is no issue with foundation as Mr. Emley is the Division Vice President; nor does the question call for separation of the various corporate entities.  There is no hearsay issue because the document is an internal Waste Connections document.  In addition, instructions like "from today |

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|---|---|---|---|---|---|---|
| | | | | | | forward, you'll keep in inventory of leachate" are verbal acts, not hearsay. |
| 127 | 24 | 128 | 4 | Foundation; improper opinion testimony | | There is no issue with foundation or improper opinion testimony as Mr. Emley is the Division Vice President; |
| 128 | 8 | 128 | 25 | Foundation; vague and ambiguous as to which corporation being asked about; hearsay; relevance | | There is no issue with foundation as Mr. Emley is the Division Vice President; nor does the question call for separation of the various corporate entities.  The fact that the region engineer has a role in controlling odors at Waste Connections landfills is plainly relevant. |
| 133 | 6 | 133 | 20 | Foundation; hearsay; relevance | X | No contemporaneous objection so foundation objection waived. No issue with hearsay because the document discusses is an internal Waste Connections document. Discusses regulatory requirement that leachate levels be 12 inches above the sump. |
| 134 | 2 | 134 | 13 | Foundation; hearsay; relevance | X | No contemporaneous objection so foundation objection waived. No issue with hearsay because the document discusses is an internal Waste Connections document. Discusses regulatory requirement that leachate levels be 12 inches above the sump and the fact that Emley would defer to the Region Engineer on that issue. |
| 136 | 22 | 138 | 17 | Foundation; hearsay; relevance | X | No contemporaneous objection so foundation objection waived.  Testimony concerns Trial Exhibit 1470 which has been stipulated into evidence by all the Parties. |

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|---|---|---|---|---|---|---|
| 156 | 4 | 160 | 1 | Foundation; hearsay; improper opinion testimony | | There is no issue with foundation as Mr. Emley is the Division Vice President. Testimony concerns Trial Exhibit 2977, for which (except as to the redaction of a Facebook post) the Court has overruled Waste Connections' objections to admissibility.t |
| 161 | 20 | 169 | 5 | Foundation; hearsay; improper opinion testimony; vague and ambiguous as to which corporation being asked about | | In this 8-page section, the only objection during the deposition was on page 165, line 6 (objecting to the question "does this refresh your recollection that the parish agreed to it on condition that it would not cause odor?" Answer—"My only recollection is that the parish agreed to a modification.  In terms of the conditions, I have no idea what was tied to that."  All other objections were waived, and none of the grounds apply to the one question objected to. |
| 171 | 4 | 178 | 23 | Foundation; hearsay; improper opinion testimony; vague and ambiguous as to which corporation being asked about | | In this 7-page section, Waste Connections makes no objection to relevance.

Waste Connections objected to the question But during your tenure from July 2, 2018 [the date of the email being discussed] up through the first day of 2021, you're unaware  of any back and forth between Mr. Buller, the Parish and Waste Connections about Mr. Buller's statement here being wrong, correct"" |

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|---|---|---|---|---|---|---|
| | | | | | | Next, Waste Connections objected to the question "was Mr. Buller's email [stating that solidification needed to be stopped] a request, Mr. Emley?" Answer: "I don't know...." |
| | | | | | | Then, at 173:5, objection was made to the question, "Well, did you read Mr. Buller's email to be asking Waste Connections permission [sic] this moratorium on industrial waste." Answer: "I don't know what Mr. Buller meant." |
| | | | | | | Then, at 173:17, [referring to an email from Waste Connection in-house counsel, John Perkey, objection was made to "Instead, he's asking Mr. Buller, where's your contractual authority to do this, right?" Answer: "I think he's asking Mr. Buller who else has been involved, which made this decision. Yeah." |
| | | | | | | Then, at 175:16 objection was made to "So again, Mr. Buller explains the thought process and the reasoning behind why the moratorium is being implemented by the Parish, correct." Answer: "It appears that what he's attempting to do, yes." |
| | | | | | | Then, at 176:9 objection was made to the question [after a section of the email had |

