UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FREDERICK ADDISON, ET AL.,**<br>Plaintiffs<br><br>VERSUS<br><br>**LOUISIANA REGIONAL LANDFILL COMPANY, ET AL.,**<br>Defendants<br><br>*Applies to: Both Cases* | **CIVIL ACTION**<br><br>**NO. 19-11133, c/w 19-14512**<br><br>**SECTION: "E" (5)**<br><br>**JUDGE: Morgan**<br>**MAGISTRATE JUDGE: North** |

**RESPONSE MEMORANDUM IN SUPPORT OF WASTE CONNECTIONS DEFENDANTS' DESIGNATION OF DEPOSITION TESTIMONY FROM FRCP 30(B)(6) DEPOSITIONS OF APTIM CORPORATION AND JEFFERSON PARISH**

## INTRODUCTION

The Waste Connections Defendants[1] submit this response memorandum pursuant to the Thirteenth Case Management Order (R. Doc. 498) ("CMO") and July 3, 2024 Minute Entry (R. Doc. 643) in support of their designation of certain deposition testimony by the corporate representatives of Aptim Corporation and Jefferson Parish to be used at trial.

Aptim and Jefferson Parish ask the Court to contravene the Waste Connections Defendant's rights under Federal Rule of Civil Procedure 32 by precluding the Waste Connections Defendants' reading of timely designated portions of the Rule 30(b)(6) depositions of Aptim and the Parish. While Aptim and the Parish plan to present their corporate designees for live testimony, limiting the Waste Connections Defendants to cross examination of live witnesses strips away Rule 32's right to use a 30(b)(6) deposition for impeachment or "any other purpose," and is error under Fifth Circuit decisions. Fed. R. Civ. P. 32(a)(2). The Waste Connections Defendants can present their deposition designations efficiently and without undue repetition of testimony, and the Court should deny Aptim and the Parish's motions.

## BACKGROUND

Plaintiffs and the Waste Connections Defendants deposed the corporate representatives of Defendants Aptim Corporation and Jefferson Parish in accordance with Federal Rule of Civil Procedure 30(b)(6). Josua Broggi testified on behalf of Defendant Aptim Corporation on November 10, 2020 during the general causation phase of this matter, and on May 19, 2023 before the trial of the 13 designated Trial Plaintiffs. Michael Lockwood testified on behalf of Defendant Jefferson Parish on December 1, 2020 during the general causation phase, and Mark Drewes, P.E.

---

[1] "The Waste Connections Defendants" refers to Defendants Louisiana Regional Landfill Company, Waste Connections Bayou, Inc., and Waste Connections US, Inc.

testified on behalf of the Parish on May 11, 2023 during the specific causation phase. All four depositions were taken pursuant to notices served in accordance with Rule 30(b)(6).

Under the CMO, the parties exchanged designations, objections, and counter-designations of deposition testimony intended to be presented during the jury trial scheduled to begin on August 12, 2024. On July 29, 2024,[2] the Plaintiffs and Waste Connections Defendants submitted to the Court their proposed deposition designations from the Rule 30(b)(6) depositions of Aptim and Jefferson Parish. Also on July 29, 2024, Aptim and Jefferson Parish filed objections to the Waste Connections Defendants' deposition designations on the bases that they plan to call Mr. Broggi and Mr. Drewes to testify at trial.[3]

## ARGUMENT

### I. Rule 32 grants the Waste Connections Defendants the right to read the deposition designations at trial.

Rule 30(b)(6) depositions may be used for any purpose by an adverse party, and it is error to exclude the reading of those depositions at trial. The 30(b)(6) depositions of the Parish and Aptim include subjects as to which the Waste Connections Defendants are adverse as to the jury's potential allocation of fault. The Court should deny Aptim and the Parish's motions in limine to exclude the Waste Connections Defendants' designations.

