UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FREDERICK ADDISON, ET AL.,**<br>Plaintiffs<br><br>VERSUS<br><br>**LOUISIANA REGIONAL LANDFILL COMPANY, ET AL.,**<br>Defendants<br><br>*Applies to: Both Cases* | CIVIL ACTION<br><br>NO. 19-11133, c/w 19-14512<br><br>SECTION: "E" (5)<br><br>JUDGE: Morgan<br>MAGISTRATE JUDGE: North |

**WASTE CONNECTIONS DEFENDANTS' RESPONSE MEMORANDUM
IN SUPPORT OF DESIGNATION OF TRIAL EXHIBITS
INCORPORATED INTO APTIM CORP.'S OPERATING AGREEMENT**

## INTRODUCTION

The Waste Connections Defendants[1] submit this response memorandum pursuant to the Thirteenth Case Management Order (R. Doc. 498) ("CMO") and July 3, 2024 Minute Entry (R. Doc. 643) in support of their designation of trial exhibits that are both expressly incorporated into and relevant to the operating agreement between Aptim Corporation and Jefferson Parish.

Aptim opposes the introduction at trial of Trial Exhibits 652 and 820, which are, respectively, (1) a document titled "Request for Proposal to Provide Jefferson Parish Sanitary Landfill Gas Collection and Control System Operation and Maintenance Services," dated August 21, 2015 ("RFP"), and (2) a document titled "Jefferson Parish Sanitary Landfill Gas Collection and Control System Operation and Maintenance Services Technical Proposal," dated September 2015 ("Proposal"). Aptim argues first that its responsibility for certain components of landfill operations is a "critical issue" to be resolved at trial, and second, that its Contract with Jefferson Parish sets forth Aptim's scope of work, responsibilities, and obligations. Aptim then asserts – incorrectly – that its Contract "does not incorporate the RFP or the Proposal."[2]

Both of the documents Aptim contests are expressly incorporated into the Contract, so both should be admitted, and the Court's analysis can end there. Further, however, Aptim concedes that its scope of work is not merely relevant but "critical" to the upcoming trial. Aptim's Contract defines the "scope of services" that Aptim must meet chiefly by reference to the RFP and the Proposal, making the Contract ambiguous on its face, thus requiring review of the RFP and the Proposal. Since the RFP and Proposal are necessary to understand Aptim's scope of services, they can hardly be unfairly prejudicial. Both documents should be admitted.

---

[1] "The Waste Connections Defendants" refers to Defendants Louisiana Regional Landfill Company, Waste Connections Bayou, Inc., and Waste Connections US, Inc.
[2] R. Doc. 686 at 2.

**ARGUMENT**

**I. The Contract expressly incorporates both the RFP and the Proposal.**

Under Louisiana law, a contract may incorporate other documents, and if it does, the incorporated documents must be consulted for an understanding of the contract. *See Action Fin. Corp. v. Nichols,* 180 So. 2d 81, 83 (La. App. 2d Cir. 1965) ("[Louisiana] jurisprudence is clear that documents may be incorporated in contracts by attachment or reference thereto . . . [These writings] become a part of the agreement between the parties with the same force and effect as if the provisions had been contained in the basic contract[.]"); *Petrohawk Properties, L.P. v. Chesapeake La., L.P.*, 689 F.3d 380, 394 (5th Cir. 2012) (noting the contract at issue contained a document by reference and consulting the referenced document to interpret the contract at issue). Aptim's contract with Jefferson Parish requires Aptim to meet the scope of services "as per the RFP No. 0338 as amended and [Aptim's] written proposal dated August 21, 2015." Contract § 2.0 (Trial Exhibit 154). The Contract appends the scope of work excerpted from the RFP as an exhibit for convenience, but the Contract's reference to the Proposal is simply to the entire Proposal.

Because both documents are expressly incorporated into the Aptim contract's definition of Aptim's scope of services, both documents should be admitted into evidence.

**II. The RFP and the Proposal are necessary to understand Aptim's scope of services.**

The contract defines Aptim's scope of services by reference to the RFP and the Proposal. The contract goes on to add specifics to the scope of services, relating to what services are "routine," what materials and equipment Aptim is required to provide, and similar details. But the full scope of services – such as the purposes and operational/regulatory standards for Aptim's work – are addressed only in the RFP and the Proposal. *See* RFP § 2.1.1 (Trial Exhibit 652) ("operation of the LGCCS in accordance with the Air Permit, Applicable Environmental Regulations and all other applicable laws, rules and regulations"); Proposal § 1 (Project Plan) (Trial Exhibit 820).

2

Because both documents are necessary to understand the Contract's definition of Aptim's scope of services, which is a critical issue in the upcoming trial, both documents should be admitted.

## CONCLUSION

The Waste Connections Defendants respectfully request that the Court admit the Parish's RFP for Aptim's services, Trial Exhibit 652, and Aptim's Proposal, Trial Exhibit 820, into evidence at the upcoming jury trial.

Respectfully submitted,

LISKOW & LEWIS, APLC

By: */s/ Michael C. Mims*
Michael Cash (#31655)
Cherrell Simms Taplin (#28227)
Michael C. Mims (#33991)
Brady M. Hadden (#37708)
J. Hunter Curtis (#39150)
Alec Andrade (#38659)
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139
(504) 581-7979


BEVERIDGE & DIAMOND, P.C.

Megan R. Brillault (*pro hac vice*)
Michael G. Murphy (*pro hac vice*)
John H. Paul (*pro hac vice*)
Katelyn E. Ciolino (*pro hac vice*)
Katrina M. Krebs (*pro hac vice*)
825 Third Avenue, 16th Floor
New York, NY 10022
(212) 702-5400

James B. Slaughter (*pro hac vice*)
1900 N Street, NW, Suite 100
Washington, DC 20036
(202) 789-6000

Michael F. Vitris (*pro hac vice*)
400 W. 15th Street, Suite 1410
Austin, TX 78701
(512) 391-8035

*Counsel for Defendants Louisiana Regional Landfill Company, Waste Connections Bayou, Inc., and Waste Connections US, Inc.*

4

**CERTIFICATE OF SERVICE**

  I hereby certify that the foregoing was electronically filed on August 2, 2024. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                      */s/ Michael C. Mims*
                        OF COUNSEL