MINUTE ENTRY
MORGAN, J.
August 5, 2024

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FREDERICK ADDISON, ET AL., <br>    Plaintiffs | CIVIL ACTION |
| VERSUS | NO.  19-11133 <br>         c/w 19-14512 |
| LOUISIANA REGIONAL LANDFILL <br> COMPANY (LRLC), ET AL., <br>    Defendants | SECTION: "E" (5) |

*Applies to: Both Cases*

## MINUTE ENTRY

A video status conference was held on the record on August 5, 2024, at 9:00 a.m., in the chambers of Judge Susie Morgan.

  Present:  Sara James, Charles Foster, Eric Rowe, Harry Johnson, and James Jeffcoat, counsel for All Addison Plaintiffs;

       Douglas Hammel, counsel for Ictech-Bendeck Plaintiffs in related Case No. 18-7889;

       Bruce Betzer, counsel for Bernard Plaintiffs in related Case No. 18-7889;

       Michael Mims, Megan Brillault, John Paul, Michael Vitris, Michael Cash, and Cherrell Taplin, counsel for Defendants, Louisiana Regional Landfill Company (LRLC), Waste Connections Bayou, Inc., and Waste Connections US, Inc.;

       John Baay, counsel for Defendant, Aptim Corporation;

       Michael Futrell and Michael Moghis, counsel for Defendant, Jefferson Parish.

1

The Court instructed counsel to arrive to chambers at **8:00 a.m. on Monday, August 12th** to discuss any outstanding matters prior to the beginning of trial.

As a preliminary matter, Mr. Mike Futrell, counsel for Defendant Jefferson Parish, and Mr. John Baay, counsel for Defendant Aptim Corporation, advised the Court they are lead counsel for Defendants Jefferson Parish and Aptim, respectively. The Court instructed them to enroll as lead counsel.

The Court first discussed the status of jury selection in anticipation of trial. The Court advised the parties the list of potential jurors has been checked to confirm that no potential juror is a plaintiff in the *Addison* matter or a named plaintiff in the class action. The Court advised the parties that, on the morning of trial, the parties will be provided a list of the jury venire. Those potential jurors who resided in Jefferson Parish between the years 2016 to present will fill out a form listing their addresses during that time.

The forms filled out by jurors who have lived in Jefferson Parish will be scanned and emailed to the parties. Two attorneys for the Defendants, Katrina Krebs and Katelyn Ciolino, and one attorney for the Plaintiffs, will arrive at chambers **before 8:00 a.m.** to check whether any potential juror has lived within the areas described in the class action. The Plaintiffs agreed to provide the Court on **Monday, August 5th** with the name of one attorney who will perform address checks on their behalf**.** The parties agreed that the Court will not exclude from the jury individuals who only resided in Jefferson Parish from 2020 to the present. After potential class members have been excluded, the Court will request **thirty-five (35)** potential jurors be sent to the courtroom for voir dire.

The Court advised the parties regarding voir dire procedure. The Court will question jurors who have seen or heard pretrial publicity at side bar to determine

whether they may serve as impartial jurors. The Defendants will designate one attorney per Defendant, and the Plaintiffs will be allowed two attorneys, to stand sidebar while each juror is questioned. The Court will permit attorneys to request that jurors be struck for cause based on their exposure to pretrial publicity at this time.

The Court discussed the Joint Proposed Jury Instructions and the Joint Proposed Jury Verdict Forms. The parties advised the Court as to the major differences amongst the Proposed Jury Verdict Forms. First, The Defendants want thirteen separate Jury Verdict forms, one for each Trial Plaintiff, whereas the Plaintiffs want one combined Jury Verdict form. Second, the Defendants want to combine the nuisance claims and the negligence claims, which they represent both require a finding that a Defendant failed to exercise reasonable care, whereas the Plaintiffs want to separate the claims. Defendant Jefferson Parish advised the Court it seeks to include on the jury verdict form a question based on Louisiana Revised Statute 9:2800 as to foreseeability, duty, and whether any problem was remedied in a reasonable time. As to the Proposed Jury Instructions, the parties advised the Court generally of the disagreements as to individual charges.

The Court reminded the Plaintiffs to inform the Defendants who they will call on the first two days of trial by close of business on **Saturday, August 10th.**

The Court informed the parties that Dr. Susan Schiffman will be permitted to testify virtually at trial due to her worsened health complications. The Plaintiffs are to coordinate with the Court's Case Manager, Mr. Brad Newell, to set up a Zoom link for the day she will testify. The Court noted the Defendants' objection.

