## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FREDERICK ADDISON, ET AL.,** **Plaintiffs** | **CIVIL ACTION** |
| | **NO. 19-11133, c/w 19-14512** |
| **VERSUS** | **SECTION: "E" (5)** |
| **LOUISIANA REGIONAL LANDFILL COMPANY, ET AL.,** **Defendants** | **JUDGE: Morgan** **MAGISTRATE JUDGE: North** |
| *Applies to: Both Cases* | |

## MEMORANDUM IN SUPPORT OF WASTE CONNECTIONS DEFENDANTS' OBJECTIONS TO CERTAIN VISUAL AIDS TO BE USED DURING PLAINTIFFS' OPENING STATEMENT

**INTRODUCTION**

The Waste Connections Defendants[1] submit this memorandum pursuant to the Thirteenth Case Management Order (R. Doc. 498) and July 3, 2024 Minute Entry (R. Doc. 643) in support of their objections to certain demonstratives and other visual aids identified by Plaintiffs to be used during their opening statement. Certain of Plaintiffs' visual aids should not be shown to the jury because they are factually wrong and will not be supported by the trial evidence, will confuse the jury, are overly argumentative for an opening statement and thus are more prejudicial than probative, and constitute inadmissible hearsay.

**ARGUMENT**

**I.  Certain definitions that Plaintiffs intend to show the jury are inaccurate and prejudicial, and will not be supported by the trial evidence.**

Plaintiffs have provided a list of definitions that they intend to show the jury during their opening statement. Ex. 1. The following definitions are objectionable because they are contradicted by facts, will not be supported by the trial evidence, will confuse the jury, and are highly prejudicial:

- River Birch: Plaintiffs define "River Birch" as "landfill on south side of JPLF." *Id.* In fact, the River Birch Landfill is located to the northwest of the Jefferson Parish Landfill, as shown in other demonstratives that Plaintiffs intend to use during their opening statement. Ex. 2. This definition is inaccurate and will confuse the jury as to the location of the River Birch Landfill.

- Hydrogen sulfide: Plaintiffs define "hydrogen sulfide" as "bad gas." Ex. 1. This loaded definition is misleading, argumentative, and highly prejudicial because it implies that hydrogen sulfide is a harmful gas regardless of the concentration. The Fifth Circuit has

---

[1] "The Waste Connections Defendants" refers to Defendants Louisiana Regional Landfill Company, Waste Connections Bayou, Inc., and Waste Connections US, Inc.

repeatedly recognized that the dose makes the poison,[2] and Plaintiffs should not be allowed to suggest that hydrogen sulfide is dangerous at any dosage.

- <u>Waste Connections</u>: While the Court has deferred ruling on whether Plaintiffs will be allowed to colloquially refer to Defendants Louisiana Regional Landfill Company, Waste Connections Bayou, Inc., and Waste Connections US, Inc. as "Waste Connections," certainly Plaintiffs should not be allowed to "define" Waste Connections as being one company. Plaintiffs impermissibly seek to provide a "definition" to the jury during their opening statement that defines "Waste Connections" as "company that acquired IESI." Ex. 1. The Waste Connections Defendants are three distinct legal entities. There is no legal entity named "Waste Connections," and the three Defendants have at all relevant times adhered to the corporate formalities required by law. Any attempt by Plaintiffs to represent to the jury that the Defendants are one entity known as "Waste Connections" would be false and misleading and would violate the Waste Connections Defendants' due process rights to a fair trial, particularly when presented in the form of a "definition."

The Court should not permit Plaintiffs to show these definitions to the jury.[3]

## II. Plaintiffs should not be permitted to show the jury excerpts from a third party's presentation as it is hearsay evidence and offers impermissible expert opinion.

During their opening statement, Plaintiffs intend to show the jury excerpts from Trial Exhibit 4133—an email chain with Joe Laubenstein, who worked in marketing and sales at the time, and portions of a PowerPoint presentation from a third party who is not a witness in this case. Ex. 3. The Court has already sustained objections to the deposition designations of Mr. Laubenstein on this topic, including Plaintiffs' introduction of this exhibit during Mr. Laubenstein's deposition.[4]

---

[2] *See Allen v. Pennsylvania Eng'g Corp.*, 102 F.3d 194, 198-99 (5th Cir. 1996) (to establish specific causation, a plaintiff must provide proof that he or she was exposed to quantities known to cause the plaintiff's particular disease).

