## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FREDERICK ADDISON, ET AL.,**<br>    **Plaintiffs** | **CIVIL ACTION** |
| | **NO. 19-11133, c/w 19-14512** |
| **VERSUS** | **SECTION: "E" (5)** |
| **LOUISIANA REGIONAL LANDFILL**<br>**COMPANY, ET AL.,**<br>    **Defendants** | |
| | **JUDGE: Morgan**<br>**MAGISTRATE JUDGE: North** |
| *Applies to: All Cases* | |

### JOINT PRE-TRIAL ORDER

NOW COME the parties in the above-entitled and enumerated causes of action who jointly submit the following First Pre-Trial Order in this matter, filed in accordance with the Thirteenth Case Management Order ("Thirteenth CMO"), dated February 15, 2024 (No. 19-cv-11133, ECF No. 498):

**I.  Date of Pre-Trial Conference:**

The pre-trial conference is set for Monday, July 1, 2024, at 2:00 pm Central Time (R. Doc. 261).

**II.  Appearance of Counsel identifying the party(s) represented:**

**A.  Counsel for the Trial Plaintiffs**

FORREST CRESSY & JAMES, LLC

Byron M. Forrest (La. Bar No. 35480)
Nicholas V. Cressy (La. Bar No. 35725)
S. Eliza James (La. Bar No. 35182) (trial counsel)
1222 Annunciation Street
New Orleans, Louisiana 70130
Tele:    (504) 605.0777
Fax:     (504) 322.3884
Email: byron@fcjlaw.com

nicholas@fcjlaw.com
eliza@fcjlaw.com

WHITEFORD, TAYLOR & PRESTON, L.L.P.

C. Allen Foster (Admitted Pro Hac Vice) (trial counsel)
Eric C. Rowe (Admitted Pro Hac Vice) (trial counsel)
Harry S. Johnson (Admitted Pro Hac Vice) (trial counsel)
James Jeffcoat (Admitted Pro Hac Vice) (trial counsel)

1800 M Street, NW, Suite 450N
Washington, DC 20036
Tele:   (202) 659.6800
Fax:    (202) 331.0573
Email: cafoster@whitefordlaw.com
       erowe@whitefordlaw.com
       hjohnson@whitefordlaw.com
       jjeffcoat@whitefordlaw.com

**B.  Attorneys for Defendants Louisiana Regional Landfill Company, Waste Connections Bayou, Inc., and Waste Connections US, Inc.**

LISKOW & LEWIS, APLC

Michael Cash  (#31655) (trial counsel)
Michael C. Mims (#33991) (trial counsel)
Cherrell Simms Taplin (#28227) (trial counsel)
Brady M. Hadden (#37708)
J. Hunter Curtis (#39150)
Alec Andrade (#38659)
701 Poydras Street, Suite 5000
New Orleans, LA 70139
Telephone: (504) 581-7979
Telefax: (504) 556-4108

BEVERIDGE & DIAMOND, P.C.

Megan R. Brillault (*pro hac vice*) (trial counsel)
Michael G. Murphy (*pro hac vice*)
John H. Paul (*pro hac vice*) (trial counsel)
Katelyn E. Ciolino (*pro hac vice*)
Katrina M. Krebs (*pro hac vice*)
825 Third Avenue, 16th Floor
New York, NY 10022
(212) 702-5400

2

James B. Slaughter (*pro hac vice*)
1900 N Street, NW, Suite 100
Washington, DC 20036
(202) 789-6000

Michael F. Vitris (*pro hac vice*) (trial counsel)
400 W. 15th St., Suite 1410
Austin, TX 78701
(512)-391-8035

**C. Attorneys for Defendant Jefferson Parish**

CONNICK AND CONNICK, LLC

William P. Connick (#14158)
Michael S. Futrell (#20819) (trial counsel)
Anya M. Jones (#36923)
Matthew D. Moghis (#33994) (trial counsel)
3421 N. Causeway Blvd., Suite 408
Metairie, Louisiana 70002
Telephone: (504) 681-6658
Facsimile: (504) 838-9903

**D. Attorneys for Defendant Aptim Corp.**

GIEGER, LABORDE & LAPEROUSE, L.L.C.

Ernest P. Gieger, Jr. (#6154)
John E. W. Baay (#22928) (trial counsel)
J. Michael DiGiglia (#24378)
Nicholas S. Bergeron (#37585) (trial counsel)
Gieger, Laborde & Laperouse, L.L.C.
Hancock Whitney Center
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139
Telephone: (504) 561-0400
Facsimile: (504) 561-1011

**III. Description of the Parties:**

**A. Plaintiffs**

The *Addison* Trial Plaintiffs are a subset of the *Addison* Plaintiffs selected by the Parties

that consists of six individual Plaintiffs and two Plaintiff Family Units whose claims will be tried

at the August 12, 2024, trial. The Addison Trial Plaintiffs are Stanley Meyers, Geneva Green, Jonathan Tate, Reshaun Richardson, Mary Ann Winningkoff, Andrew Section, Vernice Lewis, Tyrone Thompson, Terrance Thompson, Wendy Gremillion, Scott Gremillion, and the Gremillions' two minor children, A.G. and B.G. (the "Addison Trial Plaintiffs"). The Parties acknowledge that the Addison Trial plaintiffs are not intended to be bellwether plaintiffs under *In re Chevron U.S.A., Inc.*, 109 F.3d 1016 (5th Cir. 1997).

