# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FREDERICK ADDISON, ET AL.,** | **CIVIL ACTION** |
| **PLAINTIFFS** | **NO. 19-11133, C/W 19-14512** |
| V. | **SECTION: "E" (5)** |
| **LOUISIANA REGIONAL LANDFILL COMPANY, ET AL.,** | |
| | **JUDGE: MORGAN** |
| **DEFENDANTS** | **MAGISTRATE JUDGE: NORTH** |
| *APPLIES TO: BOTH CASES* | |

### *EX PARTE* CONSENT MOTION TO ESTABLISH HIPAA-QUALIFIED PROTECTIVE ORDER AND INCORPORATED MEMORANDUM IN SUPPORT

In conjunction with the pending settlements of all remaining claims in this action between the Plaintiffs and each of the Defendants, it is necessary for the Plaintiffs to identify and resolve healthcare liens, if any, that may be imposed upon settlement funds payable to the settling Plaintiffs. To facilitate that process, the Plaintiffs have engaged Zipliens Companies LLC to serve as Lien Resolution Administrator and respectfully request that the Court enter a Qualified Protective Order permitting the Lien Resolution Administrator to exchange information with the healthcare entities involved.

Defendants do not oppose this Motion and consent to an *ex parte* filing.

Attached hereto as Exhibit A is a Proposed Order authorizing Governmental Payors,[1] Medicare Part C and Part D Program sponsors,[2] Federal Employee Health Benefit (FEHB) plans, other private health plans (whether insured or self-funded), payors, or providers, and other Covered Entities,[3] and any Business Associate[4] of one of the foregoing persons or entities (each, a "***Healthcare Entity***" or collectively, "***Healthcare Entities***") to exchange Protected Health Information[5] with the Parties and the Lien Resolution Administrator[6] in the performance of their duties and functions reconciling claims consistent with the Health Insurance Portability and Accountability Act of 1996 ("***HIPAA***"), as amended by the Health Information Technology for Economic and Clinical Health Act, and all applicable regulations issued by the Secretary of the United States Department of Health and Human Services.

In support of this Motion, Plaintiffs respectfully states as follows:

---

[1] "Governmental Payors" means any federal, state, or other governmental body, agency, department, plan, program, or entity that administers, funds, pays, contracts for, or provides medical items, services, and/or prescription drugs. These include the federal Medicare fee-for-service (Parts A and B) program administered by the Centers for Medicare and Medicaid Services ("CMS"), the Office of Financial Management, and its respective recovery contractors; the Medicaid programs (including Medicaid Managed Care Organizations/Plans) of each state and territory and of the District of Columbia, and their respective recovery contractors, including but not limited to, Health Management Systems; the U.S. Department of Veterans' Affairs, by and through its Office of General Counsel, and/or its Revenue Law Group; the Defense Health Agency (previously managed by TRICARE) and/or the respective Medical Cost Recovery Units of the Judge Advocate General's Corps for the Air Force, Army, Navy, and Coast Guard, respectively; and Indian Health Services.

[2] "Medicare Part C or Part D Program" means the program(s) under which Medicare Advantage, Medicare cost, and Medicare health care prepayment plan benefits and Medicare Part D prescription drug plan benefits are administered by private entities that contract with CMS.

[3] "Covered Entity" has the meaning set forth in 45 C.F.R. § 160.103.

[4] "Business Associate" has the meaning set forth in 45 C.F.R. § 160.103.

[5] "Protected Health Information" has the meaning set forth in 45 C.F.R. § 160.103.

[6] As defined below.

**FACTS AND BACKGROUND**

1. Each of the Defendants has agreed to settle this case by payment of a lump sum to the group of Plaintiffs as a whole, and the Plaintiffs have agreed among themselves to a Special Master arbitration proceeding to allocate the aggregate settlement amounts among them.

2. Under the settlement agreements with each of the Defendants, Plaintiffs are responsible for satisfying any healthcare liens related to the claims. By their nature, healthcare liens are not applicable uniformly across the universe of Plaintiffs, and many Plaintiffs may not be subject to such liens at all. The final amount of the settlement proceeds payable to each Plaintiff (i.e., the amount to which any healthcare lien would attach) will be determined by the Special Master.

