# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FREDERICK ADDISON, ET AL.,** | CIVIL ACTION |
| Plaintiffs | NO. 19-11133, c/w 19-14512 |
| V. | SECTION: "E" (5) |
| **LOUISIANA REGIONAL LANDFILL COMPANY, ET AL.,** | |
| Defendants | JUDGE: Morgan<br>MAGISTRATE JUDGE: North |
| *Applies to: Both Cases* | |

## PROPOSED ORDER ESTABLISHING HIPAA-QUALIFIED PROTECTIVE ORDER

As set forth in the Consent Motion for Entry of a Qualified Protective Order, in conjunction with the settlement of the remaining claims in this Action, the Parties seek entry of an Order authorizing Governmental Payors,[1] Medicare Part C and Part D Program sponsors,[2] Federal Employee Health Benefit (FEHB) plans, other private health plans (whether insured or self-

---

[1] "Governmental Payors" means any federal, state or other governmental body, agency, department, plan, program, or entity that administers, funds, pays, contracts for, or provides medical items, services, and/or prescription drugs. These include the federal Medicare fee-for-service (Parts A and B) program administered by the Centers for Medicare and Medicaid Services ("CMS"), the Office of Financial Management, and its respective recovery contractors; the Medicaid programs (including Medicaid Managed Care Organizations/Plans) of each state and territory and of the District of Columbia, and their respective recovery contractors, including but not limited to, Health Management Systems; the U.S. Department of Veterans' Affairs, by and through its Office of General Counsel, and/or its Revenue Law Group; the Defense Health Agency (previously managed by TRICARE) and/or the respective Medical Cost Recovery Units of the Judge Advocate General's Corps for the Air Force, Army, Navy, and Coast Guard, respectively; and Indian Health Services.

[2] "Medicare Part C or Part D Program" means the program(s) under which Medicare Advantage, Medicare cost, and Medicare health care prepayment plan benefits and Medicare Part D prescription drug plan benefits are administered by private entities that contract with CMS.

funded), payors, or providers, and other Covered Entities,[3] and any Business Associate[4] of one of the foregoing persons or entities (each, a "**Healthcare Entity**" or collectively, "**Healthcare Entities**") to exchange Protected Health Information[5] with the Lien Resolution Administrator[6] in the performance of their duties and functions reconciling claims consistent with the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), as amended by the Health Information Technology for Economic and Clinical Health Act, and all applicable regulations issued by the Secretary of the United States Department of Health and Human Services. The Court having jurisdiction to consider the relief requested; and the Court having determined that the relief requested is necessary for the most efficient administration of liens, if any, and for the protection of healthcare-related information that may be produced or otherwise disclosed in connection with the administration of the settlements between the Parties, and is in the best interests of the Plaintiffs; and after due deliberation and good and sufficient cause therefor;

**IT IS HEREBY ORDERED AS FOLLOWS**:

1. Zipliens Companies LLC (the "**Lien Resolution Administrator**") is authorized to act as the agent for the Plaintiffs for the purpose of identifying and resolving potential liens, if any, or recovery claims, if any, with all Healthcare Entities in any manner deemed necessary or advisable by the Lien Resolution Administrator, including, but not limited to, (a) *en masse* data submissions with Healthcare Entities for the purpose of identifying healthcare coverage and related claims itemizations for Plaintiffs, and (b) accessing Internet-based healthcare coverage information

---

[3] "Covered Entity" has the meaning set forth in 45 C.F.R. § 160.103.
[4] "Business Associate" has the meaning set forth in 45 C.F.R. § 160.103.
[5] "Protected Health Information" has the meaning set forth in 45 C.F.R. § 160.103.
[6] As defined below.

sources, including, but not limited to, **www.mymedicare.gov**. The Lien Resolution Administrator's obligation to resolve any such liens or recovery claims, however, shall be governed by the terms of the Lien Resolution Administrator's engagement agreement with the *Addison* Plaintiffs and nothing in this Order shall be construed to impose any additional duties or obligations on the Lien Resolution Administrator.

2. Any Healthcare Entity who receives a request from the Lien Resolution Administrator, in the performance of its functions and duties as the Lien Resolution Administrator for Protected Health Information is authorized and required to disclose that information to the Lien Resolution Administrator in response to its request. If the Lien Resolution Administrator requests that the Healthcare Entity disclose Protected Health Information in a list or other aggregated format, the Healthcare Entity may disclose Protected Health Information to the Lien Resolution Administrator in the format requested in lieu of submitting such information on a case-by-case basis.

3. The Lien Resolution Administrator is authorized to disclose Protected Health Information to Healthcare Entities in the performance of its functions and duties as the Lien Resolution Administrator. In making such disclosures, the Lien Resolution Administrator is authorized to disclose Protected Health Information to Healthcare Entities in lists or other aggregated formats in lieu of submitting such information on a case-by- case basis.

4. Consistent with 45 C.F.R. § 164.512(a), (e)(1)(i), HIPAA authorizations are not required for any disclosure requested or made pursuant to this Order.

5. As used herein, "HIPAA" shall mean the administrative simplification provisions of the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104- 191, 110 Stat. 1936 (1996) and the implementing regulations issued thereunder, 45 C.F.R. Parts 160, 162, and 164, and shall incorporate by reference the provisions of the Health Information Technology for

Economic and Clinical Health Act (Title XIII of Division A and Title IV of Division B of the American Recovery and Reinvestment Act of 2009, Pub. L. No. 111-5 (2009)).

6. As used herein, "Medicare Part C or Part D Program" means the program(s) under which Medicare Advantage, Medicare cost, and Medicare health care prepayment plan benefits and Medicare Part D prescription drug plan benefits are administered by private entities that contract with CMS.

7. Nothing in this Order may be construed as a ruling that any Healthcare Entity in fact has a lien on or claim to the settlement proceeds in this case.

8. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Order.

New Orleans, Louisiana, this ____ day of March, 2025.

_____
HON. SUSIE MORGAN
UNITED STATES DISTRICT JUDGE