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|---|---|---|---|---|---|---|
| | | | | | | been read] "Does this refresh your recollection as to learning about issues with relatively high H2S odors at the Jefferson Parish Landfill?" Answe:  "I don't recall this."<br><br>Then at 177:17, objection was made to the question "Are you aware of Waste Connections, after July 3, 2018, ever proposing an alternative solidification agent that did not contribute sulfates"  Answer: I'm not aware either way."<br><br>Then at 178:11, Waste Connection objected to the question, [referring to an email], "Do you see any statement by Mr. Perkey pushing back on Mr. Buller's statement that the sulfates in the solidification agent may contributing to the generation of H2S odors"  Answer:  "No."<br><br>None of these questions called for hearsay, separation of any of the corporate entities. or any opinion.  .Instead, they inquired into the knowledge of the Division Vice President regarding the company response to the Parish's decision to stop solidifying liquid waste. |
| 179 | 14 | 181 | 11 | Foundation; hearsay; improper opinion testimony; vague and | X | No contemporaneous objection; objections waived. |

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|---|---|---|---|---|---|---|
| | | | | ambiguous as to which corporation being asked about | | |
| 193 | 21 | 195 | 20 | Foundation; hearsay; improper opinion testimony; vague and ambiguous as to which corporation being asked about | | The only objection in this section is to the question "[Does this] refresh your recollection as to phase 4a being the epicenter of the odor issues at the Jefferson Parish Landfill?"  Answer: "Majority of gas going on – yeah.  That's what Rickie' saying, yeah.  I just can't remember if 4A was  -- which cell that was.  If that was an active cell, not active cell, I don't remember." Mr. Emley was a Division Vice President, and nothing in the question implicates stated bases for objection.  Objections waived to other questions and answers. |
| 203 | 9 | 207 | 5 | Foundation; hearsay; improper opinion testimony; vague and ambiguous as to which corporation being asked about | X | No contemporaneous objections.  All waived. |
| 221 | 7 | 224 | 11 | Foundation; hearsay; improper opinion testimony; vague and ambiguous as to which corporation being asked about; argumentative; more prejudicial than probative | X | No contemporaneous objections.  All waived. |
| 227 | 10 | 229 | 20 | Foundation; hearsay; improper opinion testimony; vague and ambiguous as to which corporation being asked about; argumentative | | In this section, objection was made, at 229:14, to the question, "Doesn't seem like this response to the press conference by the parish is being handled locally, is it?"  Answer:  "No. It's being directed to [sic]the corporate office." No issue about |

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|---|---|---|---|---|---|---|
| | | | | | | foundation; Emley was the Division Vice President, nothing vague or ambiguous; testimony supports conclusion that Waste Connections did not treat itself as separate entities.  All other objections waived. |
| 233 | 20 | 234 | 2 | Foundation; hearsay; vague and ambiguous as to which corporation being asked about; argumentative | X | No contemporaneous objections.  All waived |
| 240 | 6 | 241 | 16 | Foundation; hearsay; vague and ambiguous as to which corporation being asked about; relevance | X | No contemporaneous objections.  All waived.  Relevant because it shows that instead of addressing its part in the odor creation, Waste Connections set out to blame others. |
| 248 | 17 | 250 | 24 | Foundation; hearsay; vague and ambiguous as to which corporation being asked about | | In  this section, objection is made, at 248:21, to the question, "You recall the LDEQ being unhappy with the progress being made at the Jefferson Parish Landfill to mitigate odors?"  Answer:  "No." <br><br> At 250:23, objection is made to the question, "You understand that the DEQ was conducting daily inspections at the landfill at this time to oversee the odor mitigation efforts at the landfill correct?"  Asnwer:  "Yes." <br><br> Mr. Emley was Division Vice President.  Neither question calls for hearsay, neither question is vague, and neither question even |