A party may introduce the deposition of an adversary as part of its substantive proof, regardless of the adversary's availability to testify at trial. Fed. R. Civ. P. 32(a)(2); *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 434 (5th Cir. 2006); *Coughlin v. Capitol Cement Co.*, 571

---

[2] Under the July 3, 2024 Minute Entry (R. Doc. 643), deposition designations and other filings were due to be submitted to the Court on Friday, July 26. During a status conference on July 26, the Court adjourned the Minute Entry's July 26 deadlines to July 29, 2024.

[3] *See* Jefferson Parish's Memorandum in Support of Objections to Deposition Designations (R. Doc. 689) (filed July 29, 2024); Aptim Corp.'s Memorandum in Support of Objections to Deposition Designations (R. Doc. 687) (filed July 29, 2024).

F.2d 290, 308 (5th Cir. 1978). And while a party may testify at trial by its corporate designee, that testimony does not preclude the reading of the deposition under the plain terms of Rule 32.

Moreover, while the adversary might impeach the corporate witness with his prior Rule 30(b)(6) testimony, impeachment is not the same as evidence. Under Rule 32, the deposition may stand as testimonial evidence in its own right, but on cross examination at trial it is reduced to creating questions of the corporate witness's credibility. Limiting the adversary to the use of the Rule 30(b)(6) deposition on cross examination offends the plain terms of Rule 32, which allows the deposition to be used for impeachment or "any other purpose" Fed. R. Civ. P. 32(a)(2).

Aptim and the Parish rely on *Brazos* to suggest that the Court should prohibit the Waste Connections Defendants from presenting the deposition designations to the jury at trial. But *Brazos* addressed the opposite issue: there, counsel for the deposed corporation *objected* to the adversary's questioning of the witness at trial. *See Brazos River Auth.*, 469 F.3d at 434. The Fifth Circuit ruled that the district court correctly allowed the questioning to continue at the adversary's insistence. *Id*. The *Brazos* court did not hold or suggest it would be error to allow both live testimony and a reading of the relevant deposition portions. To the contrary, the Fifth Circuit has separately held it was error by a district court to preclude the reading of Rule 30(b)(6) deposition when the corporate designee was available to testify, though the error was harmless in the specific circumstances at issue there. *See Coughlin*, 571 F.2d at 308.

## II. Both live testimony and a reading of the depositions can be done effectively and efficiently.

The Waste Connections Defendants can present the deposition designations of Aptim and the Parish efficiently without unnecessary repetition of the witnesses' live testimony. All parties will be operating under time limitations that incentivize efficiency, and the Waste Connections Defendants have designated relatively short portions of the depositions for presentation.

3

## CONCLUSION

The Waste Connections Defendants respectfully request that the Court allow them to read the designated deposition testimony to the jury at trial.

Respectfully submitted,

LISKOW & LEWIS, APLC

By: */s/ Michael C. Mims*
Michael Cash (#31655)
Cherrell Simms Taplin (#28227)
Michael C. Mims (#33991)
Brady M. Hadden (#37708)
J. Hunter Curtis (#39150)
Alec Andrade (#38659)
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139
(504) 581-7979


BEVERIDGE & DIAMOND, P.C.

Megan R. Brillault (*pro hac vice*)
Michael G. Murphy (*pro hac vice*)
John H. Paul (*pro hac vice*)
Katelyn E. Ciolino (*pro hac vice*)
Katrina M. Krebs (*pro hac vice*)
825 Third Avenue, 16th Floor
New York, NY 10022
(212) 702-5400

James B. Slaughter (*pro hac vice*)
1900 N Street, NW, Suite 100
Washington, DC 20036
(202) 789-6000

Michael F. Vitris (*pro hac vice*)
400 W. 15th Street, Suite 1410
Austin, TX 78701
(512) 391-8035

*Counsel for Defendants Louisiana Regional Landfill Company, Waste Connections Bayou, Inc., and Waste Connections US, Inc.*

4

## **CERTIFICATE OF SERVICE**

  I hereby certify that the foregoing was electronically filed on August 2, 2024. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Michael C. Mims*
OF COUNSEL