The Court discussed the status of the Ruane stipulation, to which the parties have no objections. The Court will admit the Ruane Stipulation into evidence as a Court exhibit and provide it to the jury.

During trial, the Court will only allow the admission of exhibits with respect to which a witness testifies.

The Court reminded the Defendants to compile a flash drive with all of the admitted exhibits which must be supplied to the jury as soon as it begins deliberating.

The Court instructed the Defendants that Dr. Kind, a toxicologist, and Dr. Lutz, an internal medicine physician, will not be permitted to opine generally on common injuries, such as headaches and nausea. Their testimony must be related to the specific medical history and injuries of a particular Trial Plaintiff. The Court reminded the parties the testimony of Drs. Lutz and Kind should not be cumulative. The Defendants represented that Drs. Lutz and Kind will not provide cumulative testimony.

The Court reminded the parties to submit any revised exhibits relevant to the testimony of Dr. Zannetti and Dr. Kind. With respect to defense expert Dr. Zannetti, whose testimony the Court ruled on at Record Document 705, on or before **August 12, 2024,** Defendants may provide to all parties revised depictions of air modeling that do not include the Highway 90 Landfill**.** With respect to defense expert Dr. Kind, whose testimony the Court ruled on at Record Document 711, on or before **August 12, 2024,** Defendants may provide to all counsel revised depictions showing the percentages of time residences which are downwind from the Jefferson Parish Landfill.

The Court discussed the parties' deposition designations. The Court instructed the parties to provide the Court with a printed copy of Mr. Jeff Palutis's testimony.

4

With respect to the depositions of Mr. Brian DeJean in his capacity as a corporate representative for both the Highway 90 and River Birch Landfills, the Court advised the parties that, because Mr. DeJean is not the representative of a "party" in this matter, his deposition may be used only if he is unavailable pursuant to Code of Evidence Rule 804. The Parties informed the Court that Mr. Dejean is within the subpoena power of the Court. The Court advised the parties she will not rule on deposition designation objections with respect to Mr. DeJean's depositions because she anticipates he will testify live. Mr. Dejean's depositions may only be used for impeachment purposes at trial.

The Court reminded the parties to edit any depositions the parties seek to introduce at trial so that they are free of counsels' objections and argument. Additionally, the parties are to ensure that each party's designations are included in the edited versions.

Counsel for Plaintiffs informed the Court that the Gremillion Plaintiffs' minor children, A.G. and B.G., will be attending school during the trial. Plaintiffs requested leave to permit the testimony of A.G. and B.G. by deposition, and Plaintiffs informed the Court that Defendants do not object. The parties are to provide the Court the deposition designations for minor children A.G. and B.G. and any objections thereto by **Friday, August 9th, 2024 at 5:00 p.m.**

The Court addressed the objections to two depositions in their entirety. At Record Document 687, Defendant Aptim objected to the admissibility of the deposition of its 30(b)(6) representative, Josh Broggi.[1] At Record Document 689, Defendant Jefferson Parish's objected to the admissibility of the deposition of its 30(b)(6) representative, Mark Drewes.[2] The Waste Connections Defendants and Plaintiffs ask the Court to

---

[1] R. Doc. 687.
[2] R. Doc. 689.

5

overrule the objections. The Court **OVERRULES** both Aptim's objection to the introduction of Josh Broggi's deposition and Jefferson Parish's objection to the introduction Mark Drewes' deposition. Rule 32(a)(3) permits these depositions to be introduced when offered by an adverse party, regardless of the party's availability to testify at trial.

Defendant Aptim informed the Court that the parties have discussed Waste Connections narrowing of its deposition designations and providing the parties with a revised version of Mr. Broggi's deposition designations. The Court instructed the Waste Connections Defendants to send the revised version of their designations to all the parties as soon as possible.

The Court discussed the parties' objections to exhibits.

At Record Document 686, Defendant Aptim objects to two Exhibits: Exhibit 652, which is a document entitled "Request for Proposal to Provide Jefferson Parish Sanitary Landfill Gas Collection and Control System Operation and Maintenance Services," dated August 21, 2015, and Exhibit 820, which is a document entitled "Jefferson Parish Sanitary Landfill Gas Collection and Control System Operation and Maintenance Services Technical Proposal," dated September 2015.[3] Defendants Waste Connections, Jefferson Parish, and Plaintiffs ask the Court to overrule the objections.[4] Upon review of the exhibits and the Contract between Aptim and Jefferson Parish, the Court **OVERRULES** Defendant Aptim's objections. The Court finds the Request for Proposal and the Proposal are relevant to the scope of the contract document between Jefferson Parish and Aptim and to the parties' responsibilities in operating the Landfill. Separate

---

[3] R. Doc. 686.
[4] R. Doc. 700; R. Doc. 706; R. Doc. 710.