[3] *See, e.g.*, *McCune v. Graco Children's Products, Inc.*, 495 F. App'x 535, 540 (5th Cir. 2012) (a "district court may . . . exclude demonstrative evidence if the danger of unfair prejudice or confusion posed by the evidence substantially outweighs its probative value" (citation omitted)); *Shipp v. General Motors Corp.*, 750 F.2d 418, 427-28 (5th Cir. 1985) (affirming a district court's decision to exclude demonstrative evidence "after balancing [the evidence]'s acknowledged relevance against the danger its admission would mislead, confuse, or prejudice the jury").

[4] R. Doc. 725 (sustaining objections to the following deposition designations: 129:1-12; 130:1-132:2; 133:20-25; 134:9-138:17; 144:1-145:22; 146:5-147:25; 149:22-150:5). Plaintiffs are seeking partial reconsideration of this order. R. Doc. 725. The Waste Connections Defendants' opposition to that motion

Consistent with that ruling, Plaintiffs should not be permitted to use these exhibit excerpts because they constitute hearsay and offer impermissible expert opinions from a non-witness.

Mr. Laubenstein received the presentation from an acquaintance at Tetra Tech, Don Grahlherr, whom he met at a conference and thought could provide sales opportunities.[5] This presentation is classic hearsay, as it is an out-of-court statement offered for the truth of the matter asserted.[6] Plaintiffs have argued that the presentation should be considered a statement by an opposing party under Federal Rule of Evidence 801(d)(2)(C).[7] However, even if part of the email arguably falls within a hearsay exception, the mere fact that Mr. Laubenstein obtained the presentation from an external party and forwarded it to Brett O'Connor does not demonstrate that he adopted the third-party's statements (in the email or the attached presentation) or that he has authority to speak on the subject matter on behalf of any of the Defendants. That Mr. Laubenstein was in marketing and sales and worked with coal burning power plants does not change the hearsay nature of the third-party's PowerPoint presentation.[8] The presentation therefore does not qualify as "not hearsay" under Federal Rule of Evidence 801.[9]

---

for reconsideration further describes the bases for their objections to Plaintiffs' use of excerpts from Trial Exhibit 4133 during Plaintiffs' opening statement.

[5] Ex. 4, Laubenstein Tr. 130:1-8, 132:20-133:5.

[6] Fed. R. Evid. 801(c); *Adams v. Eagle, Inc.*, No. 21-cv-694, 2022 WL 3903642, at *1 (E.D. La. Aug. 30, 2022) (Morgan, J.) (testimony excluded as inadmissible hearsay).

[7] R. Doc. 725. Federal Rule of Evidence 801 excludes statements "offered against an opposing party" that "was made by a person *whom the party authorized to make a statement on the subject*." Fed. R. Evid. 801(d)(2)(C) (emphasis added).

[8] Ex. 4, Laubenstein Tr. 13:21-14:21, 17:11-18:15, 133:2-5.

[9] Fed. R. Evid. 801(d)(2) ("The statement must be considered but does not by itself establish the declarant's authority under (C)."); *see also Thomas v. Atmos Energy Corp.*, 223 Fed. App'x 369, 374 (5th Cir. 2007) (evidence was inadmissible hearsay absent evidence of an employee's authority to speak); *Villarreal v. Family Dollar Stores of Texas, LLC*, 2018 WL 3586575, at *1 (S.D. Tex. Mar. 13, 2018) (evidence not

Compounding the issues with Plaintiffs' proposed visual aid, the excerpted presentation purportedly offers expert opinion about coal combustion residuals by a third party without any indicia of reliability. The author Mr. Grahlherr is not an expert or fact witness in this case, and he worked for third party Tetra Tech. The parties will not have the ability to question Mr. Grahlherr as to his credentials or other qualifications to make the statements in the presentation or as to the foundation for the statements he makes in it. The presentation is not a business record of regularly conducted activity under Federal Rule of Evidence 803(6), which does not allow a party to sneak in expert testimony without any proof of the expert's qualifications, methodology, or any other indicia of reliability. Reinforcing the need for this questioning, Mr. Grahlherr's email attaching the presentation states that he was "reworking" the presentation by adding information and making other unknown edits. Ex. 3. Plaintiffs thus should not be permitted to show this visual aid to the jury.