### B. Defendants

1)   Defendant Parish of Jefferson is a political subdivision of the State of Louisiana and the owner of the Jefferson Parish Landfill located at 5800 Highway 90 West, Avondale, Louisiana.

2)   Defendants Louisiana Regional Landfill Company, Waste Connections Bayou, Inc., and Waste Connections US, Inc., are affiliated companies. Defendant Louisiana Regional Landfill Company, f/k/a IESI LA Landfill Corporation, operated portions of the Jefferson Parish Landfill from May 2013 through December 31, 2020. These three defendants are referred to herein as the "Waste Connections Defendants."

3)   Defendant Aptim Corporation is a private company that operated and maintained the Jefferson Parish Landfill's gas collection and control system from July 1, 2017, until May 17, 2019.

### IV. Statement of Jurisdiction:

The Court determined that it has subject matter jurisdiction over this action under the Class Action Fairness Act (28 U.S.C. § 1332(d) *et seq.*), No. 19-cv-11133; ECF No. 48 (Aug. 9, 2019).

### V. A List and Description of any Motions Pending or Contemplated:

The following motions are currently pending:

**A. Plaintiffs' Pending Motion(s)**

The following Motions filed by the Plaintiffs have been briefed and submitted:

1. R.Doc. 542 -- Motion to Exclude Testimony of Dr. Pamela Dalton;

2. R.Doc. 545 -- Motion to Exclude Testimony of Michael Corn;

3. R.Doc. 546 -- Motion to Exclude Testimony of Joseph Gardemal;

4. R.Doc. 547 -- Motion to Exclude Testimony of Ali Hashimi;

5. R.Doc. 549 -- Motion to Exclude Testimony of Baldwin Justice;

6. R.Doc. 550 -- Motion to Exclude Testimony of Dr. John Kind;

7. R.Doc. 551 --  Motion to Exclude Testimony of Barry Kline;

8. R.Doc. 552 -- Motion to Exclude Testimony of Dr. Brobson Lutz;

9. R.Doc. 553 -- Motion to Exclude Evidence and Testimony Relating to "Other Sources"

10. R.Doc. 554 -- Motion to Exclude Testimony and Evidence of Topics Previously Decided in General Causation

11. R.Doc 555 -- Motion to Exclude Certain Evidence Relating to Dr. Susan Schiffman;

12. R.Doc. 557 – Motion to Exclude Certain Evidence re Dr. Michael Spodak;[1]

13. R.Doc. 558 -- Motion to Exclude Testimony of Matthew Stutz;

14. R.Doc. 559 -- Motion to Exclude Testimony of Dr. Paolo Zannetti.

**B. Plaintiffs' Contemplated Motions**

In addition to Motions specifically contemplated and assigned deadlines in the Thirteenth CMO, Plaintiffs contemplate that there may be motion practice regarding confidentiality designations made by the Waste Connections Defendants.

---

[1] Plaintiffs have not been served with an opposition to this Motion, and Defendants have advised the Plaintiffs that they do not oppose the motion.

### C.  Defendants' Pending Joint Motion(s)

    1.  Defendants' Joint Motion for Partial Summary Judgment to Dismiss Certain Claims for Lack of Evidence of General Causation (R. Doc. 561).

    2.  Defendants' Joint Motion for Partial Summary Judgment to Dismiss Plaintiffs' Traditional Negligence Claims Due to Lack of Evidence of Scope of the Duty (R. Doc. 560).

    3.  Defendants' Joint Motion in Limine to Exclude $H_2S$ Emissions Opinions of Plaintiffs' Expert Jose Sananes (R. Doc. 572).

    4.  Defendants' Joint Daubert Motion to Exclude Opinions of Plaintiffs' Expert Jose Sananes on Standards of Care (R. Doc. 565).

    5.  Defendants' Joint Motion to Exclude Opinion Testimony of Plaintiffs' Expert Dr. Susan Schiffman Pursuant to Federal Rule of Evidence 702 (R. Doc. 563).

    6.  Defendants' Joint Motion to Exclude Opinion Testimony of Plaintiffs' Expert Jason Schellhaas Pursuant to Federal Rule of Evidence 702 (R. Doc. 564).

    7.  Defendants' Motion in Limine to Limit the Testimony of Plaintiffs' Expert Robert DeLorenzo, M.D. (R. Doc. 562).

    8.  Defendants may file additional motions in limine to exclude certain documentary evidence and testimony pursuant to the deadlines set forth in the Thirteenth Case Management Order (R. Doc. 498).