3. The Lien Resolution Administrator has been engaged to assist in identify those Plaintiffs, if any, whose recovery is subject to healthcare liens and, for those whose recovery is subject to a lien, resolution of such liens.

4. The. Lien Resolution Administrator and Healthcare Entities must exchange Protected Health Information to complete perform these tasks, and this requires either (1) the consent of each Plaintiff, or, (2) as proposed here, an order from the Court authorizing the exchange of Protected Health Information.

5. To that end, this Motion seeks authorization from the Court permitting the Lien Resolution Administrator and Healthcare Entities to exchange Protected Heath Information of each Plaintiff for the exclusive purpose of facilitating the administration of healthcare liens, if any, that may be asserted against the settlement proceeds.

3. Plaintiffs request entry of the Proposed Order authorizing Zipliens Companies LLC (the "*Lien Resolution Administrator*"), as well as a limited number of other professionals, as detailed below, to receive and transmit information (including electronically) pertaining to Plaintiffs that is or may be protected and/or made confidential by HIPAA and its amendments.

6. The Lien Resolution Administrator has strong and established work flow procedures with each of these entities but they cannot be efficiently effectuated without the relief sought herein.

For example, the Lien Resolution Administrator's resolution of the liens asserted by the aforementioned entities against Plaintiffs requires the exchange of Protected Health Information with entities mentioned above. Under HIPAA,[7] a Covered Entity such as a Governmental Payor, Medicare Part C or Part D Program sponsor, or a private health plan or provider may not use or disclose Protected Health Information unless the use or disclosure is permitted by HIPAA. 45 C.F.R. § 164.502(a). One instance in which a Covered Entity is permitted to disclose protected health information is when it is presented with a valid authorization for the disclosure of that information. *Id.* § 164.502(a)(1)(iv). Another is when the disclosure is "required by law." *Id.* §§ 164.502(a)(1)(vi), 164.512(a). Specifically, the HIPAA regulations provide:

> (a) Standard: Uses and disclosures required by law.
>
> (1) A covered entity may use or disclose protected health information to the extent that such use or disclosure is required by law and the use or disclosure complies with and is limited to the relevant requirements of such law.
>
> (2) A covered entity must meet the requirements described in paragraph (c), (e), or (f) of this section for uses or disclosures required by law. 45 C.F.R. § 164.512(a).

The regulations define "required by law" to mean "a mandate contained in law that compels an entity to make a use or disclosure of protected health information and that is enforceable in a court of law. "Required by law" includes, but is not limited to, court orders and court-ordered warrants." Furthermore, 45 C.F.R. § 164.512(e)(1)(i) provides, "A covered entity may disclose protected

---

[7] "HIPAA" means the administrative simplification provisions of the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104-191, 110 Stat. 1936 (1996) and the implementing regulations issued thereunder, 45 C.F.R. Parts 160, 162, and 164, and shall incorporate by reference the provisions of the Health Information Technology for Economic and Clinical Health Act (Title XIII of Division A and Title IV of Division B of the American Recovery and Reinvestment Act of 2009, Pub. L. No. 111-5 (2009)).

health information in the course of any judicial or administrative proceeding . . . [i]n response to an order of a court or administrative tribunal, provided that the covered entity discloses only the protected health information expressly authorized by such order. . . ." Thus, a Covered Entity may disclose Protected Health Information in response to a court order as long as it discloses only the Protected Health Information permitted by the order.

Similarly, Business Associates of Covered Entities, such as the lien recovery contractors of governmental and private health plans, are generally prohibited from disclosing Protected Health Information but are permitted to do so to the extent they are presented with a valid authorization for the disclosure (and the disclosure is permitted by their business associate contracts) or the disclosure is "required by law." 45 C.F.R. § 164.502(a)(3) ("A business associate may use or disclose protected health information only as permitted or required by its business associate contract or other arrangement pursuant to § 164.504(e) or as required by law.").

In a claim resolution process with hundreds of Plaintiffs, such as that undertaken here, the task of reviewing individual HIPAA authorizations to determine their completeness and validity can place a significant administrative burden on the parties involved, including Governmental Payors, Medicare Part C and Part D Program sponsors, and private health plans, payors, and providers, which in the end delays the resolution of liens and the distribution of funds to Plaintiffs and the conclusion of the settlement process for all Parties.