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|---|---|---|---|---|---|---|
| | | | | | | inquires to Waste Connections entities; they refer instead to the JP Landfill. |

### B.   Failure to Distinguish Corporate Entity

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|---|---|---|---|---|---|---|
| 11 | 10 | 11 | 23 | Foundation; vague and ambiguous as to which corporate entity is being asked about | X | No contemporaneous objection. |
| 12 | 13 | 12 | 16 | Foundation; vague and ambiguous as to which corporate entity is being asked about | | The question asked was "And as division vice president, you are responsible for the Waste Connections landfills in Louisiana, correct."  Answer:  The all fall under the umbrella of the Bayou Division."  Neither the question nor the answer required any distinction between the corporate entities in this case.  No follow up questions were asked by Waste Connections counsel. |
| 12 | 20 | 12 | 24 | Foundation; vague and ambiguous as to which corporate entity is being asked about | X | No contemporaneous objection in this section. |
| 15 | 10 | 15 | 25 | Foundation; vague and ambiguous as to which corporate entity is being asked about | | The question asked was "So can you tell me about your roles and responsibilities as the division vice president of the Bayou division?"  There was no ambiguity in the question. The answer, however, did not differentiate |

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|---|---|---|---|---|---|---|
| | | | | | | between any corporate entities.  And if the answer was incorrect or misleading, Waste Connections did not thing to correct ti. |
| 16 | 1 | 16 | 5 | Foundation; vague and ambiguous as to which corporate entity is being asked about | | The question asked was "And so considering you are in charge of the decision making for certain marketplaces, that would include business plans?"<br><br>The answer to this question did not depend upon any distinctions between entities. |
| 124 | 12 | 125 | 1 | Foundation; vague and ambiguous as to which corporation being asked about; hearsay; relevance | X | No contemporaneous objection. |
| 125 | 22 | 127 | 23 | Foundation; vague and ambiguous as to which corporation being asked about; hearsay; relevance | X | No contemporaneous objection. |
| 128 | 8 | 128 | 25 | Foundation; vague and ambiguous as to which corporation being asked about; hearsay; relevance | | This repeats an objection stated in the previous section. |
| 139 | 5 | 139 | 16 | Foundation; vague and ambiguous as to which corporation being asked about | X | No contemporaneous objection. |
| 161 | 20 | 169 | 5 | Foundation; hearsay; improper opinion testimony; vague and ambiguous as to which corporation being asked about | | This repeats an objection stated in the previous section. |
| 169 | 6 | 169 | 12 | Foundation; vague and ambiguous as to which corporation being asked about | | The question asked was "Did Waste Connections ever verify that the sulfur compounds and the lime and fly ash were not contributing ingredients to generate hydrogen sulfide gas."  Answer:  "I have no |


| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|-----------|-----------|---------|---------|-----------|--------|----------|
| | | | | | | idea whether they did or didn't."  No questions were asked by Waste Connections counsel to clarify this answer. |
| 171 | 4 | 178 | 23 | Foundation; hearsay; improper opinion testimony; vague and ambiguous as to which corporation being asked about | | This repeats an objection stated in the previous section. |
| 179 | 14 | 181 | 11 | Foundation; hearsay; improper opinion testimony; vague and ambiguous as to which corporation being asked about | X | No contemporaneous objection. |
| 193 | 21 | 195 | 20 | Foundation; hearsay; improper opinion testimony; vague and ambiguous as to which corporation being asked about | | This repeats an objection stated in the previous section. |
| 203 | 9 | 207 | 5 | Foundation; hearsay; improper opinion testimony; vague and ambiguous as to which corporation being asked about | | This repeats an objection stated in the previous section. |
| 221 | 7 | 224 | 11 | Foundation; hearsay; improper opinion testimony; vague and ambiguous as to which corporation being asked about; argumentative; more prejudicial than probative | | This repeats an objection stated in the previous section. |
| 227 | 10 | 229 | 20 | Foundation; hearsay; improper opinion testimony; vague and ambiguous as to which corporation being asked about; argumentative | | This repeats an objection stated in the previous section. |
| 233 | 20 | 234 | 2 | Foundation; hearsay; vague and ambiguous as to which corporation being asked about; argumentative | X | No contemporaneous objection |