6

documents may be incorporated into a contract by attachment or reference thereto. *Arthur J. Gallagher & Co. v. Babcock*, 703 F.3d 284, 289 (5th Cir. 2012). Exhibits 652 and 820 are admissible at trial so long as a witness testifies with respect to them.

The Court discussed the Plaintiffs' objections at Record Document 696. Plaintiffs object to a total of 1,241 exhibits.[5] Plaintiffs object to nine categories of documents within these exhibits. At Record Document 708, the Waste Connections Defendants asked the Court to overrule or defer Plaintiffs' blanket objections and argue that Plaintiffs fail to provide the Court with reasoning as to why individual exhibits are inadmissible.[6] Waste Connections assert these objections are more appropriately raised during trial when they can be resolved in context.

With respect to Plaintiffs' objections to medical records, listed at Record Document 696-1,[7] the Court **OVERRULES** the objection insofar as Dr. Lutz, Dr. Kind, or another expert will be allowed to testify that they reviewed the 41,000 pages of the Plaintiffs' medical records and that they saw no mention of odors, but it is not necessary for all these medical records to be entered into evidence for an expert to do this, and the records will not be admitted in toto. With respect to individual Plaintiffs, and their medical records that may be relevant to alternative causes of their symptoms, those records may be admitted into evidence on a plaintiff-by-plaintiff basis. At the conclusion of trial, the Court will issue its standard order instructing the parties to redact sensitive information from exhibits filed into the record. The Court **DEFERS** ruling on the remainder of the objection.

---

[5] R. Doc. 696.
[6] R. Doc. 708.
[7] R. Doc. 696-1.

With respect to Plaintiffs' objections to third-party declarations contained within Exhibit 3233, the Court **SUSTAINS** the objection and excludes the affidavits in Exhibit 3233. In the July 26, 2024 Minute Entry at Record Document 702,[8] the Court granted the motion in limine filed at Record Document 663[9] and held testimony from or about other individuals who are not Trial plaintiffs will not be allowed, with the exception of one witness from the ballfield and one witness who is the president of Paradise Manor Country Club. Those witnesses will be allowed to testify as to when and how often they were at the ballfield or the swim club and whether they smelled odors.

With respect to Plaintiffs' objections to scholarly papers, listed at Record Document 696-2,[10] the Court **SUSTAINS** the objection to this extent: Each defense expert must identify any scholarly paper(s) which he or she intends to discuss in direct testimony and inform all counsel at least two days before the expert testifies. This ruling does not apply to scholarly papers the parties seek to use for impeachment purposes.

With respect to Plaintiffs' objections to government agency and association documents, listed at Record Document 696-3,[11] the Court **SUSTAINS** the objections to this extent: each defense expert must identify any government agency and association documents which he or she intends to discuss in direct testimony and inform all counsel at least two days before the expert testifies. This ruling does not apply to government agency and association documents used for impeachment.

With respect to Plaintiffs' objections to documents that pre-date and post-date the Relevant Time Period between July 1, 2017 and December 31, 2019, listed at Record

---

[8] R. Doc. 702.
[9] R. Doc. 663.
[10] R. Doc. 696-2.
[11] R. Doc. 696-3.

8

Document 696-4 and 696-5,[12] the Court **DEFERS** ruling on the Plaintiffs' objections until trial.

With respect to Plaintiffs' objections to documents relating to other sources of odors, listed at Record Document 696-6,[13] the Court already has excluded alternate sources testimony from experts Corn, Kind, and Zanetti pertaining to Highway 90 and sources other than the River Birch landfill. The Court **SUSTAINS** Plaintiffs' objections to the extent the Defendants wish to use these documents to show these excluded alternate sources caused the Trial Plaintiffs' injuries. The Court **DEFERS** the Plaintiffs' objections until trial to the extent the Defendants attempt to use any of these documents in another context.

The Waste Connections Defendants noted they sought to introduce evidence of odors from other sources and to have witnesses testify to this evidence, such as through the testimony of LDEQ officials. The Plaintiffs informed the Court they do not object to the Defendants questioning LDEQ witnesses about other emissions sources mentioned in LDEQ reports. Defendants may not introduce additional evidence regarding the Highway 90 Landfill through questioning an LDEQ witness.