### III. The timeline that Plaintiffs intend to use during their opening statement contains factual inaccuracies and inadmissible hearsay.

Plaintiffs have prepared a timeline that they intend to show the jury during their opening. Ex. 5. This visual aid is objectionable on two grounds: (i) it generally refers to "Waste Connections" as the entity that contracted with Jefferson Parish, and (ii) it offers hearsay evidence about odor complaints made by unknown individuals.

As discussed above, there is no legal entity named "Waste Connections." *See supra* Section I. It would be prejudicial, false, and misleading to allow Plaintiffs to represent to the jury that the three Defendants are a single entity that contracted with the Parish in this visual aid. *Id.*

---

statement of party opponent because there was no showing that employee was authorized to speak on behalf of defendant).

Plaintiffs also should not be permitted to show a timeline of odor complaints to the jury, as these complaints are classic hearsay.[10] The odor complaints are out-of-court statements made to an unknown source by individuals who are not testifying at trial.[11] Further, Plaintiffs seek to offer them for the truth of the matter asserted—that odors were present in Jefferson Parish—making them hearsay.

No hearsay exception applies to the odor complaints. For the odor complaints to be admissible under a hearsay exception, Plaintiffs must show that an exception applies to both the logs of the odor complaints and the odor complaints themselves. Even if odor complaint logs were a business record, they thus cannot be admitted as evidence of odors because the complaints summarized in them are still hearsay (i.e., an exception does not apply to the complaints themselves).[12] Plaintiffs thus should not be permitted to show this hearsay evidence to the jury during opening statement.

## CONCLUSION

Certain visual aids that Plaintiffs intend to use during their opening statement suffer from numerous evidentiary defects, and the Waste Connections Defendants request that the Court not permit Plaintiffs to use these objectionable visual aids.

---

[10] Fed. R. Evid. 801(c); *see Greater New Orleans Fair Housing Action Ctr. v. Kelly*, No. 18-8177, 2020 WL 4875474, at *2 (E.D. La. Jan. 21, 2020) (declaration describing social media posts was hearsay); *Williams v. Remington Arms Co., Inc.*, No. 05-cv-1383, 2008 WL 222496, at *9 (N.D. Tex. Jan. 28, 2008) (customer complaints, offered to prove the truth of the matters asserted in the complaint, are hearsay).

[11] Plaintiffs' timeline does not identify to what entity, if any, the odor complaints were made.

[12] *Williams*, 2008 WL 222496, at *9-10 (for business record exception to apply to complaints, plaintiff must establish that the supplier of the information in the records *and* the employee summarizing the complaint were acting in the course of a regularly conducted business activity).

Respectfully submitted,

LISKOW & LEWIS, APLC

By:   _/s/ Michael C. Mims_____
        Michael Cash (#31655)
        Cherrell Simms Taplin (#28227)
        Michael C. Mims (#33991)
        Kelly B. Becker (#27375)
        Kathryn Z. Gonski (#33442)
        Brady M. Hadden (#37708)
        Alec Andrade (#38659)
        701 Poydras Street, Suite 5000
        New Orleans, Louisiana  70139
        (504) 581-7979

        BEVERIDGE & DIAMOND, P.C.

        Megan R. Brillault (*pro hac vice*)
        Michael G. Murphy (*pro hac vice*)
        John H. Paul (*pro hac vice*)
        Katelyn E. Ciolino (*pro hac vice*)
        Katrina M. Krebs (*pro hac vice*)
        825 Third Avenue, 16th Floor
        New York, NY 10022
        (212) 702-5400

        James B. Slaughter (*pro hac vice*)
        1900 N Street, NW, Suite 100
        Washington, DC 20036
        (202) 789-6000

        Michael F. Vitris (*pro hac vice*)
        400 W. 15th Street, Suite 1410
        Austin, TX 78701
        (512) 391-8035

        *Counsel for Defendants Louisiana Regional Landfill Company, Waste Connections Bayou, Inc., and Waste Connections US, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing was electronically filed on August 9, 2024. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Michael C. Mims*
OF COUNSEL