### D.  Waste Connections Defendants' Pending Motion(s)

    1.  Motion to Uphold Expert Designation of Bishow Shaha, P.H.D (R. Doc. 444)

### E.  Defendant Jefferson Parish's Pending Motion(s)

    2.  Motion in Limine to Exclude Testimony of Ali Hashimi (R. Doc. 544).

    3.  Motion in Limine to Exclude Testimony of Barry Kline (R. Doc. 543).

### F.  Defendant Aptim's Pending Motion(s)

Aptim reserves the right to file Motions specifically contemplated and assigned deadlines in the Thirteenth CMO.

All parties reserve the right to file other evidentiary motions in limine within the deadlines established in the Thirteenth CMO (R. Doc. 498).

## VI. A Brief Summary of the Material Facts Claimed by Each Party:

### A. Plaintiffs

Beginning in October 2016 and continuing until July 2018, Jefferson Parish, as owner, and Waste Connections, as operator, allowed more than 23,000 tons of spent lime into the Jefferson Parish Landfill. A by-product of a flue-gas-desulfurization process, the spent lime contained large amounts of sulfates, commonly known as gypsum. The Parish and Waste Connections both knew, or should have known, that, due to the inability of the landfill systems to remove leachate from site, the presence of organic waste and other conditions, disposal of the spent lime into the Jefferson Parish Landfill would generate large amounts of hydrogen sulfide gas. When acceptance of the spent lime began, both the Parish and Waste Connections further knew that that there was no gas collection system yet installed in Phase 4A, and thus that hydrogen sulfide gas would be emitted into the neighboring communities. These emissions could have been prevented by the exercise of reasonable care, most particularly, by not accepting spent lime into the Landfill in the first place, and by proper installation, repair and maintenance of the leachate and gas collection systems, which Waste Connections and Jefferson Parish failed to do, with the result that the Plaintiffs were harmed by those emissions.

For its part, it was Aptim's obligation to operate and maintain the gas collection system, and it was Aptim's obligation to pump leachate out of the gas extraction wells, including those belatedly installed in Phase 4A. Nevertheless, even after some wells were installed in Phase 4A, the gas wells did not collect the gas due to Aptim's failure properly to operate and maintain them. As a result, noxious odors were allowed to escape from the Jefferson Parish Landfill and they migrated into the surrounding communities and reached the Plaintiffs' homes in concentrations

and frequencies sufficient to have profound adverse affects on the nearby residents, including each of the Trial Plaintiffs. Aptim knew, or should have known, that, due to its failure to remove leachate from the gas collection wells and the other conditions at the Landfill, noxious odors from the Landfill would be emitted into the neighboring communities. Aptim failed to perform its obligations or to use reasonable care in performing them, with the result that the noxious odors from the Landfill caused harm to the Plaintiffs.

Each of the Trial Plaintiffs has suffered damages as a result of the exposure to the noxious odors.

### B. Defendants' Joint Statement

The Jefferson Parish Landfill ("JPLF") is in a mixed industrial area. It is located immediately between two other landfills—the River Birch Landfill (and its accompanying high-BTU gas plant) and the Hwy 90 Construction & Demolition Debris ("C&D") Landfill—that are known to have emitted offsite odors, including odors attributed to hydrogen sulfide ($H_2S$), volatile organic compounds ("VOCs"), and other gases during the relevant time period. There are at least 15 other industrial and municipal odor sources throughout Jefferson Parish, including chemical manufacturing facilities, petroleum tank farms, wastewater treatment plants, and barge loading operations. Jefferson Parish is also surrounded by and heavily composed of wetlands and forested wetlands, which are known to emit hydrogen sulfide.

In 2017, odor complaints began to increase in various areas of Jefferson Parish. These areas primarily consisted of Waggaman and Avondale on the West Bank, and River Ridge and Harahan on the East Bank—all areas near numerous industrial facilities. Initially, the odor complaints varied in descriptions of the odor (e.g., rotten egg, chemical, petroleum, ammonia, sewage) and the facilities the complainants believed to be the source (e.g., one of three landfills, an ammonia

plant, wastewater treatment facilities, grain loading facilities, barge operations). The complaints continued to grow in number and peaked during the summer of 2018. This action was filed in state court on December 13, 2018 and later removed to federal court.

In 2018, the Parish hired a consultant to assess ways to improve the JPLF's operations and improve the collection of landfill gas for delivery to a gas-to-energy plant at the neighboring landfill. The consultant (Carlson Environmental Consultants) produced, and the Parish publicized, three reports. Carlson recommended improvements to and an upgrade of the gas system, which the Parish began implementing in 2019 and 2020.