In addition, even if individual consent was obtained of each of the Plaintiffs, it is not certain that the form of the consent would be sufficient for each of the different Healthcare Entities. Thus, if the consent does not satisfy certain Healthcare Entities, Plaintiffs and counsel will be burdened by having to seek the consent again, and perhaps in more than one form, to the extent that Healthcare Entities require different forms of consent. To avoid these potential delays and

additional expenses it is in the interest of all Parties for the Court to an order permitting the exchange of Protected Health Information as that will satisfy the HIPAA requirements and restrictions for both in-bound and out-bound disclosure of Protected Health Information.

By authorizing the Settlement Program and its Lien Resolution Administrator to exchange Protected Health Information with Healthcare Entities, and other holders of healthcare liens or recovery claims in the manner set forth herein, the lien resolution process can move forward more quickly, which will facilitate the commencement of distributions to the Plaintiffs.

The Parties consulted before filing this Motion and no opposition has been expressed. The relief requested herein is in the best interests of the Parties and will streamline the lien resolution process that must be undertaken.

## RELIEF REQUESTED

Plaintiffs respectfully request that the Court:

a. authorize the Lien Resolution Administrator to act as the agent for all Plaintiffs in the above-captioned cases for the purpose of identifying and resolving potential liens and/or recovery claims with all Healthcare Entities in any manner deemed necessary or advisable by the Lien Resolution Administrator including, but not limited to, (i) *en masse* data submissions with such Healthcare Entities for the purpose of identifying healthcare coverage and related claims itemizations for Plaintiffs, and (ii) accessing Internet-based healthcare coverage information sources, including, but not limited to, **www.mymedicare.gov**;

b. authorize and require any Healthcare Entity who receives a request from the Lien Resolution Administrator, in the performance of its functions and duties as such, to disclose Protected Health Information to the Lien Resolution Administrator in response to the request;

c.  authorize any Healthcare Entity who receives a request from the Lien Resolution Administrator, in the performance of its functions and duties as such, to disclose Protected Health Information in a list or other aggregated format as requested by the Lien Resolution Administrator in lieu of submitting such information on a case-by-case basis;

d.  authorize the Lien Resolution Administrator to disclose Protected Health Information to a Healthcare Entity in the performance of its functions and duties as the Lien Resolution Administrator;

e.  Direct that this order eliminates the need for individual HIPAA authorizations for disclosures requested or made pursuant to this order, consistent with 45 C.F.R. §§ 164.512(a), (e)(1)(i).

WHEREFORE, for the reasons set forth above, Plaintiffs respectfully requests that the Court grant the Motion and such other relief as the Court may deem just and proper.

Respectfully submitted, this 13 day of March, 2025.

/s/ S. Eliza James
FORREST CRESSY & JAMES, LLC
Byron M. Forrest (La. Bar No. 35480)
Nicholas V. Cressy (La. Bar No. 35725)
S. Eliza James (La. Bar No. 35182)
1222 Annunciation Street
New Orleans, Louisiana 70130
Tele:(504) 605.0777
Fax: (504) 322.3884
Email: byron@fcjlaw.com
nicholas@fcjlaw.com
eliza@fcjlaw.com

/s/ Eric C. Rowe
C. Allen Foster (Admitted Pro Hac Vice)
Eric C. Rowe (Admitted Pro Hac Vice)

        Masten Childers, III (Admitted Pro Hac Vice)
        WHITEFORD, TAYLOR & PRESTON, L.L.P.
        1800 M Street, NW, Suite 450N
        Washington, DC 20036
        Tele: (202) 659.6800
        Fax: (202) 331.0573
        Email: cafoster@whiteforlaw.com
        erowe@whitefordlaw.com
        mchilders@whitefordlaw.com

        Harry S. Johnson, (Admitted Pro Hac Vice)
        James R. Jeffcoat (Admitted Pro Hac Vice)
        WHITEFORD, TAYLOR & PRESTON L.L.P.
        Seven Saint Paul Street
        Baltimore, Maryland 21202-1636
        (410) 347-8700
        hjohnson@whitefordlaw.com
        jjeffcoat@whitefordlaw.com

        *Counsel For Addison Plaintiffs*