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|-----------|-----------|---------|---------|-----------|--------|----------|
| 240 | 2 | 240 | 5 | Foundation; vague and ambiguous as to which corporation being asked about; relevance (his lack of memory is not relevant) | X | No contemporaneous objection |
| 240 | 6 | 241 | 16 | Foundation; hearsay; vague and ambiguous as to which corporation being asked about; relevance | | This repeats an objection stated in the previous section. |
| 248 | 17 | 250 | 24 | Foundation; hearsay; vague and ambiguous as to which corporation being asked about | | This repeats an objection stated in the previous section. |

### C.    Other Objections

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|-----------|-----------|---------|---------|-----------|--------|----------|
| 68 | 9 | 68 | 20 | Foundation | X | No contemporaneous objection |
| 69 | 15 | 69 | 25 | Foundation | X | No contemporaneous objection |
| 78 | 7 | 78 | 25 | Foundation; relevance | X | No contemporaneous objection |
| 79 | 13 | 80 | 22 | Foundation | | Mr. Emley is the division vice president of the Bayou Division, there issue no issue about his ability to answer the question that was asked. |
| 107 | 1 | 111 | 25 | Foundation; vague and ambiguous; relevance; argumentative | | At 107:5, objection made to the question, "The folks in The Woodlands would know that"? Answer: "Yes.  The environmental group or the engineering group, yest."<br><br>At 108:5, objection made to the question, "And was that generation of excessive leachate a problem that led to the White Oaks landfill to stop engaging in |

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|---|---|---|---|---|---|---|
| | | | | | | solidification?" Answer: "Technically, I don't know." |
| | | | | | | At 108:12, objection to the question, "Do you recall who apprised you of the leachate issue related to the solidification at White Oaks?" Answer: No, sir. I don't recall." |
| | | | | | | At 109:25 objection to the question, "And what's your understanding as to the liquids that were being solidified at the Jefferson Parish Landfill?" Answer: "I have no understanding or knowledge of what it was." |
| | | | | | | At 110:24, objection to the question, "And we've already looked at other exhibits discussing how the parish landfill, you're limited to taking thirty (30) percent of your volume form outside of the parish, but that has to be special waste, right?" Answer: "Yeah, I don't know that it had to be special waste. I think you had to go to them and get approved to bring anything else outside. So I think you could bring in MSW form outside, but you had to get approval, which we never got." |
| | | | | | | At 111:13, objection to the question, "Okay, so , you know, you never got that approval. The logic tells us that the thirty (30) percent |

| Page From | Line From | Page To | Line To | Objection | Waived | Response |
|---|---|---|---|---|---|---|
| | | | | | | of the waste under that contractual provision, it was not municipal or commercial waste, correct?"  Answer: "That's correct."<br><br>Mr. Emley was the division vice president, so there is not issue with foundation.  The questions were not vague, ambiguous or argumentative.  The leachate issues at White Oaks, and Mr. Emley's knowledge (or lack of knowledge regarding them) are relevant to the control over the landfills by the home office and the engineering group. |
| 219 | 11 | 219 | 23 | Foundation; argumentative; assumes facts not in evidence | | At 219:22, objection to the question, "And do you recall that around this time, July 27, late July 28, that the LDEQ was ramping up its inspections of the Jefferson Parish Landfill in response to numerous odor complaints from residents in the area?" Answer: "Yes."  The question did not ask for the assumption of facts not in evidence. Mr. Emley was asked if he recalled it, and he did.  No basis for the other objections. |