With respect to Plaintiffs' objections relating to the Paradise Manor Country Club, listed at Record Document 696-7,[14] the Court **SUSTAINS** Plaintiffs' objections except to the extent there are any documents relating to the Paradise Manor President's presence at the swim club or whether he smelled any odors when he was there. The Court previously addressed the admissibility of evidence regarding Paradise Manor Country Club in its July 26, 2024 Minute Entry at Record Document 702, ruling on

---

[12] R. Doc. 696-4; R. Doc. 696-5.
[13] R. Doc. 696-6.
[14] R. Doc. 696-7.

Plaintiffs' Omnibus Motions in Limine at Record Document 669. There, the Court granted Plaintiffs' motion to exclude evidence of sales or other financial information from Paradise Manor Country Club.[15] The Court will allow the President of Paradise Manor Country Club to testify with respect to his frequent presence at the swim club during the relevant time period and whether or not he smelled the odors from the landfill when he was there. The Court advised the parties that these limits also apply to Defendants' witness from the baseball field: he or she will only be permitted to testify regarding presence at the baseball field during the relevant time period and whether odors were smelled. Unless documents relate to these topics, they will be excluded.

With respect to Plaintiffs' miscellaneous objections, such as to construction documents, drawings and plans, confidential records of a company owned by one of the Plaintiffs, and other bulk exhibits, listed at Record Document 696-8,[16] the Court **DEFERS** ruling on the Plaintiffs' objections until trial.

The Court discussed voir dire with the parties. The Plaintiffs and Defendants, other than Defendant Jefferson Parish, which has already submitted its proposed voir dire questions, may submit additional proposed questions on or before **Tuesday, August 6th, 2024.** The Court reminded the parties that the Plaintiffs have six peremptory challenges and each Defendant has two peremptory challenges.

The Court discussed plans for how the parties may proffer evidence during trial. The Court advised the parties all parties may be present and allowed to ask questions during the proffer. The Court agreed with the parties as to the efficiency of proffering while the jury is deliberating.

---

[15] R. Doc. 702.
[16] R. Doc. 696-8.

The Court discussed the procedures for jury deliberations. The jury will receive copies of the exhibits actually introduced during trial on a flash drive. The parties shall provide the Court with a cell phone number where they can be reached in the event there are juror questions during deliberations.

The Court granted the parties' request to extend the deadline to exchange demonstrative exhibits to be used during opening and objections thereto. The parties are to exchange demonstrative exhibits to be used during opening by **Thursday, August 8th, 2024, at 5:00 p.m.** The parties are to submit objections to these exhibits by **Friday, August 9th, 2024 at 5:00 p.m.** During trial, the parties are to provide all counsel with demonstratives not listed as exhibits at least **24 hours** in advance of the witness taking the stand.

The parties were reminded to meet this **Friday, August 9th at 9:30 a.m.** in Judge Morgan's courtroom for the technology overview with Case Manager Brad Newell. Mr. Newell reminded the parties to come prepared with all technology they plan to use at trial and a plan as to their seating arrangements. The parties may bring trial materials on Friday to store in the courtroom over the weekend in preparation for Monday. Mr. Newell instructed the parties that any IT or technology consultants who will be handling exhibits during trial should come to the technology overview on Friday. Mr. Newell discussed the courtroom setup with the parties.

The Court reminded the parties that while they are allowed to have technology such as cell phones and laptops in the courtroom, the parties must only use these devices for trial-related purposes and note-taking. The parties shall otherwise keep cell phones turned off during trial. The parties will be able to bring water bottles into the court room during trial, but coffee is not permitted.

The Jurors will be permitted to take notes during trial. Jurors will be provided with a copy of the jury instructions at the end of the trial. During trial, the Court instructed the parties to come to court at 8:30 a.m., prior to the jury's arrival so that any issues that arise may be discussed. Trial will begin with the jury daily around **9:00 a.m.** There will be two fifteen (15) minute breaks, one in the morning and one in the afternoon. The parties shall be prepared for trial to go until **5:00-5:30 p.m.** each day.

The Court reminded the parties that they should be prepared for opening statements around **12:30 or 1:00 p.m.** on **Monday, August 12th.** The Plaintiffs shall be prepared to call their first witnesses in the afternoon on **Monday, August 12th.**

New Orleans, Louisiana, this 6th day of August, 2024.

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

JS10 (1:55)