Also in 2018, the Louisiana Department of Environmental Quality ("LDEQ") got involved, conducting frequent inspections of the JPLF and deploying its Mobile Air Monitoring Lab into the surrounding neighborhoods. LDEQ never found data to identify JPLF as the sole or primary source of the complained-of odors, and LDEQ's official documents do not reflect any such finding by LDEQ. In fact, LDEQ's official documents identify a list of known odor sources in the area, including the River Birch Landfill, which LDEQ specifically notes was generating odors detectable from the JPLF (in contrast, LDEQ never documented detection of JPLF odors travelling offsite). Evidence from citizens of Jefferson Parish further refutes the notion of widespread odor issues in Plaintiffs' neighborhoods during the relevant time period and impacts to quality of life.

It is true that LDEQ filed enforcement actions against Jefferson Parish for certain compliance issues found at JPLF in 2018, including assertions of insufficient daily cover. But these enforcement actions never alleged that JPLF was the cause of offsite odors, and never determined that any waste that had been received was inappropriate for disposal at JPLF.

The *Addison* Trial Plaintiffs will testify that they experienced odors and related symptoms starting in 2017 and largely resolving by the end of 2019. Multiple Trial Plaintiffs also complain

of near constant odors, seven days per week during the relevant time period. Wind data shows that the Trial Plaintiffs were only downwind of JPLF a tiny fraction of the time, and were much more frequently downwind of other odor sources, and many lived closer to other sources than to the JPLF. When wind was coming from the direction of the JPLF, any plume from the JPLF frequently overlapped with plumes from the adjacent River Birch and Hwy 90 C&D Landfills.

Air sampling data also does not support the Trial Plaintiffs' exposure claims. LDEQ conducted some limited air sampling, but LDEQ was not able to determine the source of odors based on the data. The few detections of elevated $H_2S$ that LDEQ collected were during limited periods, and were at times when either of the JPLF's landfill neighbors could have been the source. LDEQ's air sampling identified background concentration of 2–4 parts per billion of $H_2S$. Continuous air monitoring in Waggaman that started in 2020 showed that there is a general background concentration of one part per billion of $H_2S$. The Trial Plaintiffs never sampled for air quality or odors at their own properties or in their own neighborhoods.

The Trial Plaintiffs instead have offered air modeling that estimates exposures at the Trial Plaintiffs' homes. But the modeling relies on exaggerated estimates of how much $H_2S$ was generated by and emitted from the JPLF—and this emissions estimate was generated by experts who have never previously used such methodology and never worked in the landfill industry. The Trial Plaintiffs did not estimate or model emissions from the neighboring landfills. Defendants' modeling shows that all three landfills created potential impacts at a much lower frequency than the Trial Plaintiffs' experts predict, and it shows that the primary source of landfill odors was JPLF's neighbor—the Hwy 90 C&D Landfill—which receives much more gypsum and has nearly no odor controls. The Trial Plaintiffs did not in any way attempt to exclude these or any other

potential odor sources from their evaluation of potential impacts to the Trial Plaintiffs—a requirement of a valid causation analysis.

The Trial Plaintiffs' medical records further rebut their claims of suffering new or worsening symptoms from 2017–2019. None of the medical records support the notion that the Trial Plaintiffs were experiencing headaches, nausea, vomiting, etc. during the relevant time period, or if they were, it was due to preexisting conditions. The Trial Plaintiffs' own medical experts have conceded in deposition testimony that the only thing supporting the Trial Plaintiffs' alleged 2017–2019 symptoms is their self-serving 2023 testimony and statements given during medical examinations. The Trial Plaintiffs' experts concede that the medical records from the relevant time period do not corroborate the Trial Plaintiffs' claims; for example, in only one instance did a Trial Plaintiff tell a doctor that she experienced odors, describing them as "pet sulphate" [i.e., petroleum sulfate] odors. The Trial Plaintiffs also inflate the value of their alleged injuries.

Plaintiffs will be unable to meet their burden of establishing specific causation for each of the Trial Plaintiffs. The Trial Plaintiffs have no reliable evidence to support their claims that exposure to $H_2S$ emissions from the JPLF was the cause-in-fact of any of the injuries claimed in this litigation. They instead rely on circumstantial evidence cherry-picked to support their theory of the case, while arguing that the substantial evidence contravening their theory is inaccurate or negligible. The Trial Plaintiffs' claims of inconvenience from odors also do not support the large damages awards they seek. Defendants will show that once the weight of the evidence is considered, Plaintiffs have not met their burden of proof as to any of the Trial Plaintiffs.

### C.  Waste Connections Defendants

The Parish contracted with Defendant Louisiana Regional Landfill Company ("LRLC") to perform certain functions for the operation and maintenance of the JPLF.

### D.  Defendant Jefferson Parish

The Parish of Jefferson contracted with LRLC to operate the Landfill and contracted with Aptim to operate and maintain the landfill gas collection system.

### E.  Defendant Aptim

Aptim contracted with the Parish of Jefferson to operate and maintain the landfill gas collection system.

## VII.  A List of Uncontested Material Facts:

Plaintiffs contend that the Court's Findings and Conclusions on General Causation (R. Doc. 323) includes findings of fact that have been established for the purposes of this litigation. Plaintiffs have filed a motion in limine to preclude further litigation of these issues.  R. Doc. 554.

Defendants contend that that the Court's General Causation Order (R. Doc. 323) narrowly held that Plaintiffs proved by a preponderance of the evidence two distinct issues: (i) odors and gases were emitted by the JPLF during the relevant time period, including some emissions of $H_2S$ at an average concentration of 5 ppb over 30 minutes (the "Emission Holding"); and (ii) exposure to $H_2S$ at an average concentration of 5 ppb over 30 minutes is capable of causing headaches, nausea, vomiting, loss of appetite, sleep disruption, dizziness, fatigue, anxiety and worry, a decrease in quality of life, and loss of enjoyment or use of property in the general population (the "Capability Holding"). Defendants have opposed Plaintiffs' motion in limine. R. Doc. 598.

The Parties' joint list of uncontested material facts is set forth in Appendix A to this June 25, 2024 Joint Pretrial Order.

## VIII.  A List of Contested Issues of Fact:

The parties' respective lists of contested issues of fact are set forth in Appendix B.

## IX.  A List of Contested Issues of Law:

The parties' respective lists of contested issues of law are listed in Appendix C.

**X. A List of Exhibits Intended to be Introduced at Trial (except those that will be used solely for impeachment purposes), and identifying those that the parties will stipulate into evidence and those that will be offered without objections to foundation:**

Pursuant to the Thirteenth CMO, this is a merits trial of the first thirteen Addison Plaintiffs. The parties' decision not to advance certain evidentiary objections at this stage of the proceeding should not be considered a waiver of the same objections that might be asserted in a different context.

The Waste Connections Defendants note that they have included in the appended exhibit list many documents considered by expert witnesses, which are included because those experts may be cross-examined regarding any such documents. The parties are also working to further eliminate potential duplicate entries, narrow their respective lists of the exhibits intended to be introduced at trial, and to further agree upon exhibits, or portions thereof, that may be stipulated into evidence or admitted without objections to foundation, in advance of the July 26, 2024 deadline to submit the exhibits to the Court.

The Parties' joint exhibit list is Appendix D to this June 25, 2024 Joint Pretrial Order.

**XI. A List of Demonstrative Exhibits to be Used in opening statements or closing arguments:**

By agreement of the Parties, the exchange of lists of demonstrative exhibits will be postponed to a date closer to trial.

**XII. A Description of any Deposition Testimony to be Offered into Evidence (except testimony that will be used solely for impeachment purposes):**

    **A. By Plaintiffs:**

        1) Michael Lockwood

        2) Joseph Laubenstein

        3) Nick Collins

        4) Nikki Crews

5) Jeffrey Palutis

6) Matthew Crockett

7) Dr. Susan Schiffman (trial evidence deposition to be taken before trial begins)

8) Thomas Rappolt

9) James Walsh

10) Dr. Jeffrey Marshall (portions of testimony from General Causation phase)

11) Dr. Mark Yocke (portions of testimony from General Causation phase)

Plaintiffs reserve the right to designate the deposition testimony of any witness that becomes unavailable for trial and to cross-designate any portions of a party's Fed. R. Civ. Proc. Rule 30(b)(6) corporate representative deposition to the extent any portion is designated by another party. Plaintiffs may use the deposition testimony of any witness for impeachment or other purposes as allowed by the Court.

**B. By Waste Connections Defendants:**

1) Deposition of Jefferson Parish's Corporate Representative, Michael Lockwood, taken December 1, 2020 (transcript received)

2) Deposition of Jefferson Parish's Corporate Representative, Mark Drewes, taken May 11, 2023 (transcript received)

3) Deposition of Aptim's Corporate Representative, Joshua Broggi, taken November 11, 2020 (transcript received)

4) Deposition of Aptim's Corporate Representative, Joshua Broggi, taken May 19, 2023 (transcript received)

5) Deposition of River Birch LLC's Corporate Representative, Brian Dejean, taken January 15, 2024 (transcript received)

14

6)  Deposition of Hwy-90 LLC's Corporate Representative, Brian DeJean, taken January 15, 2024 (transcript received)

The Waste Connections Defendants reserve the right to designate the deposition testimony of any witness that becomes unavailable for trial and to cross-designate testimony, including but not limited to any portions of a party's Fed. R. Civ. Proc. Rule 30(b)(6) corporate representative deposition to the extent any portion is designated by another party. The Waste Connections Defendants may use the deposition testimony of any witness for impeachment or other purposes as allowed by the Court.

### C.  By Defendant Jefferson Parish

Jefferson Parish does not contemplate any such deposition testimony other than that which has been identified by other parties in this matter.  Jefferson Parish reserves its right to identify any additional depositions for use at trial for impeachment or if a witness is unavailable for trial.

### D.  By Defendant Aptim

1)  Deposition of Waste Connections' Corporate Representative, Brett O'Connor, taken November 20, 2020

2)  Deposition of Jefferson Parish's Corporate Representative, Michael Lockwood, taken December 1, 2020

3)  Deposition of Joseph "Rick" Buller, Jr., taken December 2, 2020

4)  Deposition of Aptim's Corporate Representative, Joshua Broggi, taken November 11, 2020

5)  Deposition of Aptim's Corporate Representative, Joshua Broggi, taken May 19, 2023

**XIII.  A List of Witnesses, identifying whether the witness will be appearing in person or by deposition testimony, except those witnesses that will be used solely for impeachment purposes:**

Witness lists were exchanged in accordance with the Federal Rules of Civil Procedure and prior court orders. Counsel certify that they have exchanged expert reports in accordance with the Federal Rules of Civil Procedure and prior court orders.

**A.  By Plaintiffs**

Plaintiffs reserve the right to call any witness designated by any of the Defendants. Plaintiffs reserve the right to supplement or amend this list. The following parties/witnesses will be called as witnesses and will appear in person:

1.  Jonathan Tate;

2.  Mary Ann Winningkoff;

3.  Reshaun Richardson;

4.  Wendy Gremillion;

5.  Scott Gremillion;

6.  A.G.;

7.  B.G.;

8.  Andrew Section;

9.  Stanley Meyers;

10. Vernice Lewis;

11. Tyrone Thompson;

12. Terrance Thompson;

13. Geneva Green;

14. Gerald Herbert;

15. Josh Broggi

16. Rick Buller;

17. Keith Conley;

18. Brett O'Connor;

19. Bruce Emley;

20. Dawn Thibodaux;

21. Chelsey Armstrong

22. Rickie Falgoust;

23. Rob Nielsen;

24. Dr. Chuck Carr Brown;

25. Wayne Desselle;

26. Michael Algero;

27. Louisiana Department of Environmental Quality Records Custodian (may)

28. Brian DeJean;

29. Kris Carlson

30. Dr. Joseph Kanter;

31. Jose Sananes;

32. Dr. Jaana Pietari;

33. James Lape;

34. Dr. Robert DeLorenzo;

35. Dr. Michael Spodak;

36. Jason Schellhaas;

37. Dr. Susan Schiffman (by deposition to be taken before trial);

Plaintiffs may call the following witnesses at trial. If called, the following individuals will appear in person:

1   John Perkey

2   Curtis "Lee" Adams;

3   Nelson Ambeau

4   Gerard Hebert;

5   Roberto Obando;

6   Kelly Sheasby;

7   Douglas Brown;

8   Richard Mayer;

9   Michael DeSoto;

10   Arita Bohanan;

11   Paul Johnston;

12   Clay Richardson;

13   James Gunter;

14   Holly Herman;

15   River Birch Records Custodian;

16   Dale Steib;

17   Vic Culpepper;

The following witnesses will appear by stipulation:

1   Chris Ruane

**B.  By Waste Connections Defendants**

The Waste Connections Defendants reserve the right to call any witness designated by any other party.  The Waste Connections Defendants reserve the right to supplement or amend this list. The following individuals will be called as witnesses by the Waste Connections Defendants and will appear in person:

1.   Michael Corn, P.E., BCEE

2.      Pamela Dalton, PhD, MPH

3.      John Kind, PhD, CIH, CSP

4.      Bishow Shaha, PhD, P.E.

5.      Baldwin Justice

6.      Matthew Stutz, P.E.

7.      Paolo Zannetti, QEP

8.      Ali Hashimi, P.E.

9.      Brobson Lutz, M.D.

10.     Joseph T. Gardemal III, CPA

The following witnesses may be called by the Waste Connections Defendants and if called will
appear in person:

11.     Chelsey Armstrong

12.     Nicolas Collins

13.     Brent Griffin

14.     Jeannette Johnson

15.     David Jones

16.     Brett O'Connor

17.     Matthew Crockett

18.     Robert Nielsen

19.     Jeff Palutis

20.     Rickie Falgoust

21.     Timothy Ponthieux

22.     Josh Broggi

23.     Scott Furlong

24.    Kathleen Beresh

25.    Brenda Kocur

26.    Dawn Thibodaux

27.    Wayne Deselle

28.    Holly Hermann

29.    Debra Breaux

30.    Terez Harris

31.    Michael Mullin

32.    Brian DeJean

33.    Vic Culpepper

34.    Michael P. Lockwood

35.    Michael Algero

36.    Curtis (Lee) Adams

37.    Douglas Brown

38.    Joe DeRousselle

39.    Ileanna Evens

40.    Jarrod Muller

41.    David Lofthus

42.    Renell Shelby

43.    Nathan Williams

44.    Rick Buller

45.    Kris Carlson

### C.  By Defendant Jefferson Parish

The following individuals will be called as witnesses by Jefferson Parish and will appear in person:

1. Joseph "Rick" Buller, Jr.;

2. Josh Broggi;

3. Keith Conley;

4. Mark Drewes

5. Brobson Lutz, M.D.;

6. Joseph T. Gardemal, III;

7. Michael Corn, CPA;

8. Baldwin Justice;

9. Pamela Dalton, Ph.D.;

10. John Kind, Ph.D.;

11. Matthew Stutz, P.E.;

12. Paolo Zannetti, Ph.D.

The following witnesses may be called by Jefferson Parish and if called will appear in person:

1. Brenda Kocur;

2. Brett O'Connor;

3. Brian DeJean;

4. Bruce Emley;

5. Chelsey Armstrong;

6. Chris Ruane;

7. Joseph Laubenstein;

8. Clay Richardson;

9. Clifford "Mark" Klym;

10. Dale L. Steib;

11. Dawn Thibodaux;

12. Douglas Brown;

13. Dr. Joseph Kanter;

14. Eric Hammerly;

15. Gerard Hebert;

16. Howard Buhler;

17. James Walsh;

18. John Perkey;

19. Jonathan E. Fourrier;

20. Kristofer Carlson;

21. Mario Bazile;

22. Matt Crockett;

23. Michael Algero;

24. Michael DeSoto;

25. Michael P. Lockwood;

26. Michael Yenni;

27. Nelson Ambeau;

28. Nick Collins;

29. Nikkie Crews;

30. Paul Burke;

31. Representative of the Jefferson Parish Recreation Department;

32. Richard Mayer;

33. Rickie Falgoust;

34. Rob Nielson;

35. Roberto Obando;

36. Scott Furlong;

37. Terez Harris;

38. Thom Czischke;

39. Thomas Rappolt;

40. Timothy Ponthieux;

41. Vic Culpepper;

42. Wayne Desselle;

43. Any and all experts who have issued reports or rendered opinions;

44. Any and all of Plaintiffs' treating physicians;

45. Any and all parties deposed in this matter;

46. Any and all witnesses identified in discovery;

47. Any and all witnesses listed or called by any other party;

48. Any and all witnesses necessary to rebut any testimony on behalf of Plaintiff or Plaintiff witnesses;

49. Any and all witnesses needed for impeachment purposes; and

50. Any and all witnesses needed to authenticate records, including, but not limited to medical records, photographs, and/or videos.

**D. By Defendant Aptim**

The following individuals will be called as witnesses by Aptim Corporation and will

appear in person:

1.   Michael Corn, P.E., BCEE

2.   John Kind, PhD, CIH, CSP

3.   Barry Kline, P.E.

4.   Baldwin Justice

6.   Matthew Stutz, P.E.

    7.      Paolo Zannetti, QEP

    8.      Brobson Lutz, M.D.

    10.     Josh Broggi

The following witnesses may be called by Aptim Corporation and that, if called will appear in person:

    1.      Brett O'Connor

    2.      Rickie Falgoust

    3.      Brian DeJean

    4.      Michael P. Lockwood

    5.      Joseph "Rick" Buller

## XIV.  A Statement of Whether the Case is a Jury or Non-Jury Case:

This matter is designated as a jury trial for the claims of the thirteen Trial Plaintiffs selected by the parties, whose claims will be initially tried, including: Plaintiffs Stanley Meyers, Geneva Green, Jonathan Tate, Reshaun Richardson, Mary Ann Winningkoff, Andrew Section, Vernice Lewis, Tyrone Thompson, Terrance Thompson, Wendy Gremillion, Scott Gremillion, and the Gremillions' two minor children.[2]

## XV.  A Statement of Other Matters that Might Expedite Disposition of the Matter:

### A.  Plaintiffs' Position

Plaintiffs believe that disposition of the pending Motions, especially as it relates to issues that Plaintiffs' state were previously decided in General Causation, together with resolution of the Charge that the Court will give regarding facts determined in General Causation, will help narrow

---

[2] *See* Thirteenth CMO at 1, n.2 (The parties acknowledge that the *Addison* Trial Plaintiffs are not intended to be bellwether plaintiffs under *In re Chevron U.S.A., Inc.,* 109 F.3d 1016 (5th Cir.1997)); *see also In re Parish,* 81 F.4th 403, 415 (5th Cir. 2023) ("[Fifth] circuit's caselaw would not allow plaintiffs to use any results in the preliminary *Addison* trial to preclude the defendants from litigating any issues in subsequent cases").

the scope of testimony and issues to be submitted to the jury during this trial. Plaintiffs object to the Waste Connections Defendants' suggestion (in the section C, below) that Defendants Waste Connections Bayou, Inc., and Waste Connections US, Inc., be dismissed from this action.  Any such dismissal should be sought by motion and no such motion has been filed.

### B.  Defendants' Position

Defendants believe that disposition of the joint Defendants' pending Motions, if granted, will narrow the scope of the issues to be submitted to the jury at trial and expedite disposition of the matter.

### C.  Waste Connections Defendants' Position

In addition to disposition of the joint Defendants' pending motions, the dismissal of Defendants Waste Connections Bayou, Inc. and Waste Connections US, Inc. who did not own, operate, design, or maintain the JPLF would further narrow the scope of the issues to be submitted to the jury at trial and expedite disposition of the matter.

## XVI.  The Date Trial Shall Commence:

Trial is set to commence Monday, August 12, 2024, at 9:00 am Central Time with the expected duration of 15 business days. Trial "on the clock" time will be split evenly between Plaintiffs and Defendants.

## XVII.  A Statement that the Pre-Trial Order Has Been Formulated After Conference:

The Parties met and conferred in formulating this Joint Pretrial Order.

## XVIII.  A Statement that Settlement Was Considered:

### A.  Plaintiffs' Position

The Parties have engaged in settlement negotiations in an effort to reach a negotiated resolution to this matter and the consolidated class action  *Ictech-Bendeck v. Waste Connections Bayou, Inc., et al.*, C.A. No. 18-7889.  The Parties have been unable to reach a settlement.

**B. Defendants' Position**

The parties engaged in private mediation held over the course of two days, May 15-16, 2024, which did not end in the settlement of any claims.

**New Orleans, Louisiana, this 10th day of August, 2024.**

[signatures to follow]

_____
**HON. SUSIE MORGAN, SECTION "E"**

Respectfully submitted,

FORREST CRESSY & JAMES, LLC

By:      /s/ S. Eliza James
Byron M. Forrest (La. Bar No. 35480)
Nicholas V. Cressy (La. Bar No. 35725)
S. Eliza James (La. Bar No. 35182)
1222 Annunciation Street
New Orleans, Louisiana 70130
Tele:(504) 605.0777
Fax: (504) 322.3884
Email: byron@fcjlaw.com

nicholas@fcjlaw.com
eliza@fcjlaw.com

WHITEFORD, TAYLOR & PRESTON, L.L.P.

By:      /s/ Eric C. Rowe
C. Allen Foster (Admitted Pro Hac Vice)
Eric C. Rowe (Admitted Pro Hac Vice)
Harry S. Johnson (Admitted Pro Hac Vice)
James Jeffcoat (Admitted Pro Hac Vice)
WHITEFORD, TAYLOR & PRESTON, L.L.P.
1800 M Street, NW, Suite 450N
Washington, DC 20036
Tele:   (202) 659.6800

26

Fax:     (202) 331.0573
Email: cafoster@whitefordlaw.com
        erowe@whitefordlaw.com
        hjohnson@whitefordlaw.com
        jjeffcoat@whitefordlaw.com
        mchilders@whitefordlaw.com

*Counsel For Addison Plaintiffs*


LISKOW & LEWIS, APLC

By: ____/s/ Michael C. Mims_____
Michael Cash  (#31655)
Michael C. Mims (#33991)
Cherrell Simms Taplin (#28227)
Brady M. Hadden (#37708)
J. Hunter Curtis (#39150)
Alex Andrade (#38659)
701 Poydras Street, Suite 5000
New Orleans, LA 70139
Telephone: (504) 581-7979
Telefax: (504) 556-4108

BEVERIDGE & DIAMOND, P.C.

Megan R. Brillault (*pro hac vice*)
Michael G. Murphy (*pro hac vice*)
John H. Paul (*pro hac vice*)
Katelyn E. Ciolino (*pro hac vice*)
Katrina M. Krebs (*pro hac vice*)
477 Madison Avenue, 15th Floor
New York, NY 10022
(212) 702-5400

James B. Slaughter (*pro hac vice*)
1350 I Street, N.W., Suite 700
Washington, DC 20005
(202) 789-6000

Michael F. Vitris (*pro hac vice*)
400 W. 15th St., Suite 1410
Austin, TX 78701
(512)-391-8035

27

*Counsel for Defendants Louisiana Regional Landfill Company, Waste Connections Bayou, Inc., and Waste Connections US, Inc.*

CONNICK AND CONNICK, LLC

By: ___/s/ William P. Connick_____
William P. Connick, La. Bar No. 14158
Michael S. Futrell, La. Bar. No. 20819
Anya M. Jones, La. Bar. No. 36923
Matthew D. Moghis, La. Bar. No. 33994
3421 N. Causeway Blvd., Suite 408
Metairie, Louisiana 70002
Telephone: (504) 681-6658
Facsimile: (504) 838-9903
E-mail: moghis@connicklaw.com

*Counsel for Defendant Jefferson Parish*

GIEGER, LABORDE & LAPEROUSE, L.L.C.

By: ___/s/ Michael DiGiglia_____
Ernest P. Gieger, Jr. (6154)
John E. W. Baay (22928)
J. Michael DiGiglia (24378)
Nicholas S. Bergeron (37585)
Hancock Whitney Center
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139
Telephone: (504) 561-0400
Facsimile: (504) 561-1011

*Attorneys for Defendant Aptim Corp.*